GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill (*pro hac vice* application pending)
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W. Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies (*pro hac vice* application pending)
*dboies@bsfllp.com*
Theodore H. Uno, SBN 248603
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | CASE NO. C 09-2292 VRW<br><br>**DECLARATION OF KRISTIN M. PERRY IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

I, Kristin M. Perry, declare as follows:

1. I have personal knowledge of the facts stated herein and could and would testify competently thereto if called upon to do so.

2. I have been in a committed, loving relationship with my domestic partner, Sandra B. Stier, since 2000. Together we have raised our four sons in Berkeley, California. Securing the official recognition of civil marriage and the benefits such recognition provides is very important to us and our family.

3. On February 21, 2004, we were one of the many couples that were married in San Francisco's City Hall after Mayor Gavin Newsom allowed same-sex couples to wed. In August of that same year, we renewed our vows in a large celebration with our friends and family. Over 100 guests attended. Our beautiful children were in the wedding party. It was one of the happiest days of my life.

4. We were devastated, however, when the California Supreme Court struck the validity of our marriage down later that year. It was difficult to explain to our children that our marriage was no longer valid under the law. It was difficult to explain that we could not access the institution of civil marriage in the same way that most other Californians can and were instead relegated to second-class status.

5. On August 9, 2004, we registered as domestic partners with the State of California. Although California's domestic partner registry afforded us many of the rights given to heterosexual couples, the fact that we were not given the freedom to marry makes us feel like second-class citizens.

6. Sandra and I were both overjoyed when the California Supreme Court ruled in May 2008 that denying marriage to same-sex couples was unconstitutional. We had planned renewing our vows, but also knew that Proposition 8 was waiting in the wings. Accordingly, we were not interested in running out and getting married again, only to be disappointed once more.

7. On November 4, 2008, Proposition 8 passed and foreclosed our chance to wed.

8. On May 21, 2009, we went to the office of the Clerk-Recorder for Alameda County and filled out an application for a marriage license.

1

9. We were told by the clerk's office that they could not grant us a license because they are unable to issue same-sex marriage licenses as a result of Proposition 8.

10. Sandra and I want to get married for ourselves and for our children. Our inability to marry one another makes it seem as if our relationship is not as genuine or significant as our heterosexual peers' marriages. We often find ourselves hiding the status of our relationship from strangers because we are aware that many people do not afford domestic partnerships the same respect and dignity that they afford to marriage. Even when interacting with well-intentioned individuals or groups, our lack of recognition as a married couple presents seemingly insurmountable systemic problems and social anxiety (such as explaining our relationship to our children's new friends and their wary parents). As a result of being denied the right to marry the person we love, we have suffered severe emotional distress, psychological harm, and humiliation. A valid, legally recognized marriage would be an affirmation of our love and commitment to one another.

11. Our youngest boys are entering high school, our second eldest is entering college, and our oldest is in college. Our children are profoundly aware of the unfair treatment their moms have experienced. Getting married will provide them a sense of belonging and acceptance critical to their development in these tender years. Simply put, Sandra and I want to marry to protect our family and affirm our committed relationship.

I declare, under the penalty of perjury under the laws of the United States that these facts are true and correct and that this Declaration is executed this 26th day of May 2009 at Los Angeles, California.

_____
Kristin M. Perry