GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill (*pro hac vice* application pending)
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W. Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies (*pro hac vice* application pending)
*dboies@bsfllp.com*
Theodore H. Uno, SBN 248603
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | CASE NO. C 09-2292 VRW<br><br>**DECLARATION OF JEFFREY J. ZARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JEFFREY J. ZARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; CASE NO. C 09-2292 VRW

I, Jeffrey J. Zarrillo, declare as follows:

1. I have personal knowledge of the facts stated herein and could and would testify competently thereto if called upon to do so.

2. My partner, Paul T. Katami, and I have been in a committed, loving relationship since 2001. In September 2003, we began living together. We bought our current home together in 2004.

3. It is my belief that marrying Paul is my fundamental right. In prohibiting me from marrying him, I believe that the State is treating me as a second-class citizen.

4. Because of Prop. 8, I cannot experience the happiness and personal fulfillment of marrying the person I love.

5. I feel that our relationship does not enjoy the same respect and dignity from society and government as the relationships of opposite-sex couples, who are able to fully commit to each other and get married. In this way, I feel as though I have been singled out for discriminatory treatment and stigmatized because the person I want to marry is a man. I believe that, by denying our relationship the designation of marriage, the State is sending the message to society that gay and lesbian individuals are different and may be treated differently than other citizens.

6. As a direct result of my inability to marry Paul, I have suffered emotional distress, psychological harm, and severe humiliation. Each day that goes by, I endure the pain and suffering of being unable to marry the one I love. As a result of Prop. 8, Paul and I have been made to feel as though we are less than an opposite-sex couple. Being treated as a second-class citizen is hurtful and damaging. The inability to marry Paul is a mark of inferiority and a painful reminder that society does not view us or our relationship as equal. Being unable to marry Paul is a stigma that has hurt my self-image and caused me significant pain and suffering.

7. I want my relationship with Paul to be treated equally and with the same respect as the relationships of opposite-sex individuals.

8. Paul and I were overjoyed when the California Supreme Court held that California's ban on marriage by same-sex couples was unconstitutional on May 15, 2008. But much to our dismay, the campaign for Prop. 8, which amended the state constitution to overturn that decision, began immediately.

1

Gibson Dunn & Crutcher LLP

DECLARATION OF JEFFREY J. ZARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; CASE NO. C 09-2292 VRW

9. Even though we knew in our hearts that we were fully committed to each another, we decided not to get married in the six months between the California Supreme Court decision and election day, when Prop. 8 was passed, for a number of reasons. First, we felt that should not have to be rushed into marriage by a looming election. We believed that we should have the right to choose the timing of our marriage just as opposite-sex couples do. Second, we found it very hard to believe that California voters would actually vote for a blatantly discriminatory measure like Prop. 8. Third, we were worried that if Prop 8 did in fact pass, it might invalidate our marriage, thereby causing us even more pain and indignity.

10. We were shocked and saddened when Prop. 8 passed.

11. Since Prop. 8 was enacted, we have become more and more aware each day that goes by just how much we want to get married.

12. We filled out an application for a marriage license at the office of the Registrar-Recorder/County Clerk for Los Angeles County on May 20, 2009.

13. The clerk's office told us that they could not give us a marriage license because they are unable to issue same-sex marriage licenses as a result of Prop. 8.

14. I will be unable to realize the happiness of marrying the person I love until Prop. 8 is struck down.

I declare, under the penalty of perjury under the laws of the United States that these facts are true and correct and that this Declaration is executed this 26 day of May 2009 at Los Angeles, California.

_____
Jeffrey J. Zarrillo

2

Gibson Dunn & Crutcher LLP

DECLARATION OF JEFFREY J. ZARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; CASE NO. C 09-2292 VRW