# EXHIBIT D

|   |   |
|---|---|
| 1 | ALLIANCE DEFENSE FUND |
|   | Timothy Chandler (CA Bar No. 234325) |
| 2 | *tchandler@telladf.org* |
|   | 101 Parkshore Drive, Suite 100, Folsom, California 95630 |
| 3 | Telephone: (916) 932-2850, Facsimile: (916) 932-2851 |
| 4 | Benjamin W. Bull, (AZ Bar No. 009940) |
|   | *bbull@telladf.org* |
| 5 | Brian W. Raum (NY Bar No. 2856102)* |
|   | *braum@telladf.org* |
| 6 | James A. Campbell (OH Bar No. 0081501)* |
|   | *jcampbell@telladf.org* |
| 7 | 15100 North 90th Street, Scottsdale, Arizona 85260 |
|   | Telephone: (480) 444-0020, Facsimile: (480) 444-0028 |
| 8 |   |
|   | LAW OFFICES OF ANDREW P. PUGNO |
| 9 | Andrew P. Pugno (CA Bar No. 206587)+ |
|   | *andrew@pugnolaw.com* |
| 10 | 101 Parkshore Drive, Suite 100, Folsom, California 95630 |
|   | Telephone: (916) 608-3065, Facsimile: (916) 608-3066 |
| 11 |   |
|   | ATTORNEYS FOR PROPOSED INTERVENORS DENNIS HOLLINGSWORTH, |
| 12 | GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, |
|   | and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A |
| 13 | PROJECT OF CALIFORNIA RENEWAL |
| 14 | * *Pro hac vice* application forthcoming |
|   | + Application for admission forthcoming |
| 15 |   |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for | CASE NO. 09-CV-2292 VRW<br><br>**DECLARATION OF HAK-SHING WILLIAM TAM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** |

DECLARATION OF HAK-SHING WILLIAM TAM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE
CASE NO. 09-CV-2292 VRW

| | |
|---|---|
| 1 | the County of Los Angeles, |
| 2 | Defendants, |
| 3 | and |
| 4 | PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, |
| 5 | |
| 6 | |
| 7 | |
| 8 | Proposed Intervenors. |

DECLARATION OF HAK-SHING WILLIAM TAM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE
CASE NO. 09-CV-2292 VRW


I, Hak-Shing William Tam, declare as follows:

1. I am a resident, taxpayer, and registered elector of the City and County of San Francisco, State of California. I have personal knowledge of the facts stated herein, and if called upon to testify, I could, and would, competently testify to those facts.

2. Under Article II, Section 8 of the California Constitution, I have a personal right as an elector "to propose statutes and amendments to the Constitution" through the initiative process.

3. As one of the five Official Proponents of Proposition 8, I have exercised my constitutional right to propose Proposition 8 as an initiative amendment to the California Constitution.

4. My state constitutional and statutory rights as an Official Proponent of Proposition 8 could be adversely affected by the ruling in this case.

5. As an Official Proponent of Proposition 8, I assert an individualized and personal interest that is *distinguishable* from the generalized public-policy interest in defining marriage as the union of a man and a woman, shared by the majority of California voters who voted in favor of Proposition 8.

6. In October 2008, I supervised the preparation of the appropriate language for Proposition 8. At that time, I also executed the forms and documents prescribed by the California Elections Code, and presented them to the California Attorney General so that he would prepare a Title and Summary of the chief purpose and points of Proposition 8.

7. Under California Elections Code Section 342, I hold the status of an "Official Proponent" of Proposition 8 because I submitted a draft of the petition proposing Proposition 8 by initiative to the California Attorney General with a request that he prepare a Title and Summary of the chief purpose and points of the proposed measure.

8. To become an Official Proponent, I was also required by California Elections Code Section 9608 to execute and submit to the Attorney General a certification (1) acknowledging that it is a misdemeanor under state law to allow signatures on an initiative petition to be used for any purpose other than qualifying the proposed measure for the ballot and (2) certifying that I will not allow the signatures for Proposition 8 to be used for any purpose other than qualifying the measure

for the ballot.

9. Under California Elections Code Section 9004, as an Official Proponent, I was responsible for paying the filing fee to begin the initiative process; I was entitled to compel the Attorney General to draft a Title and Summary for Proposition 8; and I was authorized to submit amendments to Proposition 8.

10. On November 29, 2007, the Attorney General issued a Title and Summary for the signature petitions. This Title and Summary appeared on the petitions that were circulated for the purpose of obtaining signatures to qualify Proposition 8 for the ballot.

11. As an Official Proponent, I had unique legal duties to perform and rights to exercise prescribed by the California Constitution and the California Elections Code.

12. As an Official Proponent, I was legally responsible for preparing a Proposition 8 petition form that complied with the requirements of California Elections Code Sections 9001, 9008, 9012, and 9014.

13. As an Official Proponent, I endorsed ProtectMarriage.com – Yes on 8, A Project of California Renewal (a "primarily formed ballot measure committee" under California law registered with the California Secretary of State) to conduct a petition-gathering campaign for the purpose of qualifying Proposition 8 for the ballot.

