ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Benjamin W. Bull, (AZ Bar No. 009940)
*bbull@telladf.org*
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)+
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ATTORNEYS FOR PROPOSED INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* *Pro hac vice* application forthcoming
+ Application for admission forthcoming

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,

    Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for

CASE NO. 09-CV-2292 VRW

**ANSWER OF PROPOSED INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL**

1    the County of Los Angeles,

2                          Defendants,

3    and

4    PROPOSITION 8 OFFICIAL PROPONENTS
     DENNIS HOLLINGSWORTH, GAIL J.
5    KNIGHT, MARTIN F. GUTIERREZ, HAK-
     SHING WILLIAM TAM, and MARK A.
6    JANSSON; and PROTECTMARRIAGE.COM –
     YES ON 8, A PROJECT OF CALIFORNIA
7    RENEWAL,

8                          Proposed Intervenors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proposed Intervenors Proposition 8 Official Proponents Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Hak-Shing William Tam, and Mark A. Jansson (collectively referred to as "Proponents"), and Proposition 8 Campaign Committee ProtectMarriage.com – Yes on 8, a Project of California Renewal (the "Committee"), by and through counsel, answer Plaintiffs' Complaint for Declaratory, Injunctive, or Other Relief as follows:

1.    Proposed Intervenors deny the allegations in Paragraph 1 of the Complaint except to admit that the Supreme Court of the United States wrote in *Loving v. Virginia*, 388 U.S. 1, 12 (1967), that "[m]arriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival," that Proposition 8 passed in November 2008, and that Proposition 8 amended the California Constitution to state that "[o]nly marriage between a man and a woman is valid or recognized in California."  Cal. Const. art. I, § 7.5.

2.    Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 2 of the Complaint, but deny that Plaintiffs are entitled to such relief and further deny that this Court has jurisdiction to grant such relief.

3.    The allegations in Paragraph 3 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 3 of the Complaint; thus they are deemed denied.

4.    The allegations in Paragraph 4 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 4 of the Complaint; thus they are deemed denied.

5.    Proposed Intervenors acknowledge that Plaintiffs request a declaratory judgment in Paragraph 5 of the Complaint, but deny that Plaintiffs are entitled to such relief and further deny that this Court has jurisdiction to grant such relief.  Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 5 of the Complaint, but deny that Plaintiffs are entitled to such relief and further deny that this Court has jurisdiction to grant such relief.

6.    Proposed Intervenors acknowledge that Plaintiffs request a declaratory judgment in

1

Paragraph 6 of the Complaint, but deny that Plaintiffs are entitled to such relief and further deny that this Court has jurisdiction to grant such relief.  Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 6 of the Complaint, but deny that Plaintiffs are entitled to such relief and further deny that this Court has jurisdiction to grant such relief.

7.     Proposed Intervenors lack sufficient information to respond to the allegations about the identities of the Plaintiffs and their desires in Paragraph 7 of the Complaint; thus they are deemed denied.  Proposed Intervenors deny the remaining allegations in Paragraph 7 of the Complaint.

8.     Proposed Intervenors acknowledge that Plaintiffs seek declaratory and injunctive relief, attorneys' fees, costs, and expenses in Paragraph 8 of the Complaint, but deny that Plaintiffs are entitled to, or that this Court has jurisdiction to grant, the relief requested.

9.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 9 of the Complaint; thus they are deemed denied.

10.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 10 of the Complaint; thus they are deemed denied.

11.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 11 of the Complaint; thus they are deemed denied.

12.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 12 of the Complaint; thus they are deemed denied.

13.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 13 of the Complaint; thus they are deemed denied.

14.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 14 of the Complaint; thus they are deemed denied.

15.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 15 of the Complaint; thus they are deemed denied.

16.     Proposed Intervenors lack sufficient information to respond to the allegations in

Paragraph 16 of the Complaint; thus they are deemed denied.

17.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 17 of the Complaint; thus they are deemed denied.

18.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 18 of the Complaint; thus they are deemed denied.

19.     Proposed Intervenors acknowledge that Plaintiffs, as stated in Paragraph 19 of the Complaint, have asserted claims against Defendants Arnold Schwarzenegger, Edmund G. Brown, Jr., Mark B. Horton, Linette Scott, Patrick O'Connell, and Dean C. Logan, but Proposed Intervenors deny that Plaintiffs are entitled to any remedy or relief against those Defendants. Proposed Intervenors deny the remaining allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 20 of the Complaint; thus they are deemed denied.

21.     The allegations in Paragraph 21 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 21 of the Complaint; thus they are deemed denied.

22.     Proposed Intervenors admit that California has laws recognizing "domestic partnerships."  Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 22 of the Complaint; thus they are deemed denied.

