RICHARD E. WINNIE [68048]
County Counsel
CLAUDE F. KOLM [83517]
Deputy County Counsel
BRIAN E. WASHINGTON [146807]
Assistant County Counsel
LINDSEY G. STERN [233201]
Associate County Counsel
Office of County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:  (510) 272-6700

Attorneys for PATRICK O'CONNELL, Clerk-Recorder of the County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL R. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR. in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information and Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br>Defendants. | Case No.: 09-CV-2292 VRW<br><br>DEFENDANT PATRICK O'CONNELL'S STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION<br><br>DATE: July 2, 2009<br>TIME: 10:00 a.m.<br>Dept.: Courtroom 6, 17th Fl.<br>     Chief Judge Walker |

Perry v. Schwarzenegger et al, Case No. 09-CV- 2292 VRW
Defendant Patrick O'Connell's Statement of Non-Opposition                                          1

1  DEFENDANT PATRICK O'CONNELL in his official capacity as Clerk-Recorder for the County of Alameda does not oppose Plaintiffs' motion for preliminary injunction.

## DISCUSSION

In connection with their complaint for declaratory, injunctive, and other relief, Plaintiffs have brought a motion for preliminary injunction enjoining defendants from enforcing Article I, § 7.5 of the California Constitution ("Prop 8") to the extent that it limits civil marriage in California to the union of a man and a woman. (Plaintiffs' Motion for Preliminary Injunction "Motion Prelim. Inj" 1:6-9) Plaintiffs name responding Defendant O'Connell in his official capacity as Clerk-Recorder for the County of Alameda, as he denied Plaintiffs Petty and Stier application for a marriage license on the basis that they were a same-sex couple. (Mot. Prelim. Inj. 5:10-15)

Defendant O'Connell, as the Clerk-Registrar for the County of Alameda, is responsible for maintaining vital records of marriages, issuing marriage licenses, and performing civil marriage ceremonies. (Plaintiffs' Complaint, 3 ¶17) California Family Code §§ 300 and 308.5, as interpreted by the California Supreme Court, restrict civil marriage to opposite-sex couples. (*In re Marriage Cases* 43 Cal. 4th 757, 183 P.3d 384 (2008); *accord*, Plaintiffs' Complaint 2 ¶ 6.)

Defendant O'Connell is thus charged with the *ministerial* duty of enforcing the California statute, with no authority to disregard its terms. (*Lockyer v. City and County of San Francisco*, 33 Cal.4th 1055, 95 P.3d 459 (2004)) Much like the statutory provisions limiting marriage to a union between a man and a woman, and thus controlling the authority of a clerk and registrar, so too does Prop 8. Defendant O'Connell's duties are characterized as ministerial, rather than discretionary. In other words, he may not issue marriage licenses that do not satisfy the statutory requirements. At present, Prop 8, as well as the relevant Family Code sections, preclude issuance of same-sex marriage licenses.

This case is now the inverse of *Lockyer*, in which the San Francisco County Clerk was sued by the Attorney General for issuing same-sex marriage licenses. In *Lockyer*,

the California Supreme Court was asked to determine "whether a local executive official, charged with the ministerial duty of enforcing a statute, has the authority to disregard the terms of the statute in the absence of a judicial determination that it is unconstitutional, based solely on the official's opinion that the governing statute is unconstitutional." (Id, at 463-464) Holding that the City officials had "no authority to refuse to perform their ministerial duty in conformity with the current California marriage statutes on the basis of their view that the statutory limitation of marriage to a couple comprised of a man and a woman is unconstitutional", the Court invalidated all of the same-sex marriages that had been performed. (Id, at 488, 499)

The California Supreme Court's recent decision in *Strauss v. Horton*, S168047 (Cal. 5/26/09) upholding Prop 8 illustrates that its recent enactment does not alter Defendant O'Connell's ministerial duties. To the extent that Defendant O'Connell may have a separate view as to the constitutionality of the statutory preclusion of issuance of same-sex marriage licenses, he remains without authority to deviate from his ministerial duties. Quite simply, absent a judicial determination that the statutory scheme is unconstitutional, Defendant O'Connell may not issue marriage licenses to same-sex applicants. To do otherwise would subject him to the exact same legal challenges already adjudicated in *Lockyer*.

///

///

# CONCLUSION

Defendant O'Connell has no authority to make an independent determination of the constitutionality of the Family Code in performing his ministerial duties. In submitting this Non-Opposition, Defendant O'Connell takes no position as to the constitutionality of Prop 8 or the relevant Family Code sections and leaves the determination of the propriety of issuance of the requested preliminary injunction to the Court's discretion.

Respectfully submitted,

DATED:   June 11, 2009

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

Claude F. Kolm,
Deputy County Counsel

By: _____
Lindsey G. Stern
Associate County Counsel

Attorneys for Patrick O'Connell, Clerk Recorder for the County of Alameda

---