# EXHIBIT B

Department 29
Superior Court of California
County of Sacramento
720 Ninth Street
Timothy M. Frawley, Judge
Lynn Young, Clerk

Thursday, August 7, 2008, 1:30 p.m.

| MARK A. JANSSON, as an official proponent of Proposition 8<br><br>v.<br><br>DEBRA BOWEN, in her official capacity as Secretary of State<br><br>GEOFF BRANDT, in his official capacity as State Printer; EDMUND G. BROWN JR., in his official capacity as Attorney General; and EQUALITY FOR ALL, SAMUEL THORON, JULIA MILLER THORON, ELLYNE BELL, RACHAEL SALCIDO, AND DELAINE EASTIN, as authors of the challenged ballot material | Case Number: 34-2008-00017351 |
|---|---|

**Proceedings:**   Petition for Writ of Mandate

**Filed By:**   Andrew P. Pugno, Law Offices of Andrew P. Pugno, Attorneys for Petitioner

**ORDER AFTER HEARING**

Petitioner Mark A. Jansson, an official proponent of Proposition 8, has filed a petition for a peremptory writ compelling Respondents to (1) amend the Attorney General's Ballot Title and Summary and Ballot Label for Proposition 8 so as to give a true and impartial statement of the purpose of the measure in language that shall neither be an argument, nor be likely to create prejudice, for or against the proposed measure; and (2) amend and/or delete in the ballot pamphlet those portions of the arguments against the measure that Petitioner contends are false and misleading.

Background Facts

Proposition 8, also known as the California Marriage Protection Act, is an initiative constitutional amendment which will appear on the ballot at the statewide November election.  Proposition 8 would amend the California Constitution to provide that "[o]nly marriage between a man and a woman is valid or recognized in California."

Under the Elections Code, prior to the circulation of any initiative petition for signatures, the Attorney General is required to prepare a title and summary, not exceeding 100 words, of the "chief purposes and points" of the proposed measure (the "circulating title and summary").  (Cal. Elec. Code §§ 9002, 9004; *see also* Cal. Const., art. II, § 10, subdivision (d).)  The circulating title and summary must be true and impartial, and not argumentative or likely to create prejudice for or against the measure.  (Cal. Elec. Code §§ 9004, 9051.)

For each measure submitted to the voters of the state, the Attorney General also has the authority and obligation to provide a ballot title (also known as a "ballot title and summary").  (Cal. Elec. Code § 9051; *see also* Cal. Elec. Code § 13207 [requiring the "title and summary" to be printed on the ballot].)  The Elections Code states that the ballot title and summary must express the "purpose of the measure" in 100 words or less.  (Cal. Elec. Code § 9051.)  In providing the ballot title and summary, the Attorney General must give a "true and impartial statement of the purpose of the measure" in such language that the ballot title "shall neither be an argument, nor be likely to create prejudice, for or against the proposed measure."  (Cal. Elec. Code § 9051.)

The Attorney General also must provide a ballot label for each proposition, which "shall be a condensed statement" of the ballot title and summary.  (Cal. Elec. Code § 13281.)

In addition to the ballot title, summary, and label, which are prepared by the Attorney General, the Secretary of State must prepare a ballot pamphlet.  The ballot pamphlet must contain several items with respect to each initiative measure on the ballot, including, among other things, the Attorney General's ballot title and summary, and the arguments for and against the measure.  (Cal. Elec. Code §§ 9081, 9086, 88002.)

On November 29, 2007, the Attorney General issued his circulating title and summary for Proposition 8.  It read, in pertinent part:

> "**LIMIT ON MARRIAGE.  CONSTITUTIONAL AMENDMENT. Amends the California Constitution to provide that only marriage between a man and a woman is valid or recognized in California. . . .**"

On May 15, 2008, the Supreme Court of California issued its decision in *In re Marriage Cases* (2008) 43 Cal.4th 757.

On June 2, 2008, Proposition 8 was certified for the ballot.

On June 20, 2008, four days after the California Supreme Court's decision in *In re Marriage Cases* took effect, various opponents of Proposition 8 filed a writ petition in the California Supreme Court requesting to remove Proposition 8 from the ballot on the grounds Proposition 8's circulating title and summary materially misstated the effect of the measure.  That petition was summarily denied.

