1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN K. RENNER
   Senior Assistant Attorney General
3  TAMAR PACHTER
   Deputy Attorney General
4  State Bar No. 146083
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 703-5970
6  Fax:  (415) 703-1234
    E-mail:  Tamar.Pachter@doj.ca.gov
7  *Attorneys for Defendant*
   *Attorney General Edmund G. Brown Jr.*

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13 **KRISTIN M. PERRY, ET AL.,** | 3:09-cv-02292-VRW |
| 14                      Plaintiffs, | **ANSWER OF ATTORNEY GENERAL EDMUND G. BROWN JR.** |
| 15 | |
| 16              v. | Date: |
| | Time: |
| 17 **GOVERNOR ARNOLD SCHWARZENEGGER,  ET AL.,** | Courtroom: |
| | Judge:        Hon. Vaughn R. Walker, C.J. |
| 18                      Defendants. | Trial Date: |
| 19 | Action Filed:  May 22, 2009 |

20          This case arises under a factual and legal history that is unique to California.  In May 2008,

21  the California Supreme Court held that denying same-sex couples the right to marry while

22  affording them the benefits of marriage through the domestic partnership law violated principles

23  of equal protection, liberty, and privacy.  *In re Marriage Cases*, 43 Cal.4th 757 (2008).  The

24  following November, a bare majority of California voters passed Proposition 8, which amended

25  the State Constitution to declare that only marriages between a man and a woman would be

26  recognized.  Between May and November 2008, over 18,000 same-sex couples were married.  In

27  2009, the California Supreme Court upheld the validity of these marriages but declared that the

28

1

voters had the authority to carve out of the state constitution an exception to the rights of liberty and equal protection with respect to marriage. *Strauss v. Horton*, ___Cal.4th ___, 93 Cal.Rptr.3d 591 (2009). Still, the court reaffirmed the liberty and equal protection principles that were recognized in the *In re Marriage Cases* and that are at issue in this federal constitutional challenge.

The Attorney General of California is sworn to uphold the Constitution of the United States in addition to the Constitution of the State of California. Cal. Const., art. XX, § 3. The United States Constitution is the "supreme law of the land." U.S. Const., art. VI, § 2; Cal. Const., art. III, § 1. Taking from same-sex couples the right to civil marriage that they had previously possessed under California's Constitution cannot be squared with guarantees of the Fourteenth Amendment. Accordingly, the Attorney General answers the Complaint consistent with his duty to uphold the United States Constitution, as Attorney General Thomas C. Lynch did when he argued that Proposition 14, passed by the California voters in 1964, was incompatible with the Federal Constitution. *Reitman v. Mulkey*, 387 U.S. 369 (1967).

1.     In response to paragraph 1 of the Complaint, the Attorney General admits that in November 2008 California adopted Proposition 8; that Proposition 8 amended Article I of the California Constitution by adding section 7.5 which provides that "[o]nly marriage between a man and a woman is valid or recognized in California;" and that the effect of Proposition 8 is to deny gay men and lesbians and their same-sex partners access to civil marriage in California and to deny them recognition of their civil marriages performed elsewhere. The Attorney General admits that lesbians and gay men and their same-sex partners may form domestic partnerships in California pursuant to California Family Code sections 297 through 299.6, and that such domestic partnerships are not equal to civil marriage, and that this unequal treatment denies lesbians and gay men rights guarantees by the Fourteenth Amendment to the United States Constitution. Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 1 of the Complaint.

2.     In response to paragraph 2 of the Complaint, the Attorney General admits that it is for the reasons stated in paragraph 1 of the Complaint that the Plaintiffs ask this court to enjoin

1      enforcement of Proposition 8 and other California statutes. Except as specifically admitted

2      herein, the Attorney General denies the allegations of paragraph 2 of the Complaint.

3            3.      In response to paragraph 3 of the Complaint, the Attorney General admits that this

4      Court has jurisdiction over claims for injunctive and declaratory relief against the officials

5      exercising executive powers that are named as defendants in the Complaint, and which may

6      operate to enjoin future enforcement of Proposition 8. Except as specifically admitted herein, the

7      Attorney General denies the allegations of paragraph 3 of the Complaint.

8            4.      The Attorney General admits the allegations of paragraph 4 of the Complaint.

9            5.      In response to paragraph 5 of the Complaint, the Attorney General admits that

10      Plaintiffs seek the relief that they allege for the reasons that they allege. Except as specifically

11      admitted herein, the Attorney General denies the allegations of paragraph 5 of the Complaint.

