RICHARD E. WINNIE [68048]
County Counsel
CLAUDE F. KOLM [83517]
Deputy County Counsel
claude.kolm@acgov.org
BRIAN E. WASHINGTON [146807]
Assistant County Counsel
LINDSEY G. STERN [233201]
Associate County Counsel
lindsey.stern@acgov.org
Office of the County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:   (510) 272-6700

Attorneys for PATRICK O'CONNELL, Clerk-Recorder of the County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL R. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR. in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information and Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | Case No.: CV 09 2292 VRW<br><br>**ANSWER OF DEFENDANT PATRICK O'CONNELL**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge: Hon. Vaughn R. Walker<br>Trial Date:<br>Action Filed:  May 22, 2009 |

**Perry v. Schwarzenegger et al, Case No. CV 09 2292 VRW**
Answer of Defendant Patrick O'Connell

1

DEFENDANT PATRICK O'CONNELL in his official capacity as Clerk-Recorder for the County of Alameda ("Defendant"), as and for himself only, answers the Complaint of KRISTIN M. PERRY, SANDRA B. STIER, PAUL R. KATAMI, and JEFFREY J. ZARRILLO ("Plaintiffs") and alleges as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis denies each and every remaining allegation contained therein.

2. Answering Paragraph 2, Defendant admits that Plaintiffs have asked for the relief as alleged therein. Except as so admitted, Defendant denies each and every allegation contained in paragraph 2.

3. Answering Paragraph 3, Defendant admits that Plaintiffs have brought this suit under provisions of the United States Constitution and 42 U.S.C. § 1983. Defendant further admits that subject matter jurisdiction exists for this Court pursuant to 28 U.S.C. § 1331, though Defendant expressly reserves its right to challenge subject matter jurisdiction in the event new information reveals such is warranted. Except as so admitted, Defendant denies each and every allegation contained in paragraph 3.

4. Answering Paragraph 4, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this answering Defendant resides in this District. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies each and every remaining allegation contained therein.

5. Answering Paragraph 5, Defendant admits that Plaintiffs have asked for the relief as alleged therein. Except as so admitted, Defendant denies each and every allegation contained in paragraph 5.

6. Answering Paragraph 6, Defendant admits that Plaintiffs have asked for the relief as alleged therein. Except as so admitted, Defendant denies each and every allegation contained in paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendant admits that the California Constitution prohibits marriage between two members of the same sex. Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every remaining allegation contained therein.

8. Answering Paragraph 8, Defendant admits that Plaintiffs have asked for the relief as alleged therein. Except as so admitted, Defendant denies each and every allegation contained in paragraph 8. Defendant expressly denies that Plaintiffs are, or would be, entitled to an award of attorneys fees as against this answering Defendant.

9. Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 12, and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17. Answering Paragraph 17, Defendant admits the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant admits that Dean C. Logan is the is the Registrar-recorder/County Clerk for the County of Los Angeles. Insofar as the remaining allegations contained in Paragraph 18 are expressly directed to Defendant Logan, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph, and on that basis denies each and every remaining allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits that he has a ministerial duty to carry out provisions of the California Constitution, including Prop 8. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies each and every remaining allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies each and every remaining allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies that California Family Code section 300 was enacted in 1977. Defendant alleges that said citation was to California Civil Code section 4100, which was repealed in 1993 and replaced with Family Code section 300. Defendant admits the remaining allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies each and every remaining allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies each and every remaining allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies each and every remaining allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant admits that California voters approved Proposition 22 in the year 2000, which is codified at Cal. Family Code section 308.5. Defendant further admits that the California Supreme Court held in *Lockyer v. City and County of San Francisco*, 33 Cal. 4th 1055, 95 P.3d 459 (2004) that Cal. Fam. Code sections 300 and 308.5 prohibited officials of the City and County of San Francisco from issuing marriage licenses to same sex couples, but did not make a determination of the constitutionality of those code sections. Except as so

admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies each and every remaining allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant admits that proponents of the ban on same-sex marriage submitted petitions with sufficient signatures to place what would become Prop 8 on the November 4, 2008 ballot. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies each and every remaining allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant admits the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant admits that the Secretary of State declared that Prop 8 could be placed on the November 4, 2008 general election ballot. Defendant further admits that the Secretary of State Voter Information Guide stated that Prop 8 would "[c]hange[] the California Constitution to eliminate the right of same-sex couples to marry in California." Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis denies each and every remaining allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant admits the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and on that basis denies each and every remaining allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and on that basis denies each and every remaining allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant admits that insofar as Plaintiffs allege that they are in same-sex relationship, the California Constitution prohibits them from entering into marriage in the State of California. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and on that basis denies each and every remaining allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant admits that the California Constitution prohibits marriage between two members of the same sex. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32, and on that basis denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant admits that the California Constitution prohibits marriage between two members of the same sex. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and on that basis denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant admits that the California Constitution prohibits marriage between two members of the same sex. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and on that basis denies each and every remaining allegation contained therein.

