MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
KELCIE M. GOSLING (SBN 142225)
LANDON D. BAILEY (SBN 240236)
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
Telephone: 916-553-4000
Facsimile: 916-553-4011
E-mail: kcm@mgslaw.com

Attorneys for Defendants
Arnold Schwarzenegger, in his official capacity as Governor of
California, Mark B. Horton, in his official capacity as Director of the
California Department of Public Health and State Registrar of Vital
Statistics, and Linette Scott, in her official capacity as Deputy Director
of Health Information & Strategic Planning for the California Department
of Public Health

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | Case No. 09-CV-02292 VRW<br><br>**THE ADMINISTRATION'S ANSWER TO COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

Defendants Arnold Schwarzenegger, Mark B. Horton, and Linette Scott (collectively "the Administration"), by and through counsel, answer Plaintiffs' Complaint for Declaratory, Injunctive, or Other Relief as follows:

Plaintiffs' Complaint presents important constitutional questions that require and warrant judicial determination. In a constitutional democracy, it is the role of the courts to determine and resolve such questions. To the extent that Plaintiffs have stated a justiciable controversy, setting forth federal constitutional challenges to Proposition 8, it is appropriate for the federal courts to determine and resolve those challenges. The Administration encourages the Court to resolve the merits of this action expeditiously.

In response to each of the specific allegations in Plaintiff's Complaint, the Administration responds as follows:

1. In response to Paragraph 1 of the Complaint, the Administration admits that, in November 2008, California voters passed Proposition 8, and that Proposition 8 amended the California Constitution by adding a provision that states: "Only marriage between a man and a woman is valid or recognized in California." Cal. Const. art. I, § 7.5. The Administration also admits that the California Family Code contains provisions that allow for the recognition of same-sex unions as domestic partnerships. The Administration also admits that the United States Supreme Court decided *Loving v. Virginia* in 1967, and the Supreme Court's decision contains the language quoted in Paragraph 1 of Plaintiffs' Complaint. As to the remaining allegations of Paragraph 1, the Administration notes that those remaining allegations state opinions and legal conclusions which require no answer. To the extent that the remaining allegations of Paragraph 1 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

2. In response to Paragraph 2 of the Complaint, the Administration admits that Plaintiffs have asked this Court to enjoin, preliminarily and permanently, enforcement of Proposition 8 (as set forth in the California Constitution, in article I, section 7.5) and certain California statutes. As to any remaining allegations of Paragraph 2, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

3. The Administration admits that the Complaint presents a claim under 42 U.S.C. section 1983, and that this Court has subject matter jurisdiction under 28 U.S.C. section 1331.

4. The allegations of Paragraph 4 of the Complaint consist of legal conclusions which require no answer. To the extent that Paragraph 4 contains an allegation that requires a response, the Administration lacks knowledge or information sufficient to admit or deny any such allegation.

5. In response to Paragraph 5 of the Complaint, the Administration admits that Plaintiffs have brought an action pursuant to 42 U.S.C. section 1983 seeking the declarations and preliminary and permanent injunctions described by Plaintiffs in Paragraph 5. The Administration lacks knowledge or information sufficient to admit or deny the remaining allegations, if any, in Paragraph 5.

6. In response to Paragraph 6 of the Complaint, the Administration admits that Plaintiffs have brought an action seeking the declarations and preliminary and permanent injunctions described by Plaintiffs in Paragraph 6 of the Complaint. The Administration lacks knowledge or information sufficient to admit or deny the remaining allegations, if any, in Paragraph 6.

7. In response to Paragraph 7 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny these allegations.

8. The Administration admits that Plaintiffs have brought an action seeking the declarations and preliminary and permanent injunctions described by Plaintiffs in Paragraph 8 of the Complaint, and that Plaintiffs seek to recover attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order. The Administration lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8, if any.

9. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 of the Complaint.

10. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint.

11. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint.

12. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint.

