MARY E. MCALISTER
California Bar No. 148570
LIBERTY COUNSEL
P.O. Box 11108
Lynchburg, VA 24506
(434) 592-7000 Telephone
(434) 592-7700 Facsimile
court@lc.org Email
Attorney for Prospective Intervenor-Defendant
Campaign for California Families

FILED
JUN 26 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,

Plaintiffs

v.

ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California, MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/ County Clerk for the County of Los Angeles,

Defendants.

**Case No.09-CV 02292 VRW**

**NOTICE OF MOTION AND MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

DATE: September 3, 2009

TIME: 10:00 a.m.

JUDGE: Chief Judge Walker

LOCATION: Courtroom 6, 17th Flr

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .............................. 1

STATEMENT OF THE ISSUES .............................................. 1

STATEMENT OF FACTS ...................................................... 1

ARGUMENT ........................................................................ 3

I. THE CAMPAIGN MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT. ........................... 3

A. The Campaign Has Timely Filed This Motion For Intervention ........................................................ 4

B. The Campaign's History Of Public Education, Policy-making And Legal Action On Behalf Of California Families And Pro-Family Voters Gives It A Significantly Protectable Interest In the Subject Matter of the Case. ............................ 4

C. Disposition Of The Plaintiffs's Claims May Impair The Campaign's Ability To Protect Its Interests In Protecting Traditional Marriage And The Right Of The Voters To Amend The Constitution. ........................................ 7

D. The Campaign's Interests Are Not Adequately Represented By The Existing Defendants. ............................ 7

II. THE CAMPAIGN SATISFIES THE STANDARDS FOR PERMISSIVE INTERVENTION. ...................................... 10

CONCLUSION ................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bates. v. Jones*, 904 F.Supp. 1080 (N.D. Cal. 1995) . . . . . . . . . . 9

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) . . . . . . . . . . 3

*Idaho v. Freeman,* 625 F.2d 886 (9th Cir. 1980) . . . . . . . . . . 5, 6

*League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) . . . . . . . . 10

*Northwest Forest Resource Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) . . . . . . . . . . 10

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2005) . . . . . . . . . . 5, 8

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) . . . . . . . . . . 5, 7, 8

*Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) . . . . . . . . . . 8

*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) . . . . . . . . . . 8

*United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 (9th Cir. 1992) . . . . . . 3

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) . . . . . . . . . . 4

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990) . . . . . . . . . . 4

*Yniguez v. State of Arizona*, 939 F.2d 727 (9th Cir. 1991) . . . . . . . . . . 5, 9

## STATE CASES

*Strauss v. Horton, et. al*, 207 P.3d 28 (CA 2009) . . . . . . . . . . 2, 9

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 3, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California, Proposed Intervenor Campaign for California Families ("the Campaign") will move this Court for an order allowing it to intervene as a Defendant in this case.

Proposed Intervenor respectfully requests that this Court enter an order permitting the Campaign to intervene as a Defendant, pursuant to Federal Rule of Civil Procedure §24. This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Randy Thomasson in Support of the Motion to Intervene, filed simultaneously herewith and on the pleadings and documents in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE CAMPAIGN'S MOTION TO INTERVENE

### STATEMENT OF THE ISSUES

1. Whether the Campaign meets the standards for intervention as of right under F.R. Civ. P.24(a), *i.e.*, (1) Has filed a timely motion for intervention, (2) Has a a significant protectable interest in the subject matter of the action, (3) Is situated so that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect the interest, and (4)Has interests that are not adequately represented by existing parties.

2. Whether the Campaign meets the standards for permissive intervention under F.R. Civ. P. 24(b).

### STATEMENT OF FACTS

The goal of the Campaign in this litigation is not only to protect traditional marriage, but also to protect the right of Californians to exercise their constitutional rights to amend the Constitution. The Campaign has worked tirelessly for a decade to preserve and protect marriage as the union of one man and one woman by supporting Proposition 22 and Proposition 8, defending traditional marriage at every level of state and federal court in California, educating the public about the significance of marriage and protecting the people's initiative right. Plaintiffs' claims strike at the

very heart of the Campaign's mission and threaten to significantly undermines the years of work for the families of California.

