DENNIS J. HERRERA, State Bar #139669
City Attorney
THERESE M. STEWART, State Bar #104930
Chief Deputy City Attorney
DANNY CHOU, State Bar #180240
Chief of Complex and Special Litigation
VINCE CHHABRIA, State Bar #208557
ERIN BERNSTEIN, State Bar #231539
CHRISTINE VAN AKEN, State Bar #241755
MOLLIE M. LEE, State Bar #251404
Deputy City Attorneys
City Hall, Room 234
One Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4708
Facsimile:      (415) 554-4699

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>    Defendants. | Case No. 09-CV-2292 VRW<br><br>**DECLARATION OF THERESE M. STEWART IN SUPPORT OF CITY AND COUNTY OF SAN FRANCISCO 'S MOTION TO INTERVENE**<br><br>Hearing Date:   August 19, 2009<br>Time:             10:00 a.m.<br>Place:            Courtroom 6, 17th Fl.,<br>                     450 Golden Gate Ave.<br><br>Trial Date:      Not set |

DECL. OF THERESE M. STEWART
CASE NO. 09-CV-2292 VRW

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

    Defendant-Intervenors.

I, Therese M. Stewart, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and admitted to the bar of this Court. I serve as Chief Deputy City Attorney for the City and County of San Francisco and have served in that role since March 2002. My responsibilities as Chief Deputy City Attorney include overseeing the City Attorney's Office litigation practice, supervising the leaders of, and the approximately 100 attorneys who serve on, the 12 teams in our Office that litigate and several additional team leaders who serve departments we represent in litigation. I have also served as the lead attorney for the Office on several cases. Before I joined the City Attorney's Office as Chief Deputy City Attorney, I was an associate and director (partner equivalent) at Howard, Rice, Nemerovski, Canady, Falk & Rabkin, where I practiced civil litigation for almost 20 years. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I can and would testify competently thereto.

2. I have worked on sexual orientation discrimination and equality issues, with a focus on relationship and family recognition including domestic partnership and marriage equality, throughout my career as an attorney, both as a pro bono lawyer in cases raising such issues and as a member of committees of the local, state and national bar associations focused on those issues. One of my earliest pro bono matters was a case in which I co-authored an amicus brief for the Lesbian Rights Project (predecessor to the National Center for Lesbian Rights) challenging the State's denial of spousal benefits to partners of lesbian and gay state employees under the state Constitution's equal protection clause (*Hinman v. Department of Personnel Administration*, 167 Cal. App. 3d 516 (1985)). Over the course of my career, I worked on many other pro bono cases involving sexual orientation

1  discrimination and denial of rights and benefits to same-sex couples.  I served as Program Committee
2  Chair and later on the Board of Directors of California's first lesbian and gay focused bar association,
3  Bay Area Lawyers for Individual Freedom (BALIF) in the early to mid-1980s.  Also in the 1980s, I
4  served on the Board of the Lesbian Rights Project.  My work within BALIF and LRP focused on the
5  issues of lesbian and gay couples and families and the failure of the government and society to
6  recognize these relationships as familial in nature.  In the early 1990s I served as the first co-chair of
7  the Bar Association of San Francisco's Committee on Sexual Orientation Issues, co-authoring a first-
8  of-its-kind guide for legal employers on creating an environment conducive to sexual orientation
9  diversity that encouraged law firms and legal employers to provide domestic partner benefits to their
10 lesbian and gay employees' partners.  I later served as a member of the State Bar's then newly formed
11 Committee on Sexual Orientation, which advocated that the State Bar add to the health insurance it
12 offered to members and employees coverage for domestic partners of gay and lesbian members and
13 employees.  I am currently an inaugural member in the third year of a three year term on the American
14 Bar Association's recently created Commission on Sexual Orientation and Gender Identity, which
15 focuses on improving opportunities for LGBT lawyers within the ABA and the legal profession.

