Most Rev. Dr. Mark S. Shirilau
Archbishop and Primate
The Ecumenical Catholic Church
8539 Barnwood Lane
Riverside, CA 92508-7126
T: (951) 789-7008  F: (951) 789-0783
archbishop@ecchurch.org

*Amicus Curiae Pro Se*

**FILED**

JUL 24 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G. BROWN JR., in his official capacity as attorney general of California; MARK B. HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information and strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles,<br><br>    Defendants<br><br>DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAKSHING WILLIAM TAM, and MARK A. JANNSON, as official proponents of Proposition 8,<br>    Defendant-Intervenors | CASE NO. 09-CV-2292 VRW<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ARCHBISHOP MARK SHIRILAU IN SUPPORT OF PLAINTIFFS**<br><br>**AND [PROPOSED] ORDER ON MOTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Most Reverend Mark Steven Shirilau, archbishop and primate of the Ecumenical Catholic Church, respectfully requests the court's leave to participate as *amicus curiae* in the above-captioned case in support of plaintiffs.

## I. STANDARD FOR MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

The court has broad discretion to permit third parties to participate in an action as *amici curiae*. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514n.3 (9th Cir. 1987). Participation of *amici curiae* may be particularly appropriate where the legal issues in a case have potential ramifications beyond the parties directly involved or where the *amici* can offer a unique perspective that may assist the court. *Sonoma Falls Devs., LLC v. Nev. Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D.Cal. 2003).

## II. STATEMENT OF IDENTITY AND INTEREST OF AMICUS CURIAE

Archbishop Shirilau is the primate of the Ecumenical Catholic Church. He is a resident of California, a registered voter who voted against Proposition 8, and the chief ecclesiastical officer of The Ecumenical Catholic Church, a Christian denomination with local ministries in California as well as other locations in the United States and world. While all of the statements made within the *amicus* brief have the support of the clergy and laity of the denomination, in accordance with Ecumenical Catholic canon law the archbishop is the sole person with authority to speak fully and completely for the denomination. As such, *amicus* addresses the court both on his personal behalf and on behalf of the Ecumenical Catholic Church.

*Amicus* believes that same-sex marriage is theologically, sacramentally, liturgically, emotionally, and practically identical to different-sex marriage. In accordance with this belief, *amicus* believes that same-sex couples should be afforded the exact same fundamental right of

access to civil marriage as are male-female couples.

*Amicus* believes that prohibiting the state to grant equal civil marriage opportunity to same-sex and different-sex couples violates his personal freedom of religion as a priest and the freedom for his Christian denomination to have its canons and ceremonies granted the same civil stature as are the canons and ceremonies of some other denominations and religions.

*Amicus* is also personally aware of the emotional harm done to many same-sex couples by the state's inability to recognize same-sex marriages. As chief pastor of his denomination, *amicus* has a personal ministerial responsibility to assure the well-being of his flock. This includes their emotional health. For those members who are in valid sacramental same-sex marriages, this emotional health is bolstered by the legal recognition of their marriages and seriously damaged when the state is prohibited from granting such recognition.

### III. WHY THE EXPERTISE OF *AMICUS* WILL BE BENEFICIAL TO THE COURT

The court in its order filed June 30, 2009, (Doc. #76) postulated many questions about same-sex marriage and marriage in general. The Ecumenical Catholic Church (ECC) has been celebrating same-sex marriages for over 20 years. Since 1987 the church's canon law defined same-sex marriage and different-sex marriage as exactly identical, and its clergy are required to use identical liturgies for marriages between two men, between two women, or between a man and a woman. ECC clergy have performed many same-sex marriages in the course of these years. They have provided pre- and post-marital counseling to many same-sex couples. Some ECC clergy themselves have entered into same-sex marriages. ECC clergy have performed same-sex marriages during the years when they had no legal standing, during the years when the canonically married same-sex couples had to go through additional hurdles such as domestic partnerships when their fellow opposite-sex couples did not, and ECC clergy have performed same-sex marriages during the brief period when same-sex marriages were legally recognized in

California. Some ECC clergy have refused to perform different-sex marriages during periods of time when same-sex marriages were not legally recognized.

Unlike some other religious and secular organizations, the Ecumenical Catholic Church has always used the term "marriage" for the rites uniting either same-sex or different-sex couples. It recognizes the importance of the term and has never sanctioned quasimarital terms such as "holy union" or "civil union." Furthermore, although within church settings, both canonical (legal) and ceremonial (liturgical), the term "marriage" is used, the church's members are perhaps particularly aware that the civil system, up until recently, did not use the term and thereby did not treat them as equals to the different-sex couples who had been blessed through identical ecclesiastical rites. This discrepancy – being fully "married" in the eyes of the Church but only "domestic partnered" in the eyes of the state (and thereby most of society) – gives our married parishioners key insight into the value of the term "marriage" and the importance of not merely creating a legal-benefit-based second-class system.

*Amicus* in his brief will provide knowledge and wisdom gained through this history that will assist the court in its exploration of the various marriage-related questions and hypotheses postulated in its June 30 order. This knowledge will be particularly useful to the court because it represents a clearly religious support for the plaintiffs in an arena where the defendant-intervenors have historically relied upon religious and semi-religious support for their positions, sometimes neglecting the fact that Christianity, like most religions, is far from unanimous on the subject of same-sex marriage. It is important for the court to understand that deeply religious people exist on both sides of this argument. The ability of the plaintiffs to provide this religious insight is unclear. The defendants, being officials of the civil government, presumably will not deeply explore the religious aspects of the subject. Without support from religious organizations supporting the plaintiffs, the religious arguments of the Proposition 8 proponent-intervenors, or perhaps even more importantly, their generically-worded arguments that disguise religious

undertones, could go unchallenged. As a religious leader amicus is concerned that without sufficient challenge the intervenors' arguments could be construed or assumed to portray religious people in general.

## IV. CONCLUSION

Archbishop Mark Shirilau therefore requests this court's leave to submit an *amicus curiae* brief in support of the plaintiffs.

Dated: July 22, 2009

                 + *Mark S. Shirilau*
                 Most Rev. Mark S. Shirilau, Ph.D.
                 Archbishop and Primate
                 The Ecumenical Catholic Church
                 *Amicus Curiae in Propria Persona*

1  Most Rev. Dr. Mark S. Shirilau
   Archbishop and Primate
2  The Ecumenical Catholic Church
   8539 Barnwood Lane
3  Riverside, CA  92508-7126
   T: (951) 789-7008  F: (951) 789-0783
4  archbishop@ecchurch.org

5  *Amicus Curiae in Propria Persona*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G. BROWN JR., in his official capacity as attorney general of California; MARK B. HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information and strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles,<br><br>Defendants<br><br>DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAKSHING WILLIAM TAM, and MARK A. JANNSON, as official proponents of Proposition 8,<br>Defendant-Intervenors | CASE NO. 09-CV-2292 VRW<br><br>**[PROPOSED] ORDER ON MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ARCHBISHOP MARK SHIRILAU IN SUPPORT OF PLAINTIFFS** |

1 | Good cause appearing, the Motion of Amicus Curiae Archbishop Mark Shirilau for leave
2 | to file a brief in support of plaintiffs is hereby GRANTED.
3 | IT IS SO ORDERED.

6 | Dated: July _____, 2009

_____
Hon. Vaughn R. Walker
United States Chief District Judge