COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM'S OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES**<br><br>Date: August 19, 2009<br>Time: 10:00 a.m.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

          Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

          Defendants-Intervenors.

Additional Counsel for Defendants-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 637-4610, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. i

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 5

I.   CCF HAS NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT ................... 5

    A.   CCF Does Not Have A Significantly Protectable Interest In Proposition 8 ............... 5

        1.   CCF's Vague Interest Based On Its Alleged Support For Proposition 8 Does Not Constitute A Significantly Protectable Interest. ......................... 6

        2.   CCF's Generalized Ideological Interests Are Not Significantly Protectable Interests ................................................................................. 7

    B.   CCF's Asserted Interests Will Not Be Significantly Impaired By The Outcome Of This Proceeding ......................................................................... 8

    C.   CCF Has Not Satisfied Its Burden Of Showing That The Existing Parties Will Not Adequately Represent Its Vague, Nondescript Interest In Proposition 8 ............ 9

II.  THE COURT SHOULD, IN ITS DISCRETION, DENY CCF'S REQUEST FOR PERMISSIVE INTERVENTION .................................................................................................................. 14

CONCLUSION ............................................................................................................................. 15

i

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASES**

*American Ass'n of People with Disabilities v. Herrera*, No. 08-0702,
  2009 U.S. Dist. LEXIS 47156, at *40 (D.N.M  Apr. 20, 2009). ................................. 7

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) ................................ 5, 6, 8, 10, 12, 13

*Bates v. Jones*, 127 F.3d 870 (9th Cir. 1997) ................................................................ 13

*Bates v. Jones*, 904 F. Supp. 1080 (N.D. Cal. 1995) .................................................. 7, 13

*Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) ............... 11

*Bennett v. Bowen*, No. S164520 (Cal. July 16, 2008) .................................................. 3, 4

*California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) .................... 11

*California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*,
  792 F.2d 779 (9th Cir. 1986) ........................................................................ 7, 10, 11, 12

*Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*,
  152 F.3d 1184 (9th Cir. 1998) ..................................................................................... 11

*California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775 (9th Cir. 1986) ...................... 9

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ............... 9

*Massachusetts v. Microsoft Corp.*, 373 F.3d 1199 (D.C. Cir. 2004) ............................... 14

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ............... 5, 8, 9

*Smelt v. United States*, No. 09-0286 (C.D. Cal. July 15, 2009) ....................................... 4

*Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794 (9th Cir. 2002) ............................ 6, 7, 8

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ........... 5, 10

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) ........................ 14

*Strauss v. Horton*, 207 P.3d 48 (Cal. 2009) ............................................................. 4, 8, 9

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) ........................ 5, 6, 7, 8

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990) ................................................... 5

*Westlands v. Water Dist. V. United States*, 700 F.2d 561 (9th Cir. 1983) ........................ 7

**CONSTITUTIONAL PROVISIONS, STATUTES AND RULES**

Cal. Elec. Code § 342 ................................................................................................ 2, 6

Cal. Elec. Code § 9004 ................................................................................................. 3

ii

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

CAL. ELEC. CODE § 9032 .................................................................................................................... 3

CAL. GOV. CODE § 82047.5(b) ..................................................................................................... 2, 6

FED. R. EVID. 201 ............................................................................................................................. 14

FED. R. CIV. P. 24  ................................................................................................................. 5, 11, 14

iii

**INTRODUCTION**

The Campaign for California Families ("CCF") filed a motion to intervene in this case. The Official Proposition 8 Proponents and the Official Proposition 8 Campaign Committee, ProtectMarriage.com, oppose that motion, contending that CCF has not satisfied the requirements for intervention as of right or the requirements for permissive intervention, and ask the Court to deny CCF's request to intervene.

CCF primarily bases its intervention request on its alleged status as a "supporter" of Proposition 8. (*See* Doc. # 91 at 5-6.) But it has not introduced any evidence of its purported support for Proposition 8. In fact, far from being a steadfast supporter of the amendment, CCF was actually an outspoken critic of Proposition 8 for most of its history. The evidence thus contradicts CCF's asserted basis for intervention, and this Court should deny its motion.

