# LAW OFFICES OF ANDREW P. PUGNO

andrew@pugnolaw.com

**Via facsimile (415) 865-7183**

November 18, 2008

The Honorable Ronald M. George, Chief Justice
 and the Associate Justices
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102

    Re:    *Strauss v. Horton* – Case No. S168047
             *City and County of San Francisco v. Horton* – Case No. S168078
             *Tyler v. State of California* – Case No. S168066
             **Proposition 8 Official Proponents' Letter in Opposition to Motion by Campaign for California Families to Intervene as Respondent.**

To the Honorable Chief Justice and Associate Justices:

    I write on behalf of the Official Proponents of Proposition 8 and the official campaign Committee in favor of Proposition 8 (motion pending to intervene as real parties in interest, hereafter "Official Proponents")[1] to respectfully request that the Motion by Campaign for California Families to Intervene as Respondent be denied.

    This Court should deny the motion to intervene of Campaign for California Families (hereafter "CCF") because CCF has no judicially cognizable interest in these proceedings. Although CCF asserts a general ideological interest in support of Proposition 8, it lacks the required direct and immediate interest in the essentially procedural issues raised in these cases – *i.e.*, whether the Official Proponents could validly propose Proposition 8 to the voters by initiative. Only the Official Proponents have a direct and immediate interest in that issue.

    CCF is *not* the official campaign committee for Proposition 8, nor does it have any relationship with the Official Proponents of Proposition 8. Rather, CCF is merely an issues advocacy group whose interest in these proceedings is fundamentally philosophical and political in nature, and thus indistinguishable from the interests of millions of Californians who supported and campaigned for passage of Proposition 8. As held in *City and County of San Francisco v. State of California* (2005) 128 Cal. App. 4th 1030, which addressed intervention in the *Marriage Cases* by an advocacy group, the *nature* of such an interest is not sufficient to justify intervention under California law. (*Id.* at 1039.) "'The fact the interveners and their members actively supported the [challenged laws] and that they have a general interest in the enforcement of [such] laws alone will not support their intervention.'"

---

[1] The Official Proponents filed their own Motion to Intervene as Real Parties in Interest yesterday, Nov. 17, 2008, based on their direct interest and legal status as official proponents of the challenged measure.

Tel (916) 608-3065
Fax (916) 608-3066
www.pugnolaw.com

101 Parkshore Drive
Suite 100
Folsom, CA 95630

Page 2 of 2
November 18, 2008

(*Id.* at 1041 [quoting *People ex rel. Rominger v. County of Trinity* (1983) 147 Cal.App.3d 655, 662].)

Moreover, it is worth noting that for several years CCF actively campaigned *against* the Official Proponents' efforts to qualify Proposition 8 for the ballot, promoting instead a competing initiative that, in addition to defining marriage, would have revoked numerous rights protecting gays and lesbians in California. Only after CCF's preferred initiative failed to qualify for the ballot did CCF change its position and come out in favor of Proposition 8.[2]

Whatever belated and unofficial efforts CCF made to support Proposition 8, they pale in comparison with the official responsibilities performed by the Official Proponents (Elec. Code § 342) and the official, registered campaign Committee for Proposition 8. As set forth in their pending motion to intervene as real parties in interest, the Official Proponents performed all of the arduous duties and tasks required by law of official initiative proponents to qualify Proposition 8 for the ballot. The Official Proponents then coordinated a wide-ranging and successful statewide campaign to enact Proposition 8, in the process raising and spending over $37 million on campaign-related activities. CCF had no such involvement.

Lastly, the Official Proponents are concerned that the presence of CCF and potentially other advocacy groups as respondents will substantially interfere with the Official Proponents' ability to effectively defend their direct interests in these proceedings. This Court should deny CCF's motion to intervene and, if it accepts these cases for a decision on the merits, invite CCF to join other advocacy groups in submitting an amicus brief expressing their views on the issues. (See *City and County of San Francisco v. State of California, supra,* 128 Cal. App. 4th at 1044.)

Thank you for the Court's attention.

