COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM'S OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG**<br><br>Date: August 19, 2009<br>Time: 10:00 a.m.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

          Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

          Defendants-Intervenors.

<u>Additional Counsel for Defendants-Intervenors</u>

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 637-4610, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

---

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I. **PROPOSED PLAINTIFFS-INTERVENORS HAVE NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.** ................................................................................. 2

   A.   Proposed Plaintiffs-Intervenors Have Not Compellingly Demonstrated That The Existing Parties Will Not Adequately Represent Their Significantly Protectable Interest. .................................................................................................................. 2

II. **THE COURT, IN ITS DISCRETION, SHOULD DENY PROPOSED PLAINITFFS-INTERVENORS' REQUEST FOR PERMISSIVE INTERVENTION.** ........................................................... 7

CONCLUSION ................................................................................................................... 10

i

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

# TABLE OF AUTHORITIES

**CASES**                                                   **PAGE**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) .................................................................. 2, 5, 6, 7

*Bates v. Jones*, 127 F.3d 870 (9th Cir. 1997) ............................................................................... 9

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977) ............................................................................. 4, 10

*California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775 (9th Cir. 1986) ................................. 3, 5

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) .................................................................. 7

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ......................... 2, 3, 7

*Massachusetts v. Microsoft Corp.*, 373 F.3d 1199 (D.C. Cir. 2004) ........................................... 8

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) .................................. 2

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) ......................................................................... 6

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) ................................................ 6

*Shelter Framing Corp. v. Pension Benefit Guar. Corp.*, 705 F.2d 1502 (9th Cir. 1983),
   *rev'd in part on other grounds,* 467 U.S. 717 (1984) ............................................................. 9

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) ..................................... 3

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ........................... 2, 3, 5

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) .............................................. 4

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ............................................ 7

**RULES**

FED. R. CIV. P. 24(a)(2) .................................................................................................................. 4

FED. R. CIV. P. 24(b)(1)(B) ............................................................................................................. 7

FED. R. CIV. P. 24(b)(3) .................................................................................................................. 7

FED. R. EVID. 201 ........................................................................................................................... 9

ii

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

# INTRODUCTION

Our Family Coalition, Lavender Seniors of the East Bay, and Parents, Families, and Friends of Lesbians and Gays ("PFLAG") (collectively referred to as "Proposed Plaintiffs-Intervenors") filed a joint motion to intervene in this case. The Official Proposition 8 Proponents and the Official Proposition 8 Campaign Committee, ProtectMarriage.com, oppose that motion, contending that Proposed Plaintiffs-Intervenors have not satisfied the requirements for intervention as of right or the requirements for permissive intervention, and ask the Court to deny the request to intervene.

Proposed Plaintiffs-Intervenors face a weighty burden in their attempt to intervene as of right. They admit that they share the same ultimate objective with Plaintiffs—"a ruling that Proposition 8 is unconstitutional." (Doc. # 79 at 10.) This shared objective raises a presumption that their interests are adequately represented by Plaintiffs, and proposed Plaintiffs-Intervenors have failed to rebut that presumption.

Neither are Proposed Plaintiffs-Intervenors entitled to permissive intervention. Granting intervention will unduly delay the proceedings and prejudice the existing parties by unnecessarily adding parties and complicating the litigation. The addition of extra parties will complexify virtually every aspect of this case: from the multiplication of experts, fact witnesses, and briefs to the negotiation of language for stipulations, intervention will make it more difficult for this case to move to final resolution rapidly. At the same time, denying intervention will not harm Proposed Plaintiffs-Intervenors because they can sufficiently protect their desire to influence the outcome of this case through *amicus* participation. Thus, the best course here—inflicting the least amount of prejudice to all interested parties—is to deny Proposed Plaintiffs-Intervenors' motion, and instead, grant them *amicus* status.

