United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO,<br><br>      Plaintiffs,<br><br>      v<br><br>ARNORLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G BROWN JR, in his official capacity as attorney general of California; MARK B HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information & strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles,<br><br>      Defendants<br>_____/<br><br>DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAKSHING WILLIAM TAM and MARK A JANSSON, as official proponents of Proposition 8,<br><br>      Defendant-Intervenors<br>_____/ | No   C 09-2292 VRW<br><br>ORDER |

The court has received and read the parties' case management statements. Doc ##126, 127, 132, 134, 139. Despite the court's direction to do so, these statements fail "to get down to the specifics of how we are going to proceed" in this case. Doc #78 at 34. See FRCP 16(c)(2).

Now, therefore, the court orders **all** parties, including all government defendants, not later than August 17, 2009 at noon PDT, to serve and file a joint or separate case management statement that states:

(1) The specific elements of the claims plaintiffs assert and the defenses, if any, defendants and intervenors contend apply;

(2) Admissions and stipulations that the parties are prepared to enter with respect to the foregoing elements and applicable defenses at issue;

(3) Discovery that the parties seek that may lead to the discovery of admissible evidence with reference to:

    (a) Level of scrutiny relevant to plaintiffs' claims;

    (b) The campaign by which Proposition 8 was adopted;

    (c) Character of the rights plaintiffs contend are infringed or violated;

    (d) Effect of Proposition 8 upon plaintiffs and similarly situated individuals;

    (e) Effect of Proposition 8 on opposite-sex couples and others not in same-sex relationships in California; and

    (f) Other issues pertinent to the parties' claims or defenses;

   In describing intended discovery, the parties should be as specific as possible; thus, the parties should identify by name and position individuals or entities that may provide evidence by testimony or otherwise, and, if not at this point possible to identify individuals or entities, describe the type of individual or entity from which discovery is sought; and

(4) Subject matter (by discipline or expertise) of the opinion/expert evidence that the parties intend to present.

   IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge