RENA M. LINDEVALDSEN*
MARY E. MCALISTER
California Bar No. 148570
LIBERTY COUNSEL
P.O. Box 11108
Lynchburg, VA 24506
(434) 592-7000 Telephone
(434) 592-7700 Facsimile
court@lc.org Email
Attorneys for Prospective Intervenor
*Admitted pro hac vice

MATHEW D. STAVER*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(800) 671-1776 Telephone
(407) 875-0770 Facsimile
court@lc.org Email
Attorney for Prospective Intervenor
*Pro hac vice application filed simultaneously

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>　　　　Plaintiffs<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California, MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/ County Clerk for the County of Los Angeles,<br><br>　　　　Defendants.<br><br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; andPROTECTMARRIAGE.COM-YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>　　　　Intervenor-Defendants.<br>_____ | **Case No.09-CV 02292 VRW**<br><br>**PROPOSED DEFENDANT-INTERVENOR CAMPAIGN FOR CALIFORNIA FAMILIES' CASE MANAGEMENT STATEMENT**<br><br>Date:   August 19, 2009<br>Time:   10:00 Am<br>Judge:  Chief Judge Vaughn R. Walker<br>Location: Courtroom 6,17th Floor |

In accordance with F.R.Civ. P. 16 ( c)(2) and this Court's August 12, 2009 Order (Docket # 141), Proposed Intervenor-Defendant Campaign for California Families (the "Campaign") submits the following Case Management Statement:

## I. ELEMENTS OF THE PARTIES' CLAIMS

Plaintiffs seek declaratory and injunctive relief under 42 U.S.C. §1983. Plaintiffs claim that defining marriage as the union of one man and one woman, as stated in Cal. Const. Art. I §7.5 ("Proposition 8") and incorporated in various California statutes, violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

### 1. Elements of Plaintiffs' Due Process Claim:

Consistent with the substantive due process inquiry set forth in *Washington v. Glucksberg*, 521 U.S. 702, 721, 723 (1997), the following are the specific elements of Plaintiffs' Due Process claim and Proposed Intervenor's position on each element:

- Whether a concrete and particularized description of the liberty interest asserted in this case is the right to same-sex marriage or marriage. (Proposed Intervenor maintains that Plaintiffs' asserted right is to same-sex marriage, *not* marriage.)

- Whether the asserted right is an enumerated right in the Constitution. If it is, it is a fundamental right. (Proposed Intervenor maintains that it is not an enumerated right.)

- If the asserted right is not enumerated in the Constitution, then the Court must determine whether same-sex marriage is deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. (Proposed Intervenor maintains that it is not.)

- Once it is determined that strict scrutiny is inapplicable, Plaintiffs can only succeed on their claim if they can prove it is irrational for California to continue to define marriage as the union of one man and one woman. (Proposed Intervenor maintains that California's continued definition of marriage as the union of one man and one woman is reasonable and has a rational basis.)

- If this Court determines that strict scrutiny applies, Plaintiffs would succeed on their claim unless defendants can prove that California laws defining marriage as the union

of one man and one woman serve a compelling state interest and that the marriage laws are narrowly tailored to accomplish those interests. (Proposed Intervenor maintains that California's marriage laws survive strict scrutiny.)

2.  **Elements of Plaintiffs' Equal Protection Claim:**

Consistent with Supreme Court precedent, the following are the specific elements of Plaintiffs' equal protection claim and Proposed Intervenor's position on each element:

- That same-sex couples are *similarly situated* to opposite-sex couples for purposes of participating in the institution of marriage. (Proposed Intervenor maintains that Plaintiffs cannot make this showing and thus the equal protection claim fails.)

- If Plaintiffs can make the similarly situated showing, California's marriage laws will be reviewed under the rational basis standard unless Plaintiffs can show that the marriage laws burden either a fundamental right or target a suspect class. For the reasons set forth above in the due process discussion, Proposed Intervenor maintains that the marriage laws do not burden a fundamental right. To succeed on their claim that the marriage laws target a suspect class, Plaintiffs must show:

    - That same-sex couples are similarly situated to opposite-sex couples for purposes of participating in the institution of marriage but are denied the right to marry solely on the basis of their sex (Proposed Intervenor maintains that Plaintiffs cannot demonstrate that the marriage laws discriminate on the basis of sex); and/or

    - That same-sex couples are similarly situated to opposite-sex couples for purposes of participating in the institution of marriage but are denied the right to marry solely on the basis of their sexual orientation *and* that sexual orientation is a suspect class. To establish that sexual orientation is a suspect class, Plaintiffs must establish:

        - A definition of sexual orientation that can be used to classify a group of people based on characteristics that are readily identifiable and narrow enough to identify a subset of the human population. (Proposed

Intervenor maintains that Plaintiffs cannot establish a workable definition of sexual orientation for purposes of an equal protection analysis).

