RICHARD E. WINNIE [CA SBN 68048]
County Counsel, County of Alameda
BRIAN E. WASHINGTON [CA SBN 146807]
Assistant County Counsel
CLAUDE F. KOLM [CA SBN 83517]
Deputy County Counsel
LINDSEY G. STERN [CA SBN 233201]
Associate County Counsel
Office of County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone: (510) 272-6700 · Fax: (510) 272-5020
e-mail: claude.kolm@acgov.org

Attorneys for Defendant Patrick O'Connell, Auditor-Controller/Clerk-Recorder of the County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | Case No.: CV 09 2292 VRW<br><br>**SUPPLEMENTAL CASE MANAGEMENT STATEMENT OF DEFENDANT PATRICK O'CONNELL, CLERK-RECORDER OF ALAMEDA COUNTY**<br>Date: August 19, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. Vaughn R. Walker<br>Courtroom: 6<br>Action Filed: May 22, 2009 |

DEFENDANT PATRICK O'CONNELL ("O'Connell"), in his official capacity as County Clerk for the County of Alameda, submits this supplemental case management statement as ordered by the Court (Document 141):

1. **Specific Elements of the Claims Plaintiffs Assert and Defenses, If Any, that Defendants and Intervenors Contend Apply.** Plaintiffs Perry and Stier contend that O'Connell violated their rights of Due Process and Equal Protection under the United States

1  Constitution by refusing to issue them a marriage license because they are both of the same sex.
2  Plaintiffs Katami and Zarillo make similar allegations about the Los Angeles County Clerk.
3  Plaintiffs seek a declaration that Article I, section 7.5 of the California Constitution ("Proposition
4  8"), which permits marriage only between a man and a woman, and any other California law
5  prohibiting marriage between two people of the same sex, are invalid. Plaintiffs also seek a
6  permanent injunction enjoining Proposition 8 and any other California law that prohibits
7  marriage between two people of the same sex. Plaintiffs also seek costs, including reasonable
8  attorneys' fees, pursuant to 42 U.S.C. § 1988.

9      O'Connell takes no position on the validity under the United States Constitution of
10 Proposition 8 or any other laws in California that prohibit same-sex marriage. Of the various
11 affirmative defenses that O'Connell asserted in his answer, he expects to rely only on the
12 following (and only with respect to any attempt to award costs, including attorneys' fees):

13     First Affirmative Defense: O'Connell has no discretion in the performance of his ministerial
14 duties.

15     Second Affirmative Defense: The injuries Plaintiffs complain of, if any, resulted from the acts
16 and/or omissions of others (specifically the California electorate) and without any fault on the
17 part of O'Connell.

18     Third Affirmative Defense: All of O'Connell's actions were undertaken in good faith and
19 with reasonable belief that the actions were valid, necessary, and constitutionally proper.

20     Ninth Affirmative Defense: O'Connell's acts were privileged under applicable statutes and
21 case law, including immunity under federal law for official acts because O'Connell's conduct
22 does not violate clearly established statutory or constitutional rights of which a reasonable person
23 would have known.

24     Thirteenth Affirmative Defense: Attorneys' fees should not be recoverable from O'Connell
25 because of special circumstances mandating Defendant's ministerial duties.

26     With respect to the ministerial and non-discretionary nature of O'Connell's actions,
27 O'Connell will rely on *Lockyear v. City and County of San Francisco*, 33 Cal. 4th 1055 (2004)
28

---

**Perry v. Schwarzenegger et al, Case No. CV 09 2292 VRW**
Supplemental Case Management Statement of Defendant Alameda County Clerk-Recorder      2

and *Straus v. Horton* 46 Cal. 4th 364 (2009). With respect to immunity from damages, O'Connell will rely on cases that include *Davis v. Scherer* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) and *Harlow v. Fitzgerald* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

O'Connell believes that it would not be necessary to offer evidence on these issues at the main trial; after trial, if the Court considers an award of attorneys' fees against O'Connell, he could at that time offer limited evidence relating to the above (e.g., the good faith of his actions).

