| | |
|---|---|
| 1 | COOPER AND KIRK, PLLC<br>Charles J. Cooper (DC Bar No. 248070)* |
| 2 | *ccooper@cooperkirk.com*<br>David H. Thompson (DC Bar No. 450503)* |
| 3 | *dthompson@cooperkirk.com*<br>Howard C. Nielson, Jr. (DC Bar No. 473018)* |
| 4 | *hnielson@cooperkirk.com*<br>Peter A. Patterson (OH Bar No. 0080840)* |
| 5 | *ppatterson@cooperkirk.com*<br>1523 New Hampshire Ave. N.W., Washington, D.C. 20036 |
| 6 | Telephone: (202) 220-9600, Facsimile: (202) 220-9601 |
| 7 | LAW OFFICES OF ANDREW P. PUGNO<br>Andrew P. Pugno (CA Bar No. 206587) |
| 8 | *andrew@pugnolaw.com*<br>101 Parkshore Drive, Suite 100, Folsom, California 95630 |
| 9 | Telephone: (916) 608-3065, Facsimile: (916) 608-3066 |
| 10 | ALLIANCE DEFENSE FUND<br>Brian W. Raum (NY Bar No. 2856102)* |
| 11 | *braum@telladf.org*<br>James A. Campbell (OH Bar No. 0081501)* |
| 12 | *jcampbell@telladf.org*<br>15100 North 90th Street, Scottsdale, Arizona 85260 |
| 13 | Telephone: (480) 444-0020, Facsimile: (480) 444-0028 |
| 14 | ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, |
| 15 | GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A |
| 16 | PROJECT OF CALIFORNIA RENEWAL |
| 17 | * Admitted *pro hac vice* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of | CASE NO. 09-CV-2292 VRW<br><br>**ANSWER OF DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM TO COMPLAINT OF PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO**<br><br>Date:  None<br>Time:  None<br>Location:  None<br>Judge:  Chief Judge Vaughn R. Walker<br>Trial Date: January 11, 2010 |

| | |
|---|---|
| 1 | Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |

1  Vital Statistics; LINETTE SCOTT, in her official
2  capacity as Deputy Director of Health Information
3  & Strategic Planning for the California Department
   of Public Health; PATRICK O'CONNELL, in his
4  official capacity as Clerk-Recorder for the County
   of Alameda; and DEAN C. LOGAN, in his official
5  capacity as Registrar-Recorder/County Clerk for
   the County of Los Angeles,

6                    Defendants,

7  and

8  PROPOSITION 8 OFFICIAL PROPONENTS
   DENNIS HOLLINGSWORTH, GAIL J.
9  KNIGHT, MARTIN F. GUTIERREZ, HAK-
   SHING WILLIAM TAM, and MARK A.
10 JANSSON; and PROTECTMARRIAGE.COM –
   YES ON 8, A PROJECT OF CALIFORNIA
11 RENEWAL,

12                   Defendants-Intervenors.

13

14   Additional Counsel for Defendants-Intervenors

15

16 ALLIANCE DEFENSE FUND
   Timothy Chandler (CA Bar No. 234325)
17 *tchandler@telladf.org*
   101 Parkshore Drive, Suite 100, Folsom, California 95630
18 Telephone: (916) 932-2850, Facsimile: (916) 932-2851

19 Jordan W. Lorence (DC Bar No. 385022)*
   *jlorence@telladf.org*
20 Austin R. Nimocks (TX Bar No. 24002695)*
   *animocks@telladf.org*
21 801 G Street NW, Suite 509, Washington, D.C. 20001
   Telephone: (202) 637-4610, Facsimile: (202) 347-3622

22 * Admitted *pro hac vice*

23

24

25

26

27

28

ANSWER OF DEFENDANTS-INTERVENORS TO COMPLAINT OF CITY AND COUNTY OF SAN FRANCISCO –
CASE NO. 09-CV-2292 VRW

Defendants-Intervenors Proposition 8 Proponents Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Hak-Shing William Tam, and Mark A. Jansson (collectively referred to as "Proponents"), and Proposition 8 Campaign Committee ProtectMarriage.com – Yes on 8, a Project of California Renewal (the "Committee"), by and through counsel, answer Plaintiff-Intervenor City and County of San Francisco's Complaint in Intervention for Declaratory, Injunctive, or Other Relief as follows:

