EDMUND G. BROWN JR.
Attorney General of California
JONATHAN K. RENNER
Senior Assistant Attorney General
GORDON BURNS
Deputy Solicitor General
TAMAR PACHTER
Deputy Attorney General
State Bar No. 146083
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5970
  Fax: (415) 703-1234
  E-mail: Tamar.Pachter@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTIN M. PERRY, et al.,**<br><br>                  Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                  Defendants. | Case No. 09-CV-2292 VRW<br><br>**ATTORNEY GENERAL'S ANSWER TO COMPLAINT IN INTERVENTION**<br><br>Judge:      Hon. Vaughn R. Walker, C.J.<br>Trial Date:  January 11, 2010<br>Action Filed: May 27, 2009 |

    This case arises under a factual and legal history that is unique to California. In May 2008, the California Supreme Court held that denying same-sex couples the right to marry while affording them the benefits of marriage through the domestic partnership law violated principles of equal protection, liberty, and privacy found in the state Constitution. *In re Marriage Cases*, 43 Cal.4th 757 (2008). The following November, a bare majority of California voters passed Proposition 8, which amended the state Constitution to declare that only marriages between a man and a woman would be recognized. Between May and November 2008, over 18,000 same-sex couples were married. In 2009, the California Supreme Court upheld the validity of these marriages but declared that the voters had the authority to carve out of the state Constitution an

exception to the rights of liberty and equal protection with respect to marriage. *Strauss v. Horton*, 46 Cal.4th 364 (2009). Still, the court left undisturbed the liberty and equal protection principles that were recognized in the *In re Marriage Cases* and that are at issue in this federal constitutional challenge.

The Attorney General of California is sworn to uphold the Constitution of the United States in addition to the Constitution of the State of California. Cal. Const., art. XX, § 3. The United States Constitution is the "supreme law of the land." U.S. Const., art. VI, § 2; Cal. Const., art. III, § 1. Taking from same-sex couples the right to civil marriage that they had previously possessed under California's constitution cannot be squared with guarantees of the Fourteenth Amendment. Accordingly, the Attorney General answers the Complaint in Intervention consistent with his duty to uphold the United States Constitution, as Attorney General Thomas C. Lynch did when he argued that Proposition 14, passed by the California voters in 1964, was incompatible with the Federal Constitution. *See Reitman v. Mulkey*, 387 U.S. 369 (1967).

1. In response to the first sentence of paragraph 1 of the Complaint in Intervention, the Attorney General admits that Proposition 8 violates the federal constitutional rights of lesbians and gay men by denying them marriage licenses. Except as specifically admitted herein, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of paragraph 1 of the Complaint in Intervention, and on that basis denies them. The Attorney General admits the remaining allegations of paragraph 1 of the Complaint in Intervention.

2. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 2 of the Complaint in Intervention and on that basis denies them.

3. The Attorney General adopts and incorporates by reference paragraphs 3 and 4 of his Answer, Docket # 39.

4. The Attorney General admits the allegations of paragraph 4 of the Complaint in Intervention.

5. The Attorney General admits that the relief sought in intervention is as stated in paragraph 5 of the Complaint in Intervention.

6. The Attorney General admits that Plaintiff-Intervenor seeks the relief as stated in paragraph 6 of the Complaint in Intervention.

7. The Attorney General admits the allegations of the first two sentences of paragraph 7 of the Complaint in Intervention. Except as specifically admitted, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 7 of the Complaint in Intervention and on that basis denies them.

8. The Attorney General admits that Plaintiff-Intervenor seeks the relief as stated in paragraph 8 of the Complaint in Intervention.

9. The Attorney General admits the allegations of paragraph 9 of the Complaint in Intervention.

10. The Attorney General admits the allegations of paragraph 10 of the Complaint in Intervention.

11. The Attorney General admits the allegations of paragraph 11 of the Complaint in Intervention.

12. The Attorney General admits the allegations of paragraph 12 of the Complaint in Intervention.

13. The Attorney General admits the allegations of paragraph 13 of the Complaint in Intervention.

14. The Attorney General admits the allegations of paragraph 14 of the Complaint in Intervention.

15. The Attorney General adopts and incorporates by reference paragraphs 20-36 of his Answer, Docket # 39.

16. The Attorney General admits the allegations of paragraph 16 of the Complaint in Intervention.

17. The Attorney General admits the allegations of the first sentence of paragraph 17 of the Complaint in Intervention. Except as specifically admitted, the Attorney General lacks

knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 17 of the Complaint in Intervention and on that basis denies them.

18. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 18 of the Complaint in Intervention and on that basis denies them.

19. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 19 of the Complaint in Intervention and on that basis denies them.

20. The Attorney General admits the allegations of the first sentence of paragraph 20 of the Complaint in Intervention. Except as specifically admitted, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 20 of the Complaint in Intervention and on that basis denies them.

21. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 21 of the Complaint in Intervention and on that basis denies them.

22. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 22 of the Complaint in Intervention and on that basis denies them.

23. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 23 of the Complaint in Intervention and on that basis denies them.

24. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 24 of the Complaint in Intervention and on that basis denies them.

25. The Attorney General admits the allegations of paragraph 25 of the Complaint in Intervention.

26. The Attorney General admits the allegations of paragraph 26 of the Complaint in Intervention.

27. The Attorney General admits the allegations of paragraph 27 of the Complaint in Intervention.

28. In response to the first sentence of paragraph 28 of the Complaint in Intervention, the Attorney General admits that lesbians and gay men have historically lacked the political power to ensure protection of their rights through the political process and that they still lack the political power fully to ensure that protection. The Attorney General admits all of the remaining allegations in paragraph 28. Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 28 of the Complaint in Intervention

29. The Attorney General admits the allegations of paragraph 29 of the Complaint in Intervention.

30. In response to paragraph 30 of the Complaint in Intervention, the Attorney General admits that the understanding of civil marriage under California law, which is at issue in this case, has evolved significantly over time. For example, in 1948, civil marriage was expanded to include interracial marriage. Notwithstanding this evolution, civil marriage continues to be a relevant and esteemed legal institution. Except as specifically admitted herein, the Attorney General denies the allegations of paragraph 30 of the Complaint in Intervention.

31. The Attorney General admits the allegations of paragraph 31 of the Complaint in Intervention.

32. The Attorney General admits the allegations of paragraph 32 of the Complaint in Intervention.

33. The Attorney General admits the allegations of paragraph 33 of the Complaint in Intervention.

34. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 34 of the Complaint in Intervention and on that basis denies them.

35. The Attorney General admits the allegations of paragraph 35 of the Complaint in Intervention.

36. The Attorney General admits the allegations of paragraph 36 of the Complaint in Intervention.

37. In response to paragraph 37 of the Complaint in Intervention, the Attorney General states that marriage as such does not necessarily promote gender stereotypes, but admits that limiting marriage to opposite-sex couples could promote gender stereotypes that in other contexts have long been rejected as an illegitimate basis for legal classifications. Except as specifically admitted herein, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 37 of the Complaint in Intervention, and on that basis denies them.

38. The Attorney General admits the allegations of paragraph 38 of the Complaint in Intervention.

39. The Attorney General admits the allegations of paragraph 39 of the Complaint in Intervention.

40. The Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 40 of the Complaint in Intervention and on that basis denies them.

41. The Attorney General admits the allegations of paragraph 41 of the Complaint in Intervention.

42. The Attorney General admits the allegations in the first sentence of paragraph 42 of the Complaint in Intervention. Except as specifically admitted herein, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 42 of the Complaint in Intervention and on that basis denies them.

43. The Attorney General admits the allegations of paragraph 43 of the Complaint in Intervention.

44. In response to paragraph 44 of the Complaint in Intervention the Attorney General incorporates here by reference paragraphs 1 through 43 of this Answer, as if fully set forth herein.

45. The Attorney General admits that to the extent that Proposition 8 took from gay men and lesbians their previously held fundamental right to marry, the measure violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

46. In response to the first sentence of paragraph 46 of the Complaint in Intervention, the Attorney General admits that to the extent that Proposition 8 took from Plaintiffs their previously held fundamental right to marry, the measure violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Attorney General admits the remaining allegations of paragraph 46 of the Complaint in Intervention.

47. The Attorney General admits the allegations of paragraph 47 of the Complaint in Intervention.

48. In response to paragraph 48 of the Complaint in Intervention the Attorney General incorporates here by reference paragraphs 1 through 47 of this Answer, as if fully set forth herein.

49. The Attorney General admits the allegations of paragraph 49 of the Complaint in Intervention.

50. The Attorney General admits the allegations of paragraph 50 of the Complaint in Intervention.

51. In response to the allegations of paragraph 51 of the Complaint in Intervention, the Attorney General admits that Proposition 8 withdrew from lesbians and gay men, but not others, specific legal protections afforded by the California Constitution, and thus imposed a special disability on those persons alone in violation of the Equal Protection Clause of the Fourteenth Amendment. Except as specifically admitted, the Attorney General lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 51 of the Complaint in Intervention and on that basis denies them.

Dated: August 28, 2009 

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN K. RENNER
Senior Assistant Attorney General
GORDON BURNS
Deputy Solicitor General


*/s/ Tamar Pachter*
TAMAR PACHTER
Deputy Attorney General
*Attorneys for Defendant*
*Attorney General Edmund G. Brown Jr.*

SA2009310603
Document in ProLaw

8

ATTORNEY GENERAL'S ANSWER TO COMPLAINT IN INTERVENTION  (3:09-cv-02292-VRW)