MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
ANDREW W. STROUD (SBN 126475)
KELCIE M. GOSLING (SBN 142225)
LANDON D. BAILEY (SBN 240236)
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
Telephone: 916-553-4000
Facsimile: 916-553-4011
E-mail: kcm@mgslaw.com

Attorneys for Defendants
Arnold Schwarzenegger, in his official capacity as Governor of
California, Mark B. Horton, in his official capacity as Director of the
California Department of Public Health and State Registrar of Vital
Statistics, and Linette Scott, in her official capacity as Deputy Director
of Health Information & Strategic Planning for the California Department
of Public Health

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, et al., | Case No. 09-CV-02292 VRW |
| Plaintiffs, | **THE ADMINISTRATION'S ANSWER TO CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT IN INTERVENTION FOR DECLARATORY, INJUNCTIVE OR OTHER RELIEF** |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Plaintiff-Intervenor, | |
| v. | |
| ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California, et al., | |
| Defendants, | |
| and | |
| PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, et al., | |
| Defendant-Intervenors. | |

Defendants Arnold Schwarzenegger, Mark B. Horton, and Linette Scott (collectively "the Administration"), by and through counsel, answer the City and County of San Francisco's ("Plaintiff-Intervenor") Complaint in Intervention for Declaratory, Injunctive, or Other Relief (the "Complaint in Intervention") as follows:

This legal proceeding presents important constitutional questions that require and warrant judicial determination. In a constitutional democracy, it is the role of the courts to determine and resolve such questions. To the extent that Plaintiff-Intervenor has stated a justiciable controversy, setting forth federal constitutional challenges to Proposition 8, it is appropriate for the federal courts to determine and resolve those challenges. The Administration encourages the Court to resolve the merits of this action expeditiously.

In response to each of the specific allegations in Plaintiff-Intervenor's Complaint in Intervention, the Administration responds as follows:

1. In response to Paragraph 1 of the Complaint in Intervention, the Administration admits that, following the California Supreme Court's decision in *In re Marriage Cases*, 43 Cal. 4th 757 (2008), same-sex couples had the same right to marry as heterosexual couples in California. The Administration further admits that in November 2008, California voters passed Proposition 8, and that Proposition 8 amended the California Constitution by adding a provision that states: "Only marriage between a man and a woman is valid or recognized in California." Cal. Const. art. I, § 7.5. To the extent that the remainder of Paragraph 1 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

2. Paragraph 2 of the Complaint in Intervention merely recites the relief that Plaintiff-Intervenor seeks, and does not require a response. To the extent that Paragraph 2 contains an allegation that requires a response, the Administration lacks knowledge or information sufficient to admit or deny any such allegation.

3. In response to Plaintiff-Intervenor's incorporation by reference of Plaintiffs' "statement of Jurisdiction and Venue," as set forth in Paragraph 3 of the Complaint in Intervention, the Administration adopts and incorporates by reference its answer to Plaintiffs'

statement of jurisdiction and venue set forth in "The Administration's Answer to Complaint for Declaratory, Injunctive, or Other Relief" (Doc. # 46), ¶¶ 3-4.

4. In response to Paragraph 4 of the Complaint in Intervention, the Administration admits that this action arises under the Fourteenth Amendment to the United States Constitution and that Plaintiff-Intervenor seeks declaratory relief under 28 U.S.C. § 2201 and any further relief that may be proper under 28 U.S.C. § 2202. As to any remaining allegations in Paragraph 4, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

5. In response to Paragraph 5 of the Complaint in Intervention, the Administration admits that this is an action brought pursuant to 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 1983, seeking a declaration that Proposition 8 is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. The Administration further admits that Plaintiffs and Plaintiff-Intervenor seek a permanent injunction preventing Defendants from enforcing Proposition 8. As to any remaining allegations in Paragraph 5, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

6. In response to Paragraph 6 of the Complaint in Intervention, the Administration admits that Plaintiff-Intervenor seeks a declaration that California Family Code sections 300, 301 and 308.5 are unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The Administration further admits that Plaintiff-Intervenor seeks a permanent injunction preventing Defendants from enforcing California Family Code sections 300, 301 and 308.5 against Plaintiffs. As to any remaining allegations in Paragraph 6, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

