COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS**<br><br>Date: October 14, 2009<br>Time: 10:00 a.m.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

1  Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,
2
3
4

5             Defendants,

6 and

7 PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,
8
9
10

11             Defendant-Intervenors.

12

13   Additional Counsel for Defendant-Intervenors

14

15 ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
16 101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

17

18 Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
19 *animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
20 Telephone: (202) 393-8690, Facsimile: (202) 347-3622

21 * Admitted *pro hac vice*

22

23

24

25

26

27

28

DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE
CASE NO. 09-CV-2292 VRW

Pursuant to Civil Local Rule 7-11, Defendant-Intervenors ("Proponents") respectfully seek the Court's leave to file a summary judgment motion in excess of the twenty-five pages allotted by local rule. *See* Civ. L.R. 7-2(b). Specifically, Proponents respectfully submit that an expanded page limit of one-hundred pages is warranted by the complex nature of the numerous important issues presented in this case, and request the Court's leave to file a motion of that length. Furthermore, Proponents request that, should the Court grant this request, it deem the proposed summary judgment motion, attached as Exhibit 1, filed today.

This case is of momentous importance: at stake is the constitutionality of Proposition 8, an amendment to the California Constitution reestablishing the venerable definition of marriage as the union of a man and a woman. A ruling invalidating Proposition would no doubt likewise doom similar provisions governing the institution of marriage in 43 other states and the federal government. The Court has accordingly recognized that this case touches on "serious questions" that demand careful consideration. *See* July 2, 2009 Tr. at 9:17-18.

Not only are the questions profoundly serious, but they are numerous and complex. As an initial matter, the Court must determine the precedential effect of prior decisions of the Supreme Court and the Ninth Circuit. Should it find that those cases do not control the outcome, it then must grapple with difficult questions of constitutional law, including the proper contours of the fundamental right to marry protected by the Due Process Clause and whether or not to mint a new suspect classification under the Equal Protection Clause, not to mention the numerous and contested issues of legislative fact that may underpin the Court's decision on these and other issues. *See* June 30, 2009 Order, Doc. # 76 at 6-9.

Indeed, the Court recognized that while the parties' briefing in connection with Plaintiffs' preliminary injunction motion was "fine, in a preliminary way," it was "hardly of an extent … that would enable the Court to make a decision on a full record." July 2 Tr. at 17-22. As the motion

we propose to file demonstrates, *see* Exhibit 1, we have sought to balance economy and comprehensiveness in providing the Court with points and authorities necessary to resolve this case.

The number and complexity of the issues presented by this case are well illustrated by the lengthy treatment state courts have given to similar state-law challenges to the institution of marriage. *See, e.g.*, *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008). One hundred pages is by no means excessive in light of the profound importance of the institution of marriage and the complexity of the issues involved. As for the burden of responding to our proposed brief, the burdens flow from the multiplicity of issues and should not be allowed to trump Defendant-Intervenors' ability to mount a robust and comprehensive defense of Proposition 8. This is especially true since Proponents are the only party defending the law. We had hoped to secure Plaintiffs' agreement to our proposal but were unable to secure such consent.[1]

As noted above, in addition to our request for leave to file a motion consisting of one hundred pages, we thus request that should the Court grant our request it deem the attached proposed summary judgment motion filed today. Since a copy of that motion is attached to our Motion to Exceed Page Limitations, any party wishing to respond to the motion for summary

---

[1] Plaintiffs' counsel has suggested that our motion is governed by this Court's Local Rule 7-4(b), which provides in pertinent part: "Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text." Consistent with the plain language of the rule, we have been interpreting it to apply only to "briefs or memoranda filed with opposition papers" and "reply briefs," and thus not to apply to our summary judgment motion. If we have
(Continued)

1 | judgment will not be prejudiced by deeming the brief filed today.

Dated: September 9, 2009

        COOPER AND KIRK, PLLC
        ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

        By:   /s/ Charles J. Cooper
                 Charles J. Cooper

---

(Cont'd)
misinterpreted the rule, we sincerely apologize to the Court and to the other parties for our mistake.

3