GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
Theodore H. Uno, SBN 248603
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>　　　　　Defendants. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS**<br><br>Judge:　　Chief Judge Walker<br>Location:　Courtroom 6, 17th Floor |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS

Plaintiffs respectfully request that the Court deny Defendant-Intervenors' request to file a 100-page brief.  The Defendant-Intervenors seek to file a brief that is *four times* the length allowed by this Court's rules, despite their failure to (1) timely seek the Court's prior approval, (2) confer with Plaintiffs about the matter before the day of filing, or (3) demonstrate good cause.  While this case is indisputably important, its importance does not itself warrant such an enormous increase in the amount of paper put before the Court.  Indeed, principal briefs filed before the United States Supreme Court on significant constitutional questions are limited to well under half the length requested here.  When Defendant-Intervenors first contacted Plaintiffs about this matter on the day of filing, Plaintiffs offered reasonable compromises in an effort to solve the problem caused by Defendant-Intervenors' failure to raise this issue in advance of the filing, but Defendant-Intervenors insisted on pushing forward.  Plaintiffs respectfully request that the Court and the Plaintiffs not bear the burden of Defendant-Intervenors' failure to abide by this Court's rules and sensible case management.

Civil Local Rule 7-2(b) restricts the length of a motion to "one filed document not exceeding 25 pages in length."  In the rare event a party believes that it is necessary to file a brief that exceeds the 25-page limit and is able to demonstrate good cause in support thereof, the party must seek and obtain the Court's approval to exceed the page restriction *prior to* the motion's due date.  *See* Civ. L.R. 7-4(b), 7-11.  Defendant-Intervenors contend that Local Rule 7.4(b) and its command that requests for extensions of the page limit be "made prior to the due date" apply only to those opposing motions and not to those making them.  Doc #172 at 2 n.1.  This is, to say the least, a tendentious interpretation of a Local Rule that governs the length of a party's "Brief or Memorandum of Point And Authorities."  L.R. 7-4(b) ("Length"); *see also* William W. Schwarzer et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial* § 12:62.2 (The Rutter Group 2009) ("If you need to exceed the local rules page limit, be sure to request permission ... *before the brief is due*! ...  If you fail to obtain advance permission, the court may simply refuse to consider or even strike your overlong brief, which may result in the motion not being heard at all if it was filed on or near the motion cut-off date.") (emphasis in the original).  The Court's Local Rules have not historically been given interpretations that are at odds with principles of orderly case management, basic fairness, and common sense, and Defendant-Intervenors suggest no reason why this Court should start now.

Gibson, Dunn & Crutcher LLP

1

09-CV-2292 VRW  PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS

But even if Local Rule 7.4(b) permitted Defendant-Intervenors to seek leave to file 75 excess pages on the day their brief is due, leave still should be denied. The profound importance of this case does not remotely justify the quantity of excess pages Defendant-Intervenors request. At this stage in the case—when not a single discovery response or document has yet been produced—a 100-page motion is grossly excessive and an abuse of this Court's and the parties' resources. Indeed, the United States Supreme Court limits principal briefs on the merits to 15,000 words (or approximately 40 pages of 12-point, double-spaced type). S. Ct. R. 33.1(g). And sometimes the Supreme Court requires that briefs be even shorter: As one timely example, on the same day that Defendant-Intervenors filed their motion, the Supreme Court heard re-argument in *Citizens United v. Federal Election Commission,* a case that *The New York Times* editorial board said "may be about to radically change politics" in America (Editorial, *A Threat to Fair Elections*, N.Y. Times, Sept. 8, 2009 *available at* http://www.nytimes.com/2009/09/08/opinion/08tue1.html), and that *The Wall Street Journal* observed "tests not only a central pillar of federal campaign-finance law but the court's own respect for precedent." Jess Bravin and T. W. Farnam, *Justices to Revisit Campaign Finance,* Wall St. J., Sept. 3, 2009, *available at* http://online.wsj.com/article/SB125193454105181373.html. Despite the gravity of the legal and social issues presented in *Citizens United,* the Supreme Court restricted the parties to 6,000 words (or approximately 15 pages) for their opening supplemental briefs and 3,000 words for their replies. *Citizens United v. Federal Election Comm'n*, No. 08-205 (U.S. June 29, 2009) (order setting reargument and briefing). While Plaintiffs are certainly open to a reasonable extension of the page limitations, Defendant-Intervenors simply cannot justify a 100-page brief at this stage in the proceedings.

