# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9660
Fax (202) 220-9601

105 Kaula Lane
Bonita Springs, FL  34134
(239) 948-5947
Fax (239) 948-5946
ccooper@cooperkirk.com

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

September 10, 2009

Re: *Perry v. Schwarzenegger*, No. 09-2292 VRW

Dear Chief Judge Walker,

    Defendant-Intervenors respectfully request leave to file a motion for a protective order to resolve a discovery dispute that has arisen between Plaintiffs and Defendant-Intervenors.  Plaintiffs originally asserted that they "plan to seek documents relating to Prop. 8's genesis, drafting, strategy, objectives, advertising, campaign literature, and Intervenors' communications with each other, supporters, and donors."  Doc # 157 at 12.  At the August 19, 2009 hearing, Mr. Cooper explained that "some of the things that [Plaintiffs] would like to inquire into … going to voter motivation are issues that we earnestly believe are not fit and appropriate for judicial inquiry, and that in fact, would raise the gravest possible First Amendment issues."  Tr. 59.  Counsel requested "an opportunity to fully brief that proposition before we get off in the direction of taking depositions of our clients and subpoenaing their emails … going to their internal campaign strategies . . . ."  *Id.*  In response, Plaintiffs' counsel stated: "I frankly do not believe that we will have a problem, at least at the initial stages of discovery, in limiting discovery in a way that does not impermissibly infringe on any First-Amendment issues."  *Id.* at 63.  Counsel represented that "statements that were made publicly" are "subject to discovery" but that Plaintiffs would "not be inquiring into" "subjective, unexpressed motivations."  *Id.* at 63-64.

    Two days later, Plaintiffs propounded document requests (enclosed herewith) that seek materials that are both legally irrelevant and protected from disclosure by the First Amendment.  For example, in Request No. 8 Plaintiffs seek "[a]ll versions of any documents that constitute communications relating to Prop. 8, between you and any third party."  Plaintiffs define "relating" to mean "indirect and direct references to the subject matter set forth in the document request."  Plaintiffs thus seek *all* correspondence Defendant-Intervenors may have had with any "third party" (even a single individual, whether or not a California voter) bearing any relationship to Prop. 8 whatsoever—including communications with individual donors or voters, communications with political strategists, and communications with friends.  Moreover, Plaintiffs seek these communications regardless of whether

1

they relate to the public understanding of or motivation for enacting Prop. 8.  Defendant-Intervenors and Plaintiffs have exchanged letters (attached hereto) and engaged in telephone conferences in an effort to resolve our conflicting views of the permissible scope of discovery in this case. Plaintiffs' counsel has confirmed that Plaintiffs seek communications between Defendant-Intervenors and third parties that in any way relate to Prop. 8.  Plaintiffs' counsel also has confirmed that Plaintiffs seek all versions of publicly distributed documents, including draft versions never meant for public distribution.

It thus appears that Plaintiffs do not intend to limit their discovery requests in a way that would be consistent with Defendant-Intervenors' First Amendment privilege and/or that would relieve Defendant-Intervenors of the burden of reviewing and producing tens of thousands of documents that are legally irrelevant.  As the Ninth Circuit cogently explained in *SASSO v. Union City*, while it might be proper to assign a discriminatory purpose to the public's enactment of a referendum using "wholly objective standards" such as "ultimate effect and historical context," the resort to subjective views of the electorate is an inappropriate avenue of judicial inquiry as it would require "a probing of the private attitudes of the voters, [which] would entail an intolerable invasion of the privacy that must protect an exercise of the franchise."  424 F.2d 291, 295 (9th Cir. 1970).  *See also Jones v. Bates*, 127 F.3d 839, 860 (9th Cir. 1997).  The Supreme Court, in Plaintiffs' principal case, *Romer v. Evans*, 517 U.S. 620, 634 (1996), hewed closely to this line, examining only information that was publicly known (such as the referendum's ultimate effect).  Thus, Plaintiffs seek discovery that has no possible bearing on the outcome of this case.  Moreover, communications regarding political strategy, associational goals, and speech related to petitioning of the government are protected by the First Amendment.  *See NAACP v. Alabama*, 357 U.S. 449 (1958); *Beinin v. The Center for the Study of Popular Culture*, 2007 U.S. Dist. LEXIS 47546, at *10 (N.D. Cal. 2007) (Ware, J.).  *See also In re Motor Fuel Temperature Sales Practices Litig.*, 2009 U.S. Dist. LEXIS 66005 (D. Kan. 2009).

But the Court need not take our word for it.  Plaintiffs' counsel has very recently explained to the Supreme Court of the United States just what is at stake: "Even if the government did have an informational or enforcement interest in applying … disclaimer, disclosure, and reporting requirements to [an association engaging in core First Amendment activities], those interests would be outweighed by the extraordinary burdens that those requirements impose on First Amendment freedoms—including the risk of harassment and retaliation faced by [the association's] financial supporters, and the substantial compliance costs borne by [the association]….*The widespread economic reprisals against financial supporters of California's Proposition 8 dramatically illustrate the unsettling consequences of disseminating contributors' names and addresses to the public through searchable websites. . . .*" Reply Br. for Appellant at 28-29, *Citizens United v. FEC*, No. 08-205 (U.S. Mar. 17, 2009).  Here, Plaintiffs seek much more invasive and sweeping disclosure than the information sought in *Citizens*.

Defendant-Intervenors respectfully request leave to file a motion for a protective order.

        Sincerely,

        /s/ Charles J. Cooper

        Charles J. Cooper
        Counsel for Defendant-Intervenors

Enclosures
Cc: Counsel of Record