GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
Theodore H. Uno, SBN 248603
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM** |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby propound the following Requests for Production ("Requests") on Defendants-Intervenors Proposition 8 Proponents and Protectmarriage.com, to be answered fully, in writing, and under oath, no later than 30 days after service of these Requests. All objections, responses, and responsive documents shall be served in compliance with Rules 26 and 34 and produced to Gibson, Dunn & Crutcher LLP, c/o Ethan Dettmer, 555 Mission Street, Suite 3000, San Francisco, California 94105.

## DEFINITIONS

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37 are adopted and incorporated by this reference. The following words and phrases shall have the following meanings in these Requests:

1. "You," "your," or "intervenors" mean, individually and collectively, the persons and organizations Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Hak-Shing William Tam, Mark A. Jansson, and Protectmarriage.com – Yes on 8, A Project of California Renewal, who are defendant-intervenors in the instant action.

2. "Proposition 8" or "Prop. 8" means the proposition that was placed on the November, 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election. No reference to "Proposition 8" or "Prop. 8" shall be construed as limited by the date on which Proposition 8 received its official number ("8") or ballot title on the November, 2008 California ballot.

3. "Document" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on your computers or the computers of your employees and independent contractors or consultants, whether provided by you to such individuals or otherwise.

4. "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

Gibson, Dunn & Crutcher LLP

1

09-CV-2292 VRW PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM

5. The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

6. Each of the words "reflecting," "relating," "supporting," "concerning," "evidencing," and "referring" as used herein include the common meanings of all those terms, as well as indirect and direct references to the subject matter set forth in the document request.

7. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## INSTRUCTIONS

1. In producing documents and things, you are required to furnish all documents or things in your possession, custody, or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, and consultants.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories of the documents requested below.

3. If you object to a portion or an aspect of a Request, state the grounds for your objection with specificity. If any document called for by these Requests is withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are requested to so state, specifying for each such document its title, subject matter, sender, author, each person to whom the original or copy was circulated, recipients of copies, the persons present during the communication, the identity of the privilege being asserted, and the basis upon which the privilege is claimed.

4. If production of any portion of a document is required pursuant to these Requests, produce the entirety of that document.

5. If any document cannot be produced in full, produce to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the portion not produced.

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM

6.　Your obligation to respond to these Requests is continuing in nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement your responses in the event new or additional information is discovered or obtained.

7.　Each Request applies to the period from January 1, 2006 through and including the date of production.

8.　Defendant-intervenors and Plaintiffs shall confer prior to defendant-intervenors' time to respond to this set of discovery requests so that the parties can reach an agreement under Rule 34(e) of the Federal Rules of Civil Procedure as to the procedures that will be applied to the production of documents or electronically stored information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that were distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**REQUEST FOR PRODUCTION NO. 2:**

All versions of any internet advertisement relating to Proposition 8.

**REQUEST FOR PRODUCTION NO. 3:**

All versions of any television advertisement relating to Proposition 8.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of any radio advertisement relating to Proposition 8.

**REQUEST FOR PRODUCTION NO. 5:**

All plans, schematics, and versions of the websites that have ever been available at the URLs http://www.protectmarriage.com or http://www.protectmarriage.net.

**REQUEST FOR PRODUCTION NO. 6:**

All documents constituting communications prepared for public distribution and related to Proposition 8, including without limitation speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

Gibson, Dunn & Crutcher LLP

3

09-CV-2292 VRW  PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM

**REQUEST FOR PRODUCTION NO. 7:**

All documents constituting postings related to Proposition 8 that were made by you on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

**REQUEST FOR PRODUCTION NO. 8:**

All versions of any documents that constitute communications relating to Proposition 8, between you and any third party, including, without limitation, members of the public or the media.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that tend to support or refute the claims, denials, or assertions made in your [Proposed] Answer in this litigation (Doc #9).

**REQUEST FOR PRODUCTION NO. 10:**

All documents that tend to support or refute the arguments made in your Memorandum in Opposition to Motion for Preliminary Injunction in this litigation (Doc #36).

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the title of everyone employed by Protect Marriage, at any time, including but not limited to organizational charts.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting public media coverage of Proposition 8.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that tend to support or refute your responses to Plaintiffs' Interrogatories Nos. 1-3 propounded on August 21, 2009.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that tend to support or refute any one of your responses to Plaintiffs' Requests for Admission Nos. 1-68, propounded on August 21, 2009, that is not an unequivocal admission.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you intend to use as exhibits at trial in this litigation.

//

//

//

Gibson, Dunn & Crutcher LLP

4

09-CV-2292 VRW PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM

| | | |
|---|---|---|
| 1 | DATED: August 21, 2009 | GIBSON, DUNN & CRUTCHER LLP |

By: *[signature]*
Matthew D. McGill

and

BOIES, SCHILLER & FLEXNER LLP

David Boies

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, AND JEFFREY J. ZARRILLO

Gibson, Dunn & Crutcher LLP

5

09-CV-2292 VRW  PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM