# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
_____

555 Mission Street, Suite 3000, San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

September 11, 2009

| Direct Dial | Client Matter No. |
|---|---|
| (415) 393-8292 | T 36330-00001 |

Fax No.
(415) 374-8444

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
  for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102

Re:   *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

I write in response to Defendant-Intervenors' September 10, 2009 letter to the Court. Doc #175.  Plaintiffs do not oppose Defendant-Intervenors' request for leave to file a motion for a protective order, although we anticipate opposing the ultimate motion for a protective order to the extent it reflects Defendant-Intervenors' extraordinarily limited view of what is discoverable in this important litigation.  Plaintiffs invite an expedited briefing and resolution to this matter.

In the course of the parties' conferences regarding the proper scope of discovery, Defendant-Intervenors have adopted a restrictive and rigid position regarding what is discoverable in this case:  they will only produce documents that were made available to the general public as a whole (*i.e*., to voters at large that could be accessed by any member of the public), and refuse to produce any communications between the official proponents of Proposition 8 and any group of actual or potential Proposition 8 supporters or individual Proposition 8 supporters.  For example, Defendant-Intervenors are unwilling to produce even broadly communicated messages that are sent to targeted groups of recipients, such as voters registered with a particular party or members of particular groups.  Defendant-Intervenors also contend that *any* internal communication, or communication with a consultant, advisor, or vendor, is necessarily off limits regardless of its content and even if it would constitute a binding admission, directly contradict their contentions, or go directly to the public campaign at issue in this case.  Defendant-Intervenors' limited view of what is discoverable, and even of what it means for a communication to be "public," runs counter to the broad scope of discovery permitted by the Federal Rules of Civil Procedure and applicable case law, and is plainly

The Honorable Vaughn R. Walker
September 11, 2009
Page 2

designed to prevent Plaintiffs from ever seeing anything but the most carefully crafted and broadly disseminated messages relating to their campaign.  *See, e.g., City of Los Angeles v. County of Kern,* 462 F. Supp. 2d 1105, 1114 (C.D. Cal. 2006) (citing *Washington v. Seattle Sch. Dist. No. 1,* 458 U.S. 457, 471 (1982)) ("Court[s] may look to the nature of the initiative campaign to determine the intent of the drafters and voters in enacting it."); Fed. R. Civ. P. 26(b)(1) (discoverable "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Defendant-Intervenors raise two specific objections, neither of which withstand scrutiny.  The first is based on the supposed irrelevance of non-public communications to the matters at issue.  *See* Doc #175 at 2, *citing SASSO v. Union City*, 424 F.2d 291, 295 (9th Cir. 1970).  Plaintiffs disagree that *SASSO* controls this question, but without even delving into the question of whether the subjective beliefs of Proposition 8's official proponents are relevant to a determination of discriminatory purpose, it is more than a stretch to assert that no document— even an admission or statement at odds with positions in this case—could possibly be relevant or likely to lead to the discovery of admissible evidence simply because it was not made available to the voting public at large.

Defendant-Intervenors' second objection is based on supposed First Amendment protections for communications between the official proponents of Proposition 8 and their supporters.  Doc #175 at 2, *citing*, *inter alia*, *NAACP v. Alabama*, 357 U.S. 449 (1958).  Defendant-Intervenors' purported concern regarding the privacy of themselves and their supporters is a red herring.  As their quotation from the briefing in *Citizens United v. FEC* makes clear, the identities of Proposition 8's contributors are already public and thus any privacy concerns are moot.  *See ProtectMarriage.com v. Bowen*, 599 F. Supp. 2d 1197 (E.D. Cal. 2009).  To the extent Defendant-Intervenors seek to protect their communications with third-party political consultants, the identity of those individuals is also public.  No ruling by this Court regarding the privacy or participation rights of Proposition 8's contributors can change the fact that this information is public.  Lastly, Plaintiffs have offered to work with Defendant-Intervenors to address any legitimate concerns they may have about privacy and related issues, but Defendant-Intervenors have been unwilling to pursue such a approach.

In light of the expedited trial schedule and approaching deadlines, Plaintiffs seek a prompt resolution of this dispute.  If the Court determines that a telephone conference with all parties would be appropriate, Plaintiffs welcome the Court's involvement.

    Respectfully submitted,

    /s/ Ethan D. Dettmer

    Ethan D. Dettmer
    Counsel for Plaintiffs

cc:     Counsel of Record