CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

THERESE M. STEWART
CHIEF DEPUTY CITY ATTORNEY
Direct Dial:    (415) 554-4708
Email:          therese.stewart@sfgov.org

September 11, 2009

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
        for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
        Re:    *Perry v. Schwarzenegger*, No. 09-2292 VRW

Dear Chief Judge Walker:

I write on behalf of Plaintiff-Intervenor City and County of San Francisco in response to the letter sent by Defendant-Intervenors [Doc. #175] seeking leave to file a motion for protective order. Defendant-Intervenors' position appears to be that any discovery into communications by Proposition 8 proponents with third parties — except that which was directly disseminated to all or most voters — is off limits, either because (1) it concerns the subjective motivation of individual voters and is thus irrelevant and is further protected by the First Amendment, or (2) because it concerns the Proposition 8 proponents' strategy decisions and is protected by the First Amendment. Further, Defendant-Intervenors contend such discovery would be burdensome because it would require them to review thousands of documents. San Francisco joins in the letter sent by the Perry Plaintiffs [Doc. #181], which points out that none of these contentions are supported by the cases Defendant-Intervenors cite.

San Francisco writes to add two points. First, Defendant-Intervenors' position is belied by their own conduct in this case. On August 27, 2009, Defendant-Intervenors served document subpoenas on six different groups that were involved in the No On 8 Campaign. The subpoenas Defendant-Intervenors served on those organizations demand production of ten categories of documents, including but not limited to:

- "all versions of any documents that reflect communications relating to Proposition 8 between you and *any* third party,"

- "all documents constituting . . . mail, . . . emails, . . . text messages, . . . or other materials that you distributed to *voters, donors, [or] potential donors* . . . regarding Proposition 8,"

- "all *plans, schematics, and versions* of websites relating to Proposition 8 that you hosted, paid for, or sponsored," and

- "documents showing *the name and title of every employee of your organization* since January 2008 who was involved in your campaign against Proposition 8, including but not limited to *organizational charts*." (Emphases added; copies of notice and subpoenas attached as Exhibit A.)

Defendant-Intervenors' actions speak louder than their words. Their attempt to obtain discovery from third parties concerning the campaign strategy and communications of the No On 8 Campaign simply cannot be squared with their contention that discovery into the Yes On 8 Campaign is irrelevant, unduly burdensome and violative of the First Amendment.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to The Honorable Vaughn R. Walker
Page 2
September 11, 2009

    Second, San Francisco proposes that the Court provide an expedited briefing schedule, with the opening brief due on Tuesday October 15, the opposition due on Tuesday October 22, and no reply brief.  This will help ensure that the Court's schedule is maintained.

Very truly yours,

DENNIS J. HERRERA
City Attorney


     /s/
THERESE M. STEWART
Chief Deputy City Attorney

EXHIBIT "A"

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M. PERRY, SANDRA B. STIER, PAUL
T. KATAMI, and JEFFREY J. ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v.

ARNOLD SCHWARZENEGGER, in his official
capacity as Governor of California; EDMUND G.
BROWN, JR., in his official capacity as Attorney
General of California; MARK B. HORTON, in his
official capacity as Director of the California
Department of Public Health and State Registrar of

CASE NO. 09-CV-2292 VRW

**DEFENDANTS-INTERVENORS
PROPOSITION 8 PROPONENTS
AND PROTECTMARRIAGE.COM'S
NOTICE OF SUBPOENAS FOR
DOCUMENTS AND
ELECTRONICALLY STORED
INFORMATION**

Date: None
Time: None
Location: None
Judge: Chief Judge Vaughn R. Walker
Trial Date: January 11, 2010

1   Vital Statistics; LINETTE SCOTT, in her official
    capacity as Deputy Director of Health Information
2   & Strategic Planning for the California Department
    of Public Health; PATRICK O'CONNELL, in his
3   official capacity as Clerk-Recorder for the County
    of Alameda; and DEAN C. LOGAN, in his official
4   capacity as Registrar-Recorder/County Clerk for
    the County of Los Angeles,
5

