# Exhibit D

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>          Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy | CASE NO. 09-CV-2292 VRW<br><br>DEFENDANT-INTERVENORS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION |

1

Director of Health Information & Strategic
Planning for the California Department of Public
Health; PATRICK O'CONNELL, in his official
capacity as Clerk-Recorder for the County of
Alameda; and DEAN C. LOGAN, in his official
capacity as Registrar-Recorder/County Clerk for
the County of Los Angeles,

> Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS
DENNIS HOLLINGSWORTH, GAIL J.
KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
JANSSON; and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
RENEWAL,

> Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 637-4610, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant-Intervenors object

and respond as follows to Plaintiffs' First Set of Requests for Production ("Requests"),

propounded on August 21, 2009.

## GENERAL OBJECTIONS

1.  Defendant-Intervenors, in a letter to the Court, have sought leave to file a Motion for a

2

Protective Order.  That letter details, and the motion will detail, Defendant-Intervenors' objections to these Requests on grounds of both relevance and First Amendment privilege.  Any and all objections contained in the letter and motion are incorporated herein as objections to these Requests as if each of these arguments was separately and specifically set forth herein.

2.   Defendant-Intervenors object to the Requests to the extent that they purport to call for the disclosure of any information or document that (a) contains privileged attorney-client communications, (b) constitutes attorney work product, or (c) is otherwise protected from disclosure under applicable privileges, immunities, laws or rules.  Subject to the objections detailed herein, including objections to having to undertake the burden of reviewing and/or logging documents implicated by these Requests, Defendant-Intervenors will produce as soon as possible following the completion of the production of documents a log of all responsive documents that have been withheld from production pursuant to this objection and that Defendant-Intervenors are required to review and/or log pursuant to the Federal Rules of Civil Procedure and/or any existing or future order of the Court.

3.   Defendant-Intervenors object to these Requests to the extent that any of the Requests individually or collectively when coupled with Plaintiffs' Instructions for production would require the production or logging of communications and documents from the files of any of Defendant-Intervenors' litigation counsel regarding this litigation.  Based on the meet-and-confer between counsel on September 4, 2009, it is Defendant-Intervenors' understanding that Plaintiffs have agreed to narrow their Requests so as not to implicate information from the files of litigation counsel.  To the extent this understanding is incorrect, Defendant-Intervenors note for the record their objection.  Because any responsive information and materials would be held uniquely by such an attorney (as distinct from the Proponents, who are themselves producing responsive information and materials), they would be privileged or otherwise protected work product, virtually by

3

definition.  It would be unduly burdensome, unhelpful to all concerned, and gravely prejudicial to this overall production effort were these Requests to reach Defendant-Intervenors' attorneys who are specifically providing legal counsel in this matter.  There simply is no way to compile a comprehensive privilege log detailing all privileged materials in the possession of Defendant-Intervenors' litigation counsel while accomplishing document production on this timetable, and under these circumstances; nor would it be reasonable or productive to require Defendant-Intervenors to do so.

4.   Defendant-Intervenors object to the Requests to the extent that they seek information, documents, or other materials protected from disclosure by the First Amendment.  Defendant-Intervenors incorporate herein as objections to these Requests the letter to the Court seeking leave to file a Motion for a Protective Order and any and all arguments that will be set forth in that Motion when it is filed as if each of these arguments was separately and specifically set forth herein.  Communications that reflect core First Amendment activity—e.g., political views, legislative or political strategy, religious beliefs, voter intent, political speech, and associational activity—are not an appropriate subject of discovery and are protected from disclosure under applicable law.

5.   Defendant-Intervenors also object to the Requests and their accompanying instructions as unduly burdensome and beyond the scope of obligations imposed by the Federal Rules of Civil Procedure to the extent that they seek documents and information that are publically available and/or otherwise in the custody and control of third-parties.  To the extent Plaintiffs' Requests place an obligation on Defendant-Intervenors to produce documents and information from entities and/or individuals who are not uniquely within Defendant-Intervenors' custody and control, the Requests are objectionable.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

6.   Defendant-Intervenors object to these Requests to the extent they call for documents

irrelevant to any issue in this case. Because virtually all of the discovery sought by these Requests is legally irrelevant and not designed to lead to the discovery of admissible evidence, it would be objectionably burdensome for Defendant-Intervenors to have to collect, review, produce, and/or log all such documents. Because of the irrelevant nature of these materials, the time and expense that would be required to gather and produce them cannot be reasonably justified.

