# Exhibit G

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss
*nmoss@cooperkirk.com* (DC Bar No. 472424)
Jesse Panuccio
*jpanuccio@cooperkirk.com* (DC Bar No. 981634)
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>                Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of  California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. | CASE NO. 09-CV-2292 VRW<br><br>**DECLARATION OF NICOLE JO MOSS IN SUPPORT OF DEFENDANT-INTERVENORS' MOTION FOR A PROTECTIVE ORDER**<br><br>Date:  September 25, 2009<br>Time:  10:00 a.m.<br>Judge:  Chief Judge Vaughn R. Walker<br>Location:  Courtroom 6, 17th Floor |

1

1  HORTON, in his official capacity as Director of
2  the California Department of Public Health and
   State Registrar of Vital Statistics; LINETTE
3  SCOTT, in her official capacity as Deputy Di-
   rector of Health Information & Strategic Plan-
4  ning for the California Department of Public
   Health; PATRICK O'CONNELL, in his official
5  capacity as Clerk-Recorder for the County of
   Alameda; and DEAN C. LOGAN, in his official
6  capacity as Registrar-Recorder/County Clerk for
   the County of Los Angeles,
7

8              Defendants,

9  and

10 PROPOSITION 8 OFFICIAL PROPONENTS
   DENNIS HOLLINGSWORTH, GAIL J.
11 KNIGHT, MARTIN F. GUTIERREZ, HAK-
   SHING WILLIAM TAM, and MARK A.
12 JANSSON; and PROTECTMARRIAGE.COM
   – YES ON 8, A PROJECT OF CALIFORNIA
13 RENEWAL,

14             Defendant-Intervenors.

15

16    Additional Counsel for Defendant-Intervenors

17
   ALLIANCE DEFENSE FUND
18 Timothy Chandler (CA Bar No. 234325)
   *tchandler@telladf.org*
19 101 Parkshore Drive, Suite 100, Folsom, California 95630
   Telephone: (916) 932-2850, Facsimile: (916) 932-2851
20
   Jordan W. Lorence (DC Bar No. 385022)*
21 *jlorence@telladf.org*
   Austin R. Nimocks (TX Bar No. 24002695)*
22 *animocks@telladf.org*
   801 G Street NW, Suite 509, Washington, D.C. 20001
23 Telephone: (202) 393-8690, Facsimile: (202) 347-3622

24 * Admitted *pro hac vice*

25        I, Nicole J. Moss, make the following declaration pursuant to 28 U.S.C. § 1746**:**

26        1.  I am a resident of North Carolina over 18 years of age, and my statements herein are
27
   based on personal knowledge.
28                                    2

   DECLARATION OF NICOLE JO MOSS IN SUPPORT OF DEFENDANT-INTERVENORS'
   MOTION FOR PROTECTIVE ORDER, CASE NO. 09-CV-2292 VRW

2.   This declaration is made in support of Defendant-Intervenors' motion for a protective order.

3.   I am an attorney representing Defendant-Intervenors in this matter.  I have been coordinating Defendant-Intervenors' discovery requests and responses and, in that capacity, have communicated with Plaintiffs' counsel regarding various discovery issues.

4.   On August 21, 2009, Plaintiffs propounded to Defendant-Intervenors a First Set of Requests for Production.  Defendant Intervenors believe that, on their face, the Requests seek material that is both irrelevant and privileged under the First Amendment.  On August 27, 2009, Defendant Intervenors transmitted to Plaintiffs a letter stating that we were reading the requests not to seek such irrelevant and/or privileged material.  On August 31, 2009, Plaintiffs responded with a letter rejecting, for the most part, our reading of their requests.

5.   In an attempt to resolve the dispute, counsel for Plaintiffs and Defendant-Intervenors met and conferred by telephone on two occasions.  Below, I describe, to the best of my recollection, the positions adopted by the parties on those calls.  To the extent Defendant-Intervenors have misunderstood or misremembered Plaintiffs' position—or to the extent Plaintiffs' position has changed—Defendant-Intervenors welcome clarification.

