# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| Kristin M. Perry, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09-cv-2292 VRW |
| Arnold Schwarzenegger, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: Schubert Flint Public Affairs, Inc.
1415 L Street, Suite 1250, Sacramento, CA 95814

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: BOIES, SCHILLER & FLEXNER LLP<br>1999 HARRISON STREET, SUITE 900<br>OAKLAND, CA 94612 | Date and Time:<br>10/07/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/17/2009

CLERK OF COURT

OR  _/s/_

_____     _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiffs__
__Kristin M. Perry, et al.__, who issues or requests this subpoena, are:

Theodore H. Uno (tuno@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP, 1999 HARRISON STREET, SUITE 900, OAKLAND, CA 94612
(510) 874-1000

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 09-cv-2292 VRW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

**DEFINITIONS:**

1. "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached. It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2. "Proposition 8" means the proposition that was placed on the November, 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election. No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8 received its official number ("8") or ballot title on the November, 2008 California ballot.

3. "Document" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on your computers or the computers of your employees and independent contractors or consultants, whether provided by you to such individuals or otherwise.

4. "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

5. "Protect Marriage" means Proposition 8 Campaign Committee ProtectMarriage.com – Yes on 8, a Project of California Renewal.

6. The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

7. Each of the words "reflecting," "relating," "supporting," "concerning," "evidencing," and "referring" as used herein include the common meanings of all those terms, as well as indirect and direct references to the subject matter set forth in the document request.

8. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

**INSTRUCTIONS:**

1. In producing documents and things, you are required to furnish all documents or things in your possession, custody, or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, and consultants.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories of the documents requested below.

3. All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in these requests.

4. If you object to a portion or an aspect of a request, state the grounds for your objection with specificity. If any document called for by these requests is withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are requested to so state, specifying for each such document its title, subject matter, sender, author, each person to whom the original or copy was circulated, recipients of copies, the persons present during the communication, the identity of the privilege being asserted, and the basis upon which the privilege is claimed.

5. If production of any portion of a document is required pursuant to these requests, produce the entirety of that document.

6. If any document cannot be produced in full, produce to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the portion not produced.

7. Each request applies to the period from January 1, 2006 through and including the date of production.

**REQUESTS:**

1. All documents, including without limitation literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials, that you distributed to

EXHIBIT A

voters, donors, potential donors, or members of the media regarding Proposition 8.

2. All versions of any internet advertisement relating to Proposition 8 that you had any involvement in producing, creating, or distributing.

3. All versions of any television advertisement relating to Proposition 8 that you had any involvement in producing, creating, or distributing.

4. All versions of any radio advertisement relating to Proposition 8 that you had any involvement in producing, creating, or distributing.

5. All plans, schematics, and versions of the websites relating to Proposition 8 that you hosted, paid for, designed, or sponsored.

6. All documents that you prepared for use in communicating with voters, donors, potential donors, or members of the media, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

7. All documents constituting postings relating to Proposition 8 that were made by you on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

8. All versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including without limitation emails between you and Protect Marriage, documents you provided to Protect Marriage, and communications between you and members of the media.

9. Documents sufficient to show the title of everyone employed by you from January 1, 2006 to December 31, 2008, including but not limited to organizational charts.

10. All documents reflecting public media coverage of Proposition 8 referring or related to your organization.

11. All documents constituting, reflecting, or referring to coordination or cooperation among organizations and/or individuals supporting the passage of Proposition 8.

12. All minutes or other memorializations for meetings in which you participated concerning Proposition 8.

13. Documents sufficient to show all expenditures by you and payments to you in connection with Proposition 8.

3

EXHIBIT A