# Exhibit C

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>            Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

1 | Planning for the California Department of Public
2 | Health; PATRICK O'CONNELL, in his official
capacity as Clerk-Recorder for the County of
3 | Alameda; and DEAN C. LOGAN, in his official
capacity as Registrar-Recorder/County Clerk for
4 | the County of Los Angeles,

5 |                    Defendants,

6 | and

7 | PROPOSITION 8 OFFICIAL PROPONENTS
DENNIS HOLLINGSWORTH, GAIL J.
8 | KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
9 | JANSSON; and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
10 | RENEWAL,

11 |                    Defendant-Intervenors.

12

13 | Additional Counsel for Defendant-Intervenors

14

15 | ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
16 | 101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

17

18 | Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
19 | *animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
20 | Telephone: (202) 393-8690, Facsimile: (202) 347-3622

21 | * Admitted *pro hac vice*

22

23

24

25

26

27

28

Defendant-Intervenors (the "Proponents"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, file these responses to Plaintiffs' First Set of Requests for Admission. Proponents generally reserve the right to supplement and/or amend these responses to the extent required and/or allowed by the Federal Rules of Civil Procedure.  Proponents further note that nothing in our responses to these requests for admissions constitutes an admission that the subject matter of any or all of these requests is legally relevant.

## RESPONSES

### REQUEST FOR ADMISSION NO. 1:

Admit that the "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men." *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

### RESPONSE:

Request for Admission No. 1 calls for a legal conclusion and thus does not require a response.  Any factual assertions in Request for Admission No. 1 are admitted.

### REQUEST FOR ADMISSION NO. 2:

Admit that civil marriage is deeply meaningful to individuals, families, communities, and the State of California.

### RESPONSE:

Admitted.

### REQUEST FOR ADMISSION NO. 3:

Admit that marriage is a public expression of love and long-term commitment.

### RESPONSE:

Denied.

1

**REQUEST FOR ADMISSION NO. 4:**

Admit that no other designation offers the same meaning, obligations, rights, and benefits as marriage itself.

**RESPONSE:**

Proponents admit that the word "marriage" has a unique meaning.  The remaining assertions in Request for Admission No. 4 call for a legal conclusion and thus do not require a response.

**REQUEST FOR ADMISSION NO. 5:**

Admit that marriage brings with it many tangible legal rights, privileges, benefits, and obligations to the married individuals and also confers significant intangible benefits.

**RESPONSE:**

Proponents admit that marriage brings with it many tangible legal rights, privileges, benefits, and obligations to the married individuals and that it also confers significant intangible benefits to the married individuals, except that Proponents and Plaintiffs may disagree about the substance and nature of those intangible benefits.  The substance and nature of the legal rights, privileges, benefits, and obligations provided by marriage is a legal conclusion and thus does not require a response.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the tangible and intangible benefits of marriage flow to the married couple's children.

**RESPONSE:**

Proponents admit that certain tangible and intangible benefits of marriage flow to the married couple's children, although Proponents deny that all tangible and intangible benefits of marriage do so.  The substance and nature of the tangible benefits of marriage that flow to the

married couple's children is a legal conclusion and thus does not require a response, and Proponents and Plaintiffs may disagree about the substance and nature of the intangible benefits of marriage that flow to the married couple's children.

**REQUEST FOR ADMISSION NO. 7:**

Admit that marriage legitimizes children and provides them a sense of security.

**RESPONSE:**

Request for Admission No. 7 calls for a legal conclusion and thus does not require a response. Proponents lack information sufficient to admit or deny any factual assertions in Request for Admission No. 7.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiffs desire to marry their partners.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that for gay and lesbian individuals, such as Plaintiffs, marriage to an individual of the opposite sex is not a meaningful alternative, because such marriage would force them to negate their sexual orientation and identity.

**RESPONSE:**

Proponents admit that for many gay and lesbian individuals, marriage to an individual of the opposite sex is not a meaningful alternative. Proponents deny that this is true for all gays and lesbians. Proponents lack information sufficient to admit or deny the remaining assertions in Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that civil marriage has never been a static institution. Historically, it has changed,

3

sometimes dramatically, to reflect the changing needs, values, and understanding of our evolving society.

**RESPONSE:**

Proponents admit that historically, civil marriage has changed in certain respects, although it always has been and nearly always still is limited to opposite-sex unions. Proponents and Plaintiffs may disagree about the nature and characterization of the changes that have taken place in civil marriage.

**REQUEST FOR ADMISSION NO. 11:**

Admit that California banned interracial marriage from the founding of the State until the California Supreme Court invalidated the prohibition in *Perez v. Sharp*, 32 Cal. 2d 711 (1948).

