# Exhibit F

1   GIBSON, DUNN & CRUTCHER LLP
    Theodore B. Olson, SBN 38137
2   *tolson@gibsondunn.com*
    Matthew D. McGill, *pro hac vice*
3   Amir C. Tayrani, SBN 229609
    1050 Connecticut Avenue, N.W., Washington, D.C. 20036
4   Telephone: (202) 955-8668, Facsimile: (202) 467-0539

5   Theodore J. Boutrous, Jr., SBN 132009
    *tboutrous@gibsondunn.com*
6   Christopher D. Dusseault, SBN 177557
    Ethan D. Dettmer, SBN 196046
7   Sarah E. Piepmeier, SBN 227094
    Theane Evangelis Kapur, SBN 243570
8   Enrique A. Monagas, SBN 239087
    333 S. Grand Avenue, Los Angeles, California 90071
9   Telephone: (213) 229-7804, Facsimile: (213) 229-7520

10  BOIES, SCHILLER & FLEXNER LLP
    David Boies, *pro hac vice*
11  *dboies@bsfllp.com*
    Theodore H. Uno, SBN 248603
12  333 Main Street, Armonk, New York 10504
    Telephone: (914) 749-8200, Facsimile: (914) 749-8300

13
    Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
14  PAUL T. KATAMI, and JEFFREY J. ZARRILLO

15              **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17  KRISTIN M. PERRY, SANDRA B. STIER,      CASE NO. 09-CV-2292 VRW
    PAUL T. KATAMI, and JEFFREY J.
18  ZARRILLO,
                                            **PLAINTIFFS' RESPONSES TO**
            Plaintiffs,                     **DEFENDANT-INTERVENORS**
19                                          **PROPOSITION 8 PROPONENTS' FIRST**
            v.                              **SET OF REQUESTS FOR ADMISSION**
20
    ARNOLD SCHWARZENEGGER, in his official
21  capacity as Governor of California; EDMUND
    G. BROWN, JR., in his official capacity as
22  Attorney General of California; MARK B.
    HORTON, in his official capacity as Director of
23  the California Department of Public Health and
    State Registrar of Vital Statistics; LINETTE
24  SCOTT, in her official capacity as Deputy
    Director of Health Information & Strategic
25  Planning for the California Department of Public
    Health; PATRICK O'CONNELL, in his official
26  capacity as Clerk-Recorder for the County of
    Alameda; and DEAN C. LOGAN, in his official
27  capacity as Registrar-Recorder/County Clerk for
    the County of Los Angeles,
28
            Defendants.

Gibson, Dunn &
Crutcher LLP

1      Plaintiffs hereby respond to these Requests for Admission based on their own present state of

2   recollection, knowledge and belief and information and writings presently available to and located by

3   Plaintiffs upon reasonable investigation of their records and the public sources identified in the

4   Requests for Admission (to the extent Plaintiffs can confirm the accuracy and authenticity of the

5   information contained in such sources).  Plaintiffs make these responses and objections without

6   waiving or intending to waive (1) the right to object on the grounds of competence, relevance,

7   materiality, privilege or admissibility as evidence for any purpose, to the use of these responses in

8   any subsequent proceedings or at trial, (2) the right to object on any other ground to any other

9   discovery concerning the subject matter of these requests for admission, or (3) the right to

10   supplement or amend these responses.  Plaintiffs are continuing the development of facts and legal

11   issues relating to this case and discovery is now commencing.  Plaintiffs reserve the right to modify,

12   amend, or enlarge their Responses herein with such additional knowledge as is subsequently

13   discovered or developed.

## GENERAL OBJECTIONS

15      1.     Plaintiffs object to each Request for Admission to the extent it purports to impose any

16   requirement or discovery obligation other than those set forth in the Federal Rules of Civil Procedure,

17   including Federal Rules of Civil Procedure 36(a) and 26(b)(1), the Civil Local Rules of the Northern

18   District of California, or any applicable Orders of this Court.

19      2.     Plaintiffs object to each Request for Admission to the extent that it seeks information

20   that is protected by the attorney-client privilege, the work product doctrine, and/or any other

21   applicable privilege.  Such information will not be disclosed.  Any inadvertent disclosure of such

22   information shall not be deemed a waiver of the attorney-client privilege, the attorney work product

23   doctrine, or any other applicable privilege or immunity.

24      3.     Plaintiffs object to each Request for Admission to the extent it is vague, compound, or

25   unintelligible or otherwise not properly capable of soliciting an affirmative admission.

26      4.     Plaintiffs object to each Request for Admission to the extent that it may not be

27   relevant to any party's claim or defense in this action or seeks information that is not reasonably

28   calculated to lead to the discovery of admissible evidence.

Gibson, Dunn &
Crutcher LLP

1

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

5. These Responses are made by Plaintiffs without prejudice to their using or relying at trial on subsequently discovered information or on information omitted from these responses as a result of good faith oversight, error, or mistake.

6. Plaintiffs' Responses to these Requests for Admission shall neither be deemed to constitute an admission that any Request is relevant, nor deemed a waiver of any right to object to the admissibility of any such Request for Admission or Response at any proceeding in this case.

<u>**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**</u>

<u>**REQUEST FOR ADMISSION NO. 1:**</u>

Admit that gays and lesbians are not politically powerless in the sense that they have no ability to attract the attention of lawmakers.

<u>**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**</u>

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is vague, ambiguous and compound. Subject to the foregoing objections, Plaintiffs deny this Request for Admission.

<u>**REQUEST FOR ADMISSION NO. 2:**</u>

Admit that gays and lesbians exercise political power far in excess of their numbers in the population.

<u>**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**</u>

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request on the grounds that it is vague, ambiguous and calls for expert testimony, which is not yet subject to discovery. Subject to the foregoing objections, Plaintiffs deny this Request for Admission.

<u>**REQUEST FOR ADMISSION NO. 3:**</u>

Admit that in California in recent years, the gay and lesbian community has been successful in obtaining the enactment of virtually every legislative policy it has desired, including obtaining domestic partnerships offering essentially the same benefits as marriage.

Gibson, Dunn &
Crutcher LLP

2

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2    Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3  this Request on the grounds that it is vague, ambiguous and compound.  Subject to the foregoing

4  objections, Plaintiffs deny this Request for Admission.

5  **REQUEST FOR ADMISSION NO. 4:**

6    Admit that the only significant policy supported by many gays and lesbians that has not been

7  adopted by California is the extension of the official status of marriage to include same sex couples.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9    Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

10  this Request on the grounds that it is vague and ambiguous.  Subject to  the foregoing objections,

11  Plaintiffs deny this Request for Admission.

12  **REQUEST FOR ADMISSION NO. 5:**

13    Admit that President Barack Obama proclaimed June 2009 to be "Lesbian, Gay, Bisexual, and

14  Transgender Pride Month."  (http://www.whitehouse.gov/the_press_office/Presidential-Proclamation-

15  LGBT-Pride-Month/)

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

17    Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

18  foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for

19  Admission No. 5 contains information published by the White House press office and text stating that

20  President Barack Obama proclaimed June 2009 to be "Lesbian, Gay, Bisexual, and Transgender

21  Pride Month."

22  **REQUEST FOR ADMISSION NO. 6:**

23    Admit that President Obama awarded the 2009 Presidential Medal of Freedom to former San

24  Francisco Supervisor Harvey Milk and Billie Jean King, "one of the first openly lesbian major sports

25  figure in America."  ( http://www.whitehouse.gov/the_press_office/President-Obama-Names-Medal-

26  of-Freedom-Recipients/)

27

28

Gibson, Dunn &
Crutcher LLP

3

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for Admission No. 6 contains information published by the White House press office and text stating that President Obama awarded the 2009 Presidential Medal of Freedom to sixteen honorees, including former San Francisco Supervisor Harvey Milk and Billie Jean King.  Plaintiffs further admit that the web page cited in Request for Admission No. 6 states that Billie Jean "King became one of the first openly lesbian major sports figures in America when she came out in 1981."

**REQUEST FOR ADMISSION NO. 7:**

Admit that the 2008 national platform of the Democratic Party contained the following statements on gay rights:  "We support the repeal of 'Don't Ask Don't Tell' and the implementation of policies to allow qualified men and women to serve openly regardless of sexual orientation. . . . We support the full inclusion of all families, including same-sex couples, in the life of our nation, and support equal responsibility, benefits, and protections.  We will enact a comprehensive bipartisan employment non-discrimination act.  We oppose the Defense of Marriage Act and all attempts to use this issue to divide us. . . . Democrats will fight to end discrimination based on race, sex, ethnicity, national origin, language, religion, sexual orientation, gender identity, age, and disability in every corner of our country, because that's the America we believe in."

(http://www.presidency.ucsb.edu/ws/index.php?pid=78283)

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 7.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 7 contains many pages of text entitled "2008 Democratic Party Platform."  Plaintiffs further admit that the web page contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as otherwise admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 7.

4

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that the 2004 national platform of the Democratic Party contained the following statements on gay rights:  "We support full inclusion of gay and lesbian families in the life of our nation and seek equal responsibilities, benefits, and protections for these families.  In our country, marriage has been defined at the state level for 200 years, and we believe it should continue to be defined there.  We repudiate President Bush's divisive effort to politicize the Constitution by pursuing a 'Federal Marriage Amendment.' Our goal is to bring Americans together, not drive them apart. . . . We will enact the bipartisan legislation barring workplace discrimination based on sexual orientation.  We are committed to equal treatment of all service members and believe all patriotic Americans should be allowed to serve our country without discrimination, persecution, or violence."  (http://www.presidency.ucsb.edu/ws/index.php?pid=29613)

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 8.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 8 contains many pages of text titled "2004 Democratic Party Platform."  Plaintiffs further admit that the web page contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 8.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the 2000 national platform of the Democratic Party contained the following statements on gay rights:  "We will enact the bipartisan legislation barring workplace discrimination based on sexual orientation.  We are committed to equal treatment of all service members and believe all patriotic Americans should be allowed to serve our country without discrimination, persecution, or violence. . . .  We continue to lead the fight to end discrimination on the basis of race, gender, religion, age, ethnicity, disability, and sexual orientation. . . . We support continued efforts, like the Employment Non-Discrimination Act, to end workplace discrimination against gay men and lesbians.

