1  COOPER AND KIRK, PLLC
   Charles J. Cooper (DC Bar No. 248070)*
2  *ccooper@cooperkirk.com*
   David H. Thompson (DC Bar No. 450503)*
3  *dthompson@cooperkirk.com*
   Howard C. Nielson, Jr. (DC Bar No. 473018)*
4  *hnielson@cooperkirk.com*
   Nicole J. Moss (DC Bar No. 472424)*
5  *nmoss@cooperkirk.com*
   Jesse Panuccio (DC Bar No. 981634)*
6  *jpanuccio@cooperkirk.com*
   Peter A. Patterson (Ohio Bar No. 0080840)*
7  *ppatterson@cooperkirk.com*
   1523 New Hampshire Ave. N.W., Washington, D.C. 20036
8  Telephone: (202) 220-9600, Facsimile: (202) 220-9601

9  LAW OFFICES OF ANDREW P. PUGNO
   Andrew P. Pugno (CA Bar No. 206587)
10 *andrew@pugnolaw.com*
   101 Parkshore Drive, Suite 100, Folsom, California 95630
11 Telephone: (916) 608-3065, Facsimile: (916) 608-3066

12 ALLIANCE DEFENSE FUND
   Brian W. Raum (NY Bar No. 2856102)*
13 *braum@telladf.org*
   James A. Campbell (OH Bar No. 0081501)*
14 *jcampbell@telladf.org*
   15100 North 90th Street, Scottsdale, Arizona 85260
15 Telephone: (480) 444-0020, Facsimile: (480) 444-0028

16 ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
   GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
17 MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
   PROJECT OF CALIFORNIA RENEWAL
18
   * Admitted *pro hac vice*
19
                    **UNITED STATES DISTRICT COURT**
20                  **NORTHERN DISTRICT OF CALIFORNIA**

21 KRISTIN M. PERRY, SANDRA B. STIER, PAUL        CASE NO. 09-CV-2292 VRW
   T. KATAMI, and JEFFREY J. ZARRILLO,
22                                                 **DEFENDANT-INTERVENORS'**
              Plaintiffs,                          **NOTICE OF MOTION AND MOTION**
23                                                 **TO REALIGN ATTORNEY**
                                                   **GENERAL EDMUND G. BROWN,**
24 CITY AND COUNTY OF SAN FRANCISCO,              **JR., AND MEMORANDUM OF**
                                                   **POINTS AND AUTHORITIES IN**
25            Plaintiff-Intervenor,                **SUPPORT OF MOTION TO**
                                                   **REALIGN**
26        v.

27 ARNOLD SCHWARZENEGGER, in his official
   capacity as Governor of California; EDMUND G.
28

1   BROWN, JR., in his official capacity as Attorney
    General of California; MARK B. HORTON, in his
2   official capacity as Director of the California
    Department of Public Health and State Registrar of
3   Vital Statistics; LINETTE SCOTT, in her official
    capacity as Deputy Director of Health Information
4   & Strategic Planning for the California Department
    of Public Health; PATRICK O'CONNELL, in his
5   official capacity as Clerk-Recorder for the County
    of Alameda; and DEAN C. LOGAN, in his official
6   capacity as Registrar-Recorder/County Clerk for
    the County of Los Angeles,
7

8                       Defendants,

9   and

10  PROPOSITION 8 OFFICIAL PROPONENTS
    DENNIS HOLLINGSWORTH, GAIL J.
11  KNIGHT, MARTIN F. GUTIERREZ, HAK-
    SHING WILLIAM TAM, and MARK A.
12  JANSSON; and PROTECTMARRIAGE.COM –
    YES ON 8, A PROJECT OF CALIFORNIA
13  RENEWAL,

14                      Defendant-Intervenors.

15

Date:  January 7, 2010
Time:  10:00 a.m.
Location:  Courtroom 6, 17th Floor
Judge:  Chief Judge Vaughn R. Walker

Trial Date:  January 11, 2010

16  Additional Counsel for Defendant-Intervenors

17

18  ALLIANCE DEFENSE FUND
    Timothy Chandler (CA Bar No. 234325)
19  *tchandler@telladf.org*
    101 Parkshore Drive, Suite 100, Folsom, California 95630
20  Telephone: (916) 932-2850, Facsimile: (916) 932-2851

21  Jordan W. Lorence (DC Bar No. 385022)*
    *jlorence@telladf.org*
22  Austin R. Nimocks (TX Bar No. 24002695)*
    *animocks@telladf.org*
23  801 G Street NW, Suite 509, Washington, D.C. 20001
    Telephone: (202) 393-8690, Facsimile: (202) 347-3622
24
    * Admitted *pro hac vice*
25

