# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue NW
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

October 5, 2009

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

Re:  Recording and broadcast of proceedings in
*Perry v. Schwarzenegger*, No. C-09-2292 VRW

Dear Chief Judge Walker,

I write on behalf of Defendant-Intervenors in response to the Court's inquiry regarding the parties' positions on "projecting [a video recording of the proceedings in this case] … beyond an overflow room," perhaps in the form of a public television broadcast.  Hr'g of Sept. 25, 2009, Tr. 70-71.

It is Defendant-Intervenors' understanding that the policy of both the Northern District of California and the Judicial Conference of the United States prohibits any kind of photographic depiction of district court proceedings outside of the courthouse itself.  According to this Court's General Order No. 58, the "[p]olicy of the Judicial Conference of the United States prohibits, in both civil and criminal cases in all district courts, broadcasting, televising, recording, or photographing courtroom proceedings for the purposes of public dissemination."  *See also* United States District Court for the N.D. Cal., General Information Guide for Journalists at 5 (July 14, 2009) ("Broadcasting of proceedings is prohibited by policy of the Judicial Conference of the United States."); JCUS-SEP 96, p. 54 (adopting ban on broadcasting); JCUS-MAR 96, p. 17; JCUS-SEP 94, pp. 46-47.  *See also In re Complaint Against District Judge Joe Billy McDade*, No. 07-09-90083 (Memorandum of Chief Judge Easterbrook, 7th Cir. Sept. 28, 2009).

The Judicial Conference's policy is based upon the potentially negative impact that the public broadcast of federal trial court proceedings could have on the

The Honorable Vaughn R. Walker
October 5, 2009
Page 2 of 3

administration of justice.  After an extensive study of the issue in 1994, the Judicial Conference rejected proposals for public broadcast of trial court proceedings.  *See* JCUS-SEP 94, p. 47.  As reflected in this Court's General Order No. 58, that policy, and the reasons undergirding it, remain in effect today.  *See* Administrative Office of the U.S. Courts, "Implementation of the Long Range Plan of the Federal Courts: Status Report April 2008," ¶ 86d, *available at* http://www.uscourts.gov/library/Implementation_the_ Long_Range_Plan.pdf ("The Conference continues to oppose cameras in the courtroom legislation.").  In testimony before Congress in September 2007, Judge Tunheim explained the Judicial Conference's position, in pertinent part, as follows:

> The Judicial Conference position is based on a thoughtful and reasoned concern regarding the impact cameras could have on trial proceedings. [Public broadcast has] the potential to undermine the fundamental rights of citizens to a fair trial.  It could jeopardize court security and the safety of trial participants, including judges, U.S. attorneys, trial counsel, U.S. marshals, court reporters, and courtroom deputies.  The use of cameras in the trial courts could also raise privacy concerns and produce intimidating effects on litigants, witnesses, and jurors, many of whom have no direct connection to the proceeding.
>
> …
>
> Because cameras in trial courts could profoundly and negatively impact the trial process, the Judicial Conference strongly opposes any legislation that would allow the use of cameras in the United States district courts.

*Cameras in the Courtroom: The "Sunshine in the Courtroom Act of 2007," H.R. 2128: Hr'g Before the H. Comm. on the Judiciary*, 110th Cong. (Sept. 27, 2007) (statement of The Honorable John R. Tunheim, Judge, United States District Court for the District of Minnesota and Chair of the Court Administration and Case Management Committee of the Judicial Conference), *available at* http://www.uscourts.gov/testimony/ Tunheim_cameras092707.pdf.  As Judge Tunheim concluded, "the Judicial Conference believes … [that] the presence of cameras has the *potential* to deprive citizens of their ability to have a claim or right fairly resolved in the United States district courts."  *Id.*

Publicly televising the proceedings in this case would give rise, we believe, to these concerns.  Given the highly contentious and politicized nature of Proposition 8 and the issue of same-sex marriage in general, the possibility of compromised safety, witness intimidation, and/or harassment of trial participants is very real.  Indeed, lead counsel for Plaintiffs has acknowledged that

The Honorable Vaughn R. Walker
October 5, 2009
Page 3 of 3

"widespread economic reprisals against financial supporters of . . . Proposition 8" resulted from public disclosure of the names of donors.  Doc # 187-1 at 6-7.  And the record of other forms of harassment against Proposition 8 supporters is well documented.  *See id.* & Exs. B, I, K, M.  For these reasons, Defendant-Intervenors must respectfully object to any departure from the policy of the Northern District of California and the Judicial Conference of the United States.

        Sincerely,

        /s/ Charles J. Cooper

        Charles J. Cooper
        Counsel for Defendant-Intervenors