COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL AND/OR PETITION FOR WRIT OF MANDAMUS**<br><br>Date: January 7, 2010<br>Time: 10:00 a.m.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

    Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

    Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:** PLEASE TAKE NOTICE that on January 7, 2010 at 10:00 a.m., or as soon as the matter may be heard, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors will move the Court for a stay pending appeal.[1]

For the following reasons, Defendant-Intervenors respectfully seek a stay of the discovery authorized by the Court's order entered October 1, 2009, Doc # 214, pending resolution of their appeal and/or petition for writ of mandamus.

The issue to be decided is: Are Defendant-Intervenors entitled to a stay pending appeal?

## STATEMENT OF FACTS

On August 21, 2009, Plaintiffs propounded upon Defendant-Intervenors a First Set of Requests for Production. Doc # 187-3. Defendant-Intervenors object to those Requests (along with other discovery Plaintiffs have promised to seek) on First Amendment, relevance, and burden grounds. Accordingly, Defendant-Intervenors filed a motion for a protective order on September 15, 2009. Docs # 187, 197. The Court held a hearing on the motion on September 25, 2009.

On October 1, 2009, the Court issued an order granting in part and denying in part the motion. Doc # 214. With respect to the relevance and burden objections, the Court granted the motion in part as it applied to Request No. 8, holding that the Request "is broader than necessary to obtain all relevant discovery," and directing Plaintiffs to "revise request no 8 to target those communications most likely to be relevant." *Id.* at 15-16. With respect to the remainder of Defendant-Intervenors' relevance and burden objections, the motion was denied. *Id.* at 17. With

---

[1] We are noticing this motion for January 7, 2010, because it appears that this Court's calendar is closed until that date. However, we recognize that this motion needs to be resolved promptly and will abide by any expedited hearing schedule the Court deems appropriate. We are also willing to waive a hearing altogether. We would also welcome an expedited briefing schedule. Defendant-Intervenors attempted to reach a stipulation in this regard with Plaintiffs,

1

respect to Defendant-Intervenors' claim of First Amendment privilege, the Court denied the motion. *Id.* at 17 ("Proponents have not shown that the First Amendment privilege is applicable to the discovery sought by plaintiffs."). The court also provided specific guidance on the types of materials that would be relevant and would, accordingly, have to be produced by Defendant-Intervenors. *See id.* at 16-17.

On October 8, Defendant-Intervenors noticed an appeal of the order.[2]

## ARGUMENT

Four factors inform whether a federal court should issue a stay pending appeal: (1) the appellants' likelihood of success on the merits; (2) the possibility of irreparable harm absent a stay; (3) the possibility of substantial injury to other parties if a stay is issued; and (4) the public interest. *See Golden Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). When applying these four factors, the Ninth Circuit employs a "sliding scale" approach: the more sharply the equities weigh in favor of a stay, the less demanding of a showing of likely success on the merits is required. *See Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007), *vacated on other grounds by* 508 F.3d 885 (9th Cir. 2007); *Golden Gate*, 512 F.3d at 1116. *See id*. A consideration of the factors and analysis identified by the Ninth Circuit demonstrates that Defendant-Intervenors are entitled to a stay.

---

but the parties were unable to reach an agreement.
[2] On October 5, pursuant to this Court's directive in Doc # 214, Plaintiffs propounded a revised Document Request No. 8. *See* Ex. A. Plaintiffs seek "all versions of any documents … that constitute analyses of, or communications related to … campaign strategy in connection with Prop. 8 … [or] messages to be conveyed to voters regarding Prop. 8." The Request is directed at "those who (1) had any role in managing or directing ProtectMarriage.com or the Yes on 8 campaign, or (2) provided advice, counseling, information, or services with respect to efforts to encourage persons to vote for Prop. 8 or otherwise to educate persons about Prop. 8." Plaintiffs' other Requests, Doc # 187-3, remain unchanged.

2

A.  **DEFENDANT-INTERVENORS' ARE LIKELY TO SUCCEED ON THE MERITS**[3]

While the Court has registered its disagreement, Defendant-Intervenors maintain that, for the reasons enunciated in our motion and reply in support of that motion, Docs # 187-1, 197, we are likely to succeed in the Ninth Circuit on the merits of our claim of First Amendment privilege. At a minimum, we have raised "serious legal questions" sufficient to warrant a stay in light of the irreparable harm and equities weighing "sharply in [our] favor," as demonstrated below. *Golden Gate*, 512 F.3d at 1116.

