GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
Theodore H. Uno, SBN 248603
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>    Defendants. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL AND/OR PETITION FOR WRIT OF MANDAMUS**<br><br>Date: January 7, 2010<br>Time: 10:00 a.m.<br>Judge: Chief Judge Walker<br>Location: Courtroom 6, 17th Floor |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARD ........................................................................................................... 2

III. ARGUMENT ......................................................................................................................... 2

    A. Defendant-Intervenors Are Unlikely To Prevail On The Merits Of Their Interlocutory Appeal or Petition for Mandamus ............................................................ 2

        1. There Is No Appellate Jurisdiction Over The Appeal ....................................... 2

        2. Defendant-Intervenors Petition For Mandamus Is Meritless And Will Be Denied ........................................................................................................ 5

    B. Defendant-Intervenors Have Failed To Establish That Irreparable Injury Is Likely In The Absence Of A Stay ................................................................................. 7

    C. A Stay Will Work Substantial Irreparable Harm On Plaintiffs..................................... 9

    D. A Stay Of Discovery Is Not In The Public Interest ...................................................... 9

IV. CONCLUSION .................................................................................................................... 10

Gibson, Dunn & Crutcher LLP

i

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*,
  449 U.S. 33 (1980) .................................................................................................................. 5

*Amoco Production Co. v. Gambell*,
  480 U.S. 531 (1987) ................................................................................................................ 9

*Brown v. California Department of Transportation*,
  321 F.3d 1217 (9th Cir. 2003) ................................................................................................. 8

*Burlington North & Santa Fe Ry v. Dist. Ct. of Mont.*,
  408 F.3d 1142 (9th Cir. 2005) ................................................................................................. 5

*City of Los Angeles v. County of Kern*,
  462 F. Supp. 2d 1105 (C.D. Cal. 2006) ................................................................................... 4

*Cmty. House, Inc. v. City of Boise*,
  490 F.3d 1041 (9th Cir. 2007) ................................................................................................. 8

*Dole v. SEIU, AFL-CIO, Local 280*,
  950 F.2d 1456 (1991) ........................................................................................................ 5, 8

*In re: Napster, Inc. Copyright Litig.*,
  479 F.3d 1078 (9th Cir. 2007) ................................................................................................. 3

*McLaughlin v. Service Employees Union, AFL-CIO*,
  80 F.2d 170 (9th Cir. 1989) ..................................................................................................... 6

*Mohawk Industries, Inc. v. Carpenter*,
  541 F.3d 1048 (11th Cir. 2008) *cert. granted* Jan. 26, 2009 (No. 08-678) ............................ 3

*Natural Res. Def. Council v. Winter*,
  502 F.3d 859 (9th Cir. 2007) ................................................................................................... 2

*North Carolina v. Rice*,
  404 U.S. 244 (1971) ................................................................................................................ 5

*ProtectMarriage.com v. Bowen*
  (E.D. Cal. Case No. 2:09-cv-00058-MCE-DAD) ......................................................... 8, 9, 10

*Sammartano v. First Judicial Dist. Ct.*,
  303 F.3d 959 (9th Cir. 2002) ................................................................................................... 8

*Sell v. United States*,
  539 U.S. 166 (2003) ................................................................................................................ 3

*South Dakota Farm Bureau, Inc v. Hazeltine*,
  340 F.3d 583 (8th Cir. 2003) ................................................................................................... 4

*Truckstop.net, LLC v. Sprint Corp.*,
  547 F.3d 1065 (9th Cir. 2008) ................................................................................................. 3

*United States v. Martin*,
  278 F.3d 988 (9th Cir. 2002) ................................................................................................... 4

*Van Cauwenberghe v. Biard*,
  486 U.S. 517 (1988) ................................................................................................................ 3

*Vance v. Barrett*,
  345 F.3d 1083 (9th Cir. 2003) ................................................................................................. 6

ii

Gibson, Dunn &
Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

*Washington v. Seattle Sch. Dist. No. 1*,
  458 U.S. 457 (1982) ........................................................................................................... 4

