# Exhibit B

ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler (CA Bar No. 179572)
rtyler@faith-freedom.com
Jennifer L. Monk (CA Bar No. 245512)
jmonk@faith-freedom.com
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
Telephone:951-304-7583; Facsimile: 951-600-4996

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants,<br><br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW (Northern District of California)<br><br>**SCHUBERT FLINT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Schubert Flint Public Affairs, Inc., ("Schubert Flint") hereby objects to the Subpoena issued by Plaintiffs in the above captioned matter dated September 17, 2009 and served on Schubert Flint on September 24, 2009 as follows:

## **GENERAL OBJECTIONS**

1. Schubert Flint is still in the process of completing its factual investigation in connection with the Subpoena served on it less than two weeks ago. Accordingly, these objections and responses are provided without prejudice to Schubert Flint's right to produce subsequently discovered documents and materials, or to modify, change or amend these responses and objections. The information provided in these objections is nevertheless true and correct to the best of Schubert Flint's knowledge at this time.

2. Schubert Flint specifically incorporates by reference the objections and arguments set forth by Defendant-Intervenors in the following: 1) Defendant-Intervenors' responses to Plaintiffs' Discovery Requests; 2) Defendant-Intervenors' Motion for Protective Order (Doc # 187); 3) Defendant-Intervenors' Reply in Support of Motion for Protective Order (Doc # 197); and 4) in any stay and/or appeals papers Defendant-Intervenors may file regarding Plaintiffs' attempt to discover internal campaign strategy documents and/or nonpublic and/or anonymous communications related to Proposition 8. These objections are based, *inter alia*, on relevance, burden, and First Amendment privilege grounds.

3. More specifically, Schubert Flint shares in Defendant-Intervenors' objection that Plaintiffs' requests as set forth in the Subpoena violate protected First Amendment rights and therefore incorporates all of Defendant-Intervenors' First Amendment arguments and objects on those grounds to producing anything other than the public documents that have already been provided to our client, Protect Marriage.com, for production to Plaintiffs. The incorporated

objections referenced above also include but are not limited to the objections made by Defendant-Intervenors to producing drafts and other nonpublic pre-decisional documents or communications associated with preparing final documents or communications regarding Proposition 8 that were actually disseminated to the electorate and objections to producing documents and information postdating the passage of Proposition 8 in November 2008.

4. Schubert Flint objects to these Requests as vague, ambiguous, and/or unduly burdensome to the extent that the terms "public" and "third-party" are not defined and/or limited in any way, and taken at face value would encompass all communications Schubert Flint may have had with any "third party"—even a single individual, whether or not a California voter—bearing any relationship to Proposition 8 whatsoever.  Such documents include, but are not limited to, communications with individual donors, volunteers, or voters; communications with political strategists and other agents or contractors of Defendant-Intervenors; and communications with friends, colleagues, and casual acquaintances.  Moreover, Plaintiffs seek these communications regardless of whether they relate to the public understanding of or motivation for enacting Proposition 8.  This presents not only First Amendment concerns, but also creates an undue burden on Schubert Flint in attempting to gather, review, and produce all such communications.

5. Schubert Flint objects to the Subpoena on the grounds that it seeks production of documents which are not legally relevant to any claims or defenses in the litigation and are not reasonably calculated to lead to the discovery of admissible evidence as required by Fed. R. Civ. P. 26(b)(1).

6. Schubert Flint objects to the Subpoena on the grounds that it imposes undue burden and expense in violation of Fed. R. Civ. P. 45(c) including but not limited to requiring Schubert Flint to produce electronically-stored information ("ESI") that is not reasonably accessible and/or the production of which would entail substantial cost.  To the extent Schubert Flint is required to

produce documents that are not reasonably accessible and/or is required to undertake unduly burdensome measures in response to the Subpoena, the cost of any production (including but not limited to any electronic media restoration, processing, scanning, exporting, storage, etc.) would be borne by Plaintiffs.

7. Schubert Flint objects to the Subpoena to the extent that it seeks information and documents that: are already in Plaintiffs' possession; are duplicative of documents already produced by Defendant-Intervenors; or are as equally available to Plaintiffs from other sources that are more convenient, less burdensome, and/or less expensive.  Schubert Flint further objects to the Subpoena to the extent it purports to place an obligation on Schubert Flint to produce documents and information from entities and/or individuals who are not within Schubert Flint's custody and control in violation of Fed. R. Civ. P. 26(b)(2)(C)(ii).

8. Schubert Flint objects to the Subpoena to the extent it requires disclosing confidential research and proprietary information.

9. Schubert Flint objects to the Subpoena to the extent it calls for the production of documents or information protected from disclosure by any claim of privilege, including but not limited to the attorney-client privilege, the work-product doctrine, and the right to privacy.  While Schubert Flint does not intend to produce any such privileged or protected documents or information, should any inadvertent disclosure occur, it shall not be deemed a waiver of any privilege.

10. Schubert Flint objects to the Subpoena, and to the definitions and instructions included therewith, to the extent that it purports to impose upon Schubert Flint obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules and Orders of this Court, or the Local Rules and Order of the District Court for the Northern District of California where this action is pending.

