COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, | CASE NO. 09-CV-2292 VRW |
| Plaintiffs, | **DEFENDANT-INTERVENORS' REPLY IN SUPPORT OF MOTION FOR A STAY OF DISCOVERY** |
| v. | |
| ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California | Judge: Chief Judge Vaughn R. Walker |

Department of Public Health and State Registrar of
Vital Statistics; LINETTE SCOTT, in her official
capacity as Deputy Director of Health Information
& Strategic Planning for the California Department
of Public Health; PATRICK O'CONNELL, in his
official capacity as Clerk-Recorder for the County
of Alameda; and DEAN C. LOGAN, in his official
capacity as Registrar-Recorder/County Clerk for
the County of Los Angeles,

Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS
DENNIS HOLLINGSWORTH, GAIL J.
KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
JANSSON; and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
RENEWAL,

Defendant-Intervenors.

<u>Additional Counsel for Defendant-Intervenors</u>

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

A.      **The Court Should Deny Plaintiffs' Request for an Order Compelling Production within Seven Days**

Complaining that Defendant-Intervenors' conduct has unreasonably delayed production to Plaintiffs of requested documents, Plaintiffs not only oppose our request for a stay pending appeal of this Court's discovery ruling, but also ask this Court to enter an order compelling production of the non-public and anonymous documents subject to Defendant-Intervenors' stay request within seven days. Doc # 223 at 14; *see also id.* at 5-6. Defendant-Intervenors have alerted the parties and the Court of their First Amendment concerns about Plaintiffs' discovery requests, and have sought judicial relief promptly and in good faith at every turn. If Defendant-Intervenors' pending motion for a stay is denied by this Court, Defendant-Intervenors will promptly seek a stay from the Ninth Circuit and, further, will seek expedited review of the merits of their appeal. Under these circumstances, Plaintiffs' requested order should be denied.

(a)      In their Supplemental Case Management Statement, Plaintiffs made clear that they "plan to seek documents relating to Prop. 8's genesis, drafting, strategy, objectives, advertising, campaign literature, and Intervenors' communications with each other, supporters, and donors." Doc. # 157 at 12. In other words, Plaintiffs announced their plan to seek virtually every document in Defendant-Intervenors possession relating in any way to Prop. 8.

(b)      As early as the case management hearing of August 19, 2009, counsel for Defendant-Intervenors specifically flagged the sweeping discovery threatened by Plaintiffs as an issue that could pose problems for the expedited litigation schedule sought by Plaintiffs and should be resolved promptly. Counsel for Defendant-Intervenors explained that "some of the things that [Plaintiffs] would like to inquire into of … the official Proposition 8 proponents … are issues that we earnestly believe are not fit and appropriate for judicial inquiry, and that in fact, would raise the gravest possible First-Amendment issues." Tr. at 59. Counsel for Defendant-Intervenors specifically "urge[d] the Court to give us an opportunity to fight this out in briefing to the Court before we get down that road." *Id.* at 60. Counsel for Plaintiffs responded by stating: (i) that "statements that were made publicly" were clearly "subject to discovery"; (ii) that "some stuff … is probably not on the table" and also that "subjective, unexpressed motivations … would not be

1

inquir[ed] into" by Plaintiffs; and (iii) that "objectively-stated assertions … that may be encompassed in documents and the like that may or may not have become public" constitute a "gray-area." *Id.* at 63-64. In acquiescing in the expedited litigation schedule, Defendant-Intervenors relied on these representations. *Id*. at 68.

(c) In light of Plaintiffs' concessions and recognition that "gray-area discovery decisions … will [be] ma[d]e along the way," counsel for Defendant-Intervenors stated at the August 19 hearing that he would "very much welcome [Plaintiffs'] clarification, perhaps, of some of the points that were made in their supplemental case management order, in terms of what they intended to inquire of the proponents." *Id.* at 64, 68. Unfortunately, Plaintiffs never offered any such clarification or reconsideration of the "gray area." Instead, Plaintiffs propounded a set of document requests that sought virtually every document in Defendant-Intervenors' possession relating in any way to Proposition 8. Doc # 187-3. As this Court recognized at the hearing of September 25, 2009, Plaintiffs' Request No. 8 in particular was "exceedingly broad." Tr. at 49.

On August 27, Defendant-Intervenors proposed limitations to Plaintiffs' requests. Doc # 187-5. Plaintiffs responded by rejecting any limiting interpretation save for one: they were not seeking "internal communications among and between [Defendant-Intervenors] regarding Proposition 8 and the related political campaign, except to the extent that [Defendant-Intervenors] deem such communications responsive to Requests Nos. 9, 10, 13, 14, or 15." Doc # 187-6. Subsequently, Plaintiffs effectively retracted even this limitation. *See* Doc # 220-1 at 5 (requesting "communications among and between any two or more of … Defendant-Intervenors").

