# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000  San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

October 23, 2009

Direct Dial
(415) 393-8292

Fax No.
(415) 374-8444

Client No.
T 36330-00001

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
  for the Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Perry v. Schwarzenegger*, Case No. C 09-2292 VRW

Dear Chief Judge Walker:

I write pursuant to paragraph 1.5 of the Court's Standing Orders, to request that the Court enter an order to compel compliance with outstanding discovery requests.

As the Court knows, all parties are committed to an early trial date and, in furtherance of that commitment, the fact discovery cut-off is November 30, 2009. Plaintiffs served their First Set of Requests for Production of Documents on August 21, 2009—more than two months ago—and the parties litigated, among other things, whether Proponents could withhold documents based on asserted protections under the First Amendment. Proponents claimed that production was inappropriate because "[s]upporters of Prop. 8 have been subjected to social disapprobation, verbal abuse, economic reprisal, vandalism of property, threats of physical violence, and actual physical violence" and that this "abuse" has "chilled . . . the exercise of First Amendment rights by supporters of the traditional definition of marriage." Doc #187 at 20. But the Court overruled Proponents' objection, finding that "Proponents have not however adequately explained why the discovery sought by plaintiffs increases the threat of harm to Prop 8 supporters or explained why a protective order strictly limiting the dissemination of such information would not suffice to avoid future similar events." Doc #214 at 6. The Court also overruled Proponents' relevance objections, with the exception of the objection that Request No. 8 was overly broad. The Court directed plaintiffs to narrow that request, and plaintiffs promptly did so, consistently with the Court's direction.

GIBSON, DUNN & CRUTCHER LLP

The Honorable Vaughn R. Walker
October 23, 2009
Page 2

  As the Court is aware, Proponents have asked the Court for a stay of its October 1, 2009 Order. Doc #220. Although that request is pending and no stay has been ordered, Proponents have to date refused to produce any of the documents that were the subject of their unsuccessful motion for protective order. Proponents' refusal to turn over the documents interferes not only with plaintiffs' ability to review and evaluate documents for use at trial, but also with plaintiffs' ability to use the documents in depositions in this case, which are already under way.

  To advance the resolution of the case while the question of a stay is pending, and to minimize the adverse impact of Proponents' position on plaintiffs' ability to prepare this case for trial, plaintiffs asked Proponents more than a week ago to agree to the Court's standard form of stipulated confidentiality order, and to begin producing the contested documents on a provisional "attorneys' eyes only" basis. *See* highlighted portions of attached email exchange between E. Dettmer and N. Moss. Plaintiffs explained that such production cannot cause the harms Proponents claim to fear because this information would be strictly confidential pending a final ruling on whether it is discoverable. Proponents have not articulated any other concerns. But Proponents continue to insist that they will produce no contested documents until there is no possibility of a stay from any Court—presumably including both the Ninth Circuit and the Supreme Court. *See id.*, at p. 5. In essence, Proponents are asking this Court for a stay of production while unilaterally creating their own "stay of production" which, though not ordered by this or any other court, would likely outlast the fact discovery period in this case.

  Based on the foregoing, and on plaintiffs' need to move forward meaningfully with discovery in this case, plaintiffs respectfully request that the Court immediately enter its standard form of confidentiality order, and direct Proponents to begin producing the contested documents immediately under a provisional "attorneys' eyes only" designation that will remain in effect until the Court resolves the pending motion for stay. This will prevent any of the harms Proponents claim they fear, while at the same time allowing the parties to move forward with fact depositions that are necessary to bring this case to resolution on the time schedule entered by the Court.

  We stand ready to discuss this with the Court and counsel at the Court's convenience.

Respectfully submitted,

Ethan D. Dettmer

Attachment

cc: All Counsel

100750024_1.DOC