# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper

|  |  |
|---|---|
| 1523 New Hampshire Avenue, N.W. | 105 Kaula Lane |
| Washington, D.C. 20036 | Bonita Springs, FL 34134 |
| (202) 220-9660 | (239) 948-5947 |
| Fax (202) 220-9601 | Fax (239) 948-5946 |
|  | ccooper@cooperkirk.com |

October 28, 2009

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
   for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

     Re:    *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker:

     I write pursuant to paragraph 1.5 of the Court's Standing Orders, and this Court's Order of October 23, 2009 (Doc # 237), to request that the Court conduct an *in camera* review of a representative grouping of 25 documents over which Defendants-Intervenors ("Proponents") assert a claim of First Amendment privilege.

     In its October 23 order, the Court declined to stay, pending appeal or petition for mandamus, its October 1 order (Doc # 214) in which the Court rejected Proponents' assertion of a categorical First Amendment privilege over Proponents' nonpublic and/or anonymous communications implicating campaign strategy, the identity of donors and volunteers, and the content of messages to include or exclude from Proponents' public political speech.  The Court based its stay ruling, at least in part, on its holding that "the October 1 order was not a conclusive determination because proponents had not asserted the First Amendment privilege over any specific document or communication.  Proponents' blanket assertion of privilege was unsuccessful, but whether the privilege might apply to any specific document or information was not finally determined in the October 1 order."  Doc # 237 at 4.  The Court further explained that, in view of the balancing test that governs claims of First Amendment privilege, "the applicability of the qualified privilege cannot be determined in a vacuum but only with reference to a specific document or particular information."  *Id*. at 5.  Specifically, the Court stated that it "might yet apply proponents' purported privilege in the manner described in *Kerr* [*v. United States District Court*, 426 U.S. 394 (1976)]."  Doc # 237 at 7.

     In *Kerr*, the Supreme Court held that the petitioners had an available remedy in the district court that may obviate the need for mandamus:  they would be "afford[ed] … the opportunity to apply for, and upon proper application, receive *in camera* review" of the documents for which they claimed privilege. 426 U.S. at 406.  In accordance with *Kerr*, and the Court's October 23 order, Proponents seek now to

The Honorable Vaughn R. Walker
Page 2 of 2
October 28, 2009

"identif[y] specific documents that they claim are privileged" in order to "give[] the court an opportunity to determine whether any claim of privilege might apply to a specific document."  Doc # 237 at 7.

      Because Proponents' assertion of First Amendment privilege extends to thousands of documents, we have selected 25 documents that we believe to be representative of the larger mass of documents.  These documents, which we have drawn from categories of documents in which Plaintiffs have specifically expressed the greatest interest (*see* Exhibit A attached hereto), should provide the Court with a concrete context within which to review Proponents' privilege claims.  Of course, if upon reviewing these documents, the Court determines that a larger sample must be reviewed, Proponents will be happy to submit additional documents *in camera*.

      In the October 23 order, the Court also expressed concern about the fact that Proponents have not yet filed and served a privilege log.  *See id*. at 5.  While we do not believe that a log will assist "the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged," *Burlington North & Santa Fe Ry. Co. v. United States Dist. Court for the District of Montana*, 408 F.3d 1142, 1150 (9th Cir. 2005), we will submit and serve a privilege log covering the documents we propose to submit for *in camera* review.  We respectfully submit that Proponents should not be put to the extraordinary burden of preparing a log covering the remaining thousands of privileged documents at least until judicial review of the representative sample has been completed, for we believe that the *in camera* review will convince the Court that a log is not helpful.  At this point, we submit, such an effort would only serve to unnecessarily delay proceedings without significantly assisting the Court or counsel in their respective assessments of Proponents' privilege claims.

      If, upon completion of the *in camera* review, the Court rejects our claim of privilege, we respectfully request that the Court stay any order compelling production pending appeal and/or mandamus.  If the Court rejects our stay request, we respectfully ask that the Court maintain the documents *in camera* to permit the Ninth Circuit to consider a request for a stay pending appeal.  Proponents would file such a request within three business days of this Court's denial of a stay.

      Counsel for Proponents have discussed the above-described request for *in camera* review with counsel for Plaintiffs.  Counsel for Plaintiffs stated that they object to this proposal and will file a letter of response.  We look forward to discussing the matter with the Court in the telephone conference that the Court directed the parties to schedule.  *See* Doc # 237 at 13.

                                                Sincerely,

                                                /s/ Charles J. Cooper

                                                Charles J. Cooper
                                                Counsel for Defendant-Intervenors

cc:     All Counsel (via the Court's ECF System)