| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | Theodore B. Olson, SBN 38137 |
| 2 | *tolson@gibsondunn.com* |
| | Matthew D. McGill, *pro hac vice* |
| 3 | Amir C. Tayrani, SBN 229609 |
| | 1050 Connecticut Avenue, N.W., Washington, D.C. 20036 |
| 4 | Telephone: (202) 955-8668, Facsimile: (202) 467-0539 |
| 5 | Theodore J. Boutrous, Jr., SBN 132009 |
| | *tboutrous@gibsondunn.com* |
| 6 | Christopher D. Dusseault, SBN 177557 |
| | Ethan D. Dettmer, SBN 196046 |
| 7 | Sarah E. Piepmeier, SBN 227094 |
| | Theane Evangelis Kapur, SBN 243570 |
| 8 | Enrique A. Monagas, SBN 239087 |
| | 333 S. Grand Avenue, Los Angeles, California 90071 |
| 9 | Telephone: (213) 229-7804, Facsimile: (213) 229-7520 |
| 10 | BOIES, SCHILLER & FLEXNER LLP |
| | David Boies, *pro hac vice* |
| 11 | *dboies@bsfllp.com* |
| | Theodore H. Uno, SBN 248603 |
| 12 | 333 Main Street, Armonk, New York 10504 |
| | Telephone: (914) 749-8200, Facsimile: (914) 749-8300 |
| 13 | |
| 14 | Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO |
| 15 | [Additional counsel listed on signature page] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, <br><br> Defendants. | CASE NO. 09-CV-2292 VRW <br><br> **PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.** <br><br> Date: Submitted on the papers <br> Judge: Chief Judge Walker <br> Location: Courtroom 6, 17th Floor |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

**INTRODUCTION**

For at least four reasons, this Court should deny Defendant-Intervenors' motion to realign Attorney General Edmund G. Brown, Jr., as a plaintiff in this case. First, realignment is appropriate only where repositioning the parties would have jurisdictional consequences or assist the court in considering the evidence introduced at trial. Neither of those prerequisites to realignment is present here. Second, this Court lacks the authority to realign a nominal party, and both the Attorney General and Defendant-Intervenors describe the Attorney General's role in this case as merely "nominal." Third, the interests of Plaintiffs and the Attorney General diverge regarding the primary matter in dispute in this case: whether this Court should immediately issue an injunction prohibiting the enforcement of Prop. 8. The Attorney General—the chief legal officer of California responsible for overseeing the enforcement of the State's laws—has refused to direct state officials to cease their enforcement of that unconstitutional provision and actively opposed Plaintiffs' motion for a preliminary injunction. Maintaining the current alignment of the parties is therefore necessary to afford Plaintiffs the possibility of obtaining full relief in the form of an injunction that immediately requires all state officials in California to terminate their enforcement of Prop. 8. Finally, it is possible that Attorney General Brown will be replaced in office after the 2010 election by an individual unwilling to acknowledge Prop. 8's unconstitutionality. Because the new attorney general would automatically be substituted for Attorney General Brown in this case, it would be inappropriate to realign the Attorney General based on the position staked by an officeholder who may no longer be in office during subsequent proceedings in this case.

**ARGUMENT**

Realignment is rarely appropriate where repositioning the parties would not have jurisdictional consequences. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We must align *for jurisdictional purposes* those parties whose interests coincide respecting the primary matter in dispute.") (emphasis added; internal quotation marks omitted). Indeed, the Ninth Circuit has repeatedly described realignment as a procedural mechanism available where reordering the parties would have "the effect of *conferring* or *denying* subject matter jurisdiction on the court." *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1133 (9th Cir. 2006) (en

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

banc) (emphases added).  Thus, the most appropriate—and by far the most common—use of realignment is to neutralize attempts to invoke diversity jurisdiction through artful pleading that misaligns parties in order to create complete diversity.  *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *Prudential Real Estate*, 204 F.3d at 872; *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987); *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983).  Only in unusual cases where realignment materially assists the adjudication of a case has this Court realigned parties despite the absence of jurisdictional consequences.  *See, e.g.*, *Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 U.S. Dist. LEXIS 26948, at *9-*15 (N.D. Cal. Oct. 6, 2003) (realigning a patent holder as the plaintiff and the alleged patent infringer as the defendant in a suit seeking a declaratory judgment of non-infringement because the patent holder bore the burden of proof at trial and realignment would "aid in the logical presentation of the evidence at trial").

     Realignment of the Attorney General is not appropriate because his classification as a plaintiff or defendant has no bearing on this Court's federal-question jurisdiction over this case or the existence of a constitutionally adequate case or controversy between Plaintiffs and Defendant-Intervenors.  Realignment therefore would not have "the effect of conferring or denying subject matter jurisdiction on the court."  *Smith*, 434 F.3d at 1133.  Nor would it "aid in the logical presentation of the evidence at trial" (*Plumtree*, 2003 U.S. Dist. LEXIS 26948, at *12-*13), because the Attorney General has not asserted any claims for relief and has indicated that he "does not intend to present opinion or expert evidence" at trial.  Doc # 153 at 2.  He is thus poorly situated to assume the status of a plaintiff in this case.

