# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000  San Francisco, California 94105-2933

(415) 393-8200

www.gibsondunn.com

EDettmer@gibsondunn.com

October 29, 2009

Direct Dial
(415) 393-8292
Fax No.
(415) 374-8444

Client No.
T 36330-00001

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
 for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102

      Re:    *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

      I write regarding Mr. Cooper's letter of yesterday (Doc #238), and his request that the Court parse Proponents' "First Amendment privilege" claim on an *in camera* basis.

      Despite the Court's October 1 Order denying their motion for protective order, and the Court's October 23 Order denying their motion to stay production, Proponents remain unwilling to produce *any* disputed documents. Indeed, Proponents' counsel say that they would not produce even a single additional document to the Plaintiffs, even if the Court were to enter the confidentiality order that Proponents *themselves* drafted. Instead, in what amounts to an unauthorized motion for reconsideration of the Court's October 1 and October 23 Orders, Proponents now propose submitting to the Court *in camera* documents they "believe to be representative of the larger mass of documents" they refuse to produce. Doc #238 at 2. Presumably, should the Court again order production of documents, Proponents will then seek *in camera* review and protection of every other disputed document on an individual basis, and seek a stay from the 9th Circuit of any eventual order compelling production.

      This plan has many shortcomings, but two stand out. *First*, it virtually guarantees that Plaintiffs will have no documents before the November 30 close of fact discovery. Plaintiffs cannot meaningfully depose fact witnesses, and Proponents have refused to give Plaintiffs even the names of the members of the Ad Hoc Executive Committee of ProtectMarriage.com. *Second*, a decision based on an *in camera* review of a handful of documents that Proponents' counsel "believe to be representative" would be fundamentally contrary to the adversary process,

## GIBSON, DUNN & CRUTCHER LLP

The Honorable Vaughn R. Walker
October 29, 2009
Page 2

and for no good reason. There is no basis whatsoever for any assertion that showing these documents to Plaintiffs' lawyers would lead to a "chilling" of political speech or "harassment or intimidation" of Proponents or of the Ad Hoc Executive Committee members of ProtectMarriage.com. We do not believe Proponents' counsel to be suggesting that an attorneys' eyes only production could possibly lead to intimidation or harassment of anyone. And as to the supposed "chilling" of the Proponents' political speech, we simply do not believe that Proponents hold their beliefs so lightly.

With respect to this last point, while Plaintiffs understand and respect the right of "individuals to act independently" and anonymously in a political campaign, *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 351 (1995), the individuals and the entity in question here are the authors, officially-recognized proponents, and campaign architects of an initiative that raised and spent tens of millions of dollars and altered the California Constitution in a significant way based on a sophisticated political campaign. These are not anonymous pamphleteers, voters or donors whose speech might be "chilled" by exposure of their identities, but rather much more akin to legislators who altered California's fundamental political document. *See Prof'l Engineers in California Gov't v. Kempton,* 40 Cal. 4th 1016, 1045 (2007) (observing that "the electorate acting through its initiative power" is a "constitutionally empowered legislative entity"). Perhaps even more importantly, they deliberately injected themselves into this litigation, thereby waiving any reasonable expectation of privacy with respect to Prop. 8.

It is now clear that, despite their indication that they are essentially ready to produce the disputed documents as a practical matter, Proponents will not do so unless ordered. Plaintiffs therefore respectfully submit that the Court's standard form of protective order be entered and that Proponents be ordered to begin producing documents immediately and on a rolling basis, and that a court-mandated deadline for completion of production be imposed. *See* July 2, 2009 Tr. 30:15-17.

Respectfully submitted,

Ethan D. Dettmer
Counsel for Plaintiffs

cc: Counsel of Record