# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Nicole J. Moss
nmoss@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

November 6, 2009

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
    for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker:

  At the telephonic hearing held on November 2, 2009, the Court granted Defendant-Intervenors leave to file a sampling of documents for *in camera* review to determine whether Defendant-Intervenors have a First Amendment privilege that protects them from having to produce the documents in response to Plaintiffs' discovery requests. To facilitate this review process, the Court requested that "in addition to a privilege log, [Defendant-Intervenors submit] a fuller description of those kinds of materials" at issue—i.e., "a fuller description of those categories" of documents that are at issue. Hr'g of Nov. 2, 2009, Tr. 43. Enclosed with this letter, Defendant-Intervenors respectfully submit for the Court's consideration the requested "fuller description of … categories." Given the nature and volume of documents implicated by Plaintiffs' discovery requests, it is not possible to devise a manageable list that would capture every feature of every document over which Defendant-Intervenors are claiming a First Amendment privilege. We believe, however, that the attached document provides the Court with a "fuller description … [that] would be extremely helpful in deciding whether or not we should pursue discovery" of the types of documents at issue. Tr. 43-44.

  Defendant-Intervenors greatly appreciate the Court's willingness to help the parties work through this discovery dispute and stand ready to provide any additional assistance the Court might require in undertaking this process of *in camera* review.

            Respectfully submitted,

            /s/ Nicole J. Moss
            Nicole J. Moss
            Counsel for Defendant-Intervenors

Enclosure

cc: All counsel via the Court's ECF system

**Categories of Documents Privileged Under the First Amendment
and Implicated by Plaintiffs' Discovery Requests**

*Perry v. Schwarzenegger*
Case No. 3:09-cv-02292-VRW
United States District Court
for the Northern District of California
Chief Judge Vaughn R. Walker

"Documents" refers to documents or communications in any form and as defined in Plaintiffs First Set of Document Requests to Defendant-Intervenors (Doc # 187-3 at 3), including but not limited to hard copies, electronic documents, electronic or computerized data compilations, software, software images, downloads, emails, letters, memoranda, audio or visual recordings, and typewritten or handwritten notes.

1. Documents that reveal names and/or capacities not already publicly known, including but not limited to:
   a. Documents that reveal the names or titles of ad hoc executive committee members of Protectmarriage.com, their time period of involvement, or their responsibilities;
   b. Documents that reveal the names of ProtectMarriage.com's actual or potential employees or independent contractors, their time period of involvement, or their responsibilities;
   c. Documents that reveal the names of key volunteers or persons who took a leadership or management role in Protectmarriage.com or the campaign in favor of Proposition 8 but were not members of the ad hoc executive committee of Protectmarriage.com, their time period of involvement, or their responsibilities;
   d. Documents that reveal names of leaders, volunteers, members or donors of other groups that actively supported Proposition 8 or were affiliated with Proposition 8 but were not under the control of ProtectMarriage.com;
   e. Documents that reveal the names of donors and/or potential donors to Protectmarriage.com;
   f. Documents that reveal the names of ProtectMarriage.com's significant sponsors and affiliates, their time period of involvement, or their responsibilities;
   g. Documents that reveal names of volunteers who had something less than a leadership or management role in Protectmarraige.com and/or the campaign in favor of Proposition 8, their time period of involvement, or their responsibilities.

2. Documents that reveal campaign strategy, such as emails, memoranda, meeting minutes, plans, and similar documents, including but not limited to:
   a. Financial strategy, including but not limited to budgets and resource allocation, fundraising strategy, donor relations and recruiting;
   b. Messaging strategy, including but not limited to:
      i. Selection and planning of messaging strategy,
      ii. Drafts and edits of what would become public communications,

      iii. Drafts and edits of what were planned to become public communications but ultimately were not publicly disseminated in any form (i.e., documents that were considered but not sent),
      iv. Notes and advice created or conveyed in advance of or following public appearances related to the campaign
      v. Notes and advice created or conveyed in advance of or following of private appearances related to the campaign,
      vi. Documents containing analysis of effectiveness of messaging,
      vii. Draft versions of advertisements and/or campaign literature, and analyses of the message or messages presented or to be presented in those advertisements and literature,
      viii. The drafting and circulation of all materials posted at http://www.protectmarriage.com or http:www.protectmarriage.net, at any time, including without limitation advertisements, resources, press releases, and strategy documents,
      ix. The creation and airing of all radio, television, or Internet advertisements relating to Proposition 8, including without limitation how the messages, themes, or arguments conveyed by the advertisements were chosen, developed, or implemented, discussions regarding the messages of the advertisements, who created or assisted in creating each advertisement, the amount spent to air each advertisement, the targeted audience for each advertisement, and the estimated viewership for each advertisement,
      x. The creation and airing of all other communications with voters relating to Proposition 8, including without limitation any recorded calls, phone banks, letter campaigns, the October 2008 bus tour, and any door-to-door efforts, and any scripts or talking points provided for use or actually used during those communications;

    c. Strategy derived from polling, focus groups, or other measures of public opinion;
    d. Strategy regarding volunteer or ally recruitment;
    e. Strategy regarding grassroots organization and get out the vote efforts;
    f. Organizational strategy, including but not limited to who to hire, how to structure the campaign, proposed campaign committees.

3. Nonpublic documents which relate to public communications with third parties.

4. Nonpublic documents which relate to coordination and communication with other organizations and churches regarding campaign strategy in connection with Proposition 8 or messages to be conveyed to voters regarding Proposition 8, including without limitation the National Organization for Marriage, Focus on the Family, California Family Council, Family Research Council, the Knight of Columbus, Church of Jesus Christ of Latter-Day Saints, and/or Colorado for Family Values

5. Nonpublic documents that relate to polling and demographic analysis; focus group analysis; analysis of other measures of public opinion, including the identification of all third-parties for such analysis, what was tested, and any responses or findings.

6. Nonpublic documents which relate to the drafting of the text of Proposition 8, including without limitation who was involved, what was discussed, whether any other language or propositions were discussed or considered, and the reasons why the text of Proposition 8 was selected.

7. Nonpublic documents which relate to the drafting of the official argument in favor of Proposition 8 and the rebuttal to the official argument against Proposition 8, including without limitation who was involved with that process, what was discussed, whether any other language was discussed or considered, and the reasons why the text of the official argument in favor of Proposition 8 and the rebuttal to the official argument against Proposition 8 was selected.

8. Documents in Defendant-Intervenors' possession constituting anonymous public or semi-public communications (and thus that do not reveal authorship), to the extent disclosure would reveal or suggest, wrongly or rightly, authorship by a Defendant-Intervenor.

9. Post-election documents relating to any of the above, including but not limited analysis of campaign, messaging, recruitment, financial strategy.

10. Nonpublic documents which relate to the collection of signatures for qualification of Proposition 8, including without limitation any written materials created in that process or scripts provided for use or actually used with that process.