# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000 San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

November 6, 2009

| Direct Dial | Client No. |
|---|---|
| (415) 393-8292 | T 36330-00001 |
| Fax No. | |
| (415) 374-8444 | |

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
  for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102

    Re:    *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

    I write regarding Ms. Moss's letter (Doc #249) and "Defendant-Intervenors' Privilege Log for Sample Documents Submitted for *In Camera* Review ("Privilege Log") served this afternoon. A copy of the Privilege Log is attached for the Court's reference as Exhibit 1.

    To assert a privilege under the First Amendment, Proponents must make a *prima facie* showing that disclosure of these documents will lead to harassment or other "chilling" of associational rights. *Dole v. SEIU, AFL-CIO, Local 280*, 950 F.2d 1456, 1460 (9th Cir. 1991). But the Privilege Log contains no basis for determining that anyone would suffer such harm from the release of these documents and information to Plaintiffs (or into the public record). The descriptions are exceedingly vague, but the subjects of the documents submitted to the Court appear to be largely political messaging, strategy and fundraising. Proponents claim that people involved in the campaign would communicate differently if they had known that their communications would be revealed. *See* Doc #187-10 at 4. But this is not an appropriate basis for withholding production, particularly if an appropriate protective order is entered. Doc #214 at 6; *compare* Docs ##187-2 at 5, 187-12 at 3, *with McLaughlin v. Service Employees Union, AFL-CIO*, 880 F.2d 170, 175 (9th Cir. 1989); *see* Doc #237 at 5. Plaintiffs have repeatedly proposed such an order. *See* Docs ##191 at 16, 223 at 12, 236 at 2, 242.

    Proponents object to the production of documents that reveal the identities of Prop. 8 leaders and managers whose names they claim have not yet been revealed. But there is no authority for the proposition that such individuals should remain anonymous. *See* Docs ##214 at

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Vaughn R. Walker
November 6, 2009
Page 2

6-9, 237 at 7-8. As the architects of a major political campaign, Proponents are simply not the same as rank and file members of a political group or anonymous pamphleteers operating on their own. *Cf. National Ass'n for A. of C. P. v. Alabama*, 357 U.S. 449, 460-63 (1958); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 351 (1995).[1] In any event, the public record contains at least one document revealing the names of four members of the Executive Committee, calling into question the claim that the names of Prop. 8 supporters in key campaign roles are, in fact, anonymous. Oct. 20, 2008 Letter from Ron Prentice, Mark Jansson, Edward Dolejsi and Andrew Pugno to Jim Abbott (attached as Exhibit 2); *see* Lisa Leff, *Calif. Gay Marriage Ban Backers Target Businesses*, S.F. Chron., Oct. 23, 2008 (attached as Exhibit 3). This document was neither produced to the Plaintiffs by Proponents, nor listed on the Privilege Log, but broadcasts some of the names of the Yes on 8 campaign's Executive Committee members.

As we are not able to comment further on Proponents' filing, Plaintiffs deeply appreciate the Court's time and effort in reviewing the documents submitted *in camera*, and the Court's efforts in working with the parties to assure a full and fair opportunity to conduct the discovery that is necessary and get that discovery done on schedule. *See* Doc #246 at 42:3-11.

Finally, Plaintiffs wish to bring to the Court's attention that, in addition to withholding all non-public documents from production, Proponents more recently have refused to make themselves available for deposition until this long-running dispute over privilege is resolved. *See* Nov. 4 e-mail from Ms. Moss (attached as Exhibit 4). For this reason, it is of the utmost importance that these issues be promptly and finally resolved so that Plaintiffs will no longer be denied the opportunity to prepare this case for a January 11, 2010 trial. Because of the active role that the Court is and has been playing in the dispute over Proponents' claims of privilege, Plaintiffs have not filed additional motions to compel production of documents to require Proponents—voluntary participants in this litigation—to sit for depositions before the fast approaching November 30 fact discovery cut-off. If the Court believes that a formal motion on these issues would be helpful, we would appreciate the opportunity to discuss this with the Court and counsel.

Respectfully submitted,

*/s/ Ethan D. Dettmer*
Ethan D. Dettmer
Counsel for Plaintiffs

cc:   Counsel of Record

---

[1] The Privilege Log asserts that these documents contain "names of supporters of campaign," "anonymous volunteer names," or "potential donors' names." Plaintiffs have said repeatedly that they do not seek the names of anonymous rank and file Yes on 8 supporters, and have no objection to redaction of this information from the documents.