# Exhibit A

**Monagas, Enrique A.**

| | |
|---|---|
| **From:** | Nicole Moss [nmoss@cooperkirk.com] |
| **Sent:** | Friday, November 13, 2009 6:14 PM |
| **To:** | Dettmer, Ethan D. |
| **Cc:** | Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson |
| **Subject:** | RE: Deposition Scheduling |
| **Attachments:** | 11-13-09 ltr to Dettmer.pdf |

Dear Ethan,

We have filed an appeal of Judge Walker's November 11 Order and have sought a stay of discovery from the Ninth Circuit. While there is a possibility of a stay, we must respectfully decline to produce any documents over which we are asserting a claim of privilege. We will continue, however, to review documents consistent with the guidelines set forth in Judge Walker's Order to prepare for the possibility of a production in the future.

With respect to your request to schedule depositions of the five Proponents, Ron Prentice, Edward Dolejsi and ProtectMarriage.com, I am checking with the Proponents and Ron Prentice regarding their schedules and will get back to you as soon as possible with further possible dates, but for now, I know that Mark Jansson is available on either Dec. 2 or Dec. 4 in Sacramento. Bill Tam is available 12/1, 12/2, 12/3, 12/8, 12/9 or 12/10. I will also reach out to Mr. Dolejsi's attorney and get back to you once I have conferred with him.

With respect to Peter Henderson, please see the attached letter. As I indicate therein, he did not serve as a member of the ad hoc executive committee for the official Yes on 8 campaign. If you still wish to take his deposition, please let me know and I will attempt to determine if he is available.

Regards,

Nicole Jo Moss
Cooper & Kirk, P.L.L.C.
1523 New Hampshire Ave. N.W.
Washington, D.C. 20036
(910) 270-8768
(202) 220-9601 (fax)
(202) 423-3237 (cell)

---

**From:** Dettmer, Ethan D. [mailto:EDettmer@gibsondunn.com]
**Sent:** Friday, November 13, 2009 2:57 PM
**To:** Nicole Moss
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson
**Subject:** RE: Deposition Scheduling

Nicole - I have not heard back from you, and thus I am following up on the email below and on my voice mail message to you earlier today.

As you know, we need to schedule these depositions immediately. We would like to schedule, as soon as possible, the depositions of : 1) each of your clients, including the Rule 30(b)(6) deposition of ProtectMarriage.com; 2) Ron Prentice; 3) Edward Dolejsi (it is not clear to us whether your office is representing him, so please confirm whether you are); and 4) Peter Henderson, who is the subject of

1

the attached email.  We also need to schedule Mr. Schubert's deposition, and will be in contact with his counsel regarding that.

Please let me know when you can discuss these matters.  We will need to bring this issue to the Court if we are not able to get these depositions scheduled very soon.

Thanks,

Ethan

---

**From:** Dettmer, Ethan D.
**Sent:** Thursday, November 12, 2009 7:08 AM
**To:** Nicole Moss
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson
**Subject:** RE: Deposition Scheduling

Dear Nicole:

Based on the order issued last night, I am writing with three requests:

 1)  Please produce immediately those documents submitted to the Court *in camera* and identified by the Court as responsive and non-privileged.  I am sure that these specific documents can be produced  within minutes or hours, so given the press of time, please produce these documents today.

2) With respect to the remaining documents in the same categories, please let me know when you will produce these.  I trust, given the Court's narrowing of the responsive document categories, that this can be done promptly, and certainly before the Thanksgiving holiday.

3)  We would like to schedule depositions of your clients (including the deposition of ProtectMarriage.com) as soon as possible.  In order to facilitate this process, please give us the names of the "high ranking members of the campaign" that you have thus far withheld.  Please let me know when you have a chance to talk about deposition scheduling, preferably later today.

I look forward to hearing from you.

