IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO, | No C 09-2292 VRW |
| Plaintiffs, | ORDER |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Plaintiff-Intervenor, | |
| v | |
| ARNOLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G BROWN JR, in his official capacity as attorney general of California; MARK B HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information & strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles, | |
| Defendants, | |
| DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAKSHING WILLIAM TAM, MARK A JANSSON and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIOFORNIA RENEWAL, as official proponents of Proposition 8, | |
| Defendant-Intervenors. | |

The court ordered defendant-intervenors ("proponents") to produce documents responsive to plaintiffs' eighth document request pursuant to a production schedule to be worked out among the parties. Doc #252 at 9. The parties apparently have not been able to agree to a production schedule, and plaintiffs have submitted a letter asking the court to "direct immediate production of those documents and categories of documents found to be relevant, responsive and non-privileged." Doc #256. Proponents oppose an order directing immediate production. Doc #257.[1] The court held a telephonic hearing on the issues raised by these two letters on November 19, 2009. The following counsel appeared: Matthew McGill for plaintiffs, Nicole Jo Moss for proponents, Mollie Lee for plaintiff-intervenors City and County of San Francisco, Andrew Stroud for defendants Arnold Schwarzenegger, Mark B Horton and Linette Scott and Tamar Pachter for defendant Edmund G Brown Jr.

I

On October 1, 2009, the court denied proponents' blanket claim that the qualified First Amendment privilege protects Yes on 8 campaign documents against disclosure. Doc #214. Proponents appealed the order or alternatively sought mandamus relief. Doc #222. Simultaneously, proponents sought a stay of discovery in this court, which was denied. Doc #237. The Ninth Circuit issued an order to show cause why proponents' appeal should not be dismissed for lack of jurisdiction but has otherwise not acted on the appeal. See Ninth Circuit case no 09-17241 at Doc #8.

---

[1] Chief Judge Walker has referred discovery disputes that arise in his absence to the undersigned pursuant to 28 USC § 636(b)(1)(A).

2

After the court denied proponents' motion for a stay, proponents sought in camera review over a sample of sixty documents to allow the court to determine whether the First Amendment qualified privilege might apply to some of the thousands of potentially responsive documents in proponents' possession. Doc #238. After reviewing the documents in camera, the court determined that the qualified First Amendment privilege offered little, if any, protection against disclosure. Doc #252 (the "November 11 order") at 2-3. As part of the balancing process required in the case of qualified privileges, the court noted that plaintiffs do not oppose redaction of the names of rank-and-file volunteers and similarly situated individuals. Id at 3. The court previously noted that an appropriate protective order could eliminate any tangible harm that disclosure of the disputed documents might otherwise exacerbate. Doc #214 at 6. The court determined that only twenty-one of the sixty documents provided for review were responsive to plaintiffs' eighth document request and explained its reasoning to assist the parties in determining the potential relevance of the remaining documents not provided for review. Doc #252 at 3-9. The November 11 order relied on the able counsel for the parties to develop an appropriate production schedule. Id at 9.

Proponents now seek to appeal the court's discovery orders (Doc ##214, 237, 252) or alternatively seek mandamus relief. Doc #253. The Ninth Circuit has not yet accepted the appeal or mandamus petition or issued a stay. Proponents have asked the Ninth Circuit "to expedite these appeals." Ninth Circuit case no 09-17241 Doc #14 at 25.

3

The instant dispute arises because plaintiffs believe that proponents will not produce any documents while the possibility of a stay from a higher court exists. See Doc #256 at 1. Plaintiffs ask the court to issue an order compelling production of all responsive and non-privileged documents within three days. Id. Proponents object and request sufficient time for the Ninth Circuit to consider the stay petition and to cull documents in light of the November 11 order. Doc #257.

II

As a general rule, parties are obligated to follow all orders and judgments of a court of competent jurisdiction. <u>Maness v Meyers</u>, 419 US 449, 458 (1975). An aggrieved party may appeal an unfavorable order, "but, absent a stay, [the party] must comply promptly with the order pending appeal." Id.[2] If a party chooses not to comply with a valid court order, that party may face contempt sanctions even if the underlying order was wrongly decided. See <u>In re Establishment Inspection of Hern Iron Works</u>, 881 F2d 722, 728 (9th Cir 1989); <u>Newton v National Broadcasting Co, Inc</u>, 726 F2d 591, 593-94 (9th Cir 1984).

Here, proponents seek appellate review of the court's denial of their claim that the First Amendment qualified privilege protects campaign documents against disclosure. Doc #253. Unless

---

[2] The only exception to the rule of prompt compliance, not relevant here, arises when a court denies a claim under the Fifth Amendment privilege against self-incrimination. <u>Maness</u>, 419 US at 460-62. Neither the Supreme Court nor the Ninth Circuit have extended this exception beyond the context of the Fifth Amendment. See <u>In re Establishment Inspection of Hern Iron Works</u>, 881 F2d 722, 728 (9th Cir 1989).

4

and until the Ninth Circuit stays discovery, the November 11 order remains in effect, and proponents are obligated to produce the documents the court has found to be responsive and not privileged. The court ordered the parties to "work out a production schedule." Doc #252 at 9. While the court relied on the parties to schedule the actual production of the responsive material in an appropriate manner, that charge plainly did not authorize proponents to "decline to produce any documents" while the possibility of a stay exists. See Doc #256-1 at 2. The court has previously set a fact discovery cut off date of November 30, 2009. See Doc #160 at 2.

The practical difficulties associated with production of documents responsive to plaintiffs' eighth document request counsel against entering an order compelling production of all responsive documents within three days. Nevertheless, the upcoming discovery cut off date of November 30, 2009, as well as the impending January trial, necessitate a production schedule that is consistent with those dates. Accordingly, and in light of the parties' inability to agree to a production schedule, the court DIRECTS the parties to proceed as follows:

The court reiterates its view that appropriate protections can be implemented to reduce or eliminate many of the problems that proponents believe they will suffer as a result of the production of documents pursuant to the November 11 order. The parties shall meet and confer on the terms of a protective order. Any stipulated protective order shall be filed not later than Monday, November 23, 2009 at 12 PM PST. The Court is available to assist the parties in that matter. However, if no stipulated order is filed, the court intends to enter an appropriate order based on

5

the standard protective order that can be viewed on the court's website.

The twenty-one documents identified by the court in its November 11 order as responsive and not privileged shall be designated "attorneys-eyes only" and produced to plaintiffs not later than the close of fact discovery on Monday, November 30, 2009. Similarly, proponents shall produce the additional documents responsive to plaintiffs' eighth document request on a rolling basis to conclude not later than the close of fact discovery on November 30, 2009. Proponents shall be guided by the November 11 order, at 3-9, in determining which documents are responsive to plaintiffs' request. Names of rank-and-file campaign volunteers and similarly situated individuals shall be redacted from all documents produced to plaintiffs. These documents may only be viewed by counsel of record in this action until a full protective order is entered by the court.

IT IS SO ORDERED.

Dated: November 19, 2009

JOSEPH C SPERO
United States Magistrate Judge