# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Nicole J. Moss
nmoss@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

November 23, 2009

The Honorable Joseph C. Spero
Magistrate Judge of the United States District Court
   for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Magistrate Judge Spero:

      I am writing to update you on a significant development that has occurred in the Ninth Circuit since the telephonic hearing of November 19, 2009. On Friday, November 20, 2009 the Ninth Circuit entered the attached Order temporarily staying the District Court's October 1 and November 11, 2009 Orders pending consideration of the merits of Defendant-Intervenors' Motion for a Stay. A briefing schedule was also set which requires Plaintiffs to file a response to the Motion for Stay by 12:00 p.m. Pacific Time today, Monday, November 23, 2009 and for Defendant-Intervenors to file a reply five hours later by 5:00 p.m. Pacific Time today. Given that the predicate of your November 19 Order requiring that the parties file a stipulated Protective Order by Noon, November 23, 2009 has been temporarily stayed, it is the view of Defendant-Intervenors that your order should likewise be suspended pending the Ninth Circuit's action. Since it is my understanding that Plaintiffs' counsel do not share this view, please allow me to briefly elaborate on the basis for Defendant-Intervenors' position.

      As the Ninth Circuit's Order makes clear, the Court of Appeals has granted "a temporary stay of the district court's October 1 and November 11, 2009 orders pending consideration of the merits of appellants' motion for a stay." The November 19 Order flows entirely from the now stayed orders of October 1 and November 11. *See, e.g.*, Doc # 259 at 5 ("Unless and until the Ninth Circuit stays discovery, the November 11 order remains in effect, and proponents are obligated to produce the documents the court has found to be responsive and not privileged."). In particular, the November 19 Order's direction to the parties to meet and confer regarding a confidentiality order was predicated upon "the production of documents pursuant to the November 11 order." *Id.* at 5. Accordingly, while the stay of the November 11 order is in place, the legal basis for the Court's November 19 order no longer exists.

      In addition to these legal considerations, Defendant-Intervenors also believe that practical considerations compel postponing negotiations on a stipulated protective order. As the Ninth Circuit's Order makes clear, between now and 5:00 PM PST today, the parties will be working to complete and submit briefing to the Ninth Circuit on the important First Amendment issues raised in Defendant-Intervenors' Appeal and Motion for a Stay. This briefing necessarily

The Honorable Joseph C. Spero
November 23, 2009
Page 2 of 3

impedes, at least for Defendant-Intervenors, on the ability to continue negotiating the stipulated protective order. As was forecasted during the November 19, 2009 telephonic hearing, the ongoing issue of disagreement with respect to a protective order is a provision limiting the persons who will have access to Defendant-Intervenors' highly confidential documents. Although the parties have been engaging in good faith negotiations over this provision, at this point it does not appear likely that agreement will be reached.

      The parties have discussed but have been unable to agree on language that describes Defendant-Intervenors' desire to limit access to highly confidential documents to persons who have not had significant involvement in the No on 8 campaign or similar organizations that have advocated for same-sex marriage and/or the repeal of Proposition 8. Because of the difficulty in agreeing on specific language, Defendant-Intervenors have suggested to Plaintiffs, consistent with Chief Judge Walker's suggestion during the November 2, 2009 telephone hearing of fashioning a protective order in which "attorneys are specifically identified by name, so that the production doesn't become widespread," *see* 11/2/2009 Tr. of Hr.g. at 16, that Plaintiffs (1) create a list of attorneys and support staff at Gibson Dunn & Crutcher and at Boies Schiller who will have access to the documents and (2) represent that none of these individuals had significant involvement in any No on 8 group and/or organization advocating for same-sex marriage or the repeal of Proposition 8.[1] If there was any question about what significant involvement means with respect to a specific individual, Plaintiffs could describe that involvement to Defendant-Intervenors and we could discuss whether we think such involvement should be disqualifying. Notably, this approach is very similar to the approach suggested by Plaintiffs for addressing their experts' access to Defendant-Intervenors' documents. Plaintiffs have suggested that we provide them with a list of those experts we have concerns about receiving our documents and then address any objections that Plaintiffs may have to that list. Plaintiffs' counsel rejected the approach detailed above as too burdensome and too limiting with respect to who might have access to Defendant-Intervenors' documents as Plaintiffs prepare for trial. Thus, as noted above, as things now stand it appears unlikely that Plaintiffs and Defendant-Intervenors will agree on this provision. In such an event, Defendant-Intervenors will need to seek the Court's assistance in resolving this dispute. Given the current Ninth Circuit briefing schedule, it would be extremely prejudicial and impractical for Defendant-Intervenors to also be required to brief the Court and participate today in hearing regarding the protective order. So long as discovery has been stayed by the Ninth Circuit there is no current, compelling need to have a protective order entered. Defendant-Intervenors are prepared to recommence negotiations regarding an appropriate protective order when and if the stay on discovery is lifted, but until that time we respectfully submit, for the reasons noted above, that consideration and entry of a protective order be postponed.

                                                       Respectfully submitted,

---

[1] Defendant-Intervenors respectfully submit that attorneys for Plainitiff-Intervenor the City and County of San Francisco should not have access to documents under the protective order because (1) the documents are irrelevant to the limited matters as to which intervention was granted and (2) the City and County played a prominent role in the political efforts to oppose Proposition 8.

The Honorable Joseph C. Spero
November 23, 2009
Page 3 of 3

/s/ Nicole J. Moss

Nicole J. Moss
Counsel for Defendant-Intervenors

Enclosure

cc:   All counsel via the Court's ECF system