# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000  San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

### November 23, 2009

| | |
|---|---|
| **Direct Dial**<br>(415) 393-8292<br>**Fax No.**<br>(415) 374-8444 | **Client No.**<br>T 36330-00001 |

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court for the
   Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

     Re:   *Perry v. Schwarzenegger*, Case No. C 09-2292 VRW

Dear Magistrate Judge Spero:

     At the Court's direction, I write with an update on the status of the parties' negotiations over a stipulated protective order in this case.

     As an initial matter, however, Proponents' counsel stated on November 21, and again this morning, their belief that the Court's Order of November 19 and oral directions to the parties on the same date, are forestalled by the Ninth Circuit's temporary stay order of November 20. Plaintiffs respectfully disagree with this position; the Ninth Circuit did not stay the Court's November 19 Order and, in any event, there is no doubt that a protective order will be beneficial in moving discovery in this case forward fairly and expeditiously.

     With respect to the parties' negotiations over the proposed protective order:  prior to their indication on November 21 that the Ninth Circuit's November 20 Order foreclosed these discussions, Proponents had proposed a revision to the Court's standard form of protective order. Proponents' proposed addition would bar from reviewing designated documents any counsel or employee who has "previously been involved [or] has [] intention in the future of being involved in any organization, association, campaign, group, coalition, or other entity that advocated for or against Proposition 8 or for or against any other ballot initiative, constitutional amendment, or state law (regardless of the state) that advocated for or against same-sex marriage." Nov. 19,2009 email from N. Moss (attached hereto as Exh. A).

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO  LONDON
PARIS  MUNICH  BRUSSELS  DUBAI  SINGAPORE  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Joseph C. Spero
November 23, 2009
Page 2

Plaintiffs objected to this broad exclusion, but sought to address Proponents' asserted concern that their strategic plans could be divulged to their "political enemies." Specifically, Plaintiffs offered to exclude "any Counsel or employee who held an official position in any primarily formed ballot committee related to Proposition 8" or a similar organization circulating petitions to repeal Prop. 8 in 2010.[1] With the exception of this disagreement, by the close of business on November 20, Plaintiffs and Proponents had agreed upon most of the substantial terms of the stipulated protective order.

Plaintiffs continue to believe that a protective order should be entered in this case promptly, and Plaintiffs remain amenable to the entry of the Court's standard form of protective order. Plaintiffs respectfully ask the Court to enter an appropriate protective order without delay.

Respectfully submitted,

Ethan D. Dettmer
Counsel for Plaintiffs

cc:    All Counsel

100767527_1.DOC

---

[1] Plaintiffs proposed the following restriction on those who could view "Attorneys' Eyes Only"-designated materials: "any Counsel or employee who held an official position in any primarily formed ballot committee related to Proposition 8 (*see* http://cal-access.ss.ca.gov/campaign/measures/detail.aspx?id=1302602&session=2007) or now holds an official position in a primarily formed ballot committee that is now circulating petitions for a 2010 ballot initiative to repeal Proposition 8. For purposes of this section (7.3) an 'official position' is defined as one which authorizes the holder of said position to contractually bind (either solely or in conjunction with others) the primarily formed ballot committee with respect to matters relating to communications disseminated by the committee or otherwise to spend funds exceeding $10,000 on behalf of the committee."