CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

THERESE M. STEWART
CHIEF DEPUTY CITY ATTORNEY
Direct Dial:      (415) 554-4708
Email:             therese.stewart@sfgov.org

November 23, 2009

The Honorable Joseph C. Spero
Magistrate Judge of the United States District Court
    for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    *Perry v. Schwarzenegger*, No. 09-2292 VRW

Dear Magistrate Judge Spero:

    I write on behalf of Plaintiff-Intervenor City and County of San Francisco in response to the letter sent by Defendant-Intervenors Prop. 8 Proponents [Doc. #260] requesting that the negotiations, consideration, and entry of a protective order pursuant to your November 19, 2009 Order [Doc. #259] be postponed until the Ninth Circuit's stay of the October 1 and November 11 orders are lifted.

    Plaintiff-Intervenor has, as it has throughout this case, coordinated with counsel for Plaintiffs in negotiations related to the protective order, in an effort to avoid duplication of efforts on the part of the parties or the Court.

    The Prop. 8 Proponents' letter, however, addresses an issue that directly impacts San Francisco's ability to prosecute this action. As such, San Francisco writes this letter to address that narrow issue raised in footnote one of the letter [Doc. #260]:

> Defendant-Intervenors respectfully submit that attorneys for Plaintiff-Intervenor the City and County of San Francisco should not have access to documents under the protective order because (1) the documents are irrelevant to the limited matters as to which intervention was granted and (2) the City and County played a prominent role in the political efforts to oppose Proposition 8.

    San Francisco opposes the entry of any protective order that eliminates its ability to access the documents produced in the case.

    First, Defendant-Intervenors' request asks this Court to assume that the Office of the City Attorney cannot and will not abide by the terms of a protective order issued in this case. The assumption is insulting. This Office appears regularly before the Northern District of California, and this case is staffed by public lawyers who take their role as Officers of the Court seriously.

    Second, Defendant-Intervenors are incorrect that the documents are not relevant to San Francisco's case. As an initial matter, San Francisco has been working closely with Plaintiffs on all aspects of the case and will continue to do so as long as Plaintiffs request such assistance. Defendant-Intervenors should not be allowed to dictate how the various plaintiff parties work with one another. Moreover, each and every rationale offered by Defendant-Intervenors as a justification for Prop. 8 goes to the heart of the alleged government interests for Proposition 8. That is the very issue that even Defendant Intervenors acknowledge San Francisco is charged with presenting.

CITY AND COUNTY OF SAN FRANCISCO — OFFICE OF THE CITY ATTORNEY

Letter to The Honorable Vaughn R. Walker
Page 2
November 23, 2009

      Third, Defendant-Intervenors conflate the San Francisco City Attorney's Office's role as legal advocates for marriage equality with the political campaigns for marriage equality. Indeed, it is in part because of the San Francisco City Attorney's Office's experience in litigating the some of the issues that are central to this case that led to the Court's decision to allow San Francisco to intervene. San Francisco cannot now be forced to the sideline because it has the very experience with the Court acknowledged would assist in bringing the case to trial.

      In conclusion, Defendant-Intervenors are not entitled to limit this Office's access to discovery on this case in any manner. San Francisco, however, in an effort to move discovery along, consent to the offer to compromise that appears in Plaintiffs' letter, which would preclude anyone who actually served in an official capacity on the political campaign from having access to the documents. [Doc. #262.] That proposal is beyond what Defendant-Intervenors are entitled to and is more than reasonable. San Francisco requests that the Court enter the Northern District of California's form protective order, or if it is inclined to depart to any degree, enter the version suggested in Plaintiffs' letter.

Very truly yours,

DENNIS J. HERRERA
City Attorney


    /s/
THERESE M. STEWART
Chief Deputy City Attorney