# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Howard C. Nielson, Jr.
hnielson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

December 1, 2009

The Honorable Joseph C. Spero
Magistrate Judge of the United States District Court
   for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Magistrate Judge Spero:

      Attached please find Defendant-Intervenors' ("Proponents'") proposed protective order, which we are submitting pursuant to this Court's order of November 30, 2009.  I would like to call attention to three features of the proposed order.

      *First*, in the absence of an order by the court or permission by the designating party, the order would limit access to information designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to "specifically identified attorneys and/or support staff of Receiving Party's Outside Counsel of record in this action" who, *inter alia*, "the Receiving Party has represented to opposing counsel, and opposing counsel has agreed, have not had, do not have, and have no present intention to have in the future significant involvement in any No on 8 group and/or organization advocating for same-sex marriage and/or the repeal of Proposition 8." Defendant-Intervenors' Proposed Protective Order § 7.3(a).  "Significant involvement" is partially defined to exclude "paid or unpaid legal work in this litigation, paid legal work that was done on behalf of any group, organization, etc., contributions of money to any group, organization, etc., or the signing of a petition on behalf of any group, organization, etc." as well as "volunteering for, donating to, or working for an individual political candidate's campaign for elective office."  *Id*.

      While Proponents do not question the good faith or professionalism of any of the lawyers in this litigation, they respectfully submit that once an attorney or other individual has access to Proponents' confidential strategic communications, it will be impossible for that individual to unlearn what he or she has seen.  *See, e.g., In re Ford Motor Co*., 110 F.3d 954, 963 (3rd Cir. 1997) ("Attorneys cannot unlearn what has been disclosed to them in discovery; they are likely to use such materials for evidentiary leads, strategy decisions, or the like.") (quotation marks omitted).  It follows that information acquired through access to Proponents' confidential strategic communications will inevitably inform that individual's future political judgments and strategies.  *Id*; *see also Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005).  For this reason, Proponents believe that it would be highly prejudicial and deeply unfair for any individual with significant involvement in the political opposition to Proposition 8 to have access to nonpublic communications constituting a critical component of Proponents' successful political playbook.

      Proponents' attempts to negotiate with Plaintiffs a specific, complete definition of "significant involvement" that adequately captures these concerns have proved unsuccessful.  Accordingly, Proponents believe any questions about the precise meaning of this phrase would be more fruitfully addressed in the pragmatic and concrete manner set forth in their proposed protective order.  Proponents also believe that their

suggested approach is consistent with Chief Judge Walker's suggestion, during the November 2, 2009 telephonic hearing, of a protective order in which "attorneys are specifically identified by name, so that production doesn't become widespread." 11/2/2009 Tr. of Hr'g at 16. To facilitate agreement on the list of attorneys who would have access to the information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," Proponents have specifically identified various types of activity that would not constitute "significant involvement" in the political opposition to Proposition 8.

*Second*, in the absence of an order of the Court or the consent of the designating party, access to information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" would not be available to counsel employed by any party to this case. *See* Defendant-Intervenors' Proposed Protective Order §§ 2.9, 2.10, 7.3(a), 7.4. One practical effect of this limitation would be that attorneys employed by Plaintiff-Intervenor the City and County of San Francisco would not have access to Proponents' most sensitive and confidential strategic communications. While Proponents in no way question the professionalism or good faith of these attorneys, it is indisputable that Plaintiff-Intervenor has been a prominent and repeat player in the political efforts to legalize same-sex marriage in California and the political opposition to Proposition 8. Indeed, it is Proponents' understanding that the City Attorney personally played a prominent leadership role in the NO on 8 Campaign. For these reasons, Proponents respectfully submit that any access to their most sensitive confidential strategic communications by Plaintiff-Intervenor or its employees would be unacceptable.

Limiting access in this manner is also consistent with the limited scope of intervention permitted Plaintiff-Intervenor under Chief Judge Walker's intervention ruling. At the hearing granting Plaintiff-Intervenor's motion to intervene, Chief Judge Walker recognized that "San Francisco is the only governmental entity seeking to present evidence on the effects of Proposition 8 on governmental services and budgets." 8/19/2009 Tr. of Hr'g. at 54. It was "[b]ecause of this interest" that the Court found that "it appears that San Francisco has an independent interest in the proceedings." *Id*. at 55. For this reason, the Court ruled that Plaintiff-Intervenor could participate as a party in this case only "[t]o the extent that [it] claims a government interest" in the case and "[h]ence, San Francisco's involvement in this litigation may very well be quite limited." *Id*. at 56. The limited scope of intervention is also reflected in the minute order documenting Chief Judge Walker's intervention decision, which made clear that the motion to intervene was "granted in part to allow San Francisco to present [the] issue of alleged effect on governmental interests." Doc # 160 at 2. Because Proponents' confidential strategic communications bear no relation to the limited issue as to which intervention was granted, Proponents respectfully submit that Plaintiff-Intervenors have no need for access to these highly sensitive communications.

*Third*, the proposed protective order does not specifically address the question of which of Plaintiffs' experts will have access to information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Proponents believe that agreement can be reached among the parties on this issue with little difficulty and that access can then be granted pursuant to § 7.3 of the proposed protective order.

Proponents respectfully request that the Court schedule a hearing to address these issues if it believes that would be necessary.

      Respectfully submitted,

      /s/ Howard C. Nielson, Jr.

      Howard C. Nielson, Jr.
      Counsel for Defendant-Intervenors

Enclosure

cc:      All counsel via the Court's ECF system