CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA  
City Attorney

RONALD P. FLYNN  
Deputy City Attorney

DIRECT DIAL: (415) 554-3901  
E-MAIL: ronald.flynn@sfgov.org

December 3, 2009

The Honorable Joseph C. Spero  
Magistrate Judge of the United States District Court  
   for the Northern District of California  
450 Golden Gate Avenue  
San Francisco, California 94102

    Re:   *Perry v. Schwarzenegger*, No. 09-2292 VRW

Dear Magistrate Judge Spero:

    I write on behalf of Plaintiff-Intervenor City and County of San Francisco. It has just been brought to this office's attention by the Attorney General's Office that the proposed protective order that was submitted by Plaintiffs and endorsed by Plaintiff-Intervenor [Doc#270] contains an error; the limitation of disclosure of materials to "outside counsel" of record rather than "counsel." As both the Attorney General and Plaintiff-Intervenor are represented by government attorneys, the outside counsel limitation should not apply. As has been made clear, Plaintiff-Intervenor objects to any version of the protective order that would categorically exclude that City Attorneys' Office from access.

    Paragraph 7.2 (a) related to the disclosure of information marked "CONFIDENTIAL," restricts that information to "outside counsel," rather than "counsel."

> the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

Paragraph 7.2 (a) should instead read:

> the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    Similarly, Paragraph 7.3, related to the disclosure of information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" restricts that information to "outside counsel," rather than "counsel."

> the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided that it shall not be provided to any Counsel or employee who held an "official position" in any primarily formed ballot committee related to Proposition 8 (see http://cal-access.ss.ca.gov/campaign/measures/detail.aspx?id=1302602&session=2007) or now holds an official position in a similar committee that is now

FOX PLAZA · 1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408  
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3985

n:\cxlit\li2009\091484\00597010.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to The Honorable Joseph C. Spero
Page 2
December 3, 2009

> circulating petitions for a 2010 ballot initiative to repeal Proposition 8. For purposes of this sections 7.3 and 7.5 an "official position" is defined as one which authorizes the holder of said position to contractually bind (either solely or in conjunction with others) the primarily formed ballot committee (or similar committee circulating petitions to place an initiative on the 2010 ballot) with respect to matters relating to communications disseminated by the committee or otherwise to spend funds exceeding $1,000 on behalf of the committee;

Paragraph 7.2 (a) should instead read:

> the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided that it shall not be provided to any Counsel or employee who held an "official position" in any primarily formed ballot committee related to Proposition 8 (see http://cal-access.ss.ca.gov/campaign/measures/detail.aspx?id=1302602&session=2007) or now holds an official position in a similar committee that is now circulating petitions for a 2010 ballot initiative to repeal Proposition 8. For purposes of this sections 7.3 and 7.5 an "official position" is defined as one which authorizes the holder of said position to contractually bind (either solely or in conjunction with others) the primarily formed ballot committee (or similar committee circulating petitions to place an initiative on the 2010 ballot) with respect to matters relating to communications disseminated by the committee or otherwise to spend funds exceeding $1,000 on behalf of the committee;

    We respectfully request that the Court enter the revised version which is attached to this letter. I have spoken directly with Counsel for Plaintiff; they join in this request.

Very truly yours,

DENNIS J. HERRERA
City Attorney

*/s/ RONALD P. FLYNN*

RONALD P. FLYNN
Deputy City Attorney