# Exhibit A

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, <br><br> Plaintiffs, <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. | CASE NO. 09-CV-2292 VRW <br><br> **DEFENDANT-INTERVENORS' AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

| | |
|---|---|
| 1 | BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants, |
| 9 | and |
| 10 | PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, |
| 11 | |
| 12 | |
| 13 | |
| 14 | Defendant-Intervenors. |
| 15 | |

<u>Additional Counsel for Defendant-Intervenors</u>

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

---

DEFENDANT-INTERVENORS' AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
CASE NO. 09-CV-2292 VRW

Defendant-Intervenors (the "Proponents"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, amend their responses to Plaintiffs' First Set of Interrogatories as follows.  Proponents generally reserve the right to further supplement and/or amend these responses to the extent required and/or allowed by the Federal Rules of Civil Procedure.  In particular Proponents reserve the right to supplement and/or amend these responses as necessitated by ongoing legal and factual development, discovery and/or judicial rulings in this case.

## **RESPONSES**

**INTERROGATORY NO. 1:**

Identify every legitimate government interest to which you contend Proposition 8 is rationally related.

**RESPONSE:**

1. Preserving the traditional institution of marriage as the union of a man and a woman.
2. Preserving the traditional public, social, and legal meaning, symbolism, and valuation of marriage.
3. Preserving the traditional social and legal purposes, functions, and structure of marriage.
4. Preserving the traditional meaning of marriage as it has always been defined in the English language.
5. Expressing support for the traditional institution of marriage.
6. Acting incrementally and with caution when considering a radical transformation to the fundamental nature of a bedrock social institution.
7. Decreasing the probability of weakening of the institution of marriage.
8. Decreasing the probability of adverse consequences that could result from weakening the institution of marriage.
9. Promoting the formation of naturally procreative unions.
10. Promoting stability and responsibility in naturally procreative relationships.
11. Promoting enduring and stable family structures for the responsible raising and care of children by their biological parents.

12. Increasing the probability that natural procreation will occur within stable, enduring, and supporting family structures.

13. Promoting the natural and mutually beneficial bond between parents and their biological children.

14. Increasing the probability that each child will be raised by both of his or her biological parents.

15. Increasing the probability that each child will be raised by both a father and a mother.

16. Increasing the probability that each child will have a legally recognized father and mother.

17. Promoting relationships between women and men for practical and symbolic purposes.

18. Providing men with a stake in families and society.

19. Decreasing the probability of the potential consequences of same-sex marriage identified in paragraphs 69 through 70 of David Blankenhorn's expert report.

20. Decreasing the probability of the potential consequences of same-sex marriage identified in paragraphs 52-54 and paragraphs 57-61 of Katherine Young's expert report.

21. Preserving the prerogative and responsibility of parents to provide for the ethical and moral development and education of their own children.

22. Accommodating the First Amendment rights of individuals and institutions that oppose same-sex marriage on religious or moral grounds.

23. Using different names for different things.

24. Maintaining the flexibility to separately address the needs of different types of relationships.

25. Ensuring that California marriages are recognized in other jurisdictions.

26. Conforming California's definition of marriage to federal law.

27. Any other conceivable legitimate interests identified by the parties, amici, or the judge at any stage of the proceedings.

**INTERROGATORY NO. 2:**

Identify every important government interest to which you contend Proposition 8 is substantially related.

**RESPONSE:**

Interests 1-24 identified above.

**INTERROGATORY NO. 3:**

Identify every compelling government interest that you contend Proposition 8 is narrowly tailored to serve.

**RESPONSE:**

Interests 1-24 identified above.

Dated: November 30, 2009

*Ron Prentice*
Ron Prentice for Defendant-Intervenors


COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL


By: /s/Charles J. Cooper
    Charles J. Cooper

4