# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

_____

555 Mission Street, Suite 3000, San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com
EDettmer@gibsondunn.com

December 7, 2009

| | |
|---|---|
| Direct Dial | Client Matter No. |
| (415) 393-8292 | T 36330-00001 |
| Fax No. | |
| (415) 374-8444 | |

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
  for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102

Re:  *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

Plaintiffs respectfully request leave to file an omnibus motion to compel to resolve various discovery disputes between Plaintiffs and Defendant-Intervenors, including Defendant-Intervenors' failure to produce documents responsive to Plaintiffs' discovery requests that are clearly outside their claim of privilege, and their refusal to answer questions during depositions concerning those public documents and statements. These disputes arose just last week in connection with the depositions of several of the individual Proponents.

As just one example, Plaintiffs have requested the immediate production of documents constituting public communications between the Defendant-Intervenors and discrete voter groups, such as a letter, entitled "What if We Lose," drafted by Defendant-Intervenor William Hak-Shing Tam and published on a publicly accessible website, attached hereto as Exhibit A. At the December 1, 2009 oral argument before the Ninth Circuit on Defendant-Intervenors' motion for stay, Mr. Cooper informed the panel that Dr. Tam's document "is not within my claim of privilege.  Make no mistake about that . . . . it's on its face a public document." Yet Defendant-Intervenors' counsel have yet to produce that document, other similar documents introduced as exhibits at Mr. Tam's deposition, or other documents falling within that category of documents sent to discrete sub-groups of voters and potential voters.

Given the pending Ninth Circuit decision on Defendant-Intervenors' motion for stay, the various discovery disputes between the parties, and the January 11 trial date, Plaintiffs respectfully submit that the most efficient manner of proceeding with the existing discovery

The Honorable Vaughn R. Walker
December 7, 2009
Page 2

disputes between the parties is that Plaintiffs promptly submit an omnibus motion to compel that the Court can then resolve in sufficient time for Plaintiffs to have all nonprivileged, responsive testimony and documents available for use at trial. Plaintiffs respectfully request the Court's leave to file such a motion.

    Respectfully submitted,

    */s/ Ethan D. Dettmer*
    Ethan D. Dettmer
    Counsel for Plaintiffs

cc:     Counsel of Record