# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
## 1523 New Hampshire Avenue, N.W.
### Washington, D.C.  20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

December 8, 2009

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
   for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

Re:   *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292 VRW

Dear Chief Judge Walker:

I write in response to Plaintiffs' letter of December 7, 2009, requesting permission to file "an omnibus motion to compel."  Doc # 289 at 1.  The Court should deny this request.  Plaintiffs have failed to comply with their meet-and-confer obligations under the Federal Rules of Civil Procedure and ¶ 1.5 of this Court's Standing Orders.  In their letter, Plaintiffs neglect to alert the Court that the alleged "discovery disputes" have been the subject of correspondence between the parties and that Defendant-Intervenors ("Proponents") have fully addressed the only specific concern Plaintiffs have raised with them.  Proponents requested further elaboration of Plaintiffs' other vaguely stated concerns, but before providing any such elaboration, Plaintiffs deemed it appropriate to involve this Court in nebulous and unsubstantiated allegations.  At this time, those allegations constitute nothing more than an attempt to relitigate matters already decided by this Court or currently pending before the Ninth Circuit Court of Appeals and subject to its stay of related proceedings in this Court.  *See* Order of Dec. 3, 2009, *Perry v. Hollingsworth*, Nos. 07-17241, 07-17551.

Under ¶ 1.5 of this Court's Standing Orders, a letter seeking leave to file a motion to compel may be submitted only after "the conference required by" the Federal Rules.  The Rules require that before moving for a motion to compel, a party "in good faith confer[] … with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Plaintiffs have not made such a good faith effort.  Instead, on December 3, Plaintiffs submitted a letter to Proponents making various discovery-related demands and allegations.  As with Plaintiffs' letter to the Court, the December 3 letter provided little in the way of specifics.[1]  Proponents remain open to hearing and attempting to resolve any specific requests or objections Plaintiffs may have.

With respect to documents, the only specific concern identified by Plaintiffs was what they call the "What If We Lose Letter."  As Proponents explained in a response letter to Plaintiffs on December 7 (attached hereto as Exhibit A), prior to Plaintiffs' submission of the "What If We Lose" document to the Ninth Circuit shortly before oral argument (and without prior notice to Proponents), neither Dr. Tam nor Proponents' counsel were aware that the document—originally distributed to a limited group of Dr. Tam's friends and political associates—had been posted on the Internet by a third party.  Accordingly,

---

[1] Plaintiffs' counsel left Proponents' counsel a voicemail on December 7 inquiring as to how to provide specific documents in response to the December 7 letter.  Plaintiffs filed their letter to the Court before hearing back from Proponents' counsel.

# Cooper & Kirk
### Lawyers

The Honorable Vaughn R. Walker
December 8, 2009
Page 2 of 2

as explained in the December 7 letter, the original of the document was both within Proponents' claim of privilege under the First Amendment and nonresponsive to any of Plaintiffs' discovery requests, as limited by this Court's orders.  Proponents were not obligated to determine whether a nonparty had posted the document to the Internet, as such information was as equally available to Plaintiffs as it was to Proponents.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).  All of this was explained to Plaintiffs in Proponents' December 7 letter.  That letter also fully addressed the other vague allegations about documents in Plaintiffs' December 3 letter and requested that Plaintiffs inform Proponents if they have any concerns about documents that they could identify with specificity.  Plaintiffs did not respond to that letter and instead came directly to this Court, again with vague and unspecified allegations of a failure to produce responsive documents.

    With respect to depositions, again as explained in the December 7 letter to Plaintiffs, Proponents' objections to questions are based both on this Court's prior orders governing discovery in this case and on Proponents' claim of First Amendment privilege.  As further explained in the December 7 letter, it is now clear that Plaintiffs are trying to use depositions to obtain information this Court has deemed irrelevant to this case or that is subject to Proponents' claim of privilege pending before the Ninth Circuit.  Moreover, at the very outset of the parties' disputes over discovery, Mr. Boies represented to this Court that Plaintiffs "would not be inquiring into" "subjective, unexpressed motivations" "because … those things would not actually go to the issues that [Plaintiffs] are presenting to the Court."  Hr'g of Aug. 19, 2009, Tr. 64.  Many, if not the majority, of Plaintiffs' questions at depositions thus far have been related *precisely* to "subjective, unexpressed motivations" of the Proponents.  Accordingly, Proponents have asserted objections with respect to such questions.

    Despite this Court's prior rulings governing discovery, and the Ninth Circuit's stay pending its ruling on the merits of Proponents' privilege claim, Plaintiffs are attempting to relitigate these issues in an "omnibus motion to compel."  This should not be permitted.  With respect to relevance, this Court's prior orders granting Proponents' motion for a protective order in part are law of the case.  Indeed, as explained in our December 7 letter, Plaintiffs' counsel repeatedly acknowledged the relevance limitations set out in those orders before the Ninth Circuit.  With respect to Proponents' claim of privilege, it would be inappropriate to further litigate those claims absent the guidance the Ninth Circuit has stated will be forthcoming "promptly."  Order of Dec. 3, 2009, *Perry v. Hollingsworth*, Nos. 07-17241, 07-17551.

    Accordingly, Plaintiffs' request to relitigate issues already decided by this Court, or currently pending before the Ninth Circuit and subject to its stay, should be denied.  At the very least, we respectfully submit that Plaintiffs should be instructed to comply with their meet-and-confer obligations before any motion is filed so that the issues in dispute might be narrowed (or even eliminated) and judicial resources conserved.

                                        Respectfully submitted,

                                        /s/ Jesse Panuccio
                                        Jesse Panuccio
                                        Counsel for Defendant-Intervenors

Cc:    Counsel of Record