1  GIBSON, DUNN & CRUTCHER LLP
   Theodore B. Olson, SBN 38137
2  *tolson@gibsondunn.com*
   Matthew D. McGill, *pro hac vice*
3  1050 Connecticut Avenue, N.W., Washington, D.C. 20036
   Telephone: (202) 955-8668, Facsimile: (202) 467-0539

4  Theodore J. Boutrous, Jr., SBN 132009
   *tboutrous@gibsondunn.com*
5  Christopher D. Dusseault, SBN 177557
   Ethan D. Dettmer, SBN 196046
6  333 S. Grand Avenue, Los Angeles, California 90071
   Telephone: (213) 229-7804, Facsimile: (213) 229-7520

7  BOIES, SCHILLER & FLEXNER LLP
   David Boies, *pro hac vice*
8  *dboies@bsfllp.com*
   333 Main Street, Armonk, New York 10504
9  Telephone: (914) 749-8200, Facsimile: (914) 749-8300

   Jeremy M. Goldman, SBN 218888
10 *jgoldman@bsfllp.com*
   1999 Harrison Street, Suite 900, Oakland, California 94612
11 Telephone: (510) 874-1000, Facsimile: (510) 874-1460

12 Attorneys for Plaintiffs
   KRISTIN M. PERRY, SANDRA B. STIER,
   PAUL T. KATAMI, and JEFFREY J. ZARRILLO

13 Dennis J. Herrera, SBN 139669
   Therese M. Stewart, SBN 104930
14 Danny Chou, SBN 180240

15 One Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
16 Telephone: (415) 554-4708, Facsimile (415) 554-4699

17 Attorneys for Plaintiff-Intervenor
   CITY AND COUNTY OF SAN FRANCISCO

18                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| 20  KRISTIN M. PERRY, *et al.*, | CASE NO. 09-CV-2292 VRW |
| 21  Plaintiffs, | **PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S RESPONSE TO DEFENDANT-INTERVENORS' OBJECTIONS TO EVIDENCE** |
|     and | |
| 22  CITY AND COUNTY OF SAN FRANCISCO, | |
| 23  Plaintiff-Intervenor, | |
| 24  v. | **Final Pretrial Conference** |
| 25  ARNOLD SCHWARZENEGGER, *et al.*, | Date: December 16, 2009 |
|     Defendants, | Time: 10:00 a.m. |
| 26  and | Judge: Chief Judge Walker |
|     | Location: Courtroom 6, 17th Floor |
| 27  PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*, | Trial Date: January 11, 2010 |
| 28  Defendant-Intervenors. | |

Plaintiffs and Plaintiff-Intervenor hereby submit the following response to Defendant-Intervenors' ("Proponents") Objections to Evidence. Doc #294.

**DEFENDANT-INTERVENORS' OBJECTION NO. 1:**

*On privilege grounds, exhibits or testimony constituting or relating to nonpublic information and/or Proponents' subjective intent and beliefs, the introduction of which would violate the First Amendment Privilege against compelled disclosure of core political speech and association.*

**RESPONSE TO DEFENDANT-INTERVENORS' OBJECTION NO. 1:**

The First Amendment qualified privilege simply does not provide for the blanket exclusion of relevant evidence that Proponents seek. Indeed, while the Ninth Circuit's decision of today's date holds that "private, internal campaign communications concerning the formulation of campaign strategy and messages" are protected from disclosure under the First Amendment, its holding is expressly "limited" to such ***"private, internal"*** communications. *Perry v. Hollingsworth*, Nos. 07-17241, 07-17551, Slip Op. at 36 n.12 (9th Cir. Dec. 11, 2009) (emphasis added), attached as Exhibit A. In addition, the Ninth Circuit did "not foreclose the possibility that some of Proponents' internal campaign communications may be discoverable" if they constitute "highly relevant information that is unavailable from other sources." *Id*. at 37 n.13.

