1 ADVOCATES FOR FAITH AND FREEDOM
2 Robert H. Tyler (CA Bar No. 179572)
  *rtyler@faith-freedom.com*
3 *Jennifer L. Monk (CA Bar No. 245512)
  *jmonk@faith-freedom.com*
4 24910 Las Brisas Road, Suite 110
5 Murrieta, California 92562
  Telephone:951-304-7583; Facsimile: 951-600-4996
6
7 *Application Pending for Admission to U. S. District Court, Northern District of California*

8 ATTORNEYS FOR PROPOSED INTERVENORS COUNTY OF IMPERIAL
9 OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL
  COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY
10 CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF
11 IMPERIAL

12 **UNITED STATES DISTRICT COURT**

13 **NORTHERN DISTRICT OF CALIFORNIA**

14

15 KRISTIN M. PERRY, SANDRA B. STIER, | CASE NO. 09-CV-2292 VRW
   PAUL T. KATAMI, and JEFFREY J.
16 ZARRILLO,

17                                        **PROPOSED INTERVENORS'**
                                          **NOTICE OF MOTION AND**
18        Plaintiffs,                     **MOTION TO INTERVENE, AND**
                                          **MEMORANDUM OF POINTS AND**
19 CITY AND COUNTY OF SAN FRANCISCO,      **AUTHORITIES IN SUPPORT OF**
                                          **MOTION TO INTERVENE**
20        Plaintiff-Intervenor,

21                                        Date:  January 21, 2010
      v.                                  Time:  10:00a.m.
22                                        Judge:  Chief Judge Vaughn R. Walker
23 ARNOLD SCHWARZENEGGER, in his official  Location:  Courtroom 6, 17th Floor
   capacity as Governor of California; EDMUND G.
24 BROWN, JR., in his official capacity as Attorney
   General of California; MARK B. HORTON, in his
25 official capacity as Director of the California
   Department of Public Health and State Registrar
26 of Vital Statistics; LINETTE SCOTT, in her
27 official capacity as Deputy Director of Health
   Information  &  Strategic  Planning  for  the
28

1

California Department of Public Health;
PATRICK O'CONNELL, in his official capacity
as Clerk-Recorder for the County of Alameda; and
DEAN C. LOGAN, in his official capacity as
Registrar-Recorder/County Clerk for
the County of Los Angeles,

        Defendants,

DENNIS HOLLINGSWORTH, GAIL J.
KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
JANSSON, as official proponents of
Proposition 8,

        Defendant-Intervenors,

PROPOSED INTERVENORS COUNTY OF
IMPERIAL OF THE STATE OF CALIFORNIA,
BOARD OF SUPERVISORS OF IMPERIAL
COUNTY, AND ISABEL VARGAS IN HER
OFFICIAL CAPACITY AS DEPUTY
CLERK/DEPUTY COMMISSIONER OF CIVIL
MARRIAGES FOR THE COUNTY OF
IMPERIAL

        Proposed-Intervenors

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that on January 21, 2009, at 10:00 a.m., or as soon as the matter may be heard, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Proposed Intervenors, the County of Imperial of the State of California ("County"), the Board of Supervisors of Imperial County ("Board"), and Isabel Vargas in her official capacity as Deputy Clerk/Deputy Commissioner of Civil Marriages/Recordable Document Examiner ("Clerks"), will move this Court for an order allowing them to intervene in this case.[1]

---

[1] In accordance with this Court's rules, we are noticing this motion for January 21, 2009. By separate motion we have requested administrative leave to have this motion heard and decided at the earliest opportunity.

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**
      09-CV-2292 VRW

1   Proposed Intervenors respectfully request an order allowing them to intervene in this

2  case to guard a significant protectable interest in the subject matter of this lawsuit and to

3  ensure the possibility of appellate review of this Court's ultimate decision.  A proposed answer

4  in intervention is filed concurrently with this motion.

5

6  DATED:  December 15, 2009

ADVOCATES FOR FAITH AND FREEDOM
ATTORNEYS FOR PROPOSED
INTERVENORS COUNTY OF IMPERIAL
OF THE STATE OF CALIFORNIA, BOARD
OF SUPERVISORS OF IMPERIAL
COUNTY, AND ISABEL VARGAS IN HER
OFFICIAL CAPACITY AS DEPUTY
CLERK/DEPUTY COMMISSIONER OF
CIVIL MARRIAGES FOR THE COUNTY
OF IMPERIAL

By:_____
Jennifer L. Monk

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

PROCEDURAL HISTORY ......................................................................................... 2

FACTS ........................................................................................................................... 3

ARGUMENT ................................................................................................................ 4

    I.      Proposed Intervenors Are Entitled to Intervene as of Right .................................. 4

          A.      Proposed Intervenors Have Timely Filed This Motion ............................. 4

          B.      Proposed Intervenors Have a Significantly Protectable Interest in the Subject of this Action ........................................... 6

          C.      The Court's Ruling Might Impair Proposed Intervenors' Significantly Protectable Interest ............................................... 11

          D.      The Existing Parties Will Not Adequately Represent Proposed Intervenors' Interests ................................................. 11

    II.     Alternatively, Proposed Intervenors Are Entitled to Permissive Intervention ........................................................................ 12

CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Alameda Newspapers, Inc. v. City of Oakland,*
    95 F.3d 1406 (9th Cir. 1996) ......................................................................... 5

*American Association of People with Disabilities v. Herrera,*
    257 F.R.D. 236 (D.N.M. 2008) ..................................................................... 8

*American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.,*
    3 F.R.D. 162 (S.D.N.Y.1942) ........................................................................ 5

*Associated Builders and Contractors, Saginaw Valley Area Chapter v. Perry,*
    115 F.3d 386 (6th Cir. 1997) ......................................................................... 5

*Associated Home Builders, Inc. v. City of Livermore,*
    557 P.2d 473 (Cal. 1976) ............................................................................... 9

*Bank of Marin v. England,*
    352 F.2d 186 (9th Cir. 1965) ....................................................................... 10

*Blake v. Pallan,*
    554 F.2d 947 (9th Cir. 1977) ....................................................................... 12

*Bogaert v. Land,*
    2008 WL 2952006 (W.D. Mich. July 29, 2009) ........................................... 8

*City of South Lake Tahoe v. California Tahoe Regional Planning Agency,*
    625 F.2d 231 (9th Cir. 1980) ......................................................................... 9

*Conaway v. Deane,*
    932 A.2d 571 (Md. 2007) .............................................................................. 7

*Employee Staffing Services, Inc. v. Aubry,*
    20 F.3d 1038 (9th Cir. 1994) ....................................................................... 12

*Gasperini v. Center for Humanities, Inc.*,
    518 U.S. 415 (1996) ...................................................................................9

*Hart v. Massanari*,
    266 F.3d 1155 (9th Cir. 2001) ....................................................................9

*Hernandez v. Robles*,
    855 N.E.2d 1 (N.Y. 2006) ...........................................................................7

*Hodgson v. United Mine Workers*,
    473 F.2d 118 (D.C. Cir. 1972) ....................................................................5

*In re Marriage Cases*,
    183 P.3d 384 (Cal. 2008) ....................................................................3, 7, 8

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ...................................................................13

*Legal Aid Soc'y of Alameda County v. Brennan*,
    608 F.2d 1319 (9th Cir.1979) ......................................................................5

*Lockyer v. City & County of San Francisco*,
    95 P.3d 459 (Cal. 2004) ...........................................................................7, 9

*Mi Pueblo San Jose, Inc. v. City of Oakland*,
    No. C 06-4094 VRW, 2007 WL 578987 at *8 (N.D. Cal. Feb. 21, 2007) ....................12

*Park & Tilford v. Schults*,
    160 F.2d 984 (2d Cir. 1947) ........................................................................5

*Pellegrino v. Nesbit*,
    203 F.2d 463 (9th Cir.1953) ........................................................................5

*PG&E v. County of Stanislaus*,
    947 P.2d 291 (Cal. 1997) .............................................................................9

*Portland Audobon Soc'y v. Hodel*,
    866 F.2d 302 (9th Cir. 1989) ........................................................................................... 8

*Richardson v. Ramirez*,
    418 U.S. 24 (1974) ................................................................................................. 10, 11

*Smelt v. County of Orange*,
    447 F.3d 673 (9th Cir. 2006) ........................................................................................... 7

*Starbuck v. City and County of San Francisco*,
    556 F.2d 450 (9th Cir. 1977) ......................................................................................... 10

*Strauss v. Horton*,
    207 P.3d 48 (Cal. 2009) ............................................................................................... 4, 9

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ..................................................................... 4, 6, 7, 11, 12

*Thomas v. Mundell*,
    572 F.3d 756 (9th Cir. 2009) ........................................................................................... 9

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977) ......................................................................................................... 5

*United States Casualty Co. v. Taylor*,
    64 F.2d 521 (4th Cir. 1933) ............................................................................................ 5

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ....................................................................................... 12

*Utah Assoc. of Counties v. Clinton*,
    255 F.3d 1246 (10th Cir. 2001) ...................................................................................... 8

*Yniguez v. Arizona*,
    939 F.2d 727 (9th Cir.1991) ............................................................................................ 5

# STATUTES

18 U.S.C. § 401 ....................................................................................................8

Cal. Const. art. 20, § 3 .........................................................................................9

Cal. Const. art. I, § 7.5 ........................................................................................4

Cal. Family Code § 350 .....................................................................................3, 7

Cal. Family Code § 400 .....................................................................................3, 7

Cal. Family Code § 401(a) ..............................................................................1, 3, 7

Cal. Gov't Code § 24000(c) .................................................................................3

Cal. Gov't Code § 25300 .....................................................................................3

California Health & Safety Code § 102285 ..........................................................7

California Health & Safety Code § 102295 ..........................................................7

Gov. Code § 25203 ...........................................................................................3, 9

Gov't Code § 24100 ..........................................................................................1, 3

Gov't Code § 24101 ..........................................................................................1, 3

Gov't Code § 25303 ..........................................................................................1, 7

# RULES

Fed. R. Civ. P. 24(b) ..........................................................................................12

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**                                           09-CV-2292 VRW
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

