1  ADVOCATES FOR FAITH AND FREEDOM
2  Robert H. Tyler (CA Bar No. 179572)
   *rtyler@faith-freedom.com*
3  *Jennifer L. Monk (CA Bar No. 245512)
   *jmonk@faith-freedom.com*
4  24910 Las Brisas Road, Suite 110
5  Murrieta, California 92562
   Telephone:951-304-7583; Facsimile: 951-600-4996
6

7  *Application Pending for Admission to U. S. District Court, Northern District of California*

8  ATTORNEYS FOR PROPOSED INTERVENORS COUNTY OF IMPERIAL
9  OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL
   COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY
10 CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF
11 IMPERIAL

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15 KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, | CASE NO. 09-CV-2292 VRW |
| 16 | |
| 17              Plaintiffs, | **[PROPOSED] ANSWER TO PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT IN INTERVENTION OF PROPOSED INTERVENORS COUNTY OF IMPERIAL, THE BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL** |
| 18 CITY AND COUNTY OF SAN FRANCISCO, | |
| 19              Plaintiff-Intervenor, | |
| 20 | |
| 21          v. | |
| 22 ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; | |
| 23 | |
| 24 | |
| 25 | Date: January 21, 2010 |
| 26 | Time: 10:00 a.m. |
| 27 | Judge: Chief Judge Vaughn R. Walker |
| 28 | Location: Courtroom 6, 17th Floor |

1

1  PATRICK O'CONNELL, in his official capacity
   as Clerk-Recorder for the County of Alameda; and
2  DEAN C. LOGAN, in his official capacity as
   Registrar-Recorder/County Clerk for
3  the County of Los Angeles,

4
                    Defendants,
5

6  DENNIS   HOLLINGSWORTH,   GAIL   J.
   KNIGHT, MARTIN F. GUTIERREZ, HAK-
7  SHING  WILLIAM  TAM,  and  MARK  A.
   JANSSON,  as  official  proponents  of
8  Proposition 8,

9
               Defendant-Intervenors,
10

11 PROPOSED  INTERVENORS  COUNTY  OF
   IMPERIAL OF THE STATE OF CALIFORNIA,
12 BOARD  OF  SUPERVISORS  OF  IMPERIAL
   COUNTY, AND ISABEL VARGAS IN HER
13 OFFICIAL   CAPACITY   AS   DEPUTY
   CLERK/DEPUTY COMMISSIONER OF CIVIL
14 MARRIAGES   FOR   THE   COUNTY   OF
   IMPERIAL
15

16
               Proposed-Intervenors
17

18      Proposed Intervenors, the County of Imperial of the State of California, the Board of

19 Supervisors of Imperial County, and Isabel Vargas in her official capacity as Deputy

20 Clerk/Deputy Commissioner of Civil Marriages for the County Of Imperial, by and through

21 counsel, answer Plaintiff-Intervenor's Complaint for Declaratory, Injunctive, or Other Relief

22 as follows:

23      1.    Proposed Intervenors deny the allegations in Paragraph 1 of Plaintiff-

24 Intervenor's Complaint except to admit that before the enactment of Proposition 8, the

25 California Supreme Court in *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008), interpreted the

26 California Constitution to require the state government to issue marriage licenses to same-sex

27 couples, and to admit that in November 2008, the people of California approved Proposition 8,

28 ///

**PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO**
**PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT**                    09-CV-2292 VRW

1  which amended the California Constitution to state that "[o]nly a marriage between a man and

2  a woman is valid or recognized in California." Cal. Const. art. I, § 7.5.

3      2.    Paragraph 2 of Plaintiff-Intervenor's Complaint is a request for relief that does

4  not require a response. To the extent that a response is required, Proposed Intervenors deny

5  that Plaintiff-Intervenor is entitled to the relief requested.

6      3.    Paragraph 3 of Plaintiff-Intervenor's Complaint incorporates Paragraphs 3 and 4

7  of Plaintiffs' Complaint; thus, Proposed Intervenors likewise incorporate their responses to

8  Paragraphs 3 and 4 of Plaintiffs' Complaint.

9      4.    Proposed Intervenors acknowledge, as indicated in Paragraph 4 of Plaintiff-

10  Intervenor's Complaint, that Plaintiff-Intervenor asserts claims for declaratory relief under the

11  Fourteenth Amendment to the United States Constitution, but deny that Plaintiff-Intervenor is

12  entitled to such relief.

