ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler (CA Bar No. 179572)
rtyler@faith-freedom.com
*Jennifer L. Monk (CA Bar No. 245512)
jmonk@faith-freedom.com
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
Telephone:951-304-7583; Facsimile: 951-600-4996

*Application Pending for Admission to U. S. District Court, Northern District of California

ATTORNEYS FOR PROPOSED INTERVENORS COUNTY OF IMPERIAL OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the | CASE NO. 09-CV-2292 VRW<br><br>**[PROPOSED] ANSWER OF PROPOSED INTERVENORS COUNTY OF IMPERIAL, THE BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL TO PLAINTIFFS' COMPLAINT**<br><br>Date: January 21, 2010<br>Time: 10:00 a.m.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

| | |
|---|---|
| 1 | California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants, |
| 6 | |
| 7 | DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON, as official proponents of Proposition 8, |
| 8 | |
| 9 | |
| 10 | |
| 11 | Defendant-Intervenors, |
| 12 | PROPOSED INTERVENORS COUNTY OF IMPERIAL OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Proposed-Intervenors |
| 18 | |

Proposed Intervenors, the County of Imperial of the State of California, the Board of Supervisors of Imperial County, and Isabel Vargas in her official capacity as Deputy Clerk/Deputy Commissioner of Civil Marriages for the County of Imperial, answer Plaintiffs' Complaint for Declaratory, Injunctive, or Other Relief as follows:

1. Proposed Intervenors deny the allegations in Paragraph 1 of the Complaint except to admit that the Supreme Court of the United States wrote in *Loving v. Virginia*, 388 U.S. 1, 12 (1967), that "[m]arriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival," that Proposition 8 passed in November 2008, and that Proposition 8 amended the California Constitution to state that "[o]nly marriage between a man and a woman is valid or recognized in California." Cal. Const. art. I, § 7.5.

2. Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 2 of the Complaint, but deny that Plaintiffs are entitled to such relief.

3. The allegations in Paragraph 3 of the Complaint set forth conclusions of law which require no answer.

4. The allegations in Paragraph 4 of the Complaint contain conclusions of law which require no answer. Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 4 of the Complaint; thus they are deemed denied.

5. Proposed Intervenors acknowledge that Plaintiffs request a declaratory judgment in Paragraph 5 of the Complaint, but deny that Plaintiffs are entitled to such relief. Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 5 of the Complaint, but deny that Plaintiffs are entitled to such relief.

6. Proposed Intervenors acknowledge that Plaintiffs request a declaratory judgment in Paragraph 6 of the Complaint, but deny that Plaintiffs are entitled to such relief. Proposed Intervenors acknowledge that Plaintiffs request an injunction in Paragraph 6 of the Complaint, but deny that Plaintiffs are entitled to such relief.

7. Proposed Intervenors lack sufficient information to respond to the allegations about the identities of the Plaintiffs and their desires in Paragraph 7 of the Complaint; thus they are deemed denied. Proposed Intervenors deny the remaining allegations in Paragraph 7 of the Complaint.

8. Proposed Intervenors acknowledge that Plaintiffs seek declaratory and injunctive relief, attorneys' fees, costs, and expenses in Paragraph 8 of the Complaint, but deny that Plaintiffs are entitled to the relief requested.

9. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 9 of the Complaint; thus they are deemed denied.

10. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 10 of the Complaint; thus they are deemed denied.

11. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 11 of the Complaint; thus they are deemed denied.

12. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 12 of the Complaint; thus they are deemed denied.

13. Proposed Intervenors admit that Defendant Arnold Schwarzenegger is the Governor of the State of California. The second and third sentences of paragraph 13 of the Complaint set forth legal conclusions that do not require a response. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 13 of the Complaint; thus they are deemed denied.

14. Proposed Intervenors admit that Defendant Edmund G. Brown, Jr., is the Attorney General of the State of California. The second and third sentences of paragraph 14 of the Complaint set forth legal conclusions that do not require a response. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 14 of the Complaint; thus they are deemed denied.

