# Exhibit 3

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000  San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

December 14, 2009

Direct Dial
(415) 393-8292

Fax No.
(415) 374-8444

Client No.
T 36330-00001

*VIA ELECTRONIC MAIL*

Charles J. Cooper, Esq.
Cooper & Kirk PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Re:  *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292-VRW

Dear Mr. Cooper:

In light of the Ninth Circuit's Order of this past Friday, I am writing in an effort to reach agreement regarding discovery issues in advance of this Wednesday's pretrial conference. While the Ninth Circuit's Order provides that certain documents being withheld by your office require a heightened showing of relevance before their production can be compelled, other documents and testimony being withheld by your office—most particularly, communications with potential voters—are not privileged from disclosure and must be produced. We believe an agreement among the parties could be centered around the following principles:

*First*, as to the proper scope of the First Amendment privilege, the Ninth Circuit has made clear that the privilege "is limited to private, internal campaign communications concerning the formulation of campaign strategy and messages." *Perry v. Schwarzenegger*, No. 09-17241 (9th Cir. Dec. 11, 2009), slip op. n.12. In order to reach an agreement, we will need to agree upon a methodology of identifying "private, internal campaign communications." We believe that this can be most efficiently accomplished if you identify the persons that have managerial or strategic responsibility for the Yes on 8 Campaign, and if we jointly agree that the communications between and among only those persons concerning messaging or campaign strategy comprise the "private, internal campaign communications," subject to the privilege. We expect that this managerial group will be something like the group identified in our revised document request number 8, but would like to discuss this with your office today, if possible, along with a schedule for production of the documents that need to be produced in light of the Ninth Circuit's Order. In any event, it is clear from the Ninth Circuit's ruling that Plaintiffs are

**GIBSON, DUNN & CRUTCHER LLP**

Charles J. Cooper, Esq.
December 14, 2009
Page 2

entitled to responsive documents that are not "private, internal campaign communications concerning the formulation of campaign strategy and messages," and we hope and expect that Proponents will product those responsive documents right away.

*Second*, whether or not we reach an agreement as to the precise scope of the privilege, the Ninth Circuit has held that you must produce a privilege log that describes any documents you claim to be privileged. *See* slip op. n.1. As we have previously requested of your office, such a privilege log must be sufficiently detailed to enable "the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged." *Burlington Nort. & Santa Fe Ry* v. *Dist. Ct., Mt.*, 408 F.3d 1142, 1149 (9th Cir. 2005); Fed. R. Civ. P. 26(b)(5).

We are aware of your previous representations that production of such a privilege log would impose a severe burden upon your office and your clients. It may be that, if we can reach an agreement as to the scope of the privilege, we can work together to find ways to reduce that burden.

*Third*, as you are aware, all of the depositions that have taken place to date have gone forward without the benefit of the documents you have been withholding, and in numerous instances, deponents were instructed not to answer questions on the basis of privilege. As part of our agreement on discovery issues, we would need to reach an agreement on the limited reopening of at least some of those depositions because of newly-produced documents or instructions not to answer that exceeded the agreed-upon scope of the privilege. In the absence of such an agreement, we reserve the right to reopen any depositions upon production of previously-withheld documents, should that appear necessary in light of the documents produced, or as necessary to obtain testimony as to which objections were made but that fall outside the scope of the privilege as recognized by the Ninth Circuit.

*Finally*, and relatedly, the Ninth Circuit's Order does not provide any privilege protection for individuals' personal moral or political beliefs, which has been the basis for repeated instructions by your office and your co-counsel to your clients not to answer deposition questions. *See, e.g.*, Hollingsworth Rough Dep. Tr., 56:5-57:6, 98:19-100:4, 132:19-134:10. Given that the Ninth Circuit's decision does not endorse this conception of the privilege, we would seek to reach, as part of our global agreement, an understanding that this privilege and instruction will not be asserted at the depositions coming up this week, or any depositions that are reconvened.

**GIBSON, DUNN & CRUTCHER LLP**

Charles J. Cooper, Esq.
December 14, 2009
Page 3

      We firmly believe that it would be in the best interest of all parties and the Court if we could reach agreement on these identified matters prior to the pretrial conference on Wednesday. Please let us know when you are available to discuss these matters, and thank you.

Very truly yours,

*[signature]*

Ethan D. Dettmer

cc:    Counsel of record