# Exhibit 4

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

December 15, 2009

*VIA ELECTRONIC MAIL*

Ethan D. Dettmer
555 Mission Street
Suite 3000
San Francisco, CA  94105-2933

     Re:    *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292-VRW

Dear Mr. Dettmer:

    Thank you for your letter to Mr. Cooper of yesterday, December 14, 2009.  We appreciate your attempts to bring our discovery disputes to a close as we head toward trial in this matter.  You raise several points in your letter, to which I respond in turn below.

    *First*, you state that "as to the proper scope of the First Amendment privilege, the Ninth Circuit has made clear that the privilege 'is limited to private, internal campaign communications concerning the formulation of campaign strategy and issues.' " Dettmer ltr. of Dec. 14, 2009 at 1 (quoting *Perry v. Schwarzenegger*, No. 09-17241 (9th Cir. Dec. 11, 2009), slip op. n.12).  You further assert that Plaintiffs are thus "entitled to responsive documents that are not 'private, internal campaign communications concerning the formulation of campaign strategy and messages.' " *Id.*  I must admit to some confusion.  Is it Plaintiffs' contention that following the Ninth Circuit's ruling , Plaintiffs are entitled to documents that the District Court has already ruled irrelevant to this case and thus nondiscoverable?  For example, is it Plaintiffs' position that they are now entitled to the 39 documents the district court held Proponents do not have to produce because they do not relate to "the formulation of campaign strategy and messages"?  *See, e.g.,* Doc # 252 at 6 (finding that 26 documents need not be produced because they "say nothing about campaign messages or themes to be conveyed to the voters").  If so, Proponents do not agree with this reading of the Ninth Circuit's opinion.

    In particular, I note that the full sentence at the beginning of footnote 12 reads: "Our *holding* is limited to private, internal campaign communications concerning the formulation of campaign strategy and messages." *Perry v. Schwarzenegger*, No. 09-17241 (9th Cir. Dec. 11, 2009), slip op. n.12 (emphasis added).  The Ninth Circuit's *holding* relates to the matters that were actually before it—namely, the District Court's rulings regarding what Proponents *must* produce.  Plaintiffs did not cross-appeal the District Court's rulings to the extent they granted Proponents' motion and limited the scope of discoverable materials and information at issue in this case.  Indeed, as I have noted previously, Plaintiffs repeatedly represented to the Ninth Circuit that the discovery limitations in the District Court's orders were proper.  *See* Panuccio ltr. of Dec. 7, 2009 at 2-3.  Accordingly, please clarify what

# Cooper & Kirk
### Lawyers

Ethan D. Dettmer, Esq.
December 15, 2009
Page 2 of 3

you mean by your reference to "responsive documents" that are "being withheld" by Proponents.  In our correspondence last week, you identified a handful of documents that you believed should have been produced in response to Plaintiffs discovery requests.  I responded in a letter explaining why all but one of the documents was not responsive.  As always, we will be happy to consider any other concerns you have over specific documents.

As to your request that we "agree upon a methodology of identifying 'private, internal campaign communications,' " Dettmer ltr. of Dec. 14, 2009 at 1, we think the Ninth Circuit's opinion provides the proper and controlling definition: Proponents may not claim that "broadly disseminated materials" conveyed to "large swaths of the electorate," slip. op. n.12, are protected as private internal campaign communications.  Proponents have not done so.

*Second*, you cite the Ninth Circuit's statement that "some form of a privilege log is required" with respect to responsive documents over which Proponents are asserting the First Amendment privilege.  Slip op. n.1 (cited in Dettmer Ltr. of Dec. 14, 2009 at 2).  We are laboring to assemble such a log, and, as you rightly note, this process is "severe[ly] burden[some]" and requires very large expenditures of time and resources.  We appreciate your offer "to work together to find ways to reduce that burden." Dettmer ltr. of Dec. 14, 2009 at 2.  If you have specific ideas in mind, please let us know.

*Third*, you complain again about our assertion of the First Amendment privilege in depositions to bar inquiry into the deponent's "personal moral or political beliefs."  *Id.* at 3.  You state "that the Ninth Circuit's decision does not endorse this conception of the privilege." *Id.* We disagree; the Ninth Circuit  "endorse[d]" precisely this conception of the privilege.  In concluding that compelled disclosure of the documents at issue "would have the practical effect of discouraging political association and inhibiting internal campaign communications that are essential to effective association and expression," slip op. 33, the Ninth Circuit relied on Mark Jansson's declaration that he "will drastically alter how [he] communicate[s] in the future" if his "personal political and moral views … are ordered disclosed through discovery in this matter," *id.* at 32.  And the District Court, even though it rejected Proponents' claim of First Amendment privilege, held that "discovery directed to uncovering whether proponents harbor private sentiments that may have prompted their efforts is simply not relevant."  Doc # 214 at 16.  Mr. Boutrous even represented to the Ninth Circuit panel at oral argument that the District Court "said the subjective motivations and thinking of the proponents were not discoverable," and that the District Court's orders were drawn "very carefully" and were "very commendable."  Indeed, Plaintiffs' representations in this regard date all the way back to the first time we raised this discovery dispute with the District Court, when Mr. Boies assured the Court that Plaintiffs "would not be inquiring into" "subjective, unexpressed motivations."  Hr'g of Aug. 19, 2009, Tr. 64.  As I noted in my letter of December 7, much of the  questioning at depositions to date have been along these lines.  Proponents have asserted the First Amendment privilege appropriately in the face of such questions and will continue to do so.  Accordingly, we will not agree to reopen depositions for the purpose of further questioning along these lines.

# Cooper & Kirk
Lawyers

Ethan D. Dettmer, Esq.
December 15, 2009
Page 3 of 3

                                        Sincerely,

                                        Jesse Panuccio

Cc:    Counsel of record