**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v

ARNOLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G BROWN JR, in his official capacity as attorney general of California; MARK B HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information & strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles,

    Defendants,

DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAKSHING WILLIAM TAM, MARK A JANSSON and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIOFORNIA RENEWAL, as official proponents of Proposition 8,

    Defendant-Intervenors.
_____/

No C 09-2292 VRW

ORDER

Defendant-intervenors, the official proponents of Proposition 8 ("proponents") move to realign the California Attorney General as a party plaintiff. Doc #216. Plaintiffs filed a complaint in May 2009 against the California Governor, Attorney General and other state and county administrative officials seeking declaratory and injunctive relief to enjoin enforcement of Proposition 8 and any other California law that bars same-sex marriage. Doc #1. No government official has sought to defend the constitutionality of Proposition 8, see Doc ##41, 42, 46, and the Attorney General has admitted the material allegations of plaintiffs' complaint, Doc #39. Proponents now seek to re-align the Attorney General as a plaintiff because he has "embraced plaintiffs' claims that Proposition 8 violates the Fourteenth Amendment." Doc #216 at 1. Plaintiffs and the Attorney General oppose realignment. Doc ##239, 240. For the reasons explained below, proponents' motion to realign the Attorney General is DENIED.

I

Proponents argue realignment is appropriate because the Attorney General has admitted all material allegations in plaintiffs' complaint and, according to proponents, has become a "litigation partner[]" with plaintiffs. Doc #216 at 8-10. Proponents assert they have been prejudiced by the Attorney General's actions, as plaintiffs used the Attorney General's admissions in their opposition to proponents' motion for summary judgment. Doc #204 Exh A. Proponents note that the Attorney General served his admissions on plaintiffs a day before they were

2

1 due, which allowed plaintiffs to use the admissions in their
2 opposition. Doc #216 at 9.
3   Plaintiffs argue proponents' motion should be denied
4 because the Attorney General has not "direct[ed] state officials to
5 cease their enforcement" of Proposition 8. Doc #140 at 2.
6 Plaintiffs point out that the Attorney General was sued in his
7 official capacity and that a new Attorney General might decide to
8 defend the constitutionality of Proposition 8. The Attorney
9 General argues realignment is inappropriate because "the government
10 has the duty to enforce the law until a court declares it invalid."
11 Doc #239 at 14. Although the Attorney General has admitted
12 plaintiffs' material allegations, he will continue to enforce
13 Proposition 8 absent a court order. Id.

## II

16   The court has the power and the duty to "look beyond the
17 pleadings" to the "realities of the record" to realign parties
18 according to the principle purpose of a suit. <u>Indianapolis v Chase
19 National Bank</u>, 314 US 63, 69 (1941) (internal citations omitted).
20 The most frequent use of realignment has been to maintain or defeat
21 diversity jurisdiction. See <u>Dolch v United California Bank</u>, 702
22 F2d 178, 181 (9th Cir 1983) ("If the interests of a party named as
23 a defendant coincide with those of the plaintiff in relation to the
24 purpose of the lawsuit, the named defendant must be realigned as a
25 plaintiff for jurisdictional purposes."). But, as the court noted
26 in a previous case, nothing "explicitly limits the test" to
27 jurisdictional matters. <u>Plumtree Software, Inc v Datamize, LLC</u>,
28 02-5693 VRW Doc #32 at 6 (ND Cal October 6, 2003). See also <u>Larios</u>

3

v Perdue, 306 F Supp 1190, 1195 (ND Ga 2003); League of United Latin American Citizens v Clements, 999 F2d 831, 844 (5th Cir 1993); Delchamps, Inc v Alabama State Milk Control Board, 324 F Supp 117, 118 (MD Ala 1971). In Larios, the court realigned a Georgia Republican state senator as a plaintiff in a suit brought by Georgia Republicans because the senator took "precisely the same positions espoused by plaintiffs." 306 F Supp at 1196. The court in Delchamps granted the Alabama Attorney General's motion to be realigned as a plaintiff based on his belief that the statute at issue was unconstitutional. 324 F Supp at 118. Thus, realignment is available to the court as a procedural device even if realignment would have no jurisdictional consequences.

The Ninth Circuit applies a "primary purpose" test to determine whether realignment is appropriate and vests the court with responsibility to align "those parties whose interests coincide respecting the 'primary matter in dispute.'" Prudential Real Estate Affiliates v PPR Realty, 204 F3d 867, 873 (9th Cir 2000) (citing Continental Airlines v Goodyear Tire & Rubber Co, 819 F2d 1519, 1523 (9th Cir 1987)). Realignment is only appropriate, however, where the party to be realigned "possesses and pursues its own interests respecting the primary issue in a lawsuit." Prudential Real Estate Affiliates, 204 F3d at 873; see also Dolch, 702 F2d at 181 (noting that the defendant to be realigned would "benefit" from a decision in favor of plaintiff).

The primary purpose of plaintiffs' complaint is to enjoin enforcement of Proposition 8. Doc #1. The Attorney General has admitted the material allegations of the complaint but has taken no affirmative steps in support of the relief plaintiffs seek. See

4

Doc #153 at 2 (stating that the Attorney General does not intend to conduct discovery or present evidence).  The Attorney General's primary interest in the lawsuit is to act as the chief law enforcement officer in California.  The Attorney General's position regarding the constitutionality of Proposition 8 is now well-known, but he would not benefit in any meaningful way from a decision in favor of plaintiffs.  Cf <u>Dolch</u>, 702 F2d at 181.

Any prejudice proponents may experience because of the Attorney General's position regarding the constitutionality of Proposition 8 would not be remedied if the Attorney General were realigned.  Counsel for the Attorney General filed a declaration explaining that any apparent collusion between the Attorney General and plaintiffs resulting from service of the Attorney General's admissions was the result of an unintentional email error.  Doc #239-1 at ¶ 6.  The Attorney General continues to enforce Proposition 8 and has informed the court he will continue to do so unless and until he is ordered by a court to do otherwise.  Doc #239 at 14.  Because the Attorney General does not intend to present evidence at trial, no procedural benefit would result from his realignment.

\\
\\
\\
\\
\\
\\
\\
\\

5

### III

For the reasons explained above, realigning the Attorney General as a plaintiff would benefit neither the parties nor the court. Accordingly, proponents' motion to realign the Attorney General is DENIED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge