# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue NW
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

December 29, 2009

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

     Re:    *Perry v. Schwarzenegger*, No. C-09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker:

     I write on behalf of Defendant-Intervenors ("Proponents") to supplement my letter of yesterday (Doc. No. 324), regarding the Media Coalition's request to televise the proceedings in this case beyond the confines of the courthouse.

     In yesterday's letter, we stated that broadcast or webcast of the trial proceedings in this case outside the confines of the courthouse would violate this Court's Local Rule 77-3. We have today discovered that this Court posted a Notice on its website dated December 23, 2009, that purports to amend Local Rule 77-3, effective December 22, 2009, to create an exception that would permit a judge to allow photographic or video depiction of the trial proceedings "for participation in a pilot or other project authorized by the Judicial Council of the Ninth Circuit." *See Notice Concerning Revisions of Civil Local Rule 77-3*, *at* http://www.cand.uscourts.gov/CAND/FAQ.nsf/60126b66e42d004888256d4e007bce29/1922d32e34847a5588257695007f5f75?OpenDocument. We apologize for any inconvenience to the Court or to Plaintiffs arising from our failure to discover this new notice prior to submission of yesterday's letter.

     It does not appear that the Court provided an opportunity for the public to comment on this purported amendment of Local Rule 77-3; nor does the December 23 notice indicate that the amendment was submitted to the Court's advisory committee for review between the time of the Ninth Circuit's press release on December 17 and the effective date of the amendment, December 22. As indicated in yesterday's letter, the Court may amend a local rule "only after giving appropriate public notice and an opportunity for comment." 28 U.S.C. § 2071(b); *see also* FED. R. CIV. P. 83(a)(1); Local Rule 83-3(a). Moreover, Congress has directed the Court to

The Honorable Vaughn R. Walker
December 29, 2009
Page 2 of 2

"appoint an advisory committee for the study of the rules of practice … of such court," which "shall make recommendations to the court concerning such rules," 28 U.S.C. § 2077(b), and this Court's rules state that "[a]ny proposed substantive modification or amendment of these local rules must be submitted to a Local Rules Advisory Committee for review, except that amendments for form, style, grammar or consistency may be made without submission to an advisory committee." Local Rule 83-1. Because the Court did not provide notice of the amendment prior to its effective date, did not provide an opportunity for comment, and does not indicate that it submitted the proposed amendment to an advisory committee for review, we respectfully submit that the amendment cannot properly authorize the broadcast or webcast of proceedings in this case.

     For these reasons, and for the other reasons stated in yesterday's letter, Proponents must respectfully object to any departure from this Court's preexisting Rule 77-3 and the policy of the Judicial Conference of the United States.

                              Sincerely,

                              /s/ Charles J. Cooper

                              Charles J. Cooper
                              Counsel for Defendant-Intervenors