COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, | CASE NO. 09-CV-2292 VRW |
| Plaintiffs, | **DEFENDANT-INTERVENORS' MEMORANDUM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Plaintiff-Intervenor, | Date:    January 21, 2010 |
| v. | Time:   10:00 a.m. |
| | Judge:  Chief Judge Vaughn R. Walker |
| | Location:  Courtroom 6, 17th Floor |
| ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his | Trial Date:  January 11, 2010 |

official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

                      Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

                    Defendant-Intervenors.

---

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

1    Defendant-Intervenors hereby support the motion to intervene filed by Proposed

2    Intervenors County of Imperial of the State of California, Board of Supervisors of Imperial

3    County, and Isabel Vargas in her official capacity as Deputy Clerk/Deputy Commissioner of Civil

4    Marriages for the County of Imperial ("Proposed Intervenors").

5                                              **ARGUMENT**

6         Proposed Intervenors properly emphasize the importance of ensuring appellate review of

7    the issues presented by this case, regardless of how they are resolved by this Court.  There can be

8    no question that these issues are of the utmost importance.  Hanging in the balance are the

9    definition and structure of marriage—arguably our most venerable and vitally important social

10   institution—and the validity of a referendum in which millions of Californian voters, exercising

11   their state constitutional rights, sought to resolve these questions through the democratic process.

12   Also at issue is the constitutional standard governing claims of discrimination brought by gays

13   and lesbians.  These issues are profoundly important not just to the parties here, but to tens of

14   millions of people throughout California and indeed the Nation.

15        Although this case has the potential to definitively resolve these weighty issues, it also has

16   the potential to resolve almost nothing while generating enormous uncertainty across California.

17   The Government Defendants who are currently parties to the lawsuit have all taken positions that

18   are either agnostic regarding, or affirmatively hostile to, the constitutionality of Proposition 8.  It

19   has thus fallen to Defendant-Intervenors to defend this important constitutional provision.  But

20   because the standing of Defendant-Intervenors to appeal from a ruling holding Proposition 8

21   unconstitutional has been called into question (*see* Doc. # 148 at 15), the very real possibility

22   exists that none of the current parties to this case would be both willing and able to appeal such a

23   ruling by this Court (or to seek Supreme Court review of such a ruling by the Court of Appeals).

24   The result could be total confusion.  Proposed Intervenors are undoubtedly right that this Court's

25   judgment would not bind non-parties and would lack controlling precedential effect.  *See* Doc #

26   311 at 17-18; *see also* 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.02[1][d]

27   (3d ed. 2009) ("A decision of a federal district court judge is not binding precedent in either a

28   different judicial district, the same judicial district, or even upon the same judge in a different

1

case.").  Thus, an unappealable ruling by this Court against Proposition 8 would obligate the clerks in Alameda and Los Angeles counties to issue marriage licenses to same-sex couples, but would not obligate other clerks to do the same.  Indeed, given the California Supreme Court's ruling in *Lockyer v. City and County of San Francisco*, 95 P.3d 459 (Cal. 2004), it is by no means certain that other clerks would be free to disregard Proposition 8 absent a binding judgment, or at least a precedential ruling, holding it unconstitutional.  To be sure, this Court might also enjoin the Governor, Attorney General, and other state defendants to direct county clerks across California to issue licenses to same-sex couples.  But that would likely precipitate dozens of declaratory judgment actions—either in state superior courts or other federal district courts—by state officials seeking to enforce, or by county clerks seeking to resist, such directives in the numerous counties like Imperial where Proposition 8 passed overwhelmingly.  *See* Doc. # 311-1 at ¶ 5 (describing 70% support for Prop. 8 in Imperial County).  This Court's ruling would not control those cases.  The consequence—perhaps for years—could be a patchwork of conflicting marriage standards in California's numerous counties.

Nothing could be further from this Court's oft-stated intentions.  The Court has repeatedly expressed its understanding that "this case is only touching down in this court, that it will have life after this Court, and what happens here, in many ways, is only a prelude to what is going to happen later" on appeal.  July 2, 2009 Transcript of Hearing at 12:2-7.  Accordingly, this Court has indicated that its "objective in this proceeding, as much as any other objective, is the preparation of a record which will allow appellate review of th[e] issue[s]" in this case.  December 16, 2009 Transcript of Hearing at 114:13-21.  It would be a colossal waste of time and resources—party, attorney, and judicial—if the extensive proceedings in this Court turn out to be a "prelude" to nothing more than an unappealable ruling that results in confusion and separate, additional litigation on the questions at issue here.  Simply put, Proposed Intervenors are plainly correct that the issues presented by this case undoubtedly warrant definitive resolution by the Court of Appeals and perhaps even the Supreme Court.

The proposed intervention should be granted because it seeks only to ensure appellate standing so as to foreclose an inconclusive outcome that no one should want.  Since Proposed

1    Intervenors do not seek to actively participate in discovery or trial and will likely adopt the

2    Defendant-Intervenors' post-trial legal arguments (Doc # 311 at 9-10), no party has been

3    prejudiced by the timing of the proposed intervention.  Accordingly, the motion is timely under

4    the flexible standards governing intervention.  As Proposed Intervenors demonstrate, it is well

5    established that even post-trial intervention can be timely when the object is to ensure appellate

6    review.  *See* Doc # 311 at 13 (citing cases); *see also, e.g.*, *Pellegrino v. Nesbit*, 203 F.2d 463, 465-

7    66 (9th Cir. 1953) ("Intervention should be allowed even after a final judgment where it is

8    necessary to preserve some right which cannot otherwise be protected [such as] the right to appeal

9    from the judgments entered on the merits by the District Court.").   And there can be no doubt that

10    the Proposed Intervenors satisfy the additional requirements for intervention.  Indeed, the passive

11    or outright hostile positions of the Government Defendants are plainly inadequate to represent

12    Proposed Intervenors' interests in a definitive and timely resolution of Proposition 8's

13    constitutionality.

## CONCLUSION

15    For these reasons and those stated in the motion to intervene, Proposed Intervenors' motion

16    should be granted.

17    Dated:    December 30, 2009

18                                                 COOPER AND KIRK, PLLC
      ATTORNEYS   FOR   DEFENDANT-INTERVENORS
19    DENNIS   HOLLINGSWORTH,   GAIL   J.   KNIGHT,
      MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM,
20    MARK A. JANSSON, AND PROTECTMARRIAGE.COM –
      YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

22                                                 By: /s/Charles J. Cooper
                                                        Charles J. Cooper

3