# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000 San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com

EDettmer@gibsondunn.com

December 31, 2009

Direct Dial
(415) 393-8292
Fax No.
(415) 374-8444

Client No.
T 36330-00001

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
 for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102

Re: *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

Pursuant to ¶ 1.5 of this Court's Standing Orders, Plaintiffs respectfully request leave to file a motion to compel the deposition of Doug Swardstrom, the former "Unnamed Executive Committee Member." As the Court is aware, the identity of this Executive Member was withheld by Proponents and Mr. Swardstrom's counsel under the premise that Mr. Swardstrom's identity had not been made public. *See, e.g.*, Nov. 9, 2009 letter from N. Moss, attached as Exhibit A. In fact, his name and his position with the Yes on 8 Campaign was shared, at a minimum, with the editorial board of *The Wall Street Journal*, Exhibit B, and various radio stations, Exhibit C. On December 23, Proponents relented and revealed Mr. Swardstrom's identity to the Plaintiffs.

In response to the subpoena Plaintiffs served on Mr. Swardstrom's counsel in October, Plaintiffs were told that no deposition of the then "Unnamed 'Yes on 8' Ad Hoc Committee Member" could go forward without prohibitive limitations on that deposition. Specifically, Mr. Swardstrom's counsel would not allow any identifying information to be revealed in the deposition, including videotaping of the deposition, questioning about identifying information, or anything else that they viewed as risking the anonymity of the deponent. *See* Oct. 27, 2009 e-mail from K. Phillips, attached as Exhibit D & Nov. 9, 2009 letter from J. Bopp, attached as Exhibit E. A deposition that could not be recorded via videotape and was subject to these additional unreasonable and prohibitive limitations would have been fruitless. Plaintiffs

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Vaughn R. Walker
December 31, 2009
Page 2

attempted to determine the deponent's identity through discovery (such as numerous questions to other deponents) to no avail.

But on December 15, Proponents first produced redacted versions of the letter to *The Wall Street Journal* and e-mails to various radio stations. On the basis of these documents, it became apparent that Proponents' and Mr. Swardstrom's claim of anonymity was not true. Accordingly, Plaintiffs requested that Mr. Swardstrom's deposition take place forthwith without the restrictions insisted upon by his counsel. Mr. Swardstrom objected, arguing that Plaintiffs' decision not take Mr. Swardstrom's deposition with the restrictions they imposed was a waiver of Plaintiffs' right to depose their client. Dec. 29 e-mail from K. Phillips, attached as Exhibit F.

Mr. Swardstrom's position is without merit. Plaintiffs never withdrew their subpoena of Mr. Swardstrom, but rather evaluated their options based on the factual representations that had been made by Mr. Swardstrom's and Proponents' counsel. However, those factual representations were not true and have now been admitted to be untrue. As between Plaintiffs, Mr. Swardstrom, and Proponents, the blame for this situation sits squarely with Mr. Swardstrom and the Proponents—they and not Plaintiffs had possession of the documents that demonstrated the falsity of their claim that Mr. Swardstrom's identity had not been publicly revealed. As such, Mr. Swardstrom must abide by the terms of the subpoena and must make himself available for deposition and produce any responsive documents that are in his possession, custody, or control.

The Court stated that "the unreasonable withholding of requested [information] may frustrate appropriate deposition discovery," and justifies discovery outside the Court's November 30 close of fact discovery. *See* Doc #252 at 9. This is precisely such a situation. For the foregoing reasons, Plaintiffs respectfully request leave to file a motion to compel the deposition of Mr. Swardstrom. Plaintiffs also suggest that, if the Court is amenable, this matter could be addressed at the scheduled January 6, 2010 hearing in this case.

Respectfully submitted,

Ethan D. Dettmer
Counsel for Plaintiffs

cc: James Bopp, Jr. (counsel for Mr. Swardstrom) *via electronic mail*
All Counsel *via ECF system*