GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*, <br> Plaintiffs, <br> and <br> CITY AND COUNTY OF SAN FRANCISCO, <br> Plaintiff-Intervenor, <br> v. <br> ARNOLD SCHWARZENEGGER, *et al.*, <br> Defendants, <br> and <br> PROPOSITION 8 OFFICIAL PROPONENTS <br> DENNIS HOLLINGSWORTH, *et al.*, <br> Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM** <br><br> Hearing Date: January 6, 2010 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 6 <br> Trial Date: January 11, 2010 |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM

# NOTICE OF MOTION AND MOTION

TO DOUG SWARDSTROM AND TO ALL PARTIES:

PLEASE TAKE NOTICE THAT on January 6, 2010 at 10:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs will and hereby do move this Court for an Order compelling Mr. Swardstrom to comply with the subpoena served on him as a formerly "unnamed" member of the executive committee of Defendant-Intervenor ProtectMarriage.com – Yes on 8 a Project of California Renewal ("ProtectMarriage.com").

This motion is made pursuant to the Court's Order of today, Doc #338, on the basis that Mr. Swardstrom has not complied with the subpoena and that he has refused to do so except on unreasonably restrictive terms.  Mr. Swardstrom's refusal to comply and the restrictive terms he has insisted on were both based upon an assertion that his identity as a ProtectMarriage.com executive committee member had never been revealed and that his anonymity was therefore protected by the First Amendment.  These claims were, however, based on a false factual basis.  Proponents revealed for the first time on December 15, 2009 that Mr. Swardstrom's identity as an executive committee member had in fact been revealed to the media during the Prop 8 campaign.  Based on the foregoing, Plaintiffs ask the Court to order Mr. Swardstrom to produce all responsive and non-privileged documents immediately; and to appear for a deposition at a date mutually convenient to the parties and Mr. Swardstrom but no later than January 13, 2010.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction

Proponents have consistently obstructed Plaintiffs' efforts to determine the identity of ProtectMarriage.com's executive committee members.  Proponents initially refused to provide that information altogether, and then later refused as to two of these individuals, claiming that their identities had never been publicly revealed and that they were protected by the First Amendment.  After Plaintiffs found a public document identifying one of these individuals, Proponents withdrew their objection as to this person, but maintained their position as to the remaining "unnamed" executive committee member.

1

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM

But less than one month before trial, and for the first time, Proponents produced documents demonstrating that the identity of the remaining "unnamed" executive committee was in fact revealed during the Prop 8 campaign to multiple media outlets, including the editorial board of the Wall Street Journal.  The formerly "unnamed" executive committee member, Doug Swardstrom, nevertheless claims that Plaintiffs cannot take his deposition because the discovery cut-off has passed and Plaintiffs did not take his deposition under restrictive conditions insisted upon by his counsel.  But any blame for a delay in this deposition lies with Mr. Swardstrom and the Proponents, who insisted based upon a false factual premise that any deposition take place with unreasonable restrictions and conditions, and Plaintiffs should not be prejudiced by their baseless claim of privilege.

## II.     Factual Background

On September 25, the Court asked Proponents' counsel to identify ProtectMarriage.com's executive committee members, but Proponents' counsel would not do so, claiming that they "had never been disclosed."  Sept. 25, 2009 Hearing Tr. at 20:19-21:2.  Proponents later disclosed the names of two of the four executive committee members (Ron Prentice and Mark Jansson), and another (Edward Dolejsi) only after Plaintiffs discovered that he had been identified as a member of the executive committee in a letter sent out by ProtectMarriage.com.  *See* Declaration of Ethan D. Dettmer In Support of Plaintiffs' Motion to Compel Deposition of "Unnamed Executive Committee Member" Doug Swardstrom ("Dettmer Decl."), Ex. A (Doc #250-2).

Until December 23, Proponents and Mr. Swardstrom's counsel refused to identify Mr. Swardstrom, relying upon their claim that Mr. Swardstrom's identity had not been made public.  *See*, *e.g*., Dettmer Decl. Ex. B; Dettmer Decl. Ex. C (Doc #333-6) at 3; Dettmer Decl. Ex. D (December 15, 2009 Letter from N. Moss to E. Dettmer).  And the only reason that Proponents and Mr. Swardstrom's counsel agreed to reveal his identity at that late date was because his name and his position with the Yes on 8 Campaign had been shared, at a minimum, with the editorial board of *The Wall Street Journal* and various radio stations.  *See* Dettmer Decl. Ex. E (Doc #333-2).

