# Exhibit B

COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| 1 | BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |

         Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

         Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

---

DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
CASE NO. 09-CV-2292 VRW

Defendant-Intervenors (the "Proponents"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, file these responses to Plaintiffs' Second Set of Interrogatories. Proponents generally reserve the right to supplement and/or amend these responses to the extent required and/or allowed by the Federal Rules of Civil Procedure.  In particular Proponents reserve the right to supplement and/or amend these responses as necessitated by ongoing legal and factual development, discovery and/or judicial rulings in this case.

## RESPONSES

### INTERROGATORY NO. 4:

Identify each individual likely to have discoverable information that you may use to support you claims or defenses in this action, along with the subjects of that information.

### RESPONSE:

Proponents specifically reserve the right to supplement and/or amend this Response as necessitated by ongoing legal and factual development, discovery, and/or judicial rulings in this case.  Subject to that reservation, Proponents identify the following individuals as likely to have discoverable information that they may use to support their claims or defenses in this action:

- Experts and rebuttal experts.  Both Proponents' and Plaintiffs' experts and rebuttal experts are likely to have discoverable information that Proponents may use to support their claims or defenses in this action.  The identity of these experts, along with the subjects of the discoverable information they are likely to possess, is set forth in the reports and rebuttal reports they have submitted in this action.

- Organizations upon which Proponents have served subpoenas.  Proponents have issued subpoenas to a number of organizations that opposed Proposition 8.  These subpoenas generally seek information related to the subject of the intent of the voters with respect to Proposition 8.  Proponents have taken the position that much, if not all, of this information is irrelevant and/or privileged, and thus non-discoverable; nevertheless, should they fail to obtain a judicial ruling consistent with those positions they may use information obtained from the organizations they have subpoenaed to support their claims or defenses at trial. Proponents refer Plaintiffs to the subpoenas they have issued for the identity of these

organizations.

- Attorney General Brown. Attorney General Brown is likely to have information related to the intent of the voters with respect to Proposition 8. Proponents have taken the position that much, if not all, of this information is irrelevant and/or privileged, and thus non-discoverable; nevertheless, should they fail to obtain a judicial ruling consistent with those positions they may use information obtained from the Attorney General to support their claims or defenses at trial.

- City and County of San Francisco. The City and County of San Francisco is likely to have information related to the intent of the voters with respect to Proposition 8. Proponents have taken the position that much, if not all, of this information is irrelevant and/or privileged, and thus non-discoverable; nevertheless, should they fail to obtain a judicial ruling consistent with those positions they may use information obtained from San Francisco to support their claims or defenses at trial.

    San Francisco is also likely to have discoverable information related to the economic impact of same-sex marriage and the same-sex and opposite-sex marriages it has licensed.

- Plaintiffs. The individual plaintiffs in this action—Kristin M. Perry, Sandra B. Stier, Paul T. Katami, and Jeffrey J. Zarrillo—likely have discoverable information on a number of subjects that we may use to support our claims or defenses, including the history of discrimination gays and lesbians have faced; whether sexual orientation can be changed; whether a married mother and father provide the optimal child-rearing environment and whether excluding same-sex couples from marriage promotes this environment; whether the availability of opposite-sex marriage is a meaningful option for gays and lesbians; and the difference in actual practice of registered domestic partnerships, civil unions and marriage, including whether married couples are generally treated differently than domestic partners in governmental and non-governmental contexts.

- California agencies and officials upon which Proponents have served subpoenas. Proponents have issued subpoenas to the California Secretary of State and the Office of Vital Records in the California Department of Health. The former is the custodian of

records related to domestic partnerships; the latter of records related to marriages and births.  These records constitute discoverable information that we may use to support our claims or defenses at trial.  Proponents refer Plaintiffs to these subpoenas for additional information.

- The Williams Institute, UCLA School of Law, Box 951476, Los Angeles, CA, 90095, (310) 267-4382. The Williams Institute is a think tank that studies issues related to sexual orientation and same-sex marriage.  It is likely to have discoverable information related to those issues that we may use to support our claims or defenses at trial, including information related to the potential economic impact of same-sex marriage and the characteristics of same-sex couples.
- Proponents also generally note that they may use at trial to support their claims or defenses any individuals identified by Plaintiffs as possessing discoverable information.

**INTERROGATORY NO. 5:**

Identify each individual whom you plan to call as a witness at trial in this action.

**RESPONSE:**

Proponents object to this Request to the extent it purports to impose obligations beyond those set forth in the orders of the Court pertaining to the timing of the disclosure of the identity of witnesses.  *See* Doc # 164 at 2.  Subject to and without waiving this objection, Proponents note that they will, consistent with the orders of the Court, produce at the appropriate time the identity of each individual they plan to call as a witness at trial in this action.

**INTERROGATORY NO. 6:**

Identify each person who was a member of the ProtectMarriage.com executive committee on or before November 4, 2008.

**RESPONSE:**

Proponents object to this Request as calling for information privileged from disclosure under the First Amendment.  As Proponents have explained, *see, e.g.*, Hr'g of November 2, 2009, Tr., the identity of members of the ProtectMarriage.com executive committee whose names have never been disclosed publicly is privileged from disclosure under the First Amendment.

3

Without waiving this objection, Proponents state that the ProtectMarriage.com ad hoc executive committee, established in connection with the Proposition 8 campaign, had four members from November 27, 2007, when the official Proposition 8 campaign committee was formed, through November 4, 2008. The identity of two of those individuals has been publicly disclosed, and Proponents have already provided that information to Plaintiffs. Nevertheless, Proponents will identify them again here:

- Ron Prentice
  2900 Adams Street, Suite C25
  Riverside, CA  92504

- Mark Jansson
  9110 Union Park Way
  Suite 118
  Elk Grove, CA 95624

It was recently brought to our attention that a third member of the ad hoc executive committee's identity is also publicly known. His information is as follows:

- Edward Dolejsi
  California Catholic Conference
  1119 K Street
  Sacramento, CA 95814

Producing the identity of the member whose name has not been disclosed publicly is objectionable on First Amendment Grounds. Proponents have already provided Plaintiffs with the names of counsel for that member:

- Doe No. 1
  Represented by James Bopp, Jr.
  BOPP, COLESON & BOSTROM
  1 South 6th Street
  Terre Haute, IN 47807
  (812) 232-2434

4

Dated: November 9, 2009

_____
Ron Prentice for Defendant-Intervenors


COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL


By: /s/Charles J. Cooper
     Charles J. Cooper