# Exhibit H

JAMES BOPP, JR.[1]

*Senior Associates*
RICHARD E. COLESON[1]
BARRY A. BOSTROM[1]

*Associates*
RANDY ELF[2]
JEFFREY P. GALLANT[3]
ANITA Y. WOUDENBERG[1]
JOSIAH S. NEELEY[4]
JOSEPH E. LA RUE[5]
SARAH E. TROUPIS[6]
KAYLAN L. PHILLIPS[7]
JOSEPH A. VANDERHULST[1]
SCOTT F. BIENIEK[8]
ZACHARY S. KESTER[1]

[1] admitted in Ind.
[2] admitted in NY and Penn.
[3] admitted in Va.
[4] admitted in Tex.
[5] admitted in Oh.
[6] admitted in Wis.
[7] admitted in Okla.
[8] admitted in Ill.

**BOPP, COLESON & BOSTROM**
ATTORNEYS AT LAW
(not a partnership)

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807 3510

Telephone 812/232 2434   Facsimile 812/235 3685

THOMAS J. MARZEN
(1946 2007)

E MAIL ADDRESSES
jboppjr@aol.com
rcoleson@bopplaw.com
bbostrom@bopplaw.com
relf@bopplaw.com
jgallant@bopplaw.com
awoudenberg@bopplaw.com
jneeley@bopplaw.com
jlarue@bopplaw.com
stroupis@bopplaw.com
kphillips@bopplaw.com
jvanderhulst@bopplaw.com
sbieniek@bopplaw.com
zkester@bopplaw.com

November 9, 2009

Re: *Perry v. Schwarzenegger, et al.*,
Civil Action No. 09-cv-2292 (N.D. CA)

**Via facsimile and electronic mail**

Ethan Dettmer (edettmer@gibsondunn.com)
Gibson, Dunn & Crutcher, LLP
555 Mission Street
Suite 3000
San Francisco, CA   94105-2933
Fax: (415) 374-8444

Dear Mr. Dettmer,

    I write on behalf of the Unnamed "Yes on 8" Ad Hoc Committee Member ("Unnamed Committee Member") in response to the October 26, 2009, non-party subpoena issued to the Unnamed Committee Member in the above-referenced case. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), the Unnamed Committee Member objects to the call for testimony and objects to production of documents pursuant to your subpoena and to Exhibit A attached thereto.

    On behalf of the Unnamed Committee Member, we herein provide specific objections to the subpoena. These objections are in addition to the objections noted in the email we sent on October 27, 2009. Among other comments, that email stated that the Unnamed Committee Members (1) objects to a videotaped deposition; (2) objects to disclosing any identifying information; and (3) objects to producing any documents without a protective order in place. Furthermore, as noted in the email, we have consulted the Unnamed Committee Member's

Mr. Ethan Dettmer
November 9, 2009
Page 2

schedule and the following dates are available for deposition: November 18, November 19, November 20, or November 24.

    Despite these objections, the Unnamed Committee Member reserves any and all objections as to competency, relevance, materiality, privilege, admissibility, or any other grounds on which an objection may be made. The Unnamed Committee Member expressly reserves the right to object to further discovery into the subject matter of these requests. Any objection that inadvertently discloses privileged documents/information is not intended to and shall not be deemed or construed to constitute a waiver of any privilege or right of the Unnamed Committee Member.

General Objections

1. The Unnamed Committee Member objects to the Requests to the extent that they purport to call for the production of documents/information that: (a) contain privileged attorney-client communications; (b) constitute attorney work product; (c) disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys or other representatives of the Unnamed Committee Member; (d) were prepared in anticipation of litigation; or (e) are otherwise protected from disclosure under applicable privileges, immunities, laws, or rules. While the Unnamed Committee Member does not intend to produce any such privileged or protected documents or information, should any inadvertent disclosure occur, it shall not be deemed a waiver of any privilege.

