Eric Grant (Bar No. 151064)
grant@hicks-thomas.com
Hicks Thomas LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833
Facsimile: (916) 691-3261

James Bopp, Jr. (*pro hac vice* pending)
jbopp@bopplaw.com
Richard E. Coleson (*pro hac vice* pending)
rcoleson@bopplaw.com
Kaylan Lytle Phillips (*pro hac vice* pending)
kphillips@bopplaw.com
Bopp, Coleson & Bostrom
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 234-3736

Counsel for Objector DOUG SWARDSTROM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, et al., | No. 3:09-cv-02292-VRW |
| Plaintiffs, | |
| and | **OBJECTOR DOUG SWARDSTROM'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Plaintiff-Intervenor, | |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants, | |
| and | |
| PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, et al., | Hearing Date: January 6, 2010<br>Hearing Time: 10:00 a.m.<br>Courtroom: 6 (17th Floor)<br>Judge: Hon. Vaughn R. Walker |
| Defendant-Intervenors. | |

## INTRODUCTION

In defense of his First Amendment privacy privilege that he has consistently asserted to all involved in this action, Objector Doug Swardstrom respectfully files this brief in opposition to Plaintiffs' motion to compel his compliance with a deposition subpoena (Doc. 339, filed Jan. 4, 2010) ("Motion").[1]

As explained below, Mr. Swardstrom opposes the Motion because (a) he offered to appear for deposition and to bring documents requested in the subpoena duces tecum within the court-imposed discovery period; (b) he imposed only reasonable conditions premised on, and consistent with, his First Amendment privacy privilege; (c) Plaintiffs did not then take his deposition, although doing so would have provided them the information fulfilling the purpose of discovery in this case (seeking evidence of voter bias); (d) Plaintiffs could have filed (but did not file) a motion to compel within the discovery period, thereby waiving their right to do so now; (e) Plaintiffs' attempt to show that some limited disclosure of Mr. Swardstrom's identity—though not to the general public and not by Mr. Swardstrom himself—waived his First Amendment privilege is constitutionally flawed; and (f) Plaintiffs' present attempt to justify their failure to pursue timely discovery or judicial relief by shifting blame to Mr. Swardstrom is erroneous and logically flawed.

## STATEMENT OF RELEVANT FACTS

Plaintiffs acknowledge that Mr. Swardstrom agreed to a deposition and to produce documents consistent with the relevant subpoena duces tecum. *See* Motion at 2:26-3:6. Deposition dates were offered to Plaintiffs within the discovery period, which Plaintiffs did not employ. *See* Declaration of Ethan D. Dettmer (Doc. 340, filed Jan. 4, 2010) ("Dettmer Decl."), Exh. H at 1-2. Mr. Swardstrom asserted the right to have discovery conducted in such a manner as to protect his First Amendment privacy rights, but the conditions did not in any way prohibit Plaintiffs from asking him, as an ad hoc executive committee member, about evidence and documents regarding

---

[1] In its January 4, 2010 Order (Doc. 338), this Court ordered that "Proponents shall file their opposition [to Plaintiff's motion to compel] not later than 5 PM PST on January 5, 2010." Although Mr. Swardstrom is not a "Proponent" (and is not otherwise a party to this action), he timely files his opposition to the Motion pursuant to the Court's Order. Mr. Swardstrom's out-of-state counsel have filed applications for admission *pro hac vice*.

HICKS THOMAS LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

the issue for which discovery is being conducted in this case, i.e., evidence of possible voter bias. Plaintiffs now claim that they found the privacy conditions to be "unreasonable" and that the discovery would consequently be "fruitless." Motion at 3:8. Nevertheless, they decided not to pursue a motion to compel during the mandated discovery period, *see id.* at 3, which was their duty if they believed these things to be true and wished to pursue discovery.

Plaintiffs have provide no evidence that Mr. Swardstrom's identity as an ad hoc executive committee member was ever released to California voters or to the general public. There is only recently discovered evidence that his name was attached to a letter to the editor sent to the *Wall Street Journal* by someone other than Mr. Swardstrom himself, see Motion at 3:11-14, but there is no evidence that such letter was ever published or otherwise provided to the general public. There is also evidence that Mr. Swardstrom's name was in an e-mail header in correspondence to radio stations, *see id.*, but again that was not done by Mr. Swardstrom and again there is no evidence that the information was disclosed to the general public or California voters. Therefore, there has been no general public disclosure of Mr. Swardstrom's identity as part of the campaign at issue, and only recently have these limited disclosures come to light. Mr. Swardstrom's assertion that his identity had not been disclosed to the general public was made in good faith when asserted, and the sort of limited disclosure subsequently shown does not constitute general disclosure either to California voters or the general public.

