ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler (CA Bar No. 179572)
*rtyler@faith-freedom.com*
Jennifer L. Monk (CA Bar No. 245512)
*jmonk@faith-freedom.com*
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
Telephone: 951-304-7583; Facsimile: 951-600-4996

ATTORNEYS FOR PROPOSED INTERVENORS COUNTY OF IMPERIAL OF
THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL COUNTY,
AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY
COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,

Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

Plaintiff-Intervenor,

v.

ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

Defendants,

and

CASE NO. 09-CV-2292 VRW

**PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

Date: January 6, 2010
Time: 10:00 a.m.
Judge: Chief Judge Vaughn R. Walker
Location: Courtroom 6, 17th Floor

Trial Date: January 11, 2010

DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; as official proponents of Proposition 8,

                    Defendant-Intervenors.

PROPOSED INTERVENORS COUNTY OF IMPERIAL OF THE STATE OF CALIFORNIA, BOARD OF SUPERVISORS OF IMPERIAL COUNTY, AND ISABEL VARGAS IN HER OFFICIAL CAPACITY AS DEPUTY CLERK/DEPUTY COMMISSIONER OF CIVIL MARRIAGES FOR THE COUNTY OF IMPERIAL,

                    Defendant-Intervenors

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.      Imperial County and Its Officials Are Entitled to Intervene as of Right ................ 2

        A.      The County Timely Filed This Motion ....................................................... 2

        B.      The Motion Is Not Premature .................................................................... 4

        C.      The County Has a Significantly Protectable Interest in the Litigation ........ 5

        D.      The Official Proponents Cannot Adequately Represent the County's
                Interests ................................................................................................. 7

II.     Alternatively, the County Is Entitled to Permissive Intervention ........................... 8

CONCLUSION ................................................................................................................. 9

i

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

# TABLE OF AUTHORITIES

**Federal Cases:**

*American Association of People with Disabilities v. Herrera,*
  257 F.R.D. 236 (D.N.M. 2008) ........................................ 7

*Board of Education v. Allen,*
  392 U.S. 236 (1968) ........................................ 5, 8

*In re Estate of Ferdinand Marcos Human Rights Litig.,*
  94 F.3d 539 (9th Cir.1996) ........................................ 7

*Kootenai Tribe of Idaho v. Veneman,*
  313 F.3d 1094 (9th Cir. 2002) ........................................ 8

*League of United Latin Am. Citizens v. Wilson,*
  131 F.3d 1297 (9th Cir. 1997) ........................................ 8

*Low v. Altus Finance, S.A.,*
  44 Fed. Appx. 282, 2002 WL 1902643 (9th Cir.) ........................................ 3

*McGough v. Covington Technologies Co.,*
  967 F. 2d. 1391 (9th Cir. 1992) ........................................ 4

*Portland Audobon Soc'y v. Hodel,*
  866 F.2d 302 (9th Cir. 1989) ........................................ 7

*Richardson v. Ramirez,*
  418 U.S. 24 (1974) ........................................ 7

*Samnorwood Independent School Dist. v. Texas Educ. Agency,*
  533 F.3d 258 (5th Cir. 2008) ........................................ 5

*Southwest Center for Biological Diversity v. Berg,*
  268 F.3d 810 (9th Cir. 2001) ........................................ 7

*United States v. Carpenter,*
  298 F.3d 1122 (9th Cir. 2002) ........................................ 3

*United States v. Oregon,*
  745 F.2d 550 (9th Cir. 1984) ........................................ 2, 4

*United States v. Washington,*
  86 F.3d 1499 (9th Cir. 1995) ........................................ 1, 3, 4, 7, 8

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

**State Cases:**

*Lockyer v. City & County of San Francisco,*
      95 P.3d 459 (Cal. 2004).............................................................................. 1, 5, 6

**Other Authorities:**

18 James Wm. Moore et al., Moore's Federal Practice § 134.02[1][d] (3d ed. 2009)...................... 6

C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 (1972) ........................................... 2

iii
PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

**INTRODUCTION**

It is remarkable that Plaintiffs would resist an effort by another county and its officials to be formally bound by the judgment in this case, especially when they have not asserted even a single argument that it would prejudice them or disrupt these proceedings.  If granted, the proposed intervention by the County and its officials ("County") entails no delay, no disruption, no additional expense, and no extra proceedings.  Plaintiffs plainly have no valid interest in the disruptive and wasteful outcome that would result from a potentially unappealable judgment, and to ensure the integrity of the judicial process, this Court should not facilitate that result.  As the Official Proponents note, this case has statewide and indeed national implications.  Its weighty legal issues should not—indeed cannot—be resolved absent an appeal.  It is beyond cavil that these important constitutional questions should be decided by the Ninth Circuit and perhaps even the Supreme Court.  The proposed intervention helps accomplish that end without any prejudice.

