1  David E. Bunim (SBN 44185)
   HAAS & NAJARIAN, LLP
2  58 Maiden Lane, Second Floor
   San Francisco, CA 94108
3  Telephone: 415.788.6330
   Facsimile:  415.391.0555
4
   Attorneys for Respondent
5  Bill Criswell

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | KRISTIN M. PERRY, et al., | Case No. 09-CV-2292 VRW
12 | Plaintiffs, | **NOTICE OF MOTION AND MOTION OF BILL CRISWELL TO QUASH SUBPOENA TO APPEAR AND TESTIFY**
13 | vs. |
14 | ARNOLD SCHWARZENEGGER, et al., | Date: February 11, 2010
15 | Defendants. | Time: 10:00 a.m.
   |                                 | Place: Courtroom 6, 17th Floor, San Francisco, CA 94102
16

17 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18      PLEASE TAKE NOTICE that on February 11, 2010 at 10:00 a.m.,[1] or as soon thereafter as

19 the matter can be heard, in the District Court for the Northern District of California, 450 Golden

20 Gate Avenue, Courtroom 6, 17th Floor, San Francisco, CA 94102, Bill Criswell will and hereby does

21 move this Court, pursuant to Federal Rule of Civil Procedure 45(c), to quash the subpoena issued by

22 Plaintiffs' counsel or, in the alternative, for a protective order to prevent the disclosure of Mr.

23 Criswell's personal and/or private information.  This motion is made on the grounds that the

24 subpoena is unduly burdensome and has been served solely for the purpose of harassment.

25      This motion is based on this Notice, the points and authorities set forth below, the supporting

26 declarations and exhibits filed herewith, all other pleadings and records on file in this action, and

27 ───────────────

28      [1]   Mr. Criswell's Motion for an Order Shortening Time is forthcoming.

upon such other additional arguments and evidence, both written and oral, as may be presented at or before the time of the hearing.

DATED:  January 5, 2010           Respectfully submitted:

HAAS & NAJARIAN, LLP


By: _____/s/_____
    David E. Bunim
    Attorneys for Respondent
    Bill Criswell

Bill Criswell hereby submits his Memorandum of Points and Authorities in support of his Motion to Quash, stating as follows:

## I.

## FACTUAL BACKGROUND

On May 9, 2009, Plaintiffs filed the instant action to challenge Proposition 8, seeking *inter alia* a declaration that the provision is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  "The intent or purpose of Prop[osition] 8 is central to the litigation" and much of the discovery has focused on discerning "whether Proposition 8 was passed with discriminatory intent and whether any claimed state interest in fact supports Prop[osition] 8."  Doc #214 at 3-4.  During the course of discovery, Plaintiffs' counsel issued a subpoena for documents to Marketing Communications Services, Inc. ("MCSI"), a third party vendor hired by Schubert Flint Public Affairs ("SFPA"), the public affairs firm that managed the Yes on 8 campaign.  Criswell Decl. ¶ 2.  Bill Criswell is MCSI's President, and has now been subpoenaed to testify at trial in this matter.  Criswell Decl. ¶ 2, 3.

MCSI helped produce television and radio commercials for broadcast to television and radio stations in California, and made media buys for the Yes on 8 campaign.  Criswell Decl. ¶ 4.  Frank Schubert (of SFPA) served as the creative director for all the work MCSI completed, and SFPA supplied all casting and onscreen directions as well as scripts for the actors.  Criswell Decl. ¶ 4. MCSI did not participate in conceptualizing or devising the advertising campaign, and merely

1   implemented the portion of the advertising delegated to it by SFPA and did so under its direction.

2   Criswell Decl. ¶ 5. At no time did MCSI develop or assist in the development of the message(s) or

3   theme(s) conveyed by the campaign to the voting populace. Criswell Decl. ¶ 5. Further, MCSI had

4   no direct interaction with the campaign staff. Criswell Decl. ¶ 5.

5       In their subpoena, Plaintiffs sought two categories of documents: 1) documents that reflected

6   communications relating to Proposition 8 between MCSI and those who had a role in managing or

7   directing ProtectMarriage.com or the Yes on 8 campaign, or with those who provided advice,

8   counseling or services with respect to efforts to encourage persons to vote for Proposition 8; and 2)

9   documents that were distributed to voters or potential voters in coordination with Protect Marriage

10  regarding Proposition 8. *See* Subpoena to Produce Documents, Information, or Objects, attached as

11  Exhibit 1 to Criswell Decl. & Criswell Decl. ¶ 6. Plaintiffs scheduled production to occur on

12  November 9, 2009; on November 6, 2009, MCSI objected to the subpoena in its entirety and

13  produced no documents pursuant thereto.[2] Criswell Decl. ¶ 7. Plaintiffs made no effort to compel

14  MCSI to produce documents, and MCSI heard nothing from Plaintiffs' counsel thereafter. Criswell

15  Decl. ¶ 7.

16      As many familiar with this litigation are aware, the issue of same sex marriage is one that has

17  sparked strong feelings on both sides of the issue, and the rancor has spilled over to affect those only

18  tangentially involved in the campaign. As a result MCSI's work with those on one side of the issue,

19  its employees and subcontractors have been subjected to constant harassment, threats of violence,

20  and implicit death threats have been made against Mr. Criswell personally. Criswell Decl. ¶ 8. Mr.

