# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

TBoutrous@gibsondunn.com

January 8, 2010

Direct Dial
(213) 229-7804

Fax No.
(213) 229-6804

Client No.
T 36330-00001

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court for the
 Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Magistrate Judge Spero:

I write in response to the Declaration of Ronald Prentice, Doc #364-1, submitted by Defendant-Intervenors yesterday evening—an unredacted version of which has been provided to counsel for Plaintiffs on an "attorneys eyes only" basis. This declaration seeks to admit into the Protectmarriage.com's "core group of persons engaged in the formulation of campaign strategy and messages," ten individuals and seven third-party vendors—in addition to the ten individuals and three third-party vendors identified by the Court in the January 6 hearing.

As the Court is aware, Defendant-Intervenors bear the burden of proving that their communications fall within the scope of the First Amendment privilege as defined by the Ninth Circuit—specifically, that each of the persons or entities identified is among the "the core group of persons engaged in the formulation of campaign strategy and messages." *Perry v. Schwarzenegger*, No. 09-17241, amended slip op. at n.12 (9th Cir. Jan. 4, 2010).

To meet this burden of proof, Defendant-Intervenors rely solely on the two declarations of Mr. Prentice submitted on November 5, 2009, and yesterday. Plaintiffs accept the truth of Mr. Prentice's declarations—even without having seen the November 5 declaration—but respectfully submit that, with respect to some of the persons and entities identified, the declarations are insufficient to demonstrate that the person was "engaged in the formulation of campaign strategy and messages." Specifically:

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO  LONDON
PARIS  MUNICH  BRUSSELS  DUBAI  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

Dockets.Justia.com

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Joseph C. Spero
January 8, 2010
Page 2

*William Tam and Gail Knight* – Plaintiffs respectfully submit that these individuals cannot be viewed as within the "core group" because counsel for Tam and Knight has argued affirmatively that those two Proponents "had virtually nothing to do with Protectmarriage.com's campaign." Doc # 314 at 13.

*William Criswell and MCSI* – Mr. Criswell has submitted a declaration stating that neither he nor his company, Marketing Communications Services, Inc., "participate[d] in conceptualizing or devising the advertising campaign," and did not "develop or assist in the development of the message(s) or theme(s) conveyed by the campaign to the voting populace." *See* Doc # 351-1 at 2. Mr. Prentice's declaration of yesterday is not to the contrary. Mr. Prentice concedes that, "MCSI did not have a key role in the substantive development of messaging strategy." Doc # 364 at 6. The fact that MCSI was a "vendor" hired by members of the core group and was "often provided" with documents the core group previously held in confidence cannot itself bring the vendor within the "core group." The Ninth Circuit opinion is clear that that the privilege is limited to "persons engaged in the formulation of campaign strategy and messages." Both Mr. Criswell and Mr. Prentice have admitted that Mr. Criswell is not. And an incorporated third-party vendor cannot conceivably come within the "assistant" exception outlined by the Court in the January 6 hearing.

*Beiber Communications, Candidates Outdoor Graphics, The Monaco Group, Infusion PR, Connell Donatelli, and JRM Enterprises* – Mr. Prentice states that these vendors "assisted ProtectMarriage.com" in "designing," "creat[ing]," "distribut[ing]," "printing," and "developing" certain campaign materials and messages. Doc # 364 at 5-6. But Mr. Prentice provides insufficient detail to permit one to determine whether the "assist[ance]" these vendors provided rose to the level of actually being "engaged in the formulation of campaign strategy and messaging." *Perry*, supra, n.12. In the absence of an unambiguous statement that these vendors ***themselves*** actually "formulat[ed] campaign strategy or messages," they should be excluded from the "core group."

Finally, we note that, although the Ninth Circuit provided that the privilege—and the "core group" to which it applies—is limited to "persons," *Perry*, *supra*, n.12, the Proponents have sought to bring within their "core group" several entities. We do not understand Proponents' contention to be that every single employee and intern of those entities should be included within their "core group." Accordingly, we request that the Court, when it issues its order defining the "core group," also order the Defendant-Intervenors to provide to the parties the list of individual persons affiliated with the various entities that actually formulated

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Joseph C. Spero
January 8, 2010
Page 3

campaign strategy and messages, and their assistants (as that term was defined by the Court), and thus should be included within the "core group."

                                      Respectfully submitted,

                                      */s/ Theodore J. Boutrous, Jr.*
                                      Theodore J. Boutrous, Jr.
                                      Counsel for Plaintiffs

cc:    All Counsel