1  LAW OFFICE OF TERRY L. THOMPSON
   Terry L. Thompson (CA Bar No. 199870)
2  *tl_thompson@earthlink.net*
   P.O. Box 1346, Alamo, CA 94507
3  Telephone: (925) 855-1507, Facsimile: (925) 820-6034

4  ATTORNEY FOR DEFENDANT-INTERVENOR HAK-SHING WILLIAM TAM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants,<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>Defendant-Intervenors, | CASE NO. 09-CV-2292 VRW<br><br>**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**<br><br><br>Hearing Date: Feb. 16, 2010<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Chief Judge Vaughn R. Walker<br>Trial Date: January 11, 2010<br>Action Filed: May 22, 2009 |

HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW

CASE NO. 09-CV-2292 VRW

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………………ii

INTRODUCTION……………………………………………………………………………….1

PROCEDURAL HISTORY……………………………………………………………………..1

ARGUMENT……………………………………………………………………………………2

I.   Defendant-Intervenor Is Entitled To Withdraw As A Matter Of Right......................................2

II.  Plaintiffs Have Stated That Defendant-Intervenor Has The Right To Withdraw……………..2

III. Defendant-Intervenor Has Compelling Reasons For Withdrawing From the Suit……………3

     A.   Defendant-Intervenor Fears for His Personal Safety and the Safety of His Family…...3

     B.   The Burden of Discovery And The Privacy Invasion Is Offensive…………………….5

     C.   Defendant-Intervenor Cannot Commit an Indefinite Amount of Time to the Case…...5

CONCLUSION………………………………………………………………………………….6

i

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Chase Nat'l Bank v. City of Norwalk, Ohio*
  291 US 431 (1934)………………………………………………………………….2

*Kourtis v. Cameron*
  419 F3d 989 (9th Cir. 2005)…………………………………………………………..2

**CONSTITUTIONAL PROVISIONS, STATUTES AND RULES**

California Constitution Article I, Section 7.5…………………………………………………….3

Federal Rules of Civil Procedure-Rule 24……………………………………………………..2

ii

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 16, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenor Hak-Shing William Tam will move this court for and order allowing him to withdraw from this case.[1]

Defendant-Intervenor Hak-Shing William Tam respectfully requests an order allowing him to withdraw from the subject lawsuit.

## INTRODUCTION

Intervention is always optional. No one may be compelled to intervene or to remain an intervenor against his wishes. Defendant-Intervenor, Ha-Shing William Tam (Dr. Tam) is a voluntary Defendant-Intervenor and not a named defendant. He was granted permission by this court to voluntarily intervene. He now wishes to withdraw from the case and should also be granted permission voluntarily withdraw.

## PROCEDURAL HISTORY

On May 22, 2009, Plaintiffs filed this suit, asserting claims against various California state and local officials. Plaintiffs allege that California's recently enacted Proposition 8, which is now embodied in Article I, Section 7.5 of the Stat Constitution, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and sought declaratory and injunctive relief against enforcement of Article I, Section 7.5 of the State Constitution.

On May 28, 2009 the five Official Proponents of Proposition 8 and Protect marriage.com-Yes on 8, a Project of California Renewal, voluntarily filed for intervention in this case. Dr. Tam was one of the five Official Proponents. On June 30, 2009, Judge Vaughn R. Walker granted

---

[1] In accordance with this courts local rule 7-2 (a) we are noticing this motion hearing for February 16, 2010. By separate motion we will request administrative leave to have this motion heard and decided at the earliest opportunity.

1

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

proponents' motion to intervene.

## ARGUMENT

### I. Defendant-Intervenor Is Entitled To Withdraw As A Matter Of Right.

Intervention is always optional. It is never mandatory. (Fed. R. Civ. P. 24(a) and (b).) A person may choose to stay out of litigation, even if it affects his or her interests: "The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger." [*Chase Nat'l Bank v. City of Norwalk, Ohio* (1934) 291 US 431, 441, 54 S.Ct. 475, 479; *Kourtis v. Cameron* (9th Cir. 2005) 419 F3d 989, 998- "Intervention has been conceived as a device that permits a nonparty to become a party *when it wishes...*"] Here, Dr. Tam is a voluntary Defendant-Intervenor. He was not required to intervene and just as his right to intervene was optional and not mandatory so is his right to withdraw his intervention. He wishes to exercise his right to withdraw from the case and an order so stating should be issued.

