United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER,
PAUL T KATAMI and JEFFREY J
ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v

ARNOLD SCHWARZENEGGER, in his
official capacity as governor of
California; EDMUND G BROWN JR, in
his official capacity as attorney
general of California; MARK B
HORTON, in his official capacity
as director of the California
Department of Public Health and
state registrar of vital
statistics; LINETTE SCOTT, in her
official capacity as deputy
director of health information &
strategic planning for the
California Department of Public
Health; PATRICK O'CONNELL, in his
official capacity as clerk-
recorder of the County of
Alameda; and DEAN C LOGAN, in his
official capacity as registrar-
recorder/county clerk for the
County of Los Angeles,

    Defendants,

DENNIS HOLLINGSWORTH, GAIL J
KNIGHT, MARTIN F GUTIERREZ,
HAKSHING WILLIAM TAM, MARK A
JANSSON and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF
CALIOFORNIA RENEWAL, as official
proponents of Proposition 8,

    Defendant-Intervenors.
_____/

No    C 09-2292 VRW

ORDER

Plaintiffs and plaintiff-intervenor City and County of San Francisco (collectively "plaintiffs") seek an order compelling production of non-privileged documents responsive to document requests 1, 6 and 8. Doc #325 at 8. Defendant-intervenors, the official proponents of Proposition 8 ("proponents") oppose production, arguing all non-privileged responsive documents have been produced and that additional production at this time would not be practical. Doc #314. Underlying the dispute is the scope of proponents' First Amendment privilege and the application of that privilege to the documents in proponents' possession. The court heard the matter on January 6, 2010. This written order memorializes the oral order made at the hearing.

I

Proponents' First Amendment privilege protects "*private, internal* campaign communications concerning the *formulation of strategy and messages*." Perry v Hollingsworth, 09-17241 Slip Op at 36 n12 (9th Cir January 4, 2010) (emphasis in original). The privilege protects "communications among the core group of *persons* engaged in the formulation of campaign strategy and messages." Id (emphasis in original). The Ninth Circuit left it to this court "to determine the persons who logically should be included" in the core group. Id.

At the January 6 hearing, the court heard argument from counsel concerning the identities of individuals within the core group. Proponents argued the court should consider as part of the core group organizations other than the official campaign in support of Proposition 8, Yes on 8 and ProtectMarriage.com. But

2

proponents have never asserted a First Amendment privilege over communications to other organizations. Indeed, proponents' November 6, 2009 in camera filing, which was intended to represent (by providing the Court with a representative sample) the universe of documents over which proponents claim a First Amendment privilege, does not identify other organizations' documents as part of proponents' privilege claim. Doc #251. To the contrary, the declaration accompanying the in camera submission refers only to the management structure of the Yes on 8 campaign. Accordingly, the court finds that proponents have only claimed a First Amendment privilege over communications among members of the core group of Yes on 8 and ProtectMarriage.com.

Even if the Court were to conclude that the First Amendment privilege had been properly preserved as to the communication among the members of core groups other than the Yes on 8 and ProtectMarriage.com campaign, proponents have failed to meet their burden of proving that the privilege applies to any documents in proponents' possession, custody or control. There is no evidence before the Court regarding any other campaign organization, let alone the existence of a core group within such an organization. There is also no evidence before the Court that any of the documents at issue are private internal communications of such a core group regarding formulation of strategy and messages.

Counsel did not agree on a core group of Yes on 8 and ProtectMarriage.com at the January 6 hearing, and in the absence of agreement, the court looked to a declaration by Ron Prentice submitted by proponents under seal on November 6, 2009. Doc #251.

3

The Prentice declaration explains the structure of the "Yes on 8" campaign and identifies by name the individuals with decision-making authority over campaign strategy and messaging. Proponents admitted the individuals in the Prentice declaration form at least a part of the core group but sought an additional 24 hours to determine whether additional individuals should also be included. The court granted the request and ordered proponents to supplement their filing not later than January 7, 2010 at 4 PM. Proponents filed a second Declaration of Mr. Prentice (the "Second Prentice Declaration") which offers addition persons that are claimed to be in the core group of ProtectMarriage.com. Doc #364. Plaintiffs submitted objections to the Second Prentice Declaration on January 8, 2010. Doc #367. Having reviewed both of the Prentice declarations and plaintiffs' opposition, the court finds that the court group consists only of the following individuals:

> Dennis Hollingsworth, Gail J Knight, Martin F Gutierrez, Hak-Shing William Tam and Mark A Jansson (The official proponents of Proposition 8); Ron Prentice, Mark A Jansson, Ned Dolejsi and Doug Swardstrom (the members of ProtectMarriage.com's executive committee); David Bauer (the treasurer of ProtectMarriage.com); Andrew Pugno, Joe Infranco and Glen Lavy (ProtectMarriage.com's attorneys); Mike Spence and Gary Lawrence (individuals who provided significant advice and assistance to the campaign); Sonja Eddings Brown, Chip White and Jennifer Kerns (spokespersons for ProtectMarriage.com); Meg Waters and the individuals listed in ¶6(i)-(iii) and ¶6(v)-(vii) of the Second Prentice Declaration (volunteers who had significant roles in formulating strategy and messaging); employees of Schubert Flint Public Affairs, Lawrence Research, Sterling Corporation, Bieber Communications, Candidates Outdoor Graphics, The Monaco Group, Infusion PR, Connell Dontatelli, JRM Enterprises and K Street Communications (consulting firms who had significant input on strategic decisions); and assistants to the named individuals acting on the named individuals' behalf.

\\

\\

4

Communications to anyone outside the core group are not privileged under the First Amendment. While the First Amendment privilege only protects internal communications relating to strategy or messaging, proponents will not be ordered at this juncture to produce any internal communications on any subject. Nevertheless, proponents must revise their privilege log to include, as protected by the First Amendment privilege, all documents consisting of communications between or among members of the core group. The revised privilege log shall be served and filed not later than January 24, 2010.

II

Plaintiffs seek an order directing proponents to produce all non-privileged documents responsive to document requests 1, 6 and 8. Doc #325 at 8. To the extent requests 1, 6 and 8 seek documents that contain, refer or relate to arguments for or against Proposition 8, the requests seek relevant discovery as defined in FRCP 26(b)(1). See Doc #252 at 3; Perry, 09-17241 Slip op at 34. Because the scope of proponents' First Amendment privilege has been defined, proponents are now able to identify non-privileged documents and produce them to plaintiffs pursuant to the protective order, Doc #360. Proponents are therefore ordered to produce all documents responsive to requests 1, 6 and 8 that contain, refer or relate to any arguments for or against Proposition 8 other than communications solely among the core group as defined above. They shall begin production of the documents on a rolling basis not later than Sunday, January 10, 2010 at 12 PM. Production shall conclude not later than Sunday, January 17, 2010 at 12 PM. The

5

short production schedule is necessary in light of the trial scheduled to begin on January 11, 2010.

     IT IS SO ORDERED.

JOSEPH C SPERO
United States Magistrate Judge