LAW OFFICES OF CHARLES S. LIMANDRI, APC
CHARLES S. LIMANDRI
P.O. Box 9120
Rancho Santa Fe, CA 92067
Phone: (858) 759-9930
Fax: (858) 759-9938
Email: climandri@limandri.com

ATTORNEYS FOR PROPOSED AMICUS CURIAE NATIONAL ORGANIZATION FOR MARRIAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, <br><br> Plaintiffs, <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, <br><br> Defendants, <br><br> and <br><br> PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK- | CASE NO. 09-CV-2292 VRW <br><br> MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* NATIONAL ORGANIZATION FOR MARRIAGE, INC.; [PROPOSED] ORDER <br><br> *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT-INTERVENORS <br><br> Date: To Be Determined By The Court <br> Time: <br> Location: Courtroom 6, 17th Floor <br> Judge: Chief Judge Vaughn R. Walker <br><br> Trial Date: January 11, 2010 |

SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

        Defendants-Intervenors.

TO: THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a date and time to be determined by the Court, before the Honorable Vaughn R. Walker, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, *amicus curiae* National Organization for Marriage, Inc., will move this Court for an order granting leave to participate *amicus curiae* in the above-captioned case in support of Defendant-Intervenors.

## I. STANDARD FOR MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

The Court has broad discretion to permit third parties to participate in an action as *amicus curiae*. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 n.3 (9th Cir. 1987). Participation of *amicus curiae* may be particularly appropriate where the legal issues in a case have potential ramifications beyond the parties directly involved or where amicus can offer a unique perspective that may assist the Court. *Sonoma Falls Devs., LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp.2d 919, 925 (N.D. Cal. 2003).

## II. STATEMENT OF IDENTITY AND INTEREST OF *AMICUS CURIAE*

The National Organization for Marriage is a 501(c)(4) nonprofit corporation founded on the principle that good and decent people may disagree on the gay marriage issue, without hatred, hostility or prejudice, and that therefore Americans have a constitutional right to exercise core civil rights to speak, to donate, to vote, and to organize and assemble to protect marriage in law as the union of husband and wife.

Who does gay marriage hurt? Who will be injured if this Court rules that gay marriage is constitutionally protected?

If we are right, it hurts our organization and our members, among others. It strips us of our core civil right to participate peacefully in the democratic process in pursuit of a vision of marriage that has been cross-culturally acknowledged as reasonable for hundreds of years, by a variety of religious groups, and by people with no religious commitment at all. Even at least a few gay people oppose gay marriage (*see, e.g.*, "Gays Defend Marriage," at http://www.gaysdefendmarriage.com), and we welcome their participation as fellow citizens in our shared mission.

This is not a theoretical right, in our case. Our members have expended sweat, tears and treasure, in honest expectation of our rights to participate in the democratic process, and which plaintiffs propose to overturn using the courts. Our members and thousands of others have given their time and treasure, have endured insults, petty vandalism, threats to their livelihood, and even to their persons, in order to stand up for their core beliefs, working to get Proposition 8 (hereinafter, "Prop 8") on the ballot and to persuade a majority of their fellow citizens to vote for it. [*See, e.g.*, Thomas M. Messner, *Same-Sex Marriage and the Threat to Religious Liberty*, Heritage Foundation Executive Summary Backgrounder No. 2201 (published by The Heritage Foundation, October 30, 2008), available at http://www.heritage.org/research/Family/upload/bg_2201.pdf; Third Amended Complaint, *ProtectMarriage.com v. Bowen*, Case No. 2:09-CV-00058-MCE-DAD (E.D. Ca.), filed May 28, 2009, available at http://www.alliancedefensefund.org/userdocs/PMCvB_3rd_Amended_Complaint.pdf.

Plaintiffs are asking for the right to take away our rights, to nullify the victory we have won working peacefully and arduously in the democratic process for values we believe are constitutionally protected. We are asking this Court for justice—justice to and for all of these individuals who have worked hard to protect values they hold dear—by rejecting this effort to misuse the courts to overturn Prop 8.

In making this plea for justice from this court, the National Organization for Marriage is not

just one of many voices. Not only are we the only single-issue national organization working to protect our marriage traditions (whom the Washington Post described as "the preeminent organization dedicated to preventing the legalization of same-sex marriage." Monica Hesse, "Opposing Gay Unions With Sanity and a Smile," Washington Post, August 28, 2009, at C01). But even more importantly we played a key role in getting Prop 8 to the voters, forming a ballot initiative committee in California ("NOM California") to work with Protect Marriage for this purpose. We emerged as the single largest donor to Prop 8 in California, as we have elsewhere. Prop 8 will affect not only NOM's work in California, it will affect every state in which we have found voters and donors willing and eager to work to protect marriage: a ruling for gay marriage will not be confined to California; it will affect at a minimum the 29 other states that have passed marriage amendments,[1] and NOM has members in every state who will thus be affected by the court's ruling.

### III. REASONS WHY AMICUS CURIAE'S EXPERTISE WILL BE BENEFICIAL TO THIS COURT

As a major participant in not only the Proposition 8 campaign, but similar efforts all across the country, the National Organization for Marriage is uniquely situated to present the Court with information and argument regarding the purposes of marriage and of laws protecting the time-honored definition of marriage as the union of husband and wife.

These laws, including Proposition 8, are based not in animus toward gays and lesbians, but have their own historic dignity and purpose, rooted in real and enduring human realities. Moreover,

---

[1] Alabama Const., amdt. 774; Alaska Const., Art. I, sec. 25; Ariz. Const., art. XXX; Ark. Const., Amdt. 83; Col. Const., Art. II, sec. 31; Fla. Const., Art. I, sec 27; Ga. Const., Art I, sec. 4 par. 1; Haw. Const., Art. I, sec. 23; Idaho Const., Art. III, sec. 28; Kansas Const. Art. 15, sec. 16; Ky. Const., Sec. 233A; La. Const., Art. XII, sec. 15; Mich. Const., Art. I, sec. 25; Miss. Const., Sec. 263-A; Mo. Const., Art. I, sec. 33; Mont. Const., Art. Art. 13, sec. 7; Neb. Const., Art. I, sec. 29; Nev. Const., Art. I, sec. 21; N.D. Const., Art. XI, sec. 28; Ohio Const., Art. XV, sec. 11; Okla. Const., Art. 2, sec. 35; Or. Const., Art. XV, sec. 5a; S.C. Const., Art. XVII, sec. 15; S.D. Const., XXI, sec. 9; Tenn. Const., Art. XI, sec. 18; Texas Const., Art. I, sec. 32; Utah Const., Art. I, sec. 29; Va. Const., Art. I, sec. 15-A; Wis. (Continued)
Const., Art. XIII, sec. 13.

these purposes of marriage have been widely recognized by American courts and legislative bodies, and by international bodies as well. Contrary to Plaintiffs' assertions, animus does not and cannot explain why the people of California, like the people of thirty other states, have voted to affirm marriage as the union of a husband and wife.

The National Organization for Marriage seeks leave to present this Court argument regarding the public purposes of marriage and Proposition 8. In doing so, it will present argument which supplements, and does not repeat, that presented by the parties.

## IV. CONCLUSION

Wherefore, National Organization for Marriage, Inc., requests this Court's leave to submit an *amicus* brief in support of Defendant-Intervenors.

Dated: January 8, 2010.

LAW OFFICES OF CHARLES S. LIMANDRI, APC
ATTORNEYS FOR AMICUS CURIAE NATIONAL ORGANIZATION FOR MARRIAGE, INC.

By: /s/ Charles S. LiMandri
Charles S. Limandri