1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 THERESE M. STEWART, State Bar #104930
Chief Deputy City Attorney
3 DANNY CHOU, State Bar #180240
Chief of Complex and Special Litigation
4 RONALD P. FLYNN, State Bar #1841867
VINCE CHHABRIA, State Bar #208557
5 ERIN BERNSTEIN, State Bar #231539
CHRISTINE VAN AKEN, State Bar #241755
6 MOLLIE M. LEE, State Bar #251404
Deputy City Attorneys
7 City Hall, Room 234
One Dr. Carlton B. Goodlett Place
8 San Francisco, California 94102-4682
Telephone:     (415) 554-4708
9 Facsimile:     (415) 554-4699

10 Attorneys for Plaintiff-Intervenors
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>    Defendants. | Case No. 09-CV-2292 VRW (JCS)<br><br>**PLAINTIFF-INTERVENOR'S EMERGENCY MOTION TO CORRECT PROTECTIVE ORDER [DOCKET NO. 361]**<br><br>Hearing Date:   Jan. 6, 2010<br>Hearing Judge:  Honorable J.C. Spero<br><br>Trial Date:      Jan. 11, 2010 |
|---|---|

Motion to Correct Protective Order
CASE NO. 09-CV-2292 VRW (JCS)

1 and

2 PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

    Defendant-Intervenors.

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

    Defendant-Intervenors.

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor

    vs.

ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; and LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health,

    Defendants.

Motion to Correct Protective Order
CASE NO. 09-CV-2292 VRW (JCS)

Plaintiff-Intervenor City and County of San Francisco hereby submits this motion to correct the protective order issued in this matter [Doc. # 361] to conform to the Court's oral ruling on that protective order at the hearing on January 6, 2010. Specifically, San Francisco seeks to correct paragraph 7.3(a) to allow San Francisco and any other government office to identify attorneys and individuals that will have access to documents marked "Highly Confidential – Attorneys' Eyes Only" by changing the term "Receiving Party's Outside Counsel of record in this action" to "Receiving Party's Counsel of record in this action." The restriction to *outside* counsel would categorically exclude government attorneys, who necessarily work for the government entity they represent.

San Francisco raised this issue on December 3, 2009, when it wrote the Court and requested the change from "outside counsel" to "counsel" in the then-proposed protective order submitted by Plaintiff's. [Doc. # 273.] While Defendant-Intervenor Proposition 8 Proponents sought to exclude any access to such documents by San Francisco, San Francisco requested the change to allow attorneys in the San Francisco City Attorneys' Office who are working on the matter and otherwise meet the criteria as set out the protective order to gain access to the documents in this matter. [*Id.*] Plaintiff joined in the request. [*Id.* at 2.]

The Court held a hearing on January 6, 2010 to discuss, among other things, the terms the protective order. On this specific issue (access to documents marked "Highly Confidential – Attorneys' Eyes Only"), the Court provided additional protection by requiring that as to any attorney or employee to whom such documents would be provided under paragraph 7.3(a), that "notice of all such attorneys and employees to whom highly confidential attorney's eyes only information will be disclosed shall be given not less than 24 hours in advance of the disclosure to give the other parties the opportunity to object to the disclosure on grounds specific to the designated employee or attorney." [Exhibit A, Transcript at 100:7-101:9.] Plaintiffs agreed to that extra protection. [*Id.* at 101:10-11.] Plaintiffs then specifically raised the issue of access to such documents by San Francisco. [*Id.* at 101: 11-14] The Court denied Defendant-Intervenor Proposition 8 Proponents' request that the City Attorneys' Office be categorically denied access to the documents, and indicated that the City Attorney's office should follow the same confidentiality procedures established for the other parties. [*Id.* at 101:15-102:5.] Defendant-Intervenors submitted to the order. [*Id.* at 102:16-19.]

1  To conform paragraph 7.3 (a) to the Court's express ruling at the hearing, San Francisco
2  requests that the Court amend paragraph 7.3(a) as follows:

> the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided that it shall not be provided to any Counsel or employee who held an "official position" in any primarily formed ballot committee related to Proposition 8 (see http://cal-access.ss.ca.gov/campaign/measures/detail.aspx?id=1302602&session=2007) or now holds an official position in a similar committee that is now circulating petitions for a 2010 ballot initiative to repeal Proposition 8. For purposes of this sections 7.3 and 7.5 an "official position" is defined as one which authorizes the holder of said position to contractually bind (either solely or in conjunction with others) the primarily formed ballot committee (or similar committee circulating petitions to place an initiative on the 2010 ballot) with respect to matters relating to communications disseminated by the committee or otherwise to spend funds exceeding $1,000 on behalf of the committee, provided however, that notice of all such attorneys and employees to whom HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY information will be disclosed shall be given not less than 24 hours in advance of the disclosure to give the other parties the opportunity to object to the disclosure on and seek relief from the court on grounds specific to the designated attorney or employee;

Because the Court's order contemplated that San Francisco would provide notice the names of individuals to whom information will be disclosed, and in order to avoid any delay, San Francisco is doing so in anticipation of an amended order being entered.

San Francisco circulated a copy of a draft of this motion, with Exhibit A, to the parties on the morning of January 8, 2010. Plaintiffs and the Attorney General support the request. The Alameda County Clerk-Recorder, the County of Los Angeles, and Administration Defendants have stated that they have position on the request. Defendant-Intervenors have not provided their position.

Motion to Correct Protective Order
CASE NO. 09-CV-2292 VRW (JCS)

2

1
2  Dated: January 8, 2010            DENNIS J. HERRERA
                                    City Attorney
3                                   THERESE M. STEWART
                                    Chief Deputy City Attorney
4                                   DANNY CHOU
                                    Chief of Complex & Special Litigation
5                                   RONALD P. FLYNN
                                    VINCE CHHABRIA
6                                   ERIN BERNSTEIN
                                    CHRISTINE VAN AKEN
7                                   MOLLIE M. LEE
                                    Deputy City Attorneys
8
9                            By:         /s/
10                                  RONALD P. FLYNN

11                                  Attorneys for Proposed Intervenor
                                    CITY AND COUNTY OF SAN FRANCISCO
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion to Correct Protective Order                3
CASE NO. 09-CV-2292 VRW (JCS)