

January 8, 2010

VIA HAND DELIVERY

Hon. Phyllis Hamilton
Chair of the Rules Committee
United States Courthouse
1301 Clay Street
Oakland, CA 94612

Hon. Vaughn Walker
Chief Judge
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Comments on Proposed Revision of Northern District of California Civil Local Rule 77-3

Dear Chief Judge Walker and Judge Hamilton:

    These comments concerning the proposed revision of Civil Local Rule 77-3 are respectfully submitted on behalf of the American Civil Liberties Union of Northern California. The American Civil Liberties Union is a nationwide, nonpartisan organization dedicated to the defense and promotion of the guarantees of individual liberty secured by state and federal Constitutions. As such, the ACLU is committed to the fundamental principles of freedom of expression and due process, and believes that public access to civil court proceedings strengthens both. The ACLU of Northern California is the Northern California affiliate of the ACLU.

    Pursuant to a decision last month of the Judicial Council of the Ninth Circuit to allow the fifteen district courts within the Circuit to experiment with the dissemination of video recordings in civil non-jury matters, the United States District Court for the Northern District of California Court recently approved a revision of Civil Local Rule 77-3, effective December 22, 2009. The prior version of the rule prohibited video recording of court proceedings altogether, except for ceremonial purposes; the revision would allow the Northern District to participate in the pilot program permitting video recording in civil, non-

January 8, 2010
Page 2

jury trials, as authorized by the Judicial Council of the Ninth Circuit.

Under the First Amendment, the public has the right to observe or to be informed about judicial proceedings. The First Amendment gives the media the right to witness and report on them. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). In a nation as large as ours, with as many people as ours, the right to observe what goes on in court would not be meaningful without a right of media to witness and report.

Today, there is no reason to distinguish electronic media from print media in terms of the right to witness proceedings in court. Electronic media today is unobtrusive, and it gives both other media and, more importantly, the public, a fuller picture of court proceedings. There are times when privacy, the right to a fair trial, or threats to health and safety, may justify limiting access to court. The revised rule at issue here, however, gives a District Judge ample power to do that when necessary.

Open courts are essential to functioning democracy and to the protection of liberty. Electronic media will only strengthen access to the courts. The public's business should be conducted in public, and justice is the public's business.

The ACLU of Northern California therefore the strongly supports this Court's revision of its Civil Local Rule 77-3, and it urges the Court to adopt the revision.

Sincerely,

Elizabeth Gill
Staff Attorney, ACLU of Northern California