UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEX KOZINSKI                                                                                                    (626) 229-7140
Chief Judge                                                                                                       Fax:  229-7444

January 10, 2010

The Honorable Anthony J. Scirica
Chairman, Executive Committee
Judicial Conference of the United States
Washington, D.C.  20544

James C. Duff, Esq.
Secretary
Judicial Conference of the United States
Washington, D.C.  20544

Dear Tony and Jim:

      Thank you for your letter and your interest.  As you probably know, Chief Judge Walker has denied motions by the media to record and broadcast the trial.  And, at present, his request to place a video recording of a non-jury civil trial on the Northern District's website is not ripe for decision; necessary technical issues have not yet been resolved.  To date, I have therefore only approved real-time streaming of the case to other federal courtrooms, consistent with procedures used in other high-profile cases.  Viewers in the other courtrooms will, of course, be prohibited from taking audio or video recordings of the stream.

      I believe I can nevertheless allay the general concerns expressed in your letter about the Ninth Circuit's pilot project.  The pilot project was developed after considerable deliberation and careful research.  As you are aware, there is no Judicial Conference policy prohibiting trial courts from placing video recordings of non-jury civil proceedings on their websites.  That policy decision rests exclusively with the Judicial Council of each circuit, consistent with the statutory governance structure of the courts.  28 U.S.C. § 332; *see also Armster v. U.S. Dist. Ct.*, 806 F.2d 1347, 1349 n.1 (9th Cir. 1986) ("Except for judicial disciplinary proceedings, the Judicial Conference does not have binding or adjudicatory authority over the courts.").

The Honorable Anthony J. Scirica
James C. Duff, Esq.
Page Two
January 10, 2010

      Our Council is well aware that some 22 years ago the Judicial Conference first considered allowing cameras in courtrooms, 20 years ago authorized a pilot program of the same, and 14 years ago adopted a resolution urging the circuits' Judicial Councils not to permit radio and television coverage of proceedings in our district courts.  *See* Judicial Conference of the United States, *Report of the Proceedings of the Judicial Conference of the United States* 17 (Mar. 12, 1996); Judicial Conference of the United States, *Report of the Proceedings of the Judicial Conference of the United States* 15 (Mar. 15, 1994); Judicial Conference of the United States, *Report of the Proceedings of the Judicial Conference of the United States* 103–04 (Sept. 12, 1990); Judicial Conference of the United States, *Report of the Proceedings of the Judicial Conference of the United States* 34 (Mar. 14, 1989).  The issue came before the Judicial Conference in 1994 and 1996 as the result of a study of electronic media coverage of federal civil proceedings conducted by the Federal Judicial Center, which conducted pilot projects allowing the media to record and broadcast trials.  The results of the study were positive.  The FJC reported that there were "small or no effects of camera presence on participants in the proceedings, courtroom decorum, or the administration of justice."  Federal Judicial Center, *Electronic Media Coverage of Federal Civil Proceedings: An Evaluation of the Pilot Program in Six District Courts and Two Courts of Appeals* 7 (1994).  As a result of the study, the FJC research project staff recommended authorizing cameras in civil proceedings in federal courtrooms nationwide, subject to guidelines.  *Id.* at 43.

      The decision on this question was ultimately left in the hands of the circuits.  *See 1996 Judicial Conference Report, supra*, at 17.  In response to the Judicial Conference resolution, the Ninth Circuit Judicial Council adopted a policy in 1996 that prohibits the broadcast of trial court proceedings.  However, not all circuits elected to follow the Judicial Conference's suggestion; some courts even adopted rules permitting courts to use video broadcasting equipment.  E.D.N.Y. Local Civ. R. 1.8; S.D.N.Y. Local Civ. R. 1.8.

      The Judicial Conference resolution also left the question of broadcasting federal appellate proceedings to each Court of Appeals.  In response, the Ninth

The Honorable Anthony J. Scirica
James C. Duff, Esq.
Page Three
January 10, 2010


Circuit Court of Appeals adopted a resolution in 1996 that allows the recording and broadcast of appellate arguments, subject to conditions.  Since that time, hundreds of appellate arguments have been recorded and broadcast without incident.

      The FJC study, and the Judicial Conference resolution, were focused exclusively on electronic coverage of the courts by the media.  The Judicial Conference did not—and has not—considered video recording and dissemination by court units.  Thus, the request by the Northern District of California to record and distribute video under the careful control of the court—not the broadcast media—involves circumstances far different from those considered by the Judicial Conference so long ago:  New, cheaper video technology has made it possible for courts to control that which only the media could have controlled in 1996.

