# EXHIBIT C
# Part 4 of 4

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF MARIN

CENTRAL JUDICIAL DISTRICT

STATE OF CALIFORNIA ) ss.
COUNTY OF MARIN )

People _____ vs. McDermnd

ACTION No. C 35470

(PROOF OF SERVICE BY MAIL — 1013A, 2015.5 C.C.P.)

I AM A CITIZEN OF THE UNITED STATES AND A RESIDENT OF THE COUNTY AFORESAID; I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE ENTITLED ACTION; MY BUSINESS ADDRESS IS: MARIN COUNTY HALL OF JUSTICE, CIVIC CENTER, SAN PEDRO ROAD, SAN RAFAEL, CALIF. 94903.

ON November 5, 1980 . I SERVED THE WITHIN Request For Extended Media Coverage

ON THE parties IN SAID ACTION, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CALIFORNIA, ADDRESSED AS FOLLOWS:

HAND CARRIED:
Jerry R. Herman, District Attorney
Room 155, Hall of Justice
San Rafael, CA 94903

Ernest H. Short & Assoc., Inc.
2709 Marconi Ave.
Sanramento,CA 95821

Mark Cohen
Executive News Producer
KPIX News
855 Battery Street
San Francisco, CA

A. Leonard Bjorklund
765 Bridgeway
Sausalito, CA 94965

Linda Yee
KRON - TV
1001 Van Ness Ave.
San Francisco, CA

I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE November 5, 1980

203-58 (11-72).

* NOTARIZATION NOT REQUIRED

546

R? EIVED NOV  7 1980

F I L E D

NOV  5 1980

KENNETH C. FINN
Clerk of the Municipal Court of California
County of Marin, Central Judicial District
By _____ Deputy Clerk

MUNICIPAL COURT OF CALIFORNIA, CENTRAL JUDICIAL DISTRICT

COUNTY OF MARIN

THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                         )
                            Plaintiff,   )
                                         )        C 35470
        vs.                              )
                                         )     REQUEST FOR EXTENDED
MARK VENTERS McDERMAND,                  )     MEDIA COVERAGE
                            Defendant.   )

On October 28, 1980, there was filed with the Court a request for
extended media coverage pursuant to 980.2 Rules of Court.  With the request
was filed a consent by District Attorney Jerry R. Herman and the defendant
Mark Venters McDermand, who was not represented by counsel.

At 1:00 P.M. on October 28, 1980, I did advise the media in open
court that I would consent to the request for use of electronic equipment
in the courtroom providing certain conditions were met, among those being
that the Clerk must be given the names and media affiliation of each person
operating the various electronic equipment.  This information was not pro-
vided to the Clerk on October 28th.

The defendant appeared.  Also appearing was Frank J. Cox, Chief Deputy
Public Defender, who advised the Court that Mr. McDermand was eligible for
court-appointed counsel and he further advised that the Public Defender
would not be able to represent Mr. McDermand due to a conflict of interest.
A list of three names was given to the Clerk regarding appointment of counsel
and the matter was continued one day to October 29th at 1:00 P.M. for
arraignment, appointment of counsel and entry of plea.  The defendant

547

1  advised by the Court that although he had given his consent to extended

2  media coverage, he may wish to discuss this with his court-appointed counsel

3  as to whether such consent would continue.

4      On October 29th at 1:00 P.M. Mr. Bruce B. Bales appeared, advising

5  the Court he may be able to accept the appointment. The defendant indicated

6  to the Court that Mr. Bales had participated in the prosecution of Mr.

7  McDermand within the near past. Therefore, the matter was continued one

8  day for either the appearance of Mr. Louis Hawkins or Mr. A. Leonard

9  Bjorklund for acceptance of appointment. The defendant was again advised

10  with regard to the consent to extended media coverage; that he may wish

11  to reconsider this matter and further advise the Court whether he wished

12  to continue to give such consent. Matter was continued to October 30, 1980

13  at 1:00 P.M. for arraignment, appearance of counsel and acceptance of

14  appointment, entry of plea and setting of the Preliminary Hearing. The

15  names of the persons operating the electronic equipment and the media

16  affiliation were not given to the Clerk.

17      On October 30th at 1:00 P.M. Mr. A. Leonard Bjorklund appeared with

18  the defendant advising the Court that he would accept the appointment and

19  the defendant was advised of the charges against him and personally entered

20  pleas of not guilty. Time was waived by both the defendant and counsel

21  for Preliminary Hearing and matter was set for December 2nd for Preliminary

22  Hearing. Neither the defendant nor his counsel objected to the appearance

23  of the media in the courtroom or the use of the electronic recording systems.

24  The Court requested that the defendant and his counsel advise whether they

25  wish to continue consent of extended media coverage or withdraw their con-

26  sent (although no objection was made to the appearance of the media for

27  October 30, 1980). No affirmation was made by or on behalf of the defendant

28  or his counsel that they wish to consent to any further extended coverage

**548**

1 exhibits except by order of the Court.

2 11. At all recesses and adjournments, and at any other

3    time the Jury is retiring from the courtroom, or

4    while the defendant is being moved to or from the

5    courtroom, spectators shall remain seated until the

6    Jury and the defendant have had ample time to withdra

7 12. All media personnel shall conduct themselves in

8    accordance with Rule 980.2 of the California Rules of

9    Court. Any violation of said rule or of the provisio

10    of this order shall be deemed sufficient cause for

11    excluding the violator from the courtroom and such

12    other action as the Court may deem legally proper.

13 DATED: JUNE 9, 1981

JUDGE OF THE SUPERIOR COURT

549

RECEIVED JUN 1 5 1981

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF BUTTE

F I L E D

JUN 1981

CLARK A. NELSON, County Clerk

By _L. Yates_ Dep.

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

FRANK JACK HESKETT,

Defendant.

NO. 74984

ORDER FOR EXTENDED MEDIA COVERAGE

AUTHORIZATION IS HEREBY GIVEN to Chico Enterprise-Record to conduct extended media coverage in the above entitled matter.  Only one still camera is to be in the courtroom in a fixed position and the equipment to be used shall consist of a Minolta 75 35mm still camera.

The media is prohibited from photographing any witness posing an objection, and it shall be limited to open courtroom sessions in front of the jury, and not during voir dire examination in the selection thereof.

There will be no close-up shots or zoom lenses in this extended coverage of individual members of the jury.

Dated:  June 8th, 1981.

Reginald M. Watt

Reginald M. Watt, Judge

cc:     District Attorney
        Jerry Kenkel, Defense Counsel
        Chico Enterprise-Record
        Ernest H. Short & Associates

550

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

--oOo--

PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff,

    vs.

KENNETH EUGENE PARNELL,

        Defendant.

No. 70511

ORDER RE EXTENDED COVERAGE

From the wide attention attracted to this case resulting in massive publicity, the Court is of the opinion that the following rules are necessary to a constitutionally guaranteed, orderly and fair trial by an impartial jury, and therefore orders:

The request of the media for extended coverage of the trial herein is granted, subject to the following terms and conditions:

    1.    There shall be no extended coverage of the selection of the prospective jury during voir dire.

    2.    There shall be no extended coverage of any proceedings not had in open court.

    3.    No more than one (1) television camera shall be permitted in the courtroom at any given time. It shall be the responsibility of the media to determine whose camera will be used.

    4.    No more than one still photographer, using not more

551

1   than two still cameras with not more than two lenses

2   for each camera, shall be permitted in the courtroom

3   at any given time.  It shall be the responsibility

4   of the media to determine whose camera will be used.

5.  One audio system for broadcast purposes shall be

6   permitted in the courtroom at any given time.  It

7   shall be the responsibility of the media to determine

8   whose audio system will be used.  This order is not

9   meant to proscribe the use of small, pocket-size

10  recorders by individual members of the media.

6.  The Court reserves the right to amend, modify, or

11  otherwise change this order at any time during the

12  proceedings.

13

7.  Members of the news media shall not interfere in any

14  way with prospective jurors, nor shall any attempt be

15  made to talk to any juror.

16

8.  All entrance ways, corridors and approaches to the

17  courtroom will be kept clear at all times for free

18  access thereto by those using them in the course of

19  their employment or those having business to transact

20  therein.

21

9.  The area of the courtroom inside the rail is reserved

22  for the defendant, counsel, members of the Bar, Court

23  personnel and such witnesses as counsel may desire to

24  be within the bar for consultation purposes.  No one

25  else will enter without permission of the Court.

26

10.  No one except attorneys of record, their agents,

27  Court personnel, witnesses and jurors may handle

552

APPENDIX E


Examples of Orders Regarding
Extended Media Coverage

CASE_____

NAME_____

DATE_____

BASE./EXP.

INTERVIEWER_____

JUROR

|  | condensed answer | comments/explanation |  |
|---|---|---|---|
| Media noticed |  |  |  |
| Favor/unfavor |  | very unfav- orable | very favor- able |
| distraction/ courtroom environment |  |  |  |
| Behavioral effects |  |  |  |
| Prefer presence/ reluctant to serve |  |  |  |
| Potential harm |  |  |  |
| Portion specially important |  |  |  |
| Media influence deliberation |  |  |  |

How many times have you served on a jury?_____

Types of cases_____

Nature of media coverage case received

Sex:  M   F

Age:  under 25    25-34    35-44    45-54    over 55

Occupation:_____

Education:    No formal schooling
              Elementary:  1  2  3  4  5  6  7  8
              High School:  9  10  11  12
              College:        13  14  15  16
              Graduate degree:_____

554

CASE_____ _____          INTERVIEWER _____

NAME_____ _____

FOR    PLTF./DEF./PEOPLE          WITNESS

BASE./EXP.

| | condensed answer | comments/explanation | |
|---|---|---|---|
| Media noticed | | | |
| favor/unfavor | | very unfavor- able | very favor- able |
| Distract/ affect testimony | | | |
| Potential harm | | | |
| Prefer presence/ testify/again | | | |
| Number of times a witness | | | |

Sex:  M  F
Age:  under 25    25-34    35-44    45-54    over 55
Education:  No formal schooling
            Elementary School:  1  2  3  4  5  6  7  8
            High School:  9  10  11  12
            College:      13  14  15  16
            Graduate Level: _____

555

POST-EVENT JUROR INTERVIEW - EXPERIMENTAL

1. What specific media personnel and equipment did you notice during the proceedings?

2. You have just participated as a juror in a trial which had TV cameras, still cameras, and/or radio coverage. Do you favor allowing this type of media coverage in the courtroom? (Mark answer on interview sheet).

3. Were you distracted by the presence of TV cameras, still cameras, and/or radio? Create nervous reaction? Nature of distraction. What effects, if any, did you perceive that the cameras had on the courtroom environment? Flow of proceedings?

4. What, if any, behavioral effects on trial participants resulted from EMC?

     attorneys/judge/witness/party

5. Would you prefer cameras not be present? Would you be reluctant to serve as a juror again solely because of the presence of TV cameras, still cameras, or radio?

6. Are you fearful that some harm (psychological, reputational, physical, or financial) could come to you or your family as a result of possible media coverage of this trial? If yes, what portion of your fear is attributable to coverage by TV cameras, still camera or radio?

7. Was there any portion of the trial which seemed to carry a particularly special importance in influencing your decision-making?

8. In your opinion, did media exposure influence deliberations?

     (Complete information on interview summary form.)

