GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br><br>Plaintiffs,<br>and<br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br>v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>Defendants,<br>and<br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br><br>Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' MOTION TO SHORTEN TIME FOR PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULE 6-3**<br><br>Trial Date: January 11, 2010<br>Judge: Chief Judge Walker<br>Location: Courtroom 6, 17th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 6-3 Plaintiffs will and hereby do move this Court for an Order shortening the time within which the Court may hear Plaintiffs' Administrative Motion to Seal Documents.

Pursuant to Northern District of California Civil Local Rules ("Civil Local Rules") 7-11 and 79-5(d), and the Protective Order entered in this action on January 7, 2010, *see* Doc #361, Plaintiffs have concurrently filed a motion for administrative relief to file the following documents, or portions thereof, under seal because they have been designated "Highly Confidential" by Proponents:

1. Email message from Bill May to Ned Dolejsi, sent on June 25, 2008, with the subject line "Report on Evangelical Teleconference today," and four attachments, Bates numbered DEFINT_PM_005614 – DEFINT_PM_005662, attached as Exhibit A to the Declaration of Rebecca Justice Lazarus in Support of Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) ("Justice Lazarus Decl.").

2. Email message from Bill May to Ron Prentice, sent on June 14, 2008, with the subject line "heads up – 'urgent,'" and two attachments, Bates numbered DEFINT_PM_005767 – DEFINT_PM_005772, attached as Exhibit B to Justice Lazarus Decl.

3. Email message from Kenyn Cureton to ronp@californiafamily.org, sent on August 25, 2008, with the subject line "Stand for Marriage Materials," and one attachment, Bates numbered DEFINT_PM_005385 – DEFINT_PM_005399, attached as Exhibit C to Justice Lazarus Decl.

Civil Local Rule 79-5(d) provides that: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for sealing order . . . ." The Rule requires that the designating party file and serve "a declaration with the Court establishing that the designated information is sealable, and must lodge and serve a narrowly tailored sealing order, or must withdraw the designation of confidentiality" within seven days after the submitting party files its Administrative Motion.

Plaintiffs have concurrently submitted the Administrative Motion because they wish to introduce the above-referenced documents received from Proponents as evidence at trial, which has already commenced. Given the ongoing trial, Plaintiffs request that the Court order that Proponents file and serve the declaration required under Rule 79-5 no later than January 12, 2010 by 12:00 PM and that the Court issue an order concerning the treatment of the document as soon as possible thereafter.

This motion is based upon this Notice of Motion; the following Memorandum of Points and Authorities; the concurrently filed Declaration of Rebecca Justice Lazarus in support; the complete files in these actions; the concurrently filed Administrative Motion to Seal Documents; argument of counsel; and such other and further matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs and Proponents have been locked in a long dispute over the extent of the Proponents' asserted First Amendment privilege. On January 6, 2009, the Court conducted the latest in a series of hearings regarding the scope of the First Amendment privilege claimed by Defendant-Intervenors. *See, e.g.,* January 6, 2009 Hearing Tr. at 8:1-13. Following that hearing, the Court identified the "core group of ProtectMarriage.com" whose internal communications concerning campaign strategy and messages are protected. Doc #372 at 2, 4. After of doing so, the Court ordered the production of responsive, non-privileged documents on a rolling basis beginning on January 10, 2010—just one day before trial began. Doc #372 at 5.

Proponents produced approximately 1400 pages of documents around noon on January 10, 2010. Plaintiffs may seek to introduce three documents produced by Proponents on January 10 early in their case in chief, possibly in upcoming direct examination of their witnesses. Accordingly, Proponents were notified by email on the evening of January 11, 2010, of Plaintiffs' intention to seek relief in the form of this motion to shorten time. *See* Decl. of Rebecca Justice Lazarus in Supp. of Pls.' Mot. to Shorten Time, ¶ 5.

## I. Substantial Prejudice Will Occur If Plaintiffs Are Not Allowed To Introduce Key Newly Discovered Documents Into Evidence In Their Case In Chief

Federal Rule of Civil Procedure 6(c) allows the court to order a motion to be heard on an accelerated basis "for good cause." Fed. R. Civ. P. 6(c)(1)(C). Moreover, Civil Local Rule 6-3(a)(3) provides that a court may shorten time if "substantial harm or prejudice . . . would occur if the Court did not change the time . . . ."

For reasons outside Plaintiffs' control, Plaintiffs did not receive the documents they seek to offer into evidence at trial until Sunday, January 10—a mere *two days* before the filing of the instant motion, and *one day* before trial. Far from delaying, Plaintiffs have done everything within their power to review and respond to Proponents' supplemental document production as quickly as possible. Allowing the procedure for filing documents designated confidential by another party to run its course would force Plaintiffs to wait seven days for Proponents' response: such a delay would significantly impede Plaintiffs' ability to plan and present their case. It is imperative that Plaintiffs receive a determination as to whether Plaintiffs will be allowed to rely on the newly discovered evidence in trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

Given the ongoing trial, Plaintiffs request that the Court order that the Court issue an order concerning the treatment of the document as soon as practicable.

Respectfully submitted,

DATED: January 12, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas


By: _____/s/_____
      Theodore J. Boutrous, Jr.

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO