GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*, <br> Plaintiffs, <br> and <br> CITY AND COUNTY OF SAN FRANCISCO, <br> Plaintiff-Intervenor, <br> v. <br> ARNOLD SCHWARZENEGGER, *et al.*, <br> Defendants, <br> and <br> PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*, <br> Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW <br><br> **PLAINTIFFS' OPPOSITION TO HAK-SHING WILLIAM TAM'S MOTION TO WITHDRAW** <br><br> Trial Date: January 11, 2010 <br> Judge: Chief Judge Walker <br> Location: Courtroom 6, 17th Floor |

## I. INTRODUCTION

Hak-Shing William Tam was one of the five official proponents of Proposition 8 in the fall of 2007. *See* Doc #8 at 7. Both before and during the campaign, he posted articles on his website designed to garner support for Prop. 8 and discuss his personal views on homosexuality. *See, e.g.* Justice Lazarus Decl., Exs. A-G. These articles remain available to the public on Dr. Tam's website. Justice Lazarus Decl., Exs. A, B. Even after Prop. 8 passed, Dr. Tam continued to make public statements concerning his views on Prop. 8 and homosexuality. Justice Lazarus Decl., Ex. H. Further, Dr. Tam's publications and videos on homosexuality, same sex marriage, and Prop. 8 continue to be sold to the public. Justice Lazarus Decl., Exs. I, J, K.

Dr. Tam was not an original party to this litigation, but instead *chose* to intervene and voluntarily became a party in May 2009, shortly after Plaintiffs filed this case. Now, on the eve of trial, Dr. Tam has had a change of heart. He asks this Court to allow him to withdraw from this litigation based on nothing claims that he "does not like" the "burdens" this litigation has placed on him and speculative musings concerning his safety. Dr. Tam's request is a transparent attempt to escape his obligations as a party to this litigation at a point when it would cause tactical disadvantage to the Plaintiffs. Proponents have been ordered to produce documents and Dr. Tam seeks to avoid compliance with that order (and deny the Plaintiffs the discovery to which they are entitled. Moreover, Plaintiffs have prepared for trial based on the understanding that Dr. Tam is a party. Allowing him to withdraw now changes the landscape of the case at a time when such a change is unfairly prejudicial.

This Court should deny Dr. Tam's motion to withdraw because it is untimely and prejudicial to Plaintiffs' case and because he has given no justification that could support such an extreme measure at this late date.

## II. DR. TAM'S REQUEST TO WITHDRAW IS UNTIMELY AND PREJUDICIAL TO PLAINTIFFS

Dr. Tam and the other proponents of Prop. 8 moved to intervene in this action on May 28, 2009. Doc. #8. At no time during the many months of discovery and extensive motion practice in this case did Dr. Tam ever indicate any intention to withdraw as a party. Instead, Dr. Tam waited

until Friday, January 8, 2010—the last court day before the trial began—to file his motion to withdraw. In support of his motion, Dr. Tam relies on Plaintiffs' months-old statements in briefing before the Ninth Circuit related to their opposition to Proponents' emergency motion to stay and argues that he is merely "taking plaintiffs' advice" to exercise his right to withdraw. Doc #369 at 5. Dr. Tam's reliance is both out of time and out of context.

Plaintiffs' statements related specifically to Proponents' efforts to avoid discovery and the fact that they chose to participate in this case in the first place. Plaintiffs argued that Proponents should comply with their discovery obligations like any other party and that if they did not wish to, they were free to withdraw from the case. Doc #369-1 at 29-30 (Appellees' Opposition to Appellants' Emergency Motion for Stay). Dr. Tam did not choose to withdraw from the case at that time, but instead maintained his party status and proceeded through the discovery period (resisting Plaintiffs' discovery requests along the way), and appeared for his deposition on December 1, 2009. Dr. Tam cannot excuse his untimely decision to withdraw now, on the eve of trial, by twisting Plaintiffs' arguments to excuse his unreasonable demand.

Dr. Tam is now a full party to this lawsuit: "When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985). As a party, Tam has "rendered [himself] vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." *Id.* (citation and quotation marks omitted). Having availed himself of the benefits of party status, including, as discussed above, the filing of extensive motions, he cannot withdraw on the eve of trial.

Moreover, Dr. Tam's request is prejudicial to Plaintiffs at this late stage. Plaintiffs have prepared for trial based on the understanding that Dr. Tam is and will be a party to the case. Allowing Dr. Tam to withdraw at this stage will create uncertainty with respect to at least two critical areas.

