GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br><br>  Plaintiffs,<br>and<br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Plaintiff-Intervenor,<br>  v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>  Defendants,<br>and<br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br><br>  Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' OPPOSITION TO MOTIONS OF BILL CRISWELL, JAMES L. GARLOW, AND MILES MCPHERSON TO QUASH SUBPOENAS TO APPEAR AND TESTIFY**<br><br>Trial Date: January 11, 2010<br>Judge: Chief Judge Walker<br>Location: Courtroom 6, 17th Floor |

## I. INTRODUCTION

Plaintiffs seek to compel Bill Criswell, President of Marketing Communications Services, Inc. ("MCSI"), James L. Garlow, and Miles McPherson (collectively, "Movants") to attend and testify at trial pursuant to validly issued subpoenas under Federal Rule of Civil Procedure 45. Although the Movants' basis for quashing their respective subpoenas may differ somewhat, the reasons for denying their motions to quash are the same—Plaintiffs seek the testimony of Criswell, Garlow, and McPherson for a valid purpose, and have taken reasonable steps to minimize the burden of compliance. As such, the motions to quash must be denied.

*Bill Criswell.* Plaintiffs served Criswell with a subpoena requiring him to testify at trial in this case because of his role as a vendor to the campaign who helped to produce television and radio commercials for broadcast throughout California. Nevertheless, in his motion to quash Plaintiffs' subpoena, Criswell attempts to downplay his role in the Prop. 8 advertising campaign, arguing that the subpoena is "unduly burdensome" and has been served "solely for the purposes of harassment." Doc #351 at 1. Criswell neglects to mention two salient facts establishing that these objections are meritless—(1) Plaintiffs have agreed to provide Mr. Criswell with at least twenty-four hours notice if they require his presence at trial and (2) Proponents' ongoing supplemental document production could include documents that only Criswell can authenticate.

*James Garlow and Miles McPherson.* Pastors Garlow and McPherson similarly attempt to downplay their role in the Prop. 8 campaign, implying that they had merely "spoken in favor of Proposition 8's passage and . . . supported marriage as the union of one man and one woman." Doc #404-2 (Garlow's Mem. of P. & A.); Doc #407-2 (McPherson's Mem. of P. & A.). In fact, both took an active and highly visible role in the Prop. 8 campaign. Both Garlow and McPherson also contend that their trial subpoenas violate their First Amendment rights apparently based on speculation that they will be forced to comment on privileged communications. *See* Docs # 404-2 at 2; 407-2 at 2. Such objections, however, are plainly premature. They do not argue, nor do they cite to legal authority, that compliance with a trial subpoena pursuant to Federal Rule of Civil Procedure 45 can violate one's associational rights. Like Mr. Criswell, Plaintiffs may call upon Pastors Garlow and McPherson to provide testimony, such as authentication of documents and videos, that only they can

provide. Because Plaintiffs have sought to minimize any inconvenience to the movants and seek their presence at trial for legitimate—indeed, legally required—purposes, the motions to quash should be denied. However, Plaintiffs are willing to withdraw the trial subpoenas served on Movants if the Proponents agree to admission of any document Movants authored or received and any video in which they appear related to the Prop. 8 campaign such that Plaintiffs may play clips of the admitted videos.

## II. FACTUAL BACKGROUND

### A. Movants' Roles in the Campaign to Pass Prop. 8

Bill Criswell is the President of MCSI, a vendor used by the Prop. 8 campaign to assist in the production of television and radio commercials. According to Proponents, he "was often provided with confidential draft scripts and messages that were never publicly distributed beyond the core group of ProtectMarriage.com and its vendors." Doc #364-1 at 6.

Pastor James Garlow "helped organize 3,400-person conference calls across denominations to coordinate campaign support for the proposed constitutional amendment." Jessica Garrison, "Churches Plan a Big Push Against Same-Sex Marriage," *L.A. Times*, Aug. 24, 2008, *available at* http://articles.latimes.com/2008/aug/24/local/me-faith24 (attached to Decl. of Kaiponanea T. Matsumura in Support of Pls. Omnibus Opp'n to Mots. To Quash ("Matsumura Decl.") as Ex. A). Pastor McPherson joined Pastor Garlow in organizing and leading such calls. *See* Blog Post, Pastors Defending Marriage, *Ministry Today*, July 14, 2008, *available at* http://www.ministrytodaymag.com/blog/2008/07/pastors-defending-marriage.html (Matsumura Decl., Ex. B). McPherson also led an effort to reach out to younger Christians to build support for opposite-sex marriage in partnership with ProtectMarriage.com. *See* Ashley Surdin"Calif. Gay-Marriage Ban Appears to Lose Support," *Washington Post*, Oct. 2, 2008, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2008/10/01/AR2008100103037.html (Matsumura Decl., Ex. C); Jennifer Kearns, "iProtectMarriage.com Targets the Youth Vote with Facts about California's Proposition 8 Campaign," *Christian Newswire*, Sept. 2, 2008 (Matsumura Decl., Ex. D).

### B. Plaintiffs' Service of Trial Subpoenas on Movants

On December 23, 2009, Plaintiffs served Criswell with a subpoena requiring him to appear and testify at trial on January 11, 2010. *See* Matsumura Decl., Ex. E (Cover Letter and Subpoena). Criswell executed the Acknowledgment of Service of Civil Subpoena and Agreement to Appear ("Acknowledgment of Service"). *See* Matsumura Decl., Ex. F (Acknowledgment of Service). In both the cover letter to the subpoena and the Acknowledgement of Service, Plaintiffs noted that they would attempt to minimize inconvenience to Criswell by placing him "on call" so that he would not have to appear unless his testimony was actually required. Indeed, in executing the Acknowledgment of Service, Criswell "agree[d] to appear at the request of Plaintiffs' and/or Plaintiff-Intervenor's counsel upon reasonable notice, which [he understood] [would] be at least twenty-four (24) hours." Matsumura Decl. Ex. F.

Pastors Garlow and McPherson were served with substantially similar subpoenas and Acknowledgments of Service. McPherson was served with the subpoena on December 31, 2009, *see* Matsumura Decl., Exs. G, H (Cover Letter and Subpoena; Proof of Service). He also executed and returned his Acknowledgment of Service on January 7, 2010. Matsumura Decl., Ex. I. Garlow was served with the subpoena on January 5, 2010. *See* Matsumura Decl., Exs. J, K (Cover Letter and Subpoena; Proof of Service).

### C. Proponents' Ongoing Supplemental Document Production

On January 8, 2010, Magistrate Judge Spero issued an order identifying the "core group" of individuals covered by the Proponents' claim of privilege: none of the Movants were included in that group. *See* Doc #372 at 4. The Court stated that "[c]ommunications to anyone outside the core group are not privileged under the First Amendment." *Id.* at 5. In light of this finding, the Court ordered Proponents to produce all non-privileged documents responsive to Plaintiffs' document requests 1, 6, and 8 no later than January 17. Doc #372 at 5. Approximately 1,400 pages of those documents were produced on January 10, 2010, but Proponents, in advocating against a deadline that could enable Plaintiffs to use produced documents at trial, represented to the Court that up to 30,000 documents would need to be reviewed and produced.

## III.   ARGUMENT

Movants have provided no justification for avoiding the obligations imposed by the trial subpoenas Plaintiffs served on them.

### A.   Plaintiffs Served Trial Subpoenas on Movants for a Valid Purpose

Proponents' rolling supplemental production began on January 10, 2010 and will continue until Sunday, January 17, 2010.  *Id.*  Because the Court determined that communications to or from any of the Movants were not protected by Proponents' assertion of their First Amendment privilege, *see id.* at 4-5, Plaintiffs expect that some of the documents produced might be documents that only the Movants can authenticate.

Authentication of evidence is "a condition precedent to admissibility" of that evidence at trial. Fed. R. Evid. 901(a).  It is beyond dispute that a party may authenticate evidence through the testimony of a witness who can aver "that a matter is what it is claimed to be."  Fed. R. Evid. 901(b)(1); *see also United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (holding that the government sufficiently authenticated internet chat room logs through the testimony of the individual who created them).

Given Plaintiffs' potential need to introduce documents into evidence the authenticity of which Proponents apparently dispute, Plaintiffs' subpoena is plainly not "served for the purpose of annoying and harassment rather than to obtain information."  Doc 351 at 4.  Indeed, Plaintiffs have made every effort to minimize the burden of complying with their trial subpoena.  For example, rather than demanding their presence throughout the trial, Plaintiffs have agreed to place the Movants "on call," *see, e.g.*, Matsumura Decl., Ex. E, and to give the Movants at least twenty-four (24) hours notice before requiring any of them to appear.  *See, e.g.*, Matsumura Decl., Ex. F.  This approach effectively balances Plaintiffs' potential need for the Movants' presence at trial with any burden imposed by the requirements of the subpoenas.  *Compare Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813-14 (9th Cir. 2003) (quashing subpoena where document requests went far beyond the scope of the asserted purpose for which the subpoena was issued).  In these

circumstances, the subpoenas at issue simply do not subject the Movants to an undue burden, as is required for the Court to grant their motions to quash. *See* Fed. R. Civ. Proc. 45 (c)(3)(A)(iv).[1]

**B.     The Trial Subpoenas Do Not Intrude On Garlow and McPherson's First Amendment Rights**

Rather than arguing that their motions to quash are supported by any basis under Federal Rule of Civil Procedure 45, Pastors Garlow and McPherson contend that the subpoenas violate their First Amendment right of political association. But Pastors Garlow and McPherson never argue, much less provide any legal support for the proposition, that the mere service of a trial subpoena supported by legitimate objectives can violate their associational rights. There is nothing in the trial subpoenas that will require them to disclose privileged or other protected matter. Rather, their arguments are based on wild speculation that Plaintiffs will question them about their "thoughts, beliefs, and subjective motivations—and those of [their] church staff and members . . . ." Docs # 404-2 at 2; 407-2 at 2. However, objections on this basis are premature: no such questions have been asked. Moreover, their argument ignores the fact that their counsel will have ample opportunity to raise any First Amendment objections at trial. For this reason, the line of cases Pastors Garlow and McPherson cite, which are, in any event, related to discovery rather than trial subpoenas, *see* Docs ## 404-2 at 3; 407-2 at 3, is irrelevant. There is no danger that Plaintiffs will be able to impermissibly "gain advantage by probing into areas an individual or group wants to keep confidential[,]" *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454 (D.D.C. 2002) (cited in Docs ## 404-2 at 3; 407-2 at 3), because this Court will prevent such an inquiry from occurring. Pastors Garlow and McPherson claim a broad privilege based on the Ninth Circuit's decision in *Perry v. Schwarzenegger*, __ F.3d __, 2010 WL 21191 (9th Cir. Jan. 4, 2010) (amended opinion), and the cases cited therein. However, the Ninth Circuit emphasized that its "holding is limited to *private, internal* campaign communications concerning the *formulation of campaign strategy and messages*." *Id.* at *13 n.12 (emphasis in

---

[1] In light of Mr. Criswell's speculation that his appearance at trial will subject him to further harassment, Plaintiffs do not oppose his request that the Court prevent the disclosure of the following personal and/or private information: "his address, phone number, clients (other than [Schubert Flint Public Affairs]), or work (other than on the Yes on 8 campaign)." Doc #351 at 5.

original). At this point, the Court and parties have ample experience determining who might be included in that "core group." *Id.* As such, Pastors Garlow and McPherson's First Amendment arguments must be rejected.

### IV. CONCLUSION

Because Plaintiffs have sought to minimize any inconvenience to the Movants and seek their presence at trial for legitimate—indeed, legally required—purposes, the motions to quash should be denied. However, Plaintiffs are willing to withdraw the trial subpoenas served on Movants if the Proponents agree to admission of any document Movants authored or received and any video in which they appear such that Plaintiffs may play clips of the admitted videos.

Respectfully submitted,

DATED: January 12, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas

By: /s/
Theodore J. Boutrous, Jr.

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO