# Exhibit J

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000  San Francisco, California 94105-2933

(415) 393-8200

www.gibsondunn.com

EMonagas@gibsondunn.com

December 28, 2009

| | |
|---|---|
| **Direct Dial** | **Client No.** |
| (415) 393-8353 | 36330-00001 |
| Fax No. | |
| (415) 374-8403 | |

Dr. Jim Garlow
Jim Garlow Ministries
11330 Campo Road
La Mesa, CA  91941

Re:   *Perry v. Schwarzenegger*, N.D. Cal. No. C 09-2292 VRW

Dear Dr. Garlow,

The attached subpoena requires that you appear and testify on January 11, 2010, at 9 a.m. in Courtroom 6, 17th Floor of the United States District Court, Northern District of California located at 450 Golden Gate Avenue, San Francisco, California. While we anticipate that the trial of this matter will have commenced by that time, your appearance in court may not be required until sometime shortly after that date. Therefore, in order to minimize any inconvenience that service of this subpoena may cause you, we are willing to place you "on-call" so that you will not have to appear until your testimony is actually required. Upon receipt of this subpoena, please sign and return the enclosed Acknowledgment of Service of Civil Subpoena and Agreement to Appear.

Thank you in advance for your assistance and cooperation.

Very truly yours,

*Enrique A. Monagas*
Enrique A. Monagas

Enclosure

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO   LONDON
PARIS   MUNICH   BRUSSELS   DUBAI   SINGAPORE   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

Case3:09-cv-02292-VRW   Document444-10   Filed01/12/10   Page3 of 7

GIBSON, DUNN & CRUTCHER LLP

## ACKNOWLEDGMENT OF SERVICE OF CIVIL SUBPOENA AND AGREEMENT TO APPEAR

I hereby acknowledge service of a Civil Subpoena requiring me to appear as a witness in the action entitled, *Perry v. Schwarzenegger*, N.D. Cal. No. C 09-2292 VRW, United States District Court, Northern District of California located at 450 Golden Gate Avenue, San Francisco, California, at 9 a.m. on January 11, 2010. In lieu of appearing at that time, I hereby agree to appear at the request of Plaintiffs' and/or Plaintiff-Intervenor's counsel upon reasonable notice, which I understand will be at least twenty-four (24) hours.

Executed on _____ at _____, California.

_____
Dr. Jim Garlow

Telephone: _____
E-mail: _____
Address: _____
_____

100785795_1.DOC

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| Kristin M. Perry, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09-cv-2292 VRW |
| Arnold Schwarzenegger, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Dr. Jim Garlow
Jim Garlow Ministries, 11330 Campo Road, La Mesa, CA 91941

**YOU ARE COMMANDED** to appear in the UnitedStates district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate otherpersons who consent to testifyon your behalf about the following matters, or those set forth in an attachment:

| Place: | United States District Court, N.D. California | Courtroom No.: 6, 17th Floor |
|---|---|---|
| | 450 Golden Gate Avenue<br>San Francisco, CA 94102 | Date and Time: 01/11/2010 09:00 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/28/2009

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiffs Perry, et al. (also issued on behalf of Plaintiff-Intervenor CCSF), who issues or requests this subpoena, are:

Enrique A. Monagas, SBN 239087
Gibson, Dunn & Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105-2933
T: 415-393-8353   F: 415-374-8403   E-mail: emonagas@gibsondunn.com

Civil Action No. 09-cv-2292 VRW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                *Server's signature*

                                _____
                                *Printed name and title*


                                _____
                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of

THIS DOCUMENT HAS A TRUE DOCUCHECK™ WATERMARK AND VISIBLE FIBERS DISCERNIBLE FROM BOTH SIDES

**GIBSON, DUNN & CRUTCHER LLP**
Lawyers
555 Mission Street, Suite 3000
San Francisco, California  94105-2933

WELLS FARGO BANK
1 MONTGOMERY STREET
SAN FRANCISCO, CA  94104

11-24
1210(8)

060026

Date: December 29, 2009

Pay: Six hundred four and 92/100************************************************************  $  ***604.92***

PAY TO THE ORDER OF:
JIM GARLOW
11330 CAMPO ROAD
LA MESA, CA  91941

CHECK VOID AFTER 90 DAYS

⑆060026⑆ ⑈121000248⑈ 4295 013254⑆

---

060026

WITNESS FEE AND MILEAGE.                    AB
                                            BA

*5896597*

| Payee: | JIM GARLOW | | | Check #: | 60026 |
| Vendor ID: | 000119483  /  JIM GARLOW | | Request #:  5896597 | Check Date: | Dec 29/09 |

| Invoice Num | Invoice Date | Narrative | Invoice Amount | Discount Taken | Payment Amt |
|---|---|---|---|---|---|
| 12/29/09 | Dec 29/09 | | $604.92 | $0.00 | $604.92 |
| | | Totals: | $604.92 | $0.00 | $604.92 |

CA276884