COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON,
and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State | CASE NO. 09-CV-2292 VRW<br>Chief Judge Vaughn R. Walker<br><br>**DEFENDANT-INTERVENORS' DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR A SEALING ORDER** |

| | |
|---|---|
| 1 | Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PAT-RICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |

Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR A SEALING ORDER
CASE NO. 09-CV-2292 VRW

Defendant Intervenors Dennis Hollingsworth, Gail Knight, Martin Gutierrez, Mark Jansson, and ProtectMarriage.com ("Proponents") object to the introduction into evidence and/or the introduction into the public record of the documents indicated in Plaintiffs' motion. Although the vast bulk of these documents were not produced or endorsed by Proponents, they nonetheless constitute confidential, nonpublic communications among groups and individuals associated and allied in support of the common political goal of enacting Proposition 8, and Proponents wish to reassert, for purposes of preserving for the record, their objection that these and similar communications are protected by the First Amendment from compelled disclosure. These particular documents specifically relate to formulation of political messaging and strategy and therefore lie at the core of the First Amendment's protection. Moreover, these documents are irrelevant to any issue in this case. If the Court does rule in favor of submitting the documents into the record, Proponents maintain that they should remain under seal. A declaration setting out the basis for sealing these documents has been filed concurrently with this Response.

**BACKGROUND**

On January 12, 2010, Plaintiffs filed an Administrative Motion for Sealing Order, Doc #414, requesting that this Court allow them to file under seal—or introduce into the public record—the following documents:

1. Email message from Bill May to Ned Dolejsi, sent on June 25, 2008, with the subject line "Report on Evangelical Teleconference today" (hereinafter "the Teleconference email"), and four attachments, Bates numbered DEFINT_PM_005614 to DEFINT_PM_005662.

2. Email message from Bill May to Ronald Prentice, sent on June 14, 2008, with the subject line "heads up—'urgent'" (hereinafter the "Heads Up Email") and two attachments, Bates numbered DEFINT_PM_005767 to DEFINT_PM_005772.

3. Email message from Kenyn Cureton to ronp@californiafamily.org, sent on August 25, 2008, with the subject line "Stand for Marriage Materials" (hereinafter the "Stand for Marriage Email"), and one attachment, Bates numbered DEFINT_PM_005385 to DEFINT_PM_005399.

These documents were produced to Plaintiffs by Proponents pursuant to the orders of Magistrate Judge Spero. *See* Doc # 372; Hr'g of Jan. 6, 2010. Proponents produced these documents on an attorneys-eyes-only basis and with a highly confidential designation. *See* Doc # 425 (amended protective order). Proponents have filed objections to Magistrate Judge Spero's orders compelling production. *See* Doc # 446.

As explained in the accompanying declaration of Ronald Prentice, the vast bulk of the documents at issue (all, save for a few slides in a large PowerPoint presentation) were not created by, endorsed by, or used by ProtectMarriage.com or the individual Proponents of Proposition 8. Nonetheless, as Mr. Prentice also explains, these materials still constitute confidential, nonpublic communications among groups and individuals associated and allied in support of the common political goal of enacting Proposition 8.

## ARGUMENT

### A. The Documents Are Protected Under the First Amendment

The Court should deny Plaintiffs' motion. Again, Proponents reiterate and preserve their objections that the documents at issue are protected from compelled disclosure by the First Amendment. Proponents herein incorporate their objections to Magistrate Judge Spero's orders compelling production. *See* Doc # 446.

As Mr. Prentice explains in an accompanying declaration, the vast bulk of the documents at issue were not created by or endorsed by Proponents or ProtectMarriage.com. Nonetheless, the documents indicated in Plaintiffs' motion contain precisely the kind of exchange ideas and formulation

2

of strategy and messages, the disclosure of which will have a deterrent effect on the exercise of protected activities. In particular:

- The Teleconference Email is a confidential political communication between two religious and political associates. The attached PowerPoint presentation was shared only with those known to be allies in the effort to pass Proposition 8. And the few slides that were created by ProtectMarriage.com contain highly confidential information about the operation and strategy of ProtectMarriage.com. *See* Prentice Decl. at ¶¶ 5-10. Such internal, confidential material is privileged from compelled disclosure under the First Amendment.

- The first or cover email in Heads Up Email string contains confidential and internal discussion of ProtectMarriage.com strategy and fundraising. The forwarded materials, while not those of ProtectMarriage.com, nonetheless contain confidential, nonpublic communications about political strategy and message formulation (among some persons who have not publicly announced their political association or position) as well as draft messaging materials never disclosed to the public. Prentice Decl. at ¶¶ 11-15. Such internal, confidential material is privileged from compelled disclosure under the First Amendment.

- The Stand for Marriage Email contains internal, confidential, and draft materials of the Family Research Council regarding formulation of political strategy and messaging. Prentice Decl. at ¶¶ 16-21. These are precisely the types of materials protected from compelled disclosure under the First Amendment.

### B. The Documents Are Irrelevant

Proponents reiterate and incorporate the relevance objections stated in their motion for a protective order and supporting papers. *See* Doc #s 187, 197. But even under the standards adopted by this Court in its order denying those objections in part, the documents at issue here are not relevant. The

3

DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR A SEALING ORDER
CASE NO. 09-CV-2292 VRW

Court has held that "the mix of information before and available to the voters forms a legislative history that may permit the court to discern … the legislative intent of an initiative measure." Doc # 214 at 14. As the documents on their face make clear, and as Mr. Prentice's declaration confirms, the documents at issue here were not "before and available to the voters."

### C.      At the Very Least, the Documents Should be Submitted Under Seal

If the Court does rule in favor of entering these documents into the record, they should be entered under seal. The documents at issue contains confidential information—including confidential campaign strategy and the names, associations, and political beliefs of persons who have not publicly disclosed that information—and therefore should not be made available for public disclosure. At the very least, the names of the correspondents in the emails should be redacted. In the event the Court should rule in favor of admitting the documents at issue into the record, Proponents have, pursuant to Local Rule 7-5(d), attached to this Response a proposed sealing order.

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs Administrative Motion for a Sealing Order to the extent it seeks to enter the documents at issue into the record. Barring that disposition, the Court should seal the documents.

Dated: January 13, 2010                                  COOPER AND KIRK, PLLC
                                                         ATTORNEYS FOR DEFENDANTS-INTERVENORS
                                                         DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN
                                                         GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM

                                                         By:    /s/Charles J. Cooper
                                                                Charles J. Cooper

4