

BRIAN R. CHAVEZ-OCHOA
CALIFORNIA STATE BAR # 190289
CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013, FAX (209) 772-3090

VINCENT P. MCCARTHY, SR. COUNSEL
CONNECTICUT STATE BAR # 100195
AMERICAN CENTER FOR LAW & JUSTICE, NE
11 W. CHESTNUT HILL ROAD
LITCHFIELD, CT 06759
(860) 567-9485, FAX (860) 567-9513
*Admitted Pro Hac Vice *

Attorneys for Non-Party Dr. Jim Garlow and
Non-Party Pastor Miles McPherson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN M. PERRY, *et al.*, <br>     Plaintiffs, <br><br> and <br> CITY AND COUNTY OF SAN FRANCISCO, <br>     Plaintiff-Intervenor, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, *et al.*, <br>     Defendants, <br><br> and <br> PROPOSITION 8 OFFICIAL PROPONENTS <br> DENNIS HOLLINGSWORTH, *et al.*, <br>     Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW <br><br> **JOINT REPLY OF NON-PARTIES JIM GARLOW AND MILES MCPHERSON TO PLAINTIFFS' OPPOSITION TO THEIR MOTIONS TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER** <br><br> Trial Date: January 11, 2010 |

Non-parties Jim Garlow and Miles McPherson submit this joint reply to the Plaintiffs' Opposition (Doc. 443) to their Motions to quash subpoenas and for protective order (Docs. 404 and 407).


**I.      The Plaintiffs' Opposition Ignores the Movants' Relevance Argument.**

The Plaintiffs' Opposition focuses on authentication while ignoring a primary concern raised in the Motions: the *minimal or non-existent relevance* of any testimony or authentication that the Movants could provide is outweighed by First Amendment concerns. The Plaintiffs' claim that the Movants' testimony may be the only way to authenticate unspecified documents or videos begs the question of whether the testimony or authentication sought bears significant probative value in establishing the Plaintiffs' claims. In other words, if the Movants' statements in support of Proposition 8 and their subjective motivations for encouraging other people to support Proposition 8 do not indicate the official purpose of Proposition 8, then the Plaintiffs' alleged "need" to require the Movants to appear in court to authenticate irrelevant documents or videos that detail their irrelevant statements or subjective motivations is non-existent.

As explained in detail in their Motions, the Movants' speech and other expressive activities encouraging others to support Proposition 8 are not reflective of the official purpose of Proposition 8. Even assuming for the sake of argument that the Movants could be described as taking "an active and highly visible role in the Prop. 8 campaign," Pls' Opp. at 2, Doc. 443, their personal motivations and thoughts cannot be attributed to other Californians who may have responded to their advocacy, let alone the millions of Californians who voted in favor of Proposition 8. An individual voter who heard what the Movants had to say about Proposition 8 may have had his or her mind already made up about Proposition 8, or may have changed his or her mind due to what they said, or may have factored what they said into his or her voting decision along with numerous other factors, or may have ignored what they said altogether. There is an obvious disconnect between what the official purpose of Proposition 8 is and what

any one of the millions of Californians who supported Proposition 8 may have said or done in support of Proposition 8.

## II.     The Subpoena is Not Limited to Authentication Only.

As explained previously, the Plaintiffs' focus on authentication ignores the issue of relevance. In addition, the subpoena on its face does not limit the testimony sought solely to authentication of documents or videos, and it is telling that the Plaintiffs' Opposition does *not* state that the testimony sought would be *solely limited* to authentication. To the contrary, Plaintiffs' Opposition describes authentication as just one example of a broader type of testimony that may be sought from the Movants, namely, testimony "that only they can provide." Pls' Opp. at 1-2, Doc. 443 (emphasis added) ("Plaintiffs may call upon Pastors Garlow and McPherson to provide testimony, *such as* authentication of documents and videos, that only they can provide."). This raises the issue of what, if any, information the Plaintiffs believe "that *only* [the Movants] can provide," see id., that does not deal with authentication and that does not implicate the Movants' statements, private conversations, associational activities, and other First Amendment-protected activities.

The following concession made in Plaintiffs' Opposition does not address the Movants' concerns: "Plaintiffs are willing to withdraw the trial subpoenas served on Movants if the Proponents agree to admission of any document Movants authored or received and any video in which they appear related to the Prop. 8 campaign such that Plaintiffs may play clips of the admitted videos." *Id.* at 2. Requiring the Proponents to agree to the *admission* of the documents or videos at issue goes far beyond mere authentication to requiring the Proponents to agree that any and all materials that fit within this overly broad request are relevant to the official purpose of Proposition 8.

In addition, the extremely broad request for the Proponents to consent to the admission of "*any* document Movants authored or received and any video in which they appear *related to the Prop. 8 campaign* such that Plaintiffs may play clips of the admitted videos," see id. (emphasis added), goes far beyond any reasonable understanding of relevance and squarely implicates the Movants' First Amendment rights. This extremely broad category of materials could include, but not be limited to, any internal documents exchanged between the Movants and any persons with whom they may have associated with for the purpose of supporting Proposition 8, any materials *received by* the Movants that contain viewpoints that they may disagree with (including anonymously authored materials), and any unauthorized video taken during what the Movants believed to be private meetings or conversations. Asking the Proponents to concede to having a broad array of irrelevant information offered into the record, while asking the Movants to waive their First Amendment objection in exchange for withdrawing the subpoenas, is not a reasonable offer at all.

With respect to authentication sought by the subpoenas, the Movants and their counsel are willing to review any documents in the Plaintiffs' possession allegedly authored by the Movants for the limited purpose of authenticating their authorship. The Movants and their counsel are also willing to review any videos that allegedly include the Movants for the limited purpose of authenticating whether the persons depicted in the videos are actually the Movants. Understandably, the Movants are not in a position to authenticate documents that they may have received that were authored by other people, or to authenticate newspaper articles or online media that they did not author that discuss their alleged activities.

**III.     The Movants' First Amendment Privilege Argument is Sound.**

As the Movants emphasized in their Motions, the cases dealing with the First Amendment associational privilege as applied to subpoenas have dealt primarily with discovery subpoenas rather than trial subpoenas. This can be attributed to the simple fact that, in the vast majority of civil cases, a person or organization that allegedly has admissible evidence or relevant testimony will be the subject of one or more discovery requests which would present them with an opportunity to raise their First Amendment objections long before any trial subpoena is issued. By contrast, the Movants were not notified that their testimony would be sought until they were served with trial subpoenas just days before the trial was set to begin, preventing them from raising their objections during the discovery process.

As explained in the Motions, the rationale of the cases applying the First Amendment associational privilege in the discovery context applies with equal or greater force to trial subpoenas. Evidence that is privileged from discovery by the First Amendment is, by definition, privileged from being offered at trial because the broad discovery standard includes both evidence that would be admissible at trial and information that is reasonably calculated to lead to the discovery of admissible evidence. It would be counterintuitive for a court to hold that a person has a First Amendment privilege to withhold testimony about a particular issue at a pre-trial deposition, where only a relatively small number of people would have access to the information obtained, but not at a trial open to the public and covered by numerous news organizations.

Importantly, Plaintiffs offer no explanation of (or citation for) their novel suggestion that the First Amendment's protection of the freedom of association, which undoubtedly applies during the discovery process, ceases to exist once a trial begins. Pls' Opp. at 2, 6, Doc. 443. If

that were the case, parties could render the First Amendment's protections meaningless by simply refraining from seeking discovery from a party or non-party on a particular point and then issuing a trial subpoena through which they may subject the person to questioning regarding that point in open court.

Plaintiffs essentially concede the invalidity of this line of reasoning by declaring that the Motions should be denied because Movants' counsel "will have ample opportunity to raise any First Amendment objections at trial." *Id.* at 6. This concession ignores the fact that, to the extent possible, claims of privilege and other objections should be raised and decided before trial or at least before the witness is called. Moreover, it ignores the fact that, regardless of the outcome of any objections raised during the trial, the mere act of putting the Movants on the stand at trial would implicate many of the concerns raised in the Motion, such as an increased likelihood of harassment and a chilling effect upon the Movants and other citizens who may be thinking about actively supporting ballot initiatives in the future. Similarly, the Plaintiffs' repeated claim that putting the Movants on call with a 24-hour notice substantially lessened any burdens imposed by the subpoenas misses the point of the Movants' objection; the burden imposed is not the mere "inconvenience" imposed upon witnesses at every trial but rather the chilling effect that being called to testify and disclose information about their advocacy and their associates' advocacy would have upon their future activities and those of other similarly situated Californians.

The Plaintiffs' reliance upon Magistrate Judge Spero's order of January 8, 2010, Doc. 372, regarding the Proponents' claim of privilege is misplaced. *See* Pls' Opp. at 4-5, Doc. 443. The order dealt with the narrow issue of "the scope of *the proponents'* First Amendment privilege and the application of that privilege to the documents in proponents' possession." Doc. 372 at 2 (emphasis added). The order did not address *the Movants'* First Amendment privilege

argument which was not filed with the court until three days later. The January 8 order did not purport to address any and all First Amendment privilege claims that may be brought by non-parties such as the Movants. As explained in the Motions, the First Amendment privilege is *broader* for non-parties such as the Movants than it is for parties. Docs. 404-2 at 12, 407-2 at 12.

Regarding the 9th Circuit's decision in *Perry v. Schwarzenegger*, 2010 U.S. App. LEXIS 170 (9th Cir. 2010), while it dealt with a discovery subpoena directed toward a party, rather than a trial subpoena directed toward a non-party, the decision's discussion of the law of First Amendment privilege is clearly relevant to the case at hand. The Motions arise from the same litigation involving the same legal theories underlying Plaintiffs' causes of action, and the balancing test raises similar issues of the alleged need for the information sought.

**Conclusion**

For the reasons stated herein and in the Motions, the Movants respectfully request that the relevant subpoenas be quashed and that their proposed protective orders submitted with their Motions be granted.

Respectfully submitted,

/S/ Brian R. Chavez-Ochoa
Brian R. Chavez-Ochoa
CHAVEZ-OCHOA LAW OFFICES, INC.
Attorney for Non-Party Dr. Jim Garlow
and Non-Party Pastor Miles McPherson
4 Jean Street, Suite 4
Valley Springs, CA 95252
(209) 772-3013

Vincent P. McCarthy, Sr. Counsel
Connecticut State Bar # 100195
AMERICAN CENTER FOR LAW AND JUSTICE, NE
11 W. Chestnut Hill Road
Litchfield, CT 06759
(860) 567-9485
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of <u>Joint Reply of Non-Parties James L. Garlow and Miles McPherson to Plaintiff's Opposition to their Motions to Quash Subpoenas and for Protective Order</u> was served on all parties required to be served this 13th day of January, 2010, by the following methods and addressed as follows:

By ELECTRONIC SERVICE:

| | |
|---|---|
| Elizabeth O. Gill | Ethan D. Dettmer |
| Alan Lawrence Schlosser | Christopher Dean Dusseault |
| Kevin Trent Snider | Jeremy Michael Goldman |
| Jennifer Lynn Monk | Matthew Dempsey McGill |
| Robert Henry Tyler | Enrique Antonio Monagas |
| Gordon Bruce Burns | Theodore B. Olson |
| Tamar Pachter | Sarah Elizabeth Piepmeier |
| Mary Elizabeth McAlister | Josh Schiller |
| Eric Brianna Bernstein | Amir Cameron Tayrani |
| Danny Yeh Chou | Theodore Hideyuki Uno |
| Ronald P. Flynn | Tara Lynn Borelli |
| Christine Van Aken | Matthew Albert Coles |
| David E. Bunim | Jon Warren Davison |
| James J. Brosnahan | James Dixon Esseks |
| James A. Campbell | Shannon Minter |
| Timothy D. Chandler | Jennifer Carol Pizer |
| Charles J. Cooper | Alan Lawrence Schlosser |
| Jordan W. Lorence | Christopher Francis Stoll |
| Howard C. Neilson, Jr. | Ilona Margaret Turner |
| Austin R. Nimocks | Charles Salvatore LiMandri |
| Peter A. Patterson | Judy Whitehurst |
| Andrew Perry Pugno | Thomas R. Burke |
| Brian E. Raum | Claude Franklin Kolm |
| David H. Thompson | Manuel Francisco Martinez |
| Kenneth C. Mennemieier | Rosanne C. Baxter |
| Andrew Walter Stroud | Eric Grant |
| Richard J. Bettan | Terry Lee Thompson |
| Theodore J. Boutrous, Jr. | Patrick John Gorman |

///

///

///

By U.S. MAIL:

| | |
|---|---|
| David Boies | Rena M Lindevaldsen |
| Boies Schiller & Flexner LLP | Liberty Counsel |
| 333 Main Street | 100 Mountainview Rd, Ste 2775 |
| Armonk, NY 10504 | Lynchberg, VA 24502 |
| | |
| Jesse Panuccio | Theane Evangelis Kapur |
| Cooper & Kirk PLLC | Gibson Dunn & Crutcher LLP |
| 1523 New Hampshire Avenue, N.W. | 333 South Grand Avenue |
| Washington, DC 20036 | Los Angeles, CA 90071 |
| | |
| Michael W. Kirk | Tobias Barrington Wolff |
| Cooper & Kirk, PLLC | University of Pennsylvania Law School |
| 1523 New Hampshire Avenue, NW | 3400 Chestnut Street |
| Washington, DC 2003 | Philadelphia, PA 19104-6204 |

Respectfully submitted,
Signed at Valley Springs, California on
January 13, 2010.


/S/ Brian R. Chavez-Ochoa
Brian R. Chavez-Ochoa
CHAVEZ-OCHOA LAW OFFICES, INC.
Attorney for Non-Party Dr. Jim Garlow
and Non-Party Pastor Miles McPherson
4 Jean Street, Suite 4
Valley Springs, CA 95252
(209) 772-3013