LAW OFFICE OF TERRY L. THOMPSON
Terry L. Thompson (CA Bar No. 199870)
*tl_thompson@earthlink.net*
P.O. Box 1346, Alamo, CA 94507
Telephone: (925) 855-1507, Facsimile: (925) 820-6034

ATTORNEY FOR DEFENDANT-INTERVENOR HAK-SHING WILLIAM TAM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, <br><br> Plaintiffs, <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, <br><br> Defendants, <br><br> PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, <br><br> Defendant-Intervenors, | CASE NO. 09-CV-2292 VRW <br><br> **HAK-SHING WILLIAM TAM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW** <br><br> Courtroom: 6, 17th Floor <br> Judge: Chief Judge Vaughn R. Walker <br> Trial Date: January 11, 2010 <br> Action Filed: May 22, 2009 |

## I. INTRODUCTION

Plaintiffs oppose Dr. Tam's motion to withdraw on the basis that it is inconvenient for them. Plaintiffs present no legal authority (because there is none) that denies Dr. Tam's absolute right as a voluntary intervenor, to voluntarily withdraw. No one may be compelled to intervene or to remain an intervenor against his wishes. Dr. Tam was granted permission by this court to voluntarily intervene and should also be granted permission to voluntarily withdraw.

## II. DR. TAM'S REQUEST TO WITHDRAW IS NOT PREJUDICAL TO PLANITIFFS

Plaintiffs' claim that Dr. Tam's request to withdraw will be prejudicial to their case is not accurate and more importantly it is not relevant. Withdrawal is an absolute right and the potential impact on the opposing party is not a factor. Plaintiffs clearly agree with this and previously stated, in their briefing before the Ninth Circuit, that "because a party voluntarily chooses to become a party to a litigation presumably [he] also can withdraw from the litigation to avoid unwanted discovery…" and further that "Because the Proponents can exit this litigation without sacrificing any right accorded to them by law, they should not be heard to argue that Plaintiffs' discovery violates their associational freedoms. If they do not wish to comply with Plaintiffs' routine document requests, they can withdraw their intervention." (Doc. 369-2 at 17-23) Plaintiffs now characterize these statements as "months-old" somehow implying that the truth of their statements has some sort of a half-life that deteriorates over time. Nevertheless in their opposition brief Plaintiffs reiterate their previous statement that "if they [Proponents] did not wish to [comply with discovery obligations] they were free to withdraw from the case." (Doc. 441-2 at 7-9.) Quoting Plaintiffs' actual words is not "twisting" their arguments. (Doc. 441-2 at 13-14.) Plaintiffs' prior statements belie their current opposition to Dr. Tam's right to withdraw.

Plaintiffs' fears that Dr. Tam's withdrawal will be prejudicial are completely ungrounded. Dr. Tam is not leaving the country. Dr. Tam will still be a witness. In fact, Dr. Tam is scheduled by Plaintiffs to be a witness either Friday January 15th or early the next week. Dr. Tam's counsel has confirmed that Dr. Tam will be in court and available to testify. (Thompson Decl.¶ 3, Ex. A) Dr. Tam received a subpoena from Plaintiffs on January 8, 2010, to appear in this case. He has agreed to appear and signed the "Acknowledgement of Service of Civil Subpoena and Agreement to

1

Appear" which was attached to the aforementioned subpoena. (Thompson Decl. ¶ 4, Ex. B) Dr. Tam will still produce the supplemental production of documents ordered by the court on January 8, 2010. Dr. Tam's document production will be included in the Proponents' rolling production which was started on January 10, 2010 and will be completed by January 17, 2010. (Thompson Decl.¶ 5 See Ex. C)

Plaintiffs contend that they will not be able to use Dr. Tam's prior statements "as admissions" under FRE 801(d)(2) (Doc. 441-3 at 11-12.) and that Plaintiffs' will not be able to use Dr. Tam's deposition testimony at trial for any purpose under FRCP 32(a)(3) (Doc. 441-3 at 11-14.) Whereas these contentions may be technically arguable, they are also completely beside the point. Plaintiffs can use Dr. Tam's deposition to impeach and refresh his recollection when he testifies. Plaintiffs have already played video excerpts of Dr. Tam's deposition in court on January 13, 2010. Even if Dr. Tam isn't testifying and is found to be unavailable, Plaintiffs can use Dr. Tam's prior testimony. Further, this Court has let in many exceptions to the hearsay rule, so needing Dr. Tam's statements to be "Admissions by a Party Opponent" to overcome the hearsay hurdle is simply an excuse. Therefore, Plaintiffs' objections have no merit and Dr. Tam's withdrawal will be of no significant prejudicial disadvantage to them.

### III. DR. TAM'S JUSTIFICATION FOR WITHDRAWING IS COMPELLING

Dr. Tam may withdraw as a right without showing cause or providing any justification. Nevertheless, he has provided many compelling reasons justifying his withdrawal. Plaintiffs' trivialization of Dr. Tam's concern for his safety and the safety of his family, calling them "speculative musings" is insensitive at the least and borders on shameful. (Doc. 441-1 at 14.) Dr. Tam's fear is real and palpable. Now that the subject lawsuit is in trial, Dr. Tam fears that he will get more publicity, be more recognizable and that the risk of harm to him and his family will increase. This, fear in and of itself is more than adequate reason for granting Dr. Tam's request to withdraw.

Further, Plaintiffs misconstrue Dr. Tam's statement that he "had no idea, or reason to expect that intervening in the case to defend Proposition 8 would entail the immense burdens of discovery, or the sweeping invasions of his privacy that have and will continue to occur." (Doc. 441-4 at 1-3.)

The fact that Dr. Tam did not decide to withdraw when he first discovered that the case would go to trial is meaningless. It may have been preferred by Plaintiffs that Dr. Tam had withdrawn earlier rather than later, but that has no bearing on his absolute right to do so. In retrospect, Dr. Tam may also wish that he had withdrawn earlier, but that is a moot point and has no bearing on his absolute right to withdraw at this time.

### IV. CONCLUSION

Dr. Tam voluntarily intervened in this case and has a similar right to voluntarily withdraw from the case. Plaintiffs' have stated that he has this right. In addition there are compelling reasons for granting Dr. Tam's motion to withdraw, including real and palpable concerns for his personal safety and the safety of his family, a desire to avoid offensive and intrusive discovery, pressure to devote more time to his ministry and objection to being tied down for several years with this case. For all of these reasons, this court should grant Dr. Tam's motion to withdraw.

Dated: January 13, 2010

LAW OFFICE OF TERRY L. THOMPSON
Attorney for Defendant-Intervenor
Hak-Shing William Tam

By: s/Terry L. Thompson               _
    Terry L. Thompson