GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br><br>　　　　　Plaintiffs,<br>and<br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　Plaintiff-Intervenor,<br>　　v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>　　　　　Defendants,<br>and<br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br><br>　　　　　Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' RESPONSE TO PROPONENTS' OBJECTIONS TO DISCOVERY ORDERS OF MAGISTRATE JUDGE SPERO**<br><br>Trial Date: January 11, 2010<br>Judge: Chief Judge Walker<br>Location: Courtroom 6, 17th Floor |

Pursuant to Chief Judge Walker's January 14, 2010 Order (*see* Doc #460), Plaintiffs Kristin M. Perry, Sandra B. Stier, Paul T. Katami, and Jeffrey J. Zarrillo (collectively, "Plaintiffs") respond to the objections of Defendant-Intervenors ProtectMarriage.com, Dennis Hollingsworth, Mark Jansson, Gail Knight, and Martin Gutierrez (collectively, "Proponents") to the oral and written discovery orders of Magistrate Judge Spero, entered on January 6, 2010 and January 7, 2010. *See* Doc # 446. Plaintiffs respectfully submit that Magistrate Judge Spero's ruling was correct in all regards and should be affirmed.

## BACKGROUND

On August 19, 2009, Plaintiffs propounded their first set of requests for document production on Proponents. Doc #187-3. In response to Plaintiffs' document request, Proponents sought a protective order prohibiting *any* discovery into documents or communications concerning Prop. 8, except to the extent the Proponents themselves had chosen to make a communication available to the general public. Doc #175.

On October 1, 2009, this Court granted the protective order in part, and denied it in part. Doc #214. This Court held that Plaintiffs' Request for Production No. 8 ("Request No. 8") for all communications relating to Prop. 8 between Proponents and any third party was "overly broad" and directed Plaintiffs to revise Request No. 8. *Id*. at p. 16. However, this Court also rejected Proponents' assertion that the First Amendment precluded any discovery into the Proponents' nonpublic communications. *Id*. As a result of this Court's ruling, on October 5, 2009, Plaintiffs revised Request No. 8 to conform with this Court's October 1, 2009 order.

Although the Court denied Proponents motion for a stay of its October 1 Order, it agreed to review a sample of documents potentially responsive to the disputed Request No. 8 and thereafter reviewed 60 documents *in camera*. Doc #247; Doc #252 at 2. After undertaking this review, the district court issued an order on November 11, 2009 that concluded "the qualified First Amendment privilege does not provide the documents much, if any, protection against disclosure" and directed Proponents to produce 21 of the documents they submitted *in camera*. Doc #252 at 4-6. On November 13, 2009, Proponents noticed a second interlocutory appeal from this Court's orders dated October 1, October 23, and November 11, 2009. Doc #253.

1

Despite this Court's repeated denial of Proponents' request for a blanket prohibition on discovery of their non-public communications and Plaintiffs' willingness to enter into an "attorneys-eyes only" protective order, Proponents continued to refuse to produce any of the disputed documents. Plaintiffs therefore requested this Court to direct immediate production of the documents. The matter was referred to Magistrate Judge Spero, who entered an order on November 19, 2009, directing Proponents to produce documents responsive to Plaintiffs' discovery request on a rolling basis, "to conclude not later than the close of fact discovery on November 30, 2009." Doc #258.

Proponents continued to resist production of documents after the Ninth Circuit issued an opinion on December 11, 2009, reversing this Court's orders regarding the permissible scope of Request No. 8. *See Perry v. Schwarzenegger*, No. 09-17241, slip op. (9th Cir. Dec. 11, 2009). In light of the Proponents' refusal to answer questions in their depositions based on their claimed First Amendment privilege, failure to produce responsive documents, *see* Doc #289, and failure to produce an adequate privilege log, *see* Doc #325, the Court referred the dispute regarding the production of relevant documents to Magistrate Judge Spero. *See* Doc #332.

On January 4, 2010, the Ninth Circuit issued an amended opinion. *Perry v. Schwarzenegger*, No. 09-17241, amended slip op. (9th Cir. Jan. 4, 2010). The Ninth Circuit opinion emphasized that its holding is limited to private, internal campaign communications among the "core group of persons engaged in the formulation of campaign strategy and messages." *Id*. at 602-603 n. 12. Although the opinion did not define "core group" it left this to this Court, "which is best acquainted with the facts of this case and the structure of the "Yes on 8" campaign" to determine who should be included in the core group that is protected by the First Amendment. *Id*. at 603 n. 12.

On January 6, 2010, the parties appeared before Magistrate Judge Spero regarding the scope of the First Amendment privilege claimed by Proponents. *See*, *e.g.*, January 6, 2009 Hr'g Tr. at 8. Proponents agreed to produce a supplemental declaration by Ron Prentice, Chair of the Executive Committee for ProtectMarriage.com, identifying the "core group" of individuals and entities subject to the privilege. *See* Jan. 6, 2009 Hearing Tr. at 103:12-20. On January 7, 2010, Prentice filed a declaration "regarding who may be defined as a 'core group' within ProtectMarriage.com for

2

purposes of formulation of campaign strategy and messaging." Doc #364-1 at 3.  On January 8, 2010, Magistrate Judge Spero found that the Proponents only claimed a First Amendment privilege over communications among members of the core group of Yes on 8 and ProtectMarriage.com.  Doc #372 at 3.  Turning to the identity of the core group set out in Prentice's January 7 declaration, Magistrate Judge Spero included within the core group nearly all of the individuals and entities named by Mr. Prentice.  The Court held that communications to anyone outside the core group would not be protected by the First Amendment.  *See id.* at 5.  The Court further ordered that Proponents begin producing all relevant, non-privileged documents on a rolling basis beginning on January 10, 2010, and concluding not later than Sunday, January 17, 2010.  *Id.*

## STANDARD OF REVIEW

Magistrate Judge Spero's order in this matter may not be set aside unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. Proc. 72(a).  *See also Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (explaining a magistrate's decision on non-dispositive discovery issues is reviewed by the district court under the clearly erroneous standard); *Keithley v. Homestore.com, Inc.*, 629 F.Supp.2d 972, 974 (N.D. Cal. 2008) (elaborating that a magistrate's decision on a non-dispositive issue is reviewed by the district judge under the clearly erroneous standard).  Far from "clearly erroneous or contrary to law," Magistrate Judge Spero's challenged order is correct and should not be disturbed.

## RESPONSES TO DEFENDANT INTERVENORS' OBJECTIONS

Proponents make three objections to Magistrate Judge Spero's January 8, 2010 Order:  1) that he misconstrued this Court's earlier rulings on relevance (Doc #446 at 13); 2) that his definition of the "core group" of ProtectMarriage.com violates Proponents' First Amendment rights (*id*. at 15-19); and 3) that his Order places improper burdens on Proponents (*id*. at 19-20).  None of these objections bears scrutiny.

### A.    Proponents' Objections to Relevance Rulings

Proponents argue that this Court's October 1 and November 11 Orders limited *all* of Plaintiffs' discovery requests, and not just request number 8, as the Orders stated.  Magistrate Judge Spero rejected Proponents' relevance arguments as frivolous.  Jan. 6, 2010 Hr'g Tr. at 116:20-22 ("I

3

think the relevance objection is entirely frivolous. I think that the interpretation of Judge Walker's ruling is completely frivolous . . .").

In challenging this ruling, Proponents mischaracterize both this Court's and Magistrate Judge Spero's Orders. For instance, Proponents claim that, in its October 1 Order, this Court held "that *a discovery request* 'encompassing any communication between proponents and any third party[] is simply too broad.'" Doc #446 at 6:11-12 (emphasis added), quoting Doc #214 at 16. What this Court actually said, however, was that "*Plaintiffs' request no 8*, currently encompassing any communication between proponents and any third party, is simply too broad." Doc #214 at 15-16. Proponents' entire argument is founded on ignoring the Court's actual holding, which was about "Plaintiffs' request no 8," and instead pretending that the Court's holding was about "a" non-specific discovery request.

Similarly, this Court's November 11 Order addressed only "a sample of documents potentially responsive to plaintiffs' revised *eighth document request*." Doc #252 at 2 (emphasis added). Neither the October 1 nor the November 11 Order mentions Request No. 1 or Request No. 6. Magistrate Judge Spero noted that Proponents were "grasping at straws" with this argument "because it's clear the ruling only on number eight, [and] wasn't ruling on any other document request …." Jan. 6, 2010 Hr'g Tr. at 120:4-7. Proponents admitted as much during the January 6 hearing, acknowledging that this Court's November 11 Order was only as "to number eight," but claiming that they "believed that numbers one and number six were subsets of number eight" and therefore should be interpreted to include them. Jan. 6, 2010 Hr'g Tr. at 118:20-119:5.

In the face of these facts, Proponents claim that, with respect to relevance, "Magistrate Judge Spero held that the limits set out in this Court's October 1 and November 11 Orders no longer applied." Doc #446 at 12 (citing Jan. 6, 2010 Hr'g Tr. 18, 89). This is flatly untrue, and Proponents' citations to the hearing transcript have nothing to do with the assertion they supposedly support. Proponents also claim that Magistrate Judge Spero found that this Court's and the Ninth Circuit's "'sufficient and specific' guidance was 'too amorphous' because it could 'mean anything.'" Doc #446 at 14:15-19, quoting Jan. 6, 2010 Hr'g Tr. 88, 89. But while Proponents characterize Magistrate Judge Spero's statement as disregarding the Court's and the Ninth Circuit's relevance

4

1  rulings, it is plain from the transcript that he was talking about something different: what documents
2  Proponents needed to *log* on their privilege log.  Jan. 6, 2010 Hr'g Tr. 88 (Proponents must log
3  communications among the core group related to strategy and messaging).  Indeed, Magistrate Judge
4  Spero agreed with Proponents' counsel that the Ninth Circuit's ruling did not alter this Court's
5  relevance or responsiveness rulings at all.  Jan. 6, 2010 Hr'g Tr. 18:20-25.

6        In sum, Proponents' relevance objections are meritless and should be rejected.

7  **B.**      **Proponents' Objections to the Court's First Amendment Privilege Rulings Are Meritless**

8        The Ninth Circuit was clear:  Proponents' First Amendment privilege is "limited to *private,*
9  *internal* campaign communications concerning the *formulation of campaign strategy and messages*.
10  [citation]." *Perry v. Schwarzenegger*, No. 09-17241, amended slip op. at 602 n.12 (9th Cir. Jan. 4,
11  2010) (emphases in original).  The Ninth Circuit specified that Proponent's First Amendment
12  privilege applies only to communications among persons in the "core group" who are "engaged in the
13  *formulation* of campaign strategy and messages." *Id*. at 603 n. 12 (emphasis added).  Following this
14  direction, Magistrate Judge Spero specified individuals and entities within ProtectMarriage.com's
15  "core group" based almost entirely on declarations submitted by Proponents.  Doc #372 at 4:16-26.

16        Proponents argue that they should be allowed to withhold communications with *additional*
17  groups and individuals, despite the fact that they are not part of the core group.  Proponents advance
18  two arguments in support of this claim:  ***first***, communications from the "core group" to outsiders in
19  order to implement messaging or strategy (Doc #446 at 16-17); and ***second***, communications with
20  other, like-minded organizations about Prop 8 (*id*. at 17-18).  Proponents' objections should be seen
21  as what they are—efforts to expand the scope of privilege beyond the Ninth Circuit's holding, both
22  by expanding the type of people and entities included in the "core group," and by expanding the
23  appropriate subject matters of what the privilege covers.  Proponents' arguments fail.

24        *First*, a "core group" engaged in "formulation of strategy and message" does not, by
25  definition, include those who only helped disseminate or implement the messages of the campaign
26  after they had been formulated.  It does not, by definition, include those who were not part of the
27  internal management structure of the campaign charged with formulating campaign strategy and
28  messages.  The Ninth Circuit specifically limited the parameters of its ruling to a "core group" that is

Gibson, Dunn &
Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' RESPONSE TO PROPONENTS' OBJECTIONS
TO DISCOVERY ORDERS OF MAGISTRATE JUDGE SPERO

1    *engaged* in the formulation of campaign strategy.  *Perry v. Schwarzenegger*, No. 09-17241, amended

2    slip op. at 603 n. 12.

3        In any event, it appears that Magistrate Judge Spero's articulation of ProtectMarriage.com's

4    core group was identical to ProtectMarriage.com's asserted core group, with the exception of one

5    vendor.  Doc #372 at 3-4.  The information Proponents submitted to the Court regarding their

6    campaign structure identified particular individuals and organizations as involved in strategy and

7    messaging.  Doc #364-1 at 4-6.  The January 7, 2010 Prentice Declaration purports to list the

8    individuals and vendors "said to be part of the 'core group' of those involved in the formulation of

9    ProtectMarriage.com's messages and strategy."  Doc # 364-1 at ¶ 3.  Although Mr. Prentice's

10   November 5, 2009 Declaration is sealed and thus inaccessible for Plaintiffs' review, it appears that

11   the only individual or vendor submitted to the Court as part of the ProtectMarriage.com core group

12   that was excluded from the Court's designation of core groups was Marketing Communication

13   Services, Inc. ("MCSI"), run by Bill Criswell.[1]  In light of this fact, it appears that Proponents have

14   little, if anything, to complain of on this front.

15       ***Second***, Proponents have claimed that ProtectMarriage.com was a separate entity from other

16   organizations campaigning for Prop. 8.  For example, Protectmarriage.com's chairman, Ron Prentice,

17   would only admit that ProtectMarriage.com was a "coalition . . . to the extent that people aligned with

18   a generally directed purpose" and described the coalition as "loosely formed."  Prentice Dep. 50:2-4;

19   58:4-5 (attached to the concurrently-filed Justice Lazarus Declaration).  Nevertheless, Proponents

20   now complain about Magistrate Judge Spero's determination that communications between the

21   Proponents and organizations and people assertedly in this "loosely formed" coalition are not within

22   the "private, internal" core group of ProtectMarriage.com.  Doc #446 at 17-19.  But Proponents

---

[1]  Magistrate Judge Spero's exclusion of MCSI from the core group was well-founded.  Indeed, in his sworn declaration in support of his Motion to Quash Plaintiffs' subpoena, Bill Criswell, the president of MCSI, claims that "MCSI did not participate in conceptualizing or devising the advertising campaign . . . At no time did MCSI develop or assist in the development of the message(s) or theme(s) conveyed by the campaign to the voting populace.  Further, MCSI had no direct interaction with the campaign staff."  Doc. # 351-1 at ¶ 5.  Mr. Criswell's statement is at odds with Proponents' claim that "MCSI was provided with draft materials considered internal to the campaign and never meant for public distribution."  Doc. # 446 at 16.  Magistrate Judge Spero was certainly entitled to credit Mr. Criswell.

cannot have it both ways. They were either in a "core group" with the individuals and organizations whose campaign communications they have labored so mightily to distance themselves from, or they were not. And their claim is that they are not. Thus these communications are not within the Ninth Circuit's articulation of the scope of privilege.

Proponents also claim, off-handedly, that they did not have enough time to designate a "core group." Doc #446 at n.1. This is a red herring. As noted above, Protectmarriage.com's chairman, Mr. Prentice, has described under oath the management structure and responsibilities of the official Yes on 8 campaign. Doc # 364-1. This is precisely the group that falls within the Ninth Circuit's description of the "core group." Proponents' exclusion from this group of entities or individuals in the "loosely formed" coalition was doubtless for a reason, and disproves Proponents' apparent assertion that the "core group" now includes those entities and individuals. Proponents' complaint that "no party was on notice as to how this Court would interpret and apply the concept of 'core group'" (*see* Doc #446, at 13) is concerning, given that Magistrate Judge Spero's challenged rulings are based upon Proponents' Chairman's own sworn statements regarding the nature and responsibilities of the campaign's management.

In sum, Proponents cannot have it both ways. If they claim an associational privilege with groups outside of ProtectMarriage.com, it must be because ProtectMarriage.com worked hand-in-hand with these groups in formulating one another's messages in the Prop. 8 campaign. They cannot simultaneously distance themselves from the messages these organizations disseminated during the Prop. 8 campaign, and also claim a first amendment associational privilege with those very same organizations.[2]

---

[2] Proponents also object because Magistrate Judge Spero's orders do not categorically exclude the City Attorney's Office from access to documents marked "Attorneys' Eyes Only." Doc #446 at 18. Proponents base this objection on two grounds. First, Proponents contend that the Discovery Order requires disclosure "to attorneys who have known and entrenched roles in the political battle." Id. at 18-19. But Proponents raised this objection to Magistrate Judge Spero and, as a result, he added additional language to the protective order to allow Proponents to specifically object to any individual attorney. Doc #425 at ¶ 7.3(a). Thus, if Proponents have facts supporting their concern that a particular attorney has "known and entrenched roles in the political battle," and if a party (including San Francisco) designates such an attorney as eligible to receive such information, Proponents may object. See also Jan. 6, 2010 Hr'g Tr. 101 ("[t]he city attorney's office, I must say, has worked in this Court and

[Footnote continued on next page]

1   **C.      Defendant-Intervenors' Objections to Production Schedule and Burden Rulings**

Proponents complain that "the production and privilege log schedule set out in Magistrate Judge Spero's order" is "unrealistic and prejudicial." Doc #446 at 19. But it is Plaintiffs and the Court who have been, and continue to be, prejudiced by Proponents' stall tactics. Indeed, Proponents did not even file their objections until nearly a week after Magistrate Judge Spero's challenged ruling. As Magistrate Judge Spero recognized, any burden imposed is of Proponents' own making. Jan. 6, 2010 Hr'g Tr. 115. Proponents assert that they have "endeavored to meet their discovery obligations while also defending their constitutional rights," but that claim rings hollow given their insubstantial relevance arguments and the lengthy and unjustified withholding of documents based on those arguments. *See*, *e.g.*, Jan. 6, 2010 Hr'g Tr. 73 (arguing that communications sent to less than 200 people could still be withheld as privileged).

* * * * *

As with any party asserting a privilege, particularly a qualified privilege, Proponents were on notice that their attempts to withhold documents might not succeed. They represented to Plaintiffs that they were preparing to produce these documents in the event they were required to do so. Yet now that the Court has ordered production of these documents as a result of the Ninth Circuit's ruling, Proponents seek to prolong this discovery battle further—presumably until after the trial is over. Proponents' objection has no basis, and Magistrate Judge Spero was correct to reject Proponents' arguments. Jan. 6, 2010 Hr'g Tr. 114.

---

[Footnote continued from previous page]
with this Court on many cases, many cases, involving highly confidential matters, and I have always found their lawyers supremely ethical and I have no doubt they will treat this ethically. On the other hand, if there is some specific evidence as to an individual, I want to hear about that"). The protective order is a more than adequate safeguard against Proponents' concerns.

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED: January 15, 2010 | GIBSON, DUNN & CRUTCHER LLP<br>Theodore B. Olson<br>Theodore J. Boutrous, Jr.<br>Christopher D. Dusseault<br>Ethan D. Dettmer<br>Matthew D. McGill<br>Amir C. Tayrani<br>Sarah E. Piepmeier<br>Theane Evangelis Kapur<br>Rebecca Justice Lazarus<br>Enrique A. Monagas |

By: _____/s/_____
             Ethan D. Dettmer

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno
Joshua I. Schiller

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO