COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S MOTION TO COMPEL COMPLIANCE WITH NONPARTY DOCUMENT SUBPOENAS**<br><br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

| | |
|---|---|
| 1 | SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants, |
| 7 | and |
| 8 | PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, |
| 9 | |
| 10 | |
| 11 | |
| 12 | Defendant-Intervenors. |

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that as soon as practicable given the Court's trial schedule, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") will move the Court for an order compelling production of documents by non-parties Californians Against Eliminating Basic Rights, Equality California, and No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union of Northern California.[1]

The issue to be decided is: Must the subpoenaed parties, pursuant to subpoenas issued out of this judicial district, produce documents that this Court has deemed relevant and nonprivileged?

## **INTRODUCTON**

The Court has determined that it must build a record of "the mix of information before and available to the voters." Doc #214 at 14. On January 8, the Court held that this mix of information consists of any document that "contain[s], refer[s] or relate[s] to arguments for or against Proposition 8." Doc #372 at 5. The Court thus ordered Proponents of Proposition 8 to produce any such document to Plaintiffs by January 17. But during the election over Proposition 8, the voters did not hear and consider the voices of only ProtectMarriage.com. Instead, there was a cacophony of voices, consisting of far more than Proponents' communications. Indeed, perhaps the loudest voice in the election was that of a coalition of groups opposed to Proposition 8—a coalition that outspent the backers of Proposition 8 and poured a total of $45 million into the election. If the Court is intent on building a

---

[1] Pursuant to N.D. Cal. L.R. 7-2(a), this motion must be noticed for hearing "on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Given that the next available date on the Court's calendar is April 1, 2010, and that trial is already underway, Proponents respectfully request that the Court schedule this motion for hearing as soon as the trial schedule will allow. Concurrently with this motion, Proponents have filed an
(Continued)

1

balanced record of the mix of information before and available to the voters, then the documents possessed by the main groups in this coalition are indispensible—and, given that trial is already underway, must be produced immediately.

## BACKGROUND

The Proposition 8 election was preceded by one of the most extensive and expensive ballot measure campaigns in California's history. *See, e.g.*, John Wildermuth, *Prop. 8 among costliest measures in history*, S.F. GATE, Feb. 3, 2009, *at* http://articles.sfgate.com/2009-02-03/bay-area/17190799_1_same-sex-marriage-equality-california-campaign. ProtectMarriage.com—one of the Defendant-Intervenors in this case—was the principal organization promoting passage of Proposition 8. Aligned against Proposition 8 was a coalition of organizations that together outspent ProtectMarriage.com—to a total tab of $45 million. *See id.*

As the Court is aware, Plaintiffs have contended that virtually every document created by Proponents during the course of the campaign is relevant to their constitutional challenge to Proposition 8. *See* Doc # 187-3 (Plaintiffs' Requests for Production). Proponents have long objected to the sweeping scope of Plaintiffs' discovery requests, on First Amendment privilege, relevance, and burden grounds. *See, e.g.*, Doc #s 187, 197. Proponents have repeatedly maintained, however, that to the extent the Court deemed such discovery relevant and nonprivileged, Proponents would be obliged to seek reciprocal discovery from the groups and persons who campaigned against Proposition 8. *See, e.g.*, Doc # 187 at 3-4.

Proponents thus issued document subpoenas to several organizations that mounted major campaigns in opposition to Proposition 8, including Californians Against Eliminating Basic Rights ("CAEBR"), Equality California, and No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union of Northern California ("ACLU") (collectively, "the No on 8

---

administrative motion to shorten time.

groups"). *See* Exs. 1 and 2. The document requests in the subpoenas mirrored those in Plaintiffs' requests to Proponents. For example, the subpoenas require the No on 8 groups to produce: (i) "all documents … or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8," and (ii) "all documents constituting communications that you prepared for public distribution relating to Proposition 8"; and (iii) "all versions of any documents that reflect communications relating to Proposition 8 between you and any third party." *See* Ex. 1.[2] Because Proponents' motion seeking a limitation on the permissible scope of discovery was being litigated in this Court and the Ninth Circuit, Proponents advised the No on 8 groups that the requests were to be read to extend no further (but no less extensively) than the permissible scope of discovery as ultimately defined by this Court. Proponents kept the No on 8 groups apprised of developments on this front and continually reminded them of their obligations to produce pursuant to Rule 45. *See* Ex. 3.

The No on 8 groups objected to the subpoenas on several grounds, including relevance, privilege, and burden. *See* Ex. 4. For example, the ACLU objected that "[t]he Subpoena seeks information that is irrelevant to the issues in the case," that "[t]he Subpoena seeks material that is protected and privileged from disclosure pursuant to the First Amendment," and that "[c]ompliance with the Subpoena would impose an undue burden on the ACLU." *See* Ex. 4 at 3-4. And Equality California objected to the subpoena "on the ground that the information and/or documents sought in the requests are irrelevant," and to the extent it "seeks information and documents that were not publicly distributed on privacy grounds and to the extent it violated protections guaranteed by the United States Constitution." *Id.* at 48-59. Indeed, Equality California flatly stated it "will not produce any information or documents that were not publicly distributed." *Id.* at 50. And CAEBR objected that the subpoena because it: is "unduly burdensome"; "requires disclosing confidential research and proprietary information"; infringes "the right to privacy and freedom of association"; and "seeks

---

[2] Pursuant to Plaintiffs' narrowing of their Request No. 8, this last request was later
(Continued)

1  documents that are not relevant to this action." *Id.* at 28-34.

2  On October 1 and November 11, this Court set limitations on the permissible scope of a request that seeks documents regarding Prop 8 issued to "any third party." *See* Doc #s 214, 252. On January 7, 2010, however—after the First Amendment privilege issue had been litigated in the Ninth Circuit—the Court withdrew those limitations, ruling that "we're going back." Hr'g of Jan. 6, 2020, Tr. at 89. On January 8, the Court ruled that the "First Amendment privilege protects '*private, internal* campaign communications concerning the *formulation of strategy and messages*,'" and that "[c]ommunications to anyone outside the core group are not privileged under the First Amendment." Doc # 372 at 2, 5 (quoting *Perry v. Schwarzenegger*, 09-17241, Slip op. at 36 n.12 (9th Cir. Jan. 4, 2010) (emphasis in original)). The Court further held that any such "documents that contain, refer or relate to arguments for or against Proposition 8" are "relevant" and must be produced, and that that "all documents consisting of communications between or among members of the core group" must be logged. *Id.* at 5. The Court held that a "short production schedule is necessary in light of the trial scheduled to begin on January 11, 2010." *Id.* at 5-6.

On January 12, 2010, Proponents advised the No on 8 groups of these developments and requested that they identify their "core group" by close of business on January 13 and then begin immediate, rolling production of all responsive, nonprivileged documents. *See* Ex. 5. The No on 8 groups apprised Proponents that, despite this Court's orders defining the permissible scope of document requests in this case, they stood by previous objections and would not produce all documents responsive to the requests in the subpoenas. *See* Ex. 6.

The No on 8 groups have not filed any motions to quash the subpoenas.

---

narrowed to mirror Plaintiffs' revised request. *See* Ex. 3 (Letters of Oct. 9, 2009); Ex. 2.

**ARGUMENT**

The Court has stated its intention "to determine, on a complete record, whether injunctive relief may be appropriate" in this case. Doc # 76 at 5. In order to compile this "complete record," the Court has held that it must examine "the history and development of California's ban on same-sex marriage" and the "historical context and the conditions existing prior to [Prop 8's] enactment," including "advertisements and ballot literature considered by California voters." *Id.* at 8-9. Moreover, the Court has held that "the mix of information before and available to the voters forms a legislative history that may permit the [C]ourt to discern whether the legislative intent of an initiative measure is consistent with and advances the governmental interest that its proponents claim in litigation challenging the validity of that measure or was a discriminatory motive." Doc # 214 at 14. And on January 8, the Court held that this mix of information before and available to the voters consists of any document "that contain[s], refer[s] or relate[s] to arguments for or against Proposition 8." Doc # 372 at 5.

To date, however, only one side of the debate over Proposition 8 has produced such materials—the Proponents. The Court cannot possibly build a "complete" and balanced record of this "mix of information" if the other side of the debate—which has many thousands of relevant documents and spent $45 million in an effort to inform and sway the electorate's knowledge and intent—is completely absent from the record.

Despite the fact that such documents are necessary to build a "complete record" of the "mix of information before and available to voters," the No on 8 groups have refused to produce or log documents in their possession. They have based this refusal on relevance and privilege grounds that this Court has rejected. When a party subpoenaed under Rule 45 interposes objections, "the serving party may move the issuing court for an order compelling production." Fed. R. Civ. P. 45(c)(2)(B)(i). Proponents so move this Court, and respectfully request that the No on 8 groups be directed to begin an immediate, rolling production of documents responsive to the subpoenas and discoverable pursuant to

this Court's orders concerning relevance and privilege. As the Court explained in its January 8 order, a "short production schedule is necessary in light of the trial scheduled to begin on January 11, 2010." Doc # 372 at 5-6.[3]

## CONCLUSION

For the foregoing reasons, Proponents respectfully request that the Court grant this motion to compel.

Dated: January 15, 2009

          COOPER AND KIRK, PLLC
          ATTORNEYS FOR DEFENDANTS-INTERVENORS
          DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
          MARTIN F. GUTIERREZ, MARK A. JANSSON, AND
          PROTECTMARRIAGE.COM – YES ON 8, A PROJECT
          OF CALIFORNIA RENEWAL

By:   /s/ Charles J. Cooper
       Charles J. Cooper

---

[3] Some of the No on 8 groups have claimed that a motion to compel is not timely under this Court's Local Rules. Rule 26-2, however, states that a "[d]iscovery cut off" applies "[u]nless otherwise ordered" and that "[d]iscovery requests that call for responses … after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." N.D. Cal. Civ. L.R. 26-2. Here, although the Court originally set a discovery cut-off of November 30, 2009, see Doc # 160 at 2, the Court just recently ruled on the scope of the First Amendment privilege and relevant discovery. See Doc # 372. Thus, the Court has already permitted motions to compel beyond the date established by L.R. 26-2, and it was just such a motion that resulted in the January 8 order. See Doc # 325 at 8 (seeking order compelling discovery and dated Dec. 28, 2009); Hr'g of Jan. 6, 2010, Tr. at 7 (noting that Doc # 325 seeks a "compelling" order); id. at 69 (noting that Plaintiffs "filed … what amounts to the motion to compel … on the 28th").

# CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 5-6 and 28 U.S.C. § 1746, I hereby certify that on this 15th of January 2010, I caused to be served via electronic mail a true and correct copy of the foregoing document upon the following:

Stephen V. Bomse
Orrick
405 Howard Street
San Francisco, CA 94105
415-773-4145
sbomse@orrick.com

*Counsel for ACLU*

Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, CA 94577
916-264-1818
kkrogseng@rjp.com

*Counsel for Californians Against Eliminating Basic Rights*

Leslie Kramer
Fenwick & West LLP
12th Floor
555 California Street
San Francisco, CA 94104
415-875-2396
lkramer@fenwick.com

*Counsel for Equality California*

/s/ Jesse Panuccio
Jesse Panuccio