# EXHIBIT 2

Dockets.Justia.com

# ACLU Subpoena



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

November 16, 2009

*Via United States First-Class Mail and Electronic Mail*

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Steve Bomse
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Bomse:

      Please find enclosed a new subpoena to produce documents and electronically stored information issued by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. Throughout this litigation, the Proposition 8 Proponents have tried to conform their document requests to your organization to mirror the requests that the *Perry* Plaintiffs have presented to them. Initially, the Proposition 8 Proponents sought to achieve this goal by imposing narrowing constructions on the requests in the original subpoena. While we continue to believe that imposing (and later removing) the narrowing constructions was reasonable and appropriate, for clarity's sake we have decided to reissue this subpoena and thus remove any doubt about the scope of our document requests.

      In accord with the suggestion in your email dated November 5, 2009, the Proposition 8 Proponents request that you accept service of this new subpoena by your email receipt of this letter and attached subpoena.

      Should you have any questions or concerns, please feel free to contact me at (480) 444-0020 or jcampbell@telladf.org.

      Thank you for your assistance in this matter.

                  Sincerely,

                  James A. Campbell

cc: All counsel of record
Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.  09-cv-2292 VRW |
| v. | ) | |
| Arnold Schwarzenegger, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union of
Northern California, 39 Drumm Street, San Francisco, California 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates<br>51 E. Campbell Ave., Suite 128<br>Campbell, California 95008 | Date and Time:<br><br>11/23/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   11/16/2009

CLERK OF COURT

OR

_____                   _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   The Proposition 8
Proponents and ProtectMarriage.com                           , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 09-cv-2292 VRW

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because _____ ; or

□ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .


I declare under penalty of perjury that this information is true.


Date: _____            _____
                                              *Server's signature*


                                              _____
                                              *Printed name and title*


                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1

received its official name, number, or ballot title.

3.      "Document" includes, but is not limited to, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term applies to all documents, whether in hard copy or electronic form, on your computers or the computers of your employees, agents, or representatives, whether provided by you to such individual or otherwise.

4.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

5.      "No on 8, Equality for All" means the No on 8, Equality for All campaign that opposed Proposition 8 on the November 2008 ballot in California.

6.      "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or "showing" includes the common meaning of those words as well as the indirect and direct references to the subject matter set forth in this Request.

**Requested Documents and Electronically Stored Information**

1.      Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

2.      Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

3.      Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

4.      Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

5.      Produce all plans, schematics, and versions of websites relating to Proposition 8 that you hosted, paid for, or sponsored.

6.      Produce all documents constituting communications that you prepared for public distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

7.     Produce all documents reflecting your postings related to Proposition 8 on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.     Produce all versions of any documents within your possession, custody, or control that reflect communications related to (1) campaign strategy in connection with Proposition 8, or (2) messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters or voter groups were viewed as likely supporters or opponents or undecided about Proposition 8 and without regard to whether the messages were actually disseminated or merely contemplated), between or among (1) those who had any role in managing or directing No on 8, Equality for All or the No on 8 campaign, or (2) those who provided advice, counseling, information, or services with respect to the efforts to encourage persons to vote for or against Proposition 8, or otherwise to educate persons about Proposition 8, including its meaning, intent, effects if enacted, or effects if rejected; persons or entities falling within these descriptions include, but are not limited to, persons who served on the executive committee of No on 8, Equality for All, Patrick Guerriero, Steve Smith, Geoff Kors, Kate Kendall, Julie Davis, Armour Griffin Media Group, LLC, Dewey Square Group, LLC, AC Public Affairs, Inc., Lake Research Partners, Inc., David Binder Research, Inc., Storefront Political Media, Skyy Consulting Inc. (d.b.a. CallFire), and Meringcarson.

9.     Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.     Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.

# CAEBR Subpoena



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

November 16, 2009

*Via United States First-Class Mail and Electronic Mail*

Californians Against Eliminating Basic Rights
c/o Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, California 94577

      Re: *Perry v. Schwarzenegger,*
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Krogseng:

      Please find enclosed a new subpoena to produce documents and electronically stored information issued by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. Throughout this litigation, the Proposition 8 Proponents have tried to conform their document requests to your organization to mirror the requests that the *Perry* Plaintiffs have presented to them. Initially, the Proposition 8 Proponents sought to achieve this goal by imposing narrowing constructions on the requests in the original subpoena. While we continue to believe that imposing (and later removing) the narrowing constructions was reasonable and appropriate, for clarity's sake we have decided to reissue this subpoena and thus remove any doubt about the scope of our document requests.

      In accord with the suggestion in your letter dated November 5, 2009, the Proposition 8 Proponents request that you accept service of this new subpoena by your email receipt of this letter and attached subpoena.

      Should you have any questions or concerns, please feel free to contact me at (480) 444-0020 or jcampbell@telladf.org.

      Thank you for your assistance in this matter.

                  Sincerely,

                  James A. Campbell

cc: All counsel of record
Encl.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| _Plaintiff_ | ) | Civil Action No.  09-cv-2292 VRW |
| v. | ) | |
| Arnold Schwarzenegger, et al. | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Californians Against Eliminating Basic Rights c/o James Harrison
     201 Dolores Avenue, San Leandro, California 94577

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates<br>51 E. Campbell Ave., Suite 128<br>Campbell, California 95008 | Date and Time:<br><br>11/23/2009 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/16/2009

_CLERK OF COURT_

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                       _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   The Proposition 8
_____Proponents and ProtectMarriage.com_____ , who issues or requests this subpoena, are:

James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   09-cv-2292 VRW

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because _____ ; or

❒ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____         _____
                                         *Server's signature*

                                    _____
                                         *Printed name and title*


                                    _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

received its official name, number, or ballot title.

3.      "Document" includes, but is not limited to, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term applies to all documents, whether in hard copy or electronic form, on your computers or the computers of your employees, agents, or representatives, whether provided by you to such individual or otherwise.

4.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

5.      "No on 8, Equality for All" means the No on 8, Equality for All campaign that opposed Proposition 8 on the November 2008 ballot in California.

6.      "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or "showing" includes the common meaning of those words as well as the indirect and direct references to the subject matter set forth in this Request.

**Requested Documents and Electronically Stored Information**

1.      Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

2.      Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

3.      Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

4.      Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

5.      Produce all plans, schematics, and versions of websites relating to Proposition 8 that you hosted, paid for, or sponsored.

6.      Produce all documents constituting communications that you prepared for public distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

7.     Produce all documents reflecting your postings related to Proposition 8 on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.     Produce all versions of any documents within your possession, custody, or control that reflect communications related to (1) campaign strategy in connection with Proposition 8, or (2) messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters or voter groups were viewed as likely supporters or opponents or undecided about Proposition 8 and without regard to whether the messages were actually disseminated or merely contemplated), between or among (1) those who had any role in managing or directing No on 8, Equality for All or the No on 8 campaign, or (2) those who provided advice, counseling, information, or services with respect to the efforts to encourage persons to vote for or against Proposition 8, or otherwise to educate persons about Proposition 8, including its meaning, intent, effects if enacted, or effects if rejected; persons or entities falling within these descriptions include, but are not limited to, persons who served on the executive committee of No on 8, Equality for All, Patrick Guerriero, Steve Smith, Geoff Kors, Kate Kendall, Julie Davis, Armour Griffin Media Group, LLC, Dewey Square Group, LLC, AC Public Affairs, Inc., Lake Research Partners, Inc., David Binder Research, Inc., Storefront Political Media, Skyy Consulting Inc. (d.b.a. CallFire), and Meringcarson.

9.     Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.     Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

November 16, 2009

*Via United States First-Class Mail and Electronic Mail*

Californians Against Eliminating Basic Rights
c/o Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, California 94577

Re: *Perry v. Schwarzenegger,*
U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Krogseng:

Please find enclosed a new subpoena to produce documents and electronically stored information issued by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. Throughout this litigation, the Proposition 8 Proponents have tried to conform their document requests to your organization to mirror the requests that the *Perry* Plaintiffs have presented to them. Initially, the Proposition 8 Proponents sought to achieve this goal by imposing narrowing constructions on the requests in the original subpoena. While we continue to believe that imposing (and later removing) the narrowing constructions was reasonable and appropriate, for clarity's sake we have decided to reissue this subpoena and thus remove any doubt about the scope of our document requests.

In accord with the suggestion in your letter dated November 5, 2009, the Proposition 8 Proponents request that you accept service of this new subpoena by your email receipt of this letter and attached subpoena.

Should you have any questions or concerns, please feel free to contact me at (480) 444-0020 or jcampbell@telladf.org.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record
Encl.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | Civil Action No. 09-cv-2292 VRW |
| v. | ) | |
| Arnold Schwarzenegger, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Californians Against Eliminating Basic Rights c/o James Harrison
     201 Dolores Avenue, San Leandro, California 94577

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates 51 E. Campbell Ave., Suite 128 Campbell, California 95008 | Date and Time: 11/23/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  11/16/2009

*CLERK OF COURT*

                                                    OR

_____               _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    The Proposition 8
_____Proponents and ProtectMarriage.com_____ , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   09-cv-2292 VRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                        *Server's signature*

                               _____
                                        *Printed name and title*


                               _____
                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.      Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.      All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.      All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.      If any portion of a document is included within this Request, the entire document should be produced.

5.      If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.      Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.      "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.      "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1

received its official name, number, or ballot title.

     3.     "Document" includes, but is not limited to, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term applies to all documents, whether in hard copy or electronic form, on your computers or the computers of your employees, agents, or representatives, whether provided by you to such individual or otherwise.

     4.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

     5.     "No on 8, Equality for All" means the No on 8, Equality for All campaign that opposed Proposition 8 on the November 2008 ballot in California.

     6.     "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or "showing" includes the common meaning of those words as well as the indirect and direct references to the subject matter set forth in this Request.

**Requested Documents and Electronically Stored Information**

     1.     Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

     2.     Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

     3.     Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

     4.     Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

     5.     Produce all plans, schematics, and versions of websites relating to Proposition 8 that you hosted, paid for, or sponsored.

     6.     Produce all documents constituting communications that you prepared for public distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

7.     Produce all documents reflecting your postings related to Proposition 8 on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.     Produce all versions of any documents within your possession, custody, or control that reflect communications related to (1) campaign strategy in connection with Proposition 8, or (2) messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters or voter groups were viewed as likely supporters or opponents or undecided about Proposition 8 and without regard to whether the messages were actually disseminated or merely contemplated), between or among (1) those who had any role in managing or directing No on 8, Equality for All or the No on 8 campaign, or (2) those who provided advice, counseling, information, or services with respect to the efforts to encourage persons to vote for or against Proposition 8, or otherwise to educate persons about Proposition 8, including its meaning, intent, effects if enacted, or effects if rejected; persons or entities falling within these descriptions include, but are not limited to, persons who served on the executive committee of No on 8, Equality for All, Patrick Guerriero, Steve Smith, Geoff Kors, Kate Kendall, Julie Davis, Armour Griffin Media Group, LLC, Dewey Square Group, LLC, AC Public Affairs, Inc., Lake Research Partners, Inc., David Binder Research, Inc., Storefront Political Media, Skyy Consulting Inc. (d.b.a. CallFire), and Meringcarson.

9.     Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.     Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.

3

# Equality California Subpoena



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

November 16, 2009

*Via United States First-Class Mail and Electronic Mail*

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o Carolyn Chang
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

Re: *Perry v. Schwarzenegger*,
U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Chang:

Please find enclosed a new subpoena to produce documents and electronically stored information issued by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. Throughout this litigation, the Proposition 8 Proponents have tried to conform their document requests to your organization to mirror the requests that the *Perry* Plaintiffs have presented to them. Initially, the Proposition 8 Proponents sought to achieve this goal by imposing narrowing constructions on the requests in the original subpoena. While we continue to believe that imposing (and later removing) the narrowing constructions was reasonable and appropriate, for clarity's sake we have decided to reissue this subpoena and thus remove any doubt about the scope of our document requests.

To expedite this matter, the Proposition 8 Proponents request that you accept service of this new subpoena by your email receipt of this letter and attached subpoena. Please let me know if this is acceptable to you.

Should you have any questions or concerns, please feel free to contact me at (480) 444-0020 or jcampbell@telladf.org.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record
Encl.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Kristin M. Perry, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   09-cv-2292 VRW |
| v. | ) | |
| Arnold Schwarzenegger, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Win Marriage Back, A Project of Equality California (formerly known as No on 8 - Equality California), 2370
     Market Street, 2nd Floor, San Francisco, California 94114

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See attached Exhibit A for list of requested documents and electronically stored information.

| Place: The Law Firm of J. Hector Moreno, Jr. and Associates<br>51 E. Campbell Ave., Suite 128<br>Campbell, California 95008 | Date and Time:<br><br>11/23/2009 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:    11/16/2009

                    CLERK OF COURT

                                                          OR

    _____                    _____
       *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    The Proposition 8
        Proponents and ProtectMarriage.com                    , who issues or requests this subpoena, are:
James A. Campbell, 15100 N. 90th Street, Scottsdale, Arizona 85260, jcampbell@telladf.org, (480) 444-0020.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-cv-2292 VRW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**Instructions**

1.     Your organization is required to furnish all documents, electronically stored information, or things in your possession, custody, or control, or known or available to you, regardless of whether such documents, electronically stored information, or things are possessed directly by you or your employees, agents, representatives, accountants, attorneys, investigators, or consultants.

2.     All documents should be produced in the same manner as they are kept in the ordinary course of business, or the documents should be organized and labeled to correspond to the categories in this Request.

3.     All electronically stored information should be produced in the same manner as it is kept in the ordinary course of business, or that information should be organized and labeled to correspond to the categories in this Request.

4.     If any portion of a document is included within this Request, the entire document should be produced.

5.     If any document cannot be produced in full, you should produce that document to the fullest extent possible, specifying the reasons for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

6.     Unless otherwise indicated, this Request applies to the period of time from January 1, 2006, through and including the date of production of the requested documents.

**Definitions**

1.     "You" and "your" mean the organization identified in the Subpoena to which this Exhibit is attached.  It includes all predecessor or successor organizations regardless of their names. It also includes all employees, agents, or representatives of that organization.

2.     "Proposition 8" means the proposition that was placed on the November 2008 ballot in the State of California and became known as "Proposition 8" for purposes of that election.  No reference to "Proposition 8" shall be construed as limited by the date on which Proposition 8

1

received its official name, number, or ballot title.

3.    "Document" includes, but is not limited to, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term applies to all documents, whether in hard copy or electronic form, on your computers or the computers of your employees, agents, or representatives, whether provided by you to such individual or otherwise.

4.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries, thoughts, or otherwise, and without limitation as to means or method.

5.    "No on 8, Equality for All" means the No on 8, Equality for All campaign that opposed Proposition 8 on the November 2008 ballot in California.

6.    "Reflecting," "relating," "supporting," "concerning," "evidencing," "referring," or "showing" includes the common meaning of those words as well as the indirect and direct references to the subject matter set forth in this Request.

**<u>Requested Documents and Electronically Stored Information</u>**

1.    Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

2.    Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

3.    Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

4.    Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

5.    Produce all plans, schematics, and versions of websites relating to Proposition 8 that you hosted, paid for, or sponsored.

6.    Produce all documents constituting communications that you prepared for public distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points, articles, notes, and automated telemarketing phone calls.

7.      Produce all documents reflecting your postings related to Proposition 8 on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

8.      Produce all versions of any documents within your possession, custody, or control that reflect communications related to (1) campaign strategy in connection with Proposition 8, or (2) messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters or voter groups were viewed as likely supporters or opponents or undecided about Proposition 8 and without regard to whether the messages were actually disseminated or merely contemplated), between or among (1) those who had any role in managing or directing No on 8, Equality for All or the No on 8 campaign, or (2) those who provided advice, counseling, information, or services with respect to the efforts to encourage persons to vote for or against Proposition 8, or otherwise to educate persons about Proposition 8, including its meaning, intent, effects if enacted, or effects if rejected; persons or entities falling within these descriptions include, but are not limited to, persons who served on the executive committee of No on 8, Equality for All, Patrick Guerriero, Steve Smith, Geoff Kors, Kate Kendall, Julie Davis, Armour Griffin Media Group, LLC, Dewey Square Group, LLC, AC Public Affairs, Inc., Lake Research Partners, Inc., David Binder Research, Inc., Storefront Political Media, Skyy Consulting Inc. (d.b.a. CallFire), and Meringcarson.

9.      Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

10.      Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.