# EXHIBIT 3

Dockets.Justia.com

# 09/15/09 Letter to ACLU



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

September 15, 2009

*Via Overnight Delivery and Electronic Mail*

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Bonnie S. Anderson
39 Drumm Street
San Francisco, California 94111

> Re: *Perry v. Schwarzenegger*,
> U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Anderson:

This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

The Proposition 8 Proponents reiterate, as we indicated in the cover letter that accompanied the subpoena, that in responding to the document requests you should "follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action." Further, we are not seeking your "organization's internal communications and documents, including communications between [your] organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization" and "to the extent [the requests] call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public."

The requests in the subpoena issued to your organization mirror the document requests that the Plaintiffs served on the Proposition 8 Proponents, with the significant caveat that the Proposition 8 Proponents—through the "narrowing construction" set forth above—attempted to exclude any documents we believe are irrelevant or constitutionally protected under controlling law. Unlike the Proposition 8 Proponents' attempts to exclude such materials in its subpoena to your organization, the Plaintiffs are insisting that the Proposition 8 Proponents provide documents that we believe are irrelevant and constitutionally protected. As a result, the Proposition 8 Proponents have objected to the Plaintiffs' requests. I have attached to this letter a copy of the Proposition 8 Proponents' objections.

1

Please understand that when you produce the requested documents, the Proposition 8 Proponents do not expect your organization to produce any of the materials to which we have objected in the attached document.

Nevertheless because the Proposition 8 Proponents and the Plaintiffs have been unable to reach an agreement on the permissible scope of discovery, we are filing with the Court a motion for a protective order. While the Proposition 8 Proponents will urge the Court that the objected-to materials are protected from disclosure, should the Court disagree with us, we would expect your organization to produce the same types of materials that we are required to produce.

If the Court rejects the motion for a protective order, the Proposition 8 Proponents will alert you of the need to provide additional documents at that time.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/09/09 Letter to ACLU



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 9, 2009

*Via United States First-Class Mail and Electronic Mail*

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Elizabeth O. Gill
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, California 94111

       Re: *Perry v. Schwarzenegger*,
       U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Gill:

       This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

       As discussed in our prior correspondence related to this subpoena, the information and documents sought by the Proposition 8 Proponents are the same information and documents being requested of the Proposition 8 Proponents by Plaintiffs. The discovery requests served on your organization mirror the requests served on Defendant-Intervenors with the significant caveat that the Proposition 8 Proponents have heretofore narrowed these requests in an attempt to exclude what we have argued to the Court in a Motion for a Protective Order are constitutionally protected documents that should be excluded from discovery on First Amendment, relevance, and burden grounds. I am now writing to inform you that on October 1, 2009, the Court issued an order granting in part and denying in part that motion. *See* Doc. No. 214 (attached hereto).

       With respect to the relevance and burdensomeness objections, the Court granted the motion in part as it applied to Request No. 8, holding that the Request "is broader than necessary to obtain all relevant discovery," and directing Plaintiffs to "revise request no 8 to target those communications most likely to be relevant." *Id.* at 15-16. With respect to the remainder of the Proposition 8 Proponents' relevance and burdensomeness objections, the motion was denied. *Id.* at 17. In accordance with the Court's instructions, Plaintiffs subsequently revised their Request No. 8, which is contained in the letter attached hereto from Ethan Dettmer to Nicole Moss dated October 5, 2009. Accordingly, we are likewise revising our Request No. 8 to your organization to mirror the revised request that has been served on the Proposition 8 Proponents.

We do not, however, expect you at this time to produce any documents other than those that have been previously requested and that are not included without our stated objections. Although the Court has denied our request for a Protective Order and thus production of such documents may ultimately be required, we are currently seeking a stay of the Court's October 1 Order as we pursue an appeal in the Ninth Circuit. A copy of the Notice of Appeal filed by the Proposition 8 Proponents is attached hereto. Once again, while the Proposition 8 Proponents will urge the District Court and/or Ninth Circuit to grant our request for a stay, should this request be denied or should we ultimately lose our appeal, we would expect your organization to produce the same materials that the Court requires us to produce. We will let you know immediately should that occur. For now, we simply wanted to inform you of these developments so that you can prepare for the eventuality that we will need to seek additional documents through this subpoena.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/29/09 Letter to ACLU



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 29, 2009

*Via United States First-Class Mail and Electronic Mail*

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Elizabeth O. Gill
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, California 94111

       Re: *Perry v. Schwarzenegger*,
       U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Gill:

       I am writing once again concerning the subpoena to produce documents and electronically stored information previously issued to your organization (or the organization that you represent) by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. As this case has progressed, the Proposition 8 Proponents have endeavored to keep you informed regarding discovery developments affecting the scope of the requests in the subpoena served on your organization. On October 23, 2009, shortly after we last communicated with you, we received the attached order from the district court in which this case is pending.

       For the reasons stated in the Proposition 8 Proponents' motion for a protective order (Doc # 187, Doc # 197) and in prior correspondence with you, we believe that some of the information requested in our subpoena (which mirrors the document requests served by Plaintiffs on the Proposition 8 Proponents) should not be the subject of discovery and should not factor into the Court's consideration of this case. We have, however, made clear from the outset of correspondence with you that our expectation is that your organization will need to produce the same types of documents and information that the Proposition 8 Proponents are required to produce.

       In light of the Court's orders of October 23, 2009, and October 1, 2009, denying a categorical claim of First Amendment privilege and requiring the Proposition 8 Proponents to submit claims of privilege to the Court on a document-by-document basis, *see* Doc # 237 at 4-7 (citing *Kerr v. United States District Court*, 426 U.S. 394 (1976)), we now have no choice but to seek from your organization the types of documents and information that the Court has deemed relevant to its consideration of this case. Thus, unless or until you or we obtain judicial relief from the type of discovery we are requesting, we must withdraw the narrowing interpretations on

1

the document requests that were served upon you and insist that you produce the documents and information requested in accordance with the Federal Rules of Civil Procedure.

To facilitate a discussion on logistics going forward, please let me know by November 2, 2009, how you intend to comply with your discovery obligations.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 09/15/09 Letter to CAEBR



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

September 15, 2009

*Via Overnight Delivery and Electronic Mail*

Californians Against Eliminating Basic Rights
c/o James C. Harrison and Kari Krogseng
201 Dolores Avenue
San Leandro, California 94577

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Harrison and Ms. Krogseng:

      This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

      The Proposition 8 Proponents reiterate, as we indicated in the cover letter that accompanied the subpoena, that in responding to the document requests you should "follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action." Further, we are not seeking your "organization's internal communications and documents, including communications between [your] organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization" and "to the extent [the requests] call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public."

      The requests in the subpoena issued to your organization mirror the document requests that the Plaintiffs served on the Proposition 8 Proponents, with the significant caveat that the Proposition 8 Proponents—through the "narrowing construction" set forth above—attempted to exclude any documents we believe are irrelevant or constitutionally protected under controlling law. Unlike the Proposition 8 Proponents' attempts to exclude such materials in its subpoena to your organization, the Plaintiffs are insisting that the Proposition 8 Proponents provide documents that we believe are irrelevant and constitutionally protected. As a result, the Proposition 8 Proponents have objected to the Plaintiffs' requests. I have attached to this letter a copy of the Proposition 8 Proponents' objections.

15100 N. 90TH STREET • SCOTTSDALE, ARIZONA 85260 • PHONE 480-444-0020 FAX 480-444-0028 WEB WWW.TELLADF.ORG

Please understand that when you produce the requested documents, the Proposition 8 Proponents do not expect your organization to produce any of the materials to which we have objected in the attached document.

Nevertheless because the Proposition 8 Proponents and the Plaintiffs have been unable to reach an agreement on the permissible scope of discovery, we are filing with the Court a motion for a protective order. While the Proposition 8 Proponents will urge the Court that the objected-to materials are protected from disclosure, should the Court disagree with us, we would expect your organization to produce the same types of materials that we are required to produce.

If the Court rejects the motion for a protective order, the Proposition 8 Proponents will alert you of the need to provide additional documents at that time.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/09/09 Letter to CAEBR



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 9, 2009

*Via United States First-Class Mail and Electronic Mail*

Californians Against Eliminating Basic Rights
c/o Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, California 94577

   Re: *Perry v. Schwarzenegger*,
   U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Krogseng:

   This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

   As discussed in our prior correspondence related to this subpoena, the information and documents sought by the Proposition 8 Proponents are the same information and documents being requested of the Proposition 8 Proponents by Plaintiffs. The discovery requests served on your organization mirror the requests served on Defendant-Intervenors with the significant caveat that the Proposition 8 Proponents have heretofore narrowed these requests in an attempt to exclude what we have argued to the Court in a Motion for a Protective Order are constitutionally protected documents that should be excluded from discovery on First Amendment, relevance, and burden grounds. I am now writing to inform you that on October 1, 2009, the Court issued an order granting in part and denying in part that motion. *See* Doc. No. 214 (attached hereto).

   With respect to the relevance and burdensomeness objections, the Court granted the motion in part as it applied to Request No. 8, holding that the Request "is broader than necessary to obtain all relevant discovery," and directing Plaintiffs to "revise request no 8 to target those communications most likely to be relevant." *Id.* at 15-16. With respect to the remainder of the Proposition 8 Proponents' relevance and burdensomeness objections, the motion was denied. *Id.* at 17. In accordance with the Court's instructions, Plaintiffs subsequently revised their Request No. 8, which is contained in the letter attached hereto from Ethan Dettmer to Nicole Moss dated October 5, 2009. Accordingly, we are likewise revising our Request No. 8 to your organization to mirror the revised request that has been served on the Proposition 8 Proponents.

   We do not, however, expect you at this time to produce any documents other than those that have been previously requested and that are not included without our stated objections. Although the Court has denied our request for a Protective Order and thus production of such

documents may ultimately be required, we are currently seeking a stay of the Court's October 1 Order as we pursue an appeal in the Ninth Circuit. A copy of the Notice of Appeal filed by the Proposition 8 Proponents is attached hereto. Once again, while the Proposition 8 Proponents will urge the District Court and/or Ninth Circuit to grant our request for a stay, should this request be denied or should we ultimately lose our appeal, we would expect your organization to produce the same materials that the Court requires us to produce. We will let you know immediately should that occur. For now, we simply wanted to inform you of these developments so that you can prepare for the eventuality that we will need to seek additional documents through this subpoena.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/29/09 Letter to CAEBR



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 29, 2009

*Via United States First-Class Mail and Electronic Mail*

Californians Against Eliminating Basic Rights
c/o Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, California 94577

    Re: *Perry v. Schwarzenegger,*
    U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Krogseng:

    I am writing once again concerning the subpoena to produce documents and electronically stored information previously issued to your organization (or the organization that you represent) by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. As this case has progressed, the Proposition 8 Proponents have endeavored to keep you informed regarding discovery developments affecting the scope of the requests in the subpoena served on your organization. On October 23, 2009, shortly after we last communicated with you, we received the attached order from the district court in which this case is pending.

    For the reasons stated in the Proposition 8 Proponents' motion for a protective order (Doc # 187, Doc # 197) and in prior correspondence with you, we believe that some of the information requested in our subpoena (which mirrors the document requests served by Plaintiffs on the Proposition 8 Proponents) should not be the subject of discovery and should not factor into the Court's consideration of this case. We have, however, made clear from the outset of correspondence with you that our expectation is that your organization will need to produce the same types of documents and information that the Proposition 8 Proponents are required to produce.

    In light of the Court's orders of October 23, 2009, and October 1, 2009, denying a categorical claim of First Amendment privilege and requiring the Proposition 8 Proponents to submit claims of privilege to the Court on a document-by-document basis, *see* Doc # 237 at 4-7 (citing *Kerr v. United States District Court*, 426 U.S. 394 (1976)), we now have no choice but to seek from your organization the types of documents and information that the Court has deemed relevant to its consideration of this case. Thus, unless or until you or we obtain judicial relief from the type of discovery we are requesting, we must withdraw the narrowing interpretations on the document requests that were served upon you and insist that you produce the documents and information requested in accordance with the Federal Rules of Civil Procedure.

1

To facilitate a discussion on logistics going forward, please let me know by November 2, 2009, how you intend to comply with your discovery obligations.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 09/15/09 Letter to Equality California



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

September 15, 2009

*Via Overnight Delivery*

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o James B. Carroll
2370 Market Street, 2nd Floor
San Francisco, California 94114

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Carroll:

      This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

      The Proposition 8 Proponents reiterate, as we indicated in the cover letter that accompanied the subpoena, that in responding to the document requests you should "follow the same narrowing constructions that the Proposition 8 Proponents and ProtectMarriage.com are following with respect to their responses to document requests from the Plaintiffs in this action." Further, we are not seeking your "organization's internal communications and documents, including communications between [your] organization and its agents, contractors, attorneys, or others in a similarly private and confidential relationship with the organization" and "to the extent [the requests] call for communications or documents prepared for public distribution, include only documents that were actually disclosed to the public."

      The requests in the subpoena issued to your organization mirror the document requests that the Plaintiffs served on the Proposition 8 Proponents, with the significant caveat that the Proposition 8 Proponents—through the "narrowing construction" set forth above—attempted to exclude any documents we believe are irrelevant or constitutionally protected under controlling law. Unlike the Proposition 8 Proponents' attempts to exclude such materials in its subpoena to your organization, the Plaintiffs are insisting that the Proposition 8 Proponents provide documents that we believe are irrelevant and constitutionally protected. As a result, the Proposition 8 Proponents have objected to the Plaintiffs' requests. I have attached to this letter a copy of the Proposition 8 Proponents' objections.

1

Please understand that when you produce the requested documents, the Proposition 8 Proponents do not expect your organization to produce any of the materials to which we have objected in the attached document.

Nevertheless because the Proposition 8 Proponents and the Plaintiffs have been unable to reach an agreement on the permissible scope of discovery, we are filing with the Court a motion for a protective order. While the Proposition 8 Proponents will urge the Court that the objected-to materials are protected from disclosure, should the Court disagree with us, we would expect your organization to produce the same types of materials that we are required to produce.

If the Court rejects the motion for a protective order, the Proposition 8 Proponents will alert you of the need to provide additional documents at that time.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/09/09 Letter to Equality California



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 9, 2009

*Via United States First-Class Mail and Electronic Mail*

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o Carolyn Chang
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

   Re: *Perry v. Schwarzenegger*,
   U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Chang:

  This letter is a follow-up correspondence regarding the subpoena to produce documents and electronically stored information previously issued to your organization by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*.

  As discussed in our prior correspondence related to this subpoena, the information and documents sought by the Proposition 8 Proponents are the same information and documents being requested of the Proposition 8 Proponents by Plaintiffs. The discovery requests served on your organization mirror the requests served on Defendant-Intervenors with the significant caveat that the Proposition 8 Proponents have heretofore narrowed these requests in an attempt to exclude what we have argued to the Court in a Motion for a Protective Order are constitutionally protected documents that should be excluded from discovery on First Amendment, relevance, and burden grounds. I am now writing to inform you that on October 1, 2009, the Court issued an order granting in part and denying in part that motion. *See* Doc. No. 214 (attached hereto).

  With respect to the relevance and burdensomeness objections, the Court granted the motion in part as it applied to Request No. 8, holding that the Request "is broader than necessary to obtain all relevant discovery," and directing Plaintiffs to "revise request no 8 to target those communications most likely to be relevant." *Id.* at 15-16. With respect to the remainder of the Proposition 8 Proponents' relevance and burdensomeness objections, the motion was denied. *Id.* at 17. In accordance with the Court's instructions, Plaintiffs subsequently revised their Request No. 8, which is contained in the letter attached hereto from Ethan Dettmer to Nicole Moss dated October 5, 2009. Accordingly, we are likewise revising our Request No. 8 to your organization to mirror the revised request that has been served on the Proposition 8 Proponents.

  We do not, however, expect you at this time to produce any documents other than those that have been previously requested and that are not included without our stated objections.

15100 N. 90TH STREET · SCOTTSDALE, ARIZONA 85260 · PHONE 480-444-0020 FAX 480-444-0028 WEB WWW.TELLADF.ORG

Although the Court has denied our request for a Protective Order and thus production of such documents may ultimately be required, we are currently seeking a stay of the Court's October 1 Order as we pursue an appeal in the Ninth Circuit. A copy of the Notice of Appeal filed by the Proposition 8 Proponents is attached hereto. Once again, while the Proposition 8 Proponents will urge the District Court and/or Ninth Circuit to grant our request for a stay, should this request be denied or should we ultimately lose our appeal, we would expect your organization to produce the same materials that the Court requires us to produce. We will let you know immediately should that occur. For now, we simply wanted to inform you of these developments so that you can prepare for the eventuality that we will need to seek additional documents through this subpoena.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

# 10/29/09 Letter to Equality California



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

October 29, 2009

*Via United States First-Class Mail and Electronic Mail*

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o Carolyn Chang
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

> Re: *Perry v. Schwarzenegger,*
> U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Chang:

I am writing once again concerning the subpoena to produce documents and electronically stored information previously issued to your organization (or the organization that you represent) by the Proposition 8 Proponents and ProtectMarriage.com (collectively referred to as the "Proposition 8 Proponents") in connection with the above-captioned case, *Perry v. Schwarzenegger*. As this case has progressed, the Proposition 8 Proponents have endeavored to keep you informed regarding discovery developments affecting the scope of the requests in the subpoena served on your organization. On October 23, 2009, shortly after we last communicated with you, we received the attached order from the district court in which this case is pending.

For the reasons stated in the Proposition 8 Proponents' motion for a protective order (Doc # 187, Doc # 197) and in prior correspondence with you, we believe that some of the information requested in our subpoena (which mirrors the document requests served by Plaintiffs on the Proposition 8 Proponents) should not be the subject of discovery and should not factor into the Court's consideration of this case. We have, however, made clear from the outset of correspondence with you that our expectation is that your organization will need to produce the same types of documents and information that the Proposition 8 Proponents are required to produce.

In light of the Court's orders of October 23, 2009, and October 1, 2009, denying a categorical claim of First Amendment privilege and requiring the Proposition 8 Proponents to submit claims of privilege to the Court on a document-by-document basis, *see* Doc # 237 at 4-7 (citing *Kerr v. United States District Court*, 426 U.S. 394 (1976)), we now have no choice but to seek from your organization the types of documents and information that the Court has deemed relevant to its consideration of this case. Thus, unless or until you or we obtain judicial relief from the type of discovery we are requesting, we must withdraw the narrowing interpretations on the document requests that were served upon you and insist that you produce the documents and information requested in accordance with the Federal Rules of Civil Procedure.

1

To facilitate a discussion on logistics going forward, please let me know by November 2, 2009, how you intend to comply with your discovery obligations.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

cc: All counsel of record

Encl.

2