# EXHIBIT 4

Dockets.Justia.com

# ACLU Responses & Objections
# 09/17/09 & 11/20/09

1   STEPHEN V. BOMSE (STATE BAR NO. 40686)
    sbomse@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
3   405 Howard Street
    San Francisco, CA  94105-2669
4   Telephone:     (415) 773-5700
    Facsimile:      (415) 773-5759
5
    Attorneys for NO ON PROPOSITION 8, CAMPAIGN FOR
6   MARRIAGE EQUALITY: A PROJECT OF THE AMERICAN
    CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  KRISTIN M. PERRY, et al.,                Case No.  C-09-CV-2292 VRW

13              Plaintiffs,                   **RESPONSES AND OBJECTIONS OF
                                             NO ON PROPOSITION 8, CAMPAIGN
14       v.                                   FOR MARRIAGE EQUALITY: A
                                             PROJECT OF THE AMERICAN CIVIL
15  ARNOLD SCHWARZENEGGER, et al.,            LIBERTIES UNION OF NORTHERN
                                             CALIFORNIA TO INTERVENOR-
16              Defendants.                   DEFENDANTS PROPOSITION 8
                                             OFFICIAL PROPONENTS' AND
17                                           PROTECTMARRIAGE.COM'S
                                             SUBPOENA DATED NOVEMBER 16,
18                                           2009**

19

20

21              Pursuant to Rule 45(c)(2)(B), No on Proposition 8, Campaign for Marriage

22  Equality, A Project of the American Civil Liberties Union of Northern California ("ACLU")

23  hereby objects to the subpoena served on it dated November 16, 2009 in the above-entitled

24  matter:

25              1.     The Subpoena seeks information that is irrelevant to the issues in the case.

26              2.     The Subpoena seeks material that is protected and privileged from disclosure

27  pursuant to the First Amendment to the United States Constitution.

28              3.     The Subpoena seeks documents that are not subject to discovery within the

OHS West:260780445.1                              ACLU'S NO ON 8'S OBJECTIONS TO PROPONENTS'
                                                                                    SUBPOENA
                                                                            C-09-CV-2292 VRW

1    scope of the Court's October 1, 2009 Order.

2           4.     The Subpoena seeks documents that ACLU previously has produced.

3           5.     Compliance with the Subpoena would impose an undue burden on ACLU.

4           6.     The Subpoena fails to provide a reasonable time for compliance.

5           ACLU further incorporates by reference its "Responses and Objections of No on

6    Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union

7    of Northern California to Intervenor-Defendants Proposition 8 Official Proponents' and

8    ProtectMarriage.com's Subpoena," dated September 17, 2009, a copy of which is attached hereto.

9           ACLU hereby offers to meet and confer with respect to the above objections at a

10   time convenient to both parties.

11

12   Dated: November 20, 2009              STEPHEN V. BOMSE
                                          Orrick, Herrington & Sutcliffe LLP
13

14

15                                        _____
                                          STEPHEN V. BOMSE
16                                        Attorneys for
                                          NO ON PROPOSITION 8, CAMPAIGN FOR
17                                        MARRIAGE EQUALITY: A PROJECT OF THE
                                          AMERICAN CIVIL LIBERTIES UNION OF
18                                        NORTHERN CALIFORNIA

19

20

21

22

23

24

25

26

27

28

ACLU'S NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA
C-09-CV-2292 VRW

1   ALAN L. SCHLOSSER (SBN 49957)
    aschlosser@aclunc.org
2   ELIZABETH O. GILL (SBN 218311)
    egill@aclunc.org
3   ACLU Foundation of Northern California
    39 Drumm Street
4   San Francisco, CA 94111
    Telephone: (415) 621-2493
5   Facsimile: (415) 255-8437

6   Attorneys for NO ON PROPOSITION 8,
    CAMPAIGN FOR MARRIAGE EQUALITY:
7   A PROJECT OF THE AMERICAN CIVIL
    LIBERTIES UNION OF NORTHERN
8   CALIFORNIA

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  KRISTIN M. PERRY, et al.            Case No. C-09-CV-2292 VRW

14              Plaintiffs,             **RESPONSES AND OBJECTIONS OF NO ON
                                        PROPOSITION 8, CAMPAIGN FOR**
15      v.                              **MARRIAGE EQUALITY: A PROJECT OF
                                        THE AMERICAN CIVIL LIBERTIES UNION**
16  ARNOLD SCHWARZENEGGER, et al.,      **OF NORTHERN CALIFORNIA TO
                                        INTERVENOR-DEFENDANTS**
17              Defendants.             **PROPOSITION 8 OFFICIAL PROPONENTS'
                                        AND PROTECTMARRIAGE.COM'S**
18                                      **SUBPOENA**

19

20          Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, No On Proposition 8,

21  Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern

22  California ("ACLU NO ON 8") hereby objects to the Subpoena ("the Subpoena") issued by

23  Defendant-Intervenors Proposition 8 Official Proponents and Protectmarriage.com

24  ("Proponents") and dated August 27, 2009 as follows:

25                          **GENERAL OBJECTIONS**

26          ACLU NO ON 8 makes the following general objections to the Subpoena:

27          1.      ACLU NO ON 8 objects to the Subpoena and each and every request contained

28  therein on the ground that the information and/or documents sought in the requests are irrelevant.

                                           1

1   All of the requests in the Subpoena seek information and documents related to ACLU NO ON 8's

2   opposition to Proposition 8, but this information and these documents are not relevant to any

3   claims or defenses in the litigation, nor are they reasonably calculated to lead to the discovery of

4   admissible evidence. Fed. R. Civ. P. 26(b)(1). First, Proponents describe the very materials they

5   are seeking from ACLU NO ON 8—the same materials Plaintiffs seek from Proponents in

6   connection with their support of Proposition 8—as "legally irrelevant." (*See* Proponents' Supp.

7   Case Management Stmnt. at 7 (Docket No. 159, filed Aug. 17, 2009); *see also* Defendant-

8   Intervenors' Motion for Protective Order at 4-8 (Docket No. 187, filed Sept. 15, 2009).)

9       Second, the rationale invoked by Plaintiffs in seeking materials from Proponents does not

10  apply to ACLU NO ON 8's *opposition* to Proposition 8. Plaintiffs contend that their discovery on

11  Proponents is sought in the context of proving (a) that Proposition 8 was "driven by irrational

12  considerations, including but not limited to misconceptions, animus and moral disapproval of gay

13  and lesbian individuals," and (b) "that some or all of the rationales offered to the voters in support

14  of Prop. 8 do not bear any rational nexus to what Prop. 8 actually does." (*See* Pls.' Supp. Case

15  Management Stmnt. at 9 (Docket No. 157, filed Aug. 17, 2009).) Such evidence may be relevant

16  to Plaintiffs' equal protection claim, under the analysis set forth by the Supreme Court in *Romer*

17  *v. Evans*, 517 U.S. 620 (1996). But materials advocating *against* Proposition 8 cannot

18  demonstrate why Proposition 8 was enacted, or on what basis it was enacted, and therefore such

19  materials are not relevant to any legal claim or defense, nor are they reasonably calculated to lead

20  to the discovery of admissible evidence.

21       2.     ACLU NO ON 8 objects to the Subpoena and each and every request contained

22  therein to the extent it seeks information and documents that were not publicly distributed on

23  grounds of relevance, privacy, and other protections guaranteed by the United States Constitution

24  and the California Constitution. Pursuant to the cover letter attached to the Subpoena, ACLU NO

25  ON 8 interprets the Subpoena and each and every request therein as seeking only information and

26  documents that were publicly distributed, thereby excluding internal communications and

27  documents, including communications between ACLU NO ON 8 and its agents, contractors,

28  attorneys or others in a similarly private and confidential relationship with ACLU NO ON 8. For

1   the purpose of these responses, ACLU NO ON 8 defines "public" to mean over 200 individuals.

2   *See* Cal. Gov't Code § 82041.5 (defining "mass mailing" as more than 200 pieces of mail).

3   ACLU NO ON 8 will not produce any information or documents that were not publicly

4   distributed.

5       3.      ACLU NO ON 8 objects to the Subpoena and each and every request contained

6   therein to the extent that it seeks information and documents already in Proponents' possession or

7   equally available to Proponents from other sources that are more convenient, less burdensome,

8   and/or less expensive.  Much of the information and documents that ACLU NO ON 8 publicly

9   distributed in opposition to Proposition 8 are publicly available.  Along with a number of other

10  organizations, ACLU NO ON 8 participated in a campaign to defeat Proposition 8—the official

11  name of which was No on 8, Equality for All.  The campaign coordinated the production of most

12  of the information and documents sought by the Subpoena, some of which were then distributed

13  by the individual organizations that participated in the campaign.  As a result, ACLU NO ON 8

14  believes that Proponents already possess much of the material they seek in the Subpoena, and/or

15  much of the material may be easily and inexpensively found on the Internet.

16      4.      ACLU NO ON 8 objects to the Subpoena and each and every request contained

17  therein as duplicative and unduly burdensome to the extent that it seeks the same documents and

18  information requested from parties to the litigation and other third parties subpoenaed by

19  Proponents.  It is ACLU NO ON 8's understanding that Proponents are seeking the same

20  information and documents sought in the Subpoena not only from Plaintiffs and Plaintiff-

21  Intervenor the City of San Francisco, but also from five other third parties that participated in the

22  No on 8, Equality for All campaign.  Given the structure of the No on 8, Equality for All

23  campaign, much of the information and documents publicly distributed by the organizations that

24  participated in the campaign—including the campaign entity itself, which has also been

25  subpoenaed—are identical.

26      5.      ACLU NO ON 8 objects to the Subpoena and each and every request contained

27  therein as unduly burdensome to the extent it seeks documents and electronically-stored

28  information not reasonably accessible by ACLU NO ON 8.  Producing a complete set of all the

3

1    materials that ACLU NO ON 8 publicly distributed would require undue resources and subject

2    ACLU NO ON 8 to substantial burden and costs.  ACLU NO ON 8 will only produce responsive,

3    publicly distributed information that is reasonably accessible.  To the extent ACLU NO ON 8 is

4    required to produce documents that are not reasonably accessible and/or is required to undertake

5    unduly burdensome measures in response to the Subpoena, the cost of any such production

6    (including, but not limited to, any electronic data restoration and processing, scanning, exporting,

7    compact disc, or other media, purchase and creation, and all paper copying) would be borne by

8    Proponents.

9        6.    ACLU NO ON 8 objects to the Subpoena and each and every request contained

10   therein to the extent that it seeks information or documents that no longer exist, or seeks

11   information or documents that have been destroyed pursuant to ordinary business practices.  An

12   objection based on this ground should not be construed as a representation that such documents

13   exist or existed.  Such objections indicate only that the requests are of such a scope as to embrace

14   information or documents that may no longer exist.

15       7.    ACLU NO ON 8 objects to the Subpoena and each and every request contained

16   therein to the extent that it seeks the disclosure of documents and information protected from

17   disclosure by the attorney-client privilege, the attorney work product doctrine or any other

18   applicable privilege or protection as provided by law.  ACLU NO ON 8 does not intend to

19   produce such privileged or protected documents or information, and any inadvertent disclosure of

20   any privileged or protected document or information shall not be deemed a waiver of any

21   privilege.

22       8.    ACLU NO ON 8 objects to the Subpoena and each and every request contained

23   therein and to the definitions and instructions included therewith, to the extent that it purports to

24   impose upon ACLU NO ON 8 obligations broader than, or inconsistent with, the Federal Rules of

25   Civil Procedure or the Local Rules and Orders of this Court.

26       9.    A statement in these responses to the effect that particular documents or categories

27   of documents will be provided is not to be construed as a representation that such documents in

28   fact exist.

4

## SPECIFIC OBJECTIONS AND RESPONSES

ACLU NO ON 8 expressly incorporates the above general objections as though set forth fully in response to the following request for documents and things, and, to the extent that they are not raised in the particular response, ACLU NO ON 8 does not waive those objections.

**REQUEST NO. 1:**

Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**RESPONSE TO REQUEST NO. 1:**

ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome, in that it seeks "all documents" of a certain type distributed by ACLU NO ON 8 regarding Proposition 8. Many of these documents publicly distributed by ACLU NO ON 8 regarding Proposition 8 contain the exact same information about Proposition 8. ACLU NO ON 8 further objects to this request to the extent it seeks production of materials that no longer exist or are no longer in ACLU NO ON 8's possession, custody, or control.

Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that it will produce responsive, non-privileged, public documents in its possession, custody, and control.

**REQUEST NO. 2:**

Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 2:**

ACLU NO ON 8 specifically objects to this request as unduly burdensome, in that the internet advertisements related to Proposition 8 are publicly available on the Internet.

Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that it was not involved in producing, creating, or distributing any internet advertisement related to Proposition 8. ACLU NO ON 8 does not have possession, custody, or control of the internet advertisements produced, created, or distributed by the No on 8, Equality for All campaign

5

1    beyond what is publicly available on the Internet.

2    **REQUEST NO. 3:**

3         Produce all versions of any television advertisement relating to Proposition 8 that you had

4    any involvement producing, creating, or distributing.

5    **RESPONSE TO REQUEST NO. 3:**

6         ACLU NO ON 8 specifically objects to this request as unduly burdensome, in that the

7    television advertisements related to Proposition 8 are publicly available.

8         Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

9    it was not involved in producing, creating, or distributing any television advertisement related to

10    Proposition 8. ACLU NO ON 8 does not have possession, custody, or control of the television

11    advertisements produced, created, or distributed by the No on 8, Equality for All campaign

12    beyond what is publicly available on the Internet.

13    **REQUEST NO. 4:**

14         Produce all versions of any radio advertisement relating to Proposition 8 that you had any

15    involvement producing, creating, or distributing.

16    **RESPONSE TO REQUEST NO. 4:**

17         Subject to the foregoing General Objections, ACLU NO ON 8 responds that it was not

18    involved in producing, creating, or distributing any radio advertisement related to Proposition 8.

19    ACLU NO ON 8 does not have possession, custody, or control of radio advertisements produced,

20    created, or distributed by the No on 8, Equality for All campaign.

21    **REQUEST NO. 5:**

22         Produce all plans, schematics, and versions of websites relating to Proposition 8 that you

23    hosted, paid for, or sponsored.

24    **RESPONSE TO REQUEST NO. 5:**

25         ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

26    in that it seeks "all plans, schematics, and versions" of websites hosted, paid for, or sponsored by

27    ACLU NO ON 8 regarding Proposition 8. Many of the versions of ACLU NO ON 8's public

28    website contain the exact same information about Proposition 8. ACLU NO ON 8 further objects

6

1    to this request to the extent it seeks production of materials that no longer exist or are no longer in

2    ACLU NO ON 8's possession, custody, or control.

3        Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

4    it will produce responsive, non-privileged, public documents in its possession, custody, and

5    control.

6    **REQUEST NO. 6:**

7        Produce all documents constituting communications that you prepared for public

8    distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

9    articles, notes and automated telemarketing phone calls.

10    **RESPONSE TO REQUEST NO. 6:**

11        ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

12    in that it seeks "all documents" of a certain type distributed by ACLU NO ON 8 regarding

13    Proposition 8. Many of these documents publicly distributed by ACLU NO ON 8 regarding

14    Proposition 8 contain the exact same information about Proposition 8. ACLU NO ON 8 further

15    objects to this request to the extent it seeks production of materials that no longer exist or are no

16    longer in ACLU NO ON 8's possession, custody, or control.

17        Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

18    it will produce responsive, non-privileged, public documents in its possession, custody, and

19    control.

20    **REQUEST NO. 7:**

21        Produce all documents reflecting your postings related to Proposition 8 on social

22    networking websites, including but not limited to Facebook, MySpace, and Twitter.

23    **RESPONSE TO REQUEST NO. 7:**

24        ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

25    in that seeks "all documents" of a certain type distributed by ACLU NO ON 8 regarding

26    Proposition 8. Many of these documents publicly distributed by ACLU NO ON 8 regarding

27    Proposition 8 contain the exact same information about Proposition 8. ACLU NO ON 8 further

28    objects to this request to the extent it seeks production of materials that no longer exist or are no

7

1     longer in ACLU NO ON 8's possession, custody, or control.

2           Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

3     it will produce responsive, non-privileged, public documents in its possession, custody, and

4     control, to the extent such materials are reasonably accessible.

5     **REQUEST NO. 8:**

6           Produce all versions of any documents that reflect communications relating to

7     Proposition 8 between you and any third party, including but not limited to members of the

8     media.

9     **RESPONSE TO REQUEST NO. 8:**

10           ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

11     in that it seeks "all versions" of documents that reflect communications relating to Proposition 8

12     between ACLU NO ON 8 and "any third party." Many of the public communications by ACLU

13     NO ON 8 regarding Proposition 8 contain the exact same information about Proposition 8.

14           Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

15     it will produce responsive, non-privileged, public documents in its possession, custody, and

16     control.

17     **REQUEST NO. 9:**

18           Produce documents showing the name and title of every employee of your organization

19     since January 2008 who was involved in your campaign against Proposition 8, including but not

20     limited to organizational charts.

21     **RESPONSE TO REQUEST NO. 9:**

22           ACLU NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

23     in that an organizational chart is not necessary to describe the names and titles of the individuals

24     who were involved in the ACLU NO ON 8 organization. ACLU further specifically objects to

25     this request as overbroad, in that it seeks information starting in January 2008, although

26     Proposition 8 did not qualify for the November 2008 ballot until June 2008.

27           Subject to the foregoing General and Specific Objections, ACLU NO ON 8 responds that

28     the following employees were involved in ACLU NO ON 8 between June and November 2008:

1   • Maya Harris, Executive Director, American Civil Liberties Union of Northern
     California

2

3   • Skyler Porras, Director San Jose office, American Civil Liberties Union of Northern
     California

4   • Elizabeth Gill, Staff Attorney, LGBT & AIDS Project, American Civil Liberties
     Union Foundation

5

6   • Shayna Gelender, Field Organizer, American Civil Liberties Union of Northern
     California

7   • Ashley Morris, Field Organizer, American Civil Liberties Union of Northern
     California

8

9   **REQUEST NO. 10:**

10      Produce all documents reflecting public media coverage of Proposition 8 referring or

11  related to your organization.

12  **RESPONSE TO REQUEST NO. 10:**

13      ACLU NO ON 8 specifically objects to this request as unduly burdensome, in that all

14  public media coverage of Proposition 8 that refers to ACLU NO ON 8 is publicly available.

15      Subject to the foregoing General and Specific Objections, ACLU NO ON 8 will not

16  produce any documents reflecting public media coverage of Proposition 8 referring or related to

17  ACLU NO ON 8 as those documents are equally available to Proponents or are not in ACLU NO

18  ON 8's possession, custody, or control.

19  Dated: September 17, 2009              ACLU of NORTHERN CALIFORNIA
                                           FOUNDATION

20

21                                         By: _Elizabeth Gill_____

22                                              Elizabeth Gill

23                                         Attorneys for NO ON PROPOSITION 8,
                                           CAMPAIGN FOR MARRIAGE EQUALITY:
24                                         A PROJECT OF THE AMERICAN CIVIL
                                           LIBERTIES UNION OF NORTHERN
25                                         CALIFORNIA

26

27

28

ACLU NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA                                               CASE NO. C-09-2292 VRW

1

## PROOF OF SERVICE

2      I, Nishan Bhaumik, declare as follows:

3      I am employed in the County of San Francisco, State of California, at the following

4   business address: ACLU of Northern California Foundation, 39 Drumm Street, San Francisco,

5   CA 94111. I am over the age of 18 and not a party to this action.

6      On **September 17, 2009**, the following document

7      **OBJECTIONS AND RESPONSES OF NO ON PROPOSITION 8,**
       **CAMPAIGN FOR MARRIAGE EQUALITY: A PROJECT OF THE**
8      **AMERICAN CIVIL LIBERTIES UNION OF NORTHERN**
       **CALIFORNIA TO INTERVENOR-DEFENDANTS PROPOSITION**
9      **8 OFFICIAL PROPONENTS' AND PROTECTMARRIAGE.COM'S**
       **SUBPOENA**
10

11  was served on the counsel for Defendant-Intervenors Proposition 8 Official Proponents and

12  Protectmarriage.com by placing true copies thereof for delivery as indicated below, addressed as

13  follows:

14     The Law Firm of J. Hector Moreno, Jr. and              James A. Campbell
                    Associates                           15100 N. 90th Street
15         51 E. Campbell Ave., Suite 128              Scottsdale, Arizona 85260
               Campbell, CA 95008                         jcampbell@telladf.org
16                                                          (480) 444-0020

17  **(X)**   **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope for
            collection and mailing following our ordinary business practices. I am readily familiar
18          with our ordinary business practices for collecting and processing mail for the United
            States Postal Service, and mail that I place for collection and processing is regularly
19          deposited with the United States Postal Service that same day with postage prepaid.

20  **( )**  **BY PERSONAL SERVICE:** by causing such documents to be personally delivered to
            the above-listed addressee(s) at the address(es) set forth above.
21

22  **( )**  **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the
            addressee(s) at the e-mail address(es) listed above.

23     I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.

25  Date: September 17, 2009

26

27

28

---

PROOF OF SERVICE                                              CASE NO. C-09-2292 VRW

1    **PROOF OF SERVICE BY MAIL**

2        I am more than eighteen years old and not a party to this action.  My business address is

3    Orrick, Herrington & Sutcliffe LLP, The Orrick Building,  405 Howard Street, San Francisco, CA

4    94105.   On November 20, 2009, I served the following document:

5    **RESPONSES AND OBJECTIONS OF NO ON PROPOSITION 8, CAMPAIGN
     FOR MARRIAGE EQUALITY: A PROJECT OF THE AMERICAN CIVIL**

6    **LIBERTIES UNION OF NORTHERN CALIFORNIA TO INTERVENOR-
     DEFENDANTS PROPOSITION 8 OFFICIAL PROPONENTS' AND**

7    **PROTECTMARRIAGE.COM'S SUBPOENA DATED NOVEMBER 16, 2009**

8    on the interested parties in this action by placing true and correct copies thereof in sealed

9    envelopes addressed as follows:

10       The Law Firm of J. Hector Moreno, Jr.
          and Associates

11       51 E. Campbell Avenue, Suite 128
         Campbell, CA  95008

12
         James A. Campbell

13       15100 N. 90th Street
         Scottsdale, Arizona  85260

14       jcampbell@telladf.org
         (480) 444-0020

15

16       I am employed in the county from which the mailing occurred.  On the date indicated

17   above, I placed the sealed envelope for collection and mailing at this firm's office business

18   address indicated above.  I am readily familiar with this firm's practice for the collection and

19   processing of correspondence for mailing with the United States Postal Service.  Under that

20   practice, the firm's correspondence would be deposited with the United States Postal Service on

21   this same date with postage thereon fully prepaid in the ordinary course of business.

22       Executed on November 20, 2009, at San Francisco, California.

23       I declare under penalty of perjury that the foregoing is true and correct.

24

25
                                        _____

26                                                    Stella Bates

27

28

OHS West:260780490.1

PROOF OF SERVICE

# CAEBR Responses & Objections 09/10/09

JAMES C. HARRISON, State Bar No. 161958
KARI KROGSENG, State Bar No. 215263
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA 94577
Phone: (510) 346-6200
Fax: (510) 346-6201
Email: kkrogseng@rjp.com

Attorneys for Third Party Subpoena Recipients
Californians Against Eliminating Basic Rights

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, et al., | No.: 09-cv-2292 VRW |
| Plaintiffs, | **OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Respondents. | |

1    Pursuant to Federal Rules of Civil Procedure Rule 45, third party Californians Against

2    Eliminating Basic Rights hereby objects to the subpoena served upon it by intervenors-defendants

3    Proposition 8 Proponents and ProtectMarriage.com.

4                              **GENERAL STATEMENTS**

5           1.      Californians Against Eliminating Basic Rights has not completed its factual

6    investigation in connection with the Subpoena. Accordingly, these objections are provided without

7    prejudice to Californians Against Eliminating Basic Rights's right to produce subsequently discovered

8    documents and materials, or to modify, change or amend in any way these responses. The information

9    provided in these objections is nevertheless true and correct to the best knowledge of Californians

10   Against Eliminating Basic Rights at this time.

11          2.      The general objections set forth below are incorporated into the responses to the

12   specific requests propounded by intervenors-defendants. The fact that a specific response may

13   mention one or more of the general objections does not mean that the other general objections do not

14   apply to that request.

15                             **GENERAL OBJECTIONS**

16          1.      Californians Against Eliminating Basic Rights objects to the Subpoena because

17   it seeks production of documents which are not relevant to the claims or defenses of a party of this

18   action and are not reasonably calculated to lead to the discovery of admissible evidence. The

19   Subpoena was issued for improper tactical purposes and not for the purpose of obtaining discoverable

20   information.

21          2.      Californians Against Eliminating Basic Rights objects to the Subpoena on the

22   grounds that it is unduly burdensome.

23          3.      Californians Against Eliminating Basic Rights objects to the Subpoena to the

24   extent that it requires disclosing confidential research and proprietary information.

25          4.      Californians Against Eliminating Basic Rights objects to the Subpoena because

26   instead of limiting the scope of its requests in the Subpoena itself, intervenors-defendants improperly

27   state in a cover letter accompanying the Subpoena that the requests should be limited with "narrowing

28

1   constructions" so that "the requests contained in this subpoena do not include the organization's

2   internal communications and documents, including communications between the organization and its

3   agents, contractors, attorneys, or others in a similarly private and confidential relationship with the

4   organization" and "to the extent [the requests] call for communications or documents prepared for

5   public distribution, include only documents that were actually disclosed to the public." Nevertheless,

6   Californians Against Eliminating Basic Rights hereby incorporates intervenors-defendants' narrowing

7   constructions, and will not produce any documents that fall outside of the above limitations.

8        5.     To the extent that the Subpoena may be construed, in spite of the narrowing

9   constructions, to call for the production of documents or information that is subject to any claim of

10  privilege, including but not limited to the attorney-client privilege, the work-product doctrine, and the

11  right to privacy, Californians Against Eliminating Basic Rights hereby asserts that doctrine or privilege

12  and objects to the Subpoena on that basis.

13       6.     Inadvertent production of any document subject to any applicable privilege shall

14  not operate as a waiver of the right to object to any use of such document or of the information

15  contained therein.

16       7.     To the extent not objected to herein, and to the extent that the documents

17  referred to in intervenors-defendants' Subpoena are in the possession, custody or control of

18  Californians Against Eliminating Basic Rights, documents will be produced on September 17, 2009 at

19  the Law Firm of J. Hector Moreno, Jr. and Associates, or at such time and place as shall be agreed

20  upon by counsel for intervenors-defendants and Californians Against Eliminating Basic Rights.

21       8.     The response set forth below, and production of documents pursuant hereto, is

22  made without waiver of, and is subject to, any applicable objection set forth herein.

23

24

25

26

27

28  OBJECTIONS TO SUBPOENA TO PRODUCE     2
    DOCUMENTS, INFORMATION, OR OBJECTS
    OR TO PERMIT INSPECTION OF PREMISES –
    NO. 09-cv-2292 VRW

# DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**RESPONSE TO REQUEST NO. 1:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Notwithstanding these objections, Californians Against Eliminating Basic Rights will produce all documents in its possession that are responsive to this request, subject to its objections and the narrowing constructions set forth in intervenors-defendants' cover letter.

**REQUEST NO. 2:**

Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement [sic] producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 2:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute internet advertisements relating to Proposition 8.

**REQUEST NO. 3:**

Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement [sic] producing, creating, or distributing.

OBJECTIONS TO SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES --
NO. 09-cv-2292 VRW

3

**RESPONSE TO REQUEST NO. 3:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute television advertisements relating to Proposition 8.

**REQUEST NO. 4:**

Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement in producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 4:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute radio advertisements relating to Proposition 8.

**REQUEST NO. 5:**

Produce all plans, schematics, and versions of websites relating to Proposition 8 that you hosted, paid for, or sponsored.

**RESPONSE TO REQUEST NO. 5:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Notwithstanding these objections, Californians Against Eliminating Basic Rights will produce all documents in its possession that are responsive to this

1 | request, subject to its objections and the narrowing constructions set forth in intervenors-defendants'
2 | cover letter.

3 | **REQUEST NO. 6:**

4 | Produce all documents constituting communications that you prepared for public
5 | distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,
6 | articles, notes, and automated telemarketing phone calls.

7 | **RESPONSE TO REQUEST NO. 6:**

8 | Californians Against Eliminating Basic Rights incorporates by reference herein its
9 | general statements and general objections. Californians Against Eliminating Basic Rights further
10 | objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks
11 | documents that are not relevant to this action. Notwithstanding these objections, Californians Against
12 | Eliminating Basic Rights will produce all documents in its possession that are responsive to this
13 | request, subject to its objections and the narrowing constructions set forth in intervenors-defendants'
14 | cover letter.

15 | **REQUEST NO. 7:**

16 | Produce all documents reflecting your postings related to Proposition 8 on social
17 | networking websites, including but not limited to Facebook, MySpace, and Twitter.

18 | **RESPONSE TO REQUEST NO. 7:**

19 | Californians Against Eliminating Basic Rights incorporates by reference herein its
20 | general statements and general objections. Californians Against Eliminating Basic Rights further
21 | objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks
22 | documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not
23 | produce documents in response to this request because it made no postings related to Proposition 8 on
24 | social networking websites.

25 |
26 |
27 |
28 |

1 **REQUEST NO. 8:**

2         Produce all versions of any documents that reflect communications relating to

3 Proposition 8 between you and any third party, including but not limited to members of the media.

4 **RESPONSE TO REQUEST NO. 8:**

5         Californians Against Eliminating Basic Rights incorporates by reference herein its

6 general statements and general objections. Californians Against Eliminating Basic Rights further

7 objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

8 documents that are not relevant to this action. Notwithstanding these objections, Californians Against

9 Eliminating Basic Rights will produce all documents in its possession that reflect communications

10 relating to Proposition 8 between it and members of the media or the general public, subject to its

11 objections and the narrowing constructions set forth in intervenors-defendants' cover letter.

12 **REQUEST NO. 9:**

13         Produce documents showing the name and title of every employee of your organization

14 since January 2008 who was involved in your campaign against Proposition 8, including but not

15 limited to organizational charts.

16 **RESPONSE TO REQUEST NO. 9:**

17         Californians Against Eliminating Basic Rights has had no paid employees, so it has no

18 documents responsive to this request.

19 **REQUEST NO. 10:**

20         Produce all documents reflecting public media coverage of Proposition 8 referring or

21 related to your organization.

22 **RESPONSE TO REQUEST NO. 10:**

23         Californians Against Eliminating Basic Rights incorporates by reference herein its

24 general statements and general objections. Californians Against Eliminating Basic Rights further

25 objects on the grounds that the request is overbroad, unduly burdensome, and vague, seeks documents

26 that are not relevant to this action, and are documents that intervenors-defendants could just as easily

27 access themselves. Notwithstanding these objections, Californians Against Eliminating Basic Rights

28 OBJECTIONS TO SUBPOENA TO PRODUCE      6
DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES –
NO. 09-cv-2292 VRW

1  will produce all documents in its possession that are responsive to this request, subject to its objections

2  and the narrowing constructions set forth in intervenors-defendants' cover letter.

3  Dated: September 10, 2009

          James C. Harrison
4            Kari Krogseng
          REMCHO, JOHANSEN & PURCELL, LLP

5

6            By: _Kari Krogseng_

7                  Kari Krogseng

8            Attorneys for Third Party Subpoena Recipients
          Californians Against Eliminating Basic Rights

9

10  (00088781-3)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  OBJECTIONS TO SUBPOENA TO PRODUCE      7
DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES –
NO. 09-cv-2292 VRW

1

**PROOF OF SERVICE**

2

I, the undersigned, declare under penalty of perjury that:

3

I am a citizen of the United States, over the age of 18, and not a party to the within

4

cause or action. My business address is 201 Dolores Avenue, San Leandro, CA 94577.

5

On September 10, 2009, I served a true copy of the following document(s):

6

**Objections to Subpoena to Produce Documents,**
**Information, or Objects or to Permit**
**Inspection of Premises**

7

8

on the following party(ies) in said action:

9

James A. Campbell                                    *Attorneys for The Proposition 8 Proponents*
15100 N. 90th Street                                 *and ProtectMarriage.com*

10

Scottsdale, AZ 85260

11

Phone: (480) 444-0020
Fax: (480) 444-0028

12

Email: jcampbell@telladf.org
(By Overnight Delivery, Facsimile & Email)

13

The Law Firm of J. Hector Moreno, Jr.              *Courtesy Copy*
   and Associates

14

51 E. Campbell Avenue, Suite 128

15

Campbell, CA 95008
Phone: (408) 370-6160

16

Fax: (408) 370-6161
(By Facsimile)

17

☐ **BY UNITED STATES MAIL:** By enclosing the document(s) in a sealed

18

envelope or package addressed to the person(s) at the address above and

19

☐ depositing the sealed envelope with the United States Postal Service, with
the postage fully prepaid.

20

☐ placing the envelope for collection and mailing, following our ordinary

21

business practices. I am readily familiar with the businesses' practice for
collecting and processing correspondence for mailing. On the same day

22

that correspondence is placed for collection and mailing, it is deposited in
the ordinary course of business with the United States Postal Service,

23

located in San Leandro, California, in a sealed envelope with postage
fully prepaid.

24

☒ **BY OVERNIGHT DELIVERY:** By enclosing the document(s) in an envelope

25

or package provided by an overnight delivery carrier and addressed to the persons
at the addresses listed. I placed the envelope or package for collection and

26

overnight delivery at an office or a regularly utilized drop box of the overnight
delivery carrier.

27

☐ **BY MESSENGER SERVICE:** By placing the document(s) in an envelope or
package addressed to the persons at the addresses listed and providing them to a

28

professional messenger service for service.

1

1

☒  **BY FACSIMILE TRANSMISSION:** By faxing the document(s) to the persons at the fax numbers listed based on an agreement of the parties to accept service by fax transmission. No error was reported by the fax machine used. A copy of the fax transmission is maintained in our files.

2

3

☒  **BY EMAIL TRANSMISSION:** By emailing the document(s) to the persons at the email addresses listed based on a court order or an agreement of the parties to accept service by email. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

4

5

6

     I declare, under penalty of perjury, that the foregoing is true and correct. Executed on

7

September 10, 2009, in San Leandro, California.

8

9

10

            *Maria E. Mora*
              Maria E. Mora

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CAEBR Responses & Objections 11/23/09

1   JAMES C. HARRISON, State Bar No 161958
    KARI KROGSENG, State Bar No 215263
2   REMCHO, JOHANSEN & PURCELL, LLP
    201 Dolores Avenue
3   San Leandro, CA 94577
    Phone: (510) 346-6200
4   Fax: (510) 346-6201
    Email: kkrogseng@rjp.com
5
    Attorneys for Third Party Subpoena Recipient
6   Californians Against Eliminating Basic Rights

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  KRISTIN M. PERRY, et al.,            )   No.: 09-cv-2292 VRW
                                         )
12              Plaintiffs,              )   **OBJECTIONS TO SUBPOENA TO**
                                         )   **PRODUCE DOCUMENTS,**
13  vs.                                  )   **INFORMATION, OR OBJECTS OR TO**
                                         )   **PERMIT INSPECTION OF PREMISES**
14  ARNOLD SCHWARZENEGGER, et al.,       )
                                         )
15              Respondents.             )
    _____)

16

17

18

19

20

21

22

23

24

25

26

27

28
    OBJECTIONS TO SUBPOENA TO PRODUCE
    DOCUMENTS, INFORMATION, OR OBJECTS
    OR TO PERMIT INSPECTION OF PREMISES –
    NO. 09-cv-2292 VRW

Pursuant to Federal Rules of Civil Procedure Rule 45, third party Californians Against Eliminating Basic Rights hereby objects to the subpoena served upon it by intervenors-defendants Proposition 8 Proponents and ProtectMarriage.com.

## **GENERAL STATEMENTS**

1.      Californians Against Eliminating Basic Rights has not completed its factual investigation in connection with the Subpoena.  Accordingly, these objections are provided without prejudice to Californians Against Eliminating Basic Rights's right to produce subsequently discovered documents and materials, or to modify, change or amend in any way these responses.  The information provided in these objections is nevertheless true and correct to the best knowledge of Californians Against Eliminating Basic Rights at this time.

2.      The general objections set forth below are incorporated into the responses to the specific requests propounded by intervenors-defendants.  The fact that a specific response may mention one or more of the general objections does not mean that the other general objections do not apply to that request.

## **GENERAL OBJECTIONS**

1.      Californians Against Eliminating Basic Rights objects to the Subpoena because it seeks production of documents which are not relevant to the claims or defenses of a party to this action and are not reasonably calculated to lead to the discovery of admissible evidence.  The Subpoena was issued for improper tactical purposes and not for the purpose of obtaining discoverable information.

2.      Californians Against Eliminating Basic Rights objects to the Subpoena on the grounds that it is unduly burdensome.

3.      Californians Against Eliminating Basic Rights objects to the Subpoena to the extent that it requires disclosing confidential research and proprietary information.

4.      To the extent that the Subpoena may be construed to call for the production of documents or information that is subject to any claim of privilege, including but not limited to the attorney-client privilege, the work-product doctrine, and the right to privacy and freedom of

1  association, Californians Against Eliminating Basic Rights hereby asserts that doctrine or privilege and

2  objects to the Subpoena on that basis.

3        6.        Inadvertent production of any document subject to any applicable privilege shall

4  not operate as a waiver of the right to object to any use of such document or of the information

5  contained therein.

6        7.        Californians Against Eliminating Basic Rights already produced documents in

7  response to substantially similar requests on September 23, 2009.  The Proposition 8 Proponents

8  accordingly already have responsive documents in their possession, and Californians Against

9  Eliminating Basic Rights will not produce those documents again in response to these requests.

10        8.        The response set forth below, and production of documents pursuant hereto, is

11  made without waiver of, and is subject to, any applicable objection set forth herein.

12                    **DOCUMENTS TO BE PRODUCED**

13  **REQUEST NO. 1:**

14        Produce all documents constituting literature, pamphlets, flyers, direct mail,

15  advertisements, emails, text messages, press releases, or other materials that you distributed to voters,

16  donors, potential donors, or members of the media regarding Proposition 8.

17  **RESPONSE TO REQUEST NO. 1:**

18        Californians Against Eliminating Basic Rights incorporates by reference herein its

19  general statements and general objections.  Californians Against Eliminating Basic Rights further

20  objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

21  documents that are not relevant to this action.  Californians Against Eliminating Basic Rights will not

22  produce any further documents in response to this request.

23  **REQUEST NO. 2:**

24        Produce all versions of any internet advertisement relating to Proposition 8 that you had

25  any involvement [sic] producing, creating, or distributing.

26

27

28

OBJECTIONS TO SUBPOENA TO PRODUCE                    2
DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES –
NO. 09-cv-2292 VRW

**RESPONSE TO REQUEST NO. 2:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute internet advertisements relating to Proposition 8.

**REQUEST NO. 3:**

Produce all versions of any television advertisement relating to Proposition 8 that you had any involvement [sic] producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 3:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute television advertisements relating to Proposition 8.

**REQUEST NO. 4:**

Produce all versions of any radio advertisement relating to Proposition 8 that you had any involvement [sic] producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 4:**

Californians Against Eliminating Basic Rights incorporates by reference herein its general statements and general objections. Californians Against Eliminating Basic Rights further objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not produce documents in response to this request because it did not produce, create, or distribute radio advertisements relating to Proposition 8.

1 **REQUEST NO. 5:**

2             Produce all plans, schematics, and versions of websites relating to Proposition 8 that

3 you hosted, paid for, or sponsored.

4 **RESPONSE TO REQUEST NO. 5:**

5             Californians Against Eliminating Basic Rights incorporates by reference herein its

6 general statements and general objections. Californians Against Eliminating Basic Rights further

7 objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

8 documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not

9 produce any further documents in response to this request.

10 **REQUEST NO. 6:**

11             Produce all documents constituting communications that you prepared for public

12 distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

13 articles, notes, and automated telemarketing phone calls.

14 **RESPONSE TO REQUEST NO. 6:**

15             Californians Against Eliminating Basic Rights incorporates by reference herein its

16 general statements and general objections. Californians Against Eliminating Basic Rights further

17 objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

18 documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not

19 produce any further documents in response to this request.

20 **REQUEST NO. 7:**

21             Produce all documents reflecting your postings related to Proposition 8 on social

22 networking websites, including but not limited to Facebook, MySpace, and Twitter.

23 **RESPONSE TO REQUEST NO. 7:**

24             Californians Against Eliminating Basic Rights incorporates by reference herein its

25 general statements and general objections. Californians Against Eliminating Basic Rights further

26 objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

27 documents that are not relevant to this action. Californians Against Eliminating Basic Rights will not

28

1   produce documents in response to this request because it made no postings related to Proposition 8 on

2   social networking websites.

3   **REQUEST NO. 8:**

4              Produce all versions of any documents within your possession, custody, or control that

5   reflect communications related to (1) campaign strategy in connection with Proposition 8, or

6   (2) messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters or

7   voter groups were viewed as likely supporters or opponents or undecided about Proposition 8 and

8   without regard to whether the messages were actually disseminated or merely contemplated), between

9   or among (1) those who had any role in managing or directing No on 8, Equality for All or the No on 8

10  campaign, or (2) those who provided advice, counseling, information, or services with respect to the

11  efforts to encourage persons to vote for or against Proposition 8, or otherwise to educate persons about

12  Proposition 8, including its meaning, intent, effects if enacted, or effects if rejected; persons or entities

13  falling within these descriptions include, but are not limited to, persons who served on the executive

14  committee of No on 8, Equality for All, Patrick Guerriero, Steve Smith, Geoff Kors, Kate Kendall,

15  Julie Davis, Armour Griffin Media Group, LLC, Dewey Square Group, LLC, AC Public Affairs, Inc.,

16  Lake Research Partners, Inc., David Binder Research, Inc., Storefront Political Media, Skyy

17  Consulting Inc. (d.b.a. CallFire), and Meringcarson.

18  **RESPONSE TO REQUEST NO. 8:**

19              Californians Against Eliminating Basic Rights incorporates by reference herein its

20  general statements and general objections.  Californians Against Eliminating Basic Rights further

21  objects on the grounds that the request is overbroad, unduly burdensome, and vague, and seeks

22  documents that are not relevant to this action.  Californians Against Eliminating Basic Rights will not

23  produce any further documents in response to this request.

24

25

26

27

28

OBJECTIONS TO SUBPOENA TO PRODUCE                                    5
DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES –
NO. 09-cv-2292 VRW

1   **REQUEST NO. 9:**

2          Produce documents showing the name and title of every employee of your organization

3   since January 2008 who was involved in your campaign against Proposition 8, including but not

4   limited to organizational charts.

5   **RESPONSE TO REQUEST NO. 9:**

6          Californians Against Eliminating Basic Rights has had no paid employees, so it has no

7   documents responsive to this request.

8   **REQUEST NO. 10:**

9          Produce all documents reflecting public media coverage of Proposition 8 referring or

10  related to your organization.

11  **RESPONSE TO REQUEST NO. 10:**

12         Californians Against Eliminating Basic Rights incorporates by reference herein its

13  general statements and general objections.  Californians Against Eliminating Basic Rights further

14  objects on the grounds that the request is overbroad, unduly burdensome, and vague, seeks documents

15  that are not relevant to this action, and are documents that intervenors-defendants could just as easily

16  access themselves.  Californians Against Eliminating Basic Rights will not produce any further

17  documents in response to this request.

18  Dated:  November 23, 2009               James C. Harrison
                                            Kari Krogseng
19                                          REMCHO, JOHANSEN & PURCELL, LLP

20

21                                          By: _____
                                                Kari Krogseng
22

                                            Attorneys for Third Party Subpoena Recipients
23                                          Californians Against Eliminating Basic Rights

24

25  (00095717-3)

26

27

28
    OBJECTIONS TO SUBPOENA TO PRODUCE          6
    DOCUMENTS, INFORMATION, OR OBJECTS
    OR TO PERMIT INSPECTION OF PREMISES –
    NO. 09-cv-2292 VRW

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that:

I am a citizen of the United States, over the age of 18, and not a party to the within cause or action.  My business address is 201 Dolores Avenue, San Leandro, CA  94577.

On November 23, 2009, I served a true copy of the following document(s):

**Objections to Subpoena to Produce Documents,
Information, or Objects or to Permit
Inspection of Premises**

on the following party(ies) in said action:

James A. Campbell                              *Attorneys for The Proposition 8 Proponents*
Alliance Defense Fund                          *and ProtectMarriage.com*
15100 N. 90th Street
Scottsdale, AZ  85260
Phone:  (480) 444-0020
Fax:  (480) 444-0028
Email:  jcampbell@telladf.org
(By Mail and Email)

The Law Firm of J. Hector Moreno, Jr.          *Courtesy Copy*
   and Associates
51 E. Campbell Avenue, Suite 128
Campbell, CA  95008
Phone:  (408) 370-6160
Fax:  (408) 370-6161
(By Facsimile)

☒ **BY UNITED STATES MAIL:**  By enclosing the document(s) in a sealed
envelope or package addressed to the person(s) at the address above and

☐ depositing the sealed envelope with the United States Postal Service, with
the postage fully prepaid.

☒ placing the envelope for collection and mailing, following our ordinary
business practices.  I am readily familiar with the businesses' practice for
collecting and processing correspondence for mailing.  On the same day
that correspondence is placed for collection and mailing, it is deposited in
the ordinary course of business with the United States Postal Service,
located in San Leandro, California, in a sealed envelope with postage
fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**  By enclosing the document(s) in an envelope
or package provided by an overnight delivery carrier and addressed to the persons
at the addresses listed.  I placed the envelope or package for collection and
overnight delivery at an office or a regularly utilized drop box of the overnight
delivery carrier.

☐   **BY MESSENGER SERVICE:** By placing the document(s) in an envelope or package addressed to the persons at the addresses listed and providing them to a professional messenger service for service.

☒   **BY FACSIMILE TRANSMISSION:** By faxing the document(s) to the persons at the fax numbers listed based on an agreement of the parties to accept service by fax transmission. No error was reported by the fax machine used. A copy of the fax transmission is maintained in our files.

☒   **BY EMAIL TRANSMISSION:** By emailing the document(s) to the persons at the email addresses listed based on a court order or an agreement of the parties to accept service by email. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

        I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 23, 2009, in San Leandro, California.

*Maria Mora*

Maria E. Mora

PROOF OF SERVICE

# Equality California Responses & Objections 09/17/09

1  LYNN H. PASAHOW (CSB No. 054283)
   (lpasahow@fenwick.com)
2  CAROLYN CHANG (CSB No. 217933)
   (cchang@fenwick.com)
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA  94041
   Telephone: 650.988.8500
5  Facsimile:  650.938.5200

6  Attorneys for
   EQUALITY CALIFORNIA ISSUES PAC
7  (formerly known as No on 8 – Equality California)

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 KRISTIN M. PERRY, et al.          | Case No. C-09-CV-2292 VRW

12         Plaintiffs,               | **EQUALITY CALIFORNIA ISSUES PAC'S**
                                     | **RESPONSES AND OBJECTIONS TO**
13    v.                             | **INTERVENOR-DEFENDANTS**
                                     | **PROPOSITION 8 OFFICIAL PROPONENTS'**
14 ARNOLD SCHWARZENEGGER, et al.,    | **AND PROTECTMARRIAGE.COM'S**
                                     | **SUBPOENA**
15         Defendants.

16

17        Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Equality California

18 Issues PAC ("EQCA NO ON 8") hereby objects to the Subpoena ("the Subpoena") issued by

19 Defendant-Intervenors Proposition 8 Official Proponents and Protectmarriage.com

20 ("Proponents") and dated August 27, 2009 as follows:

21                        **GENERAL OBJECTIONS**

22        EQCA NO ON 8 makes the following general objections to the Subpoena:

23        1.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

24 therein on the ground that the information and/or documents sought in the requests are irrelevant.

25 All of the requests in the Subpoena seek information and documents related to EQCA NO ON 8's

26 opposition to Proposition 8, but such information and documents are not relevant to any claims or

27 defenses in the litigation, nor are they reasonably calculated to lead to the discovery of admissible

28 evidence. Fed. R. Civ. P. 26(b)(1). EQCA NO ON 8 therefore objects for at least the following

                                     1

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'          CASE NO. C-09-2292 VRW
SUBPOENA

1    reasons. First, Proponents describe the very materials they are seeking from EQCA NO ON 8—

2    the same materials Plaintiffs seek from Proponents in connection with their support of

3    Proposition 8—as "legally irrelevant." (*See* Proponents' Supp. Case Management Stmnt. at 7

4    (Docket No. 159, filed Aug. 17, 2009) ("hereinafter Proponents' CMC Stmnt.").

5         Second, the rationale invoked by Plaintiffs in seeking materials from Proponents does not

6    apply to EQCA NO ON 8's *opposition* to Proposition 8. Plaintiffs contend that their discovery on

7    Proponents is sought in the context of proving (a) that Proposition 8 was "driven by irrational

8    considerations, including but not limited to misconceptions, animus and moral disapproval of gay

9    and lesbian individuals," and (b) "that some or all of the rationales offered to the voters in support

10   of Prop. 8 do not bear any rational nexus to what Prop. 8 actually does." (*See* Pls.' Supp. Case

11   Management Stmnt. at 9 (Docket No. 157, filed Aug. 17, 2009).) Such evidence would be

12   relevant to Plaintiffs' equal protection claim, under the analysis set forth by the Supreme Court in

13   *Romer v. Evans*, 517 U.S. 620 (1996). But materials advocating *against* Proposition 8 cannot

14   demonstrate why Proposition 8 was enacted, or on what basis it was enacted, and therefore such

15   materials are not relevant to any legal claim or defense, nor are they reasonably calculated to lead

16   to the discovery of admissible evidence

17        2.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

18   therein to the extent it seeks information and documents that were not publicly distributed on

19   privacy grounds and to the extent it violates protections guaranteed by the United States

20   Constitution and/or California Constitution. Pursuant to the cover letter attached to the Subpoena,

21   EQCA NO ON 8 interprets the Subpoena and each and every request therein as seeking only

22   information and documents that were publicly distributed, thereby excluding internal

23   communications and documents, including communications between EQCA NO ON 8 and its

24   agents, contractors, attorneys or others in a similarly private and confidential relationship with

25   EQCA NO ON 8. For the purpose of these responses, EQCA NO ON 8 defines "public" to mean

26   over 200 individuals. *See* Cal. Gov't Code § 82041.5 (defining "mass mailing" as more than 200

27   pieces of mail) EQCA NO ON 8 will not produce any information or documents that were not

28   publicly distributed.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'                    CASE NO. C-09-2292 VRW
SUBPOENA

1       3.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

2  therein to the extent that it seeks information and documents already in Proponents' possession or

3  equally available to Proponents from other sources that are more convenient, less burdensome,

4  and/or less expensive.  Much of the information and documents that EQCA NO ON 8 distributed

5  in opposition to Proposition 8 are publicly available.  Along with a number of other organizations,

6  EQCA NO ON 8 participated in a campaign to defeat Proposition 8—the official name of which

7  was No on 8, Equality for All.  The campaign coordinated the production of most of the

8  information and documents sought by the Subpoena, which were then distributed by all the

9  individual organizations that participated in the campaign.  As a result, EQCA NO ON 8 believes

10  that Proponents already possess much of the material they seek in the Subpoena, and/or much of

11  the material may be easily and inexpensively found on the Internet.

12       4.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

13  therein to the extent that it seeks the same documents and information requested from parties to

14  the litigation and other third parties subpoenaed by Proponents as duplicative and unduly

15  burdensome.  It is EQCA NO ON 8's understanding that Proponents are seeking the same

16  information and documents sought in the Subpoena not only from Plaintiffs and Plaintiff-

17  Intervenor the City of San Francisco, but also from five other third parties that participated in the

18  No on 8, Equality for All campaign.  Given the structure of the No on 8, Equality for All

19  campaign, much of the information and documents publicly distributed by the organizations that

20  participated in the campaign—including the campaign entity itself, which has also been

21  subpoenaed—are identical.

22       5.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

23  therein to the extent it seeks documents and electronically-stored information not reasonably

24  accessible by EQCA NO ON 8 as unduly burdensome.  Producing a complete set of all the

25  materials that EQCA NO ON 8 publicly distributed would require undue resources and subject

26  EQCA NO ON 8 to substantial burden and costs  EQCA NO ON 8 will only produce responsive

27  publicly distributed information that is reasonably accessible.  To the extent EQCA NO ON 8 is

28  required to produce documents that are not reasonably accessible and/or is required to undertake

3

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   unduly burdensome measures in response to the Subpoena, the cost of any such production

2   (including, but not limited to, any electronic data restoration and processing, scanning, exporting,

3   compact disc, or other media, purchase and creation, and all paper copying) would be borne by

4   Proponents.

5          6.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

6   therein to the extent that it seeks information or documents that no longer exist, or seeks

7   information or documents that have been destroyed pursuant to ordinary business practices.  An

8   objection based on this ground should not be construed as a representation that such documents

9   exist or existed.  Such objections indicate only that the requests are of such a scope as to embrace

10  information or documents that no longer exist.

11         7.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

12  therein to the extent that it seeks the disclosure of documents and information protected from

13  disclosure by the attorney-client privilege, the attorney work product doctrine or any other

14  applicable privilege or protection as provided by law.  EQCA NO ON 8 does not intend to

15  produce such privileged or protected documents or information, and any inadvertent disclosure of

16  any privileged or protected document or information shall not be deemed a waiver of any

17  privilege.

18         8.     EQCA NO ON 8 objects to the Subpoena and each and every request contained

19  therein and to the definitions and instructions included therewith, to the extent that it purports to

20  impose upon EQCA NO ON 8 obligations broader than, or inconsistent with, the Federal Rules of

21  Civil Procedure or the Local Rules and Orders of this Court.

22         9.     A statement in these responses to the effect that particular documents or categories

23  of documents will be provided is not to be construed as a representation that such documents in

24  fact exist.

25                    **SPECIFIC OBJECTIONS AND RESPONSES**

26         EQCA NO ON 8 expressly incorporates the above general objections as though set forth

27  fully in response to the following request for documents and things, and, to the extent that they

28  are not raised in the particular response, EQCA NO ON 8 does not waive those objections.

4

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'                    CASE NO. C-09-2292 VRW
SUBPOENA

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**REQUEST NO. 1:**

Produce all documents constituting literature, pamphlets, flyers, direct mail, advertisements, emails, text messages, press releases, or other materials that you distributed to voters, donors, potential donors, or members of the media regarding Proposition 8.

**RESPONSE TO REQUEST NO. 1:**

EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome. EQCA NO ON 8 further objects to this request in that it seeks "*all* documents" of a certain type distributed by EQCA NO ON 8 regarding Proposition 8.  Many of these documents publicly distributed by EQCA NO ON 8 regarding Proposition 8 are duplicative and contain the exact same information about Proposition 8.  EQCA NO ON 8 further objects to this request to the extent it seeks production of materials and information that no longer exist and/or are not within EQCA NO ON 8's possession, custody, or control.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that it will produce responsive non-privileged public documents in its possession, custody, and control.

**REQUEST NO. 2:**

Produce all versions of any internet advertisement relating to Proposition 8 that you had any involvement producing, creating, or distributing.

**RESPONSE TO REQUEST NO. 2:**

EQCA NO ON 8 specifically objects to this request as unduly burdensome, in that the internet advertisements related to Proposition 8 are publicly available on the Internet.  EQCA NO ON 8 further objects to this request as duplicative, overly broad, irrelevant, and unduly burdensome in that it seeks "all versions" of internet advertisements relating to Proposition 8.  To the extent EQCA NO ON 8 was involved in producing, creating, or distributing any internet advertisement related to Proposition 8, such materials are duplicative of materials distributed by the No on 8, Equality for All campaign, and EQCA NO ON 8 therefore objects to the request as unduly burdensome and duplicative.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 will produce

5

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  response non-privileged public documents in its possession, custody, and control.

2  **REQUEST NO. 3:**

3      Produce all versions of any television advertisement relating to Proposition 8 that you had

4  any involvement producing, creating, or distributing.

5  **RESPONSE TO REQUEST NO. 3:**

6      EQCA NO ON 8 specifically objects to this request as unduly burdensome, in that the

7  television advertisements related to Proposition 8 are publicly available.  EQCA NO ON 8 further

8  objects to this request as duplicative, overly broad, irrelevant, and unduly burdensome in that it

9  seeks "all versions" of television advertisements relating to Proposition 8.

10      Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that

11  as an organization it was not involved in producing, creating, or distributing any television

12  advertisement related to Proposition 8.  EQCA NO ON 8 does not have possession, custody, or

13  control of the television advertisements produced, created, or distributed by the campaign beyond

14  what is publicly available on the Internet.

15  **REQUEST NO. 4:**

16      Produce all versions of any radio advertisement relating to Proposition 8 that you had any

17  involvement producing, creating, or distributing.

18  **RESPONSE TO REQUEST NO. 4:**

19      EQCA NO ON 8 specifically objects to this request as duplicative, overly broad,

20  irrelevant, and unduly burdensome in that it seeks "all versions" of radio advertisements relating

21  to Proposition 8.  Subject to the foregoing General Objections, EQCA NO ON 8 responds that as

22  an organization it was not involved in producing, creating, or distributing any radio advertisement

23  related to Proposition 8.  EQCA NO ON 8 does not have possession, custody, or control of radio

24  advertisements produced, created, or distributed by the campaign.

25  **REQUEST NO. 5:**

26      Produce all plans, schematics, and versions of websites relating to Proposition 8 that you

27  hosted, paid for, or sponsored.

28

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA

CASE NO. C-09-2292 VRW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**RESPONSE TO REQUEST NO. 5:**

EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome, in that it seeks "*all* plans, schematics, and versions" of websites hosted, paid for, or sponsored by EQCA NO ON 8 regarding Proposition 8. Many of the versions of EQCA NO ON 8's public website contain the exact same information about Proposition 8. EQCA NO ON 8 further objects to this request to the extent it seeks production of materials that no longer exist or are no longer in EQCA NO ON 8's possession, custody, or control. EQCA NO ON 8 did not publicly distribute plans or schematics for its website, and it cannot produce exact versions of its website, as it did not systematically save these versions beyond what is publicly available on the Internet.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that it will produce responsive non-privileged public documents in its possession, custody, or control.

**REQUEST NO. 6:**

Produce all documents constituting communications that you prepared for public distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points, articles, notes and automated telemarketing phone calls.

**RESPONSE TO REQUEST NO. 6:**

EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome, in that it seeks "*all* documents" of a certain type distributed by EQCA NO ON 8 regarding Proposition 8. Many of these documents publicly distributed by EQCA NO ON 8 regarding Proposition 8 contain the exact same information about Proposition 8. EQCA NO ON 8 further objects to this request to the extent it seeks production of materials that no longer exist or are no longer in EQCA NO ON 8's possession, custody, or control.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that it will produce responsive non-privileged public documents in its possession, custody, or control.

**REQUEST NO. 7:**

Produce all documents reflecting your postings related to Proposition 8 on social networking websites, including but not limited to Facebook, MySpace, and Twitter.

7

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**RESPONSE TO REQUEST NO. 7:**

EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome, in that seeks "*all* documents" of a certain type distributed by EQCA NO ON 8 regarding Proposition 8. Many of these documents publicly distributed by EQCA NO ON 8 regarding Proposition 8 contain the exact same information about Proposition 8.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that it will produce responsive non-privileged public documents in its possession, custody, or control including Facebook, MySpace, and Twitter, to the extent such materials are reasonably accessible to EQCA NO ON 8.

**REQUEST NO. 8:**

Produce all versions of any documents that reflect communications relating to Proposition 8 between you and any third party, including but not limited to members of the media.

**RESPONSE TO REQUEST NO. 8:**

EQCA NO ON 8 specifically objects to this request as overly broad, irrelevant, and unduly burdensome, in that it seeks "*all* versions" of documents that reflect communications relating to Proposition 8 between EQCA NO ON 8 and "*any* third party." Many of the public communications by EQCA NO ON 8 regarding Proposition 8 contain the exact same information about Proposition 8.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that it will produce responsive non-privileged documents in its possession, custody, or control.

**REQUEST NO. 9:**

Produce documents showing the name and title of every employee of your organization since January 2008 who was involved in your campaign against Proposition 8, including but not limited to organizational charts.

**RESPONSE TO REQUEST NO. 9:**

EQCA NO ON 8 specifically objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. EQCA NO ON 8 further objects to this request to the

8

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    extent it seeks non-public confidential information.

2        Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that

3    information regarding employees of EQCA NO ON 8 involved in the campaign against

4    Proposition 8 is publicly available.

5    **REQUEST NO. 10:**

6        Produce all documents reflecting public media coverage of Proposition 8 referring or

7    related to your organization.

8    **RESPONSE TO REQUEST NO. 10:**

9        EQCA NO ON 8 specifically objects to this request as unduly burdensome, irrelevant, and

10   overly broad.  EQCA NO ON 8 further objects to this request in that all public media coverage of

11   Proposition 8 that refers to EQCA NO ON 8 is publicly available.

12       Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that

13   any documents reflecting public media coverage of Proposition 8 referring or related to EQCA

14   NO ON 8 are public and/or equally available to Proponents and/or are not in EQCA NO ON 8's

15   possession, custody, or control.

16

17   Dated: September 17, 2009                    FENWICK & WEST LLP

18                                                By: _____

19                                                        Carolyn Chang

20                                                Attorneys for
                                                 EQUALITY CALIFORNIA ISSUES PAC
21

22

23

24

25

26

27

28

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'                    CASE NO. C-09-2292 VRW
SUBPOENA

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**PROOF OF SERVICE**

I, Valerie Schmitt, declare as follows:

I am employed in the County of Santa Clara, State of California, at the following business address: Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. I am over the age of 18 and not a party to this action.

On **September 17, 2009**, the following document

**EQUALITY CALIFORNIA ISSUES PAC'S OBJECTIONS AND RESPONSES TO INTERVENOR-DEFENDANTS PROPOSITION 8 OFFICIAL PROPONENTS' AND PROTECTMARRIAGE.COM'S SUBPOENA**

was served on the counsel for Defendant-Intervenors Proposition 8 Official Proponents and Protectmarriage.com by placing true copies thereof for delivery as indicated below, addressed as follows:

The Law Firm of J. Hector Moreno, Jr. and Associates
51 E. Campbell Ave., Suite 128
Campbell, CA 95008

James A. Campbell
15100 N. 90th Street
Scottsdale, Arizona 85260
jcampbell@telladf.org
(480) 444-0020

(X) **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

( ) **BY PERSONAL SERVICE:** by causing such documents to be personally delivered to the above-listed addressee(s) at the address(es) set forth above.

(X) **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  September 17, 2009

_____
Valerie Schmitt

# Equality California Responses & Objections 11/23/09

1   LYNN H. PASAHOW (CSB No. 054283)
    (lpasahow@fenwick.com)
2   CAROLYN CHANG (CSB No. 217933)
    (cchang@fenwick.com)
3   LESLIE KRAMER (CSB NO. 253313)
    (lkramer@fenwick.com)
4   LAUREN E. WHITTEMORE (CSB No. 255432)
    (lwhittemore@fenwick.com)
5   FENWICK & WEST LLP
    801 California Street
6   Mountain View, CA  94041
    Telephone:  650.988.8500
7   Facsimile:  650.938.5200

8   Attorneys for
    EQUALITY CALIFORNIA ISSUES PAC
9   (formerly known as No on 8 – Equality California)

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13   KRISTIN M. PERRY, et al.            Case No. C-09-CV-2292 VRW

14                 Plaintiffs,           **EQUALITY CALIFORNIA ISSUES PAC'S**
                                         **RESPONSES AND OBJECTIONS TO**
15         v.                            **INTERVENOR-DEFENDANTS**
                                         **PROPOSITION 8 OFFICIAL PROPONENTS'**
16   ARNOLD SCHWARZENEGGER, et al.,      **AND PROTECTMARRIAGE.COM'S**
                                         **SUBPOENA**
17                 Defendants.

18

19         Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Equality California

20   Issues PAC ("EQCA NO ON 8") hereby objects to the Subpoena ("the Subpoena") issued by

21   Defendant-Intervenors Proposition 8 Official Proponents and Protectmarriage.com

22   ("Proponents") and dated November 16, 2009 as follows:

23                         **GENERAL OBJECTIONS**

24         EQCA NO ON 8 makes the following general objections to the Subpoena:

25         EQCA NO ON 8 objects to the Subpoena and each and every request contained therein on

26   the ground that the information and/or documents sought in the requests are irrelevant.  All of the

27   requests in the Subpoena seek information and documents related to EQCA NO ON 8's

28   opposition to Proposition 8, but such information and documents are not relevant to any claims or

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

                                        1

1   defenses in the litigation, nor are they reasonably calculated to lead to the discovery of admissible

2   evidence. Fed. R. Civ. P. 26(b)(1). EQCA NO ON 8 therefore objects for at least the following

3   reasons. The rationale invoked by Plaintiffs in seeking materials from Proponents does not apply

4   to EQCA NO ON 8's *opposition* to Proposition 8. Plaintiffs contend that their discovery on

5   Proponents is sought in the context of proving (a) that Proposition 8 was "driven by irrational

6   considerations, including but not limited to misconceptions, animus and moral disapproval of gay

7   and lesbian individuals," and (b) "that some or all of the rationales offered to the voters in support

8   of Prop. 8 do not bear any rational nexus to what Prop. 8 actually does." (*See* Pls.' Supp. Case

9   Management Stmnt. at 9 (Docket No. 157, filed Aug. 17, 2009).) Such evidence would be

10  relevant to Plaintiffs' equal protection claim, under the analysis set forth by the Supreme Court in

11  *Romer v. Evans*, 517 U.S. 620 (1996). But materials advocating *against* Proposition 8 cannot

12  demonstrate why Proposition 8 was enacted, or on what basis it was enacted, and therefore such

13  materials are not relevant to any legal claim or defense, nor are they reasonably calculated to lead

14  to the discovery of admissible evidence.

15       1.      EQCA NO ON 8 objects to the Subpoena and each and every request contained

16  therein to the extent it seeks information and documents that were not publicly distributed on

17  privacy grounds and to the extent it violates protections guaranteed by the United States

18  Constitution and/or California Constitution. For the purpose of these responses, EQCA NO ON 8

19  defines "public" to mean over 200 individuals. *See* Cal. Gov't Code § 82041.5 (defining "mass

20  mailing" as more than 200 pieces of mail). EQCA NO ON 8 will not produce any information or

21  documents that were not publicly distributed.

22       2.      EQCA NO ON 8 objects to the Subpoena and each and every request contained

23  therein to the extent that it seeks information and documents already in Proponents' possession or

24  equally available to Proponents from other sources that are more convenient, less burdensome,

25  and/or less expensive. Much of the information and documents that EQCA NO ON 8 distributed

26  in opposition to Proposition 8 are publicly available. Along with a number of other organizations,

27  EQCA NO ON 8 participated in a campaign to defeat Proposition 8—the official name of which

28  was No on 8, Equality for All. The campaign coordinated the production of most of the

2

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   information and documents sought by the Subpoena, which were then distributed by all the

2   individual organizations that participated in the campaign.  As a result, EQCA NO ON 8 believes

3   that Proponents already possess much of the material they seek in the Subpoena, and/or much of

4   the material may be easily and inexpensively found on the Internet.

5        3.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

6   therein to the extent that it seeks the same documents and information requested from parties to

7   the litigation and other third parties subpoenaed by Proponents as duplicative and unduly

8   burdensome.  It is EQCA NO ON 8's understanding that Proponents are seeking the same

9   information and documents sought in the Subpoena not only from Plaintiffs and Plaintiff-

10  Intervenor the City of San Francisco, but also from other third parties that participated in the No

11  on 8, Equality for All campaign.  Given the structure of the No on 8, Equality for All campaign,

12  much of the information and documents publicly distributed by the organizations that participated

13  in the campaign—including the campaign entity itself, which has also been subpoenaed—are

14  identical.

15       4.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

16  therein to the extent it seeks documents and electronically-stored information not reasonably

17  accessible by EQCA NO ON 8 as unduly burdensome.  Producing a complete set of all the

18  materials that EQCA NO ON 8 publicly distributed would require undue resources and subject

19  EQCA NO ON 8 to substantial burden and costs.  EQCA NO ON 8 will only produce responsive

20  publicly distributed information that is reasonably accessible.  To the extent EQCA NO ON 8 is

21  required to produce documents that are not reasonably accessible and/or is required to undertake

22  unduly burdensome measures in response to the Subpoena, the cost of any such production

23  (including, but not limited to, any electronic data restoration and processing, scanning, exporting,

24  compact disc, or other media, purchase and creation, and all paper copying) would be borne by

25  Proponents.

26       5.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

27  therein to the extent that it seeks information or documents that no longer exist, or seeks

28  information or documents that have been destroyed pursuant to ordinary business practices.  An

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

3

CASE NO. C-09-2292 VRW

1   objection based on this ground should not be construed as a representation that such documents

2   exist or existed. Such objections indicate only that the requests are of such a scope as to embrace

3   information or documents that no longer exist.

4       6.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

5   therein to the extent that it seeks the disclosure of documents and information protected from

6   disclosure by the attorney-client privilege, the attorney work product doctrine or any other

7   applicable privilege or protection as provided by law. EQCA NO ON 8 does not intend to

8   produce such privileged or protected documents or information, and any inadvertent disclosure of

9   any privileged or protected document or information shall not be deemed a waiver of any

10  privilege.

11      7.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

12  therein and to the definitions and instructions included therewith, to the extent that it purports to

13  impose upon EQCA NO ON 8 obligations broader than, or inconsistent with, the Federal Rules of

14  Civil Procedure or the Local Rules and Orders of this Court.

15      8.    EQCA NO ON 8 objects to the Subpoena and each and every request contained

16  therein to the extent it is duplicative of the August 27, 2009 Subpoena issued to EQCA NO ON 8

17  by Proponents. EQCA NO ON 8 expressly incorporates its objections and responses to the

18  August 27, 2009 Subpoena.

19      9.    A statement in these responses to the effect that particular documents or categories

20  of documents will be provided is not to be construed as a representation that such documents in

21  fact exist.

22  ### SPECIFIC OBJECTIONS AND RESPONSES

23  EQCA NO ON 8 expressly incorporates the above general objections as though set forth

24  fully in response to the following request for documents and things, and, to the extent that they

25  are not raised in the particular response, EQCA NO ON 8 does not waive those objections.

26  **REQUEST NO. 1:**

27  Produce all documents constituting literature, pamphlets, flyers, direct mail,

28  advertisements, emails, text messages, press releases, or other materials that you distributed to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4

1    voters, donors, potential donors, or members of the media regarding Proposition 8.

2    **RESPONSE TO REQUEST NO. 1:**

3        EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome.

4    EQCA NO ON 8 further objects to this request in that it seeks "*all* documents" of a certain type

5    distributed by EQCA NO ON 8 regarding Proposition 8. Many of these documents publicly

6    distributed by EQCA NO ON 8 regarding Proposition 8 are duplicative and contain the exact

7    same information about Proposition 8. EQCA NO ON 8 further objects to this request to the

8    extent it seeks production of materials and information that no longer exist and/or are not within

9    EQCA NO ON 8's possession, custody, or control. EQCA NO ON 8 further objects to this

10   request to the extent it is duplicative of Proponents' August 27, 2009 Subpoena.

11       Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

12   its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that it will

13   produce responsive non-privileged public documents in its possession, custody, and control.

14   **REQUEST NO. 2:**

15       Produce all versions of any internet advertisement relating to Proposition 8 that you had

16   any involvement producing, creating, or distributing.

17   **RESPONSE TO REQUEST NO. 2:**

18       EQCA NO ON 8 specifically objects to this request as unduly burdensome, in that the

19   internet advertisements related to Proposition 8 are publicly available on the Internet. EQCA NO

20   ON 8 further objects to this request as duplicative, overly broad, irrelevant, and unduly

21   burdensome in that it seeks "all versions" of internet advertisements relating to Proposition 8. To

22   the extent EQCA NO ON 8 was involved in producing, creating, or distributing any internet

23   advertisement related to Proposition 8, such materials are duplicative of materials distributed by

24   the No on 8, Equality for All campaign, and EQCA NO ON 8 therefore objects to the request as

25   unduly burdensome and duplicative. EQCA NO ON 8 further objects to this request to the extent

26   it is duplicative of Proponents' August 27, 2009 Subpoena.

27       Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

28   its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that it will

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

5

1  produce responsive non-privileged public documents in its possession, custody, and control.

2  **REQUEST NO. 3:**

3      Produce all versions of any television advertisement relating to Proposition 8 that you had

4  any involvement producing, creating, or distributing.

5  **RESPONSE TO REQUEST NO. 3:**

6      EQCA NO ON 8 specifically objects to this request as unduly burdensome, in that the

7  television advertisements related to Proposition 8 are publicly available.  EQCA NO ON 8 further

8  objects to this request as duplicative, overly broad, irrelevant, and unduly burdensome in that it

9  seeks "all versions" of television advertisements relating to Proposition 8.    EQCA NO ON 8

10  further objects to this request to the extent it is duplicative of Proponents' August 27, 2009

11  Subpoena.

12      Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

13  its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that as an

14  organization it was not involved in producing, creating, or distributing any television

15  advertisement related to Proposition 8.  EQCA NO ON 8 does not have possession, custody, or

16  control of the television advertisements produced, created, or distributed by the campaign beyond

17  what is publicly available on the Internet.

18  **REQUEST NO. 4:**

19      Produce all versions of any radio advertisement relating to Proposition 8 that you had any

20  involvement producing, creating, or distributing.

21  **RESPONSE TO REQUEST NO. 4:**

22      EQCA NO ON 8 specifically objects to this request as duplicative, overly broad,

23  irrelevant, and unduly burdensome in that it seeks "all versions" of radio advertisements relating

24  to Proposition 8.  EQCA NO ON 8 further objects to this request to the extent it is duplicative of

25  Proponents' August 27, 2009 Subpoena.

26      Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

27  its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that as an

28  organization it was not involved in producing, creating, or distributing any radio advertisement

6

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   related to Proposition 8.  EQCA NO ON 8 does not have possession, custody, or control of radio

2   advertisements produced, created, or distributed by the campaign.

3   **REQUEST NO. 5:**

4        Produce all plans, schematics, and versions of websites relating to Proposition 8 that you

5   hosted, paid for, or sponsored.

6   **RESPONSE TO REQUEST NO. 5:**

7        EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

8   in that it seeks "*all* plans, schematics, and versions" of websites hosted, paid for, or sponsored by

9   EQCA NO ON 8 regarding Proposition 8.  Many of the versions of EQCA NO ON 8's public

10  website contain the exact same information about Proposition 8.  EQCA NO ON 8 further objects

11  to this request to the extent it seeks production of materials that no longer exist or are no longer in

12  EQCA NO ON 8's possession, custody, or control.  EQCA NO ON 8 did not publicly distribute

13  plans or schematics for its website, and it cannot produce exact versions of its website, as it did

14  not systematically save these versions beyond what is publicly available on the Internet.  EQCA

15  NO ON 8 further objects to this request to the extent it is duplicative of Proponents' August 27,

16  2009 Subpoena.

17       Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

18  its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that it will

19  produce responsive non-privileged public documents in its possession, custody, and control.

20  **REQUEST NO. 6:**

21       Produce all documents constituting communications that you prepared for public

22  distribution relating to Proposition 8, including but not limited to speeches, scripts, talking points,

23  articles, notes and automated telemarketing phone calls.

24  **RESPONSE TO REQUEST NO. 6:**

25       EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

26  in that it seeks "*all* documents" of a certain type distributed by EQCA NO ON 8 regarding

27  Proposition 8.  Many of these documents publicly distributed by EQCA NO ON 8 regarding

28  Proposition 8 contain the exact same information about Proposition 8.  EQCA NO ON 8 further

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA                                                    CASE NO. C-09-2292 VRW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   objects to this request to the extent it seeks production of materials that no longer exist or are no

2   longer in EQCA NO ON 8's possession, custody, or control.  EQCA NO ON 8 further objects to

3   this request to the extent it is duplicative of Proponents' August 27, 2009 Subpoena.

4          Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

5   its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that it will

6   produce responsive non-privileged public documents in its possession, custody, and control

7   **REQUEST NO. 7:**

8          Produce all documents reflecting your postings related to Proposition 8 on social

9   networking websites, including but not limited to Facebook, MySpace, and Twitter.

10  **RESPONSE TO REQUEST NO. 7:**

11         EQCA NO ON 8 specifically objects to this request as irrelevant and unduly burdensome,

12  in that seeks "*all* documents" of a certain type distributed by EQCA NO ON 8 regarding

13  Proposition 8.  Many of these documents publicly distributed by EQCA NO ON 8 regarding

14  Proposition 8 contain the exact same information about Proposition 8.  EQCA NO ON 8 further

15  objects to this request to the extent it is duplicative of Proponents' August 27, 2009 Subpoena.

16         Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates

17  its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that it will

18  produce responsive non-privileged public documents in its possession, custody, or control

19  including Facebook, MySpace, and Twitter, to the extent such materials are reasonably accessible

20  to EQCA NO ON 8.

21  **REQUEST NO. 8:**

22         Produce all versions of any documents within your possession, custody, or control that

23  reflect communications related to (1) campaign strategy in connection with Proposition 8, or (2)

24  messages to be conveyed to voters regarding Proposition 8 (without regard to whether the voters

25  or voter groups were viewed as likely supporters or opponents or undecided about Proposition 8

26  and without regard to whether the messages were actually disseminated or merely contemplated),

27  between or among (1) those who had any role in managing or directing No on 8, Equality for All

28  or the No on 8 campaign, or (2) those who provided advice, counseling, information, or services

8

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   with respect to the efforts to encourage persons to vote for or against Proposition 8, or otherwise

2   to educate persons about Proposition 8, including its meaning, intent, effects if enacted, or effects

3   if rejected; persons or entities falling within these descriptions include, but are not limited to,

4   persons who served on the executive committee of No on 8, Equality for All, Patrick Guerriero,

5   Steve Smith, Geoff Kors, Kate Kendall, Julie Davis, Armour Griffin Media Group, LLC, Dewey

6   Square Group, LLC, AC Public Affairs, Inc., Lake Research Partners, Inc., David Binder

7   Research, Inc., Storefront Political Media, Skyy Consulting Inc. (d.b.a. CallFire), and

8   Meringcarson.

9   **RESPONSE TO REQUEST NO. 8:**

10       EQCA NO ON 8 specifically objects to this request as overly broad, irrelevant, and

11   unduly burdensome. As explained in the General Objections, materials advocating *against*

12   Proposition 8 cannot demonstrate why Proposition 8 was enacted, or on what basis it was enacted,

13   and therefore such materials are not relevant to any legal claim or defense, nor are they

14   reasonably calculated to lead to the discovery of admissible evidence. Further, many of the

15   public communications, which EQCA NO ON 8 has already agreed to produce, regarding

16   Proposition 8 contain the exact same information about Proposition 8. EQCA NO ON 8 objects

17   to the extent this request seeks documents protected by the right to privacy and any state or

18   federal constitutional right, including but not limited to the First Amendment. EQCA NO ON 8

19   further objects to the term "campaign strategy" as vague and ambiguous. EQCA NO ON 8

20   objects to this request as duplicative, overly broad, irrelevant, and unduly burdensome in that it

21   seeks "all versions" of documents.

22       Subject to the foregoing General and Specific Objections, EQCA NO ON 8 responds that

23   it will produce responsive non-privileged public documents in its possession, custody, or control.

24   **REQUEST NO. 9:**

25       Produce documents showing the name and title of every employee of your organization

26   since January 2008 who was involved in your campaign against Proposition 8, including but not

27   limited to organizational charts.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

9

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA

CASE NO. C-09-2292 VRW

**RESPONSE TO REQUEST NO. 9:**

EQCA NO ON 8 specifically objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. EQCA NO ON 8 further objects to this request to the extent it seeks non-public confidential information. EQCA NO ON 8 further objects to this request to the extent it is duplicative of Proponents' August 27, 2009 Subpoena.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that information regarding employees of EQCA NO ON 8 involved in the campaign against Proposition 8 is publicly available.

**REQUEST NO. 10:**

Produce all documents reflecting public media coverage of Proposition 8 referring or related to your organization.

**RESPONSE TO REQUEST NO. 10:**

EQCA NO ON 8 specifically objects to this request as unduly burdensome, irrelevant, and overly broad. EQCA NO ON 8 further objects to this request in that all public media coverage of Proposition 8 that refers to EQCA NO ON 8 is publicly available. EQCA NO ON 8 further objects to this request to the extent it is duplicative of Proponents' August 27, 2009 Subpoena.

Subject to the foregoing General and Specific Objections, EQCA NO ON 8 incorporates its response to this request in Proponents' August 27, 2009 Subpoena and reiterates that any documents reflecting public media coverage of Proposition 8 referring or related to EQCA NO ON 8 are public and/or equally available to Proponents and/or are not in EQCA NO ON 8's possession, custody, or control.

Dated: November 23, 2009                FENWICK & WEST LLP

                                        By: _Leslie Kramer_
                                              Leslie Kramer
                                        Attorneys for
                                        EQUALITY CALIFORNIA ISSUES PAC

EQCA NO ON 8'S OBJECTIONS TO PROPONENTS'
SUBPOENA                                                      CASE NO. C-09-2292 VRW

1                          **PROOF OF SERVICE**

2        I, Tomi Palmerino, declare as follows:

3        I am employed in the County of San Francisco, State of California, at the following

4 business address:  Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA

5 94104.  I am over the age of 18 and not a party to this action.

6        On **November 23, 2009**, the following document

7 **EQUALITY CALIFORNIA ISSUES PAC'S OBJECTIONS AND**
**RESPONSES TO INTERVENOR-DEFENDANTS PROPOSITION 8**
8 **OFFICIAL PROPONENTS' AND PROTECTMARRIAGE.COM'S**
**SUBPOENA**
9

10 was served on the counsel for Defendant-Intervenors Proposition 8 Official Proponents and

11 Protectmarriage.com by placing true copies thereof for delivery as indicated below, addressed as

12 follows:

13     The Law Firm of J. Hector Moreno, Jr.         James A. Campbell
            and Associates                15100 N. 90th Street
14      51 E. Campbell Ave., Suite 128       Scottsdale, Arizona 85260
          Campbell, CA 95008           jcampbell@telladf.org
15                                     (480) 444-0020

16 **(X)**   **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope for
       collection and mailing following our ordinary business practices.  I am readily familiar
17      with our ordinary business practices for collecting and processing mail for the United
       States Postal Service, and mail that I place for collection and processing is regularly
18      deposited with the United States Postal Service that same day with postage prepaid.

19 **( )**   **BY PERSONAL SERVICE:**  by causing such documents to be personally delivered to
       the above-listed addressee(s) at the address(es) set forth above.
20

21 **(X)**   **BY E-MAIL:**  by causing to be transmitted via e-mail the document(s) listed above to the
       addressee(s) at the e-mail address(es) listed above.

22        I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct.

24 Date:  November 23, 2009             *Tomi Palmerino*
                                   Tomi Palmerino

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW