# EXHIBIT 5

# 01/12/10 Letter to ACLU



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

January 12, 2010

*Via Electronic Mail and UPS Overnight Mail*

No on Proposition 8
Campaign for Marriage Equality
A Project of the American Civil Liberties Union of Northern California
c/o Elizabeth O. Gill
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, California 94111

    Re: *Perry v. Schwarzenegger*,
    U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Gill:

    I write to follow up on the document subpoena we served on you in the above-referenced matter. As we have previously stated, the scope of relevant, nonprivileged discovery in this case has been the subject of ongoing litigation. In recent days, there have been significant developments that affect your production obligations under the subpoena.

    On January 4, 2010, the Ninth Circuit issued an amended opinion regarding the scope of the First Amendment privilege. *See Perry v. Hollingsworth*, No. 09-17241, Slip op., (Jan. 4, 2010), *available at* http://www.ca9.uscourts.gov/datastore/opinions/2010/01/04/0917241ao.pdf. On January 7, 2010, the Magistrate Judge issued further guidance with respect to the scope of discoverable documents on both relevance and privilege. *See* Order of Jan. 8, 2010 (Doc # 372), *Perry v. Schwarzenegger*, No. 09-2292 (N.D. Cal.) (attached hereto).

    The Magistrate Judge ruled that under the Ninth Circuit opinion, "[t]he [First Amendment] privilege protects 'communications among the core group of *persons* engaged in the formulation of campaign strategy and messages.'" Doc # 372 at 2 (quoting *Perry v. Hollingsworth*, slip op. at 36 n.12). The Magistrate Judge ruled that "[c]ommunications to anyone outside the core group are not privileged under the First Amendment." *Id.* at 5. Under the Court's order, you must include on a privilege log "*all* documents consisting of communications between or among members of the core group." *Id.* Further, under the Court's order, the following documents, if communicated to anyone outside "the core group" are relevant and must be produced immediately: all documents that "contain, refer or relate to any arguments for or against Proposition 8." *Id.*

    The Magistrate Judge noted that the "Ninth Circuit left it to [the District Court] to determine the persons who logically should be included in the core group." *Id.* at 2. The Magistrate Judge afforded Proponents 24 hours to submit evidence of the persons who make up

1

"the core group." We thus must request that you identify your "core group" by 5 p.m. PT on Wednesday, January 13, 2010, and that you begin a rolling production of all responsive, nonprivileged documents immediately.

Please advise us right away whether you plan to comply with your obligations under the subpoena, and in any event by no later than 5 p.m. on January 13, 2010. If we do not hear from you, or if you choose not to comply, we will have no choice but to file an expedited motion to compel on the morning of January 14, 2010.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

Encl.

# 01/12/10 Letter to CAEBR



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

January 12, 2010

*Via Electronic Mail and UPS Overnight Mail*

Californians Against Eliminating Basic Rights
c/o Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, California 94577

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Krogseng:

      I write to follow up on the document subpoena we served on you in the above-referenced matter. As we have previously stated, the scope of relevant, nonprivileged discovery in this case has been the subject of ongoing litigation. In recent days, there have been significant developments that affect your production obligations under the subpoena.

      On January 4, 2010, the Ninth Circuit issued an amended opinion regarding the scope of the First Amendment privilege. *See Perry v. Hollingsworth*, No. 09-17241, Slip op., (Jan. 4, 2010), *available at* http://www.ca9.uscourts.gov/datastore/opinions/2010/01/04/0917241ao.pdf. On January 7, 2010, the Magistrate Judge issued further guidance with respect to the scope of discoverable documents on both relevance and privilege. *See* Order of Jan. 8, 2010 (Doc # 372), *Perry v. Schwarzenegger*, No. 09-2292 (N.D. Cal.) (attached hereto).

      The Magistrate Judge ruled that under the Ninth Circuit opinion, "[t]he [First Amendment] privilege protects 'communications among the core group of *persons* engaged in the formulation of campaign strategy and messages.'" Doc # 372 at 2 (quoting *Perry v. Hollingsworth*, slip op. at 36 n.12). The Magistrate Judge ruled that "[c]ommunications to anyone outside the core group are not privileged under the First Amendment." *Id.* at 5. Under the Court's order, you must include on a privilege log "*all* documents consisting of communications between or among members of the core group." *Id.* Further, under the Court's order, the following documents, if communicated to anyone outside "the core group" are relevant and must be produced immediately: all documents that "contain, refer or relate to any arguments for or against Proposition 8." *Id.*

      The Magistrate Judge noted that the "Ninth Circuit left it to [the District Court] to determine the persons who logically should be included in the core group." *Id.* at 2. The Magistrate Judge afforded Proponents 24 hours to submit evidence of the persons who make up "the core group." We thus must request that you identify your "core group" by 5 p.m. PT on

1

Wednesday, January 13, 2010, and that you begin a rolling production of all responsive, nonprivileged documents immediately.

Please advise us right away whether you plan to comply with your obligations under the subpoena, and in any event by no later than 5 p.m. on January 13, 2010. If we do not hear from you, or if you choose not to comply, we will have no choice but to file an expedited motion to compel on the morning of January 14, 2010.

Thank you for your assistance in this matter.

Sincerely,

James A. Campbell

Encl.

# 01/12/10 Letter to Equality California



**ALLIANCE DEFENSE FUND**
*Defending Our First Liberty*

January 12, 2010

*Via Electronic Mail and UPS Overnight Mail*

Win Marriage Back, A Project of Equality California
(formerly known as No on 8 – Equality California)
c/o Carolyn Chang
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

      Re: *Perry v. Schwarzenegger*,
      U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Ms. Chang:

      I write to follow up on the document subpoena we served on you in the above-referenced matter. As we have previously stated, the scope of relevant, nonprivileged discovery in this case has been the subject of ongoing litigation. In recent days, there have been significant developments that affect your production obligations under the subpoena.

      On January 4, 2010, the Ninth Circuit issued an amended opinion regarding the scope of the First Amendment privilege. *See Perry v. Hollingsworth*, No. 09-17241, Slip op., (Jan. 4, 2010), *available at* http://www.ca9.uscourts.gov/datastore/opinions/2010/01/04/0917241ao.pdf. On January 7, 2010, the Magistrate Judge issued further guidance with respect to the scope of discoverable documents on both relevance and privilege. *See* Order of Jan. 8, 2010 (Doc # 372), *Perry v. Schwarzenegger*, No. 09-2292 (N.D. Cal.) (attached hereto).

      The Magistrate Judge ruled that under the Ninth Circuit opinion, "[t]he [First Amendment] privilege protects 'communications among the core group of *persons* engaged in the formulation of campaign strategy and messages.'" Doc # 372 at 2 (quoting *Perry v. Hollingsworth*, slip op. at 36 n.12). The Magistrate Judge ruled that "[c]ommunications to anyone outside the core group are not privileged under the First Amendment." *Id.* at 5. Under the Court's order, you must include on a privilege log "*all* documents consisting of communications between or among members of the core group." *Id.* Further, under the Court's order, the following documents, if communicated to anyone outside "the core group" are relevant and must be produced immediately: all documents that "contain, refer or relate to any arguments for or against Proposition 8." *Id.*

      The Magistrate Judge noted that the "Ninth Circuit left it to [the District Court] to determine the persons who logically should be included in the core group." *Id.* at 2. The Magistrate Judge afforded Proponents 24 hours to submit evidence of the persons who make up "the core group." We thus must request that you identify your "core group" by 5 p.m. PT on

1


Wednesday, January 13, 2010, and that you begin a rolling production of all responsive, nonprivileged documents immediately.

Please advise us right away whether you plan to comply with your obligations under the subpoena, and in any event by no later than 5 p.m. on January 13, 2010. If we do not hear from you, or if you choose not to comply, we will have no choice but to file an expedited motion to compel on the morning of January 14, 2010.

Thank you for your assistance in this matter.

                                          Sincerely,

                                        James A. Campbell

Encl.

