Perry et al v. Schwarzenegger et al Doc. 472 Att. 5


# EXHIBIT 6

Dockets.Justia.com

# 01/14/10 ACLU Letter



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA
tel +1 415
fax +1 415
WWW.ORRICK.COM

January 14, 2010

Stephen V. Bomse
(415) 773-4145
sbomse@orrick.com

James A. Campbell
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260

Re: *Perry v. Schwarzenegger*, U.S.D.C., N.D. Cal., C-09-2292 VRW

Dear Mr. Campbell:

This is in response to your letter dated January 12, 2010 to Elizabeth Gill regarding the purported "obligations" of No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union of Northern California ("ACLU"). In your letter you demand that, in light of an order entered on January 11 regarding the obligations of Proponents to produce certain information and documents in the above-entitled litigation, ACLU is now under a duty to "identify a 'core group'" of individuals who are entitled to claim a privilege against production of documents in light of the recent Ninth Circuit decision in *Perry v. Hollingsworth*, No. 09-17241 (as amended January 4, 2010) and, except as to that "core group," to "begin a rolling production of all responsive, nonprivileged documents immediately."

The ACLU has no intention of responding in either of the respects that you "request". There are numerous reasons for its position, among which are the following:

1. There is no document outstanding that requires identification of some "core group" of individuals at the ACLU in regard to this litigation. At two points during discovery in the case, Proponents sent subpoenas to the ACLU to which it objected. Nothing in those subpoenas, nor any other document of which we are aware, even purports to impose any obligations of identification, such as those you assert in your letter, on the ACLU. Similarly, nothing in Magistrate Judge Spero's order attached to your letter purports to impose such an obligation on the ACLU.

2. The fact that an order has been issued that is directed *to your clients* regarding discovery also does not purport to establish any burden of production on the ACLU. It was not involved in the recent hearing before Magistrate Judge Spero and nothing in his order is addressed to it, or to any other third-parties, for that matter. In that regard, nothing in his order even purports to define as to the





ACLU any universe of "responsive, nonprivileged documents". To the extent that that order identifies certain categories of documents that must be produced *by Proponents*, it has no application to the ACLU.

3. Any notion that one can "infer" some obligations on a non-party such as the ACLU from Judge Spero's order also is not remotely tenable. Third-parties, such as the ACLU are not situated the same as to discovery as parties, nor are their obligations necessarily coterminous. To the contrary, numerous cases, as well as the Federal Rules, themselves, distinguish between the discovery obligations that may be imposed on parties and non-parties.

4. The only document under which the ACLU might conceivably have been subject to compulsory process at a prior point in the litigation is the document discovery subpoena served on the ACLU several weeks ago. However, the period during which compliance might have been sought expired on December 9 (7 days after the close of discovery per LR 26-2), and the case is now in trial. Therefore, we have no idea under what operative document, or upon what other basis, you would even purport to bring "an expedited motion to compel."

5. Were there to be some proper request outstanding, the ACLU would object to it at this date on the basis that there is no adequate showing of relevance within the scope of the Ninth Circuit's opinion. Further, any such relevance would be vastly outweighed by the burden which compliance with your requests for "immediate" identification and production of documents would purport to impose. Those are matters on which we would insist on the right to be heard fully, and with adequate time for response.

6. Any effort to obtain discovery from the ACLU at this time also would be futile in that it could not reasonably make production within a time frame sufficient to allow use to be made of its documents during the trial (assuming, solely for purposes of argument, that there would be any basis for allowing the introduction of the type of documents that you apparently are seeking from the ACLU in any event). Performing the tasks you insist upon within the time that, as we understand it, the case will be in trial is not feasible. That is all the more clearly the case since the ACLU would appeal from any order that might be entered directing it to produce documents as to which it asserts a claim of privilege.

7. The ACLU further will object to any order seeking discovery from it on the basis of waiver, laches and estoppel. For strategic reasons of its own, Proponents elected to defer taking action to enforce its subpoena to the ACLU during the months while they were attempting to resist discovery requests served on them by plaintiffs. That certainly was their prerogative and, as you know, the ACLU supported your clients in that effort in the Ninth Circuit. However, as a result of Proponents' strategic decision not to seek enforcement of their subpoena against the ACLU previously, they





have delayed far too long in seeking documents from the ACLU and have waived and are estopped from now seeking to revisit their earlier strategic judgment by seeking to impose instantaneous obligations on the ACLU at this very late date. The fact that the parameters of the Proponents' First Amendment privilege vis-a-vis the plaintiffs has been a matter of on-going debate is no excuse for allowing Proponents to initiate an "eleventh hour" (actually, far later) process designed to compel the production of documents from third parties who dispute their obligations on grounds of relevance, privilege and burden.

In light of the foregoing, the ACLU respectfully declines Proponents' demands and will make no further response either to your letter of the 12th or to any previously-served third-party discovery request.

Very truly yours,

Stephen V. Bomse

# 01/13/10 CAEBR Letter

**REMCHO, JOHANSEN & PURCELL, LLP**
ATTORNEYS AT LAW

201 DOLORES AVENUE
SAN LEANDRO, CA 94577
PHONE: (510) 346-6200
FAX: (510) 346-6201
EMAIL: kkrogseng@rjp.com
WEBSITE: www.rjp.com

SACRAMENTO PHONE: (916) 264-1818

Joseph Remcho (1944-2003)
Robin B. Johansen
Kathleen J. Purcell (Ret.)
James C. Harrison
Thomas A. Willis
Karen Getman
Margaret R. Prinzing
Kari Krogseng

January 13, 2010

**VIA E-MAIL AND REGULAR MAIL**

James A. Campbell
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260

Re: *Perry v. Schwarzenegger*

Dear Mr. Campbell:

I write to respond to your January 12, 2010 letter, which demands that Californians Against Eliminating Basic Rights identify its "core group" within 24 hours and produce unspecified documents immediately.

CAEBR stands by the objections it made to the second subpoena on November 23, 2009. CAEBR has not been involved in the litigation referred to in your letter, and is under no obligation to comply with orders regarding the Proposition 8 Proponents' own discovery disputes. Your failure to meet and confer regarding CAEBR's November 23, 2009 objections – and failure to address our serious concerns regarding the relevance of the requested documents which are set forth in our November 5, 2009 letter – makes the demands in your letter all the more unreasonable and untimely. Given that you have had months to address this issue, your failure to contact us until trial has already begun should bar any expedited motion to compel third party discovery at this late date.

Sincerely,

Kari Krogseng

(00099704.2)

# 01/13/10 Equality California Letter

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR SAN FRANCISCO, CA 94104

TEL 415.875.2300 FAX 415.281.1350 WWW.FENWICK.COM

January 13, 2010

LESLIE KRAMER

EMAIL LKRAMER@FENWICK.COM
DIRECT DIAL (415) 875-2396

***VIA EMAIL***

James A. Campbell
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260

Re: Your January 12, 2010 Letter
*Perry v. Schwarzenegger* (Case No. C-09-2292 VRW)

Dear Mr. Campbell:

I am writing in response to your letter dated January 12, 2010 regarding recent developments in the dispute between plaintiffs and defendants-intervenors, the Proponents of Proposition 8. As you know, Equality California is a third party and opponent of Proposition 8. We have reviewed Judge Spero's January 7, 2010 Order attached to your letter, and we do not see how it is applicable to Equality California's obligations under the subpoenas. Please explain how this order applies to third party Equality California.

We note that Equality California has already fully complied with its obligations under the subpoenas by producing unobjectionable responsive documents. Proponents have had Equality California's written responses and objections, including its relevance objections, for quite some time now, and have not bothered to responded to them. If you disagree, please explain at a minimum how all the new information you seek bears on the claims and defenses in your matter.

Finally, your request for additional information under the subpoena is untimely and unduly burdensome. *See* Rule 26-2. Trial is already underway in your matter. And even if you could show that your new requests were timely and somehow sought relevant information, we are not in a position to gather and produce such information in the limited amount of time by which you demanded a response.

As always, please let me know if you would like to discuss this matter further.

Sincerely,

FENWICK & WEST LLP

Leslie Kramer

cc: Lauren Whittemore, Esq.