COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S MOTION TO AMEND JANUARY 8, 2010 DISCOVERY ORDER**<br><br>Judge: Chief Judge Vaughn R. Walker<br>         Magistrate Judge Joseph C. Spero<br><br>Location: Courtroom 6, 17th Floor<br>Trial Date: Jan. 11, 2010 |

| | |
|---|---|
| 1 | State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |

                    Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

                    Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that as soon as practicable given the Court's trial schedule, before the Honorable Joseph C. Spero, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") will move the Court to amend the January 8, 2010 Order (Doc # 372) in order to add four individuals to the "core group" defined in that Order.[1]

The issue to be decided is: Is there good cause to modify the January 8, 2010 Order to add to the "core group" four additional persons?

**BACKGROUND**

In its order of January 8, 2010 ("January 8 Order"), the Court defined a list of persons who qualified as the "'core group of persons engaged in the formulation of campaign strategy and messages'" and, thus, whose communications are privileged from compelled disclosure under the First Amendment. Doc # 372 at 2 (quoting *Perry v. Hollingsworth*, No. 09-17241 slip op. at 36 n.12 (9th Cir. Jan. 4, 2010) (emphasis omitted). That "core group" list was taken (after some narrowing) from the persons listed in the November 5, 2009 Declaration of Ronald Prentice ("November 5 Declaration") (submitted *in camera* and under seal) and the January 7, 2010 Declaration of Ronald

---

[1] Pursuant to N.D. Cal. L.R. 7-2(a), this motion must be noticed for hearing "on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Given that trial is already underway, Proponents respectfully request that the Court schedule this motion for hearing as soon as the trial schedule will allow. Proponents will file an administrative motion to shorten time requesting such relief.
Because the Court's electronic filing system was not functioning from 5 p.m. on January 15, 2010, to 12:00 p.m. on January 18, 2010, and because no drop box at the courthouse was available for manual filing during that period, Proponents could not file this motion on the Court's docket during that period. Proponents served the motion on all parties, however, on the morning of January 17 and informed the parties that they planned to file it with the Court as soon as a means of doing so became available. *See* Decl. of Jesse Panuccio, attached to Defendant-Intervenors' Motion to Shorten Time.

Prentice ("January 7 Declaration") (Doc # 364).

The November 5 Declaration focused on individuals within the ProtectMarriage.com campaign with positions of management responsibility. *See* Doc # 372 at 4. At a hearing on January 6, 2010, Proponents acknowledged that "the individuals in the [November 5 Declaration] form at least a part of the core group but sought an additional 24 hours to determine whether additional individuals should also be included," which the Court granted. *Id.* The January 7 Declaration listed additional names of persons involved in internal formulation of messaging and strategy, many of which the Court found to be part of the "core group."

The January 7 Declaration, however, omitted the following individuals:

- Richard Peterson. Mr. Peterson personally appeared on behalf of ProtectMarriage.com in statewide television advertisements of the campaign, and participated directly with other members of the core group to formulate the specific campaign messages he delivered in those television advertisements.

- Robb Wirthlin. Mr. Wirthlin personally appeared on behalf of ProtectMarriage.com in statewide television advertisements of the campaign, and participated directly with other members of the core group to formulate the specific campaign messages he delivered in those television advertisements.

- John Doe. Mr. Doe was a professional opinion research consultant who was hired by ProtectMarriage.com to conduct focus groups and other voter opinion research, which were essential parts of the internal formulation of the campaign's strategy and messaging.[2]

Declaration of Ronald Prentice (January 16, 2010) ("January 16 Declaration"), ¶ 3. Copies of

---

[2] John Doe is an alias to protect the individual's First Amendment right to participate anonymously in a political campaign. Mr. Doe's name is revealed in the concurrently filed declaration of Ronald Prentice, which Proponents' have moved this Court to seal.

representative examples of documents containing internal campaign communications by or among these three individuals and other members of the "core group" are attached as exhibits to the January 16 Declaration.

The January 7 Declaration described the role of Marketing Communications Services Inc. ("MCSI") in the production and distribution of television advertisements for ProtectMarriage.com. *See* January 7 Declaration, ¶ 7(vii).[3] The January 7 Declaration stated that "[a]lthough MCSI did not have a key role in the substantive development of messaging strategy, in this capacity as a vendor, MCSI was often provided with confidential draft scripts and messages that were never publicly distributed beyond the core group of ProtectMarriage." January 7 Decl., ¶ 7(vii). The Court's January 8 Order did not include MCSI in the core group. Doc # 372 at 4. As Mr. Prentice's January 16 Declaration attests, however, the head of MCSI—Bill Criswell—attended campaign focus groups in which key messaging and strategy issues were evaluated and he was a party to many key campaign communications regarding messages to test in focus groups, the creation of ads to test in focus groups, and the analysis and determination of which messages to use in public advertising. He thus regularly received the most sensitive internal communications regarding campaign strategy and messaging (including draft scripts, advertisements for testing in focus groups, and the results and analysis of focus groups and polling). January 16 Declaration, ¶ 3(d), 6. Copies of representative emails attached to the January 16 Declaration demonstrate the involvement of Mr. Criswell in the innermost discussions of strategy and messaging within the ProtectMarriage.com campaign.

The failure to include or adequately describe these four individuals in the January 7 Declaration was an oversight caused by the extreme time constraints faced by legal counsel and Proponents in preparing for this trial, the difficulty of remembering the precise scope of involvement of all persons

---

[3] The January 7 Declaration contained Bill Criswell's name in a parenthetical alongside MCSI ("Marketing Communications Services, Inc. (Bill Criswell)") and then described MCSI's role in the campaign. January 7 Declaration, ¶ 7(vii).

engaged in the formulation of strategy and messages in such a massive and complex citizens' campaign extending over months, and Mr. Prentice's own personal work schedule. *Id.* at ¶ 3.

## ARGUMENT

The sweeping scope of Plaintiffs' discovery requests implicates fundamental First Amendment rights. As this Court has summarized, the Ninth Circuit held that "Proponents' First Amendment privilege protects 'private, internal campaign communications concerning the formulation of strategy and messages.'" Doc # 372 at 2 (quoting *Perry*, No. 09-17241, slip op at 36 n.12) (emphasis omitted). "The privilege protects 'communications among the core group of persons engaged in the formulation of campaign strategy and messages.'" *Id.* (emphasis omitted). The Ninth Circuit left the determination of which persons "logically should be included" in the core group to this Court. *Id.*

The Court "has wide discretion" to reopen its January 8 Order to ensure that all who properly belong in the "core group" are reflected in that Order. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). Sound reasons exist for doing so. Each of the four persons listed above played an important role in, and/or were privy to, the most sensitive internal deliberations of the ProtectMarriage.com campaign regarding messages and strategy. Messrs. Peterson and Wirthlin were involved in formulating campaign messages and advertising and sometimes were the very voices of the campaign to the public. January 16 Declaration, ¶¶ 3, 4. Mr. Doe was involved in focus-group research, which has become an indispensable component of modern campaign messaging and strategy. *Id.*

Mr. Criswell was also involved in focus-group research as well as the production and distribution of television and radio advertisements. *Id.* at ¶¶ 3, 4, 6; January 7 Declaration, ¶ 7(vii). While Mr. Criswell has submitted a declaration stating that "MCSI did not participate in conceptualizing or devising the advertising campaign," Doc # 351-1, the communications attached to Mr. Prentice's declaration bring into sharp focus the fact that Mr. Criswell, by virtue and necessity of his role as a

critical campaign vendor of advertising, was systematically and routinely copied on many of the most confidential and sensitive internal communications about content and strategy of the campaign's messaging. In this regard, he was similar to the assistants of "core group" members who, while they might not themselves have "conceptualized or devised" campaign messaging and strategy, were nonetheless necessarily part and parcel of the formulation of this privileged speech by virtue of their job. To exclude Mr. Criswell from the "core group" is to destroy the privilege where its application is most fervently needed—for internal communications among the very heart of the campaign concerning the formulation of messaging and strategy. *See Perry*, No. 09-17241, slip op. at 30.

Thus, the communications of these four individuals with or from other core-group members concerning messaging or strategy lie at the very heart of the First Amendment privilege defined by the Ninth Circuit and implemented by the Court's January 8 Order. The documents attached to the January 16 Declaration make this fact plain.

First Amendment rights are of paramount importance. The rights of these four individuals and the campaign should not be denied merely because their names or the scope of their roles in the campaign were omitted from the January 7 Declaration. The time pressures of this case are obvious and severe. While preparing for a January 11 trial, Proponents had very little time from the Ninth Circuit's January 4 opinion to review the entire course of a long campaign and its many participants to determine which individuals should be included in the "core group." Innocent omissions were inevitable and came to light as Proponents continued to review the history of the campaign and documents associated with it.

Moreover, there is no prejudice to Plaintiffs in reopening the Order to add these additional names to the core group. Production of Proponents' documents pursuant to the January 8 Order has just been completed, save for documents pertaining to the four individuals that are the subject of this motion. While some documents bearing communications between these four additional individuals and other

core group members may have already been produced, Plaintiffs had no right to privileged documents in the first place and, given the short timeframe since production, cannot be said to have relied on them to their detriment in preparing and trying their case. The balance of rights and equities favors amending the order to add these four individuals to the core group. *See Perry,* No. 09-17241, slip op. at 37.

## CONCLUSION

For the foregoing reasons, Proponents respectfully request that the Court grant this motion to amend the January 8 Order (Doc # 372) to add Richard Peterson, Robb Wirthlin, John Doe, and Bill Criswell to the "core group" defined in that Order.

Dated: January 18, 2010

        COOPER AND KIRK, PLLC
        ATTORNEYS FOR DEFENDANTS-INTERVENORS
        DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
        MARTIN F. GUTIERREZ, MARK A. JANSSON, AND
        PROTECTMARRIAGE.COM – YES ON 8, A PROJECT
        OF CALIFORNIA RENEWAL

        By: /s/ Charles J. Cooper
              Charles J. Cooper