COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON,
and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>        Plaintiffs,<br><br>      v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' MOTION TO SHORTEN TIME FOR RESPONSE TO AND HEARING OF MOTION TO AMEND JANUARY 8, 2010 DISCOVERY ORDER**<br><br>Trial Date: January 11, 2010<br>Judge: Chief Judge Vaughn R. Walker<br>       Magistrate Judge Joseph C. Spero<br>Location: Courtroom 6, 17th Floor |

State Registrar of Vital Statistics; LINETTE
SCOTT, in her official capacity as Deputy
Director of Health Information & Strategic
Planning for the California Department of Public
Health; PATRICK O'CONNELL, in his official
capacity as Clerk-Recorder for the County of
Alameda; and DEAN C. LOGAN, in his official
capacity as Registrar-Recorder/County Clerk for
the County of Los Angeles,

Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS
DENNIS HOLLINGSWORTH, GAIL J.
KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
JANSSON; and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
RENEWAL,

Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 6-3 Defendant Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") will and hereby do move this Court for an Order shortening the time within which the Plaintiffs may respond and the Court may hear Proponents' Motion to Amend January 8, 2010 Discovery Order to Add Additional Core Group Members.  Proponents respectfully request that the Court order Plaintiffs to file a response to the Motion to Amend, if any, by 12:00 p.m. on January 19, 2010, and the Court hear the motion as soon as is practicable given the trial schedule.

Proponents have moved for an order to amend the January 8, 2010 Order (Doc # 372) in order to add four individuals to the "core group" defined in that Order.  Proponents have so moved because these persons should be included in the "core group" but were omitted from the January 7, 2010 Declaration of Ronald Prentice ("January 7 Declaration") from which the Court, in part, derived the list of names defining the core group.

This motion is based upon this Notice of Motion; the following Memorandum of Points and Authorities; the concurrently filed declaration of Jesse Panuccio in support; the complete files in these actions; the concurrently filed Motion to Amend and accompanying Declaration of Ronald Prentice; argument of counsel; and such other and further matters as this Court may consider.

## MEMORANDUM AND POINTS OF AUTHORITIES

Plaintiffs' discovery requests implicate fundamental First Amendment rights.  The Court's January 8 Order required a rolling production of documents not protected by the First Amendment privilege.  Under that Order, documents protected by that privilege are determined in part by the identities of a Court-defined "core group" of persons who were involved with the "internal campaign communications concerning the formulation of strategy and messages.'"  Doc # 372, at 2 (quoting *Perry v. Hollingsworth*, 09-17241 Slip Op at 36 n.12 (9th Cir. January 4, 2010)) (emphasis omitted).  In

order to determine which persons should be in the core group, the Court relied, in part, on the January 7

Declaration of Ronald Prentice, which provided a list of persons who Proponents argued met the

requirements for core-group status.  However, as demonstrated in the Motion to Amend and the

concurrently filed Declaration of Ronald Prentice, some names of persons who fall within the core

group were omitted from the January 7 Declaration due to the extreme trial-preparation pressures on

Proponents and their counsel.

Because trial has already commenced, Proponents require immediate resolution of the Motion to

Amend so that documents falling within the First Amendment privilege are not produced as now

required by the January 8 Order and that valuable judicial and attorney time and resources are not

needlessly wasted dealing with documents that should not be produced or considered at trial.

Accordingly, Plaintiffs' counsel were notified by email on January 17, 2010, of Proponents' intention

to seek relief in the form of this motion to shorten time.  *See* Decl. of Jesse Panuccio in Supp. of

Defendant-Intervenors' Mot. to Shorten Time.

## I.   Substantial Prejudice Will Occur If The Time for A Hearing on the Motion to Amend Is Not Shortened.

Federal Rule of Civil Procedure 6(e) allows the Court to order a motion to be heard on an

accelerated basis "for good cause."  Fed. R. Civ. P. 6(c)(1)(C).  Moreover, N.D. Cal. Civ. L.R. 6-

3(a)(3) provides that a court may shorten time if "substantial harm or prejudice … would occur if the

Court did not change the time …."

The Motion to Amend seeks to protect fundamental First Amendment rights under the standards

defined by the Ninth Circuit and this Court.  Given the current trial schedule and the Court's docket, if

the normal timeline for response and hearing on the Motion to Amend were not shortened the trial

would be over and the abridgment of the First Amendment privilege would have already occurred by

the time the Motion was heard.  Given the narrow nature of the Motion to Amend and the familiarity of

legal counsel with the issue, no prejudice to Plaintiffs will occur if the motion to shorten time is

2

1  granted.

2                                **CONCLUSION**

3          For the foregoing reasons, Proponents respectfully request that the Court grant this motion to

4  shorten time.

5

6      Dated: January 18, 2010

7                                           COOPER AND KIRK, PLLC
                                            ATTORNEYS FOR DEFENDANTS-INTERVENORS
8                                           DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
                                            MARTIN F. GUTIERREZ, MARK A. JANSSON, AND
9                                           PROTECTMARRIAGE.COM – YES ON 8, A PROJECT
10                                          OF CALIFORNIA RENEWAL

11                                          By:     /s/ Charles J. Cooper
                                                    Charles J. Cooper
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28