1  GIBSON, DUNN & CRUTCHER LLP
   Theodore B. Olson, SBN 38137
2  *tolson@gibsondunn.com*
   Matthew D. McGill, *pro hac vice*
3  Amir C. Tayrani, SBN 229609
   1050 Connecticut Avenue, N.W., Washington, D.C. 20036
4  Telephone: (202) 955-8668, Facsimile: (202) 467-0539

5  Theodore J. Boutrous, Jr., SBN 132009
   *tboutrous@gibsondunn.com*
6  Christopher D. Dusseault, SBN 177557
   Ethan D. Dettmer, SBN 196046
7  Sarah E. Piepmeier, SBN 227094
   Theane Evangelis Kapur, SBN 243570
8  Enrique A. Monagas, SBN 239087
   333 S. Grand Avenue, Los Angeles, California 90071
9  Telephone: (213) 229-7804, Facsimile: (213) 229-7520

10 BOIES, SCHILLER & FLEXNER LLP
   David Boies, *pro hac vice*
11 *dboies@bsfllp.com*
   Theodore H. Uno, SBN 248603
12 333 Main Street, Armonk, New York 10504
   Telephone: (914) 749-8200, Facsimile: (914) 749-8300

13 Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER,
14 PAUL T. KATAMI, and JEFFREY J. ZARRILLO

15              UNITED STATES DISTRICT COURT
16              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO REOPEN THE DEPOSITION OF RONALD PRENTICE IN HIS PERSONAL CAPACITY AND AS THE RULE 30(b)(6) REPRESENTATIVE FOR PROTECTMARRIAGE.COM**<br><br>Trial Date: January 11, 2010<br><br>Judge: Chief Judge Walker<br>Magistrate Judge Joseph C. Spero<br><br>Location: Courtroom 6, 17th Floor |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 19, 2010 at 9 a.m., or as soon thereafter as this matter may be heard pursuant to the motion to shorten time filed concurrently herewith, Plaintiffs will and hereby do move for an order re-opening the deposition of Ronald Prentice to allow Plaintiffs to question this witness in his personal capacity and as the Rule 30(b)(6) representative of ProtectMarriage.com concerning new documents that have been produced by Proponents in response to this Court's January 8, 2010 Order. As this matter is currently in the second week of trial, Plaintiffs request that this Court order Mr. Prentice to appear for a one-day, seven hour deposition in San Francisco on January 21, 2010.

This motion is filed pursuant to Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure, this Court's January 8, 2010 Order, and this Court's rulings at the hearing held on January 6, 2010.

This motion is based on this notice, the memorandum accompanying this notice, all documents attached to the accompanying Declaration as Exhibits, the accompanying motion to shorten time, the accompanying motion to file under seal, all other papers on file with the Court, oral argument, and such other matters as may be presented in connection with the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs file this motion to reopen the deposition of Mr. Ronald Prentice because Proponents have produced documents in response to this Court's January 8, 2010 order that contain new information that Plaintiffs were not aware of at the time Mr. Prentice[1] was originally deposed in December 2009. On January 6, 2010 – at the hearing held before this Court issued its written order on January 8 – Magistrate Judge Spero stated that if Plaintiffs' review of newly produced documents reveals information Plaintiffs did not know previously, Plaintiffs may make an application to re-open depositions. Jan. 6, 2009 Hr'g Tr. at 5:22-6:7. In accordance with these instructions and Rule

---

[1] Mr. Prentice was the Chairman of ProtectMarriage.com – Yes on 8, a project of California Renewal ("ProtectMarriage.com") and a member of the ProtectMarriage.com Executive Committee. Justice Lazarus Decl. ¶ 2, Ex. A at 94:11-14, 96:25-97:4.

1

30(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request permission to reopen the deposition of Mr. Prentice for one seven-hour day in order to question him in his personal capacity and as the Rule 30(b)(6) representative of ProtectMarriage.com about the content of newly produced documents.

Among other things, the newly produced documents shed considerable light on the relationship between ProtectMarriage.com and various other groups and individuals who actively campaigned for the passage of Prop 8.[2] In several instances, as discussed *infra*, these documents appear to be inconsistent with Mr. Prentice's deposition testimony in which he repeatedly sought to distance himself and ProtectMarriage.com from other groups and individuals who campaigned for Prop. 8 and disseminated incendiary misinformation about California's gays and lesbians. As Plaintiffs were previously deprived of the opportunity to depose Mr. Prentice about these very recently produced, non-privileged documents, Plaintiffs seek leave to reopen his deposition. Plaintiffs also believe that a further deposition of Mr. Prentice will enable them to further streamline the testimony offered at trial in this case.

## II.  PROCEDURAL BACKGROUND

On August 19, 2009, Plaintiffs propounded their first set of requests for documents on Proponents seeking campaign materials relating to Prop. 8. Doc #187-3. In both the district and appellate courts, Proponents have opposed Plaintiffs' efforts to obtain *any* discovery into documents or communications concerning Prop. 8, except to the extent the Proponents themselves had chosen to make a communication available to the general public. *See, e.g.*, Doc #375. As a result of these discovery disputes and the January 11, 2010 trial date, Plaintiffs were forced to proceed with depositions of witnesses without access to many documents that had been requested in discovery.

At Proponents' request, the Fed. R. Civ. Proc. 30(b)(6) deposition of ProtectMarriage.com and the deposition of Mr. Prentice were combined into one deposition that lasted two days. Justice Lazarus Decl. at ¶ 2, Exh. A at 12:21-13:11. On December 17 and 19, 2009, Mr. Prentice was

---

[2] Plaintiffs are filing this motion under seal because Proponents designated several of the newly produced documents that are at issue in this motion as for "Attorneys' Eyes Only."

deposed both in his personal capacity and as the "person most knowledgeable" for ProtectMarriage.com. *Id.*

On January 4, 2010, the Ninth Circuit issued an amended opinion regarding the proper scope of the Proponents' claimed First Amendment privilege over campaign related material. *Perry v. Schwarzenegger*, No. 09-17241, amended slip op. (9th Cir. Jan. 4, 2010). On January 6, the parties appeared before Magistrate Judge Spero to discuss the implementation of the Ninth Circuit's amended opinion. *See* Jan. 6, 2009 Hr'g Tr. at 8. Proponents were ordered at that hearing to begin their production of responsive, non-privileged documents on January 10 and to complete their production on January 17. *Id.* at 126:23-127:1. Additionally, Magistrate Judge Spero acknowledged at the hearing that Plaintiffs may need to reopen depositions based on the newly produced documents: "if you review the documents and based on those you think that you now have information you didn't know [before], you can make an appropriate application [to reopen depositions]." *Id.* at 6:3-6:7. On January 8, Magistrate Judge Spero issued a written order memorializing the Court's oral rulings at the January 6 hearing. Doc #372.

On January 10, 2010, Proponents produced 1,489 pages of documents to Plaintiffs. Justice Lazarus Decl. at ¶ 4. On January 13, Proponents produced 5,007 pages of documents on behalf of Dr. Tam's counsel. *Id.* On January 14, Proponents produced 5,741 pages of documents in three separate productions. *Id.* On January 15, Proponents produced 1,255 pages of documents. *Id.* On January 16 beginning at approximately 11:22 p.m. and continuing over the next twelve hours, counsel for Proponents notified counsel for Plaintiffs that it had produced over 9,000 pages of documents on behalf of themselves and Dr. Tam. *Id.* Plaintiffs' counsel has diligently reviewed these documents produced by Proponents on a rolling basis. *Id.* at ¶ 5. Over the weekend since Friday, January, 15, Plaintiffs' team of approximately eight lawyers spent a substantial portion of the weekend reviewing over 15,000 pages of documents produced since January 14. *Id.* at ¶ 6.

To date, Plaintiffs' counsel has identified from these supplemental productions about 398 documents of interest that mention Mr. Prentice. Justice Lazarus at ¶ 7. Plaintiffs are in the process of selecting approximately 25 of these documents that merit additional deposition questioning of Mr. Prentice. *Id.* at ¶ 8.

3

### III. ARGUMENT

This Court has the authority to reopen the deposition of a witness. *See* Fed. R. Civ. Proc. 30(d)(2) ("If a person impedes, delays, or frustrates the fair examination of the deponent, the court may impose an appropriate sanction"); *see also Antonino-Garcia v. Shadrin*, 208 F.R.D. 298, 300 (D. Or. 2002) (permitting renewal deposition after deponent refused to answer question and brought along a "supporter" who disrupted the proceedings). Indeed, Magistrate Judge Spero expressly stated in the January 6, 2010 hearing that Plaintiffs may make an application to reopen depositions based on newly produced documents. Jan. 6, 2009 Hr'g Tr. at 5:22-6:7.

This Court should reopen the deposition of Mr. Prentice so that he can be questioned about recently produced documents that contain new information not previously known to Plaintiffs. In his December deposition testimony before these documents had been produced, Mr. Prentice repeatedly sought to distance himself and ProtectMarriage.com from the campaign messages of various other individuals and groups. Thus, for example, Mr. Prentice testified in deposition that ProtectMarriage.com was a "coalition . . . to the extent that people aligned with a generally directed purpose" and described the coalition as "loosely formed." Justice Lazarus Decl. ¶ 2, Ex. A at 58:4-5; 60:2-4. He further denied the existence of an "organization" "joined together" to support Prop. 8. Justice Lazarus Decl. ¶ 2, Ex. A at 226:19-227:3.

But contrary to Mr. Prentice's deposition testimony, the newly produced documents convincingly show that ProtectMarriage.com worked hand-in-hand with various individuals and groups in formulating one another's messages in the Prop. 8 campaign. When asked in deposition about ProtectMarriage.com's relationship with specific individuals and groups who actively campaigned for the passage of Prop. 8, Mr. Prentice repeatedly denied that ProtectMarriage.com directed, worked with, or had knowledge about the activities of these individuals and groups. Because of these denials, Plaintiffs did not pursue further lines of questioning that they otherwise would have. Now, many newly produced documents cast doubt on – and in many cases appear to directly contradict – Mr. Prentice's deposition testimony. For this Court's reference, examples of some of these newly produced documents are attached as Exhibits C to H to the Declaration of Rebecca Justice Lazarus, filed concurrently herewith.

4

By way of example only,[3] the following are instances in which newly produced documents appear to be inconsistent with the testimony given by Mr. Prentice at his December deposition:

(1) Mr. Prentice testified in deposition that there was never a steering committee for ProtectMarriage.com. Justice Lazarus Decl. ¶ 3, Ex. B at 97:4-13.

(2) Mr. Prentice testified in deposition that the Family Research Council was not part of the ProtectMarriage.com coalition. Justice Lazarus Decl. ¶ 2, Ex. A at 267:25-268:8. Based on newly

(3) Mr. Prentice testified in deposition that the leadership in the LDS Church "endorsed" Prop 8 but repeatedly "took issue" with questions regarding whether the LDS Church took an active role in campaign activities. Justice Lazarus Decl. ¶ 2, Ex. A at 172:17-21, 173:17-22.

(4) Mr. Prentice testified in deposition that he had limited knowledge about James ("Jim") Garlow's grassroots campaign. Justice Lazarus Decl. ¶ 2, Ex. A at 176:17-177:6.

---

[3] Plaintiffs have not listed all – or even most – of the instances in which newly produced documents appear to be inconsistent with Mr. Prentice's prior deposition testimony. If this Court wishes to see additional examples, Plaintiffs are ready and able to do so upon request.

(5) Mr. Prentice testified in deposition that the content of the website iProtectMarriage.com was created without the approval or supervision of ProtectMarriage.com. Justice Lazarus Decl. ¶ 2, Ex. A at 99:6-11, 99:15-100:1

In each of the aforementioned examples, Proponents' failure to produce the non-privileged documents prior to Mr. Prentice's December deposition has deprived Plaintiffs of the ability of question Mr. Prentice about those documents and to explore additional lines of inquiry that are relevant to the official Prop. 8 campaign.

---

4  A simulcast refers to programs or events broadcast across more than one medium, or more than one service on the same medium, at the same time.

## IV. CONCLUSION

For the foregoing reasons, this Court should rule that Plaintiffs may reopen the deposition of Mr. Prentice for one seven-hour day in order to question him in his personal capacity and as the Rule 30(b)(6) representative of ProtectMarriage.com about the contents of newly produced documents.

DATED: January 19, 2010

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ethan Dettmer
      Ethan D. Dettmer

and

BOIES, SCHILLER & FLEXNER LLP

David Boies

Attorneys for Plaintiffs KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO