LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
LESLIE KRAMER (CSB NO. 253313)
lkramer@fenwick.com
LAUREN WHITTEMORE (CSB NO. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Third-Party Equality California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>            Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>            Defendants,<br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>            Defendant-Intervenors. | Case No. 09-CV-2292 VRW<br><br>**EQUALITY CALIFORNIA'S OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO SHORTEN TIME FOR RESPONSE TO AND HEARING OF MOTION TO COMPEL**<br><br>Trial:     January 11, 2010<br>Judge:    Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

OPPOSITION TO MOTION TO SHORTEN TIME
FOR RESPONSE AND HEARING ON MOTION TO
COMPEL COMPLIANCE WITH DOC SUBPOENAS

CASE NO. 09-CV-2292 VRW

## **INTRODUCTION**

Without meeting and conferring as required by the Local Rules, Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") filed their Motion to Shorten Time for Response to and Hearing of Motion to Compel (the "Motion") against third party Equality California ("EQCA") on January 15, 2010.  Rather than making any meaningful effort to reach an agreement with EQCA on a shortened briefing schedule, less than eight hours before filing the motion Proponents emailed EQCA with two options – either (1) agree to an *immediate* production or (2) agree to file an opposition to the motion to compel three non-business days later on Martin Luther King, Jr. Day—a federal holiday.  Declaration of Leslie Kramer ("Kramer Decl.") Ex. D.  EQCA responded that it was not in a position to prepare and file an opposition by Monday in light of the federal holiday, but that it was willing to discuss the issue further.  Kramer Decl. Ex. E.

Proponents' sudden urgency and claimed prejudice comes in the middle of trial—well after the close of discovery, ignoring the fact that they have been in possession of EQCA's objections since September of last year.  Rather than challenge EQCA's objections to the subpoenas or even discussing the issue directly with EQCA while discovery was open, proponents tactically opted not to and presumably only do so now because of an order compelling the production of documents against it.  Now during trial, Proponents seek to impose an extremely burdensome schedule on several third parties including EQCA, despite the fact by their own admission that such requests implicate "thousands of relevant documents."  Motion to Compel at 5.  As the close of discovery, as well as the deadline for compelling discovery, has long passed, Proponents requests for additional, albeit irrelevant, documents from EQCA is simply too late, and no good cause exists to justify such untimely requests.

While EQCA maintains that any urgency is entirely the result of Proponents own decisions, it understands that this matter is in trial and that some abbreviated briefing schedule on Proponents untimely motion to compel may be required.  As such, EQCA proposes that, if the Court determines that Proponents' motion to compel should be heard, its opposition be filed with

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| OPPOSITION TO MOTION TO SHORTEN TIME FOR RESPONSE AND HEARING ON MOTION TO COMPEL COMPLIANCE WITH DOC SUBPOENAS | 1 | CASE NO. 09-CV-2292 VRW |

the Court on Monday, January 25 along with any other third party oppositions.[1]

**STATEMENT OF FACTS**

Proponents served their first subpoena on EQCA on August 27, 2009.  Proponents' Exhibit to Motion to Compel (Dkt. # 472) ("Prop. Ex.") 1.  EQCA served its objections on September 17, 2009 raising a number of objections and agreeing to produce all responsive, non-privileged public documents in response to requests 1, 2, and 5-8.  Prop. Ex. 4.  EQCA explained that non-public "materials advocating against Proposition 8 cannot demonstrate why Proposition 8 was enacted, or on what basis it was enacted, and therefore such materials are not relevant to any legal claim or defense, nor are they reasonably calculated to lead to the discovery of admissible evidence."  *Id*.

EQCA has been unequivocal in its position that non-public documents from a third party opponent are not relevant to this dispute.  As such, it has repeatedly explained to Proponents that any discovery obligations of Proponents are not applicable to those of third party opponents, such as EQCA.  Kramer Decl. Exs. A, B.  Wholly ignoring these objections, Proponents issued a second, largely duplicative subpoena on November 16.  Prop. Ex. 2.  ECQA again objected on the same grounds on November 23.  Prop. Ex. 4.  On December 8, 2009, EQCA produced all relevant, non-privileged public documents in response to the subpoenas.  Kramer Decl. ¶ 4, Ex. C.

Then, after not hearing a word from Proponents in nearly two months, EQCA received a letter on Tuesday, January 12 threatening to file a motion to compel two days later on January 14 unless EQCA identified its core group the next day and began an immediate rolling production.  Prop. Ex. 5.  EQCA responded reiterating its earlier objections and offering to discuss the issue further.  Prop. Ex. 6.  On Friday morning Proponents emailed EQCA now demanding that production begin <u>immediately</u> or that EQCA stipulate to filing a response three days later on a federal holiday.  Kramer Decl. Ex. D.  Again, EQCA responded by offering to discuss this matter further and reminding Proponents that Monday was a holiday, but Proponents refused and instead

---

[1] Third Party ACLU filed its Opposition to Proponents' Motion to Shorten Time on January 19 and proposed deadline of Monday, January 25 for its Opposition the Proponents' Motion to Compel.  Dkt. #488.

filed their motions less than 30 minutes later. Kramer Decl. ¶ 6.

## ARGUMENT

**I. ANY PREJUDICE TO PROPONENTS IS MINIMAL AND CAUSED BY PROPONENTS' OWN STRATEGIC DECISIONS**

Proponents have not demonstrated the good cause required by Federal Rule 6, let alone explained how they will suffer substantial harm or prejudice as required by Local Rule 6-3. EQCA has already produced all responsive, non-privileged *public* documents. Kramer Decl. ¶ 4. As described by Proponents, the "complete record" includes the "mix of information *before and available* to the voters." Motion at 2. Accordingly, the only documents that could potentially cause Proponents' alleged prejudice relate to internal communications that could not possibly have been "before or available" to the voters. As such, even as described by Proponents, all of the relevant documents have been produced and no harm or prejudice can possibly result from giving EQCA until Monday, January 25 to oppose the motion to compel.

Further, any harm or prejudice is the direct result of Proponents' decision to delay enforcement of third party subpoenas, while they resolved their own discovery obligations with the Court. Proponents have been in possession of EQCA's objections since September and have at no time directly addressed EQCA's arguments, let alone sought to enforce their subpoenas. Proponents' claim that they have kept the "No on 8 groups continually apprised of both this Court's and the Ninth Circuit's rulings regarding the permissible scope of discovery in this case" is simply not the case. In reality, until last week, EQCA had not heard from Proponents in nearly two months. Proponents attempt to explain the delay arguing that the Court's January 8 Order applies to third party EQCA and excuses their decision to not enforce the subpoena. Motion at 2. However, as previously explained to Proponents, orders addressing the discovery obligations of party Proponents do not apply to third party opponents of Proposition 8 like EQCA. EQCA made this exact argument in October, yet Proponents chose to ignore it until the middle of trial. Accordingly, the urgency Proponents' base their Motion on is entirely of their own creation and a third party such as EQCA should not be subject to Proponents' unreasonable scheduling demands.

OPPOSITION TO MOTION TO SHORTEN TIME
FOR RESPONSE AND HEARING ON MOTION TO     3     CASE NO. 09-CV-2292 VRW
COMPEL COMPLIANCE WITH DOC SUBPOENAS

## II. PROPONENTS FAILED TO MEANINGFULLY MEET AND CONFER IN VIOLATION OF THE LOCAL RULES

Pursuant to the local rules, Proponents must attempt to meet and confer before filing either the Motion or the motion to compel. L.R. 6-3, 37-1(a). Despite this, Proponents have made no attempt to meaningfully meet and confer on either motion. In nearly every communication sent to Proponents, EQCA has agreed to discuss their objections and Proponents' demands further. Yet not once have Proponents sought to schedule a call or even directly respond to EQCA's objections. Kramer Decl. ¶ 8. For this Motion, in particular, Proponents' efforts to obtain a stipulation are inadequate. Proponents contacted EQCA less than eight hours before filing the Motion and demanded that EQCA either begin an immediate production or agree to a schedule requiring EQCA to file an opposition three days later on a federal holiday. Kramer Decl. Ex. D.

Such attempts to reach an agreement on either this Motion or the motion to compel are insufficient under the local rules, which specify that "[t]he mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." L.R. 1-5(n); *see also Baker v. County of Sonoma*, No. 08-03433, 2010 WL 99088, at *1 (N.D. Cal. Jan. 6, 2010) (finding a letter sent 24 hours before the deadline as insufficient); *Williby v. City of Oakland*, No. C-06-07385, 2007 WL 2900433, at *2 (N.D. Cal. Oct. 3, 2007) ("communication in writing is specifically insufficient to satisfy the meet and confer requirement"). No such face to face meeting or telephone conversation ever occurred, or was even attempted by counsel for Proponents. In light of this gross failure to comply with the rules, requiring third party EQCA to submit to such a limited schedule is particularly inappropriate.

## **CONCLUSION**

Any harm or prejudice caused by allowing EQCA adequate time to respond to the motion to compel is minimal and ultimately caused by the strategic decisions of Proponents. However, given the fact that Proponents are now in the midst of trial, EQCA is willing to agree to submit its opposition in less than the time permitted under the Local Rules, and it proposes that such

OPPOSITION TO MOTION TO SHORTEN TIME
FOR RESPONSE AND HEARING ON MOTION TO     4     CASE NO. 09-CV-2292 VRW
COMPEL COMPLIANCE WITH DOC SUBPOENAS

1 opposition be filed by Monday, January 25, 2010—nearly two weeks earlier than when it would
2 otherwise be due.

3 Dated: January 19, 2010          FENWICK & WEST LLP

By: /s/ Leslie A. Kramer
Leslie A. Kramer

Attorneys for Third Party, Equality California

OPPOSITION TO MOTION TO SHORTEN TIME
FOR RESPONSE AND HEARING ON MOTION TO    5        CASE NO. 09-CV-2292 VRW
COMPEL COMPLIANCE WITH DOC SUBPOENAS