# Exhibit "B"

## FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

November 12, 2009

CAROLYN CHANG

EMAIL CCHANG@FENWICK.COM
DIRECT DIAL (650) 335-7654

### *VIA EMAIL AND U.S. MAIL*

James A. Campbell
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260

Re:   Your October 29, 2009 Letter
      *Perry v. Schwarzenegger* (Case No. C-09-2292 VRW)

Dear Mr. Campbell:

I am writing in response to your letter dated October 29, 2009 regarding the subpoena issued to Equality California. Your letter suggests that Proponents are now entitled to documents it previously excluded from the scope of the subpoena based upon the Court's recent discovery orders. As Equality California, however, is a third party and opponent of Proposition 8, Judge Walker's Orders, including the October 1 Order (the "Order") in particular, is not applicable to Equality California and has no effect upon the scope of the subpoena issued to Equality California or Equality California's discovery obligations with respect to that subpoena. Accordingly, Equality California will only produce responsive, non-privileged, public documents as stated in its written responses and objections.

To begin with, Equality California is not bound by the Court's Order. The Court's ruling regarding the discovery obligations of defendant-intervenors, who are the official proponents of Proposition 8, has no bearing on the discovery obligations of third party opponents of Proposition 8. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery."). Equality California has already made a determination as to the relevancy of the documents sought by the Proponents' subpoena and that analysis remains unaffected by the Court's orders. Moreover, the parties to the litigation were ordered by the Court to negotiate the scope of the document requests, and Equality California has not participated in and is not subject to those negotiations.

More importantly, the documents requested from Equality California are in no way relevant to the litigation and, therefore, Equality California has no obligation to produce them. *See Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006) ("if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'"). The documents the Court ordered Proponents to produce were found to be relevant to plaintiffs' equal protection claim.

James A. Campbell
November 12, 2009
Page 2

Order at 12. In particular, the internal and non-public communications between Proponents (and their strategists, etc.) were found to be relevant to the governmental interest that the Proponents claim to advance. *Id.* The Court noted that legislative purpose, and specifically whether the law reflects a discriminatory purpose, may be relevant to determine whether plaintiff's equal protection rights have been violated. *Id.* As such, the court ordered Proponents, who are parties to the action, to produce documents that may reflect the intent and purpose behind the messages disseminated to the voters.

Such considerations are not applicable to Equality California, who is a third party and was not a proponent of the law being scrutinized in this litigation. Therefore, in contrast to the findings made with respect to the Proponents, Equality California's internal, confidential, and non-public communications has no bearing on and cannot possibly reflect the rationale the drafters and voters adopted in support of Proposition 8. What limited relevancy Equality California's communications may have on the issue can be gleaned from the public documents that Equality California has already agreed to produce. These documents would contain the messages that were actually communicated to the public rather than internal communications related to messages ultimately not conveyed to the voters. Given the, at best, limited relevancy of public communications, any request for Equality California's confidential non-public internal documents (particularly, in light of Equality California's status as a third party opposing Proposition 8), would certainly impose an undue burden that outweighs any chance the documents would lead to the discovery of admissible evidence.

Finally, the Order does not foreclose the applicability of Equality California's First Amendment privilege. The Court was clear that the privilege of the First Amendment requires a balancing between the requesting party's need for the information and the constitutional rights of the party seeking to invoke that privilege. Order at 5-8. Therefore, the Court balanced Proponents' First Amendment rights against the plaintiffs' constitutional equal protection interests. Unlike the balancing the Court applied to the Proponents, Proponents have no competing constitutional interest with respect to a third party such as Equality California.

Moreover, there is no need for private communications amongst members of Equality California as such documents do not shed light on the interest and intent behind passage of Proposition 8. *See NAACP v. Alabama*, 357 U.S. 449, 464 (1958) (applying the First Amendment privilege to a request that lacks a "substantial bearing" on the requesting party's interest in obtaining such information); *Bates v. Little Rock*, 361 U.S. 516, 525 (1960) (upholding First Amendment privilege because there was "no relevant correlation" between the request and the purpose for which the information was sought). Balancing Proponents' tenuous claims of relevance (which it previously admitted did not exist) against a third party's First Amendment rights, it is clear that Equality California's constitutional rights prevail over defendants' minimal, if any, need for such documents.

James A. Campbell
November 12, 2009
Page 3

      Accordingly, as stated in my previous letter of October 29, we expect to produce responsive, non-privileged, public documents shortly, and will do so pursuant to the objections made in our response to the subpoena. Thank you for your attention to this matter.

                Sincerely,

                FENWICK & WEST LLP

                Carolyn Chang