# Exhibit "D"

# Leslie Kramer

| | |
|---|---|
| **From:** | Jesse Panuccio [jpanuccio@cooperkirk.com] |
| **Sent:** | Friday, January 15, 2010 9:05 AM |
| **To:** | Leslie Kramer |
| **Subject:** | Perry v. Schwarzenegger, No. 09-2292 (N.D. Cal.) |

Ms. Leslie Kramer, Esq.
Fenwick & West, LLP
555 California St., 12th Floor
San Francisco, CA  94104

January 15, 2010

BY EMAIL

    Re: *Perry v. Schwarzenegger*, No. C-09-2292 VRW (N.D. Cal.)

Dear Ms. Kramer:

I write in follow up to Jim Campbell's letter of January 12, 2010, and in response to your letter of January 13.  The Court in *Perry* has stated its intention to build a "complete record" in this case, Doc # 76 at 5, and has held that part of this complete record is "the mix of information before and available to the voters."  Doc # 214 at 14.  The Court has further defined this "mix of information" as consisting of "any document "that contain[s], refer[s] or relate[s] to arguments for or against Proposition 8."  Doc # 372 at 5.  The subpoena that has been served on Equality California—issued out of the Northern District of California, the Court that issued the above orders—seeks just such documents.  *See*, *e.g.*, Requests No. 1, 6, and 8.

Your correspondence to date indicates that Equality California is withholding such documents.  Because trial is already underway and the need to build a "complete record" of "the mix of information before and available to the voters" is pressing, Defendant-Intervenors have no choice at this juncture but to file a motion to compel compliance with the subpoena.  Concurrent with that motion, Defendant-Intervenors plan to file an administrative motion to shorten time for response to, and hearing on, the motion to compel.  Defendant-Intervenors will propose that any response be filed by 5 p.m. on January 18, 2010, and that the Court hear the motion as soon as possible given the dictates of the trial schedule.

With respect to timeliness of this motion, Local Rule 26-2 states that a "[d]iscovery cut off" applies "[u]nless otherwise ordered" and that "[d]iscovery requests that call for responses … after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."  N.D. Cal. Civ. L.R. 26-2.  Here, although the Court originally set a discovery cut-off of November 30, 2009, *see* Doc # 160 at 2, the Court just recently ruled on the scope of the First Amendment privilege and relevant discovery.  *See* Doc # 372.  Moreover, the Court has already permitted motions to compel beyond the date established by L.R. 26-2, and it was just such a motion that resulted in the January 8 order.  *See* Doc # 325 at 8 (seeking order compelling discovery and dated Dec. 28, 2009); Hr'g of Jan. 6, 2010, Tr. at 7 (noting that Doc # 325 seeks a "compelling" order); *id.* at 69 (noting that Plaintiffs "filed … what amounts to the motion to compel … on the 28th").

Pursuant to N.D. Cal. Civ. L.R. 6-3(a)(2), a party moving to shorten time must seek a stipulation to the time change.  If you stipulate to the time change, please let me know.  Additionally, if Equality California has reconsidered its position and will begin an immediate rolling production, please let me know.  If you believe further meet-and-confer will resolve this dispute, I am available today at 202-220-9642--but, again, I note that Defendant-Intervenors must move forward promptly on your prior representations that no additional documents will be produced.

                                      Sincerely,

                                      Jesse Panuccio

---------------------------

Jesse Panuccio  
Cooper & Kirk, PLLC  
1523 New Hampshire Ave., N.W.  
Washington, D.C.  20036  
Phone: (202) 220-9600  
Fax: (202) 220-9601  
www.cooperkirk.com