# Exhibit "E"

# Leslie Kramer

| | |
|---|---|
| **From:** | Leslie Kramer |
| **Sent:** | Friday, January 15, 2010 4:18 PM |
| **To:** | 'Jesse Panuccio' |
| **Cc:** | Lauren Whittemore |
| **Subject:** | RE: Perry v. Schwarzenegger, No. 09-2292 (N.D. Cal.) |

Mr. Panuccio,
I write in response to your January 15 email.

To begin with, January 18 is a federal holiday. We therefore cannot stipulate to any schedule that requires Equality California to respond in such a limited time frame, let alone on a federal holiday.

Additionally, you have been in receipt of our objections since September 17, 2009. At that time, we objected for a number of reasons, including on the ground that Equality California's non-public materials relating to Proposition 8 were not relevant to the claims and defenses in your case. We agreed to produce, and have since produced, responsive non-privileged public documents in response to requests numbers 1, 6 and 8. As you know, our objections have been reiterated by us numerous times, including in Equality California's objections served on November 23 to your second largely duplicative subpoena. As such, you have had months, including a substantial amount of time before the close of discovery, to address these issues through the meet and confer process and a motion to compel to the extent you deemed one necessary. Instead, you decided to do nothing in response to our objections and now all of a sudden expect us to begin an immediate rolling production or else commit to a three day briefing schedule over a holiday weekend. Furthermore, Local Rule 26-2 requires that you demonstrate good cause in order to file a motion to compel after the close of discovery—which your email fails to do. Please explain the good cause for why you waited to raise this issue until mid-trial and after the close of discovery, when you obviously could have moved for an order regarding the "scope" of discovery in the time permitted to the extent you disagreed with our objections. We reiterate that the court's January 8 order, which addresses the scope of *proponent's* First Amendment privilege, does not address our objections, explain your delay or give you the right to unduly burden a non-party.

As always, I am happy to discuss this matter further and, to that end, am generally available Tuesday afternoon for a call.



**LESLIE KRAMER**
Fenwick & West LLP
Associate, Litigation Group

☎ (415) 875-2396
📠 (415) 281-1350
✉ lkramer@fenwick.com

---

**From:** Jesse Panuccio [mailto:jpanuccio@cooperkirk.com]
**Sent:** Friday, January 15, 2010 9:05 AM
**To:** Leslie Kramer
**Subject:** Perry v. Schwarzenegger, No. 09-2292 (N.D. Cal.)

Ms. Leslie Kramer, Esq.
Fenwick & West, LLP
555 California St., 12th Floor
San Francisco, CA  94104

1

January 15, 2010

BY EMAIL

Re: *Perry v. Schwarzenegger*, No. C-09-2292 VRW (N.D. Cal.)


Dear Ms. Kramer:

I write in follow up to Jim Campbell's letter of January 12, 2010, and in response to your letter of January 13. The Court in *Perry* has stated its intention to build a "complete record" in this case, Doc # 76 at 5, and has held that part of this complete record is "the mix of information before and available to the voters." Doc # 214 at 14. The Court has further defined this "mix of information" as consisting of "any document "that contain[s], refer[s] or relate[s] to arguments for or against Proposition 8." Doc # 372 at 5. The subpoena that has been served on Equality California—issued out of the Northern District of California, the Court that issued the above orders—seeks just such documents. *See, e.g.*, Requests No. 1, 6, and 8.

Your correspondence to date indicates that Equality California is withholding such documents. Because trial is already underway and the need to build a "complete record" of "the mix of information before and available to the voters" is pressing, Defendant-Intervenors have no choice at this juncture but to file a motion to compel compliance with the subpoena. Concurrent with that motion, Defendant-Intervenors plan to file an administrative motion to shorten time for response to, and hearing on, the motion to compel. Defendant-Intervenors will propose that any response be filed by 5 p.m. on January 18, 2010, and that the Court hear the motion as soon as possible given the dictates of the trial schedule.

With respect to timeliness of this motion, Local Rule 26-2 states that a "[d]iscovery cut off" applies "[u]nless otherwise ordered" and that "[d]iscovery requests that call for responses … after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." N.D. Cal. Civ. L.R. 26-2. Here, although the Court originally set a discovery cut-off of November 30, 2009, *see* Doc # 160 at 2, the Court just recently ruled on the scope of the First Amendment privilege and relevant discovery. *See* Doc # 372. Moreover, the Court has already permitted motions to compel beyond the date established by L.R. 26-2, and it was just such a motion that resulted in the January 8 order. *See* Doc # 325 at 8 (seeking order compelling discovery and dated Dec. 28, 2009); Hr'g of Jan. 6, 2010, Tr. at 7 (noting that Doc # 325 seeks a "compelling" order); *id.* at 69 (noting that Plaintiffs "filed … what amounts to the motion to compel … on the 28th").

Pursuant to N.D. Cal. Civ. L.R. 6-3(a)(2), a party moving to shorten time must seek a stipulation to the time change. If you stipulate to the time change, please let me know. Additionally, if Equality California has reconsidered its position and will begin an immediate rolling production, please let me know. If you believe further meet-and-confer will resolve this dispute, I am available today at 202-220-9642--but, again, I note that Defendant-Intervenors must move forward promptly on your prior representations that no additional documents will be produced.


Sincerely,

Jesse Panuccio


\---------------------------
Jesse Panuccio
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Phone: (202) 220-9600
Fax: (202) 220-9601
www.cooperkirk.com

2