COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO, <br><br>Plaintiffs, <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br>Plaintiff-Intervenor, <br><br>v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney | CASE NO. 09-CV-2292 VRW <br><br> **DEFENDANT-INTERVENORS PROPOSITION 8 PROPONENTS AND PROTECTMARRIAGE.COM'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REOPEN THE DEPOSITION OF RONALD PRENTICE** <br><br> Trial Date: January 11, 2010 <br> Location: Courtroom 6, 17th Floor <br> Judge: Chief Judge Vaughn R. Walker |

| | |
|---|---|
| 1 | General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants, |
| 9 | and |
| 10 | PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, |
| 11 | |
| 12 | |
| 13 | |
| 14 | Defendant-Intervenors. |
| 15 | |
| 16 | <u>Additional Counsel for Defendant-Intervenors</u> |
| 17 | |
| 18 | ALLIANCE DEFENSE FUND<br>Timothy Chandler (CA Bar No. 234325)<br>*tchandler@telladf.org* |
| 19 | 101 Parkshore Drive, Suite 100, Folsom, California 95630<br>Telephone: (916) 932-2850, Facsimile: (916) 932-2851 |
| 20 | |
| 21 | Jordan W. Lorence (DC Bar No. 385022)*<br>*jlorence@telladf.org*<br>Austin R. Nimocks (TX Bar No. 24002695)* |
| 22 | *animocks@telladf.org*<br>801 G Street NW, Suite 509, Washington, D.C. 20001 |
| 23 | Telephone: (202) 637-4610, Facsimile: (202) 347-3622 |
| 24 | * Admitted *pro hac vice* |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Having already deposed Ronald Prentice, the Chairman of ProtectMarriage.com, for 14 hours, Plaintiffs now request to depose Mr. Prentice for an additional seven hours on the eve of calling him as a witness at trial. Defendant-Intervenors ("Proponents") respectfully submit that Plaintiffs' request should be denied because it (1) is unnecessary and unduly burdensome, and (2) with one minor exception mischaracterizes Mr. Prentice's previous deposition testimony in an effort to create apparent inconsistencies between his testimony and several recently produced documents.

**ARGUMENT**

Mr. Prentice was deposed for seven hours on December 17, 2009 and another seven hours the following day both in his personal capacity and in his capacity as the Rule 30(b)(6) representative for ProtectMarriage.com. During those depositions, Mr. Prentice was questioned extensively about the management of the ProtectMarriage.com campaign and the extent of its involvement with other organizations.[1] Plaintiffs have now identified approximately 25 recently-produced documents which are purportedly inconsistent with Mr. Prentice's testimony on these issues, and they are asking this Court for leave to depose Mr. Prentice about these documents for an additional seven hours. So Plaintiffs are not merely asking this Court to reopen Mr. Prentice's deposition; they are effectively asking this Court to *double* the amount of time allowed for depositions under the Federal Rules. *See* FED. R. CIV. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.").

When considering whether to allow someone to be deposed for more than seven hours, courts "should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007); *accord Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (noting that "repeat depositions are disfavored, except in certain circumstances"). Rule 30(d)(2) allows such extensions of time only when consistent with Rule 26, which requires courts to limit the use of any

---

[1] Specific, highly-selective portions of the deposition transcripts addressing these topics were attached as Exhibits A and B to Rebecca Justice Lazarus' declaration filed in support of Plaintiffs' Motion for Leave to Reopen the Deposition of Ronald Prentice. Additional excerpts providing the full context and breadth of Mr. Prentice's testimony are attached as Exhibits A to D to Nicole Moss's declaration filed in support of Defendant-Intervenors' Opposition to Plaintiffs' Motion.

1  discovery method if (1) the method is unreasonably cumulative or duplicative; (2) the party seeking
2  discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the
3  burden or expense of the proposed discovery outweighs its likely benefit. *See* FED. R. CIV. P.
4  26(b)(2)(C).

5  Requiring Mr. Prentice to prepare for and participate in a third full-day deposition would impose
6  a far greater burden on Mr. Prentice than any benefit the Plaintiffs might gain through the deposition.
7  Plaintiffs contend that allowing them to depose Mr. Prentice for another full day would allow them to
8  "further streamline the testimony offered at trial in this case." Doc. #479, p. 2. But there is simply no
9  reason that Plaintiffs cannot question Mr. Prentice about this small collection of documents at trial.
10 Indeed, the parties agreed – at this Court's suggestion – to a similar procedure with regard to
11 Defendant-Intervenors' First Amendment objections raised during depositions. *See* Jan. 6, 2010 Hr'g
12 Tr. [Doc. #363], at 80:25-85:16. Plaintiffs have not offered any reason to treat this situation any
13 differently.

14 By contrast, the burden on Mr. Prentice and the Proponents would be substantial. Plaintiffs seek
15 to depose Mr. Prentice on Thursday, January 21, 2010—the day before Plaintiffs are expected to call
16 Mr. Prentice as a witness in trial. Requiring Mr. Prentice to prepare for and participate in a third
17 seven-hour deposition at such a late date would severely limit his and correspondingly his counsel's
18 ability to prepare for his appearance as a witness in this case. Under Rule 26, this undue burden on Mr.
19 Prentice is, by itself, a sufficient basis for denying Plaintiffs' motion.

20 The burden of this requested, seven-hour deposition is even more unjustified because, with the
21 one exception that Mr. Prentice explains in his attached declaration, the testimony he gave at his
22 deposition is not inconsistent with the documents Plaintiffs have attached in support of their motion.
23 Plaintiffs have relied on highly selective excerpts of testimony that fail to provide the full context and
24 breadth of testimony on many of the issues contained in the documents attached to their Motion.
25 Moreover, Plaintiffs fail entirely to credit the fact that additional information on some of the topics
26 referenced in their Motion was objected to on First Amendment grounds. Mr. Prentice,
27 understandably and at the direction of counsel, did not provide certain information that was not known
28 to be publicly available when responding to questioning from Plaintiffs' counsel. To the extent

Plaintiffs now wish to delve further into these matters, over Proponents' standing-objection, they can do so on the stand as was agreed to at the hearing on January 6, 2010. *See* Jan. 6, 2010 Hr'g Tr. [Doc. #363], at 80:25-85:16.

## CONCLUSION

In conclusion, the Proponents request that Plaintiffs' motion be denied. If the Court is inclined to allow Plaintiffs to further depose Mr. Prentice, Proponents request that the Plaintiffs receive no more than one hour to do so. This limitation would be proper in light of the small number of documents involved and to minimize the potential interference any such deposition would have on Mr. Prentice's trial preparation.

Dated: January 20, 2010

    COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/Charles J. Cooper
    Charles J. Cooper