IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER,
PAUL T KATAMI and JEFFREY J
ZARRILLO,

       Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

       Plaintiff-Intervenor,

       v

ARNOLD SCHWARZENEGGER, in his
official capacity as governor of
California; EDMUND G BROWN JR, in
his official capacity as attorney
general of California; MARK B
HORTON, in his official capacity
as director of the California
Department of Public Health and
state registrar of vital
statistics; LINETTE SCOTT, in her
official capacity as deputy
director of health information &
strategic planning for the
California Department of Public
Health; PATRICK O'CONNELL, in his
official capacity as clerk-
recorder of the County of
Alameda; and DEAN C LOGAN, in his
official capacity as registrar-
recorder/county clerk for the
County of Los Angeles,

       Defendants,

DENNIS HOLLINGSWORTH, GAIL J
KNIGHT, MARTIN F GUTIERREZ,
HAKSHING WILLIAM TAM, MARK A
JANSSON and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF
CALIOFORNIA RENEWAL, as official
proponents of Proposition 8,

       Defendant-Intervenors.
_____/

No   C 09-2292 VRW

ORDER

United States District Court
For the Northern District of California

1    Proponents object to Magistrate Judge Spero's discovery
2  order, Doc #372, on three grounds:  (1) its definition of relevant
3  documents; (2) its rulings regarding proponents' First Amendment
4  privilege; and (3) its schedule for production of documents.  Doc
5  #446.  Plaintiffs argue Judge Spero's order was correct and should
6  not be disturbed.  Doc #470.  A magistrate judge's discovery order
7  may be modified or set aside only if it is "clearly erroneous or
8  contrary to law."  FRCP 72(a).

9    Proponents first object that Judge Spero failed to
10 incorporate the court's relevance rulings from its October 1, Doc
11 #214, and November 11, Doc #252, orders.  Doc #446 at 9.  At the
12 January 6, 2010 hearing before Judge Spero, proponents could not
13 point to conclusive relevance determinations from the October 1 and
14 November 11 orders regarding plaintiffs' Document Requests Nos 1, 6
15 and 8.  Doc #362, Hrg Tr Jan 6, 2010 at 21.  Judge Spero therefore
16 ordered proponents to produce all documents that "contain, refer or
17 relate to any arguments for or against Proposition 8."  Doc #372 at
18 5.  Judge Spero's order is consistent with the court's previous
19 relevance rulings and is therefore not clearly erroneous.

20    Proponents object to Judge Spero's rulings regarding
21 proponents' First Amendment privilege.  First, proponents object
22 that they are required to log all communications among core group
23 members regardless of the content of the communication.  Doc #446
24 at 15.  But as Judge Spero explained at the January 6 hearing,
25 internal core group communications not related to strategy and
26 messaging do not enjoy  protection under proponents' First
27 Amendment privilege in light of the Ninth Circuit's ruling in <u>Perry</u>
28 <u>v Schwarzenegger</u>, 09-17241 amended slip op at 36 n12.  Doc #362 at

United States District Court
For the Northern District of California

85.   Thus, to the extent Judge Spero permitted proponents to log rather than produce core group documents not related to strategy or messaging, Judge Spero's order benefits proponents and was not clearly erroneous.

Proponents object to Judge Spero's definition of the "core group" involved in developing strategy and messaging for the ProtectMarriage.com – Yes on 8 campaign.  Doc #446 at 15-17.  But the core group as defined in Judge Spero's order is adopted from the declaration of Ron Prentice submitted by proponents.  Doc #372 at 4.  Indeed, Judge Spero incorporated almost every individual and entity referenced in the Prentice declaration except MCSI, as Bill Criswell had submitted a declaration under oath stating that "[a]t no time did MCSI develop or assist in the development of the message(s) or theme(s) conveyed by the campaign to the voting populace."  Doc #351-1 at 2 ¶5.  Judge Spero's reliance on the Prentice declaration and the declaration of Bill Criswell to define the core group was not clearly erroneous.

Finally, proponents object to the production schedule set by Judge Spero to conclude on January 17, 2010 at 12 PM.  Doc #446 at 19-20.  But in light of the ongoing trial, it was not in error to set an ambitious, but orderly, production schedule.

Because Judge Spero did not clearly err in any of his discovery rulings, proponents' objections, Doc #446, are DENIED.


IT IS SO ORDERED.


VAUGHN R WALKER
United States District Chief Judge