GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br><br>  Plaintiffs,<br>and<br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Plaintiff-Intervenor,<br>   v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>  Defendants,<br>and<br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br><br>  Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF FRANK SCHUBERT**<br><br>Trial Date: January 11, 2010<br><br>Judge: Chief Judge Walker<br>         Magistrate Judge Joseph C. Spero<br><br>Location: Courtroom 6, 17th Floor |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 25, 2010, at 8:30 a.m., or as soon thereafter as this matter may be heard pursuant to the motion to shorten time filed concurrently herewith, Plaintiffs will and hereby do move the Court for an order excluding the testimony of Frank Schubert.

This motion is based on this notice, the memorandum accompanying this notice, all documents attached to the accompanying Declaration as Exhibits, the accompanying motion to shorten time, all other papers on file with the Court, oral argument, and such other matters as may be presented in connection with the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 22, 2010, Proponents' counsel stated that, in addition to two expert witnesses, Proponents "may . . . call another witness primarily for the purpose of authenticating documents." 1/22/10 Tr. 2326 at 12-13.

On January 24, 2010, Proponents notified Plaintiffs that this "[]other witness" would be Frank Schubert, and that Proponents intended to call him on Tuesday, January 26.  *See* E-mail from Nicole J. Moss to Enrique A. Monagas (Jan. 24, 2010), attached as Ex. A to the Declaration of Amir C. Tayrani in Support of Motion to Exclude Testimony of Frank Schubert ("Tayrani Decl."). Proponents also identified 95 trial exhibits that they might use in connection with the testimony of Mr. Schubert.

Proponents did not separately disclose Mr. Schubert in their Supplemental Witness Statement, but did "reserve the right . . . to call as their own witness any witness identified on the Plaintiffs' . . . witness statements ***on the subjects identified by Plaintiffs***." Doc # 398 at 3 (emphasis added).  Prior to his deposition, Plaintiffs had disclosed Mr. Schubert to testify on the "genesis, strategy, and execution of the 'Yes on 8' campaign." Doc # 284 at 6. Mr. Schubert's testimony on behalf of Proponents thus is limited to the same "genesis, strategy, and execution of the 'Yes on 8' campaign" for which he had been disclosed by Plaintiffs.

Yet when Mr. Schubert was deposed (one day after he had been disclosed as a witness to the "genesis, strategy, and execution of the 'Yes on 8' campaign"), he was repeatedly instructed not to

answer questions relating to that very topic.  In all, Mr. Schubert's counsel instructed his client not to answer Plaintiffs' question **76 times**, several times at the strong urging of counsel for **Proponents**.  *See* Deposition of Frank Schubert 5-8 (listing locations of questions witness was instructed not to answer), attached as Ex. B to Tayrani Decl.

Among the 76 separate questions that triggered an instruction not to answer were:

"Did you develop campaign strategy?" *Id.* at 75:8.

"Did Schubert Flint Public Affairs organize and supervise grass roots efforts? *Id.* at 76:23.

"Did Schubert Flint Public Affairs play any role in drafting the arguments in the official voter guide for Proposition 8?" *Id.* at 77:11.

"Did Schubert Flint Public Affairs decide on the content of campaign messages?" *Id.* at 77:18.

"Did ProtectMarriage.com coordinate with church leaders on the messages they were disseminating to their congregants?" *Id.* at 86:2.

"Did ProtectMarriage.com coordinate with iProtectMarriage.com on messaging?" *Id.* at 169:15.

"Did ProtectMarriage.com help to develop the content of the three simulcast rallies referred to on this page?" *Id.* at 221:11.

Even when Plaintiffs sought to question Mr. Schubert about **his own published article** about the Proposition 8 campaign strategy, published **months after the election**, Mr. Schubert's counsel (again, sometimes at the prompting of Proponents' counsel) still instructed him not to answer:

"And why did you write this article for Politics Magazine?" *Id.* at 36:17.

"Did you discuss with ProtectMarriage.com that you were going to publish this article in Politics magazine?" *Id.* at 39:8.

"What did you mean by, 'Define the terms; win the debate.'?" *Id.* at 55:7.[1]

---

[1] On the rare occasions when Mr. Schubert was permitted to answer a question, the answers were sometimes interrupted by objections and unapologetic coaching.  *See*, *e.g.*, Schubert Depo. Tr. 50:13-51:24 (answer from witness interrupted by objection from **Proponents'** counsel that "an inquiry that would go to [Mr. Schubert's] intention or purpose, with respect to the article" "elicits information privileged under the First Amendment," followed by an instruction from Mr. Schubert's counsel "to just respond to the question and make sure you don't give a narration").

It is well-established that a witness who refuses to answer questions during a deposition on the basis of a privilege is prohibited from testifying on the same subject at trial. *See, e.g.*, *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576 (1st Cir. 1989) ("The district court's decision to bar [a witness] from testifying at trial due to his previous refusal to testify during discovery is supported by ample precedent."); *Vincent T. Garza Contracting Servs. v. Harlandale I.S.D. Pub. Facilities Corp.*, 2004 U.S. Dist. LEXIS 17082, at *20 (W.D. Tex. Aug. 26, 2004) ("A witness invoking the self-incrimination privilege will not be permitted to later testify on matters to which the privilege has been claimed."); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 1988 U.S. Dist. LEXIS 14895, at *3 (N.D. Ill. Dec. 27, 1988) ("A court surely can bar the testimony of a witness who refuses to submit to a deposition").  Indeed, it goes without saying that, "if a party is free to defeat discovery with [a] privilege, while having the full benefit of his or her testimony at trial, the whole process of discovery could be seriously hampered."  Wright & Miller, *Federal Practice and Procedure* § 2018. Mr. Schubert's refusal to answer questions about the "genesis, strategy, and execution of the 'Yes on 8' campaign" during his deposition therefore bars him from testifying at trial on that subject—the only subject for which he has been disclosed.

If, as Mr. Schubert's counsel repeatedly maintained in instructing his client not to answer questions, "the document speaks for itself," Schubert Depo. Tr. at 52:8-9, then Mr. Schubert should not now be permitted to elaborate on the documents Proponents seek to admit into evidence, but about which Plaintiffs were not permitted to question Mr. Schubert.

Moreover, Mr. Schubert's testimony is unnecessary to authenticate any of the exhibits that Proponents have indicated they intend to introduce during his testimony because Plaintiffs have informed Proponents that they are willing to stipulate to the admission of those exhibits. *See* Letter from Theodore J. Boutrous, Jr., to Charles J. Cooper (Jan. 24, 2010), attached as Ex. C to Tayrani Decl. Because Mr. Schubert is not needed to testify for authentication purposes—and because he is foreclosed from testifying on the only subject for which he was disclosed—this Court should exclude his testimony.

If the Court is inclined to permit Mr. Schubert to testify regarding the "genesis, strategy, and execution of the 'Yes on 8' campaign," then the Court should direct Proponents to immediately

1  produce all documents that relate to the matters on which he will offer testimony. To the extent that
2  Mr. Schubert is protected by a purported First Amendment privilege from answering questions about
3  the Yes on 8 campaign's genesis, strategy, and execution, his trial testimony on that subject will
4  constitute a waiver of the privilege. *See United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir.
5  2004); *United States v. Black*, 767 F.2d 1334, 1341 (9th Cir. 1985). In the event such testimony is
6  permitted, Proponents should therefore be directed to produce all the documents that were authored,
7  sent, or received by Mr. Schubert and his firm that have been withheld on the basis of a First
8  Amendment privilege claim.

## CONCLUSION

The testimony of Frank Schubert should be excluded.

Respectfully submitted,

DATED: January 24, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Rebecca Justice Lazarus
Enrique A. Monagas

By: _____/s/_____
       Theodore B. Olson

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno
Joshua I. Schiller

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

Gibson, Dunn &
Crutcher LLP

4

09-CV-2292 VRW   PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF FRANK SCHUBERT