1   COOPER AND KIRK, PLLC
    Charles J. Cooper (DC Bar No. 248070)*
2   *ccooper@cooperkirk.com*
    David H. Thompson (DC Bar No. 450503)*
3   *dthompson@cooperkirk.com*
    Howard C. Nielson, Jr. (DC Bar No. 473018)*
4   *hnielson@cooperkirk.com*
    Nicole J. Moss (DC Bar No. 472424)*
5   *nmoss@cooperkirk.com*
    Peter A. Patterson (Ohio Bar No. 0080840)*
6   *ppatterson@cooperkirk.com*
    1523 New Hampshire Ave. N.W., Washington, D.C. 20036
7   Telephone: (202) 220-9600, Facsimile: (202) 220-9601

8   LAW OFFICES OF ANDREW P. PUGNO
    Andrew P. Pugno (CA Bar No. 206587)
9   *andrew@pugnolaw.com*
    101 Parkshore Drive, Suite 100, Folsom, California 95630
10  Telephone: (916) 608-3065, Facsimile: (916) 608-3066

11  ALLIANCE DEFENSE FUND
    Brian W. Raum (NY Bar No. 2856102)*
12  *braum@telladf.org*
    James A. Campbell (OH Bar No. 0081501)*
13  *jcampbell@telladf.org*
    15100 North 90th Street, Scottsdale, Arizona 85260
14  Telephone: (480) 444-0020, Facsimile: (480) 444-0028

15  ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
    GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and
16  PROTECTMARRIAGE.COM – YES ON 8, A
    PROJECT OF CALIFORNIA RENEWAL

17
    * Admitted *pro hac vice*
18

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S ADMINISTRATIVE MOTION FOR SEALING ORDER PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)**<br><br>Trial Date: January 11, 2010<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

| | |
|---|---|
| 1 | State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants, |
| 8 | and |
| 9 | PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, |
| 10 | |
| 11 | |
| 12 | |
| 13 | Defendant-Intervenors. |
| 14 | |
| 15 | Additional Counsel for Defendant-Intervenors |
| 16 | ALLIANCE DEFENSE FUND |
| 17 | Timothy Chandler (CA Bar No. 234325) *tchandler@telladf.org* |
| 18 | 101 Parkshore Drive, Suite 100, Folsom, California 95630 Telephone: (916) 932-2850, Facsimile: (916) 932-2851 |
| 19 | Jordan W. Lorence (DC Bar No. 385022)* *jlorence@telladf.org* |
| 20 | Austin R. Nimocks (TX Bar No. 24002695)* *animocks@telladf.org* |
| 21 | 801 G Street NW, Suite 509, Washington, D.C. 20001 Telephone: (202) 393-8690, Facsimile: (202) 347-3622 |
| 22 | |
| 23 | * Admitted *pro hac vice* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rules ("Civil Local Rules") 7-11 and 79-5(d), Defendant-Intervenors, through counsel, hereby move for administrative relief to file under seal the privilege log entitled "Defendant-Intervenors' "Revised Privilege Log," which is submitted in connection with the documents Defendant-Intervenors have produced, in a rolling production, as outlined in the Order of January 8, 2010 (Doc # 372) ("January 8 Order").

Since receiving the January 8 Order, Defendant-Intervenors' counsel have reviewed tens of thousands of documents in order to comply with the directive to produce "all [non-privileged] documents responsive to requests 1, 6 and 8 that contain, refer or relate to any arguments for or against Proposition 8 . . . ." Doc # 372, at 5. Under the January 8 Order, Documents reflecting communications between the core group members[1] were protected from disclosure and, while not subject to production, were to be identified and listed on a privilege log to be filed with the Court. *Id.*[2] The Revised Privilege Log contains the names of several individuals within the "core group" whose identities were not disclosed in the January 8 Order but which the Court instead identified only by reference to the sealed January 7, 2010 Declaration of Ronald Prentice. Unless the Revised Privilege Log is sealed, those names would be publically revealed. The Log also contains the names of several attorneys (non-trial lawyers) to whom the attorney-client privilege attaches but who have not been

---

[1] The term "core group" for First Amendment privilege purposes, was originally defined in the January 8 Order, Doc #372 at 4, and amended to include one additional person in an order dated January 20, 2010, Doc #499 at 2.

[2] By stipulation of counsel reached on January 20, 2010, Defendants-Intervenors privilege log "need only list those assertedly privileged documents that are responsive to requests 1, 6, and
(Continued)

publically involved in the campaign.

The issue to be decided is: Is there good cause for the Court to seal the Revised Privilege Log when it is filed in the Court's records?

**ARGUMENT**

Defendant-Intervenors are now in position to file the Revised Privilege Log with the Court. However, this Log identifies, by name, the authors and recipients of the written communications claimed to be privileged, and also describes in some detail the reasons for withholding these documents. Given that the sensitive information that appears on the Revised Privilege Log is protected from public disclosure by the First Amendment, it would be proper for this Court to exercise its discretion to seal the Revised Privilege Log.

This Court has the discretion to seal anything that is filed in this action and has done so on several occasions in the past. *E.g.*, Order Granting Defendant-Intervenors' Motion to Seal Portions of Declaration of Ronald Prentice dated January 14, 2010 (Doc # 459); Order Granting Defendant-Intervenors' Motion to Seal Portions of the Declaration of Ronald Prentice dated January 21, 2010 (Dec # 508). There are both compelling reasons, and good cause, for this Court to again exercise its discretion to seal a document containing highly sensitive information. *See Pintos v. Pacific Creditors Assoc., et al.,* 565 F.3d 1106, 1115 (9th Cir. 2009) (must have either a "compelling reason" or "good cause" to seal court records). The Revised Privilege Log contains the names of persons who comprise the "core group" (as defined by this Court, for First Amendment privilege purposes) but whose names have not been publicly disclosed. It also contains the names of attorneys (including non-trial counsel) whose identities have not been disclosed during this litigation and who did not participate publicly in the campaign. Given the passionate feelings that have surrounded this matter – which have sometimes resulted in harassment against those who supported Proposition 8 – and the lack of any reason for a

(Cont'd)
8."

public disclosure, good cause exists for a sealing order.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors request that the Court enter the Proposed Order Sealing Defendant-Intervenors' Revised Privilege Log, provided herewith.

Dated: January 24, 2010.

COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANTS-INTERVENORS
DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/ Charles J. Cooper
Charles J. Cooper