GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
Amir C. Tayrani, SBN 229609
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
Sarah E. Piepmeier, SBN 227094
Theane Evangelis Kapur, SBN 243570
Enrique A. Monagas, SBN 239087
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
Theodore H. Uno, SBN 248603
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br>Plaintiffs,<br>and<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Plaintiff-Intervenor,<br>v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br>Defendants,<br>and<br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br>Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**PLAINTIFFS' OBJECTIONS TO PROPONENTS' DEPOSITION COUNTERDESIGNATIONS OF DANIEL ROBINSON AND REQUEST FOR ADDITIONAL DESIGNATIONS**<br><br>Trial Date: January 11, 2010<br><br>Judge: Chief Judge Walker<br>Magistrate Judge Joseph C. Spero<br><br>Location: Courtroom 6, 17th Floor |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS

Dockets.Justia.com

On January 22, 2010, Plaintiffs' expert, Dr. Gregory M. Herek, testified on a variety of issues related to sexual orientation. During Plaintiffs' counsel's redirect examination of Dr. Herek, counsel asked Dr. Herek whether short portions of the deposition testimony of Professor Daniel Robinson, an expert witness Proponents previously designated but withdrew, were consistent with his opinions. Plaintiffs used these portions of Professor Robinson's deposition testimony based on Professor Robinson's unavailability under Rule 32(a)(4). Jan. 22, 2010 Trial Tr. at 2315:7-18. Plaintiffs did not offer Professor Robinson's deposition testimony into evidence. Counsel for Proponents did not request that Proponents be afforded the opportunity to submit counterdesignations or to read additional testimony necessary to complete the context for Professor Robinson's testimony. However, at the close of trial proceedings on January 22, 2010, this Court stated: "With respect to the Robinson deposition, Mr. Nielson, you can, of course, offer excerpts under 32(a)(6), if you wish to do so. You can get those in on Monday. That would be fine." Jan. 22, 2010 Trial Tr. at 2324:20-23. Proponents did not offer any counterdesignations on Monday, January 25, but they then attempted to do so on the morning of Wednesday, January 27. For the reasons explained fully herein, Plaintiffs object to Proponents' designations and, in the event they are permitted, respectfully submit additional counterdesignations herein.

I.     PROPONENTS' COUNTERDESIGNATIONS SHOULD NOT BE ADMITTED

Federal Rule of Civil Procedure 32(a)(6) provides: "[i]f a party *offers in evidence* only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." (emphasis added). Because Plaintiffs did not offer Professor Robinson's deposition testimony into evidence, Proponents should not be authorized to submit counterdesignations of that testimony pursuant to Rule 32(a)(6). Counterdesignations such as those offered by Proponents simply are not authorized where, as here, deposition testimony is not offered into evidence.

The practices of both parties in this trial shows that Plaintiffs' objection is well-founded. Where a party has offered deposition testimony into evidence – which both parties have done in certain circumstances – this Court has permitted counterdesignations. Where a party simply reads an excerpt from a deposition, but does not offer it into evidence, the Court has not permitted

1
09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON
DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS

Gibson, Dunn & Crutcher LLP

counterdesignations.  For example, Plaintiffs offered into evidence excerpts of deposition testimony given by Proponents' previously designated, but now withdrawn, experts, Drs. Young and Nathanson.  Jan. 20, 2010 Trial Tr. at 1500:16-1502:17 (noting that deposition transcript excerpts of Drs. Young and Nathanson were received into evidence).   Counsel for Proponents requested, and the Court granted, the opportunity to counterdesignate.  Jan. 20, 2010 Tr. Trans. at 1501:14-19.[1]

In contrast, on redirect examination of Dr. Herek, Plaintiffs' counsel asked to read a portion of Professor Robinson's deposition transcript to Dr. Herek under Rule 32(a)(4) which specifically allows use "for any purpose" and is not limited to offering the deposition testimony as substantive evidence.  Jan. 22, 2010 Trial Tr. at 23154:18-2315:18; *see id*. at 2316:12-2317:3.  Proponents' counsel did not ask to provide counterdesignations of Professor Robinson's testimony.  This is similar to what happened when Plaintiffs used the deposition testimony of another of Proponents' withdrawn experts, Loren Marks, as a basis for questions to another of Plaintiffs' experts, Michael Lamb.  Plaintiffs did not offer the deposition testimony as substantive evidence, and no counterdesignations were invited or made.  Jan. 15, 2010 Trial Tr. at 1188:16-23.

In short, Proponents should not now be permitted to offer into evidence deposition testimony of a withdrawn expert where Plaintiffs did not offer that expert's deposition testimony as substantive evidence and rather used it only for the limited purpose of questioning a different expert.  Plaintiffs did not submit any portion of Dr. Robinson's testimony into evidence, and Proponents should not now be permitted to put their own excerpts into evidence days after the cross-examination in which the testimony was used.

---

[1] This justification is also consistent with this Court's standing order concerning Guidelines for the Conduct of Trials.  Guideline 4, "Using Depositions," provides a procedure for the use of depositions of adverse parties and for impeachment, expressly allowing a party to make an immediate request to read other parts of the deposition "as is necessary to complete the context . . . ."  Pretrial Standing Order, Guideline 4.a.  Although that portion of the Court's standing order does not address the application of Rule 32(a)(4), implicit in this procedure for the use of the deposition of an adverse party is the concept that the mere "use" of portions of deposition testimony is insufficient to justify invocation of Rule 32(a)(6), allowing counterdesignations of any part of the transcript.  Indeed, if the Court or Proponents believed that additional context for the statements read to Dr. Herek, as opposed to additional substantive testimony of Proponents' now withdrawn expert, was a concern, Proponents could have asked to read the additional context to Dr. Herek at the time of his testimony.

2

09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS

Gibson, Dunn & Crutcher LLP

## II. IN THE ALTERNATIVE, PLAINTIFFS REQUEST THE COURT TO INCLUDE ADDITIONAL PORTIONS OF DR. ROBINSON'S TESTIMONY IN EVIDENCE

In the event that the Court is inclined to allow Proponents' untimely counterdesignations, basic fairness and Rule 32(a)(6) require that Plaintiffs be permitted to offer their own additional counterdesignations, which show Professor Robinson's complete lack of foundation and basis for the opinions Proponents now seek to offer. Accordingly, if the Court allows Proponents to counterdesignate Professor Robinson's deposition testimony, Plaintiffs request that the Court admit the following excerpts of the Robinson deposition into evidence so that the record is complete. These counterdesignations include the portions of Professor Robinson's transcript that were used with Dr. Herek but are not currently admitted into evidence.

- Page 69: 8-10
- Pages 73: 15-75:5
- Pages 189: 22-190:2
- Pages 208: 21-209:9
- Pages 220: 9-221:9

//
//
//
//
//
//
//
//
//
//
//
//
//

Gibson, Dunn & Crutcher LLP

3

09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS

### III. CONCLUSION

For the reasons set forth above, Plaintiffs ask that the Court sustain their objections to Proponents' proposed counterdesignations or, in the alternative, allow the additional counterdesignations set forth herein.

Respectfully submitted,

DATED: January 29, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Rebecca Justice Lazarus
Enrique A. Monagas

By: _____/s/_____
Ethan D. Dettmer

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno
Joshua I. Schiller

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

4

09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS

Gibson, Dunn & Crutcher LLP

# DECLARATION OF SERVICE

I, Robin McBain, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission St., Suite 3000, San Francisco, California, 94105, in said County and State. On January 29, 2010, I served the within:

**PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION & REQUEST FOR ADDITIONAL DESIGNATIONS**

to all named parties as follows:

☑ **BY ECF (ELECTRONIC CASE FILING):** I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 29, 2010. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 29, 2010, at San Francisco, California.

/s:/Robin McBain
Robin McBain

Gibson, Dunn & Crutcher LLP

1

09-CV-2292 VRW   PLAINTIFFS' OBJECTIONS TO PROPONENTS' COUNTERDESIGNATIONS OF ROBINSON DEPOSITION AND REQUEST FOR ADDITIONAL DESIGNATIONS