COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEPOSITION COUNTERDESIGNATIONS OF DANIEL ROBINSON AND REQUEST FOR ADDITIONAL DESIGNATIONS**<br><br>Trial Date: January 11, 2010<br>Location: Courtroom 6, 17th Floor<br>Judge: Chief Judge Vaughn R. Walker |

Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

                Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

                Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 637-4610, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

**I.      Defendant-Intervenors' Counterdesignations Should Be Admitted.**

Plaintiffs' objection to Defendant-Intervenors' counterdesignations of their withdrawn expert Dr. Daniel Robinson rests on a thinly veiled façade.  Plaintiffs allege that they did not "offer" any portion of Dr. Robinson's deposition testimony "into evidence," *see* Doc # 535 at 2, but as will be discussed herein, the record clearly shows otherwise.  Indeed, the only apparent purpose for Plaintiffs' use of Dr. Robinson's deposition testimony was to ensure that the substance of his cherry-picked statements made their way into the trial record.  The Court should thus reject Plaintiffs' hyper-technical efforts to keep out Defendant-Intervenors' counterdesignations.

During Plaintiffs' redirect examination of their expert Dr. Gregory M. Herek, their counsel read into the record three portions of Dr. Robinson's deposition.  During this exchange, Plaintiffs' counsel went out of his way to mention Dr. Robinson's status as Defendant-Intervenors' withdrawn expert, *see* Jan. 22, 2010, Trial Tr. at 2315 ("And just so you know, Professor Robinson was an expert hired by the defendant-intervenors, the proponents of Proposition 8"), and repeatedly stressed his intention to read Dr. Robinson's deposition testimony into the record, *see id.* at 2316 ("I will read it into the record"); *id.* at 2317 ("We are . . . reading his deposition into the record").  After reading the first two portions of Dr. Robinson's deposition testimony, Plaintiffs' counsel asked Dr. Herek whether he agreed with the recited statement, and each time Dr. Herek perfunctorily expressed his assent.  *See id.* at 2316:1-3; 2317:11-13.  And more plainly, after reading the third portion of Dr. Robinson's testimony, Plaintiffs' counsel did not even bother to ask Dr. Herek's opinion on the matter, thus exposing Plaintiffs' true intention of introducing the substance of Dr. Robinson's statements into the record, rather than eliciting the opinions of the testifying expert.  *See id.* at 2318:14-18.  It is thus clear, from any objective reading of the record, that Plaintiffs explicitly and deliberately introduced the substance of Dr. Robinson's deposition testimony into the record.

In response to Plaintiffs' gratuitous use of Dr. Robinson's testimony, Defendant-Intervenors offered a mere two counterdesignations, both of which provide broader context for the recited portions of Dr. Robinson's testimony.  One of the portions of testimony read by Plaintiffs' counsel, which is found at 220:19 through 221:9 of Dr. Robinson's deposition, omits the second part of Dr.

1

DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEPOSITION
COUNTERDESIGNATIONS OF DANIEL ROBINSON – CASE NO. 09-CV-2292 VRW

Robinson's response to the asked question.[1]  By offering 221:10 through 221:15 as a counterdesignation, Defendant-Intervenors have simply endeavored to provide the Court with Dr. Robinson's complete response to the question. One can hardly imagine a counterdesignation that better serves the rule's purpose of introducing a portion of a deposition that "in fairness should be considered with the part introduced." *See* FED. R. CIV. P. 32(a)(6).

The other counterdesignation offered by Defendant-Intervenors similarly provides the Court with a broader context for the carefully selected deposition testimony recited by Plaintiffs. One of the portions of Dr. Robinson's testimony that was read into the record dealt with the question of whether homosexuality is resistant to change through "any kind of therapeutic intervention." *See* Jan. 22, 2010, Trial Tr. at 2316-17 (reading from Robinson Dep. at 208:21-209:9). The section of testimony read by Plaintiffs' counsel suggests that Dr. Robinson is dubious of "sexual orientation change efforts" ("SOCE"). *See id.* But the portion of testimony that was designated by Defendant-Intervenors—Robinson Dep. at 203:6-21—explicitly shows that Dr. Robinson <u>disagrees</u> with the American Psychological Association's statements decrying the effectiveness of sexual orientation change efforts. Again, Defendant-Intervenors have done nothing more than provide context and clarity to Plaintiffs' cherry-picked portions of Dr. Robinson's deposition testimony.

In short, Plaintiffs willfully (and unnecessarily) chose to introduce portions of Defendant-Intervenors' withdrawn expert witness's testimony. Defendant-Intervenors simply ask, and the federal rules demand, that "fairness" be done through the admission of two other brief portions of Dr. Robinson's testimony. *See* FED. R. CIV. P. 32(a)(6). And while Defendant-Intervenors

---

[1] The relevant portion of Dr. Robinson's deposition reads as follows:
Q: Okay. So when you make a statement, homosexuality is no more immutable than are those identities one takes on in various walks and works of life, and you don't limit that to a group where there's 93 percent of people deeply religious and 78 percent of people who are on speaking engagements often at churches, is it appropriate in your view to take a finding in that one limited type of sample and apply it generally as you do in your report?
A:  If my statement about the mutability of homosexuality were tied exclusively to Spitzer's research or anything like it, then, indeed, it would be an implausible inference.
Q: Okay.
A:  The mutability of homosexuality is tied to the mutability of human nature and of its actual lived life.  Any number of conditions, religious and otherwise, can produce profound transformations in a person.
Robinson Dep. at 220:19-221:15.

2

maintain that the brief portions of testimony contained in their counterdesignations should be admitted into evidence under the rule of completeness, they nevertheless urge this Court, at the very least, to take judicial notice of the designated portions of Dr. Robinson's deposition transcript.

## II. Plaintiffs' Request to Introduce Additional Portions of Dr. Robinson's Testimony Should Be Denied.

Plaintiffs should not be permitted to introduce additional portions of Dr. Robinson's deposition testimony.[2] Plaintiffs could have read other portions of Dr. Robinson's testimony during their redirect examination of Dr. Herek, but they chose not to do so. Nothing in the meager 22 lines contained in Defendant-Intervenors' counterdesignations justifies Plaintiffs' efforts to "counter-counterdesignate" additional deposition testimony.

By reading Dr. Robinson's testimony into the record, Plaintiffs chose to treat with him and his testimony on the level of an expert. But now that Defendant-Intervenors' counterdesignations have provided a fairer, more accurate sense of Dr. Robinson's statements, Plaintiffs want to make additional designations for the alleged purpose of showing that Dr. Robinson lacks "foundation . . . for [his] opinions." Doc # 535 at 4.[3] There is, however, no legal basis for allowing such additional designations simply because Plaintiffs' one-sided and exceedingly selective use of Dr. Robinson's testimony has been uncovered and laid bare. As a result, this Court should not accept Plaintiffs' request to introduce additional portions of Dr. Robinson's deposition transcript.

Dated: February 2, 2010

                                                        COOPER AND KIRK, PLLC
                                                        ATTORNEYS FOR DEFENDANT-INTERVENORS

---

[2] Three of Plaintiffs' designations—189:22-190:2, 208:21-209:9, and 220:9-221:9—are apparently intended simply to be the portions of Dr. Robinson's deposition that Plaintiffs read into the record. *See* Doc # 535 at 4 ("These counterdesignations include the portions of Professor Robinson's transcript that were used with Dr. Herek…."). To the extent they are already in evidence, Defendant-Intervenors have no objections to add to those raised at trial. *See* Trial Tr. at 2315:11-13; *id.* at 2316:22. They do note that the final excerpt read into the record began at 220:19 of the deposition transcript, not 220:9.

[3] As Defendant-Intervenors have explained, their counterdesignations simply provide context to the portions of Dr. Robinson's testimony Plaintiffs read into the record at trial. To the extent Dr. Robinson lacks foundation for the opinions reflected in the counterdesignations, the same is certainly true for the testimony to which those counterdesignations respond.

3

DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEPOSITION COUNTERDESIGNATIONS OF DANIEL ROBINSON – CASE NO. 09-CV-2292 VRW

DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/Charles J. Cooper
    Charles J. Cooper

4