**09-cv-2292 VRW**

**EXHIBIT B**
**TO DECLARATION OF KARI KROGSENG**

## Kari Krogseng

| | |
|---|---|
| **From:** | Jesse Panuccio [jpanuccio@cooperkirk.com] |
| **Sent:** | Monday, February 01, 2010 1:55 PM |
| **To:** | Kari Krogseng |
| **Cc:** | David Thompson; Nicole Moss |
| **Subject:** | Perry v. Schwarzenegger |

**Attachments:** Doc. 425.pdf

Dear Kari,

Thank you for your call earlier today. I write to follow up on your question regarding confidentiality of documents. Magistrate Judge Spero entered an amended protective order on January 12, which has governed Defendant-Intervenors' production of documents to Plaintiffs in this case. I have attached that order to this email. We are willing to agree that CAEBR can produce to Defendant-Intervenors pursuant to the terms of that order. In other words, if you determine that a document qualifies substantively under the order as "confidential" or "highly confidential--attorneys eyes only," you may so designate it and we will treat it pursuant to the terms of the protective order. Thus, if you designate a document "highly confidential--attorneys eyes only," we will restrict its viewing to counsel for Defendant-Intervenors, pursuant to the terms of the protective order.

Let me also take this opportunity to recap what we discussed on the telephone. You represented that CAEBR is now willing to produce documents in response to Defendant-Intervenors' subpoena. You also represented that some responsive documents would be withheld on First Amendment privilege grounds and that you would identify those persons that your client contends make up CAEBR's "core group" under the Court's orders. You also represented that you would produce a privilege log, but that such a log was not yet ready. You asked whether, given these representations, Defendant-Intervenors' could agree to dismissal of their motion to compel with respect to CAEBR. I stated that Defendant-Intervenors' welcome production pursuant to the subpoena and will work diligently to review the documents and the "core group" list as soon as we have them in our possession--and that once we have done so, we would promptly apprise both your client and the Court if we determine that the motion to compel is no longer necessary. But Defendant-Intervenors cannot agree, prior to that review, to dismiss the motion. We also agreed that if production occurs in electronic format, paper production is not necessary.

I am copying on this email my colleagues David Thompson and Nicki Moss, both of whom are also counsel for Defendant-Intervenors.

Thanks again for your call.

Regards,

Jesse

---------------------------
Jesse Panuccio
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Phone: (202) 220-9600
Fax: (202) 220-9601
www.cooperkirk.com