09-cv-2292 VRW

# EXHIBIT C
# TO DECLARATION OF KARI KROGSENG

# Cooper & Kirk

**Lawyers**
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

February 2, 2010

*VIA ELECTRONIC MAIL*

Kari Krogseng
Remcho, Johansen & Purcell, LLP
201 Dolores Avenue
San Leandro, CA 94577

Re:   *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292-VRW

Dear Ms. Krogseng:

Thank you for your letter of February 1, 2010, regarding Californians Against Eliminating Basic Rights' (CAEBR's) production of documents in response to the subpoena served upon CAEBR by Defendant-Intervenors in the above-referenced case. I write in response to that letter and to CAEBR's production and request that Defendant-Intervenor's dismiss their motion to compel.

As I stated in my email of February 1, 2010, Defendant-Intervenors' appreciate CAEBR's production of documents in response the subpoena, even at this late date, and will work diligently to determine whether the production represents full compliance. Our initial review, however, indicates that CAEBR has not complied fully with the subpoena. Moreover, Defendant-Intervenors' require further information regarding the scope of CAEBR's production.

First, in your letter you state that CAEBR has withheld "any communication received from other third party subpoena recipients that are contesting the motion to compel." Krogseng Feb. 1 Letter at 2. The Court, however, required Defendant-Intervenors to produce, over their First Amendment objections, communications between associations that had the same general goal of passing Proposition 8. Similarly, then, communications between associations that shared the same general goal of defeating Proposition 8 are not privileged. Accordingly, CAEBR has no valid basis for withholding these documents—which CAEBR concedes are responsive and within its possession—and has thus not complied with its obligations under the subpoena.

Second, it does not appear that CAEBR has produced *few if any* communications between some members of its "core group" and third parties. For example, your letter identified City Attorney Dennis Herrera as the Chair of CAEBR. Yet our preliminary review of CAEBR's February 1 production suggests that, aside from multiple copies of a form letter bearing Mr.

# Cooper & Kirk
Lawyers

Kari Krogseng, Esq.
February 2, 2010
Page 2 of 3

Herrara's signature, CAEBR has not produced a single document authored by or received by Mr. Herrera. Please advise as to whether such documents exist and, if so, why they were not included in CAEBR's production.

Third, your letter states that CAEBR has unilaterally redacted "non-responsive communications and information," as well as "names, phone numbers and e-mail addresses in order to protect their privacy." Krogseng Feb. 1 Letter at 2. As to the redaction of information within communications that contain responsive information, Defendant-Intervenors' do not believe redaction is appropriate. If a communication contains responsive information, the remainder of the information in that communication provides necessary and relevant context that should not be redacted. As to the redaction of names and other identifying information, as I indicated in my email of February 1, the Court has entered a protective order that governs the process of protecting such information. That protective order allows parties to designate such information as "highly confidential – attorneys eyes only." It does not provide, however, for unilateral redaction. Just as counsel for Plaintiffs was permitted by the Court to view on an attorneys-eyes-only basis the confidential identifying information contained in Defendant-Intervenors' documents, counsel for Defendant-Intervenors must be able to view such information contained in CAEBR's documents in order to determine the relevance of such documents.

Fourth, in our telephone conversation of February 1, you indicated that CAEBR would produce a privilege log but that such a log was not yet complete. Until Defendant-Intervenors have an opportunity to review the log, it is impossible to determine whether CAEBR is asserting valid privilege claims over responsive documents. Please advise as to when CAEBR will provide Defendant-Intervenors with the log.

Fifth, CAEBR has identified twenty persons as members of CAEBR's "core group" but has not provided any descriptions of the roles these persons played within the campaign. The Court has made clear that only certain persons involved in the formulation of strategy and messages may be considered part of an association's "core group" for First Amendment purposes. For example, the Court has held that media vendors who were supplied draft materials or sensitive one-on-one communications regarding strategy and messaging *cannot* be considered part of a "core group" and that communications with those persons receive no First Amendment protection. Accordingly, in order to make an informed assessment regarding whether the persons you identify are rightly considered part of CAEBR's "core group," Defendant-Intervenors request that CAEBR provide additional information regarding the role these persons play or played in CAEBR.

At the close of your letter, you request that Defendant-Intervenors dismiss the motion to compel by 12:00 p.m. today and that in the absence of such a dismissal CAEBR "will file a response to the motion to compel informing the court that CAEBR has produced all non-privileged documents in its possession, but that [Defendant-Intervenors] have refused to dismiss

# Cooper & Kirk
Lawyers

Kari Krogseng, Esq.
February 2, 2010
Page 3 of 3

the motion to compel." Krogseng Feb. 1 Letter at 2. As noted above, however, CAEBR explicitly concedes that it is withholding responsive, non-privileged documents. Accordingly, what you propose to represent to the Court is not accurate. Moreover, given that CAEBR has not provided all the information necessary to evaluate whether it has complied fully with the subpoena, Defendant-Intervenors cannot agree to dismiss the motion to compel at this time. I trust that if you choose to represent to the Court that CAEBR has complied with the subpoena, you will include this letter as an attachment to the filing.

Sincerely,

Jesse Panuccio