STEPHEN V. BOMSE (State Bar No. 40686)
sbomse@orrick.com
JUSTIN M. ARAGON (State Bar No. 241592)
jaragon@orrick.com
SARAH C. MARRIOTT (State Bar No. 241301)
smarriott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel.:   (415) 773-5700
Fax:   (415) 773-5759

ALAN L. SCHLOSSER (State Bar No. 49957)
aschlosser@aclunc.org
ELIZABETH O. GILL (State Bar No. 218311)
egill@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel.:   (415) 621-2493
Fax:   (415) 255-8437

*Attorneys for*
NO ON PROPOSITION 8,
CAMPAIGN FOR MARRIAGE EQUALITY:
A PROJECT OF THE AMERICAN CIVIL
LIBERTIES UNION OF NORTHERN CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants. | CASE NO. 09-CV-2292 VRW<br><br>**DECLARATION OF ELIZABETH GILL IN SUPPORT OF OPPOSITION OF NO ON PROPOSITION 8, CAMPAIGN FOR MARRIAGE EQUALITY: A PROJECT OF THE AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA TO DEFENDANT-INTERVENORS' MOTION TO COMPEL COMPLIANCE WITH NONPARTY DOCUMENT SUBPOENAS**<br><br>Judge:         Chief Judge Walker<br>Location:    Courtroom 6, 17th Floor<br>Trial Date:   January 11, 2010 |

I, Elizabeth Gill, hereby declare:

1.  I am a Staff Attorney for the LGBT & AIDS Project of the ACLU Foundation and for the ACLU Foundation of Northern California. I am counsel of record for Non-Party No on Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern California ("ACLU"). I have personal knowledge of the matters contained in this declaration, except where such facts are stated to be based on information and belief, and those facts I believe to be true. If called to testify to the matters set forth in this declaration, I could do so competently.

2.  On August 27, 2009, Defendant-Intervenors, the Proponents of Proposition 8 ("Proponents"), served an administrative subpoena on the ACLU, seeking documents and information related to the No on 8 campaign (attached as Exhibit 1 to Proponents' Motion to Compel).

3.  On September 17, 2009, the ACLU served Responses and Objections to Proponents' administrative subpoena (attached as Exhibit 4 to Proponents' Motion to Compel). In its response, the ACLU agreed to produce documents that it had disseminated to the general public and that could not be obtained readily from another source. The ACLU objected to the rest of the requests on grounds of relevance, burden, and constitutional privilege.

4.  On November 2, 2009, the ACLU produced documents that were widely disseminated to the general public regarding the No on 8 campaign. As a cut-off, the ACLU used the definition of "mass mailing" provided by California Government Code §82041.5, which refers to anything sent to at least 200 people. This production consisted primarily of (a) e-mails regarding Proposition 8 sent to various ACLU email lists and information regarding Proposition 8 placed in the ACLU's newsletter; (b) a No on 8 toolkit, including No on 8 endorsement forms, flyers containing arguments against Proposition 8, and sample No on 8 letters to the editor; (c) a No on 8 house party toolkit, describing how to hold a fundraiser for the No on 8 campaign; (d) invitations to an ACLU No on 8 fundraising event sent to donors and members; and (e) flyers for various No on 8 rallies.

5.  In mid-November Proponents sent the ACLU a revised subpoena again seeking its internal communications; once again, the ACLU submitted objections (attached as

- 1 -

GILL DECL. ISO OPP. OF NO ON PROPOSITION 8, CAMPAIGN FOR
MARRIAGE EQUALITY: A PROJECT OF THE ACLU OF N. CAL. TO
DEFT.-INTERVENORS' MOT. TO COMPEL COMPLIANCE WITH
NONPARTY DOCUMENT SUBPOENAS
CASE NO. 09-CV-2292 VRW

Exhibits 2 & 4 to Proponents' Motion to Compel).

6. The ACLU received no further communications regarding the November subpoena or document production until January 12, 2010, when the ACLU received a letter from Proponents demanding that it provide Proponents with a list of "core" group members whose documents might be subject to a First Amendment privilege as well as a log of all communications subject to such a privilege (attached as Exhibit 5 to Proponents' Motion to Compel). The letter further demanded that the ACLU should begin the immediate production of relevant, non-privileged documents.

7. Complying with Proponents' demands would be significantly burdensome to the ACLU, a nonprofit organization with limited financial and human resources.

8. In order to identify a "core" group of individuals whose documents might be subjected to the First Amendment privilege, the ACLU would be forced to search for communications between and among the numerous groups and individuals that the ACLU partnered with during the No on 8 campaign. Along with a number of other organizations, such as Equality California, the ACLU participated in a coordinated campaign to defeat Proposition 8 (the official name of which was No on 8, Equality for All). But the ACLU also independently worked with many additional organizations and individuals on developing strategy and messaging to defeat Proposition 8. Simply identifying each of these individuals would require a substantial, organization-wide effort.

9. If the Court were to conclude that any of the ACLU's communications or other documents related to the ACLU's efforts to defeat Proposition 8 are relevant to this litigation, then it is likely that a large number of communications between and among this "core" group would require individualized review. For example, I am informed and believe that among the ACLU staff involved in the No on 8 campaign, there are approximately 61,046 potentially relevant communications, all stored on the staffs' Microsoft Outlook files. When simple search terms are applied to these Outlook files (e.g., "Proposition 8," "Prop. 8," "No on 8") – terms that are by no means exhaustive – there are still approximately 25,091 potentially relevant communications.

10. The ACLU is not equipped to search such a large volume of potentially

- 2 -

relevant material. ACLU staff members are only able to run simple key-word searches on their Outlook files. There would be no way to ensure such searches were exhaustive, creating a substantial risk of missing a significant portion of potentially relevant material. The only solution would be to hire an outside vendor to properly search through the 61,046 potentially relevant communications. I am informed and believe that simply settling on search terms for such an endeavor would be prohibitively expensive for the ACLU. The ACLU simply does not have the resources to conduct such a search.

11. Even if search terms could be applied, the collection of potentially relevant communications would still number in the tens of thousands. Each of these communications would need to be reviewed on a document-by-document basis not only for responsiveness, but for attorney-client privilege as well as the First Amendment privilege articulated by the Ninth Circuit. The ACLU does not have the human resources to conduct this sort of extensive review.

12. Further, even if the ACLU somehow managed to complete this review, it is my belief, based on my own knowledge, plus information and belief as the result of conversations with other ACLU employees involved in the Proposition 8 campaign, we would locate only a handful of relevant, non-privileged documents. Many of the 61,046 potentially relevant documents would simply be planning communications, setting or conveying the date and time for an event, etc. Virtually all of the remainder would be documents discussing non-public strategy and messages, which are privileged under the First Amendment.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me on February 2, 2010.

*Elizabeth Gill*

- 3 -
OHS
West:260818770

GILL DECL. ISO OPP. OP NO ON PROPOSITION 8, CAMPAIGN FOR
MARRIAGE EQUALITY: A PROJECT OF THE ACLU OF N. CAL. TO
DEFT.-INTERVENORS' MOT. TO COMPEL COMPLIANCE WITH
NONPARTY DOCUMENT SUBPOENAS
CASE NO. 09-CV-2292 VRW

TOTAL P.002