LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
LESLIE KRAMER (CSB NO. 253313)
lkramer@fenwick.com
LAUREN WHITTEMORE (CSB NO. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Attorneys for Third-Party, Equality California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants,<br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>Defendant-Intervenors. | Case No.  09-CV-2292 VRW<br><br><br>**EQUALITY CALIFORNIA'S OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO COMPEL COMPLIANCE WITH NON-PARTY DOCUMENT SUBPOENAS**<br><br>Trial:       January 11, 2010<br>Judge:     Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

## **INTRODUCTION**

Discovery and the time for bringing discovery motions in this matter closed long ago. Nonetheless Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") brought a motion to compel "thousands" of documents from numerous third parties, including Equality California ("EQCA"), in the middle of trial in this matter. Proponents did so even though they were in possession of EQCA's objections, which both articulated the basis for the objections and defined what EQCA was willing to produce in response to Proponents' subpoena while discovery was open. Rather than meet and confer over any of EQCA's well-grounded objections or otherwise seek relief from the Court during discovery, Proponents took a similar position with respect to its own documents in refusing to produce them to plaintiffs. In fact, Proponents moved for a protective order while discovery was open to avoid having to produce such documents, but tactically chose not to bring any motion against the third parties. It was only after the Court ordered Proponents to produce documents, which happened to be after the close of discovery, that Proponents moved to compel production by EQCA and the other third parties.

Notwithstanding that it is untimely, Proponents' motion seeks entirely irrelevant information which is greatly outweighed by the undue burden and expense it would impose on EQCA if it were granted. Plaintiffs are seeking Proponents' internal campaign communications because plaintiffs have alleged that the effort to place Proposition 8 on the ballot and the campaign in support of Prop. 8 was motivated in part by animus and moral disapproval. This Court has determined that *Proponents'* internal campaign communications which may reveal the motivations behind the campaign are relevant. No such determination has been made regarding the internal campaign communications of EQCA or other groups *opposed* to the passage of Prop. 8. Moreover, EQCA has already undertaken an effort to collect, review and produce responsive documents. As a third party non-profit with limited resources, it would be unduly expensive and time-consuming for EQCA to have to repeat this effort, particularly on the limited timeline proposed by Proponents. As such, the Court's January 8, 2010 order directing production of Proponents' relevant, non-privileged internal campaign communications is not applicable to the

1 third party opponents of Prop. 8. Proponents' untimely motion to compel non-relevant
2 documents must be denied.

3 **STATEMENT OF FACTS**

4 Proponents served their first subpoena on EQCA on August 27, 2009. Proponents'
5 Exhibit to Motion to Compel (Dkt. # 472) ("Prop. Ex.") 1. EQCA served its objections on
6 September 17, 2009, raising a number of issues, but expressly stating that it would produce
7 responsive, non-privileged public documents in response to requests 1, 2, and 5-8. Prop. Decl.
8 Ex. 4. EQCA's primary objection was based on relevance, *i.e.* "materials advocating *against*
9 Proposition 8 cannot demonstrate why Proposition 8 was enacted, or on what basis it was enacted,
10 and therefore such materials are not relevant to any legal claim or defense, nor are they
11 reasonably calculated to lead to the discovery of admissible evidence." *Id*. at 2.
12 In the meantime, Proponents moved this Court for a Protective Order against plaintiff's
13 document request for communications relating to Proposition 8 between Proponents and any third
14 party. Dkt. # 214 at 2. Proponents argued that the documents were privileged under the First
15 Amendment, not relevant and that production would place an undue burden on Proponents. Dkt.
16 # 214 at 2. On October 1, 2009, this Court issued an order denying Proponents' claim that their
17 internal campaign communications were protected by a First Amendment privilege and directing
18 Plaintiffs to narrow the scope of their document request for Proponents' internal campaign
19 communications. The Court suggested that the following types of documents would be
20 discoverable: "(1) communications by and among *proponents* and their agents (at a minimum,
21 Schubert Flint Public Affairs) concerning campaign strategy and (2) communications by and
22 among *proponents* and their agents concerning messages to be conveyed to voters, without regard
23 to whether the voters or voter groups were viewed as likely supporters or opponents or undecided
24 about Prop 8 and without regard to whether the messages were actually disseminated or merely
25 contemplated." Dkt. # 214 at 17 (emphasis added).
26 Proponents wrote to EQCA on October 9 informing EQCA of the Court's order and
27 stating: "we would expect your organization to produce the same materials that the Court requires
28 us to produce." Prop. Ex. 3. Proponents provided no legal authority for this position. EQCA

EQCA'S OPPOSITION TO DEF.-INTERVENORS'
MOTION TO COMPEL COMPLIANCE WITH     2     CASE NO. 09-CV-2292 VRW
DOCUMENT SUBPOENAS

1    responded on October 29, explaining to Proponents that any Court orders addressing the

2    discovery obligations of Proponents are not applicable to the obligations of third party opponents,

3    such as EQCA. Declaration of Leslie Kramer in support of EQCA's Opposition to Motion to

4    Shorten Time, Dkt. # 491 ("Kramer Decl."), Ex. A.

5    EQCA responded by letter on November 12 outlining the legal basis for EQCA's position

6    that: "[t]he Court's ruling regarding the discovery obligations of defendant-intervenors, who are

7    the official proponents of Proposition 8, has no bearing on the discovery obligations of third party

8    opponents of Proposition 8" and "[b]alancing Proponents' tenuous claims of relevance (which it

9    previously admitted did not exist) against a third party's First Amendment rights, it is clear that

10   Equality California's constitutional rights prevail over defendants' minimal, if any, need for such

11   documents." Kramer Decl. Ex. B. Ignoring these objections, Proponents issued a second, largely

12   duplicative subpoena on November 16. Prop. Ex. 2. EQCA again objected on the same grounds

13   on November 23. Dkt. No 472, Prop. Ex. 4.[1]  Proponents did nothing in response, and discovery

14   closed in this matter on November 30, 2009. Dkt. # 160.

15   During November, 2009, EQCA undertook an effort to search the email messages of

16   EQCA staff who worked on the No on 8 – Equality For All campaign. Declaration of James

17   Carroll in support of EQCA's Opposition to Defendant-Intervenors' Motion to Compel ("Carroll

18   Decl."), ¶¶ 3, 7. Approximately 15 EQCA staff worked on the campaign during 2008 and the

19   email messages saved by EQCA staff during the campaign total over 50,000 messages. Carroll

20   Decl. ¶¶ 3-5. EQCA produced documents on December 8, 2009. Kramer Decl. ¶ 4.

21   On January 8, 2010, this Court issued an Order in light of the ruling by the Ninth Circuit

22   outlining "the scope of *proponents'* First Amendment privilege and the application of that

23   privilege to the documents in *proponents'* possession." Dkt. # 372, Jan. 8 Order at 2 (emphasis

24   added). The Court held that because the Court had defined the scope of Proponents' First

25   Amendment privilege "*Proponents* are therefore ordered to produce all documents responsive to

26   requests 1, 6 and 8 that contain, refer or relate to any arguments for or against Proposition 8 other

27   _____

28   [1] On December 8, 2009, EQCA produced all relevant, non-privileged public documents in response to the subpoenas. Kramer Decl. ¶ 4, Ex. C.

EQCA'S OPPOSITION TO DEF.-INTERVENORS'
MOTION TO COMPEL COMPLIANCE WITH           3           CASE NO. 09-CV-2292 VRW
DOCUMENT SUBPOENAS

than communications solely among the core group as defined above." Dkt. # 372, Jan. 8 Order at 2 (emphasis added).

After not hearing a word from Proponents in nearly two months EQCA received a letter on Tuesday, January 12 describing the Court's January 8 Order regarding Proponents' discovery obligations and demanding that EQCA respond immediately.[2]  Prop. Ex. 5.  Proponents demanded that EQCA identify a core group within 24 hours and begin an immediate rolling production of relevant documents without providing any legal authority.  Prop. Ex. 5.  EQCA responded, reiterating its earlier objections and offering to discuss the issue further.  Prop. Ex. 6. Instead, on Friday January 15, Proponents emailed EQCA now demanding that production begin immediately or that EQCA stipulate to filing a response three days later on the Martin Luther King, Jr. federal holiday.  Kramer Decl. Ex. D.  Again, EQCA responded by reiterating its objections but offering to discuss this matter further.  Proponents simply went ahead and filed their motions less than 30 minutes later.  Kramer Decl. ¶ 6.

## ARGUMENT

### I. PROPONENTS' MOTION IS UNTIMELY

#### A. Proponents Failed to Meet the Requirements of Local Rule 26-2

EQCA and the other third parties timely objected to Proponents' documents requests on the grounds of relevance, First Amendment privilege and burden.  Prop. Ex. 4.  As noted, Proponents have had EQCA's relevance objections and agreement on what it would produce for at least four months—all while discovery was open.  Under Local Rule 26-2, the deadline for motions to compel discovery in this action was December 7, 2009.  Without explanation, however, Proponents waited until January 15, 2010, which is more than a month *after* the discovery deadline, to bring its motion to compel.  Local Rule 26-2 requires a showing of good cause for failing to meet a court imposed deadline, yet Proponents make no such showing in their motion, much less any attempt to do so.

---

[2] The next day, January 13, Proponents filed an Objection to Magistrate Judge Spero's January 8 Order.

EQCA'S OPPOSITION TO DEF.-INTERVENORS'
MOTION TO COMPEL COMPLIANCE WITH         4        CASE NO.  09-CV-2292 VRW
DOCUMENT SUBPOENAS

1    Proponents made a strategic decision not to move to compel the production of EQCA's
2 internal campaign documents while they were objecting to plaintiffs' request for Proponents'
3 internal campaign documents. However, Proponents seek to avoid the consequences of that
4 decision by asserting without citation to any authority whatsoever that EQCA and the other third
5 parties must produce any documents Proponents are compelled to produce. The campaign is long
6 over and any suggestion that party Proponents and the third party opponents of Prop. 8 are
7 similarly situated in this action is simply wrong. Proponents must live with their decision to do
8 nothing about EQCA's objections to the subpoena while discovery was open. Because
9 Proponents' motion is untimely for reasons entirely within their control, Proponents are unable to
10 establish the requisite good cause for filing it after the close of discovery and it should therefore
11 be denied.

**B.    Proponents Failed to Meet the Requirements of Local Rule 37-1**

13    Additionally, pursuant to the local rules, Proponents must attempt to meet and confer
14 meaningfully before filing any discovery motion, including the instant one. *See* Dkt. # 160 at 2
15 ("With respect to any disputes regarding discovery, counsel are directed to comply with Civ LR
16 37-1(b) and the court's standing order 1.5."); United States District Chief Judge Vaughn R.
17 Walker Standing Orders at 1.5; L.R. 6-3, 37-1. Despite this, Proponents have made *no* attempt to
18 meaningfully meet and confer, and they simply filed their motion without doing so in
19 contravention of this Court's local rules. Notably, in nearly every communication sent to
20 Proponents, EQCA has proposed discussing their objections and Proponents' demands. Yet not
21 once have Proponents sought to schedule a call or even directly responded to EQCA's objections.
22 Kramer Decl. ¶ 8. Instead, Proponents contacted EQCA less than eight hours before filing this
23 motion and demanded that EQCA either begin an immediate production of thousands of
24 documents or agree to a schedule requiring EQCA to file an opposition three days later on a
25 federal holiday. Kramer Decl. Ex. 5.
26    Proponents' actions are wholly contrary to the local rules, which specify that "[t]he mere
27 sending of a written, electronic, or voice-mail communication, however, does not satisfy a
28 requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only

EQCA'S OPPOSITION TO DEF.-INTERVENORS'
MOTION TO COMPEL COMPLIANCE WITH            5            CASE NO. 09-CV-2292 VRW
DOCUMENT SUBPOENAS

1 through direct dialogue and discussion – either in a face to face meeting or in a telephone
2 conversation." L.R. 1-5(n); *see also Baker v. County of Sonoma*, 2010 WL 99088, at *1 (N.D.
3 Cal. Jan. 6, 2010) (finding a letter sent 24 hours before the deadline as insufficient); *Williby v.*
4 *City of Oakland*, 2007 WL 2900433, at *2 (N.D. Cal. Oct. 3, 2007) ("communication in writing is
5 specifically insufficient to satisfy the meet and confer requirement"). No such face to face
6 meeting or telephone conversation ever took place. Proponents' untimely motion thus should be
7 denied for this reason as well.

### C. Proponents Failed to Meet the Requirements of Local Rule 37-2

Local Rule 37-2 requires that "a motion to compel further discovery responses must set forth each request in full, followed immediately by the objections and/or responses thereto." Proponents' motion fails to do so. In fact, it is impossible for Proponents to meet this requirement because Proponents are now demanding particular discovery that they never even requested. None of Proponents' document requests include a request for a list of "core" group members or a privilege log listing all communications between and among the "core" group members, for example. EQCA and the other third parties timely objected to all of Proponents' discovery requests and have produced responsive, non-privileged documents. Proponents' failure to identify any specific document requests in the two subpoenas issued to EQCA provides yet another basis for the Court to deny their motion.

### II. EQCA'S INTERNAL CAMPAIGN COMMUNICATIONS ARE NOT RELEVANT

EQCA internal campaign communications are irrelevant to the question of whether the campaign in support of Prop. 8 was motivated by animus or moral disapproval, and the Court's recent orders regarding the Proponent's discovery obligations do nothing to change that.

### A. The Relevance of EQCA's Documents Has Not Been Before the Court

Proponents wrongly assert that EQCA and the other third parties have based their refusal to produce internal campaign communications "on relevance and privilege grounds that this Court has rejected." Dkt. # 472 at 5. Proponents argue without any authority that an order issued by this Court regarding Proponents' discovery obligations somehow applies equally to the third parties who opposed Proponents during the Prop. 8 campaign. This Court's orders regarding the

EQCA'S OPPOSITION TO DEF.-INTERVENORS'
MOTION TO COMPEL COMPLIANCE WITH       6       CASE NO.  09-CV-2292 VRW
DOCUMENT SUBPOENAS

scope of Plaintiff's discovery obligations apply only to Proponents. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.").

This Court's October 1 and November 11 Orders address Proponents' arguments regarding the relevance of Proponents' internal campaign communications. Those Orders apply only to Proponents, not to EQCA or any other third party, because they bear directly on Plaintiffs' equal protection claim. Dkt. # 214 at 12. In particular, the internal and non-public communications between Proponents (and their strategists, etc.) were found to be relevant to the governmental interest that the Proponents claim to advance. Dkt. # 214 at 12. The Court noted that legislative purpose, and specifically whether the law reflects a discriminatory purpose, may be relevant to determine whether plaintiff's equal protection rights have been violated. *Id.* As such, the Court ordered Proponents to produce documents that may reflect the intent and purpose behind the messages disseminated to the voters. *Id.* at 16. Internal communications from third party opponents of the legislation have no bearing on the equal protection claim, as explained in detail below.

**B. EQCA's Internal Campaign Communications Are Not Relevant to the Parties' Claims and Defenses**

The analysis of whether Proponents' internal campaign communications are relevant to plaintiffs' equal protection claim is simply not applicable to EQCA, or any other third party who was not a proponent of the law being scrutinized in this litigation. Therefore, in contrast to the findings made with respect to Proponents, EQCA's internal, confidential, and non-public campaign communications have no bearing on and cannot possibly reflect the rationale the drafters and voters adopted in support of Prop. 8. What limited relevancy EQCA's internal campaign communications may have on the issue can be gleaned from the public documents that EQCA has already produced in response to the subpoenas. These documents contain the messages that were actually communicated to the public rather than internal communications related to messages ultimately not conveyed to the voters. Given the, at best, limited relevancy of public communications, any request for EQCA's confidential non-public internal documents

1   (particularly in light of EQCA's status as a third party opposing Prop. 8), would certainly impose
2   an undue burden that outweighs any chance the documents would lead to the discovery of
3   admissible evidence. Now that witness testimony has concluded in the trial, any chance the
4   documents would lead to the discovery of admissible evidence has now disappeared.

5   Finally, the Ninth Circuit's opinion does not foreclose the applicability of EQCA's First
6   Amendment privilege. The Ninth Circuit made clear that the privilege of the First Amendment
7   requires a balancing between the requesting party's need for the information and the
8   constitutional rights of the party seeking to invoke that privilege. *Perry v. Hollingsworth*, -- F.3d
9   --, 2010 WL 26439, at *10 (9th Cir. Jan. 4, 2010). One factor considered in this balancing is "the
10  centrality of the information sought to the issues in the case." *Id*. The court also noted that "the
11  party seeking the discovery must show that the information sought is highly relevant to the claims
12  and defenses in the litigation – a more demanding standard of relevance than that under Federal
13  Rule of Civil Procedure 26(b)(1)." *Id*. Proponents have made no such showing here. The Ninth
14  Circuit in its opinion also balanced *Proponents'* First Amendment rights against the *plaintiffs'*
15  constitutional equal protection interests. Unlike the balancing there, Proponents have articulated
16  no competing constitutional interest with respect to any third party such as EQCA.

17  **III.    PROPONENTS' MOTION IS UNDULY BURDENSOME**
18           **A.    Proponents' Demands Are Unduly Burdensome**
19  Third party EQCA, a non-profit, has already gathered, reviewed and produced documents
20  in response to Proponents' subpoenas. Carroll Decl. ¶ 7. Now, Proponents want EQCA to do it
21  all over again within a time period that is wholly unrealistic. This burden is compounded by the
22  fact EQCA does not maintain a searchable email server, which would require EQCA to solicit
23  each of its relevant members to take the time and effort to again search for and collect responsive
24  documents that they have in their possession, which total well over 50,000 emails alone. Carroll
25  Decl. ¶¶ 5-6. This effort would be a significant disruption to EQCA. Carroll Decl. ¶ 8. This all
26  could have been avoided had Proponents simply challenged EQCA's objections when they were
27  made, before EQCA undertook the time and expense of gathering, reviewing and producing the
28  documents it was agreeing to produce. EQCA and its members should not have to bear the

burden and expense of Proponents' own decision not to seek them until after that effort had already been undertaken.

## CONCLUSION

For the foregoing reasons, Third-Party Equality California respectfully requests that this Court deny Defendant-Intervenors' motion.

Dated: February 2, 2010                FENWICK & WEST LLP


By:   */s/* Lauren Whittemore
          Lauren Whittemore

Attorneys for Third-Party, Equality California