UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN CALIFORNIA

FILED
JAN 2 2 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. CV 09-2292 VRW

KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI, and JEFFREY J

ZARRILLO,

Plaintiffs, and

CITY AND COUNTY OF SAN FRANCISCO,

Plaintiff-Intervenor,

v.

ARNOLD SCHWARTZENEGGER, EDMUND G. BROWN JR., MARK B HORTON,

LINETTE SCOT, PATRICK O'CONNEL, DEAN C LOGAN

Defendants, and

DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ,

HAKSHING WILLIAM TAM, MARK A JANNSON and PROJECT

MARRIAGE.COM, as official proponents of Proposition 8,

Defendant-Intervenors

**BRIEF OF MICHAEL WOLF AS AMICUS CURI IN SUPPORT OF**

**DECLARATION OF PROPOSITION 8 AS UNCONSTITUTIONAL**

Michael Wolf

PO Box 52 Colfax, WA 99111

0

## INTEREST OF THE AMICUS CURI

Michael Wolf is a private citizen interested in the matter before the court soley for the sake of justice. Michael Wolf is not a citizen of the State of California, though he was born and raised there. Michael Wolf has researched the matter, and discovered a novel argument heretofore not presented to this court, or to the public to Mr. Wolf's knowledge, on the Constitutionality of Proposition 8 under the First Amendment of the Constitution of the United States of America. Mr. Wolf's interests, therefore, lie solely in justice, and supporting the court in its review of the matter, to ensure that the arguments herein, which he feels are of paramount import, are heard by this court to assure that this separate issue of Constitutionality is not missed by the court in this controversial and historic matter before it.

## SUMMARY OF ARGUMENT

Because religious organizations were behind Proposition 8, and because their advertisements used propaganda techniques to sway voters to their opinions, and because this resulted in voters believing that they were affecting protection measures to the religious, rather than legal institution of marriage, and because the Establishment clause od the Bill of Rights prohibts such efforts, the changes affected by Proposition 8 are invalid as unconstitutional.

## ARGUMENT

That Proposition 8 was backed by religious interests is certainly not a matter of debate in this matter. The Intervenors here today have made their religious agenda quite

clear, and the known backers of Proposition 8 are well-known to this court to be religious organizations for the most part. The only real issue to be decided in this argument is whether these organizations with religious affiliation and agenda, pursued their efforts to alter the Constitution of the State of California with the intent to legislate a religious doctrine.

The answer to that question comes from the advertisements used to support Proposition 8, the money behind them, and the intent of the organizations who proposed, submitted, and backed Proposition 8. And this court already has evidence which quite clearly affirms that their intent was of religious nature.

But these organizations did not themselves put Proposition 8 into effect, voters did. And if the organizations behind Proposition 8 engineered their advertising with the intent of furthering their religious agenda, then it becomes reasonable to believe that voters, whose opinions were swayed by such advertisements, voted for Proposition 8 under the belief that they were in fact putting legislation into effect that established religious practice.

The average voter cannot be reasonably expected to understand the intracacies of law. The average voter, therefore, cannot be expected to understand that the institution of marriage which they were coerced into protecting through Proposition 8, was the religious institution of marriage.

My own step mother's recent marriage illustrates the separate institutions of marriage that are typically thought to be one in the same. Most people get married, and understand that the religious ceremony and formal legal paperwork are all a part of the process of marriage. But when my step mother got married, the separate religious and

legal institutions were clearly evident as she got legally married in November of 2008, and had the religious, or "formal" ceremony in March 2009. She was married in the eyes of the law in November, and in the eyes of God, if you will, the following March.

Unfortunately, most voters are not acquainted with marriage in this fashion. They believe that the religious institution of marriage is not separate from the legal institution. But this court understands that marriage as seen in the eyes of the law, is by no means a religious institution. It merely happens to be, in nearly all marriages, coincident with the religious institution of marriage.

And so it was that the proponents, supports, and authors of Proposition 8 took their agenda to the voters, and swayed them to protect marriage – not the legal institution of marriage, but the religious institution. Maybe not all voters who approved Proposition 8 did so in the belief that they were protecting the religious institution of marriage, but sufficient numbers did as to create a novel issue to this matter: that the defacto intent behind Proposition 8 was to affect changes to the legal institution of marriage by convincing people that the religious institution of marriage could and would be protected by Proposition 8.

But legislation establishing religious practice is not allowed either by the Constitution of the State of California, nor by the Constitution of the United States according to the First Amendment and by way of the Fourteenth Amendment. Therefore, because Proposition 8 was an effort by sufficient voters in its favor to establish religious practice, it is unconstitutional as a violation of the Establishment Clause by way of the Fourteenth Amendment which prohibits states from violating the rights of citizens; a parallel argument to that presented by the plaintiffs in this matter.

3

## CONCLUSION

Because Proposition 8 was put into place unwittingly by sufficient voters who were swayed by organizations with religious intent, and because the Establishment Clause prohibits such legislation, Proposition 8 should be delcared unconstitutional.

Respectfully submitted

_____
Michael Wolf
PO Box 52
Colfax, WA 99111
(208) 596-8401

*Pro Se Amicus Curi*