LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
LESLIE KRAMER (CSB NO. 253313)
lkramer@fenwick.com
LAUREN WHITTEMORE (CSB NO. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Third-Party, Equality California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants,<br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>Defendant-Intervenors. | Case No. 09-CV-2292 VRW<br><br>**SUPPLEMENTAL DECLARATION OF JAMES BRIAN CARROLL IN SUPPORT OF EQUALITY CALIFORNIA'S OPPOSITION TO MOTION TO COMPEL**<br><br>Trial: January 11, 2010<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

I, James Brian Carroll, hereby declare:

1. I am the Managing Director of third party Equality California (EQCA). I have personal knowledge of the facts stated below and, if called upon as a witness, could testify competently to such facts.

2. As described in the declaration of Geoff Kors submitted to the Court on February 22, 2010, and which I herein incorporate by reference as it pertains to the structure of Equality for All, the Equality for All campaign involved over 100 member organizations and discussion of campaign strategy and messaging took place at many levels of the campaign.

3. EQCA was one of the member organizations of the No on 8 Equality for All Campaign Committee. Members of the Campaign Committee engaged in open, spirited and wide ranging discussion of the issues involved in the No on 8 campaign including the strategy employed by the proponents of Proposition 8, how to respond to the Yes on 8 campaign regarding the effect of Proposition 8, how to target discrete groups of voters with appropriate messaging, and potential targets for fundraising for the campaign. The issues in the campaign were deeply personal for many of us and our discussions touched on very deeply held views and beliefs.

4. It is my opinion that the ability to freely express our individual views and debate how to best communicate those views to the voters played an invaluable role in the campaign. Vigorous debate took place at all levels of the campaign, during meetings and over email. Those debates were essential to determining the campaign strategy and messaging adopted by the campaign. I also personally engaged in frank discussions with people at all levels of the campaign – it was vital that people tasked with carrying out specific strategies had a full understanding of what they were being asked to do. If I had known that my communications could become public or could be provided to our opponents in the campaign I would not have expressed myself so freely. Public dissemination of those communications will undoubtedly limit the ability of large and diverse campaigns to vigorously debate the issues, will limit expression of my views and will undoubtedly prevent the free flow of information in future political campaigns.

5. While those of us in leadership roles in LBGT organizations are comfortable with being publicly affiliated with LGBT causes, some individuals provided valuable advice regarding

1  campaign strategy prefer to remain anonymous. Public disclosure of communications with such
2  individuals would limit EQCA's ability to communicate with individuals who fear that public
3  affiliation with LGBT causes would have a negative impact on their professional lives.

4      6.    While the litigation over Proposition 8 continues, new efforts are underway to
5  place another initiative regarding the right of same gender couples to marry on the ballot in
6  California. Disclosure of private internal communications regarding campaign strategy would be
7  very valuable to the opponents of the right of same gender couples to marry. Such disclosure
8  would inhibit the ability of future political campaign organizations to effectively recruit workers
9  and volunteer and would inhibit the free flow of information among campaign staff and
10 volunteers. In this case, while EQCA and the other third parties involved in the campaign will
11 not have access to any documents produced by the defendants to the plaintiffs in this litigation,
12 the very people who placed Proposition 8 on the ballot and could likely be involved in future
13 campaigns would have access to any documents produced by EQCA.

14     7.    EQCA has been involved in many political campaigns in the past and continues to
15 work for ballot initiatives that advance the cause of equal rights for the LGBT community.
16 However, the prospect of being required to gather, search, review, log and produce tens of
17 thousands of documents as a result of litigation after each campaign would severely limit
18 EQCA's ability to advocate for the rights of the LGBT community in this manner. This exercise
19 would require a significant investment of time and money on the part of EQCA.

20     8.    EQCA has a webpage which identifies certain donors to the organization. One of
21 the donors to EQCA, Jim Abbott of Abbott & Associates and Abbott Realty Group, received a
22 letter from the Executive Committee of Yes on 8 ProtectMarriage.com during the Proposition 8
23 campaign. The letter asked Abbott & Associates and Abbott Realty Group to withdraw its
24 support of EQCA and donate "a like amount" to ProtectMarriage.com. If Abbott & Associates
25 and Abbott Realty Group did not comply, ProtectMarriage.com would publish their names.
26 While donors to EQCA are publicly identified and the threat of exposure is not as significant as
27 for advisors who wish to remain anonymous, no business wants to be targeted by an organization
28 claiming to represent a majority of the population. Disclosure of internal EQCA emails could

DECLARATION OF JAMES BRIAN CARROLL IN
SUPPORT OF OPPOSITION TO MOTION TO    2    CASE NO. 09-CV-2292 VRW
COMPEL

1  result in further contacts from organizations such as ProtectMarriage.com and would make it
2  more challenging for EQCA to recruit new supporters and build positive relationships with
3  current supporters. Attached as Exhibit A is a true and correct copy of the letter sent by
4  ProtectMarriage.com to Jim Abbott on October 20, 2008.

6  I declare under penalty of perjury under the laws of the United States that the foregoing is
7  true and correct. Executed on February 24, 2010 at San Francisco, California.

_____
James Brian Carroll

DECLARATION OF JAMES BRIAN CARROLL IN
SUPPORT OF OPPOSITION TO MOTION TO        3                    CASE NO. 09-CV-2292 VRW
COMPEL