COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON,
and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S MOTION TO RECONSIDER A PORTION OF THE MARCH 5, 2010 ORDER GRANTING MOTION TO COMPEL**<br><br>Judge:  Chief Judge Vaughn R. Walker<br>         Magistrate Judge Joseph C. Spero<br><br>Location: Courtroom 6, 17th Floor |

| | |
|---|---|
| State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, | Trial Date: Jan. 11, 2010 |

           Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

           Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

DEFENDANT-INTERVENORS' MOTION TO RECONSIDER A PORTION OF THE MARCH 5, 2010 ORDER
CASE NO. 09-CV-2292 VRW

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that as soon as practicable given the production schedule set by the Court in its March 5, 2010 Order, Doc # 610, before the Honorable Joseph C. Spero, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") will move the Court to reconsider a portion of that Order.[1]

The issue to be decided is: Should the Court amend the March 5 Order to add additional search terms to the list of six terms proposed by the subpoenaed parties and adopted by the Court?

**BACKGROUND**

On March 5, 2010, this Court granted Proponents' motion to compel production, Doc # 472, from Californians Against Eliminating Basic Rights ("CAEBR"), Equality California, and No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union (the "ACLU") (collectively the "No-on-8 Groups"). *See* Doc # 610. In that Order, the Court held that "the No on 8 groups shall only be required to review electronic documents containing at least one of the following terms: 'No on 8;' 'Yes on 8;' 'Prop 8'; 'Proposition 8;' 'Marriage Equality;' and 'ProtectMarriage.com.'" *Id.* at 13. In specifying these terms, the Court adopted without change the proposal of Equality California submitted at 11:54 p.m. on March 3, 2010. *See* Doc # 609 at ¶ 15.

**ARGUMENT**

Equality California submitted its proposed search terms late in the evening on March 3 and the Court's order adopting those terms issued at 2:48 p.m. on March 5. Unfortunately, the Order issued

---

[1] Pursuant to N.D. Cal. L.R. 7-2(a), this motion must be noticed for hearing "on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Given that the March 5 Order contemplated a rolling production to begin immediately, Proponents respectfully request that the Court schedule this motion for hearing as soon as the Court's schedule will allow. Alternatively, if the other parties consent, Proponents are willing to have this motion decided without argument. By filing this motion for limited reconsideration, Proponents in no way waive their right to file objections to the March 5 order pursuant to Fed. R. (Continued)

---

1

DEFENDANT-INTERVENORS' MOTION TO RECONSIDER A PORTION OF THE MARCH 5, 2010 ORDER
CASE NO. 09-CV-2292 VRW

before Proponents had finished preparing a response to this declaration (including its many other contestable assertions). Accordingly, Proponents respectfully request that the Court reconsider this portion of the March 5 Order light of the following points.

The six search terms proposed by Equality California, which it unilaterally selected and submitted to the Court after a week-long period in which to analyze different search terms, Doc # 609 at ¶¶ 2, 15, is vastly underinclusive when considered in light of the types of documents that the March 5 Order and prior orders deem relevant to this case. *See, e.g.*, Doc # 610 at 5-6. Indeed, aside from "Prop 8" and "Proposition 8," the search terms listed in the March 5 Order may yield very few documents. And "Prop 8"and "Proposition 8" will not necessarily show up in thousands of campaign documents that are responsive and particularly relevant; for example, daily correspondence among campaign workers and leaders will not necessarily feature either term because all parties would have been aware that the subject of a given communication was Proposition 8.

Accordingly, Proponents respectfully request that the Court add the following terms to the list that the No-on-Groups must search for in their documents:

> campaign; ad; advertisement; script; draft; emotion*; famil*; focus* w/3 group; poll*; message; Newsom; relig*; school*; "whether you like it or not"; attorney w/3 general*; Brown; AG; governor*; Prentice; bigot; right-wing*; hate; ballot; vote; Obama; procreat*; harass*; violence; fear; intimidat*; motivat*; Massachusetts; Mass.; MA; equal*; dignity; stigma*; fair*; educat*; parent*; moral*; Unitarian; Episcopal*; Mormon*; Catholic*; Christian*; LDS; Latter Day Saints; Jew*; evangelical*; fundamental*; "activist judg*"; Wirthlin; editorial*; child*; church*; curriculum; demographic*.[2]

These terms are much more likely to yield documents "that contain, refer or relate to arguments for or against Proposition 8," which, according to this Court's orders, have been deemed to be

---

Civ. P. 72(a).

[2] When a term has a "*" symbol this indicates that the search should be for any variant of the root term.

2

relevant to this matter. Doc # 610 at 14. Inclusion of these terms is also not likely to increase the burden on the No-on-8 groups beyond that which is justified based on the critical information they possess. Especially in relation to the sweeping, manual review and production of *all* documents, unaided by computer search terms, that Proponents had to undertake, this limited list of additional search terms is more than reasonable.

## **CONCLUSION**

For the foregoing reasons, Proponents respectfully request that the Court grant this motion to reconsider a portion of the March 5 Order and to amend it as outlined above.

Dated: March 9, 2010              Respectfully submitted,

COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANTS-INTERVENORS
DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
MARTIN F. GUTIERREZ, MARK A. JANSSON, AND
PROTECTMARRIAGE.COM – YES ON 8, A PROJECT
OF CALIFORNIA RENEWAL

By:    /s/ Charles J. Cooper
          Charles J. Cooper