IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER,
PAUL T KATAMI and JEFFREY J
ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v

ARNOLD SCHWARZENEGGER, in his
official capacity as governor of
California; EDMUND G BROWN JR, in
his official capacity as attorney
general of California; MARK B
HORTON, in his official capacity
as director of the California
Department of Public Health and
state registrar of vital
statistics; LINETTE SCOTT, in her
official capacity as deputy
director of health information &
strategic planning for the
California Department of Public
Health; PATRICK O'CONNELL, in his
official capacity as clerk-
recorder of the County of
Alameda; and DEAN C LOGAN, in his
official capacity as registrar-
recorder/county clerk for the
County of Los Angeles,

    Defendants,

DENNIS HOLLINGSWORTH, GAIL J
KNIGHT, MARTIN F GUTIERREZ,
HAKSHING WILLIAM TAM, MARK A
JANSSON and PROTECTMARRIAGE.COM -
YES ON 8, A PROJECT OF
CALIOFORNIA RENEWAL, as official
proponents of Proposition 8,

    Defendant-Intervenors.
_____/

No   C 09-2292 VRW

ORDER

Defendant-intervenors, the official proponents of Proposition 8 ("proponents") move for reconsideration of a portion of Doc #610, the order granting proponents' motion to compel production from nonparties that opposed Proposition 8. Doc #611. Specifically, proponents seek to require the nonparties to include additional search terms in their electronic document review. Id at 4. For the reasons explained below, proponents' motion for reconsideration is DENIED.

First, under Civ LR 7-9(a), a party that wishes to file a motion for reconsideration must first obtain leave of the court. Proponents have not sought leave; accordingly, proponents' motion is not properly before the court.

Second, proponents have not identified one of the three bases for reconsideration under Civ LR 7-9(b):

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Proponents argue they did not have the opportunity to present the court with an opposition to nonparty Equality California's March 3 declaration before the court issued its order on March 5. Doc #611 at 3-4. But at the February 25 hearing, the court stated its intent to limit the nonparties' burden through specific search terms for electronic documents. Proponents did not address any

2

concerns regarding electronic search terms at that time or in the week between the hearing and the court's order. Accordingly, proponents did not exercise reasonable diligence under Civ LR 7-9(b)(1). The remaining bases for reconsideration are not relevant here because the law and facts remain the same and because proponents did not present their argument to the court before the order issued. Thus, proponents have not presented the court with a basis to reconsider its order.

Finally, even if the court were to consider the merits of proponents' motion, the court would not include the proposed additional search terms. The search terms in the court's order ease any unnecessary production burden on the nonparties under FRCP 45(c)(1) and focus the production on relevant documents. Doc #610 at 13. The breadth of the proposed additional search terms would significantly increase the likelihood of "hits," thereby increasing the number of documents that would need to be reviewed. On the other hand, proponents have not made a showing that their proposed search terms would capture a significant number of *responsive* documents that otherwise would not be produced. The additional search terms would thus add an unnecessary burden to the nonparties' production.

\\
\\
\\
\\
\\
\\
\\

3

**Because proponents' motion for reconsideration does not conform to the requirements of the local rules and because the court would not grant the motion even if it were properly before the court, proponents' motion for reconsideration, Doc #611, is DENIED.**

**IT IS SO ORDERED.**

**JOSEPH C SPERO
United States Magistrate Judge**