JAMES C. HARRISON, State Bar No. 161958
KARI KROGSENG, State Bar No. 215263
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA  94577
Phone:  (510) 346-6200
Fax:  (510) 346-6201
Email:  kkrogseng@rjp.com

Attorneys for Third Party Subpoena Recipient
Californians Against Eliminating Basic Rights

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Respondents. | No.:  09-cv-2292 VRW<br><br>**THIRD PARTY CALIFORNIANS AGAINST ELIMINATING BASIC RIGHTS' RESPONSE TO DEFENDANT-INTERVENORS' OBJECTIONS TO MAGISTRATE JUDGE SPERO'S MARCH 5, 2010 ORDER GRANTING MOTION TO COMPEL**<br><br>Hearing:<br><br>Date:    March 16, 2010<br>Time:    10:00 a.m.<br>Crtrm.:   16<br><br>(The Honorable Vaughn R. Walker) |

**INTRODUCTION**

Third Party Californians Against Eliminating Basic Rights ("CAEBR") hereby responds to Defendant-Intervenors Dennis Hollingsworth, Gail Knight, Martin Gutierrez, Mark Jansson and Protectmarriage.com's ("Proponents") Objections to Magistrate Judge Spero's March 5, 2010 Order Granting Motion to Compel (Doc #620). As CAEBR has already conducted a search for responsive documents without reference to search terms and produced the documents on February 1, 2010, it confines its response to the specific issues raised with respect to CAEBR's production.[1] Under Federal Rules of Civil Procedure Rule 72(a), this Court may only modify or set aside parts of Magistrate Judge Spero's order if it is clearly erroneous or is contrary to law. Proponents have not met this standard with respect to the order's directions to CAEBR.

**BACKGROUND**

Proponents first served CAEBR with a subpoena for its documents on August 27, 2009, but limited the scope of that subpoena to public documents. CAEBR produced all responsive public documents in its possession on September 23, 2009, subject to its objections. Proponents served a second subpoena on CAEBR on November 16, 2009, to which CAEBR served formal objections on November 23, 2009. Doc #472-4. CAEBR did not hear from Proponents again until January 12, 2010, when it received a letter from Proponents demanding a list of CAEBR's core group within 24 hours, and an immediate production of the type of documents that Magistrate Judge Spero's January 8, 2010 Order required from Proponents. Doc #472-5. Proponents filed a motion to compel against CAEBR and Objectors ACLU and Equality California on January 15, 2010. Doc #472.

Notwithstanding its objections based on relevance and burden – and CAEBR agrees with Objectors' positions on these issues, CAEBR supplemented its document production on February 1, 2010 with all documents in its possession that contain, refer or relate to any arguments for

---

[1] CAEBR did not file objections to Magistrate Judge Spero's March 5 Order (Doc #610), and did not join the objections filed by nonparties ACLU and Equality California (Objectors) (Doc #619). Accordingly, it was not a party to the stipulation between Proponents and Objectors regarding the expedited briefing schedule for the Objections, and did not agree to waive any opposition to Proponents' objections to the Order. *See* Doc #615. CAEBR also did not have the opportunity to address Proponents' Objections at the March 16, 2010 hearing on the Objections.

THIRD PARTY'S RESP. TO DEF.-INTRVNRS.' OBJS.     1
TO MAG. JUDGE SPERO'S 3/5/10 ORD. GRANTING
MOT. TO COMP. – NO. 09-cv-2292 VRW

or against Proposition 8, except for communications among CAEBR's core group, and a small number of communications that CAEBR received from the nonparties who are contesting the motion to compel. As CAEBR explained in its Opposition to the Motion to Compel, it informed Proponents that it would produce the other nonparties' documents if the motion to compel were granted. Doc #541 at 1; #542-1.

**RESPONSE**

**A.     Scope of CAEBR's Production**

As explained in the Declaration of CAEBR Board Member Marisa Moret submitted at the request of Magistrate Judge Spero, CAEBR is a ballot measure committee that was formed in July 2008 (originally named Californians Against Discrimination) to educate the public about discrimination and oppose Proposition 8. Doc #593, ¶ 3. It was primarily engaged in fundraising activities, including one-on-one solicitations, one-on-one meetings between potential donors and CAEBR Chair City Attorney Dennis Herrera, and a small number of fundraising events. *Id*. Although the organization originally intended to use its funds for public messaging, CAEBR ultimately contributed the bulk of the funds it received to the umbrella No on 8 organization, Equality for All, No on 8. *Id*. Accordingly, as a smaller organization focused on targeted fundraising, CAEBR made far fewer communications containing, relating or referring to arguments for or against Proposition 8 than other campaign organizations. The CAEBR emails that Proponents attached to the Declaration of Jesse Panuccio in support of their reply to nonparties' opposition to the Motion to Compel demonstrate that, as one might expect, CAEBR's responsive documents are typically fundraising pitches or fundraising event invitations that contain, in a sentence or two, arguments against Proposition 8. Doc #584-1, Exs. A, B, C. CAEBR has no other responsive documents; Proponents are wrong to

THIRD PARTY'S RESP. TO DEF.-INTRVNRS.' OBJS.     2
TO MAG. JUDGE SPERO'S 3/5/10 ORD. GRANTING
MOT. TO COMP. – NO. 09-cv-2292 VRW

claim that CAEBR's production is not "credible" "on its face", and Magistrate Judge Spero was therefore correct in ignoring Proponents' quibbles regarding CAEBR's production.[2] Doc #619 at 16.

### B. An Individual May Be Part of More than One Organization's Core Group

City Attorney Dennis Herrera is Chair of CAEBR, and he had a large role in shaping the organization's campaign strategy. He clearly qualifies as a member of CAEBR's core group under the Ninth Court's decision in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) and Magistrate Judge Spero's subsequent orders. The fact that he also qualifies as a member of another No on 8 group's core group on a separate basis does not negate his membership in CAEBR's core group. Magistrate Judge Spero thus correctly held that although "the scope of the First Amendment privilege could arguably depend on the capacity in which a core group member is communicating" where an individual is "within the core group of more than one organization," he would "not require the production of any communications about strategy and messages between core group members who belong to that core group, regardless of the capacity in which the core group member is communicating" in order to ease the burden on the nonparties. Doc #610 at 12.

### C. Armour Media Group Is Properly in CAEBR's Core Group

Magistrate Judge Spero properly relied on the Declaration of Marisa Moret in determining that Armour Media Group constituted part of CAEBR's core group because it was a consultant that conducted polling and assisted CAEBR in its early formulation of campaign strategy and messaging. *See* Doc #610; #593, ¶ 4(f). Again, this consultant is the prototypical member of an organization's core group under the Ninth Circuit's decision and Magistrate Judge Spero's orders. Armour Media Group did not serve as a media vendor to CAEBR in the sense discussed in the Court

---

[2] Proponents also state that because CAEBR listed twenty individuals as members of the core group, it should have produced more documents. First, the Moret Declaration lists only 19 individuals, not 20. Second, the Declaration makes clear that CAEBR erred on the side of specificity, so that instead of listing only its consulting firms, it listed every employee and assistant of that consultant. Doc #593, ¶ 4. Thus, CAEBR's lead consultant, Griffin Schake, accounts for eight of the core group's individuals, and its fundraising consultant Bonner Group, Inc. accounts for three of the core group's individuals. *Id*. No doubt if Proponents had listed every employee of their consultants the way that CAEBR did, its core group would have been substantially larger as well. Third, there is no reason why members of the core group who discussed campaign strategy or messaging within the campaign, but only made communications regarding logistics to individuals outside of the core group would or should produce anything containing or referring to an argument against Proposition 8.

order's discussed in Proponents' Objections on pages 15-16, but as a strategy and messaging consultant, so it was properly included in CAEBR's core group.  Finally, the fact that a consultant provided separate services to more than one organization is neither surprising nor a reason to remove that consultant from either organization's core group.

### D. The Order Correctly Waived the Production of a Privilege Log

A court may ease obligations imposed by the federal rules of discovery in order to relieve an undue burden on a party, and especially on a nonparty.  Relieving nonparties of the burden of producing a privilege log required by Rule 45(d)(2)(A)(ii) is no different than relieving nonparties from the full production of documents required by Rule 26 or 45.  *See, e.g*., Fed. R. Civ. P. 26(b)(2), 26(c), 45(c).  A court may exercise discretion in fashioning relief from the onerous burdens of nonparty discovery, and Magistrate Judge Spero correctly exercised that discretion here.

### CONCLUSION

Magistrate Judge Spero's March 5, 2010 Order is not clearly erroneous with respect to CAEBR's production, core group designations, or privilege log.  Proponents' Objections should therefore be rejected.

Dated:  March 16, 2010                           Respectfully submitted,

James C. Harrison
Kari Krogseng
REMCHO, JOHANSEN & PURCELL, LLP


By:  _____/s/_____
       Kari Krogseng

Attorneys for Third Party Subpoena Recipients
Californians Against Eliminating Basic Rights

(00106491.3)

THIRD PARTY'S RESP. TO DEF.-INTRVNRS.' OBJS.     4
TO MAG. JUDGE SPERO'S 3/5/10 ORD. GRANTING
MOT. TO COMP. – NO. 09-cv-2292 VRW