1 | STEPHEN V. BOMSE (State Bar No. 40686)
sbomse@orrick.com
2 | JUSTIN M. ARAGON (State Bar No. 241592)
jaragon@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
4 | San Francisco, California 94105-2669
Tel.:   (415) 773-5700
5 | Fax:   (415) 773-5759

6 | ALAN L. SCHLOSSER (State Bar No. 49957)
aschlosser@aclunc.org
7 | ELIZABETH O. GILL (State Bar No. 218311)
egill@aclunc.org
8 | ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
9 | San Francisco, CA 94111
Tel.:   (415) 621-2493
10 | Fax:   (415) 255-8437

11 | *Attorneys for*
NO ON PROPOSITION 8,
12 | CAMPAIGN FOR MARRIAGE EQUALITY:
A PROJECT OF THE AMERICAN CIVIL
13 | LIBERTIES UNION OF NORTHERN CALIFORNIA

14 | (Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*,<br><br>Plaintiffs,<br><br>and<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>Defendants,<br><br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*,<br><br>Defendant-Intervenors. | Case No.  09-CV-2292 VRW<br><br>**EQUALITY CALIFORNIA AND ACLU'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY ORDER OF MAGISTRATE JUDGE SPERO AND ORDER REJECTING OBJECTIONS THERETO PENDING APPEAL OR, IN THE ALTERNATIVE FOR INTERIM STAY PENDING APPLICATION FOR STAY TO COURT OF APPEALS**<br><br>Trial:     January 11, 2010<br>Judge:    Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

EQCA AND ACLU'S MOTION TO STAY ORDER
PENDING RESOLUTION OF OBJECTIONS AND                                    CASE NO.  09-CV-2292 VRW
APPEAL

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:** PLEASE TAKE NOTICE that as soon as practicable for this matter to be heard before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Equality California ("EQCA") and No on Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union of California ("ACLU") (collectively "Objectors") will seek a stay pending appeal of the discovery authorized by Magistrate Judge Joseph Spero's Order entered March 5, 2010, Doc # 610, and this Court's Order dated March 22, 2010, Doc # 623. In the alternative, Objectors will seek an interim stay of 10 days duration to permit them to seek a further stay pending appeal from the Ninth Circuit. Absent the requested stay, Objectors will be irreparably harmed by the loss of their rights under the First Amendment.

## BACKGROUND

This Court has rejected the objections of EQCA and the ACLU to Magistrate Judge Spero's March 5, 2010 Order directing them to produce, on a rolling basis but not later than March 31, 2010, documents involving the "campaign strategy and messages" of EQCA and the ACLU in their efforts to prevent the passage of Proposition 8 "except those communications solely among members of [a] core group" as defined in the Order. Order at 14 (Doc # 610). The effect of this order is to compel Objectors to produce documents as to which they assert a constitutional privilege under the Ninth Circuit's January 4, 2010 decision in this case, *Perry v. Schwarzenegger,* 591 F.3d 1147 (9th Cir. 2010) ("*Perry*"). On March 22, 2010, this Court affirmed Magistrate Judge Spero's Order. *See* Doc # 623.

As Objectors have made clear to the Court, it is not their desire to delay resolution of this important lawsuit. Nonetheless, the orders of Magistrate Spero and this Court implicate issues of a fundamental nature under the First Amendment with consequences not merely for this case but for future election campaigns of all sorts. For that reason, Objectors feel compelled to seek review of what they believe was clear error committed by Magistrate Judge Spero in his March 5 Order and by this Court in rejecting the objections of EQCA and the ACLU thereto.

EQCA AND ACLU'S MOTION TO STAY ORDER
PENDING RESOLUTION OF OBJECTIONS AND     1     CASE NO. 09-CV-2292 VRW
APPEAL

It is the intention of Objectors to file their notice of appeal or, in the alternative, petition for a writ of mandamus immediately and to request the Ninth Circuit to hear this case on an extraordinarily expedited basis. Given the fact that the court of appeals regarded the issues raised by Defendant-Intervenors' appeal from orders granting plaintiffs' request for the production of non-public campaign documents to be of sufficient importance to justify invocation of the court's mandamus jurisdiction, and that this appeal relates to the proper interpretation and application of that opinion,[1] we believe that the interests of justice require that the present motion for stay pending appeal be granted or that, in the alternative, the Court grant an interim 10-day stay so that application for a further stay can be made to the Court of Appeals.

## ARGUMENT

Unless a stay is granted, EQCA and the ACLU will be unable to obtain review of Magistrate Judge Spero's March 5 Order and this Court's Order, dated March 22, 2010 since those orders require EQCA and the ACLU to comply well before their appeal can be heard and decided, even on the most expedited schedule. Compliance is likely to render review moot. *In re Grand Jury Subpoena Dated June 5, 1985*, 825 F.2d 231, 235 (9th Cir. 1987) (appeal of order requiring disclosure of documents is moot where "the cat has been out of the bag"). Were that to be the result, Objectors would be irreparably injured as a matter of law since it would result in the denial of review of what they contend are orders that contravene their rights under the First Amendment.

### I. LEGAL STANDARD GOVERNING ISSUANCE OF A STAY PENDING APPEAL

In determining whether to issue a stay pending appeal the Court considers (1) the likelihood that the party seeking a stay will prevail on the motion for review; (2) the likelihood of irreparable harm to the movant if the stay is denied; (3) the possibility of substantial harm to others resulting from the stay; and (4) the public interest in granting the stay. *See Golden Gate Rest. Ass'n v. San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Braunskill*,

---

[1] Given the well-settled rule of construction that courts are to resolve cases without reaching constitutional issues where possible, Objectors also intend to raise as issues on appeal Magistrate Judge Spero's rulings as to relevance and burden. For purposes of seeking this stay, however, we confine our argument to the over-arching First Amendment issue that will need to be confronted by the Ninth Circuit unless the court reverses on the alternative grounds noted herein.

1    481 U.S. 770, 776 (1987)). The Ninth Circuit employs a "sliding scale" approach to the four
2    factors: the more sharply the equities weigh in favor of a stay, the less demanding of a showing of
3    likely success on the merits is required. *See Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d
4    859, 862 (9th Cir. 2007), *vacated on other grounds by* 508 F.3d 885 (9th Cir. 2007); *Golden*
5    *Gate*, 512 F.3d at 1116. Where the moving party can show a high likelihood of irreparable harm,
6    a less substantial showing of success on the merits will suffice. *Golden Gate*, 512 F.3d at 1119
7    (granting motion to stay). Moreover, in cases which involve denial of a constitutional right, as
8    here, irreparable harm is conclusively presumed. Thus, the Ninth Circuit has repeatedly observed
9    that the "fact that the [party seeking a stay has] raised serious First Amendment questions
10   *compels* a finding that there exists the potential for irreparable injury, or that at the very least the
11   balance of hardships tips sharply in favor [of a stay]." *Cmty. House, Inc. v. City of Boise,* 490
12   F.3d 1041, 1059 (9th Cir. 2007) (emphasis added).

## II.    A STAY IS WARRANTED

### A.    EQCA and the ACLU Are Likely To Succeed On The Merits.

While this Court clearly disagrees with Objectors' position on the merits, we submit that the likelihood of the Ninth Circuit taking a different view is substantial. Moreover, under the applicable standard, Objectors submit that it is difficult to gainsay that a "serious legal question" will be presented, which is all that is required under the circumstances. *Golden Gate*, 512 F.3d at 1116; *Cmty. House*, 490 F.3d at 1059.[2]

The constitutional issue to be raised on appeal goes to the proper interpretation and application of the Court of Appeals' January 4 decision—in particular, the scope and meaning of footnote 12 of that opinion considered in relation to the opinion as a whole. Objectors intend to argue that, properly understood, a "core group" defined "in light of the First Amendment

---

[2] There also should be no question of appealability. While the Ninth Circuit concluded in its January 4 opinion that the issue of appeal under the so-called "collateral order doctrine" presented a "close question" in light of the United States Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. ___ [130 S. Ct. 599] (2009), that was only because of the possibility that Proponents, as parties, could seek review following entry of a final judgment. *See Perry,* 591 F.3d at 1155-56. Here, of course, Objectors are non-parties and have no such right. In addition, of course, as *Perry,* itself, demonstrates, review of discovery orders raising substantial constitutional issues can be obtained by writ. *See id*. at 1156-59.

EQCA AND ACLU'S MOTION TO STAY ORDER
PENDING RESOLUTION OF OBJECTIONS AND            3            CASE NO. 09-CV-2292 VRW
APPEAL

associational interests the privilege is intended to protect" commands a functional analysis which takes account of the opinion's broad recognition of the need to protect non-public communications within a political campaign. *Perry,* 591 F.3d at 1152 ("The freedom to associate with others for the common advancement of political beliefs and ideas lies at the heart of the First Amendment."); *see also id.* at 1162 n.9 ("There must be a right not only to form political associations but to organize and direct them in the way that will make them most effective").

As interpreted by this Court and Magistrate Judge Spero, footnote 12 was intended, in effect, to render all-but-illusory the protections of the First Amendment to a broad group of individuals necessarily involved in the "strategy and messaging" of political campaigns. Indeed, the March 5 Order effectively denies that there is any privilege at all for communications between different organizations, even if the individuals in such organizations assert a "freedom to associate with others for the common advancement of political beliefs and ideas"—a right which the court of appeals has stated "is…protected by the First…Amendment." *Perry*, 591 F.3d at 1159 (quoting *Kusper v. Pontikes*, 414 U.S. 51, 56-59 (1973)).

Given the effect this ruling will have on the way Objectors will need to conduct any political campaigns in which they are involved in the future, Objectors ought to be given the opportunity to have that matter determined. That is all that they now seek.

**B. Irreparable Harm Is Certain In The Absence Of A Stay**

In the absence of a stay, EQCA and the ACLU will be obliged to undergo an expensive and time-consuming collection and review process, and they will be forced to disclose materials that they assert are privileged under the First Amendment. When privileged materials have been disclosed, it is impossible to "undisclose" them. *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989); *United States v. Amlani*, 169 F.3d 1189, 1193 n.4 (9th Cir. 1999). Further, as noted above, the infringement of "First Amendment freedoms . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality); *accord Brown v. Cal. DOT*, 321 F.3d 1217, 1226 (9th Cir. 2003).

**C. Other Parties Will Not be Substantially Injured By a Stay.**

Plainly there is no harm to Proponents if a stay is granted. In fact, given their repeated

1  statements that Objectors' arguments actually are correct and should have been accepted (*see* Doc
2  # 620 at, *e.g.* 2, 14, 15 n.9) and that Magistrate Judge Spero's and this Court's orders with respect
3  to Objectors should be followed only "until a higher court reverses these decisions" (*id.* at 14), it
4  is not at all clear that they will, or can, oppose Objectors' on the merits of their appeal of the
5  constitutional issue.  Meanwhile, plaintiffs have avoided taking any position with respect to the
6  merits of the issue, and have expressed only their concern that the issue of the nonparty, No on 8,
7  discovery be resolved as expeditiously as possible.  Objectors are mindful of this concern, but
8  believe that it can be accommodated by their repeatedly expressed willingness to move forward
9  on a very expedited basis in the Ninth Circuit.
10       In all events, a delay resulting from Objectors' need to seek appellate review should not
11  outweigh the right to protect First Amendment rights.  That is why, as noted above, in any case in
12  which a litigant asserts such rights "the balance of hardships tips sharply in [that litigant's]
13  favor."  *Cmty. House,* 490 F.3d at 1059.

     **D.     The Public Interest Weighs In Favor of a Stay.**

15       "Courts . . . have consistently recognized the significant public interest in upholding First
16  Amendment principles."  *Sammartano v. First Judicial Dist. Ct. for the County of Carson City*,
17  303 F.3d 959, 974 (9th Cir. 2002) (listing cases).  Proponents indicated in their briefing to the
18  Ninth Circuit, and the court agreed, that "discovery would likely have a chilling effect on political
19  association and the formulation of political expression."  *Perry*, 591 F.3d at 1165.  This is
20  particularly significant here, where third party non-profit advocacy groups are subjected to
21  burdensome and invasive discovery as a result of their efforts to protect civil rights for a
22  politically unpopular group.  *See, e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 71 (1976) (noting that "the
23  public interest . . . suffers" from chilled political participation).
24       Courts have repeatedly acknowledged that the public interest suffers when core First
25  Amendment rights of political expression are jeopardized and political participation is chilled.
26  *Sammartano*, 303 F.3d at 974 ("[T]he public interest is better served by . . . protecting the core
27  First Amendment right of political expression.").  Denying this stay and forcing immediate
28  production of the requested documents will curtail the First Amendment freedoms surrounding

voter-initiated measures—a political process which the Supreme Court has recognized as vitally important in our democratic form of government. *See James v. Valtierra*, 402 U.S. 137, 142-43 (1971); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995).

### III. IN THE ALTERNATIVE, AN INTERIM STAY SHOULD BE GRANTED

For the reasons set forth above, a stay pending expedited appeal is warranted here. However, at a minimum, the Court should stay its order for 10 days so that Objectors can seek a further stay from the Ninth Circuit. If such a stay is denied by the court of appeals, any delay will be minimal, at best. On the other hand, if the Ninth Circuit believes that the issues raised by Objectors' appeal are sufficiently important that they justify a further stay, the interests of justice plainly will have been served. In fact, we would hope that all parties would agree and stipulate to at least this modest portion of Objectors' request.[3]

### CONCLUSION

For the foregoing reasons, the Court should grant a stay pending appeal or, in the alternative, an interim stay pending application to the court of appeals for a further stay.

Dated: March 23, 2010

STEPHEN V. BOMSE
JUSTIN M. ARAGON
Orrick, Herrington & Sutcliffe LLP

ALAN L. SCHLOSSER
ELIZABETH O. GILL
ACLU Foundation Of Northern California

By:     /s/
    STEPHEN V. BOMSE

Attorneys for No on Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern California

LYNN H. PASAHOW

---

[3] As noted in text, it is Objectors' intention to ask that their appeal or petition be heard on an extremely expedited basis, akin to the schedule imposed in connection with consideration of Proponents' earlier appeal. In fact, given the much narrow issues to be raised by this appeal as well as the familiarity of the Panel which issued the January 4 opinion not only with this case, but with its own intentions with respect to footnote 12, we believe that the case can be disposed of even more expeditiously assuming it is referred back to that Panel.

1  
2  
3  

CAROLYN CHANG  
LESLIE KRAMER  
LAUREN WHITTEMORE  
Fenwick & West LLP

4  

Attorneys for Equality California

5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

EQCA AND ACLU'S MOTION TO STAY ORDER
PENDING RESOLUTION OF OBJECTIONS AND              7                          CASE NO.  09-CV-2292 VRW
APPEAL