COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Jesse Panuccio (DC Bar No. 981634)*
*jpanuccio@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave., N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and
PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S RESPONSE TO APRIL 13, 2010 ORDER TO SHOW CAUSE AND MOTION FOR CONTEMPT**<br><br>Date: June 10, 2010<br>Time: 10:00 A.M.<br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

| | |
|---|---|
| 1 | the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, |

the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

        Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

        Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

DEFENDANT-INTERVENORS' RESPONSE TO APRIL 13, 2010 ORDER TO SHOW CAUSE AND MOTION FOR CONTEMPT
CASE NO. 09-CV-2292 VRW

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:** PLEASE TAKE NOTICE that on June 10 at 10:00 a.m., or as soon as feasible before that date, before the Honorable Vaughn R. Walker, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant-Intervenors Dennis Hollingsworth, Gail Knight, Martin Gutierrez, Mark Jansson, and ProtectMarriage.com will move the Court to hold No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union and Equality California in contempt of this Court's orders of March 5 and March 22, 2010. *See* Docs # 610, 623.[1] In conjunction with this motion, Proponents also hereby respectfully respond to this Court's April 13, 2010 order to show cause. *See* Doc # 631.

The issue to be decided is: Are third parties who have not produced any documents by the deadline set in this Court's orders in contempt of those orders?

## BACKGROUND

On January 15, 2010, Defendant-Intervenors Dennis Hollingsworth, Gail Knight, Martin Gutierrez, Mark Jansson, and ProtectMarriage.com ("Proponents") moved to compel production in compliance with subpoenas *duces tecum* served on No on Proposition 8, Campaign for Marriage Equality, A Project of the American Civil Liberties Union ("ACLU") and Equality California ("EQCA") (hereinafter, collectively referred to as the "No-on-8 Groups"). Some of the documents at issue were nonpublic campaign documents containing arguments for or against Proposition 8— documents that this Court had previously held were relevant to this case and not privileged under the First Amendment.[2] *See, e.g.* Docs # 214, 252, 372. Abiding by these rulings, on March 5, 2010,

---

[1] We have noticed this motion for a hearing on the next avaialbe date on the Court's calendar but have no objection to an expedited briefing and hearing schedule.

[2] At the hearing on March 16, 2010, the ACLU twice represented that it had produced all "public" documents responsive to the document requests in Proponents' subpoenas. *See* Hr'g of March 16, 2010, Tr. at 22:11-12 ("And of course all of the public documents were produced voluntarily."); *id.* at 68:10-12 ("I think [Plaintiffs' counsel] also has made the argument that I was about to make in this reply which is all public documents were produced."). A similar representation
(Continued)

1

DEFENDANT-INTERVENORS' RESPONSE TO APRIL 13, 2010 ORDER TO SHOW CAUSE AND MOTION FOR CONTEMPT
CASE NO. 09-CV-2292 VRW

Magistrate Judge Spero ordered the No-on-8 Groups "to produce all documents in [their] possession that contain, refer or relate to arguments for or against Proposition 8, except those communications solely among members of [their respective] core group[s]." Doc # 610 at 14.

Both the No-on-8 Groups and Proponents lodged several objections to this order, all of which this Court rejected on March 22, 2010. *See* Doc # 623. The Court ordered the No-on-8 Groups to complete a rolling production "to conclude no later than March 31, 2010." *Id.* at 24. The Court further directed that Proponents would have until April 12 to review the production and submit a proposal for admitting documents into the evidentiary record. *Id.* ("If proponents wish to supplement their trial record with document obtained through this production, they must make the appropriate motion or submission not later than Monday, April 12, 2010.").

---

was also made in the ACLU/EQCA joint filing of March 11, 2010. *See* Doc # 614 at 9 ("But if it was public, then EQCA and the ACLU have already produced it voluntarily.").

To date, however, the ACLU has produced a total of only 149 pages (81 documents) and EQCA has produced a total of only 286 pages (also consisting of fewer total documents). They have also both referred Proponents to websites where additional publicly distributed materials reside. It appears that neither the ACLU nor EQCA has produced a single audio-video file of radio or television advertisements, despite the massive volume of such advertising conducted by the No-on-8 campaign. Given the representations made in the ACLU's and EQCA's declarations—including that hundreds of individuals were deeply engaged in the formulation of $45 million worth of an umbrella coalition's messaging and strategy (and thus surely received final copies of public messaging such as blast emails, audio-video files, and the like)—the organizations and their members presumably possess all such public documents that are responsive to the subpoenas. *See, e.g.*, Doc # 609 at ¶ 12 (averring that "[m]any of the staff and board members of EQCA joined campaign-related email lists and as a result received numerous emails each week during the campaign."); Doc # 597 at ¶ 7 (averring that the ACLU was "regularly working with approximately 10 … groups" to "formulate[] messages tailored to [specific] communities").

Proponents alerted the ACLU and EQCA of these deficiencies on March 23, 2010. *See* Decl. of J. Panuccio (Apr. 16, 2010) at ¶ 3 & Ex. B (hereinafter "Panuccio Decl."). The ACLU responded on March 31, claiming that it had not produced large amounts of materials because they were duplicative of documents in the possession of other organizations. *Id.* at ¶ 3 & Ex. C. But this is *not* what the ACLU represented to this Court. Instead, the ACLU claimed it had produced *all* publicly distributed materials in its possession. Clearly, the ACLU has not done so. EQCA responded on April 16, 2010, claiming that it had produced materials "disseminated by EQCA to over 200 people," and that it was not in possession of television or radio advertising. *Id.* at ¶ 3 & Ex. D. Yet EQCA notes that Equality for All "produced and distributed … advertising for the No on 8 campaign." *Id.* And according to EQCA's own declarations, Geoff Kors is the Executive Director of Equality California, Doc # 598 at ¶ 1, and was a member of the Executive Committee of Equality for All, *id.* at ¶ 4. He was thus in the "core groups" of both organizations, Doc # 610 at 9, 11, and presumably has possession of the public advertising distributed by Equality for All.

On March 24, 2010, the No-on-8 Groups lodged an appeal (and, in the alternative, a petition for a writ of mandamus) and moved this Court for a stay of its production order pending appellate review. *See* Doc # 624. A few hours later, the Court granted a stay of its March 22 order "until March 29, 2010 to allow [the No-on-8 Groups] to seek relief in the court of appeals." Doc # 625 at 2. On March 26, the Ninth Circuit granted the No-on-8 Groups' "emergency motion for a stay of the district court's March 22, 2010 order pending appeal." Order, *Perry v. Schwarzenegger*, No. 10-15649 (9th Cir. Mar. 26, 2010).

The March 22 order was stayed until April 12, 2010, when the Ninth Circuit dismissed the No-on-8 Groups' appeal on jurisdictional grounds. Order, *Perry*, No. 10-15649 (Apr. 12, 2010). The Ninth Circuit did explain, however, that in its January 4 opinion it "did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity." *Id.* at 9. While the March 22 order was stayed, the ACLU and EQCA produced no documents.[3]

On April 13, this Court ordered Proponents to show cause why the evidentiary record should not be closed. *See* Doc # 631. Noting that the previously stayed March 22 order had directed Proponents, after receiving the No-on-8 Groups' documents on March 31, to make a submission of proposed evidence on April 12, the Court stated that "Proponents have made no submission or motion to supplement the trial record." Doc # 631 at 2. The Court then stated: "Accordingly, proponents are ORDERED to SHOW CAUSE in writing not later than April 16, 2010 at 5 PM PDT why the evidentiary record should not now be closed." *Id.*

Also on April 13, Proponents' counsel transmitted a letter to the No-on-8 Groups' counsel,

---

[3] The third organization that was subject to the March 5 production order—Californians Against Eliminating Basic Rights ("CAEBR")—made a "final production" of documents on March 31, 2010, and stated that this made their production "complete." *See* Panuccio Decl. at ¶ 2 & Ex. A. Consistent with prior productions, the March 31 production was meager—a mere five emails and attachments. Although CAEBR admittedly engaged in "fundraising activities" and claimed an expansive "core group" that engaged in the formulation of campaign strategy and messages, CAEBR claimed on March 31 that its final production was so "limited" because it
(Continued)

3

DEFENDANT-INTERVENORS' RESPONSE TO APRIL 13, 2010 ORDER TO SHOW CAUSE AND MOTION FOR CONTEMPT
CASE NO. 09-CV-2292 VRW

explaining that because the March 22 order had been stayed until April 12 and the No-on-8 Groups had not yet produced any documents, Proponents were unable to make a submission on April 12. *See* Panuccio Decl. at ¶ 4 & Ex. E. Proponents' counsel further explained that "[a]ccordingly, Proponents must have possession of the documents the ACLU and EQCA are under an obligation to produce," and "request[ed] that the ACLU and EQCA immediately meet their production obligations under the March 5 and March 22 orders." *Id.*

Rather than producing, the No-on-8 Groups responded on April 15, in pertinent part, as follows:

> [I]f the district court is willing to amend its March 22, 2010 Order, Doc #623, in a manner consistent with the observations of the Ninth Circuit concerning the existence of a privilege for communications regarding the formulation of campaign strategy and messages among persons who are members of a core group associated in a political campaign, without regard to whether such persons "span[] more than one entity," [then] the ACLU and EQCA will promptly comply with the order for production as thus amended and will not seek a further stay of that order.

*Id.* at ¶ 5 & Ex. F.

Proponents responded to that proposal on April 15 as follows:

> [W]e are amenable to [the No-on-8 Groups'] proposal so long as the Ninth Circuit's further guidance is applied consistently and evenhandedly to both [the ACLU's] and Proponents' claims of privilege—which would involve revisiting not only the March 5 and March 22 Orders, but also the Court's prior discovery and evidentiary rulings with respect to Proponents' claims of privilege. We also note that to the extent the District Court requires further "information from which a functional interpretation of [an inter-organizational] core group … could be derived," the opportunity to furnish such information must be afforded to both your clients and Proponents. Order, *Perry v. Schwarzenegger*, No. 10-15649 (9th Cir. Apr. 12, 2010) at 9 (quoting Doc # 623 at 10). Short of such consistent and evenhanded application of the Ninth Circuit's additional guidance, Proponents would have no choice but to oppose any amendment to the March 5 and March 22 Orders.

*Id.* at ¶ 6 & Ex. G. Proponents requested that the No-on-8 Groups advise "as to when, and in what manner, [they] plan[ned] to approach the Court with [its] proposal." *Id.* Proponents also advised that they had no choice but to request that the Court hold the No-on-8 Groups in

---

"was … unnecessary for CAEBR to develop or make many arguments against Proposition 8 in written communications." *Id.*

contempt should it reject the No-on-8 Groups' proposal. *Id.*

Also on April 15, counsel for Plaintiffs sent a letter to counsel for the ACLU, stating in pertinent part that "Plaintiffs reserve the right to weigh in with the district court regarding the content of any … amendment" of the March 22, 2010 order. Panuccio Decl. at ¶ 7 & Ex. H.[4]

On April 16, the No-on-8 Groups responded to Proponents' April 15 letter, in pertinent part, as follows: "If you are able to secure agreement from the plaintiffs and, then, from the Court to proceed as you propose, we can determine how to implement that agreement. Short of that, it appears that you are unwilling to accept our suggested 'compromise' position and we will proceed accordingly." *Id.* at ¶ 8 & Ex. I. The No-on-8 Groups further stated that they would not be complying with their obligations under the Court's March 5 and March 22 orders until the Court issued "some further order … with respect to its [order to show cause]." *Id.*

## ARGUMENT

After noting that Proponents had not moved by April 12 to supplement the record, as contemplated in the March 22 order, the Court directed Proponents to show cause as to "why the evidentiary record should not now be closed." Doc # 631 at 2. The cause as to why the evidentiary record should not be closed in light of Proponents' failure to make a submission on April 12 is that the Court's March 22 order was stayed until that date, and thus the ACLU and EQCA produced no documents before, on, or after March 31. Proponents could not make a submission of documents not yet in their possession and, indeed, their obligation to do so was stayed, along with the rest of the March 22 order, until the Ninth Circuit issued its April 12 order.

Promptly after the Ninth Circuit's order, Proponents sought immediate production from the No-on-8 Groups. Rather than producing, the No-on-8 Groups have said they desire additional relief consistent with the Ninth Circuit's further guidance that its January 4 opinion "did not hold that the

---

[4] Counsel for the ACLU responded to Plaintiffs' letter on April 16. *Id.* at ¶ 9 & Ex. J.

privilege cannot apply to a core group of associated persons spanning more than one entity." *Perry*, April. 12 Order at 9. (Consistent with this guidance, Proponents, too, intend to promptly seek additional relief from this Court's prior privilege rulings.) But as things now stand, the No-on-8 Groups are under a controlling order to produce responsive documents by March 31, 2010, and they have not sought any additional relief from this Court. Instead, they have stated that rather than affirmatively seeking the relief they desire, they are content to produce *nothing* at present and to leave it to Proponents to present to the Court the position of the No-on-8 Groups and their proposal for relief. Accordingly, Proponents respectfully request that the Court immediately hold the ACLU and EQCA in contempt of its March 22 order.[5] If the No-on-8 Groups do come forward with a motion for further relief, then Proponents will promptly respond so that the issue can be considered in tandem with Proponents' own forthcoming motion for similar relief consistent with the Ninth Circuit's further guidance.

In any case, the cause as to why the evidentiary record should not be closed to the possible submission of documents that this Court has deemed relevant to this case is that Proponents have not yet received any documents from ACLU and EQCA to review and submit, despite the fact that the stay of the No-on-8 Groups' obligation to produce pursuant to this Court's March 22 order is no longer in effect. As was contemplated in the March 22 order, after the ACLU and EQCA produce, Proponents should be given a reasonable period of time, such as twelve days, to review and submit documents for inclusion in the evidentiary record.

### CONCLUSION

For the foregoing reasons, Proponents respectfully submit that they have shown cause as to why

---

[5] As noted above, *supra* note 2, the No-on-8 Groups also appear to be violating the March 5 and March 22 orders by failing to produce all publicly-distributed documents that contain arguments for or against Proposition 8. For this reason, too, the ACLU and EQCA should be
(Continued)

1 the evidentiary record should not now be closed and request that the Court hold the ACLU and EQCA
2 in contempt of its production orders.

Dated: April 16, 2010

                                                  COOPER AND KIRK, PLLC
                                                  ATTORNEYS FOR DEFENDANTS-INTERVENORS
                                                  DENNIS HOLLINGSWORTH, GAIL J. KNIGHT,
                                                  MARTIN F. GUTIERREZ, MARK A. JANSSON, AND
                                                  PROTECTMARRIAGE.COM – YES ON 8, A PROJECT
                                                  OF CALIFORNIA RENEWAL

                                                  By:    /s/ Charles J. Cooper
                                                               Charles J. Cooper

---

28 held in contempt.