# Exhibit B

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

March 23, 2010

*VIA ELECTRONIC MAIL*

Mr. Stephen V. Bomse
Orrick, Herrington & Sutcliffe LLP
450 Howard Street
San Francisco, CA  94105-2669

Ms. Lauren Whittemore
Fenwick & West LLP
555 California Street, Suite 1200
San Franciso, CA  94104

Re:   *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292-VRW

Dear Mr. Bomse and Ms. Whittemore:

  I write in regards to the ongoing discovery dispute between the Defendant-Intervenors and your clients (hereinafter "ALCU" and "EQCA") in the above-referenced matter.  At the hearing on March 16, 2010, you twice represented that the ACLU and EQCA had produced all "public" documents responsive to the document requests in the subpoenas served by Defendant-Intervenors.  *See* Hr'g of March 16, 2010, Tr. (rough) at 20:2-3 ("And of course all of the public documents were produced voluntarily."); *id.* at 64:10-12 ("I think [Plaintiffs' counsel] also has made the argument that I was about to make in this reply which is all public documents were produced.").  *See also id.* at 55:3-5 (statement of Plaintiffs' counsel) ("There were many radio ads, many television ads, many print materials, many documents that were produced by the third parties before trial.").  A similar representation was also made in your clients' joint filing of March 11, 2010.  *See* Doc # 614 at 6 ("But if it was public, then EQCA and the ACLU have already produced it voluntarily.").

  To date, the has ACLU produced a total of only 149 pages (81 documents) and EQCA has produced a total of only 286 pages (also consisting of fewer total documents).  Upon re-review of these minimal productions, we are concerned that the ACLU and EQCA are in possession of responsive, public documents that have not, in fact, been produced by these organizations.  For example, it appears that neither the ACLU nor EQCA has, to the best of our knowledge, produced a single audio-video file of radio, television, or Internet advertisements, despite the massive volume of radio, television, and Internet advertising conducted by the

# Cooper & Kirk
Lawyers

Stephen V. Bomse, Esq.
Lauren Whittemore, Esq.
March 23, 2010
Page 2 of 2

ACLU, EQCA, and other No-on-8 groups. Indeed, the following responsive videos appear on the ACLU's website, yet were not produced by the ACLU: http://www.aclu.org/lgbt-rights/freedom-alert-we-could-lose-marriage; http://www.aclu.org/lgbt-rights/why-marriage-matters; http://www.aclu.org/lgbt-rights/freedom-alert-california-marriage-danger. Given the representations made in the ACLU's and EQCA's declarations in recent days—including that hundreds of individuals were deeply engaged in the formulation of $45 million worth of an umbrella coalition's messaging and strategy (and thus received final copies of public messaging such as blast emails, audio-video files, and the like)—the organizations and their members presumably possess all such public documents that are responsive to the subpoenas. *See, e.g.*, Doc # 609 at ¶ 12 (averring that "[m]any of the staff and board members of EQCA joined campaign-related email lists and as a result received numerous emails each week during the campaign."); Doc # 610 at ¶ 7 (averring that the ACLU was "regularly working with approximately 10 … groups" to "formulate[] messages tailored to [specific] communities").

Accordingly, Defendant-Intervenors must respectfully request that, pursuant to the representations made to the Court, the ACLU and EQCA immediately supplement their limited productions with *all* responsive, public documents—including, but not limited to, television, radio, and other audio-video files, flyers, Internet and blog posts, print ads, and blast emails—in their possession. If the ACLU and EQCA refuse to make such a production, then we must respectfully request that you provide a basis for withholding such documents and correct the record with the Court so that Defendant-Intervenors can promptly consider what further action may be necessary.

Thank you for your attention to this matter.

Sincerely,

Jesse Panuccio