# Exhibit C



ORRICK, HERRINGTON & SUTCLIFFE
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

March 31, 2010

Stephen V. Bomse
(415) 773-4145
sbomse@orrick.com

**VIA EMAIL AND MAIL**

Jesse Panuccio
Cooper & Kirk
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036

Re: <u>Perry v. Schwarzenegger, et al., N. D. Cal. Case No. C-09-2292-VRW</u>

Dear Jesse:

Your letter of March 23, 2010 demands that the entity No on Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern California (hereinafter "ACLU") supplement its document production of November 2, 2009, to add what you say you believe are additional, responsive "public" documents in the ACLU's possession that the ACLU has thus far failed to produce. Not only is your demand untimely, but the ACLU has in fact produced the public, non-duplicative documents relating to Proposition 8 in its possession and need not supplement its production.

Local Rule 6-2 requires all motions to compel to be filed no later than seven days after the discovery cutoff. Here, the discovery cutoff was November 30, 2009, and any motion to compel therefore had to be filed by December 7, 2009. Inasmuch as the ACLU made the production about which you now complain on November 2, 2009, your current demand is untimely. As opposed to Defendant-Intervenors' demand that the ACLU produce non-public No on 8 campaign documents—a demand that the Court has now found turned on privilege decisions that were not made until January 2010—there is no reason that Defendant-Intervenors could not have sought a supplemental response to the ACLU's production of public documents in compliance with Local Rule 6-2.

Further, there is nothing for the ACLU to add to its November 2, 2009 production. In its "Responses and Objections" of September 12, 2009, the ACLU explained exactly what documents it was and was not producing. First, the ACLU explained that it would produce "public" documents, which it defined pursuant to California Government Code § 82041.5 to mean documents that were disseminated to over 200 people. Second, the ACLU explained that "[m]uch of the information and documents that the ACLU NO ON 8 publicly distributed in opposition to Proposition 8 are publicly available," and that "[g]iven the structure of the No on 8 Equality for All campaign, much of the information and documents publicly distributed by



March 31, 2010
Page 2

organizations that participated in the campaign—including the campaign entity itself, which has also been subpoenaed—are identical." On November 2, 2009, therefore, the ACLU produced the public information and documents that that the ACLU had disseminated to over 200 people and that were not duplicative of the documents issued by the campaign itself and/or other organizations that participated in the campaign. These documents consisted primarily of e-mails that the ACLU sent out to its e-mail list regarding Proposition 8, the text regarding Proposition 8 that was on the ACLU's website, invitations the ACLU sent out to members regarding a No on 8 fundraiser that the ACLU held at its offices, information about Proposition 8 that was printed in the ACLU's newsletter, and No on 8 toolkits that the ACLU disseminated to community activists during the campaign. As the ACLU itself did not produce radio, television, or Internet advertisements for the No on 8 campaign, which, again, Defendant-Intervenors independently subpoenaed, it did not produce these audio or video files.

In your letter, you mention that the ACLU did not produce video files still available on the national ACLU website (www.aclu.org). The entity you subpoenaed, however—No on Proposition 8, Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern California—was solely a project of the ACLU of Northern California. The ACLU of Northern California is an independent organization that is affiliated with, but not a legal part of, the national ACLU. Thus, the ACLU of Northern California has its own website (www.aclunc.org), it sends e-mail alerts to its own e-mail list, and it sends its own newsletter to its members, all of whom live in Northern California. The ACLU has produced the text referring to Proposition 8 that appeared on the website www.aclunc.org.

Very truly yours,

Stephen V. Bomse

cc: Elizabeth Gill