# Exhibit F



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

March 31, 2010

Stephen V. Bomse
(415) 773-4145
sbomse@orrick.com

**VIA EMAIL AND MAIL**

Jesse Panuccio
Cooper & Kirk
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036

Re: <u>Perry v. Schwarzenegger, et al., N. D. Cal. Case No. C-09-2292-VRW</u>

Dear Mr. Panuccio :

We write on behalf of the ACLU and Equality California in response to your letter yesterday in which you ask that, in light of the Ninth Circuit's April 12 order dismissing the appeal of Judge Walker's March 22nd opinion and declining to issue a writ of mandamus, that the ACLU and EQCA immediately produce documents called for by the orders appealed from.

As you know, the basis for dismissal of the appeal was that the precondition of a contempt order as a basis for appeal had not yet been satisfied. Once that condition is met, an appeal as of right will lie. In addition, although the court of appeals declined to issue a writ of mandamus, it appears to agree with our clients that it was error to hold that the First Amendment does not apply to communications regarding strategy and messaging among individuals associated with different organizations who have come together as "part of an *association*" seeking a particular political result. As the court of appeals observed, "We did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity." Order at 9.

The ACLU and EQCA continue to believe that the orders from which their prior appeal and writ petition were taken were erroneous for each of the reasons specified in their objections to Magistrate Judge Spero's order and in our Emergency Motion for Stay in the Ninth Circuit. At the same time, there is a clear interest in allowing the underlying litigation to be brought to an end. For those reasons, and without in any way retreating from the positions previously asserted, if the district court is willing to amend its March 22, 2010 Order, Doc #623, in a manner consistent with the observations of the Ninth Circuit concerning the existence of a privilege for communications regarding the formulation of campaign strategy and messages among persons who are members of a core group associated in a political campaign, without regard to whether such persons "span[ ] more than one entity", the ACLU and EQCA will then promptly comply with the order for production as thus amended and will not seek a further stay of that order.



ORRICK

Jesse Panuccio
March 31, 2010
Page 2


We hope that this suggestion will be acceptable both to you and your clients and to counsel for the plaintiffs, to whom a copy of this letter is being sent, as well as to the Court

Please let us know if this is acceptable, as we hope that it will be. If we have concurrence, we will advise the Court of the proposal set forth above and will seek its approval, thereby bringing this matter to a close but for the actual production of documents which we, then, will attend to in the very near future.

Very truly yours,

Stephen V. Bomse

cc: Theodore J. Boutrous Jr.
    Lauren Whittemore
    James Esseks