# Exhibit G

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

April 15, 2010

*VIA ELECTRONIC MAIL*

Mr. Stephen V. Bomse, Esq.
Orrick, Herrington & Sutcliffe LLP
450 Howard Street
San Francisco, CA  94105-2669

Ms. Lauren Whittenmore, Esq.
Fenwick & West LLP
555 California Street, Suite 1200
San Franciso, CA  94104

Re:   *Perry v. Schwarzenegger, et al.*, N.D. Cal. Case No. C-09-2292-VRW

Dear Mr. Bomse and Ms. Whittemore:

Thank you for your letter of today responding to Proponents' April 13 letter requesting that, in light of the Ninth Circuit's dismissal of your clients' appeal, the ACLU and EQCA immediately meet their production obligations under the District Court's March 5 and March 22 orders.  In your letter, you note that the "ACLU and EQCA continue to believe that the orders from which their prior appeal and writ petition were taken were erroneous."  Ltr. from S. Bomse to J. Panuccio (April 15, 2010) at 1 (hereinafter "Bomse Ltr.").  You nonetheless advance the following proposal: "if the district court is willing to amend its March 22, 2010 Order, Doc #623, in a manner consistent with the observations of the Ninth Circuit concerning the existence of a privilege for communications regarding the formulation of campaign strategy and messages among persons who are members of a core group associated in a political campaign, without regard to whether such persons 'span[] more than one entity,' [then] the ACLU and EQCA will promptly comply with the order for production as thus amended and will not seek a further stay of that order."  Bomse Ltr. at 1.

We agree that while the Ninth Circuit's most recent order did not address all of your clients' First Amendment objections to the March production orders, it does make clear that the Court of Appeals, in its January 4 opinion, "did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity."  Accordingly, we are amenable to your clients' proposal so long as the Ninth Circuit's further guidance is applied consistently and evenhandedly to both your clients' and Proponents' claims of privilege—which would involve

# Cooper & Kirk
Lawyers

Stephen V. Bomse, Esq.
Lauren Whittemore, Esq.
April 15, 2010
Page 2 of 2

revisiting not only the March 5 and March 22 Orders, but also the Court's prior discovery and evidentiary rulings with respect to Proponents' claims of privilege. We also note that to the extent the District Court requires further "information from which a functional interpretation of [an inter-organizational] core group … could be derived," the opportunity to furnish such information must be afforded to both your clients and Proponents. Order, *Perry v. Schwarzenegger*, No. 10-15649 (9th Cir. Apr. 12, 2010) at 9 (quoting Doc # 623 at 10). Short of such consistent and evenhanded application of the Ninth Circuit's additional guidance, Proponents would have no choice but to oppose any amendment to the March 5 and March 22 Orders.

As I detailed in my April 13 letter, the March 22 Order contemplated that Proponents would have twelve days from the date of your clients' production to "make [an] appropriate motion or submission" to "supplement their trial record with documents obtained through this production." Doc # 623 at 24. Because the ACLU and EQCA have not produced any documents to date, Proponents have, of course, been unable to make such a submission. Nonetheless, the Court has ordered Proponents to "show cause in writing not later than April 16, 2010 at 5 PM PDT why the evidentiary record should not now be closed." Doc # 631 at 2. In our response to the April 13 Order, we will explain that the ACLU and EQCA have not yet produced any documents and we will advise the Court of this chain of correspondence. For purposes of drafting our response, would you please advise as to when, and in what manner, you plan to approach the Court with your proposal?

Lastly, I note that in our response to the April 13 Order, we will request that if the Court rejects your proposal to amend the March 22 Order, then it hold your clients in contempt for failure to comply with the March 5 and March 22 Orders.

Thank you for your continued and prompt attention to this matter.

Sincerely,

Jesse Panuccio

Cc: Theodore J. Boutrous Jr.
James Esseks