# Exhibit H

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Client Matter No.: T 36330-00001

Theodore J. Boutrous Jr.
Direct: 213.229.7804
Fax: 213.229.6804
TBoutrous@gibsondunn.com

April 15, 2010

VIA E-MAIL

Stephen V. Bomse
Orrick
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669

Re: *Perry v. Schwarzenegger*, N. D. Cal. Case No. C-09-2292-VRW

Dear Steve:

I write in response to your letter proposing that the parties agree to the district court's amendment of its March 22, 2010 order (Doc. #623) directing the ACLU and Equality California to produce documents in response to Proponents' document requests in light of the Ninth Circuit's April 12, 2010 ruling.

In principle, Plaintiffs would not object to the district court's amending its order in light of the Ninth Circuit's ruling, but Plaintiffs reserve the right to weigh in with the district court regarding the content of any such amendment.  As you know, while the Ninth Circuit noted that it "did not hold [in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) ("*Perry I*")] that the privilege cannot apply to a core group of associated persons spanning more than one entity," slip op. at 9, it also noted that the district court had ruled that, even if such a privilege did provide protection in some circumstances, the ACLU and Equality California "'in any event failed to furnish the magistrate [judge] information from which a functional interpretation of [an inter-organizational] core group . . . could be derived.'"  *Id*. (quoting Doc #623 at 10).

In addition, as to Proponents' claim, Magistrate Judge Spero declined to deem privileged communications between Proponents and organizations other than ProtectMarriage.com on the ground that "[P]roponents have never asserted a First Amendment privilege over communications to other organizations."  Doc #372 at 2-3.  The magistrate judge further held

**GIBSON DUNN**

Stephen V. Bomse
April 15, 2010
Page 2

that "[e]ven if the Court were to conclude that the First Amendment privilege had been properly preserved as to the communication among the members of core groups other than the Yes on 8 and ProtectMarriage.com campaign, proponents have failed to meet their burden of proving that the privilege applies to any documents in proponents' possession, custody or control." Id.  The magistrate judge explained that "[t]here is no evidence before the Court regarding any other campaign organization, let alone the existence of a core group within such an organization," and "no evidence before the Court that any of the documents at issue are private internal communications of such a core group regarding formulation of strategy and messages." Id. at 3.

Lastly, Plaintiffs appreciate your clients' desire and willingness to end this discovery dispute and request a copy of the production your clients provide to Proponents.

Very truly yours,

/s/ *Theodore J. Boutrous Jr.*
Theodore J. Boutrous Jr.

TJB/eam
cc: Jesse Panuccio
    Lauren Whittemore
    James Esseks

100850163_1.DOC