# Exhibit I



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

April 16, 2010

Stephen V. Bomse
(415) 773-4145
sbomse@orrick.com

**VIA EMAIL AND MAIL**

Jesse Panuccio
Cooper & Kirk
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036

Re:   Perry v. Schwarzenegger, et al., N. D. Cal. Case No. C-09-2292-VRW

Dear Mr. Panuccio :

Thank you for your letter of the 15th regarding ACLU and Equality California's position respecting the production of documents in light of the Ninth Circuit's order earlier this week.
We appreciate your statement that you clients are "conditionally" (my term) agreeable to our suggested approach to resolution of this matter, although the condition you attach appears to insist on amendments to other orders. Since the ACLU and EQCA were not parties to those other matters, it does not seem either feasible or appropriate for us to take a position with regard to those matters.

It is not entirely clear to us that the considerations that apply to the ACLU and EQCA, on the one hand, and those that apply to your client's objections, on the other, are equivalent in all relevant respects. However, as we say, that seems to us to be an issue that is best left to you and plaintiffs' counsel to sort out. If you are able to secure agreement from the plaintiffs and, then, from the Court to proceed as you propose, we can determine how to implement that agreement. Short of that, it appears that you are unwilling to accept our suggested "compromise" position and we will need to proceed accordingly.

In that regard, you also inquire as to "when, and in what manner, [we] plan to approach the Court with [our] proposal." You further state that it is your intention to bring our correspondence to the Court's attention. We agree that that is appropriate (and assume that it will include this letter as well). Assuming you do so, the Court will have before it the views of the ACLU and EQCA about how best to proceed, as well as a statement of their intentions. Therefore, pending some further order from the Court with respect to its OSC, it seems to us that our position is adequately summarized for the Court in these letters and it is not clear that there is anything more for us to say to the Court at the present time.


ORRICK

Jesse Panuccio
April 16, 2010
Page 2

Specifically, if Judge Walker determines that Proponents have failed to show adequate cause for their failure to provide a response by April 12 as he directed and that the evidence in the underlying case is deemed closed, I assume that that will moot any further issues involving the ACLU and EQCA. Alternatively, if the Judge should conclude that it is appropriate to amend his March 22nd Order in light of the Ninth Circuit's decision, as outlined in my letter yesterday, then ACLU and EQCA, presumably, will consider that a satisfactory resolution and will proceed to comply with the amended order in as expeditious a manner as feasible.

I hope that this sufficiently clarifies our position. In the event you and the plaintiffs reach agreement as to the conditions specified in your most recent letter, please let us know right away so that we can attempt to put together a stipulation or joint statement for the Court's approval. Otherwise, we will await further guidance from the Court and will proceed accordingly.

Very truly yours,

Stephen V. Bomse

cc: Theodore J. Boutrous Jr.
    Lauren Whittemore
    James Esseks