COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (Ohio Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL KNIGHT, MARTIN GUTIERREZ, MARK JANSSON, AND PROTECTMARRIAGE.COM'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE/RECONSIDER**<br><br>Judge: Chief Judge Vaughn R. Walker |

in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

           Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

           Defendant-Intervenors.

---

<u>Additional Counsel for Defendant-Intervenors</u>

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

---

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-9 Defendant Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com ("Proponents") will and hereby do move this Court for leave to file the attached motion to strike and/or reconsider its prior orders and rulings on Proponents' assertion of First Amendment privilege, as well as the attached declarations in support of that motion.

## MEMORANDUM AND POINTS OF AUTHORITIES

1.  Local Rule 7-9(a) provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)." Before noticing such a motion, however, a party must obtain leave of the Court. L.R. 7-9(a). Local Rule 7-9(b) provides that in a motion for leave, the moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

2.  In its January 4 opinion, the Ninth Circuit explained that "[i]mplicit in the right to associate with others to advance one's shared political beliefs is the right to exchange ideas and formulate strategy and messages, and to do so in private." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1162 (9th Cir. 2010) (hereinafter *Perry I*). The opinion explained that the privilege was not limited to "official proponents of initiatives and referendums, but also [extends] to the myriad social, economic, religious and political organizations that publicly support or oppose ballot measures." *Id.* at 1158. Footnote 12

of the opinion stated that the "holding is … limited to communications among the core group of *persons* engaged in the formulation of campaign strategy and messages," *id.* at 1165 n.12, and this Court interpreted that language to mean that the privilege was restricted to communications solely among those persons in a single organization or entity. *See, e.g.* Trial Tr. 1615-1621.

On April 12, 2010 the Ninth Circuit clarified its January 4 opinion, stating:

> [T]he district court said as a matter of law that "the First Amendment privilege does not cover communications between [or among] separate organizations." Doc #623 at 13 (brackets in original). If the district court meant that the privilege cannot apply to persons who are part of a political association spanning more than one organization or entity, then this interpretation was questionable. Under *Perry I*, the privilege applies to the core group of *persons* engaged in the formulation of strategy and messages, whether or not they are members of a single organization or entity. The operative inquiry is whether they are part of an *association* subject to First Amendment protection. We did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity.

Order, *Perry v. Schwarzenegger*, No. 10-15649 (9th Cir. Apr. 12, 2010), at 8-9. And as the Ninth Circuit stated in its January 4 opinion, the associations subject to First Amendment privilege are simply those persons who come together "to advance one's shared political beliefs," including "myriad social, economic, religious and political organizations." *Perry I*, 591 F.3d at 1158, 1162.

3. Accordingly, there is now "a material difference in … law … from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." L.R. 7-9(b)(1). Namely, the Ninth Circuit has provided further guidance on the meaning of its prior mandate. Accordingly, there is good cause for the motion to reconsider.

## CONCLUSION

For the foregoing reasons, Proponents respectfully request that the Court grant leave to file the attached motion to reconsider and/or strike exhibits and associated portions of the trial transcript, as well as the attached declarations in support of that motion.

Dated: April 23, 2010                    Respectfully submitted,

                                            COOPER AND KIRK, PLLC
ATTORNEYS FOR DEFENDANTS-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By:    /s/ Charles J. Cooper
         Charles J. Cooper

DEFENDANT-INTERVENORS' MOTION FOR LEAVE TO FILE MOTION TO STRIKE/RECONSIDER
CASE NO. 09-CV-2292 VRW