IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO, | |
|     Plaintiffs, | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
|     Plaintiff-Intervenor, | |
|     v | |
| ARNOLD SCHWARZENEGGER, in his official capacity as governor of California; EDMUND G BROWN JR, in his official capacity as attorney general of California; MARK B HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information & strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as registrar-recorder/county clerk for the County of Los Angeles, | No    C 09-2292 VRW<br><br>ORDER |
|     Defendants, | |
| DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAKSHING WILLIAM TAM, MARK A JANSSON and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIOFORNIA RENEWAL, as official proponents of Proposition 8, | |
|     Defendant-Intervenors. | |

On March 22, 2010, the court upheld Magistrate Judge Spero's March 5 discovery order and ordered nonparties Equality California and the ACLU (the "No on 8 groups"), along with Californians Against Eliminating Basic Rights, to produce all responsive non-privileged documents on a rolling basis to conclude not later than March 31, 2010. Doc #623. The No on 8 groups appealed the court's orders, which were stayed until the Ninth Circuit dismissed the No on 8 groups' appeal for lack of jurisdiction. Perry v Schwarzenegger, No 10-15649 Doc #14 (9th Cir April 12, 2010). Proponents now ask the court to hold the No on 8 groups in contempt, as they have failed to produce documents as ordered in the March 5 and March 22 orders. Doc #632.

The No on 8 groups assert that they are withholding documents because they believe the First Amendment privilege should apply to communications between or among all No on 8 core group members regardless of organizational affiliation. See Doc #639 at 4. The No on 8 groups' current position stems from the Ninth Circuit's observation that the First Amendment privilege applies to communications among individuals who have formed an associational bond regardless of organizational membership. Perry, No 10-15649 Doc #14 at 9. The No on 8 groups have not however pointed to any evidence in the record to support a finding that communications between the No on 8 groups were sufficiently private to be deemed privileged under the First Amendment. See Doc #639 at 4 (arguing that the No on 8 groups' evidentiary submissions support an expanded First Amendment privilege but failing to refer to particular evidence in the record supporting this position). The No on 8 groups have thus not shown that any amendment to the

2

court's previous orders is appropriate.

In order for the No on 8 groups to be held in contempt, the court must find by clear and convincing evidence that (1) the No on 8 groups violated the March 5 and March 22 orders; (2) beyond substantial compliance; and (3) the violation was not based on a good faith and reasonable interpretation of the order.  See <u>In re Dual-Deck Video Cassette Recorder Antitrust Litig</u>, 10 F3d 693, 695 (9th Cir 1993).  It appears from the record before the court that the No on 8 groups have not in any way complied with the court's orders.  See Doc #639 (explaining that the No on 8 groups do not intend to comply with the court's orders as currently formulated).  The No on 8 groups are therefore ORDERED to SHOW CAUSE in writing by not later than April 27, 2010 at 5 PM PDT and at a hearing before the undersigned on April 28, 2010 at 10:30 AM PDT why they should not be held in contempt for failing to produce documents as ordered in the March 5 and March 22 orders.

The declaration of Geoff Kors estimates that production of Equality California's documents could cost $20,000.  Doc #609 ¶10.  If the court determines that the No on 8 groups are in contempt of its orders, the court is considering imposing sanctions to coerce compliance in the amount of $2,000 per day per group, or one-tenth the cost of production, for each day that the No on 8 groups fail to comply with the court's orders.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3