1 LAW OFFICE OF TERRY L. THOMPSON
Terry L. Thompson (CA Bar No. 199870)
2 *tl_thompson@earthlink.net*
P.O. Box 1346, Alamo, CA 94507
3 Telephone: (925) 855-1507, Facsimile: (925) 820-6034

4 ATTORNEY FOR DEFENDANT-INTERVENOR HAK-SHING WILLIAM TAM

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>Defendants,<br><br>and<br><br>PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,<br><br>Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENOR HAK-SHING WILLIAM TAM'S MOTION FOR LEAVE TO FILE MOTON TO STRIKE AND/OR RECONSIDER**<br><br>Judge: Chief Judge Vaughn R. Walker<br>Location: Courtroom 6, 17th Floor |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-9 Defendant Intervenor Hak-Shing William Tam will and hereby does move this Court for leave to file the attached motion to strike and/or reconsider its prior orders and rulings on Defendant-Intervenor's assertion of First Amendment privilege, and also the attached declaration in support of that motion.

## MEMORANDUM AND POINTS OF AUTHORITIES

1. L.R. 7-9(a) provides that a party must obtain leave of the Court to file a motion for reconsideration of an interlocutory order "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." In a motion for leave, the moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

L.R. 7-9(b).

2. In *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) (hereinafter *Perry I*), the Ninth Circuit held that "[i]mplicit in the right to associate with others to advance one's shared political beliefs is the right to exchange ideas and formulate strategy and messages, and to do so in private." *Id.* at 1162. The privilege is not limited to "official proponents of initiatives and referendums, but also [extends] to the myriad social, economic, religious and political organizations that publicly support or oppose ballot measures." *Id.* at 1158. Footnote 12 stated that the "holding is … limited to communications among the core group of *persons* engaged in the formulation of campaign strategy and messages," *id.* at 1165 n.12, and this Court interpreted that language to mean that the

privilege was restricted to communications solely among those persons in a single organization or entity.  *See, e.g.* Trial Tr. 1615-1621.

On April 12, 2010 the Ninth Circuit stated:

> [T]he district court said as a matter of law that "the First Amendment privilege does not cover communications between [or among] separate organizations." Doc #623 at 13 (brackets in original).  If the district court meant that the privilege cannot apply to persons who are part of a political association spanning more than one organization or entity, then this interpretation was questionable.  Under *Perry I*, the privilege applies to the core group of *persons* engaged in the formulation of strategy and messages, whether or not they are members of a single organization or entity.  The operative inquiry is whether they are part of an *association* subject to First Amendment protection.  We did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity.

Order, *Perry v. Schwarzenegger*, No. 10-15649 (9th Cir. Apr. 12, 2010), at 8-9.  And as the Ninth Circuit stated in its January 4 opinion, the associations subject to First Amendment privilege are simply those persons who come together "to advance one's shared political beliefs," including "myriad social, economic, religious and political organizations." *Perry I*, 591 F.3d at 1158, 1162.

3.   Because the Ninth Circuit has provided clarification on the meaning of its prior mandate there is now "a material difference in … law … from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought."  L.R. 7-9(b)(1).

## CONCLUSION

For the foregoing reasons, Defendant-Intervenor Tam respectfully requests that the Court grant leave to file the attached motion to reconsider and/or strike exhibits and associated portions of the trial transcript, and also the attached declaration in support of that motion.

Dated: April 26, 2010                              Respectfully submitted,

LAW OFFICE OF TERRY L. THOMPSON

2

Terry L. Thompson (CA Bar No. 199870)
*tl_thompson@earthlink.net*
P.O. Box 1346, Alamo, CA 94507
Telephone: (925) 855-1507, Facsimile: (925) 820-6034

ATTORNEY FOR DEFENDANT-INTERVENOR HAK-SHING WILLIAM TAM

By: /s/ Terry L. Thompson
     Terry L. Thompson