**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTIN M. PERRY; SANDRA B. STIER; PAUL T. KATAMI; JEFFREY J. ZARRILLO,<br><br>        Plaintiffs - Appellees,<br><br>  and<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Intervenor-Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as director of the California Department of Public Health and state registrar of vital statistics; LINETTE SCOTT, in her official capacity as deputy director of health information & strategic planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as clerk-recorder of the County of Alameda; DEAN C. LOGAN, in his official capacity as registrar-recorder/county-clerk for the County of Los Angeles, | No. 10-15649<br><br>D.C. No. 3:09-cv-02292-VRW<br>Northern District of California,<br>San Francisco<br><br><br>ORDER |

Defendants,

and

DENNIS HOLLINGSWORTH; GAIL J. KNIGHT; MARTIN F. GUTIERREZ; HAK-SHING WILLIAM TAM; MARK A. JANSSON; PROTECTMARRIAGE.COM - YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, as official proponents of Proposition 8,

       Intervenor-Defendants - Appellees,

EQUALITY CALIFORNIA; NO ON PROPOSITION 8, CAMPAIGN FOR MARRIAGE EQUALITY, A PROJECT OF THE AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,

       Third parties - Appellants,

and

CALIFORNIANS AGAINST ELIMINATING BASIC RIGHTS,

       Third party.

Before: WARDLAW, FISHER AND BERZON, Circuit Judges.

Third party appellants Equality California and No on Proposition 8, Campaign for Marriage Equality, a Project of the American Civil Liberties Union of Northern California ("appellants") appeal from the district court's March 5, 2010 (Doc. #610) and March 22, 2010 (Doc. #623) orders compelling them to produce documents they contend are protected under the First Amendment privilege against the compelled disclosure of internal campaign communications. Appellants assert jurisdiction under 28 U.S.C. § 1291 and in the alternative seek issuance of a writ of mandamus. Appellants moved for a stay pending appeal, to expedite the appeal and for assignment of the appeal to the panel that decided *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) (*Perry I*). On March 26, 2010, we granted appellants' motion requesting assignment of this appeal to the panel that decided *Perry I* and granted appellants' emergency motion for a stay of the district court's March 22, 2010 order pending appeal. On March 31, 2010, we directed the parties to file simultaneous briefs addressing whether this court has jurisdiction over this appeal and whether mandamus is appropriate. In that order, we asked the parties to address *Vizcaino v. United States District Court*, 173 F.3d 713 (9th Cir. 1999), and *In re Subpoena Served on California Public Utilities Commission*, 813 F.2d 1473, 1476 (9th Cir. 1987). Having reviewed the parties'

3

briefs, we dismiss the appeal for lack of jurisdiction and deny the petition for issuance of a writ of mandamus.

## I. Discussion

### A.   Appellate Jurisdiction under 28 U.S.C. § 1291

Appellants assert that this court may exercise jurisdiction over this appeal under 28 U.S.C. § 1291. As appellants are nonparties in the underlying litigation, however, they can obtain review of the district court's order compelling production of documents they contend are protected under the First Amendment privilege we articulated in *Perry I* only by electing to ignore the order and appealing any ensuing contempt citation. *See In re Subpoena Served on Cal. Pub. Util. Comm'n*, 813 F.2d 1473, 1476 (9th Cir. 1987). Appellants recognize as much in their brief on appeal regarding jurisdiction, stating that "if [they] decline to produce th[e] documents [ordered produced by the district court] and are cited for contempt as a consequence, they will have an appealable order." Until then, we lack jurisdiction under 28 U.S.C. § 1291 to review the district court's order. *Id.*; *see id.* at 1476 n.1 ("The requirement that a nonparty must be in contempt of court in this situation is a serious matter and serves to illustrate the strictness in applying the final judgment rule.").

4

### B. Mandamus Jurisdiction

#### 1. Mandamus Jurisdiction under *Vizcaino*

Appellants contend in the alternative that the Court may exercise mandamus jurisdiction over this appeal to compel the district court to follow our mandate in *Perry I*, which charged the district court with the determination of those persons involved in the "Yes on 8" campaign "who logically should be included [in the core group of persons in the 'Yes on 8' campaign engaged in the formulation of campaign strategy and messages] in light of the First Amendment associational interests the [First Amendment] privilege is intended to protect." *Perry I*, 591 F.3d at 1165 n.12.

In *Vizcaino*, we recognized that mandamus jurisdiction is available when a district court disregards a prior appellate mandate on remand. 173 F.3d at 718–20. Specifically, we held that mandamus was the appropriate remedy where the district court revised a class definition on remand even though the appellate mandate could not be read as contemplating redefinition of the class and charged the district court only with the determination of individual eligibility for benefits and calculation of the damages or benefits due class members. *Id.* at 721–22. The district court's order on remand therefore conflicted with and did not conform to the mandate.

By contrast, the district court's order here cannot conflict with our appellate mandate. The earlier appeal concerned the application of a First Amendment privilege to discovery requests between the parties to this litigation—in particular, to requests by the plaintiffs to the proponents of Proposition 8 who intervened in this litigation ("Proponents"). The present appeal concerns subpoenas issued by the Proponents to third parties to the pending litigation, not involved in the prior appeal (except as amicus curiae), asking for different documents from the ones involved in the previous appeal. Although the district court in the order now appealed from applied the First Amendment privilege we articulated in *Perry I* and thus interpreted our earlier opinion, the earlier mandate was not directly applicable to that order; instead, our opinion in *Perry I* was pertinent essentially as precedent. Under these circumstances, the *Vizcaino* principle that mandamus is available to assure compliance with a prior mandate has no application.

## 2. Mandamus Jurisdiction under the *Bauman* factors

Having determined that the rule recognized in *Vizcaino* does not apply here, we address appellants' petition for issuance of a writ of mandamus under *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir.1977), where "we established five guidelines to determine whether mandamus is appropriate in a given case: (1) whether the petitioner has no other means, such as a direct appeal,

6

to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression." *Perry I*, 591 F.3d at 1156 (citing *Bauman*, 557 F.2d at 654-55).

    The first and second factors disfavor issuance of the writ. As we have explained, appellants have a means of obtaining appellate review, and protecting themselves from injury from compelled disclosure, by defying the district court's discovery orders and appealing from a final, appealable contempt order. That route was not available to the parties from whom discovery was sought in *Perry I* until the end of the litigation. *See, e.g.*, *Koninklijke Philips Elecs. N.V. v. KSD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008) (explaining that we lack jurisdiction to hear interlocutory appeals from civil contempt orders entered against parties to litigation). The fourth factor also counsels against issuance of the writ. The district court has not committed an oft-repeated error or manifested a persistent disregard of the federal rules.

The third factor—legal error—arguably militates in favor of issuance of the writ, because the district court may have partly misinterpreted the legal boundaries of the First Amendment privilege we articulated in *Perry I*. In *Perry I*, we held that the disclosure of internal campaign communications can "have a deterrent effect on participation in campaigns," as well as a "deterrent effect on the free flow of information within campaigns," which is necessary to "formulate [campaign] strategy and messages." *Id.* at 1162. As applied to the claims before the court at that time, we held that the official proponents of Proposition 8 had made a prima facie showing that disclosure of their internal campaign communications would chill participation in campaigns and the free exchange of ideas within such campaigns. *See id.* at 1163. In addition, we emphasized that our holding was limited to "communications among the core group of *persons* engaged in the formulation of campaign strategy and messages." *Id.* at 1165 n.12 (emphasis in original). We left to the district court the determination of the "core group of persons" engaged in formulating campaign strategy and messaging, but did not hold that the privilege is limited only to persons within a particular organization or entity.

In the March 22, 2010 order, the district court said as a matter of law that "the First Amendment privilege does not cover communications between [or

8

among] separate organizations." Doc. #623 at 13 (brackets in original). If the district court meant that the privilege cannot apply to persons who are part of a political association spanning more than one organization or entity, then this interpretation was questionable. Under *Perry I*, the privilege applies to the core group of *persons* engaged in the formulation of strategy and messages, whether or not they are members of a single organization or entity. The operative inquiry is whether they are part of an *association* subject to First Amendment protection. We did not hold that the privilege cannot apply to a core group of associated persons spanning more than one entity.

Nonetheless, there does not appear to have been clear error. The district court granted in part Proponents' motion to compel because appellants "in any event failed to furnish the magistrate [judge] information from which a functional interpretation of [an inter-organizational] core group . . . could be derived." Doc. #623 at 10. Thus, even if we were persuaded that the court misinterpreted *Perry I*, it is not clear that the district court's ultimate conclusions were clearly erroneous as a matter of law. Accordingly, the third factor at most lends some support to the case for mandamus.

The fifth factor disfavors mandamus jurisdiction. In *Perry I*, we exercised mandamus jurisdiction because the proceedings raised a particularly novel and

9

important question of first impression—whether the First Amendment provides *any* protection against compelled disclosure of internal campaign communications, an issue that might otherwise have evaded appellate review. *See Perry I*, 591 F.3d at 1156-57, 1159. By contrast, the current proceedings present the application of that now recognized privilege. They thus do not present comparable concerns of novelty and evasion of review.

On balance, mandamus jurisdiction is not appropriate under the *Bauman* factors. Although the district court may have erred to the extent it concluded as a matter of law that the First Amendment privilege cannot apply to persons who are members of a single political association comprised of different organizations, appellants have not demonstrated that the district court's ultimate conclusions were clearly erroneous as a matter of law, and the other four factors disfavor issuance of the writ. As we explained in *Perry I*, "[t]he writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes." *Id.* at 1156 (quoting *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir.2005) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)) (internal quotation marks omitted). We therefore deny the petition for issuance of a writ of mandamus.

## II. Conclusion

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction and deny the petition for issuance of a writ of mandamus. Appellants' motion to expedite the appeal is denied as moot. Each party shall bear its own costs of these proceedings.

**APPEAL DISMISSED. PETITION FOR WRIT OF MANDAMUS DENIED.**