```
                                     PAGES 1 - 16

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE VAUGHN R. WALKER

KRISTIN M. PERRY, ET AL.        )
                                )
          PLAINTIFFS,            )
                                )
   VS.                           )  NO. C 09-2292 VRW
                                )
ARNOLD SCHWARZENEGGER, ET        )
AL.,                             )
                                )  SAN FRANCISCO, CALIFORNIA
          DEFENDANTS.            )  WEDNESDAY, APRIL 28, 2010
_____)
```

### TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFFS** | GIBSON, DUNN & CRUTCHER, LLP |
| | 555 MISSION STREET |
| | SAN FRANCISCO, CALIFORNIA 94105 |
| **BY:** | **CHRISTOPHER D. DUSSEAULT, ESQUIRE** |
| | **ENRIQUE A. MONAGAS, ESQUIRE** |
| | |
| **FOR PROPOSITION 8** | COOPER & KIRK |
| **OFFICIAL PROPONENTS** | 1523 NEW HAMPSHIRE, N.W. |
| | WASHINGTON, D.C. 20036 |
| **BY:** | **JESSE PANUCCIO, ESQUIRE** |
| | |
| **FOR ACLU FOUNDATION** | ORRICK, HERRINGTON & SUTCLIFFE |
| **OF NORTHERN CALIFORNIA** | 405 HOWARD STREET |
| | SAN FRANCISCO, CALIFORNIA 94105 |
| **BY:** | **STEPHEN V. BOMSE, ESQUIRE** |
| | **ELIZABETH O. GILL, ESQUIRE** |

(FURTHER APPEARANCES ON FOLLOWING PAGE)

*REPORTED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR*
*OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

```
 1  APPEARANCES (CONTINUED):

 2
    FOR CALIFORNIA          STATE OF CALIFORNIA
 3  ATTORNEY GENERAL         DEPARTMENT OF JUSTICE
                             OFFICE OF THE ATTORNEY GENERAL
 4                           455 GOLDEN GATE AVENUE, SUITE 11000
                             SAN FRANCISCO, CALIFORNIA  94102
 5              BY:          TAMAR PACHTER
                             DEPUTY ATTORNEY GENERAL
 6
    FOR EQUALITY             FENWICK & WEST
 7  CALIFORNIA               555 CALIFORNIA STREET
                             SAN FRANCISCO, CALIFORNIA  94104
 8              BY:          LYNN PASAHOW, ESQUIRE
                             LESLIE KRAMER, ESQUIRE
 9

10  FOR CITY AND COUNTY      DENNIS J. HERRERA
    OF SAN FRANCISCO         OFFICE OF THE CITY ATTORNEY
11                           1300 MARKET STREET, SEVENTH FLOOR
                             SAN FRANCISCO, CALIFORNIA
12              BY:          RONALD P. FLYNN, ESQUIRE
                             MOLLIE LEE, ESQUIRE
13
    FOR ADMINISTRATIVE       MENNEMEIER, GLASSMAN & STROUD
14  DEFENDANTS               980 NINTH STREET, SUITE 1700
                             SACRAMENTO, CALIFORNIA  95814
15              BY:          ANDREW W. STROUD, ESQUIRE

16

17

18

19

20

21

22

23

24

25
```

```
 1              PROCEEDINGS; WEDNESDAY, APRIL 28, 2010

 2

 3         THE CLERK:  CALLING CIVIL CASE 09-2292, KRISTIN M.
 4   PERRY, ET AL. VERSUS ARNOLD SCHWARZENEGGER, ET AL.
 5         WILL COUNSEL STATE YOUR APPEARANCES?
 6         MR. BOMSE:  GOOD MORNING, YOUR HONOR.  STEPHEN BOMSE
 7   AND ELIZABETH GILL FOR THE ACLU.
 8         THE COURT:  GOOD MORNING, MR. BOMSE.
 9         MR. BOMSE:  THANK YOU, YOUR HONOR.
10         MR. PASAHOW:  GOOD MORNING, YOUR HONOR.  LYNN PASAHOW
11   AND LESLIE KRAMER FOR EQUALITY CALIFORNIA.
12         THE COURT:  MR. PASAHOW.
13         MR. PANUCCIO:  GOOD MORNING, YOUR HONOR.  JESSE
14   PANUCCIO FOR DEFENDANT INTERVENORS.
15         THE COURT:  MR. PANUCCIO, GOOD MORNING.
16         MR. DUSSEAULT:  GOOD MORNING, YOUR HONOR.  CHRIS
17   DUSSEAULT AND ENRIQUE MONAGAS ON BEHALF OF THE PLAINTIFFS.
18         THE COURT:  MR. DUSSEAULT.
19         MR. FLYNN:  GOOD MORNING, YOUR HONOR.  RON FLYNN AND
20   MOLLIE LEE ON BEHALF OF PLAINTIFF INTERVENORS, CITY AND COUNTY
21   OF SAN FRANCISCO.
22         THE COURT:  MR. FLYNN, GOOD MORNING.
23         MS. PACHTER:  GOOD MORNING, YOUR HONOR.  DEPUTY
24   ATTORNEY GENERAL TAMAR PACHTER ON BEHALF OF THE CALIFORNIA
25   ATTORNEY GENERAL.
```

1         **THE COURT:** GOOD MORNING.

2         ANY OTHER APPEARANCES?

3         **MR. STROUD:** YES, YOUR HONOR. THIS IS ANDREW STROUD,

4 MENNEMEIER, GLASSMAN & STROUD, APPEARING ON BEHALF OF THE

5 ADMINISTRATION DEFENDANTS.

6         **THE COURT:** THAT IS THE GOVERNOR?

7         **MR. STROUD:** YES, YOUR HONOR.

8         **THE COURT:** ALL RIGHT.

9         **MR. STROUD:** THANK YOU.

10         **THE COURT:** VERY WELL.

11         LET ME ASK MR. PANUCCIO AND MR. DUSSEAULT: IN VIEW

12 OF THE COMMUNICATION WHICH THE COURT RECEIVED YESTERDAY FROM THE

13 OBJECTORS, OR THE NO ON 8 GROUPS, HAVE THEY COMPLIED WITH THE

14 MARCH 5 AND MARCH 22 ORDERS? MR. DUSSEAULT?

15         **MR. DUSSEAULT:** THANK YOU, YOUR HONOR.

16         WE HAVE NOT YET ACTUALLY SEEN THE DOCUMENTS THAT WERE

17 PRODUCED. THEY WERE SENT BY OVERNIGHT DELIVERY TODAY, AND

18 APPARENTLY HAVE BEEN RECEIVED AT MY OFFICE, BUT COUNSEL HAS

19 REPRESENTED THEY ARE IN FULL COMPLIANCE WITH THE ORDERS, AND WE

20 HAVE NO REASON TO QUESTION THAT, YOUR HONOR. WE ARE HOPEFUL

21 THAT AT THIS POINT WE CAN, THEREFORE, MOVE FORWARD.

22         **THE COURT:** MR. PANUCCIO.

23         **MR. PANUCCIO:** THANK YOU, YOUR HONOR.

24         LIKEWISE, I DID NOT -- THE E-MAIL COMMUNICATION OR

25 THE LETTER COMMUNICATION COMMISSION CAME WHILE I WAS ACTUALLY ON

```
 1  THE PLANE OUT HERE, SO I HAVE NOT SEEN ANY OF THESE DOCUMENTS.
 2          THE COURT:  YOU WERE COMING HERE, AND THE DOCUMENTS
 3  WERE GOING THERE.
 4          MR. PANUCCIO:  EXACTLY.  THEY, ACTUALLY, WENT TO TWO
 5  PLACES.  ONE SET OF DOCUMENTS HAVE GONE TO ARIZONA --
 6          THE COURT:  YOU HAVE SOME COLLEAGUES ON THE EAST
 7  COAST WHO CAN OPEN UP THE --
 8          MR. PANUCCIO:  YES, THIS IS TRUE.
 9          WE HAVE NOT BEEN THROUGH THE DOCUMENTS YET.  BUT,
10  AGAIN, THE REPRESENTATION HAS BEEN THERE HAS BEEN COMPLIANCE.
11          I WOULD JUST NOTE, ON THE FACE OF THE LETTER, FROM
12  THE ACLU ANYWAY, IT'S CLEAR THAT OF THE 25- TO 60,000 DOCUMENTS
13  THEY REPRESENTED THAT WOULD BE RESPONSIVE TO THE SUBPOENAS, THEY
14  HAVE PRODUCED ABOUT 400 PAGES OF DOCUMENTS.  THAT SEEMS LIKE A
15  SMALL PORTION GIVEN THE AMOUNT THAT THEY HAD TO REVIEW, ALTHOUGH
16  IT MAY BE A CONSEQUENCE OF THEIR UNILATERALLY CHOOSING THE
17  SEARCH TERMS, AS WE PREVIOUSLY OBJECTED TO --
18          THE COURT:  THEIR WHAT?
19          MR. PANUCCIO:  THEIR UNILATERALLY CHOOSING THE SEARCH
20  TERMS THEY WOULD USE FOR THEIR DOCUMENTS, WHICH HAS BEEN THE
21  SUBJECT OF PREVIOUS OBJECTIONS, BUT WE HAVE NO REASON TO
22  QUESTION THE REPRESENTATIONS THAT HAVE BEEN MADE.
23          THE COURT:  WELL, MR. BOMSE, MR. PASAHOW, WHAT LIGHT
24  CAN YOU SHED ON THIS?
25          MR. BOMSE:  YOUR HONOR, WE HAVE, AS WE INDICATED IN
```

1  OUR SUBMISSION TO THE COURT YESTERDAY, PRODUCED THE DOCUMENTS

2  RESPONSIVE TO THE MARCH 5TH ORDER, AS CONFIRMED BY YOUR HONOR.

3  THE REPRESENTATION WAS NEVER MADE THAT THERE WAS ANYWHERE CLOSE

4  TO THAT NUMBER OF RESPONSIVE DOCUMENTS.

5           THE REPRESENTATION THAT WAS MADE, AT LEAST AS FAR AS

6  THE ACLU WAS CONCERNED, WAS THAT THAT NUMBER OF DOCUMENTS WOULD

7  NEED TO BE REVIEWED.  THEY WERE REVIEWED, AND DOCUMENTS THAT ARE

8  RESPONSIVE UNDER THE MARCH 5TH ORDER HAVE BEEN PRODUCED.

9           **THE COURT:**  THAT'S YOUR REPRESENTATION TO THE COURT.

10          **MR. BOMSE:**  IT IS MY REPRESENTATION TO THE COURT,

11 YOUR HONOR.

12          **THE COURT:**  ALL RIGHT.  MR. PASAHOW?

13          **MR. PASAHOW:**  YES, YOUR HONOR.  FOLLOWING THE VERY

14 EXACT PRESCRIPTION OF THE MARCH 5TH ORDER, MY FIRM'S I.T.

15 DEPARTMENT REVIEWED FIRST ELECTRONICALLY THE DOCUMENTS ON THE

16 SERVER THAT WE WERE DIRECTED TO SEARCH.  THOSE DOCUMENTS WERE

17 THEN -- THE HITS OF THOSE DOCUMENTS WERE THEN REVIEWED BY PEOPLE

18 TO MAKE SURE THEY MET THE SUBJECT MATTER QUALIFICATION, AND

19 THOSE DOCUMENTS HAVE ALL BEEN PRODUCED.

20          SO WE BELIEVE WE HAVE COMPLIED EXACTLY WITH THE

21 MAGISTRATE JUDGE'S PRESCRIPTION OF WHAT WAS TO BE PRODUCED.

22          **THE COURT:**  THAT IS YOUR REPRESENTATION TO THE COURT,

23 IS IT?

24          **MR. PASAHOW:**  YES, YOUR HONOR.

25          **THE COURT:**  OKAY.  HOW LONG, MR. DUSSEAULT AND

1  MR. PANUCCIO, DO YOU THINK YOU NEED TO REVIEW THESE DOCUMENTS TO
2  DETERMINE WHETHER, IN YOUR VIEW, THERE HAS BEEN COMPLIANCE WITH
3  THE ORDERS?
4      **MR. DUSSEAULT:** YOUR HONOR, I DON'T THINK IT WOULD
5  TAKE A LOT OF TIME. AND I THINK, IN THE INTEREST OF ALL
6  PARTIES, WE WOULD LIKE TO MOVE FORWARD AS QUICKLY AS WE COULD.
7      WHAT I WOULD SUGGEST IS WE SET A DEADLINE OF ONE WEEK
8  FROM TODAY, MAY 5TH, AS THE DEADLINE FOR ANY SHOWING OF ANY
9  DOCUMENTS THAT OUGHT TO BE CONSIDERED FOR SUPPLEMENTATION OF THE
10 RECORD, GIVEN THAT THE PREVIOUS DEADLINE THAT WAS SET FOR THAT
11 WAS DURING THE PERIOD -- WAS DELAYED GIVEN THE LACK OF
12 PRODUCTION PREVIOUSLY.
13     **THE COURT:** MR. PANUCCIO, WHAT SUGGESTION DO YOU HAVE
14 IN THAT REGARD?
15     **MR. PANUCCIO:** THANK YOU, YOUR HONOR.
16     WELL, I WOULD JUST NOTE, TO START, AGAIN, WE KNOW
17 FROM THE FACE OF THE ACLU'S LETTER, THE QUANTITY OF DOCUMENTS,
18 AND CERTAINLY THAT WOULD NOT TAKE US VERY LONG TO REVIEW. IT'S
19 ABOUT 400 DOCUMENTS. SO A WEEK IS CERTAINLY SUFFICIENT FOR
20 THAT.
21     I SUPPOSE I WOULD JUST HAVE A QUESTION FROM MY
22 FRIENDS FROM EQUALITY CALIFORNIA, WHICH IS HOW MANY -- DO THEY
23 KNOW HOW MANY DOCUMENTS THEY'VE SENT ALONG? I'M JUST NOT
24 ADVISED OF THAT NUMBER YET, AND I WOULD BE ABLE TO GIVE YOU A
25 BETTER ANSWER IF I KNEW THAT.

1          **THE COURT:** MR. PASAHOW.

2          **MR. PASAHOW:** I BELIEVE IT IS IN THE RANGE OF 4500
3 PAGES.

4          **THE COURT:** OKAY.

5          **MR. BOMSE:** YOUR HONOR, IF I MAY? THERE SEEMS TO BE
6 A MODEST MISUNDERSTANDING WHICH I'M -- I UNDERSTAND HOW
7 MR. PANUCCIO WOULD HAVE HAD IT. BUT THE NUMBER OF DOCUMENTS
8 THAT WE ACTUALLY PRODUCED WERE APPROXIMATELY 450 ADDITIONAL
9 PAGES, PLUS SOME ONE THOUSAND E-MAILS WHICH ARE NOT IN A FORM
10 THAT THEY CAN BE COUNTED AS PAGES, BUT THAT IS THE NATURE OF THE
11 PRODUCTION THAT WAS MADE YESTERDAY AND WHICH I REPRESENTED TO
12 THE COURT CONSTITUTES COMPLIANCE WITH THE MARCH 5TH ORDER.

13          **MR. PANUCCIO:** I'M JUST ADDING IN MY HEAD.

14          I APOLOGIZE FOR THE MISUNDERSTANDING. I WAS JUST
15 GOING ON THE BATES NUMBER IN THE LETTER, BUT I UNDERSTAND HOW
16 THAT HAPPENS.

17          I THINK THE ORIGINAL ORDER CONTEMPLATED THAT WE WOULD
18 HAVE 12 DAYS FROM THE FINAL INSTALLMENT OF A ROLLING PRODUCTION
19 SO THAT WE WOULD HAVE HAD TIME IN ADVANCE OF THAT. WE THINK
20 SOMETHING SIMILAR TO THAT WOULD BE REASONABLE. AT LEAST A WEEK,
21 CERTAINLY WITHIN TWO WEEKS I THINK THIS COULD BE DONE. JUST OFF
22 THE TOP OF MY HEAD, IT SOUNDS LIKE THERE ARE 5- TO 6000
23 DOCUMENTS, PERHAPS. SO ASSUMING WE COULD REVIEW --

24          **THE COURT:** HERE'S WHAT I WAS THINKING. LET ME LAY
25 OUT THE SCHEDULE THAT I HAD IN MIND AND SEE HOW THAT FITS WITH

1  THE PRACTICALITIES THAT YOU CONFRONT.
2              I WAS THINKING ABOUT GIVING MR. DUSSEAULT AND
3  MR. PANUCCIO UNTIL MAY 3 TO DETERMINE -- WELL, NO, ACTUALLY,
4  HERE IS, I THINK, PERHAPS A BETTER SCHEDULE:
5              THAT THE PLAINTIFFS AND THE PROPONENT WILL HAVE UNTIL
6  FRIDAY OF THIS WEEK, THAT IS APRIL 30, WITHIN WHICH TIME TO
7  CONFIRM OR TO DENY THAT THE NO ON 8 GROUPS' PRODUCTION COMPLIES
8  WITH THE MARCH 5TH AND MARCH 22ND ORDERS.
9              IF, BY THAT TIME, THEY INDICATE THAT, IN THEIR VIEW,
10 THERE HAS NOT BEEN COMPLIANCE, THEN THE PARTIES ARE DIRECTED TO
11 APPEAR HERE ON MONDAY, MAY 3, AT 10:00 A.M. FOR A FURTHER
12 HEARING ON THE ORDER TO SHOW CAUSE RE: CONTEMPT.
13             IF THE PLAINTIFFS AND THE PROPONENTS DETERMINE THAT
14 THERE HAS BEEN COMPLIANCE, THEN THE PROPONENTS WILL HAVE UNTIL
15 MAY 5 AT NOON TO SERVE AND FILE A SUPPLEMENT TO THE EVIDENTIARY
16 RECORD WHICH THEY INTEND TO OFFER TO THE COURT.
17             THEN THE PLAINTIFFS WILL HAVE UNTIL MAY 7, AT WHICH
18 TIME THEY MAY FILE OBJECTIONS TO THE PROPONENTS' NEW OFFERED
19 EVIDENCE, AT WHICH TIME THE PROPONENTS' PROFFER AND THE
20 PLAINTIFFS' OBJECTIONS WILL BE SUBMITTED, AND THE EVIDENTIARY
21 RECORD WILL BE CLOSED IN THIS CASE.
22             NOW, I'M ALSO INCLINED AT THIS TIME TO SET A SCHEDULE
23 WITH RESPECT TO THE PROPONENTS' MOTION FOR RECONSIDERATION AND
24 ALSO DR. TAM'S MOTION FOR RECONSIDERATION.  BUT LET ME ASK,
25 BEFORE WE SET THE REST OF THAT SCHEDULE.

1            MR. DUSSEAULT AND MR. PANUCCIO, IS WHAT I'VE OUTLINED
2    WITH RESPECT TO THE NO ON 8 GROUPS' DOCUMENTS A PRACTICAL
3    SCHEDULE IN YOUR VIEW?  MR. DUSSEAULT?
4            **MR. DUSSEAULT:**  YES, IT IS, YOUR HONOR.
5            **THE COURT:**  MR. PANUCCIO?
6            **MR. PANUCCIO:**  I SUPPOSE THE ONLY AMENDMENT I MIGHT
7    MAKE IS IF WE COULD HAVE UNTIL THE END OF THE DAY ON MAY 5, I
8    BELIEVE IT WAS, TO MAKE OUR SUBMISSION.
9            **THE COURT:**  THIS COMING FRIDAY?
10           **MR. PANUCCIO:**  I'M SORRY.  ASSUMING THERE WAS
11   COMPLIANCE, I BELIEVE THE SECOND DATE WAS THAT WE COULD MAKE THE
12   EVIDENTIARY PROFFER ON MAY 5TH AT NOON, YOUR HONOR SAID.
13           **THE COURT:**  OH, UNTIL 5:00 P.M. ON MAY 5, IS THAT --
14   THAT'S FINE.  OF COURSE.
15           **MR. PANUCCIO:**  AND THEN MY ONLY OTHER QUESTION FOR
16   YOUR HONOR WOULD BE WHETHER THE PROPONENTS WOULD HAVE AN
17   OPPORTUNITY TO RESPOND TO OBJECTIONS.  I SUPPOSE IF THIS WERE IN
18   A TRIAL SETTING AND A PARTY OBJECTED TO EVIDENCE COMING IN, WE
19   WOULD HAVE SOME OPPORTUNITY TO MAKE A RESPONSE TO OBJECTIONS.
20           **THE COURT:**  I THINK THAT'S FAIR.  LET'S SEE.
21           THE PROPONENTS WILL MAKE THEIR PROFFER ON MAY 5.  THE
22   PLAINTIFFS WILL SERVE AND FILE THEIR OBJECTIONS ON MAY 7.  AND
23   WOULD YOU LIKE UNTIL THE 11TH OR THE 12TH TO FILE A RESPONSE TO
24   THE OBJECTIONS?
25           **MR. PANUCCIO:**  THE 12TH WOULD BE FINE, YOUR HONOR.

1        **THE COURT:** WHAT'S THAT?

2        **MR. PANUCCIO:** THE 12TH WOULD BE, YES, GREAT, YOUR
3   HONOR.

4        **THE COURT:** THAT WILL BE FINE.

5        **MR. PANUCCIO:** OKAY.

6        **THE COURT:** MAY 12 FOR THE PROPONENTS TO FILE THEIR
7   REPLY TO THE PLAINTIFFS' OBJECTIONS.

8        **MR. PANUCCIO:** THANK YOU, YOUR HONOR.

9        **THE COURT:** AND AT WHICH POINT THEN THE EVIDENTIARY
10  RECORD IN THE CASE WOULD BE CLOSED.

11       **MR. PANUCCIO:** THANK YOU, YOUR HONOR.

12       ONE FURTHER POINT, I'M SORRY.

13       **THE COURT:** SURE.

14       **MR. PANUCCIO:** WE DID, AT THE END OF TRIAL -- WE
15  DON'T ANTICIPATE AT THIS POINT -- WELL, LET ME GO BACK AND SAY,
16  AT THE END OF TRIAL WHEN MR. THOMPSON BROUGHT THIS ISSUE UP, HE
17  SAID THERE MAY BE A NEED TO CALL WITNESSES ON A SUBJECT MATTER
18  BASED ON WHAT THE DOCUMENTS SHOW. WE DON'T ANTICIPATE THAT AT
19  THIS TIME, BUT I DON'T WANT MY -- WITHOUT HAVING -- WITHOUT OUR
20  HAVING REVIEWED THE DOCUMENTS, I DON'T WANT MY AGREEMENT HERE TO
21  THE SCHEDULE TO BE SEEN AS A WAIVER OF THAT RESERVATION AT THIS
22  TIME.

23       **THE COURT:** ALL RIGHT. THAT'S FAIR ENOUGH. I WILL
24  UNDERSTAND YOUR AGREEMENT TO THIS SCHEDULE IS CONSISTENT WITH
25  THAT LIMITATION.

1       **MR. PANUCCIO:** THANK YOU, YOUR HONOR.

2       **THE COURT:** WELL, THAT BEING --

3       **MR. PASAHOW:** I'M SORRY, YOUR HONOR. ONE QUESTION
4  ABOUT OUR MINOR PART OF THIS, AND THAT IS, IF THERE ARE
5  OBJECTIONS ABOUT OUR PRODUCTION, SHOULD WE HAVE A MEET AND
6  CONFER BUILT INTO THIS, BEFORE WE ALL WIND UP BACK BEFORE YOUR
7  HONOR TO SEE IF WE CAN RESOLVE WHATEVER THE QUESTION IS?

8       **THE COURT:** WHY NOT MEET AND CONFER THAT MORNING OF
9  THE 3RD?

10      **MR. PASAHOW:** THAT'S FINE, YOUR HONOR.

11      SO, WE WILL HEAR FROM THE PARTIES ABOUT ANY CONCERNS,
12 THOUGH, BEFORE THEY FILE SOME OBJECTIONS?

13      **THE COURT:** YOU WILL HEAR ABOUT THAT ON FRIDAY, AND
14 YOU CAN OBVIOUSLY CONFER BEFORE THE 3RD, WHICH IS MONDAY, BUT IF
15 YOU'VE NOT BEEN ABLE TO WORK THINGS OUT, LET'S COME HERE AND SIT
16 DOWN AND IF YOU NEED ANY JUDICIAL ASSISTANCE IN THIS ENDEAVOR.
17 I'LL BE HAPPY TO TRY TO BE OF ASSISTANCE, OR THE MAGISTRATE
18 JUDGE WILL TRY TO BE OF ASSISTANCE.

19      I'M HOPEFUL THAT WHAT WE WILL HEAR FROM THE
20 PROPONENTS AND THE PLAINTIFFS ON FRIDAY IS THEIR VIEW THAT THERE
21 HAS BEEN COMPLIANCE, AND, IN THAT EVENT, THEN I'LL DISCHARGE THE
22 ORDER TO SHOW CAUSE.

23      **MR. BOMSE:** YOUR HONOR, I FULLY EXPECT THAT IS WHAT
24 YOU WILL HEAR, BUT IN THE EVENT THAT THERE ARE QUESTIONS OR
25 ISSUES, IT DOES SEEM TO ME THAT THERE IS SOME UTILITY IN HAVING

1 AN ACTUAL CONVERSATION, SUFFICIENT IN ADVANCE SO THAT IF THERE'S
2 SOMETHING MORE THAT WE NEED TO DO, WE CAN HAVE IT DONE BY THE
3 TIME WE APPEAR HERE ON MONDAY MORNING, OR OBVIATE THE NECESSITY
4 FOR THAT APPEARANCE, AND I WAS GOING TO SUGGEST IF THE COURT
5 COULD SET A SATURDAY MORNING CONVERSATION, THAT MIGHT BE USEFUL
6 IN THE EVENT, WHICH, AS I SAY, I DON'T EXPECT TO HAPPEN.
7       **THE COURT:**  A SATURDAY MORNING CONVERSATION AMONG THE
8 LAWYERS?
9       **MR. BOMSE:**  AMONG THE LAWYERS.  ALTHOUGH WE HAVE
10 RECEIVED ORDERS FROM YOUR HONOR OVER THE WEEKENDS SUGGESTING
11 THAT YOU ARE NOT CONFINING YOUR WORKDAY TO MONDAY TO FRIDAY.  WE
12 CERTAINLY DON'T INTEND TO IMPOSE UPON YOUR HONOR'S SCHEDULE.
13 THIS WAS MY SUGGESTION JUST FOR THE COUNSEL.
14       **THE COURT:**  WELL, IS THAT AGREEABLE, MR. PANUCCIO?
15       **MR. PANUCCIO:**  YES, YOUR HONOR.
16       **THE COURT:**  AND MR. DUSSEAULT?
17       **MR. DUSSEAULT:**  THAT'S FINE.
18       **THE COURT:**  ALL RIGHT.
19       **MR. BOMSE:**  THANK YOU VERY MUCH, YOUR HONOR.
20       **THE COURT:**  ONE HOPES IT WILL NOT BE NECESSITY.  IF
21 IT IS, IT'S A GOOD IDEA.  THANK YOU, MR. BOMSE.
22       ALL RIGHT.  WELL, THE CLERK HAS REMINDED ME THAT SHE
23 WOULD LIKE TO BE SURE THAT THE PROPONENTS AND THE PLAINTIFFS CAN
24 FILE THEIR SUBMISSIONS BY NOON ON FRIDAY.  IS THAT AGREEABLE,
25 MR. DUSSEAULT AND MR. PANUCCIO?

1           **MR. DUSSEAULT:**  YES.

2           **MR. PANUCCIO:**  YES, YOUR HONOR.

3           **MR. DUSSEAULT:**  YOUR HONOR, MAY WE CLARIFY WHICH
4    FRIDAY?

5           **THE COURT:**  FRIDAY, THE 30TH.

6           **MR. DUSSEAULT:**  FRIDAY THE 30TH, SUBMISSION BY NOON,
7    ABSOLUTELY.

8           **THE COURT:**  OKAY.

9           ALL RIGHT.  I THINK THAT WILL TAKE CARE OF THE MATTER
10   WITH RESPECT TO THE NO ON 8 GROUPS' PRODUCTION OF DOCUMENTS.

11          NOW, WITH RESPECT TO THE OTHER MATTERS, WHAT I'D LIKE
12   TO DO IS SET A SCHEDULE FOR THE REMAINDER OF THE CASE, AND
13   HERE'S WHAT I HAVE IN MIND:

14          THAT I AM INCLINED TO GRANT THE PROPONENTS' AND
15   DR. TAM'S MOTION FOR RECONSIDERATION AND SO WOULD, THEREFORE,
16   ASK THE PLAINTIFFS TO SERVE AND FILE THEIR OPPOSITION TO THE
17   PROPONENTS' AND DR. TAM'S MOTION FOR RECONSIDERATION ON OR
18   BEFORE MAY 6, WITH THE PROPONENTS AND DR. TAM TO SERVE AND FILE
19   THEIR REPLY BY MAY 10 AT NOON ON BOTH DAYS, AND THEN TO SET
20   CLOSING ARGUMENT IN THE CASE FOR JUNE 16 AT 10:00 A.M.

21          WHAT I WILL DO PRIOR TO THAT JUNE 16 DAY DATE IS TO
22   ISSUE AN ORDER WITH SOME ISSUES THAT WILL BE HELPFUL TO THE
23   COURT IN DECIDING WHAT SHOULD BE ARGUED ON JUNE 16, SO THAT MAY
24   GIVE WHOEVER DOES THE ARGUMENTS SOME GUIDANCE, BUT I'M HOPEFUL
25   THAT WE CAN PUT THE CASE ON THAT TRACK TO A DISPOSITION ON THE

```
 1  16TH OF JUNE.
 2           NOW, WHAT YOU, MR. DUSSEAULT AND MR. PANUCCIO, SHOULD
 3  DO IS CONFER WITH YOUR COLLEAGUES, AND IF THAT JUNE 16 DATE IS
 4  NOT PRACTICAL, TO CONTACT THE COURT CLERK AND GIVE US SOME
 5  SUGGESTED DATES WHEN YOUR COLLEAGUES ARE ABLE TO APPEAR FOR
 6  CLOSING ARGUMENTS.
 7           MR. PANUCCIO?
 8           **MR. PANUCCIO:**  JUST ONE QUESTION.  IF THAT DATE DOES
 9  NOT WORK -- AND I DON'T KNOW -- BUT IS THERE ANY RANGE OF DATES
10  YOU WOULD PREFER SUGGESTED DATES TO COME WITHIN?
11           **THE COURT:**  I THINK IT WILL HAVE TO BE IN JUNE AS A
12  PRACTICAL MATTER.  IT'S GOING TO TAKE SOME TIME TO GET READY.
13           IN ADDITION, I'D LIKE TO GET ALL OF THE MATTERS
14  ASSOCIATED WITH THESE DOCUMENTS THAT ARE COMING IN FROM THE
15  NO ON 8 GROUPS TAKEN CARE OF, AND THAT'S GOING TO TAKE SOME
16  TIME.  SO I THINK, AS A PRACTICAL MATTER, WE ARE GOING TO HAVE
17  TO GO INTO JUNE FOR THE CLOSING ARGUMENTS, BUT THAT'S THE
18  TIMEFRAME I HAVE IN MIND.
19           **MR. PANUCCIO:**  THANK YOU, YOUR HONOR.
20           **THE COURT:**  MR. DUSSEAULT?
21           **MR. DUSSEAULT:**  YOUR HONOR, YOUR PROPOSAL IS
22  ACCEPTABLE TO PLAINTIFFS.  THANK YOU.
23           **THE COURT:**  ALL RIGHT.  ANYTHING FURTHER?  MR. BOMSE?
24  MR. PASAHOW?
25           **MR. BOMSE:**  NO, YOUR HONOR.
```

```
 1           MR. PASAHOW:  NO, YOUR HONOR.
 2           THE COURT:  MR. DUSSEAULT?
 3           MR. DUSSEAULT:  NO, YOUR HONOR.
 4           THE COURT:  MR. PANUCCIO.
 5           MR. PANUCCIO:  THANK YOU, YOUR HONOR.
 6           THE COURT:  HOW ABOUT YOU, MR. STROUD?
 7           MR. STROUD:  NO, YOUR HONOR.  THANK YOU.
 8           THE COURT:  ALL RIGHT.
 9           AND FOR THE ATTORNEY GENERAL?
10           MS. PACHTER:  NOTHING, YOUR HONOR.  THANK YOU.
11           THE COURT:  VERY WELL.  COUNSEL, I APPRECIATE YOUR
12   GOOD EFFORTS TO WORK THIS OUT AND HOPE WE DON'T TO HAVE VISIT
13   THIS SUBJECT.
14           MR. BOMSE:  THANK YOU, YOUR HONOR.
15           MR. PASAHOW:  THANK YOU, YOUR HONOR.
16                   (PROCEEDINGS ADJOURNED.)
17
18
19
20
21
22
23
24
25
```

## **CERTIFICATE OF REPORTER**

     I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 09-2292 VRW, KRISTIN M. PERRY, ET AL. V. ARNOLD SCHWARZENEGGER, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

     THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

S/B JOAN MARIE COLUMBINI

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

MONDAY, MAY 3, 2010