1  GIBSON, DUNN & CRUTCHER LLP
   Theodore B. Olson, SBN 38137
2  *tolson@gibsondunn.com*
   Matthew D. McGill, *pro hac vice*
3  1050 Connecticut Avenue, N.W., Washington, D.C. 20036
   Telephone: (202) 955-8668, Facsimile: (202) 467-0539
4  Theodore J. Boutrous, Jr., SBN 132009
   *tboutrous@gibsondunn.com*
5  Christopher D. Dusseault, SBN 177557
   Ethan D. Dettmer, SBN 196046
6  333 S. Grand Avenue, Los Angeles, California 90071
   Telephone: (213) 229-7804, Facsimile: (213) 229-7520
7  BOIES, SCHILLER & FLEXNER LLP
   David Boies, *pro hac vice*
8  *dboies@bsfllp.com*
   333 Main Street, Armonk, New York 10504
9  Telephone: (914) 749-8200, Facsimile: (914) 749-8300
   Jeremy M. Goldman, SBN 218888
10 *jgoldman@bsfllp.com*
   1999 Harrison Street, Suite 900, Oakland, California 94612
11 Telephone: (510) 874-1000, Facsimile: (510) 874-1460

12 Attorneys for Plaintiffs
   KRISTIN M. PERRY, SANDRA B. STIER,
   PAUL T. KATAMI, and JEFFREY J. ZARRILLO
13
   Dennis J. Herrera, SBN 139669
14 Therese M. Stewart, SBN 104930
   Danny Chou, SBN 180240
15 One Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
16 Telephone: (415) 554-4708, Facsimile (415) 554-4699

17 Attorneys for Plaintiff-Intervenor
   CITY AND COUNTY OF SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, *et al.*, <br><br> Defendants, <br><br> and <br><br> PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*, <br><br> Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW <br><br> **PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S RESPONSE TO PROPONENTS' MOTION TO SUPPLEMENT THE RECORD** <br><br> Trial: January 11-27, 2010 <br><br> Judge: Chief Judge Vaughn R. Walker <br>         Magistrate Judge Joseph C. Spero <br><br> Location: Courtroom 6, 17th Floor |

**PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S RESPONSE**

In their Motion to Supplement the Record, Proponents seek to move into evidence 115 new exhibits recently produced by third parties Campaign for Marriage Equality: A Project of the American Civil Liberties Union of Northern California and Equality California (collectively "the ACLU") pursuant to this Court's March 5 and March 22 orders, Docs ##610, 623. Proponents offer the vast majority of these documents to support the argument they advanced at trial that gay and lesbian individuals constitute a politically powerful group in American society. Proponents would use these recently produced exhibits to prove facts, such as the involvement of particular groups in the No on 8 campaign and the financial resources available to the campaign, that were publicly known and available to Proponents and their retained experts long before trial but that they chose not to present. Remarkably, Proponents even seek to supplement the record three months after the close of live testimony with news articles and press releases that were published before Proposition 8 ("Prop. 8"), and some of which were produced by the ACLU before trial. In addition, the new exhibits are inadmissible hearsay lacking in foundation, as they are out of court statements by nonparties offered for the truth of the matter asserted where there is no record that the party making the statement has a proper foundation for that statement.

Therefore, Plaintiffs and Plaintiff-Intervenor object to the evidence that Proponents now seek to admit as hearsay, irrelevant, and untimely. However, in the interest of judicial economy and to avoid imposing on the Court the burden of examining and ruling upon each of the tendered exhibits, Plaintiffs and Plaintiff-Intervenor would not object to the Court taking judicial notice of the exhibits identified in Proponents' Motion, as it did at trial with many documents that Proponents offered with no witness to vouch for their reliability, if the Court is disposed to do so at this late stage in the proceedings.

In any event, Proponents' 115 new exhibits should be afforded little or no weight and do not undermine *any* of the elements of *any* of Plaintiffs' claims. These documents are isolated statements by individuals and entities who are not parties to this case who tried, unsuccessfully, to persuade

Californians *not* to strip gay and lesbian individuals of their fundamental right to marry.[1] At most, these documents demonstrate the unsurprising fact that some groups and individuals worked, albeit unsuccessfully, to oppose the popular effort to enact state-sponsored discrimination against gay and lesbian individuals, just as groups and individuals have worked on behalf of other politically powerless groups in our nation's history. The fact that the majority encounters some resistance on the way to violating the basic rights of a minority group, or that some voters oppose the violation of those rights, does not establish that the minority group possesses meaningful political power. Proponents' new exhibits do not contradict any testimony by Dr. Segura and certainly do not prove that gay and lesbian individuals as a group possess a meaningful degree of political power, nor do they prove that any rational—let alone compelling—basis exists to exclude gay and lesbian individuals from the institution of marriage.

At trial, Plaintiffs and Plaintiff-Intervenor presented the testimony of leading experts, and even used the testimony of Proponents' own experts, to establish, among other things, that (i) gay and lesbian individuals lack the political power to protect their basic rights when they are put up to a state-wide vote, Doc #608-1 at 176-195 (PFF 202-228)[2]; (ii) there is a long history of discrimination against gay and lesbian individuals that persists today, *id*. at 150-176 (PFF 184-201); (iii) Prop. 8 harms gay and lesbian individuals and their families, *id*. at 64-116 (PFF 108-147); and (iv) Prop. 8 does not promote any legitimate governmental interest, *id*. at 195-273 (PFF 229-297). Proponents failed to refute Plaintiffs' and Plaintiff-Intervenor's showing on these critical issues, and so they now seek to add new evidence to the record at the same time that they seek to strike from the record evidence presented against them. Proponents' tactics are to no avail. The record before the Court

---

[1] Proponents do not purport to offer these exhibits to prove the intent of those Californians who voted in favor of Prop. 8, nor are they relevant to that issue.

[2] Because Plaintiffs and Plaintiff-Intervenor compiled the evidence proving particular elements of their claims in their Annotated Amended Proposed Findings of Fact and Conclusions of Law ("PFF"), Doc #608-1, they cite to the PFFs here and incorporate by reference both the proposed findings and the evidence set forth in support of each such finding.

Gibson, Dunn & Crutcher LLP

clearly establishes that Prop. 8 violates the Due Process and Equal Protection rights of Plaintiffs and thousands of other Californians, and it cannot stand.

In summary, while Plaintiffs and Plaintiff-Intervenor do not object to this Court taking judicial notice of Proponents' newly offered exhibits in the same manner that it did many other exhibits offered by Proponents at trial, the exhibits deserve little or no weight and do nothing to refute Plaintiffs' and Plaintiff-Intervenor's showing that Prop. 8 is unconstitutional.

Respectfully submitted,

DATED: May 7, 2010

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas

By: _____/s/_____
Theodore B. Olson

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Steven Holtzman
Jeremy M. Goldman
Roseanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno
Joshua I. Schiller

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO

///

///

///

|    |                                                            |
|----|------------------------------------------------------------|
| 1  | DENNIS J. HERRERA                                          |
|    | City Attorney                                              |
| 2  | THERESE M. STEWART                                         |
|    | Chief Deputy City Attorney                                 |
| 3  | DANNY CHOU                                                 |
|    | Chief of Complex and Special Litigation                    |
| 4  | RONALD P. FLYNN                                            |
| 5  | VINCE CHHABRIA                                             |
|    | ERIN BERNSTEIN                                             |
| 6  | CHRISTINE VAN AKEN                                         |
|    | MOLLIE M. LEE                                              |
| 7  | Deputy City Attorneys                                      |

By: _____/s/_____
Therese M. Stewart

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

By: _____/s/_____
        Theodore B. Olson