# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue NW
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

May 24, 2010

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

Re:   *Perry v. Schwarzenegger*, No. C-09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker:

I write on behalf of Defendant-Intervenors Hollingsworth, Knight, Gutierrez, Jansson, and ProtectMarrige.com ("Proponents") in response to the Media Coalition's letter of May 18, 2010, Doc # 670, and to reiterate our objection to public broadcast of the trial proceedings in this case.  Despite the Supreme Court's determination that "[t]his case is … not a good one for a [public broadcast] pilot program," *Hollingsworth v. Perry*, 130 S. Ct. 705, 714 (2010), the Media Coalition again asks this Court to publicly broadcast a portion of the trial proceedings.  Proponents respectfully submit that an order permitting public broadcast would violate (i) the letter and spirit of the Supreme Court's stay order, (ii) the only valid Northern District of California and Ninth Circuit policies bearing upon this issue, and (iii) Proponents' due process rights to a fair trial.  Accordingly, the Media Coalition's request should be promptly rejected.

*First*, an order allowing trial proceedings to be broadcast publicly would violate the Supreme Court's stay of this Court's order authorizing "the broadcast of [this] federal trial." *Hollingsworth*, 130 S. Ct. at 706; *see also id*. at 709 ("We therefore stay the court's January 7, 2010, order to the extent that it permits the live streaming of court proceedings….").  As the Court explained, even "[i]f Local Rule 77-3 had been validly revised, questions would still remain about the District Court's decision to allow broadcasting of this particular trial." *Id.* at 714.  These questions led the Court to conclude, as noted above, that this case is ill-suited for inclusion in an experimental pilot program.

*Second*, under controlling Ninth Circuit policy, this Court has no authority to enter an order permitting public broadcast in this case, and to the extent revised L.R. 77-3 purports to allow for such authority, it is invalid.  Pursuant to federal statute, the Ninth Circuit Judicial Council is authorized to make or amend "[a]ny general order relating to practice and procedure

The Honorable Vaughn R. Walker
May 24, 2010
Page 2 of 3

… *only after* giving appropriate public notice and an opportunity for comment." 28 U.S.C. § 332(d)(1) (emphasis added). In 1996, the Ninth Circuit Judicial Council "adopt[ed] the policy of the Judicial Conference of the United States" banning the public broadcast of proceedings in federal district courts. *See* Doc # 324-1 at 4 (hereinafter the "1996 Policy"). Since that time, the Judicial Council has not given "appropriate notice and an opportunity for comment" of a proposed amendment to the governing 1996 Policy. The Judicial Council did issue a press release on December 17, 2009, stating that it "has approved, on an experimental basis, the limited use of cameras in federal district courts within the circuit"—an "action" which purports to "amend[] [the] 1996 Ninth Circuit policy."[1] The December 17 press release, however, did not comport with the statutory requirements for notice and comment and is therefore invalid. *See* 130 S. Ct. at 711 (concluding that the amended version of L.R. 77-3 "appears to be invalid" because the Court failed to give the statutorily required public notice and an opportunity for comment); *see also id.* at 712 (citing 28 U.S.C. § 332(d)(1) and noting that the Ninth Circuit's policy amendment "was not adopted after notice and comment procedures"). Thus, because the 1996 Policy remains the only valid Circuit rule in effect, this Court has no authority to permit public broadcast of trial proceedings. *See* 28 U.S.C. § 332(d)(2) ("All judicial officers and employees of the circuit shall promptly carry into effect all orders of the judicial council.").

     *Third*, neither the amendment to L.R. 77-3 nor the Ninth Circuit Judicial Council's press release sets forth any standards or guidelines to regulate the selection of cases and the use of cameras during trial proceedings. The Supreme Court explicitly emphasized that this was a serious defect that supported its "decision to grant extraordinary relief." *Hollingsworth*, 130 S. Ct. at 713; *see also id.* ("The District Court here attempted to revise its rules in haste … to allow broadcasting of this high-profile trial without any considered standards or guidelines in place."); *id.* (explaining that "the lack of a regular rule with proper standards to determine the guidelines for broadcasting could compromise the orderly, decorous, rational traditions that courts rely upon to ensure the integrity of their own judgments"); *id.* (stating that "Congress has illustrated the need for careful guidelines and standards" in any program authorizing public broadcast of federal trial proceedings). Indeed, the Judicial Council's press release authorizes the "chief judge of the district court in consultation with the chief circuit judge" to select cases for public broadcast of district court trial proceedings. It appears, in fact, that the chief judges of the District Court and the Ninth Circuit have absolute discretion to select these cases. Yet neither the press release nor revised L.R. 77-3 provides any procedure by which litigants and other interested parties may present concerns and objections to the chief judges. This raises serious due process concerns.

     *Fourth*, there is little merit to the Media Coalition's argument that "the concerns earlier reviewed by the Supreme Court should not preclude" the public broadcast of closing arguments because they "will solely consist of the arguments of counsel—and not witness testimony or evidence." As an initial matter, the parties may play excerpts from the video-recorded

---

[1] *See* http://www.ce9.uscourts.gov/cm/articlefiles/137-Dec17_Cameras_Press%20Relase.pdf.

The Honorable Vaughn R. Walker
May 24, 2010
Page 3 of 3

depositions during the course of closing arguments.  In any case, in *Hollingsworth*, the Supreme Court specifically cited the findings and policies of the Judicial Conference of the United States, noting that while those policies "may not be binding on the lower courts, they are at the very least entitled to respectful consideration."  130 S. Ct. at 712 (quotation marks omitted).  While it is true that the deleterious effect of public broadcast on witnesses is one of the concerns undergirding the Judicial Conference's policy, it is by no means the only concern.  As we have explained previously, the Judicial Conference's policy also rests on findings that public broadcast has negative effects on some judges and attorneys, including distraction, grandstanding, and avoidance of unpopular decisions or positions.  Moreover, the Judicial Conference has repeatedly stressed that "the presence of cameras in a trial courtroom … increases security and safety issues" and that "[t]hreats against judges, lawyers, and other participants could increase even beyond the current disturbing level."  Doc # 324-2 at 4.  And all of these findings were with respect to run-of-the-mine cases, not "high-profile, divisive cases" like this one.  *Hollingsworth*, 130 S. Ct. at 714 (citing "warning by Judge Edward R. Becker that in 'truly high-profile cases,' one can '[j]ust imagine what the findings would be'").

      For all of these reasons, and in light of the Supreme Court's stay opinion, Proponents respectfully submit that the Court should deny the Media Coalition's renewed request to publicly broadcast this federal trial.

                                    Respectfully submitted,

                                    /s/ Charles J. Cooper

                                    Charles J. Cooper
                                    Counsel for Proponents