# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

June 30, 2010

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker,

      I write in response to plaintiffs' letter of June 29, 2010, bringing to this Court's attention the United States Supreme Court's decision in *Christian Legal Society v. Martinez*, No. 08-1371 (U.S. June 28, 2010).

      *Christian Legal Society* upheld against a First Amendment challenge a policy of the University of California Hastings College of Law requiring that membership in a "Registered Student Organization" (RSO) be open to all students, regardless of status or beliefs. *See* slip op. at 4, 12. The Christian Legal Society had argued that its exclusionary policy classified on the basis of *belief* rather than on *status*, and was therefore constitutionally protected. In finding that the Law School's policy was reasonable, the Supreme Court credited the Law School's argument that "the all-comers requirement helps Hastings police the terms of its Nondiscrimination Policy without inquiring into an RSO's motivation for membership restrictions." *Id*. at 22. As the Supreme Court further explained, "[t]he Law School's policy aims at the *act* of rejecting would-be group members without reference to the reasons motivating that behavior." *Id*. at 30 (emphasis in *Christian Legal Society*). The Court illustrated its point with a hypothetical:

> If a hypothetical Male-Superiority Club barred a female student from running for its presidency, for example, how could the Law School tell whether the group rejected her bid because of her sex or because, by seeking to lead the club, she manifested a lack of belief in its fundamental philosophy?

*Id.* at 22. The language cited by plaintiffs was offered simply to explain the difficulty that the Law School would face in attempting to evaluate the legitimacy and sincerity of proffered justifications for excluding students from membership in an RSO. *See id*. at 22-23.

The Honorable Vaughn R. Walker
June 30, 2010
Page 2 of 2

      Thus, contrary to plaintiffs' submission, *Christian Legal Society* did not address, let alone purport to resolve, questions regarding the definition or nature of sexual orientation, whether homosexuality is immutable, or whether gays and lesbians constitute a suspect class for purposes of the Equal Protection Amendment.  The isolated, out-of-context statements quoted by plaintiffs suggest at most that discrimination on the basis of homosexual conduct is, in certain contexts, a reasonable proxy for discrimination against gays and lesbians.  But even assuming that this unremarkable proposition somehow points toward a behavioral definition of homosexuality, it by no means follows that homosexual behavior is immutable, let alone that *High Tech Gays*—which, after all, focused on a behavioral definition of homosexuality—was wrongly decided.

      In short, *Christian Legal Society* simply did not address, let alone call into question, well settled precedent from the Ninth Circuit—and every other Circuit to address the issue—that laws that draw distinctions based on sexual orientation are subject only to rational basis scrutiny under the Equal Protection Clause.

      Sincerely,

      /s/ Charles J. Cooper

      Charles J. Cooper
      Counsel for Defendant-Intervenors