# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Theodore B. Olson
Direct: 202.955.8668
Fax: 202.530.9575
TOlson@gibsondunn.com

Client: T 36330-00001

July 9, 2010

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
  for the Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

Re:  *Perry v. Schwarzenegger*, Case No. C-09-2292 VRW

Dear Chief Judge Walker:

I write on behalf of Plaintiffs and Plaintiff-Intervenor to bring to the Court's attention yesterday's decisions in *Gill v. Office of Personnel Management*, No. 1:09-cv-10309-JLT (D. Mass. July 8, 2010) (Tauro, J.) (attached hereto as Exhibit A) and *Commonwealth of Massachusetts v. Department of Health and Human Services*, No. 1:09-cv-11156-JLT (D. Mass. July 8, 2010) (Tauro, J.) (attached hereto as Exhibit B).

*Gill* holds that the federal Defense of Marriage Act ("DOMA") violates equal protection because it is not rationally related to a single legitimate governmental purpose.  Explaining that the rational basis test "demands some *reasonable* relation between the classification in question and the purpose it purportedly serves," *Gill*, slip op. at 37, the court dismantled each and every justification proffered for DOMA.  In so doing, the court considered and rejected many of the same irrational justifications asserted by Proponents in defense of Proposition 8.

*Gill* flatly rejected the alleged interest in "responsible procreation," explaining that "a consensus has developed among the medical, psychological, and social welfare communities that children raised by gay and lesbian parents are just as likely to be well-adjusted as those raised by heterosexual parents." *Id.* at 23-24.  In any event, "a desire to encourage heterosexual couples to procreate and rear their own children more responsibly would not provide a rational basis for denying federal recognition to same-sex marriages" but, rather, would serve only to harm the children of same-sex couples. *Id.* at 24.  And "the ability to procreate is not now, nor has it ever been, a precondition to marriage in any state in the country." *Id.* at 25.

The court also dismissed the "asserted interest in defending and nurturing heterosexual marriage":  "[T]his court cannot discern a means by which the federal government's denial of benefits to same-sex spouses might encourage homosexual people to marry members of the opposite sex.  And denying marriage-based benefits to same-sex spouses certainly bears no reasonable relation to any interest the government might have in making heterosexual marriages more secure." *Id*.

In addition, *Gill* held that Congress could not "deny recognition to same-sex marriages in order to make heterosexual marriage appear more valuable or desirable" because doing so

GIBSON DUNN

The Honorable Vaughn R. Walker
July 9, 2010
Page 2

would inflict significant harm on same-sex couples, and "a bare congressional desire to harm a politically unpopular group" is not a legitimate government interest.  *Id*. at 25-26 (quoting *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973)).

The court also held that DOMA may not be sustained "by reference to the objective of defending traditional notions of morality"—an objective that was categorically rejected in *Lawrence v. Texas*, 539 U.S. 558 (2003).  *Gill*, slip op. at 26.

Likewise, *Gill* rejected the government's argument that it was rational for Congress to preserve the "status quo":  "[T]his court seriously questions whether it may even consider preservation of the status quo to be an 'interest' independent of some legitimate governmental objective that preservation of the status quo might help to achieve.  Staying the course is not an end in and of itself, but rather a means to an end."  *Id.* at 32-33.  The court also dismissed as an "utterly unpersuasive excuse" the government's purported interest in lessening the "administrative burden" that would result from recognizing same-sex marriages.  *Id.* at 35-36.

Because "the proffered rationales for [DOMA] are clearly and manifestly implausible," the court explained, "animus is the only explicable basis."  *Id.* at 37 (internal quotation marks omitted).  And because "animus alone cannot constitute a legitimate government interest," "DOMA lacks a rational basis to support it" and violates equal protection.  *Id*. (internal quotation marks omitted).

In a separate decision addressing the Commonwealth of Massachusetts's claim that DOMA violated the Tenth Amendment and the Spending Clause, the court also concluded that, by forcing Massachusetts to enforce DOMA, the federal government would be requiring Massachusetts to violate the Equal Protection Clause of the Fourteenth Amendment.  *Commonwealth of Mass.*, slip op. at 27.

The companion decisions in *Gill* and *Commonwealth of Massachusetts* thus provide further, compelling support for Plaintiffs' and Plaintiff-Intervenor's claim that Proposition 8 violates equal protection because none of the unfounded rationales asserted by Proponents in justification of Proposition 8 can sustain this discriminatory law.

Respectfully submitted,

*/s/ Theodore B. Olson*
Theodore B. Olson
Counsel for Plaintiffs

TBO/eam
Enclosure(s)