# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

July 14, 2010

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the
 Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *Perry v. Schwarzenegger*, No. C 09-2292 VRW (N.D. Cal.)

Dear Chief Judge Walker,

      I write in response to Plaintiffs' letter of July 9, 2010, bringing to this Court's attention two recent decisions of the United States District Court for the District of Massachusetts: *Commonwealth of Massachusetts v. United States Department of Health & Human Services*, No. 1:09-11156-JLT (D. Mass. July 8, 2010) (Doc #700-2), and *Gill v. Office of Personnel Management*, No. 09-10309-JLT (D. Mass. July 8, 2010) (Doc #700-1).

      *Commonwealth of Massachusetts* holds that the Defense of Marriage Act ("DOMA"), by defining marriage for federal law purposes as the legal union between one man and one woman, exceeds the federal government's constitutional power under the Spending Clause and violates the Tenth Amendment to the United States Constitution.  According to the Massachusetts District Court, then, the *federal* government has no power to adopt a *federal* law definition of marriage for the purpose of determining eligibility for *federal* funds and other *federal* benefits tied to marital status.  This ruling, obviously, is wrong, but the court did correctly observe that "the ability to define the marital status of … citizens" is "a core area of state sovereignty." *Commonwealth of Massachusetts*, slip op. at 28.  Indeed, the court emphasized that "State control over marital status determinations is a convention rooted in the early history of the United States, predating even the American Revolution," and that as a result of states exercising this control "rules and restrictions on the subject" have at times "varied widely from state to state." *Id.* at 30.  Just as Massachusetts has the sovereign authority to redefine marriage to include same-sex couples, so too does California have the constitutional authority to continue to adhere to the venerable definition of marriage as the union of a man and a woman, as it has throughout its history.

      *Gill*, the companion case to *Commonwealth of Massachusetts*, holds that the equal protection component of the Fifth Amendment requires the federal government to recognize Massachusetts' same-sex married couples on an equal footing with opposite-sex married couples.

The Honorable Vaughn R. Walker
July 14, 2010
Page 2 of 2

As Plaintiffs correctly note, the *Gill* court rejects the rationales offered in support of DOMA by the Congress and the Department of Justice, some of which we too have cited in support of Prop 8. The *Gill* case was thus also wrongly decided, for the reasons we have presented throughout the course of this case.

    Sincerely,

    /s/ Charles J. Cooper

    Charles J. Cooper
    Counsel for Defendant-Intervenors