IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v

ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G BROWN JR, in his official capacity as Attorney General of California; MARK B HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

    Defendants,

DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A JANSSON and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, as official proponents of Proposition 8,

    Defendant-Intervenors.
_____/

No C 09-2292 VRW

ORDER

On December 15, 2009, the County of Imperial, the Board of Supervisors of the County of Imperial and Isabel Vargas, the County of Imperials's Deputy Clerk/Deputy Commissioner of Civil Marriages (collectively "Imperial County") moved under FRCP 24 to intervene as defendants. Doc #311. Imperial County seeks "to ensure the possibility of appellate review of the important questions presented in this case, regardless of [their] outcome in this [c]ourt." Id at 10.

Plaintiffs oppose intervention. Doc #328. Defendant-intervenors, the official proponents of Proposition 8 ("proponents") support intervention. Doc #331. The government defendants filed cursory statements of non-opposition to intervention. Doc ##316 (Governor and administration), 320 (Attorney General), 321 (Los Angeles County Registrar-Recorder/County Clerk), 323 (Alameda County Clerk-Recorder). The court heard argument on the motion on January 6, 2010. See Doc #363 at 46-70 (hrg tr). Because Imperial County's intervention would ensure neither of its purported objectives in intervening and because Imperial County fails to satisfy the standards for intervention, Imperial County's motion to intervene is DENIED.

I

FRCP 24 permits, under certain circumstances, the intervention of a non-party in ongoing litigation. A non-party applicant seeking to intervene may do so of right or by permission of the court. The applicant bears the burden to demonstrate it meets the requirements for intervention under FRCP 24(a) or FRCP 24(b). <u>Petrol Stops Northwest v Continental Oil Co</u>, 647 F2d 1005,

1010 n5 (9th Cir 1981). In determining whether intervention is appropriate, the court is "guided primarily by practical and equitable considerations." Id.

To seek intervention as of right under FRCP 24(a), an applicant must make a four-part showing: (1) its application is timely; (2) it has a significant protectible interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair its ability to protect its interest; and (4) the existing parties may not adequately represent its interest. <u>Donnelly v Glickman</u>, 159 F3d 405, 409 (9th Cir 1998). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff[s'] claims." Id at 409.

The court may permit the applicant to intervene under FRCP 24(b) if the applicant satisfies three threshold criteria: (1) its motion is timely; (2) it has independent grounds for federal jurisdiction; and (3) its claim or defense and the main action share a common question of law or fact. <u>Greene v United States</u>, 996 F2d 973, 978 (9th Cir 1993).

Under either provision of FRCP 24, the threshold inquiry is whether the application is timely. FRCP 24's timeliness determination is left to the discretion of the district court. <u>Northwest Forest Resource Council v Glickman</u>, 82 F3d 825, 836 (9th Cir 1996). If an application is not timely, the court need not reach the remaining elements of FRCP 24. <u>United States v Washington</u>, 86 F3d 1499, 1503 (9th Cir 1996).

Imperial County asserts its motion is timely because it filed its motion one month before trial began and before the court entered judgment. Doc #311 at 13. Imperial County argues courts frequently permit intervention even after trial to facilitate appellate review. Id. Although Imperial County moved to intervene at a late stage in the proceedings and well after the court's July 24, 2009 deadline for intervention motions, the court will not rely on the untimeliness of Imperial County's proposed intervention as its intervention would not prejudice existing parties and there is no showing of bad faith. See Doc #311 at 14 (describing reasons for Imperial County's delay).

Furthermore, Imperial County raises serious concerns whether the existing defendants are willing and able to seek appellate review. See Doc #148 at 10; Doc #311 at 10; Doc #328 at 7. Imperial County states its motive for intervention is to defend Proposition 8 on appeal if no other defendant is willing or able to do so. See Doc #311 at 9, 10, 20. Accordingly, the court will turn to the other grounds for intervention beyond FRCP 24's threshold timeliness determination.

II

As explained below, Imperial County does not have a significant protectible interest in the outcome of plaintiffs' constitutional challenge to Proposition 8. Moreover, even if Imperial County did have an interest in the subject matter of this litigation, state law provides adequate procedures for Imperial County to protect that interest, and, in addition, the current state defendants adequately represent Imperial County's interest as

**4**

a matter of law. Accordingly, Imperial County is not entitled to intervene under FRCP 24(a).

### A

FRCP 24(a) requires an applicant to demonstrate a significant protectible interest; Imperial County asserts four, none of which is significantly protectible.

#### 1

First, Imperial County asserts county clerks and their deputies have a "direct interest in the same-sex marriage debate" because they perform "practical, day-to-day responsibilities relating to new marriages." Doc #311 at 15.

California statutes direct county clerks and county recorders to perform duties relating to civil marriage. <u>Lockyer v City and County of San Francisco</u>, 33 Cal 4th 1055, 1080 (2004). But all of these duties are "ministerial rather than discretionary." Id at 1081. Imperial County clerks and recorders must therefore apply California marriage laws "without regard to [their] own judgment or opinion concerning such act's propriety or impropriety." Id at 1082 (internal quotation omitted). The California Family Code designates the clerk of each county "a commissioner of civil marriages." § 401(a). County clerks' ministerial duties include solemnizing marriages, issuing marriage licenses and maintaining vital marriage records. Cal Fam Code § 400(b), § 350(a), § 511; Cal Health & Safety Code § 102285. County clerks are not vested with any discretion in the performance of their duties relating to marriage.

5

Under California law, the only obligation of Imperial County's clerk, Isabel Vargas, is to know the requirements of the operative marriage laws so that she can perform the duties of her office. If Vargas is uncertain about her duties under the operative marriage laws of California following entry of judgment in this case, she may pursue declaratory relief as discussed below, Part (I)(B). Vargas's duties as a county clerk are purely ministerial and do not create a significant protectible interest that bears a relationship to the plaintiffs' claims in this litigation.

2

Second, Imperial County argues its Board of Supervisors has an interest in this action because the Board has "ultimate responsibility to ensure that county clerks and their deputies faithfully perform their legal duties, including those relating to marriage." Doc #311 at 15.

Although a county board of supervisors generally must supervise the official conduct of county officers and ensure they faithfully perform their duties, Cal Gov Code § 25303, this supervisory responsibility does not extend to the marriage-related duties of county clerks. County clerks, although local officers when performing local duties, perform their marriage-related duties "under the supervision and direction of the State Registrar." Cal Health & Safety Code § 102295. The California Director of Health Services is designated as the State Registrar, Cal Health & Safety Code § 102175, and is charged with "supervisory power over local registrars, so that there shall be uniform compliance with

6

all the requirements of [the Health and Safety Code provisions relating to marriage]." Cal Health & Safety Code § 102180; see Lockyer, 33 Cal 4th at 1078. Upon request of the State Registrar, the California Attorney General "shall assist in the enforcement [of the Health and Safety Code provisions relating to marriage]." Cal Health & Safety Code § 102195. When California county clerks perform duties relating to marriage licenses and records, they are state officers. See Lockyer, 33 Cal 4th at 1080 (citing Boss v Lewis, 33 Cal App 792, 794 (1917)). The state, not the county, thus bears the "ultimate responsibility" to ensure county clerks perform their marriage duties according to California law.

3

Third, Imperial County asserts that its Board of Supervisors has an interest in this action arising from its authority as a locally-elected legislative body. Doc #311 at 17.

California's statutory scheme places marriage regulation "solely within the province of the [state] Legislature." Lockyer, 33 Cal 4th at 1074 (internal quotations omitted). "[M]arriage is a matter of statewide concern rather than a municipal affair." Id at 1080 (internal quotation marks omitted). State statutes on the subject of marriage preempt any conflicting local laws or practices. Id. California has a comprehensive and uniform statutory scheme for marriage that clearly defines the duties of public officers. See id at 1079-80. County clerks and recorders are the only local officials to whom the state has granted any duties regarding marriage, and California law does not authorize a local executive "or any other comparable local official to take any

7

action with regard to the process of issuing marriage licenses or registering marriage certificates." Id. Imperial County has no legally-recognized government role in the interpreting the marital statutory scheme, much less one capable of establishing the significant protectible interest required for intervention as of right.

4

Fourth, Imperial County asserts an interest based on the sworn duty of California public officials to support the California Constitution, including Proposition 8 and the "precious initiative right by which it was enacted." Doc #311 at 17; see id at 17 n2 (attempting to draw a distinction between Imperial County's purported interest and that of local officials who refuse to follow law based on their personal belief that law is unconstitutional).

California employees and officers swear an oath of office to support the California Constitution and the United States Constitution. Cal Const Art XX, § 3 (oath of office); Cal Gov Code § 18150 (public employees); Cal Gov Code § 1360 (state officers). But Imperial County officials can have no duty to enforce an unconstitutional provision. See <u>Romer v Evans</u>, 517 US 620, 623 (1996). Furthermore, as explained in the next subsection, even if Proposition 8 is valid, Imperial County lacks a significant protectible interest in the constitutionality of Proposition 8.

B

FRCP 24(a) requires an applicant seeking intervention as of right to demonstrate the disposition of the action may

8

practically impair or impede its ability to protect its interest. Imperial County argues the disposition of this action will affect county officials' ability to comply with Proposition 8 and will subject them to conflicting duties. Doc #311 at 19. This argument lacks merit.

Imperial County asserts it must intervene to avoid subjecting its county clerk and her deputies to "significant confusion * * * in the performance of [their] legal duties regarding marriage." Doc #311-2 at ¶3; Doc #311 at 18 (citing Vargas Decl ¶¶3-4). But Imperial County's clerk has no legitimate reason to be confused and will not be subjected to conflicting duties because the marriage-related legal duties performed by county clerks are ministerial rather than discretionary. Lockyer, 33 Cal 4th at 1081. County clerks have no discretion to disregard a legal directive from the existing state defendants, who are bound by the court's judgment regarding the constitutionality of Proposition 8. If Imperial County believes it is subject to conflicting duties and wants to challenge a directive from state officials, it may independently pursue declaratory relief.

If Imperial County does not obey state officials, state officials may seek a writ of mandate compelling Imperial County officials to perform the legal duties of their public office. See Cal Civ Proc Code § 1085(a). This was the writ proceeding before the California Supreme Court in Lockyer, 33 Cal 4th at 1066-67, in which the court held San Francisco officials exceeded the scope of their authority by refusing to enforce state marriage laws. Id at 1069. Faced with the Attorney General's petition for writ of mandate to compel San Francisco officials to perform the duties of

9

their office under the operative marriage laws of California, the <u>Lockyer</u> court did not need to determine whether those laws were constitutional. Id ("[we emphasize that the substantive question of the constitutional validity of California's statutory provisions * * * is not before our court in this proceeding"). State law thus provides clear methods to resolve any dispute between the state and Imperial County without regard to the constitutionality of Proposition 8.

Imperial County is charged with administering —— not interpreting or defending —— California's marriage laws. The court's disposition regarding the constitutionality of Proposition 8 has no effect on Imperial County's ministerial duties relating to marriage.

C

Even if Imperial County had an interest in the constitutionality of Proposition 8, FRCP 24(a) would require it to demonstrate that its interest is not adequately represented by the existing parties. Imperial County argues the existing state defendants do not adequately represent its interests because they may decline to defend Proposition 8 on appeal. Doc #311 at 19. Imperial County argues it has the right to intervene to stand in the place of the California Attorney General and Governor as a government defendant "willing to defend Proposition 8" on appeal. Id at 20. Imperial County cannot have an interest independent from the state defendants as a matter of law; accordingly, the state defendants adequately represent any interest Imperial County may claim in the constitutionality of Proposition 8.

10

Local governments are political subdivisions of the state that created them. <u>Hunter v City of Pittsburgh</u>, 207 US 161, 178-79 (1907). Because local governments are creatures of the state, the state has absolute authority over the powers of a local government and may modify, create or destroy those powers at will. Id; see also Cal Const Art XI, § 1(a); Cal Gov Code § 23002. California counties are vested only with powers that "the state itself may assume or resume and directly exercise." <u>Los Angeles County v Riley</u>, 6 Cal 2d 625, 627 (1936). Counties are thus vested only with the authority to administer state policy and to exercise the police power of the state at the local level. Id; see also <u>Marin County v Superior Court of Marin County</u>, 53 Cal 2d 633, 638-39 (1960); <u>Star-Kist Foods, Inc, v County of Los Angeles</u>, 42 Cal 3d 1, 6 (1986).

Counties and cities in California may adopt charters for local self-governance or "home rule." Cal Const Art XI, § 3(a). Local governments that have enacted a charter as their organic law have more autonomy over their local affairs and an additional layer of protection from preemption by state law. In contrast, general law counties such as Imperial County lack this grant of autonomy from the state. If a general law county's otherwise valid local legislation conflicts with state law, the local legislation is preempted and is void. <u>O'Connell v City of Stockton</u>, 41 Cal 4th 1061, 1067 (2007).

Even charter cities, which have a layer of protection for local measures that are deemed municipal affairs, may not legislate on the subject of marriage. <u>Lockyer</u>, 33 Cal 4th at 1080. The California Supreme Court has made clear that "in light of both the

11

historical understanding * * * [and] the importance of having uniform rules and procedures apply throughout the state to the subject of marriage, there can be no question but that marriage is a matter of 'statewide concern' rather than a 'municipal affair.'" Id at 1079-80. State laws on the subject of marriage preempt all conflicting local measures, including measures enacted by charter cities. Lockyer, 33 Cal 4th at 1080.

San Francisco, a charter city and county, lacks the power to legislate on the subject of marriage because marriage is a matter of statewide concern. Lockyer, 33 Cal 4th at 1080. If charter cities and counties lack the power to legislate on the subject of marriage, then Imperial County, as a general law county, has still less claim to power to legislate on the subject of marriage.

Given this legal framework, California law provides no basis for Imperial County's assertion that it has an interest in California marriage law, much less that its interests here are not adequately represented by the existing California defendants. Instead, as a matter of law, only the state itself has an interest in California marriage law.

Finally, California has not authorized any local government to exercise authority on the subject of marriage or to represent the interests of the state in this litigation. Although the state defendants filed cursory statements of non-opposition to Imperial County's motion to intervene, Doc ##316, 320, these statements fall far short of showing that California has delegated to Imperial County its sovereign authority to defend Proposition 8 on appeal. Among the existing defendants, only proponents filed a

12

substantive memorandum supporting Imperial County's intervention. Doc #331. The state thus has not granted Imperial County the authority to defend Proposition 8 on appeal.

For the foregoing reasons, Imperial County has no interest in the subject of this action and is, under California law, adequately represented by the existing state defendants. Imperial County thus has no right to intervene under FRCP 24(a).

### III

Imperial County moves in the alternative for permissive intervention under FRCP 24(b). The only basis for permissive intervention available to Imperial County lies in FRCP 24(b)(1)(B), which, in addition to a showing of timeliness, requires Imperial County to show that its defense and the main action share a common question of law or fact over which the court has jurisdiction. <u>Greene v United States</u>, 996 F2d at 978 (9th Cir 1993). Once an applicant satisfies these threshold criteria, the decision whether to permit intervention is committed to the discretion of the court. <u>Donnelly v Glickman</u>, 159 F3d 405, 412 (9th Cir 1998).

#### A

FRCP 24(b) requires an applicant to assert independent grounds for federal jurisdiction. The court considers whether it has subject matter jurisdiction to resolve the claims or defenses asserted by the applicant, not whether the applicant has independent Article III standing. See <u>Blake v Pallan</u>, 554 F2d 947, 956-57 (9th Cir 1977).

Imperial County seeks to join claims already before the court and seeks to rely on proponents' substantive defenses regarding the constitutionality of Proposition 8. See Doc #311 at 20-21. Because the court has subject matter jurisdiction over plaintiffs' claims against defendants, Imperial County's defense of Proposition 8 lies within this court's subject matter jurisdiction.

FRCP 24(b) further requires an applicant to demonstrate that its claims or defenses and the main action share a common question of law or fact. "The existence of a 'common question' is liberally construed." Bureegong v Uvawas, 167 FRD 83, 85 (CD Cal 1996) (internal citations omitted). Imperial County seeks to rely on proponents' legal defenses regarding the constitutionality of Proposition 8 on appeal. Doc #311 at 20. In addition, Imperial County shares common questions of law and fact with the existing local government defendants from the Los Angeles County and the Alameda County. Id at 21. Accordingly, Imperial County satisfies the threshold requirements for permissive intervention and the court thus turns to the discretionary factors for permissive intervention.

B

The discretionary factors include the nature and extent of the applicant's interest, whether the applicant's interests are adequately represented by other parties and whether intervention will prolong or unduly delay the litigation. Spangler v Pasadena City Bd of Ed, 552 F2d 1326, 1329 (9th Cir 1977) (internal citations omitted). In addition, the court may consider whether intervention would help develop the underlying factual issues and

14

adjudicate the legal questions presented and, importantly, whether the applicant has independent Article III standing. Id. Here, the Spangler factors weigh strongly against permitting Imperial County to intervene.

First, Imperial County will not contribute to the development of the underlying factual issues or the adjudication of the legal questions presented in this action. Imperial County's intervention motion states unequivocally it will conduct no discovery, has no information relevant to this case, seeks to introduce no new evidence and plans to adopt proponents' substantive legal arguments on appeal. Doc #311 at 9-10, 14, 20-21. Imperial County does not seek to participate as an "active party" in this action and instead seeks to intervene for one reason: "to address potential problems with standing" if the existing defendants are unwilling or unable to defend Proposition 8 on appeal. Id at 14, 10.

With Imperial County's stated purpose in mind, the court turns to the second factor weighing against permitting Imperial County to intervene: Imperial County lacks independent Article III standing to defend Proposition 8 on appeal.

Litigants must have standing under the case-or-controversy requirement of Article III, Section 2 of the United States Constitution. Arizonans for Official English v Arizona, 520 US 43, 64 (1997), citing NE Fla Ch, Associated General Contractors of America v Jacksonville, 508 US 656, 663-64 (1993) (standing required to sue); Diamond v Charles, 476 US 54, 56 (1986) (standing required to defend on appeal). The party invoking

federal jurisdiction bears the burden of establishing Article III standing. <u>Lujan v Defenders of Wildlife</u>, 504 US 555, 561 (1992).

Parties seeking to establish Article III standing must demonstrate they have suffered an "injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." <u>Defenders of Wildlife</u>, 504 US at 560 (internal citations and quotations omitted). "An interest shared generally with the public at large in the proper application of the Constitution and laws" does not establish injury in fact. <u>Arizonans for Official English</u>, 520 US at 64. Parties seeking to establish standing to defend on appeal in the place of an original defendant must possess an interest that constitutes "a direct stake in the outcome." Id (quoting <u>Diamond</u>, 476 US at 62).

Article III standing is not required in the district court if the intervenor raises no new claims and an existing party with standing that is aligned with the intervenor remains in the case. See <u>Kootenai Tribe of Idaho v Veneman</u>, 313 F3d 1094, 1108-109 (9th Cir 2002). But on appeal, "[a]n intervenor cannot step into the shoes of the original party unless the intervenor independently fulfills the requirements of Article III." <u>Arizonans for Official English</u>, 520 US at 65 (internal citations omitted); see also <u>Didrickson v United States Dept of Interior</u>, 982 F2d 1332, 1337-338 (9th Cir 1992) ("A permissive defendant-intervenor must have independent jurisdictional grounds on which to pursue an appeal, absent an appeal by the party on whose side the intervenor intervened."). The decision to seek appellate review may not be

placed in the hands of concerned bystanders seeking to vindicate valued interests. <u>Arizonans for Official English</u>, 520 US at 64-65.

To defend Proposition 8 on appeal in the absence of the state defendants, Imperial County must have independent Article III standing. For many of the same reasons Imperial County lacks an interest in this action that would justify intervention of right, it lacks an injury in fact sufficient to establish Article III standing.

Imperial County's ministerial duties surrounding marriage are not affected by the constitutionality of Proposition 8. Imperial County asserts its Board of Supervisors has a strong interest in defending Proposition 8 on appeal because "the voters of Imperial County overwhelmingly supported Proposition 8 by a margin of approximately 70% to 30%." Doc #311 at 17 (citing Leimgruber Decl at ¶5). But Imperial County's only concern relating to Proposition 8 is "in the proper application of the Constitution and laws." <u>Arizonans for Official English</u>, 520 US at 64. That concern is shared with the public at large and "will not do" as an injury in fact. Id.

Imperial County itself, as a political subdivision of California, has no legally-protected interest relating to the state's marriage laws. Imperial County may not stand in to defend Proposition 8 on appeal if the legal representatives of the state determine that defending Proposition 8 is not in the state's best interests.

\\
\\
\\

## IV

Imperial County's status as a local government does not provide it with an interest in the constitutionality of Proposition 8 or standing to defend Proposition 8 on appeal. Accordingly, Imperial County's motion to intervene as a defendant in this action, Doc #311, is DENIED.

**IT IS SO ORDERED.**

**VAUGHN R WALKER**
**United States District Chief Judge**