MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
ANDREW W. STROUD (SBN 126475)
KELCIE M. GOSLING (SBN 142225)
LANDON D. BAILEY (SBN 240236)
980 9th Street, Suite 1700
Sacramento, CA 95814-2736
Telephone:  916-553-4000
Facsimile:  916-553-4011

Attorneys for Defendants
Arnold Schwarzenegger, in his official capacity as Governor of
California, Mark B. Horton, in his official capacity as Director of the
California Department of Public Health and State Registrar of Vital
Statistics, and Linette Scott, in her official capacity as Deputy Director
of Health Information & Strategic Planning for the California Department
of Public Health

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN M. PERRY, et al., | Case No. 09-CV-02292 VRW |
| Plaintiffs, | **THE ADMINISTRATION'S OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR STAY PENDING APPEAL** |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Plaintiff-Intervenor, | No Hearing Date Set |
| v. | The Honorable Vaughn R. Walker |
| ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California, et al., | |
| Defendants, | |
| and | |
| PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, et al., | |
| Defendant-Intervenors. | |

392.83.PLE.Oppo.Stay.Motion.cover.wpd

1

**TABLE OF CONTENTS**

2
Page

3   I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   II.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5         A.    A Stay Pending Appeal Is an Extraordinary Remedy, and
              Defendant-Intervenors Carry a Heavy Burden to Demonstrate that
6             a Stay Is Warranted Here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7         B.    Denying the Extraordinary Relief of a Stay, and Allowing the
              Court's Judgment to Take Effect, Furthers the Public Interest and
8             Does Not Burden the State . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9               1.    Allowing the Court's Judgment to Go Into Effect Furthers
                    the Public Interest in Ensuring Equality for All
10                  Californians . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11              2.    Allowing the Court's Judgment to Go Into Effect Does Not
                    Burden Any Governmental Interest . . . . . . . . . . . . . . . . . . . . 5

12  III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

Defendants Arnold Schwarzenegger, in his official capacity as Governor of California, Mark B. Horton, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics, and Linette Scott, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health (collectively, "the Administration"), oppose defendant-intervenors' "Motion for Stay Pending Appeal."  Doc #705.

From the outset, the Administration has urged the Court to resolve the important constitutional questions at issue in this case as expeditiously as possible.  Now, after extensive discovery, a lengthy trial, thorough briefing, and development of a complete evidentiary record, the Court has done so.  After cataloging the evidence and making detailed factual findings and legal conclusions, the Court has enjoined enforcement of Proposition 8 and, in effect, ordered California to resume issuing marriage licenses in a gender-neutral manner, as had been done before Proposition 8 went into effect.  In doing so, the Court has fulfilled its constitutional duty to determine fundamental questions of due process, equal protection, and freedom from discrimination.

The Administration believes the public interest is best served by permitting the Court's judgment to go into effect, thereby restoring the right of same-sex couples to marry in California.  Doing so is consistent with California's long history of treating all people and their relationships with equal dignity and respect.  Conversely, the Administration submits that staying the Court's judgment pending appeal is not necessary to protect any governmental or public interest.  As the Court has pointed out, California has already issued 18,000 marriage licenses to same-sex couples without suffering any resulting harm.  Government officials can resume issuing such licenses without administrative delay or difficulty.  For these reasons, the Administration respectfully requests that the Court deny defendant-intervenors' motion for stay.

THE ADMINISTRATION'S OPPOSITION TO DEFENDANT-INTERVENORS' MOTION
FOR STAY PENDING APPEAL -- CASE NO. 09-CV-02292 VRW

# II.

## ANALYSIS

**A.    A Stay Pending Appeal Is an Extraordinary Remedy, and Defendant-Intervenors Carry a Heavy Burden to Demonstrate that a Stay Is Warranted Here**

Federal Rule of Civil Procedure 62(c) permits a court to "suspend . . . an injunction" pending appeal.  But, as the United States Supreme Court recently observed, "A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'"  *Nken v. Holder*, __ U.S. __, 129 S. Ct. 1749, 1757 (2009) (citation omitted).  "It is instead an 'exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'"  *Id.* at 1760.  Thus, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* at 1761.  The moving party's burden is not a light one; on the contrary, "granting a stay pending appeal is 'always an extraordinary remedy, and . . . the moving party carries a heavy burden to demonstrate that the stay is warranted.'"  *McCammon v. United States*, 584 F. Supp. 2d 193, 197 (D.D.C. 2008) (denying stay); *see also Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973) (denying stay; "The relief here requested has been termed an extraordinary remedy."); *Grutter v. Bollinger*, 137 F. Supp. 2d 874, 876 (E.D. Mich. 2001) (denying stay; "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.").

As defendant-intervenors have noted, courts employ a four-part test in determining whether the balance of equities favors a stay pending appeal, considering

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

1   of the stay will substantially injure other persons interested in
2   the proceeding; and (4) where the public interest lies.[1]

3   *Nken*, 129 S. Ct. at 1761.  The Administration will leave it for others to address the first

4   three factors.  But, as to the fourth factor, the Administration submits that the public

5   interest lies in allowing the Court's judgment to go into effect without delay.

6   **B.   Denying the Extraordinary Relief of a Stay, and Allowing the Court's Judgment to Take Effect, Furthers the Public Interest and Does Not Burden the State**

7

8   **1.   Allowing the Court's Judgment to Go Into Effect Furthers the Public Interest in Ensuring Equality for All Californians**

9

10   Allowing the Court's judgment to take effect serves the public interest.

11   Following a thorough evaluation of the evidence, the Court has concluded that plaintiffs

12   "demonstrated by overwhelming evidence that Proposition 8 violates their due process

13   and equal protection rights and that they will continue to suffer these constitutional

14   violations until state officials cease enforcement of Proposition 8."  Pretrial Proceedings

15   and Trial Evidence, Credibility Determinations, Findings of Fact, Conclusions of Law,

16   and Order ("Order") at 136:2-6.  Upholding the rights and liberties guaranteed by the

17   federal Constitution is of paramount importance to the American public.  *See Preminger*

18   *v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("all citizens have a stake in upholding the

19   Constitution"); *Jones v. Caruso*, 569 F.3d 258, 278 (6th Cir. 2009) ("'it is always in the

20

21   [1]   As the Supreme Court has noted, although there is "substantial overlap
22   between these and the factors governing preliminary injunctions," the two are not "one
    and the same."  *Nken*, 129 S. Ct. at 1761.  Rather, "the balancing process is not identical
23   due to the different procedural posture in which each judicial determination arises."
    *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153
24   (6th Cir. 1991).  "Upon a motion for a preliminary injunction, the court must make a
    decision based upon 'incomplete factual findings and legal research.'"  *Id.*  "Conversely,
25   a motion for a stay pending appeal is generally made after the district court has
    considered fully the merits of the underlying action and issued judgment, usually
26   following completion of discovery."  *Id.*  Thus, parties seeking a stay pending appeal face
    a heavier burden than those seeking a preliminary injunction, as the former "will have
27   greater difficulty in demonstrating a likelihood of success on the merits."  *Id.*

28

1   public interest to prevent the violation of a party's constitutional rights'"); *Planned*

2   *Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987) ("the public is

3   certainly interested in the prevention of enforcement of ordinances which may be

4   unconstitutional").

5           Thus, federal courts have consistently recognized a strong public interest in

6   eradicating unlawful discrimination and its detrimental consequences. *See, e.g.,*

7   *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1019 (6th Cir. 1994)

8   (permitting "vestiges of past discrimination" to linger is "detrimental to the public

9   interest"); *Oliver v. Kalamazoo Bd. of Educ.*, 548 F. Supp. 646, 649-50 (W.D. Mich.

10  1982) (noting strong public interest in "eliminating the vestiges of past discrimination").

11  And, in particular, courts have held that the public's interest lies squarely on the side of

12  policies eliminating discrimination based on sexual orientation. *See Colin ex rel. Colin v.*

13  *Orange Unified Sch. Dist.*, 83 F. Supp. 2d 1135, 1151 (C.D. Cal. 2000) (seeking to "end

14  discrimination on the basis of sexual orientation" is "consistent with [California] state

15  public policy and in the public interest"); *South Boston Allied War Veterans Council v.*

16  *City of Boston*, 875 F. Supp. 891, 895 (D. Mass. 1995) (recognizing "the compelling

17  public interest in combating discrimination based on sexual orientation").

18          Under these principles, implementing the Court's order now, without

19  further delay, serves the public interest. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976)

20  (suspending individual constitutional rights "for even minimal periods of time" is

21  harmful). California has long been committed to eliminating discrimination on the basis

22  of sexual orientation and respecting the familial rights of same-sex couples. *See In re*

23  *Marriage Cases*, 43 Cal. 4th 757, 782 (2008) ("our state now recognizes that an

24  individual's capacity to establish a loving and long-term committed relationship with

25  another person and responsibly to care for and raise children does not depend upon the

26  individual's sexual orientation"). The Court's decision here is consistent with

27  California's long history of leading the way in recognizing the rights of gay and lesbian

28

1    families to order their relationships and manage their day-to-day lives.  For that reason,

2    California's public interest is served by giving the Court's judgment effect now.

3         **2.      Allowing the Court's Judgment to Go Into Effect Does Not
             Burden Any Governmental Interest**

4

5    Citing the governmental defendants' briefing in opposition to plaintiffs'

6    motion for preliminary injunction, defendant-intervenors argue a stay is necessary

7    because issuing gender-neutral marriage licenses will "place administrative burdens on

8    the State" and cause uncertainty to same-sex couples who choose to marry while an

9    appeal is pending.  Defendant-Intervenors' Motion for Stay Pending Appeal at 5, 6.  But

10   that motion was brought shortly after this lawsuit was filed, before any discovery was

11   conducted, and long before trial.

12   The Administration observed then, at the outset of the case, that "Plaintiffs

13   present[ed] important federal constitutional issues that require and warrant judicial

14   determination."  Doc #33, at 9:17-18.  Now, after a lengthy trial, this Court -- the branch

15   of government entrusted with constitutional determinations -- has ruled on those

16   important constitutional questions.  Having heard extensive testimony and having

17   considered thorough briefing, the Court determined that Proposition 8 violates the federal

18   constitutional promise of due process and equal protection by depriving certain

19   individuals of the fundamental right to marry the person of their choice.  Order at 120.

20   With the branch of government charged with making constitutional determinations now

21   having made those determinations here, the Court's ruling should take effect.

22   Moreover, the Administration has never claimed that administering

23   California's marriage statutes in a gender-neutral manner would place administrative

24   burdens on the State.  On the contrary, as the Court has pointed out, "the evidence shows

25   that allowing same-sex couples to marry will be simple for California to implement

26   because it has already done so; no change need be phased in."  Order at 126:17-20; *see*

27   *also id.* at 126:9-12 ("The process of allowing same-sex couples to marry is

28

392.83.PLE.Oppo.Stay.Motion.wpd                    5

straightforward, and no evidence suggests that the state needs any significant lead time to integrate same-sex couples into marriage."); 123:7-11 ("marriage licenses in California are not a limited commodity, and the existence of 18,000 same-sex married couples in California shows that the state has the resources to allow both same-sex and opposite-sex couples to wed").[2]

## III.

## CONCLUSION

The United States Supreme Court has cautioned lower courts against "reflexively holding a final order in abeyance pending review." *Nken*, 129 S. Ct. at 1757. Such caution is warranted here. Allowing this Court's judgment to take effect, and denying the extraordinary relief of a stay, furthers California's vital interest in respecting the relationships of same-sex couples and does not burden any governmental interest. Accordingly, the Administration respectfully requests that the Court deny defendant-intervenors' motion for stay pending appeal.

Dated:  August 6, 2010

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
ANDREW W. STROUD
KELCIE M. GOSLING
LANDON D. BAILEY

By:   /s/ Kenneth C. Mennemeier
Kenneth C. Mennemeier
Attorneys for Defendants Arnold Schwarzenegger, in his official capacity as Governor of California, Mark B. Horton, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics, and Linette Scott, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health

---

[2]       As for the argument that plaintiffs and similarly situated couples will be harmed by uncertainty as to their ultimate marital status if they choose to marry pending appeal, that is an argument better addressed by plaintiffs themselves.

Case Name:     *Perry, et al. v. Schwarzenegger, et al.;*
Case No:        US District Court, Northern District, Case No. 3:09-cv-2292 VRW

## CERTIFICATE OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814.  On August 6, 2010, I served the within document(s):

**THE ADMINISTRATION'S OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR STAY PENDING APPEAL**

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

☒     by placing the document(s) listed above in a sealed envelope, with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on August 6, 2010, at Sacramento, California.

                        /s/ Melissa Haagensen
                        Melissa Haagensen

**SERVICE LIST**

Christopher M. Gacek
Family Research Council
801 G Street NW
Washington, DC 20001

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Kaylan L. Phillips
1 South 6th Street
Terre Haute, IN 47807-3510

Kevin James Hasson
1350 Connecticut Ave, Ste 605 NW
Washington, DC 20036-1735

Michael James McDermott
7172 Regional #329
Dublin, CA 94568

Michael W. Kirk
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 2003

Paul Benjamin Linton
921 Keystone Avenue
Northbrook, IL 60062

Rena M Lindevaldsen
Liberty Counsel
100 Mountainview Rd, Ste 2775
Lynchberg, VA 24502

Richard E. Coleson
1 South 6th Street
Terre Haute, IN 47807-3510

Suzanne B. Goldberg
Sexuality & Gender Law Clinic
435 W. 116th Street
New York, NY 10025

Thomas Brejcha
Thomas More Society
29 S. La Salle, Ste 440
Chicago, IL 60603

2

1

**SERVICE LIST (cont.)**

2

Tobias Barrington Wolff
University of Pennsylvania Law School
3

3400 Chestnut Street
Philadelphia, PA 19104-6204
4

5

Vincent P. McCarthy
W. Chestnut Hill Road
Lichfield, CT 06759

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3