GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson, SBN 38137
*tolson@gibsondunn.com*
Matthew D. McGill, *pro hac vice*
1050 Connecticut Avenue, N.W., Washington, D.C. 20036
Telephone: (202) 955-8668, Facsimile: (202) 467-0539

Theodore J. Boutrous, Jr., SBN 132009
*tboutrous@gibsondunn.com*
Christopher D. Dusseault, SBN 177557
Ethan D. Dettmer, SBN 196046
333 S. Grand Avenue, Los Angeles, California 90071
Telephone: (213) 229-7804, Facsimile: (213) 229-7520

BOIES, SCHILLER & FLEXNER LLP
David Boies, *pro hac vice*
*dboies@bsfllp.com*
333 Main Street, Armonk, New York 10504
Telephone: (914) 749-8200, Facsimile: (914) 749-8300

Jeremy M. Goldman, SBN 218888
*jgoldman@bsfllp.com*
1999 Harrison Street, Suite 900, Oakland, California 94612
Telephone: (510) 874-1000, Facsimile: (510) 874-1460

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO

Dennis J. Herrera, SBN 139669
Therese M. Stewart, SBN 104930
Danny Chou, SBN 180240

One Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4708, Facsimile (415) 554-4699

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, *et al.*, <br><br> Defendants, <br><br> and <br><br> PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, *et al.*, <br><br> Defendant-Intervenors. | CASE NO. 09-CV-2292 VRW <br><br> **PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL** <br><br> Date:     October 21, 2010 <br> Time:    10:00 a.m. <br> Judge:   Chief Judge Walker <br> Location: Courtroom 6, 17th Floor |

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................... 1

II. LEGAL STANDARD ............................................................................................................... 2

III. ARGUMENT ............................................................................................................................ 2

    A. Proponents Cannot Possibly Make A "Strong Showing" That They Are Likely To Prevail In Their Appeal .......................................................................................... 2

        1. Proponents' Appeal Is Meritless ...................................................................... 2

        2. There Is A Significant Question As To Whether Proponents Even Have Standing To Invoke The Jurisdiction Of The Court Of Appeals ..................... 3

    B. Proponents Have Failed To Establish That They Will Likely Suffer Irreparable Injury In The Absence Of A Stay ................................................................................ 4

    C. A Stay Will Work Substantial Irreparable Harm On Plaintiffs.................................... 6

    D. The Public Interest Favors Immediate Entry Of Judgment And Rejection Of A Stay............................................................................................................................. 8

IV. CONCLUSION ......................................................................................................................... 9

i

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amoco Prod. Co. v. Village of Gambell*,
    480 U.S. 531 (1987) .................................................................................................................. 6

*Arizonans for Official English v. Arizona*,
    520 U.S. 43 (1997) ................................................................................................................ 3, 4

*Cal. Pharmacists Ass'n v. Maxwell-Jolly*,
    563 F.3d 847 (9th Cir. 2009) ..................................................................................................... 7

*Coal. For Econ. Equity v. Wilson*,
    122 F.3d 718 (9th Cir. 1997) ..................................................................................................... 5

*Diamond v. Charles*,
    476 U.S. 54 (1986) ................................................................................................................ 3, 4

*Goldberg v. Kelly*,
    397 U.S. 254 (1970) .................................................................................................................. 8

*Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*,
    572 F.3d 644 (9th Cir. 2009) ..................................................................................................... 5

*Karcher v. May*,
    484 U.S. 72 (1987) .................................................................................................................... 4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................................. 5

*Nelson v. NASA*,
    530 F.3d 865 (9th Cir. 2008) ..................................................................................................... 6

*Nken v. Holder*,
    129 S. Ct. 1749 (2009) ................................................................................................... 2, 3, 4, 6

*Preminger v. Principi*,
    422 F.3d 815 (9th Cir. 2005) ..................................................................................................... 8

*Strauss v. Horton*,
    207 P.3d 48 (Cal. 2009) ............................................................................................................. 9

*Yniguez v. Arizona*,
    939 F.2d 727 (9th Cir. 1991) ..................................................................................................... 3

ii

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

## I. INTRODUCTION

After a full and fair trial on the merits of Plaintiffs' constitutional claims, on August 4, 2010, this Court held that "Plaintiffs have demonstrated by overwhelming evidence that Proposition 8 violates their due process and equal protection rights and that they will continue to suffer these constitutional violations until state officials cease enforcement of Proposition 8." Doc #708 at 138. The Court therefore ruled that Plaintiffs are entitled to entry of judgment permanently enjoining enforcement of that unconstitutional enactment. *Id.* As the Court also explained, "California has no interest in waiting and no practical need to wait to grant marriage licenses to same-sex couples." *Id.* at 128.

Proponents' motion for a stay pending appeal should be denied. The arguments on which the motion is founded fly in the face of the detailed and thorough findings made by this Court just two days ago. And as shown below, Proponents cannot meet their burden of justifying the extraordinary relief of a stay. Indeed, Proponents cannot possibly make a "strong showing" they are likely to prevail on the merits of their appeal; they have simply repeated the very same arguments that this Court carefully considered and rejected based on a hard-fought trial, overwhelming evidence, extensive briefing, and the governing law.

Nor can Proponents establish that they or anyone else will suffer irreparable injury—or any injury at all—in the absence of a stay. *See, e.g.*, Doc #708 at 128 ("[P]roponents presented no reliable evidence that allowing same-sex couples to marry will have any negative effects on society or on the institution of marriage."); *see also id.* at 138 and FF 55, 62. This is confirmed by the fact that *both the Attorney General and the Governor* oppose issuance of a stay. Docs #716, 717.

Plaintiffs and other gay and lesbian Californians, on the other hand, will continue to suffer irreparable harm if Proposition 8's irrational deprivation of their constitutional rights is prolonged. *See, e.g.,* Doc #708 at FF 56, 58, 60, 67-68, 78. And no public interest is served by perpetuating Proposition 8's discriminatory effects and continuing to ban thousands of California citizens from exercising their fundamental due process right to marry. To the contrary, as the oppositions filed by the Attorney General and Governor demonstrate, the public interest strongly favors immediate "entry

Gibson, Dunn & Crutcher LLP

of judgment permanently enjoining [Proposition 8's] enforcement." *Id.* at 138.  Accordingly, this Court should deny Proponents' motion for a stay pending appeal.

## II.   LEGAL STANDARD

Because a stay holds a matter in abeyance pending review, it is considered an "intrusion into the ordinary processes of administration and judicial review." *Nken v. Holder*, 129 S. Ct. 1749, 1757 (2009) (citation and quotation marks omitted).  The party seeking a stay therefore "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Id*. at 1761.  Courts consider the following factors in determining whether the moving party has discharged that burden: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (citation and quotation marks omitted).  *Id.*  And the courts *insist* that the moving party establish the first two factors.  *Id.*

## III.   ARGUMENT

### A.   Proponents Cannot Possibly Make A "Strong Showing" That They Are Likely To Prevail In Their Appeal

#### 1.   Proponents' Appeal Is Meritless

As set forth in detail in this Court's Findings of Fact, Conclusions of Law and Order, the fully developed record provides more than sufficient evidence and legal precedent to support Plaintiffs' "independently meritorious" due-process and equal-protection challenges to Proposition 8.  Doc #708 at 111.  (Indeed, Proponents' stay motion does not even address the Court's holding that "California does not meet its due process obligation to allow plaintiffs to marry by offering them a substitute and inferior institution that denies marriage to same sex couples." *Id.* at 118.)

Proponents' stay motion offers nothing to contradict the volume and strength of the 80 factual findings marshaled by the Court in support of its conclusions of law.  This is unsurprising because, as this Court found, "Proponents' evidentiary presentation was dwarfed by that of plaintiffs," and Proponents "failed to build a credible factual record to support their claim that Proposition 8 served a legitimate government interest."  Doc #708 at 13.  Nothing in Proponents' stay motion even remotely

Gibson, Dunn & Crutcher LLP

2

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

1  calls into question this Court's holding that "Proposition 8 does nothing more than enshrine in the
2  California Constitution the notion that opposite-sex couples are superior to same-sex couples." *Id*. at
3  137.  In short, "Plaintiffs' unions encompass the historical purpose and form of marriage," *id.* at 116,
4  and "despite ample opportunity and a full trial, [Proponents] have failed to identify any rational basis
5  Proposition 8 could conceivably advance." *Id.* at 133.

6  Having failed to marshal any reliable evidence in support of their various factual assertions,
7  Proponents simply repeat in their stay motion the various unsubstantiated, unfounded, and illogical
8  arguments this Court first rejected at summary judgment, and then rejected again after a full blown
9  trial. *Id.* at 111-38.  A stay pending appeal requires a "***strong*** showing" of likelihood of success, and
10 Proponents have not come close to meeting that standard in any respect.  *Nken*, 129 S. Ct. at 1761
11 (rejecting the "more than negligible" likelihood of success test) (emphasis added).

**2.    There Is A Significant Question As To Whether Proponents Even Have Standing To Invoke The Jurisdiction Of The Court Of Appeals**

14  To invoke the jurisdiction of the court of appeals, an appellant must meet all of the
15 requirements for Article III standing.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64-
16 65 (1997) ("[t]he standing Article III requires must be met by persons seeking appellate review, just
17 as it must be met by persons appearing in courts of first instance") (citation omitted).  Where private
18 persons have intervened in a lawsuit to defend a state law, and the trial court has ruled for the
19 plaintiff, intervenors cannot by themselves prolong the litigation through an appeal unless the
20 intervenors independently establish their Article III standing.  *See Diamond v. Charles*, 476 U.S. 54,
21 68-71 (1986).

22  At this point in time, none of the originally named defendants has noticed an appeal.  Under
23 *Diamond*, Proponents cannot carry that appeal unless they satisfy the requirements of Article III.

24  It is doubtful that ballot initiative supporters such as Proponents could meet that standard.
25 Proponents might point to *Yniguez v. Arizona,* 939 F.2d 727, 733 (9th Cir. 1991), where the Ninth
26 Circuit invoked the "legislator standing" doctrine to hold that the ballot proposition proponents met
27 Article III standing requirements.  But the Supreme Court unanimously vacated that decision (*sub
28 nom*. *Arizonans for Official English v. Arizona*) and there expressed "grave doubts whether [ballot

Gibson, Dunn & Crutcher LLP

3

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

1 initiative proponents] have standing under Article III to pursue appellate review." *AOE*, 520 U.S. at
2 67. As the Supreme Court recognized, ballot proposition proponents are not materially different from
3 citizens dissatisfied with a government's failure to enforce a generally applicable law; they lack the
4 concrete injury particularized to themselves and not shared generally by the public necessary to
5 invoke the jurisdiction of the federal court. *Id*. at 65. And Proponents cannot rightly claim to qualify
6 for "legislator standing" because no provision of California law authorizes initiative sponsors "to
7 represent the State's interests." *Id.* at 65 (citing *Karcher v. May*, 484 U.S. 72, 82 (1987)).

8 In the absence of any showing by Proponents that this Court's ruling injures them in a concrete and particularized manner—a manner that distinguishes them from other supporters—there is a possibility that Proponents' appeal ultimately may be dismissed for lack of standing. *See AOE*, 520 U.S. at 65-66; *Diamond*, 476 U.S. at 67. As Proponents themselves have recognized, "because the standing of Defendant-Intervenors to appeal from a ruling holding Proposition 8 unconstitutional has been called into question (*see* Doc # 148 at 15), the very real possibility exists that none of the current parties to this case would be both willing and able to appeal such a ruling by this Court (or to seek Supreme Court review of such a ruling by the Court of Appeals)." Doc #331 at 3. This, too, demonstrates that Proponents cannot show a strong likelihood of success on appeal.

**B.     Proponents Have Failed To Establish That They Will Likely Suffer Irreparable Injury In The Absence Of A Stay**

The Supreme Court has cautioned that an applicant for injunctive relief must demonstrate that it *will be* irreparably injured absent a stay. *See Nken*, 129 S. Ct. at 1761. To meet this standard, Proponents must establish more than a mere "possibility" that they may suffer some harm. *Id*. Proponents fail this standard because they make *no showing* that they will suffer *any* harm if the requested stay is not granted. Indeed, at the outset of the proceedings, when asked to articulate the harms that would befall society if Plaintiffs were granted the relief they seek, counsel for Proponents mustered only an "I don't know." Doc #708 at 11. Their newly-minted claims of irreparable harm are specious and wholly inconsistent with this Court's findings of fact and conclusions of law, and none could justify Proponents' requested stay.

Gibson, Dunn &
Crutcher LLP

4

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

Proponents argue that "the state" will suffer irreparable injury if the Court invalidates Proposition 8 both from the fact that an enactment has been held invalid, and also because allowing a decision invalidating Proposition 8 would "place administrative burdens on the State." Doc #705 at 10-11. But both the Governor and the Attorney General are parties to this case, and thus far neither has indicated that he will appeal the Court's ruling. Proponents do not have standing to invoke injury allegedly suffered by the state. *See*, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-562 (1992).

And there is no such injury; in fact, this Court has already addressed and conclusively rejected such a claim. Among other things, the Court found: "Because same-sex marriage has and will have *no adverse effects* on society or the institution of marriage, California has no interest in waiting and no practical need to wait to grant marriage licenses to same-sex couples." Doc #708 at 128 (emphasis added). The Court also found that "California is able to issue marriage licenses to same-sex couples, as it has already issued 18,000 marriage licenses to same-sex couples *and has not suffered any demonstrated harm as a result*, see FF 64-66." *Id.* at 138 (emphasis added).

Further, this argument is founded on an improper premise: As the Ninth Circuit has explained, "a state may suffer an abstract form of harm whenever one of its acts is enjoined. To the extent that is true, however, it is not dispositive of the balance of harms analysis. . . . Federal courts . . . have the power to enjoin state actions, in part, because those actions sometimes offend *federal* law provisions, which, like state statutes, are themselves 'enactment[s] of its people or their representatives.'" *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009) (quoting *Coal. For Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997). In any event, this Court has already found that Proposition 8 actually *creates* an administrative burden on California because California must maintain the parallel institution of domestic partnership to provide same-sex couples with some of the rights and benefits accorded to married couples. Doc #708 at 133. And any slight "administrative burdens" that might result from effectuating the Court's ruling cannot outweigh the need to vindicate Plaintiffs' constitutional rights. Simply put, even the State suffers no irreparable harm from the immediate injunction of enforcement of an irrational, discriminatory and unconstitutional enactment such as Proposition 8.

Gibson, Dunn & Crutcher LLP

1    Proponents next contend that "absent an immediate stay of any ruling invalidating
2  Proposition 8, same-sex couples would be permitted to marry in the counties of Alameda and Los
3  Angeles (and possibly throughout California)" resulting in a purported "cloud of uncertainty" and
4  "inflict[ing] harm on the affected couples." Doc #705 at 10. Even if Proponents' sudden interest in
5  safeguarding the interests of "affected couples" is genuine, the supposed harm Proponents invoke is
6  that of the "affected couples," not the Proponents. If Proponents have no standing to invoke harms
7  purportedly suffered by the State, then they have even less of a right to invoke harms suffered by
8  persons allied with the *Plaintiffs*. And, of course, gay men and lesbians are more than capable of
9  determining whether they, as individuals who now enjoy the freedom to marry, wish to do so
10 immediately or wait until all appeals have run their course.

11    Finally, this kind of speculation on top of speculation is precisely the type of "possibility" of
12 harm that the Supreme Court has rejected as inadequate to support a stay. *Nken*, 129 S. Ct. at 1761.

13 **C.    A Stay Will Work Substantial Irreparable Harm On Plaintiffs**

14    When a party seeks a stay pending appeal, the court "must balance the competing claims of
15 injury and must consider the effect on each party of the granting or withholding of the requested
16 relief," *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987), and award relief only
17 when the balance of equities tips in the movant's favor. *Nken,* 129 S. Ct. at 1761-62. Proponents
18 have failed to carry that burden.

19    The Court has ruled that Plaintiffs each have a constitutional right to marry the person of their
20 choice without regard to the sex of that person. Each new day that right is denied is a day that never
21 can be returned to them—a wrong that never can be remedied. That is why the Ninth Circuit
22 repeatedly has held that the denial of a fundamental constitutional right is an irreparable injury.
23 *See, e.g.*, *Nelson v. NASA*, 530 F.3d 865, 872-73 (9th Cir. 2008) (reversing a district court's denial of
24 a preliminary injunction in a suit filed seven months after a challenged NASA policy went into
25 effect).

26    Proponents nevertheless argue that a stay pending appeal, which by definition will deny
27 Plaintiffs relief from their ongoing constitutional injuries, will cause Plaintiffs no harm (beyond that
28 which they already have suffered). Indeed, Proponents go so far as to say that Plaintiffs "consented"

Gibson, Dunn &
Crutcher LLP

6

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

to this Court's denial of preliminary relief and were "content" to wait for relief during the pendency of the trial. Doc #705 at 11. But Proponents' characterization again ignores the proceedings in this case. Proponents forget that Plaintiffs, prior to instituting this lawsuit, did, in fact, attempt to get married—but were denied because of their sexual orientation. Plaintiffs also filed a motion at the outset of this case that vigorously argued for a preliminary injunction. As counsel for Plaintiffs explained at the July 2, 2009 hearing on that motion,

> [E]very day that Proposition 8 is enforced perpetuates a tragic injustice on tens of thousands of Californians, including, specifically, the plaintiffs who are here, today, before you. Proposition 8 brands our citizens, our neighbors, our friends, our family members, and our co-workers as second class, unworthy, and different. The harm it does is incalculable, continuous, painful, irreparable, and without justification.

Doc #78 at 13.

Proponents mischaracterize that hearing, describing Plaintiffs' *cooperation* with the Court's plan to hold a trial on the merits as "consent[]" to the Court's denial of Plaintiffs' motion. In the end, Proponents' derogation of Plaintiffs' constitutional rights is clear: They say (without a trace of irony): "a stay would at most, subject Plaintiffs to a period of additional delay pending a final determination of whether they may enter a legally recognized marriage relationship." Doc #705 at 11. Proponents simply refuse to recognize the legal truth that state-sanctioned discrimination such as that embodied in Proposition 8 causes all those who suffer its sting irreparable damage, depriving them of freedom and inflicting emotional distress and psychological harm each day it continues in force. It is therefore "clear that it would not be equitable or in the public's interest to allow the state to continue to violate the requirements of federal [constitutional] law" during the pendency of this case, "especially when there are no adequate remedies available to compensate . . . Plaintiffs for the irreparable harm that would be caused by the continuing violation." *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852-53 (9th Cir. 2009).

Whether Plaintiffs marry immediately or at a time of their choosing could not be less relevant; this Court's ruling establishes that Proposition 8 is an unconstitutional barrier to the exercise of their constitutional right to marry, and that finding alone establishes the irreparable harm Plaintiffs would suffer if Proponents' extraordinary request for relief were granted. As this Court found, Plaintiffs' purported "access to the rights and responsibilities of marriage through domestic partnership," Doc

Gibson, Dunn & Crutcher LLP

7

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

#705 at 11, is a hollow and inadequate consolation for the discriminatory treatment they suffer at the hands of their government. *See* Doc #708 at 116-18. Proponents' request that such irreparable harm be permitted to continue unabated until a final resolution of this case on appeal disregards the very reason for the Court's decision—the unjustified and wrongful deprivation of Plaintiffs' constitutional rights.

### D. The Public Interest Favors Immediate Entry Of Judgment And Rejection Of A Stay

As citizens of a nation profoundly committed to the principle of equal rights, the public has a substantial interest in allowing Plaintiffs to engage in the fundamental right to marry to which they are entitled. "[A]ll citizens have a stake in upholding the Constitution" and have "concerns [that] are implicated when a constitutional right has been violated." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). This Court's judgment therefore advances the shared interest of all citizens in enforcing the Constitution's guarantees and reinforces this "Nation's basic commitment . . . to foster the dignity and well-being of all persons within its borders." *Goldberg v. Kelly*, 397 U.S. 254, 264-65 (1970). Suspending Plaintiffs' constitutional rights at this point would, in the words of Proponents' own witness, prevent this Nation from fulfilling the founding principle of "equal human dignity" and stop us from becoming "*more* American." Doc #708 at 50 (quoting David Blankenhorn testimony and exhibits) (emphasis added).

Proponents advance two public interest arguments in support of a stay. Both should be rejected.

**First**, citing this Court's statements made at a very different stage of proceedings, they point to the interest in avoiding "uncertainty." Doc #705 at 11-12. The weeks of trial testimony and voluminous documentary evidence, and arguments submitted by the parties counterbalance any concern regarding uncertainty expressed by this Court at the prospect of granting *preliminary* relief. Further, any risk that the validity of marriages of same-sex couples performed following entry of judgment might be compromised based on a future appellate ruling falls squarely on Plaintiffs and other gay and lesbian individuals, who are fully capable of making their decision to marry with these considerations in mind. And when California Supreme Court upheld the 18,000 marriages between

Gibson, Dunn & Crutcher LLP

8

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

same-sex couples that occurred before Proposition 8 became law, there was no discernible—let alone irreparable—harm to anyone, and Proponents have not argued in this case that those marriages have caused them any harm whatsoever. *See Strauss v. Horton*, 207 P.3d 48, 122 (Cal. 2009); Doc #708 at 138.

**Second**, Proponents purport to find in the narrow voting margin in favor of Proposition 8 a "clear[] and consistent[]" articulation of a public interest in preserving the definition of marriage as between a man and a woman. Doc #705 at 12. But as this Court squarely and correctly held:

> An initiative measure adopted by the voters deserves great respect. The considered views and opinions of even the most highly qualified scholars and experts seldom outweigh the determinations of the voters. When challenged, however, the voters' determinations must find at least some support in evidence. This is especially so when those determinations enact into law classifications of persons. Conjecture, speculation and fears are not enough. Still less will the moral disapprobation of a group or class of citizens suffice, no matter how large the majority that shares that view. The evidence demonstrated beyond serious reckoning that Proposition 8 finds support only in such disapproval. As such, Proposition 8 is beyond the constitutional reach of the voters or their representatives.

Doc #708 at 26.

In short, the public has an overriding interest in ensuring the recognition and protection of the constitutional rights of all citizens. The public interest therefore weighs decisively in favor of giving this Court's ruling immediate effect and against issuance of a stay.

### IV. CONCLUSION

For the foregoing reasons, Proponents' motion for a stay pending appeal should be denied. If the court is inclined to stay its judgment long enough to permit Proponents' to seek relief from the court of appeals, Plaintiffs respectfully request that any such stay not exceed seven (7) days.

///

///

///

9
09-CV-2292 VRW PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| 1 | DATED: August 6, 2010 | GIBSON, DUNN & CRUTCHER LLP |

Theodore B. Olson
Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Matthew D. McGill
Amir C. Tayrani
Sarah E. Piepmeier
Theane Evangelis Kapur
Enrique A. Monagas


By:  _____/s/_____
         Theodore J. Boutrous, Jr.

and

BOIES, SCHILLER & FLEXNER LLP
David Boies
Steven C. Holtzman
Jeremy M. Goldman
Rosanne C. Baxter
Richard J. Bettan
Beko O. Richardson
Theodore H. Uno
Joshua Irwin Schiller

Attorneys for Plaintiffs
KRISTIN M. PERRY, SANDRA B. STIER,
PAUL T. KATAMI, and JEFFREY J. ZARRILLO


DENNIS J. HERRERA
City Attorney
THERESE M. STEWART
Chief Deputy City Attorney
DANNY CHOU
Chief of Complex and Special Litigation
RONALD P. FLYNN
VINCE CHHABRIA
ERIN BERNSTEIN
CHRISTINE VAN AKEN
MOLLIE M. LEE
Deputy City Attorneys


By:  _____/s/_____
         Therese M. Stewart

Attorneys for Plaintiff-Intervenor
CITY AND COUNTY OF SAN FRANCISCO

10

Gibson, Dunn & Crutcher LLP

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

By: _____/s/_____
Theodore J. Boutrous, Jr.

Gibson, Dunn & Crutcher LLP

11

09-CV-2292 VRW  PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR A STAY PENDING APPEAL