IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M PERRY, SANDRA B STIER, PAUL T KATAMI and JEFFREY J ZARRILLO,<br><br>    Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff-Intervenor,<br><br>    v<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G BROWN JR, in his official capacity as Attorney General of California; MARK B HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder of the County of Alameda; and DEAN C LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,<br><br>    Defendants,<br><br>DENNIS HOLLINGSWORTH, GAIL J KNIGHT, MARTIN F GUTIERREZ, HAK-SHING WILLIAM TAM, MARK A JANSSON and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, as official proponents of Proposition 8,<br><br>    Defendant-Intervenors.<br>_____/ | No C 09-2292 VRW<br><br>ORDER |

Defendant-intervenors Dennis Hollingsworth, Gail Knight, Martin Gutierrez, Mark Jansson and ProtectMarriage.com ("proponents") move to stay the court's judgment to ensure that Proposition 8 remains in effect as they pursue their appeal in the Ninth Circuit. Doc #705. In the alternative, proponents seek a brief stay to allow the court of appeals to consider the matter. Id.

Plaintiffs and plaintiff-intervenor City and County of San Francisco ask the court to deny the stay and order the injunction against Proposition 8 to take effect immediately. Doc #718. California's Governor and Attorney General (collectively the "state defendants") also oppose any stay. Doc ##716, 717. Other than proponents, no party seeks to stay the effect of a permanent injunction against Proposition 8. Because proponents fail to satisfy any of the factors necessary to warrant a stay, the court denies a stay except for a limited time solely in order to permit the court of appeals to consider the issue in an orderly manner.

I

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v Holder, 556 US ----, 129 SCt 1749, 1761 (2009) (internal quotations omitted). Rather, the decision to grant or deny a stay is committed to the trial court's sound discretion. Id. To trigger exercise of that discretion, the moving party must demonstrate that the circumstances justify a stay. Id.

\\
\\

In deciding whether a stay is appropriate, the court looks to four factors:

    (1) whether proponents have made a strong showing that they are likely to succeed on the merits;

    (2) whether proponents will be irreparably injured absent a stay;

    (3) whether the stay will substantially injure other interested parties; and

    (4) whether the stay is in the public interest.

Id (internal quotations omitted) (noting overlap with Winter v Natural Resources Defense Council, Inc, 555 US ----, 129 SCt 365, 374 (2008)). The first two factors "are the most critical." Nken, 129 SCt at 1757. The court addresses each factor in turn.

### A

The court first considers whether proponents have shown a likelihood of success on the merits of their appeal. The mere possibility of success will not suffice; proponents must show that success is likely. Winter, 129 SCt at 375. Proponents assert they are likely to succeed "[f]or all the reasons explained throughout this litigation." Doc #705 at 7. Because proponents filed their motion to stay before the court issued its findings of fact and conclusions of law, proponents do not in their memorandum discuss the likelihood of their success with reference to the court's conclusions. Neither do proponents discuss whether the court of appeals would have jurisdiction to reach the merits of their appeal absent an appeal by a state defendant.

To establish that they have standing to appeal the court's decision under Article III, Section 2 of the Constitution,

proponents must show that they have "suffered an injury in fact, which is fairly traceable to the challenged action and is likely to be redressed by the relief requested." Didrickson v United States Dept of Interior, 982 F2d 1332, 1338 (9th Cir 1992). Standing requires a showing of a concrete and particularized injury that is actual or imminent. Lujan v Defenders of Wildlife, 504 US 555, 560 (1992). If the state defendants choose not to appeal, proponents may have difficulty demonstrating Article III standing. Arizonans for Official English v Arizona, 520 US 43, 67 (1997).

As official proponents under California law, proponents organized the successful campaign for Proposition 8. Doc #708 at 58-59 (FF 13, 15). Nevertheless, California does not grant proponents the authority or the responsibility to enforce Proposition 8. In Lockyer v City & County of San Francisco, the California Supreme Court explained that the regulation of marriage in California is committed to state officials, so that the mayor of San Francisco had no authority to "take any action with regard to the process of issuing marriage licenses or registering marriage certificates." 33 Cal 4th 1055, 1080 (2004). Still less, it would appear, do private citizens possess authority regarding the issuance of marriage licenses or registration of marriages. While the court has ordered entry of a permanent injunction against proponents, that permanent injunction does not require proponents to refrain from anything, as they are not (and cannot be) responsible for the application or regulation of California marriage law. See Cal Health & Safety Code § 102180. The court provided proponents with an opportunity to identify a harm they would face "if an injunction against Proposition 8 is issued." Doc

#677 at 7. Proponents replied that they have an interest in defending Proposition 8 but failed to articulate even one specific harm they may suffer as a consequence of the injunction. Doc #687 at 30.

When proponents moved to intervene in this action, the court did not address their standing independent of the existing parties. See Doc #76 at 3; see also <u>Perry v Proposition 8 Official Proponents</u>, 587 F3d 947, 950 n2 (9th Cir 2009). While the court determined that proponents had a significant protectible interest under FRCP 24(a)(2) in defending Proposition 8, that interest may well be "plainly insufficient to confer standing." <u>Diamond v Charles</u>, 476 US 54, 69 (1986). This court has jurisdiction over plaintiffs' claims against the state defendants pursuant to 28 USC § 1331. If, however, no state defendant appeals, proponents will need to show standing in the court of appeals. See <u>Arizonans for Official English</u>, 520 US at 67.

Proponents' intervention in the district court does not provide them with standing to appeal. <u>Diamond</u>, 476 US at 68 (holding that "Diamond's status as an intervenor below, whether permissive or as of right, does not confer standing to keep the case alive in the absence of the State on this appeal"); see also <u>Associated Builders & Contractors v Perry</u>, 16 F3d 688, 690 (6th Cir 1994) ("The standing requirement * * * may bar an appeal even though a litigant had standing before the district court."). The Supreme Court has expressed "grave doubts" whether initiative proponents have independent Article III standing to defend the constitutionality of the initiative. <u>Arizonans for Official English</u>, 520 US at 67.

5

1    Proponents chose not to brief the standing issue in
2 connection with their motion to stay, and nothing in the record
3 shows proponents face the kind of injury required for Article III
4 standing.  As it appears at least doubtful that proponents will be
5 able to proceed with their appeal without a state defendant, it
6 remains unclear whether the court of appeals will be able to reach
7 the merits of proponents' appeal.  In light of those concerns,
8 proponents may have little choice but to attempt to convince either
9 the Governor or the Attorney General to file an appeal to ensure
10 appellate jurisdiction.  As regards the stay, however, the
11 uncertainty surrounding proponents' standing weighs heavily against
12 the likelihood of their success.
13     Even if proponents were to have standing to pursue their
14 appeal, as the court recently explained at length the minimal
15 evidence proponents presented at trial does not support their
16 defense of Proposition 8.  See Doc #708 (findings of fact and
17 conclusions of law).  Proponents had a full opportunity to provide
18 evidence in support of their position and nevertheless failed to
19 present even one credible witness on the government interest in
20 Proposition 8.  Doc #708 at 37-51.  Based on the trial record,
21 which establishes that Proposition 8 violates plaintiffs' equal
22 protection and due process rights, the court cannot conclude that
23 proponents have shown a likelihood of success on appeal.  The first
24 factor does not favor a stay.
25 \\
26 \\
27 \\
28 \\

**B**

The second factor asks whether proponents will be harmed if enforcement of Proposition 8 were enjoined. Proponents argue that irreparable harm will result if a stay is not issued because "a state suffers irreparable injury whenever an enactment of its people * * * is enjoined." Doc #705 at 9-10 (citing <u>Coalition for Economic Equity v Wilson</u>, 122 F3d 718, 719 (9th Cir 1997)). Proponents, of course, are not the state. Proponents also point to harm resulting from "a cloud of uncertainty" surrounding the validity of marriages performed after judgment is entered but before proponents' appeal is resolved. Doc #705 at 10. Proponents have not, however, alleged that any of them seek to wed a same-sex spouse. Proponents admit that the harms they identify would be inflicted on "affected couples and * * * the State." Id. Under the second factor the court considers only whether the party seeking a stay faces harm, yet proponents do not identify a harm to <u>them</u> that would result from denial of their motion to stay.

Both plaintiffs and the state defendants have disavowed the harms identified by proponents. Doc #716 at 2 (Attorney General states that any administrative burdens surrounding marriages performed absent a stay "are outweighed by this Court's conclusion, based on the overwhelming evidence, that Proposition 8 is unconstitutional."); Doc #717 at 6 (Governor opposes a stay based on California's strong interest in "eradicating unlawful discrimination and its detrimental consequences."). Plaintiffs assert that "gay men and lesbians are more than capable of determining whether they, as individuals who now enjoy the freedom

to marry, wish to do so immediately or wait until all appeals have run their course." Doc #718 at 9.

Proponents do not adequately explain the basis for their belief that marriages performed absent a stay would suffer from a "cloud of uncertainty." Doc #705 at 10. The court has the authority to enjoin defendants from enforcing Proposition 8. It appears, then, that marriages performed pursuant to a valid injunction would be lawful, much like the 18,000 marriages performed before the passage of Proposition 8 in November 2008. See Strauss v Horton, 46 Cal 4th 364, 472 (2009) (holding that married couples' rights vest upon a lawful marriage).

If proponents had identified a harm they would face if the stay were not granted, the court would be able consider how much weight to give to the second factor. Because proponents make no argument that they —— as opposed to the state defendants or plaintiffs —— will be irreparably injured absent a stay, proponents have not given the court any basis to exercise its discretion to grant a stay.

The first two factors are the "most critical," and proponents have shown neither a likelihood of success nor the possibility of any harm. Nken, 129 SCt at 1757. That alone suffices for the court to conclude that a stay is inappropriate here. Nevertheless, the court turns to the remaining two factors.

C

The third factor considers whether any other interested party would be injured if the court were to enter a stay. Plaintiffs argue a stay would cause them harm. Doc #718 at 9-10.

8

Proposition 8 violates plaintiffs' equal protection and due process rights, and the court presumes harm where plaintiffs have shown a violation of a constitutional right. <u>Goldie's Bookstore, Inc v Superior Court</u>, 739 F2d 466, 472 (9th Cir 1984). But no presumption is necessary here, as the trial record left no doubt that Proposition 8 inflicts harm on plaintiffs and other gays and lesbians in California. Doc #708 at 93-96 (FF 66-68). Any stay would serve only to delay plaintiffs access to the remedy to which they have shown they are entitled.

Proponents point to the availability of domestic partnerships under California law as sufficient to minimize any harm from allowing Proposition 8 to remain in effect. Doc #705 at 11. The evidence presented at trial does not support proponents' position on domestic partnerships; instead, the evidence showed that domestic partnership is an inadequate and discriminatory substitute for marriage. Doc #708 at 82-85 (FF 52-54).

Proponents claim that plaintiffs' desire to marry is not "urgent," because they chose not to marry in 2008. Doc #705 at 11. Whether plaintiffs choose to exercise their right to marry now is a matter that plaintiffs, and plaintiffs alone, have the right to decide. Because a stay would force California to continue to violate plaintiffs' constitutional rights and would demonstrably harm plaintiffs and other gays and lesbians in California, the third factor weighs heavily against proponents' motion.

D

Finally, the court looks to whether the public interest favors a stay. Proponents argue that the public interest tips in

1 favor of a stay because of the "uncertainty" surrounding marriages
2 performed before a final judicial determination of the
3 constitutionality of Proposition 8. Doc #705 at 11. Proponents
4 also point to the public interest as reflected in the votes of "the
5 people of California" who do not want same-sex couples to marry,
6 explaining that "[t]here is no basis for this Court to second-guess
7 the people of California's considered judgment of the public
8 interest." Id at 12.

9       The evidence at trial showed, however, that Proposition 8
10 harms the State of California. Doc #708 at 92-93 (FF 64).
11 Representatives of the state agree. The Governor states that
12 "[a]llowing the Court's judgment to take effect serves the public
13 interest" in "[u]pholding the rights and liberties guaranteed by
14 the federal Constitution" and in "eradicating unlawful
15 discrimination." Id at 5-6. Moreover, the Governor explains that
16 no administrative burdens flow to the state when same-sex couples
17 are permitted to marry. Id at 7. The Attorney General agrees that
18 the public interest would not be served by a stay. Doc #716 at 2.

19       The evidence presented at trial and the position of the
20 representatives of the State of California show that an injunction
21 against enforcement of Proposition 8 is in the public's interest.
22 Accordingly, the court concludes that the public interest counsels
23 against entry of the stay proponents seek.

25       II

26       None of the factors the court weighs in considering a
27 motion to stay favors granting a stay. Accordingly, proponents'
28 motion for a stay is DENIED. Doc #705. The clerk is DIRECTED to

10

enter judgment forthwith.  That judgment shall be STAYED until August 18, 2010 at 5 PM PDT at which time defendants and all persons under their control or supervision shall cease to apply or enforce Proposition 8.

       IT IS SO ORDERED.

       **VAUGHN R WALKER**
       United States District Chief Judge