COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Nicole J. Moss (DC Bar No. 472424)*
*nmoss@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON,
and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; EDMUND G. BROWN, JR., in his official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of | CASE NO. 09-CV-2292 VRW<br><br>**DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM'S OPPOSITION TO MOTION TO ENLARGE TIME** |

Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Timothy Chandler (CA Bar No. 234325)
*tchandler@telladf.org*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 932-2850, Facsimile: (916) 932-2851

Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

 * Admitted *pro hac vice*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

CONCLUSION ................................................................................................................................. 5

# TABLE OF AUTHORITIES

**CASES**

*44 Liquormart, Inc. v. Rhode Island*,
 940 F. Supp. 437 (D.R.I. 1996) .................................................................................... 4

*Ackerman v. Western Electric Co., Inc.*,
 643 F. Supp. 836 (N.D. Cal. 1986) ............................................................................... 4

*Democratic Party of Washington State v. Reed*,
 388 F.3d 1281 (9th Cir. 2004) ...................................................................................... 2

*Gaskins v. BFI Waste Services, LLC*,
 281 Fed. Appx. 255 (4th Cir. 2008) .............................................................................. 2

*Klein v. Central States, Southeast & Southwest Areas Health & Welfare Plan*,
 621 F. Supp. 2d 537 (N.D. Ohio 2009) ........................................................................ 3

*Lyon v. Kimberly Clark Corp. Pension Plan*,
 No. 15-3201, 2007 WL 1852215, 2007 U.S. Dist. LEXIS 46424
 (D.N.J. June 26, 2007) ............................................................................................. 3-4

*Mazloum v. District of Columbia*,
 No. 06-0002, 2008 WL 4876156 (D.D.C. Nov. 12, 2008) ........................................... 3

*McCloud v. City of Sunbury*,
 No. 04-2322, 2006 WL 449198, 2006 U.S. Dist. LEXIS 9187 (M.D. Pa. Feb. 23, 2006) ... 4

*Tancredi v. Metropolitan Life Insurance Co.*,
 378 F.3d 220 (2d Cir. 2004) ......................................................................................... 2

*Unisys Corp. Retiree Medical Benefits ERISA Litigation v. Unisys Corp.*,
 No. 03-3924, 2007 WL 4287393, 2007 U.S. Dist. LEXIS 89317
 (E.D. Pa. Dec. 4, 2007) ............................................................................................ 2, 3

*United Industries, Inc. v. Simon-Hartley, Ltd*,
 91 F.3d 762 (5th Cir. 1996) .......................................................................................... 2

*Woods Construction Co. v. Atlas Chemical Industries, Inc.*,
 337 F.2d 888 (10th Cir. 1964) ................................................................................... 1-2

**CONSTITUTIONAL PROVISIONS AND STATUTES**

Cal. Const. art. I, § 3(a) .......................................................................................................... 3

Cal. Const. art. II, § 1.............................................................................................................. 3

**RULES**

Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 54(d)(2)(B) ............................ 1, 3

Civil Local Rule 54-5(b) ................................................................................................................. 4

Civil Local Rule 54-5(b)(2) ............................................................................................................ 4

**OTHER AUTHORITIES**

Shane Goldmacher, *Holding Budget Ransom May Be Schwarzenegger's Last Hope*, L.A. Times, Aug. 22, 2010, *available at* http://articles.latimes.com/2010/aug/22/local/la-me-arnold-budget-20100823 ................................................................................................................... 2

*Manual for Complex Litigation, Fourth, § 14.222* (2004) ............................................................ 2, 3

DEFENDANT-INTERVENORS' OPPOSITION TO MOTION TO ENLARGE TIME
CASE NO. 09-CV-2292 VRW

Defendant-Intervenors Hollingsworth, Knight, Gutierrez, Jansson, and ProtectMarriage.com ("Proponents") submit the following opposition to Plaintiffs' and Plaintiff-Intervenor's Motion to Enlarge Time. *See* Doc #729, Doc #742.

## INTRODUCTION

Plaintiffs' motion to delay indefinitely this Court's consideration of their request for attorney's fees and costs contradicts the very reasons supporting the 14-day deadline established in Rule 54. Those reasons are stated unambiguously in the Advisory Committee Notes: "One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed. . . . Prompt filing [also] affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 54(d)(2)(B). Both of those policy reasons are relevant here.

Moreover, the interests in giving opposing parties notice of fees claims and resolving the issue while the case is fresh in the court's mind easily outweigh any detriment to Plaintiffs here, especially considering the relatively minimal effort needed to file their motion and supporting documents. Plaintiffs have plainly demonstrated that they have more than sufficient staff dedicated to the case. And it should be particularly easy to complete the motion from the contemporaneous time records that they were required to keep.

Finally, courts generally view Plaintiffs' sole reason for delaying their fees motion—the pending appeal in this case—as insufficient to disregard Rule 54's requirement for prompt resolution of fee disputes. Therefore, the Court should deny Plaintiffs' motion.

## ARGUMENT

Several circuit courts have recognized that the intent of Rule 54's time requirement is both to ensure that opposing parties have informed notice of the fees claim before the time for appeal elapses and, importantly, to enable the district court to decide the issue while the case is still in mind. One appellate court, for example, long ago noted that prompt resolution of fee disputes is important because "[a]n adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action

accordingly." *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 891 (10th Cir. 1964). Other courts have followed suit, recognizing the strong policy reasons that support the rule. *See, e.g.*, *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004); *United Indus., Inc. v. Simon-Hartley, Ltd*, 91 F.3d 762, 766 (5th Cir. 1996) (noting that the 14-day requirement "serves several laudable purposes," including the purpose of ensuring that opposing parties have notice of the fees claim); *see also Gaskins v. BFI Waste Services, LLC*, 281 Fed. Appx. 255, 259 (4th Cir. 2008) (unpublished) (same).

Indeed, "[t]he weight of authority . . . is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal." *Unisys Corp. Retiree Medical Benefits ERISA Litigation v. Unisys Corp.*, No. 03-3924, 2007 WL 4287393, at *2, 2007 U.S. Dist. LEXIS 89317, at *6 (E.D. Pa. Dec. 4, 2007); *see also Manual for Complex Litigation, Fourth, § 14.222* (2004) (recommending that prompt filing of the motion is necessary to give interested parties notice of fee claim before time for appeal has expired and while services are still fresh in mind).

The policy reasons for providing notice of claims for fees and costs in anticipation of appeal have particular force in this case. Proponents, to be sure, have already noticed an appeal of the district court's ruling. But because controlling authority makes clear that Proponents cannot be held liable for attorney's fees, *see, e.g., Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1288 (9th Cir. 2004), *quoting Indep. Fed. of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989), Plaintiffs' fee request assuredly will be targeted at parties that have yet to appeal—*i.e.*, the Governor and the other Administration Defendants, the Attorney General, and the County Clerks for Los Angeles and Alameda counties. Particularly given California's fiscal challenges, these parties—not to mention the voters who put them in office and the legislators who are embroiled in a budget stand-off with the Governor, *see* Shane Goldmacher, *Holding Budget Ransom May Be Schwarzenegger's Last Hope*, L.A. Times, Aug. 22, 2010, *available at* http://articles.latimes.com/2010/aug/22/local/la-me-arnold-budget-20100823—deserve to know before the time to appeal has expired the potential liability they face from attorney's fees and costs generated by Plaintiffs. And although these parties have not objected to Plaintiffs' motion to

enlarge time, they cannot by doing so evade the clear interest the State and its People have in making a fully informed decision on whether to appeal. *See, e.g.,* Cal. Const. art. II, § 1 ("All political power is inherent in the people."); *id.* art. I, § 3(a) ("The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good.").

The second reason for the 14-day requirement—to ensure that the facts and litigation are fresh in the judge's mind—is also important in a case like this that involved dozens of attorneys and a 12-day trial with extended closing argument.  It is unfair to the parties and to the Court to try to evaluate a fee award in such intense litigation after all appeals are exhausted, which is potentially years away.  *See* Rule 54 Advisory Committee Notes to 1993 Amendments ("Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind"); *Mazloum v. District of Columbia*, No. 06-0002, 2008 WL 4876156, at *1 (D.D.C. Nov. 12, 2008) (finding that "[p]olicy reasons favor pre-appeal fee petitions" including the benefit of resolving fee disputes while the services performed are freshly in mind); *see also Manual for Complex Litigation, Fourth, § 14.222* (2004) (same).  Plaintiffs have offered no reason whatsoever for disregarding this important rationale for Rule 54.

While it is true that Rule 54 gives courts discretion to modify that timeframe, the only reason Plaintiffs give for their motion is the pending appeal in this case.  When the sole reason for delaying a fee application is the mere fact that an appeal has been filed, courts routinely refuse to exercise their discretion to stay the issue of attorney's fees until all appeals have been exhausted. *See Klein v. Central States, Se. & Sw. Areas Health & Welfare Plan*, 621 F. Supp. 2d 537, 540 (N.D. Ohio 2009) ("Generally, an appeal alone does not justify postponing a decision on a request for attorney's fees. . . . [E]fficiency favors ruling on the motion for fees and costs now."); *Unisys Corp.*, 2007 WL 4287393, at *2, 2007 U.S. Dist. LEXIS 89317, at *6 ("[A] number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period"); *Lyon v. Kimberly Clark Corp. Pension Plan*, No. 15-3201, 2007 WL 1852215, at *1, 2007 U.S. Dist. LEXIS 46424, at *3 (D.N.J. June 26, 2007) ("Defendant has proffered no reason why a pending appeal alone should constitute sufficient grounds for this Court to deny

1  Plaintiff's motion [to delay the consideration of a request for attorney's fees]"); *McCloud v. City of Sunbury*, No. 04-2322, 2006 WL 449198, at *1, 2006 U.S. Dist. LEXIS 9187, at *2 (M.D. Pa. Feb. 23, 2006) (noting that the court had never stayed a motion for attorney's fees and expenses simply because an appeal had been filed). In short, Plaintiffs' attempt to revise Congress's policy preference by arguing that it is more appropriate to resolve fee disputes after all the appeals have been fully exhausted has been repeatedly rejected and therefore does not support their motion.

Neither does the relatively small burden on Plaintiffs justify their motion. To fulfill their obligation under Rule 54, Plaintiffs simply need to file a motion with supporting evidence and time records. *See* Civil Local Rule 54-5(b). Plaintiffs have demonstrated that they have more than enough staff dedicated to this case to accomplish the work required to file a motion and supporting papers for attorney's fees and costs. This relatively light burden imposed by Rule 54 cannot possibly outweigh Congress's strong policy reasons for prompt consideration of fee disputes. *See 44 Liquormart, Inc. v. Rhode Island*, 940 F. Supp. 437, 443 (D.R.I. 1996).[1]

For these reasons, the Court should also deny Plaintiffs' alternative request that they have "45 days of the latter of: (A) the entry of an order resolving the instant motion, or (B) the entry of judgment by this Court." Pl.'s Mot. to Enlarge Time, Doc #729 at 4. First, granting this 45-day extension would ignore that the purpose of Rule 54's 14-day requirement is to give opposing parties notice of the amount of the fees claim before time for appeal elapses, since a party has only 30 days to decide whether to appeal. Second, the relatively easy task of computing a fee total does not justify a 45-day delay any more than it would justify delay until appeals are exhausted. As noted above, the 14-day time limit takes into account that the fees motion is not complicated, especially since Plaintiffs' attorneys are required to keep contemporaneous time records and those records should be relatively easy to compile. *See* Civil Local Rule 54-5(b)(2); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986) ("In the absence of contemporaneous time records, the court in its discretion may deny an award of attorney's fees") (citing *Hensley v.*

---

[1] Even if the Court is inclined to grant Plaintiffs' motion to delay submission of supporting evidence for attorney's fees and costs, it should at the very least require Plaintiffs to file their motion for fees now so that opposing parties have some notice about the nature of their fee claims.

4

DEFENDANT-INTERVENORS' OPPOSITION TO MOTION TO ENLARGE TIME
CASE NO. 09-CV-2292 VRW

*Eckerhart,* 461 U.S. 424, 433 (1983)).

## CONCLUSION

In sum, Congress has been clear about why Rule 54 imposes a 14-day timeframe to file a motion for attorney's fees and costs. Courts have routinely recognized those reasons, holding that delay is not justified simply because there is a pending appeal. This Court should do the same here.

Because Plaintiffs have given no good reason for disregarding Rule 54's 14-day notice requirement, Defendant-Intervenors respectfully request that the Court deny their motion to delay consideration of attorney's fees and costs.[2] Even if the Court is inclined to give Plaintiffs additional time to provide their supporting documentation, it should at the very least require Plaintiffs to file a motion stating the total amount of fees requested.

DATED: August 23, 2010

ALLIANCE DEFENSE FUND
ATTORNEYS FOR DEFENDANT-INTERVENORS
DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By: /s/ Brian W. Raum
Brian W. Raum

---

[2] For the reasons stated herein, the Court should deny both Plaintiffs' original motion to enlarge time, Doc #729, and the motion to enlarge time to file a bill of costs they later filed "in an abundance of caution and for avoidance of doubt," Doc #742.

5

DEFENDANT-INTERVENORS' OPPOSITION TO MOTION TO ENLARGE TIME
CASE NO. 09-CV-2292 VRW