IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN M PERRY, SANDRA B STIER,
PAUL T KATAMI and JEFFREY J
ZARRILLO,

    Plaintiffs,

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff-Intervenor,

    v

ARNOLD SCHWARZENEGGER, in his
official capacity as Governor of
California; EDMUND G BROWN JR, in
his official capacity as Attorney
General of California; MARK B
HORTON, in his official capacity
as Director of the California
Department of Public Health and
State Registrar of Vital
Statistics; LINETTE SCOTT, in her
official capacity as Deputy
Director of Health Information &
Strategic Planning for the
California Department of Public
Health; PATRICK O'CONNELL, in his
official capacity as Clerk-
Recorder of the County of
Alameda; and DEAN C LOGAN, in his
official capacity as Registrar-
Recorder/County Clerk for the
County of Los Angeles,

    Defendants,

DENNIS HOLLINGSWORTH, GAIL J
KNIGHT, MARTIN F GUTIERREZ, HAK-
SHING WILLIAM TAM, MARK A
JANSSON and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
RENEWAL, as official proponents
of Proposition 8,

    Defendant-Intervenors.
_____/

No C 09-2292 VRW

ORDER

Plaintiffs and plaintiff-intervenor move to enlarge time to file their motion for attorney fees and costs until thirty days after all appeals are final. Doc ##729, 742. The Governor, Attorney General and Alameda County do not oppose the motion. Doc ##735, 739, 741. Proponents oppose any enlargement of time. Doc #743.

Under FRCP 54(d), a prevailing party must file its motion for attorney fees and costs not later than fourteen days after entry of judgment. The court may, however, extend time to file the motion. FRCP 54(d)(2)(B); see Advisory Committee Notes to 1993 Amendments (noting that the court may permit claims for fees and costs to be filed after resolution of the appeals process).

Proponents ask the court to retain the fourteen day deadline to provide the government defendants with an opportunity to consider their potential liability for fees and costs before the time to appeal has run. Doc #743 at 7-8. Proponents also seek to ensure the court will have the opportunity to decide the motion for fees and costs while the memory of the case remains fresh. Id at 8.

Here, however, prudence dictates that the court wait to consider any motion for fees and costs until all appeals from the judgment are final. The Ninth Circuit is considering proponents' appeal on an expedited schedule, requiring the parties' full attention and potentially generating additional fees. Moreover, the government defendants do not oppose an extension of time, suggesting that the amount of attorney fees sought by plaintiffs will not inform their decisions whether to appeal. Finally, the case is unlikely to fade quickly from the court's memory. Any

motion for fees and costs can be resolved fully and fairly after all appeals from the judgment are final.

Accordingly, plaintiffs' motion to extend time is GRANTED.  Doc ##729, 742.  Plaintiffs' related motion to shorten time is DENIED AS MOOT.  Doc #732.  Any motion for fees and costs pursuant to FRCP 54(d) shall be filed not later than thirty days after all appeals of the August 12, 2010 judgment, Doc #728, are final.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge