IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kristin M. Perry, et al., | NO. C 09-02292 JW |
| Plaintiffs, <br> v. | **ORDER DENYING MOTION FOR ORDER COMPELLING RETURN OF TRIAL RECORDINGS** |
| Arnold Schwarzenegger, et al., | |
| Defendants. | |

Presently before the Court is Defendant-Intervenors' Motion for Order Compelling Return of Trial Recordings.[1] The Court conducted a hearing on June 13, 2011. Based on the papers submitted to date and oral argument, the Court DENIES Defendant-Intervenors' Motion for Order Compelling Return of Trial Recordings.

**A.  Background**

This Motion is related to the trial held by Chief Judge Vaughn Walker (retired) in this case. A detailed summary of the background to the case and its procedural history can be found in the

---

[1] (Appellants' Motion for Order Compelling Return of Trial Recordings, hereafter, "Motion," Docket Item No. 771-1.) This Motion was originally brought before the Ninth Circuit, which currently has appellate jurisdiction over the merits of the underlying decision in this case, including the judgment. (See Order at 2, Docket Item No. 771.) On April 27, 2011, the Ninth Circuit transferred the Motion to this Court, on the ground that this Court still has jurisdiction over "ancillary matters" associated with this case, such as the protective order regarding the trial recordings at issue in this Motion. (Id. at 2-3.)

Order issued by Judge Walker on August 4, 2010.[2] The Court reviews the procedural history relevant to the present Motion.

On December 21, 2009, a coalition of media companies requested the Court's permission to televise the trial.[3] (See Docket Item No. 313.) On January 6, 2010, the Court held a hearing regarding the recording and broadcasting of the trial at which the Court announced that an audio and video feed of the trial would be streamed to several courthouses in other cities, and that the trial would be recorded for broadcast over the Internet. Hollingsworth, 130 S. Ct. at 708-09. On January 7, 2010, the Court notified the parties that it had made a formal request to Chief Judge Kozinski that the trial be included in the Ninth Circuit's pilot project on audio-video recording and transmission. (See Docket Item No. 358.) On January 8, 2010, Chief Judge Kozinski issued an order approving of real-time streaming of the trial to certain courthouses, pending the resolution of technical difficulties. Hollingsworth, 130 S. Ct. at 709. On January 9, 2010, Defendant-Intervenors applied to the Supreme Court for a stay of the Court's order broadcasting the trial, which the Supreme Court granted on January 13, 2010. See id. at 709-10 (staying the broadcast because the Northern District of California's amendment of its Local Rules to permit broadcast of the trial "likely did not" comply with federal law). On January 15, 2010, the Court notified the parties that, in compliance with the Supreme Court's January 13, 2010 Order, it had formally requested Chief Judge Kozinski to withdraw the case from the pilot project on transmitting trial court proceedings to remote federal courthouse locations or for broadcast or webcast. (See Docket Item No. 463 at 2.) However, the Court notified the parties that it would continue recording the trial "for use in chambers." (Id.)

On May 31, 2010, the Court notified the parties that "[i]n the event any party wishes to use portions of the trial recording during closing arguments, a copy of the video can be made available to the party." (Docket Item No. 672 at 2.) The Court stated that the parties "will of course be

---

[2] (See Pretrial Proceedings and Trial Evidence; Credibility Determinations; Findings of Fact; Conclusions of Law; Order, hereafter, "August 4 Order," Docket Item No. 708.)

[3] A detailed discussion of the factual background of the Court's consideration of whether the trial should be recorded or broadcast may be found in the Supreme Court's opinion staying the broadcast of the trial. See Hollingsworth v. Perry, 130 S. Ct. 705 (2010).

2

obligated to maintain as strictly confidential any copy of the video pursuant to paragraph 7.3 of the protective order."[4] (Id.) On June 2, 2010, both Plaintiffs and Plaintiff-Intervenor City and County of San Francisco requested a copy of the video, pursuant to the Court's May 31, 2010 Order.[5] In its August 4 Order, the Court noted that the "trial proceedings were recorded and used by [the Court] in preparing the findings of fact and conclusions of law," and directed the Clerk to "file the trial recording under seal as part of the record." (August 4 Order at 4.) The Court stated that the "parties may retain their copies of the trial recording pursuant to the terms of the protective order." (Id.)

**B.    Discussion**

Defendant-Intervenors move for an order as follows: (1) directing Judge Walker to cease disclosures of the video recordings of the trial proceedings in this case, or any portion thereof, and that all copies of the trial recordings in the possession, custody or control of Judge Walker be returned to the Court;[6] and (2) directing that all copies of the trial recordings in the possession,

---

[4] On January 12, 2010, the parties entered into an Amended Protective Order. (hereafter, "Protective Order," Docket Item No. 425.) The Protective Order was entered because disclosure and discovery activity in the case would be "likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted." (Id. at 1.) Paragraph 7.3 of the Amended Protective Order addresses items that are designated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," and states that such items may only be disclosed to the parties' counsel of record, certain experts, the Court and its personnel, "court reporters, their staffs, and professional vendors" who have signed an agreement to be bound by the Protective Order, and the author of the item. (Id. at 8-9.) The Protective Order specifies that "[e]ven after the termination of this litigation, the confidentiality obligations imposed by [the Order] shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs." (Id. at 2.)

[5] (See Notice to Court Clerk from Plaintiff-Intervenor City and County of San Francisco Re Use of Video, Docket Item No. 674 (stating that Plaintiff-Intervenor "wishes to obtain a copy of [certain portions] of the trial video to review for possible use at closing argument"); Notice to Court Clerk Re Plaintiffs' Request for a Copy of the Trial Recording, Docket Item No. 675 (stating that Plaintiffs "respectfully request a copy of the trial recording for possible use during closing arguments").)

[6] In its April 28, 2011 Order, the Court ordered "[a]ll participants in the trial," including Judge Walker, "who are in possession of a recording of the trial proceedings" to appear at the June 13, 2011 hearing "to show cause as to why the recordings should not be returned to the Court's possession." (Order Setting Hearing on Motion at 2, hereafter, "April 28 Order," Docket Item No. 772.) On May 12, 2011, Judge Walker voluntarily lodged his chambers copy of the video recording with the Court, which filed the copy under seal. (See Docket Item Nos. 777, 781.) Accordingly,

custody or control of any party to this case be returned to the Court and held under seal, because, now that the trial is over, there is "no legitimate reason" for the parties to continue to have a copy of the recording. (Motion at 1, 20.) Plaintiffs respond as follows: (1) because no "prior orders or local rules barred" Judge Walker from disclosing portions of the video, and because Judge Walker's use of the video was "harmless," the Court should not order him to stop disclosing portions of the video or to return his copy to the Court; and (2) because "use of the trial video would aid the parties in connection with any additional proceedings," and because the parties "have dutifully complied with the protective order," the Court should not order the parties to return their copies of the video.[7]

Upon review, the Court does not find good cause to require the parties to return their copies of the video recordings of the trial to the Court. As discussed previously, the Court made copies of the video available to the parties, pursuant to the Protective Order, for use during the trial. Defendant-Intervenors' Motion does not contend that the parties have violated the terms of the Protective Order by disclosing the video recordings of the trial. Because there is no indication that the parties have violated the Protective Order, and because appellate proceedings in this case are still ongoing, the parties may retain their copies of the trial recordings.[8]

Accordingly, the Court DENIES Defendant-Intervenors' Motion for Order Compelling Return of Trial Recordings and discharges its Order to Show Cause regarding the return of the trial recordings.

---

Defendant-Intervenors' Motion, insofar as it requests an order requiring Judge Walker to return his copy of the video recording, is DENIED as moot. The Court does not reach any issue with respect to Judge Walker's use of the trial recordings.

[7] (Plaintiffs-Appellees' Opposition to Appellants' Motion Regarding Trial Recordings and Plaintiffs-Appellees' Motion to Unseal at 6-11, Docket Item No. 771-4.) In addition, the Opposition contends that the recordings of the trial should be unsealed. (Id. at 9-10.) However, in its April 28 Order, the Court stated that it would "bifurcate Plaintiffs' Cross-Motion to lift the protective order [on the video recordings] until it has the opportunity to resolve the underlying Motion." (April 28 Order at 1.) Accordingly, the Court does not consider at this time Plaintiffs' contention that the recordings should be unsealed. The Court, in conjunction with Plaintiffs' Cross-Motion to lift the Protective Order, will consider any request by Judge Walker for the return of the copy of the video recording that Judge Walker voluntarily returned to the Court.

[8] The video recordings of the trial continue to be subject to the Protective Order, pending the Court's resolution of the Cross-Motion to lift the Protective Order.

4

**C.** **Conclusion**

The Court DENIES Defendant-Intervenors' Motion for Order Compelling Return of Trial Recordings, and orders as follows:

(1) The Court sets **August 29, 2011 at 9 a.m.** for a hearing on Plaintiffs' Cross-Motion to lift the Protective Order on the video recording of the trial.

(2) Although it appears that Plaintiffs' Cross-Motion has been fully briefed at the circuit level, the Court invites anyone who wishes to file further responses to the Cross-Motion to do so in compliance with the following briefing schedule:

    (a) On or before **July 15, 2011**, any party desiring to do so shall file their Opposition;

    (b) On or before **August 1, 2011**, any party desiring to do so shall file their Reply.

The Court hereby gives notice that it intends to return the trial recordings to Judge Walker as part of his judicial papers. Any party who objects shall articulate its opposition in the supplemental briefing in accordance with the schedule outlined above.

Dated: June 14, 2011

JAMES WARE
United States District Chief Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Lawrence Schlosser aschlosser@aclunc.org
Amir Cameron Tayrani Atayrani@gibsondunn.com
Andrew Perry Pugno andrew@pugnolaw.com
Andrew Walter Stroud stroud@mgslaw.com
Angela Christine Thompson angelathompsonesq@gmail.com
Austin R. Nimocks animocks@telladf.org
Brian Ricardo Chavez-Ochoa chavezochoa@yahoo.com
Brian W Raum braum@telladf.org
Charles J. Cooper ccooper@cooperkirk.com
Charles Salvatore LiMandri cslimandri@limandri.com
Christine Van Aken christine.van.aken@sfgov.org
Christopher Dean Dusseault cdusseault@gibsondunn.com
Christopher Francis Stoll cstoll@nclrights.org
Christopher James Schweickert cjs@wcjuris.com
Claude Franklin Kolm claude.kolm@acgov.org
Daniel J. Powell Daniel.Powell@doj.ca.gov
Danny Yeh Chou danny.chou@sfgov.org
David Boies dboies@bsfllp.com
David E. Bunim Dbunim@haasnaja.com
David H. Thompson dthompson@cooperkirk.com
David L. Llewellyn Dllewellyn@LS4law.com
Diana E Richmond drichmond@sideman.com
Elizabeth O. Gill egill@aclunc.org
Enrique Antonio Monagas emonagas@gibsondunn.com
Ephraim Margolin ephraim_margolin@yahoo.com
Eric Grant grant@hicks-thomas.com
Eric Alan Isaacson erici@rgrdlaw.com
Erin Brianna Bernstein Erin.Bernstein@sfgov.org
Ethan D. Dettmer edettmer@gibsondunn.com
Gordon Bruce Burns Gordon.Burns@doj.ca.gov
Herma Hill Kay hkay@law.berkeley.edu
Holly L Carmichael holly.l.carmichael@gmail.com
Howard C. Nielson hnielson@cooperkirk.com
Ilona Margaret Turner iturner@nclrights.org
James Bopp jboppjr@bopplaw.com
James A Campbell jcampbell@telladf.org
James C. Harrison jharrison@rjp.com
James Dixon Esseks jesseks@aclu.org
James J. Brosnahan jbrosnahan@mofo.com
Jennifer Carol Pizer jpizer@lambdalegal.org
Jennifer Lynn Monk jmonk@faith-freedom.com
Jennifer Lynn Monk jmonk@faith-freedom.com
Jeremy Michael Goldman jgoldman@bsfllp.com
Jerome Cary Roth Jerome.Roth@mto.com
Jesse Michael Panuccio jpanuccio@cooperkirk.com
John Douglas Freed jfreed@cov.com
Jon Warren Davidson jdavidson@lambdalegal.org
Jordan W. Lorence jlorence@telladf.org
Jose Hector Moreno jhmoreno@jhmlaw.com
Josh Schiller jischiller@bsfllp.com
Josh Schiller jischiller@bsfllp.com

Judy Whitehurst Jwhitehurst@counsel.lacounty.gov
Kari Lynn Krogseng krogseng@rjp.com
Kelly Wayne Kay oakkelly@yahoo.com
Kevin Trent Snider kevinsnider@pacificjustice.org
Lauren Estelle Whittemore lwhittemore@fenwick.com
Leslie A Kramer lkramer@fenwick.com
Louis P. Feuchtbaum lfeuchtbaum@sideman.com
Manuel Francisco Martinez manuel.martinez@acgov.org
Mark Russell Conrad Mark.Conrad@mto.com
Mary Elizabeth McAlister court@lc.org
Matthew Albert Coles mcoles@aclu.org
Matthew Dempsey McGill mmcgill@gibsondunn.com
Michael Wolf mwolf@nethere.com
Michael James McDermott mjm1usa@aol.com
Michael Stuart Wald mwald@stanford.edu
Patrick John Gorman pgorman@wctlaw.com
Peter Obstler peter.obstler@bingham.com
Peter A. Patterson ppatterson@cooperkirk.com
Peter C Renn prenn@lambdalegal.org
Richard J. Bettan rbettan@bsfllp.com
Robert Henry Tyler rtyler@faith-freedom.com
Ronald P. Flynn ronald.flynn@sfgov.org
Rosanne C. Baxter rbaxter@bsfllp.com
Sarah Elizabeth Piepmeier spiepmeier@gibsondunn.com
Shannon Minter sminter@nclrights.org
Stephen V. Bomse sbomse@orrick.com
Steven Edward Mitchel mitchelsteve@yahoo.com
Susan Marie Popik spopik@chapop.com
Tamar Pachter Tamar.Pachter@doj.ca.gov
Tara Lynn Borelli tborelli@lambdalegal.org
Terry Lee Thompson tl_thompson@earthlink.net
Theane Evangelis Kapur tkapur@gibsondunn.com
Theodore B Olson tolson@gibsondunn.com
Theodore Hideyuki Uno tuno@bsfllp.com
Theodore J. Boutrous tboutrous@gibsondunn.com
Thomas R. Burke thomasburke@dwt.com
Timothy D Chandler tchandler@telladf.org

**Dated: June 14, 2011**                              **Richard W. Wieking, Clerk**

                                                    **By:     /s/ JW Chambers**
                                                          **Susan Imbriani**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California