COOPER AND KIRK, PLLC
Charles J. Cooper (DC Bar No. 248070)*
*ccooper@cooperkirk.com*
David H. Thompson (DC Bar No. 450503)*
*dthompson@cooperkirk.com*
Howard C. Nielson, Jr. (DC Bar No. 473018)*
*hnielson@cooperkirk.com*
Peter A. Patterson (OH Bar No. 0080840)*
*ppatterson@cooperkirk.com*
1523 New Hampshire Ave. N.W., Washington, D.C. 20036
Telephone: (202) 220-9600, Facsimile: (202) 220-9601

LAW OFFICES OF ANDREW P. PUGNO
Andrew P. Pugno (CA Bar No. 206587)
*andrew@pugnolaw.com*
101 Parkshore Drive, Suite 100, Folsom, California 95630
Telephone: (916) 608-3065, Facsimile: (916) 608-3066

ALLIANCE DEFENSE FUND
Brian W. Raum (NY Bar No. 2856102)*
*braum@telladf.org*
James A. Campbell (OH Bar No. 0081501)*
*jcampbell@telladf.org*
15100 North 90th Street, Scottsdale, Arizona 85260
Telephone: (480) 444-0020, Facsimile: (480) 444-0028

ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON,
and PROTECTMARRIAGE.COM – YES ON 8, A
PROJECT OF CALIFORNIA RENEWAL

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,<br><br>Plaintiffs,<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California; KAMALA D. HARRIS, in her official capacity as Attorney | CASE NO. 09-CV-2292 JW<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER COMPELLING RETURN OF TRIAL RECORDINGS OF DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM**<br><br>Chief Judge James Ware<br><br>Date:  August 29, 2011<br>Time:  9:00 a.m.<br>Location: Courtroom 5, 17th Floor |

General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

Defendants,

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

Defendant-Intervenors.

Additional Counsel for Defendant-Intervenors

ALLIANCE DEFENSE FUND
Jordan W. Lorence (DC Bar No. 385022)*
*jlorence@telladf.org*
Austin R. Nimocks (TX Bar No. 24002695)*
*animocks@telladf.org*
801 G Street NW, Suite 509, Washington, D.C. 20001
Telephone: (202) 393-8690, Facsimile: (202) 347-3622

* Admitted *pro hac vice*

In their motion for an order compelling return of the video recordings of the trial proceedings in this case, Proponents demonstrated that by playing a portion of these recordings in a public speech, former Chief Judge Walker (1) violated his own order placing those recordings under seal, (2) violated the clear terms of Local Rule 77-3, which prohibits the broadcast or other transmission of trial proceedings beyond the confines of the courthouse, (3) contravened the longstanding policies of the Judicial Conference of the United States and the Judicial Council of the Ninth Circuit prohibiting public broadcast of trial proceedings, (4) defied the spirit and precedential force of the United States Supreme Court's decision staying Judge Walker's earlier attempt to publicly broadcast these trial proceedings, and (5) repudiated his own solemn commitment in open court that the video recordings were being made solely for his judicial use in chambers – specifically, to assist him in preparing the findings of fact.  *See* Doc. No. 771-1 at 1-2, 13-18; Doc. No. 771-7 at 1-4, 7-8.

In denying Proponents' motion, this Court did "not reach any issue with respect to Judge Walker's use of the trial recordings." Doc. No. 798 at 4 n.6. Rather, because "Judge Walker voluntarily lodged his chambers copy of the video recording with the Court," this Court denied Proponents' motion as moot "insofar as it requests an order requiring Judge Walker to return his copy of the video recording." *Id*. at 3-4 n.6. This Court nevertheless "g[ave] notice that it intends to return the trial recordings to Judge Walker as part of his judicial papers," and invited "[a]ny party who objects" to "articulate its opposition in the supplemental briefing in accordance with the schedule outlined" in its order. *Id.* at 5.

For the reasons set forth in the briefs supporting Proponents' motion for an order compelling the return of the trial recordings, and as briefly summarized below, Proponents object to the return of the trial recordings to Judge Walker. In the event that this Court nevertheless proceeds with its stated intention, it should enter an order making clear that Judge Walker may

1

not publicly broadcast or disseminate these recordings, but must strictly comply with the terms of the Protective Order governing the Parties' retention of the recordings.

1.  In video recording the trial over Proponents' objections, Judge Walker solemnly represented on the record that the trial recordings would be would be used solely in chambers to assist with his preparation of his findings of fact.  Doc. No. 771-1 at 2-3, 7-8, 16; Doc. No. 771-7 at 1; Doc. No. 463 at 2.  Had he indicated any intention to remove the trial recordings from "the confines of the courthouse," Local Rule 77-3, and to use them for personal purposes unrelated to his responsibilities as the trial judge—let alone an intention to publicly broadcast the trial recordings outside the courthouse—his recording of the trial would have been unlawful from the outset and Proponents would have taken action to enforce Local Rule 77-3 and the Supreme Court's stay that was in effect at that time.  Under these circumstances, the video recordings of the trial proceedings cannot properly be regarded as personal property that may be removed from the courthouse and used for purposes for which the recordings could not lawfully have been created in the first place.  If there were any room for doubt on this point, Judge Walkers' improper post-trial use of the recordings in a public speech confirms that the recordings should not be returned to him.

2.   If this Court nevertheless decides to return the recordings to Judge Walker, it should make clear that he must refrain from further public dissemination of those recordings.  For even if the recordings could properly be regarded as Judge Walker's judicial papers (and they cannot), "Judges whose papers contain notes or documents from sealed cases ought to consult their local court rules, and the access restrictions on the chambers files should parallel those imposed on the case files."  Federal Judicial Center, *A Guide to the Preservation of Federal Judges' Papers* 15 (2d ed. 2009).  Here, of course, the case file of these recordings is sealed pursuant to Judge Walker's own order.  *See* Doc. No. 771-1 at 11-12.  Indeed, given Judge

2

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER COMPELLING RETURN OF TRIAL RECORDINGS OF DEFENDANT-INTERVENORS
CASE NO. 09-CV-2292 JW

Walker's previous disregard of that order, the local rules, official judicial policies, the United States Supreme Court, and his own representations on the record, this Court should direct Judge Walker to maintain his copy of the trial recordings in strict compliance with the same terms of the Protective Order that apply to the parties to this case.

DATED: July 15, 2011               Respectfully Submitted,

ATTORNEYS FOR DEFENDANT-INTERVENORS
DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, AND PROTECTMARRIAGE.COM – YES ON 8, A PROJECT OF CALIFORNIA RENEWAL

By:   /s/ Charles J. Cooper
      Charles J. Cooper