14. Before allowing signatures to be collected for Proposition 8, as an Official Proponent, I was required by California Elections Code Section 9609 to obtain and keep on file an executed certification by each person, company official, or other organizational officer in charge of signature gathering, certifying that he or she will not allow the signatures for Proposition 8 to be used for any purpose other than qualifying that measure for the ballot.

15. As an Official Proponent, I was responsible under California Elections Code Section 9607 for ensuring that all volunteers and paid signature-gatherers received instruction on the state-law requirements and prohibitions concerning petition circulation and signature gathering. As part of this legal requirement, I was responsible for making sure that all volunteers and paid signature-collectors were instructed about the state-law prohibition against the use of signatures for a purpose other than qualifying the proposed initiative for the ballot.

DECLARATION OF HAK-SHING WILLIAM TAM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE
CASE NO. 09-CV-2292 VRW

16. As an Official Proponent, I was responsible for obtaining at least 694,354 valid petition signatures within a maximum of 150 days between November 29, 2007, and April 28, 2008.

17. As an Official Proponent, I was responsible for ensuring that each petition circulator who obtained signatures executed the "Declaration of Circulator" on each petition sheet. I was also responsible for including each circulator's signature, date, and place of signing as required under Section 2015.5 of the California Code of Civil Procedure.

18. As an Official Proponent, I had the exclusive statutory right under California Elections Code Section 9032 to file the signature petitions with county-elections officials for signature verification. No one (other than the other four Official Proponents) could submit petitions for signature verification.

19. On April 24, 2008, in my capacity as an Official Proponent, I authorized that the petitions, bearing the signatures of over 1.2 million Californians, be submitted to county-elections officials for signature verification.

20. As an Official Proponent, I was entitled, under California Elections Code Sections 9030, 9031, and 9033, to receive special notices and updates during the signature-verification process.

21. On June 2, 2008, because of my capacity as an Official Proponent, the Secretary of State notified me that the county-elections officials had verified the requisite number of voter signatures and that Proposition 8 qualified for inclusion on the November 2008 ballot.

22. As an Official Proponent, I had the statutory authority under California Elections Code Section 9067 to designate the arguments and rebuttal arguments in favor of Proposition 8 appearing in the statewide voter pamphlet.

23. After Proposition 8 qualified for the ballot, I was sued, in my capacity as an Official Proponent, in a pre-election legal challenge before the California Supreme Court seeking to remove Proposition 8 from the ballot because it was alleged to be an improperly presented constitutional "revision" (rather than an amendment). The name of that case is *Bennett v. Bowen*, No. S164520. As an Official Proponent, I through counsel defended my right to propose Preposition 8 as an initiative amendment to the California Constitution. The California Supreme Court dismissed that suit in July 2008.

24. In the same pre-election lawsuit, I was also sued, in my capacity as an Official Proponent, on grounds that the Title and Summary prepared by the Attorney General for the circulating petitions had been false and misleading.  As an Official Proponent, I through counsel defended the propriety of the Title and Summary appearing on Proposition 8's official petitions.  The California Supreme Court dismissed that suit in July 2008.

25. On November 4, 2008, a majority of voting Californians approved Proposition 8, and it immediately became Article I, Section 7.5 of the California Constitution, which states: "Only marriage between a man and a woman is valid or recognized in California."

26. As an Official Proponent, I successfully intervened in three post-election legal challenges to Proposition 8 filed with the California Supreme Court.  The petitioners in those cases challenge the legality of Proposition 8 under the California Constitution.  On November 19, 2008, the Court permitted my intervention in those consolidated cases.  The name of that consolidated action is *Strauss v. Horton*, No. S168047.  In my capacity as an Official Proponent, I through counsel defended Proposition 8 against those legal challenges.  On March 26, 2009, the California Supreme Court denied those challenges and upheld Proposition 8.

27. As an Official Proponent, I invested substantial time, effort, reputation, and personal resources in campaigning for Proposition 8.  For example, I dedicated the majority of my working hours between January 2008 and November 2008 toward qualifying Proposition 8 for the ballot and campaigning for its enactment.  I organized several rallies in support of Proposition 8 (which were attended by thousands of voters), coordinated volunteers from the Asian-American community, and raised thousands of dollars for the Proposition 8 campaign.

28. My state constitutional and statutory rights as an Official Proponent of Proposition 8 are jeopardized by the legal claims raised by the plaintiffs in this case.  These rights are personal interests of such a direct, immediate, and individualized nature that I will suffer a personal loss if the Court grants the judgment sought by the plaintiffs in that case.

29. I do not think that any other party in this case will adequately represent my interests as an Official Proponent of Proposition 8.

30. As an Official Proponent of Proposition 8, I have intervened in a case currently pending

before the United States District Court for the Central District of California, *Smelt v. United States*, Case No. SACV-09-286 DOC (MLGx). I intervened in that case with the four other Official Proponents of Proposition 8—Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, and Mark A. Jansson—as well as ProtectMarriage.com – Yes on 8, A Project of California Renewal. That court granted our request for intervention on May 6, 2009. That case, like this one, asserts federal constitutional challenges against Proposition 8. The plaintiffs in that case, like the plaintiffs in this case, request declaratory and injunctive relief invalidating Proposition 8. Through my counsel, I am currently defending against that legal challenge to Proposition 8.

    I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2009, at San Francisco, California.

_____
Hak-Shing William Tam