23.     Proposed Intervenors admit that California law provides many benefits and privileges to persons registered as "domestic partners."  Proposed Intervenors deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Proposed Intervenors deny the allegations in Paragraph 24 of the Complaint except to admit that Proposition 22 was approved by a majority of California voters in 2000 and that Proposition 22 provided that "[o]nly marriage between a man and a woman is valid or recognized in California."  Cal. Fam. Code. § 308.5.

3

25.     Proposed Intervenors deny the allegations in Paragraph 25 of the Complaint except to admit that Proposition 8 appeared on California's November 2008 ballot.

26.     Proposed Intervenors admit the allegations in Paragraph 26 of the Complaint.

27.     Proposed Intervenors deny the allegations in Paragraph 27 regarding the purpose of Proposition 8.  Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 27; thus they are deemed denied.

28.     Proposed Intervenors admit the allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors deny any factual allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint contain conclusions of law which require no answer.  Proposed Intervenors deny any factual allegations in Paragraph 30 of the Complaint.

31.     Proposed Intervenors lack sufficient information to respond to the allegations about the identities of the Plaintiffs and their desires in Paragraph 31 of the Complaint; thus they are deemed denied.  Proposed Intervenors deny the remaining allegations in Paragraph 31 of the Complaint.

32.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 32 of the Complaint; thus they are deemed denied.

33.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 33 of the Complaint; thus they are deemed denied.

34.     Proposed Intervenors lack sufficient information to respond to the allegations about the Plaintiffs' wishes in Paragraph 34 of the Complaint; thus they are deemed denied.  Proposed Intervenors deny the remaining allegations in Paragraph 34 of the Complaint.

35.     Proposed Intervenors deny the allegations in Paragraph 35 of the Complaint except to admit that the Supreme Court of the United States wrote in *Loving v. Virginia*, 388 U.S. 1, 12

4

(1967), that "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."

36.    Proposed Intervenors deny the allegations in Paragraph 36 of the Complaint.

37.    Proposed Intervenors deny the allegations in Paragraph 37 of the Complaint.

38.    Proposed Intervenors deny the allegations in Paragraph 38 of the Complaint.

39.    Proposed Intervenors deny the allegations in Paragraph 39 of the Complaint.

40.    Proposed Intervenors deny the allegations in Paragraph 40 of the Complaint.

41.    Proposed Intervenors deny the allegations in Paragraph 41 of the Complaint.

42.    Proposed Intervenors deny the allegations in Paragraph 42 of the Complaint.

43.    Proposed Intervenors deny the allegations in Paragraph 43 of the Complaint.

44.    Proposed Intervenors deny the allegations in Paragraph 44 of the Complaint.

45.    Proposed Intervenors deny the allegations in Paragraph 45 of the Complaint.

46.    Proposed Intervenors deny the allegations in Paragraph 46 of the Complaint.

47.    Proposed Intervenors deny the allegations in Paragraph 47 of the Complaint.

48.    Proposed Intervenors deny the allegations in Paragraph 48 of the Complaint.

49.    Proposed Intervenors deny the allegations in Paragraph 49 of the Complaint.

50.    The remainder of the Complaint is a prayer for relief that does not require a response.  To the extent that a response is required, Proposed Intervenors deny that Plaintiffs are entitled to, or that this Court has jurisdiction to grant, the relief requested.

51.    Proposed Intervenors deny each and every allegation not expressly admitted herein.

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs lack standing to assert the claims in their Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred by *res judicata* and/or preclusion.

5

1

**Fourth Affirmative Defense**

2

Defendants are immune from suit.

3

**Fifth Affirmative Defense**

4

Defendants' acts were not the proximate cause of Plaintiffs' alleged injuries.

5

**Sixth Affirmative Defense**

6

Neither the challenged provisions nor Defendants have deprived Plaintiffs of any right or

7

privilege guaranteed by the United States Constitution.

8

WHEREFORE, Proposed Intervenors respectfully request that this Court dismiss Plaintiffs'

9

claims with prejudice, deny Plaintiffs' prayer for relief, order Plaintiffs to pay Proposed

10

Intervenors' costs and attorneys' fees, and grant other relief deemed just and proper.

11

Dated:  May 28, 2009

12

13

ALLIANCE DEFENSE FUND

14

ATTORNEYS FOR PROPOSED INTERVENORS DENNIS
HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F.

15

GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A.
JANSSON, AND PROTECTMARRIAGE.COM – YES ON

16

8, A PROJECT OF CALIFORNIA RENEWAL

17

18

By: s/Timothy Chandler
      Timothy Chandler

19

20

21

22

23

24

25

26

27

6

28