On or about July 22, 2008, the Secretary of State made available for public inspection the proposed ballot pamphlet to be used for the statewide November election. Included in the Secretary of State's ballot pamphlet is the Attorney General's ballot title and summary, which is different than the circulating title and summary that appeared on the petitions to qualify Proposition 8 for the ballot.  The Attorney General's ballot title and summary reads, in pertinent part:

> **"Ballot Title and Summary**
>
> **"ELIMINATES RIGHT OF SAME-SEX COUPLES TO MARRY. INITIATIVE CONSTITUTIONAL AMENDMENT.**
>
> **"Changes the California Constitution to eliminate the right of same-sex couples to marry in California.**
>
> **"Provides that only marriage between a man and a woman is valid or recognized in California."**

Similarly, the Attorney General's ballot label states:

> **"Ballot Label**
>
> **"ELIMINATES RIGHT OF SAME-SEX COUPLES TO MARRY. INITIATIVE CONSTITUTIONAL AMENDMENT.**
>
> **"Changes the California Constitution to eliminate the right of same-sex couples to marry.  Provides that only marriage between a man and a woman is valid or recognized in California."**

Requests for Judicial Notice

The Court has received requests for judicial notice from Respondents, Real Parties in Interest, and Petitioner. The request for judicial notice of Real Parties in Interest is granted. The request for judicial notice of Respondents is granted, except as to Exhibit 3. (*Kauffman & Broad Communities, Inc. v. Performance Plastering, Inc*. (2005) 133 Cal.App.4th 26.) Petitioner's requests for judicial notice are denied.

Discussion

A.   The Attorney General's Ballot Title and Summary and Ballot Label

The standards governing a trial court's review of the sufficiency of ballot titles and labels are well-known. The standards require substantial deference to the Attorney General's actions. As a general rule, the title and summary prepared by the Attorney General are presumed accurate, and substantial compliance with the "chief purpose and points" provision is sufficient. (*Costa v. Superior Court* (2006) 37 Cal.4th 986, 1014 fn. 20, 1017 fn.24.) All legitimate presumptions must be indulged in favor of the propriety of the Attorney General's actions. (*Lungren v. Superior Court* (1996) 48 Cal.App.4th 435, 440; *Zaremberg v. Superior Court* (2004) 115 Cal.App.4th 111, 117; *Epperson v. Jordan* (1938) 12 Cal.2d 61, 66.) If reasonable minds may differ as to the sufficiency of a ballot title, the title should be upheld. (*Lungren, supra*, at p.439; *Brennan v. Board of Supervisors* (1981) 125 Cal.App.3d 87, 96.)

Although a ballot title and summary should fairly represent the initiative, it has been consistently held that a ballot title need not contain a summary or index of all of the measure's provisions. A statement of the major objectives or "chief purpose and points" of the measure is satisfactory. (*Brennan v. Bd. of Supervisors* (1981) 125 Cal.App.3d 87, 92.) What is important is generally a question of opinion and, within certain limits, the Attorney General's opinion must be accepted by the court. (*Lungren, supra*, at p.440.)

Only in a "clear case" should a ballot title be held insufficient. (*Lungren, supra*, at p.440.)

In this case, Petitioner claims that the Ballot Title and Summary and Ballot Label for Proposition 8 are argumentative, and likely to create prejudice against Proposition 8, because they (i) use a strongly negative, active tense verb to characterize the effect of the measure; and (ii) focus too narrowly on the measure's effect on same-sex couples. The Court rejects both of these arguments.

There is nothing inherently argumentative or prejudicial about transitive verbs, and the Court is not willing to fashion a rule that would require the Attorney General to engage in useless nominalization.

Nor is the Court persuaded that the Attorney General's title is argumentative because the term "eliminates" is "negative." It is noteworthy that the ballot title recommended by Petitioner in his moving papers – "Limit on Marriage" – also begins with a "negative" term. Petitioner has failed to explain why the term "eliminates" is inherently argumentative, while the term "limit" is not.

Next, the Court rejects Petitioner's argument that the title is argumentative because it states as fact that same-sex couples have a "right" to marry. This statement is not argumentative, prejudicial, or controversial, in light of the California Supreme Court's decision in the *Marriage Cases*, which recognized the right. This Court is bound to follow the Supreme Court's decision.

Finally, Petitioner argues that the title is argumentative because it is under-inclusive, focusing narrowly on one of the measure's "effects," rather than the measure's "purpose." However, this argument fails because the Attorney General is not required to distinguish between a measure's intended consequences (purpose) and its actual consequences (effects). Rather, the Attorney General's mandate is to state the chief "purpose and effect" of the measure. (*Lungren v. Superior Court* (1996) 48 Cal.App.4th 435, 442.) Petitioner admits that the initiative is intended to ensure that same-sex couples will not have the right to marry in California. Thus, the Court fails to see how it is prejudicial for the Attorney General to inform the voters of this purpose.

Moreover, within certain limits, the Court must defer to the Attorney General's opinion as to what is (and what is not) an important provision in the measure. (*Brennan, supra*, at pp.92-93.) In this case, the Attorney General did not abuse his discretion in concluding that the *chief* purpose and effect of the initiative is to eliminate the right of same-sex couples to marry, even if the initiative also has other purposes and effects.

The Attorney General's title is an accurate statement of the primary purpose and effect of the measure. It is not argumentative or inherently prejudicial.

In addition to alleging that the Attorney General's Ballot Title and Summary is argumentative and prejudicial, Petitioner claims that the Title and Summary is misleading. Petitioner alleges that the title and summary is misleading in that (i) Proposition 8 does not eliminate the right of same-sex couples to marry; (ii) the Ballot Title and Summary refers only to the Proposition's effects on future same-sex marriages in California and obscures its effects on the validity and recognition of existing marriages and marriages from other jurisdictions; and (iii) the chief purpose of Proposition is not to eliminate the right of same-sex couples to marry, but to restore the traditional meaning of marriage for all Californians.

The title and summary is not false or misleading because it states that Proposition 8 would "eliminate the right of same-sex couples to marry" in California. The California Supreme Court unequivocally held that same-sex couples have a constitutional right to marry under the California Constitution. (*See Marriage Cases, supra*, at p.783, 812, 820, 825, 829 fn.52; *see also* Petition, Ex.7 [the LAO's Analysis of Proposition 8, which is not

challenged by Petitioner].)  It is undisputed that if Proposition 8 is approved, marriage would be limited to individuals of the opposite sex, and individuals of the same sex would no longer have the right to marry in California.  The Attorney General's statement that the initiative would eliminate the right of same-sex couples to marry in California is therefore not false or misleading.

The Court also rejects Petitioner's suggestion that the title and summary is misleading because it fails to distinguish between the initiative's "purpose" and "effects."  As discussed above, the Attorney General is not required to make any such distinction, and even if he were, Petitioner has not shown that a meaningful distinction exists between the purpose and effects of this particular initiative.  (Would "restoring the traditional legal meaning of marriage" be the initiative's purpose or its effect?)

The Court likewise rejects Petitioner's contention that the Attorney General's title and summary is misleading because it focuses on the rights of same-sex couples to marry in California and "obscures" the initiative's purported impact on existing same-sex marriages and future same-sex marriages entered into in other jurisdictions.  This claim is rejected because the title and summary, considered as a whole, has no such "focus."  In addition to stating that the initiative will eliminate the right of same-sex couples to marry in California, the title and summary includes an essentially verbatim recital of the text of the measure itself.  Unless the text of the measure itself is misleading – which Petitioner obviously does not contend – the Court fails to see how the summary could be construed as having a misleading "focus."

It is true that the actual title of the initiative is somewhat under-inclusive in that it refers only to the elimination of the right of same-sex couples to marry in California, whereas the initiative also is intended to prohibit recognition by California of same-sex marriages entered into in other jurisdictions.  (*See Marriage Cases, supra*, at pp.795-801 [interpreting identical language].)  It is also true that including a broader statement of the measure's purpose – such as "Limitation on Marriage," "Marriage," or "Same-Sex Marriage" – might render the title more accurate and complete.  However, the test for this Court is not whether it can draft a title that is "better" or "more complete."  (*Brennan, supra*, at p.96.)  Rather, it is whether the Attorney General's title, which is presumed accurate, substantially complies with the law.  (*Id*.)  If reasonable minds may differ as to the sufficiency of the Attorney General's title, the title must be upheld.  In this case, reasonable minds may differ.  Thus, the Attorney General's title and summary must be upheld.

In sum, the Court is not persuaded that the Attorney General's Title and Summary is false, misleading, argumentative, or likely to create prejudice.

The Court's conclusions in respect to the Attorney General's Title and Summary apply equally to the Attorney General's Ballot Label.

For the foregoing reasons, the petition challenging the Attorney General's Ballot Title and Summary and Ballot Label shall be denied.

B.   The Opponents' Ballot Arguments

In addition to his challenges to the title, summary, and label, Petitioner challenges several of the ballot arguments against the initiative.

The standard of review for ballot arguments is similar, but not identical, to the standard for ballot titles. Elections Code § 9092 provides that any elector may seek a writ of mandate requiring any copy to be amended or deleted from the ballot pamphlet, but that a writ of mandate shall issue only upon "clear and convincing proof that the copy in question is false, misleading, or inconsistent with the requirements of [the code]." (Cal. Elec. Code § 9092.) In making this determination, courts must be mindful that the ballot argument portion of the ballot pamphlet is a limited public forum implicating the right of free speech. Thus, in reviewing ballot arguments, courts must distinguish false or misleading assertions of fact from "the typical hyperbole and opinionated comments" that are "common to political debate." (*San Francisco Forth-Niners v. Nishioka* (1999) 75 Cal.App.4th 637, 649-650.)

Even when confronted with assertions of fact, courts must exercise appropriate caution so as not to substitute the judgment of the court for the judgment of the electorate. (*Id*.) When assertions are reasonably subject to dispute, courts ordinarily should not interfere with the political process. (*Id*.) Only when assertions of fact are shown to be conclusively and objectively false or misleading should a writ issue. (*Id*.)

In this case Petitioner raises two challenges to the opponents' ballot arguments.

First, Petitioner challenges the opponents' claims that Proposition 8 "doesn't have anything to do with schools;" that Proposition 8 "won't affect our schools;" and that "no child can be forced, against the will of their [sic] parents, to be taught anything about health and family issues." Petitioner contends these statements are false because the right of same-sex couples to marry affects the content of state-mandated instruction in public schools about the legal "aspects and responsibilities of marriage."

This challenge is rejected. There is at most a reasonable difference of opinion as to whether Proposition 8 will have any effect on what *may* or *could* be required teaching in schools. Further, under current California law, children cannot be required to attend any health-related instruction, including instruction on the subject of marriage, against their parents' will. (Cal. Ed. Code § 51240.) Petitioner therefore has failed to show that the opponents' arguments are objectively false or misleading.

Second, Petitioner challenges the opponents' claim that domestic partnerships and marriage aren't "the same," in respect to "everyday life," "emergency situations," and in "the security that spouses provide one another." Petitioner contends these arguments are false because there are no substantive legal differences between marriage and domestic partnership in these matters.

      This challenge too is rejected. In light of the California Supreme Court's decision in the *Marriage Cases*, it is not objectively and conclusively false and misleading to argue that marriage and domestic partnership are not "the same." The California Supreme Court held they are not the same. Although the California Supreme Court held that domestic partnership legislation affords same-sex couples the opportunity to obtain "virtually" all of the legal benefits, privileges, responsibilities, and duties that California law affords to and imposes upon married couples, the Court nevertheless concluded that domestic partnership is not marriage. (*Marriage Cases, supra*, at pp.805 fn.24, 830-831, 844.) Specifically, the Court stated:

> "[O]ne of the core elements embodied in the state constitutional right to marry is the right of an individual and a couple to have their own official family relationship accorded respect and dignity equal to that accorded the family relationship of other couples. Even when the state affords substantive legal rights and benefits to a couple's family relationship that are comparable to the rights and benefits afforded to other couples, the state's assignment of a different name to the couple's relationship poses a risk that the different name itself will have the effect of denying such couple's relationship the equal respect and dignity to which the couple is constitutionally entitled. Plaintiffs contend that in the present context, the different nomenclature prescribed by the current California statutes properly must be understood as having just such a constitutionally suspect effect. [¶] We agree . . . ." (*Marriage Cases, supra*, at p.844.)

      Accordingly, Petitioner has not demonstrated by clear and convincing proof that the opponents' ballot arguments are false or misleading. On this issue too, the petition must be denied.

      For the foregoing reasons, the petition is DENIED.

      This order shall be effective immediately. No formal order pursuant to CRC Rule 3.1312 or further notice shall be required.