12            6.      In response to paragraph 6 of the Complaint, the Attorney General admits that

13      Plaintiffs seek the relief that they allege for the reasons that they allege. Except as specifically

14      admitted herein, the Attorney General denies the allegations of paragraph 6 of the Complaint.

15            7.      In response to paragraph 7 of the Complaint, the Attorney General admits that

16      Proposition 8 denies same-sex couples the right to civil marriage in California, and that it

17      therefore violates the Fourteenth Amendment to the United States Constitution. The Attorney

18      General lacks knowledge or information sufficient to form a belief as to the truth of the remaining

19      matters asserted in paragraph 7 of the Complaint and on that basis denies them.

20            8.      In response to paragraph 8 of the Complaint, the Attorney General admits that

21      Plaintiffs seek the relief that they allege for the reasons that they allege. Except as specifically

22      admitted herein, the Attorney General denies the allegations of paragraph 8 of the Complaint.

23            9.      The Attorney General lacks knowledge or information sufficient to form a belief as to

24      the truth of the allegations of paragraph 9 of the Complaint and on that basis denies them.

25            10.      The Attorney General lacks knowledge or information sufficient to form a belief as to

26      the truth of the allegations of paragraph 10 of the Complaint and on that basis denies them.

27            11.      The Attorney General lacks knowledge or information sufficient to form a belief as to

28      the truth of the allegations of paragraph 11 of the Complaint and on that basis denies them.

12.     The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and on that basis denies them.

13.     In response to paragraph 13 of the Complaint, the Attorney General admits that Arnold Schwarzenegger is the Governor of the State of California; that in his official capacity the supreme executive power of the state is vested in him; that it is his duty to properly execute the laws of the state; and that the Governor has a district office in San Francisco.  Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 13 of the Complaint.

14.     In response to paragraph 14 of the Complaint, the Attorney General admits that he is the Attorney General of the State of California; that in his official capacity he is the chief law officer of the state; that it is his duty to see that the laws of the state are uniformly and adequately enforced; and that the Attorney General has offices in Oakland and San Francisco.  Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, the Attorney General admits that Mark B. Horton is the Director of the California Department of Public Health.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and on that basis denies them.

16.     In response to paragraph 16 of the Complaint, the Attorney General admits that Linette Scott is the Deputy Director of Health Information and Strategic Planning for the California Department of Public Health.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and on that basis denies them.

17.     In response to paragraph 17 of the Complaint, the Attorney General admits that Patrick O'Connell is the Auditor-Controller of Alameda County, which supervises the Clerk-Recorder's Office.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and on that basis denies them.

4

1    18.    In response to paragraph 18 of the Complaint, the Attorney General admits that Dean

2    C. Logan is the Registrar-Recorder/County Clerk for Los Angeles County.  The Attorney General

3    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

4    allegations of paragraph 18 of the Complaint and on that basis denies them.

5    19.    The Attorney General admits that he has enforcement responsibilities in relation to

6    California law, which includes Proposition 8, and that Plaintiffs seek the relief that they allege.

7    Except as specifically admitted herein, the Attorney General denies the allegations of paragraph

8    19 of the Complaint.

9    20.    In response to paragraph 20 of the Complaint, the Attorney General admits that

10   sexual orientation is a characteristic that bears no relation to a person's ability to perform or

11   contribute to society and that the sexual orientation of gays and lesbians has been associated with

12   a stigma of inferiority and second-class citizenship, manifested by the group's history of legal and

13   social disabilities (see *In re Marriage Cases,* 43 Cal.4th at 841).  The Attorney General admits the

14   remaining allegations of paragraph 20 of the Complaint.

15   21.    In response to paragraph 21 of the Complaint, the Attorney General admits that in the

16   mid-1970s several same-sex couples sought and were denied marriage licenses from county

17   clerks in California; and that in 1977, the California Legislature enacted California Family Code

18   section 300, which defined marriage as "a personal relation arising out of a civil contract between

19   a man and a woman, to which the consent of the parties capable of making that contract is

20   necessary" (see *In re Marriage Cases,* 43 Cal.4th at 795).  The Attorney General lacks knowledge

21   or information sufficient to form a belief as to the truth of the remaining allegations of paragraph

22   21 of the Complaint and on that basis denies them.

23   22.    In response to paragraph 22 of the Complaint, the Attorney General admits that in

24   1999 the California Legislature adopted a domestic partnership law codified at California Family

25   Code sections 297-299.6; that the law defines domestic partners as "two adults who have chosen

26   to share one another's lives in an intimate and committed relationship of mutual caring;" and that

27   under the law domestic partners must share a common residence, each be at least 18 years of age,

28   be unrelated by blood in any way that would prevent them from being married to one another, not

1    be married or a member of another domestic partnership, be capable of consenting, and either

2    both be of the same sex or include one person more than 62 years of age.  The Attorney General

3    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

4    allegations of paragraph 22 of the Complaint and on that basis denies them.

5         23.    In response to paragraph 23 of the Complaint, the Attorney General admits that

6    California's domestic partnership law gives same-sex couples many of the substantive legal

7    benefits and privileges that California civil marriage provides; that the domestic partnership law

8    does not permit the marriage of same-sex couples; and that the California Supreme Court has

9    noted at least nine ways in which statutes concerning marriage differ from corresponding statutes

10   concerning domestic partnerships (see *In re Marriage Cases,* 43 Cal.4th  at 805 fn. 24).  The

11   Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the

12   remaining allegations of paragraph 23 of the Complaint, and on that basis denies them.

13        24.    In response to paragraph 24 of the Complaint, the Attorney General admits that in

14   2000, California voters approved Proposition 22 (codified as Cal. Fam. Code § 308.5), which

15   provided that "[o]nly marriage between a man and a woman is valid or recognized in California;

16   and that in *Lockyer v. City & County of San Francisco*, 33 Cal.4th 1055 (2004), the California

17   Supreme Court found that Family Code sections 300 and 308.5 prohibited the City and County of

18   San Francisco from issuing marriage licenses to same-sex couples but did not address whether

19   those statutes were constitutional.  The Attorney General lacks knowledge or information

20   sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the

21   Complaint and on that basis denies them.

22        25.    In response to paragraph 25 of the Complaint, on information and belief, the Attorney

23   General admits proponents of Proposition 8 submitted petitions with sufficient signatures to place

24   it on the November 2008 ballot.  The Attorney General lacks knowledge or information sufficient

25   to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and

26   on that basis denies them.

27        26.    The Attorney General admits the allegations of paragraph 26 of the Complaint.

28

27.     In response to paragraph 27 of the Complaint, on information and belief, the Attorney General admits that the California Secretary of State certified that Proposition 8 qualified for the November 2008 General Election ballot; admits that the Official Title and Summary (prepared by the Attorney General) printed in the Voter Information Guide stated that Proposition 8 "Changes the California Constitution to eliminate the right of same-sex couples to marry in California" and "Provides that only marriage between a man and a woman is valid or recognized in California;" admits that the effect of passage of Proposition 8 was to overturn the decision of the California Supreme Court in *In re Marriage Cases,* by taking away the rights previously protected by the California Constitution to same-sex civil marriage in California, and the right to have a same-sex civil marriages that are performed elsewhere recognized in California; and admits that in doing so Proposition 8 imposed a special disability on gays and lesbians and their families on the basis of sexual orientation.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint, and on that basis denies them.

28.     The Attorney General admits the allegations of paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, the Attorney General admits that since the passage of Proposition 8 it has not been lawful to issue a marriage license to same-sex couples in California.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and on that basis denies them.

30.     In response to paragraph 30 of the Complaint, the Attorney General admits that since the passage of Proposition 8, California law has restricted civil marriage to opposite-sex couples, and denied civil marriage to same-sex couples; that under California law, gay and lesbian couples cannot enter into a civil marriage with a person of their choice; and that, as the California Supreme Court found in *In re Marriage Cases,* 43 Cal.4th at 782, the inability to marry the person of their choice denies gays and lesbians, as well as their families, the personal and public affirmation that accompanies state-sanctioned civil marriage.  Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 30 of the Complaint.

31.    The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and on that basis denies them.

32.    The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and on that basis denies them.

33.    The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and on that basis denies them.

34.    The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and on that basis denies them.

35.    In response to paragraph 35 of the Complaint, the Attorney General admits that the United States Supreme Court found in *Loving v. Virginia*, 388 U.S. 1. 12 (1967), that the "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint, and on that basis denies them.

36.    In response to paragraph 36 of the Complaint, the Attorney General admits that absent an adverse judgment or entry of an injunction in this case, the Defendants (excepting the Attorney General) will have a legal obligation to enforce Proposition 8 to the extent that Proposition 8 is subject to enforcement by them, *see* Cal. Const., art. III, § 3.5; that the passage of Proposition 8 was in violation of the Fourteenth Amendment to the United States Constitution; and that the Plaintiffs seek relief as alleged in the Complaint.  The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and on that basis denies them.

### CLAIM ONE:  DUE PROCESS

37.    In response to paragraph 37 of the Complaint, the Attorney General incorporates here by reference paragraphs 1 through 36 of this Answer as if fully set forth herein.

38.    In response to paragraph 38 of the Complaint, the Attorney General admits that, to the extent that Proposition 8 took from Plaintiffs their previously held fundamental right to marry, the measure violates the Due Process Clause of the Fourteenth Amendment to the United States

8

1   Constitution on its face.  The Attorney General lacks knowledge or information sufficient to form

2   a belief as to the truth of the remaining allegations of paragraph 38 of the Complaint, and on that

3   basis denies them.

4        39.    In response to paragraph 39 of the Complaint, the Attorney General admits that, to the

5   extent that Proposition 8 took from Plaintiffs their previously held fundamental right to marry, the

6   measure violates the Due Process clause of the Fourteenth Amendment to the United States

7   Constitution on its face; and that by denying civil marriage to gay and lesbian same-sex couples

8   that it affords to heterosexual opposite-sex couples, the California Constitution denies gay and

9   lesbian couples and their families the same dignity, respect, and stature afforded families headed

10  by a married couple.  *See In re Marriage Cases,* 43 Cal.4th at 846-47.

11                          **CLAIM TWO:  EQUAL PROTECTION**

12       40.    In response to paragraph 40 of the Complaint, the Attorney General incorporates here

13  by reference paragraphs 1 through 39 of this Answer as if fully set forth herein.

14       41.    In response to paragraph 41 of the Complaint, and in light of the state constitutional

15  rights confirmed by the California Supreme Court in *In re Marriage Cases,* the Attorney General

16  admits that the passage of Proposition 8 violates the Equal Protection Clause of the Fourteenth

17  Amendment to the United States Constitution on its face.  The Attorney General lacks knowledge

18  or information sufficient to form a belief as to the truth of the remaining allegations of paragraph

19  41 of the Complaint, and on that basis denies them.

20       42.    In response to paragraph 42 of the Complaint, the Attorney General admits that

21  Proposition 8 restricts civil marriage in California to opposite-sex couples; that gays and lesbians

22  are therefore unable to enter into a civil marriage with the person of their choice; that the

23  California Constitution treats similarly-situated persons differently by providing civil marriage to

24  opposite-sex couples, but denying it to same-sex couples; that domestic partnership under

25  California law is available to same-sex couples, but is not the equivalent of civil marriage; that

26  even if domestic partnership were the substantive equivalent to civil marriage, it would still be

27  unequal to deny civil marriage to same-sex couples because, as recognized by the California

28  Supreme Court in *In re Marriage Cases*, domestic partnership would carry with it a stigma of

1   inequality and second-class citizenship; that under the California Constitution, gay and lesbian

2   same sex couples are unequal to heterosexual opposite sex couples; and that article I, section 7.5

3   of the California Constitution discriminates on the basis of sexual orientation.  The Attorney

4   General lacks knowledge or information sufficient to form a belief as to the truth of the remaining

5   allegations of paragraph 42 of the Complaint, and on that basis denies them.

6        43.   In response to paragraph 43 of the Complaint, the Attorney General admits that article

7   I, section 7.5 of the California Constitution was passed as a result of disapproval of or animus by

8   the majority of voters against same-sex marriages; that Proposition 8 took away from gays and

9   lesbians and their families rights that the California Supreme Court previously recognized to exist

10  in the California Constitution (see *In re Marriage Cases,* 43 Cal.4th at 853-54); that in doing so,

11  Proposition 8 imposed a special disability on gays and lesbians alone; and that as a result,

12  Proposition 8 violates the Equal Protection Clause of the Fourteenth Amendment to the United

13  States Constitution.  The Attorney General lacks knowledge or information sufficient to form a

14  belief as to the truth of the remaining allegations of paragraph 43 of the Complaint, and on that

15  basis denies them.

16                     **CLAIM THREE:  VIOLATION OF 42 U.S.C. § 1983**

17       44.   In response to paragraph 44 of the Complaint, the Attorney General incorporates here

18  by reference paragraphs 1 through 43 of this Answer as if fully set forth herein.

19       45.   The Attorney General lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of paragraph 45 of the Complaint, and on that basis denies them.

21                               **IRREPARABLE INJURY**

22       47.   In response to paragraph 47 of the Complaint, the Attorney General incorporates here

23  by reference paragraphs 1 through 46 of this Answer as if fully set forth herein.

24       48.   The Attorney General lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations of paragraph 48 of the Complaint, and on that basis denies them.

26       49.   The Attorney General lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of 49 of the Complaint, and on that basis denies them.

28

Dated:  June 12, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN K. RENNER
Senior Assistant Attorney General


/S/
TAMAR PACHTER
Deputy Attorney General
*Attorneys for Defendant*
*Attorney General Edmund G. Brown Jr.*

SA2009310603

11