35.  Answering Paragraph 35 of the Complaint, Defendant admits that the California Constitution prohibits marriage between two members of the same sex. Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis denies each and every remaining allegation contained therein.

36.  Answering Paragraph 36 of the Complaint, Defendant admits that he has a ministerial duty to abide by the provisions of Prop 8, and unless and until it is amended, replaced or declared invalid, Defendant does not have the power to issue marriage licenses to same-sex couples. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and on that basis denies each and every remaining allegation contained therein.

### IN ANSWERING TO CLAIM ONE: DUE PROCESS

37.  Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 36, *supra*, as though fully set forth herein.

38.  Answering Paragraph 38 of the Complaint, Defendant alleges that no court has yet made such a determination. Except as so alleged, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis denies each and every remaining allegation contained therein.

39.  Answering Paragraph 39 of the Complaint, Defendant alleges that no court has yet made such a determination. Except as so alleged, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis denies each and every remaining allegation contained therein.

## IN ANSWERING TO CLAIM TWO: EQUAL PROTECTION

40. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 39, *supra*, as though fully set forth herein.

41. Answering Paragraph 41 of the Complaint, Defendant alleges that no court has yet made such a determination. Except as so alleged, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and on that basis denies each and every remaining allegation contained therein.

42. Answering Paragraph 42 of the Complaint, Defendant admits the allegations contained therein to the extent they reflect the current state of the law. Defendant further alleges that no court has yet made a determination of the constitutionality of the current state of the law. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and on that basis denies each and every remaining allegation contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant admits that the effect of Prop 8 was to amend the California Constitution, and Prop 8 prohibits Plaintiffs from marrying anyone of the same sex. Defendant further alleges that no court has yet determined whether the U.S. Constitution invalidates Prop 8. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and on that basis denies each and every remaining allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant admits that the effect of Prop 8 is to provide that only a marriage between a man and a woman is valid and recognized in the State of California. Defendant further alleges that no court has yet determined whether the U.S. Constitution invalidates Prop 8. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 44, and on that basis denies each and every remaining allegation contained therein.

**IN ANSWERING TO CLAIM THREE: VIOLATION OF 42 U.S.C § 1983**

45. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 44, *supra*, as though fully set forth herein.

46. Answering Paragraph 46 of the Complaint, Defendant admits that insofar as Plaintiffs allege that they are in same-sex relationship, the California Constitution prohibits them from entering into marriage in the State of California. Defendant further alleges that no court has yet determined whether the U.S. Constitution invalidates Prop 8. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and on that basis denies each and every remaining allegation contained therein.

**IN ANSWERING TO ALLEGATION OF IRREPARABLE INJURY**

47. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 46, *supra*, as though fully set forth herein.

48. Answering Paragraph 48 of the Complaint, Defendant alleges that no court has yet determined whether the U.S. Constitution invalidates Prop 8. Except as so alleged, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and on that basis denies each and every remaining allegation contained therein.

49. Answering Paragraph 49 of the Complaint, Defendant admits that a controversy exists in that Defendant is required to perform its ministerial duties under present State law, which includes the mandates of Prop 8, and that Plaintiffs allege they have been harmed as a result. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 49, and on that basis denies each and every remaining allegation contained therein.

## AFFIRMATIVE DEFENSES

Because the Complaint is couched in conclusionary terms, Defendant cannot fully anticipate all affirmative defenses which may be applicable and, accordingly, Defendant reserves the right to assert any and all such additional affirmative defenses as are applicable in this action without waiver thereof:

AS A FIRST AFFIRMATIVE DEFENSE, this answering Defendant states that it has no discretion in the performance of its ministerial duties complained of by Plaintiffs in their Complaint.

AS A SECOND AFFIRMATIVE DEFENSE, this answering Defendant states that the injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering Defendant.

AS A THIRD AFFIRMATIVE DEFENSE, this answering Defendant alleges that all actions taken were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus these Defendants are entitled to qualified immunity.

AS A FOURTH AFFIRMATIVE DEFENSE, this answering Defendant asserts that to the extent that Plaintiffs may attempt to allege state law claims, these are barred pursuant to California Government Code §§ 911.2, 911.4, 954.4, 946.4, 950.2, and 950.6. Said sections are pleaded as though fully set forth herein.

AS A FIFTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's complaint is barred by all applicable statutes of limitation.

AS A SIXTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that any party or individual who was negligent and/or contributed to and/or caused the alleged injuries and damages was not acting as Defendant's agent or agents or within its knowledge or within the course and/or scope of employment with this answering Defendant.

AS A SEVENTH AFFIRMATIVE DEFENSE, this answering Defendant states that Plaintiffs fail to state a claim upon which relief can be granted as against this Defendant.

AS AN EIGHTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff have failed to allege and/or have not stated facts sufficient to show an affirmative link between this answering Defendant and the acts which allegedly violated Plaintiffs' rights.

AS A NINTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Defendant's acts were privileged under applicable statutes and case law, including immunity under federal law for official acts because Defendant's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

AS A TENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs' claims are barred by all applicable Government Code immunities including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6 and 822.2. Said sections are pleaded as though set forth fully herein.

AS AN ELEVENTH AFFIRMATIVE DEFENSE, this answering Defendant states that to the extent that plaintiff's damages, if any, are shown to have been caused by

any other Defendant, as well as because of any non-liability on the part of this answering Defendant, such liability for non-economic damages is several, and not joint, pursuant to Civil Code 1431.2(a). Any recovery of non-economic damages from Defendant must be limited to the actual percentage of fault allocated to Defendants. This defense is interposed only in the alternative and does not admit any of the allegations of the complaint.

AS A TWELFTH AFFIRMATIVE DEFENSE, this answering Defendant is informed and believes and alleges that Plaintiffs' actions constituted a waiver of any alleged acts or omissions, if any, of this answering Defendant.

AS A THIRTEENTH AFFIRMATIVE DEFENSE, this answering Defendant states that to the extent Plaintiffs seek to recover attorneys' fees under 42 U.S.C. § 1988, such should not be assessed against this answering Defendant because of special circumstances mandating Defendant's ministerial duties.

AS A FOURTEENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges to the extent any person suffered any detriment, such was unavoidable.

AS A FIFTEENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges Plaintiffs haves failed to join a party or parties necessary for a just resolution of this matter and has further omitted to state any reasons for such failure.

AS A SIXTEENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges Plaintiffs are equitably estopped from asserting the claims set forth in the Complaint.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges any acts or omissions of the Defendant were superseded by the act or

omissions of others, including Plaintiff, and/or other named or unnamed entities that were independent, intervening, and the proximate cause of the damages alleged.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE, this answering Defendant states that plaintiff unreasonably delayed in bringing this action against Defendant and that such delay substantially prejudiced this Defendant. Therefore this action is barred by the doctrine of *laches*.

AS A NINETEENTH AFFIRMATIVE DEFENSE, this answering Defendant states that if Plaintiff sustained the damages alleged in the Complaint, which Defendant denies, Plaintiffs' damages were caused in whole or in part by the conduct of third parties for whom Defendant is not responsible, by forces over which Defendant has no control or through acts or omissions on the part of plaintiff, and therefore, an act or omission on the part of Defendant was not the proximate cause and/or legal cause of the Plaintiffs' alleged damages.

AS A TWENTIETH AFFIRMATIVE DEFENSE, this answering Defendant alleges that this answering Defendant did not take affirmative acts to deprive Plaintiffs of any right or privilege guaranteed by the constitution or laws of the United States.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE, this answering Defendant alleges Plaintiffs failed to exhaust their administrative and other state remedies.

//
//
//
//
//

**WHEREFORE,** Defendant prays for judgment as follows:

1. That judgment be rendered in favor of Defendant and against Plaintiffs;

2. That Plaintiff take nothing by the allegations of their complaint therein;

3. That Defendant be awarded its costs of suit incurred herein; and

4. For all such other and further relief as this Court deems just and proper.

DATED: June 16, 2009

RICHARD E. WINNIE, County Counsel
in and for the County of Alameda, State
of California

By: _____
Claude Kolm
Deputy County Counsel

Attorneys for Defendant
Patrick O'Connell, Clerk-Recorder of the
County of Alameda