13. The Administration admits the allegations in Paragraph 13 of the Complaint.

14. The Administration admits the allegations in Paragraph 14 of the Complaint.

15. The Administration admits the allegations in Paragraph 15 of the Complaint.

16. The Administration admits the allegations in Paragraph 16 of the Complaint.

17. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint.

18. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, the Administration admits that the California Supreme Court has held that, under California law, county clerks and county recorders have a mandatory ministerial duty to enforce marriage laws and generally do not have the authority, in the absence of a judicial determination of unconstitutionality, to refuse to enforce such laws on the basis of a belief that they are unconstitutional. *Lockyer v. City & County of San Francisco*, 33 Cal. 4th 1055, 1082 (2004); *see also* Cal. Fam. Code § 350 (marriage requires applicant to obtain license from county clerk); Cal. Health & Safety Code § 102285 (county recorder is local registrar of marriages). The Administration further admits that the Director of Public Health, who is designated as the State Registrar of Vital Statistics, is required to prescribe and furnish forms for use in registering marriages and to supervise local officials in the use of those forms (Cal. Health & Safety Code §§ 102175, 102100, 102180, 102200), and that the Deputy Director of Health Information and Strategic Planning assists the

392.83.PLE.Answer.final.wpd  4
THE ADMINISTRATION'S ANSWER TO COMPLAINT - CASE NO. 09-CV-02292 VRW

Director of Public Health in the fulfillment of his responsibilities. The Administration admits that the Governor has a duty to ensure that the laws are uniformly enforced. Cal. Const., art. V, sec. 1. As to the remaining allegations of Paragraph 19 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny any such remaining allegations.

20. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, the Administration admits that, in 1977, the California Legislature enacted legislation amending Civil Code section 4100, now codified at California Family Code section 300, and that section 300 defined marriage using the language quoted in Paragraph 21 of the Complaint. As to the remaining allegations of Paragraph 21 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

22. In response to Paragraph 22 of the Complaint, the Administration admits that in 1999 the California Legislature adopted a domestic partnership law codified at California Family Code sections 297-299.6, that the law defines domestic partners using the language quoted in Paragraph 22 of the Complaint, and that the domestic partnership law sets forth certain requirements for persons who seek to enter into a domestic partnership (at Family Code section 297(b)), including the requirements described in Paragraph 22 of the Complaint. As to the remaining allegations of Paragraph 22 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

23. The allegations of Paragraph 23 of the Complaint contain legal conclusions which require no answer. To the extent that the allegations of Paragraph 23 require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

24. The Administration admits that, in 2000, California voters approved Proposition 22 (codified at California Family Code section 308.5), which provided: "Only marriage between a man and a woman is valid or recognized in California." The Administration also admits that, in 2004, the California Supreme Court decided *Lockyer v. City & County of San*

*Francisco.* That decision speaks for itself. As for any remaining allegations of Paragraph 24 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

25. The Administration admits that Proposition 8's proponents submitted petitions with enough signatures to place Proposition 8 on the ballot for the November 2008 election. As for the remaining allegations of Paragraph 25, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

26. The Administration admits the allegations in Paragraph 26 of the Complaint.

27. The Administration admits that on June 2, 2009, the California Secretary of State certified that Proposition 8 qualified for placement on the ballot for the November 2008 election. The Administration admits that the General Election Voter Information Guide, prepared by the Attorney General, stated, among other things, that Proposition 8 "Changes the California Constitution to eliminate the right of same-sex couples to marry in California." As for the remaining allegations of Paragraph 27 of the Complaint, the Administration lacks knowledge or information sufficient to admit or deny those remaining allegations.

28. The Administration admits the allegations in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, the Administration admits that, since Proposition 8 took effect, California law precludes the issuance of marriage licenses to same-sex couples.

30. The allegations of Paragraph 30 of the Complaint contain legal conclusions which require no answer. To the extent that Paragraph 30 of the Complaint contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

31. The allegations of Paragraph 31 of the Complaint contain legal conclusions which require no answer. To the extent that Paragraph 31 of the Complaint contains

allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

32. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint.

33. The Administration lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint contain legal conclusions which require no answer. To the extent that Paragraph 34 of the Complaint contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

35. In response to Paragraph 35 of the Complaint, the Administration admits that the United States Supreme Court decided *Loving v. Virginia* in 1967, and the Supreme Court's decision contains the language quoted in Paragraph 35 of Plaintiffs' Complaint. As to the remaining allegations of Paragraph 35, the Administration notes that those remaining allegations state opinions and legal conclusions which require no answer. To the extent that the remaining allegations of Paragraph 35 contain allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

36. In response to Paragraph 36 of the Complaint, the Administration admits that, in the absence of an injunction barring the enforcement of Proposition 8 or a final judicial determination that Proposition 8 is unconstitutional, California law provides that "Only marriage between a man and a woman is valid or recognized in California." As for the remaining allegations of Paragraph 36, those remaining allegations state opinions and legal conclusions which require no answer. To the extent that the remaining allegations of Paragraph 36 require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

37. In response to Paragraph 37 of the Complaint, the Administration incorporates by reference its answers to paragraphs 1 through 36 as if fully set forth herein.

38. The allegations of Paragraph 38 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 38 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

39. The allegations of Paragraph 39 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 39 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

40. In response to Paragraph 40 of the Complaint, the Administration incorporates by reference its answers to paragraphs 1 through 39 as if fully set forth herein.

41. The allegations of Paragraph 41 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 41 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

42. The allegations of Paragraph 42 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 42 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

43. The allegations of Paragraph 43 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 43 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

44. The allegations of Paragraph 44 of the Complaint contain legal conclusions which require no answer. To the extent that Paragraph 44 contains allegations that require a response, the Administration lacks knowledge or information sufficient to admit or deny the remaining allegations.

45. In response to Paragraph 45 of the Complaint, the Administration incorporates by reference its answers to paragraphs 1 through 44 as if fully set forth herein.

46. The allegations of Paragraph 46 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 46 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

47. In response to Paragraph 47 of the Complaint, the Administration incorporates by reference its answers to paragraphs 1 through 46 as if fully set forth herein.

48. The allegations of Paragraph 48 of the Complaint contain legal conclusions which require no answer. To the extent Paragraph 48 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

49. The Administration admits that Proposition 8, as embodied in the California Constitution, is presently in effect in California. The Administration also admits that the Complaint presents important legal issues that require and warrant a judicial determination. As for the remaining allegations of Paragraph 49, if any, the Administration lacks knowledge or information sufficient to admit or deny the remaining allegations.

WHEREFORE, the Administration respectfully requests that this Court grant any and all relief the Court determines to be just and proper.

Dated: June 16, 2009

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
KELCIE M. GOSLING
LANDON D. BAILEY

By: *Kenneth C. Mennemeier*
Kenneth C. Mennemeier
Attorneys for Defendants Arnold Schwarzenegger, Mark B. Horton, and Linette Scott

| | |
|---|---|
| 1 | Case Name: *Perry, et al. v. Schwarzenegger, et al.;* |
| 2 | Case No: US District Court, Northern District, Case No. 3:09-cv-09-2292 VRW |

**CERTIFICATE OF SERVICE**

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On June 16, 2009, I served the within documents:

**THE ADMINISTRATION'S ANSWER TO COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF**

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☒ by placing the document(s) listed above in a sealed envelope, with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on June 16, 2009, at Sacramento, California.

_Angela Knight_
Angela Knight

**SERVICE LIST**

AUSTIN R. NIMOCKS
ALLIANCE DEFENSE FUND
801 G STREET NW
SUITE 509
WASHINGTON, DC 20001

DAVID BOIES
BOIES SCHILLER & FLEXNER LLP
333 MAIN STREET
ARMONK, NY 10504

JORDAN W. LORENCE
ALLIANCE DEFENSE FUND
801 G STREET NW
SUITE 509
WASHINGTON, DC 20001

THEANE EVANGELIS KAPUR
GIBSON DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071

THEODORE HIDEYUKI UNO
BOIES SCHILLER & FLEXNER LLP
333 MAIN STREET
ARMONK, NY 10504