The Campaign is a nonprofit, nonpartisan lobbying organization that represents fathers, mothers, grandparents and concerned individuals who believe the sacred institutions of life, marriage and family deserve utmost protection and respect by government and society. (Declaration of Randy Thomasson, "Thomasson Dec.," ¶2).The Campaign has worked since 1999 to educate, equip and activate concerned citizens to promote family-friendly values in their homes and communities, especially the preservation and protection of marriage. (Thomasson Dec., ¶3). The efforts aimed at protecting the institution of marriage have included active participation in both Proposition 22 and in supporting and activating voters to pass Proposition 8. (Thomasson Dec., ¶ 4). The Campaign participated as an intervenor, alongside the Official Proposition 8 Proponents, at all three levels of the state and federal courts of California in defense of traditional marriage and of the voters' right to amend the state Constitution by initiative.

When the Supreme Court agreed to hear the challenge to Proposition 8, the Campaign's Executive Director publicly disapproved of the decision as disrespecting the people's reserved right to amend the Constitution and disagreed with others who were pleased that the Court was going to review the issue because giving credence to the unsubstantiated claims raised by the same-sex "marriage" proponents was damaging to the integrity of the people's right to amend the Constitution. (Thomasson Dec., ¶ 22). When the California Supreme Court issued its decision in *Strauss v. Horton, et. al*, 207 P.3d 28 (CA 2009), the Campaign again stood up for the rights of the voters by noting that Proposition 8 was only partially upheld since the justices determined that same-sex "marriages" performed between June and November 2008 would be valid. (Thomasson Dec., ¶23). The Campaign noted that the ruling frustrated and disappointed pro-family citizens who voted for the true protection of marriage licenses between a man and a woman. (Thomasson Dec., ¶23).

The Campaign's mission is to educate Californians about the foundational importance of marriage to society and the widespread adverse effects that result if natural marriage is not protected. (Thomasson Dec., ¶24). These efforts extend beyond the passage of Proposition 8, or any other statute or amendment, to the overall well-being of California's children and families, which requires

that natural marriage – the union of one man and one woman – be preserved. (Thomasson Dec., ¶24). The Campaign seeks not only to protect the integrity of Proposition 8, but to protect the integrity of the institution of marriage and the people's right to amend the Constitution to preserve the institution. (Thomasson Dec., ¶24). Plaintiffs' action threatens the rights of the people of California to determine how marriage is to be defined in this state and seeks to undermine the very foundation of the marriage institution. (Thomasson Dec.,¶25). The Campaign sees the ramifications of this lawsuit extending far beyond merely upholding Proposition 8 to protecting the integrity of the family unit, and particularly the children of California who depend upon it. (Thomasson Dec. ¶ 25). These are the precise issues that the Campaign has been fighting for since 1999 and for which the Campaign is asking this Court to grant a voice in this action.

**ARGUMENT**

The Ninth Circuit has repeatedly emphasized that the Federal Rules of Civil Procedure governing intervention shall be construed liberally and in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). The purpose of liberal intervention is to ensure economic and efficient use of the courts' scarce resources.

> A liberal policy in favor of intervention serves both the efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical interest* in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n. 8 (9th Cir. 1995) (quoting *Greene v. United States*, 996 F.2d 973, 980 (9th Cir. 1993)(Reinhardt, J., dissenting)(emphasis added)).

The Campaign has a significant, practical interest in the outcome of this case and respectfully requests that this Court grant the Campaign the opportunity to protect its interests in preserving and protecting natural marriage as encompassed in Proposition 8, educating and activating the people of California to preserve marriage and family values and to protect the constitutional rights of Californians to amend their constitution through the initiative process. There is no existing party-defendant who adequately represents the Campaign's unique interest in the outcome of the case and the Campaign has timely filed this application for intervention. The Campaign is entitled to intervention as of right. Alternatively, the Campaign should be granted permissive intervention.

## I. THE CAMPAIGN MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.

A proposed intervenor meets the requirements of intervention as of right under F. R. Civ. P. 24(a), if he establishes: (1) a timely motion for intervention, (2) a "significantly protectable" interest relating to the property or transaction which is the subject of the action, (3) the disposition of the action may as a practical matter impair or impede the applicant's ability to protect the interest and (4) the applicant's interests might not be adequately represented by existing parties. *United States v. City of Los Angeles*, 288 F.3d 391,397 (9th Cir. 2002). If the proposed intervenor can satisfy these requirements, which are to be construed liberally, then the court must grant intervention. *Id.* at 397-398. The Campaign meets all four criteria.

### A. The Campaign Has Timely Filed This Motion For Intervention.

In determining whether a motion for intervention is timely, the court should examine (1) the stage of the proceeding, (2) whether the parties would be prejudiced, and (3) the reason for any delay in moving for intervention. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), *cert. denied* 501 U.S. 1250 (1991). In *Oregon*, the court determined that the proposed intervenors' application for intervention was timely when the applicants filed before any actual proceedings occurred and when no parties were prejudiced because the district court had made no substantive decisions. *Oregon*, 913 F.2d at 837.

The Campaign's application meets the timeliness standard set forth in *Oregon*. Plaintiffs filed the complaint in this case on May 22, 2009, barely a month before this motion is being filed. As of the date of the filing of this motion, no substantive issues have been decided. The first hearing, on the Motion for a Preliminary Injunction and on the Motion for Intervention by the Official Proponents of Proposition 8, is scheduled for July 2, 2009. While the Campaign was unable to prepare its motion in time to file 35 days ahead of that July 2,2009 hearing date, it is willing and able to fully participate in substantive proceedings and meet all applicable deadlines so as to not delay the proceedings or prejudice the existing parties. Consequently, the Campaign satisfies the first requirement of intervention as of right.

**B. The Campaign's History Of Public Education, Policy-making And Legal Action On Behalf Of California Families And Pro-Family Voters Gives It A Significantly Protectable Interest In the Subject Matter of the Case.**

The Campaign is a public interest group that has been working to educate, equip and activate concerned citizens to promote family-friendly values in their homes and communities for many years. (Thomasson Dec., ¶3). Because of that history, the Campaign has a significantly protectable interest in the subject matter of this action. It should be emphasized that this action involves much more than merely whether an initiative constitutional amendment violates the United States Constitution. While that is clearly a prevalent aspect of Plaintiffs' complaint, the subject matter actually goes much deeper, including the integrity of the initiative process, preservation of the people's right to vote and preservation of the foundational societal norm of natural marriage. The Campaign's mission has encompassed all of these issues, and more, and therefore its interests are unique from existing parties, including the Official Proponents of Proposition 8.

The Ninth Circuit has long upheld the right of initiative sponsors to intervene. *Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9th Cir. 1991). In *Yniquez*, the court held that there is a virtual per se rule that sponsors of an initiative have a sufficient interest in the subject matter of litigation challenging the legal validity of the initiative. *Id.*

More significantly, interest groups, such as the Campaign, which have supported initiatives have been held to have sufficient interest to intervene. *Idaho v. Freeman*, 625 F.2d 886, 887 (9th Cir. 1980); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2005); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983). In *Sagebrush*, the Audubon Society and other groups which had supported the creation of a conservation area in Idaho sought to intervene on behalf of the government in an action challenging the federal statute that created the conservation area. *Sagebrush*, 713 F.2d at 526.The Ninth Circuit held that the Audubon Society had a protectable interest in defending the creation of the conservation area, making the broad ruling that "a public interest group [is] entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported." *Id.* at 527. Citing that language in *Sagebrush,* the Ninth Circuit found that the Oregon AFL-CIO, which was a main supporter of an initiative amendment prohibiting payment of electoral petition signature gatherers on a per signature basis, had a significantly protectable interest in the amendment to intervene in an action challenging its legality. *Prete,* 438 F.3d at 954. In

*Freeman*, the court found that the National Organization for Women, which was a supporter of the proposed Equal Rights Amendment, had a significantly protectable interest in passage of the amendment to be entitled to intervene in a case that challenged ratification procedures for the amendment. *Freeman*, 625 F.2d at 887.

As was true with the Audubon Society, AFL-CIO and NOW, the Campaign, as a major supporter of Proposition 8, as well as having an extensive history of advocacy to preserve and protect the definition of marriage set forth in Proposition 8 (the same 14 words set forth in Proposition 22), has a significantly protectable interest in this case. As part of its mission to educate, equip and activate concerned citizens to promote family-friendly values in their homes and communities, the Campaign has worked extensively in the courts and court of public opinion to preserve and protect these values, including efforts to preserve and protect the institution of marriage, since 1999. (Thomasson Dec. ¶3). The Campaign defended Proposition 22 in all three levels of the state and federal courts in California. (Thomasson Dec., ¶ 21). The Campaign has also defended and supported Proposition 8 in the courts and in the media. (Thomasson Dec., ¶¶ 17-24). However, the Campaign's efforts have involved more than supporting Proposition 8 and its predecessor, Proposition 22, but include educating voters about the foundational importance of marriage and the negative ramifications that would occur should the institution be re-defined. (Thomasson Dec. ¶25). The Campaign has also particularly worked to protect and preserve the right of the voters to enact statutes and amend the Constitution by initiative. (Thomasson Dec. ¶¶14-20). The Campaign also sought to protect the institution of marriage and the rights of pro-traditional marriage Californians by helping the United States Justice Foundation and five county supervisors to seek an injunction against the state Department of Public Health and Office of Vital Records's action of changing the official marriage license forms to state "Party A" and "Party B" instead of "bride" and "groom." (Thomasson Dec. ¶19).

In short, the Campaign has not merely worked to protect the validity and integrity of Proposition 8, but to educate Californians about the foundational importance of marriage to society and the widespread adverse effects that result if natural marriage is not protected. (Thomasson Dec. ¶25). These efforts extend beyond the passage of Proposition 8, or any other statute or amendment, to the overall well-being of California's children and families, which requires that natural marriage

be preserved and protected. (Thomasson Dec. ¶25). The Campaign has worked tirelessly to protect the integrity of the institution of marriage and the people's right to amend the Constitution to preserve this foundational institution. Those efforts represent a significantly protectable interest that supports intervention.

### C. Disposition Of The Plaintiffs's Claims May Impair The Campaign's Ability To Protect Its Interests In Protecting Traditional Marriage And The Right Of The Voters To Amend The Constitution.

As the Ninth Circuit explained in *Sagebrush*, where a non-profit public interest organization seeks to intervene to defend the constitutionality of legislation it labored to pass, that group has an interest in litigation seeking to declare the law unconstitutional. *Sagebrush*, 713 F.2d at 527-528. "[T]here can be no serious dispute in this case concerning . . . the existence of a protectable interest on the part of the applicant which may, as a practical matter, be impaired. An adverse decision in this suit would impair the society's interest in the preservation of birds and their habitats." *Id.* How much more would an adverse decision in this case, fundamentally altering marriage, have on the interests of an organization that is dedicated to preserving marriage as the union of one man and one woman?

The Campaign's interests are predicated on the legal definition of marriage remaining as only between one man and one woman. If Plaintiffs are successful in their lawsuit, then the definition of marriage, as it has existed for thousands of years, will be declared unconstitutional. That would significantly and adversely affect California families and would effectively eradicate the voters' right to amend the California Constitution by initiative. The Campaign has demonstrated its commitment to preserving marriage as the union of one man and one woman through its participation in lawsuits at all levels of the state and federal courts in California, as well as in more than a decade of educational efforts aimed at solidifying the foundation of marriage. (Thomasson Dec., ¶¶ 4-25).

As in *Sagebrush*, there can be no question that if Plaintiffs are successful, it will impair and impede the Campaign's ability to protect its interest in marriage and family. The third prong requires the applicant to be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. The Campaign is so situated that there is absolutely no other way to protect its interests other than allowing it to intervene in this case. Any disposition of the case without arguments heard that only the Campaign can make would completely destroy the ability to have its interests protected. As such, the Campaign has satisfied the third prong of F.R.

Civ. P. 24(a)(2).

**D. The Campaign's Interests Are Not Adequately Represented By The Existing Defendants.**

The Campaign's unique interests in the disposition of this action are not adequately represented by defendants, therefore this Court should permit the Campaign to intervene. *Sagebrush*, 713 F.2d at 528. The requirements to meet the" inadequate representation" requirement are minimal, and the burden is small. *Id.* The Campaign does not need to show that the present parties *will not* protect its interests, but only that the present parties *may not* protect its interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) (emphasis added)."Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992).

The Ninth Circuit has established three criteria to determine whether there will be adequate representation of an intervenor's interests: (1) whether the interests of the existing party and the intervenor are sufficiently similar that the existing party would undoubtedly make the same legal arguments as the intervenor; (2) whether the exisiting party is capable and willing to make such arguments; and (3) whether the intervenor would add some necessary element not covered by the existing parties to the proceedings. *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2005). Where the proposed intervenor and the named defendant share the same ultimate objective, a rebuttable presumption arises that there is adequate representation. *Id.* However, the presumption can be overcome by showing that the proposed intervenor has different interests from the named parties. *Id.* In *Prete*, the court found there was adequate representation because the named parties shared the same ultimate objective and there was no indication the named parties would fail to represent the proposed intervenor's interests. *Id.*

By contrast, in this case, the Campaign has dramatically different interests than the named Defendants. In fact, as discussed more fully below, the named governmental Defendants and the Campaign do not even share the same ultimate goal – to promote, educate, and protect traditional marriage. The Campaign's interest in protecting the initiative process extends beyond simply protecting Proposition 8. The Campaign actively advocates and fights to protect the institution of

marriage at all levels, not merely in the legal arena, and actively advocates and fights to protect the voters' right to amend the Constitution by initiative. The Campaign's Executive Director publicly expressed the Campaign's interest in preserving the initiative process by stating that the California Supreme Court undermined the people's right when it declared same-sex "marriages" performed prior to November 2008 to be valid, even though the language of the amendment declared otherwise. (Thomasson Dec., ¶23).

Most importantly, Attorney General Edmund G. Brown Jr., does not share the ultimate objective or interests of the Campaign in upholding the definition of marriage as the union of one man and one woman. Attorney General Brown has made it clear that he believes Proposition 8 violates the U.S. Constitution. (Attorney General's Answer to the Complaint, Doc. #39, p. 2). Moreover, in *Strauss v. Horton,* the Attorney General proposed an alternative argument **against** Proposition 8. *Strauss v. Horton, et. al*, 207 P.3d 28 (Cal. 2009). The Campaign cannot count on the Attorney General to argue adequately for a position he does not hold.

The striking contrast between the Attorney General's views and the Campaign's views illustrate the "rift" that this Court and the Ninth Circuit have found can exist between the citizens and the government. The *Yniguez* court aptly described this case when it observed that:

> Moreover, as appears to be true in this case, the government may be less than enthusiastic about the enforcement of a measure adopted by ballot initiative; for better or worse, the people generally resort to a ballot initiative precisely because they do not believe that the ordinary processes of representative government are sufficiently sensitive to the popular will with respect to a particular subject.

*Yniguez v. State of Arizona*, 939 F.2d 727, 733 (9th Cir. 1991). As this Court observed, "the very act of resorting to a ballot initiative indicates a rift between the initiative's proponents and voters and their elected officials on the issue that underlies the initiative. *Bates. v. Jones*, 904 F.Supp. 1080, 1087 (N.D. Cal. 1995). The rift could hardly be more apparent than it is in this case. The governmental defendants' unwillingness to argue zealously for the validity of Proposition 8 not only threatens the definition of marriage established for centuries, but also threatens the integrity of the family and of the initiative process. Unless the Campaign is permitted to intervene those interests will not be adequately represented and the very rights upon which this state and country were founded will be significantly undermined.

The Campaign has more than met the "minimal" standard for inadequacy of representation.

The Campaign will argue, as no existing party will, for the right of the people of California to enact constitutional amendments through initiative and for the protection of California families from the significant negative ramifications of overturning Proposition 8.

The Campaign has filed a timely motion for intervention and has demonstrated a significantly protectable interest that will be impaired by an adverse finding in this case, and is inadequately represented by existing parties. Therefore, this Court should grant the Campaign's motion to intervene as of right.

## II. THE CAMPAIGN SATISFIES THE STANDARDS FOR PERMISSIVE INTERVENTION.

The Campaign also satisfies the standards for permissive intervention under F.R.Civ.P. 24(b):

> Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Thus, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). The Campaign meets these criteria.

First of all, the Campaign has independent grounds for jurisdiction. The Campaign stands to suffer direct and significant injury to its years-long efforts to memorialize the definition of marriage as the union of one man and one woman, to educate the electorate about the significance of marriage and to utilize and advocate for the people's right to amend the Constitution by initiative. These direct and substantial injuries provide an independent basis for jurisdiction.

In determining timeliness under Rule 24(b)(2), "we consider precisely the same three factors – the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay – that we have just considered in determining timeliness under Rule 24(a)(2)." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). As discussed above, the Campaign's motion is timely under those factors.

Finally, the Campaign's claims and defenses have a number of questions of law and fact in

common, including the constitutionality of Proposition 8, the right of the voters to amend the Constitution by initiative and how marriage is to be defined in California. In fact the very basis for the Campaign's motion is that these questions of law and fact must be as fully developed as possible and only including the Campaign as an intervenor defendant can accomplish that.

Therefore, the Campaign meets the standards for permissive intervention and its motion should be granted.

## CONCLUSION

The Campaign has established that it meets the standards for both intervention as of right and permissive intervention. Because of the critical nature of the issues presented it is imperative that all aspects of the issues be explored. Based upon these factors, the Campaign's motion to intervene should be granted.

Dated June 25, 2009.

Mary E. McAlister
LIBERTY COUNSEL
Attorney for Prospective Intervenor-Defendant Campaign for California Families

**PROOF OF SERVICE**

I am employed at the law firm of Liberty Counsel. I am over the age of 18 and not a party to the within action. My business address is 100 Mountain View Road, Suite 2775, Lynchburg, Virginia 24502.

On June 25 , 2009 I served the foregoing document described as:

Motion and Memorandum of Points and Authorities In Support of Campaign for California Families' Motion to Intervene as Defendant on the below-listed parties in this action by the method stated.

**US MAIL**: By placing the documents in a sealed enveloped, with postage thereon fully prepaid in the United States mail at Lynchburg, Virginia, addressed as shown on the attached **SERVICE LIST**.

Executed on June 25, 2009, at Lynchburg, Virginia.

I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Mary E. McAlister

Mary E. McAlister

**SERVICE LIST**

Theodore B. Olson
Matthew C. McGill
Amir C. Tayranit
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 955-8668
tolson@gibsondunn.com

Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Theane Evangelis Kapur
Enrique A. Monagas
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-7804
tboutrous@gibsondunn.com

David Boies
Theodore H. Uno
BOIES, SCHILLER & FLEXNER, LLP
333 Main St
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**Attorneys for Plaintiffs**

Kenneth C. Mennemeier
Kelcie M. Gosling
Landon D. Bailey
MENNEMEIER, GLASSMAN & STROUD, LLP
980 9TH St, Suite 1700
Sacramento, CA 95814-2736
(916) 553-4000
kcm@mgslaw.com

**Attorneys for Administration Defendants**

Timothy Chandler
ALLIANCE DEFENSE FUND
101 Parkshore Dr, Suite 100
Folsom, CA 95630
(916) 932-2850
tchandler@telladf.org

Andrew P. Pugno
LAW OFFICES OF ANDREW P. PUGNO
101 Parkshore Dr, Suite 100
Folsom, CA 95630
(916) 608-3065
andrew@pugnolaw.com

Benjamin W. Bull
Brian W. Raum
James A. Campbell
ALLIANCE DEFENSE FUND
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
bbull@telladf.org
braum@telladf.org
jcampble@telladf.org

**Attorneys for Proposition 8 Official Proponent Intervenor Defendants**

Edmund G. Brown, Jr.
Attorney General of California
Jonathan K. Renner
Senior Assistant Attorney General
Tamar Pachter
Deputy Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004
(415) 703-5970
Tamar.Pachter@doj.ca.gov

**Attorneys for Defendant Attorney General Edmund G. Brown Jr.**

Elizabeth M. Cortez
Assistant County Counsel
Judy W. Whitehurst
Principal Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
648 Kenneth Hahn Hall of Administration
500 W. Temple St.
Los Angeles, CA 90012-2713
(213) 974-1845
jwhitehurst@counsel.lacounty.gov

**Attorneys for Defendant Dean C. Logan**

Richard E. Winnie
County Counsel
Claude F. Kolm
Deputy County Counsel
Brian E. Washington
Assistant County Counsel
Lindsey G. Stern
Associate County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda
1221 Oak St. Suite 450
Oakland , CA 94612
(510)272-6700
claude.kolm@acgov.org

**Attorneys for Defendant Patrick O'Connell**