16         3.     I was the lead attorney representing the City and County of San Francisco and its
17 officials (and in the third case a group of other cities and counties who joined San Francisco as
18 petitioners) throughout the course of the litigation of each of the following cases, and I presented oral
19 argument in each of them in the California Supreme Court:  (1) *Lockyer v. City and County of San*
20 *Francisco* and *Lewis v. Alfaro*, 33 Cal. 4th 1055 (2004) (challenging Mayor's and County Clerk's
21 power to issue marriage licenses to same-sex couples based on belief that state law exclusion of such
22 couples violated California Constitution); (2) *Proposition 22 Legal Defense and Education Fund v.*
23 *CCSF*, *Thomasson v. Newsom* and *CCSF v. State*, all of which were eventually coordinated with three
24 additional cases, assigned to San Francisco Superior Court Judge Richard Kramer and became known
25 jointly as *In re Marriage Cases*, 43 Cal. 4th 757 (2008) (challenging the state marriage statutes as
26 violating the equal protection, privacy and liberty [substantive due process] clauses of the California
27 Constitution); and (3) *CCSF v. Horton* (joined with *Strauss v. Horton* and *Tyler v. Horton*), 46 Cal. 4th
28 364 (2009) (challenging Proposition 8 under California Constitution as a constitutional revision that

required different procedure to enact than constitutional amendment). I also served in a pro bono capacity before I joined the City Attorney's Office as a member of the team of deputy city attorneys and private firm attorneys who represented the City and County of San Francisco in the District Court and Ninth Circuit proceedings in *American Transport Association v. City and County of San Francisco*, 266 F.3d 1064 (9th Cir. 2001) and *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461 (9th Cir. 2001), 336 F.3d 1174 (9th Cir. 2003). I was one of the attorneys on the team who focused on creating a factual record in the *Air Transport Association* case. After I joined the City Attorney's Office, I argued the last of the appeals in those cases in the Ninth Circuit.

4. From the very outset, in the coordinated cases that became known as *In re Marriage Cases*, the City took the position in the Superior Court that a full factual record was necessary and important. Specifically, the City urged the creation of a factual record on two main points: 1) the factors determinant of suspect classification; and 2) rebuttal of the justifications proffered in opposition to marriage equality. The City was the only plaintiff advocating for and attempting to develop a full factual record in the *Marriage Cases*; in contrast, other parties advocating for marriage equality argued that the issues in the case were legal and that the only material facts were those establishing plaintiffs' standing. Judge Kramer repeatedly stated at case management conferences and during the hearing of the cases that he believed he could decide the cases without evidence as a matter of law. Nonetheless he did not preclude the parties from submitting written evidence, including declarations, with their papers.

5. On a number of occasions, I attempted to explain to the Superior Court the basis for the City's belief that a factual record and factual findings were necessary and important on issues relating to the criteria for determining whether sexual orientation is a suspect class and issues relating to the justifications advanced for excluding same-sex couples from marriage. Attached as Exhibit 1 hereto is a true and correct copy of the Revised Proposed Findings of Fact the City filed with the Superior Court on January 18, 2005. At pages 2-3 of that document, the City articulated its position that a detailed evidentiary record and findings by the Court were necessary. In pertinent part, that document states:

> We start by noting that the facts at issue in this case are predominantly legislative facts rather than adjudicative facts, that is to say, rather than facts about the particular parties or about specific events, they are generalized facts about such matters as [examples and footnote

omitted] . . . [¶] Legislative facts are commonly pertinent in litigation involving interpretation of statutes and/or the constitution. [citation omitted] Courts have, in varying contexts, been willing to derive such facts from a variety of sources, ranging from assumptions to the personal experience of the judge, from facts believed to be commonly known to published books and studies, and from judicially noticeable material to expert and lay declarations and testimony. In the context of a case like this one, of constitutional dimension, it is important that the fact-finding process with respect to legislative facts be as thoughtful, careful and judicious as it is with respect to adjudicative facts. **Grounding facts material to a decision on *evidence* that is part of the *record*—as opposed to the court's own assumptions or beliefs or even its own research—promotes fairness of the decision-making process and the legitimacy of the Court's ultimate decision.** For these reasons, the City has gathered and presented both adjudicative and legislative facts through declarations and, to a limited extent, requests for judicial notice, rather than via amicus briefs or citations to published or unpublished books, articles or other materials. (Emphasis added)

6. The City therefore proffered both lay witness declarations and expert declarations addressing various facts it believed were pertinent to the issues before the Superior Court, including the factors considered in determining whether a classification (here sexual orientation) is suspect and the justifications that had been advanced to justify the exclusion of same-sex couples from marriage. Exhibit 1 at pages 4-27 lists proposed factual findings coupled with citations to the evidence we proffered and in some instances published judicial opinions supporting the proposed findings we urged the Court to make.

7. Exhibit 2 hereto is a true and correct copy of the Proposed Findings of Fact submitted by the Plaintiff couples and organizational plaintiffs (known as the "Woo/Martin parties") represented the National Center for Lesbian Rights and Lambda Legal Defense and Education Fund and the American Civil Liberties Union ("NCLR, et al.") and served on our office on or about December 17, 2004. The findings these parties asked the Superior Court to make, listed on page 1 of Exhibit 2, were limited to facts relevant to the plaintiffs' standing in the cases. Exhibit 3 hereto is a true and correct copy of the Woo/Martin Parties' Responses to Procedural Questions Posed at December 22-23, 2004 hearing before Judge Kramer served on our Office on or about January 14, 2005. At page 2 of that document, in the paragraph labeled "D", NCLR et al. "confirm[ed] their position as stated on the record during the Hearing, namely, that there is no need for the Court to hold an evidentiary hearing and make any factual findings because the only material facts in this action are those that establish the Court's jurisdiction to consider and resolve the pending legal claims."

8. Exhibits 4 and 5 hereto are true and correct copies of Proposed Findings of Fact submitted by the private (non-government) parties who sought to uphold the exclusion of same-sex

1  couples from marriage – Proposition 22 Legal Defense and Education Fund and Randy Thomasson –
2  and served on our office on or about December 16, 2004.  These parties proposed factual findings but
3  also argued the court could decide the issues as a matter of law, and at the hearing on December 22
4  and 23, 2004 (in part I believe because their summary judgment motions had not provided the
5  minimum notice required by statute), they agreed that the Court could decide the cases as a matter of
6  law without considering any evidence, including the evidence they proffered with their motions for
7  summary judgment.

8         9.      The City submitted to the Superior Court the declarations of twelve expert witnesses,
9  including two City officials, and seven lay people in the *Marriage Cases*.  The City was the only
10 plaintiff to proffer expert testimony on any of the issues relating to the strict scrutiny factors (such as
11 the history of discrimination and the immutability of sexual orientation), and the justifications
12 advanced for excluding same-sex couples from marriage.  The City submitted declarations with its
13 opening papers in the lead case of *CCSF v. State*; with its reply papers in the same case; and in
14 opposition to the motions for summary judgment made by Proposition 22 and Thomasson.  In order to
15 develop this record, deputy city attorneys in the City Attorney's Office and partners and associates
16 with the firm that served as our co-counsel in the *Marriage Cases* (Howard, Rice, Nemerovski,
17 Canady, Falk & Rabkin) spent hundreds of hours doing research to understand the issues and identify
18 individuals with expertise on the subjects relating to them, interviewing potential experts about the
19 issues, selecting the experts, working with the experts to develop their declarations, reviewing the
20 declarations proffered by Proposition 22 and Thomasson, and working with our expert witnesses to
21 respond to them with additional declarations.  We also did outreach to identify, contact and interview
22 lay witnesses with experiences that would represent the effect that denial of, and access to, marriage
23 has had on heterosexual persons, lesbians, gay men, their parents, children and other family members
24 and to put their words in writing in the form of seven lay witness declarations we submitted to the
25 Court.

26       10.     A true and correct copy of the Declaration of M.V. Lee Badgett In Support of City and
27 County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 in
28 *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, is attached hereto as Exhibit 6.

DECL. OF THERESE M. STEWART      5
CASE NO. 09-CV-2292 VRW

1    11.    A true and correct copy of the Declaration of George Chauncey In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, is attached hereto as Exhibit 7.

12.    True and correct copies of the Declaration of Nancy Cott In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 and the Declaration of Nancy Cott In Opposition to Plaintiffs' Motion for Summary Judgment, lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, are attached hereto as Exhibits 8A and 8B.

13.    A true and correct copy of the Declaration of Roy Douglas Elliott In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes [exhibits omitted], filed September 2, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, is attached hereto as Exhibit 9.

14.    True and correct copies of the Declaration of Dr. Robert Galatzer-Levy In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 and the Declaration of Robert Galatzer-Levy In Opposition to Plaintiffs' Motion for Summary Judgment [exhibits omitted], lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, are attached hereto as Exhibits 10A and 10B.

15.    A true and correct copy of the Declaration of David Theo Goldberg In Support of San Francisco's Reply to State of California's Opposition to Petition for Writ of Mandate, filed November 22, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, is attached hereto as Exhibit 11.

16.    True and correct copies of the Declaration of Cynthia Goldstein In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 and the Declaration of Cynthia Goldstein In Support of San Francisco's Reply to State of California's Opposition to Petition for Writ of Mandate, filed November 22, 2004, in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365 are attached hereto as Exhibits 12A and 12B.

17. A true and correct copy of the Declaration of Ed Harrington In Support of City and County of San Francisco's Constitutional Challenge to Marriage Statutes, filed September 2, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365, is attached hereto as Exhibit 13.

18. True and correct copies of the Declaration of Gregory Herek In Support of San Francisco's Reply to State of California's Opposition to Petition for Writ of Mandate, filed November 22, 2004 and the Declaration of Gregory Herek In Opposition to Plaintiffs' Motion for Summary Judgment, lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365 are attached hereto as Exhibits 14A and 14B.

19. A true and correct copy of the Declaration of Randall Kennedy In Opposition to Plaintiffs' Motion for Summary Judgment, lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365 is attached hereto as Exhibit 15.

20. True and correct copies of the Declaration of Steven Nock In Support of San Francisco's Reply to State of California's Opposition to Petition for Writ of Mandate [Exhibit B omitted], filed November 22, 2004 and the Declaration of Steven Nock In Opposition to Plaintiffs' Motion for Summary Judgment, lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365 are attached hereto as Exhibits 16A and 16B.

21. A true and correct copy of the Declaration of Dr. Ellen Perrin In Opposition to Plaintiffs' Motion for Summary Judgment (Exhibits C and D omitted), lodged December 30, 2004 in *Marriage Cases*, Judicial Council Coordination Proceeding No. 4365 is attached hereto as Exhibit 17.

22. The City Attorney's Office has substantive expertise on the issues before this Court as a result of its history of litigating cases involving sexual orientation discrimination, and in particular the work it did in the *American Transport Association* case and the *Marriage Cases*.

23. The City Attorney's Office has extensive trial experience in the federal and state courts in California, including in this Court. San Francisco's deputy city attorneys try all kinds of cases brought by and against the City, and the Office tries about five to ten cases to judgment each year. In the last five years alone, this Office has tried cases before many of the Judges on this Court; in that time period, we have had one or multiple trials before at least the following Northern District Judges: Alsup, Breyer, Chesney, Fletcher (by designation), Hamilton, Illston, Jenkins, Laporte, Larson, Spero,

1 and Wilken.  The team of deputy city attorneys who will participate in this litigation if the City is permitted to intervene includes attorneys who worked on the *Air Transport Association* and *Marriage Cases* and attorneys with extensive trial experience who also clerked for federal and state judges, including U.S. Supreme Court Justices.

24. The City Attorney offered to assist the Plaintiffs and their lawyers in this case from the outset.  We have sought to build a constructive relationship in which we have provided, at Plaintiffs' request, information, ideas and an amicus brief addressing a subject they suggested.  Also at Plaintiffs' request, we provided them copies of many items from the record we created in the *Marriage Cases*.  We have endeavored to work with Plaintiffs' counsel in a cooperative way, sharing our experience and thoughts without attempting to direct them how to prosecute their case.  We are confident that we can work well with them going forward in the case and that our involvement as intervenors will add value without slowing the case down or causing conflict of any kind.  In particular, given the Court and parties' expressed intention to expedite the case while developing a full record, our recent experience creating a record of extensive expert testimony in the *Marriage Cases* will assist the Plaintiffs and the Court in accomplishing both of these goals.

25. Attached as Exhibit 18 is a true and correct copy of the City's Proposed Complaint in Intervention, which the City would file should the Court permit it to intervene as a party-plaintiff in this action.

//

//

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that if called as a witness I could competently testify thereto.  Executed this 23rd day of July 2009, at San Francisco, California.

                DENNIS J. HERRERA
                City Attorney
                THERESE M. STEWART
                Chief Deputy City Attorney
                DANNY CHOU
                Chief of Complex & Special Litigation
                VINCE CHHABRIA
                ERIN BERNSTEIN
                CHRISTINE VAN AKEN
                MOLLIE M. LEE
                Deputy City Attorneys

By: _____/s/_____
      THERESE M. STEWART

Attorneys for Proposed Intervenor
CITY AND COUNTY OF SAN FRANCISCO