Moreover, CCF's generalized interest in this litigation arising from its alleged support for Proposition 8 is adequately represented by the Proponents and ProtectMarriage.com—the official, legally recognized supporters of Proposition 8. CCF, the Proponents, and ProtectMarriage.com all share the same ultimate objective—to defend Proposition 8 against Plaintiffs' constitutional attacks. This shared objective raises a presumption of adequate representation. CCF has done nothing to rebut that presumption. Consequently, CCF is not entitled to intervene in defense of Proposition 8.

On two prior occasions, CCF attempted to intervene in cases challenging Proposition 8. In both instances, its requests were denied. This case should be no different, as CCF has once again failed to satisfy the requirements for intervention.

**BACKGROUND**

CCF is a special-interest lobbying organization, which its Executive Director describes as an "organization [that] represents fathers, mothers, grandparents and concerned individuals who believe the sacred institutions of life, marriage and family deserve utmost protection and respect by government and society." (Doc. # 92 at 1 ¶ 2.) In furthering its mission, CCF pursues many broad political interests, which, according to its Executive Director, include: (1) "promot[ing] family-friendly values" (*id.* at 1 ¶ 3); (2) "protect[ing] the institution of marriage" (*id.* at 1 ¶ 3); (3) educating the public about the significance of marriage (*id.* at 1 ¶ 3); and (4) "protect[ing] . . . the

people's right to amend the Constitution" via the initiative process (*id.* at 4 ¶ 24).

While CCF is a supporter of these generalized ideological interests, it had minimal involvement in the subject matter of this litigation—the enactment of Proposition 8. Its own motion and supporting papers offer little more than one nondescript, conclusory assertion—that it participated "in supporting and activating voters to pass Proposition 8" (*id.* at 1 ¶ 4)—and the unremarkable fact that its "members were among the 7,001,084 voters who approved Proposition 8" (*id.* at 2 ¶ 10). Aside from these generalities, CCF does not provide any particulars about the ways in which it allegedly supported Proposition 8's enactment.

The absence of particulars about its purported "support" for Proposition 8 is not surprising because, throughout most of Proposition 8's history, CCF and its Executive Director actively opposed it. Before Proposition 8 qualified for the ballot, CCF publicly supported a different constitutional amendment, while actively opposing Proposition 8. (*See* VoteYesMarriage.com Amendment Comparison at 1 (attached as Exhibit B).) During that time, CCF's Executive Director sharply criticized Proposition 8, characterizing it as a "hastily- and poorly-drafted initiative" (Ex. B at 3), and stressing that "citizens in good conscience" could not support that measure (Ex. B at 5). (*See also* Ex. B at 3 (describing Proposition 8 as a "flawed initiative"); Ex. B at 7 (claiming that Proposition 8 contains "ineffective language").) CCF maintained its antagonism to Proposition 8 for many years; it was not until quite some time after the Proposition 8 campaign began, and just a short period of time before the November 2008 election, that CCF first indicated any support for that measure. Indeed, CCF presents no evidence that it registered as a campaign committee or even spent any funds to get Proposition 8 passed. Thus, CCF's alleged "support" for Proposition 8 is equivocal at best.

In contrast, the Proposition 8 Proponents and ProtectMarriage.com are *legally recognized* and steadfast supporters of Proposition 8. *See* CAL. ELEC. CODE § 342 (discussing official proponents); CAL. GOV. CODE § 82047.5(b) (discussing "primarily formed committees" for ballot measures). (*See also* Doc. # 8-2 at 4 ¶ 7; Doc. # 8-6 4 ¶ 3-4.) As a result of their unique status under state law, the Proponents and ProtectMarriage.com have been granted exclusive legal rights and duties in connection with Proposition 8—rights and duties not shared by anyone (including

CCF).  (*See* Doc. # 8-2 at 5 ¶ 11); *see e.g.*, CAL. ELEC. CODE § 9032 ("The right to file the petition shall be reserved to its proponents"); CAL. ELEC. CODE § 9004 (indicating that proponents are authorized to submit amendments to the initiative).[1]

In furtherance of their unique legal roles, the Proponents and ProtectMarriage.com have labored tirelessly in support of Proposition 8, successfully placing it on the ballot and campaigning for its enactment.  Among other things (1) they submitted the requisite legal forms prompting the initiative and signature-collection process (*see* Doc. # 8-1 at 4 ¶ 6); (2) they obtained more than 1.2 million petition signatures in a five-month period (*see id.* at 4 ¶ 6, 6 ¶ 19); (3) they designated the official voter-guide arguments in favor of Proposition 8 (*see id.* at 6 ¶ 22); and (4) they dedicated substantial time, effort, reputation, personal resources, and money (more than $37 million) to achieve Proposition 8's enactment (*See id.* at 7 ¶ 27; Doc. # 8-4 at 7 ¶ 27; Doc. # 8-5 at 7 ¶ 27; Doc. # 8-6 at 5 ¶ 11).  In short, CCF's belated and unofficial efforts to support Proposition 8—whatever they might be—pale in comparison to the determined commitment shown by the Proponents and ProtectMarriage.com.

Similarly, the Proponents and ProtectMarriage.com—not CCF—have unfailingly defended Proposition 8 whenever it has faced legal challenge.  This case is the fourth time Proposition 8 has been challenged in court.  Either the Proponents standing alone or the Proponents in conjunction with ProtectMarriage.com have successfully defended Proposition 8 in each of the three prior suits.

First, the Proponents were named as "real parties in interest" in *Bennett v. Bowen*, No. S164520 (Cal. July 16, 2008), a pre-election challenge to Proposition 8 filed in the California Supreme Court.  (*See* Doc. # 8-8 at 2.)  Because CCF and its officers lack any legal connection to Proposition 8, they were not named as "real parties in interest." (*See* Doc. # 8-8 at 2.)  When CCF attempted to intervene, the Proponents opposed that motion because CCF had "actively campaigned *against* [Proponents'] efforts to qualify [Proposition 8] for the ballot" and the Proponents were "concern[ed] that the presence of [CCF] . . . [would] substantially interfere with [the Proponents']

---

[1] The Proponents' unique legal rights and duties are discussed in greater detail in their Memorandum of Points and Authorities in Support of their Motion to Intervene (as well as the supporting declarations).  (*See* Doc. # 8 at 2-6; *see also* Doc. # 8-1; Doc. # 8-2; Doc. # 8-3; Doc. # 8-4; Doc. # 8-5; Doc. # 8-6.)

3

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

ability to effectively defend Proposition 8 as its Official Proponents." (*See* Opposition of Real Parties in Interest to Motion by Campaign for California Families, Randy Thomasson, and Larry Bowler to Intervene as Real Parties in Interest, *Bennett v. Bowen*, No. S164520, at 2 (attached as Exhibit C).) Ultimately, the California Supreme Court denied CCF's request to intervene. (*See* Doc. # 8-8 at 2; Doc. # 92 at 3 ¶ 19.)

Second, the Proponents and ProtectMarriage.com successfully intervened and defended Proposition 8 in *Strauss v. Horton*, 207 P.3d 48 (Cal. 2009), a post-election challenge filed in the California Supreme Court. Soon after the filing of that lawsuit, the Proponents and ProtectMarriage.com filed a motion to intervene, which was granted by the Court. (*See* Doc. # 8-10 at 2.) CCF also attempted to intervene in that case, but the Proponents again opposed its intervention, emphasizing that CCF had a merely "philosophical and political" interest in a legal challenge to Proposition 8—one which was "indistinguishable from the interests of millions of Californians who supported and campaigned for passage of Proposition 8." (*See* November 18, 2008, Letter Brief to the California Supreme Court at 1 (attached as Exhibit D).) The California Supreme Court denied CCF's motion without analysis. (*See* Doc. # 8-10 at 2.)

Third, the Proponents and ProtectMarriage.com successfully intervened and defended Proposition 8 in *Smelt v. United States*, a post-election federal-law challenge to Proposition 8 that was recently dismissed by the United States District Court for the Central District of California.[2] Again, soon after that case was filed, the Proponents and ProtectMarriage.com filed a motion to intervene, which was granted by the Court. (*See* Doc. # 8-12 at 2.) Notably, CCF did not attempt to intervene in that case.

Simply put, despite contrary assertions in its intervention motion and supporting declaration, CCF has not "participated as an intervenor, alongside the Official Proposition 8 Proponents, at all three levels of the state and federal courts of California" in defense of Proposition 8. (*See* Doc. # 92 at 4 ¶ 21.) In fact, CCF has never participated as an intervenor to defend Proposition 8 in court. The Proponents and ProtectMarriage.com alone have shouldered that burden, and they have done so

---

[2] That case also involves a challenge to the federal Defense of Marriage Act ("DOMA"), which remains pending before the court.

4

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

zealously and successfully to date.

**ARGUMENT**

**I.     CCF HAS NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.**

Four requirements must be satisfied to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2):  (1) the intervention motion must be timely filed; (2) the applicant must have a " 'significantly protectable' interest" relating to the subject of the action; (3) the applicant must show that the disposition of the action might impair its ability to protect its interest in the subject of the action; and (4) the applicant must show that its interest is inadequately represented by the existing parties.  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001) (citing *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).  CCF has not satisfied the last three requirements for intervention as of right; thus, this Court should deny its motion.[3]

**A.     CCF Does Not Have A Significantly Protectable Interest In Proposition 8.**

"An applicant for intervention has a significantly protectable interest if [1] the interest is protected by law and [2] there is a relationship between the legally protected interest and the plaintiff's claims."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *accord Glickman*, 82 F.3d at 837.  The applicant must satisfy both (1) the legally protected requirement and (2) the relationship requirement.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003).

CCF asserts two categories of interests:  (1) its vague interest in Proposition 8 deriving from its alleged, but unspecified support for that amendment; and (2) its generalized ideological interests, which include promoting family-friendly values, educating the public about the benefits of those values, and protecting Californians' right to amend their Constitution through the initiative process. These categories of interests will be analyzed separately, and as will be demonstrated herein, none amount to a significantly protectable interest supporting intervention as of right.

---

[3] While the Proponents and ProtectMarriage.com do not dispute the timeliness requirement, they note that the legal authority cited by CCF in support of its timeliness argument, *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), does not support its position. In the *Oregon* case, the Ninth Circuit affirmed the district court's conclusion that the intervenor did not satisfy the timeliness requirement. *Id.* at 589.  Thus, CCF's reliance on that case is inapposite.

5

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

**1.   CCF's Vague Interest Based On Its Alleged Support For Proposition 8 Does Not Constitute A Significantly Protectable Interest.**

CCF asserts that its alleged and unidentified support for Proposition 8 creates a significantly protectable interest in this litigation. (*See* Doc. # 91 at 5 ("[I]nterests groups, such as [CCF], which have supported initiatives have been held to have sufficient interest to intervene").) But aside from one cryptic statement in an affidavit (*see* Doc. # 92 at 1 ¶ 4), CCF has not produced any evidence of its alleged support for Proposition 8, and thus cannot demonstrate a significantly protectable interest on that basis. In fact, the evidence shows that CCF's Executive Director publicly opposed it. (*See* Ex. B at 1-7.) Thus, CCF has not demonstrated a significantly protectable interest based on its alleged and unidentified support for Proposition 8.

Neither has CCF shown, as it must, that its asserted interest based on its purported support for Proposition 8 is "protected by law." *See Alisal Water Corp.*, 370 F.3d at 919; *Arakaki*, 324 F.3d at 1084. Its only interest in supporting Proposition 8 is an ideological one, indistinguishable from the interest of a concerned citizen, which is not protected by law. Such an ethereal interest is wholly unlike the Proponents' and ProtectMarriage.com's legally protected interests in Proposition 8. *See, e.g.*, CAL. ELEC. CODE § 342 (discussing official proponents); CAL. GOV. CODE § 82047.5(b) (discussing "primarily formed committees" for ballot measures).[4] Because CCF, unlike the Proponents and ProtectMarriage.com, has not shown that its alleged support for Proposition 8 resulted in a legally protected interest, it cannot establish a significantly protectable interest on that basis. *See Alisal Water Corp.*, 370 F.3d at 919; *Arakaki*, 324 F.3d at 1084.

In addition to lacking legal protection, CCF's alleged interest in Proposition 8 is indistinct and generalized. CCF shares its purported interest in Proposition 8's continued validity with the more than 7 million California citizens who voted in favor of that constitutional amendment. "[A]n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quotation marks and citation omitted); *accord Alisal Water Corp.*, 370 F.3d at 920. A public-interest group does not have a significantly protectable interest where it merely has

---

[4] *See* footnote 1.

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

"a general interest in [the subject matter of the lawsuit] shared by a substantial portion of the population." *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781-82 (9th Cir. 1986) (discussing *Westlands Water Dist. v. United States*, 700 F.2d 561 (9th Cir. 1983)); *accord Bates v. Jones*, 904 F. Supp. 1080, 1086 (N.D. Cal. 1995) ("A generalized public policy interest shared by a substantial portion of the population does not confer a right to intervene."). CCF asserts nothing more than a generalized public-policy interest in Proposition 8's continued validity, which does not amount to a significantly protectable interest in this case.[5]

Finally, CCF's open antagonism to Proposition 8 also demonstrates that it does not have a significantly protectable interest in defending the amendment. Not surprisingly, no legal authority cited by CCF (or discovered by the Proponents) supports intervention by an organization that publicly opposed a measure for most of its history simply because the organization purports to have offered some unidentified support just before its enactment. Indeed, logic suggests a contrary rule, and this Court should thus conclude that an organization that primarily opposes a challenged constitutional amendment does not have a significantly protectable interest in defending it.

### 2. CCF's Generalized Ideological Interests Are Not Significantly Protectable Interests.

CCF's generalized ideological interests—which include promoting family-friendly values, educating the public about the benefits of those values, and protecting Californians' right to amend their Constitution through the initiative process—fall far short of qualifying as significantly protectable interests for purposes of this litigation. As mentioned, "an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Lynch*, 307 F.3d at 803; *accord Alisal Water Corp.*, 370 F.3d at 920. All of CCF's generalized ideological interests, much like its vague interest as an alleged supporter of Proposition 8, are too ethereal to constitute significantly protectable interests.

Moreover, those generalized ideological interests are not adequately related to Plaintiffs'

---

[5] Neither can CCF rely on its members' votes for Proposition 8 as a basis for its intervention request. A person's interest as a voter, like an organization's interest as a group of voters, is "not one[] that can be recognized as the basis of a rule 24(a) intervention" as of right. *See American Ass'n of People with Disabilities v. Herrera*, No. 08-0702, 2009 U.S. Dist. LEXIS 47156, at *40 (D.N.M Apr. 20, 2009).

claims. Binding precedent requires that the "interest[s] must be related to the underlying subject matter of the litigation." *Alisal Water Corp.*, 370 F.3d at 920. "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Arakaki*, 324 F.3d at 1084 (quotation marks and citation omitted); *see also Lynch*, 307 F.3d at 803. But CCF cannot satisfy that requirement.

Plaintiffs' claims will not prevent CCF from continuing to promote family-friendly values, educate the public about the benefits of those values, and protect Californians' right to amend their Constitution through the initiative process. Plaintiffs' claims do not seek to suppress or limit CCF's ability to promote or educate the public about certain issues. Regardless of the outcome of this lawsuit, CCF will still be able to educate the public on any topics and issues it chooses. Neither do Plaintiffs' claims involve the scope of Californians' right to amend their Constitution via initiative. The California Supreme Court already decided that question in *Strauss*, 207 P.3d at 114, holding that Proposition 8 was properly enacted through the initiative process. *Id.* This case, in contrast, does not challenge the people's initiative power, but instead questions California's authority to constitutionally define marriage as the union of one man and one woman (regardless of whether it does so through initiative or through some other means). In short, CCF has not demonstrated an adequate relationship between its generalized ideological interests and Plaintiffs' claims. *See Arakaki*, 324 F.3d at 1085 (finding that the intervention applicant did not "adequately demonstrate a relationship between its [stated] interest and the claims raised by Plaintiffs").

In sum, neither CCF's vague interest based on its alleged support for Proposition 8 nor its generalized ideological interests in promoting family values, educating the public, or preserving the initiative process amount to significantly protectable interests justifying CCF's intervention in this lawsuit.

**B.  CCF's Asserted Interests Will Not Be Significantly Impaired By The Outcome Of This Proceeding.**

"The [impairment] factor presupposes that the prospective intervenor has a [significantly] protectable interest"; thus, an intervention applicant that lacks such an interest cannot satisfy the impairment requirement. *Glickman*, 82 F.3d at 838. Because CCF has not shown a significantly

protectable interest in this suit, it cannot satisfy the impairment requirement.

Additionally, CCF's generalized ideological interests will not be impaired by the resolution of this proceeding. As discussed above, regardless of the outcome of this lawsuit, CCF will still have the right and ability to promote and educate the public regarding the benefits of family-friendly values. Neither will this litigation impair CCF's right or ability to advocate for Californians' broad initiative power, which, as mentioned, was recently affirmed by the California Supreme Court in *Strauss*, 207 P.3d at 114. Those generalized interests will not be impaired by the resolution of Plaintiffs' claims.

### C.   CCF Has Not Satisfied Its Burden Of Showing That The Existing Parties Will Not Adequately Represent Its Vague, Nondescript Interest In Proposition 8.

"The prospective intervenor bears the burden of demonstrating that existing parties do not adequately represent its interests." *Glickman*, 82 F.3d at 838. An intervention applicant "must produce something more than speculation as to the purported inadequacy" of representation to justify intervention as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997) (quotation marks omitted). A court evaluating the adequacy of representation does not look only to the representation provided by the government defendant, but to the "cumulative effect of the representation of all existing parties." *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986). Here, the Proponents and ProtectMarriage.com—the only legally recognized, official supporters of Proposition 8—will adequately represent CCF's generalized interests in defending Proposition 8's validity. Thus, CCF's intervention request should be denied.

"[W]here an applicant for intervention and an existing party have the same *ultimate objective*, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305 (quotation marks omitted). The Proponents and ProtectMarriage.com have the ultimate objective of defeating Plaintiffs' claims and affirming the constitutionality of Proposition 8. CCF also purports to have the ultimate goal of affirming the constitutionality of Proposition 8. Thus, a presumption of adequate representation arises, and CCF faces an even greater burden in attempting to demonstrate inadequacy.

When evaluating whether a proposed intervenor's interests are adequately represented by

existing parties, the court considers three factors: (1) whether the interests of a present party are sufficiently similar to those of the proposed intervenor "such that [the party] will undoubtedly make all the intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether the [proposed] intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Tahoe Reg'l Planning Agency*, 792 F.2d at 778.

"The most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086. In fact, the presumption of adequate representation is generally rebutted only if the intervention applicant shows that it and the existing defendants "do not have sufficiently congruent interests." *Berg*, 268 F.3d at 823; *see also Arakaki*, 324 F.3d at 1086 ("If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."). But CCF cannot satisfy that requirement here. CCF's nondescript interest as an alleged supporter of Proposition 8 is fully subsumed within the Proponents' and ProtectMarriage.com's legally recognized interests in defending the measure that they labored unwaveringly (and spent more than $37 million) to support. In other words, while CCF's asserted interest as an alleged supporter of Proposition 8 does not amount to the specifically defined, legally protected, and financially backed interests of the Proponents and ProtectMarriage.com, CCF's weak interest falls squarely within the stronger interests possessed by those parties. Thus, CCF's asserted interest as an alleged supporter of Proposition 8 is sufficiently congruent with the Proponents' and ProtectMarriage.com's interests in this case. As a result, CCF cannot rebut the presumption of adequate representation.[6]

To differentiate its interests in this case from the interests possessed by existing parties, CCF relies on its generalized ideological interests in promoting and educating the public about the benefits of family-friendly values and in protecting the broad scope of California's initiative power.

---

[6] CCF's public opposition to Proposition 8 also undermines its adequacy-of-representation argument. An organization and a small group of individuals, like the Proponents and ProtectMarriage.com, who ardently supported, financed, and advocated for Proposition 8 will defend that amendment with greater zeal than an organization, like CCF, that publicly opposed it for years.

10

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

But CCF's reliance on these generalized ideological interests does not support its attempts to demonstrate inadequate representation. As previously discussed, these interests are not sufficiently at issue in this case. Plaintiffs' claims do not seek to stifle CCF's ability to educate the public about the benefits of family-friendly values. Neither does this case directly challenge the scope of Californians' right to amend their Constitution via initiative. Because these generalized ideological interests are not at issue here, it is irrelevant whether those interests are adequately represented by existing parties.[7]

The second factor under the inadequate-representation analysis asks whether an existing party is willing and able to make the arguments raised by the proposed intervenor. *Tahoe Reg'l Planning Agency*, 792 F.2d at 778. It is difficult to analyze this factor because, despite the mandate that intervention motions "be accompanied by a pleading that sets out the . . . defense for which intervention is sought," Fed. R. Civ. P. 24(c), CCF has not filed an answer with its motion to intervene. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474-75 (9th Cir. 1992) (acknowledging that while a proposed intervenor's failure to file a pleading is not automatic grounds for denying the motion, the movant must still "describe[] the basis for intervention with sufficient specificity to allow the district court to rule"). But the Proponents and ProtectMarriage.com intend and are able to make every meritorious argument in defense of Proposition 8; thus, any relevant, meritorious argument that CCF would assert will already be raised by the Proponents and ProtectMarriage.com.

CCF provides only a cursory mention of its intended arguments, stating as follows: "[CCF] will argue . . . for the right of the people of California to enact constitutional amendments through

---

[7] In its desperate attempt to identify any basis for distinguishing its interests in this case from those of the Proponents and ProtectMarriage.com, CCF has asserted an argument that inverts Ninth Circuit precedent concerning inadequate representation. Often the Ninth Circuit has found that representation might be inadequate where the proposed intervenor has "more narrow, parochial interests" than the existing defendants. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 445 (9th Cir. 2006) (quotation marks omitted); *see also Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998). But here, CCF alleges that they have broader, more generalized interests than the existing parties. They do not cite (and neither have the Proponents discovered) any legal authority indicating that inadequate representation exists under those circumstances.

initiative and for the protection of California families from the significant negative ramifications of overturning Proposition 8." (Doc. # 91 at 10.) But neither of these proffered arguments supports CCF's attempts to demonstrate inadequate representation. First, as previously mentioned, the initiative power is not at issue in this case; thus, CCF's arguments about the "right of the people of California to enact constitutional amendments through initiative" are irrelevant and do not demonstrate inadequacy of representation. Second, to the extent that "the negative ramifications of overturning Proposition 8" are relevant to determining its constitutionality, the Proponents and ProtectMarriage.com will present those arguments to the Court. Thus, CCF cannot establish inadequate representation on that basis.

Notably, CCF has not demonstrated that the existing parties are unable to raise any argument that it is capable of asserting. *See Tahoe Reg'l Planning Agency*, 792 F.2d at 778 (asking "whether the present party is capable" of presenting an argument that the proposed intervenor intends to raise). In fact, quite the opposite exists here, where the Proponents and ProtectMarriage.com, given their intimate involvement in the Proposition 8 campaign, are well positioned to assert arguments that CCF cannot. Moreover, the Proponents and ProjectMarriage.com have already proven to be adequate representatives of CCF's interests in this litigation. Plaintiffs filed their complaint on May 22, 2009, and moved for preliminary injunction on May 27. (*See* Doc. # 1-1; Doc. # 7.) The Proponents and ProjectMarriage.com filed a timely opposition to Plaintiffs' preliminary injunction motion. (*See* Doc. # 36.) CCF was content to rely on the Proponents' representation during this important phase of the litigation. CCF has not pointed to any reason to question the wisdom of their initial judgment that the Proponents would adequately represent their interests.

The third factor under the inadequate-representation analysis asks whether the proposed intervenor "would offer any necessary elements to the proceedings that other parties would neglect." *Tahoe Reg'l Planning Agency*, 792 F.2d at 778. CCF has not even attempted "to demonstrate [that] it would offer any necessary elements to the proceeding that other parties would neglect." *See Arakaki*, 324 F.3d at 1087. It has thus failed to show that its presence as an intervenor will contribute something vital and unique to these proceedings, which will aid the Court

12

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

in resolving the issues before it.

The Ninth Circuit's decision in *Arakaki*, 324 F.3d at 1086-88, particularly its inadequate-representation analysis, is instructive here. In that case, the court upheld the district court's denial of a motion for intervention as of right. A group of individuals sought to intervene even though an organization with the same ultimate objective and similar interests had already successfully intervened as a party to the litigation. The Ninth Circuit was satisfied that the already-admitted intervenor would adequately represent the interests of the intervention applicant, and the court remarked that "[n]ot every [interested] group could or should be entitled to intervene." *Id.* at 1087. The court thus held that "[t]he presence of . . . a similarly situated intervenor . . . distinguishe[d] [that] case from [others] in which [the Ninth Circuit had] permitted intervention on the government's side." *Id.* at 1087-88, *as amended by Arakaki v. Cayetano*, No. 02-16269, 2003 U.S. App. LEXIS 9156 (9th Cir. May 13, 2003). As a result, the court upheld the district court's denial of the intervention motion. Likewise here, the presence of the Proponents and ProtectMarriage.com shows that CCF's vague interest as an alleged supporter of Proposition 8 is adequately represented by the existing parties. Moreover, it would be impractical and unnecessary to permit intervention by every group that has a generalized interest in the Court's upholding Proposition 8.

The Ninth Circuit's decision in *Bates v. Jones*, 127 F.3d 870, 874 (9th Cir. 1997), is also on point. There, the district court permitted the official proponents of a challenged California ballot measure, Proposition 140, to intervene in the case. *Bates*, 904 F. Supp. at 1086. But the district court denied an intervention request by a public-interest group that also wanted to defend Proposition 140 against legal attack. *See Bates*, 127 F.3d at 874. On appeal, the public-interest group argued that the lower court should have granted its request to intervene. The Ninth Circuit rejected that argument, concluding that "[u]nlike the other[] intervenors on the state's side, [the public-interest group] was not an official sponsor of the initiative, and we see no reason to grant it intervenor status." *Id.* The court then stated: "[The public-interest group] offers no reason why it cannot sufficiently protect its interest as an advocate for [the challenged proposition] by its filing of amicus briefs, and we can conceive of none." *Id.* Similarly, here, CCF can sufficiently protect its generalized interests by filing an *amicus* brief. Indeed, given the legislative nature of the facts at

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW

issue, and the Court's corresponding ability to consider facts from a wide range of sources, *see* Fed. R. Evid. 201; *id.*, Advisory Committee Note, an *amicus* brief could be particularly effective in this case. Thus, CCF's intervention motion should be denied.

In sum, CCF has not satisfied the requirements for intervention as of right; thus, its motion should be dismissed.

## II. THE COURT SHOULD, IN ITS DISCRETION, DENY CCF'S REQUEST FOR PERMISSIVE INTERVENTION.

Although we do not challenge CCF's ability to meet the threshold requirements for permissive intervention, the Court should nevertheless deny its request to intervene. "If the trial court determines that the initial conditions for permissive intervention . . . are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Among these factors are "the nature and extent of the intervenors' interest . . . [and] whether the intervenors' interests are adequately represented by other parties." *Id.* As previously demonstrated, these factors weigh against granting CCF's intervention request. Thus, for all the reasons expressed under the intervention-as-of-right analysis, the Court should also deny CCF's request for permissive intervention.

Moreover, "[i]n exercising its discretion [to allow permissive intervention] the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). "The 'delay or prejudice' standard . . . captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error." *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1235 (D.C. Cir. 2004) (quotation marks omitted). The official, legally recognized supporters of Proposition 8 are already parties to this litigation. CCF, as an unofficial, equivocal supporter of Proposition 8, will not contribute any necessary element to Proposition 8's defense. Thus, its intervention will serve only to prejudice all existing parties by unnecessarily "piling on parties" to this litigation.

CCF's intervention will particularly prejudice the Proponents and ProtectMarriage.com. CCF and its Executive Director spent years publicly opposing Proposition 8, its Proponents, and its campaign committee. Now, however, CCF seeks to join in defense of the measure that it vociferously opposed. Permitting CCF's intervention would unnecessarily prejudice the Proponents' and ProtecteMarriage.com's legally recognized rights and interests in defending Proposition 8. This Court should therefore deny CCF's request for permissive intervention.

## CONCLUSION

For the foregoing reasons, this Court should deny CCF's motion to intervene in this case.

Dated: August 7, 2009

COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: s/Charles J. Cooper
    Charles J. Cooper

15

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION FOR INTERVENTION BY CAMPAIGN FOR CALIFORNIA FAMILIES – CASE NO. 09-CV-2292 VRW