Respectfully submitted,

ANDREW P. PUGNO
Attorney at Law

---

[2] In the nearly identical pre-election challenge to Proposition 8 (see *Bennett v. Bowen (Hollingsworth et al.)*, California Supreme Court Case No. S164520), CCF and related persons – newly converted to Proposition 8 – sought to intervene. The Official Proponents opposed their motion, which this Court ultimately denied as moot. The factual statements herein regarding CCF's earlier opposition to Proposition 8, together with supporting documentation, can be found in the Official Proponents' Opposition to Motion to Intervene (July 10, 2008) filed in *Bennett v. Bowen (Hollingsworth et al.), supra.*

## PROOF OF SERVICE

I, Andrew P. Pugno, declare: I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 101 Parkshore Drive, Suite 100, Folsom, CA 95630.

On November 18, 2008, I served the following document(s):

1. Proposition 8 Official Proponents' Letter in Opposition to Motion by Campaign for California Families to Intervene as Respondent.

on the interested parties in this action, as follows:

### PLEASE SEE ATTACHED SERVICE LIST

and served the document(s) in the manner indicated below:

[x] VIA FACSIMILE: by transmitting via facsimile from (916) 608-3066 the above listed document(s) without error to the fax number(s) set forth below on this date before 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on November 18, 2008, at Folsom, California.

_____
ANDREW P. PUGNO

## Service List

| | |
|---|---|
| GLORIA ALLRED<br>ALLRED, MAROKO & GOLDBERG<br>6300 Wilshire Blvd, Ste 1500<br>Los Angeles, CA 90048<br>Fax 323-653-1660<br><br>*Attorneys for Petitioners Robin Tyler et al.*<br>S168066 | CHRISTOPHER E. KRUEGER<br>Office of the Attorney General<br>1300 I St Ste 125<br>Sacramento, CA 95814-2951<br>Fax 916-324-8835<br><br>*Attorney for Respondent State of California and Attorney General Edward G. Brown Jr.*<br>S168047<br>S168066<br>S168078 |
| SHANNON MINTER<br>National Center for Lesbian Rights<br>870 Market Street, Suite 370<br>San Francisco, CA 94102<br>Fax 415-392-8442<br><br>*Attorneys for Petitioners Karen L. Strauss, et al.*<br>S168047 | MARK HORTON<br>Department of Public Health<br>1615 Capitol Ave Ste 73-720<br>Sacramento, CA 95814-5015<br>Fax (916) 440-7710<br>*(c/o Office Of Legal Services)*<br><br>*Respondent State Registrar of Vital Statistics of the State of California and Director of the California Department of Public Health*<br>S168047<br>S168078 |
| DENNIS J. HERRERA<br>City Attorney<br>City Hall, Room 234<br>One Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102<br>Fax 415-554-4699<br><br>*Attorneys for Petitioner City and County of San Francisco*<br>S168078 | LINETTE SCOTT<br>Department of Public Health<br>1616 Capitol Ave Ste 74-317<br>Sacramento, CA 95814-7402<br>Fax (916) 440-7710<br>*(c/o Office Of Legal Services)*<br><br>*Respondent Deputy Director of Health Information & Strategic Planning for the California Department of Public Health*<br>S168047<br>S168078 |

| | |
|---|---|
| ANN MILLER RAVEL<br>County Counsel<br>OFFICE OF THE COUNTY COUNSEL<br>70 West Hedding Street<br>East Wing, Ninth Floor<br>San Jose, California 95110<br>Fax 408-292-7240<br><br>*Attorneys for Petitioner County of Santa Clara*<br>S168078 | DEBRA BOWEN<br>Secretary of State of California<br>1500 11th Street<br>Sacramento, CA 95814<br>Phone: (916) 657-2166<br>Fax: (916) 653-3214<br><br>*Respondent California Secretary of State*<br>S168066 |
| ROCKARD J. DELGADILLO<br>City Attorney<br>OFFICE OF THE LOS ANGELES CITY ATTORNEY<br>200 N. Main Street<br>City Hall East, Room 800<br>Los Angeles, California 90012<br>Fax 213-978-8312<br><br>*Attorneys for Petitioner City of Los Angeles*<br>S168078 | MARY E. MCALISTER<br>Liberty Counsel<br>100 Mountain View Rd, Suite 2775<br>Lynchburg, Virginia 24502<br>Fax (434) 592-7700<br><br>*Attorneys for Proposed Intervenor Campaign for California Families*<br>S168047<br>S168066<br>S168078 |
| Raymond G. Fortner, Jr.<br>County Counsel<br>648 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, CA 90012<br>Fax 213-617-7182<br><br>*Attorneys for Petitioner County of Los Angeles*<br>S168078 | |