# BACKGROUND

Plaintiffs filed this case on May 22, 2009, and just a few days later, they filed their motion for preliminary injunction. (*See* Doc. # 1-2; Doc. # 7.) Around that time, Proposed Plaintiffs-Intervenors and their legal counsel—which includes the ACLU Foundation of Northern California, Lambda Legal Defense and Education Fund, Inc., and the National Center for Lesbian Rights—learned about this lawsuit, but they chose not to intervene during that phase of the litigation. (*See*

1

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

1  Doc. # 81 at 3, ¶ 11; Doc. # 82 at 2, ¶ 10; Doc. # 83 at 1, ¶ 6.) Instead, their legal counsel filed an *amicus* brief in support of Plaintiffs' motion for preliminary injunction. (*See* Doc. # 62.) Proposed Plaintiffs-Intervenors now appear worried that Plaintiffs are not planning to build a rich factual record. *See* Doc. # 79 at 9-10. But whatever their initial position may have been, Plaintiffs' case management report makes clear that they are attempting to present expert witness testimony on every conceivably relevant issue. Thus, any such justification for intervention has no force.

## ARGUMENT

### I. PROPOSED PLAINTIFFS-INTERVENORS HAVE NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.

Four requirements must be satisfied to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2): (1) the intervention motion must be timely filed; (2) the applicant must have a "significantly protectable interest" relating to the subject of the action; (3) the applicant must show that the disposition of the action might impair its ability to protect its interest in the subject of the action; and (4) the applicant must show that its interest is inadequately represented by the existing parties. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001) (citing *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). Proposed Plaintiffs-Intervenors have not satisfied the requirements for intervention as of right; thus, their motion should be denied.

### A. Proposed Plaintiffs-Intervenors Have Not Compellingly Demonstrated That The Existing Parties Will Not Adequately Represent Their Significantly Protectable Interest.

"The most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "The prospective intervenor bears the burden of demonstrating that existing parties do not adequately represent its interests." *Glickman*, 82 F.3d at 838. In attempting to meet that burden, an intervention applicant "must produce something more than speculation as to the purported inadequacy" of representation to justify intervention as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997).

When evaluating whether a proposed intervenor's interests are adequately represented by existing parties, the court considers three factors: (1) whether the interests of a present party are

2

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

sufficiently similar to those of the proposed intervenor such that the party will make all the intervenor's arguments; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether the [proposed] intervenor would offer any necessary elements to the proceedings that other parties would neglect." *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).  Each of these factors supports the conclusion that proposed intervenor's interests are adequately represented.

1. "Where an applicant for intervention and an existing party have the same *ultimate objective*, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d at 1305 (quotations and alterations omitted).  Proposed Plaintiffs-Intervenors acknowledge that they share the same " 'ultimate objective'—a ruling that Proposition 8 is unconstitutional"—with Plaintiffs.  (Doc. # 79 at 10.)  Thus, they have effectively conceded that there is a presumption of adequate representation.

The presumption of adequate representation is generally rebutted only if the intervention applicant shows that it and the existing plaintiffs "do not have sufficiently congruent interests." *Berg*, 268 F.3d at 823.  Here, however, Proposed Plaintiffs-Intervenors have not rebutted the presumption of adequate representation because they cannot show that their significantly protectable interest in this case is sufficiently different from Plaintiffs' interests.

Proposed Plaintiffs-Intervenors identify only one significantly protectable interest in this case—the interest of "members of [their] organizations [who] intend to marry their same-sex partners, but are prevented from doing so by Proposition 8."  (Doc. # 79 at 10.)  That interest is *identical* to Plaintiffs' interests, who also "desire to . . . get[] married" to their same-sex partners.  (Doc. # 1-1 at 2 ¶ 7.)

In an attempt to differentiate their interest from Plaintiffs' interests, Proposed Plaintiffs-Intervenors rely on their members' diverse, generalized reasons why they want the Court to invalidate Proposition 8.  (*See* Doc. # 79 at 11-12 (arguing about the "practical and emotionally meaningful" differences between certain same-sex couples' reasons for wanting to get married).)  Examples of these reasons arise from their members' general concerns as parents, the possibility for "medical emergenc[ies]" involving children, their "greater financial vulnerability," or the increased

subjective "value" they place on marriage. (*See* Doc. # 79 at 11-12.) These vague concerns are not significantly protectable interests, and Proposed Plaintiffs-Intervenors do not even attempt to argue that they are. First, those concerns are not protected by law. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("An applicant for intervention has a significantly protectable interest if the interest is protected by law."). Second, most of these concerns are excessively speculative and subjective. Third, these concerns are generalized concerns, and the Ninth Circuit has made clear that "an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Accord Alisal Water Corp.*, 370 F.3d at 920.

The adequate-representation analysis looks only to the proposed intervenor's significantly protectable interest. *See* FED. R. CIV. P. 24(a) ("[T]he court must permit anyone to intervene who [among other things]. . . claims *an interest* relating to the property or transaction that is the subject of the action, . . . unless existing parties adequately represent *that interest*.") (emphases added). That analysis does not broadly reference the proposed intervenor's generalized concerns or personal purposes for pursuing the litigation, but must instead be tethered to the proposed intervenor's interest in the litigation. *See Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) (noting that different "purpose[s] in pursuing the litigation" "do not demonstrate a lack of adequate representation"). Looking to the generalized concerns presented by Proposed Plaintiffs-Intervenors—instead of their legally grounded, significantly protectable interest—would render the inadequate-representation requirement a nullity in constitutional litigation. A proposed intervenor will always be able to conjure some personal concerns or reasons for striking down the challenged law—such as a greater subjective interest for obtaining the alleged right at issue—which are different from those held by the existing parties. But vague concerns and personal interests— especially Proposed Plaintiffs-Intervenors' subjective, speculative, and ethereal concerns—do not differentiate (in a legally significant way) the intervention applicant's interest from those of existing parties for purposes of the inadequate-representation analysis. Thus, Proposed Plaintiffs-Intervenors' attempts to distinguish their significantly protectable interests from Plaintiffs' interests are without legal foundation.

But even if this Court were to consider Proposed Plaintiffs-Intervenors' generalized concerns, they have not satisfied their burden of showing that Plaintiffs "do not have sufficiently congruent interests." *See Berg*, 268 F.3d at 823. Proposed Plaintiffs-Intervenors offer two primary ways to differentiate their interests from Plaintiffs' interests, neither of which they have adequately established. First, they contend that same-sex couples with children have different concerns and interests than same-sex couples without children. (*See* Doc. # 79 at 11.) But they have not shown that Plaintiffs—one couple who has children (Doc. # 7-3 at 3 ¶ 10), and one who apparently does not (Doc. # 7-4)—cannot adequately represent all of those concerns. Second, Proposed Plaintiffs-Intervenors contend that older same-sex couples have different concerns and interests than younger same-sex couples. (*See* Doc. # 79 at 11-12.) But they have not shown that Plaintiffs cannot adequately represent the interests of both old and young same-sex couples. In short, then, Proposed Plaintiffs-Intervenors have shown nothing more than "minor differences" between their concerns and Plaintiffs' concerns, and such minor differences are insufficient to demonstrate inadequacy of representation. *See Glickman*, 82 F.3d at 838.

Because Proposed Plaintiffs-Intervenors' sole protectable interest—its members' interests in marrying a person of the same sex—is identical to Plaintiffs' interests, they must make a "compelling showing" to demonstrate inadequate representation. *See Arakaki*, 324 F.3d at 1086 ("If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."). Here, however, Proposed Plaintiffs-Intervenors have not even come close to making the compelling showing of inadequacy necessary under these circumstances. They have not shown, for instance, that their concerns and interests are so different from Plaintiffs' interests that it is likely Plaintiffs will not make all of Proposed Plaintiffs-Intervenors' arguments on legally relevant issues. *See Tahoe Reg'l Planning Agency*, 792 F.2d at 778. In the absence of such a showing, intervention should be denied.

2. Neither have Proposed Plaintiffs-Intervenors contended (much less shown) that Plaintiffs are incapable or unwilling to raise the arguments that they intend to raise (or present the evidence that they intend to present). *See id.* Nor have they alleged (much less shown) that they "would offer any *necessary elements* to the proceedings that other parties would neglect." *See id.*

5

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

(emphasis added); *Arakaki*, 324 F.3d at 1087 (finding adequate representation where the intervention applicant "fail[ed] to demonstrate [that] it would offer any necessary elements to the proceeding that other parties would neglect").

3. Notably, Proposed Plaintiffs-Intervenors acknowledge that the inadequate-representation analysis focuses on the adequacy of the *parties* and their interests (not the *attorneys* and their experience). (*See* Doc. # 79 at 16 n.4.) *See also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 529 (9th Cir. 1983); *Arakaki*, 324 F.3d at 1086 (acknowledging that a court's concern "in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties"). Thus, despite all their discussion about their counsel's experience litigating cases similar to this one, Proposed Plaintiffs-Intervenors cannot rely on that experience as a basis for granting intervention as of right. And even if the relative competence of counsel were relevant, Plaintiffs are represented by some of the most sophisticated and capable lawyers in the country, and thus there is no risk of inadequate lawyering.

The Ninth Circuit's analysis in *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006), makes clear that the expertise of the proposed intervenor is equally irrelevant. There, the proposed intervenor argued that it had "particular expertise in the subject of the dispute." *Id.* at 958. But its "expertise" did not satisfy the " 'compelling showing' necessary to overcome the presumption of adequate representation." *Id.* at 959. Assuming the prospective intervenor had "greater first-hand knowledge" than the existing party, the court found that lone fact insufficient to support intervention as of right because the existing party could obtain any necessary evidence or information through discovery. *Id.* at 958 n.13. Similarly, here, Proposed Plaintiffs-Intervenors rely on their "first-hand evidence" and "perspective" as a basis for intervention. (Doc. # 79 at 13.) But their evidence is readily available to Plaintiffs through independent research and formal discovery; thus, Proposed Plaintiffs-Intervenors' and their counsel's experience with cases similar to this one is insufficient to support intervention as of right.[1]

---

[1] One final point is worthy of note regarding the inadequate-representation requirement. Proposed Plaintiffs-Intervenors subtly question Plaintiffs' litigation strategy, but those innuendoes do not advance their arguments. (*See* Doc. # 79 at 3-4) ("Plaintiffs . . . argued to the Court that many if not all of the issues listed in the Order could be addressed without
(Continued)

6

## II. THE COURT, IN ITS DISCRETION, SHOULD DENY PROPOSED PLAINITFFS-INTERVENORS' REQUEST FOR PERMISSIVE INTERVENTION.

Courts use a two-step process to evaluate claims for permissive intervention. At step one, a proposed intervenor must meet certain threshold requirements to qualify for permissive intervention. *See* FED. R. CIV. P. 24(b)(1)(B); *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002). At step two, if the initial requirements are met, a district court has "broad discretion" to determine whether or not to admit the proposed intervenor as a party; in exercising this discretion the court certainly has authority to "deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (quotation marks omitted).

While the district court's discretion is broad, it is not completely unbounded—when "exercising its discretion, the court *must* consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3) (emphasis added). The court should also consider other factors, including "whether the intervenors' interests are adequately represented by other parties . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977). The Proponents and ProjectMarriage.com do not take issue with Proposed Plaintiffs-Intervenors' ability to clear the mandatory initial hurdles to permissive intervention, but each of the discretionary factors we have identified point to the same conclusion—the district court should deny permissive intervention to Proposed Plaintiffs-Intervenors.

First, permitting intervention will unduly delay the resolution of this case. This factor is particularly salient here, as the Court has emphasized the importance of a "just, speedy and inexpensive determination" of the issues. (Doc. # 76 at 9.) Multiplying the parties is clearly at war

(Cont'd)
a trial on the merits—and potentially without any discovery").) "[M]ere[] differences in strategy," even assuming they exist here, "are not enough to justify intervention as a matter of right." *United States v. City of Los Angeles*, 288 F.3d 391, 402-03 (9th Cir. 2002); *see also League of United Latin Am. Citizens*, 131 F.3d at 1306 (noting that "disagreement[s] over litigation strategy or legal tactics" do not justify intervention); *Arakaki*, 324 F.3d at 1086 ("Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.").

7

with these goals. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1235 (D.C. Cir. 2004). ("The 'delay or prejudice' standard . . . captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error."). This problem will present itself during pre-trial proceedings in a way that will be especially prejudicial to the Proponents and ProjectMarriage.com: as the lone parties actively defending Proposition 8, they will bear the brunt of (and require extra time and resources to account for) the additional discovery requests, expert depositions, and motions that will surely result from the presence of additional plaintiffs. And the problem of delay will become particularly acute should this case proceed to trial. In their case management statement, Plaintiffs make clear their intention to present expert witnesses on most if not all of the issues the Court has identified. Proposed Plaintiffs-Intervenors, for their part, also want the opportunity "to develop fully . . . the factual issues identified by the Court" and "advance those issues vigorously." (Doc. # 79 at 14.) This doubling up of efforts will only serve to make what will already be a massive, complicated undertaking even more difficult. Proposed Plaintiffs-Intervenors' arguments claiming that adding them as a party would advance judicial economy are also spurious. Their purported ability to "minimize[] the possibility of intervention by additional persons or groups" has been mooted by the passage of this Court's July 24, 2009 deadline for intervention motions. (Doc. # 79 at 15; Doc. # 104 at 2.)

Second, the Plaintiffs adequately represent the interests of the Proposed Plaintiffs-Intervenors. While we have already explained why in connection with our arguments regarding intervention of right, it bears emphasizing here. Most importantly, Proposed Plaintiffs-Intervenors were content to allow Plaintiffs to represent their interests during the preliminary injunction stage of this proceeding, and it is unclear what has caused their recent change of heart. The Court's June 30, 2009 Order does not provide a sufficient explanation. That Order to be sure identified issues that "are of great consequence to the lesbian, gay, bisexual, and transgender . . . community." (Doc. # 79 at 7.) As self-proclaimed experts in cases similar to this one, however, Proposed Plaintiffs-Intervenors were surely aware that these issues would arise. Indeed, it was not the Court's Order

that brought such issues into this litigation; the Court identified them "from the parties' submissions." (Doc. # 76 at 6.) It is also true that the Plaintiffs called into question the necessity for an extensive trial at the July 2, 2009 hearing. (*See* Doc. # 79 at 3-4.) But any cause for concern on this score has now been eliminated, as Plaintiffs in their case management statement have abandoned with gusto any qualms they may have had over proceeding to trial on the issues presented by this case.

Third, adding Proposed Plaintiffs-Intervenors as parties will not significantly contribute to full development of the underlying factual issues or to the just and equitable adjudication of the legal questions presented. This is not because the Proposed Plaintiffs-Intervenors do not have expertise to offer; rather it is on account of their ability to do so effectively by participating in this case as *amici curiae*. *See Bates v. Jones*, 127 F.3d 870, 874 (9th Cir. 1997) (affirming the district court's denial of an organization's motion to intervene because that organization could "sufficiently protect its interest as an advocate for [the relevant issues] by its filing of amicus briefs"); *see also Shelter Framing Corp. v. Pension Benefit Guar. Corp.,* 705 F.2d 1502, 1508 (9th Cir. 1983) (taking into consideration district court's grant of *amicus* status in finding no abuse of discretion in denial of intervention motion as untimely), *rev'd in part on other grounds,* 467 U.S. 717 (1984).

*Amicus curiae* participation can be especially effective in this case. As the Proponents and ProjectMarriage.com explain at greater length in their case management statement, the facts at issue are primarily legislative in nature. Legislative facts, unlike adjudicative facts, do not concern the particular parties a case but rather "have relevance to legal reasoning . . . in the formulation of a legal principle or ruling by a judge or court." FED. R. EVID. 201, Advisory Committee Note. When ruling on legislative facts, courts are not bound by the rules governing judicial notice of adjudicative facts, and they thus may consider (among other things) information presented by the brief of a non-party *amicus curiae*. *See id.* Denying Proposed Plaintiffs-Intervenors party status will thus not prejudice their ability to share the benefit of their expertise with the Court.

Permitting an organization's participation as *amicus* is also particularly appropriate where, as here, the intervention applicant does not allege that it possesses "any necessary element which would be added to the suit because of [its] intervention," but instead "claim[s] that the litigation

9

DEFENDANTS-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE BY OUR FAMILY COALITION, LAVENDER SENIORS OF THE EAST BAY, AND PFLAG – CASE NO. 09-CV-2292 VRW

would be substantially benefitted by [its] knowledge of the [applicable] law and the facts[.]" *See Blake*, 554 F.2d at 955.  In this case, *amicus* status will allow Proposed Plaintiffs-Intervenors to fully inform the Court of their interests.  And it will also allow their counsel to provide the Court with the benefit of their relevant legal experience.

In sum, while we recognize the Proposed Plaintiffs-Intervenors' keen interest in the issues at stake in this litigation, it is neither necessary nor prudent for this Court to permit them to intervene as a party.

## CONCLUSION

For the foregoing reasons, this Court should deny Proposed Plaintiffs-Intervenors' motion to intervene in this case.

Dated: August 7, 2009

COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: s/Charles J. Cooper
    Charles J. Cooper