- That there is a history of invidious discrimination based on sexual orientation (Proposed Intervenor disputes that *invidious* discrimination has taken place consistently or in a widespread fashion based on sexual orientation such as took place in this Nation based on race and gender; Proposed Intervenor further adds that there is no widespread *invidious* discrimination at present and the definition of marriage as the union of one man and one woman does not discriminate on the basis of sexual orientation);
- That sexual orientation does not affect one's ability to contribute to society (Proposed Intervenor contends that sexual orientation is relevant to the ability to procreate and raise children);
- That sexual orientation is immutable or beyond the individuals' control (Proposed Intervenor maintains that sexual orientation is not immutable, is hard to even define, is fluid in nature, and unlike other protected categories); and
- That homosexauls lack political power (Proposed Intervenor maintains that homosexuals do not lack political power).

• If Plaintiffs fail to show that sexual orientation is a suspect class, that the marriage laws discriminate based on sex, or that same-sex marriage is a fundamental right, then Plaintiffs will have to establish that defining marriage as the union of one man and one woman is not rationally related to a legitimate state interest. (Proposed Intervenor maintains that Plaintiffs cannot make this showing).

• If same-sex couples are similarly situated to opposite-sex couples for purposes of participating in the institution of marriage but they are denied access to the institution of marriage either because same-sex marriage is a fundamental right or sexual

orientation is a suspect classification, then the marriage laws will be struck down unless California has a compelling interest for the laws and the laws are narrowly tailored to achieve those interests. (Proposed Intervenor maintains that the marriage laws would survive strict scrutiny).

- If same-sex couples are similarly situated to opposite-sex couples for purposes of participating in the institution of marriage but they are denied access to the institution of marriage based solely on gender, then the marriage laws will be struck down unless California has important governmental interests for the laws and there is a close relationship between the laws and state's interests. (Proposed Intervenor maintains that the marriage laws would survive heightened scrutiny).

## II. FACTUAL ADMISSION AND STIPULATIONS:

It is unlikely that the parties will be able to reach agreement on most of the operative facts in the parties' claims and defenses. However, the Campaign believes that the parties can reach agreement on some of the preliminary facts, including:

- That the text of Proposition 8 is "Only marriage between one man and one woman is valid or recognized in California."
- That Proposition 8 was approved by California voters on November 4, 2008;
- That Proposition 8 went into effect on November 5, 2008;
- That Proposition 22 enacted in 2000 and designated as Family Code § 308.5 contained the same 14 words as does Proposition 8, *i.e.*, "Only marriage between one man and one woman is valid or recognized in California."
- The language contained in the title, summary and ballot arguments for Proposition 8.;
- That from the beginning of California statehood until the decision of the Supreme Court of California on May 15, 2008, *In re Marriage Cases*, 43 Cal.4th 757 (2008), marriage in California was defined as the union of one man and one woman.
- That since November 5, 2008 marriage in California is defined as the union of one man and one woman;
- That the statement that marriage is the union of one man and one woman does not

include a statement regarding relative roles of the sexes in the marriage;

- That the statement that marriage is the union of one man and one woman does not include a reference to the sexual orientation of either of the parties;

- That California Family Code §2200 provides: "Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces or aunts and nephews, are incestuous, and void from the beginning, whether the relationship is legitimate or illegitimate."

- That California Family Code§ 2201 provides: (a) A subsequent marriage contracted by a person during the life of a former husband or wife of the person, with a person other than the former husband or wife, is illegal and void from the beginning, unless:(1) The former marriage has been dissolved or adjudged a nullity before the date of the subsequent marriage.(2) The former husband or wife (i) is absent, and not known to the person to be living for the period of five successive years immediately preceding the subsequent marriage, or (ii) is generally reputed or believed by the person to be dead at the time the subsequent marriage was contracted.(b) In either of the cases described in paragraph (2) of subdivision (a), the subsequent marriage is valid until its nullity is adjudged pursuant to subdivision (b) of Section 2210.

### III. ANTICIPATED DISCOVERY:

The Campaign anticipates the following fact discovery:

- Contention interrogatories from the Plaintiffs to identify relevant documents and witnesses to support the allegations of their Complaint;

- Depositions of the Plaintiffs and of the witnesses identified in the responses to contention interrogatories;

- Contention interrogatories to the Attorney General's office to identify relevant documents and witnesses related to preparation of the title and summary for Proposition 8;

- Depositions of the witnesses identified by the Attorney General's office regarding

The Campaign's Case Management Statement – Case No. 09-CV-02292 VRW     5

preparation of the title and summary for Proposition 8;

- Depositions of the Intervenor-Defendants regarding the genesis of Proposition 8, its predecessor amendments, preparation of ballot arguments and the campaign to enact Proposition 8;

- Deposition and document production from the Campaign's Executive Director regarding the history of efforts to maintain the definition of marriage as the union of one man and one woman;

- Identification and deposition of witnesses other than same-sex couples who have been unable to marry because they do not meet the age, consanguinity or other requirements besides being members of the opposite sex;

- To the extent Plaintiffs are permitted to pursue their allegation that the marriage laws reflect animus toward homosexuals, depositions and document production from Plaintiffs, the Campaign's Executive Director, Intervenor-Defendant, and others who supported Proposition 8 concerning the alleged animus. (Proposed Intervenor maintains that proof of animus is not a separate basis for finding an equal protection violation but, rather, is a conclusion reached in prior decisions after the courts concluded that there was no conceivable legitimate interest for the challenged laws).

## IV. ANTICIPATED EXPERT DISCOVERY:

The Campaign anticipates the following expert discovery:

- Testimony from historians regarding the definition of marriage as the union of one man and one woman as predating the founding of California and continuing since that time;

- Testimony from legal historians regarding the changes in property and contract rights and the removal of extraneous restrictions upon marriage as the union of one man and one woman and whether those changes have affected the underlying nature of marriage;

- Testimony from psychiatrists and psychologists and sociologists regarding long-established, empirically valid studies regarding whether homosexuality is an immutable trait;

- Testimony from psychiatrists and psychologists regarding the definition of "sexual

orientation;"

- Testimony from child development experts regarding empirically valid studies and statistics regarding the effects of various family structures on the physical, psychological and social development of children;

- Testimony from sociologists, anthropologists, or other social science professionals regarding empirically valid research regarding the ubiquity of the definition of marriage as the union of one man and one woman throughout human society;

- Testimony from social science researchers regarding empirically valid studies of the effects that changing the definition of marriage from the union of one man and one woman has had on the institution of marriage and on society in other states and countries that have changed the definition;

- Testimony from social science researchers regarding empirically valid studies describing homosexuals' political power;

- Testimony from social science researchers regarding empirically valid studies describing the nature and history of any constitutionally significant discrimination against homosexuals;

- Testimony from legal experts regarding the rights, obligations and benefits available under state law to same-sex couples in AB205 domestic partnerships vis-a-vis the rights, obligations and benefits available under state law to married couples.

IV. **SCHEDULING**

The Campaign recognizes the Plaintiffs' desire for an expeditious resolution of this case and has reviewed the Plaintiffs' proposed schedule for discovery and trial. While expeditious resolution is certainly desirable, it should not be done at the expense of compromising development of a complete evidentiary record and thorough analysis of the issues. As the Court has recognized, this case raises significant issues, the resolution of which will have wide-ranging and lasting consequences that reach beyond the parties to this litigation. Consequently, it is important to develop a reasonable schedule that does not unnecessarily delay resolution of the case but also does not restrict the parties' ability to create

the evidence and legal analysis necessary to provide this Court with the information it needs to make a reasoned decision.

The Campaign agrees with the Intervenor-Defendants that many of the issues raised by the parties can be resolved through dispositive motions that would narrow the issues for an eventual trial and respectfully suggests that the Court consider including dispositive motions in its case management plan.

The Campaign also respectfully suggests that the Plaintiffs' proposal for a trial in December 2009 is not reasonable in light of the circumstances of this case and the amount of discovery and pretrial preparation that will be necessary. The schedule should not prejudice any party's ability to complete necessary discovery and trial preparation in the interest of speed.

While the Campaign will comply with whatever deadlines are imposed by the Court, it would like to suggest that if a trial is to be conducted, then it be scheduled for sometime in the first quarter of 2010. Discovery and dispositive motions could be completed in the last quarter of 2009 and preparation and trial of the remaining issues could be completed in the first quarter of 2010.

Dated: August 17, 2009.

Respectfully Submitted,

| | |
|---|---|
| MATHEW D. STAVER* <br> LIBERTY COUNSEL <br> P.O. Box 540774 <br> Orlando, FL 32854 <br> (800) 671-1776 Telephone <br> (407) 875-0770 Facsimile <br> court@lc.org Email <br> Attorney for Prospective Intervenor <br> *Pro hac vice application pending | s/ Rena M. Lindevaldsen <br><br> RENA M. LINDEVALDSEN* <br> MARY E. MCALISTER <br> California Bar No. 148570 <br> LIBERTY COUNSEL <br> P.O. Box 11108 <br> Lynchburg, VA 24506 <br> (434) 592-7000 Telephone <br> (434) 592-7700 Facsimile <br> court@lc.org Email <br> Attorneys for Prospective Intervenor <br> *Admitted pro hac vice |

**PROOF OF SERVICE**

I am employed at the law firm of Liberty Counsel. I am over the age of 18 and not a party to the within action. My business address is 100 Mountain View Road, Suite 2775, Lynchburg, Virginia 24502.

On August 17 , 2009  I served the foregoing document described as:

Proposed Intervenor's Case Management Statement

 on the below-listed parties in this action by the method stated.

I  presented the foregoing to the Clerk of the Court for filing and uploading via the CM/ECF system of the United States District Court, Southern District of California, which will send a notice of electronic filing to the attorneys named on the attached Service List.

Executed on   August 17, 2009, at Lynchburg, Virginia.

I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

/s/Mary E. McAlister

Mary E. McAlister

|  |  |
|---|---|
| 1 | **SERVICE LIST** |

Theodore B. Olson
Matthew C. McGill
Amir C. Tayranit
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 955-8668
tolson@gibsondunn.com

Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Theane Evangelis Kapur
Enrique A. Monagas
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-7804
tboutrous@gibsondunn.com

David Boies
Theodore H. Uno
BOIES, SCHILLER & FLEXNER, LLP
333 Main St
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**Attorneys for Plaintiffs**

Kenneth C. Mennemeier
Kelcie M. Gosling
Landon D. Bailey
MENNEMEIER, GLASSMAN & STROUD, LLP
980 9TH St, Suite 1700
Sacramento, CA 95814-2736
(916) 553-4000
kcm@mgslaw.com

**Attorneys for Administration Defendants**

Timothy Chandler
ALLIANCE DEFENSE FUND
101 Parkshore Dr, Suite 100
Folsom, CA 95630
(916) 932-2850
tchandler@telladf.org

Andrew P. Pugno
LAW OFFICES OF ANDREW P. PUGNO
101 Parkshore Dr, Suite 100
Folsom, CA 95630
(916) 608-3065
andrew@pugnolaw.com

Benjamin W. Bull
Brian W. Raum
James A. Campbell
ALLIANCE DEFENSE FUND
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
bbull@telladf.org
braum@telladf.org
jcampble@telladf.org

**Attorneys for Proposition 8 Official Proponent Intervenor Defendants**

Edmund G. Brown, Jr.
Attorney General of California
Jonathan K. Renner
Senior Assistant Attorney General
Tamar Pachter
Deputy Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004
(415) 703-5970
Tamar.Pachter@doj.ca.gov

**Attorneys for Defendant Attorney General Edmund G. Brown Jr.**

| | | |
|---|---|---|
| 1 | Elizabeth M. Cortez<br>Assistant County Counsel | Richard E. Winnie<br>County Counsel |
| 2 | Judy W. Whitehurst<br>Principal Deputy County Counsel | Claude F. Kolm<br>Deputy County Counsel |
| 3 | OFFICE OF THE COUNTY COUNSEL<br>648 Kenneth Hahn Hall of Administration | Brian E. Washington<br>Assistant County Counsel |
| 4 | 500 W. Temple St.<br>Los Angeles, CA 90012-2713 | Lindsey G. Stern<br>Associate County Counsel |
| 5 | (213) 974-1845<br>jwhitehurst@counsel.lacounty.gov | OFFICE OF THE COUNTY COUNSEL<br>County of Alameda |
| 6 | | 1221 Oak St. Suite 450 |
| 7 | **Attorneys for Defendant Dean C. Logan** | Oakland , CA 94612<br>(510)272-6700 |
| 8 | | claude.kolm@acgov.org |
| 9 | | **Attorneys for Defendant Patrick O'Connell** |