2. **Admissions and Stipulations that the Parties are Prepared to Enter with Respect to the Foregoing Elements and Applicable Defenses at Issue.**

O'Connell is willing to agree to the following stipulations:

· The voters of California adopted Proposition 8 on November 4, 2008, and it took effect on November 5, 2008.

· Beginning November 5, 2008, O'Connell has refused to issue marriage licenses to same-sex couples, including Plaintiffs Perry and Stier, as a result of the enactment of Proposition 8.

· O'Connell took this position under color of law.

· The County of Alameda was a co-petitioner in *Straus v. Horton, supra,* and pursuant to that case and *Lockyear v. City and County of San Francisco, supra,* O'Connell had no ability or discretion to issue marriage licenses to same-sex couples after November 4, 2008.

· Proposition 8 eliminated Plaintiffs' rights to marry under the California Constitution, and in that sense infringed on Plaintiffs' fundamental right under the California Constitution to marry.

O'Connell received a large number of proposed stipulations on the morning that this statement is due to be filed and has not had time to evaluate all of them. It is possible that O'Connell will be able to stipulate to some of them as proposed or with further refinement of the language.

O'Connell does not intend to request any admissions and has not been asked for any admissions.

3. **Discovery that the Parties Seek that May Lead to the Discovery of Admissible Evidence with Reference to:**

(A) **Level of Scrutiny Relevant to Plaintiffs' Claims;**

(B) **The Campaign by Which Proposition 8 was Adopted.**

(C) **Character of the Rights Plaintiffs Contend are Infringed or Violated.**

(D) **Effect of Proposition 8 on Plaintiffs.**

(E) **Effect of Proposition 8 on Opposite-Sex Couples and Others.**

(F) **Other Issues Pertinent to the Parties' Claims or Defenses.**

O'Connell does not intend to conduct discovery.

4. **Subject Matter (By Discipline or Expertise) of the Opinion/Expert Evidence that the Parties Intend to Present.**

O'Connell does not intend to present any opinion/expert witnesses.

Respectfully submitted,

DATED: August 17, 2009

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

By: _____
Claude F. Kolm,
Deputy County Counsel

Attorneys for Defendant Patrick O'Connell, Clerk-Recorder for the County of Alameda

---

**Perry v. Schwarzenegger et al, Case No. CV 09 2292 VRW**
Supplemental Case Management Statement of Defendant Alameda County Clerk-Recorder         4

# CERTIFICATE OF SERVICE

<u>PERRY, et al.</u> v. <u>SCHWARZENEGGER, et al.</u>
United States District Court, Northern District, Case No. CV 09 2292

I, the undersigned, say:

I am employed in the County of Alameda, State of California, over the age of 18 years and not a party to the within cause. My business address is 1221 Oak Street, Suite 450, Oakland, CA 94612-4296.

On the date listed below, I served a true and accurate copy of the documents entitled:

1. **SUPPLEMENTAL CASE MANAGEMENT STATEMENT OF DEFENDANT PATRICK O'CONNELL, CLERK-RECORDER OF ALAMEDA COUNTY; and**

2. **CERTIFICATE OF SERVICE.**

on the party in this action as indicated as follows:

| | |
|---|---|
| Rena M. Lindevaldsen, Esq.<br>Liberty Counsel<br>100 Mountainview Road, Ste. 2775<br>Lynchberg, VA 24502 | David Boies, Esq.<br>Boies Schiller & Flexner LLP<br>333 Main Street<br>Armonk, NY 10504 |
| Theane Evangelis Kapur, Esq.<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | Tobias Barrington Wolff, Esq.<br>University of Pennsylvania Law School<br>3400 Chestnut Street<br>Philadelphia, PA 19104-6204 |

(X) BY MAIL: I caused such envelope with postage thereon fully prepaid and to be placed in the United States mail, in the City of Oakland, California.

(X) BY ECF: I caused a copy/s of such document/s to be sent via ECF transmission to the office/s of the addressee/s.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California, on August 13, 2009.

*[Signature]*
Judy A. Martinez

Perry v. Schwarzenegger, et al.
Case No.: CV 09-2292 VRW
Certificate of Service