1. Defendants-Intervenors deny the allegations in Paragraph 1 of Plaintiff-Intervenor's Complaint except to admit that before the enactment of Proposition 8, the California Supreme Court in *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008), interpreted the California Constitution to require the state government to issue marriage licenses to same-sex couples, and to admit that in November 2008, the people of California approved Proposition 8, which amended the California Constitution to state that "[o]nly a marriage between a man and a woman is valid or recognized in California." Cal. Const. art. I, § 7.5.

2. Paragraph 2 of Plaintiff-Intervenor's Complaint is a request for relief that does not require a response. To the extent that a response is required, Defendants-Intervenors deny that Plaintiff-Intervenor is entitled to the relief requested.

3. Paragraph 3 of Plaintiff-Intervenor's Complaint incorporates Paragraphs 3 and 4 of Plaintiffs' Complaint; thus, Defendants-Intervenors likewise incorporate their responses to Paragraphs 3 and 4 of Plaintiffs' Complaint.

4. Defendants-Intervenors acknowledge, as indicated in Paragraph 4 of Plaintiff-Intervenor's Complaint, that Plaintiff-Intervenor asserts claims for declaratory relief under the Fourteenth Amendment to the United States Constitution, but deny that Plaintiff-Intervenor is entitled to such relief.

5. Defendants-Intervenors acknowledge, as indicated in Paragraph 5 of Plaintiff-Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against Proposition 8 for declaratory and injunctive relief under the Fourteenth Amendment to the United States Constitution, but deny that Plaintiff-Intervenor is entitled to such relief.

6. Defendants-Intervenors acknowledge, as indicated in Paragraph 6 of Plaintiff-

Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against California Family Code Sections 300, 301, 308.5 for declaratory and injunctive relief under the Fourteenth Amendment to the United States Constitution, but deny that Plaintiff-Intervenor is entitled to such relief.

7. Defendants-Intervenors deny the allegations in Paragraph 7 of Plaintiff-Intervenor's Complaint except to admit that Plaintiff-Intervenor is a unit of local government with the responsibility to issue civil marriage licenses.

8. Defendants-Intervenors acknowledge, as indicated in Paragraph 8 of Plaintiff-Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against Proposition 8 for declaratory and injunctive relief under the United States Constitution, but deny that Plaintiff-Intervenor is entitled to such relief. Defendants-Intervenors also acknowledge that Plaintiff-Intervenor requests attorneys' fees, costs, and expenses, but deny that Plaintiff-Intervenor is entitled to such relief.

9. Defendants-Intervenors admit the allegations in Paragraph 9 of Plaintiff-Intervenor's Complaint except that Defendants-Intervenors lack sufficient knowledge or information concerning whether Governor Arnold Schwarzenegger maintains an office in San Francisco.

10. Defendants-Intervenors admit the allegations in Paragraph 10 of Plaintiff-Intervenor's Complaint except that Defendants-Intervenors lack sufficient knowledge or information concerning whether Attorney General Edmund G. Brown maintains offices in Oakland and San Francisco.

11. Defendants-Intervenors admit the allegations in Paragraph 11 of Plaintiff-Intervenor's Complaint except that Defendants-Intervenors lack sufficient knowledge or information concerning Public Health Director Mark B. Horton's job responsibilities.

12. Defendants-Intervenors admit the allegations in Paragraph 12 of Plaintiff-Intervenor's Complaint except that Defendants-Intervenors lack sufficient knowledge or information concerning Deputy Director Linette Scott's job responsibilities.

13. Defendants-Intervenors admit the allegations in Paragraph 13 of Plaintiff-Intervenor's Complaint.

14. Defendants-Intervenors admit the allegations in Paragraph 14 of Plaintiff-Intervenor's Complaint.

15.  Paragraph 15 of Plaintiff-Intervenor's Complaint purports to incorporate Paragraphs 20-36 of Plaintiffs' Complaint. Defendants-Intervenors object to the extent that Plaintiff-Intervenors' purport to incorporate allegations beyond the scope of the limited intervention permitted by the Court. In the alternative, Defendants-Intervenors likewise incorporate their responses to Paragraphs 20-36 of Plaintiffs' Complaint.

16.  Defendants-Intervenors deny the allegations in Paragraph 16 of Plaintiff-Intervenor's Complaint except to admit that city and county officials may not decline to enforce Proposition 8. *See Lockyer v. City and County of San Francisco*, 95 P.3d 459, 473 (Cal. 2004).

17.  Defendants-Intervenors deny the allegations in Paragraph 17 of Plaintiff-Intervenor's Complaint.

18.  Defendants-Intervenors deny, as alleged in Paragraph 18 of Plaintiff-Intervenor's Complaint, that discrimination based on sexual-orientation results in an increased use of the services identified in Paragraph 18. Defendants-Intervenors lack sufficient knowledge or information to respond to the remaining allegations in that Paragraph; thus those allegations are deemed denied.

19.  Defendants-Intervenors lack sufficient knowledge or information to respond to the allegations in the first sentence of Paragraph 19 of Plaintiff-Intervenor's Complaint; accordingly those allegations are deemed denied. Defendants-Intervenors deny the remaining allegations in Paragraph 19 of Plaintiff-Intervenor's Complaint.

20.  Defendants-Intervenors deny the allegations in Paragraph 20 of Plaintiff-Intervenor's Complaint.

21.  Defendants-Intervenors deny the allegations in Paragraph 21 of Plaintiff-Intervenor's Complaint.

22.  Defendants-Intervenors lack sufficient knowledge or information to respond to the allegations in Paragraph 22 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed denied.

23.  Defendants-Intervenors lack sufficient knowledge or information to respond to the allegations in Paragraph 23 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed

denied.

24. Defendants-Intervenors lack sufficient knowledge or information to respond to the allegations in Paragraph 24 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed denied.

25. Defendants-Intervenors object to the allegations in Paragraph 25 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

26. Defendants-Intervenors object to the allegations in Paragraph 26 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

27. Defendants-Intervenors object to the allegations in Paragraph 27 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

28. Defendants-Intervenors object to the allegations in Paragraph 28 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations except to admit that in 1999, the California Legislature passed domestic-partnership legislation, that in subsequent years the California Legislature expanded the rights and responsibilities of domestic partners, that in 2000, Californian voters enacted the statutory initiative known as Proposition 22, *see* Cal. Fam. Code § 308.5, that in May 2008, the California Supreme Court found Proposition 22 to be invalid under the California Constitution, *see In re Marriage Cases*, 183 P.3d 384 (Cal. 2008), and that in November 2008, Californian voters enacted Proposition 8 and thereby amended the California Constitution.

29. Defendants-Intervenors object to the allegations in Paragraph 29 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

30. Defendants-Intervenors object to the allegations in Paragraph 30 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention

4

ANSWER OF DEFENDANTS-INTERVENORS TO COMPLAINT OF CITY AND COUNTY OF SAN FRANCISCO – CASE NO. 09-CV-2292 VRW

permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

31. Defendants-Intervenors object to the allegations in Paragraph 31 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

32. Defendants-Intervenors object to the allegations in Paragraph 32 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

33. Defendants-Intervenors object to the allegations in Paragraph 33 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations except to admit that in 1999, the California Legislature enacted a law creating domestic partnerships, that California law defines "domestic partners" as "two adults who have chosen to share one another's lives in an intimate and committed relationship of mutual caring," *see* Cal. Fam. Code § 297(a), that in subsequent years the California Legislature expanded the rights and responsibilities of domestic partners, and that California law permits a "domestic partner" to adopt a child of his or her domestic partner, *see* Cal. Fam. Code § 9000(b).

34. Defendants-Intervenors object to the allegations in Paragraph 34 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

35. Defendants-Intervenors object to the allegations in Paragraph 35 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

36. Defendants-Intervenors object to the allegations in Paragraph 36 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors lack sufficient knowledge or

information to respond to these allegations; thus they are deemed denied.

37. Defendants-Intervenors object to the allegations in Paragraph 37 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

38. Defendants-Intervenors object to the allegations in Paragraph 38 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

39. Defendants-Intervenors object to the allegations in Paragraph 39 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations except to admit that same-sex couples in California employ assisted reproduction, adoption, and foster parenting to bring children into their lives.

40. Defendants-Intervenors object to the allegations in Paragraph 40 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations.

41. Defendants-Intervenors object to the allegations in Paragraph 41 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors deny these allegations except to admit that marriage is a valued social institution and that California law treats married couples differently than unmarried couples in some respects.

42. Defendants-Intervenors object to the allegations in Paragraph 42 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Defendants-Intervenors admit that the qualifications for entering into or dissolving a domestic partnership differ in certain respects from the qualifications for entering into or dissolving a marriage, and that there are certain minor differences between the rights and benefits associated with marriage and those associated with domestic partnership.

43. Defendants-Intervenors admit, as alleged in Paragraph 43 of Plaintiff-Intervenor's Complaint, that Attorney General Edmund G. Brown, in his Answer to Plaintiffs' Complaint, expressed his opinion that "[t]aking from same-sex couples the right to civil marriage that they had previously possessed under California's Constitution cannot be squared with guarantees of the Fourteenth Amendment." (Doc. # 39 at p. 2.) Defendant-Intervenors also admit, as alleged in Paragraph 43 of Plaintiff-Intervenor's Complaint, that Governor Arnold Schwarzenegger, Director of Public Health Mark B. Horton, and Deputy Director Linette Scott, in their Answer to Plaintiffs' Complaint, expressed their opinion that this case "presents important constitutional questions that require and warrant judicial determination." (Doc. # 46 at p. 2.)

44. Defendants-Intervenors incorporate their responses to Paragraphs 1 through 43 of Plaintiff-Intervenor's Complaint as if fully set forth here.

45. Defendants-Intervenors deny the allegations in Paragraph 45 of Plaintiff-Intervenor's Complaint.

46. Defendants-Intervenors deny the allegations in Paragraph 46 of Plaintiff-Intervenor's Complaint.

47. Defendants-Intervenors deny the allegations in Paragraph 47 of Plaintiff-Intervenor's Complaint.

48. Defendants-Intervenors incorporate their responses to Paragraphs 1 through 47 of Plaintiff-Intervenor's Complaint as if fully set forth here.

49. Defendants-Intervenors deny the allegations in Paragraph 49 of Plaintiff-Intervenor's Complaint.

50. Defendants-Intervenors admit that there is a symbolic difference between the designation "marriage," which enjoys a long history and uniform recognition, and any other type of designation for an intimate relationship. Defendants-Interveners deny the remaining allegations in Paragraph 50 of Plaintiff-Intervenor's Complaint.

51. Defendants-Intervenors deny the allegations in Paragraph 51 of Plaintiff-Intervenor's Complaint.

52. The remainder of Plaintiff-Intervenor's Complaint is a Prayer for Relief that does not

require a response. To the extent that a response is required, Defendants-Intervenors deny that Plaintiff-Intervenor is entitled to the relief requested.

### First Affirmative Defense

Plaintiff-Intervenor has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff-Intervenor lacks standing to assert the claims in its Complaint.

WHEREFORE, Defendants-Intervenors respectfully request that this Court dismiss Plaintiff-Intervenor's claims with prejudice, deny Plaintiff-Intervenor's Prayer for Relief, order Plaintiff-Intervenor to pay Defendants-Intervenors' costs and attorneys' fees, and grant other relief deemed just and proper.

Dated: August 28, 2009

    COOPER AND KIRK, PLLC
    ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

    By: s/Charles J. Cooper
        Charles J. Cooper