7. In response to Paragraph 7 of the Complaint in Intervention, the Administration admits that Plaintiff-Intervenor is a unit of local government that is responsible for issuing civil marriage licenses and solemnizing and recording marriages. As to the remaining

allegations in Paragraph 7, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

8. In response to Paragraph 8 of the Complaint in Intervention, the Administration admits that Plaintiff-Intervenor brought this action seeking the declarations and injunctions described therein, and that Plaintiff-Intervenor seeks to recover its attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order. As to any remaining allegations in Paragraph 8, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

9. The Administration admits the allegations in Paragraph 9 of the Complaint in Intervention.

10. The Administration admits the allegations in Paragraph 10 of the Complaint in Intervention.

11. The Administration admits the allegations in Paragraph 11 of the Complaint in Intervention.

12. The Administration admits the allegations in Paragraph 12 of the Complaint in Intervention.

13. The Administration admits the allegations in Paragraph 13 of the Complaint in Intervention.

14. The Administration admits the allegations in Paragraph 14 of the Complaint in Intervention.

15. The Administration adopts and incorporates by reference its answer to Plaintiffs' statement of facts as set forth in the Administration's Answer to Complaint for Declaratory, Injunctive, or Other Relief (Doc. # 46), ¶¶ 20-36.

16. In response to Paragraph 16 of the Complaint in Intervention, the Administration admits that the California Supreme Court has held that, under California law, county clerks and county recorders have a mandatory ministerial duty to enforce marriage laws and generally do not have the authority, in the absence of a judicial determination of unconstitutionality, to refuse to enforce such laws on the basis of a belief that they are

unconstitutional. *See Lockyer v. City & County of San Francisco*, 33 Cal. 4th 1055, 1082 (2004); *see also* Cal. Fam. Code § 350 (marriage requires applicant to obtain license from county clerk); Cal. Health & Safety Code § 102285 (county recorder is local registrar of marriages). As to any remaining allegations in Paragraph 16, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

17. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint in Intervention.

18. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint in Intervention.

19. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint in Intervention.

20. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint in Intervention.

21. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint in Intervention.

22. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint in Intervention.

23. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint in Intervention.

24. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint in Intervention.

25. In response to Paragraph 25 of the Complaint in Intervention, the Administration admits that there is a long history of public and private discrimination against gays and lesbians, which has included criminal penalties for private sexual conduct between consenting adults (*see Lawrence v. Texas*, 539 U.S. 558 (2003)), hate crimes and harassment, public and private discrimination in employment, and laws stripping lesbians and gay men of rights afforded to other citizens (*see Romer v. Evans*, 516 U.S. 620 (1996)).

1    26.    The Administration admits the allegations in Paragraph 26 of the
Complaint in Intervention.

    27.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 27 of the Complaint in Intervention.

    28.    In response to Paragraph 28 of the Complaint in Intervention, the
Administration admits that, in 1999, the California Legislature passed domestic partnership
legislation, 1999 Cal. Stats. ch. 588, § 2.  The Administration further admits that, in 2003, the
California Legislature passed legislation expanding the rights and responsibilities of domestic
partnership, 2003 Cal. Stats. ch. 421, § 1.  The Administration further admits that, in 2000, the
voters of California adopted Proposition 22, which stated that "[o]nly marriage between a man
and a woman is valid or recognized in California."  The Administration further admits that, in
2008, the California Supreme Court held that Proposition 22 violated the California Constitution.
*See In re Marriage Cases*, 43 Cal. 4th 757 (2008).  The Administration further admits that the
voters of California subsequently adopted Proposition 8.  As to any remaining allegations in
Paragraph 28, the Administration lacks knowledge or information sufficient to admit or deny
those allegations.

    29.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 29 of the Complaint in Intervention.

    30.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 30 of the Complaint in Intervention.

    31.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 31 of the Complaint in Intervention.

    32.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 32 of the Complaint in Intervention.

    33.    The Administration admits the allegations in Paragraph 33 of the
Complaint in Intervention.

    34.    The Administration lacks knowledge or information sufficient to admit or
deny the allegations in Paragraph 34 of the Complaint in Intervention.

35. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint in Intervention.

36. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint in Intervention.

37. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint in Intervention.

38. In response to Paragraph 38 of the Complaint in Intervention, the Administration admits that marriage in California is not limited to those who are capable of procreating. The Administration further admits that the State has not established as a legal requirement for marriage that the members of the couple be fertile, of child-bearing age, or intent on having or raising children. The Administration further admits that the State has never established as a legal requirement for marriage that the members of the couple be physically or mentally healthy, provided that the members of the couple are capable of consent. *See* Cal. Fam. Code § 300(a).

39. In response to Paragraph 39 of the Complaint in Intervention, the Administration admits that same-sex couples are legally permitted to participate in assisted reproduction, adoption, and foster parenting in the state of California. As to the remaining allegations in Paragraph 39, the Administration lacks knowledge or information sufficient to admit or deny those allegations.

40. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint in Intervention.

41. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint in Intervention.

42. The allegations in Paragraph 42 of the Complaint in Intervention contain legal conclusions that require no answer. To the extent Paragraph 42 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

43. The Administration admits the allegations in Paragraph 43 of the Complaint in Intervention.

44. In response to Paragraph 44 of the Complaint in Intervention, the Administration incorporates by reference its answers to paragraphs 1 through 43 as if fully set forth herein.

45. The allegations in Paragraph 45 of the Complaint in Intervention contain legal conclusions that require no answer. To the extent Paragraph 45 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

46. The allegations in Paragraph 46 of the Complaint in Intervention contain legal conclusions that require no answer. To the extent Paragraph 46 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

47. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Complaint in Intervention.

48. In response to Paragraph 48 of the Complaint in Intervention, the Administration incorporates by reference its answers to paragraphs 1 through 47 as if fully set forth herein.

49. The allegations in Paragraph 49 of the Complaint in Intervention contain legal conclusions that require no answer. To the extent Paragraph 49 contains allegations that require a response, the Administration responds by stating that it lacks knowledge or information sufficient to admit or deny those allegations.

50. In response to Paragraph 50 of the Complaint in Intervention, the Administration admits that California law provides civil marriage to heterosexual couples, but not to lesbian and gay couples. The Administration further admits that California law authorizes lesbian and gay couples to enter domestic partnerships. The Administration lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 50 of the Complaint in Intervention.

51. The Administration lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint in Intervention.

WHEREFORE, the Administration respectfully requests that this Court grant any and all relief the Court determines to be just and proper.

Dated: September 4, 2009

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
ANDREW W. STROUD
KELCIE M. GOSLING
LANDON D. BAILEY


By: /s/ Kenneth C. Mennemeier
Kenneth C. Mennemeier
Attorneys for Defendants Arnold Schwarzenegger, Mark B. Horton, and Linette Scott

| | |
|---|---|
| Case Name: | *Perry, et al. v. Schwarzenegger, et al.;* |
| Case No: | US District Court, Northern District, Case No. 3:09-cv-2292 VRW |

# CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On September 4, 2009, I served the within document(s):

**THE ADMINISTRATION'S ANSWER TO CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT IN INTERVENTION FOR DECLARATORY, INJUNCTIVE OR OTHER RELIEF**

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☒ by placing the document(s) listed above in a sealed envelope, with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on September 4, 2009, at Sacramento, California.

/s/ Angela Knight
Angela Knight

**SERVICE LIST**

DAVID BOIES
BOIES SCHILLER & FLEXNER LLP
333 MAIN STREET
ARMONK, NY 10504

RENA M. LINDEVALDSEN
LIBERTY COUNSEL
100 MOUNTAINVIEW RD
SUITE 2775
LYNCHBERG, VA 24502

THEANE EVANGELIS KAPUR
GIBSON DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071

TOBIAS BARRINGTON WOLFF
UNIVERSITY OF PENNSYLVANIA LAW SCHOOL
3400 CHESTNUT STREET
PHILADELPHIA, PA 19104-6204