Moreover, the belated nature the Defendant-Intervenors' request has maximized the prejudice to Plaintiffs. Defendant-Intervenors' 100-page brief clearly has undoubtedly been in the works for several weeks. Defendant-Intervenors could have alerted Plaintiffs and the Court of their intention to file an overlong brief on any number of occasions: two filed case management statements, two case management conferences before the Court where dispositive motions were discussed, and any number of informal conferences between the parties to discuss case management issues. Yet, Defendant-Intervenors never once raised even the possibility of needing additional pages for their

Gibson, Dunn & Crutcher LLP

2

09-CV-2292 VRW  PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS

motion. Instead, they waited until the day the brief was due, perhaps hoping that doing so would minimize the risk that the Court would deny their request, or perhaps that springing such a long brief at the last minute might force a delay in the schedule of briefing and argument. Such tactics should not be rewarded.

Despite this, and in a good-faith effort to reach a compromise, when Defendant-Intervenors' counsel first contacted Plaintiffs about this matter on the morning of September 9, Plaintiffs offered to stipulate to a more reasonable extension of the page limit, but Defendant-Intervenors refused to discuss a shorter page limit. Declaration of Matthew D. McGill, ¶ 2. Plaintiffs also offered to stipulate to a late filing of a summary judgment motion that conformed to the local rules, provided that the hearing date and reply brief filing date remained the same, that Plaintiffs be given extra days to oppose the motion, and that those extra days be deducted from Defendant-Intervenors' time to reply; Defendant-Intervenors refused to discuss this solution, as well. *Id*. at ¶ 3. By first raising the issue on the day their motion was due, and by not agreeing to any compromise, Defendant-Intervenors force Plaintiffs to either oppose this massively over-length brief within the 14 days provided by the local rules, or, on the other hand, seek a continuance of the expedited schedule and perpetuate the ongoing harm to Plaintiffs. Neither option is acceptable or fair, and Plaintiffs respectfully request that the Court require the Defendant-Intervenors to bear to consequences of their failure to confer in advance.

Based on the foregoing, Plaintiffs request that the Court deny Defendant-Intervenors' Motion for Administrative Leave to Exceed Page Limitations. Doc #172. Plaintiffs respectfully suggest that the Court reject the proposed motion for summary judgment as defective and untimely. Defendant-Intervenors should not be heard to protest that this result is too severe given that they, and they alone, controlled the timing of their request and could have avoided this circumstance by seeking leave well before the due date. As an alternative, if the Court is not inclined to reject the motion outright, Plaintiffs respectfully request that the Court order a brief complying with the page limits to be filed by September 11, 2009, and further order that Plaintiffs' opposition is due on or before September 25, 2009, and that Defendant-Intervenors' reply remains due on September 30, with the current hearing date to remain unchanged.

Gibson, Dunn & Crutcher LLP

3

09-CV-2292 VRW  PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS

Respectfully submitted,

DATED: September 10, 2009

GIBSON, DUNN & CRUTCHER LLP


By: _____/s/_____
                Theodore B. Olson

and

BOIES, SCHILLER & FLEXNER LLP

David Boies

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO

Gibson, Dunn & Crutcher LLP

4

09-CV-2292 VRW  PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR ADMINISTRATIVE LEAVE TO EXCEED PAGE LIMITATIONS