6               Defendants,

7   and

8   PROPOSITION 8 OFFICIAL PROPONENTS
    DENNIS HOLLINGSWORTH, GAIL J.
9   KNIGHT, MARTIN F. GUTIERREZ, HAK-
    SHING WILLIAM TAM, and MARK A.
10  JANSSON; and PROTECTMARRIAGE.COM –
    YES ON 8, A PROJECT OF CALIFORNIA
11  RENEWAL,

12              Defendants-Intervenors.

13

14  Additional Counsel for Defendants-Intervenors

15

16  ALLIANCE DEFENSE FUND
    Timothy Chandler (CA Bar No. 234325)
17  *tchandler@telladf.org*
    101 Parkshore Drive, Suite 100, Folsom, California 95630
18  Telephone: (916) 932-2850, Facsimile: (916) 932-2851

19  Jordan W. Lorence (DC Bar No. 385022)*
    *jlorence@telladf.org*
20  Austin R. Nimocks (TX Bar No. 24002695)*
    *animocks@telladf.org*
21  801 G Street NW, Suite 509, Washington, D.C. 20001
    Telephone: (202) 637-4610, Facsimile: (202) 347-3622
22
    * Admitted *pro hac vice*
23

24

25

26

27

28

1    Defendants-Intervenors Proposition 8 Proponents Dennis Hollingsworth, Gail J. Knight,

2    Martin F. Gutierrez, Hak-Shing William Tam, and Mark A. Jansson (collectively referred to as

3    "Proponents"), and Proposition 8 Campaign Committee ProtectMarriage.com – Yes on 8, a Project

4    of California Renewal (the "Committee"), hereby notify all parties that they will serve, pursuant to

5    Fed. R. Civ. P. 45, the attached subpoenas requesting the production of documents and

6    electronically stored information on the following organizations:

7        1.    No on 8, Equality for All

8        2.    Human Rights Campaign California Marriage PAC – No on 8

9        3.    No on Proposition 8, Campaign for Marriage Equality, A Project of the American

10   Civil Liberties Union of Northern California

11       4.    Win Marriage Back, A Project of Equality California (formerly known as No on 8 –

12   Equality California)

13       5.    Californians Against Eliminating Basic Rights

14       6.    Courage Campaign

15   Dated: August 27, 2009

16                                              COOPER AND KIRK, PLLC
                                                ATTORNEYS   FOR   DEFENDANTS-INTERVENORS
17                                              DENNIS   HOLLINGSWORTH,   GAIL   J.   KNIGHT,
                                                MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
18                                              MARK A. JANSSON, AND PROTECTMARRIAGE.COM –
                                                YES ON 8, A PROJECT OF CALIFORNIA RENEWAL
19

20                                              By: s/Charles J. Cooper
                                                   Charles J. Cooper
21

22

23

24

25

26

27

28



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Bonnie S. Anderson
39 Drumm Street
San Francisco, California 94111

      Re: *Perry v. Schwarzenegger,*
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Anderson:

      Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter. In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action. Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization. Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

      Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

      Sincerely,

      James A. Campbell

cc: All counsel of record

Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

<table>
<tr><td>Kristin M. Perry, et al.<br><i>Plaintiff</i></td><td>)<br>)</td><td rowspan="6">Civil Action No.  09-cv-2292 VRW<br><br>(If the action is pending in another district, state where:</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td>Arnold Schwarzenegger, et al.</td><td>)</td></tr>
<tr><td><i>Defendant</i></td><td>)<br>)</td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union of
    Northern California c/o Bonnie S. Anderson, 39 Drumm Street, San Francisco, California 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See attached Exhibit A for list of requested documents and electronically stored information.

<table>
<tr><td>Place:  The Law Firm of J. Hector Moreno, Jr. and Associates<br>          51 E. Campbell Ave., Suite 128<br>          Campbell, California 95008</td><td>Date and Time:<br><br>09/17/2009 12:00 pm</td></tr>
</table>

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:    08/27/2009

                        *CLERK OF COURT*
                                                    OR
    _____                _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    The Proposition 8
_____Proponents and ProtectMarriage.com_____ , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____                 _____
                                                *Server's signature*

                                      _____
                                                *Printed name and title*


                                      _____
                                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1   received its official name, number, or ballot title.

2        3.    "Document" includes, but is not limited to, hard copies, electronic documents,

3   electronic or computerized data compilations, software, software images, or downloads.  This term

4   applies to all documents, whether in hard copy or electronic form, on your computers or the

5   computers of your employees, agents, or representatives, whether provided by you to such

6   individual or otherwise.

7        4.    "Communication" means the transmittal of information in the form of facts, ideas,

8   inquiries, thoughts, or otherwise, and without limitation as to means or method.

9        5.    "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10   "showing" includes the common meaning of those words as well as the indirect and direct

11   references to the subject matter set forth in this Request.

12   **<u>Requested Documents and Electronically Stored Information</u>**

13        1.    Produce all documents constituting literature, pamphlets, flyers, direct mail,

14   advertisements, emails, text messages, press releases, or other materials that you distributed to

15   voters, donors, potential donors, or members of the media regarding Proposition 8.

16        2.    Produce all versions of any internet advertisement relating to Proposition 8 that you

17   had any involvement producing, creating, or distributing.

18        3.    Produce all versions of any television advertisement relating to Proposition 8 that

19   you had any involvement producing, creating, or distributing.

20        4.    Produce all versions of any radio advertisement relating to Proposition 8 that you

21   had any involvement producing, creating, or distributing.

22        5.    Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23   you hosted, paid for, or sponsored.

24        6.    Produce all documents constituting communications that you prepared for public

25   distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26   articles, notes, and automated telemarketing phone calls.

27        7.    Produce all documents reflecting your postings related to Proposition 8 on social

28   networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.    Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

9.    Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.    Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

Californians Against Eliminating Basic Rights
c/o James Harrison
201 Dolores Avenue
San Leandro, California 94577

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Harrison:

      Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter. In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action. Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization. Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

      Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

                      Sincerely,

                      James A. Campbell

cc: All counsel of record

Encl.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  09-cv-2292 VRW |
| Arnold Schwarzenegger, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Californians Against Eliminating Basic Rights c/o James Harrison
201 Dolores Avenue, San Leandro, California 94577

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates<br>51 E. Campbell Ave., Suite 128<br>Campbell, California 95008 | Date and Time:<br><br>09/17/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/27/2009

```
CLERK OF COURT
                                        OR
_____              _____
   Signature of Clerk or Deputy Clerk               Attorney's signature
```

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   The Proposition 8
_____ Proponents and ProtectMarriage.com _____ , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                      *Server's signature*


                                      _____
                                      *Printed name and title*


                                      _____
                                      *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names.  It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1    received its official name, number, or ballot title.

2         3.    "Document" includes, but is not limited to, hard copies, electronic documents,

3    electronic or computerized data compilations, software, software images, or downloads. This term

4    applies to all documents, whether in hard copy or electronic form, on your computers or the

5    computers of your employees, agents, or representatives, whether provided by you to such

6    individual or otherwise.

7         4.    "Communication" means the transmittal of information in the form of facts, ideas,

8    inquiries, thoughts, or otherwise, and without limitation as to means or method.

9         5.    "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10   "showing" includes the common meaning of those words as well as the indirect and direct

11   references to the subject matter set forth in this Request.

12   **Requested Documents and Electronically Stored Information**

13        1.    Produce all documents constituting literature, pamphlets, flyers, direct mail,

14   advertisements, emails, text messages, press releases, or other materials that you distributed to

15   voters, donors, potential donors, or members of the media regarding Proposition 8.

16        2.    Produce all versions of any internet advertisement relating to Proposition 8 that you

17   had any involvement producing, creating, or distributing.

18        3.    Produce all versions of any television advertisement relating to Proposition 8 that

19   you had any involvement producing, creating, or distributing.

20        4.    Produce all versions of any radio advertisement relating to Proposition 8 that you

21   had any involvement producing, creating, or distributing.

22        5.    Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23   you hosted, paid for, or sponsored.

24        6.    Produce all documents constituting communications that you prepared for public

25   distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26   articles, notes, and automated telemarketing phone calls.

27        7.    Produce all documents reflecting your postings related to Proposition 8 on social

28   networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.      Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

9.      Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.     Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

Courage Campaign
c/o Stephen J. Kaufman
777 S. Figueroa Street, Suite 4050
Los Angeles, California 90017

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Kaufman:

      Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter.  In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action.  Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization.  Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

      Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

               Sincerely,

               James A. Campbell

cc: All counsel of record

Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  09-cv-2292 VRW |
| Arnold Schwarzenegger, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Courage Campaign c/o Stephen J. Kaufman
     777 S. Figueroa Street, Suite 4050, Los Angeles, California 90017

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place:  Sam Kim and Associates, P.C. | Date and Time: |
|---|---|
| 5661 Beach Blvd. | |
| Buena Park, California 90621 | 09/17/2009 12:00 pm |

    ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/27/2009

             *CLERK OF COURT*
                                        OR

_____        _____
     *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    The Proposition 8
_____Proponents and ProtectMarriage.com_____ , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*


                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1   received its official name, number, or ballot title.

2       3.   "Document" includes, but is not limited to, hard copies, electronic documents,

3   electronic or computerized data compilations, software, software images, or downloads.  This term

4   applies to all documents, whether in hard copy or electronic form, on your computers or the

5   computers of your employees, agents, or representatives, whether provided by you to such

6   individual or otherwise.

7       4.   "Communication" means the transmittal of information in the form of facts, ideas,

8   inquiries, thoughts, or otherwise, and without limitation as to means or method.

9       5.   "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10  "showing" includes the common meaning of those words as well as the indirect and direct

11  references to the subject matter set forth in this Request.

12  **Requested Documents and Electronically Stored Information**

13      1.   Produce all documents constituting literature, pamphlets, flyers, direct mail,

14  advertisements, emails, text messages, press releases, or other materials that you distributed to

15  voters, donors, potential donors, or members of the media regarding Proposition 8.

16      2.   Produce all versions of any internet advertisement relating to Proposition 8 that you

17  had any involvement producing, creating, or distributing.

18      3.   Produce all versions of any television advertisement relating to Proposition 8 that

19  you had any involvement producing, creating, or distributing.

20      4.   Produce all versions of any radio advertisement relating to Proposition 8 that you

21  had any involvement producing, creating, or distributing.

22      5.   Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23  you hosted, paid for, or sponsored.

24      6.   Produce all documents constituting communications that you prepared for public

25  distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26  articles, notes, and automated telemarketing phone calls.

27      7.   Produce all documents reflecting your postings related to Proposition 8 on social

28  networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.      Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

9.      Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.     Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o James B. Carroll
2370 Market Street, 2nd Floor
San Francisco, California 94114

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Carroll:

      Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter.  In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action.  Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization.  Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

      Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

                      Sincerely,

                      James A. Campbell

cc: All counsel of record

Encl.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| Kristin M. Perry, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Arnold Schwarzenegger, et al. | ) |
| *Defendant* | ) |

Civil Action No.  09-cv-2292 VRW

(If the action is pending in another district, state where: 

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Win Marriage Back, A Project of Equality California (formerly known as No on 8 - Equality California)
      c/o James B. Carroll, 2370 Market Street, 2nd Floor, San Francisco, California 94114

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates | Date and Time: |
|---|---|
| 51 E. Campbell Ave., Suite 128 Campbell, California 95008 | 09/17/2009 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/27/2009

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   The Proposition 8
Proponents and ProtectMarriage.com                        , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____       _____
                                        *Server's signature*

                                _____
                                        *Printed name and title*


                                _____
                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1    received its official name, number, or ballot title.

2        3.    "Document" includes, but is not limited to, hard copies, electronic documents,

3    electronic or computerized data compilations, software, software images, or downloads. This term

4    applies to all documents, whether in hard copy or electronic form, on your computers or the

5    computers of your employees, agents, or representatives, whether provided by you to such

6    individual or otherwise.

7        4.    "Communication" means the transmittal of information in the form of facts, ideas,

8    inquiries, thoughts, or otherwise, and without limitation as to means or method.

9        5.    "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10   "showing" includes the common meaning of those words as well as the indirect and direct

11   references to the subject matter set forth in this Request.

12   **Requested Documents and Electronically Stored Information**

13       1.    Produce all documents constituting literature, pamphlets, flyers, direct mail,

14   advertisements, emails, text messages, press releases, or other materials that you distributed to

15   voters, donors, potential donors, or members of the media regarding Proposition 8.

16       2.    Produce all versions of any internet advertisement relating to Proposition 8 that you

17   had any involvement producing, creating, or distributing.

18       3.    Produce all versions of any television advertisement relating to Proposition 8 that

19   you had any involvement producing, creating, or distributing.

20       4.    Produce all versions of any radio advertisement relating to Proposition 8 that you

21   had any involvement producing, creating, or distributing.

22       5.    Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23   you hosted, paid for, or sponsored.

24       6.    Produce all documents constituting communications that you prepared for public

25   distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26   articles, notes, and automated telemarketing phone calls.

27       7.    Produce all documents reflecting your postings related to Proposition 8 on social

28   networking websites, including but not limited to Facebook, MySpace, and Twitter.

1       8.    Produce all versions of any documents that reflect communications relating to

2  Proposition 8 between you and any third party, including but not limited to members of the media.

3       9.    Produce documents showing the name and title of every employee of your

4  organization since January 2008 who was involved in your campaign against Proposition 8,

5  including but not limited to organizational charts.

6      10.    Produce all documents reflecting public media coverage of Proposition 8 referring or

7  related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

No on 8, Equality for All
c/o Cary Davidson
520 S. Grand Ave., Suite 700
Los Angeles, California 90071

     Re: *Perry v. Schwarzenegger*,
     U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Cary Davidson:

     Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter. In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action. Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization. Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

     Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

              Sincerely,

              James A. Campbell

cc: All counsel of record

Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Kristin M. Perry, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Arnold Schwarzenegger, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  09-cv-2292 VRW

(If the action is pending in another district, state where:

Northern District of California

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  No on 8, Equality for All c/o Cary Davidson
520 S. Grand Ave., Suite 700, Los Angeles, California 90071

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place:  Sam Kim and Associates, P.C.<br>5661 Beach Blvd.<br>Buena Park, California 90621 | Date and Time:<br><br>09/17/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  08/27/2009

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   The Proposition 8
Proponents and ProtectMarriage.com , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .


I declare under penalty of perjury that this information is true.


Date:  _____                    _____
                                                              *Server's signature*

                                                      _____
                                                              *Printed name and title*


                                                      _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1    received its official name, number, or ballot title.

2         3.    "Document" includes, but is not limited to, hard copies, electronic documents,

3    electronic or computerized data compilations, software, software images, or downloads. This term

4    applies to all documents, whether in hard copy or electronic form, on your computers or the

5    computers of your employees, agents, or representatives, whether provided by you to such

6    individual or otherwise.

7         4.    "Communication" means the transmittal of information in the form of facts, ideas,

8    inquiries, thoughts, or otherwise, and without limitation as to means or method.

9         5.    "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10   "showing" includes the common meaning of those words as well as the indirect and direct

11   references to the subject matter set forth in this Request.

12   **Requested Documents and Electronically Stored Information**

13        1.    Produce all documents constituting literature, pamphlets, flyers, direct mail,

14   advertisements, emails, text messages, press releases, or other materials that you distributed to

15   voters, donors, potential donors, or members of the media regarding Proposition 8.

16        2.    Produce all versions of any internet advertisement relating to Proposition 8 that you

17   had any involvement producing, creating, or distributing.

18        3.    Produce all versions of any television advertisement relating to Proposition 8 that

19   you had any involvement producing, creating, or distributing.

20        4.    Produce all versions of any radio advertisement relating to Proposition 8 that you

21   had any involvement producing, creating, or distributing.

22        5.    Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23   you hosted, paid for, or sponsored.

24        6.    Produce all documents constituting communications that you prepared for public

25   distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26   articles, notes, and automated telemarketing phone calls.

27        7.    Produce all documents reflecting your postings related to Proposition 8 on social

28   networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.     Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

9.     Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.    Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

August 27, 2009

Human Rights Campaign California Marriage PAC – No on 8
c/o C T Corporation System
818 West Seventh Street
Los Angeles, California 90017

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Recipient:

      Enclosed herewith is a subpoena to produce documents and electronically stored information in the above-captioned matter. In responding to and interpreting these document requests, please follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action. Thus, please understand that the requests contained in this subpoena do not include the organization's internal communications and documents, including communications between the organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization. Please also understand that the requests contained in this subpoena, to the extent they call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public.

      Thank you for your assistance in this matter, and please take note that we will be responsible for reasonable photocopying expenses for the production of these documents and electronically stored information.

                      Sincerely,

                      James A. Campbell

cc: All counsel of record

Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.  09-cv-2292 VRW |
| v. | ) | |
| Arnold Schwarzenegger, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Human Rights Campaign California Marriage PAC - No on 8 c/o C T Corporation System
     818 West Seventh Street, Los Angeles, California 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place:  Sam Kim and Associates, P.C. | Date and Time: |
|---|---|
| 5661 Beach Blvd. Buena Park, California 90621 | 09/17/2009 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/27/2009

*CLERK OF COURT*

                                        OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      The Proposition 8
Proponents and ProtectMarriage.com                    , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# **EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1   received its official name, number, or ballot title.

2       3.      "Document" includes, but is not limited to, hard copies, electronic documents,

3   electronic or computerized data compilations, software, software images, or downloads. This term

4   applies to all documents, whether in hard copy or electronic form, on your computers or the

5   computers of your employees, agents, or representatives, whether provided by you to such

6   individual or otherwise.

7       4.      "Communication" means the transmittal of information in the form of facts, ideas,

8   inquiries, thoughts, or otherwise, and without limitation as to means or method.

9       5.      "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or

10  "showing" includes the common meaning of those words as well as the indirect and direct

11  references to the subject matter set forth in this Request.

12  **<u>Requested Documents and Electronically Stored Information</u>**

13      1.      Produce all documents constituting literature, pamphlets, flyers, direct mail,

14  advertisements, emails, text messages, press releases, or other materials that you distributed to

15  voters, donors, potential donors, or members of the media regarding Proposition 8.

16      2.      Produce all versions of any internet advertisement relating to Proposition 8 that you

17  had any involvement producing, creating, or distributing.

18      3.      Produce all versions of any television advertisement relating to Proposition 8 that

19  you had any involvement producing, creating, or distributing.

20      4.      Produce all versions of any radio advertisement relating to Proposition 8 that you

21  had any involvement producing, creating, or distributing.

22      5.      Produce all plans, schematics, and versions of websites relating to Proposition 8 that

23  you hosted, paid for, or sponsored.

24      6.      Produce all documents constituting communications that you prepared for public

25  distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

26  articles, notes, and automated telemarketing phone calls.

27      7.      Produce all documents reflecting your postings related to Proposition 8 on social

28  networking websites, including but not limited to Facebook, MySpace, and Twitter.

EXHIBIT A

8.     Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

9.     Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.    Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.