7. Because they are publicly available, and in an effort to minimize dispute, we are producing public advertisements and communications (such as newspaper advertisements, the text of radio advertisements, and the content of social networking posts available to the electorate at large) that were actually communicated to the electorate at large. We do not, however, concede that these documents are properly discoverable, legally relevant, or constitute competent evidence in this case.

8. Defendant-Intervenors object to these Requests, for the reasons stated herein and in the Motion for a Protective Order we intend to file, which is incorporated herein by reference, to the extent they seek drafts and other pre-decisional documents or communications associated with preparing final documents or communications regarding Proposition 8 that were actually disseminated to the electorate at large. These documents are legally irrelevant and protected from disclosure by the First Amendment.

9. Defendant-Intervenors object to these Requests and accompanying Instruction No. 7 to the extent they call for the production of documents and information postdating the passage of Proposition 8 in November of 2008. Not only are such communications and materials irrelevant to any conceivable issue in this lawsuit, their disclosure will violate Defendant-Intervenors' First Amendment rights. Defendant-Intervenors specifically incorporate herein by reference the arguments made in the Motion for a Protective Order we intend to file regarding why such post-election documents and communications are not an appropriate subject of discovery.

10.  Defendant-Intervenors object to these Requests as vague, ambiguous and/or unduly burdensome to the extent that the terms "public" and "third-party" are not defined and/or limited in any way, and taken at face value would encompass all communications Defendant-Intervenors may have had with any "third party"—even a single individual, whether or not a California voter—bearing any relationship to Proposition 8 whatsoever.  Such documents include, but are not limited to, communications with individual donors, volunteers, or voters; communications with political strategists and other agents or contractors of the Proponents or Committee; and communications with friends, colleagues, and casual acquaintances.  Moreover, Plaintiffs seek these communications regardless of whether they relate to the public understanding of or motivation for enacting Proposition 8.  This presents not only First Amendment concerns, but also creates an undue burden on Defendant-Intervenors in attempting to gather, review, and produce all such communications.

11.  Defendant-Intervenors object to these Requests to the extent they prematurely call for specific information that need not be made available under the Court's orders and/or is otherwise unavailable to the Defendant-Intervenors in its final form at this time.  As such, Defendant-Intervenors must caution that, although they are answering these Requests to the best of their present ability subject to the objections noted herein, the information contained herein is necessarily and expressly subject to change and to supplementation as circumstances associated with and surrounding this litigation continue to develop and unfold in the coming weeks.

12.  Defendant-Intervenors' responses to these Requests are subject to the understanding, based on an exchange of correspondence between counsel and a telephonic meet and confer, that Plaintiffs are not requesting internal communications among and between the Defendant-Intervenors.  By letter of August 30, Plaintiffs stated that they "do[] not seek internal communications among and between [Defendant-Intervenors] regarding Proposition 8 and the

related political campaign, except to the extent that you deem such communications responsive to Requests Nos. 9, 10, 13, 14, or 15." Requests Nos. 9, 10, 13, and 14 seek "[a]ll documents that tend to support or refute" the claims, denials, assertions, arguments, or responses made in Defendant Intervenors Answer (Doc. # 9), Memorandum in Opposition to Motion for Preliminary Injunction (Doc. # 36), responses to Plaintiffs' Interrogatories Nos. 1-3 and Requests for Admission Nos. 1-68 propounded on August 21, 2009. By telephone conference of September 4, 2009, Defendant-Intervenors explained that because our position is that all internal communications are legally irrelevant to any claim in this case, we "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case. Plaintiffs appeared to accept this as a permissible interpretation of these Requests. To the extent Defendant-Intervenors have misunderstood Plaintiffs' agreement to narrow their requests in this regard, Defendant-Intervenors note their objection to producing any internal communications and incorporate herein by reference the arguments against production that will be set forth in the Motion for a Protective Order that we have sought leave of Court to file. Defendant-Intervenors also note that disagreement still exists as to which persons and/or entities should properly be considered "internal" to Defendant-Intervenors; we preserve herein our objections to an overly expansive or overly narrow definition of that term.

Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each response given below, Defendant-Intervenors are answering these Requests in substance to the extent practicable and reasonable under the present circumstances, as stated below. Defendant-Intervenors hereby object and respond to the individual Requests as follows:

<u>SPECIFIC OBJECTIONS AND RESPONSES</u>

**REQUEST FOR PRODUCTION NO. 1:**

All documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that were distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors further specifically object to this Request to the extent it calls for the production of documents and information to "donors" or "potential donors."  Defendant-Intervenors further specifically object to this Request to the extent it calls for production of documents and information that are not relevant and/or protected by the First Amendment—including documents not distributed to the electorate at large.  Defendant-Intervenors incorporate by reference the objections and explanations in our Motion for a Protective Order, which we have sought leave of Court to file.

Subject to and without waiving any objection, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final copies of public communications responsive to this Request that were distributed to and or available to the electorate at large.

**REQUEST FOR PRODUCTION NO. 2:**

All versions of any internet advertisement relating to Proposition 8.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-

8

Intervenors' object to producing drafts of final public communications, which would include, e.g., non-public versions of Internet advertisements relating to Proposition 8 that were never actually posted on the Internet.  Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large (e.g., Internet communications of limited or invite-only distribution).  Defendant-Intervenors also specifically object to this Request to the extent it calls for the production of material from the Internet that is not uniquely within Defendant-Intervenors' custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i).  To the extent there were or are Internet advertisements related to Proposition 8 posted on the Internet by persons or entities other than the Defendant-Intervenors, that information is as equally available to Plaintiffs as it is to Defendant-Intervenors and thus is not the proper subject of discovery to Defendant-Intervenors.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final versions of internet advertisements posted on the internet by Defendant-Intervenors.

**REQUEST FOR PRODUCTION NO. 3:**

All versions of any television advertisement relating to Proposition 8.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors' object to producing drafts of final public communications, which would include non-public versions of television advertisements relating to Proposition 8 that were never actually aired.  Defendant-Intervenors object to this Request to the extent it calls for production of

documents not available to the electorate at large.  Defendant-Intervenors also specifically object to this Request to the extent it calls for the production of material not uniquely within Defendant-Intervenors' custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i).  To the extent there were television advertisements related to Proposition 8 aired by persons or entities other than Defendant-Intervenors, that information is as equally available to Plaintiffs as it is to Defendant-Intervenors and thus is not the proper subject of discovery to Defendant-Intervenors.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final versions of any television advertisements created by or for Defendant-Intervenors that were actually aired on television.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of any radio advertisement relating to Proposition 8.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors' object to producing drafts of final public communications, which would include non-public versions of radio advertisements relating to Proposition 8 that were never actually aired. Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large.  Defendant-Intervenors also specifically object to this Request to the extent it calls for the production of material not uniquely within Defendant-Intervenors' custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i).  To the extent there were radio advertisements related to Proposition 8 created by persons or entities other than Defendant-

Intervenors, that information is as equally available to Plaintiffs as it is to Defendant-Intervenors and thus is not the proper subject of discovery to Defendant-Intervenors.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final versions of radio advertisements created by or for Defendant-Intervenors that were actually aired on the radio.

**REQUEST FOR PRODUCTION NO. 5:**

All plans, schematics, and versions of the websites that have ever been available at the URLs http://www.protectmarriage.com or http://www.protectmarriage.net.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request. Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Defendant-Intervenors' object to producing drafts of final public communications, which would include non-public versions of websites relating to Proposition 8 that were never actually accessible by the electorate at large. Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final versions of Internet pages posted on the URLs http://www.protectmarriage.com or http://www.protectmarriage.net.

**REQUEST FOR PRODUCTION NO.6:**

All documents constituting communications prepared for public distribution and related to Proposition 8, including without limitation speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors' object to this Request to the extent it calls for drafts of final public communications, which would include non-public versions of documents relating to Proposition 8 that were never actually distributed or available to the public at large.  Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large. For example, documents "prepared for public distribution" but never actually publicly distributed are both irrelevant and privileged under the First Amendment.  Defendant-Intervenors object to the "term" public as vague, ambiguous, undefined, and not reasonably narrowed.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce final versions of documents responsive to this Request that are outside the scope of our objections.

**REQUEST FOR PRODUCTION NO.7:**

All documents constituting postings related to Proposition 8 that were made by you on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large.  Defendant-Intervenors further specifically object to this Request to the extent it purports to reach the non-public communications and postings of individual Defendant-Intervenors on their personal (as opposed to postings publicly accessible by any member of the electorate at large) social-networking sites.  While Defendant-Intervenors do not, at this time, believe that any such postings exist, were such postings to exist Defendant-Intervenors would object to producing them, as this would violate their First Amendment rights and call for information that is entirely irrelevant to any issue in this matter.  Thus, to the extent any such postings do exist, Defendant-Intervenors object to their production.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Defendant-Intervenors will produce postings on Defendant-Intervenors' public social networking sites.

**REQUEST FOR PRODUCTION NO.8:**

All versions of any documents that constitute communications relating to Proposition 8, between you and any third party, including, without limitation, members of the public or the media.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant

documents and documents privileged from disclosure under the First Amendment. Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large. Defendant-Intervenors' object to producing drafts of final public communications, which would include non-public versions of communications relating to Proposition 8 that were never available to the electorate at large. Defendant-Intervenors object to the phrases "any third party" and "members of the public" as vague, ambiguous, not defined, and not reasonably narrowed. Defendant-Intervenors further specifically object to this Request as impermissibly vague, ambiguous and/or unduly burdensome. It is unclear what additional communications apart from those already requested in Request Nos. 1 to 7 are being requested here. On its face, this Request appears to be seeking any communication related to Proposition 8 in any way, whether or not it is related to a public communication to the California electorate at large or was actually available to the electorate at large. This Request appears to include, for example: any and all communications Defendant-Intervenors may have had with their vendors, consultants, donors, members, friends, associates, or other correspondents; disclosure reports posted and available on public websites; and even pleadings filed in this case. In addition to being objectionable on First Amendment grounds as set forth above and in the Motion for a Protective Order that Defendant-Intervenors' have sought leave to file, which is incorporated herein by reference, this incredibly broad Request is objectionable because of the undue burden it would impose on Defendant-Intervenors if we were to gather, review, log and/or produce all responsive materials, the overwhelming majority of which are irrelevant to any issue in dispute in this case in violation of Fed. R. Civ. P. 26(b)(2)(C)(iii).

Based on the objections asserted above, Defendant-Intervenors have no additional documents to produce at this time.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that tend to support or refute the claims, denials, or assertions made in your [Proposed] Answer in this litigation (Doc #9).

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  In particular, Defendant-Intervenors reiterate General Objection No. 12. Defendant-Intervenors object to this Request to the extent it calls for irrelevant documents and documents protected from disclosure under the First Amendment.  Defendant-Intervenors further specifically object to this Request to the extent it purports to call for either the production of documents that are protected by the attorney work-product privilege and/or are publically available and thus as readily available to Plaintiffs as they are to Defendant-Intervenors.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  For example, Defendant-Intervenors specifically object to this Request to the extent it purports to call for the production of publically available information such as research or news articles, statistical data and information, Internet postings, pleadings in this and other cases, etc.

Subject to and without waiving these objections, because Defendant-Intervenors' position is that all documents implicated by these Requests, apart from those objected to on the grounds that they are work product and/or are publically available, are legally irrelevant to any claim in this case.  Unless and until a court with jurisdiction over this case rules otherwise Defendant-Intervenors "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case, and thus have no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that tend to support or refute the arguments made in your Memorandum in Opposition to Motion for Preliminary Injunction in this litigation (Doc #36).

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  In particular, Defendant-Intervenors reiterate General Objection No. 12. Defendant-Intervenors object to this Request to the extent it calls for irrelevant documents and documents protected from disclosure under the First Amendment.  Defendant-Intervenors further specifically object to this Request to the extent it purports to call for either the production of documents that are protected by the attorney work-product privilege and/or are publically available and thus as readily available to Plaintiffs as they are to Defendant-Intervenors.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  For example, Defendant-Intervenors object to this Request to the extent it purports to call for the production of publically available information such as research or news articles, statistical data and information, Internet postings, pleadings in this and other cases, etc..

Subject to and without waiving these objections, because Defendant-Intervenors' position is that all documents implicated by these Requests, apart from those objected to on the grounds that they are work product and/or are publically available, are legally irrelevant to any claim in this case.  Unless and until a court with jurisdiction over this case rules otherwise Defendant-Intervenors "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case, and thus have no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 11**:

Documents sufficient to show the title of everyone employed by Protect Marriage, at any time, including but not limited to organizational charts.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant

16

documents.  Defendant-Intervenors object to this Request as calling for documents privileged from disclosure under the First Amendment, such as membership lists, organizational charts, and other documents identifying individuals involved or associated with Defendant-Intervenors.  Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to the electorate at large.

Without waiving these objections, Defendant-Intervenors state that Protectmarriage.com – Yes on 8, a Project of California Renewal (the "Committee"), a "primarily formed ballot measure committee" under the California Political Reform Act, has a single officer responsible for filing required public disclosures – David Bauer.  Unofficially, the Committee had many volunteers with varying levels of involvement and input.  Several of those individuals served as agents for other organizations with an interest in the marriage debate, but none of these individuals were "employees" of the Committee while the Proposition 8 campaign was ongoing.  Producing any further information about the volunteers and members of Protect Marriage.com is objectionable on First Amendment grounds, and further, to the extent the identity of volunteers and members of Protect Marriage.com is already in the public realm, Plaintiffs can obtain this information from that source without the need for a production from Defendant-Intervenors.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting public media coverage of Proposition 8.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request.  Defendant-Intervenors object to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Defendant-Intervenors object to this Request to the extent it calls for production of documents not available to

the electorate at large.  Defendant-Intervenors' object to producing drafts of final public

communications, which would include non-public versions of documents relating to Proposition 8

that were never available to the electorate at large.  Defendant-Intervenors further specifically

object to this Request to the extent it purports to call for the production of publically available

information that is not uniquely within Defendant-Intervenors' custody and control and is as

readily available to Plaintiffs as it is to Defendant-Intervenors.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

To the extent Plaintiffs wish to review the public media coverage of Proposition 8, they can access

such materials just as easily as Defendant-Intervenors.  Defendant-Intervenors further object to this

Request to the extent it calls for collections, compilations, summaries, or analysis of public media

coverage that may have been created by Defendant-Intervenors for personal, political, strategic, or

other reasons.

Subject to and without waiving these objections, and without conceding the legal relevancy

of such materials, Defendant-Intervenors will produce documents created by Defendant-

Intervenors and produced to the media for dissemination to the electorate at large.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that tend to support or refute your responses to Plaintiffs' Interrogatories

Nos. 1-3 propounded on August 21, 2009.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in

response to this Request.  In particular, Defendant-Intervenors reiterate General Objection No. 12.

Defendant-Intervenors object to this Request to the extent it calls for irrelevant documents and

documents protected from disclosure under the First Amendment.  Defendant-Intervenors further

specifically object to this Request to the extent it purports to call for either the production of

18

documents that are protected by the attorney work-product privilege and/or are publically available and thus as readily available to Plaintiffs as they are to Defendant-Intervenors. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs' Interrogatories Nos. 1-3 specifically sought information related to the legal contentions of Defendant-Intervenors regarding what governmental interests they contend are important, legitimate, or compelling. Any information and/or documents that Defendant-Intervenors have compiled to assess, support, and/or respond to these Interrogatories and/or to evaluate these legal issues constitute work product that is not subject to disclosure. Further, to the extent a response to Plaintiffs' Interrogatories 1 to 3 can be found in the caselaw, such caselaw is as readily available to Plaintiffs as it is to Defendant-Intervenors.

Subject to and without waiving these objections, because Defendant-Intervenors' position is that all documents implicated by these Requests, apart from those objected to on the grounds that they are work product and/or are publically available, are legally irrelevant to any claim in this case. Unless and until a court with jurisdiction over this case rules otherwise Defendant-Intervenors "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case, and thus have no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that tend to support or refute any one of your responses to Plaintiffs' Requests for Admission Nos. 1-68, propounded on August 21, 2009, that is not an unequivocal admission.

**RESPONSE:**

Defendant-Intervenors reiterate their General Objections as if specifically set forth below in response to this Request. In particular, Defendant-Intervenors reiterate General Objection No. 12. Defendant-Intervenors object to this Request to the extent it calls for irrelevant documents and

documents that are protected from disclosure under the First Amendment.  Defendant-Intervenors further specifically object to this Request to the extent it purports to call for either the production of documents that are protected by the attorney work-product privilege and/or are publically available and thus as readily available to Plaintiffs as they are to Defendant-Intervenors.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving these objections, because Defendant-Intervenors' position is that all documents implicated by these Requests, apart from those objected to on the grounds that they are work product and/or are publically available, are legally irrelevant to any claim in this case.  Unless and until a court with jurisdiction over this case rules otherwise Defendant-Intervenors "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case, and thus have no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you intend to use as exhibits at trial in this litigation.

**RESPONSE:**

Defendant-Intervenors object to responding to this Request at this time as the Request is premature.  Discovery is not yet complete and a final list of trial exhibits has not yet been compiled. Defendant-Intervenors further object to this Request to the extent it purports to impose obligations beyond those set forth in the case management orders of the Court pertaining to the timing and disclosures of exhibit lists and exhibits.  Subject to and without waiving this objection, Defendant-Intervenors note that they will, consistent with the Orders of this Court, produce at the appropriate time all documents (apart from documents that may used for purposes of cross-examination or impeachment) they intend to use as exhibits at trial.

September 11, 2009

COOPER AND KIRK, PLLC

ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By:/s/Charles J. Cooper
         Charles J. Cooper

DEFENDANT-INTERVENORS RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 09-CV-2292 VRW