6.   The first meet and confer was on September 4, 2009.  On that call, counsel for Defendant-Intervenors explained: (i) that in the August 30 letter, Plaintiffs stated that they "do[] not seek internal communications among and between [Defendant-Intervenors] regarding Proposition 8 and the related political campaign, except to the extent that you deem such communications responsive to Requests Nos. 9, 10, 13, 14, or 15"; (ii) that Requests Nos. 9, 10, 13, and 14 seek "[a]ll documents that tend to support or refute" the claims, denials, assertions, arguments, or responses made in Defendant Intervenors Answer (Doc. # 9), Memorandum in Opposition to Motion for Prelimi-

nary Injunction (Doc. # 36), responses to Plaintiffs' Interrogatories Nos. 1-3 and Requests for Admission Nos. 1-68 propounded on August 21, 2009; and (iii) that because Defendant-Intervenors' position is that all internal communications are legally irrelevant to any claim in this case, we "deem such communications" as "tend[ing] [neither] to support or refute" any claim or argument in this case. Plaintiffs counsel stated that he understood our position and appeared to accept this as a permissible interpretation of Plaintiffs' Requests.

7.   Also on the September 4 telephone call, counsel for Defendant-Intervenors asked whether Plaintiffs considered volunteers of Protect Marriage to be "internal" or third parties. Counsel for Plaintiffs responded that it depends on the volunteer; that they would resist an attempt to characterize all campaign supporters as internal and grassroots supporters are not to be consi-dered internal; that "officials" on an organizational chart would be considered internal; that com-munications to supporters and donors en masse are not to be considered internal; that one-on-one communications (such as from a volunteer to an "official") are not to be considered internal; and that Defendant-Intervenors are obligated to produce discovery on behalf of anyone they deem "internal."

8.   Also on the September 4 telephone call, counsel for Defendant-Intervenors asked whether, with respect to Request No. 7, Plaintiffs were seeking content from personal social networking accounts that a Defendant-Intervenor might have maintained (as opposed, for example, to an organization social-networking site open to anyone).  Plaintiffs' counsel responded that to the extent any such content was responsive to a discovery request, Plaintiffs are requesting that content.

9.   Also on the September 4 telephone call, counsel for Defendant-Intervenors asked Plaintiffs' counsel to confirm that when read in combination, Plaintiffs' Request No. 8 (requesting "all versions of any … communication[] relating to Proposition 8, between [a client] and any third

4

party") and the letter of August 31 (requesting "communications between your clients and their agents, contractors, attorneys, donors, or others") meant that Plaintiffs are seeking every communication relating to Proposition 8 so long as it was not restricted solely to "internal" communications between Defendant-Intervenors, regardless of who the "third party" was.  Plaintiffs' counsel confirmed this to be the case (unless, per the August 31 letter, the communication was "subject to the attorney-client, work product, or other recognized legal privilege").

10. Also on the September 4 telephone call, counsel for Defendant-Intervenors asked Plaintiffs' counsel to confirm that Plaintiffs are seeking all versions and drafts of documents, including those with internal comments never intended for public distribution and never actually distributed to the public.  Plaintiffs' counsel confirmed this to be the case.

11. The second meet-and-confer occurred on September 10, 2009.  On that call, Plaintiffs' counsel inquired as the nature of Defendant-Intervenors' objections.  Counsel for Defendant-Intervenors explained that our position is that we would object, on relevance and First Amendment grounds, to producing documents that were not available to the electorate at large.  Although counsel for both parties engaged in somewhat lengthy discussions of various hypothetical categories of documents, the end result of the call was that both parties agreed the Court would need to settle the dispute.

12. Also on the September 10 telephone call Plaintiffs' counsel inquired about Defendant-Intervenors' discovery requests to third-parties, and about why we are seeking discovery when we have argued that such information is legally irrelevant.  Counsel for Defendant-Intervenors explained that the only discovery we are seeking from third-parties is that which falls outside the scope of our objections and is the same publicly disclosed information that we are willing to produce to Plaintiffs in response to their requests.  Counsel for Defendant-Intervenors further

explained that we believe that the discovery from Defendant-Intervenors and third-party No-on-8 groups should be symmetrical and that if the Court were to order Defendant-Intervenors to produce the objected-to information, we would amend our discovery requests to those groups accordingly.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on September 15, 2009

_____

Nicole J. Moss

6