**RESPONSE:**

Request for Admission No. 11 calls for a legal conclusion and thus does not require a response. To the extent that it is a factual matter, Proponents admit that California banned certain interracial marriages from early in its history as a State until the California Supreme Court invalidated those restrictions in *Perez v. Sharp*, 32 Cal. 2d 711 (1948). *See Perez*, 32 Cal. 2d at 712 (reciting history).

**REQUEST FOR ADMISSION NO. 12:**

Admit that the doctrine of coverture, under which women, once married, lost their independent legal identity and became property of their husbands, was once viewed as a central component of the civil institution of marriage.

**RESPONSE:**

Request for Admission No. 12 calls for a legal conclusion and thus does not require a response. Any factual assertions in Request for Admission No. 12 are denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that neither the race- nor gender-based reforms in civil marriage law deprived marriage of its vitality and importance as social institution.

**RESPONSE:**

Proponents admit that eliminating racial restrictions on marriage and eliminating the doctrine of coverture have not deprived marriage of its vitality and importance as a social institution.  Any remaining factual assertions in Request for Admission No. 13 are denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the persecution suffered by gays and lesbian individuals in the United States has been severe.

**RESPONSE:**

Proponents admit that in the past gays and lesbians experienced discrimination in the United States, except that Proponents and Plaintiffs may disagree about the scope or nature of that discrimination.  In addition, Proponents deny any implication that gays and lesbians face severe discrimination in California today.

**REQUEST FOR ADMISSION NO. 15:**

Admit that gay and lesbian individuals have been subjected to and stigmatized by a long history of purposeful and invidious discrimination that continues to this day.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that gay and lesbian individuals are still among the most stigmatized groups in the country.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that hate crimes against gay and lesbian individuals remain prevalent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that although social antipathy toward gay and lesbian individuals has moderated, these groups suffer from continuing political disabilities and discrimination.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that sexual orientation bears no relation to a person's ability to perform or contribute to society.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the medical and psychiatric communities do not consider sexual orientation an illness or a disorder.

**RESPONSE:**

Proponents admit that certain prominent medical and psychiatric professional organizations no longer consider sexual orientation an illness or a disorder.  Any remaining factual assertions in Request for Admission No. 20 are denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR ADMISSION NO. 21:**

Admit that same-sex sexual orientation does not result in any impairment in judgment or general social and vocational capabilities.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 22:**

Admit that it is the policy of the State of California that sexual orientation bears no relation to an individual's ability to raise children, to an individual's capacity to enter into a relationship that is analogous to marriage, or otherwise to participate fully in all economic and social institutions.

**RESPONSE:**

Request for Admission No. 22 calls for a legal conclusion and thus does not require a response. Any factual assertions in Request for Admission No. 22 are denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that "[s]exual orientation and sexual identity is so fundamental to one's identity that a person should not be required to abandon them." *Hernandez-Montiel v. I.N.S.*, 225 F.3d 1084, 1093 (9th Cir. 2000).

**RESPONSE:**

Proponents admit that *Hernandez-Montiel* contains language similar to that quoted by Plaintiffs. *Hernandez-Montiel* speaks for itself, and the assertion for which Plaintiffs quote it calls for a legal conclusion and thus does not require a response. Proponents lack information sufficient to admit or deny any remaining factual assertions in Request for Admission No. 23.

**REQUEST FOR ADMISSION NO. 24:**

Admit that sexual orientation is fundamental to a person's identity.

7

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 24.

**REQUEST FOR ADMISSION NO. 25:**

Admit that there is no credible evidence that sexual orientation can or should be changed.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that it can be harmful to an individual to attempt to change his or her sexual orientation.

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 26.

**REQUEST FOR ADMISSION NO. 27:**

Admit that forcing an individual to change his or her sexual orientation would infringe on "the protected right of homosexual adults to engage in intimate, consensual conduct," which is "an integral part of human freedom." *Lawrence v. Texas*, 539 U.S. 558, 576-77 (2003).

**RESPONSE:**

Request for Admission No. 27 calls for a legal conclusion and thus does not require a response.

**REQUEST FOR ADMISSION NO. 28:**

Admit that sexual orientation is the kind of distinguishing characteristic that defines gay and lesbian individuals as a discrete group.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that discrimination against gay and lesbian individuals, including through hate crimes, exists to this day.

**RESPONSE:**

Proponents admit that gays and lesbians continue to experience instances of discrimination, albeit in increasingly rare circumstances. Any remaining assertions in Request for Admission No. 29 call for a legal conclusion and thus do not require a response.

**REQUEST FOR ADMISSION NO. 30:**

Admit that there are only three openly gay members of the U.S. House of Representatives and no openly gay Senators.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 31:**

Admit that there are no openly gay governors.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that no openly gay person has ever been appointed to a Cabinet Secretary position.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 33:**

Admit that 52% of California voters voted in favor of Prop. 8, which denied gay and lesbian

1    individuals the right to marry.

2    **RESPONSE:**

3        Proponents admit that "Proposition 8 was approved by . . . 52.3 percent . . . of the voters

4    casting votes on the proposition." *Strauss v. Horton*, 207 P.3d 48, 68 (Cal. 2009).  Any remaining

5    assertions in Request for Admission No. 33 call for a legal conclusion and thus do not require a

6    
7    response.

8    **REQUEST FOR ADMISSION NO. 34:**

9        Admit that fewer than half of the States ban sexual orientation discrimination in

10   employment, housing, and/or accommodations.

11   **RESPONSE:**

12       Proponents lack information sufficient to admit or deny the statement in Request for
13   
14   Admission No. 34.

15   **REQUEST FOR ADMISSION NO. 35:**

16       Admit that lesbians and gay men have been unable to secure national legislation to protect

17   them from hate crimes.

18   **RESPONSE:**

19       Admitted.

20   
21   **REQUEST FOR ADMISSION NO. 36:**

22       Admit that lesbians and gay men have been unable to secure national legislation to protect

23   them from discrimination in housing, employment, or public accommodations.

24   **RESPONSE:**

25       Admitted.

26   **REQUEST FOR ADMISSION NO. 37:**

27       Admit that establishing a separate institution for State recognition and support of lesbian
28

and gay families, even if well-intentioned, marginalizes and stigmatizes gay families.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 38:**

Admit that there is a significant symbolic disparity between domestic partnership and marriage.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 39:**

Admit that denying same-sex couples and their families access to the familiar and favorable official designation "marriage" harms them by denying their family relationships them the same dignity and respect afforded to opposite-sex couples and their families.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the inability to marry relegates gay and lesbian relationships to second-class status.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that because two types of relationships—one for same-sex couples and one for opposite-sex couples—exist in California, a gay or lesbian individual is forced to disclose his or her sexual orientation when asked about his or her marital status.

**RESPONSE:**

     Denied.

**REQUEST FOR ADMISSION NO. 42:**

     Admit that in light of the history of discrimination that gay and lesbian individuals have faced, the creation of the alternative regime of domestic partnership reinforces anti-gay prejudice, which has the potential to escalate into violence.

**RESPONSE:**

     Denied.

**REQUEST FOR ADMISSION NO. 43:**

     Admit that the stigma associated with discrimination and second-class treatment takes a toll on the well-being of gay men and lesbians and their families.

**RESPONSE:**

     Denied.

**REQUEST FOR ADMISSION NO. 44:**

     Admit that private, consensual, sexual relations between gay and lesbian couples are protected by the Due Process Clause of the Fourteenth Amendment.

**RESPONSE:**

     Request for Admission No. 44 calls for a legal conclusion and thus does not require a response.

**REQUEST FOR ADMISSION NO. 45:**

     Admit that notions that marriage should be limited to opposite-sex couples reinforces harmful stereotypes regarding innate gender characteristics and the roles of men and women in child rearing and family responsibilities.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 46:**

Admit that gay and lesbian individuals had a constitutional right to marry before Prop. 8.

**RESPONSE:**

Request for Admission No. 46 calls for a legal conclusion and thus does not require a response. To the extent that it is a factual matter, Proponents admit that, in *Marriage Cases*, 183 P.3d 384 (Cal. May 15, 2008), the California Supreme Court held that the California Constitution required the State to extend marriage to same-sex couples.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Prop. 8 eliminated the right of gay and lesbian individuals to marry.

**RESPONSE:**

Request for Admission No. 47 calls for a legal conclusion and thus does not require a response. To the extent that it is a factual matter, Proponents admit that Proposition 8 restored the traditional definition of marriage.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Prop. 8 was intended to strip the designation "marriage" from officially sanctioned relationships of same-sex couples.

**RESPONSE:**

Request for Admission No. 48 calls for a legal conclusion and thus does not require a response. Any factual assertions in Request for Admission No. 48 are denied.

**REQUEST FOR ADMISSION NO. 49:**

Admit that according to the Official General Election Voter Information Guide, Prop. 8 "[c]hange[d] the California Constitution to eliminate the right of same-sex couples to marry in

California." *Strauss v. Horton*, 207 P.3d 48, 77 (Cal. 2009) (internal quotation marks omitted).

**RESPONSE:**

Proponents admit that the Official Title and Summary for Proposition 8 contained in the Official Voter Information Guide, prepared by the Office of the Attorney General, includes, among other things, the phrase quoted in Request for Admission No. 49, except for the bracketed alterations.  The legal effect of Proposition 8 is a matter of law that does not require a response.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Prop. 8 was driven by moral disapproval of gay and lesbian individuals.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the advertising campaign in favor of Prop. 8 demonstrates that its supporters drew on the fears and irrational prejudices of voters.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 52:**

Admit that heterosexual individuals with no children and/or no intent to have children, who are incarcerated for serious crimes, who have failed to pay child support obligations or who are adulterers are all permitted to marry.

**RESPONSE:**

Request for Admission No. 52 calls for a legal conclusion and thus does not require a response.

**REQUEST FOR ADMISSION NO. 53:**

Admit that allowing gay and lesbian individuals to marry will not destabilize marriages of

heterosexual individuals.

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 53.

**REQUEST FOR ADMISSION NO. 54:**

Admit that allowing gay and lesbian individuals to marry will not deprive heterosexual individuals of any rights or benefits they currently enjoy.

**RESPONSE:**

Request for Admission No. 54 calls for a legal conclusion and thus does not require a response.

**REQUEST FOR ADMISSION NO. 55:**

Admit that it is the policy of the State of California that sexual orientation bears no relation to an individual's ability to raise children, to an individual's capacity to enter into a relationship that is analogous to marriage, or otherwise to participate fully in all economic and social institutions.

**RESPONSE:**

See Proponents' Response to Request for Admission No. 22.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the State of California has declared an interest in promoting lesbian and gay family relationships and protecting lesbian and gay family members during life crises, and reducing discrimination on the basis of sex and sexual orientation.

**RESPONSE:**

Proponents admit that language somewhat similar to that in Request for Admission No. 56 is contained in the California Domestic Partner Rights and Responsibilities Act of 2003.  Any

remaining assertions in Request for Admission No. 56 call for a legal conclusion and thus do not require a response.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the State of California allows gay men and lesbians in same-sex relationships to serve as foster parents and to adopt children.

**RESPONSE:**

Request for Admission No. 57 calls for a legal conclusion and thus does not require a response. Any factual assertions in Request for Admission No. 57 are admitted.

**REQUEST FOR ADMISSION NO. 58:**

Admit that an individual's capacity to establish a loving and long-term committed relationship with another person does not depend on the individual's sexual orientation.

**RESPONSE:**

Proponents admit that many gay men and lesbians have established loving and committed relationships. Proponents lack information sufficient to admit or deny the remaining factual assertions in Request for Admission No. 58.

**REQUEST FOR ADMISSION NO. 59:**

Admit that an individual's capacity to raise children does not depend on the individual's sexual orientation.

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 59.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the best interests of a child are equally served by being raised by same-sex parents.

**RESPONSE:**

Because it does not identify the class of individuals to which same-sex parents are to be compared, Proponents can neither admit nor deny the statement in Request for Admission No. 60.

**REQUEST FOR ADMISSION NO. 61:**

Admit that lesbian and gay parents are as likely as heterosexual parents to provide supportive and healthy environments for children.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the State of California allows same-sex couples married before Prop. 8 was enacted to remain married.

**RESPONSE:**

Request for Admission No. 62 calls for a legal conclusion and thus does not require a response.  Any factual assertions in Request for Admission No. 62 are admitted.

**REQUEST FOR ADMISSION NO. 63:**

Admit that approximately 18,000 same-sex couples currently are recognized by the State of California as married.

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 63.

**REQUEST FOR ADMISSION NO. 64:**

Admit that if the marriages of any of approximately 18,000 same-sex couples currently recognized by the State of California as married end by reason of death or divorce, the gay and lesbian individuals in those marriages would not be allowed to remarry.

**RESPONSE:**

Request for Admission No. 64 calls for a legal conclusion and thus does not require a response. Any factual assertions in Request for Admission No. 64 are admitted, except that Proponents lack information sufficient to admit or deny the number of same-sex couples currently recognized by the State of California as married.

**REQUEST FOR ADMISSION NO. 65:**

Admit that gay and lesbian individuals, including Plaintiffs, have formed lasting, committed, and caring relationships with persons of the same sex, and same-sex couples share their lives and participate in their communities together.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 66:**

Admit that gay and lesbian individuals, including Plaintiffs Perry and Stier, raise children together.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 67:**

Admit that prohibiting marriage by same-sex couples hurts the State of California financially.

**RESPONSE:**

Proponents lack information sufficient to admit or deny the statement in Request for Admission No. 67.

**REQUEST FOR ADMISSION NO. 68:**

Admit that prohibiting marriage by same-sex couples limits the State of California's ability

1 | to ensure that its citizens are treated equally regardless of sexual orientation.

2 | **<u>RESPONSE:</u>**

3 |     Denied.

4

5

6 | Dated: September 11, 2009

7 |                                           COOPER AND KIRK, PLLC

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/Charles J. Cooper
    Charles J. Cooper