Gibson, Dunn &
Crutcher LLP

5

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

We support the full inclusion of gay and lesbian families in the life of the nation.  This would include an equitable alignment of benefits."  (http://www.presidency.ucsb.edu/ws/index.php?pid=29612)

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 9.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 9 contains many pages of text titled "2000 Democratic Party Platform."  Plaintiffs further admit that the web page contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the 1996 national platform of the Democratic Party contained the following statements on gay rights:  "We continue to lead the fight to end discrimination on the basis of race, gender, religion, age, ethnicity, disability, and sexual orientation. . . . We support continued efforts, like the Employment Non-Discrimination Act, to end discrimination against gay men and lesbians and further their full inclusion in the life of the nation."

(http://www.presidency.ucsb.edu/ws/index.php?pid=29611)

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 10.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 10 contains many pages of text titled "1996 Democratic Party Platform."  Plaintiffs further admit that the web page contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 10.

Gibson, Dunn & Crutcher LLP

6

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1 **REQUEST FOR ADMISSION NO. 11:**

2       Admit that the 1992 national platform of the Democratic Party contained the following

3 statements on gay rights:  "Democrats will continue to lead the fight to ensure that no Americans

4 suffer discrimination or deprivation of rights on the basis of race, gender, language, national origin,

5 religion, age, disability, sexual orientation, or other characteristics irrelevant to ability. . . . We

6 will . . . provide civil rights protection for gay men and lesbians and an end to Defense Department

7 discrimination" (http://www.presidency.ucsb.edu/ws/index.php?pid=29610)

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

9       Plaintiffs incorporate their General Objections as if set forth fully herein.   Plaintiffs further

10 respond that they lack knowledge or information sufficient to admit or deny the authenticity or

11 accuracy of the information contained on the web page cited in Request No. 11.  Subject to the

12 foregoing objections, Plaintiffs admit that the web page cited in Request No. 11 contains many pages

13 of text titled "1992 Democratic Party Platform."  Plaintiffs further admit that the web page contains

14 text discussing a wide variety of issues, including ongoing and systemic discrimination against a

15 variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny

16 Request No. 11.

17 **REQUEST FOR ADMISSION NO. 12:**

18       Admit that the 1988 national platform of the Democratic Party contained the following

19 statement on gay rights:  "WE BELIEVE that we honor our multicultural heritage by assuring equal

20 access to government services, employment, housing, business enterprise and education to every

21 citizen regardless of race, sex, national origin, religion, age, handicapping condition or sexual

22 orientation" (http://www.presidency.ucsb.edu/ws/index.php?pid=29609)

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

24       Plaintiffs incorporate their General Objections as if set forth fully herein.   Plaintiffs further

25 respond that they lack knowledge or information sufficient to admit or deny the authenticity or

26 accuracy of the information contained on the web page cited in Request No. 12.  Subject to the

27 foregoing objections, Plaintiffs admit that the web page cited in Request No. 12 contains many pages

28 of text titled "1988 Democratic Party Platform."  Plaintiffs further admit that the web page contains

Gibson, Dunn &
Crutcher LLP

7

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1    text discussing a wide variety of issues, including ongoing and systemic discrimination against a

2    variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny

3    Request No. 12.

4    **REQUEST FOR ADMISSION NO. 13:**

5         Admit that the 1984 national platform of the Democratic Party contained the following

6    statement on gay rights:  "Government has a special responsibility to those whom society has

7    historically prevented from enjoying the benefits of full citizenship for reasons of race, religion, sex,

8    age, national origin and ethnic heritage, sexual orientation, or disability."

9    (http://www.presidency.ucsb.edu/ws/index.php?pid=29608)

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

11        Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further

12   respond that they lack knowledge or information sufficient to admit or deny the authenticity or

13   accuracy of the information contained on the web page cited in Request No. 13.  Subject to the

14   foregoing objections, Plaintiffs admit that the web page cited in Request No. 13 contains many pages

15   of text titled "1984 Democratic Party Platform."  Plaintiffs further admit that the web page contains

16   text discussing a wide variety of issues, including ongoing and systemic discrimination against a

17   variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny

18   Request No. 13.

19   **REQUEST FOR ADMISSION NO. 14:**

20        Admit that the 1980 national platform of the Democratic Party contained the following

21   statement on gay rights:  "All groups must be protected from discrimination based on race, color,

22   religion, national origin, language, age, sex or sexual orientation."

23   (http://www.presidency.ucsb.edu/ws/index.php?pid=29607)

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

25        Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further

26   respond that they lack knowledge or information sufficient to admit or deny the authenticity or

27   accuracy of the information contained on the web page cited in Request No. 14.  Subject to the

28   foregoing objections, Plaintiffs admit that the web page cited in Request No. 14 contains many pages

Gibson, Dunn &
Crutcher LLP

8

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

of text titled "1980 Democratic Party Platform."  Plaintiffs further admit that the web page contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 14.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Democratic Party rules for selecting delegates to the national party convention mandate that state parties "develop and submit Party outreach programs, including recruitment, education and training, in order to achieve full participation" of "groups historically under-represented in the Democratic Party's affairs, by virtue of race, ethnicity, age, sexual orientation or disability" (Rule 5(c)), and obligate state parties to "adopt and implement Inclusion Programs in order to achieve the full participation" of LGBT individuals in "the delegate selection process and in all party affairs, as indicated by their presence in the Democratic electorate."  (Rule 7).  (http://s3.amazonaws.com/apache.3cdn.net/de68e7b6dfa0743217 hwm6bhyc4.pdf)

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular the use of the terms "obligate" and "mandate."  Plaintiffs also object to this Request to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 15.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 15 contains a twenty-seven page document, including the text selectively quoted in Request No. 15.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Employee Nondiscrimination Act of 2007, which would have prohibited employment discrimination on the basis of sexual orientation, passed the House by a 235 to 184 vote,

Gibson, Dunn & Crutcher LLP

1   with 200 Democrats and 35 Republicans voting in favor.  (House Roll Call Vote No. 1057, 110th

2   Cong., Nov. 7, 2007).

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

4        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

5   object to this Request to the extent that it may not be relevant to any party's claim or defense in this

6   action or reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

7   foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny Request

8   No. 16.

9   **REQUEST FOR ADMISSION NO. 17:**

10       Admit that more than half the U.S. population lived in jurisdictions covered by laws banning

11  discrimination on the basis of sexual orientation.  (http://www.thetaskforce.org/reports and

12  research/fact sheets/family nondiscrimination 05 07)

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

14       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

15  object to this Request to the extent that it may not be relevant to any party's claim or defense in this

16  action or reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

17  foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny Request

18  No. 17.

19  **REQUEST FOR ADMISSION NO. 18:**

20       Admit that 31 senators and 128 congressmen were awarded a 90% or better rating for the

21  110th Congress (2007 to 2008) by the Human Rights Campaign.  HRC Congressional Scorecard,

22  http://www.hrc.org/documents/Congress Scorecard-110th.pdf

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

24       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

25  object to this Request to the extent that it may not be relevant to any party's claim or defense in this

26  action or reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

27  foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny Request

28  No. 18.

Gibson, Dunn & Crutcher LLP

**REQUEST FOR ADMISSION NO. 19:**

Admit that in its 2008 platform, the California Democratic Party stated that it "support[s] nondiscrimination and equality for Lesbian, Gay, Bisexual, and Transgender people in all aspects of their lives" and "support[s] the LGBT Community in its quest for the right to legal marriage." (http://www.cadem.org/atf/cf/{BF9D7366-E5A7-41C3-8E3F-E06FB835FCCE}/2008%20Platform%20Combined%20Final.pdf)

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 19.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 19 contains fourteen pages of text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 19.

**REQUEST FOR ADMISSION NO. 20:**

Admit that in its 2008 platform, the Green Party of California stated that "We support the freedom to marry, and all the rights, benefits, and responsibilities thereof, without discrimination based on sex, gender, or sexual orientation" and that "We support state and federal legislation (including constitutional amendments) to ban discrimination based on sex, gender, and sexual orientation.  We oppose measures that restrict rights or create unequal treatment based on sex, gender, or sexual orientation."  (http://www.cagreens.org/platform/platform_justice.shtml#sogie).

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 20.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Request No. 20 contains text discussing a wide variety of issues, including ongoing and systemic discrimination against a variety

Gibson, Dunn &
Crutcher LLP

of groups.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or deny Request No. 20.

**REQUEST FOR ADMISSION NO. 21:**

Admit that California Governor Arnold Schwarzenegger, Lt. Governor John Garamendi, Senator Barbara Boxer, Senator Dianne Feinstein, Attorney General Edmund G. Brown, Secretary of State Debra Bowen, State Treasure Bill Lockyer, State Controller John Chiang, State Superintendent of Public Instruction Jack O'Connell all sent official greeting messages to California's 2009 Lesbian, Gay, Bisexual and Transgender Pride Celebrations.  (http://www.capride.org/proc__all.htm).

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 21.  Subject to the foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny Request No. 21.

**REQUEST FOR ADMISSION NO. 22:**

Admit that four openly gay or lesbian individuals serve in the California legislature: State Sen. Mark Leno (D, San Francisco), State Sen. Christine Kehoe (D, San Diego), State Assemblyman Tom Ammiano (D, San Francisco), and State Assemblyman John Perez (D, Los Angeles).

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs also object to this Request on the grounds that it is compound.  Subject to the foregoing objections, Plaintiffs admit that to the best of their knowledge, four openly gay or lesbian individuals serve in the California legislature.

**REQUEST FOR ADMISSION NO. 23:**

Admit that California's political branches passed the state's first domestic partnership statute in 1999, and expanded domestic partnerships' rights and benefits in 2001, 2002, 2003, 2004, 2005, 2006, and 2007.  See 2007 Cal. Stat. ch. 567; 2006 Cal. Stat. ch. 802; 2005 Cal. Stat. ch. 416; 2004

Gibson, Dunn & Crutcher LLP

1   Cal. Stat. ch. 488; 2003 Cal. Stat. ch. 421; 2002 Cal. Stat. ch. 447; 2001 Cal. Stat. ch. 893; 1999 Cal.

2   Stat. ch. 588.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

4        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

5   this Request on the grounds that it is vague and ambiguous, in particular in its reference to "domestic

6   partnership" and "expanded."   Subject to the foregoing objections, Plaintiffs admit that California

7   passed the cited laws.  Except as expressly admitted, Plaintiffs lack knowledge sufficient to admit or

8   deny Request No. 23.

9   **REQUEST FOR ADMISSION NO. 24:**

10       Admit that in 1978, California voters rejected Proposition 6, also known as the "Briggs

11   Initiative," which would have allowed school systems to fire any teacher found to be "advocating,

12   imposing, encouraging or promoting" homosexual activity by a 58% to 41% margin.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14       Plaintiffs incorporate their General Objections as if fully set forth herein.    Plaintiffs also

15   object to this Request on the grounds that it is vague, ambiguous and compound.  Subject to the

16   foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 24.

17   **REQUEST FOR ADMISSION NO. 25:**

18       Admit that in the 2008 election cycle, the "No on 8: Equality for All " campaign committee

19   raised and spent more than $43.0 million to defeat Proposition 8.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

21       Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

22   foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 25.

23   **REQUEST FOR ADMISSION NO. 26:**

24       Admit that in the 2008 election cycle, the "Win Marriage Back" campaign committee raised

25   and spent more than $12.5 million to defeat Proposition 8.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

27       Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

28   foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 26.

Gibson, Dunn &
Crutcher LLP

13

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **REQUEST FOR ADMISSION NO. 27:**

2      Admit that in the 2008 election cycle, the "Human Rights Campaign California Marriage

3  PAC " campaign committee raised and spent more than $3.6 million to defeat Proposition 8.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

6  foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 27.

7  **REQUEST FOR ADMISSION NO. 28:**

8      Admit that in the 2008 election cycle, the "No on Proposition 8, Campaign for Marriage

9  Equality" campaign committee raised and spent more than $2.0 million to defeat Proposition 8.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

11      Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

12  foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 28.

13  **REQUEST FOR ADMISSION NO. 29:**

14      Admit that in the 2008 election cycle, the "Californians Against Eliminating Basic Rights"

15  campaign committee raised and spent more than $1.1 million to defeat Proposition 8.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

17      Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

18  foregoing objections, Plaintiffs lack knowledge sufficient to admit or deny Request No. 29.

19  **REQUEST FOR ADMISSION NO. 30:**

20      Admit that California universities host 22 gay and lesbian student centers, the most of any

21  state in the nation. 2008 Annual Report, Consortium of Higher Education LGBT Resource

22  Professionals, available at http://www.lgbtcampus.org/about/files/2009AnnualReport.pdf

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

24      Plaintiffs incorporate their General Objections as if set forth fully herein.    Plaintiffs further

25  respond that they lack knowledge or information sufficient to admit or deny the authenticity or

26  accuracy of the information contained on the web page cited in Request No. 30.  Subject to the

27  foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for

28  Admission No. 30 contains a sixteen page document purporting to be the "Consortium of Higher

Gibson, Dunn &
Crutcher LLP

14

Education LGBT Resource Professionals Annual Report 2008." Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to admit or deny the remainder of Request No. 30.

**REQUEST FOR ADMISSION NO. 31:**

Admit that on average, same-sex couples in California are more affluent than heterosexual married couples; and that the median income of same-sex couples in California is $103,030 for male couples and $86,000 for female couples, significantly higher than the median household income of opposite-sex married couples in California, $76,500. *Census Snapshot: California Lesbian, Gay, And Bisexual Population*, The Williams Institute at UCLA Law School, (http://www.law.ucla.edu/williamsinstitute/publications/CA%20Snapshot%202008.pdf)

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its use of the terms "average," "more affluent," "same-sex couples" and "significantly higher." Plaintiffs also object to this Request on the grounds and to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 31. Subject to the foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for Admission No. 31 contains a seven page document entitled "Census Snapshot" and purportedly published by the "Williams Institute." Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to admit or deny Request No. 31.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the Los Angeles Gay and Lesbian Center received $11.1 million in government grants in 2008 (http://www.lagaycenter.org/site/DocServer/AR08_r1.pdf?docID=6921) and $10.5 million in government grants in 2006. (2006 IRS Form 990, available at www.guidestar.org).

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

Gibson, Dunn &
Crutcher LLP

15

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

use of the phrase "government grants." Plaintiffs also object to this Request on the grounds and to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further respond that the web page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 32 does not provide a 2006 IRS Form 990. Additionally, Plaintiffs respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of any information contained on the web pages cited in Request No. 32. Subject to the foregoing objections, Plaintiffs admit that the web page cited first in Defendant-Intervenors' Request for Admission No. 32.

(http://www.lagaycenter.org/site/DocServer/AR08_r1.pdf?docID=6921) contains a fourteen page document entitled "L.A. Gay & Lesbian Center Annual Report 2008." Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to admit or deny Request No. 32.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the San Diego LGBT Community Center received $1.8 million in government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its use of the phrase "government grants." Plaintiffs also object to this Request on the grounds and to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further respond that because the web page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 33 does not provide a 2007 IRS Form 990. Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to admit or deny Request No. 33.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the San Francisco LGBT Community Center received $986,722 in government grants in 2008. (http://www.scribd.com/doc/13974216/San-Francisco-LGBT-Community-Center-Annual-Report-200708)

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of the information contained on the web page cited in Request No. 34.  Subject to the foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for Admission No. 34 contains a 28 page document entitled "San Francisco LGBT Community Center 2007/2008 Annual Report." Except as expressly admitted, Plaintiffs lack knowledge or information sufficient to admit or deny Request No. 34.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Gay and Lesbian Community Services Center of Orange County received $344,404 in government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to the extent that it may not be relevant to any party's claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 35 does not provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of any information contained in the web page cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or information sufficient to admit or deny Request No. 35.

Gibson, Dunn &
Crutcher LLP

1   **REQUEST FOR ADMISSION NO. 36:**

2       Admit that the One National Gay and Lesbian Archives in Los Angeles received $90,728 in

3   government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

5       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

6   object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

7   use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

8   the extent that it may not be relevant to any party's claim or defense in this action or reasonably

9   calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

10  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 36 does not

11  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

12  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

13  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

14  information sufficient to admit or deny Request No. 36.

15  **REQUEST FOR ADMISSION NO. 37:**

16      Admit that the San Francisco LGBT Parade Committee received $77,200 in government

17  grants in 2006 (2006 IRS Form 990, available at www.guidestar.org).

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

20  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

21  use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

22  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

24  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 37 does not

25  provide a 2006 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

26  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

27  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

28  information sufficient to admit or deny Request No. 37.

Gibson, Dunn &
Crutcher LLP

1  **REQUEST FOR ADMISSION NO. 38:**

2      Admit that the GLBT Historical Society of California in San Francisco received $234,781 in

3  government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

6  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

7  use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

8  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

9  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

10  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 38 does not

11  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

12  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

13  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

14  information sufficient to admit or deny Request No. 38.

15  **REQUEST FOR ADMISSION NO. 39:**

16      Admit that the Queer Cultural Center in San Francisco received $263,646 in government

17  grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

20  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

21  use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

22  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

24  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 39 does not

25  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

26  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

27  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

28  information sufficient to admit or deny Request No. 39.

Gibson, Dunn &
Crutcher LLP

19

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **REQUEST FOR ADMISSION NO. 40:**

2      Admit that Gay and Lesbian Adolescent Social Services of Burbank received $10.4 million in

3  government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

6  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

7  use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

8  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

9  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

10  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 40 does not

11  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

12  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

13  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

14  information sufficient to admit or deny Request No. 40.

15  **REQUEST FOR ADMISSION NO. 41:**

16      Admit that the Lavender Youth Recreation and Information Center in San Francisco received

17  $725,902 in government grants in 2006 (2006 IRS Form 990, available at www.guidestar.org).

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

20  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

21  use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

22  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

24  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 41 does not

25  provide a 2006 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

26  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

27  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

28  information sufficient to admit or deny Request No. 41.

Gibson, Dunn & Crutcher LLP

20

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1 | **REQUEST FOR ADMISSION NO. 42:**

2 |     Admit that the group Community United Against Violence of San Francisco received

3 | $966,958 in government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

5 |     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

6 | object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

7 | use of the phrase "government grants."  Plaintiffs also object to this Request on the grounds and to

8 | the extent that it may not be relevant to any party's claim or defense in this action or reasonably

9 | calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

10 | page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 42 does not

11 | provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

12 | sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

13 | cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

14 | information sufficient to admit or deny Request No. 42.

15 | **REQUEST FOR ADMISSION NO. 43:**

16 |     Admit that the Pacific Pride Foundation in Santa Barbara received $1.2 million in government

17 | grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

18 | **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

19 |     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

20 | object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

21 | use of the phrase "government grants".  Plaintiffs also object to this Request on the grounds and to

22 | the extent that it may not be relevant to any party's claim or defense in this action or reasonably

23 | calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

24 | page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 43 does not

25 | provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

26 | sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

27 | cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

28 | information sufficient to admit or deny Request No. 43.

Gibson, Dunn &
Crutcher LLP

21

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **REQUEST FOR ADMISSION NO. 44:**

2      Admit that the Our Family Coalition organization of San Francisco received $471,757 in

3  government grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

6  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

7  use of the phrase "government grants".  Plaintiffs also object to this Request on the grounds and to

8  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

9  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

10  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 44 does not

11  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

12  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

13  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

14  information sufficient to admit or deny Request No. No. 44.

15  **REQUEST FOR ADMISSION NO. 45:**

16      Admit that the Stepping Stone of San Diego organization received $1.5 million in government

17  grants in 2007 (2007 IRS Form 990, available at www.guidestar.org).

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

20  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

21  use of the phrase "government grants".  Plaintiffs also object to this Request on the grounds and to

22  the extent that it may not be relevant to any party's claim or defense in this action or reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond that the web

24  page www.guidestar.org cited in Defendant-Intervenors' Request for Admission No. 45 does not

25  provide a 2007 IRS Form 990.  Plaintiffs further respond that they lack knowledge or information

26  sufficient to admit or deny the authenticity or accuracy of any information contained in the web page

27  cited in the Request.  Except as expressly admitted, Plaintiffs respond that they lack knowledge or

28  information sufficient to admit or deny Request No. 45.

Gibson, Dunn &
Crutcher LLP

22

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1   **REQUEST FOR ADMISSION NO. 46:**

2        Admit that, at present, discrimination against individuals practicing a homosexual lifestyle is

3   increasingly rare.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

5        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6   this Request on the grounds that it is vague and ambiguous, in particular with respect to the phrase

7   "increasingly rare."  Plaintiffs further object to this Request on the grounds that the phrase

8   "homosexual lifestyle" is unintelligible.  Subject to the foregoing objections, Plaintiffs deny this

9   Request for Admission.

10  **REQUEST FOR ADMISSION NO. 47:**

11       Admit that, apart from access to civil marriage, public discrimination against gays and

12  lesbians by state and local governments in California is virtually non-existent.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

14       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

15  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

16  Plaintiffs admit that the denial of access to civil marriage is a form of public (as well as private)

17  discrimination.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 48:**

19       Admit that homosexual lifestyles are widely accepted in California.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

21       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

22  this Request on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Request

23  on the grounds that the term "homosexual lifestyles" is unintelligible.  Subject to the foregoing

24  objections, Plaintiffs deny this Request for Admission.

25  **REQUEST FOR ADMISSION NO. 49:**

26       Admit that private discrimination against gay and lesbians in California is increasingly rare.

27

28

Gibson, Dunn &
Crutcher LLP

23

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

2      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3 this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

4 Plaintiffs deny this Request for Admission.

5 **REQUEST FOR ADMISSION NO. 50:**

6      Admit that many openly gay and lesbian individuals have served in California politics and

7 government, including:  former San Francisco Board of Supervisors Member Roberta Achtenberg;

8 California Assemblyman Tom Ammiano; West Sacramento Mayor Christopher Cabaldon; former

9 U. S. Ambassador to Luxembourg James Hormel; California State Senator Christine Kehoe; Susan

10 Kennedy, chief of staff to Gov. Arnold Schwarzenegger; State Senator Mark Leno; former State

11 Senator Carole Migden; former San Francisco Board of Supervisors Member Harvey Milk; Daniel

12 Zingale, chief of staff for Maria Shriver.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

14      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

15 this Request on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Request

16 on the grounds that it is compound.  Subject to the foregoing objections, Plaintiffs admit that to the

17 best of their knowledge, openly gay and lesbian individuals have served in California politics and

18 government, including:  former San Francisco Board of Supervisors Member Roberta Achtenberg;

19 California Assemblyman Tom Ammiano; West Sacramento Mayor Christopher Cabaldon; former

20 U. S. Ambassador to Luxembourg James Hormel; California State Senator Christine Kehoe; Susan

21 Kennedy, chief of staff to Gov. Arnold Schwarzenegger; State Senator Mark Leno; former State

22 Senator Carole Migden; former San Francisco Board of Supervisors Member Harvey Milk; Daniel

23 Zingale, former chief of staff for Maria Shriver.  Except as expressly admitted, Plaintiffs deny

24 Request No. 50.

25 **REQUEST FOR ADMISSION NO. 51:**

26      Admit that many openly gay and lesbian individuals have been active in California's arts and

27 cultural community.

28

Gibson, Dunn &
Crutcher LLP

24

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections, Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in many respects, including by contributing to California's arts and cultural community, athletics community, faith and spiritual communities, medical community, media organizations, entertainment industry, business community, labor force, academic community, nonprofit organizations, government institutions and its legal profession.  Except as expressly admitted, Plaintiffs deny Request No. 51.

**REQUEST FOR ADMISSION NO. 52:**

Admit that many openly gay and lesbian individuals have been active in California athletics.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections, Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in many respects, including by contributing to California's arts and cultural community, athletics community, faith and spiritual communities, medical community, media organizations, entertainment industry, business community, labor force, academic community, nonprofit organizations, government institutions and its legal profession.  Except as expressly admitted, Plaintiffs deny Request No. 52.

**REQUEST FOR ADMISSION NO. 53:**

Admit that many openly gay and lesbian individuals have worked at California media organizations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections, Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in many respects, including by contributing to California's arts and cultural community, athletics

community, faith and spiritual communities, medical community, media organizations, entertainment industry, business community, labor force, academic community, nonprofit organizations, government institutions and its legal profession. Except as expressly admitted, Plaintiffs deny Request No. 53.

**REQUEST FOR ADMISSION NO. 54:**

Admit that many openly gay and lesbian individuals have worked in California's entertainment industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request on the grounds that it is vague and ambiguous. Subject to the foregoing objections, Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in many respects, including by contributing to California's arts and cultural community, athletics community, faith and spiritual communities, medical community, media organizations, entertainment industry, business community, labor force, academic community, nonprofit organizations, government institutions and its legal profession. Except as expressly admitted, Plaintiffs deny Request No. 54.

**REQUEST FOR ADMISSION NO. 55:**

Admit that many openly gay and lesbian individuals have been leaders in California's business community.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request on the grounds that it is vague and ambiguous. Subject to the foregoing objections, Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in many respects, including by contributing to California's arts and cultural community, athletics community, faith and spiritual communities, medical community, media organizations, entertainment industry, business community, labor force, academic community, nonprofit organizations, government institutions and its legal profession. Except as expressly admitted, Plaintiffs deny Request No. 55.

Gibson, Dunn & Crutcher LLP

1   **REQUEST FOR ADMISSION NO. 56:**

2        Admit that many openly gay and lesbian individuals have been leaders at California

3   universities.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

5        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6   this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

7   Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in

8   many respects, including by contributing to California's arts and cultural community, athletics

9   community, faith and spiritual communities, medical community, media organizations, entertainment

10  industry, business community, labor force, academic community, nonprofit organizations,

11  government institutions and its legal profession.  Except as expressly admitted, Plaintiffs deny

12  Request No. 56.

13  **REQUEST FOR ADMISSION NO. 57:**

14       Admit that many openly gay and lesbian individuals have been leaders in California's legal

15  profession.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

17       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

18  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

19  Plaintiffs admit that openly gay and lesbian individuals have contributed to the state of California in

20  many respects, including by contributing to California's arts and cultural community, athletics

21  community, faith and spiritual communities, medical community, media organizations, entertainment

22  industry, business community, labor force, academic community, nonprofit organizations,

23  government institutions and its legal profession.  Except as expressly admitted, Plaintiffs deny

24  Request No. 57.

25  **REQUEST FOR ADMISSION NO. 58:**

26       Admit that, with the exception of the denomination "marriage," under California law "same-

27  sex couples retain the same substantive protections embodied in the state constitutional rights of

28  privacy and due process as those accorded to opposite-sex couples and the same broad protections

Gibson, Dunn & Crutcher LLP

27

1    under the state equal protection clause that are set forth in the majority opinion in the *Marriage*

2    *Cases*."  *Strauss v. Horton*, 46 Cal. 4th 364, 412 (Cal. 2009).

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

4         Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs also

5    object to this Request to the extent it calls for a legal conclusion.  Plaintiffs further object to this

6    Request on the grounds that it is vague, ambiguous, and compound.  Subject to the foregoing

7    objections, Plaintiffs admit only that *Strauss v. Horton*, 46 Cal. 4th 364, 412 (Cal. 2009) states,

8    among other things: "In sum, although Proposition 8 changes the state Constitution, as interpreted in

9    the majority opinion in the *Marriage Cases*, *supra*, 43 Cal.4th 757, 76 Cal.Rptr.3d 683, 183 P.3d

10   384, to provide that restricting the family designation of 'marriage' to opposite-sex couples only, and

11   withholding that designation from same-sex couples, no longer violates the state Constitution, in all

12   other respects same-sex couples retain the same substantive protections embodied in the state

13   constitutional rights of privacy and due process as those accorded to opposite-sex couples and the

14   same broad protections under the state equal protection clause that are set forth in the majority

15   opinion in the *Marriage Cases*, including the general principle that sexual orientation constitutes a

16   suspect classification and that statutes according differential treatment on the basis of sexual

17   orientation are constitutionally permissible only if they satisfy the strict scrutiny standard of review."

18   To the extent that this Request states or implies that such rights have been implemented by the State,

19   Plaintiffs deny that the State has altered its laws and policies to implement this, and further responds

20   that there are still differences in the ways that registered domestic partners and spouses are treated,

21   such as access to long term health care benefits for state employees.  To the extent that this Request

22   states or implies that a separate system of domestic partnerships could ever be equal to marriage,

23   Plaintiffs specifically deny that Request.

24   **REQUEST FOR ADMISSION NO. 59:**

25        Admit that the California Registered Domestic Partner Rights and Responsibilities Act of

26   2003, Stats. 2003, ch. 421, gives to domestic partners "the full range of legal rights, protections and

27   benefits, as well as all of the responsibilities, obligations, and duties to each other, to their children, to

28

Gibson, Dunn &
Crutcher LLP

28

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  third parties and to the state, as the laws of California extend to and impose upon spouses." Stats.

2  2003, ch. 421, § 15.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

4        Plaintiffs incorporate their General Objections as if stated fully herein.  Plaintiffs also object

5  to this Request on the grounds and to the extent that it may not be relevant to any party's claim or

6  defense in this action or reasonably calculated to lead to the discovery of admissible evidence.

7  Plaintiffs further object to the extent the Request calls for a legal conclusion.  Subject to the

8  foregoing objections, Plaintiffs admit that Stats. 203, ch. 421, § 15 added section 297.5 to the

9  California Family Code.  Except as expressly admitted, Plaintiffs deny Request No. 59.

10  **REQUEST FOR ADMISSION NO. 60:**

11        Admit that California law puts domestic partners on an equal footing with married spouses

12  with respect to inheritance and intestacy, id. sec. 297.5(c).

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

14        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

15  this Request on the grounds that it is vague and ambiguous, in particular in its use of the phrase

16  "equal footing,"   Plaintiffs further object to the extent the Request calls for a legal conclusion.

17  Subject to the foregoing objections, Plaintiffs admit that Cal. Family Code § 297.5(c) is part of the

18  law of California.  Except as expressly admitted, Plaintiffs deny Request No. 60.

19  **REQUEST FOR ADMISSION NO. 61:**

20        Admit that California law puts domestic partners on an equal footing with married spouses

21  with respect to property, id. sec. 297.5(k)(1).

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

23        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

24  this Request on the grounds that it is vague and ambiguous, in particular in its use of the phrase

25  "equal footing."   Plaintiffs further object to the extent the Request calls for a legal conclusion.

26  Subject to the foregoing objections, Plaintiffs admit that Cal. Family Code § 297.5(k)(1) is part of the

27  law of California.  Except as expressly admitted, Plaintiffs deny Request No. 61.

28

Gibson, Dunn &
Crutcher LLP

29

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1    **REQUEST FOR ADMISSION NO. 62:**

2          Admit that California law puts domestic partners on an equal footing with married spouses

3   with respect to insurance coverage, Cal. Ins. Code sec. 381.5.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

5          Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6   this Request on the grounds that it is vague and ambiguous, in particular in its use of the phrase

7   "equal footing."   Plaintiffs further object to the extent the Request calls for a legal conclusion.

8   Subject to the foregoing objections, Plaintiffs admit that Cal. Insurance Code § 381.5 is part of the

9   law of California.  Except as expressly admitted, Plaintiffs deny Request No. 62.

10   **REQUEST FOR ADMISSION NO. 63:**

11          Admit that California law puts domestic partners on an equal footing with married spouses

12   with respect to state tax treatment, Cal. Rev. & Tax Code secs. 17024.5(h)(2)(B), 18521(d).

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

14          Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

15   this Request on the grounds that it is vague and ambiguous, in particular in its use of the phrase

16   "equal footing."   Plaintiffs further object to the extent the Request calls for a legal conclusion.

17   Subject to the foregoing objections, Plaintiffs admit that Cal. Revenue & Tax Code § 17024.5(h) is

18   part of the law of California.  Except as expressly admitted, Plaintiffs deny Request No. 63.

19   **REQUEST FOR ADMISSION NO. 64:**

20          Admit that California is one of "[t]wenty states and the District of Columbia [with] laws that

21   explicitly prohibit sexual orientation discrimination in private employment."  Preventing Sexual

22   Orientation Discrimination in the Workplace, Nolo,

23   http://www.nolo.com/article.cfm?objectID/E76BEBE6-E 1 94-46C 1-

24   983629F17557E86D/111/259/283/ART/ (listing California, Colorado, Connecticut, Hawaii, Illinois,

25   Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New

26   Mexico, New York, Oregon, Rhode Island, Vermont, Washington, and Wisconsin).

27

28

Gibson, Dunn &
Crutcher LLP

30

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

2       Plaintiffs incorporate their General Objections as if set forth fully herein.   Plaintiffs further

3  respond that they lack knowledge or information sufficient to admit or deny the authenticity or

4  accuracy of the information contained on the web page cited in Request No. 64.  Subject to the

5  foregoing objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for

6  Admission No. 64 contains a document entitled "Preventing Sexual Orientation Discrimination in the

7  Workplace."  Plaintiffs lack knowledge or information sufficient to admit or deny the remainder of

8  the Request.

9  **REQUEST FOR ADMISSION NO. 65:**

10       Admit that California's elected legislature has passed laws prohibiting discrimination on the

11  basis of sexual orientation in businesses' provision of services, Cal. Civil Code § 51.5.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

13       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

14  this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in

15  the plural form and "businesses' provision of services."  Plaintiffs further object to the Request on the

16  grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

17  Subject to the foregoing objections, Plaintiffs admit that Cal. Civil Code § 51.5 is part of the law of

18  California.

19  **REQUEST FOR ADMISSION NO. 66:**

20       Admit that California's elected legislature has passed laws prohibiting discrimination on the

21  basis of sexual orientation in the peremptory challenges of jurors, Cal. Code of Civil Procedure

22  § 231.5.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

24       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

25  this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in

26  the plural form.   Plaintiffs further object to the Request on the grounds and to the extent that it calls

27  for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections,

28  Plaintiffs admit that Cal. Code of Civil Procedure § 231.5 is part of the law of California.

Gibson, Dunn &
Crutcher LLP

31

1   **REQUEST FOR ADMISSION NO. 67:**

2        Admit that California's elected legislature has passed laws prohibiting discrimination on the

3   basis of sexual orientation in public education, Cal. Ed. Code § 200.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

5        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6   this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in

7   the plural form and "public education."  Plaintiffs further object to the Request on the grounds and to

8   the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the

9   foregoing objections, Plaintiffs admit that Cal. Education Code § 200 is part of the law of California.

10  Except as expressly admitted, Plaintiffs deny this Request for Admission.

11  **REQUEST FOR ADMISSION NO. 68:**

12       Admit that California's elected legislature has passed laws prohibiting discrimination on the

13  basis of sexual orientation in state-funded educational programs, id. § 220, Cal. Wel. & Inst. Code

14  § 14504.1(c).

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

16       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

17  this Request on the grounds that it is vague and ambiguous, in particular in its reference to

18  "educational programs."  Plaintiffs further object to the Request on the grounds and to the extent that

19  it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing

20  objections, Plaintiffs admit that Cal. Education Code § 220 and Cal. Wel. & Inst. Code § 14504.1(c)

21  are part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for

22  Admission.

23  **REQUEST FOR ADMISSION NO. 69:**

24       Admit that California's elected legislature has passed laws prohibiting discrimination on the

25  basis of sexual orientation in secondary education, Cal. Ed. Code § 66251.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

27       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

28  this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in

Gibson, Dunn &
Crutcher LLP

32

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

the plural form and its use of the phrase "secondary education." Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Education Code § 66251 is part of the law of California. Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 70:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the basis of sexual orientation in post-secondary education, id. § 66270.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in the plural form and the phrase "post-secondary education." Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Education Code § 66270 is part of the law of California. Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 71:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the basis of sexual orientation in any state-funded program or activity, Cal. Gov. Code § 11135(a).

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular in its reference to "laws" in the plural form, as well as the terms "any", "state-funded", "program" and "activity." Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Government Code § 11135(a) is part of the law of California. Except as expressly admitted, Plaintiffs deny this Request for Admission.

1  **REQUEST FOR ADMISSION NO. 72:**

2      Admit that California's elected legislature has passed laws prohibiting discrimination on the

3  basis of sexual orientation in employment, id. §§ 12920, 12921, 12940.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6  this Request on the grounds and to the extent that it may not be relevant to any party's claim or

7  defense in this action or reasonably calculated to lead to the discovery of admissible evidence.

8  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal

9  conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit

10  that Cal. Government Code §§ 12920, 12921, and 12940 are part of the law of California.  Except as

11  expressly admitted, Plaintiffs deny this Request for Admission.

12  **REQUEST FOR ADMISSION NO. 73:**

13      Admit that California's elected legislature has passed laws prohibiting discrimination on the

14  basis of sexual orientation in housing, id. §§ 12921, 12955, 12955.8.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

16      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

17  this Request on the grounds and to the extent that it may not be relevant to any party's claim or

18  defense in this action or reasonably calculated to lead to the discovery of admissible evidence.

19  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal

20  conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit

21  that Cal. Government Code §§ 12921, 12955, and 12955.8 are part of the law of California.  Except

22  as expressly admitted, Plaintiffs deny this Request for Admission.

23  **REQUEST FOR ADMISSION NO. 74:**

24      Admit that California's elected legislature has passed laws prohibiting discrimination on the

25  basis of sexual orientation in labor organizations, id. § 12940(b).

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

27      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

28  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

Gibson, Dunn &
Crutcher LLP

1   plural form "laws" and the term "labor organizations."  Plaintiffs further object to the Request on the

2   grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

3   Subject to the foregoing objections, Plaintiffs admit that Cal. Government Code § 12940(b) is part of

4   the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

5   **REQUEST FOR ADMISSION NO. 75:**

6       Admit that California's elected legislature has passed laws prohibiting discrimination on the

7   basis of sexual orientation in apprenticeships, id. § 12940(c).

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

9       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

10  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

11  plural form "laws" and the term "apprenticeships."  Plaintiffs further object to the Request on the

12  grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

13  Subject to the foregoing objections, Plaintiffs admit that Cal. Government Code § 12940(c) is part of

14  the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

15  **REQUEST FOR ADMISSION NO. 76:**

16      Admit that California's elected legislature has passed laws prohibiting discrimination on the

17  basis of sexual orientation in licensing boards, id. § 12944.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

20  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

21  plural form "laws" and the term "licensing boards."  Plaintiffs further object to the Request on the

22  grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

23  Subject to the foregoing objections, Plaintiffs admit that Cal. Government Code § 12944 is part of the

24  law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

25  **REQUEST FOR ADMISSION NO. 77:**

26      Admit that California's elected legislature has passed laws prohibiting discrimination on the

27  basis of sexual orientation in civil service, id. § 18500.

28

Gibson, Dunn &
Crutcher LLP

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

2      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

4  plural form "laws" and the term "civil service."  Plaintiffs further object to the Request on the

5  grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

6  Subject to the foregoing objections, Plaintiffs admit that Cal. Government Code § 18500 is part of the

7  law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

8  **REQUEST FOR ADMISSION NO. 78:**

9      Admit that California's elected legislature has passed laws prohibiting discrimination on the

10  basis of sexual orientation in health insurance, Cal. Health & Saf. Code § 1365.5.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

12      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

13  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

14  plural form "laws" and the term "health insurance."  Plaintiffs further object to the Request on the

15  grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

16  Subject to the foregoing objections, Plaintiffs admit that Cal. Health & Safety Code § 1365.5 is part

17  of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 79:**

19      Admit that California's elected legislature has passed laws prohibiting discrimination on the

20  basis of sexual orientation in certification of administrators of group home facilities, id. § 1522.41.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

22      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

23  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

24  plural form "laws" and the terms "administrators" and "group health facilities."  Plaintiffs further

25  object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does

26  not require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Health & Safety

27  Code § 1522.41 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this

28  Request for Admission.

Gibson, Dunn &
Crutcher LLP

36

1  **REQUEST FOR ADMISSION NO. 80:**

2      Admit that California's elected legislature has passed laws prohibiting discrimination on the

3  basis of sexual orientation in adult day health care centers, id. § 1586.7.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

7  plural form "laws" and the term "adult day health care centers."  Plaintiffs further object to the

8  Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require

9  an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Cal. Health & Safety Code

10 § 1586.7 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request

11 for Admission.

12 **REQUEST FOR ADMISSION NO. 81:**

13     Admit that California's elected legislature has passed laws prohibiting discrimination on the

14 basis of sexual orientation in community redevelopment projects, id. § 33050(a).

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

16     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

17 this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

18 term "community redevelopment projects."  Plaintiffs further object to the Request on the grounds

19 and to the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to

20 the foregoing objections, Plaintiffs admit that Cal. Health & Safety Code § 33050(a) is part of the law

21 of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

22 **REQUEST FOR ADMISSION NO. 82:**

23     Admit that California's elected legislature has passed laws prohibiting discrimination on the

24 basis of sexual orientation in court-ordered HIV-status disclosure of criminal defendants, id.

25 § 120292.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

27     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

28 this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

Gibson, Dunn &
Crutcher LLP

37

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

plural form "laws" and the term "HIV-status disclosure."  Plaintiffs further object to the Request on

the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

Subject to the foregoing objections, Plaintiffs admit that Cal. Health & Safety Code § 120292 is part

of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 83:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the

basis of sexual orientation in sexual health education programs, id. § 151002(a)(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

plural form "laws" and the term "sexual health education programs."  Plaintiffs further object to the

Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require

an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Health & Safety Code

§ 151002(a)(6) is part of the law of California.  Except as expressly admitted, Plaintiffs deny this

Request for Admission.

**REQUEST FOR ADMISSION NO. 84:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the

basis of sexual orientation in insurance, Cal. Ins. Code §§ 10140(a), (e), 10141.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

term "licensing boards."  Plaintiffs further object to the Request on the grounds and to the extent that

it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing

objections, Plaintiffs admit that Cal. Ins. Code §§ 10140(a), (e), 10141 are part of the law of

California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 85:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the

basis of sexual orientation in children's public health insurance, id. § 12693.28.

Gibson, Dunn &
Crutcher LLP

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

2            Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3    this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

4    plural form "laws" and the term "children's public health insurance."  Plaintiffs further object to the

5    Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require

6    an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Insurance Code § 12693.28

7    is part of the law of California.   Except as expressly admitted, Plaintiffs deny this Request for

8    Admission.

9    **REQUEST FOR ADMISSION NO. 86:**

10           Admit that California's elected legislature has passed laws prohibiting discrimination on the

11   basis of sexual orientation in health care organizations, Cal. Lab Code § 4600.6(g)(3).

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

13           Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

14   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

15   plural form "laws" and the term "health care organizations."  Plaintiffs further object to the Request

16   on the grounds and to the extent that it calls for a legal conclusion and thus does not require an

17   answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Labor Code § 4600.6(g)(3) is

18   part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for

19   Admission.

20   **REQUEST FOR ADMISSION NO. 87:**

21           Admit that California's elected legislature has passed laws prohibiting discrimination on the

22   basis of sexual orientation in public contractors, Cal. Pub. Contract Code § 6108(g)(9).

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

24           Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

25   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

26   plural form "laws" and the term "public contractors."  Plaintiffs further object to the Request on the

27   grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

28

Gibson, Dunn &
Crutcher LLP

Subject to the foregoing objections, Plaintiffs admit that Cal. Pub. Contract Code § 6108(g)(9) is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 88:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the basis of sexual orientation in juvenile detention, Cal. Wel. & Inst. Code § 224.73.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the plural form "laws" and the term "juvenile detention."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Wel. & Inst. Code § 224.73 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 89:**

Admit that California's elected legislature has passed laws prohibiting discrimination on the basis of sexual orientation in access to elder services, Cal. Wel. & Inst. Code § 9103.1(a), (c), (d).

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the plural form "laws" and the term "elder services."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Wel. & Inst. Code § 9103.1(a), (c), and (d) are part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 90:**

Admit that California has acted to protect and advance gay and lesbian rights by combating bias on the basis of sexual orientation in public schools, Cal. Ed. Code § 32228.

Gibson, Dunn &
Crutcher LLP

40

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

2       Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

4   terms "acted," "protect," "advance," "gay and lesbian rights," "combating," "bias" and "public

5   schools."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a

6   legal conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs

7   admit that Cal. Ed. Code § 32228 is part of the law of California.  Except as expressly admitted,

8   Plaintiffs deny this Request for Admission.

9   **REQUEST FOR ADMISSION NO. 91:**

10      Admit that California has acted to protect and advance gay and lesbian rights by providing

11  sexual orientation-sensitive sex education materials, id. § 51933(b)(4).

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

13      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

14  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

15  terms "acted," "protect," "advance," "gay and lesbian rights," "providing," "sexual-orientation-

16  sensitive" and "sex education materials."  Plaintiffs further object to the Request on the grounds and

17  to the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the

18  foregoing objections, Plaintiffs admit that Cal. Ed. Code § 51933(b)(4) is part of the law of

19  California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

20  **REQUEST FOR ADMISSION NO. 92:**

21      Admit that California has acted to protect and advance gay and lesbian rights by protecting

22  privacy interests in sexual orientation for teachers. id. § 49091.24.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

24      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

25  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

26  terms "acted," "protect," or "protecting," "advance," "gay and lesbian rights," and "teachers."

27  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal

28  conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit

Gibson, Dunn &
Crutcher LLP

41

1  that Cal. Ed. Code § 49091.24 is part of the law of California.  Except as expressly admitted,

2  Plaintiffs deny this Request for Admission.

3  **REQUEST FOR ADMISSION NO. 93:**

4      Admit that California has acted to protect and advance gay and lesbian rights by providing

5  training for domestic abuse evaluators in the relationship of sexual orientation to domestic violence,

6  Cal. Fam. Code § 1816.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

8      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

9  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

10  terms "acted," "protect," "advance," "gay and lesbian rights," "providing," "training," "domestic

11  abuse evaluators," "relationship" and "domestic violence."  Plaintiffs further object to the Request on

12  the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

13  Subject to the foregoing objections, Plaintiffs admit that Cal. Fam. Code § 1816 is part of the law of

14  California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

15  **REQUEST FOR ADMISSION NO. 94:**

16      Admit that California has acted to protect and advance gay and lesbian rights by facilitating

17  communication on sexual orientation in disability communities, Cal. Gov. Code § 8299.01(b)(2)(F).

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

19      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

20  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

21  terms "acted," "protect," "advance," "gay and lesbian rights," "facilitating," "communication" and

22  "disability communities."  Plaintiffs further object to the Request on the grounds and to the extent

23  that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing

24  objections, Plaintiffs admit that Cal. Government Code § 8299.01(b)(2)(F) is part of the law of

25  California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

26  **REQUEST FOR ADMISSION NO. 95:**

27      Admit that California has acted to protect and advance gay and lesbian rights by issuing

28  publications to minimize housing discrimination on the basis of sexual orientation, id. § 12930(i).

Gibson, Dunn &
Crutcher LLP

42

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

2         Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

4   terms "acted," "protect," "advance," "gay and lesbian rights," "issuing," "publications," "minimize"

5   and "housing discrimination."  Plaintiffs further object to the Request on the grounds and to the

6   extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the

7   foregoing objections, Plaintiffs admit that Cal. Government Code § 12930(i) is part of the law of

8   California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

9   **REQUEST FOR ADMISSION NO. 96:**

10        Admit that California has acted to protect and advance gay and lesbian rights by providing

11  assistance in resolving disputes relating to discrimination on the basis of sexual orientation, id.

12  § 12931.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

14        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

15  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

16  terms "acted," "protect," "advance," "gay and lesbian rights," "providing," "assistance," "resolving,"

17  and "disputes."  Plaintiffs further object to the Request on the grounds and to the extent that it calls

18  for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections,

19  Plaintiffs admit that Cal. Government Code § 12931 is part of California law.  Except as expressly

20  admitted, Plaintiffs deny this Request for Admission.

21  **REQUEST FOR ADMISSION NO. 97:**

22        Admit that California has acted to protect and advance gay and lesbian rights by funding

23  advisory and conciliation councils to study sexual orientation discrimination generally and in housing

24  and employment, id. § 12935(g).

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

26        Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

27  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

28  terms "acted," "protect," "advance," "gay and lesbian rights," "funding," "advisory," "conciliation,"

Gibson, Dunn &
Crutcher LLP

43

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1   "councils," "study" and "generally."  Plaintiffs further object to the Request on the grounds and to the

2   extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the

3   foregoing objections, Plaintiffs admit that Cal. Government Code § 12935(g) is part of the law of

4   California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

5   **REQUEST FOR ADMISSION NO. 98:**

6       Admit that California has acted to protect and advance gay and lesbian rights by empowering

7   local commissions on human relations to study and resolve tensions between people subject to

8   prejudice on the basis of sexual orientation, id. §§ 50264(c), 50265(a).

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

10      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

11  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

12  terms "acted," "protect," "advance," "gay and lesbian rights," "empowering," "local commissions,"

13  "on," "human relations," "study," "resolve," "tensions," "people," "subject" and "prejudice."

14  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal

15  conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit

16  that Cal. Government Code § 50264(c) is part of the law of California.  Except as expressly admitted,

17  Plaintiffs deny this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 99:**

19      Admit that California has acted to protect and advance gay and lesbian rights by training

20  medical personnel in sexual orientation discrimination prevention, Cal. Health & Saf. Code § 1257.5.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

22      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

23  this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

24  terms "acted," "protect," "advance," "gay and lesbian rights," "training," "medical personnel" and

25  "discrimination prevention."  Plaintiffs further object to the Request on the grounds and to the extent

26  that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing

27  objections, Plaintiffs admit that Cal. Health & Saf. Code § 1257.5 is part of the law of California.

28  Except as expressly admitted, Plaintiffs deny this Request for Admission.

Gibson, Dunn & Crutcher LLP

44

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1    **REQUEST FOR ADMISSION NO. 100:**

2           Admit that California has acted to protect and advance gay and lesbian rights by training

3    foster parents and group home and foster family agency licensing personnel in sexual orientation

4    discrimination and harassment prevention, id. §§ 1522.41(b)(3)(F), (b)(4)(E), § 1563(c)(5), Cal. Wel.

5    & Inst. Code § 16003(a)(1).

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

7           Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

8    this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

9    terms "acted," "protect," "advance," "gay and lesbian rights," "training," "foster parents," "group

10   home," "foster family licensing personnel," "sexual discrimination" and "harassment."  Plaintiffs

11   further object to the Request on the grounds and to the extent that it calls for a legal conclusion and

12   thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal.

13   Government Code §§ 1522.41(b)(3)(F), (b)(4)(E), § 1563(c)(5) and Cal. Wel. & Inst. Code

14   § 16003(a)(1) are part of the law of California.  Except as expressly admitted, Plaintiffs deny this

15   Request for Admission.

16   **REQUEST FOR ADMISSION NO. 101:**

17          Admit that California has acted to protect and advance gay and lesbian rights by training law

18   enforcement personnel about crimes committed on the basis of the sexual orientation of the victim,

19   Cal. Pen Code §§ 13023, 13519.6.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

21          Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

22   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

23   terms "acted," "protect," "advance," "gay and lesbian rights," "training," "law enforcement

24   personnel," "about," "crimes," "basis" and "victim."  Plaintiffs further object to the Request on the

25   grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.

26   Subject to the foregoing objections, Plaintiffs admit that Cal. Pen. Code § 13023 and Cal. Pen. Code

27   § 13519.6 are part of the law of California.  Except as expressly admitted, Plaintiffs deny this

28   Request for Admission.

Gibson, Dunn &
Crutcher LLP

**REQUEST FOR ADMISSION NO. 102:**

Admit that California has acted to protect and advance gay and lesbian rights by training law enforcement personnel about sensitivity to sexual orientation, id. §§ 13023, 13519.4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the terms "acted," "protect," "advance," "gay and lesbian rights," "training," "law enforcement personnel" and "sensitivity."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Pen. Code § 13023 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 103:**

Admit that California has acted to protect and advance gay and lesbian rights by recognizing the right of children to be free from sexual orientation discrimination, Cal. Wel. & Inst. Code § 224.71

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the terms "acted," "protect," "advance," "gay and lesbian rights," "recognizing," "rights," and "free." Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Wel. & Inst. Code § 224.71 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 104:**

Admit that California has acted to protect and advance gay and lesbian rights by codifying protections against hate crimes committed on the basis of sexual orientation, Cal. Pen Code §§ 422.55(a)(6), 422.6, 422.7, 422.75, 422.7, 422.85, 422.865, § 3053.4, Cal. Ed. Code §§ 66301, 67380, 94367, Cal. Wel. & Inst. Code § 707(d)(2)(C)(iii).

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the terms "acted," "protect," "advance," "gay and lesbian rights," "codifying," "protections," "hate crimes" and "committed."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Cal. Pen Code §§ 422.55(a)(6), 422.6, 422.7, 422.75, 422.7, 422.85, 422.865, § 3053.4, Cal. Ed. Code §§ 66301, 67380, 94367, and Cal. Wel. & Inst. Code § 707(d)(2)(C)(iii) are part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 105:**

Admit that California has acted to protect and advance gay and lesbian rights by protecting against harmful insurance premium adjustment following hate crime-related claims, Cal. Ins. Code § 676.10.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the terms "acted," "protect," "advance," "gay and lesbian rights," "protecting," "harmful," "insurance premium adjustment" and "hate crime-related claims."  Plaintiffs further object to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not require an answer. Subject to the foregoing objections, Plaintiffs admit that Cal. Ins. Code § 676.10 is part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for Admission.

**REQUEST FOR ADMISSION NO. 106:**

Admit that California has acted to protect and advance gay and lesbian rights by recognizing the right of persons of any sexual orientation to be free from fear and harm by gangs, Cal. Pen Code §§ 186.21, 11410.

Gibson, Dunn & Crutcher LLP

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

2            Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

3    this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

4    terms "acted," "protect," "advance," "gay and lesbian rights," "recognizing," "rights," "free," "fear,"

5    "harm" and "gangs."  Plaintiffs further object to the Request on the grounds and to the extent that it

6    calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing objections,

7    Plaintiffs admit that Cal. Pen. Code § 186.21 and § 11410 are part of the law of California.  Except as

8    expressly admitted, Plaintiffs deny this Request for Admission.

9    **REQUEST FOR ADMISSION NO. 107:**

10           Admit that California has acted to protect and advance gay and lesbian rights by providing for

11   jury instructions prohibiting bias on the basis of sexual orientation, Cal. Pen Code § 1127h.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

13           Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

14   this Request on the grounds that it is vague and ambiguous, in particular with respect to the use of the

15   terms "acted," "protect," "advance," "gay and lesbian rights," "providing," "jury instructions,"

16   "prohibiting," and "bias."  Plaintiffs further object to the Request on the grounds and to the extent

17   that it calls for a legal conclusion and thus does not require an answer.  Subject to the foregoing

18   objections, Plaintiffs admit that Cal. Pen. Code § 1127h is part of the law of California.  Except as

19   expressly admitted, Plaintiffs deny this Request for Admission.

20   **REQUEST FOR ADMISSION NO. 108:**

21           Admit that California municipalities provide additional protections and benefits to same-sex

22   partners.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

24           Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

25   this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

26   Plaintiffs lack knowledge sufficient to admit or deny whether California municipalities provide

27   additional protections and benefits to same-sex partners.

28

Gibson, Dunn &
Crutcher LLP

48

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **REQUEST FOR ADMISSION NO. 109:**

2     Admit that California employers are required by law to grant healthcare benefits to same-sex

3  domestic partners on equal footing with employees' spouses. Cal. Ins. Code sec. 381.5.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

5     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs object to

6  this Request on the grounds that it is vague, ambiguous and unintelligible, in particular with respect

7  to the use of the terms "required," "healthcare benefits," and "equal footing."  Plaintiffs further object

8  to the Request on the grounds and to the extent that it calls for a legal conclusion and thus does not

9  require an answer.  Subject to the foregoing objections, Plaintiffs admit that Cal. Ins. Code § 381.5 is

10  part of the law of California.  Except as expressly admitted, Plaintiffs deny this Request for

11  Admission.

12  **REQUEST FOR ADMISSION NO. 110:**

13     Admit that California is one of sixteen states that mandate health insurance coverage for

14  domestic partners. Council for Affordable Health Insurance, Health Insurance Mandates in the States

15  2009 at 7, 19, http://www.cahi.org/cahi_contents/resources/pdf/HealthInsuranceMandates2009.pdf.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

17     Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

18  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

19  use of the term "mandate" and the phrase "health insurance."  Plaintiffs also object to this Request on

20  the grounds and to the extent that it may not be relevant to any party's claim or defense in this action

21  or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further respond

22  that they lack knowledge or information sufficient to admit or deny the authenticity or accuracy of

23  the information contained on the web page cited in Request No. 110.  Subject to the foregoing

24  objections, Plaintiffs admit that the web page cited in Defendant-Intervenors' Request for Admission

25  No. 110 contains a 27 page document entitled "Health Insurance Mandates in the States 2009."

26  Plaintiffs lack knowledge or information sufficient to admit or deny the remainder of the Request.

27

28

Gibson, Dunn & Crutcher LLP

49

1   **REQUEST FOR ADMISSION NO. 111:**

2        Admit that even before they were legally obligated to do so, many major California employers

3   granted benefits to same-sex partners and registered domestic partners.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

5        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

6   this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

7   Plaintiffs lack knowledge or information sufficient to admit or deny this Request.

8   **REQUEST FOR ADMISSION NO. 112:**

9        Admit that a majority of Fortune 500 companies offer same-sex domestic partner benefits.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

11       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

12  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

13  Plaintiffs lack knowledge or information sufficient to admit or deny this Request.

14  **REQUEST FOR ADMISSION NO. 113:**

15       Admit that the only type of relationship that is capable of producing biological offspring is

16  that between a man and a woman.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

18       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

19  this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase

20  "biological offspring."  Subject to the foregoing objections, Plaintiffs deny this Request for

21  Admission.

22  **REQUEST FOR ADMISSION NO. 114:**

23       Admit that less than 40% of same-sex couples in the United States aged 22-55 have children

24  under 18 in the home. R. Bradley Sears, et al., *Same-Sex Couples and Same-Sex Couples Raising*

25  *Children in the United States: Data from Census 2000* at 11.

26

27

28

Gibson, Dunn &
Crutcher LLP

50

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

2      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

3  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

4  Plaintiffs lack knowledge or information sufficient to admit or deny this Request.

5  **REQUEST FOR ADMISSION NO. 115:**

6      Admit that Sixty-eight percent of married couples aged 22-55 have children under 18 in the

7  home. *Id*.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

9      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

10  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

11  Plaintiffs lack knowledge or information sufficient to admit or deny this Request.

12  **REQUEST FOR ADMISSION NO. 116:**

13      Admit that children of same-sex couples are never biologically related to both of their parents.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

15      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

16  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

17  Plaintiffs deny this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 117:**

19      Admit that children of same-sex couples are less likely to be biologically related to any of

20  their parents than are the children of opposite-sex couples.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

22      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

23  this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

24  Plaintiffs deny this Request for Admission.

25  **REQUEST FOR ADMISSION NO. 118:**

26      Admit that there is a strong natural bond between biological parents and their children.

27

28

Gibson, Dunn & Crutcher LLP

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

2       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

3   this Request on the grounds that it is vague and ambiguous.  Subject to the foregoing objections,

4   Plaintiffs deny this Request for Admission.

5   **REQUEST FOR ADMISSION NO. 119:**

6       Admit that children have a natural desire to know and have a relationship with their biological

7   parents.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

9       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

10  this Request on the grounds that it is vague, ambiguous and calls for expert testimony, which is not

11  yet subject to discovery.  Subject to the foregoing objections, Plaintiffs deny this Request for

12  Admission.

13  **REQUEST FOR ADMISSION NO. 120:**

14      Admit that international law recognizes that "as far as possible, [a child has the] right to know

15  and be cared for by his or her parents."  United Nations Convention on the Rights of the Child, Art. 7,

16  Nov. 20, 1989, 28 I. L. M. 1448, 1460.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

18      Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further

19  object to this Request on the grounds that it is vague and ambiguous, in particular with respect to its

20  use of the terms "international law" and "recognizes"  Plaintiffs also object to this Request on the

21  grounds and to the extent that it may not be relevant to any party's claim or defense in this action or

22  reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing

23  objections, Plaintiffs admit that the United Nations Convention on the Rights of the Child, Art. 7(1)

24  states, in part, "The child shall be registered immediately after birth and shall have the right from

25  birth to a name, the right to acquire a nationality and, as far as possible, the right to know and be

26  cared for by his or her parents."  Except as expressly admitted, Plaintiffs deny this Request for

27  Admission.

28

Gibson, Dunn &
Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1   **REQUEST FOR ADMISSION NO. 121:**

2        Admit that many gays and lesbians desire to have biological children.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

4        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

5   this Request on the grounds that it is vague and ambiguous, particularly with respect to the word

6   "many."   Subject to the foregoing objections, Plaintiffs admit that, like heterosexual individuals,

7   some gay and lesbian individuals desire to have biological children and some do not.  Except as

8   expressly admitted, Plaintiffs deny this Request for Admission.

9   **REQUEST FOR ADMISSION NO. 122:**

10        Admit that by taking advantage of technological advancements and through other means,

11  many gay and lesbian individuals are fulfilling their desires to have biological children.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

13        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

14  this Request on the grounds that it is vague and ambiguous, particularly with respect to the word

15  "many."   Subject to the foregoing objections, Plaintiffs admit that, like some heterosexual

16  individuals, some gay and lesbian individuals are taking advantage of technological advancements

17  and other means to have biological children.  Except as expressly admitted, Plaintiffs deny this

18  Request for Admission.

19  **REQUEST FOR ADMISSION NO. 123:**

20        Admit that from the beginning of California's statehood, the legal institution of civil marriage

21  has been understood to refer to a relationship between a man and a woman, excepting the brief period

22  of time between the California Supreme Court's decision in the *Marriage Cases* and the passage of

23  Proposition 8.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

25        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

26  this Request on the grounds that it is vague, ambiguous and calls for expert testimony, which is not

27  yet subject to discovery.  Plaintiffs further object to this Request on the grounds that it is compound.

28  Subject to the foregoing objections, Plaintiffs deny the Request for Admission.

Gibson, Dunn &
Crutcher LLP

53

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

**REQUEST FOR ADMISSION NO. 124:**

Admit that civil marriage has been a remarkably static institution; that it has rarely changed throughout history, and then only in minor ways; and that despite any changes in its precise contours, it always has been and nearly always still is limited to the union of a man and a woman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "remarkably static," "rarely" and "minor."  Plaintiffs further object to this Request on the grounds that it is compound and calls for expert testimony, which is not yet subject to discovery.  Subject to the foregoing objections, Plaintiffs deny the Request for Admission.

**REQUEST FOR ADMISSION NO. 125:**

Admit that the framers and ratifiers of the 14th Amendment did not intend to require states to extend the institution of marriage to same-sex relationships, nor did they understand the 14th Amendment to do so.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Request on the grounds that it is compound and calls for expert testimony, which is not yet subject to discovery.  Subject to the foregoing objections, Plaintiffs deny Request No. 125.

**REQUEST FOR ADMISSION NO. 126:**

Admit that at the time of the framing and ratification of the Fourteenth Amendment, civil marriage was uniformly defined in law and understood by the public to encompass only opposite-sex relationships.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "civil marriage" and as to scope.  Plaintiffs further object to this Request on the grounds that it is compound and calls for expert testimony, which is not yet subject to discovery.  Subject to the

Gibson, Dunn & Crutcher LLP

1    foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny the

2    Request for Admission.

3    **REQUEST FOR ADMISSION NO. 127:**

4          Admit that dictionaries from the time of the framing and ratification of the 14th Amendment

5    uniformly defined marriage as the union of a man and a woman; and that no dictionary definition of

6    marriage from that time included same-sex relationships.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

8          Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

9    this Request on the grounds that it is vague, ambiguous and calls for expert testimony, which is not

10   yet subject to discovery.  Plaintiffs further object to this Request on the grounds that it is compound.

11   Subject to the foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or

12   deny Request No. 127.

13   **REQUEST FOR ADMISSION NO. 128:**

14         Admit that at the time of the framing and ratification of the 14th Amendment, not a single

15   State recognized same-sex relationships as marriages.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

17         Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

18   this Request on the grounds that it is vague, ambiguous and calls for expert testimony, which is not

19   yet subject to discovery.  Plaintiffs further object to this Request on the grounds that it is compound.

20   Subject to the foregoing objections, Subject to the foregoing objections, Plaintiffs lack knowledge or

21   information sufficient to admit or deny Request No. 128.

22   **REQUEST FOR ADMISSION NO. 129:**

23         Admit that the debates accompanying the framing and ratification of the 14th Amendment

24   contain no discussion of extending marriage to include same-sex relationships.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

26         Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

27   this Request on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Request

28

Gibson, Dunn &
Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  on the grounds that it is compound.  Subject to the foregoing objections, Plaintiffs lack knowledge or

2  information sufficient to admit or deny Request No. 129.

3  **REQUEST FOR ADMISSION NO. 130:**

4  Admit that the proponents of Proposition 8 submitted 1,120,801 signatures to the Secretary of

5  State on April 24, 2008 to qualify the initiative for the fall general election ballot.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

7  Plaintiffs incorporate their General Objections as if fully set forth herein.  Subject to the

8  foregoing objections, Plaintiffs lack knowledge or information sufficient to admit or deny Request

9  No. 130.

10  **REQUEST FOR ADMISSION NO. 131:**

11  Admit that Proposition 8 restored the traditional definition of marriage.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

13  Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

14  this Request on the grounds that it is vague and ambiguous, particularly with respect to the words

15  "traditional" and "restored."  Plaintiffs further object to this Request on the grounds that it is

16  compound.  Subject to the foregoing objections, Plaintiffs deny this Request for Admission.

17  **REQUEST FOR ADMISSION NO. 132:**

18  Admit that Proposition 8 was intended to restore the traditional definition of marriage.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

20  Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

21  this Request on the grounds that it is vague and ambiguous, particularly with respect to the words

22  "traditional" and "restored."  Plaintiffs further object to this Request on the grounds that it is

23  compound.  Subject to the foregoing objections, Plaintiffs deny this Request for Admission.

24  **REQUEST FOR ADMISSION NO. 133:**

25  Admit that on May 15, 2008, the California Supreme Court decided *In re Marriage Cases*,

26  183 P.3d 384 (Cal. 2008).

27

28

Gibson, Dunn &
Crutcher LLP

56

09-CV-2292 VRW  PLAINTIFFS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION TO
DEFENDANT-INTERVENOR PROPOSITION 8 PROPONENTS

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

2       Plaintiffs incorporate their General Objections as if set forth fully herein.  Subject to the

3  foregoing objections, Plaintiffs admit that the California Supreme Court issued its decision in *In re*

4  *Marriage Cases*, 183 P.3d 384 (Cal. 2008) on May 15, 2008.

5  **REQUEST FOR ADMISSION NO. 134:**

6       Admit that the California Secretary of State certified Proposition 8 for the November 4, 2008

7  general election ballot on June 2, 2008.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

9       Plaintiffs incorporate their General Objections as if fully set forth herein.  Subject to the

10  foregoing objections, Plaintiffs admit that Proposition 8 was certified for the November 4, 2008

11  general election ballot on June 2, 2008.

12  DATED:  September 16, 2009                    GIBSON, DUNN & CRUTCHER LLP

13

14                          By: _____/s/Ethan D. Dettmer_____

15                                       Ethan D. Dettmer

16                          and

17                          BOIES, SCHILLER & FLEXNER LLP

18                          David Boies

19                          Attorneys for Plaintiffs KRISTIN M. PERRY,

20                          SANDRA B. STIER, PAUL T. KATAMI, and
                        JEFFREY J. ZARRILLO

21

22

23

24

25

26

27

28