26

27

28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT ................................................................................................................... 5

I.   ATTORNEY GENERAL BROWN SHOULD BE REALIGNED AS A PARTY PLAINTIFF ................ 5

    A.   The Court Has A Duty To Align Parties According To Their Respective Interests In The Case To Ensure That The Proceedings Are Truly Adversarial ........ 5

    B.   Attorney General Brown Should Be Realigned As A Party Plaintiff Because He Has Embraced Plaintiffs' Claims That Proposition 8 Violates The Fourteenth Amendment ................................................................................................ 7

CONCLUSION ............................................................................................................... 9

1

# TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3

*American Motorist Ins. Co. v. Trane Co.,* 657 F.2d 146, 151 (7th Cir. 1981)  ...........................7

4

5

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987).....1, 7

6

*Delchamps, Inc. v. Alabama State Milk Control Board*, 324 F. Supp. 117 (M.D. Ala. 1971)  .....7

7

8

*Development Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156 (3d Cir. 1995)  ................6

9

*Dolch v. United California Bank*, 702 F.2d 178 (9th Cir. 1983)  ...............................6,7

10

11

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 69 (1941) ........................................1, 5, 7

12

*Larios v. Perdue*, 306 F. Supp 2d 1190 (N.D. Ga. 2003)  ....................................6, 7, 8

13

14

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831 (5th Cir.
        1993) (en banc) .......................................................................8

15

16

*Lewis v. Odell*, 503 F.2d 445 (2d Cir. 1974)  ....................................................5

17

*Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617 (2d Cir. 1993)  ....................6

18

19

*Mottola v. Nixon*, 464 F.2d 178 (9th Cir. 1972)  ...........................................2

20

*Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516 (D. Nev. 1990) ............6

21

22

*Smith v. Salish Kootenai College*, 434 F.3d 1127 (9th Cir. 2006) (en banc) ...........................1, 7

23

*Still v. DeBuono*, 927 F. Supp. 125 (S.D.N.Y. 1996)  ...........................................1, 6, 8

24

25

*Strauss v. Horton*, 207 P.3d 48 (Cal. 2009) ...........................................2

26

*Wade v. Mississippi Coop Extension Serv.*, 528 F.2d 508 (5th Cir. 1976) ....................................6

27

28

**CONSTITUTIONAL PROVISIONS AND STATUTES**

CAL. CONST. art. I, § 7.5. ................................................................................................ 2

**OTHER AUTHORITIES**

1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.74[1] (2d ed. 1993) .......................... 6

Fed. R. Civ. P. 36............................................................................................................... 3

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 7, 2010, at 10:00 a.m., or as soon as the matter may be heard, before the Honorable Vaughn R. Walker, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors ("Proponents") will move this Court for an order realigning Attorney General Edmund G. Brown, Jr., as a party plaintiff in this case.[1]

Defendant-Intervenors respectfully request an order realigning nominal Defendant Attorney General Brown as a party plaintiff because he has declined to defend the constitutionality of Proposition 8 and, instead, has embraced Plaintiffs' claims that Proposition 8 violates the Fourteenth Amendment of the United States Constitution.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether nominal Defendant Attorney General Brown, who has embraced Plaintiffs' claims that Proposition 8 violates the Fourteenth Amendment, should be realigned as a party plaintiff.

**INTRODUCTION**

Federal courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (quotation marks omitted). In doing so, courts should "realign parties[] according to their ultimate interests" in the case. *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1133 (9th Cir. 2006) (en banc). Thus, a named defendant must be realigned as a plaintiff if its ultimate interests "coincide with those of the plaintiff in relation to the purpose of the lawsuit," *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987), for "[o]bviously, to be recognized as a 'defendant' . . . , a party must be in an adversarial relationship with the plaintiff," *Still v. DeBuono*, 927 F. Supp. 125, 130 (S.D.N.Y. 1996).

Attorney General Brown has plainly taken Plaintiffs' side in this litigation, has embraced their claims that Proposition 8 violates the Fourteenth Amendment, and has given every indication

---

[1] We are noticing this motion for January 7, 2010, because it appears that this Court's calendar is closed until that date. However, we would welcome the opportunity to have this motion heard at an earlier date if the Court so directs, such as the October 14, 2009 motion hearing or the December 16, 2009 pretrial conference.

1

that he shares their ultimate interest in obtaining a judicial determination that Proposition 8 is unconstitutional.  Allowing him to remain as a defendant unfairly advances Plaintiffs' interests, prejudices the defense of Proposition 8, and demeans the adversarial system of justice embraced in the Constitution's case or controversy requirement.  As matters now stand, Plaintiffs have a party on the other side of this dispute who shares their ultimate goal of invalidating Proposition 8, who has admitted virtually every major and minor premise of their suit, who provides them advance notice of his litigating position (to the apparent exclusion of other parties), who receives advance copies of their pleadings, and who joins their pleadings in full.  Plaintiffs might well turn the old adage on its head and ask: with enemies such as these, who needs friends?  Such sham controversy is foreign to adjudication in the federal courts.  *See Mottola v. Nixon*, 464 F.2d 178, 181 (9th Cir. 1972) (emphasizing that controversies in federal court, as required by Article III, should be brought "against persons with adverse legal interests in a sufficiently immediate adversary context").  The court should thus realign Attorney General Brown as a party plaintiff.

## STATEMENT OF FACTS

On November 4, 2008, a majority of California voters approved Proposition 8 as an amendment to the State Constitution.  The very next day, Proposition 8 became Article I, Section 7.5 of the California Constitution, which states:  "Only marriage between a man and a woman is valid or recognized in California."  CAL. CONST. art. I, § 7.5.

On the day that Proposition 8 became effective, three lawsuits were filed in the California Supreme Court, arguing that the voters enacted Proposition 8 in violation of the State Constitution.  *See Strauss v. Horton*, 207 P.3d 48, 68 (Cal. 2009).  In that litigation, Attorney General Brown argued that Proposition 8 "should be invalidated . . . because it abrogates fundamental rights . . . without a compelling interest."  *Id.* at 116.  On May 26, 2009, the California Supreme Court denied those legal challenges, including Attorney General Brown's theory, and upheld Proposition 8.  *See id.* at 119, 122.

A few days before that ruling, on May 22, 2009, Plaintiffs filed their Complaint in this lawsuit.  *See* Doc # 1-1.  Plaintiffs named as defendants to the action Governor Arnold Schwarzenegger, Attorney General Edmund G. Brown, Jr., Director of the California Department

2

of Public Health Mark B. Horton, Deputy Director of Health Information & Strategic Planning for the California Department of Public Health Linette Scott, Clerk-Registrar for the County of Alameda Patrick O'Connell, and Registrar-Recorder/County Clerk for the County of Los Angeles Dean C. Logan.  Plaintiffs' primary purpose in this lawsuit, as plainly demonstrated in their Complaint, is (1) to obtain a judicial declaration that Proposition 8 is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and (2) to obtain an injunction barring state and local government officials from enforcing Proposition 8.  Doc # 1-1 at 2-3, ¶ 5.

On June 12, 2009, nominal Defendant Attorney General Brown filed his Answer to Plaintiffs' Complaint.  Doc # 39.  In that Answer, he agreed with Plaintiffs that Proposition 8 "cannot be squared with guarantees of the Fourteenth Amendment," unequivocally asserting that it violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  *Id.* at 8-10, ¶¶ 38-39, 41, 43.  More specifically, Attorney General Brown expressly conceded particular elements of Plaintiffs' equal-protection claim.  *See, e.g.*, *id.* at 9-10, ¶ 42 (stating, among other things, that the "California Constitution treats similarly-situated persons differently" and that domestic partnerships carry "a stigma of inequality and second-class citizenship.").

In early August 2009, Attorney General Brown submitted his Case Management Statement and Supplemental Case Management Statement.  *See* Docs # 127, # 153.  In those Statements, he described himself as a "nominal defendant" who agreed with the legal theories in Plaintiffs' Complaint.  Doc # 127 at 2.  *See also* Doc # 153 at 1-2.  He also acknowledged that he "admitted the material allegations" of Plaintiffs' Complaint.  Doc # 127 at 2; *see also* Doc # 153 at 1-2.  Attorney General Brown further indicated that he "plans to participate in the case primarily by briefing the legal issues as he sees them."  Doc # 127 at 2.  He also informed the Court that he will "play a minor role in creating the evidentiary record," Doc # 127 at 2, stating that he will neither conduct discovery nor present expert evidence, Doc # 153 at 2.  Nevertheless, Plaintiffs engaged him in the discovery process, presenting him with a lengthy and detailed set of requests for admission pursuant to Fed. R. Civ. P. 36 on August 25, 2009.  *See* Declaration of Jesse Panuccio in Support of Defendant-Intervenors' Motion to Realign Attorney General Edmund G. Brown, Jr. ("Panuccio Decl."), Ex. A.

3

On August 28, 2009, Attorney General Brown filed his Answer to Plaintiff-Intervenor City and County of San Francisco's ("City") Complaint. Doc # 166. As with his Answer to Plaintiffs' Complaint, Attorney General Brown agreed with the material allegations in the City's Complaint, plainly expressing his belief that Proposition 8 violates the Due Process and Equal Protect Clauses of the Fourteenth Amendment. *Id.* at 7, ¶¶ 45-47, 49-51. But his Answer to the City's Complaint admitted much more than his previous Answer, conceding additional factual and legal elements of the constitutional claims against Proposition 8. For example, he expanded his previous support for the due-process claim, alleging that Proposition 8 violates not only the fundamental right to marry, but also the "fundamental right to autonomy and privacy in establishing an intimate relationship with a chosen partner." *Id.* at 7, ¶ 47; Doc # 161 at 11, ¶ 47. Attorney General Brown also conceded additional aspects of the equal-protection claim, asserting that Proposition 8 discriminates on the basis of sex, Doc # 166 at 7, ¶ 50; Doc # 161 at 11, ¶ 50, and expressing his belief that "limiting marriage to opposite-sex couples could promote gender stereotypes, " Doc # 166 at 6, ¶ 37. He additionally conceded each of the four necessary requirements for establishing a new suspect class under federal law. Doc # 166 at 4-5, ¶¶ 25-28; Doc # 161 at 7-8, ¶¶ 25-28. And he expressed that the existence of domestic partnerships, and the alleged "stigma" associated with those unions, "increases the likelihood that lesbians and gay men will experience discrimination and harassment in schools, employment and other settings." Doc # 166 at 6, ¶ 41; Doc # 161 at 9-10, ¶ 41.

Developments just last week, however, have demonstrated not just a unified position, but active coordination, between Attorney General Brown and Plaintiffs. For example, in his Response to Plaintiffs' Requests for Admissions, Attorney General Brown made 64 of 68 requested admissions. *See* Doc # 204-1. And although this Response was not due until September 24, Attorney General Brown dated his admissions September 23, 2009, the due date for Plaintiffs' Opposition to Defendant-Intervenors' Motion for Summary Judgment. Indeed, Plaintiffs attached these admissions as Exhibit A to their Opposition, arguing that these allegedly "binding admissions of the chief legal officer of the State," created genuine disputes over issues of material fact that would stand in the way of summary judgment. Doc # 202 at 32.

4

Further, Defendant-Intervenors were first made aware of these admissions upon filing of Plaintiffs' Opposition. In other words, the admissions—which concede almost everything requested by Plaintiffs—were shared with Plaintiffs and Plaintiff-Intervenors in advance of, and apparently for inclusion in, the Opposition papers and were not shared with Defendant-Intervenors until the filing of that Opposition. Indeed, Defendant-Intervenors were not formally served with the admissions until September 25, 2009.[2]

Finally, Attorney General Brown joined Plaintiffs' Summary Judgment Opposition in full. *See* Doc # 200 at 1 ("Attorney General Edmund G. Brown Jr. opposes the motion for summary judgment filed by Defendant-Intervenors, Doc. 172, and he joins the opposition filed by Plaintiffs and Plaintiff-Intervenors"). Attorney General Brown not only filed this joinder on the same day that Plaintiffs filed their Opposition; he also filed it *earlier* on that day. It is thus evident that Plaintiffs shared their Opposition with Attorney General Brown prior to filing it with the Court or serving it on Defendant-Intervenors. Thus, in the latest round of briefing, Attorney General Brown evidently has gone far beyond merely agreeing with Plaintiffs on virtually every issue of substance in this litigation. Rather, Plaintiffs and Attorney General Brown have essentially become litigation partners, actively coordinating the timing and substance of their litigation positions.

## ARGUMENT

**I.    ATTORNEY GENERAL BROWN SHOULD BE REALIGNED AS A PARTY PLAINTIFF.**

### A.    The Court Has A Duty To Align Parties According To Their Respective Interests In The Case To Ensure That The Proceedings Are Truly Adversarial.

"As a general rule the federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests." *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974) (citing *Chase Nat'l Bank*, 314 U.S. at 69). Federal courts thus must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Chase Nat'l Bank*, 314

---

[2] Attorney General Brown reported that service on Defendant-Intervenors occurred on September 25 instead of September 23 due to a problem with his office's email system. *See* Panuccio Decl., Ex. B (Email from Pearl Lim, Sept. 25, 2009). As Plaintiffs and Plaintiff-Intervenors were able to include the admissions in their Opposition filed on September 23, it appears either that the problem did not affect service to the Plaintiffs, or that these admissions were circulated to Plaintiffs separately (and perhaps earlier) than the unsuccessfully attempted email service.

1    U.S. at 69 (quotation marks omitted); *see also Dolch v. United California Bank*, 702 F.2d 178, 181

2    (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to

3    their interests in litigation."); *Wade v. Mississippi Coop Extension Serv.*, 528 F.2d 508, 521 (5th

4    Cir. 1976) ("The court should determine to which side of the controversy each of the parties to the

5    litigation belongs.").

6            " 'The purpose of realignment is to ensure that the case truly involves the kind of adversarial

7    relationship constitutionally required in a case or controversy in the federal courts.' " *Maryland*

8    *Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 622 (2d Cir. 1993) (quoting 1 JAMES W. MOORE ET

9    AL., MOORE'S FEDERAL PRACTICE ¶ 0.74[1], at 771 (2d ed. 1993)). "In other words, [the]

10   realignment doctrine is, at its foundation, concerned with the constitutional ban on advisory

11   opinions." *Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1525 (D. Nev.

12   1990). "This requirement derives from the Constitution's cases and controversies limitation, which

13   forecloses the conversion of court of the United States into judicial versions of college debating

14   forums." *Still*, 927 F. Supp. at 130 (quotation marks omitted). "Obviously, to be recognized as a

15   'defendant' . . . , a party must be in an adversarial relationship with the plaintiff." *Id.*

16           "[T]he need to realign a party whose interests are not adverse to those of his opponent(s)

17   exists regardless of the basis for federal jurisdiction." *Larios v. Perdue*, 306 F. Supp. 2d 1190,

18   1195 (N.D. Ga. 2003) (citing *Development Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156,

19   159 (3d Cir. 1995)). So "[a]lthough the . . . realignment of parties is an issue that normally arises . .

20   . in the context of diversity jurisdiction cases, the principles applicable to those cases are equally"

21   applicable in federal-question jurisdiction cases like this one. *Wade*, 528 F.2d at 521; *see also*

22   *Larios*, 306 F. Supp. 2d at 1195-97. Because of its constitutional underpinnings, realignment

23   applies in all cases in federal court:

24           The need for adversity between plaintiffs and defendants stems not merely from the
             federal diversity statute—or, for that matter, from any legislative enactment—but
25           more fundamentally from U.S. Const. art. III. . . . It is for this reason that the need
             to assess the alignment of parties is equally strong in federal question cases . . . as it
26           is in those premised on diversity jurisdiction.

27   *Larios*, 306 F. Supp. 2d at 1196-97 (citation omitted). Indeed, the Ninth Circuit has recognized that

28   "[c]ourts may realign parties, according to their ultimate interests, whether the realignment has the

1    effect of conferring or denying subject matter jurisdiction on the court." *Smith*, 434 F.3d at 1133.

2    *See also Larios*, 306 F. Supp. 2d at 1197 n.2.

3         **B.      Attorney General Brown Should Be Realigned As A Party Plaintiff Because He Has Embraced Plaintiffs' Claims That Proposition 8 Violates The Fourteenth Amendment.**

4

5         In the Ninth Circuit, courts considering realignment must look "to the 'principal purpose of

6    the suit,' or the 'primary and controlling matter in dispute.' " *Continental Airlines, Inc.*, 819 F.2d at

7    1523 n.2 (quoting *Indianapolis*, 314 U.S. at 69). Under this test, Attorney General Brown must be

8    realigned as a plaintiff if his ultimate interests "coincide with those of the plaintiff in relation to the

9    purpose of the lawsuit." *Id.* at 1523 (quoting *Dolch*, 702 F.2d at 181). Any disagreement on other

10   matters is irrelevant. *Id.* at 1523 n.2; *see also Dolch*, 702 F.2d at 181.

11        Here, the "primary and controlling matter in dispute" is whether Proposition 8 violates the

12   Due Process or Equal Protection Clauses of the Fourteenth Amendment. It is indisputable that

13   Attorney General Brown agrees with Plaintiffs that Proposition 8 violates the Fourteenth

14   Amendment and he has given every indication that he supports their attempts to obtain a judicial

15   determination that Proposition 8 is unconstitutional. *See, e.g.*, Doc # 39; Doc # 166; Doc # 200

16   (joining Doc # 202). Indeed, it has become clear that Attorney General Brown and Plaintiffs are,

17   "colloquially speaking, partners in litigation" with respect to the "primary and controlling matter in

18   dispute." *Chase Nat'l Bank*, 314 U.S. at 74. Since the interests of Attorney General Brown and the

19   Plaintiffs are indisputably aligned with respect to the central issues of this lawsuit, it follows that

20   Attorney General Brown must be realigned as a party plaintiff.[3]

21        Case law supports realigning defendant government officials as plaintiffs where they have

22   adopted legal positions consistent with those advanced by the plaintiffs. For example, in

23   *Delchamps, Inc. v. Alabama State Milk Control Board*, 324 F. Supp. 117 (M.D. Ala. 1971),

24   _____

25        [3] Some other federal courts have applied a "substantial-controversy" test in this context. *Larios*, 306 F. Supp 2d at 1195. Under that test, "[r]ealignment is proper where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *American Motorist Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981). This alternative realignment test, although inapplicable here, *see Continental Airlines, Inc.*, 819 F.2d at 1523 n.2, would also require Attorney General Brown's realignment as a party plaintiff, as is evident from the discussion in the text. Thus, under either realignment standard, Attorney General Brown should be realigned as a plaintiff in this case.

26

27

28

1    plaintiffs challenged a state statute on federal constitutional grounds.  The Alabama Attorney

2    General agreed with the plaintiffs' position and filed a motion requesting that the court realign him

3    as a party plaintiff.  *Id.* at 117-18.  Despite one of the codefendant's opposition to the request for

4    realignment, the court granted the motion and realigned the State Attorney General with the

5    plaintiffs. *Id.* at 118.  *See also League of United Latin Am. Citizens, Council No. 4434 v. Clements*,

6    999 F.2d 831, 844 (5th Cir. 1993) (en banc) ("[I]f the Attorney General changes his views on the

7    merits of the case" to agree with plaintiffs' legal theories, "realigning him with the plaintiffs may be

8    appropriate.").

9          Similarly, in *Larios*, 306 F. Supp. 2d at 1194-97, a group of Georgia Republicans brought a

10    constitutional challenge against Georgia's legislative redistricting plan.  *Id.* at 1194.  The plaintiffs

11    named four government officials as defendants, including Senator Johnson, the Republican

12    President of the Georgia Senate.  *Id.*  The other three defendants moved to realign Senator Johnson

13    as a party plaintiff, arguing that his interests, "as evidenced by the positions he [took] in th[e]

14    litigation . . . , [were] identical to those of plaintiffs and [were] in diametric conflict with those of

15    his co-defendants."  *Id.* at 1195.  The court agreed, relying on, among other things, Senator

16    Johnson's "pleadings and [legal] positions," which were "wholly consonant with those of the

17    plaintiffs," and which did not "deny any of the substantive allegations in plaintiffs' complaint."  *Id.*

18    at 1196.  As a result, the court realigned Senator Johnson as a party plaintiff.  *See also Still*, 927 F.

19    Supp. at 130 (finding that government defendants should be realigned as plaintiffs where, as

20    demonstrated by government defendants' submissions to the court, the plaintiffs and government

21    defendants all sought the same outcome).

22          Attorney General Brown's pleadings unambiguously indicate that he agrees with Plaintiffs'

23    claims that Proposition 8 "cannot be squared with guarantees of the Fourteenth Amendment," Doc

24    # 39 at 2, Doc # 166 at 2, that he does not deny any of Plaintiffs' "material allegations," Doc # 127

25    at 2, and thus, that his interests, like those of Plaintiffs, lie in invalidating Proposition 8.  It follows

26    that this Court should realign Attorney General Brown to properly situate his substantive position in

27    this case.

28          Finally, realignment eliminates the "friendly" and prejudicial discovery and briefing tactics

8

that, as discussed above, occur when a named defendant seeks the same outcome as the plaintiffs. Realignment frees the parties and the Court from further engaging in the charade that surrounds Attorney General Brown's involvement as a "nominal defendant." Simply put, realignment conforms Attorney General Brown's party designation to the reality of his interests and participation in this litigation.

## CONCLUSION

For the foregoing reasons, Attorney General Brown should be realigned as a party plaintiff.

Dated: October 2, 2009

COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANT-INTERVENORS
DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, AND PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/Charles J. Cooper
     Charles J. Cooper