B.  **IRREPARABLE HARM IS CERTAIN IN THE ABSENCE OF A STAY**

Forcing a litigant to disclose privileged materials necessarily inflicts irreparable harm because once the materials have been disclosed, it is impossible to "undisclose" them. *In re Napster*, 479 F.3d at 1088; *Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486, 1491 (9th Cir. 1989); *United States v. Amlani*, 169 F.3d 1189, 1193 n.4 (9th Cir. 1999); *Philip Morris*, 314 F.3d at 621-22. The infringement of "First Amendment freedoms . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality); *accord Brown v. Cal. DOT*, 321 F.3d 1217, 1226 (9th Cir. 2003). Not surprisingly, then, the Ninth Circuit has repeatedly found that the "fact that the [stay applicant has] raised serious First Amendment questions *compels* a

---

[3] The collateral order doctrine allows interlocutory review for a "narrow class of decisions that do not terminate the litigation, but are sufficiently important and collateral to the merits that they should nonetheless be treated as final." *Will v. Hallock*, 546 U.S. 345, 347 (2006) (quotation marks omitted). To be reviewable, a decision must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *In re: Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1088 (9th Cir. 2007) (brackets in original). The Ninth Circuit has regularly applied the collateral order doctrine to review discovery-related decisions involving claims of privilege, and jurisdiction is equally present here. *See, e.g.*, *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) (en banc) (attorney-client privilege); *In re Napster*, 479 F.3d at 1087-88 (attorney-client privilege); *United States v. Griffin*, 440 F.3d 1138, 1141 (9th Cir. 2006) (marital privilege); *United States v. Austin*, 416 F.3d 1016, 1020 (9th Cir. 2005) (joint-defense privilege); *Agster v. Maricopa County*, 422 F.3d 836, 838 (9th Cir. 2005) (peer-review privilege involving medical files); *Osband v. Woodford*, 290 F.3d 1036, 1039-41 (9th Cir. 2002) (protective order involving the attorney-client privilege); *Wharton v. Calderon*, 127 F.3d 1201, 1203-04 (9th Cir. 1997) (protective order involving the attorney-client privilege); see also *United States v. Philip Morris Inc.*, 314

finding that there exists the potential for irreparable injury, or that at the very least the balance of hardships tips sharply in [the stay applicant's] favor." *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 (9th Cir. 2007) (quotation marks omitted; emphasis added); *accord Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002).  Thus, "[t]o establish irreparable injury in the First Amendment context" a stay applicant "need only demonstrate the existence of a colorable First Amendment claim." *Brown v. Cal. Dep't of Transp.*, 321 F.3d 1217, 1225 (9th Cir. 2003) (quotation marks and alterations omitted).

### C. OTHER PARTIES WILL NOT BE SUBSTANTIALLY INJURED BY A STAY

The Ninth Circuit has given tailored guidance for balancing harms in the First Amendment context:  where a litigant "raise[s] serious First Amendment questions," it "compels a finding that . . . the balance of hardships tips sharply in [that litigant's] favor." *Cmty. House, Inc.*, 490 F.3d at 1059 (quotation marks omitted; emphasis added); *Sammartano*, 303 F.3d at 973.  That principle fully applies here.  And even if the Ninth Circuit were to find that the discovery at issue was not privileged, the most Plaintiffs could claim is a delay in the proceedings below.  But "[a] mere assertion of delay does not constitute substantial harm." *Philip Morris Inc.*, 314 F.3d at 622.  Moreover, Defendant-Intervenors will seek expedited treatment of their appeal.  This Court should thus conclude that the balance of hardships tips sharply in favor of issuing a stay pending appeal.

### D. THE PUBLIC INTEREST WEIGHS IN FAVOR OF A STAY

"Courts . . . have consistently recognized the significant public interest in upholding First Amendment principles." *Sammartano*, 303 F.3d at 974 (listing cases).  More particularly, courts have repeatedly acknowledged that the public interest suffers when core First Amendment rights of political expression are jeopardized and political participation is chilled. *See, e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 71 (1976) (noting that "the public interest . . . suffers" from chilled political

---

F.3d 612, 617-21 (D.C. Cir. 2003) (attorney-client privilege).

4

participation); *Sammartano*, 303 F.3d at 974 ("[T]he public interest is better served by . . . protecting the core First Amendment right of political expression.").

Denying this stay and forcing immediate production of the requested documents will curtail the First Amendment freedoms surrounding voter-initiated measures—a political process which the Supreme Court has recognized as vitally important in our democratic form of government. See *James v. Valtierra*, 402 U.S. 137, 142-43 (1971); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995). We earnestly believe that it will cause future initiative proponents to censor their speech with campaign volunteers, donors, supporters, and agents, for fear that their communications will be publicly disclosed in future litigation; it will discourage supporters from communicating directly with initiative proponents; and it will silence initiative supporters who want to remain anonymous. These concerns are especially salient where, as here, the losing side of a hard-fought referendum campaign seeks complete disclosure of the successful campaign strategy of the winning side, and it does so while preparing for a political "rematch." Thus, "the public interest is better served by . . . protecting the core First Amendment right of political expression," *Sammartano*, 303 F.3d at 974, at least until the Court of Appeals has had an opportunity to consider these important issues on the merits.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion for a stay.

Dated: October 8, 2009                    COOPER AND KIRK, PLLC
                                          ATTORNEYS FOR DEFENDANTS-INTERVENORS

                                          By:    /s/Charles J. Cooper
                                                 Charles J. Cooper

5

DEFENDANT-INTERVENORS' MOTION FOR A STAY OF DISCOVERY PERMITTED BY THE ORDER OF OCTOBER 1, 2009
CASE NO. 09-CV-2292 VRW