*Wilkinson v. FBI*,
  111 F.R.D. 432 (C.D. Cal. 1986) ....................................................................................... 5

*Winter v. Natural Res. Def. Council*,
  129 S. Ct. 365 (2008) ............................................................................................... 2, 7, 9

**Statutes**

Cal. Gov't Code § 81000 ............................................................................................................ 7

**Federal Rules**

Fed. R. Civ. P. 26 ...................................................................................................................... 4

iii

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

## I. INTRODUCTION

In June, this Court observed that the "just, speedy and inexpensive determination" of the issues presented by the Plaintiffs' claims "would appear to call for proceeding promptly to trial." Doc #76 at 9. Prompt resolution of this dispute is imperative where, as here, Plaintiffs suffer irreparable injury every day that Prop. 8 remains the law in California. Aug. 19, 2009 Hear. Tr. at 34-35. Accordingly, the Court has set an expedited schedule for discovery and trial, set an expedited briefing schedule for Defendant-Intervenors' recent motion for a protective order, and ruled on that motion six court days after it was fully briefed. In its October 1, 2009 Order, the Court reiterated its commitment to facilitating the parties' adherence to this expedited schedule, noting that it sought in its Order to "provide guidance that will enable [the parties] to complete discovery and pretrial preparation expeditiously," and "stands ready . . . to assist the parties in fashioning a protective order where necessary to ensure that disclosures through the discovery process do not result in adverse effects on the parties or entities or individuals not parties to this litigation." Doc #214 at 2, 17-18.

Yet, rather than negotiate with Plaintiffs the terms of a protective order sufficient to safeguard their associational interests—it has been nearly two weeks since the Court's October 1 order and Defendant-Intervenors have yet to offer any draft language (*see* Declaration of Christopher D. Dusseault, ¶ 5 ("Dusseault Decl.")—Plaintiffs, after ruminating over their options for a full week, now have moved for an indefinite stay of the discovery authorized by that Order pending an interlocutory appeal or a petition for a writ of mandamus. An indefinite stay is hardly in keeping with an "expeditious[]" "complet[ion] [of] discovery and pretrial preparation," Doc #214 at 2, nor is it necessary given the glaring shortcomings of Defendant-Intervenors' underlying protective order motion and the sound reasoning of the Court's ruling on that motion. Despite the seven weeks that have passed since Plaintiffs propounded their discovery requests, the Defendant-Intervenors have not produced a single non-public document. This lengthy delay in meaningful production has kept Plaintiffs from taking depositions and otherwise advancing the resolution of this case. This Court

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

should deny Defendant-Intervenors' motion for a stay as promptly as possible, and it should direct Defendant-Intervenors to produce all requested documents within seven days of the Court's order.[1]

## II.     LEGAL STANDARD

Defendant-Intervenors cite the Ninth Circuit's decision in *Natural Resources Defense Council v. Winter*, 502 F.3d 859 (9th Cir. 2007), as requiring the application of a "sliding scale" approach to the traditional four-factor test for injunctive relief (including stays pending appeal), and mandating issuance of a stay upon a showing of a "substantial legal question[]" if the equities tip sharply in Defendant-Intervenors' favor. Doc #220 at 4, 5. But the Supreme Court *reversed* the Ninth Circuit's decision in *Winter* and in so doing emphasized that a party seeking injunctive relief "must establish that he is likely to succeed on the merits," and thereby implicitly disapproved the "sliding scale" approach the Ninth Circuit had employed in approving an injunction against Navy sonar exercises. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). Thus, to obtain a stay pending appeal, Defendant-Intervenors must demonstrate that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of . . . relief, that the balance of equities tips in [their] favor, and that [the stay] is in the public interest." *Id.*

## III.     ARGUMENT

Defendant-Intervenors do not satisfy the requirements for a stay pending appeal. Their motion should be denied and their efforts to obstruct and delay discovery brought to an end.

**A.     Defendant-Intervenors Are Unlikely To Prevail On The Merits Of Their Interlocutory Appeal or Petition for Mandamus**

   **1.     There Is No Appellate Jurisdiction Over The Appeal**

As an initial matter, the court of appeals does not have appellate jurisdiction to hear Defendant-Intervenors' interlocutory appeal. Because "discovery orders are interlocutory in nature" they are almost invariably "nonappealable" unless the party subject to the order refuses to comply

---

[1] Plaintiffs sought an agreed briefing schedule on this motion to stay that would have had the motion fully briefed and ready for decision, should the Court be agreeable, by the Court's scheduled hearing on October 14. Dusseault Decl., ¶¶ 2-3. While the parties were not able to agree on a specific briefing schedule, the parties agree that the matter should be resolved as promptly as possible. *Id*. at ¶ 2.

Gibson, Dunn & Crutcher LLP

2

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

and pursues an appeal from the imposition of sanctions. *Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065, 1067 (9th Cir. 2008). Defendant-Intervenors invoke the collateral order doctrine, *see* Doc #220 at 5 n.3, and correctly note that the Ninth Circuit is one of three Circuits that treats some orders denying a privilege as appealable. *See*, *e.g.*, *In re: Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1088 (9th Cir. 2007) (permitting interlocutory appeal of finding of exceptions to attorney-client privilege). But even in the Ninth Circuit, to satisfy the collateral order doctrine, the order sought to be appealed must "conclusively determine[] the disputed question," and that question must be "completely separate from the merits of the action." *Sell v. United States*, 539 U.S. 166, 176 (2003).[2] Defendant-Intervenors' claim of a qualified First Amendment privilege, however, is necessarily intertwined with the merits of this action, and this Court did not conclusively resolve the entire question in any event.

As the Supreme Court has explained, "[a]llowing appeals from interlocutory orders that involve considerations enmeshed in the merits of the dispute would waste judicial resources by requiring repetitive appellate review of the substantive questions in the case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 527-28 (1988). Unlike absolute privileges such as the attorney-client privilege, the First Amendment privilege invoked by Defendant-Intervenors is a qualified privilege and its availability ultimately turns on whether and to what extent the evidence sought is necessary or relevant to a claim or defense in litigation. *See* Doc #187 at 16 (urging weighing of relevance against harm to associational interests). Defendant-Intervenors' claim of First Amendment privilege turns on their contention that the intentions of a ballot initiative's sponsors and supporters are "wholly irrelevant to [Plaintiffs'] claims," Doc #187 at 19, an argument that this Court will plainly have to address when deciding the merits of Plaintiffs' claims.

An argument that evidence is not "critical, or even relevant, to the plaintiff's cause of action" is not collateral to the merits. *Van Cauwenberghe*, 486 U.S. at 528. Quite to the contrary, the

---

[2] The status of interlocutory appeals in those three Circuits is very much in doubt. On October 5, the Supreme Court heard oral arguments in *Mohawk Industries, Inc. v. Carpenter*, 541 F.3d 1048 (11th Cir. 2008) *cert. granted* Jan. 26, 2009 (No. 08-678), which presents the question whether a discovery order denying a claim of attorney-client privilege is appealable under the collateral order doctrine.

3

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

Gibson, Dunn & Crutcher LLP

Defendant-Intervenors argue in the court of appeals that the actual intentions of ballot initiative sponsors and supporters are legally irrelevant to Plaintiffs' claims for relief. This argument is essentially indistinguishable from an argument Defendant-Intervenors press in their motion for summary judgment: that rational basis review applies and under such review the actual intentions behind legislation (or a ballot initiative) are categorically irrelevant. *But see Washington v. Seattle Sch. Dist. No. 1*, 458 U.S. 457, 484-85 (1982) ("an inquiry into intent is necessary to determine" whether "facially-neutral legislation" was "designed to accord disparate treatment"); *see also South Dakota Farm Bureau, Inc v. Hazeltine*, 340 F.3d 583, 594 (8th Cir. 2003); *City of Los Angeles v. County of Kern*, 462 F. Supp. 2d 1105 (C.D. Cal. 2006); Doc #214 at 14.

Moreover, even if Defendant-Intervenors' claim of privilege could be viewed as collateral to the merits—and it cannot, because Defendant-Intervenors have failed to address specific documents in their blanket motion—this Court has not conclusively denied a protective order as to any particular document, or set of documents, identified by them. Indeed, as this Court noted, the Defendant-Intervenors refused even to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii) and produce a privilege log. *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) ("A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted."). Rather than identify "specific communications," Defendant-Intervenors chose to press the contention that every document within their possession, custody, or control that was not available to the "public-at-large" or some other large group of voters with whom Defendant-Intervenors had not yet formed an "associational bond" was absolutely privileged from any disclosure.

The Court's October 1 Order does not exclude the possibility that, subject to the Court's findings concerning the scope and limitations of the qualified First Amendment privilege and upon a showing adequate to "enable other parties to assess the claim," Fed. R. Civ. P. 26(b)(5)(A)(ii), the Court might find particular documents subject to a privilege warranting the imposition of some manner of protective order. Indeed, the Court's October 1 Order states specifically that it "stands ready . . . to assist the parties in fashioning a protective order where necessary." Doc #214 at 17. At this point—before Defendant-Intervenors have presented a showing of harm to First Amendment

4

Gibson, Dunn & Crutcher LLP

1 values arising out of the disclosure of any particular document—Defendant-Intervenors are
2 essentially asking the court of appeals to engage in a hypothetical inquiry not necessarily related to
3 the facts of the parties' underlying discovery dispute. *But see North Carolina v. Rice*, 404 U.S. 244,
4 246 (1971) (federal courts are "not empowered to decide . . . abstract propositions"). Unless and until
5 Defendant-Intervenors make the required showing with respect to particular documents, this Court
6 should not be regarded as conclusively denying their claim of privilege. But the Court should not
7 countenance either the Defendant-Intervenors' continued blanket refusal to produce documents that
8 they have not shown to be privileged or the resulting delay in the discovery process.

**2. Defendant-Intervenors Petition For Mandamus Is Meritless And Will Be Denied**

Mandamus is an extraordinary remedy and is available only where a litigant has established a clear entitlement to the relief he seeks and the lower court's abuse of its discretion is manifest. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("our cases have answered the question as to the availability of mandamus . . . with the refrain: 'What never? Well, *hardly* ever!'"). For at least three reasons, Defendant-Intervenors are unlikely to persuade the court of appeals that they have a clear entitlement to the sweeping protective order they seek.

*First*, Defendant-Intervenors failed to comply with Rule 26 and produce a privilege log. When a litigant fails to comply with the prerequisites for relief established by the Federal Rules of Civil Procedure, the denial of relief cannot be deemed an abuse of discretion. Indeed, such a failure ordinarily is fatal to an assertion of privilege. *Burlington Northern & Santa Fe Ry. v. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Wilkinson v. FBI*, 111 F.R.D. 432, 436 (C.D. Cal. 1986) ("While it is clear that the privilege may be asserted with respect to specific documents raising these core associational concerns, it is equally clear that the privilege is not available to circumvent general discovery.").

*Second*, as the Court explained, Defendant-Intervenors' motion failed to demonstrate that "the discovery sought here materially jeopardizes the First Amendment protections." Doc #214 at 6. The Ninth Circuit has concluded that a claim of First Amendment privilege must be supported by "objective and articulable facts which go beyond broad allegations or subjective fears." *Dole v. SEIU, AFL-CIO, Local 280*, 950 F.2d 1456, 1460 (1991). In contrast to the clear statements of

Gibson, Dunn & Crutcher LLP

5

09-CV-2292 VRW PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

1  withdrawal from union meetings that the Ninth Circuit accepted as "objective facts" sufficient to
2  warrant a protective order limiting (but not prohibiting) disclosure, *see id.*, the declarations appended
3  to Defendant-Intervenors' motion presented only expressions of regret, *e.g.*, Doc #187-2 at 5 ("I
4  would have communicated differently"), or vague predictions as to future associational conduct, *e.g.*,
5  Doc #187-12 at 3 ("it would affect how I communicate in the future"). Such "[b]are allegations of
6  possible first amendment violations," *McLaughlin v. Service Employees Union,* AFL-CIO, 880 F.2d
7  170, 175 (9th Cir. 1989), are generally insufficient to justify a claim of privilege and are particularly
8  wanting in this context, where (1) the "associational bond" among the Defendant-Intervenors, their
9  campaign consultants and the Yes on 8 campaign is a matter of public knowledge, (2) key
10 participants in the "Yes on 8" campaign have already, and voluntarily, chosen to describe in detail,
11 and in the media, their campaign strategy for getting Prop. 8 passed, (3) Plaintiffs are not seeking any
12 list of rank-and-file members or donors, and (4) Plaintiffs have offered to entertain any reasonable
13 protective order to ensure that any person whose associational connection to the Yes on 8 campaign
14 is unknown to the public remains so.

15     *Third*, Defendant-Intervenors are voluntary participants in this litigation and have specifically
16 placed in issue the intentions behind Prop 8. *See* Doc #172-1 at 107 (referring to animus as an
17 "implausible" basis for Prop. 8), 111 (stating that Plaintiffs' claim that animus motivated Prop. 8 is
18 "false"). When an "associational bond" is defined at Defendant-Intervenors' level of generality,
19 virtually every litigant has associational bonds that are at risk of exposure in the discovery process.
20 Those who undertake litigation voluntarily do so with the knowledge that their non-public
21 information and communications may be disclosed. While imposition of discovery burdens on
22 voluntary litigants could, in some circumstances, impose an unconstitutional condition—forcing them
23 to choose between vindicating a right in court and sacrificing their associational interests—
24 Defendant-Intervenors have no rights at issue in this litigation. *See Vance v. Barrett*, 345 F.3d 1083,
25 1088 (9th Cir. 2003) (unconstitutional conditions doctrine is inapplicable unless the claimant can
26 establish the existence of underlying constitutional rights). They chose to participate because they
27 are motivated to exclude gay and lesbian individuals from the institution of civil marriage. If they
28

6

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

chose to withdraw from the case rather than participate in discovery, they would still have all the rights they had when the litigation began.

For all these reasons and those set forth in this Court's October 1 order, Defendant-Intervenors are not likely to succeed on the merits of their petition for mandamus.

### B. Defendant-Intervenors Have Failed To Establish That Irreparable Injury Is Likely In The Absence Of A Stay

The Supreme Court has cautioned that an applicant for injunctive relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 129 S. Ct. at 375 (emphasis in original). To meet this standard, Defendant-Intervenors must establish more than a mere "possibility" that they may suffer some harm. *Id*.

Defendant-Intervenors argue that their associational freedoms will be irreparably harmed if they are compelled to produce *any* of the documents Plaintiffs seek. But Defendant-Intervenors have offered nothing new to support that old contention. Defendant-Intervenors emphasize reprisals some Prop. 8 supporters reportedly suffered. As this Court explained, however, any reprisals Prop. 8 supporters may have suffered were generated not by the as-yet unmade disclosures Plaintiffs seek, but rather earlier disclosures made pursuant to the California Political Reform Act of 1974. Doc #214 at 5; Cal. Gov't Code § 81000 *et seq*. That enactment required public disclosure of a substantial amount of information concerning the Prop. 8 campaign, including the identity of, and specific information about, financial supporters. *Id*. Those disclosures, combined with the "striking disclosure concerning campaign strategy" already volunteered by the principal manager of the Prop. 8 campaign, Frank Schubert, support the Court's conclusion that "relatively little weight should be afforded to proponents' interest in maintaining the confidentiality of communications concerning campaign strategy." Doc #214 at 10-11.

Defendant-Intervenors argue that new disclosures may exacerbate the associational harms caused by the earlier disclosures made pursuant to state law. But the declarations appended to Defendant-Intervenors' motion for a protective order do not bear this out. "I would have communicated differently" (Doc #187-2 at 5), "campaigns will be conducted very differently" (Doc #187-9 at 9), "I will be less willing to engage in such communications" (Doc #187-10 at 5), "it would

7

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

affect how I communicate in the future" (Doc #187-12 at 3) do not amount to concrete descriptions of associational injury.[3]  Put another way, if the Prop. 8 proponents had supported their First Amendment challenge to California's campaign finance laws in *ProtectMarriage.com v. Bowen* (E.D. Cal. Case No. 2:09-cv-00058-MCE-DAD) solely with allegations that they "would have communicated differently" but for those laws, the suit would have been dismissed for lack of standing.  If it is not a cognizable harm when the Prop. 8 proponents wear their Plaintiffs' hats, it is no more so when they come as Defendant-Intervenors.

Moreover, Plaintiffs have repeatedly offered to entertain any reasonable protective order to address Defendant-Intervenors' First Amendment concerns.  This Court has likewise assured Defendant-Intervenors that it "stands ready . . . if necessary, to assist the parties in fashioning a protective order where necessary to ensure that disclosures through the discovery process do not result in adverse effects on the parties or entities or individuals not parties to this litigation."  Doc #214 at 17-18.  Even if this Court were to conclude that Defendant-Intervenors have shown that the requested disclosures would chill any speech, the protections afforded by a confidentiality order would be sufficient to resolve Defendant-Intervenors' concerns.  *See, e.g.*, *Dole v. Service Employees Union, AFL-CIO, Local 280*, 950 F.2d 1456, 1461 (1991) (allowing government to receive union meeting minutes under a protective order despite potential "chilling effect" on First Amendment rights).

---

[3] Defendant-Intervenors cite a series of Ninth Circuit cases to support their contentions of irreparable harm (Doc #220 at 5-6), but these decisions are distinguishable.  In each case, the Ninth Circuit determined, in light of the existing records, that case law clearly established ongoing First Amendment violations.  *See, e.g., Sammartano v. First Judicial Dist. Ct.,* 303 F.3d 959, 972 (9th Cir. 2002) (stating that were it not for the incomplete record at the preliminary injunction stage, the likelihood of success on the First Amendment issues would be "one hundred percent").  Defendant-Intervenors' have not made a similar showing.  In any event, these decisions predate the Supreme Court's decision in *Winter* and reached their conclusions based on findings of "potential" for irreparable injury that are insufficient to support an injunction under the *Winter* standard.  *See Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 (9th Cir. 2007) ("there exists the 'potential for irreparable injury'"); *see also Brown v. California Department of Transportation*, 321 F.3d 1217, 1225 (9th Cir. 2003); *Sammartano*, 303 F.3d at 973.

8
09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

Gibson, Dunn & Crutcher LLP

### C. A Stay Will Work Substantial Irreparable Harm On Plaintiffs

When a party seeks a stay pending appeal, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief," *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987), and award relief only when the balance of equities tips in the movant's favor. *Winter,* 129 S. Ct. at 376.  Defendant-Intervenors have failed to carry that burden.  Defendant-Intervenors assert that "even if the Ninth Circuit were to find that the discovery at issue was not privileged, the most Plaintiffs could claim is a delay in the proceedings below"—a harm that Defendant-Intervenors promise will be ameliorated by their motion for expedited treatment of the merits of their interlocutory appeal.  Doc #220 at 6.  But tellingly, Defendant-Intervenors have not yet filed any request to expedite their appeal.  In any event, the discovery period in this case is brief by design precisely because Plaintiffs suffer irreparable harm each day they are prohibited from marrying.  Even a short delay in discovery is likely to delay the resolution of Plaintiffs' claims and needlessly prolong their constitutional injuries.

Moreover, even now, Defendant-Intervenors' tactics are prejudicing Plaintiffs' ability to build a record on factual issues central to their claims.  Despite repeated requests, Defendant-Intervenors have not disclosed the identities of three members of the ad hoc executive committee who "provided the executive direction to the campaign" (Sept. 25, 2009 Hear. Tr. at 22), and thus have prevented Plaintiffs from obtaining documents or testimony from these individuals.  Dusseault Decl. at ¶ 8.  Plaintiffs' efforts at obtaining information through third-party discovery of information related to the strategy underlying the Prop. 8 campaign have been similarly stonewalled as a result of Defendant-Intervenors' appeal as a crucial third party—Schubert Flint Public Affairs—has incorporated by reference Defendant-Intervenors' First Amendment privilege defense (and Defendant-Intervenors' interlocutory appeal of the order rejecting that defense as presented).  Dusseault Decl., ¶ 6.

### D. A Stay Of Discovery Is Not In The Public Interest

Defendant-Intervenors argue that "[d]enying this stay and forcing immediate production of the requested documents will curtail the First Amendment freedoms surrounding voter-initiated measures."  Mot. at 5.  But Defendant-Intervenors' actions in *ProtectMarriage.com v. Bowen* belie this claim. On September 1, 2009, Defendant-Intervenors served a subpoena on Fred Karger, founder

Gibson, Dunn & Crutcher LLP

9

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

of Californians Against Hate, seeking communications substantially similar to those Plaintiffs seek here.  *See ProtectMarriage.com v. Bowen* (E.D. Cal. Case No. 2:09-cv-00058-MCE-DAD); Dusseault Decl. at ¶ 7.  In any event, Defendant-Intervenors' First Amendment rights are not the only ones, or even the principal ones, at stake in this case.  The public has an equally forceful interest in vindicating Plaintiffs' fundamental right to marry and this Court has recognized already that given the "serious questions [] raised in these proceedings," the state and its citizens have an interest in seeing those rights adjudicated on a full record.  *See* Doc #76 at 5.  Denying this stay and requiring immediate production of the documents most relevant to Plaintiffs' claims for relief under an appropriate protective order will preserve Defendant-Intervenors' asserted First Amendment interests without hampering Plaintiffs' attempt to vindicate their constitutional rights.

## IV.    CONCLUSION

On August 19, 2009, this Court gave the parties just over fourteen weeks to conduct all fact discovery in this litigation.  Plaintiffs served their requests for document production on August 21, 2009.  Since that time, for more than seven weeks, Defendant-Intervenors have not produced a single document that was not already available to the public at large, thereby significantly prejudicing Plaintiffs' ability to build a factual record on the issues in dispute.  If the Plaintiffs are to have a full and fair opportunity to obtain documents directly relevant to their claims, and meaningfully depose the Defendant-Intervenors and other witnesses with those documents, Plaintiffs must immediately begin producing the requested documents.  For the foregoing reasons, Defendant-Intervenors' Motion for a stay pending appeal and/or petition for a writ of mandamus should be denied and Plaintiffs request that this Court order Defendant-Intervenors to produce all requested documents within seven days of the Court's order.

///

///

///

Gibson, Dunn & Crutcher LLP

10

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

Dated: October 13, 2009

                        GIBSON, DUNN & CRUTCHER LLP

                        By: _____/s/_____
                              Theodore B. Olson

and

BOIES, SCHILLER & FLEXNER LLP

David Boies

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO

DENNIS J. HERRERA
City Attorney
THERESE M. STEWART
Chief Deputy City Attorney
DANNY CHOU
Chief of Complex and Special Litigation
RONALD P. FLYNN
VINCE CHHABRIA
ERIN BERNSTEIN
CHRISTINE VAN AKEN
MOLLIE M. LEE
Deputy City Attorneys

By: _____/s/_____
                Therese M. Stewart

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

Gibson, Dunn & Crutcher LLP

11

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

By: /s/
Theodore B. Olson

Gibson, Dunn & Crutcher LLP

12

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR SUMMARY JUDGMENT