11. Schubert Flint objects to the Subpoena, and to the definitions and instructions included therewith, to the extent that it calls for the production of documents or information beyond what is authorized by the order of October 1, 2009 (Doc # 214) issued by the District Court for the Northern District of California in this case.

Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each response given below, Schubert Flint is answering these Requests in substance to the extent practicable and reasonable under the present circumstances, as stated below.  Schubert Flint hereby objects and responds to the individual Requests as follows:

SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including without limitation literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**RESPONSE:**

Shubert Flint reiterates its General Objections as if specifically set forth below in response to this Request.  Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Schubert Flint further specifically objects to this Request to the extent it calls for the production of documents and information to "donors" or "potential donors."  Schubert Flint further specifically objects to this Request to the extent it calls for production of documents and information that are not relevant and/or protected by the First Amendment—including documents not publically distributed.  As noted above, Schubert Flint incorporates by reference the objections and explanations set forth by Defendant-Intervenors in the briefing on their Motion for a Protective Order and any stay and/or appeal papers they may file.

4

Subject to and without waiving any objection, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs final copies of public communications responsive to this Request that were distributed to and or available to the public.

**REQUEST FOR PRODUCTION NO. 2:**

All versions of any internet advertisement relating to Proposition 8 that you had any involvement in producing, creating or distributing.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to producing drafts of final public communications, which would include, e.g., nonpublic versions of Internet advertisements relating to Proposition 8 that were never actually posted on the Internet. Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public (e.g., Internet communications of limited or invite-only distribution). Schubert Flint also specifically objects to this Request to the extent it calls for the production of material from the Internet that is not uniquely within Schubert Flint's custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i). To the extent there were or are Internet advertisements related to Proposition 8 posted on the Internet that information is as equally available to Plaintiffs as it is to Schubert Flint and thus is not the proper subject of discovery to Schubert Flint.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to

Defendant-Intervenors for production to Plaintiffs final versions of internet advertisements posted on the Internet that Schubert Flint had involvement in producing, creating, or distributing.

**REQUEST FOR PRODUCTION NO. 3:**

All versions of any television advertisement relating to Proposition 8 that you had any involvement in producing creating, or distributing.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to producing drafts of final public communications, which would include nonpublic versions of television advertisements relating to Proposition 8 that were never actually aired. Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public. Schubert Flint also specifically objects to this Request to the extent it calls for the production of material not uniquely within Schubert Flint's custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs final versions of any television advertisements that Schubert Flint had any involvement in creating, producing, or distributing and that were actually aired on television.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of any radio advertisement relating to Proposition 8 that you had any involvement in producing, creating, or distributing.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to producing drafts of final public communications, which would include nonpublic versions of radio advertisements relating to Proposition 8 that were never actually aired. Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public. Schubert Flint also specifically objects to this Request to the extent it calls for the production of material not uniquely within Schubert Flint's custody or control in violation of Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs final versions of radio advertisements that Schubert Flint had involvement in creating, producing, or distributing that were actually aired on the radio.

**REQUEST FOR PRODUCTION NO. 5:**

All plans, schematics, and versions of the websites relating to Proposition 8 that you hosted, paid for, designed, or sponsored.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to producing drafts of final public communications, which would include nonpublic versions of

websites relating to Proposition 8 that were never actually accessible by the public. Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs final versions of Internet pages from websites related to Proposition 8 that Schubert Flint hosted, paid or, designed, or sponsored.

**REQUEST FOR PRODUCTION NO.6:**

All documents you prepared for use in communicating with voters, donors, potential donors, or members of the media, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to this Request as calling for confidential and proprietary information. As written, this Request on its face is not even limited to the subject matter of this litigation, Proposition 8. Schubert Flint also objects to this Request to the extent it calls for drafts of final public communications, which would include nonpublic versions of documents relating to Proposition 8 that were never actually distributed or available to the public.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs final versions of documents responsive to this Request that are outside the scope of the stated objections.

8

**REQUEST FOR PRODUCTION NO.7:**

All documents constituting postings related to Proposition 8 that were made by you on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request.  Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment.  Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public.  Schubert Flint further specifically objects to this Request to the extent it purports to reach the nonpublic communications and postings of individual employees of Schubert Flint on their personal (as opposed to postings publicly accessible by any member of the electorate at large) social-networking sites.  While Schubert Flint does not, at this time, believe that any such postings exist, were such postings to exist Schubert Flint would object to producing them, as this would violate the First Amendment rights of Schubert Flint and its employees and call for information that is entirely irrelevant to any issue in this matter.  Thus, to the extent any such postings do exist, Schubert Flint objects to their production.

Subject to and without waiving these objections, and without conceding the relevancy of any materials being produced in response to this Request, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs postings on public social networking sites maintained for the Yes on 8 campaign.

**REQUEST FOR PRODUCTION NO.8:**

All versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including, without limitation, emails between you and Protect Marriage,

documents you provided to Protect Marriage, and communications between you and members of the media.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request as calling for irrelevant documents and documents privileged from disclosure under the First Amendment. Schubert Flint objects to this Request to the extent it calls for production of documents not available to the public. Schubert Flint objects to producing drafts of final public communications, which would include nonpublic versions of communications relating to Proposition 8 that were never available to the public. Schubert Flint objects to the phrase "any third party" as vague, ambiguous, not defined, and not reasonably narrowed. Schubert Flint further notes that when a similarly broad request was made to Defendant-Intervenors, the Court in which this action is pending found the request to be too broad and Defendant-Intervenors' undue burden objections well-taken. Plaintiffs were directed "to revise request no 8 to target those communications most likely to be relevant to the factual issues identified by plaintiffs." Doc. # 214 at 16. No such attempt to redraft the Request being propounded on Schubert Flint has been made. On its face, this Request appears to be seeking any communication related to Proposition 8 in any way, whether or not it is related to a public communication or was actually available to the public. This Request appears to include, for example: any and all communications Schubert Flint may have had with other vendors, consultants, donors, members, friends, associates, or other correspondents. Such a broad request is objectionable on First Amendment grounds and because of the undue burden and expense it would impose on Schubert Flint to gather, review, log and/or produce all responsive materials, the overwhelming majority of which are irrelevant to any issue in dispute in this case in violation of Fed. R. Civ. P. 26(b)(2)(C)(iii) and 45(c).

Based on the objections asserted above, Schubert Flint has no additional documents to produce at this time.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the title of everyone employed by you from January 1, 2006 to December 31, 2008, including but not limited to organizational charts.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint objects to this Request to the extent it seeks information pre-dating its involvement in the Proposition 8 campaign. Schubert Flint further objects to this Request as overly broad and as calling for irrelevant information. Not everyone employed by Schubert Flint worked on the Proposition 8 campaign nor did everyone who did work on the campaign have substantive involvement or decisionmaking authority related to the campaign; the identity of such employees is therefore irrelevant.

Subject to and without waiving these objections, Schubert Flint is in the process of determining whether there are any reasonably accessible, non-privileged or non-confidential documents that already exist that can be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting public media coverage of Proposition 8 referring or related to your organization.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. Schubert Flint further specifically objects to this Request to the extent it purports to call for the production of publicly available information that is not uniquely within Schubert

Flint's custody and control and is as readily available to Plaintiffs as it is to Schubert Flint. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). To the extent Plaintiffs wish to review the public media coverage of Proposition 8, they can access such materials just as easily as Schubert Flint. Schubert Flint further objects to this Request to the extent it calls for collections, compilations, summaries, or analysis of public media coverage that may have been created by Schubert Flint for personal, political, strategic, or other reasons.

Subject to and without waiving these objections, and without conceding the legal relevancy of such materials, Schubert Flint has already provided to Defendant-Intervenors for production to Plaintiffs documents created by Schubert Flint and produced to the media for dissemination to the public.

**REQUEST FOR PRODUCTION NO. 11:**

All documents constituting, reflecting, or referring to coordination or cooperation among organizations and/or individuals supporting the passage of Proposition 8.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. In particular, Schubert Flint objects to this Request to the extent it calls for irrelevant documents and documents protected from disclosure under the First Amendment. Schubert Flint further objects to this Request as overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 12:**

All minutes or other memorializations for meetings in which you participated concerning Proposition 8.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response

to this Request. In particular, Schubert Flint objects to this Request to the extent it calls for irrelevant documents and documents protected from disclosure under the First Amendment. Schubert Flint further objects to this Request as overly broad and unduly burdensome. The term "meetings" is undefined. As the campaign manager for Protect Marriage.com, staff for Schubert Flint engaged in thousands of discussions, conferences, gatherings, etc., which may or may not constitute a "meeting" covered by this Request. Thus, this Request read literally could require the production of scores of notes, emails, etc. bearing even the remotest relationship to Proposition 8 whether or not actually related to Plaintiffs' purported interests in seeking such discovery.

Subject to these objections, Schubert Flint has no documents to produce at this time.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all expenditures by you and payments to you in connection with Proposition 8.

**RESPONSE:**

Schubert Flint reiterates its General Objections as if specifically set forth below in response to this Request. In particular, Schubert Flint objects to this Request to the extent it calls for irrelevant documents and documents protected from disclosure under the First Amendment. Schubert Flint further objects to this Request as impermissibly seeking private and/or proprietary information. The amount of expenditures made or payments received by Schubert Flint in connection with Proposition 8 are irrelevant to any claim or defense in this action and is not information designed to lead to the discovery of admissible evidence.

Subject to these objections, Schubert Flint has no additional documents to produce at this time.

1 | October 7, 2009

2 | /s/ Robert H. Tyler

ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler (CA Bar No. 179572)
*rtyler@faith-freedom.com*
Jennifer L. Monk (CA Bar No. 245512)
*jmonk@faith-freedom.com*
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
Telephone: 951-3-4-7583; Facsimile: 951-600-4996

Attorneys for Schubert Flint Public Affairs, Inc.

14