(d) Plaintiffs' refusal to agree to any other limitations on their document requests left Defendant-Intervenors with no choice but to move this Court for a protective order on September 15, 2009—well before the period for responding to Plaintiffs' document requests had run. Doc # 187. This Court denied Defendant-Intervenors' claim of First Amendment privilege on October 1, 2009. Doc # 214. The Court did, however, agree that Plaintiffs' Request No. 8 was overly burdensome and thus directed Plaintiffs to more carefully tailor the request. In the evening of October 5, Plaintiffs issued a revised Request No. 8, Doc # 220-1, and on October 8, Defendant-Intervenors noticed an appeal and moved this Court for a stay of its October 1 order. Docs # 220,

2

222.

\*\*\*

In short, over the last seven weeks, Defendant-Intervenors have: (i) produced the documents that Plaintiffs asserted were clearly subject to discovery; (ii) resisted producing documents that Plaintiffs once agreed were off the table; and (iii) attempted to negotiate with Plaintiffs over what they themselves once called a "gray area" of discovery.  When negotiations failed to produce agreement, Defendant-Intervenors promptly moved this Court for a protective order.  It is thus not true that the time that has passed since Plaintiffs first propounded their discovery requests is somehow attributable to improper delays by Defendant-Intervenors.  Instead, the delay is largely attributable to Plaintiffs' ever-shifting representations about their discovery requests and their protracted refusal to limit or tailor those requests in any meaningful way.

Defendant-Intervenors are expeditiously following all of the proper procedures to seek judicial protection against disclosure of what Plaintiffs themselves admit is "core political speech … undeniably entitled to broad First Amendment protection."  Doc # 191 at 12.  Defendant-Intervenors believe that discovery of nonpublic and anonymous documents sought by Plaintiffs will work a gross and irreparably harmful invasion of their First Amendment rights.  Given the seriousness of the claim, the Court should allow it to be resolved expeditiously by the Court of Appeals and should deny Plaintiffs' request to order production of disputed material within seven days.

**B.**     **Briefing Schedule in the Ninth Circuit**

At the hearing on October 14, 2009, Plaintiffs noted that the Ninth Circuit has set a briefing schedule for Defendant-Intervenors' appeal of this Court's October 1 order.  *See* Oct. 14, 2009 Tr. at 96-97.  That schedule appears to have been set pursuant to the Ninth Circuit's routine practice of establishing a normal briefing schedule once a case number is assigned.  It was not proposed by Defendant-Intervenors, who informed the Ninth Circuit in the notice of appeal that they intend to seek an expedited briefing and argument schedule.  Doc # 222.

**C.**     **This Court's Jurisdiction Over the Stay Motion**

At the hearing on October 14, the Court asked "is a motion to stay appropriate after a petition

3

1   for a writ of manda[mus] has been filed in the Court of Appeals?  I thought you asked the District

2   Court to stay its Order first, and then you proceed to the Court of Appeals.  I wonder what the

3   procedural posture is at the Court of Appeals."  Tr. 93.

4        While it is true that "[o]nce a notice of appeal is filed, the district court is divested of

5   jurisdiction over the matters being appealed[,] … [t]he district court retains jurisdiction during the

6   pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council v. Southwest*

7   *Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  *See also United States v. Pryately*, 393 F.2d

8   129, 131 (6th Cir. 1968) ("The District Court was authorized to stay its judgment after filing of

9   notices of appeal and prior to docketing in this Court.").  Federal Rule of Appellate Procedure 8

10  requires that a party seeking a stay pending appeal first move for such relief in the district court.

11  Accordingly, Defendant-Intervenors noticed their appeal and have respectfully sought a stay from

12  this Court pending resolution of that appeal.  This Court has jurisdiction to preserve the status quo.

13       That Defendant-Intervenors will seek mandamus in the alternative does not alter this

14  analysis.  Defendant-Intervenors assert that the Ninth Circuit has jurisdiction over this

15  interlocutory appeal.  Plaintiffs assert that the Ninth Circuit does not have jurisdiction.  Doc # 223

16  at 6-9.  Defendant-Intervenors thus indicated on their civil docketing statement that we would

17  seek mandamus in the alternative—that is, should the Ninth Circuit decide it does not have

18  jurisdiction.  We have found no authority suggesting that this relatively common procedural

19  posture—an appeal with a petition for mandamus in the alternative—in any way alters the rule

20  that district courts retain jurisdiction to maintain the status quo even while proceedings are

21  pending in a higher court.

23                              **CONCLUSION**

24       For the foregoing reasons, the Court should grant this motion for a stay.

25   Dated: October 16, 2009              COOPER AND KIRK, PLLC
26                                        ATTORNEYS FOR DEFENDANT-INTERVENORS

27                                        By:    /s/Charles J. Cooper
28                                               Charles J. Cooper

4