     In any event, even if this were a case where realignment was an available procedural device, realignment would nevertheless be inappropriate because both the Attorney General and Defendant-Intervenors characterize the Attorney General as merely a nominal party to this dispute.  Where the Ninth Circuit has "realigned parties according to their interest, those interests have involved substantial legal rights or detriments flowing from the resolution of the primary matter in dispute."  *Prudential Real Estate*, 204 F.3d at 874; *see also Cont'l Airlines*, 819 F.2d at 1523 (realigning a defendant airplane parts supplier with the plaintiff aircraft manufacturer because the supplier would

2

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

Gibson, Dunn & Crutcher LLP

1  avoid liability for an airplane accident if the manufacturer prevailed); *Dolch*, 702 F.2d at 181
2  (realigning a defendant trustee who would gain a beneficial interest in the trust if the plaintiff
3  prevailed). A party's "mere preference regarding an outcome," however, "is insufficient to compel
4  realignment," and the Ninth Circuit therefore "ignore[s] . . . nominal or formal parties" when
5  considering realignment. *Prudential Real Estate*, 204 F.3d at 873, 874.

6  Defendant-Intervenors have labeled the Attorney General a "nominal [d]efendant" in this
7  case. Doc # 216 at 6. The Attorney General has likewise described himself as a "nominal defendant"
8  and has stated that "plaintiffs and defendant intervenors . . . are to date the real parties in interest."
9  Doc # 127 at 2, 3. Indeed, while the Attorney General certainly has a strong "preference regarding an
10 outcome" in this case—he has unequivocally admitted that Prop. 8 is unconstitutional under the Due
11 Process and Equal Protection Clauses (Doc # at 39 at 9, 10)—he has indicated that he will not
12 conduct discovery or present opinion or expert evidence at trial. Doc # 153 at 2. Under Ninth Circuit
13 precedent, realignment of the Attorney General would therefore be improper. *See Prudential Real*
14 *Estate*, 204 F.3d at 873.

15 Moreover, realignment is also unwarranted because the interests of Plaintiffs and the Attorney
16 General do not "coincide respecting the primary matter in dispute." *Prudential Real Estate*, 204 F.3d
17 at 873 (internal quotation marks omitted). Plaintiffs' objective in bringing this suit was to obtain as
18 quickly as possible an injunction prohibiting the enforcement of Prop. 8 because each day that this
19 discriminatory provision remains in force, Plaintiffs are irreparably harmed by the denial of their
20 constitutional right to marry the person with whom they are in a loving, committed relationship. The
21 Attorney General has conceded that Prop. 8 is unconstitutional. He has nevertheless refused to
22 invoke his authority as the chief legal officer of California to direct state officials not to enforce Prop.
23 8. He also opposed Plaintiffs' motion for a preliminary injunction at the outset of this case on the
24 ground that the injunction would purportedly create "significant uncertainty . . . in same-sex
25 marriages that might be performed before a final judgment." Doc # 34 at 4. According to the
26 Attorney General, "[s]taying operation of Proposition 8, without the certainty of a final judgment as
27 to its constitutionality, would leave same-sex couples, as well as their families, friends, and the wider
28 community, in legal limbo" because this Court could ultimately decide to uphold Prop. 8 after a full

3

Gibson, Dunn &
Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

1  trial on the merits. *Id.* at 13.

2  If Plaintiffs prevail on their claims at trial, it is possible that the Attorney General would rely
3  on similar reasoning to urge this Court to stay its order enjoining the enforcement of Prop. 8 pending
4  appeal.  The interests of Plaintiffs and the Attorney General therefore diverge on the "primary matter
5  in dispute" in this case:  whether Prop. 8 should be immediately enjoined as an unconstitutional
6  measure that irreparably harms gay and lesbian individuals each day that it continues on the books.
7  The Attorney General should remain a defendant in order to preserve this Court's ability to award
8  Plaintiffs the full relief that they seek:  an injunction immediately directing the chief legal officer of
9  California—and every state official subject to his supervisory authority—to cease enforcing Prop. 8.
10 An injunction against the Attorney General is the most effective means of ensuring that any remedial
11 order issued by this Court is immediately implemented on a statewide basis.

12 Finally, realignment is particularly inappropriate here because Attorney General Brown has
13 been sued in his official capacity and may be replaced in office as a result of the upcoming 2010
14 election.  If a new attorney general does take office following the election, that individual will
15 automatically be substituted as a party in place of Attorney General Brown.  *See* Fed. R. Civ. P.
16 25(d).  It is therefore possible that, while this case is pending before this Court or on appeal, a new
17 attorney general will take office who disagrees with Plaintiffs' position that Prop. 8 is
18 unconstitutional and who will vigorously defend that measure's constitutionality.  In light of that
19 possibility, the Court should not disturb Plaintiffs' decision to name the Attorney General as a
20 defendant in this case and to seek injunctive relief against him.

21 ///
22 ///
23 ///

Gibson, Dunn &
Crutcher LLP

4

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

## **CONCLUSION**

For the foregoing reasons, Defendant-Intervenors' Motion to Realign Attorney General Edmund G. Brown, Jr., should be denied.

Dated:  October 28, 2009

                GIBSON, DUNN & CRUTCHER LLP


                By:        /s/
                     Theodore B. Olson

and

BOIES, SCHILLER & FLEXNER LLP

David Boies

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, AND JEFFREY J. ZARRILLO

DENNIS J. HERRERA
City Attorney
THERESE M. STEWART
Chief Deputy City Attorney
DANNY CHOU
Chief of Complex and Special Litigation
RONALD P. FLYNN
VINCE CHHABRIA
ERIN BERNSTEIN
CHRISTINE VAN AKEN
MOLLIE M. LEE
Deputy City Attorneys

                By:        /s/
                     Therese M. Stewart

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

Gibson, Dunn & Crutcher LLP

5

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.

## ATTESTATION PURSUANT TO GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

By: _____/s/_____

Theodore B. Olson

Gibson, Dunn & Crutcher LLP

6

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO REALIGN ATTORNEY GENERAL EDMUND G. BROWN, JR.