Best,

Ethan

---

**From:** Nicole Moss [mailto:nmoss@cooperkirk.com]
**Sent:** Wednesday, November 11, 2009 7:16 PM
**To:** Dettmer, Ethan D.
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson
**Subject:** RE: Deposition Scheduling

Dear Ethan:

While it is abundantly clear that Plaintiffs do not share our view of the rights and protections afforded by the First Amendment, we have asserted and are pursuing these First Amendment claims in good faith.  We are doing so pursuant to the schedule set by the Court and in conformity with the process the Court has adopted.  See Nov. 2, 2008 Tr. of Hr.'g.  We have labored diligently and at all turns to be prepared for the expedited trial date requested by Plaintiffs, but we are not going to abandon our claims of privilege or forgo full and fair

2

adjudication of our First Amendment.  The position you are taking, which effectively requires the Proponents to either abandon their claims of privilege, be subjected to multiple depositions, or to possibly be jammed up in fact discovery in the weeks leading up to trial, is unacceptable.  We have made clear that we will work with you to schedule these depositions once a final determination on our claims of First Amendment privilege has been made, which would obviate any need for multiple depositions or further disputes over privilege.  Our only requirement is that no depositions occur in the four weeks before trial, which is an entirely reasonable request given all the trial preparation that must occur during that time.  If despite these facts, you nevertheless insist on going forward with depositions now before the Proponents First Amendment claims are settled, we will have no choice but to assert our right under Fed. R. Civ. P. 30(d)(1) to limit these depositions to one day.  You are of course free to go to the Court, but I want to be clear upfront that we will object to multiple depositions of the same witnesses under those circumstances since the need for such multiple depositions will be of your own making.

If you would like to start scheduling depositions for the first two weeks of December, please let me know and I will contact the proponents regarding their available dates.  If there has not been a final adjudication on the merits of our privilege claims at that time we can revisit this issue.

Regards,

Nicole Jo Moss
Cooper & Kirk, P.L.L.C.
1523 New Hampshire Ave. N.W.
Washington, D.C.  20036
(910) 270-8768
(202) 220-9601 (fax)
(202) 423-3237 (cell)

---

**From:** Dettmer, Ethan D. [mailto:EDettmer@gibsondunn.com]
**Sent:** Wednesday, November 11, 2009 12:11 PM
**To:** Nicole Moss
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson
**Subject:** RE: Deposition Scheduling


Dear Nicole:

We hope to have dates for you shortly for Paul and Jeff.

Your position regarding the scheduling of your clients' depositions is not acceptable.  As I understand your position, Plaintiffs may either: (1) depose your clients before your privilege objections are resolved, in which case you would broadly assert the supposed privilege, instruct not to answer, and then take the position that the witnesses will not be made available again even if the substance of your objections is rejected by the Court; or (2) wait for resolution of the privilege issue before the Court, but if a ruling is not available and documents are not produced in sufficient time to take all depositions by December 14, you will refuse to make the witnesses available unless the long-established trial date in this action is delayed.  It should not surprise you that we cannot endorse this view of how the depositions of Proponents should proceed, and we doubt that the Court will agree either.

As I have told you, we agree that it is in no one's interest to have repeated depositions of the same individuals.  We are willing to wait a reasonable period of time to minimize that risk, but we cannot

risk that the witnesses will not be made available or that adjudication of our clients' rights will be delayed.  Therefore, if you are in fact unwilling to commit that your clients will be made available after December 14 under the current trial schedule, then we have no choice but to go forward with scheduling your clients' depositions now.  If you do instruct your clients not to answer certain questions based on objections that the Court has already overruled, then we will reopen the depositions and come back to complete them after the Court has ruled on the objections and documents have been produced.  While we think this manner of proceeding is inefficient, your position gives us no real alternative.

Please let me know when your clients are available for deposition over the next four weeks or so.

Best,

Ethan

---

**From:** Nicole Moss [mailto:nmoss@cooperkirk.com]
**Sent:** Tuesday, November 10, 2009 3:18 PM
**To:** Dettmer, Ethan D.
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.; Jesse Panuccio; David Thompson
**Subject:** RE: Deposition Scheduling

Dear Ethan:

Thank you for getting back to me.  It appears that we are now in agreement on the dates and times of the depositions for Perry and Stier.  Please let me know as soon as possible regarding your proposed dates for Katami and Zarrillo.

With respect to the depositions of the Defendant-Intervenors, while we remain willing to work with you to schedule these depositions after the close of discovery, to be clear, we will not agree to go forward with depositions in the four weeks before trial.  Further, it is not accurate to say that we have objected to making all of the individual proponents available for deposition.  We have noted our objection to proceeding with the 30(b)(6) deposition of Protect Marriage based on the examination topics contained in your notice of deposition and the fact that virtually every topic implicated the privilege objections currently pending before the Court.  I had understood us to have reached a mutual agreement that it made no sense for all concerned to proceed with this deposition and others until the privilege issues were resolved.  However, if you wish to proceed with the individual proponent's depositions knowing that that the witnesses will likely be instructed not to answer many of your questions, we can discuss mutually agreeable times to make those proponents available.  This would be, however, Plaintiffs one and only chance as allowed by the Federal Rules to depose these witnesses.  Since you have noticed these depositions, please let me know if you in fact wish to proceed with them at this time so we can discuss appropriate dates.  Again, we are willing to work with you to schedule these after the close of discovery on November 30th, but not in the four weeks before trial.

With respect to discovery regarding "No on 8" groups, I won't rehash here our position on the relevance of their materials.  Suffice it to say, I disagree with any contention that we have deliberately delayed in seeking these materials as result of tactical considerations.  As this issue is not immediately pressing, however, I think we can set it aside and deal with the more pressing issue of deposition scheduling as noted above.

I look forward to hearing from you.

Sincerely,

Nicole Jo Moss
Cooper & Kirk, P.L.L.C.

4

1523 New Hampshire Ave. N.W.
Washington, D.C. 20036
(910) 270-8768
(202) 220-9601 (fax)
(202) 423-3237 (cell)

**From:** Dettmer, Ethan D. [mailto:EDettmer@gibsondunn.com]
**Sent:** Monday, November 09, 2009 11:13 AM
**To:** Nicole Moss
**Cc:** Dusseault, Christopher D.; Monagas, Enrique A.
**Subject:** RE: Deposition Scheduling

Dear Nicole:

Thanks for your email. My responses are below:

1. We are looking for dates for Paul and Jeff during that next week of December, and will be back in touch with you shortly about this.

2. Sandy and Kris are available on November 19th and the 20th, respectively. Let's confirm those two dates for their depositions here in our San Francisco office.

3. I thought the matter we were discussing on this point was simply whether we should go through the formality of serving deposition notices for your individual clients before November 30, or whether we could agree to schedule these after the Court resolves the current discovery dispute. The basis of our raising this was the fact that you have objected to going forward with the Rule 30(b)(6) deposition we noticed until this discovery dispute is resolved. On further reflection, we will simply serve these deposition notices now, with the understanding that we will work together cooperatively to schedule these depositions for mutually convenient dates after the Court has resolved the outstanding discovery dispute.

With respect to the discovery that you have indicated you intend to take of third-party "No on 8" groups, as you know, we do not agree that this discovery is relevant to the matters at issue in this case. If the Court disagrees with us on this point, of course we will work cooperatively with you to schedule the discovery within the constraints imposed by the trial date, if that is possible. However, we do not and will not agree that the schedule in this case should be delayed in any way in order for Proponents to obtain this discovery. The Proponents could have moved forward in obtaining this discovery long ago, but have instead deliberately delayed in pursuing it as a result of tactical considerations.

Please let me know if you want to discuss any of this, and thanks.

Best,

Ethan

**From:** Nicole Moss [mailto:nmoss@cooperkirk.com]
**Sent:** Thursday, November 05, 2009 5:54 PM
**To:** Dettmer, Ethan D.
**Subject:** Deposition Scheduling

Ethan,

I am writing in follow up to our call this afternoon regarding deposition scheduling.  First, with respect to your request to conduct the depositions of Paul Katami and Jeffery Zarrillo on December 2 and 3rd, those dates won't work for us, but we are wide open the next week in December if that fits with your clients' schedule.

Second, with respect to Kristin Perry and Sandra Stier's depositions, would it be possible to do those on the 18th and 19th or 19th and 20th?  Something has come up that makes the 16th and 17th very difficult.

Third, in response to your inquiry as to whether you will need to notice depositions for November or whether Defendant-Intervenors would be willing to agree to allow the fact depositions to carry over into December, I can report that we are willing to agree to allow you to take depositions through the first two weeks of December.  We also would not object to your taking depositions beyond the second week of December provided the trial date is moved back to afford us at least four weeks between the close of discovery and the commencement of trial to permit adequate trial preparation.  As I indicated on our call, this agreement would be contingent on a similar courtesy being extended to us such that if it becomes necessary we would be able to take depositions of any No on 8 Groups or vendors following the resolution of the privilege dispute.

If you want to discuss any of the above, just let me.  I look forward to hearing from you.

Nicole Jo Moss
Cooper & Kirk, P.L.L.C.
1523 New Hampshire Ave. N.W.
Washington, D.C.  20036
(910) 270-8768
(202) 220-9601 (fax)
(202) 423-3237 (cell)

```
===============================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===============================================================================

===============================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===============================================================================

===============================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===============================================================================
```

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Nicole J. Moss
nmoss@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

November 13, 2009

**<u>By Electronic Mail</u>**

Ethan Dettmer
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933

      Re: *Perry v. Schwarzenegger, et al.*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ethan:

      I am writing in response to your letter of November 9, 2009 in which you seek "assurance that the other individuals thus far represented to be anonymous have not, like Mr. Dolejsi, in fact made their names public in connection with this campaign." I am also writing in response to your email of November 11, 2009 in which you inquire as to whether Peter Henderson, the former chairman of ProtectMarriage.com – A Project of California Renewal, is one of the individuals whose we have claimed is anonymous. To clarify, there is only one other anonymous member of the ProtectMarriage.com – Yes on 8, A Project of California Renewal's ad hoc executive committee, and as I indicated in my last letter, we continue to believe this person's role in Protect Marriage remains anonymous. This belief is based on reasonable but diligent good-faith efforts to determine whether this person's identity has been publicly disclosed, and based on our knowledge at this time, it has not. I again reiterate my request that if you have any information regarding prior public disclosure of any person whose identity we have objected to revealing, that you let us know so that we can reconsider our objections accordingly. As is patently evident from our ready willingness to disclose the names of those members of the ad hoc executive committee that we know to be already public, our intention is not now, and never has been, to assert a privilege unnecessarily or without a good faith basis. I do not understand you to be suggesting otherwise.

      With respect to Peter Henderson specifically, his name has not previously surfaced because he resigned as Chairman of ProtectMarriage.com before the Defendant-Intervenor in this case, ProtectMarriage.com – Yes on 8, A Project of California Renewal became an official ballot committee in late 2007 and before the petition drive to get Proposition 8 on the ballot began. Indeed the committee identified in the footer of the webpage attached to your email identifying Peter Henderson refers to the old ballot measure committee from 2005. Peter Henderson, therefore, is not part of the relevant ad hoc executive committee and is not someone we consider a custodian of relevant information.

      We have also generally asserted a right to anonymity for the numerous volunteers and donors to the campaign. While it is possible that some of these individuals may have been publicly associated with the campaign in some capacity, or with support for Proposition 8 generally, given the important First Amendment rights at stake, the campaign has understandably erred on the side of not revealing lists of names, especially where such revelation would reveal particular aspects of individuals' involvement that would not be known absent public disclosure of Protect Marriage's confidential, internal documents. As surely must have been true of the rank-and-file members' names at issue in *NAACP v. Alabama*, 357 U.S. 449 (1958), it is certainly possible that the status of a volunteer of Protect Marriage as such is not cloaked in absolute secrecy. In any event, this is a moot point, as Plaintiffs' have repeatedly assured the Court and Proponents that they do not seek lists of such individuals. *See, e.g.*, Doc # 250 at 2 n.1.

                                        Sincerely,

                                        Nicole J. Moss

Cc: Charles J. Cooper, Esq.
    David Thompson, Esq.
    Andrew Pugno, Esq.