In light of the Ninth Circuit's limitation of the privilege to "private, internal campaign communications," Proponents' assertions of privilege over 1) "Proponents' subjective intent and beliefs" and 2) documents distributed outside the campaign to groups and individuals with whom Proponents supposedly formed an "associational bond" are without merit. Indeed, as the Ninth Circuit ruled today, "Proponents cannot avoid disclosure of broadly disseminated materials by stamping them 'private' and claiming an 'associational bond' with large swaths of the electorate." *Id*. at 26 n.12. Proponents, however, have objected to producing documents or allowing testimony in either category. Some examples include the "What if We Lose Letter," authored by Proponent Hak-Shing William Tam and distributed to "political and religious associates," Doc ##289-1 at 2, 297-1 at 3, and "A Message from Bill Tam," authored by Mr. Tam and distributed to the Sharon Chinese Baptist Church, Doc #298-2 at 6-7. In addition to claiming that such communications would be privileged but for the fact that they were put on the internet by a third party, Proponents claim that

they need not answer any questions about what specific language in those documents meant, or what the author intended to communicate in those messages. *See, e.g.,* Doc #298-2 at 26-30. These objections—and Proponents' hopelessly overbroad definition of what they assert is "nonpublic" information—are not sustainable, as the Ninth Circuit has now made clear.

Further, the Ninth Circuit held that the privilege is not absolute, and that "highly relevant information that is unavailable from other sources" may be discovered and production of it compelled. Slip Op. at 37 n.13. Plaintiffs respectfully submit that whether specific information or documents satisfy this standard is not something that can be determined in a vacuum, but rather should be determined in light of the specific information and circumstances presented at trial, and not in a pre-trial objection.

Finally, Proponents and their representatives have, through their conduct and public statements, waived any applicable privilege as to certain facts and subject areas by voluntarily speaking about the very issues that they now contend, in this litigation, are privileged. Similarly, certain arguments and assertions advanced by Proponents in this litigation itself may well constitute a waiver of any privilege that might otherwise exist. Plaintiffs and Plaintiff-Intervenor fully reserve their rights to assert the waiver of any applicable privilege by Proponents and their representatives.

**DEFENDANT-INTERVENORS' OBJECTION NO. 2:**

*On relevance grounds, exhibits or testimony constituting or relating to nonpublic information not before the electorate at the time Proposition 8 was adopted and/or Proponents' subjective intent and beliefs, to the extent introduced in relation to the voters' intent or motivation in adopting Proposition 8 or the purposes or rationality of that provision.*

**RESPONSE TO DEFENDANT-INTERVENORS' OBJECTION NO. 2:**

First, whether a defendant acted with discriminatory intent or purpose is a relevant consideration in an equal protection challenge. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976); *Washington v. Seattle Sch. Dist. No. 1*, 458 U.S. 457, 484-85 (1982) ("when facially neutral legislation is subjected to equal protection attack, an inquiry into intent is necessary to determine whether the legislation in some sense was designed to accord disparate treatment on the basis of racial considerations."); *see also Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 260 (1979);

Doc #214 at 12-13.  More specifically, where intent is relevant, "the Court may look to the nature of the initiative campaign to determine the intent of the drafters and voters in enacting it." *City of Los Angeles v. County of Kern*, 462 F. Supp. 2d 1105, 1114 (C.D. Cal. 2006) (citing *Seattle Sch. Dist. No. 1,* 458 U.S. at 471); *see also* Fed. R. Evid. 401 ("Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Indeed, today's decision from the Ninth Circuit confirms that the motivation of voters is a relevant inquiry at trial.  Slip Op. at 34-35.  To the extent evidence of "nonpublic information not before the electorate at the time Proposition 8 was adopted and/or Proponents' subjective intent and beliefs" speaks to the motivation of the voters, the Ninth Circuit's opinion confirms that Proponents' relevance objection is meritless.  Therefore, exhibits or testimony constituting or relating to public and/or "nonpublic" information are relevant evidence to demonstrate discriminatory intent or purpose.  Furthermore, expert testimony opining on this public and/or "nonpublic" information (*e.g.,* ballot arguments, advertisements, or other communications) is similarly relevant to demonstrate Prop. 8's discriminatory intent or purpose.

Second, Proponents' objection to the relevance of "nonpublic" information relating to "the purposes or rationality" of Prop. 8 is without merit.  Indeed, many of the purported legitimate state interests Proponents now advance were never put "before the electorate at the time Proposition 8 was adopted" and thus, by the terms of their own objection, Proponents would be prohibited from presenting evidence at trial on these purported state interests.  *See* Doc #281-1 at 4-6.  Instead, Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Under this evidentiary standard, any evidence concerning "the purposes or rationality" of Prop. 8 is relevant.  *See Romer v. Evans*, 517 U.S. 620, 632 (1996) ("[E]ven in the ordinary equal protection case calling for the most deferential of standards, we insist on knowing the relation between the classification adopted and the object to be attained.").  Indeed, this Court has previously recognized that "nonpublic" communications may lead

1  to relevant evidence discrediting the governmental interests Proponents now advance.  Doc #214
2  at 12.
3       Finally, Plaintiffs and Plaintiff-Intervenor will not present evidence at trial concerning
4  Proponents' private sentiments that may have prompted their efforts to pass Prop 8.  *See* Doc #214 at
5  16.  However, to the extent a Proponent publicly discussed his or her motivations for enacting
6  Prop. 8, such evidence is public, relevant, and will be presented at trial.  *See City of Los Angeles*,
7  462 F. Supp. 2d at 1114.  Again, Proponents' assertions about what qualifies as information that is
8  "nonpublic," "private" and "not before the electorate" have been rejected by the Ninth Circuit.
9  Slip op. at 26 n.12.  Moreover, what Proponents intended to communicate in their non-privileged
10 communications and messages to voters, or to people they were encouraging to contact other voters,
11 is most certainly relevant to this case.  Lastly, Proponents' own views as to whether animus or other
12 illegitimate or irrational motivations played a role in the voters' passage of Prop. 8, and whether they
13 intentionally sought to trigger such motivations during the campaign, are relevant, particularly where
14 Proponents' counsel is arguing an absence of such animus.

15 **DEFENDANT-INTERVENORS' OBJECTION NO. 3:**

16    *On relevance grounds, any exhibits or testimony falling within any of the categories of*
17 *information that the Court has already deemed irrelevant, not subject to discovery, or both.*  See *Doc*
18 *#214; Doc #252.*

19 **RESPONSE TO DEFENDANT-INTERVENORS' OBJECTION NO. 3:**

20       The admissibility of specific documents, testimony and other evidence properly obtained by
21 Plaintiffs and Plaintiff-Intervenor in the course of discovery and fact development should be
22 determined based on the Federal Rules of Evidence.  While Plaintiffs and Plaintiff-Intervenor have no
23 intention of revisiting issues previously argued to and decided by the Court in the absence of a
24 relevant change in the facts or in the law, they should not be barred from offering into evidence
25 specific documents and testimony that meet the requirements of the Federal Rules of Evidence solely
26 because of determinations made by the Court in a discovery dispute concerning the appropriate scope
27 and potential burden of documentary discovery, at a time when the Court did not have the actual
28 evidence before it.  Plaintiffs and Plaintiff-Intervenor further note that the parties may well disagree

as to the scope of the Court's earlier rulings.  Specifically, the Court only found that 1) Plaintiffs' Request No. 8 was unduly burdensome and overbroad as initially drafted, Doc #214 at 15-16; 2) that certain documents submitted by Proponents *in camera* were not responsive to Plaintiffs' revised request No. 8, Doc #252; and 3) that Proponents' *private* beliefs that prompted their efforts to enact Prop. 8 were "not relevant to the legislative intent behind Prop. 8." Doc #214 at 16.  Lastly, to the extent an earlier determination that particular evidence is not relevant is binding on Plaintiffs and Plaintiff-Intervenor, then Proponents must be similarly bound by the Court's earlier determinations as to the relevance of certain evidence, the discovery of which Proponents have resisted.

**DEFENDANT-INTERVENORS' OBJECTION NO. 4:**

*On relevance grounds, exhibits or testimony constituting or relating to public documents relating to the intent or motivations of the electorate in adopting Proposition 8—aside from the language of the ballot measure and, if necessary to resolve textual ambiguity, the official ballot arguments—and including advertisements, campaign materials, and other communications and information relating to the adoption of Proposition 8.*

**RESPONSE TO DEFENDANT-INTERVENORS' OBJECTION NO. 4:**

Plaintiffs and Plaintiff-Intervenor incorporate their response to Defendant-Intervenor's second objection.

DATED:  December 11, 2009          GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas


By: _____/s/_____
Theodore B. Olson

///

///

///

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO


DENNIS J. HERRERA
City Attorney
THERESE M. STEWART
Chief Deputy City Attorney
DANNY CHOU
Chief of Complex and Special Litigation
RONALD P. FLYNN
VINCE CHHABRIA
ERIN BERNSTEIN
CHRISTINE VAN AKEN
MOLLIE M. LEE
Deputy City Attorneys


By: _____/s/_____
             Therese M. Stewart

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

By:        /s/       
Theodore B. Olson

Gibson, Dunn & Crutcher LLP