**INTRODUCTION**

Proposed Intervenors seek to intervene to defend Proposition 8 because their presence may be necessary to ensure the opportunity for appellate review in the event this Court determines that Proposition 8 is unconstitutional. With the Attorney General asserting an active position against Proposition 8 and the Governor and other Government defendants representations in this case, this case presents the truly extraordinary situation of a constitutional provision without a single governmental defender. And although the official ballot proponents of Proposition 8 (the "Official Proponents") have properly intervened and offered a vigorous defense of Proposition 8, their Article III standing to appeal has been called into question. Given the present posture of the parties, it is thus possible that if this Court determines that Proposition 8 is unconstitutional, there may be no party that is both willing and able to appeal that ruling. We respectfully submit that, despite the January trial date, the proposed intervention should be granted to avoid that possiblity. For regardless of how this Court rules, the momentous issues in this case – which have statewide and potentially national implications – surely warrant review and definitive resolution by the Court of Appeals and perhaps even the Supreme Court.

Proposed Intervenors have significantly protectable interests that satisfy the requirements for intervention. The County's clerk and deputy clerks are "commissioner[s] of civil marriages." (Cal. Family Code § 401(a); Gov't Code §§ 24100, 24101.) As the Deputy Clerk and Deputy Commissioner of Civil Marriages, Proposed Intervenor Isabel Vargas issues marriage licenses and performs marriages and thus will be directly affected in the performance of their duties if Proposition 8 is ruled unconstitutional and the state officials bound by that ruling seek to compel statewide compliance with it (as there is every reason to expect that they would). The Board in turn oversees County clerks to ensure that marriage laws are faithfully executed. (Gov't Code § 25303.)

The July 24, 2009 deadline for intervention is no bar to this motion because there is no prejudice. The proposed intervention will neither disrupt the trial schedule nor burden the parties. The County will not conduct any discovery and does not intend seek to introduce any

1

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**                 09-CV-2292 VRW

1   evidence at trial.  And while it has no known information relevant to this case, it will cooperate
2   in any way possible to expeditiously comply with any reasonable discovery requests.  Further,
3   although Proposed Intervenors reserve the right to participate in future briefing, they will most
4   likely join the substantive arguments of the Official Proponents in proceedings before this
5   Court.  In short, the purpose of this intervention is not to introduce new substantive elements
6   into this case but simply to protect Proposed Intervenors' interests as a local government
7   agency and ensure the possibility of appellate review of the important questions presented in
8   this case, regardless of its outcome in this Court.

9                                    **PROCEDURAL HISTORY**

10          Plaintiffs filed suit on May 22, 2009, asserting claims against various California state
11   and local officials, including the County Clerks of the County of Alameda and the County of
12   Los Angeles.  The Court ordered that all motions to intervene be filed by July 24, 2009.  *See*
13   Doc. #104.   The Official Proponents and the City and County of San Francisco ("San
14   Francisco") moved for intervention before that deadline and were permitted to intervene.

15          On August 14, 2009, San Francisco forcefully asserted that the Official Proponents lack
16   Article III standing to defend Proposition 8 (Doc. #148 at 10) and thus would not be able to
17   independently appeal from an adverse decision.

18          If true, this assertion raises serious concerns because none of the Government
19   defendants is actively defending Proposition 8.  The County Clerks from Alameda and Los
20   Angeles Counties ("Defendant County Clerks") have indicated that they do not intend to take
21   an active role in defending Proposition 8.  *See* Doc. #126 at 2 ("at present do not anticipate
22   presenting evidence to the Court or making any motions").  The Governor has acknowledged
23   the importance of the issues but is not actively defending the case.  *See* Doc. #46 at 2
24   (Administration does not deny Plaintiff's allegations; states only that "Complaint presents
25   important constitutional questions that require and warrant judicial determination").  And the
26   Attorney General has taken the almost unprecedented step of affirmatively aligning himself
27   with Plaintiffs' position that Proposition 8 is unconstitutional.  Doc. #39 at 2 (agreeing with
28   Plaintiffs that "[t]aking from same-sex couples the right to civil marriage that they previously

2

1   possessed under California's Constitution cannot be squared with the guarantees of the
2   Fourteenth Amendment").

3       The effect of the unique posture of this case thus may be that no party defendant with
4   Article III standing would be willing to notice an appeal if this Court rules that Proposition 8 is
5   unconstitutional, let alone seek Supreme Court review if the Court of Appeals issues such a
6   ruling.

7   <center>FACTS</center>

8       County clerks and their deputies are designated by state law as "commissioner[s] of
9   civil marriages." (Cal. Family Code § 401(a) ; Cal. Gov't Code §§ 24100, 24101.) Such
10  clerks issue marriage licenses (Cal. Family Code § 350), and perform civil marriages (*id.* §
11  400). Isabel Vargas is the Deputy Clerk/Deputy Commissioner of Civil Marriages for the
12  County. Her legal duties include those of the County Clerk in respect to marriage. (Cal. Gov't
13  Code §§ 24100 - 24101.) In the 1970s after several same-sex couples requested marriage
14  licenses from county clerks, the County Clerks' Association of California requested that the
15  Legislature amend the law to clarify that California authorizes marriage only between a man
16  and a woman. *See In re Marriage Cases*, 183 P.3d 384, 409 (Cal. 2008). In the *Marriage*
17  *Cases*, the California Supreme Court held that State laws limiting marriage to "a man and a
18  woman" violated the California Constitution. The court directed the appropriate state officials
19  "to ensure that county clerks …, in performing their duty to enforce the marriage statutes in
20  their jurisdiction, apply those provisions in a manner consistent with the decision of this
21  court." *Id.* at 453.

22      The County's board of supervisors has the statutory duty to "supervise the official
23  conduct of all county officers," including county clerks and their deputies, and "see that they
24  faithfully perform their duties" under the law. (Cal. Gov't Code §§ 25300, 24000(c).) As with
25  other County officials, the Board also allocates resources for and prescribes the compensation
26  of county clerks (*see id.* § 25300) and directs and controls the conduct of litigation involving
27  the office of county clerk (*id.* § 25203).
28  ///

<center>3</center>

1    In November 2008, California voters approved Proposition 8, which amended the
2    California Constitution to provide:  "Only marriage between a man and a woman is valid or
3    recognized in California."   (Cal. Const. art. I, § 7.5.)   On May 26, 2009, the California
4    Supreme Court upheld Proposition 8 as a validly enacted amendment to the Constitution.  *See*
5    *Strauss v. Horton*, 207 P.3d 48 (Cal. 2009).  Plaintiffs now seek a declaration that Proposition
6    8 violates the United States Constitution.

## ARGUMENT

### I.   Proposed Intervenors Are Entitled to Intervene as of Right.

9    Four requirements must be satisfied to intervene as a matter of right under Fed. R. Civ.
10   P. 24(a)(2):  (1) the application for intervention must be timely; (2) the applicant must have a
11   "significantly protectable" interest relating to the subject of the action; (3) the disposition of
12   the action might, as a practical matter, impair the applicant's ability to protect that interest; and
13   (4) the applicant's interest might be inadequately represented by the existing parties.  *Sw. Ctr.*
14   *for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001).   Each of these
15   requirements must be evaluated liberally in favor of intervention:

> A liberal policy in favor of intervention serves both efficient resolution of issues and
> broadened access to the courts.  By allowing parties with a practical interest in the
> outcome of a particular case to intervene, [the court] often prevent[s] or simplif[ies]
> future litigation involving related interests; at the same time, [the court] allow[s] an
> additional interested party to express its views . . . .

*City of Los Angeles*, 288 F.3d at 398.

21   In reviewing these factors, "a district court is required to accept as true the
22   nonconclusory allegations made in support of an intervention motion."  *Berg*, 268 F.3d at 819.
23   The County satisfies all four requirements.

### A.   Proposed Intervenors Have Timely Filed This Motion.

25   Three criteria determine the timeliness of a motion to intervene:  (1) the stage of the
26   proceedings; (2) the reason for delay, if any, in moving to intervene; and (3) prejudice to the
27   parties.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).  The court
28   ///

---

4

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**                    09-CV-2292 VRW
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

1  may permit intervention at any stage in the proceeding, including post-judgment. *See, e.g.,*
2  *U.S. v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

3       This motion is timely notwithstanding the July 24, 2009 deadline for intervention
4  motions:

5       (1)    The trial is still a month away, no judgment has been entered, and while the
6  official discovery deadline has passed, discovery appears to be continuing on a variety of
7  fronts. The limited purpose of this intervention is to ensure that Proposition 8 is adequately
8  defended from the perspective of a local governmental agency and to ensure that there is a
9  defendant willing and able to appeal a ruling against Proposition 8, an interest that can easily
10  be accommodated at this stage of the litigation.

11       Indeed, courts frequently permit intervention even after trial for the purpose of
12  appealing an adverse ruling. *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385
13  (1977); *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir.1991); *Legal Aid Soc'y of Alameda County*
14  *v. Brennan*, 608 F.2d 1319, 1328 (9th Cir.1979); *Pellegrino v. Nesbit*, 203 F.2d 463 (9th
15  Cir.1953); *Hodgson v. United Mine Workers*, 473 F.2d 118 (D.C. Cir. 1972), *United States*
16  *Casualty Co. v. Taylor*, 64 F.2d 521 (4th Cir. 1933), and *American Brake Shoe & Foundry Co.*
17  *v. Interborough Rapid Transit Co.*, 3 F.R.D. 162 (S.D.N.Y.1942). As the Ninth Circuit has
18  explained, "[i]ntervention should be allowed even after a final judgment where it is necessary
19  to preserve some right which cannot otherwise be protected [such as] the right to appeal from
20  the judgments entered on the merits by the District Court." *Pellegrino v. Nesbit*, 203 F.2d 463,
21  465-66 (9th Cir. 1953)  (citations omitted); *see also Alameda Newspapers, Inc. v. City of*
22  *Oakland*, 95 F.3d 1406, 1412 n.8 (9th Cir. 1996) ("the Guild's right to intervene
23  [postjudgment] for the purpose of appealing is well established"); *Park & Tilford v. Schults*,
24  160 F.2d 984 (2d Cir. 1947) (post-judgment motion to intervene was timely where purpose
25  was to appeal adverse ruling). Allowing intervention to facilitate appellate review is
26  especially appropriate where a substantial question, such as the constitutionality of Proposition
27  8, might otherwise be left unsettled. *See Associated Builders and Contractors, Saginaw Valley*
28  *Area Chapter v. Perry*, 115 F.3d 386, 391 (6th Cir. 1997) ("The existence of a substantial

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

unsettled question of law is a proper circumstance for allowing intervention and appeal. [citation omitted]   Where such uncertainty exists, one whose interests have been adversely affected by a district court's decision should be entitled to receive the protection of appellate review.") (internal quotation marks omitted).

(2)     There is thus good cause for the delay, especially in this extraordinary situation. The County only recently became aware of the positions taken by the Attorney General, Governor, and Defendant County Clerks, and of San Francisco's argument that the Official Proponents lack Article III standing and thus could not independently appeal an adverse ruling.   *See* Declaration of Wally Leimgruber, ¶¶ 2-4.   While Proposed Intervenors have proceeded expeditiously to intervene since learning of these circumstances, the process of obtaining County approval for litigation is of necessity time-consuming and cumbersome.   *Id.* ¶¶ 4, 6-7.   Further, while this case has moved quickly toward trial in accordance with the expedited schedule adopted by this Court, it is still only months since the action was filed.

(3)     Allowing intervention will not cause delay or prejudice the parties.   Proposed Intervenors do not seek any change to the current scheduling order.   Although they reserve the right to submit post-trial briefing if necessary, Proposed Intervenors will not take discovery, does not intend to offer evidence at trial, or otherwise actively participate in trial proceedings. *See id.* ¶ 8.   Discovery directed to the Proposed Intervenors should therefore be unnecessary— they possess no information relevant to plaintiffs' claims.   But in any event, Proposed Intervenors will respond as promptly as possible to any reasonable discovery request.   Again, the purpose of the intervention is to address potential problems with standing to appeal, not to inject another active party into these proceedings at trial.

## B.     Proposed Intervenors Have a Significantly Protectable Interest in the Subject of this Action.

Whether a proposed intervenor has a significantly protectable interest is a "practical, threshold inquiry," and "[n]o specific legal or equitable interest need be established." *Berg*, 268 F.3d at 818 (quotations omitted).   "It is generally enough that the interest asserted is ///

1    protectable under some law, and that there is a relationship between the legally protected

2    interest and the claims at issue." *Id.* (quotations and alterations omitted).

3       Proposed Intervenors have such an interest. The County's Board of Supervisors has

4    ultimate responsibility to ensure that county clerks and their deputies faithfully perform their

5    legal duties, including those relating to marriage. (Cal. Gov't Code § 25303.) County clerks

6    and their deputies have the practical, day-to-day responsibilities relating to new marriages.

7    They are designated as "commissioner[s] of civil marriages." (Cal. Family Code § 401(a).)

8    They issue marriage licenses (*id.* § 350), perform civil marriages (*id.* § 400), and maintain vital

9    marriage records (*id.* § 511(a); *see also* California Health & Safety Code §§ 102285, 102295).

10   *See also* Declaration of Isabel Vargas, ¶ 1. Their direct interest in the same-sex marriage

11   debate itself is longstanding, dating at least to the 1970s when the County Clerks' Association

12   successfully petitioned the Legislature to amend the law to clarify that marriage is only

13   between a man and a woman. *See In re Marriage Cases*, 183 P.3d 384, 409 (Cal. 2008).

14   Hence, it is no surprise that plaintiffs themselves named two county clerks as defendants in

15   this action. Doc. #1 ¶¶ 16-18 (Defendant County Clerks are "responsible for maintaining vital

16   records of marriage, issuing marriage licenses, and performing civil marriage ceremonies" and

17   "are responsible for the enforcement of Prop. 8"). County clerks are frequently defendants in

18   same-sex marriage litigation. *See, e.g., Smelt v. County of Orange*, 447 F.3d 673 (9th Cir.

19   2006) (lawsuit against Orange County clerk for injunction and declaratory relief that

20   California law prohibiting same-sex marriage was unconstitutional); *Lockyer v. City & County*

21   *of San Francisco*, 95 P.3d 459 (Cal. 2004) (county clerks sued for issuing same-sex marriage

22   licenses); *Conaway v. Deane*, 932 A.2d 571 (Md. 2007) (same-sex couples sue county clerks

23   for refusing to issue marriage licenses); *Hernandez v. Robles*, 855 N.E.2d 1 (N.Y. 2006)

24   (same).

25       Any injunctive relief granted by this Court would directly affect the Clerk's

26   performance of her legal duties and the legal duty of the Board to oversee and supervise

27   County clerks and to ensure that the laws are faithfully executed. *See, e.g.,* Declaration of

28   Isabel Vargas, ¶ 3. Plaintiffs seek to enjoin all relevant state officials from enforcing

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**      09-CV-2292 VRW

Proposition 8 and, ultimately, to require them to issue such orders as may be necessary to ensure that all county clerks across California issue marriage licenses to same-sex couples. Doc #1 ¶ 36; *cf. In re Marriage Cases*, 183 P.3d at 453 (directing state officials "to ensure that county clerks …, in performing their duty to enforce the marriage statutes in their jurisdiction, apply those provision in a manner consistent with the decision of this court").

As a practical matter, the outcome of this action will affect Proposed Intervenors' ability to comply with Proposition 8 and/or subject them to conflicting duties. As in *American Association of People with Disabilities v. Herrera*, 257 F.R.D. 236 (D.N.M. 2008), the Clerks' interest in the effective performance of their duties and the threat of an injunction impacting those duties— either from a federal District Court or the California Superior Court seeking to enforce an order from the Attorney General or other state officials—justify intervention.  In *Herrera*, which involved a challenge to a New Mexico state voter-registration law, the court permitted a county clerk to intervene:

> If the injunction was issued, Coakley [the county clerk] would be prohibited from performing certain electoral duties that New Mexico law requires.  This direct effect on what Coakley can and cannot do as a county clerk is the direct and substantial effect that is recognized as a legally protectable interest under rule 24(a).

*Id*. at 256 (citing *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001)); *see also Bogaert v. Land*, 2008 WL 2952006 (W.D. Mich. July 29, 2009) (county clerks permitted to intervene where plaintiffs sought injunction that would change clerks' obligations in administering a recall election).

The threat of injunction alone gives Proposed Intervenors a direct interest in this litigation sufficient to warrant intervention.  *See Portland Audobon Soc'y v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989) (where plaintiff sought injunction, "the governmental bodies charged with compliance can be the only defendants").  Violation of such an order could lead to civil or even criminal liability.  *See* 18 U.S.C. § 401 (authorizing criminal contempt for violation of a court order).

///

More broadly, the Board and Clerks have a sworn duty to uphold and defend the California Constitution, which includes both Proposition 8 and the "precious" initiative right by which it was enacted. *See* Cal. Const. art. 20, § 3; *Associated Home Builders, Inc. v. City of Livermore*, 557 P.2d 473, 477 (Cal. 1976) (describing initiative right as "one of the most precious rights of our democratic process"). To be sure, the duties of county clerks with respect to marriage are largely ministerial, and county clerks are not independent judges of the constitutionality of state law. *See Lockyer v. City & County of San Francisco*, 95 P.3d 459 (Cal. 2004). But Proposition 8 has been upheld by the California Supreme Court as a valid constitutional amendment (*Strauss*, 207 P.3d 48) and yet is undefended by state officials. Moreover, the voters of Imperial County overwhelmingly supported Proposition 8 by a margin of approximately 70% to 30%. *See* Declaration of Wally Leimgruber, ¶ 5. Proposed Intervenors thus have a strong interest in defending Proposition 8.[2]

Finally, the weighty constitutional questions presented by this case plainly warrant definitive resolution by the Ninth Circuit and perhaps even the Supreme Court. The judgments of federal district courts have no precedential effect except on the parties. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) (federal trial court decisions are not binding precedent). Every federal district court judge "sits alone and renders decisions not binding on the others," even within the same district. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 430 n.10 (1996). "The doctrine of stare decisis does not compel one district court judge to follow the decision of another." *Starbuck v. City and County of San Francisco*, 556 F.2d

---

[2] The Board and Clerks seek to intervene to defend the State Constitution, as their oaths of office require. This is fundamentally different from officials who refuse to enforce or seek to void a law they are obligated to enforce simply because they personally believe the law is unconstitutional. *See, e.g., City of South Lake Tahoe v. California Tahoe Regional Planning Agency*, 625 F.2d 231 (9th Cir. 1980); *Thomas v. Mundell*, 572 F.3d 756 (9th Cir. 2009); *Lockyer v. City & County of San Francisco*, 95 P.3d 459 (Cal. 2004). A local official cannot turn on its creator. That is why the Official Proponents objected to intervention by San Francisco in this matter. Moreover, in *PG&E v. County of Stanislaus*, 947 P.2d 291 (Cal. 1997), the California Supreme Court held that a county could assert an independent legal position in litigation than taken by the State. The Court expressly rejected the contrary argument by the Attorney General (who intervened in that case) that the Attorney General could override the county. "California law . . . explicitly provides that a county's board of supervisors, not the state Attorney General, directs and controls litigation in which a county is a party (Gov. Code § 25203), and that county counsel, not the state Attorney General, ordinarily represents counties in civil actions (*id.* 26529)." *Id.* at 300-01.

9

1   450, 457 (9th Cir. 1977). The opportunity for appellate review is critical. "In the judicial

2   scheme of things, a district court decision which has not withstood the acid test of appellate

3   review cannot be regarded as authoritative ...." *Bank of Marin v. England*, 352 F.2d 186, 189

4   n.1 (9th Cir. 1965.)

5          Given the passive or outright hostile positions of the government defendants, however,

6   it is very uncertain whether any would notice an appeal from a decision invalidating

7   Proposition 8, let alone seek Supreme Court review of a decision for plaintiffs issued by the

8   Court of Appeals. Further, San Francisco has argued that the Official Proponents lack Article

9   III standing and thus may not notice an independent appeal. (Doc. #148 at 10) If true, the

10  alarming implication is that a ruling declaring Proposition 8 unconstitutional may be

11  effectively unappealable. The result would be legal uncertainty and confusion. *See*

12  Declaration of Isabel Vargas, ¶¶ 3-4. Would the County and its officials, though not parties to

13  this action, be bound by the ruling of a single district court? State officials would likely direct

14  county clerks to comply with such a ruling, but if State officials sought to enforce that

15  directive or the County and its officials challenged the legal basis of such a directive in state

16  court, that court would not be bound by this Court's decision on the constitutionality of

17  Proposition 8. By ensuring the possibility of appellate review regardless of how this Court

18  rules on plaintiffs' claims, the proposed intervention would help ensure a definitive and

19  authoritative determination of the constitutionality of Proposition 8.

20         The holding in *Richardson v. Ramirez*, 418 U.S. 24 (1974), supports intervention under

21  these circumstances. There, ex-felons sued three county election officials, challenging

22  California's constitutional provision prohibiting ex-felons from voting. When all three

23  officials indicated that they would allow the ex-felons to register and vote, essentially mooting

24  the dispute, and after it appeared that the Secretary of State would not be contesting the claims,

25  the County Clerk of Mendocino County filed a complaint in intervention, alleging that the suit

26  was collusive. The California Supreme Court ordered that the clerk be added as a party

27  defendant. She then became the defendant that appealed the action to the United States

28  Supreme Court, which upheld the law. Rejecting Article III concerns, the Supreme Court

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**                                    09-CV-2292 VRW
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

opined that, without the opportunity to appeal, the intervening clerk and all other county clerks in the state would have been "permanently bound" by a decision of the California Supreme Court on a matter of federal constitutional law. *Id.* at 35. Similar reasoning applies here.

Proposed Intervenors thus have significantly protectable interests in this action.

### C.     The Court's Ruling Might Impair Proposed Intervenors' Significantly Protectable Interest.

As *Berg* held, the Ninth Circuit " follow[s] the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes). As demonstrated above, the outcome of this action will, as a practical matter, affect Proposed Intervenors' ability to comply with Proposition 8 and/or subject them to conflicting duties. This requirement is thus plainly met.

### D.     The Existing Parties Will Not Adequately Represent Proposed Intervenors' Interests.

The burden of showing inadequacy of representation by existing parties is "'minimal'"; "the applicant need only show that the representation of its interests by existing parties 'may be' inadequate." *Berg*, 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Courts consider the following three factors:

> (1)    Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceedings that other parties would neglect.

*Id.* at 822.

The Attorney General and the Governor have taken positions on the constitutionality of Proposition 8 that render them inadequate to represent Proposed Intervenors' interests. And while similarly situated to Proposed Intervenors, Defendant County Clerks are likewise unwilling to mount an active defense. Doc. #126 at 2 ("the County Clerks at present do not anticipate presenting evidence to the Court or making any motions.").

---

11

Further, while Proposed Intervenors will largely rely upon  the Official Proponents' substantive defense of Proposition 8 for evidentiary purposes, County officials, not the Official Proponents, are charged with complying with the marriage laws and thus may be subject to injunctions in the event it is struck down.  A party with a direct stake in the enforcement and administration of California's marriage laws that is willing to defend Proposition 8 should be represented in this action.  *Cf.* Doc. # 160 at 2 (allowing City and County of San Francisco to intervene "to present issue of alleged effect [of Proposition 8] on governmental interests").  Most important, if the Official Proponents lack standing to appeal from a ruling that Proposition 8 is unconstitutional, their presence in the lawsuit may be insufficient to fully protect Proposed Intervenors' interest in this action.

In short, given that Proposed Intervenors' presence may be critical to ensure the possibility of appellate review of this Court's decision and to avoid the potential for confusion and conflicting duties discussed above, there is plainly "sufficient doubt about the adequacy of representation to warrant intervention." *Berg*, 268 F.3d at 824 (quotation omitted).

## II.    Alternatively, Proposed Intervenors Are Entitled to Permissive Intervention.

Courts have broad discretion to grant permissive intervention under Fed. R. Civ. P. 24(b).  Unlike intervention as of right, a significantly protectable interest is not required.  *See Employee Staffing Services, Inc. v. Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994).  "[A] court may grant permissive intervention where the applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).  Proposed Intervenor meets each of these requirements.

First, relying on Ninth Circuit precedent, this Court recognizes that independent grounds for jurisdiction exist "when a party seeks to join claims already before the court and does not seek to interject new claims." *Mi Pueblo San Jose, Inc. v. City of Oakland*, No. C 06-4094 VRW, 2007 WL 578987 at *8 (N.D. Cal. Feb. 21, 2007) citing *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977).  Under these precedents, this requirement is satisfied here.

1    Second, as discussed, this motion is timely.  *See League of United Latin Am. Citizens v.*

2    *Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (court considers same three timeliness factors for

3    permissive intervention as it does for mandatory intervention).

4    Third, Proposed Intervenors' defenses to plaintiffs' claims present questions of law and

5    fact in common with all the defendants, especially the Defendant County Clerks, although

6    those defenses will not be raised by the other government defendants.  Our position on the

7    merits will diverge from the Defendant County Clerks, but will largely rely upon the able

8    defense of Proposition 8 already set forth by the Official Proponents.

9    Proposed Intervenors thus meet the requirements for permissive intervention.

**CONCLUSION**

11   The motion to intervene should be granted.

12   DATED:  December 15, 2009                ADVOCATES FOR FAITH AND FREEDOM
                                              ATTORNEYS FOR PROPOSED
13                                            INTERVENORS COUNTY OF IMPERIAL
                                              OF THE STATE OF CALIFORNIA, BOARD
14                                            OF SUPERVISORS OF IMPERIAL
                                              COUNTY, AND ISABEL VARGAS IN HER
15                                            OFFICIAL CAPACITY AS DEPUTY
                                              CLERK/DEPUTY COMMISSIONER OF
16                                            CIVIL  MARRIAGES FOR THE COUNTY
17                                            OF IMPERIAL
18

19

20

21                                            By:_____
22                                                Jennifer L. Monk
23

24

25

26

27

28

**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE,**                                      09-CV-2292 VRW
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

## DECLARATION OF SERVICE

I, Jennifer L. Monk, declare as follows:

I am employed in the State of California; I am over the age of eighteen years and am not a party to this action; my business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562. On December 15, 2009, I served the following document(s):

1. **PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE;**
2. **DECLARATION OF WALLY LEIMGRUBER IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE;**
3. **DECLARATION OF ISABEL VARGAS IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE; AND**
4. **[PROPOSED] ORDER GRANTING MOTION TO INTERVENE.**

on the parties stated below by the following means of service:

Kenneth C. Mennemeier
Andrew W. Stroud
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
kcm@mgslaw.com
gosling@mgslaw.com
aknight@mgslaw.com
stroud@mgslaw.com
lbailey@mgslaw.com

*Attorneys for the Administration Defendants*

Gordon Burns
Tamar Pachter
OFFICE OF THE ATTORNEY GENERAL
1300 I Street, Suite 125
P.O Box. 944255
Sacramento, CA  94244-2550
Gordon.Burns@doj.ca.gov
Tamar.Pachter@doj.ca.gov

*Attorneys for Defendant Attorney General Edmund G. Brown, Jr.*

Dennis J. Herrera
Therese M. Stewart
OFFICE OF THE CITY ATTORNEY
City Hall, Room 234
One Dr. Carlon B. Goodlett Place
San Francisco, California 94102-4682
therese.stewart@sfgov.org
erin.bernstein@sfgov.org
vince.chhabria@sfgov.org

Elizabeth M. Cortez
Judy W. Whitehurts
THE OFFICE OF CITY COUNSEL
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA  90012-2713
jwhitehurst@counsel.lacounty.gov

*Attorneys for Defendant Dean C. Logan*

18

danny.chou@sfgov.org
ronald.flynn@sfgov.org
mollie.lee@sfgov.org
Christine.van.aken@sfgov.org
catheryn.daly@sfgov.org

*Attorneys for Plaintiff-Intervenor City and
County of San Francisco*

Richard E. Winnie
Brian E. Washington
Claude F. Kolm
Manuel F. Martinez
THE OFFICE OF CITY COUNSEL
1221 Oak Street, Suite 450
Oakland, California 94612
Brian.washington@acgov.org
Claude.kolm@acgov.org
Manuel.martinez@acgov.org
Judith.martinez@acgov.org

*Attorneys for Defendant Patrick O'Connell
Clerk Recorder of the County of Alemeda*

*Registrar-Recorder/County Clerk, County
of Los Angeles*

Ted Olson
Matthew McGill
Amir Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
T: (202) 955-8500
F: (202) 467-0539
TOlson@gibsondunn.com
MMcGill@gibsondunn.com
ATayrani@gibsondunn.com

Theodore Boustrous, Jr.
Christopher Dusseault
Theane Kapur

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90072-1512
T: (213) 229-7000
F: (213) 229-7520
TBoutrous@gibsondunn.com
CDusseault@gibsondunn.com
TKapur@gibsondunn.com
SMalzahn@gibsondunn.com

Ethan Dettmer
Enrique Monagas
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
T: (415) 393-8200
F: (415) 393-8306
EDettmer@gibsondunn.com
SPiepmeier@gibsondunn.com

19

**DECLARATION OF SERVICE**

09-CV-2292 VRW

1

EMonagas@gibsondunn.com
RJustice@gibsondunn.com
MJanky@gibsondunn.com

2

3

4

5

6

Theodore Uno
BOIES, SCHILLER & FLEXNER LLP

7

1999 Harrison Street, Suite 900

8

Oakland, CA 94612
T: (510) 874-1000

9

F: (510) 874-1460

10

jgoldman@bsfllp.com

11

tuno@bsfllp.com
brichardson@bsfllp.com

12

rbettan@bsfllp.com
jischiller@bsfllp.com

13

14

*Attorneys for Plaintiff Kristin M. Perry*

15

**BY ELECTRONIC MAIL:**  I caused the following documents to be transmitted via

16

electronic mail to the attorneys of record at the email addresses listed above pursuant to an

17

agreement in writing between the parties that such service is appropriate under Federal Rule of

18

Civil Procedure 5(b)(2)(E).

19

I declare under penalty of perjury that the foregoing is true and correct, and that this

20

Declaration was executed in Murrieta, California, December 15, 2009.

21

22

23

24

_____
Jennifer L. Monk

25

26

27

28

20

**DECLARATION OF SERVICE**

09-CV-2292 VRW