13      5.    Proposed Intervenors acknowledge, as indicated in Paragraph 5 of Plaintiff-

14  Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against Proposition 8 for

15  declaratory and injunctive relief under the Fourteenth Amendment to the United States

16  Constitution, but deny that Plaintiff-Intervenor is entitled to such relief.

17      6.    Proposed Intervenors acknowledge, as indicated in Paragraph 6 of Plaintiff-

18  Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against California Family Code

19  Sections 300, 301, 308.5 for declaratory and injunctive relief under the Fourteenth

20  Amendment to the United States Constitution, but deny that Plaintiff-Intervenor is entitled to

21  such relief.

22      7.    Proposed Intervenors deny the allegations in Paragraph 7 of Plaintiff-

23  Intervenor's Complaint except to admit that Plaintiff-Intervenor is a unit of local government

24  with the responsibility to issue civil marriage licenses.

25      8.    Proposed Intervenors acknowledge, as indicated in Paragraph 8 of Plaintiff-

26  Intervenor's Complaint, that Plaintiff-Intervenor asserts claims against Proposition 8 for

27  declaratory and injunctive relief under the United States Constitution, but deny that Plaintiff-

28  Intervenor is entitled to such relief. Proposed Intervenors also acknowledge that Plaintiff-

**PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO**
**PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT**    09-CV-2292 VRW

1    Intervenor requests attorneys' fees, costs, and expenses, but deny that Plaintiff-Intervenor is

2    entitled to such relief.

3        9.      Proposed Intervenors admit that Defendant Arnold Schwarzenegger is the

4    Governor of the State of California.  The second and third sentences of paragraph 9 of the

5    Complaint state legal conclusions that do not require a response.  Proposed Intervenors lack

6    sufficient information to respond to the remaining allegations in Paragraph 9 of Plaintiff-

7    Intervenor's Complaint; thus they are deemed denied.

8        10.     Proposed Intervenors admit that Defendant Edmund G. Brown, Jr., is the

9    Attorney General of the State of California.  The second and third sentences of paragraph 10 of

10   Plaintiff-Intervenor's Complaint state legal conclusions that do not require a response.

11   Proposed Intervenors lack sufficient information to respond to the remaining allegations in

12   Paragraph 10 of Plaintiff-Intervenor's Complaint; thus they are deemed denied.

13       11.     Proposed Intervenors admit that Defendant Mark B. Horton is the Director of the

14   California Department of Public Health.   The remaining allegations of paragraph 11 of

15   Plaintiff-Intervenor's Complaint state legal conclusions that do not require a response..

16       12.     Proposed Intervenors admit that Defendant Linette Scott is the Deputy Director

17   of Health Information & Strategic Planning for the California Department of Public Health.

18   Proposed Intervenors lack sufficient information to respond to the remaining allegations in

19   Paragraph 12 of Plaintiff-Intervenor's Complaint; thus they are deemed denied.

20       13.     Proposed Intervenors admit the allegations in Paragraph 13 of Plaintiff-

21   Intervenor's Complaint.

22       14.     Proposed Intervenors admit the allegations in Paragraph 14 of Plaintiff-

23   Intervenor's Complaint.

24       15.     Paragraph 15 of Plaintiff-Intervenor's Complaint purports to incorporate

25   Paragraphs 20-36 of Plaintiffs' Complaint.  Proposed Intervenors object to the extent that

26   Plaintiff-Intervenors' purport to incorporate allegations beyond the scope of the limited

27   intervention permitted by the Court.   In the alternative, Proposed Intervenors likewise

28   incorporate their responses to Paragraphs 20-36 of Plaintiffs' Complaint.

**PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO**
**PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT**                    09-CV-2292 VRW

16. Proposed Intervenors deny the allegations in Paragraph 16 of Plaintiff-Intervenor's Complaint except to admit that city and county officials may not decline to enforce Proposition 8. *See Lockyer v. City and County of San Francisco*, 95 P.3d 459, 473 (Cal. 2004).

17. Proposed Intervenors deny the allegations in Paragraph 17 of Plaintiff-Intervenor's Complaint.

18. Proposed Intervenors deny, as alleged in Paragraph 18 of Plaintiff-Intervenor's Complaint, that discrimination based on sexual-orientation results in an increased use of the services identified in Paragraph 18. Proposed Intervenors lack sufficient knowledge or information to respond to the remaining allegations in that Paragraph; thus those allegations are deemed denied.

19. Proposed Intervenors lack sufficient knowledge or information to respond to the allegations in the first sentence of Paragraph 19 of Plaintiff-Intervenor's Complaint; accordingly those allegations are deemed denied. Proposed Intervenors deny the remaining allegations in Paragraph 19 of Plaintiff-Intervenor's Complaint.

20. Proposed Intervenors deny the allegations in Paragraph 20 of Plaintiff-Intervenor's Complaint.

21. Proposed Intervenors deny the allegations in Paragraph 21 of Plaintiff-Intervenor's Complaint.

22. Proposed Intervenors admit that San Francisco issued marriage licenses to same-sex couples between June 16, 2008 and November 4, 2008. Proposed Intervenors lack sufficient knowledge or information to respond to the remaining allegations in Paragraph 22 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed denied.

23. Proposed Intervenors lack sufficient knowledge or information to respond to the allegations in Paragraph 23 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed denied.

///

///

**PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT**                                    09-CV-2292 VRW

24.     Proposed Intervenors lack sufficient knowledge or information to respond to the allegations in Paragraph 24 of Plaintiff-Intervenor's Complaint; thus those allegations are deemed denied.

25.     Proposed Intervenors object to the allegations in Paragraph 25 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations.

26.     Proposed Intervenors object to the allegations in Paragraph 26 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny any factual allegations in Paragraph 26 of Plaintiff-Intervenor's Complaint.

27.     Proposed Intervenors object to the allegations in Paragraph 27 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations.

28.     Proposed Intervenors object to the allegations in Paragraph 28 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations except to admit that in 1999, the California Legislature passed domestic-partnership legislation, that in subsequent years the California Legislature expanded the rights and responsibilities of domestic partners, that in 2000, Californian voters enacted the statutory initiative known as Proposition 22, *see* Cal. Fam. Code § 308.5, that in May 2008, the California Supreme Court found Proposition 22 to be invalid under the California Constitution, *see In re Marriage Cases*, 183 P.3d 384 (Cal. 2008), and that in November 2008, Californian voters enacted Proposition 8 and thereby amended the California Constitution.

29.     Proposed Intervenors object to the allegations in Paragraph 29 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations.

///

///

30.   Proposed Intervenors object to the allegations in Paragraph 30 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors deny these allegations.

31.   Proposed Intervenors object to the allegations in Paragraph 31 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

32.   Proposed Intervenors object to the allegations in Paragraph 32 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

33.   Proposed Intervenors object to the allegations in Paragraph 33 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors deny these allegations except to admit that in 1999, the California Legislature enacted a law creating domestic partnerships, that California law defines "domestic partners" as "two adults who have chosen to share one another's lives in an intimate and committed relationship of mutual caring," *see* Cal. Fam. Code § 297(a), that in subsequent years the California Legislature expanded the rights and responsibilities of domestic partners, and that California law permits a "domestic partner" to adopt a child of his or her domestic partner, *see* Cal. Fam. Code § 9000(b).

34.   Proposed Intervenors object to the allegations in Paragraph 34 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors deny these allegations.

35.   Proposed Intervenors object to the allegations in Paragraph 35 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court. In the alternative, Proposed Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

///

PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO
PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT                    09-CV-2292 VRW

36.    Proposed Intervenors object to the allegations in Paragraph 36 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

37.    Proposed Intervenors object to the allegations in Paragraph 37 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations.

38.    Proposed Intervenors object to the allegations in Paragraph 38 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors lack sufficient knowledge or information to respond to these allegations; thus they are deemed denied.

39.    Proposed Intervenors object to the allegations in Paragraph 39 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations except to admit that same-sex couples in California employ assisted reproduction, adoption, and foster parenting to bring children into their lives.

40.    Proposed Intervenors object to the allegations in Paragraph 40 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations.

41.    Proposed Intervenors object to the allegations in Paragraph 41 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors deny these allegations except to admit that marriage is a valued social institution and that California law treats married couples differently than unmarried couples in some respects.

42.    Proposed Intervenors object to the allegations in Paragraph 42 of Plaintiff-Intervenor's Complaint on the ground that they go beyond the limited scope of intervention permitted by the Court.  In the alternative, Proposed Intervenors admit that the qualifications for entering into or dissolving a domestic partnership differ in certain respects from the

1  qualifications for entering into or dissolving a marriage, and that there are certain minor

2  differences between the rights and benefits associated with marriage and those associated with

3  domestic partnership.

4       43.     Proposed Intervenors admit, as alleged in Paragraph 43 of Plaintiff-Intervenor's

5  Complaint, that Attorney General Edmund G. Brown, in his Answer to Plaintiffs' Complaint,

6  expressed his opinion that "[t]aking from same-sex couples the right to civil marriage that they

7  had previously possessed under California's Constitution cannot be squared with guarantees of

8  the Fourteenth Amendment." (Doc. # 39 at p. 2.) Proposed Intervenors also admit, as alleged

9  in Paragraph 43 of Plaintiff-Intervenor's Complaint, that Governor Arnold Schwarzenegger,

10  Director of Public Health Mark B. Horton, and Deputy Director Linette Scott, in their Answer

11  to Plaintiffs' Complaint, expressed their opinion that this case "presents important

12  constitutional questions that require and warrant judicial determination." (Doc. # 46 at p. 2.)

13       44.     Proposed Intervenors incorporate their responses to Paragraphs 1 through 43 of

14  Plaintiff-Intervenor's Complaint as if fully set forth here.

15       45.     Proposed Intervenors deny the allegations in Paragraph 45 of Plaintiff-

16  Intervenor's Complaint.

17       46.     Proposed Intervenors deny the allegations in Paragraph 46 of Plaintiff-

18  Intervenor's Complaint.

19       47.     Proposed Intervenors deny the allegations in Paragraph 47 of Plaintiff-

20  Intervenor's Complaint.

21       48.     Proposed Intervenors incorporate their responses to Paragraphs 1 through 47 of

22  Plaintiff-Intervenor's Complaint as if fully set forth here.

23       49.     Proposed Intervenors deny the allegations in Paragraph 49 of Plaintiff-

24  Intervenor's Complaint.

25       50.     Proposed Intervenors admit that there is a symbolic difference between the

26  designation "marriage," which enjoys a long history and uniform recognition, and any other

27  type of designation for an intimate relationship. Proposed Intervenors deny the remaining

28  allegations in Paragraph 50 of Plaintiff-Intervenor's Complaint.

1       51.    Proposed Intervenors deny the allegations in Paragraph 51 of Plaintiff-

2   Intervenor's Complaint.

3       52.    The remainder of Plaintiff-Intervenor's Complaint is a Prayer for Relief that

4   does not require a response.  To the extent that a response is required, Proposed Intervenors

5   deny that Plaintiff-Intervenor is entitled to the relief requested.

6   **First Affirmative Defense**

7       Plaintiff-Intervenor has failed to state a claim upon which relief can be granted.

8       WHEREFORE, Proposed Intervenors respectfully request that this Court dismiss

9   Plaintiff-Intervenor's claims with prejudice, deny Plaintiff-Intervenor's Prayer for Relief,

10   order Plaintiff-Intervenor to pay Proposed Intervenors' costs and attorneys' fees, and grant

11   other relief deemed just and proper.

12   DATED: December 15, 2009          ADVOCATES FOR FAITH AND FREEDOM
13                              ATTORNEYS FOR PROPOSED
14                              INTERVENORS COUNTY OF IMPERIAL
                                  OF THE STATE OF CALIFORNIA, BOARD
15                              OF SUPERVISORS OF IMPERIAL
16                              COUNTY, AND ISABEL VARGAS IN HER
                                  OFFICIAL CAPACITY AS DEPUTY
17                              CLERK/DEPUTY COMMISSIONER OF
18                              CIVIL  MARRIAGES FOR THE COUNTY
                                  OF IMPERIAL

19

20

21

22   By:_____
            Jennifer L. Monk
23

24

25

26

27

28

**PROPOSED INTERVENORS COUNTY OF IMPERIAL, ETC.'S [PROPOSED] ANSWER TO**
**PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT**         09-CV-2292 VRW

## DECLARATION OF SERVICE

I, Jennifer L. Monk, declare as follows:

I am employed in the State of California; I am over the age of eighteen years and am not a party to this action; my business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562. On December 15, 2009, I served the following document(s):

1.   **[PROPOSED] ANSWER TO PLAINTIFF-INTERVENOR CITY AND COUNTY OF SAN FRANCISCO'S COMPLAINT IN INTERVENTION OF PROPOSED INTERVENORS COUNTY OF IMPERIAL, THE BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL**

on the parties stated below by the following means of service:

Kenneth C. Mennemeier
Andrew W. Stroud
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
kcm@mgslaw.com
gosling@mgslaw.com
aknight@mgslaw.com
stroud@mgslaw.com
lbailey@mgslaw.com

*Attorneys for the Administration Defendants*

Gordon Burns
Tamar Pachter
OFFICE OF THE ATTORNEY GENERAL
1300 I Street, Suite 125
P.O Box. 944255
Sacramento, CA 94244-2550
Gordon.Burns@doj.ca.gov
Tamar.Pachter@doj.ca.gov

*Attorneys for Defendant Attorney General Edmund G. Brown, Jr.*

Dennis J. Herrera
Therese M. Stewart
OFFICE OF THE CITY ATTORNEY
City Hall, Room 234
One Dr. Carlon B. Goodlett Place
San Francisco, California 94102-4682
therese.stewart@sfgov.org
erin.bernstein@sfgov.org
vince.chhabria@sfgov.org
danny.chou@sfgov.org

Elizabeth M. Cortez
Judy W. Whitehurts
THE OFFICE OF CITY COUNSEL
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA  90012-2713
jwhitehurst@counsel.lacounty.gov

*Attorneys for Defendant Dean C. Logan Registrar-Recorder/County Clerk, County*

18

DECLARATION OF SERVICE                                                                    09-CV-2292 VRW

1  ronald.flynn@sfgov.org                          *of Los Angeles*
   mollie.lee@sfgov.org
2  Christine.van.aken@sfgov.org
   catheryn.daly@sfgov.org
3

4  *Attorneys for Plaintiff-Intervenor City and*
   *County of San Francisco*
5
6  Richard E. Winnie                               Ted Olson
   Brian E. Washington                             Matthew McGill
7  Claude F. Kolm                                  Amir Tayrani
   Manuel F. Martinez                              GIBSON, DUNN & CRUTCHER LLP
8  THE OFFICE OF CITY COUNSEL                      1050 Connecticut Avenue, N.W.
9  1221 Oak Street, Suite 450                      Washington, DC  20036-5306
   Oakland, California  94612                      T:  (202) 955-8500
10 Brian.washington@acgov.org                      F:  (202) 467-0539
   Claude.kolm@acgov.org                           TOlson@gibsondunn.com
11 Manuel.martinez@acgov.org                       MMcGill@gibsondunn.com
12 Judith.martinez@acgov.org                       ATayrani@gibsondunn.com

13
   *Attorneys for Defendant Patrick O'Connell*     Theodore Boustrous, Jr.
14 *Clerk Recorder of the County of Alemeda*       Christopher Dusseault
15                                                 Theane Kapur

16                                                 GIBSON, DUNN & CRUTCHER LLP
17                                                 333 South Grand Avenue
                                                   Los Angeles, CA  90072-1512
18                                                 T:  (213) 229-7000
19                                                 F:  (213) 229-7520
                                                   TBoutrous@gibsondunn.com
20                                                 CDusseault@gibsondunn.com
21                                                 TKapur@gibsondunn.com
                                                   SMalzahn@gibsondunn.com
22
23                                                 Ethan Dettmer
                                                   Enrique Monagas
24                                                 GIBSON, DUNN & CRUTCHER LLP
25                                                 555 Mission Street, Suite 3000
                                                   San Francisco, CA  94105
26                                                 T:  (415) 393-8200
                                                   F:  (415) 393-8306
27                                                 EDettmer@gibsondunn.com
28                                                 SPiepmeier@gibsondunn.com
                                                   EMonagas@gibsondunn.com

DECLARATION OF SERVICE                                              09-CV-2292 VRW

1                                    RJustice@gibsondunn.com

2                                    MJanky@gibsondunn.com

3

4

5

6                                    Theodore Uno

BOIES, SCHILLER & FLEXNER LLP

1999 Harrison Street, Suite 900

Oakland, CA 94612

T:  (510) 874-1000

F:  (510) 874-1460

jgoldman@bsfllp.com

tuno@bsfllp.com

brichardson@bsfllp.com

rbettan@bsfllp.com

jischiller@bsfllp.com

*Attorneys for Plaintiff Kristin M. Perry*

**BY ELECTRONIC MAIL:**  I caused the following documents to be transmitted via electronic mail to the attorneys of record at the email addresses listed above pursuant to an agreement in writing between the parties that such service is appropriate under Federal Rule of Civil Procedure 5(b)(2)(E).

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed in Murrieta, California, December 15, 2009.

_____

Jennifer L. Monk

DECLARATION OF SERVICE                                          09-CV-2292 VRW