15. Proposed Intervenors admit that Defendant Mark B. Horton is the Director of the California Department of Public Health. The remaining allegations of paragraph 15 of the Complaint set forth legal conclusions that do not require a response.

16. Proposed Intervenors admit that Defendant Linette Scott is the Deputy Director of Health Information & Strategic Planning for the California Department of Public Health. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 16 of the Complaint; thus they are deemed denied.

17. Proposed Intervenors admit that Defendant Patrick O'Connell is the Clerk-Registrar for the County of Alameda. The remaining allegations of paragraph 17 of the Complaint set forth legal conclusions that do not require a response.

18. Proposed Intervenors admit that Defendant Dean C. Logan is the Registrar-Recorder/County Clerk for the County of Los Angeles. The remaining allegations of paragraph 18 of the Complaint set forth legal conclusions that do not require a response.

19. The first sentence of Paragraph 19 of the Complaint sets forth legal conclusions that do not require a response. Proposed Intervenors acknowledge that Plaintiffs, as stated in Paragraph 19 of the Complaint, seek relief against Defendants Arnold Schwarzenegger,

Edmund G. Brown, Jr., Mark B. Horton, Linette Scott, Patrick O'Connell, and Dean C. Logan, as well as against other individuals, but deny that Plaintiffs are entitled to such relief.

20. The allegations in Paragraph 20 of the Complaint contain conclusions of law which require no answer. Proposed Intervenors lack sufficient information to respond to any factual allegations in Paragraph 20 of the Complaint; thus they are deemed denied.

21. The allegations in Paragraph 21 of the Complaint contain conclusions of law which require no answer. Proposed Intervenors admit that some same-sex couples requested marriage licenses from California county clerks in the 1970s. Proposed Intervenors lack sufficient information to respond to any remaining factual allegations in Paragraph 21 of the Complaint; thus they are deemed denied.

22. Proposed Intervenors admit that California has laws recognizing "domestic partnerships." The features of California's laws governing domestic partnerships are matters of law which require no answer. Proposed Intervenors lack sufficient information to respond to any remaining factual allegations in Paragraph 22 of the Complaint; thus they are deemed denied.

23. Proposed Intervenors admit that California law provides many benefits and privileges to persons registered as "domestic partners." The features of California's laws governing domestic partnerships are matters of law which require no answer.

24. Proposed Intervenors deny the allegations set forth in the first sentence of Paragraph 24, but admit the remaining allegations set forth in Paragraph 24.

25. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 25 of the Complaint; thus they are deemed denied, except to admit that Proposition 8 appeared on California's November 2008 ballot.

26. Proposed Intervenors admit the allegations in Paragraph 26 of the Complaint.

27. Proposed Intervenors admit that language similar to that quoted in Paragraph 27 appeared in the November 4, 2008 California General Election Voter Information Guide. Proposed Intervenors deny the allegations in Paragraph 27 regarding the purpose of

Proposition 8. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 27; thus they are deemed denied.

28. Proposed Intervenors admit the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint contain conclusions of law which require no answer.

30. Proponents admit that the traditional definition of marriage embodied in Proposition 8 restricts civil marriage to opposite-sex relationships and that there is a symbolic difference between the designation "marriage," which enjoys a long history and uniform recognition, and any other type of designation for an intimate relationship. Proposed Intervenors deny the remaining allegations in Paragraph 42 of the Complaint.

31. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 31 of the Complaint; thus they are deemed denied.

32. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 32 of the Complaint; thus they are deemed denied.

33. Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 33 of the Complaint; thus they are deemed denied.

34. Proposed Intervenors lack sufficient information to respond to the allegations about the Plaintiffs' wishes in Paragraph 34 of the Complaint; thus they are deemed denied. Proposed Intervenors deny the remaining allegations in Paragraph 34 of the Complaint.

35. Proposed Intervenors deny the allegations in Paragraph 35 of the Complaint except to admit that marriage is a supremely important social institution, and that the Supreme Court of the United States wrote in *Loving v. Virginia*, 388 U.S. 1, 12 (1967), that "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."

36. Proposed Intervenors deny the allegations in the first sentence Paragraph 36 of the Complaint. Proposed Intervenors admit that Plaintiffs seek declaratory and injunctive relief against the various Government Defendants in this case but deny that they are entitled to such relief.

37. Proposed Intervenors incorporate their responses to Paragraphs 1 through 36 of the Complaint.

38. Proposed Intervenors deny the allegations in Paragraph 38 of the Complaint.

39. Proposed Intervenors deny the allegations in Paragraph 39 of the Complaint.

40. Proposed Intervenors incorporate their responses to Paragraphs 1 through 39 of the Complaint.

41. Proposed Intervenors deny the allegations in Paragraph 41 of the Complaint.

42. Proponents admit that the traditional definition of marriage embodied in Proposition 8 restricts civil marriage to opposite-sex relationships and that there is a symbolic difference between the designation "marriage," which enjoys a long history and uniform recognition, and any other type of designation for an intimate relationship. Proposed Intervenors deny the remaining allegations in Paragraph 42 of the Complaint.

43. Proposed Intervenors deny the allegations in Paragraph 43 of the Complaint.

44. Proposed Intervenors admit that Proposition 8 distinguishes between couples consisting of a man and a woman and any other type of intimate relationship. Proposed Intervenors deny the remaining allegations in Paragraph 44 of the Complaint.

45. Proposed Intervenors incorporate their responses to Paragraphs 1 through 44 of the Complaint.

46. Proposed Intervenors deny the allegations in Paragraph 46 of the Complaint.

47. Proposed Intervenors incorporate their responses to Paragraphs 1 though 46 of the Complaint.

48. Proposed Intervenors deny the allegations in Paragraph 48 of the Complaint.

49. Whether or not this case presents a judicially cognizable controversy is a conclusion of law that requires no response. Proposed Intervenors deny the remaining allegations in Paragraph 49 of the Complaint.

50. The remainder of the Complaint is a prayer for relief that does not require a response. To the extent that a response is required, Proposed Intervenors deny that Plaintiffs are entitled to, or that this Court has jurisdiction to grant, the relief requested.

51. Proposed Intervenors deny each and every allegation not expressly admitted herein.

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Neither the challenged provisions nor Defendants have deprived Plaintiffs of any right or privilege guaranteed by the United States Constitution.

WHEREFORE, Proposed Intervenors respectfully request that this Court dismiss Plaintiffs' claims with prejudice, deny Plaintiffs' prayer for relief, order Plaintiffs to pay Proposed Intervenors' costs and attorneys' fees, and grant other relief deemed just and proper.

DATED: December 15, 2009

ADVOCATES FOR FAITH AND FREEDOM
ATTORNEYS FOR PROPOSED INTERVENORS COUNTY OF IMPERIAL OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL

By: _____
Jennifer L. Monk

1  I, Jennifer L. Monk, declare as follows:

2  I am employed in the State of California; I am over the age of eighteen years and am
3  not a party to this action; my business address is 24910 Las Brisas Road, Suite 110, Murrieta,
4  California 92562. On December 15, 2009, I served the following document(s):

1. **[PROPOSED] ANSWER OF PROPOSED INTERVENORS COUNTY OF IMPERIAL, THE BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL TO PLAINTIFFS' COMPLAINT**

on the parties stated below by the following means of service:

| | |
|---|---|
| Kenneth C. Mennemeier<br>Andrew W. Stroud<br>MENNEMEIER, GLASSMAN & STROUD LLP<br>980 9th Street, Suite 1700<br>Sacramento, CA 95814-2736<br>kcm@mgslaw.com<br>gosling@mgslaw.com<br>aknight@mgslaw.com<br>stroud@mgslaw.com<br>lbailey@mgslaw.com<br><br>*Attorneys for the Administration Defendants* | Gordon Burns<br>Tamar Pachter<br>OFFICE OF THE ATTORNEY GENERAL<br>1300 I Street, Suite 125<br>P.O Box. 944255<br>Sacramento, CA  94244-2550<br>Gordon.Burns@doj.ca.gov<br>Tamar.Pachter@doj.ca.gov<br><br>*Attorneys for Defendant Attorney General Edmund G. Brown, Jr.* |
| Dennis J. Herrera<br>Therese M. Stewart<br>OFFICE OF THE CITY ATTORNEY<br>City Hall, Room 234<br>One Dr. Carlon B. Goodlett Place<br>San Francisco, California 94102-4682<br>therese.stewart@sfgov.org<br>erin.bernstein@sfgov.org<br>vince.chhabria@sfgov.org<br>danny.chou@sfgov.org<br>ronald.flynn@sfgov.org<br>mollie.lee@sfgov.org<br>Christine.van.aken@sfgov.org<br>catheryn.daly@sfgov.org | Elizabeth M. Cortez<br>Judy W. Whitehurts<br>THE OFFICE OF CITY COUNSEL<br>648 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, CA  90012-2713<br>jwhitehurst@counsel.lacounty.gov<br><br>*Attorneys for Defendant Dean C. Logan Registrar-Recorder/County Clerk, County of Los Angeles* |

*Attorneys for Plaintiff-Intervenor City and County of San Francisco*

| | |
|---|---|
| Richard E. Winnie<br>Brian E. Washington<br>Claude F. Kolm<br>Manuel F. Martinez<br>THE OFFICE OF CITY COUNSEL<br>1221 Oak Street, Suite 450<br>Oakland, California 94612<br>Brian.washington@acgov.org<br>Claude.kolm@acgov.org<br>Manuel.martinez@acgov.org<br>Judith.martinez@acgov.org | Ted Olson<br>Matthew McGill<br>Amir Tayrani<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>T: (202) 955-8500<br>F: (202) 467-0539<br>TOlson@gibsondunn.com<br>MMcGill@gibsondunn.com<br>ATayrani@gibsondunn.com |
| *Attorneys for Defendant Patrick O'Connell Clerk Recorder of the County of Alemeda* | Theodore Boustrous, Jr.<br>Christopher Dusseault<br>Theane Kapur<br><br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90072-1512<br>T: (213) 229-7000<br>F: (213) 229-7520<br>TBoutrous@gibsondunn.com<br>CDusseault@gibsondunn.com<br>TKapur@gibsondunn.com<br>SMalzahn@gibsondunn.com<br><br>Ethan Dettmer<br>Enrique Monagas<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>T: (415) 393-8200<br>F: (415) 393-8306<br>EDettmer@gibsondunn.com<br>SPiepmeier@gibsondunn.com<br>EMonagas@gibsondunn.com<br>RJustice@gibsondunn.com<br>MJanky@gibsondunn.com |

1
2
3
4   Theodore Uno
    BOIES, SCHILLER & FLEXNER LLP
5   1999 Harrison Street, Suite 900
    Oakland, CA 94612
6   T: (510) 874-1000
    F: (510) 874-1460
7   jgoldman@bsfllp.com
    tuno@bsfllp.com
8   brichardson@bsfllp.com
    rbettan@bsfllp.com
9   jischiller@bsfllp.com
10
11  *Attorneys for Plaintiff Kristin M. Perry*
12
13      **BY ELECTRONIC MAIL:** I caused the following documents to be transmitted via
14  electronic mail to the attorneys of record at the email addresses listed above pursuant to an
15  agreement in writing between the parties that such service is appropriate under Federal Rule of
16  Civil Procedure 5(b)(2)(E).
17      I declare under penalty of perjury that the foregoing is true and correct, and that this
18  Declaration was executed in Murrieta, California, December 15, 2009.
19
20
21                                  _____
                                    Jennifer L. Monk
22
23
24
25
26
27
28