Mr. Swardstrom's counsel accepted a deposition subpoena on behalf of their then "unnamed" client in October, but insisted that no deposition of their client could go forward without prohibitive

2

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM

1  limitations on that deposition.[1]  Mr. Swardstrom's counsel would not allow any identifying

2  information to be revealed in the deposition, including any questioning of the witness about

3  identifying information, and would not allow Plaintiffs to videotape the deposition or do anything

4  else that they viewed as risking the anonymity of their client.  *See* Dettmer Decl. Exs. G, H (Doc

5  ##333-4 & 333-5).  Mr. Swardstrom's counsel further insisted on an agreement that the parties would

6  keep Mr. Swardstrom's identity secret if it were discovered despite these restrictions.  *Id.*  Plaintiffs

7  viewed a deposition that could not be recorded via videotape and that was subject to these additional

8  unreasonable and prohibitive limitations as fruitless, and thus Plaintiffs sought to determine the

9  "unnamed" executive committee member's identity through discovery, including numerous questions

10 to other deponents.  *See* Dettmer Decl. Exs. I, J, K.  But these efforts were to no avail.

11        But on December 15, Proponents first produced redacted versions of the letter to *The Wall*

12 *Street Journal* and e-mails to various radio stations.  *See* Dettmer Decl. Ex. D.  These documents,

13 produced for the first time less than one month before trial, made it clear that Proponents' and Mr.

14 Swardstrom's claim of anonymity was not true.  Accordingly, Plaintiffs requested that Mr.

15 Swardstrom's deposition take place forthwith without the restrictions insisted upon by his counsel.

16 Mr. Swardstrom objected, arguing that Plaintiffs' decision not take Mr. Swardstrom's deposition with

17 the restrictions they imposed was a waiver of Plaintiffs' right to depose their client.  Dettmer Decl.

18 Ex. C.

19 **III.   Argument**

20        Mr. Swardstrom is subject to a valid subpoena and must appear.  Fed. R. Civ. P. 45(e).

21 Plaintiffs never withdrew their subpoena of Mr. Swardstrom, but rather evaluated their options based

22 on the factual representations that had been made by Mr. Swardstrom's and Proponents' counsel and

23 sought to obtain Mr. Swardstrom's identity through other means before taking any deposition subject

24 to prohibitive limitations.  But the factual representations Mr. Swardstrom and Proponents relied on

25 in refusing to reveal his identity were not true and have now been admitted to be untrue.  As between

26 Plaintiffs, Mr. Swardstrom, and Proponents, the blame for this situation sits squarely with Mr.

---

[1]    A true and correct copy of the subpoena at issue is attached as Dettmer Decl., Ex. F.

3

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM

1  Swardstrom and the Proponents—they and not Plaintiffs had possession of the documents that

2  demonstrated the falsity of their claim that Mr. Swardstrom's identity had not been publicly revealed.

3  As such, Mr. Swardstrom must abide by the terms of the subpoena and must make himself available

4  for deposition and produce any responsive documents that are in his possession, custody, or control.

5  This Court has stated that "the unreasonable withholding of requested [information] may

6  frustrate appropriate deposition discovery," and justifies discovery outside the Court's November 30

7  close of fact discovery. *See* Doc #252 at 9. There can be no question that Proponents and Mr.

8  Swardstrom have unreasonably withheld information that was within their possession and not within

9  Plaintiffs' possession, and thereby "frustrated appropriate deposition discovery."[2]

10 **IV.   Conclusion**

11 Based on the foregoing, Plaintiffs respectfully request that the Court order Mr. Swardstrom to

12 produce all responsive and non-privileged documents and appear for deposition in this matter no later

13 than one week from the date of the Court's order.

14                                              Respectfully submitted,

15 DATED: January 4, 2010                       GIBSON, DUNN & CRUTCHER LLP
                                                Theodore B. Olson
16                                              Theodore J. Boutrous, Jr.
                                                Christopher D. Dusseault
17                                              Ethan D. Dettmer
                                                Matthew D. McGill
18                                              Amir C. Tayrani
                                                Sarah E. Piepmeier
19                                              Theane Evangelis Kapur
                                                Enrique A. Monagas
20

21                                              By:             /s/
                                                          Theodore Boutrous, Jr.
22

---

[2]  Proponents have consistently obstructed discovery through their unreasonably broad and inappropriate application of the First Amendment privilege. In addition to withholding the identities of supposedly "unnamed" individuals whose names had in fact been sent to the media, Proponents continue to withhold many documents sent by the Yes on 8 campaign to voters despite the fact that they are plainly responsive and non-privileged. *See Perry v. Schwarzenegger*, No. 09-17241, amended slip op. at n.12 (9th Cir. Jan. 4, 2010) (noting that document Proponents formerly claimed was privileged "is plainly not a private, internal formulation of strategy or message and is thus far afield from the kinds of communications the First Amendment privilege protects.").

Gibson, Dunn & Crutcher LLP

4

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

5

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY FORMERLY "UNNAMED EXECUTIVE COMMITTEE MEMBER" DOUG SWARDSTROM