2. The Unnamed Committee Member specifically incorporates by reference the objections and arguments set forth by Defendant-Intervenors in the following: (a) Defendant-Intervenors' responses to Plaintiffs' Discovery Requests; (b) Defendant-Intervenors' Motion for Protective Order (Doc. 187); (c) Defendant-Intervenors' Reply in Support of Motion for Protective Order (Doc. 197); and (d) in any stay and/or appeals papers Defendant-Intervenors have filed or may file regarding Plaintiffs' attempt to discover internal campaign strategy documents and/or nonpublic and/or anonymous communications related to Proposition 8.  These objections are based, inter alia, on relevance, burden, and First Amendment privilege grounds.

3. The Unnamed Committee Member objects to the Requests to the extent that they are vague, not limited in scope, unreasonably broad and burdensome, or beyond the scope of either category of permissible discovery under Fed. R. Civ. P. 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000).

4. The Unnamed Committee Member objects to the instructions accompanying the Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or local rules and to the extent they require the Unnamed Commit-

…

Mr. Ethan Dettmer
November 9, 2009
Page 3

    tee Member to conduct an unreasonable search for responsive documents or a search for documents that are not discoverable under Rule 26(b)(1), requiring a search in locations where the Unnamed Committee Member does not believe responsive materials are likely to be found, and requiring a restoration and review of electronic data tapes containing an unknown volume of archived data that is not readily available.

5.    The Unnamed Committee Member objects to the subpoena as unduly burdensome and beyond the scope of obligations imposed by the Federal Rules of Civil Procedure to the extent that it seeks information and documents that: (a) are already in Plaintiffs' possession; (b) are duplicative of documents already produced by Defendant-Intervenors; or (c) are as equally available to Plaintiffs from other sources that are more convenient, less burdensome, and/or less expensive. To the extent Plaintiffs' Requests place an obligation on the Unnamed Committee Member to produce documents and information from entities and/or individuals who are not uniquely within the Unnamed Committee Member's custody and control, the Requests are objectionable. See Fed. R. Civ. P. 26(b)(2)(C)(ii).

6.    The Unnamed Committee Member objects to the subpoena to the extent the benefit of it is outweighed by its lack of importance in resolving the issues at stake in this case. *See* Fed. R. Civ. P. 26(b)(2)(i), (iii) (discovery cannot be "unreasonably cumulative or duplicative, or . . . obtain[able] from some other source . . ." and is limited if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account . . . [inter alia] the importance of the proposed discovery in resolving the issues.")

7.    The Unnamed Committee Member objects to the subpoena as overly broad to the extent it seeks documents that are not relevant to the claims or defenses of any party in the above captioned case or not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Because virtually all of the discovery sought by the subpoena is legally irrelevant and not designed to lead to the discovery of admissible evidence, it would be objectionably burdensome for the Unnamed Committee Member to have to collect, review, produce, and/or log all such documents. Because of the irrelevant nature of these materials, the time and expense that would be required to gather and produce them cannot be reasonably justified.

8.    The Unnamed Committee Member objects to the subpoena to the extent that it seeks information, documents, or other materials protected from disclosure by the First Amendment. Communications that reflect core First Amendment activity e.g., political views, legislative or political strategy, religious beliefs, voter intent, political speech, and associational activity are not an appropriate subject of discovery and are protected from disclosure under applicable law.

9.    The Unnamed Committee Member objects to the subpoena to the extent it calls for the

Mr. Ethan Dettmer
November 9, 2009
Page 4

      production of documents and information postdating the passage of Proposition 8 in November of 2008. Not only are such communications and materials irrelevant to any conceivable issue in this lawsuit, their disclosure will violate the Unnamed Committee Member's First Amendment rights.

10. The Unnamed Committee Member objects to the subpoena on the grounds that it imposes undue burden and expense in violation of Fed. R. Civ. P. 45(c), including but not limited to requiring the Unnamed Committee Member to produce electronically-stored information that is not reasonably accessible and/or the production of which would entail substantial cost. To the extent the Unnamed Committee Member is required to produce documents that are not reasonably accessible and/or is required to undertake unduly burdensome measures in response to the subpoena, the cost of any production (including but not limited to any electronic media restoration, processing, scanning, exporting, storage, etc.) would be borne by Plaintiffs.

11. The Unnamed Committee Member objects to the subpoena, and to the definitions and instructions included therewith, to the extent that it calls for the production of documents or information beyond what is authorized by the order of October 1, 2009 (Doc. 214) and the order of October 23, 2009 (Doc. 237) issued by the District Court for the Northern District of California in this case. Specifically, the Court requires that any document requests must "share a clear nexus with the information put before the voters," for example, to be relevant. Doc. 214 at 16. "Discovery not sufficiently related to what the voters could have considered is not relevant and will not be permitted." *Id*.

12. The Unnamed Committee Member objects to the subpoena as being inconsistent with Federal Rule of Civil Procedure 45(c)(1), which requires your clients to "take reasonable steps to avoid imposing undue burden or expense" on third parties. A search of the Unnamed Committee Member's files for the material identified in the subpoena would entail an enormous amount of staff time by a non-party. Such a burden is unreasonable in any circumstance, but particularly onerous here in light of Plaintiffs' ability to obtain the information necessary for their claims and defenses elsewhere.

13. The Unnamed Committee Member objects to the extent the subpoena seeks information and/or documents protected from discovery by privileges arising from the First Amendment, including but not limited to the rights to associate and to petition the government.

14. The Unnamed Committee Member objects to Plaintiffs seeking to conduct a deposition as such an event would violate the Unnamed Committee Member's constitutional rights of privacy and association. Furthermore, there is no evidence that such testimony is relevant or would lead to the production of admissible evidence, especially beyond that already produced by Intervenor-Defendants or already in the possession, custody, or control of the

Mr. Ethan Dettmer
November 9, 2009
Page 5

    Plaintiffs.

Request #1

15. Specifically, the Unnamed Committee Member objects to Request #1 as calling for irrelevant documents and documents privileged from disclosure under the First Amendment specifically including documents not distributed to the electorate at large.

16. The Unnamed Committee Member objects to these Requests to the extent that they are broader than the requests presented to the parties. Specifically, Request #1 seeks *all* communications *relating* to Proposition 8, with no contextual filters like the ones served upon the parties and required by the Court. Furthermore, the Unnamed Committee Member objects to the extent that these Requests are broader than even the understanding between the parties. For example, the parties had an understanding that Plaintiffs were not seeking internal communications among and between the Defendant-Intervenors. No such narrowing is present in this Request.

17. The Unnamed Committee Member objects to Request #1 to the extent that it is contrary to the Court's October 1, 2009, and October 23, 2009, orders. This request is far too broad and is not sufficiently related to what voters could have considered. It is not limited to campaign strategy, *id*. at 17, messages to be conveyed to voters, *id*., nor is it limited to communications just between Proponents and those with a directorial or managerial role. *Id.*

18. The Unnamed Committee Member objects to Request #1 as it is unclear what additional communications apart from those already requested from the Defendant-Intervenors are being requested here. On its face, this Request appears to be seeking any communication related to Proposition 8 in any way. In addition to being objectionable on First Amendment grounds, this incredibly broad Request is objectionable because of the undue burden it would impose on the Unnamed Committee Member if required to gather, review, log and/or produce all responsive materials, the overwhelming majority of which are irrelevant to any issue in dispute in this case in violation of Fed. R. Civ. P. 26(b)(2)(C)(iii).

Request #2

19. Specifically, the Unnamed Committee Member objects to Request #2 as documents responsive to this Request have already been produced by Defendants-Intervenors.

    As a non-party, the Unnamed Committee Member believes the discovery sought by the subpoena far exceeds the permissible scope under the Federal and Local Rules. The burden and expense potentially imposed by the subpoena far outweigh the need for discovery.

Mr. Ethan Dettmer
November 9, 2009
Page 6

  Please consider this letter, in addition to the email sent on October 27, 2009, to be efforts to resolve a discovery dispute without court action. Please advise us whether Plaintiffs will withdraw or modify the subpoena in light of the Unnamed Committee Member's objections.

        Sincerely,

        BOPP, COLESON & BOSTROM

        *James Bopp Jr.*

        James Bopp, Jr.