## ARGUMENT

The core of Plaintiffs' argument is the notion that although they chose to sit out the discovery period, they can now burden this Court (and Mr. Swardstrom) with an argument to re-open discovery because some evidence has surfaced that Mr. Swardstrom's identity as an ad hoc executive committee member was minimally released by others. Plaintiffs create a straw-man "premise" for Mr. Swardstrom to the effect that his assertions of a privacy right were based *only* on the fact that his identity had categorically not been disclosed.

But Plaintiffs ignore the *constitutional* source of Mr. Swardstrom's privacy right: it arises from the First Amendment right of association, particularly regarding political matters, as made clear by the Ninth Circuit in its Amended Opinion ruling on the scope of discovery in this case.

(No. 09-17241, filed Jan. 4, 2010). This privacy right of is not limited to those whose associations have not been disclosed *at all*. Rather, a privacy right of association remains intact even after some minimal disclosure.[2] Mr. Swardstrom's privacy right remained even after evidence emerged that others had disclosed his name in a minimal fashion. Plaintiffs might have some argument here had the letter to the editor been printed in the newspaper, because there would have been less remaining scope for the privacy right to protect; however, that is not what happened here. Mr. Swardstrom never conditioned the assertion of his privacy right as Plaintiffs would have it, and such a right may not be so conditioned. Nor did Mr. Swardstrom waive his First Amendment privacy right, and so it remained in full force to provide him protection.

There is an argument for waiver here, but it is not that *Mr. Swardstrom* waived his right to privacy. The waiver here was by *Plaintiffs* of their right to pursue discovery under the Federal Rules. The purpose of discovery in this case was to search for evidence of voter bias. A deposition of Mr. Swardstrom would have fulfilled that purpose because Plaintiffs could have asked him for any such evidence at his deposition. Since the general public and particularly the voters did not know of his identity as an ad hoc executive committee member, his identity was irrelevant to any possible voter bias, so not knowing it harmed Plaintiffs not all. Moreover, whether the deposition was videotaped was similarly irrelevant to the purpose of discovery in this case. Plaintiffs could have and should have proceeded with a deposition when and as offered. If, after the deposition, the purpose of the deposition (discovering possible voter bias) had not somehow been fulfilled because of Mr. Swardstrom's assertion of his First Amendment privacy right, then Plaintiffs could have and should have timely sought judicial relief as to any specific concern they had. Or if as they now represent, they thought at the time that the whole enterprise would be "fruitless," it was their duty *within the discovery period* to seek a motion to compel. Plaintiffs make no effort to prove, nor could they, that their belief that the deposition as conditioned would be "fruitless" was contingent on whether minimal disclosure of Mr. Swardstrom's identity had occurred. The

---

[2] A classic example is cited in *Buckley v. Valeo*, 424 U.S. 1, 64-65 (1976), where disclosure of NAACP membership to other members and officers did not waive the privacy right in general. *See NAACP v. Alabama*, 357 U.S. 449 (1958).

1  two are not logically connected. The fact that Plaintiffs never withdrew their subpoena does not
2  alter the fact that they failed to act in a timely fashion to accept proffered deposition dates within
3  the discovery cutoff date that would have fulfilled the discovery purpose, i.e., they could have
4  explored for possible evidence of legally relevant bias. Therefore, Plaintiffs (a) have not over-
5  come the presumption that they waived their opportunity to do a timely deposition (with docu-
6  ments to have been provided thereat) by not proceeding to depose Mr. Swardstrom on offered
7  dates; and (b) have not demonstrated any need for discovery beyond the cutoff date that could not
8  have been accomplished within the cutoff date.

9  There has been no "unreasonable withholding of requested [information]" (Motion at 4:5)
10 that warrants reopening discovery. Plaintiffs have waived their deposition opportunity, as out-
11 lined above, by failing to take a deposition that would have achieved the discovery purpose. They
12 should have sought relief then, not now, if they did not believe that the discovery purpose could
13 be achieved. The fact of limited non-general-public disclosure of Mr. Swardstrom's identity by
14 others neither alters Mr. Swardstrom's asserted interest nor substantially changes what Plaintiffs
15 could have discovered by proceeding with the offered deposition. Mr. Swardstrom's constitution-
16 ally protected assertion of his First Amendment privacy right is not "unreasonable." Mr. Sward-
17 strom did not "withhold" information, but merely asserted conditions consistent with his First
18 Amendment privacy right. Therefore, there is no reason to reopen discovery.

### CONCLUSION

20 For the foregoing reasons, Plaintiffs' motion to compel should be denied.

21 Dated: January 5, 2010.

22                                    Respectfully submitted,

23                                    /s/ Eric Grant
                                      Eric Grant
24                                    Hicks Thomas LLP

25                                    James Bopp, Jr.
                                      Richard E. Coleson
26                                    Kaylan Lytle Phillips
                                      Bopp, Coleson & Bostrom

27
                                      Counsel for Objector DOUG SWARDSTROM
28

HICKS THOMAS LLP
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833