Lacking any argument based on the paramount consideration of prejudice, Plaintiffs assert that the motion simply comes too late.  But nothing has transpired in these proceedings that affects the proposed intervention, and the proposed intervention will not affect the remaining proceedings.  All prior rulings would stand.  Discovery and trial schedules would remain unchanged.  And it is likely that Plaintiffs will not even have to respond to additional post-trial arguments.  Nothing changes in this Court.  Plaintiffs argue that the delay is unreasonable because this lawsuit and the Government Defendants' positions have been widely publicized.  This argument is irrelevant to the issue before this Court.  The justification for the delay is that the Proposed Intervenors only recently learned that their interests in legal clarity and avoiding conflicting commands may not be protected by the Official Proponents due to technical and unsettled issues of Article III standing.  Plaintiffs additionally argue that the proposed intervention is not only late but premature because no one can know for certain whether the Government Defendants will appeal.  Yet the case they rely on— *United States v. Washington*, 86 F.3d 1499 (9th Cir. 1995)—actually supports intervention.  Timeliness should not be an issue.

Plaintiffs cite *Lockyer v. City & County of San Francisco*, 95 P.3d 459 (Cal. 2004), for the proposition that the County and its officials have no interest in the outcome of this case because

their functions are purely ministerial. *Lockyer* says no such thing. *Lockyer* holds that county clerks have no discretion to disregard the plain meaning of the marriage laws, not that state officials can command county clerks to do anything they please. If Proposition 8 is ruled unconstitutional in these proceedings, this Court, or some state official acting pursuant to its injunction, will issue an order purporting to compel all county officials across California to comply. That alone creates an adequate interest for intervention. Moreover, the County has a profound interest in avoiding the confusion and disruption that would arise from conflicting legal commands and from the expense of the inevitable litigation that would follow. The Official Proponents cannot adequately represent these interests where their very right to appeal has been challenged.

At a minimum, this Court should exercise its discretion and grant permissive intervention. Considerations of legal certainty, judicial economy, and the parties' resources in this momentous case strongly militate in favor of the proposed intervention.

## ARGUMENT

### I. Imperial County and Its Officials Are Entitled to Intervene as of Right.

#### A. The County Timely Filed This Motion.

The most important criterion in assessing timeliness is prejudice: "The question of timeliness … turns upon the issue of prejudice to the existing parties, which has been termed 'the most important consideration in deciding whether a motion for intervention is untimely.'" *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984) (C. Wright & A. Miller, *Federal Practice and Procedure* § 1916 at 575 (1972)) (reversing denial of intervention because intervention would not prejudice the parties). In objecting to the County's motion to intervene, Plaintiffs have not identified *any* prejudice to either the parties or the Court from the County's intervention at this stage of the case.

Allowing intervention will not disrupt the litigation schedule in the slightest. It will not interrupt discovery, the trial, or any substantive proceedings. Nothing substantive has transpired that bears on the motion to intervene—no factual issues have been resolved, no summary judgments have been granted, and no preliminary injunctions have been issued.

///

2

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

This unprecedented litigation has proceeded with lightning speed, and its facts are unique. The County moved to intervene shortly after becoming aware of Plaintiff-Intervenors' contention that the Official Proponents lack Article III standing to appeal an adverse decision. It was not the filing of the Complaint nor news reports of the Government Defendants' non-defense that tripped the clock for purposes of intervention, as Plaintiffs contend. Rather, the triggering moment was the County's realization based on Plaintiffs' contention—a contention turning on technical points of constitutional law and not asserted until after the Court's July 24, 2009 deadline for intervention (Doc#104)—that the County's interests may not be adequately represented by the Official Proponents and that the momentous issues in this case may be decided by a single district court without appellate review. *See United States v. Washington*, 86 F.3d 1499,1503-04 (9th Cir. 1995) ("'Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation.'"); *United States v. Carpenter,* 298 F.3d 1122, at 1125 (9th Cir. 2002) (reversing denial of motion to intervene when, 18 months after Complaint was filed, intervenors timely acted upon notice that government parties did not adequately represent their interests); *Low v. Altus Finance, S.A.*, 44 Fed. Appx. 282, 284-85, 2002 WL 1902643 (9th Cir.) ("[A] party's motion to intervene is timely even when intervention is sought at a late stage in the proceeding, as long as the party seeking intervention files an intervention motion in a timely manner once on notice that the government representation is inadequate.").

Mr. Leimgruber's declaration confirms that the County acted timely. (Doc #311-1). As soon as he learned of Plaintiff's contention, he brought the matter to the attention of the Board of Supervisors and the Board promptly deliberated the matter, retained counsel and filed this motion. Legal counsel's involvement in responding to discovery on behalf of a different client prior to the time counsel was retained by the County is clearly irrelevant. *See* Declaration of Jennifer Lynn Monk at ¶¶ 2-3 (file concurrently).

Many courts have permitted intervention after much longer delays, even post-judgment. (*See* Doc #311 at 5-6). Again, the key point is prejudice, and here there is none. It is an abuse of

///

discretion to deny intervention absent a finding of prejudice (*see Oregon,* 745 F.2d at 552), and Plaintiffs do not even try to articulate prejudice.

### B.    The Motion Is Not Premature.

Ironically, while arguing that the County's motion is too late, plaintiffs also contend that the motion comes too soon. But it is not premature to intervene at this stage for the purpose of ensuring an appeal.

Notwithstanding Plaintiffs' contentions, *United States v. Washington,* 86 F.3d 1499 (9th Cir. 1995), does not preclude intervening for purposes of appeal before final judgment. (*See* Doc #328 at 3-6). The discussion in *Washington* referenced by Plaintiffs was specific to the requirements of a "limited intervention" under *McGough v. Covington Technologies Co.*, 967 F. 2d. 1391, 1394 (9th Cir. 1992), which requires a different timeliness analysis. *Washington,* 86 F.3d at 1505.   In contrast, under the "traditional test of timeliness" at issue here, *Washington* warns that delaying an attempt to intervene until judgment "is too late." *Id.* at 1506.   Critically, *Washington* upheld the denial of post-judgment motions to intervene precisely because intervenors "should have sought intervention to protect [the] right to appeal" and other interests as soon as they ascertained that other parties did not represent those interests. *Id.* at 1504-05. The court held it was improper to rely on the district court's assurances that intervenors could intervene later. *Id.* at 1505. *Washington* supports intervention here.

The fact that no one can know for sure whether any of the Government Defendants will appeal a loss to the Court of Appeals or the Supreme Court is no argument against intervention. Indeed, the uncertainty supports intervention.  Under the Plaintiffs' reasoning, it will always be speculative whether someone will appeal right up until the final moment of the 30-day appeal period. *See* Rule 4, Federal Rules of Appellate Procedure.  By then it would be too late for the County (or anyone else) to move to intervene and timely notice an appeal.  Here, the expressed positions of the various Government Defendants toward the constitutionality of Proposition 8 reasonably suggests that they may not appeal a judgment of this Court holding Proposition 8 unconstitutional, let alone seek Supreme Court review of such a ruling by the Court of Appeals. Further, none of the Government Defendants has opposed intervention. (Docs #316; 320; 321;

4

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

323.) The County may also be subject to an injunction (see below). These facts justify the County's intervention. And if the County's interest in the litigation is sufficient to enable it to intervene post-judgment to appeal an adverse ruling, then that same interest is sufficient to allow the County to intervene now, particularly where there is no prejudice to the parties or the court and the County has acted as promptly as reasonably possible under the circumstances. *See Samnorwood Independent School Dist. v. Texas Educ. Agency*, 533 F.3d 258, 266 & n.17 (5th Cir. 2008).

### C. The County Has a Significantly Protectable Interest in the Litigation.

Plaintiffs cite to *Lockyer v. City and County of San Francisco*, 33 Cal.4th 1055 (2004), for the proposition that the County lacks a protectable interests (or standing) to intervene in the matter, but *Lockyer* holds exactly the opposite. A county clerk cannot disregard or violate a presumptively valid statute in fulfilling his or her ministerial duties, which is what the clerk in *Lockyer* attempted to do. This is uncontested. However, *Lockyer* acknowledges U.S. Supreme Court precedent, *Board of Education v. Allen*, 392 U.S. 236, 241 n.5 (1968), establishing that a clerk has a sufficient interest "*to bring a court action* to challenge the statute." *Lockyer*, 33 Cal.4th at 1101 n.29 (emphasis in original). The clerk's "oath to support the Constitution" endows the official with standing to judicially test the constitutionality of a statute. *Id.* As *Lockyer* explained,

> [T]he court in *Allen* noted that no one had questioned the standing of the local district and its officials "to press their claim in this Court," and then stated that "[b]elieving [the statute in question] to be unconstitutional, [the officials] are in the position of having to choose between violating their oath [to support the United States Constitution] and taking a step—refusal to comply with [the applicable statute]—that would likely bring their expulsion from office and also a reduction in state funding for their school districts. There can be no doubt that appellants thus have a 'personal stake in the outcome' of this litigation."

*Id.* (alterations in original).

Plaintiffs recognize that Imperial County officials took an oath to uphold the State Constitution in fulfilling their duties. That Constitution now includes Proposition 8. Thus, these officials' interest in the litigation surpasses the undifferentiated, generalized interest of citizens. (Doc #328 at 10). This is no doubt why Plaintiffs named two other county clerks as defendants in this action. (Doc #1 at ¶¶16-18). It is also why county clerks and similarly situated officials are frequent parties to same-sex marriage cases and myriad other cases involving constitutional

challenges to statutes that affect their duties.  (Doc #311 at 7).  And it is why the County and its officials here seek to be bound by this Court's ultimate judgment—so that their constitutional and statutory duties will be clear and so that appropriate appellate review can occur.

Plaintiffs also contend that the County and its officials would be bound anyway by an adverse ruling by this Court via the State Registrar; nonetheless, they deny that such a ruling would confer a protectable interest on the County.  They deny there would be any legal confusion because they assert that County officials must blindly follow the dictates of the State Registrar, regardless of what he may order.  Yet Plaintiffs cannot deny that the decision of a single district court judge is not binding precedent, as the Official Proponents underscore in their response memo.  Doc #331; *see* 18 James Wm. Moore et al., Moore's Federal Practice § 134.02[1][d] (3d ed. 2009) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").  And there are limits to what the State Registrar can compel.  He surely cannot order county clerks to sanction marriages that violate California law.  The County's clerks have ministerial duties with respect to marriage, but nothing in California law suggests they can or must act contrary to a clear statutory or constitutional command at the behest of the State Registrar.  As *Lockyer* recognizes, local officials who question the validity of an edict can seek judicial clarification of their legal duties in state court.  *Lockyer*, 33 Cal.4th at 1101 n.29.  In this case, if the State Registrar were to try to force nonparties to comply with a ruling against Proposition 8, the inevitable result would be a declaratory judgment action.  And contrary to plaintiffs' assertion (Doc #328 at 9, n.2), the state court would have no choice but to declare what the law of marriage is in California and whether it is constitutional, for that is the only way to determine whether the State Registrar is acting according to the law.  In that determination, the constitutionality of Proposition 8 would be central, and this Court's ruling on that issue would not have binding precedential value.

The threat of injunction alone—whether issued directly against the County by this Court or by another court seeking to enforce compliance with an order of the State Registrar—gives the County a direct interest in this litigation sufficient to warrant intervention and confers standing; and if the County is directly bound by an order of this Court, as it would be if intervention is granted, it

most certainly would have standing to appeal. *See Richardson v. Ramirez*, 418 U.S. 24 (1974); *Portland Audobon Soc'y v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989); *American Association of People with Disabilities v. Herrera*, 257 F.R.D. 236 (D.N.M. 2008); *see also, e.g., In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 544 (9th Cir.1996) (finding standing to appeal even for nonparty where injunction confronted nonparty "with the choice of either conforming its conduct to the dictates of the injunction or ignoring the injunction and risking contempt proceedings").

### D.     The Official Proponents Cannot Adequately Represent the County's Interests.

The burden of showing inadequacy of representation by existing parties is "'minimal'"; "the applicant need only show that the representation of its interests by existing parties 'may be' inadequate." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).   The Official Proponents' inability to adequately represent the County's interests on appeal is obvious given Plaintiffs' contention that the Official Proponents lack Article III standing to appeal.  This reality underlies the decision in *Washington* and many other cases holding that a party *must* timely intervene when it becomes aware that another party did not represent its interests.

In *Washington*, multiple parties attempted to intervene post-judgment.   One of the intervenors ("Inner Sound") had attempted to intervene at an earlier stage in the litigation, but was denied and failed to appeal that denial.  The court rejected *all* of the intevenors' post-judgment motions because the parties should have appealed the district court's denial of Inner Sound's earlier motion to intervene.  The Court specifically chided another intervenor ("Harvest Divers") for not attempting to intervene when the district court denied Inner Sound's earlier motion, holding that Harvest Divers "should have sought intervention to protect [the] right of appeal" as soon as it ascertained that Inner Sound would not appeal the denial.  Inner Sound's decision not to appeal clearly signaled to Harvest Divers that Inner Sound did not represent its interests.  This was true "even if Harvest Divers believed that Inner Sound's *arguments* adequately represented the interests of Harvest Divers." 86 F.3d at 1505-06 (emphasis added).

///

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

If, as Plaintiffs now contend, the Official Proponents lack standing to appeal, then it necessarily follows that they cannot adequately represent the County's interests regardless of the arguments they may advance.

## II. Alternatively, the County Is Entitled to Permissive Intervention.

This court should utilize its broad discretion and grant permissive intervention to the County under Fed. R. Civ. P. 24(b). *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002) (granting permissive intervention). The County satisfies all of requirements of permissive intervention: First, the motion is timely for all of the reasons discussed above. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). Second, the County has "independent jurisdictional grounds" for appeal. *Id.* at 1109 (*citing Didrickson v. United States Dep't of the Interior*, 982 F.2d 1332, 1337-38 (9th Cir.1992) (explaining standing constitutes an "independent jurisdictional ground" for permissive intervention)). As explained above, the County has standing by virtue of its officials' oaths to defend the Constitution and because the County will be affected by any injunction, either directly or by order of the State Registrar. *See Allen*, 392 U.S. 241 n.5; *Lockyer*, 95 P.3d n.29. Finally, the County's proposed defense presents common questions of law with the other parties—whether Proposition 8 is constitutional—and will not introduce any new claims or defenses.

Paraphrasing the Court of Appeals' decision in *Kootenai*, "the magnitude of this case is such that [] Applicants' intervention will contribute to the equitable resolution of this case," intervention disrupts nothing, prejudices no one, and assists in ensuring appellate review regardless of the outcome. The Court has "good and substantial reason for exercising its discretion to permit the permissive intervention." 313 F.3d at 1111. Given the lack of prejudice to the parties or these proceedings, there is no reasonable objection to another entity seeking to be bound by the ultimate judgment.

///

///

///

///

8

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

1

**CONCLUSION**

2      The motion to intervene should be granted.

3

4   Dated:  January 5, 2010                     ATTORNEYS FOR PROPOSED
                                               INTERVENORS COUNTY OF IMPERIAL OF
5                                              THE STATE OF CALIFORNIA, BOARD OF
                                               SUPERVISORS OF IMPERIAL COUNTY, AND
6                                              ISABEL VARGAS IN HER OFFICIAL
                                               CAPACITY AS DEPUTY CLERK/DEPUTY
7                                              COMMISSIONER OF CIVIL MARRIAGES FOR
                                               THE COUNTY OF IMPERIAL
8

9

10                                             By: s/Jennifer L. Monk
                                                  Jennifer L. Monk
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
INTERVENE – CASE NO. 09-CV-2292 VRW

4810-6507-6229.1

**DECLARATION OF SERVICE**

I, Jennifer L. Monk, declare as follows:

I am employed in the State of California; I am over the age of eighteen years and am not a party to this action; my business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562. On January 5, 2010, I served the following document(s):

> 1.  **PROPOSED INTERVENORS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND DECLARATION OF JENNIFER LYNN MONK**

on the parties stated below by the following means of service:

Kenneth C. Mennemeier
Andrew W. Stroud
MENNEMEIER, GLASSMAN & STROUD LLP
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
kcm@mgslaw.com
gosling@mgslaw.com
aknight@mgslaw.com
stroud@mgslaw.com
lbailey@mgslaw.com

*Attorneys for the Administration Defendants*

Gordon Burns
Tamar Pachter
OFFICE OF THE ATTORNEY GENERAL
1300 I Street, Suite 125
P.O Box. 944255
Sacramento, CA 94244-2550
Gordon.Burns@doj.ca.gov
Tamar.Pachter@doj.ca.gov

*Attorneys for Defendant Attorney General Edmund G. Brown, Jr.*

Dennis J. Herrera
Therese M. Stewart
OFFICE OF THE CITY ATTORNEY
City Hall, Room 234
One Dr. Carlon B. Goodlett Place
San Francisco, California 94102-4682
therese.stewart@sfgov.org
erin.bernstein@sfgov.org
vince.chhabria@sfgov.org
danny.chou@sfgov.org
ronald.flynn@sfgov.org
mollie.lee@sfgov.org
Christine.van.aken@sfgov.org
catheryn.daly@sfgov.org

Elizabeth M. Cortez
Judy W. Whitehurts
THE OFFICE OF CITY COUNSEL
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
jwhitehurst@counsel.lacounty.gov

*Attorneys for Defendant Dean C. Logan Registrar-Recorder/County Clerk, County of Los Angeles*

1

DECLARATION OF SERVICE

09-CV-2292 VRW

*Attorneys for Plaintiff-Intervenor City and*
*County of San Francisco*

| | |
|---|---|
| Richard E. Winnie | Ted Olson |
| Brian E. Washington | Matthew McGill |
| Claude F. Kolm | Amir Tayrani |
| Manuel F. Martinez | GIBSON, DUNN & CRUTCHER LLP |
| THE OFFICE OF CITY COUNSEL | 1050 Connecticut Avenue, N.W. |
| 1221 Oak Street, Suite 450 | Washington, DC  20036-5306 |
| Oakland, California  94612 | T:  (202) 955-8500 |
| Brian.washington@acgov.org | F:  (202) 467-0539 |
| Claude.kolm@acgov.org | TOlson@gibsondunn.com |
| Manuel.martinez@acgov.org | MMcGill@gibsondunn.com |
| Judith.martinez@acgov.org | ATayrani@gibsondunn.com |

*Attorneys for Defendant Patrick O'Connell*
*Clerk Recorder of the County of Alemeda*

Theodore Boustrous, Jr.
Christopher Dusseault
Theane Kapur

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90072-1512
T:  (213) 229-7000
F:  (213) 229-7520
TBoutrous@gibsondunn.com
CDusseault@gibsondunn.com
TKapur@gibsondunn.com
SMalzahn@gibsondunn.com

Ethan Dettmer
Enrique Monagas
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
T:  (415) 393-8200
F:  (415) 393-8306
EDettmer@gibsondunn.com
SPiepmeier@gibsondunn.com
EMonagas@gibsondunn.com
RJustice@gibsondunn.com
MJanky@gibsondunn.com

2

DECLARATION OF SERVICE                                                    09-CV-2292 VRW

1

2

3  Theodore Uno

4  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900

5  Oakland, CA 94612
   T: (510) 874-1000

6  F: (510) 874-1460
   jgoldman@bsfllp.com

7  tuno@bsfllp.com

8  brichardson@bsfllp.com
   rbettan@bsfllp.com

9  jischiller@bsfllp.com

10

11  *Attorneys for Plaintiff Kristin M. Perry*

12      **BY ELECTRONIC MAIL:**   I caused the following documents to be transmitted via

13  electronic mail to the attorneys of record at the email addresses listed above pursuant to an

14  agreement in writing between the parties that such service is appropriate under Federal Rule of

15  Civil Procedure 5(b)(2)(E).

16      I declare under penalty of perjury that the foregoing is true and correct, and that this

17  Declaration was executed in Murrieta, California, January 5, 2010.

18

19

20                    s/Jennifer L. Monk

21                    Jennifer L. Monk

22

23

24

25

26

27

28

3

DECLARATION OF SERVICE                                                09-CV-2292 VRW