21  Criswell has received numerous calls and emails from life insurance agents responding to inquiries

22  purportedly made by Mr. Criswell, but in fact were made by those angry with Mr. Criswell with the

23  aim of causing Mr. Criswell to fear for his life. Criswell Decl. ¶ 8. MCSI has been forced to hire

24  security guards, change its address, screen its telephone calls and take down its website (in its

25  previous form). Criswell Decl. ¶ 9. Many days they were simply unable to answer their phone due

---

[2] MCSI, had, however, previously provided to SFPA the television production work in the form of DVDs and radio production work in the form of CDs, all of which have ostensibly been produced heretofore in this litigation. Criswell Decl. ¶ 7.

1  to the large volume of threats.  Criswell Decl. ¶ 9.

2  **II.**

3  **ARGUMENT**

4  **A.    THE SUBPOENA SUBJECTS MR. CRISWELL TO AN UNDUE BURDEN**

5  Rule 45 provides that the court from which the subpoena was issued "shall quash or modify
6  the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).  Forcing
7  Mr. Criswell, who is at most a peripheral witness, to testify at trial will subject him to an undue
8  burden in that it will assuredly result in an escalation of the harassment which he and his staff have
9  already been subjected.  There can be little doubt that the courtroom will be packed with observers
10 and media during trial, and if the proceedings are televised, the threat to Mr. Criswell and those
11 associated with him will increase exponentially.

12 A subpoena may be quashed if it is served for the purpose of annoying and harassment rather
13 than to obtain information.  *See Mattel Inc. v. Walking Mountain Productions.*, 353 F.3d 792, 814
14 (9th Cir. 2003).  Here, Plaintiffs' counsel failed to follow up with Mr. Criswell after he lodged his
15 objections to the documents request, and never attempted to interview, much less depose, Mr.
16 Criswell.  Such demonstrated disinterest suggests that the trial subpoena is not designed to obtain
17 relevant information needed by Plaintiffs to pursue their claims but rather to harass and intimidate
18 Mr. Criswell or people associated with Mr. Criswell.  MCSI was nothing more than a third party
19 vendor charged with disseminating a message over which it had no control nor authorship, and the
20 subpoena should be quashed as unduly burdensome.

21 **B.    ANY TESTIMONY PROVIDED BY MR. CRISWELL WOULD BE**
22 **IRRELEVANT TO THE ISSUES TO BE DECIDED AT TRIAL**

23 Only relevant information is admissible at trial (Fed. R. Evid. 402), and Mr. Criswell cannot
24 possibly offer any relevant testimony as he did not play a role in crafting the advertising strategy or
25 campaign message(s).  He merely executed the media plan developed and approved by the
26 decisionmakers in the campaign, and that work product—in the form of television and radio ads—
27 has already been produced in the litigation and presumably will be aired at trial.  Mr. Criswell can
28 shed no more light on the intent of the proponents of Proposition 8 than what can be discerned by

any individual listening and/or viewing the advertisements because the message had been formulated and the scripts finalized prior to Mr. Criswell's implementation work. To be sure, as a third party vendor, Mr. Criswell has no role in a constitutional challenge to Proposition 8 as a violation of due process.

### C. SHOULD MR. CRISWELL BE FORCED TO TESTIFY AT TRIAL, A PROTECTIVE ORDER PREVENTING THE DISCLOSURE OF PERSONAL AND/OR PRIVATE INFORMATION SHOULD ISSUE

Mr. Criswell and his staff have been harassed and threatened because of their work in connection with the same sex marriage issue. Should the Court deny this Motion to Quash, Mr. Criswell respectfully requests that the Court issue a protective order preventing the disclosure of personal and/or private information—specifically, that he not be compelled to answer questions regarding his address, phone number, clients (other than SFPA), or work (other than on the Yes on 8 campaign).

## III.
## CONCLUSION

For the foregoing reasons, Mr. Criswell respectfully requests that this Court grant his Motion to Quash pursuant to Federal Rule of Civil Procedure 45(c), or in the alternative, issue a protective order to prevent the disclosure of his personal and/or private information.

DATED: January 5, 2010            Respectfully submitted,

                                  HAAS & NAJARIAN, LLP


                                  By:_____/s/_____
                                        David E. Bunim
                                        Attorneys for Respondent
                                        Bill Criswell

N:\CLIENTS\52\5294\002\Motion to Quash.doc