### II. Plaintiffs Have Stated That Defendant-Intervenor Has The Right To Withdraw.

Plaintiffs, in their brief to the Ninth Circuit Court of November 23, 2009, titled "Appellee's Opposition to Appellants' Emergency Motion for Stay" (attached as Exhibit A), clearly stated that Defendant-Intervenors may relieve themselves of discovery burdens and intrusions into their First Amendment rights by simply withdrawing from the case. In particular they stated that "because a party voluntarily chooses to become a party to a litigation presumably [he] also can withdraw from the litigation to avoid unwanted discovery…" (See Ex. A Apellees' Opp. Brief p. 25) Further the Plaintiffs stated that "Because the Proponents can exit this litigation without sacrificing any right accorded to them by law, they should not be heard to argue that Plaintiffs' discovery violates their associational freedoms. If they do not wish to comply with Plaintiffs' routine document requests, they can withdraw their intervention. ((See Ex. A Apellees' Opp. Brief p. 26) Clearly Plaintiffs agree with Dr. Tam's assertion that withdrawal is strictly voluntary on the part of the intervenor. Therefore, Defendant-Intervenor Hak-Shing William Tam is, in essence, taking Plaintiffs' advice. He should be permitted to withdraw.

2

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

**III. Defendant-Intervenor Has Compelling Reasons For Withdrawing From the Suit.**

Even though defendant-Intervenor may withdraw as a right without showing cause, there are many compelling reasons to grant the motion to withdraw. These are as follows:

**A. Defendant-Intervenor Fears For His Personal Safety And The Safety Of His Family.**

The primary reason that Dr. Tam wishes to withdraw from the case is that he is fearful for this personal safety and the safety of his family. In the past Dr. Tam has received threats on his life, had his property vandalized and is recognized on the streets due to his association with Proposition 8. Now that the subject lawsuit is going to trial, he fears that he will get more publicity, be more recognizable and that the risk of harm to him and his family will increase. (See Ex. B Tam Decl.¶ 4)

During the Proposition 8 campaign period his car was vandalized while it was parked along the curb in front of his home. Also during the Proposition 8 campaign period a young woman tried to remove the Proposition 8 yard sign in his front yard. When he opened my door she ran. It is his belief that these people knew who he was and deliberately targeted him. He is fearful that those who oppose him know where he lives and that they could harm him and his family. (See Ex. B Tam Decl.¶¶ 5 and 6)

On or about September 27, 2008, a video was posted on *Youtube,* titled "Yes on Prop 8". (see http://www.youtube.com/watch?v=-L2CGY9jJ2E) Dr. Tam was one of the featured speakers in the video, which was primarily addressed to the Asian community. Since posting the video online there have been 151 comments posted. One of the most frightening comments is as follows:

> "I live in Cal. I have never been so ashamed of your likes, trying to recreate discrimination. We're not a theocracy and we're not a direct democracy-we respect minorities, regardless of what the majority religion believes. In short, FUCK YOU. I will destroy your hatred. I will poison your wells. I will fuck your shit up for deciding what you will permit me to do. FUCK YOU. I WILL FUCKING KILL YOU ALL. DIE FASCIST SCUM."

3

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

Dr. Tam does not know the person who posted this comment, but takes it very seriously and assumes that he means what he says. (See Ex. B Tam Decl.¶7)

Not only is Dr. Tam fearful that people may want to harm him because of his association with Proposition 8 but this fear is exacerbated because of racial discrimination. Dr. Tam is a Chinese-American and believes that some people oppose him because of his race. On or about July 25, 2008, a Chinese language video was posted on *Youtube*. It was titled "Yes on Prop 8" and Dr. Tam was the speaker on that video. (See http://www.youtube.com/results?search_query=o0h7BphZ9qQ&search_type=&aq=f) The following racially charged comments were posted regarding that video. The first comment is as follows:

> "Will someone please translate a good FUCK YOU to these Chinks who think that they can tell other Chinese what to vote? Hmm, Chink, now that might be a nice word to add to the California constitution. Why should they be treated like everyone else?

Other comments on this video are:

> "go back to your backward country." and, "Wow! A Chinese person commenting on human rights? They kill babies, they abuse dissidents, and poison consumers with toxic chemicals in their baby formulas and other milk products. Get real."

Comments on another Youtube video stated "don't let the door hit you on the ass on your way back to your homeland." (See Ex. B Tam Decl.¶8) These racial comments add to Dr. Tams fears. He is opposed not only due to his position on Proposition 8 but also due to his race.

Dr. Tam is concerned that people know him and could do him and his family harm. When he goes shopping people tap him on the back and say "You are Bill Tam." Most know him from Proposition 8 and are friendly but he is certain that people who are not friendly to him also recognize him on the street. Therefore, he is reluctant to travel within San Francisco, outside of certain areas, since he fears he will be recognized and harm will come to him and his family. (See Ex. B Tam Decl.¶9)

4

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

**B. The Burden of Discovery And The Privacy Invasion Is Offensive.**

A second reason that Dr Tam wishes to withdraw as a Defendant-Intervenor is that he does not like the great burden of complying with discovery requests. Dr. Tam had no idea, or reason to expect that intervening in the case to defend Proposition 8 would entail the immense burdens of discovery, or the sweeping invasions of his privacy that have and will continue to occur. No same-sex marriage case before this one has been tried, but all have been resolved on summary judgment, and there is no case involving a challenge to a referendum election that has involved discovery into the private communications and personal beliefs of proponents and other supporters of the measure at issue.

There are particular invasions of privacy that Dr. Tam finds very offensive. He does not like people questioning him on his private personal beliefs. He does not like people questioning him regarding fourteen year old articles he wrote in the Chinese language to his constituents. He doesn't like being quoted out of context. He doesn't like people focusing on a few articles he posted on his website regarding homosexuality and disregarding the 50 or 60 other articles he posted regarding family values subjects. He does not like the exposure of his history to people who are antagonistic to him. In short, he does not like the burden of discovery and the privacy invasion associated with being a Defendant-Intervenor and wishes to withdraw from the case. (See Ex. B Tam Decl.¶10)

**C. Defendant-Intervenor Cannot Commit an Indefinite Amount of Time to the Case.**

Lastly, Dr. Tam wishes to withdraw as a Defendant-Intervenor is because, he is tired and wants peace. He wants peace to carry on his ministry and doesn't want to be indefinitely tied down with this case. The case will likely go through the trial level, appeals level and possibly the Supreme Court. This could take several years and he does not want to be tied down for that period. He has work to do with his ministry and this case is interfering with that work. (See Ex. B Tam Decl.¶11)

5

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW

**CONCLUSION**

Defendant-Intervenor Dr. Tam voluntarily intervened in this case and has a similar right to voluntarily withdraw from the case. Plaintiffs' have stated that he has this right. In addition there are compelling reasons for granting Dr. Tam's motion to withdraw, including real and palpable concerns for his personal safety and the safety of his family, a desire to avoid offensive and intrusive discovery, pressure to devote more time to his ministry and objection to being tied down for several years with this case. For all of these reasons, this court should grant Dr. Tam's motion to withdraw.

Dated: January 8, 2010

                                              LAW OFFICE OF TERRY L. THOMPSON
                                              Attorney for Defendant-Intervenor
                                              Hak-Shing William Tam

                                              By: s/Terry L. Thompson
                                                      Terry L. Thompson

6

**HAK-SHING WILLIAM TAM'S NOTICE OF MOTION AND MOTION TO WITHDRAW, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**

CASE NO. 09-CV-2292 VRW