      While the Judicial Conference has not formally considered this matter in the intervening decade and a half, a great deal has happened in the world since then, notably the advent of affordable video systems and the proliferation of the internet.  Technology has changed the way trials are conducted and reported.  The public, too, demands far more transparency from its public institutions today than it did in 1996.  *E.g.*, Op. Ed., *Federal Courts Should Join 21st Century*, DES MOINES REGISTER (Jan. 8, 2010) (attached).

      Our court, and most others, has responded to these public demands.  We make digital audio recordings of each appellate argument available to the public on our website.  A substantial number of arguments are video recorded and broadcast.  We post all of our decisions, precedential and non-precedential, on our website.  I post all of my decisions on judicial misconduct complaints, with appropriate redactions to preserve privacy, on our website.  Our Circuit Council has recently adopted provisional guidelines for the use of electronic devices in courtrooms by jurors, media and the bar.  Simulcasting of district court proceedings has become fairly common, especially in high profile cases in which courtroom space is limited.  Even the Supreme Court is now releasing audio recordings—sometimes in near-realtime.

The Honorable Anthony J. Scirica
James C. Duff, Esq.
Page Four
January 10, 2010

   In short, the public has demanded greater access to our courtrooms, we have provided it and it has not caused problems.

   All states allow media broadcast of court proceedings in some form. Some states have even imposed great restrictions on state trial judges' discretion to limit broadcasting. For example, Montana has incorporated a requirement for media access into its code of judicial conduct, making it an act of judicial misconduct to *refuse* without good cause any request by the media to broadcast court proceedings. Canon 35, *Montana Canons of Judicial Ethics*. As you are aware, legislation is now pending before Congress that would authorize or require federal courts to allow media recording and broadcast of court proceedings. *See* Sunshine in the Courtroom Act of 2009 (S. 657); Sunshine in the Courtroom Act of 2009 (H.R. 3054); *see also* http://jnet.ao.dcn/Legislation/Cameras_in_the_Courtroom.html. If we do not respond to the legitimate public expectations, we create a serious risk that Congress will impose camera requirements on the courts based on guidelines developed outside the court system.

   In light of developments such as these, the Judicial Conference of the Ninth Circuit began debating how to respond at its 2007 meeting. It voted to have the current Ninth Circuit rule, which prohibits all cameras in district courts, reconsidered. Lawyers and judges, voting separately, approved the resolution by resounding margins. This sentiment reflects the strong view of our bar, as evidenced by the many resolutions we have received from various bar associations throughout our Circuit. *E.g.*, Letter of the Federal Bar Association of the Northern District of California to Judge Hamilton and Chief Judge Walker (Jan. 7, 2010) (attached).

   Following the vote of the Ninth Circuit Judicial Conference, the Ninth Circuit Judicial Council passed a resolution urging the Judicial Conference to re-examine its historical opposition to video technology and endorse video recording and broadcasting of non-jury civil cases. The Judicial Conference Committee on Court Administration and Case Management (CACM) examined the request at its June 2009 meeting. It deferred formal action, but noted that "the limitations

The Honorable Anthony J. Scirica
James C. Duff, Esq.
Page Five
January 10, 2010

inherent to the proposal (i.e., non-jury civil cases) would avoid many of the concerns of the Conference . . . and [the proposal] was therefore much more akin to what is already permitted in circuit courts." *CACM Report to the Judicial Conference of the United States*, *reprinted in Agenda of the Judicial Council of the Ninth Circuit* 7 (Oct. 22, 2009). Although the Committee was not unanimous in its view, it reported to the Judicial Conference that "the Committee also appears to be supportive of camera proposals in general that grant full discretion to the district judge, that allow for protection of the images of jurors and witnesses, and that proceed only with great care in criminal cases." *Id.* at 7–8. The matter was referred to the Judicial Conference's Executive Committee before its August 2009 meeting, but it declined, without explanation, to place it on the agenda for the September 2009 meeting of the Judicial Conference. *See* Judicial Conference Executive Committee, *Memorandum of Action* 2 (Aug. 20, 2009).

After extensive deliberation, and mindful of these considerations, our Judicial Council voted to approve a carefully-controlled pilot program to experiment with the use of video in non-jury civil cases. This approach, as the CACM report noted, is very limited and designed to avoid the concerns expressed by the Judicial Conference a decade and a half ago. The Council will use the experience gained during the pilot program to consider whether to adopt a permanent rule.

We hope and trust that other federal circuits and the Judicial Conference will take advantage of our experience when they reconsider the matter, as we believe they soon must. Like it or not, we are now well into the Twenty-First Century, and it is up to those of us who lead the federal judiciary to adopt policies that are consistent with the spirit of the times and the advantages afforded us by new technology. If we do not, Congress will do it for us.

Let me assure you that we will be proceeding with great caution. Every project is subject to my personal approval, and I am examining the details of each proposal meticulously. If and when the request from the Northern District of

The Honorable Anthony J. Scirica
James C. Duff, Esq.
Page Six
January 10, 2010


California becomes ripe for my consideration, you may rest assured that I will examine all aspects of it with great care.


                                              Sincerely,

                                              Alex Kozinski


AK/dms

Attachments


cc: Ninth Circuit Judicial Council
    The Honorable Vaughn R. Walker
    Chief Judges, United States Courts of Appeals
    Circuit Executives

# DesMoinesRegister.com

January 8, 2010

## Federal courts should join 21st century

The great divide seems to grow ever wider between federal courts and the rest of the world on cameras in courtrooms. On one side are federal court policymakers who fear cameras would transform every trial into a media frenzy on the order of the 1994 O. J. Simpson trial. On the other side are growing numbers of Americans who naturally assume images of almost everything that happens nowadays will be captured on television or online.

Somewhere in between those extremes are federal trial judges, many if not most of whom either believe cameras during trials would be harmless or would improve public understanding of the courts. The most recent evidence: the nine northwestern states of the 9th U.S. Circuit have agreed to a limited test of cameras in some civil trials. If judges are comfortable with the experiment, it could be permanent. In fact, this could cause other federal courts across the country to follow suit. And they should.

Federal courtrooms should be more accessible to the public through modern communications technology. Indeed, all courts - federal and state - must review existing rules regarding the use of the growing array of communications devices, from texts to Twitter to cell-phone video.

The courts cannot wall themselves off from public scrutiny with antiquated rules. People have a right to know what goes on in courts, and they will better appreciate the role of the courts if they can see them in action. Modern technology makes that possible far beyond the limited numbers who can actually get to a courthouse to observe trials in person.

State courts reached this conclusion long ago. All 50 states allow cameras in at least some courtrooms, and most states allow electronic media coverage of civil and criminal trials. Since 1980, Iowa has allowed television cameras, newspaper photographers and other recording devices in state criminal, civil and appellate courts. This practice has had broad, consistent support among trial judges, lawyers and court administrators.

It's time the federal courts joined this movement.

The experiment with cameras in the 9th Circuit - which encompasses federal courts from Alaska to Arizona - is noteworthy because it's at odds with the position of the U.S. Judicial Conference, the chief policy-making body for all federal courts. The Judicial Conference, which is composed of chief judges from the 12 regional circuits and chaired by the chief justice of the United States, has with one exception opposed cameras in trial courts. That exception was a three-year experiment beginning in 1991, which most participating judges recommended continuing. Nonetheless, the conference voted to maintain the ban on cameras in trial courts in place since 1946.

Federal courts have some authority to set their own rules at the local level, and the 9th Circuit may be testing the limits of that authority. As with many cultural trends, this move by judges in the West and Northwest might spread across the rest of the federal court system.

It's about time.

## Additional Facts

- Federal courts in Iowa

Cameras are prohibited in all federal courts in Iowa under rules of the Judicial Council for the 8th U.S. Circuit, which covers seven Midwest states. The council is composed of 10 judges of the 8th Circuit U.S. Court of Appeals and 10 U.S. District Court judges in the circuit. The council is chaired by

Chief Appeals Court Judge James B. Loken.

•Tell judges what you think about cameras

If you agree that federal courts in Iowa should be open to electronic media coverage, let court officials know. Contact the Office of the Circuit Executive, Thomas F. Eagleton Courthouse, 111 South 10th St., St. Louis, Mo. 63102. Phone: (314) 244-2600. Fax: (314) 244-2605.



**FEDERAL BAR ASSOCIATION**
**NORTHERN DISTRICT OF CALIFORNIA CHAPTER**

OFFICERS

President
Judith Anderson
Securities and Exchange Commission
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
415/705-2500
AndersonJu@sec.gov

Vice President,
San Francisco
Gregory N. Owen
Owen, Wickersham & Erickson, P.C.
455 Market Street, Suite 1910
San Francisco, CA 94105
415/882-3200
gowen@owe.com

Vice President,
Oakland
Valerie Stewart
Federal Bureau of Prisons
7338 Shoreline Dr.
Stockton, CA 95219
209/956-9733
vlstewart@bop.gov

Vice President,
San Jose
Jason de Bretteville
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, California 94303
1-650/461-5600
debrettevillej@sullcrom.com

Secretary/Treasurer
Timothy K. Roake
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
650/849-5382
troake@gibsondunn.com

President Elect
David H. Fry
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco CA 94105
415/512-4000
David.Fry@mto.com

Immediate Past President
Christopher D. Sullivan
McGrane Greenfield LLP
One Ferry Building, Suite 220
San Francisco, CA 94111
415/283-1776
csullivan@mcgranegreenfield.com

HONORARY OFFICERS

The Hon. Vaughn R. Walker
Chief Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
415/522-2000

Joseph P. Russoniello, Esq.
United States Attorney
U.S. Attorney's Office
450 Golden Gate Avenue, 11th Fl.
P.O. Box 36055
San Francisco, CA 94102
415/436-7200

Barry J. Portman, Esq.
Federal Public Defender
450 Golden Gate Avenue, Rm. 17424
P.O. Box 36105
San Francisco, CA 94102
415/436-7700

STEERING COMMITTEE

The Hon. Laurel Beeler
Stephen Paul Berzon
Asim Bhansali
Martha Boersch
Peter Boutin
Elizabeth Brancart
Elizabeth J. Cabraser
Richard C. Darwin
Bruce S. Flushman
David Fry
David Girard
Matthew Jacobs
Randall T. Kim
Erik Khoobyarian
Rory K. Little
Otis McGee
Kathleen Morris
Sharon L. O'Grady
Scott Raber
Patrick Robbins
Joseph P. Russoniello
Stephen L. Schirle
Christopher Steskal
Sanford Svetcov

January 7, 2010

The Honorable Phyllis Hamilton
Chair of the Rules Committee for the Northern District of California
United States Courthouse
1301 Clay Street
Oakland, CA 94612

The Honorable Vaughn Walker
Chief Judge, Northern District of California
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Hamilton and Chief Judge Walker:

On behalf of the Executive Committee of the Northern District of California Chapter to the Federal Bar Association, I write to express our support for the revision of Local Rule 77-3, effective December 22, 2009. The revisions to Local Rule 77-3 are necessary and appropriate to implement the pilot program allowing, on an experimental basis, the limited use of cameras in federal district courts within the circuit that was approved unanimously by the Judicial Council of the Ninth Circuit on December 17, 2009.

The Judicial Council's action follows a resolution supporting the use of cameras passed by judges and lawyers attending the 2007 Ninth Circuit Judicial Conference. We share the view that allowing the pilot program to move forward, subject to the sound discretion of the District Judges, will be useful and is important. It will offer a basis to evaluate whether the use of cameras significantly improves public access to court proceedings. Exploring the experimental use of cameras in the courtroom will contribute to better understanding of how federal courts can best ensure that the right to public access is fostered in practical and meaningful ways. Public access to federal court proceedings, with only extremely limited exceptions, is a bedrock principle and firmly established constitutional right. As our society changes and public access to federal courts can be more difficult in light of increased security concerns and numerous other factors, the

Federal Bar Association Members
January 7, 2010
Page 2

---

potential that public access can be improved through the use of courtroom cameras should be tested.

We also think that the timely revisions to Local Rule 77-3, in light of the recent adoption of the pilot program by the Judicial Council of the Ninth Circuit, are justified by the "immediate need" provision of Title 28 U.S.C. Sec. 2071(e). We support the efforts of the bench of the Northern District to address these issues quickly. We share Chief Judge Kozinski's goal of achieving a better public understanding of our judicial processes and enhanced confidence in the rule of law, and we endorse exploring the use of cameras in the courtroom as a way to achieve that goal.

Thank you for considering our views on the revisions to Local Rule 77-3.

Sincerely,

Christopher D. Sullivan
Immediate Past President

c.c. The Honorable Alex Kozinski
    Chief Judge of the Ninth Circuit Court of Appeals