556

POST-EVENT ATTORNEY INTERVIEW - EXPERIMENTAL

1. What specific media personnel and equipment did you notice during the proceedings?

2. Please discuss any adverse effects you perceived on the dignity and decorum of the courtroom as a result of EMC.

3. Behavioral effects on trial participants.
   Judge:  supervision/decisions/order
   Witness: truthfulness/nervousness/completeness
   Other Attorneys:  quality of representation/strategy
   Jurors:  fair verdict/distracted

4. How, if at all, was your strategy and representational quality affect by EMC?
   Witness called or not called
   question/area not addressed or specifically addressed
   strategy
   nervousness/behavior action

5. In what ways was EMC a positive or negative experience? What surprise or problems, if any, occurred?

6. What regrets, if any, do you have in consenting to EMC?

7. Would you prefer cameras not be present?  Participate again?

8. Describe the differences you noticed in editing practices used by conventional media.  Your feelings about these changes?

9. How many years have you been a practicing trial attorney? Number of highly visible media trials?

557

POST-EVENT WITNESS INTERVIEW - EXPERIMENTAL

1. What specific media personnel and equipment did you notice during the proceeding?

2. You have just participated as a witness in a trial which had TV cameras, still cameras, and/or radio coverage. Do you favor allowing this type of media coverage in the courtroom? (Mark answer on interview sheet)

3. To what extent, if any, did TV cameras, still cameras, or radio equipment distract you in giving testimony? In what way, if any, was the content of your testimony or the manner of your responding different due to the presence of this equipment and the knowledge that your testimony might be broadcast by these media? (e.g. nervousness)

4. Are you fearful that some harm (psychological, reputational, physical or financial) could come to you or your family as a result of possible coverage of your testimony by television (i.e. cameras)?

5. Would you prefer to have testified without the cameras? Would you be reluctant to testify again either in this trial or some other proceeding with camera coverage?

6. How many times have you been a witness? (get details)

(Complete summary interview questionnaire.)

558

CASE_____

NAME_____

DATE_____

BASE./EXP._____

INTERVIEWER_____

JUDGE

|  | condensed answer | comments/explanation |
|---|---|---|
| Media noticed | | |
| Increased supervisory responsibility and how | | |
| Dignity & Decorum | | |
| Witness Effects | | |
| Attorney Effects | | |
| Juror Effects | | |
| Positive or Negative experience, surprises, problems | | |
| Regrets | | |
| Prefer presence/ participate again | | |
| Editing Effects | | |
| Number of cases | | |
| General Added Effects | | |
| Other | | |

559

CASE _____

NAME _____

DATE _____

BASE./EXP.

_____

ATTORNEY

| | condensed answer | comments/explanation |
|---|---|---|
| Media noticed | | |
| Dignity & Decorum | | |
| Judge effect | | |
| Witness effects | | |
| Other attorney effects | | |
| Juror effects | | |
| Your behavior/ strategy | | |
| Positive or negative exper- ience, surprises, problems | | |
| Regrets | | |
| Prefer presence/ participate again | | |
| Editing Effects | | |
| Years attorney and number of cases | | |
| General added effects | | |
| Other | | |

560

Personal Interview Question
and Answer Sheets

*Judge

*Attorney

*Witness

*Juror

POST-EVENT JUDGE INTERVIEW - EXPERIMENTAL

1. What specific media personnel and equipment did you notice during the proceeding?

2. Describe the extent to which EMC increased your supervisory responsibilities. How did those increased responsibilities interfere with your principal duties as judge?

3. Please discuss any adverse effects you perceived on the dignity and decorum of the courtroom as a result of EMC.

4. What, if any, behavioral effects on trial participants did EMC have?
   Witness: truthfulness/nervousness/completeness
   Attorneys: quality of representation/strategy
   Jurors: fair verdict/distraction

5. In what ways was EMC a positive or negative experience? What surprises or problems, if any, occurred?

6. What regrets, if any, do you have in consenting to EMC?

7. Would you prefer cameras not be present? Participate again?

8. Describe the differences you noticed in editing practices used by EMC compared to those used by conventional media. Your feelings about these changes?

9. How many cases have you presided over in which there was high media visibility?

562

CAMERAS IN THE COURTROOM JUROR QUESTIONNAIRE

| Name | Case |
|---|---|
| Proceeding Type | Date of Proceeding |
| (For evaluator use only) | |

1.  What specific media personnel and equipment did you notice during the proceedings?

    How noticeable and/or distracting would you say the equipment and personnel were?

2.  You have just participated as a juror in a trial which had TV cameras, still cameras, and/or radio coverage. Do you favor allowing this type of media coverage in the court-room? (Please mark below as appropriate.)



    Very                                                                    Very
    Unfavorable      1      2      3      4      5      6              Favorable

3.  What effects, if any, did you perceive the cameras had on the courtroom environment?

    Did the cameras affect the flow of the proceedings?

4.  Do you think the presence of cameras had any effects on the other trial participants (judge, attorneys, parties, or witnesses?)

5.  Would you prefer cameras not have been present?

    Would you be reluctant to serve as a juror again solely because of the possible presence of TV cameras, still cameras, or radio at the trial?

(OVER)

563

6.  Are you fearful that some harm (psychological, reputation, physical, or financial)
    could come to you or your family as a result of possible media coverage of this trial?

    If yes, what portion of your fear is attributable to coverage by TV cameras, still
    camera or radio?

7.  Was there any portion of the trial which seemed to carry a particularly special importance
    in influencing your decision-making?

8.  In your opinion, did media exposure influence deliberations?

9.  What main impression do you have regarding this "cameras in the courtroom" experience?

10. BACKGROUND INFORMATION

    How many times have you served on a jury?_____

    Types of Cases_____

    Nature of media coverage case received_____

    _____

    Sex: · M   F

    Age:   under 25      25-34        35-44  ·   45-54     over 55

    Occupation:_____

    Education:     No formal schooling
                   Elementary:  1  2  3  4  5  6  7  8
                   High School:  9  10  11  12
                   College:      13  14  15  16
                   Graduate degree:_____

| Name | Case |
|---|---|
| Proceeding Type | Date of Proceeding |

(For evaluator use only)

1. What specific media personnel and equipment do you remember being present at the camera event in your courtroom?

   How noticeable and/or distracting would you say the equipment and personnel were?

2. Describe the extent to which the camera event increased your supervisory responsibilities.

   How did those increased responsibilities interfere with your principal duties as judge?

3. Please describe all adverse effects you perceived on the dignity and decorum of the courtroom as a result of the presence of cameras.

4. What, if any, behavioral effects on trial participants did the presence of cameras have?

   On Witnesses? (truthfulness? nervousness? completeness?)

   On Attorneys? (general behavior? quality of representation?)

   On Jurors? (distraction? fair verdict?)

   On Parties? (general behavior?)

(OVER)

565

5.  In what ways was the presence of cameras a positive or negative experience for you?
    That is, what surprises or problems did it create and how did you end up feeling?

6.  What regrets, if any, do you have in consenting to the cameras?

7.  Would you prefer cameras not be present?

    Would you participate again in a cameras in the court event?

8.  (Optional) If you saw a subsequent media broadcast of the event covered in your court,
    describe the differences you noticed in editing practices used by television compared
    to those used by the conventional (print) media.  What are your feelings about these
    changes?

9.  How many cases have you presided over in your career as a judge which you would say had
    high "visibility" in the media?

10. What main impression do you have regarding this "cameras in the courtroom" experience?

Mail Questionnaire Form:

*Judge

*Juror

APPENDIX D

Interview Instruments

ATTENTIVENESS

| | 1.0 | 1.5 | 2.0 | 2.5 | 3.0 | 4.0 | 5.0 | 6.0 |
|---|---|---|---|---|---|---|---|---|
| **FORCE** | Tennis match Alert upright tho not tense. Intent concentration on the action,all the action. Impressive in energy put into paying attention. | Intent concentration on witness. May be taking notes. Alert,upright somewhat stiff Takes job seriously. | IDEAL NORM Normal eye contact with witness and with lawyer. Some break in following the action. Is in contact with mainstream of activity. May watch witness only. May take notes. Good posture. | Occasional, inconsequential glances at audience or elsewhere. May be watching attorney intently. May be taking notes. Posture relxd. | Shifting post. Intermitt.yawn Concentration is in and out. Gazes at spectators or else where. Gazes rather than watching the action. | Freq. yawns Constant gaze or turning away from action. Clear lack of concentration. Reading or writing at length. Postur slipping. Has to bring self back to concentration. | Dozes Slouching Freq. position shifts. Fighting off sleep. Jerks back to attention. | Asleep |
| | ATTENTIVE | | ATTENTIVE | | IN AND OUT | | INATTENTIVE | |

CALM

| | 1.0 | 1.5 | 2.0 | 2.5 | 3.0 | 4.0 | 5.0 | 6.0 |
|---|---|---|---|---|---|---|---|---|
| **COURTROOM** | Reflective Dignified Serious Atmosphere. No intrusions or noise. The ideally perfect courtroom. Calm is as a result of judge behavior and compelling nature of the activity. | Reflective and dignified by default due to few people or unnoticed trial. | NORMAL in and out movements and noises such as chairs and feet. Ordinary activity that varies with # of people. | Attempts to reduce noise and disturb fail. Attempt to move to a 1.0 have not been success. due to large # of people or highly visible trial. | Intermittent distractions which could be avoided. | Clearly a distracted and noisy setting. Noticable constant of noise clatter movement which could be controlled or stopped. | Very constant noise,clatter factor. Disturbing to the proceedings. Much physical activity.Conversations and other distractions predominate. | Very distur setting consta... physical an audible noi and movem Unable to conduct bus of the cou thenatturolle intructions. |
| | VERY CALM | | NORMALLY CALM | | DISTRACTED | | DISTURBED | |

569

EFFECTIVE COMMUNICATION

| | 1.0 | 1.5 | 2.0 | 2.5 | 3.0 | 4.0 | 5.0 | 6.0 |
|---|---|---|---|---|---|---|---|---|
| JUDGE | Clear, concise correct. No spch disflu. At ease, relaxed. Is polished. Is self. Intervenes, reiterates, clarifies and teaches. Timing outstanding. Relaxed.Commands respect & awe. Not acting. | Only occasion disfluency. Spch rate stable. Is relaxed. At ease. Is misunderstand. Commands rspct & Clear & distinct. | NORM. Norm spch disflu. approp. spch rate. Some nerv. though Intent & rlxd. Not lose train of thought. Commands rspct those receiving comman., are responsive. Little need for clarification. | Personal spch patterns show. Incrs. disflu. Not tense but nerv. though not rlxd. Spch rate variable. Message comman./approp. express. of emotion. | Reacts from emotional base. Or tional react. is flat. Does not verbalize little eye contact. Allows confusing comm. defensive. Tools for fast or tooslow increasing disfluencies. | Unwarranted emotional react. Or Ill-humored, cranky. Confuz is theme. Many disfluencies. Very defensive. rate of speech problem for listeners. Or, excessive flat or monotone. Needs prompting | Abusive Negative, blaming others for own lack. Confuz. Message very confused. Listener has to work hard to get it. Disflu total silenc. Speech rate an impossible problem. | Commun. void. Obscenities. Senile, word salad. Irrelr outbursts. Listeners unable to get message. Or catatonic wh verbaliz is rep understm..din is impossibl INTOLERABLE |
| | OUTSTANDING | | APPROPRIATE | | INAPPROPRIATE | | INTOLERABLE | |
| LAWYER | Clear, concise correct. No spch disfluenc. At ease, relxd polished. Is self. Timing outstanding. Commands rspct and awe. Not acting. A master of language. | Only occasion disfluency. disfluencies. Approp spch rate. Some nerv though relaxed. Not lose train of thought. Clear respect. Receivers are responsive, esp.witnesses. Commands attn. | NORM. Norm spch disfluencies. Approp spch rate. Some nerv though relaxed. Not lose train of thought. Clear respect. Receivers are responsive, esp.witnesses. Commands attn. | Personal spch patterns slow. Incrs. disflu. Not tense but not relxd.Spch rate variable. Message is commanic. Appr emotion. express Some need for repeat or clar. | Reacts from emotional base. Or is flat.Does not verbalize when needed. contact.Allows confuzd comm. May be defens. Rate too fast or too slow. Increas. disfluencies. Emot. utteranc under control. | Unwarranted emot. reaction. Ill-humored, cranky. Confuz is theme. Many disfluencies. Very defensive. Witness asks for repeated clarif. Rate of spch is problm. Excess. flat in monotone. Needs prompting. | Abusive, Negative, blam others for own lack. Message very confuzd. Listnr works hard to get it. Disflu. common Spch rate is imposs.problem Witness left in quandry. Judge bcms upset. | Commun. voi Obscenities. Senile, wor salad. Irre outbursts. Listeners u able to get messge. Or silence, ca tonic. Und standing im possible. |
| WITNESS | Clear, concise correct. No spch disflu. At ease, relx Polished. Not acting. Is self. Commands respect, awe | Occ.disfluenc. Spch rate stable Few Disfluenc. Makes point clearly distinctly. No misunderstand. Commands respect. | NORM Exprt wt. Incr.disfluenc. Some nervous. Not tense but relxd. Minor nervous. Intent & relxd. Does not lose train of thoght. Spch rate stbl Aware of spot light. | Incr.disfluenc. Some nervous. Not tense but relxd. rate variable, too fast or too slow at times. Aprop. emotion message clear. | NORM lay witns intermitt disfl Message gets across. Somewhat nervous. Spch rate up and down, in normal way. Emot. words an under control. | Emt disfluenc Reacts from emotional base. Somewhat confz in message. May start in middl of thought. Or flat, monotone. Needs prompting needs clarif. | Unwarranted emt react. Abusive, negative,blamin crying sobbing confuzd.Messay not delivered. Flat, uncommun cative.Constant reminders and prompting | Comm. voi Obscenitic Senile, w salad. Irr shocking t outbursts. silent, ca tonic. to, understand the messag |

## ATTENTIVENESS

| 1.0 | 1.5 | 2.0 | 2.5 | 3.0 | 4.0 | 5.0 | 6.0 |
|---|---|---|---|---|---|---|---|
| Intent. Verbalizes or takes wellaction. Total attnt. Nonvrbl toward action. Ahead of the activities. Hi energy output for paying strict attn. Visually follows everything closely. Impressive in this ability. | Takes special care to notice all activities action needed. Verbally rspnd to relevant concentrating. No side events. No Observant, note taking. No conversations. Enthusiastic/ relaxed. High level of concentration. Visual contact with activities. Notetaking, on occasion. No reading. Moderately impressive. | No verbaliz. action needed. Heedful. Con-centrating. Observant, note-taking. No mor conversations. Ordin ary shifts in posture and glances/gazes. Nonverb relnd courteous & generally toward Adequate the action. Good. The NORM. | Courteous. Non verb is slight away fromaction Verbalizations when needed although not anticip. No mor anticip. one side output or may Lower energy be somewhat tense. Note taking. Watch clock. | Restless or uneasy concern about media or other matters. Misses some action. Struggles to concentrate by missing the High & of posit shifts. Slight nervous. Visual concentr. is intermittent. Not impressive | Fqnt yawns & unnec. gaze into space or very nervous. High & confer. Misses some action.point and need reminding.En-gaged in irrel evant activity Appears bored or distracted. Nonverb is away from act. Rarely watches action. | Irrelevant talk,actions and activity typical. Dozes Frozen face. Does not know what is going on. Inattentive No concentrat. Not watching the activity. | Asleep |
| ATTENTIVE | | ATTENTIVE | | IN AND OUT | | INATTENTIVE | |

## EFFECTIVE CONTROL

| 1.0 | 1.5 | 2.0 | 2.5 | 3.0 | 4.0 | 5.0 | 6.0 |
|---|---|---|---|---|---|---|---|
| Verbalizations prevent control problems.Takes immediate & effective action Timing excell Controls by Totally in charge with a positive response by all affected. Positive,upbeat Control derives from respect. | No verbaliz needed due to proper tone & messages prior whom is not by default or by rulings.If verbalizes, it is in response to anticipated need. | Good. the NORM Is in charge. Typic. no verb action needed. Consist. with 2.0 in attent. No disrupt. Controls by default. Some time lag.Does not have to "do"anything to control. Pro-cedure flows. | Responds, tho tardy to needs for control & intervention. Controls by ruling, at times has to repeat former ruling. Few disruptions. Adequate. | Reacts. No an-ticipation. Needs for interned to intervention going unmet.Ineffect respns to dist urbance.disrup or probs.Missopport.needing control. Led control by prompts from others. Not adequate | Very ineffect. respns to freq to inter vene. Uses gavel. Frustr ated. Occas has to remind of former rule Others directly task judge for rulings and fo order & contro | Constant need to exercise re pititious controls & in-terventions. Which are in effective.No one gets mess Some needs for control ignord | All need or control by judge. un-unaware of the situation. Ch apathy Anger and inapprop demonstration occur which go uncontroll |
| CONTROLLED | | CONTROLLING | | NEED FOR CONTROL | | OUT OF CONTROL | |

571

APPENDIX C


Rating Criteria For
Evaluation Observations

## REQUEST TO CONDUCT EXTENDED MEDIA COVERAGE

| | FOR COURT USE ONLY |

1. **NAME OF MEDIA ORGANIZATION:**
2. **INDIVIDUAL SUBMITTING REQUEST:**
   **ADDRESS:**
   **PHONE:**

2. **NAME OF COURT:**
   **STREET ADDRESS:**
   **MAILING ADDRESS:**
   **CITY AND ZIP:**
   **BRANCH NAME:**

3. **NAME OF JUDGE:**

4. **NAME OF CASE:**                                          **CASE NUMBER.**

5. **TYPE OF PROCEEDING AND PART(S) OF PROCEEDING TO BE COVERED**

   ☐ Criminal (specify charges):

   ☐ Civil (specify type, e.g., personal injury, domestic relations, etc.):

   Specific parts to be covered (e.g., bail hearing, preliminary hearing, particular witness(es) at trial, sentencing hearing):

   Date(s) of proposed coverage:

6. **CONTEMPLATED USE OF EXTENDED MEDIA COVERAGE** *(Please briefly indicate intended use of this extended media coverage—e.g., as news story, feature, public affairs program, etc. This notation in no way limits intended use.)*

7. **CONTEMPLATED DISSEMINATION OF COVERAGE** *(Please check appropriate boxes. Notation does not limit dissemination.)*

   ☐ Local Only                          ☐ Network or Syndication
   　　☐ TV                                  　　☐ TV
   　　☐ Print Media                         　　☐ Print (wire service or
   　　☐ Radio                               　　　　or nonlocal periodical)
   　　　　　　　　　　　　　　　　　　　　　　　☐ Radio

8. **EQUIPMENT TO BE USED** *(Please list type, brand and specifications of all equipment to be used for this extended media coverage.)*

9. **CERTIFICATION OF NOTIFICATION OF EVALUATOR (AND IN CRIMINAL TRIALS, OF DEFENDANT AND PROSECUTOR) AND OF COMPLIANCE WITH EXTENDED MEDIA COVERAGE RULES.**
   I hereby certify that prior to submission of this request:

   a. The evaluation team was contacted by calling collect to (916) 486-9131 and was informed of intended submission of the request.

   b. A copy of this completed request was mailed to Ernest H. Short & Associates, 2709 Marconi Avenue, Sacramento, CA 95821.

   c. If this is a criminal case in a trial court, a copy of this form and of the form, CONSENT FOR EXTENDED MEDIA COVERAGE, were delivered to the prosecutor and to each defendant's attorney, or, if any defendant is not represented by an attorney, to the defendant personally.

   I further certify that if consent is granted to conduct extended media coverage in this case, all personnel of this media organization will abide by the provisions of rule 980.2, California Rules of Court.

   By_____
   　　　　　　　　　(Signature)

   _____
   　　　　　　　　(Printed Name)

   _____
   (Supervisory Position in Media Organization)

   SEE THE REVERSE SIDE FOR INSTRUCTIONS

### REQUEST TO CONDUCT EXTENDED MEDIA COVERAGE

573

# INSTRUCTIONS FOR USING THIS FORM

## IN CRIMINAL CASES IN TRIAL COURTS

**Filling Out the Form**

Be sure to supply all requested information. If you are not sure of information for items 2, 3, or 4, contact the clerk of court. A supervisor should sign the certification in item 9.

When the form is completed, copies should be made and handled as follows:

**Delivery of the Copies**

A copy of this completed form and one of the form CONSENT FOR EXTENDED MEDIA COVERAGE, with items 1 through 4 filled in, should be delivered to the prosecutor and one to the attorney for each defendant. If any defendant is not represented by a lawyer, then the copies should be delivered to the defendant personally.

A copy of this completed form should also be mailed to the following address:

> Ernest H. Short & Associates
> 2709 Marconi Avenue
> Sacramento, CA 95821

Delivery and mailing of all copies should be completed before the original of this form is delivered to the court.

**Submitting the Original**

Deliver the original of this form to the clerk of the court where the proceeding to be covered is held. This should be done a reasonable time in advance of the event to be covered.

## IN CIVIL AND ALL OTHER CASES

**Filling Out the Form**

Be sure to supply all requested information. If you are not sure of information for items 2, 3, or 4, contact the clerk of court. A supervisor should sign the certification of compliance in item 9.

Once the form is completed, make one copy in addition to the original. The forms are to be handled as follows:

**Mailing the Copy**

Mail the completed copy to the following address:

> Ernest H. Short & Associates
> 2709 Marconi Avenue
> Sacramento, CA 95821

Mailing of the copy should be completed before the original of the form is delivered to the court.

**Submitting the Original**

Deliver the original of this form to the clerk of the court where the proceeding to be covered is held. This should be done a reasonable time in advance of the event to be covered.

574

**APPENDIX B**

Form Developed by
Administrative Office of the Courts
Request To Conduct Extended Media Coverage

SCHEDULE A

FILM CAMERAS          16mm Sound on Film  (self-blimped)

| | | | |
|---|---|---|---|
| 1. | CINEMA PRODUCTS | CP-16A-R | Sound Camera |
| 2. | ARRIFLEX | 16mm-16BL Model | Sound Camera |
| 3. | FREZZOLINI | 16mm  (LW16) | Sound on Film Camera |
| 4. | AURICON | "Cini-Voice" | Sound Camera |
| 5. | AURICON | "Pro-600" | Sound Camera |
| 6. | GENERAL CAMERA | SS III | Sound Camera |
| 7. | ECLAIR | Model ACL | Sound Camera |
| 8. | GENERAL CAMERA | DGX | Sound Camera |
| 9. | WILCAM REFLEX | 16mm | Sound Camera |

VIDEO TAPE ELECTRONIC CAMERAS

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | Ikegami | HL-77 | HL-33 | HL-35 | HL-34 | HL-5 |
| 2. | RCA | TK 76 | | | | |
| 3. | Sony | DXC-1600 Trinicon | | | | |
| 3a. | ASACA | ACC-2006 | | | | |
| 4. | Hitachi | SK 80    SK 90 | | | | |
| 5. | Hitachi | FP-3030 | | | | |
| 6. | Philips | LDK-25 | | | | |
| 7. | Sony BVP-200 | ENG Camera | | | | |
| 8. | Fornseh | Video Camera | | | | |
| 9. | JVC-8800 u | ENG Camera | | | | |
| 10. | AKAI | CVC-150   VTS-150 | | | | |
| 11. | Panasonic | WV-3085   NV-3085 | | | | |
| 12. | JVC | GC-4800u | | | | |

VIDEO TAPE RECORDERS/used with video cameras

| | | |
|---|---|---|
| 1. | Ikagami | 3800 |
| 2. | Sony | 3800 |
| 3. | Sony | BVU-100 |
| 4. | Ampex | Video Recorder |
| 5. | Panasonic | 1 inch Video Recorder |
| 6. | JVC | 4400 |
| 7. | Sony | 3800H |

[over]

SCHEDULE  B

Rangefinder

Leica M42

Single Lens Reflex

Nikon FM
Nikon FE
Canon A1
Canon AE1
Canon AT1
Minolta XD11
Pentax MX
Olympus OM-I

12



unresolved disputes relating to pooling arrangements, the judge may terminate all or any portions of extended coverage.

(j)  [Liaison]

(1)  When more than one media representative requests extended coverage of any kind, the media collectively shall designate one representative to coordinate with the court representative any matters relating to extended coverage.

(2)  A court may designate a judge or court representative to coordinate with the media relating to extended coverage.

(k)  [Ruling on matters not covered by these rules]

(1)  Should a decision be required on any issue that is not covered by these rules, it shall be within the sole discretion of the judge to make such decision.

(2)  Nothing in these rules shall be interpreted to limit or restrict the power of the judge to control the conduct of the proceedings, including, but not limited to, daily hours of court, order of proof, attendance of trial participants, location of hearings outside the courtroom when necessary, or any other matters within the discretion of a trial judge.


Rule 980.3.  Experimental extended coverage for educational use

(a)  During the period that this rule is in effect, the provisions of rule 980 shall not apply to the photographing or recording for educational use of court proceedings within the courts of the State of California, if the requirements of this rule are observed.  This rule shall take effect on June 1, 1980, and shall continue in effect to and including May 31, 1981.

(b)  A judge may authorize photographic or electronic recording of appropriate court proceedings for educational use under the following conditions:

[over]

578

(1)   The means of recording will not distract partic-
ipants or impair the dignity of the proceedings;

(2)   The trial participants consent to being depicted;

(3)   The reproduction will not be exhibited until
after the proceeding has been concluded and all direct
appeals have been exhausted; and

(4)   The reproduction will be exhibited only for in-
structional purposes.

10

APPENDIX J

General Attitude Survey Pre-Post

Mean Scores for Judges, Prosecutors,

and Defenders, Items 1 through 27

580

EMC of courtroom proceedings will make people more apprehensive about participating in legal proceedings.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENDERS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 34 | 9% | 11 | 5% | 49 | 28% | 23 | 21% | 48 | 28% | 23 | 21% |
| Agree | 2 | 216 | 57% | 107 | 48% | 77 | 44% | 57 | 51% | 88 | 52% | 66 | 61% |
| No Opinion | 3 | 41 | 11% | 35 | 16% | 21 | 12% | 10 | 9% | 17 | 10% | 9 | 8% |
| Disagree | 4 | 74 | 20% | 62 | 28% | 25 | 14% | 21 | 19% | 17 | 10% | 11 | 10% |
| Strongly Disagree | 5 | 12 | 3% | 8 | 4% | 2 | 1% | 0 | 0% | 1 | 1% | 0 | 0% |
| Total Number of Cases | | 377 | | 223 | | 174 | | 111 | | 171 | | 109 | |
| Mean Score | | 2.51 | | 2.77 | | 2.16 | | 2.26 | | 2.04 | | 2.07 | |

Survey Item # 23
EMC of courtroom proceedings will adversely affect the truthfulness of witness testimony.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENSE PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 5 | 1% | 6 | 3% | 8 | 5% | 7 | 6% | 24 | 14% | 21 | 19% |
| Agree | 2 | 53 | 14% | 21 | 9% | 45 | 26% | 20 | 18% | 49 | 28% | 33 | 30% |
| No Opinion | 3 | 101 | 27% | 56 | 25% | 46 | 26% | 21 | 19% | 48 | 28% | 25 | 23% |
| Disagree | 4 | 194 | 52% | 128 | 57% | 63 | 36% | 54 | 49% | 47 | 28% | 29 | 27% |
| Strongly Disagree | 5 | 24 | 6% | 13 | 6% | 13 | 7% | 9 | 8% | 3 | 2% | 1 | 1% |
| Total Number of Cases | | 377 | | 224 | | 175 | | 111 | | 171 | | 109 | |
| Mean Score | | 3.48 | | 3.54 | | 3.16 | | 3.34 | | 2.74 | | 2.60 | |

581

Survey Item #24
DMC sentencing proceedings will improperly influence a judge in the sentencing decision.

| Response Category | | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree | 1 | 29 | 8% | 11 | 5% | 7 | 4% | 3 | 3% | 87 | 51% | 54 | 50% |
| Agree | 2 | 112 | 30% | 44 | 20% | 44 | 25% | 22 | 20% | 64 | 37% | 39 | 36% |
| No Opinion | 3 | 47 | 13% | 28 | 13% | 30 | 17% | 23 | 21% | 7 | 4% | 8 | 7% |
| Disagree | 4 | 163 | 44% | 117 | 52% | 79 | 45% | 57 | 51% | 11 | 6% | 7 | 7% |
| Strongly Disagree | 5 | 24 | 6% | 24 | 11% | 14 | 8% | 6 | 5% | 2 | 1% | 0 | 0% |
| Total Number of Cases | | 375 | | 224 | | 174 | | 111 | | 171 | | 108 | |
| Mean Score | | 3.11 | | 3.44 | | 3.28 | | 3.37 | | 1.70 | | 1.70 | |

582

Survey Item #
TV of courtroom proceedings will cause prosecutors to "play up" to the media to enhance the re-election prospects of the District Attorney.

| | | JUDGES | | | PROSECUTORS | | | | DEFENDERS | | | |
| | | PRE | | POST | PRE | | POST | | PRE | | POST | |
| Response Category | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 41 | 11% | 12 | 5% | 6 | 3% | 12 | 11% | 66 | 39% | 47 | 43% |
| Agree | 2 | 155 | 41% | 88 | 40% | 30 | 17% | 17 | 15% | 69 | 40% | 44 | 40% |
| No Opinion | 3 | 81 | 22% | 47 | 21% | 29 | 17% | 57 | 51% | 25 | 15% | 9 | 8% |
| Disagree | 4 | 88 | 24% | 74 | 33% | 72 | 41% | 25 | 23% | 11 | 6% | 9 | 8% |
| Strongly Disagree | 5 | 9 | 2% | 2 | 1% | 37 | 21% | 0 | 0% | 0 | 0% | 0 | 0% |
| Total Number of Cases | | 374 | | 223 | | 174 | | 111 | | 171 | | 109 | |
| Mean Score | | 2.65 | | 2.85 | | 3.60 | | 3.86 | | 1.89 | | 1.82 | |

Survey Item #19
TV will make witnesses more reluctant to testify.

| | | JUDGES | | | PROSECUTORS | | | | DEFENSE | | | |
| | | PRE | | POST | PRE | | POST | | PRE | | POST | |
| Response Category | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 48 | 13% | 14 | 6% | 58 | 33% | 19 | 17% | 50 | 29% | 33 | 31% |
| Agree | 2 | 214 | 57% | 119 | 53% | 86 | 49% | 65 | 59% | 89 | 52% | 54 | 51% |
| No Opinion | 3 | 49 | 13% | 35 | 16% | 12 | 7% | 14 | 13% | 19 | 11% | 12 | 11% |
| Disagree | 4 | 59 | 16% | 54 | 24% | 17 | 10% | 12 | 11% | 12 | 7% | 7 | 7% |
| Strongly Disagree | 5 | 5 | 1% | 2 | 1% | 1 | 1% | 0 | 0% | 1 | 1% | 1 | 1% |
| Total Number of Cases | | 375 | | 224 | | 174 | | 110 | | 171 | | 107 | |
| Mean Score | | 2.26 | | 2.60 | | 1.95 | | 2.17 | | 1.98 | | 1.96 | |

583

Survey Item ＃20
DMC of noncriminal proceedings will not discourage claims from filing suit.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 44 | 12% | 23 | 10% | 10 | 6% | 4 | 4% | 9 | 5% | 6 | 6% |
| Agree 2 | 257 | 68% | 162 | 73% | 88 | 50% | 55 | 50% | 66 | 39% | 48 | 44% |
| No Opinion 3 | 51 | 14% | 30 | 14% | 49 | 28% | 40 | 36% | 65 | 38% | 40 | 37% |
| Disagree 4 | 22 | 6% | 6 | 3% | 24 | 14% | 8 | 7% | 26 | 15% | 13 | 12% |
| Strongly Disagree 5 | 3 | 1% | 2 | 1% | 4 | 2% | 3 | 3% | 5 | 3% | 2 | 2% |
| Total Number of Cases | 377 | | 223 | | 175 | | 110 | | 171 | | 109 | |
| Mean Score | 2.16 | | 2.11 | | 2.57 | | 2.56 | | 2.72 | | 2.61 | |

Survey Item ＃21
DMC of criminal proceedings will not result in unfair damage to the reputation of participants.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 8 | 2% | 8 | 4% | 8 | 5% | 4 | 4% | 5 | 3% | 8 | 7% |
| Agree 2 | 142 | 38% | 94 | 42% | 53 | 30% | 36 | 32% | 17 | 10% | 13 | 12% |
| No Opinion 3 | 59 | 16% | 34 | 15% | 22 | 13% | 19 | 17% | 12 | 7% | 44 | 41% |
| Disagree 4 | 147 | 39% | 76 | 34% | 74 | 42% | 47 | 42% | 69 | 41% | 43 | 40% |
| Strongly Disagree 5 | 22 | 6% | 11 | 5% | 18 | 10% | 5 | 5% | 67 | 39% | 0 | 0% |
| Total Number of Cases | 378 | | 223 | | 175 | | 111 | | 170 | | 108 | |
| Mean Score | 3.09 | | 2.95 | | 3.23 | | 3.12 | | 4.04 | | 4.13 | |

584

EMC of courtroom proceedings will result in less effective client representation.

| Response Category | | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree | 1 | 3 | 1% | 3 | 1% | 9 | 5% | 6 | 5% | 19 | 11% | 16 | 15% |
| Agree | 2 | 42 | 11% | 21 | 9% | 35 | 20% | 20 | 18% | 56 | 33% | 32 | 30% |
| No Opinion | 3 | 83 | 22% | 40 | 18% | 52 | 30% | 18 | 16% | 29 | 17% | 20 | 19% |
| Disagree | 4 | 210 | 55% | 145 | 64% | 69 | 39% | 57 | 51% | 55 | 32% | 34 | 32% |
| Strongly Disagree | 5 | 41 | 11% | 19 | 8% | 11 | 6% | 11 | 10% | 12 | 7% | 5 | 5% |
| Total Number of Cases | | 379 | | 228 | | 176 | | 112 | | 171 | | 107 | |
| Mean Score | | 3.64 | | 3.68 | | 3.22 | | 3.42 | | 2.91 | | 2.81 | |

Survey Item #14
The possibility of EMC of courtroom proceedings will be a factor in attorney negotiations in a case.

| Response Category | | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree | 1 | 17 | 5% | 5 | 2% | 16 | 9% | 7 | 6% | 33 | 19% | 21 | 19% |
| Agree | 2 | 191 | 50% | 103 | 45% | 98 | 56% | 48 | 43% | 96 | 56% | 58 | 53% |
| No Opinion | 3 | 109 | 29% | 63 | 28% | 32 | 18% | 24 | 21% | 26 | 15% | 16 | 15% |
| Disagree | 4 | 54 | 14% | 50 | 22% | 24 | 14% | 31 | 28% | 16 | 9% | 13 | 12% |
| Strongly Disagree | 5 | 9 | 2% | 6 | 3% | 5 | 3% | 2 | 2% | 0 | 0% | 1 | 1% |
| Total Number of Cases | | 380 | | 227 | | 175 | | 112 | | 171 | | 109 | |
| Mean Score | | 2.60 | | 2.78 | | 2.45 | | 2.76 | | 2.15 | | 2.22 | |

585

Survey Item
EMC of bail proceedings will improperly influence a ju... setting bail.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree 1 | 24 | 6% | 6 | 3% | 10 | 6% | 2 | 2% | 84 | 49% | 53 | 50% |
| Agree 2 | 125 | 33% | 63 | 28% | 56 | 32% | 31 | 28% | 62 | 36% | 46 | 43% |
| No Opinion 3 | 53 | 14% | 35 | 16% | 30 | 17% | 22 | 20% | 12 | 7% | 5 | 5% |
| Disagree 4 | 147 | 39% | 112 | 50% | 69 | 39% | 49 | 44% | 13 | 8% | 3 | 3% |
| Strongly Disagree 5 | 30 | 8% | 9 | 4% | 11 | 6% | 7 | 6% | 0 | 0% | 0 | 0% |
| Total Number of Cases | 379 | | 225 | | 176 | | 111 | | 171 | | 107 | |
| Mean Score | 3.09 | | 3.24 | | 3.09 | | 3.25 | | 1.73 | | 1.61 | |

Survey Item #16
EMC of courtroom proceedings will increase jurors' attentiveness to testimony.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree 1 | 6 | 2% | 1 | 0% | 2 | 1% | 21 | 19% | 1 | 1% | 9 | 8% |
| Agree 2 | 76 | 20% | 40 | 18% | 27 | 15% | 21 | 19% | 20 | 12% | 15 | 14% |
| No Opinion 3 | 83 | 22% | 45 | 20% | 31 | 18% | 62 | 56% | 38 | 22% | 69 | 64% |
| Disagree 4 | 194 | 52% | 134 | 60% | 95 | 54% | 7 | 6% | 94 | 55% | 15 | 14% |
| Strongly Disagree 5 | 17 | 5% | 4 | 2% | 20 | 11% | 0 | 0% | 18 | 11% | 0 | 0% |
| Total Number of Cases | 376 | | 224 | | 175 | | 111 | | 171 | | 108 | |
| Mean Score | 3.37 | | 3.45 | | 3.59 | | 3.50 | | 3.63 | | 3.83 | |

Survey Item ...
Jurors' Decision making will be influenced by their friends and acquaintances' attitudes about the case. ...ause of EMC of the trial.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENDERS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 21 | 6% | 8 | 4% | 7 | 4% | 4 | 4% | 39 | 23% | 28 | 26% |
| Agree | 2 | 123 | 33% | 51 | 23% | 75 | 43% | 33 | 29% | 84 | 49% | 47 | 44% |
| No Opinion | 3 | 72 | 19% | 54 | 24% | 30 | 17% | 21 | 19% | 21 | 12% | 10 | 9% |
| Disagree | 4 | 144 | 38% | 100 | 44% | 56 | 32% | 51 | 45% | 22 | 13% | 23 | 21% |
| Strongly Disagree | 5 | 19 | 5% | 12 | 5% | 8 | 5% | 3 | 3% | 4 | 2% | 0 | 0% |
| Total Number of Cases | | 379 | | 225 | | 176 | | 112 | | 170 | | 108 | |
| Mean Score | | 3.05 | | 3.25 | | 2.90 | | 3.14 | | 2.22 | | 2.26 | |

Survey Item #10
EMC of courtroom proceedings will not affect a judge's ability to maintain courtroom order.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENSE PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 40 | 11% | 25 | 11% | 6 | 3% | 6 | 5% | 4 | 2% | 3 | 3% |
| Agree | 2 | 236 | 62% | 141 | 62% | 72 | 41% | 63 | 57% | 65 | 38% | 41 | 38% |
| No Opinion | 3 | 29 | 8% | 10 | 4% | 14 | 8% | 4 | 4% | 28 | 16% | 15 | 14% |
| Disagree | 4 | 65 | 17% | 45 | 20% | 76 | 43% | 33 | 30% | 59 | 35% | 40 | 37% |
| Strongly Disagree | 5 | 10 | 3% | 7 | 3% | 8 | 5% | 5 | 5% | 15 | 9% | 10 | 9% |
| Total Number of Cases | | 380 | | 228 | | 176 | | 111 | | 171 | | 109 | |
| Mean Score | | 2.39 | | 2.42 | | 3.05 | | 2.71 | | 3.09 | | 3.12 | |

587

Survey Item (?)
DMC of court... proceedings will lead to increased dis... on or the participants.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree 1 | 27 | 7% | 15 | 7% | 46 | 26% | 22 | 20% | 60 | 35% | 40 | 37% |
| Agree 2 | 213 | 56% | 109 | 48% | 95 | 54% | 58 | 52% | 84 | 49% | 53 | 49% |
| No Opinion 3 | 39 | 10% | 23 | 10% | 8 | 5% | 2 | 2% | 10 | 6% | 5 | 5% |
| Disagree 4 | 89 | 24% | 75 | 33% | 24 | 14% | 29 | 26% | 16 | 9% | 11 | 10% |
| Strongly Disagree 5 | 11 | 3% | 5 | 2% | 3 | 2% | 1 | 1% | 1 | 1% | 0 | 0% |
| Total Number of Cases | 379 | | 227 | | 176 | | 112 | | 171 | | 109 | |
| Mean Score | 2.59 | | 2.76 | | 2.11 | | 2.37 | | 1.91 | | 1.88 | |

Survey Item #12
DMC of noncriminal proceedings will result in unfair damage to the reputation of litigants.

| Response Category | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree 1 | 10 | 3% | 6 | 3% | 7 | 4% | 5 | 5% | 17 | 10% | 15 | 14% |
| Agree 2 | 112 | 30% | 51 | 23% | 62 | 35% | 27 | 24% | 65 | 38% | 40 | 37% |
| No Opinion 3 | 94 | 25% | 55 | 24% | 59 | 34% | 47 | 42% | 56 | 33% | 31 | 28% |
| Disagree 4 | 147 | 39% | 106 | 47% | 41 | 23% | 28 | 25% | 30 | 18% | 22 | 20% |
| Strongly Disagree 5 | 15 | 4% | 8 | 4% | 6 | 3% | 5 | 5% | 2 | 1% | 1 | 1% |
| Total Number of Cases | 378 | | 226 | | 175 | | 112 | | 170 | | 109 | |
| Mean Score | 3.12 | | 3.26 | | 2.87 | | 3.01 | | 2.62 | | 2.58 | |

588

Survey Item
DTC will cause witnesses to be overly guarded in their testimony.

| | | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| Response Category | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree | 1 | 31 | 8% | 17 | 8% | 38 | 22% | 17 | 15% | 42 | 25% | 38 | 35% |
| Agree | 2 | 168 | 44% | 93 | 41% | 79 | 45% | 55 | 49% | 69 | 40% | 38 | 35% |
| No Opinion | 3 | 68 | 18% | 35 | 15% | 27 | 15% | 14 | 13% | 29 | 17% | 14 | 13% |
| Disagree | 4 | 105 | 28% | 79 | 35% | 30 | 17% | 25 | 22% | 27 | 16% | 19 | 17% |
| Strongly Disagree | 5 | 6 | 2% | 3 | 1% | 1 | 1% | 1 | 1% | 4 | 2% | 0 | 0% |
| Total Number of Cases | | 378 | | 227 | | 175 | | 112 | | 171 | | 109 | |
| Mean Score | | 2.70 | | 2.82 | | 2.30 | | 2.45 | | 2.31 | | 2.13 | |

Survey Item #6
The physical presence and operation of additional media equipment will itself lead to greater disruption of courtroom proceedings.

| | | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| Response Category | | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
| Strongly Agree | 1 | 32 | 8% | 18 | 8% | 40 | 23% | 19 | 17% | 53 | 31% | 30 | 2 |
| Agree | 2 | 176 | 46% | 87 | 38% | 92 | 52% | 52 | 46% | 78 | 46% | 56 | 5 |
| No Opinion | 3 | 59 | 16% | 22 | 10% | 11 | 6% | 4 | 4% | 17 | 10% | 11 | 1 |
| Disagree | 4 | 102 | 27% | 89 | 39% | 30 | 17% | 34 | 30% | 20 | 12% | 11 | |
| Strongly Disagree | 5 | 10 | 3% | 11 | 5% | 3 | 2% | 3 | 3% | 3 | 2% | 1 | |
| Total Number of Cases | | 379 | | 227 | | 176 | | 112 | | 171 | | 109 | |
| Mean Score | | 2.69 | | 2.95 | | 2.23 | | 2.55 | | 2.08 | | 2.06 | |

589

Survey Item #7
DMC of courtroom proceedings will cause judges to avoid unpopular positions or decisions.

| | JUDGES | | | | PROSECUTORS | | | | DEFENSE | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| Response Category | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 31 | 8% | 14 | 6% | 18 | 10% | 12 | 11% | 76 | 44% | 59 | 55% |
| Agree 2 | 119 | 32% | 62 | 27% | 82 | 47% | 36 | 32% | 67 | 39% | 39 | 36% |
| No Opinion 3 | 56 | 15% | 30 | 13% | 32 | 18% | 24 | 21% | 5 | 3% | 7 | 7% |
| Disagree 4 | 143 | 38% | 94 | 41% | 38 | 22% | 37 | 33% | 20 | 12% | 2 | 2% |
| Strongly Disagree 5 | 29 | 8% | 27 | 12% | 5 | 3% | 3 | 3% | 3 | 2% | 1 | 1% |
| Total Number of Cases | 378 | | 227 | | 175 | | 112 | | 171 | | 108 | |
| Mean Score | 3.05 | | 3.27 | | 2.60 | | 2.85 | | 1.87 | | 1.58 | |

Survey Item #8
DMC of courtroom proceedings will affect voting at the next election of elected officials represented at the proceeding.

| | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| Response Category | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 38 | 10% | 11 | 5% | 15 | 7% | 5 | 5% | 46 | 27% | 21 | 19% |
| Agree 2 | 194 | 52% | 94 | 41% | 83 | 48% | 47 | 42% | 80 | 47% | 61 | 56% |
| No Opinion 3 | 94 | 25% | 71 | 31% | 51 | 29% | 36 | 32% | 35 | 21% | 22 | 20% |
| Disagree 4 | 44 | 12% | 47 | 21% | 24 | 14% | 22 | 20% | 8 | 5% | 5 | 5% |
| Strongly Disagree 5 | 6 | 2% | 4 | 2% | 1 | 1% | 2 | 2% | 1 | 1% | 0 | 0% |
| Total Number of Cases | 376 | | 227 | | 174 | | 112 | | 170 | | 109 | |
| Mean Score | 2.42 | | 2.73 | | 2.50 | | 2.72 | | 2.05 | | 2.10 | |

590

Survey Item 1:
Extended media coverage (EMC, popularly referred to "cameras in the court") of courtroom proceedings will <u>not</u> detract from the decorum of the judicial process.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENDERS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 20 | 5% | 17 | 8% | 4 | 2% | 10 | 9% | 2 | 1% | 3 | 3% |
| Agree | 2 | 114 | 30% | 89 | 39% | 35 | 20% | 32 | 29% | 25 | 15% | 14 | 13% |
| No Opinion | 3 | 35 | 9% | 19 | 8% | 5 | 3% | 7 | 6% | 7 | 4% | 4 | 4% |
| Disagree | 4 | 151 | 40% | 76 | 37% | 68 | 39% | 44 | 40% | 52 | 30% | 36 | 33% |
| Strongly Disagree | 5 | 55 | 15% | 25 | 11% | 64 | 36% | 18 | 16% | 85 | 50% | 52 | 48% |
| Total Number of Cases | | 375 | | 226 | | 176 | | 111 | | 171 | | 109 | |
| Mean Score | | 3.29 | | 3.01 | | 3.87 | | 3.25 | | 4.13 | | 4.10 | |

Survey Item #2
EMC of courtroom proceedings will make it more difficult to find jurors who have not been exposed to prejudicial publicity about a case.

| Response Category | | JUDGES PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | PROSECUTORS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. | DEFENDERS PRE Abs. Freq. | Pct. | POST Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree | 1 | 22 | 6% | 9 | 4% | 21 | 12% | 17 | 15% | 44 | 26% | 36 | 33% |
| Agree | 2 | 154 | 41% | 75 | 33% | 74 | 43% | 32 | 29% | 76 | 44% | 45 | 42% |
| No Opinion | 3 | 61 | 16% | 37 | 16% | 22 | 13% | 15 | 13% | 24 | 14% | 9 | 8% |
| Disagree | 4 | 128 | 34% | 94 | 42% | 52 | 30% | 45 | 40% | 25 | 15% | 16 | 15% |
| Strongly Disagree | 5 | 14 | 4% | 11 | 5% | 5 | 3% | 3 | 3% | 2 | 1% | 2 | 2% |
| Total Number of Cases | | 379 | | 226 | | 174 | | 112 | | 171 | | 108 | |
| Mean Score | | 2.89 | | 3.10 | | 2.69 | | 2.87 | | 2.21 | | 2.10 | |

591

Survey Item (

EMC of courtroom proceedings will increase citizens' willingness to become involved in the judicial process.

| | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | PCT | |
| Response Category | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 12 | 3% | 4 | 2% | 3 | 2% | 1 | 1% | 2 | 1% | 2 | 2% |
| Agree 2 | 53 | 14% | 30 | 13% | 22 | 13% | 13 | 12% | 20 | 12% | 7 | 6% |
| No Opinion 3 | 99 | 26% | 61 | 27% | 26 | 15% | 24 | 21% | 38 | 22% | 18 | 17% |
| Disagree 4 | 177 | 47% | 111 | 49% | 82 | 47% | 52 | 46% | 70 | 41% | 52 | 48% |
| Strongly Disagree 5 | 39 | 10% | 21 | 9% | 42 | 24% | 22 | 20% | 41 | 24% | 30 | 28% |
| Total Number of Cases | 380 | | 227 | | 175 | | 112 | | 171 | | 109 | |
| Mean Score | 3.47 | | 3.51 | | 3.79 | | 3.72 | | 3.75 | | 3.93 | |

Survey Item #4

EMC of courtroom proceedings will improve the quality of courtroom advocacy.

| | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
| | PRE | | POST | | PRE | | POST | | PRE | | POST | |
| Response Category | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. | Abs. Freq. | Pct. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Strongly Agree 1 | 11 | 3% | 4 | 2% | 5 | 3% | 4 | 4% | 5 | 3% | 2 | 2% |
| Agree 2 | 87 | 23% | 50 | 22% | 31 | 18% | 20 | 18% | 26 | 15% | 14 | 13% |
| No Opinion 3 | 65 | 17% | 35 | 16% | 18 | 10% | 10 | 9% | 14 | 8% | 8 | 7% |
| Disagree 4 | 169 | 45% | 107 | 47% | 69 | 39% | 54 | 48% | 69 | 41% | 42 | 39% |
| Strongly Disagree 5 | 45 | 12% | 30 | 13% | 52 | 30% | 24 | 21% | 56 | 33% | 43 | 39% |
| Total Number of Cases | 377 | | 226 | | 175 | | 112 | | 170 | | 109 | |
| Mean Score | 3.40 | | 3.48 | | 3.75 | | 3.66 | | 3.85 | | 4.01 | |

592

APPENDIX I

Frequency Distributions and Means Pre-Post

For Judges, Prosecutors, and Defenders on

General Attitude Survey Items 1-16 and 18-24

APPENDIX H

WITNESS EFFECTIVE COMMUNICATON

| | EMT CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 0 | 0% | Excellent (1.0 - 1.4) | 1 | 6% |
| Very Good (1.5 - 1.9) | 8 | 44% | Very Good (1.5 - 1.9) | 6 | 38% |
| Good (2.0 - 2.4) | 2 | 11% | Good (2.0 - 2.4) | 3 | 19% |
| Average (2.5 - 2.9) | 1 | 6% | Average (2.5 - 2.9) | 1 | 6% |
| Below Average (3.0+) | 7 | 39% | Below Average (3.0+) | 5 | 31% |

594

## DISTRIBUTION OF MEANS BY CASE

### JUDGE EFFECTIVE COMMUNICATION

|  | EMC CASES | | | BASELINE CASES | |
| --- | --- | --- | --- | --- | --- |
|  | Abs. Freq. | Pct. |  | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 2 | 11% | Excellent (1.0 - 1.4) | 0 | 0% |
| Very Good (1.5 - 1.9) | 8 | 44% | Very Good (1.5 - 1.9) | 3 | 19% |
| Good (2.0 - 2.4) | 7 | 39% | Good (2.0 - 2.4) | 12 | 75% |
| Average (2.5 - 2.9) | 0 | 0% | Average (2.5 - 2.9) | 0 | 0% |
| Below Average (3.0+) | 1 | 6% | Below Average (3.0+) | 1 | 6% |

### PLAINTIFF ATTORNEY EFFECTIVE COMMUNICATION

|  | EMC CASES | | | BASELINE CASES | |
| --- | --- | --- | --- | --- | --- |
|  | Abs. Freq. | Pct. |  | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 1 | 6% | Excellent (1.0 - 1.4) | 1 | 6% |
| Very Good (1.5 - 1.9) | 3 | 18% | Very Good (1.5 - 1.9) | 1 | 6% |
| Good (2.0 - 2.4) | 4 | 23% | Good (2.0 - 2.4) | 1 | 6% |
| Average (2.5 - 2.9) | 1 | 6% | Average (2.5 - 2.9) | 1 | 6% |
| Below Average (3.0+) | 8 | 47% | Below Average (3.0+) | 12 | 76% |

595

PROSECUTOR EFFECTIVE COMMUNICATION

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 2 | 13% | Excellent (1.0 - 1.4) | 3 | 19% |
| Very Good (1.5 - 1.9) | 3 | 20% | Very Good (1.5 - 1.9) | 3 | 19% |
| Good (2.0 - 2.4) | 4 | 27% | Good (2.0 - 2.4) | 6 | 37% |
| Average (2.5 - 2.9) | 0 | 0% | Average (2.5 - 2.9) | 0 | 0% |
| Below Average (3.0+) | 6 | 40% | Below Average (3.0+) | 4 | 25% |

DEFENSE ATTORNEY EFFECTIVE COMMUNICATION

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 4 | 22% | Excellent (1.0 - 1.4) | 1 | 6% |
| Very Good (1.5 - 1.9) | 6 | 33% | Very Good (1.5 - 1.9) | 6 | 38% |
| Good (2.0 - 2.4) | 7 | 39% | Good (2.0 - 2.4) | 8 | 50% |
| Average (2.5 - 2.9) | 0 | 0% | Average (2.5 - 2.9) | 0 | 0 |
| Below Average (3.0+) | 1 | 6% | Below Average (3.0+) | 1 | 6% |

APPENDIX H

Frequency Distribution of Evaluator Observations

By Case Means:

Effective Communication

APPENDIX G

## JUDGE ATTENTIVENESS

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 6 | 33% | Excellent (1.0 – 1.4) | 3 | 19% |
| Very Good (1.5 – 1.9) | 8 | 44% | Very Good (1.5 – 1.9) | 5 | 31% |
| Good (2.0 – 2.4) | 3 | 17% | Good (2.0 – 2.4) | 8 | 50% |
| Average (2.5 – 3.0) | 1 | 6% | Average (2.5 – 3.0) | 0 | 0% |
| Below Average (3.0+) | 0 | 0% | Below Average (3.0+) | 0 | 0% |

## JUDGE CONTROL

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 1 | 6% | Excellent (1.0 – 1.4) | 0 | 0% |
| Very Good (1.5 – 1.9) | 13 | 72% | Very Good (1.5 – 1.9) | 4 | 25% |
| Good (2.0 – 2.4) | 3 | 17% | Good (2.0 – 2.4) | 10 | 63% |
| Average (2.5 – 2.9) | 0 | 0% | Average (2.5 – 2.9) | 1 | 6% |
| Below Average (3.0+) | 1 | 6% | Below Average (3.0+) | 1 | 6% |

598

APPENDIX G

JUROR ATTENTIVENESS

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 6 | 35% | Excellent (1.0 – 1.4) | 4 | 25% |
| Very Good (1.5 – 1.9) | 3 | 18% | Very Good (1.5 – 1.9) | 4 | 25% |
| Good (2.0 – 2.4) | 2 | .12% | Good (2.0 – 2.4) | 3 | 19% |
| Average (2.5 – 2.9) | 0 | 0% | Average (2.5 – 2.9) | 1 | 6% |
| Below Average (3.0+) | 6 | 35% | Below Average (3.0+) | 4 | 25% |

COURTROOM CALM

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 3 | 17% | Excellent (1.0 – 1.4) | 4 | 25% |
| Very Good (1.5 – 1.9) | 10 | 56% | Very Good (1.5 – 1.9) | 3 | 19% |
| Good (2.0 – 2.4) | 3 | 17% | Good (2.0 – 2.4) | 9 | 56% |
| Average (2.5 – 2.9) | 1 | 6% | Average (2.5 – 2.9) | 0 | 0% |
| Below Average (3.0+) | 1 | 6% | Below Average (3.0+) | 0 | 0% |

599

APPENDIX G

DISTRIBUTION OF MEANS BY CASE

## JUDGE ATTENTIVENESS

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 6 | 33% | Excellent (1.0 – 1.4) | 3 | 19% |
| Very Good (1.5 – 1.9) | 8 | 44% | Very Good (1.5 – 1.9) | 5 | 31% |
| Good (2.0 – 2.4) | 3 | 17% | Good (2.0 – 2.4) | 8 | 50% |
| Average (2.5 – 3.0) | 1 | 6% | Average (2.5 – 3.0) | 0 | 0% |
| Below Average (3.0+) | 0 | 0% | Below Average (3.0+) | 0 | 0% |

## JUDGE CONTROL

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 – 1.4) | 1 | 6% | Excellent (1.0 – 1.4) | 0 | 0% |
| Very Good (1.5 – 1.9) | 13 | 72% | Very Good (1.5 – 1.9) | 4 | 25% |
| Good (2.0 – 2.4) | 3 | 16% | Good (2.0 – 2.4) | 10 | 63% |
| Average (2.5 – 2.9) | 0 | 0% | Average (2.5 – 2.9) | 1 | 6% |
| Below Average (3.0+) | 1 | 6% | Below Average (3.0+) | 1 | 6% |

600

APPENDIX G

## JUROR ATTENTIVENESS

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 6 | 35% | Excellent (1.0 - 1.4) | 4 | 25% |
| Very Good (1.5 - 1.9) | 3 | 18% | Very Good (1.5 - 1.9) | 4 | 25% |
| Good (2.0 - 2.4) | 2 | 12% | Good (2.0 - 2.4) | 3 | 19% |
| Average (2.5 - 2.9) | 0 | 0% | Average (2.5 - 2.9) | 1 | 6% |
| Below Average (3.0+) | 6 | 35% | Below Average (3.0+) | 4 | 25% |

## COURTROOM CALM

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Excellent (1.0 - 1.4) | 3 | 17% | Excellent (1.0 - 1.4) | 4 | 25% |
| Very Good (1.5 - 1.9) | 10 | 56% | Very Good (1.5 - 1.9) | 3 | 19% |
| Good (2.0 - 2.4) | 3 | 17% | Good (2.0 - 2.4) | 9 | 56% |
| Average (2.5 - 2.9) | 1 | 5% | Average (2.5 - 2.9) | 0 | 0 |
| Below Average (3.0+) | 1 | 5% | Below Average (3.0+) | 0 | 0% |

601

APPENDIX G

Frequency Distribution of Evaluator Observations

By Case Means:

Distraction Issue Attributes

PARTY DEMOGRAPHICS AND EXPERIENCE

| | SEX | | | | AGE | |
|---|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | | Abs. Freq. | Pct. |
| Male | 6 | 86% | 0 - 24 | | 0 | 0% |
| Female | 1 | 14% | 25 - 34 | | 0 | 0% |
| | | | 35 - 44 | | 4 | 57% |
| | EDUCATION | | 45 - 54 | | 3 | 43% |
| | Abs. Freq. | Pct. | 55+ | | 0 | 0% |
| 0 - 8 | 0 | 0% | | | | |
| 9 - 12 | 1 | 14% | | EXPERIENCE | | |
| 13 - 16 | 4 | 57% | | | Abs. Freq. | Pct. |
| Graduate School | 2 | 29% | No | | 3 | 43% |
| | | | Yes | | 4 | 57% |

603

APPENDIX F

JUROR DEMOGRAPHICS AND EXPERIENCE

### SEX

| | Abs. Freq. | Pct. |
|---|---|---|
| Male | 24 | 44% |
| Female | 31 | 56% |

### EDUCATION

| Grades | Abs. Freq. | Pct. |
|---|---|---|
| 0 – 8 | 1 | 2% |
| 9 – 12 | 15 | 28% |
| 13 – 16 | 32 | 59% |
| Graduate School | 6 | 11% |

### OCCUPATION

| | Abs. Freq. | Pct. |
|---|---|---|
| Professional/ Managerial | 7 | 21% |
| Business/Sales/ Service | 2 | 6% |
| Technical | 6 | 18% |
| Trades & Agriculture | 1 | 3% |
| Clerical | 2 | 6% |
| Housewife/ Student? Retired | 15 | 46% |

### AGE

| | Abs. Freq. | Pct. |
|---|---|---|
| 0 – 24 | 9 | 15% |
| 25 – 34 | 12 | 19% |
| 35 – 44 | 15 | 24% |
| 45 – 54 | 6 | 10% |
| 55% | 20 | 32% |

### EXPERIENCE

| | Abs. Freq. | Pct. |
|---|---|---|
| None | 40 | 75% |
| Once Before | 6 | 11% |
| 2, 3, 4 | 5 | 9% |
| 5+ | 2 | 4% |

604

APPENDIX F

JUDGE AND ATTORNEY EXPERIENCE WITH "HIGH MEDIA" CASES

| | JUDGES | | | ATTORNEYS | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| None | 5 | 5% | None | 9 | 19% |
| 1 - 5 | 21 | 21% | 1 - 5 | 16 | 33% |
| 6 - 10 | 33 | 34% | 6 - 10 | 9 | 19% |
| 11 - 15 | 23 | 24% | 11 - 15 | 4 | 8% |
| 16+ | 9 | 9% | 16+ | 4 | 8% |
| No Answer | 7 | 7% | No Answer | 6 | 13% |

605



APPENDIX F

WITNESS DEMOGRAPHICS AND EXPERIENCE

SEX

| | Abs. Freq. | Pct. |
|---|---|---|
| Male | 42 | 75% |
| Female | 14 | 25% |

EDUCATION

| Grades | Abs. Freq. | Pct. |
|---|---|---|
| 0 - 8 | 1 | 2% |
| 9 - 12 | 8 | 15% |
| 13 - 16 | 26 | 49% |
| Graduate School | 18 | 34% |

AGE

| | Abs. Freq. | Pct. |
|---|---|---|
| 0 - 24 | 2 | 4% |
| 25 - 34 | 11 | 21% |
| 35 - 44 | 18 | 34% |
| 45 - 54 | 18 | 34% |
| 55+ | 4 | 7% |

EXPERIENCE

| | Abs. Freq. | Pct. |
|---|---|---|
| None | 21 | 37% |
| 1 - 5 | 9 | 16% |
| 6 - 10 | 6 | 11% |
| 11 - 15 | 1 | 2% |
| 16+ | 19 | 34% |

606



APPENDIX F

VOLUME OF COVERAGE

| | EMC CASES | | | BASELINE CASES | |
| --- | --- | --- | --- | --- | --- |
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Once Only | 2 | 2% | Once Only | 0 | 0 |
| Intermittent | 33 | 32% | Intermittent | 10 | 56% |
| Continuous | 67 | 66% | Continuous | 8 | 44% |

IMPORTANCE RATING

| | EMC CASES | | | BASELINE CASES | |
| --- | --- | --- | --- | --- | --- |
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Low Import 1 | 12 | 12% | Low Import 1 | 1 | 6% |
| 2 | 16 | 16% | 2 | 0 | 0 |
| 3 | 28 | 27% | 3 | 2 | 11% |
| 4 | 16 | 16% | 4 | 3 | 17% |
| 5 | 11 | 11% | 5 | 8 | 42% |
| 6 | 8 | 8% | 6 | 1 | 6% |
| 7 | 4 | 4% | 7 | 1 | 6% |
| 8 | 3 | 3% | 8 | 1 | 6% |
| High Import 9 | 4 | 3% | High Import 9 | 1 | 6% |

607

APPENDIX F

TOTAL PRESS CORPS PRESENT

|  | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
|  | Abs. Freq. | Pct. |  | Abs. Freq. | Pct. |
| 0 - 3 | 87 | 85% | 0 - 3 | 13 | 71% |
| 4 - 6 | 8 | 8% | 4 - 6 | 3 | 17% |
| 7 - 10 | 2 | 2% | 7 - 10 | 1 | 6% |
| 11 - 20 | 1 | 1% | 11 - 20 | 0 | 0% |
| 21+ | 4 | 4% | 21+ | 1 | 6% |

608

APPENDIX F

## VOLUME AND TIME DISTRIBUTION

|  | EMC CASES | | | BASELINE CASES | | |
|---|---|---|---|---|---|---|
|  | Abs. Freq. | Pct. | | | Abs. Freq. | Pct. |
| 7/1/80 to 1/31/80 | 31 | 30% | Before 7/1/80 | 9 | 50% |
| 1/31/81 to 6/30/81 | 71 | 70% | After 7/1/80 | 9 | 50% |

## CASE TYPE

|  | EMC CASES | | | BASELINE CASES | | |
|---|---|---|---|---|---|---|
|  | Abs. Freq. | Pct. | |  | Abs. Freq. | Pct. |
| Civil | 32 | 31% | Civil | 4 | 22% |
| Criminal | 70 | 69% | Criminal | 14 | 78% |

## COURT TYPE

|  | EMC CASES | | | BASELINE CASES | | |
|---|---|---|---|---|---|---|
|  | Abs. Freq. | Pct. | |  | Abs. Freq. | Pct. |
| Lower | 37 | 36% | Lower | 2 | 11% |
| Superior | 65 | 64% | Superior | 16 | 89% |

PROCEEDING TYPE

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pct. |
| Arraignments | 12 | 12% | Arraignments | 0 | 0 |
| Preliminary Hearings | 6 | 6% | Preliminary Hearings | 0 | 0 |
| Motions | 32 | 32% | Motions | 3 | 17% |
| Trial | 43 | 42% | Trials | 14 | 78% |
| Sentencings | 9 | 9% | Sentencings | 1 | 5% |

COVERAGE TYPE

| | EMC CASES | | | BASELINE CASES | |
|---|---|---|---|---|---|
| | Abs. Freq. | Pct. | | Abs. Freq. | Pc |
| TV Only | 29 | 28% | Conventional | 11 | 61 |
| Still Camera Only | 14 | 14% | Conventional & Sketch Artist | 7 | 39 |
| TV and Still Camera | 39 | 38% | | | |
| TV, Still Camera, and Radio | 20 | 20% | | | |

## APPENDIX A

Rules of Court 980.2 and 980.3

Adopted March, 1980

Note: The rules were amended
      prior to the beginning
      of the experimental year
      (July 1, 1980) to include
      a party consent requirement
      in criminal trial level
      proceedings.  This re-
      quirement subsequently was
      removed effective February
      1, 1981, reverting the
      rules back to the status
      reflected in this appendix.

611

Rule 980.2.  Experimental electronic and photographic
coverage of court proceedings

(a)  [Authority]  The provisions of this rule and
rule 980.3 are adopted pursuant to the authority granted
to the Judicial Council by the Constitution, article VI,
section 6, to adopt rules for court administration, prac-
tice and procedure.

(b)  [Applicability]  During the period that this
rule is in effect, the provisions of rule 980 shall not
apply to the photographing, recording for broadcasting, or
broadcasting of court proceedings within the courts of the
State of California if the requirements of this rule are
observed.  This rule shall take effect on June 1, 1980 and
shall continue in effect to and including May 31, 1981.

(c)  [Definitions]  As used in these rules, unless
the context otherwise requires:

(1)  "These rules" means this rule and rule 980.3.

(2)  "Proceeding" means any trial, hearing, motion,
hearing on an order to show cause or petition, or any
other matter held in open court which the public is en-
titled to attend.

(3)  "Extended coverage" means any media recording
or broadcasting of proceedings by the use of television,
radio, photographic, or recording equipment.

(4)  "Judge" means the justice, judge, judicial
officer, or magistrate presiding over the proceedings
in which extended coverage is or is requested to be tak-
ing place.  In courts with more than one "judge" presiding
over the proceedings, any decision required to be made by
the "judge" shall be made by a majority of the judges.

(5)  "Presiding judge" means the judge selected to
perform administrative duties in a court with more than
one judicial officer.

(6)  "Party" means a named litigant of record who has
appeared in the case.

(7)  "Attorney" means the attorney of record appear-

612

ing for a party.  A party may have only one attorney of
record authorized to act on behalf of that party in the
proceeding at any one time but may designate a different
attorney or change attorneys at any time as permitted
by law.

    (8)  "Trial participants" means all parties, attor-
neys, jurors, witnesses, court personnel and the judge or
judges present during the conduct of proceedings.

    (9)  "Media" means any news gathering or reporting
agencies and the individual persons involved, and in-
cludes newspapers, radio, television, radio and televi-
sion networks, news services, magazines, trade papers,
in-house publications, professional journals, or other
news reporting or news gathering agencies whose function
it is to inform the public or some segment thereof.

    (d)  [General provisions and exclusions]

    (1)  Nothing in this rule is intended to restrict
in any way the present rights of the media to report
proceedings.

    (2)  No proceedings shall be delayed or continued
to allow for extended coverage, nor shall the requirements
of extended coverage in any way affect legitimate motions
for continuances or challenges to the judge.

    (3)  Nothing in this rule is intended, nor shall it be
interpreted, to alter, modify, or change any rules of pro-
fessional conduct or canons of ethics of attorneys or
judges, except as provided for specifically in these
rules.

    (4)  Extended coverage shall be conducted so as not
to be distracting and not to interfere with the solemnity,
decorum, and dignity which must attend the making of deci-
sions that affect the life, liberty, or property of
citizens.

    (e)  [Request for extended coverage]

    (1)  All requests for extended coverage shall be made
by the media to the court or judge a reasonable time in

4

613

advance of the commencement of the extended coverage to allow compliance with all the provisions of these rules.

(2)  Requests for extended coverage shall be made in writing, and shall refer to the individual proceeding with sufficient identification to assist the judge in considering the request.  Requests for extended coverage on a blanket basis shall not be honored, but shall be acted upon only for the purpose of a particular individual proceeding.  Where proceedings are continued other than for normal or routine recesses, weekends, or holidays, it shall be the responsibility of the media to make a separate request for later extended coverage.

(f)      [Consent to extended coverage]

(1)  No extended coverage shall be allowed except with the consent of the judge.  Such consent shall be in writing, filed in the record of the proceedings, and recorded in the minutes of the court.

(2) The judge may, in the interests of justice, refuse, limit or terminate extended coverage if a party objects to extended coverage.

(3)  The consent of the attorney for a party shall not be required, but the attorney may direct a motion to the judge to refuse, limit or terminate extended coverage. Such motion shall be directed to the discretion of the judge.  The objection of the attorney for a party shall be noted in the record of the proceedings and in the minutes of the court.

(4)  The judge may in the interests of justice, refuse, limit or terminate extended coverage of any witness who objects to extended coverage.

(5)  The consent of jurors shall not be required for extended coverage, but such extended coverage shall be subject to the limitations and exclusions provided in subdivision (g).

(g)  [Restrictions on extended coverage]

(1)  There shall be no extended coverage of any pro-

[over]

614

ceedings which are by law closed to the public, or which may be closed to the public and which have been closed by the judge.

(2) There shall be no extended coverage of the selection of the prospective jury during voir dire.

(3) There shall be no closeup or "zoom" extended coverage of individual members of the jury while in the jury box, while within the courtroom, while in the jury deliberation room during recess, or while going to or from the deliberation room at any time.

(4) To protect the attorney-client privilege and the effective right to counsel of all trial parties, there shall be no audio coverage of conferences between attorneys and clients or parties, or between co-counsel and clients or parties, or between counsel and the judge held at the bench.

(5) There shall be no extended coverage of any conference held in the chambers of a judge.

(6) In order to preclude extended coverage of any matters presented to the court in the absence of the jury which are for the purpose of determining the admissibility of evidence, the judge may conduct a hearing in chambers.

(h) [Extended coverage media standards]

(1) Equipment and personnel

(i) Equipment from one television station or network --designated as the pooling station or network--shall be permitted access to a courtroom proceeding at one time. The pooling station or network may use portable television cameras that are silent videotape electronic cameras or, in the absence of such equipment, silent 16mm sound on film (self-blimped) cameras. One television camera, operated by one camera person, shall be admitted to record a proceeding. A second camera may be admitted for live coverage in the discretion of the judge.

(ii) One audio system for broadcast purposes

6

615

shall be permitted in a proceeding.  Where possible,
audio for all media shall be from audio systems present in
the court.  If no techically suitable audio system exists,
microphones and related wiring essential for media purposes
shall be unobtrusive, located in places designated in ad-
vance by the judge, and operated by one person.

(iii)  One still photographer, using not more than
two still cameras with not more than two lenses for each
camera, shall be permitted in a proceeding subject to
extended coverage.  A second still photographer, using not
more than two still cameras with not more than two lenses
for each camera, may be admitted in the discretion of the
judge.

(iv)  No equipment or clothing of any extended coverage
personnel shall bear any insignia or identification of the
individual media or network involved in extended coverage.

(2)  Sound and light criteria

(i)  Only equipment that does not produce distracting
sound or light shall be employed to cover judicial pro-
ceedings.  Specifically, camera and audio equipment shall
produce no greater sound and light than the equipment de-
signated in Schedule A, annexed hereto, when the same is
in good working order; still camera equipment shall pro-
duce no greater sound than the camera equipment designated
in Schedule B, annexed hereto, when the same is in good
working order.  No motorized drives shall be permitted, and
no moving lights, flash attachments, or sudden lighting
changes shall be permitted during court proceedings.

(ii)  It shall be the affirmative duty of extended
coverage personnel to demonstrate to the judge
adequately in advance of any proceeding that the equip-
ment sought to be used meets the sound and light cri-
teria enumerated herein.

(iii)  Except to increase the wattage of existing
courtroom lights, there shall be no modifications or
additions to light equipment existing in a courtroom.

[over]

616

Any increases in wattage shall be with permission of the judge and if authorized, shall be installed, maintained, and removed without public expense.

(iv)  No light or signal visible or audible to trial participants shall be used on any equipment during extended coverage to indicate whether it is operating.

(3)  Position and movement during proceedings

(i)  Extended coverage personnel and equipment shall be positioned so as to provide reasonable coverage in such location in the court facility as shall be designated by the judge.  Equipment that is not a component part of a television camera, and video and sound recording equipment, shall be located outside the courtroom, unless other arrangements are approved in advance by the judge.

(ii)  Extended coverage equipment shall not be placed in or removed from the courtroom except prior to or after proceedings each day, or during a recess.

(iii)  All extended coverage equipment operators shall assume their assigned, fixed position within the designated area and once established in that position shall act in a manner so as not to call attention to their activities.  Extended coverage equipment operators shall not be permitted to move about during the court session.

(i)  [Pooling]

(1)  Consent to extended coverage when it is granted shall be given impart)ally to all media representatives and without discrimination based upon local, national, or international coverage.  If it is necessary to limit the number of media personnel or equipment in the courtroom in compliance with these rules, pooling arrangements shall be instituted to insure that all media requesting extended coverage are provided with access to extended coverage.

(2)  Pooling arrangements among members of the media shall be the sole responsibility of the media and shall not require the judge or court personnel to mediate disputes.  In the absence of agreement or in the event of

8

617

General Attitude Survey Pre-Post Mean Scores for
Judges, Prosecutors and Defenders Items 1 - 27

| | JUDGES | | | | PROSECUTORS | | | | DEFENDERS | | | |
| | Inexp | | Exp | | Inexp | | Exp | | Inexp | | Exp | |
| | Pre | After Post | Pre | After Post | Pre | Post | Pre | Post | Pre | Post | Pre | Post |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3.37 | 3.33 | 2.95 | 2.54 | 3.91 | 3.46 | 3.64 | 2.76 | 4.08 | 3.96 | 4.41 | 4.52 |
| 2 | 2.84 | 3.03 | 3.05 | 3.21 | 2.66 | 2.79 | 2.86 | 3.06 | 2.26 | 2.21 | 1.93 | 1.84 |
| 3 | 3.50 | 3.62 | 3.30 | 3.36 | 3.84 | 3.79 | 3.54 | 3.58 | 3.74 | 3.91 | 3.78 | 3.97 |
| 4 | 3.42 | 3.59 | 3.33 | 3.37 | 3.79 | 3.76 | 3.57 | 3.42 | 3.77 | 3.82 | 4.30 | 4.48 |
| 5 | 2.67 | 2.66 | 2.71 | 3.05 | 2.26 | 2.29 | 2.50 | 2.82 | 2.37 | 2.21 | 2.00 | 1.94 |
| 6 | 2.63 | 2.74 | 2.94 | 3.24 | 2.22 | 2.42 | 2.29 | 2.88 | 2.13 | 2.12 | 1.82 | 1.90 |
| 7 | 3.00 | 3.23 | 3.23 | 3.26 | 2.58 | 2.72 | 2.71 | 3.15 | 1.90 | 1.62 | 1.74 | 1.48 |
| 8 | 2.42 | 2.70 | 2.38 | 2.78 | 2.49 | 2.73 | 1.57 | 2.70 | 2.06 | 2.04 | 1.96 | 2.26 |
| 9 | 2.98 | 3.20 | 3.34 | 3.31 | 2.87 | 3.05 | 3.11 | 3.36 | 2.25 | 2.31 | 2.07 | 2.13 |
| 10 | 2.44 | 2.57 | 2.25 | 2.22 | 3.14 | 2.86 | 2.26 | 2.36 | 3.05 | 3.06 | 3.33 | 3.26 |
| 11 | 2.53 | 2.60 | 2.84 | 3.00 | 2.07 | 2.17 | 2.32 | 2.85 | 1.94 | 1.99 | 1.74 | 1.61 |
| 12 | 3.07 | 3.13 | 3.25 | 3.45 | 2.86 | 2.95 | 2.89 | 3.15 | 2.62 | 2.62 | 2.63 | 2.48 |
| 13 | 3.61 | 3.54 | 3.77 | 3.89 | 3.15 | 3.35 | 3.57 | 3.58 | 2.97 | 2.90 | 2.59 | 2.61 |
| 14 | 2.61 | 2.70 | 2.50 | 2.93 | 2.42 | 2.62 | 2.64 | 3.09 | 2.13 | 2.17 | 2.26 | 2.36 |
| 15 | 3.05 | 3.21 | 3.22 | 3.27 | 3.03 | 3.13 | 3.36 | 3.55 | 1.76 | 1.63 | 1.56 | 1.55 |
| 16 | 3.40 | 3.48 | 3.25 | 3.42 | 3.59 | 3.46 | 3.64 | 3.59 | 3.63 | 3.77 | 3.63 | 4.00 |
| 17 | 1.93 | 2.39 | 2.10 | 2.85 | 1.94 | 2.09 | 1.93 | 2.53 | 1.48 | 1.55 | 1.26 | 1.33 |
| 18 | 2.69 | 2.88 | 2.50 | 2.77 | 3.54 | 3.71 | 3.89 | 4.22 | 1.94 | 1.80 | 1.59 | 1.87 |
| 19 | 2.32 | 2.47 | 2.53 | 2.80 | 1.90 | 2.09 | 2.18 | 2.39 | 2.00 | 2.00 | 1.85 | 1.87 |
| 20 | 2.17 | 2.16 | 2.13 | 2.08 | 2.61 | 2.46 | 2.32 | 2.78 | 2.74 | 2.68 | 2.63 | 2.45 |
| 21 | 3.13 | 3.10 | 3.02 | 2.70 | 3.27 | 3.24 | 3.04 | 2.81 | 4.06 | 4.13 | 3.89 | 4.13 |
| 22 | 2.46 | 2.56 | 2.68 | 3.07 | 2.14 | 2.15 | 2.30 | 2.53 | 2.07 | 2.10 | 1.85 | 2.00 |
| 23 | 3.41 | 3.44 | 3.73 | 3.67 | 3.10 | 3.19 | 3.50 | 3.72 | 2.78 | 2.68 | 2.56 | 2.42 |
| 24 | 3.06 | 3.39 | 3.25 | 3.49 | 3.23 | 3.28 | 3.57 | 3.59 | 1.74 | 1.71 | 1.44 | 1.68 |
| 25 | 2.34 | 2.54 | 2.52 | 2.93 | 2.14 | 2.30 | 2.00 | 2.97 | 1.88 | 1.95 | 1.67 | 1.68 |
| 26a | 2.72 | 2.44 | 2.33 | 2.12 | 2.51 | 2.49 | 2.40 | 1.78 | 3.10 | 3.57 | 3.67 | 3.20 |
| 26b | 3.09 | 2.88 | 2.75 | 2.42 | 3.38 | 3.12 | 3.00 | 2.47 | 3.54 | 3.73 | 4.00 | 3.67 |
| 26c | 3.22 | 3.03 | 2.92 | 2.61 | 3.78 | 3.40 | 3.32 | 2.63 | 4.18 | 4.23 | 4.56 | 4.37 |
| 27 | 3.97 | 4.05 | 4.00 | 4.10 | 3.96 | 4.06 | 4.23 | 4.20 | 3.99 | 3.92 | 3.74 | 3.97 |

618