***First***, it will (and has) cast doubt on Proponents' willingness to produce documents related to him pursuant to the Court's January 8, 2010 order requiring Proponents to provide a supplemental production of documents. On January 10, 2010, Proponents began their rolling supplemental

production of documents. *See* Justice Lazarus Decl., Ex. L.  On January 10, 2010, counsel for Plaintiffs contacted counsel for Proponents to inquire "whether Proponents are producing all responsive documents authored or received by William Tam that were, as of January 6, 2010, in [their] possession, custody or control." Justice Lazarus Decl., Ex. M.  The next day, Nicole Moss, counsel for Proponents, replied to this inquiry stating: "With respect to Mr. Tam's documents, I will need to consult with his new counsel before I can respond.  I will let you know as soon as I can." *Id.*. Counsel for Proponents also contacted Dr. Tam's new counsel to determine if Dr. Tam would adhere to the Court's order concerning the supplemental document production.  Justice Lazarus Decl., Ex. N. As of the time this opposition was filed, counsel for Plaintiffs had not received any response to these inquiries, further compromising Plaintiffs' ability to plan their case. *Id.*, ¶¶ 15, 17.

*Second*, if Dr. Tam is allowed to withdraw as a party to this litigation, Plaintiffs arguably cannot use his prior statements as admissions under Federal Rule of Evidence 801(d)(2).  Likewise, Plaintiffs will be prevented from using his deposition testimony at trial "for any purpose" pursuant to Federal Rule of Civil Procedure 32(a)(3).  These issues make clear that allowing Dr. Tam to withdraw as a party as this point would be extraordinarily prejudicial to Plaintiffs.  Because Plaintiffs prepared their case for trial based on the understanding that Dr. Tam is a party to this litigation, it would be unfair to allow him to change his status at the eleventh hour.  Indeed, the circumstances and timing of Dr. Tam's withdrawal motion indicate nothing more than a transparent attempt to avoid the obligations he assumed when he volunteered to become a party to this case and impose an unfair tactical disadvantage on Plaintiffs..

### III.   DR. TAM HAS PROVIDED NO ADEQUATE JUSTIFICATION FOR HIS REQUEST TO WITHDRAW AS A PARTY AT THIS LATE DATE

Dr. Tam also fails to provide any legitimate justification for his effort to withdraw as a party, particularly when viewed in light of the prejudice Plaintiffs will suffer if his motion is granted.  Dr. Tam offers two excuses for his request – that the he "does not like" the "burdens" this litigation has placed on him and speculation concerning his safety.  Both ring hollow.

First, Dr. Tam pleads ignorance that the discovery burdens associated with being a party to this case would be so "great." Doc #369 at 8.  He asserts that because "[n]o same sex marriage case

1 before this has been tried" he had no "reason to expect that intervening in the case to defend
2 Proposition 8 would entail the immense burdens of discovery, or the sweeping invasions of his
3 privacy that have and will continue to occur." *Id*. But this Court made it crystal clear that this case
4 was going to trial as early as July 2, 2009 (Doc. #76) and Dr. Tam did not choose to withdraw as a
5 party at that point. Nor did he seek to withdraw during the months comprising the discovery period.
6 Moreover, Dr. Tam complains that "[h]e does not like people questioning him on his private personal
7 beliefs," but at his deposition, Dr. Tam repeatedly refused to answer questions based on his claimed
8 First Amendment privilege. *See, e.g.*, Justice Lazarus Decl., Ex. O (Tam Dep. 22:10-26:14; 44:1-
9 44:23). In essence, Dr. Tam contends that he should be allowed to withdraw as a party to this
10 litigation, prejudicing Plaintiffs' case, because the experience has become unpleasant to him and is
11 taking too much time. This argument cannot pass the straight face test—Dr. Tam voluntarily served
12 as an official proponent of Prop. 8, and then voluntarily intervened as a party to this lawsuit. He
13 cannot now undermine Plaintiffs' ability to vindicate their constitutional rights based on his assertion
14 that he "does not like" the results of those voluntary actions.

15 Second, Dr. Tam asserts that he "fears for his personal safety and the safety of his family."
16 Doc #369 at 6. This argument is even more transparent. Each of the instances Dr. Tam references as
17 evidence of his "fears" occurred *before* he chose to intervene in this case (and indeed, before the
18 passage of Prop. 8). *See id.* at 6-7. Despite those incidents, Dr. Tam continued to make public
19 statements or make past statements available regarding his personal views concerning homosexuality
20 and Prop. 8 after the passage of the initiative, then chose to intervene as a party in this case. Justice
21 Lazarus Decl., Exs. A, B, H, I, J, K. Dr. Tam's purported concern for his safety and the safety of his
22 family did not materialize until immediately before the trial began.
23 //
24 //
25 //
26 //
27 //
28 //

### IV.   CONCLUSION

Dr. Tam's motion to withdraw as a party to this litigation is untimely, prejudicial to Plaintiffs and unjustified. The motion should be denied.

Respectfully submitted,

DATED:  January 12, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas


By:_____/s/_____
             Theodore J. Boutrous, Jr.

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO