1  COOPER AND KIRK, PLLC
   Charles J. Cooper (DC Bar No. 248070)*
2  ccooper@cooperkirk.com
   David H. Thompson (DC Bar No. 450503)*
3  dthompson@cooperkirk.com
   Howard C. Nielson, Jr. (DC Bar No. 473018)*
4  hnielson@cooperkirk.com
   Nicole J. Moss (DC Bar No. 472424)*
5  nmoss@cooperkirk.com
   Peter A. Patterson (Ohio Bar No. 0080840)*
6  ppatterson@cooperkirk.com
   1523 New Hampshire Ave. N.W., Washington, D.C. 20036
7  Telephone: (202) 220-9600, Facsimile: (202) 220-9601

8  LAW OFFICES OF ANDREW P. PUGNO
   Andrew P. Pugno (CA Bar No. 206587)
9  andrew@pugnolaw.com
   101 Parkshore Drive, Suite 100, Folsom, California 95630
10 Telephone: (916) 608-3065, Facsimile: (916) 608-3066

11 ALLIANCE DEFENSE FUND
   Brian W. Raum (NY Bar No. 2856102)*
12 braum@telladf.org
   James A. Campbell (OH Bar No. 0081501)*
13 jcampbell@telladf.org
   15100 North 90th Street, Scottsdale, Arizona 85260
14 Telephone: (480) 444-0020, Facsimile: (480) 444-0028

15 ATTORNEYS FOR DEFENDANT-INTERVENORS DENNIS HOLLINGSWORTH,
   GAIL J. KNIGHT, MARTIN F. GUTIERREZ, MARK A. JANSSON, and
16 PROTECTMARRIAGE.COM – YES ON 8, A
   PROJECT OF CALIFORNIA RENEWAL

17
18 * Admitted pro hac vice

19        **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**

20 KRISTIN M. PERRY, SANDRA B. STIER, PAUL
   T. KATAMI, and JEFFREY J. ZARRILLO,
21
22        Plaintiffs,                        CASE NO. 09-CV-2292 JW

23 and                                       The Honorable James Ware, Chief Judge

24 CITY AND COUNTY OF SAN FRANCISCO,

25        Plaintiff-Intervenor               **NOTICE OF APPEAL**

26        v.

27 EDMUND G. BROWN, JR., in his official capacity
28 as Governor of California; KAMALA D. HARRIS,

DEFENDANT-INTERVENORS' NOTICE OF APPEAL
CASE NO. 09-CV-2292 JW

1   in her official capacity as Attorney General of
California; MARK B. HORTON, in his official
2   capacity as Director of the California Department of
Public Health and State Registrar of Vital Statistics;
3   LINETTE SCOTT, in her official capacity as
Deputy Director of Health Information & Strategic
4   Planning for the California Department of Public
Health; PATRICK O'CONNELL, in his official
5   capacity as Clerk-Recorder for the County of
Alameda; and DEAN C. LOGAN, in his official
6   capacity as Registrar-Recorder/County Clerk for
the County of Los Angeles,
7

8                          Defendants,

9   and

10  PROPOSITION 8 OFFICIAL PROPONENTS
DENNIS HOLLINGSWORTH, GAIL J.
11  KNIGHT, MARTIN F. GUTIERREZ, HAK-
SHING WILLIAM TAM, and MARK A.
12  JANSSON; and PROTECTMARRIAGE.COM –
YES ON 8, A PROJECT OF CALIFORNIA
13  RENEWAL,
14
                         Defendant-Intervenors.
15

16  <u>Additional Counsel for Defendant-Intervenors</u>

17  ALLIANCE DEFENSE FUND
    Jordan W. Lorence (DC Bar No. 385022)*
18  *jlorence@telladf.org*
    Austin R. Nimocks (TX Bar No. 24002695)*
19  *animocks@telladf.org*
    801 G Street NW, Suite 509, Washington, D.C. 20001
20  Telephone: (202) 393-8690, Facsimile: (202) 347-3622

21  * Admitted *pro hac vice*

22

23

24

25

26

27

28

1          Notice is hereby given under Fed. R. App. P. 3 that Defendant-Intervenors

2    Hollingsworth, Knight, Gutierrez, Jansson, and ProtectMarriage.com hereby appeal to the United

3    States Court of Appeals for the Ninth Circuit from the Order of the United States District Court for

4    the Northern District of California Granting Plaintiffs' Motion to Unseal Digital Recording of Trial

5    (Doc #812), dated September 19, 2011.

6

7    Dated:  September 21, 2011

8                                        By:

9                                            Charles J. Cooper*
                                        D.C. Bar No. 248070

10                                           COOPER AND KIRK, PLLC
                                        1523 New Hampshire Ave., NW

11                                           Washington, D.C. 20036
                                        (202) 220-9600

12                                           Fax: (202) 220-9601

13                                           Attorney for Defendant-Intervenors

14                                           Hollingsworth, Knight, Gutierrez, Jansson,
                                        and ProtectMarriage.com

15                                           * Admitted *pro hac vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">1</div>

A-11 (rev. 7/00)                                                              Page 1 of 2



<div style="border:1px solid black; padding:4px;">
USCA DOCKET # (IF KNOWN)
</div>

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: N. Dist, of California | JUDGE: Hon. James Ware, C.J. |
|---|---|---|

| | DISTRICT COURT NUMBER: 09-CV-2292 JW | |
|---|---|---|

KRISTEN M. PERRY, et al. v. EDMUND G. BROWN, JR., in his capacity as Governor of California, et al.

(Please see Attachment A for full title)

| DATE NOTICE OF APPEAL FILED: | IS THIS A CROSS APPEAL? |
|---|---|
| Sep 21, 2011 | ☐ YES |

IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY):

09-16959; 09-17241; 09-17551; 10-70063; 10-15649; 10-16696; 11-16677

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**

Please see attached.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

Whether the district court erred by ordering the Clerk to lift the seal on the videorecordings of the trial in violation of Local Rule, Judicial Conference policy, and the Supreme Court's decision in this case.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

Proponents have two related cases pending in this Court. In Case No. 10-16696, Proponents appeal the district court's ruling that Proposition 8 violates the Equal Protection and Due Process Clauses. In Case No. 11-16577, Proponents appeal the district court's order denying Proponent's motion to vacate the judgment on the ground that Chief Judge Walker was disqualified from presiding in this case.

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

☐ Possibility of Settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☒ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify)

An emergency motion for a stay of the district court's order will be filed.

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |

**JURISDICTION**

**FEDERAL**
- [x] FEDERAL QUESTION
- [ ] DIVERSITY
- [ ] OTHER (SPECIFY):

**APPELLATE**
- [x] FINAL DECISION OF DISTRICT COURT
- [ ] INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT
- [ ] INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):
- [ ] OTHER (SPECIFY):

**DISTRICT COURT DISPOSITION**

**TYPE OF JUDGMENT/ORDER APPEALED**
- [ ] DEFAULT JUDGMENT
- [ ] DISMISSAL/JURISDICTION
- [ ] DISMISSAL/MERITS
- [ ] SUMMARY JUDGMENT
- [ ] JUDGMENT/COURT DECISION
- [ ] JUDGMENT/JURY VERDICT
- [ ] DECLARATORY JUDGMENT
- [ ] JUDGMENT AS A MATTER OF LAW
- [x] OTHER (SPECIFY):
  Order Granting Motion to Unseal Videorecording of Trial

**RELIEF**
- [ ] DAMAGES:
  - SOUGHT $
  - AWARDED $
- [ ] INJUNCTIONS:
  - [ ] PRELIMINARY
  - [ ] PERMANENT
  - [ ] GRANTED
  - [ ] DENIED
- [ ] ATTORNEY FEES:
  - SOUGHT $
  - AWARDED $
- [ ] PENDING
- [ ] COSTS: $

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

Signature

Date: Sep 21, 2011

## COUNSEL WHO COMPLETED THIS FORM

| | |
|---|---|
| NAME | Charles J. Cooper |
| FIRM | Cooper & Kirk, PLLC |
| ADDRESS | 1523 New Hampshire Avenue, NW |
| CITY | Washington |
| STATE | DC |
| ZIP CODE | 20036 |
| E-MAIL | ccooper@cooperkirk.com |
| TELEPHONE | 202-220-9600 |
| FAX | 202-220-9601 |

**\*\*THIS DOCUMENT SHOULD BE FILED IN DISTRICT COURT WITH THE NOTICE OF APPEAL. \*\***
**\*\*IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS.\*\***

Civil Appeals Docket Sheet, continued from page 1

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:

Same-sex couples ("Plaintiffs") challenged the constitutionality of California's Proposition 8, which provides that "[o]nly marriage between a man and a woman is valid or recognized in California," Cal. Const. art. I, § 7.5. Official proponents ("Proponents") of the ballot measure intervened to defend it. When Chief Judge Walker ordered the proceedings to be broadcast in violation of local rule, the Supreme Court granted Proponents' application to stay that decision. Chief Judge Walker then ordered videorecordings of the proceedings to be made with the understanding that they would not be broadcast to the public, and he placed the recordings in the record under seal. Plaintiffs subsequently moved to lift the seal, and Chief Judge Ware granted the motion. Proponents now appeal that order.

## Attachment A

TITLE IN FULL:

KRISTIN M. PERRY, SANDRA B. STIER, PAUL T. KATAMI, and JEFFREY J. ZARRILLO,

Plaintiffs

and

CITY AND COUNTY OF SAN FRANCISCO,

Plaintiff-Intervenor

v.

EDMUND G. BROWN, JR., in his official capacity as Governor of California; KAMALA D. HARRIS, in her official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health and State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; and DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

Defendants

and

PROPOSITION 8 OFFICIAL PROPONENTS DENNIS HOLLINGSWORTH, GAIL J. KNIGHT, MARKTIN F. GUTIERREZ, HAK-SHING WILLIAM TAM, and MARK A. JANSSON; and PROTECTMARRIAGE.COM—YES ON 8, A PROJECT OF CALIFORNIA RENEWAL,

Defendant-Intervenors.

## REPRESENTATION STATEMENT AND SERVICE LIST

**Attorneys for Plaintiffs Kristin M. Perry, Sandra B. Stier, Paul T. Katami, and Jeffrey J. Zarrillo:**

Theodore B. Olson
Matthew C. McGill
Amir C. Tayrani
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 955-8668

Theodore J. Boutrous, Jr.
Christopher D. Dusseault
Ethan D. Dettmer
Theane Evangelis Kapur
Enrique A. Monagas
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-7804

Sarah Elizabeth Piepmeier
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Ste 300
San Francisco, Ca 94105
(415) 393-8200

David Boies
Rosanne C. Baxter
BOIES, SCHILLER & FLEXNER, LLP
333 Main St
Armonk, NY 10504
(914) 749-8200

Jeremy Michael Goldman
Theodore H. Uno
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison St., Suite 900
Oakland, CA 94612
(510) 874-1000

**Attorneys for Plaintiff-Intervenor City and County of San Francisco:**

Dennis J. Herrera
Therese Stewart
Danny Chou
Ronald P. Flynn
Vince Chhabria
Erin Bernstein
Christine Van Aken
Mollie M. Lee
CITY AND COUNTY OF SAN
  FRANCISCO
OFFICE OF THE CITY ATTORNEY
One Dr. Carlton B. Goodlett Place
Room 234
San Francisco, CA  94102-4682
(415) 554-4708

**Attorney for Defendants Governor Edmund G. Brown, Jr., Attorney General Kamala D. Harris, Director Mark B. Horton, and Deputy Director Linette Scott:**

Tamar Pachter
OFFICE OF THE CALIFORNIA
ATTORNEY GENERAL
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004
(415) 703-5970

1

**Attorneys for Defendant Clerk-Recorder Patrick O'Connell:**

Claude Franklin Kolm
Manuel Francisco Martinez
COUNTY OF ALAMEDA
1221 Oak Street, Suite 450
Oakland, CA 94612-4296
(510) 272-6710

**Attorney for Defendant Registrar-Recorder Dean C. Logan:**

Judy Whitehurst
OFFICE OF COUNTY COUNSEL –
COUNTY OF LOS ANGELES
500 West Temple St
Los Angeles, CA 90012
(213) 974-1845

**Attorney for Defendant-Intervenor Hak-Shing William Tam:**

Terry L. Thompson
LAW OFFICES OF TERRY L.
THOMPSON
P.O. Box 1346
Alamo, CA 94507
(925) 855-1507

**Attorneys for Defendant-Intervenors Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, Mark A. Jansson, and ProtectMarriage.com—Yes on 8, A Project of California Renewal:**

Charles J. Cooper
David H. Thompson
Howard C. Nielson, Jr.
Nicole J. Moss
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 22036
(202) 220-9600

Andrew P. Pugno
LAW OFFICES OF ANDREW P. PUGNO
101 Parkshore Dr., Ste. 100
Folsom, CA 95630
(916) 608-3065

Brian W. Raum
James A. Campbell
ALLIANCE DEFENSE FUND
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020

Jordan W. Lawrence
Austin R. Nimocks
ALLIANCE DEFENSE FUND
801 G St. NW, Suite 509
Washington, D.C. 20001
(202) 393-8690

2

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Kristin M. Perry, et al.,

                Plaintiffs,

    v.

Arnold Schwarzenegger, et al.,

                Defendants.

_____/

NO. C 09-02292 JW

**ORDER GRANTING PLAINTIFFS' MOTION TO UNSEAL DIGITAL RECORDING OF TRIAL; GRANTING LIMITED STAY**

## I. INTRODUCTION

Foremost among the aspects of the federal judicial system that foster public confidence in the fairness and integrity of the process are public access to trials and public access to the record of judicial proceedings. Consequently, once an item is placed in the record of judicial proceedings, there must be compelling reasons for keeping that item secret. In the course of the non-jury trial of this case, at the direction of the presiding judge, court staff made a digital recording of the trial. After the close of the evidence, the judge ordered the clerk of court to file that digital recording under seal. The trial record is closed and the case is currently on appeal to the Ninth Circuit.

Presently before the Court is a Motion by Plaintiffs to unseal the recording.[1] The Motion is opposed by Defendant-Intervenors. Upon review of the papers and after a hearing conducted on August 29, 2011, the Court concludes that no compelling reasons exist for continued sealing of the

---

[1] (hereafter, "Motion," Docket Item No. 771-4.) This Motion was originally brought before the Ninth Circuit, which currently has appellate jurisdiction over the merits of the underlying decision in this case, including the judgment. (See Order at 2, Docket Item No. 771.) On April 27, 2011, the Ninth Circuit transferred the Motion to this Court, on the ground that this Court still has jurisdiction over "ancillary matters" associated with this case. (Id. at 2-3.)

1  digital recording of the trial. Accordingly, the Court GRANTS Plaintiffs' Motion to Unseal and

2  ORDERS the Clerk of Court to place the digital recording in the publicly available record of this

3  case.

4  ## II. BACKGROUND

5  The digital recording at issue in this Motion is of a trial over which former Chief Judge

6  Vaughn Walker (retired) presided. A detailed summary of the background of the case and its

7  procedural history can be found in the Order issued by Judge Walker on August 4, 2010.[2] Here, the

8  Court reviews the procedural history relevant to the present Motion.

9  On December 21, 2009, a coalition of media companies requested Judge Walker's

10  permission to televise the trial.[3] (See Docket Item No. 313.) On January 6, 2010, Judge Walker

11  held a hearing regarding the recording and broadcasting of the trial at which he announced that an

12  audio and video feed of the trial would be streamed to several courthouses in other cities, and that

13  the trial would be recorded for broadcast over the Internet. Hollingsworth, 130 S. Ct. at 708-09. On

14  January 7, 2010, Judge Walker notified the parties that the Court had made a formal request to Ninth

15  Circuit Chief Judge Kozinski that the trial be included in a pilot program being conducted by the

16  Ninth Circuit that allowed audio-video recording and transmission of non-jury trial court

17  proceedings. (See Docket Item No. 358.) On January 8, 2010, Chief Judge Kozinski issued an order

18  approving real-time streaming of the trial to certain courthouses, pending the resolution of technical

19  difficulties. Hollingsworth, 130 S. Ct. at 709.

20  On January 9, 2010, Defendant-Intervenors applied to the Supreme Court for a stay of the

21  Court's order approving the broadcasting of the trial, which the Supreme Court granted on January

22  13, 2010. See id. at 709-10 (staying the broadcast because the Northern District of California's

23  amendment of its Local Rules to permit broadcast of the trial "likely did not" comply with federal

24

25  [2] (See Pretrial Proceedings and Trial Evidence; Credibility Determinations; Findings of Fact; Conclusions of Law; Order, hereafter, "August 4 Order," Docket Item No. 708.)

26  [3] A detailed discussion of the factual background of the Court's consideration of whether the trial should be recorded or broadcast may be found in the Supreme Court's opinion staying the

27  broadcast of the trial. See Hollingsworth v. Perry, 130 S. Ct. 705 (2010).

28  2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  law).  On January 15, 2010, Judge Walker notified the parties that, in compliance with the Supreme

2  Court's January 13, 2010 Order, he had formally requested Chief Judge Kozinski to withdraw the

3  case from the pilot project.  (See Docket Item No. 463 at 2.)

4       Although he did not commence broadcasting of the trial, Judge Walker notified the parties

5  that digital recording of the trial would continue "for use in chambers."  (See Docket Item No. 463

6  at 2.)  Later, on May 31, 2010, Judge Walker expanded the use of the recording.  He notified the

7  parties that "[i]n the event any party wishes to use portions of the trial recording during closing

8  arguments, a copy of the video can be made available to the party."  (Docket Item No. 672 at 2.)  He

9  ordered that the parties "to maintain as strictly confidential any copy of the video pursuant to

10  paragraph 7.3 of the protective order."[4]  (Id.)  On June 2, 2010, both Plaintiffs and Plaintiff-

11  Intervenor City and County of San Francisco requested a copy of the digital recording, pursuant to

12  the Court's May 31, 2010 Order.[5]  In the August 4 Order, Judge Walker noted that the "trial

13  proceedings were recorded and used by [the Court] in preparing the findings of fact and conclusions

14  of law" and directed the Clerk to "file the trial recording under seal as part of the record."  (August 4

15

16

17

18  _____

18       [4] On January 12, 2010, the parties entered into an Amended Protective Order.  (hereafter,
"Protective Order," Docket Item No. 425.)  The Protective Order was entered because disclosure and
19  discovery activity in the case would be "likely to involve production of confidential, proprietary, or
private information for which special protection from public disclosure and from use for any purpose
20  other than prosecuting this litigation would be warranted."  (Id. at 1.)  Paragraph 7.3 of the Amended
Protective Order addresses items that are designated as "HIGHLY
21  CONFIDENTIAL–ATTORNEYS' EYES ONLY," and states that such items may only be disclosed
to the parties' counsel of record, certain experts, the Court and its personnel, "court reporters, their
22  staffs, and professional vendors" who have signed an agreement to be bound by the Protective Order
and the author of the item.  (Id. at 8-9.)  The Protective Order specifies that "[e]ven after the
23  termination of this litigation, the confidentiality obligations imposed by [the Order] shall remain in
effect until a Designating Party agrees otherwise in writing or a court order otherwise directs."  (Id.
24  at 2.)

25       [5] (See Notice to Court Clerk from Plaintiff-Intervenor City and County of San Francisco Re
Use of Video, Docket Item No. 674 (stating that Plaintiff-Intervenor "wishes to obtain a copy of
26  [certain portions] of the trial video to review for possible use at closing argument"); Notice to Court
Clerk Re Plaintiffs' Request for a Copy of the Trial Recording, Docket Item No. 675 (stating that
27  Plaintiffs "respectfully request a copy of the trial recording for possible use during closing
arguments").)

28                                                      3

United States District Court
For the Northern District of California

1   Order at 4.)  The Order also provided that the "parties may retain their copies of the trial recording

2   pursuant to the terms of the protective order."[6]  (Id.)

3         After judgment was entered, an appeal from the Judgment was taken to the Ninth Circuit.

4   (See Docket Item Nos. 719, 728.)  During the course of the appeal, Defendant-Intervenors moved to

5   prevent Judge Walker from showing snippets of the recording from a copy which he took as part of

6   his judicial papers upon his retirement and to compel Judge Walker, as well as Plaintiffs and

7   Plaintiff-Intervenor, to return the recording.  Along with their opposition to that motion, Plaintiffs

8   filed what the Ninth Circuit deemed a Cross-Appeal to unseal the recording.  On June 14, 2011, the

9   Court denied Defendant-Intervenors' Motion.  (June 14 Order at 1.)  This Order addresses Plaintiffs'

10   Cross-Motion to Unseal the recording.

11         Plaintiffs, joined by a non-party coalition of media companies,[7] move the Court to unseal the

12   digital recording of the trial on constitutional and common law grounds.  (Motion at 9-10.)

13   Defendant-Intervenors oppose unsealing the recording on multiple grounds.[8]  As their principal

14   grounds for maintaining the seal, they rely on a statement made by Judge Walker about how the

---

16       [6] On June 14, 2011, after the case was assigned to Chief Judge Ware, the Court issued an
17   order denying Defendant-Intervenors' Motion for Order Compelling Return of Trial Recordings.
     (hereafter, "June 14 Order," Docket Item No. 798.)  In its June 14 Order, the Court explained that
18   copies of the digital recording of the trial had been made available to both parties for use during the
     trial, and held that because "there is no indication that the parties have violated the Protective Order,
19   and because appellate proceedings in this case are still ongoing, the parties may retain their copies of
     the trial [digital recording]."  (Id. at 4.)
20

21       [7] Plaintiffs' Motion has been joined by the Non-Party Media Coalition, which is comprised
     of Los Angeles Times Communications, LLC; The McClatchy Company; Cable News Network, In
22   Session; The New York Times Co.; FOX News; NBC News; Hearst Corporation; Dow Jones &
     Company, Inc.; The Associated Press; KQED Inc., on behalf of KQED News and the California
23   Report; The Reporters Committee for Freedom of the Press; and the Northern California Chapter of
     the Radio & Television News Directors Association.  (See Joinder of Non-Party Media Coalition in
24   Plaintiffs-Appellees' Motion to Unseal at 1, Docket Item No. 771-6.)  Like Plaintiffs, the Non-Party
     Media Coalition contends that there is a First Amendment right of access to judicial proceedings,
25   and that the right applies to the digital recording in this case.  (Id. at 4-10.)

26       [8] (Appellants' Opposition to Appellees' Motion to Unseal at 5-7, hereafter, "Opp'n," Docket
     Item No. 771-7.)  In addition, the State Defendants have filed a Statement of Non-Opposition stating
27   that they "do not oppose the Plaintiffs' motion to publicly release the videotapes of the trial of this
     matter."  (Docket Item No. 805 at 2.)

28                               4

1  recording would be used, a ruling by the United States Supreme Court and various Judicial Council

2  statements and Northern District Local Rules.

3                              ### III.  DISCUSSION

4  **A.      The Digital Recording of the Trial Is in the Record**

5              Before discussing the specific grounds urged in favor and in opposition to unsealing the

6  recording, the Court discusses the significance the Court gives to the fact that the digital recording is

7  part of the judicial record.

8              It is undisputed that on August 4, 2010, Judge Walker ordered the Clerk to file the digital

9  recording of the trial under seal "as part of the record." (August 4 Order at 4.)  District court judges

10  have wide discretion to note adjudicative facts and occurrences for the record.  (See, e.g., Fed. R.

11  Evid. 201.)  While a digital recording of a trial might be an unusual item, district court judges have

12  the authority to order the clerk to include as part of the record any item indicative of the

13  proceedings.    At the time Judge Walker ordered the recording filed as part of the record, none of

14  the parties, including Defendant-Intervenors, made an objection.  Moreover, here and now, in their

15  Opposition to unsealing the recording, Defendant-Intervenors do not contend that Judge Walker

16  committed a legal error or abused his discretion when he ordered the digital recording to be filed as

17  part of the record.  Furthermore, no party has filed a motion either to vacate the portion of the

18  Court's August 4 Order that directed the Clerk to file the recording as part of the record or to strike

19  the digital recording from the record.[9]  Instead, the parties, including Defendant-Intervenors, proceed

20  from the common premise that the digital recording is unquestionably part of the record.[10]  The

21

22

_____

23      [9]  At the August 29 hearing, the Court brought this issue to the attention of the parties, and
was informed by Defendant-Intervenors' counsel that Defendant-Intervenors, to counsel's
24  knowledge, have not considered bringing such a motion.  By raising this issue however, the Court is
not commenting whether if such a motion were to be made, it would be timely or appropriate.
25

     [10]  (See Opp'n at 5-6 (asserting that "the [digital recording is] now part of the record of the
26  case," but contending that this fact "does not matter" because the common law right to access trial
records "has no purchase" in this case, insofar as the digital recording was created "only on
27  condition that [it] not be publicly disseminated outside the courthouse").)

28                                          5

United States District Court
For the Northern District of California

1  parties have limited their argument solely to whether the digital recording should remain sealed.

2  The Court now proceeds to consider the legal standard for maintaining the recording under seal.

3  **B.      Legal Standards for Maintaining an Item in the Record Under Seal**

4          Plaintiffs move to unseal the recording on constitutional and common law grounds.

5  Although a number of circuits have explicitly held that there is a First Amendment right of access to

6  court records in civil proceedings,[11] the Ninth Circuit has declined to reach such a conclusion.  See

7  San Jose Mercury News v. U.S. Dist. Court, 187 F.3d 1096, 1101-02 (9th Cir. 1999) ("We leave for

8  another day the question of whether the First Amendment . . . bestows on the public a prejudgment

9  right of access to civil court records.").  Accordingly, the Court only evaluates Plaintiffs' Motion to

10  Unseal under the common law.

11          There is a common law right of public access to records in civil proceedings.  Hagestad v.

12  Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589,

13  597 (1978)).  The common law right of access is "a general right to inspect and copy public records

14  and documents, including judicial records and documents." Nixon, 435 U.S. at 597.  This right of

15  access is generally not conditioned "on a proprietary interest in the document or upon a need for it as

16  evidence in a lawsuit." Id.  Rather, the kinds of public interest that have been found to support the

17  issuance of a writ compelling access to public records include "the citizen's desire to keep a

18  watchful eye on the workings of public agencies" and "a newspaper publisher's intention to publish

19  information concerning the operation of government." Id. at 598.

20          Transparency "is pivotal to public perception of the judiciary's legitimacy and

21  independence."[12]  As the Second Circuit has explained, while the political branches of government

22  can "claim legitimacy by election," judges can only do so by way of their reasoning; thus, "[a]ny

23  step that withdraws an element of the judicial process from public view makes the ensuing decision

24  _____

25      [11]  See, e.g., Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91-92 (2d Cir. 2004)
   (observing that the Second Circuit recognizes a First Amendment right of access to civil
26  proceedings, and discussing similar caselaw in the Third and Fourth Circuits).

27      [12]  United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008).

28                                                    6

**United States District Court**
For the Northern District of California

1   look more like fiat and requires rigorous justification."[13]  Therefore, because the Constitution "grants

2   the judiciary 'neither force nor will, but merely judgment,'" it is imperative that courts "impede

3   scrutiny of the exercise of that judgment only in the rarest of circumstances."[14]

4          This is not to say that transparency must never yield to other interests.[15]  There are

5   undoubtedly circumstances in which the damage that would be caused by making public certain

6   aspects of judicial proceedings is so significant that it must override the public's interest in being

7   able to freely scrutinize those proceedings.  In determining whether access to the record is

8   appropriate, courts should consider "the interests advanced by the parties in light of the public

9   interest and the duty of the courts."  Hagestad, 49 F.3d at 1434 (quoting Nixon, 435 U.S. at 602).

10         In the Ninth Circuit, the decision whether to unseal an item in the record is "one best left to

11  the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and

12  circumstances of the particular case."  Hagestad, 49 F.3d at 1434 (quoting Nixon, 435 U.S. at 599).

13  Courts that consider the common law right of access are instructed to "start with a strong

14  presumption in favor of access to court records."  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

15  1122, 1135 (9th Cir. 2003).  A party seeking to overcome this strong presumption bears the burden

16  of meeting a "compelling reasons" standard, under which the party must "articulate compelling

17  reasons supported by specific factual findings" that "outweigh the general history of access and the

18  public policies favoring disclosure."  Kamakana v. City and County of Honolulu, 447 F.3d 1172,

19  1178-79 (9th Cir. 2006) (citations omitted).  In determining whether the right of access should be

20  overridden, courts should consider "all relevant factors," including "the public interest in

21  understanding the judicial process and whether disclosure of the material could result in improper

22  use of the material for scandalous or libelous purposes or infringement upon trade secrets."  Foltz,

23

---

24         [13] Id. (citing Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006)).

25         [14] Id. (citing The Federalist No. 78 (Alexander Hamilton)).

26         [15] (See, e.g., id. (finding that the "legitimate national-security concerns at play" in a case
    made it appropriate for the district court to seal certain documents, despite the compelling public
27  interest in a transparent judicial process).)

28                                                     7

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   331 F.3d at 1135 (citing <u>Hagestad</u>, 49 F.3d at 1434). The presumption of access "may be overcome

2   only 'on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis

3   or conjecture.'" <u>Hagestad</u>, 49 F.3d at 1434 (citations omitted). Further, a "judge need not document

4   compelling reasons to unseal [a court record]; rather the proponent of sealing bears the burden with

5   respect to sealing. A failure to meet that burden means that the default posture of public access

6   prevails." <u>Kamakana</u>, 447 F.3d at 1182.

7   **C.    Whether the Digital Recording Should Be Unsealed**

8         With a strong presumption in favor of unsealing the digital recording of the trial for the

9   public to access it, the Court considers the grounds urged by Defendant-Intervenors for maintaining

10  the seal. Defendant-Intervenors offer four justifications for maintaining the seal: (1) the

11  circumstances under which the recording was made; (2) an injunction issued by the United States

12  Supreme Court during the proceedings before Judge Walker; (3) unsealing would violate Civil Local

13  Rule 77-3; and (4) public policy concerns. The Court considers each of these contentions in turn.

14        **1.    The Conditions Under Which the Digital Recording Was Created**

15        Defendant-Intervenors contend that the digital recording should not now be made public,

16  because it was originally created "on condition that [it] not be publicly disseminated outside the

17  courthouse." (Opp'n at 6.) Defendant-Intervenors contend that Judge Walker's statement that he

18  would use the digital recording during his deliberations constituted a guarantee that the recording

19  would remain sealed. (<u>See</u> <u>id.</u> at 1, 7.) Upon review, the Court finds that the record does not

20  support the contention that Judge Walker limited the digital recording to chambers use only. As

21  discussed above, Judge Walker, without objection, made copies of the digital recording available to

22  the parties for use during closing arguments. (<u>See</u> Docket Item No. 672 at 2.) At least two of the

23  parties obtained copies of the digital recording, and one of the parties played segments on the record

24  during closing argument in open court.

25        Moreover, Defendant-Intervenors offer no authority in support of the proposition that the

26  conditions under which one judge places a document under seal are binding on a different judge, if a

27

28                                 8

1    motion is made to that different judge to examine whether sealing is justified; nor is the Court aware

2    of any authority standing for that proposition.[16]

3           Accordingly, the Court finds that the conditions under which the digital recording was

4    created do not constitute "compelling reasons" to overcome the strong presumption in favor of

5    granting the public access to the recording.

6           **2.      The Injunction by the U.S. Supreme Court**

7           Defendant-Intervenors contend that unsealing the digital recording would violate the

8    injunction issued by the United States Supreme Court. (See Opp'n at 5-7.) However, the Court

9    finds that Defendant-Intervenors' reliance on the Supreme Court's decision is misguided.  In its

10   decision staying the broadcasting of the trial, the Supreme Court stated that its "review [was]

11   confined to a narrow legal issue: whether the District Court's amendment of its local rules to

12   broadcast [the] trial complied with federal law." Hollingsworth, 130 S. Ct. at 709.  Without

13   "expressing any view on whether [federal] trials should be broadcast," the Supreme Court held only

14   that the proposed "live streaming of [the] court proceedings" in this case should be stayed "because

15   it appears that the [Northern District of California and the Ninth Circuit] did not follow the

16   appropriate procedures . . . before changing their rules to allow such broadcasting." Id. at 706-09.

17   Accordingly, in light of the Supreme Court's explicit statement that it was solely addressing

18   procedural issues arising from the Northern District's amendment of its local rules regarding the

19   broadcast of court proceedings, the Court finds that the Supreme Court's opinion does not provide

20

21

22           [16] In fact, caselaw suggests that a party's reliance on the confidentiality provisions of a
     protective order may not suffice to outweigh the strong presumption in favor of public access to
23   court records.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 125 (2d Cir. 2006) (holding
     that the "mere existence of a confidentiality order says nothing about whether complete reliance on
24   the order to avoid disclosure was reasonable").  In Lugosch, the court observed that the
     confidentiality order at issue specifically "contemplate[d] that relief from the provisions of the order
25   may be sought" from the court, and concluded that it was therefore "difficult to see how the
     defendants can reasonably argue that they produced documents in reliance on the fact that the
26   documents would always be kept secret." Id. Similarly in this case, the Protective Order states that
     "[n]othing in this Order abridges the right of any person to seek its modification by the Court in the
27   future." (Protective Order at 11.)

28                                                    9

United States District Court
For the Northern District of California

1    "compelling reasons" to overcome the strong presumption in favor of public access to the digital

2    recording, now that the trial is over and the digital recording has entered the court record.

3        **3.    Civil Local Rule 77-3**

4        At the August 29 hearing, Defendant-Intervenors contended that the plain language of Local

5    Rule 77-3's prohibition on "the taking of photographs, public broadcasting or televising, or

6    recording for those purposes in the courtroom or its environs, in connection with any judicial

7    proceeding" necessarily means that the digital recording may not be unsealed, because unsealing the

8    recording would inevitably result in an unlawful "transmission" of the recording outside the

9    environs of the courtroom.

10       Admittedly, digital recordings of trial proceedings come within the ambit of Local Rule 77-

11   3.[17]  However, Local Rule 77-3 speaks only to the *creation* of digital recordings of judicial

12   proceedings for particular purposes or uses.[18]  At the time the digital recording at issue in this case

13   was made, there was no objection that Local Rule 77-3 prohibited its creation; nor is such an

14   argument being made now.  Nothing in the language of Local Rule 77-3 governs whether digital

15   recordings may be placed into the record.  Nor does the Rule alter the common law right of access to

16   court records if a recording of the trial is placed in the record of proceedings.  The Court is unaware

17   of any case holding that a court's local rule on recordings can override the common law right of

18   access to court records.  Accordingly, the Court finds that Local Rule 77-3 is not authority for

19   superseding the common law right of access to court records, even for a digital recording of the trial

20   itself.

21

22       [17]  The Court uses the version of Local Rule 77-3 that was in effect during the trial.

23       [18]  The Court observes that the "plain language" of Local Rule 77-3 may give rise to several
     possible interpretations.  Defendant-Intervenors, in effect, offer the interpretation that the Rule is
24   intended to be a bridle on district court judges, constraining them from recording judicial
     proceedings and then entering those recordings into the court record.  Another possible
25   interpretation is that the Rule is intended to function as a protective cover for the court, shielding
     judicial proceedings from being photographed or recorded by outside parties or litigants.
26   Defendant-Intervenors offer no caselaw indicating that the Court should adopt the former
     interpretation of the Rule.  In the absence of any such authority, the Court declines to adopt the
27   former, or any, interpretation of the Rule.

28                                              10

**United States District Court**
For the Northern District of California

1
### 4.    The Chilling Effect on Expert Witnesses and Other Public Policy Considerations

2    Defendant-Intervenors contend that "public dissemination of the [digital recording] could

3  have a chilling effect on . . . expert witnesses' willingness 'to cooperate in any future proceeding.'"

4  (See Opp'n at 7.)  However, the Court finds that this contention is mere "unsupported hypothesis or

5  conjecture," which may not be used by the Court as a basis for overcoming the strong presumption

6  in favor of access to court records.  Hagestad, 49 F.3d at 1434.

7    The Court is aware that many observers have expressed concerns that the broadcast of

8  federal judicial proceedings may have detrimental consequences.[19]  Indeed, it is because of such

9  concerns that the Judicial Conference of the United States has urged that the circuits exercise

10  caution with respect to the use of cameras in federal courtrooms.[20]  Consistent with that advice, the

11  Ninth Circuit has exhibited a willingness to allow the use of cameras in certain district court

12  proceedings, and under certain limited circumstances.  On December 17, 2009, the Judicial Council

13  of the Ninth Circuit voted to allow district courts in the Ninth Circuit to "experiment with the

14  dissemination of video recordings in civil non-jury matters only."[21]  In accordance with that

15

16    [19]  (See, e.g., Opp'n at 3-4 (noting the concerns that broadcasting trial proceedings may, *inter
alia*, "intimidate litigants, witnesses, and jurors" and "cause judges to avoid unpopular decisions or
17  positions").)

18    [20]  (See Report of the Proceedings of the Judicial Conference of the United States at 17,
*available at* www.uscourts.gov/judconf/96-Mar.pdf (Mar. 12, 1996) (stating that the Conference
19  "[s]trongly urge[d] each circuit judicial council to adopt an order . . . not to permit the taking of
photographs and radio and television coverage of court proceedings in the United States district
20  courts.").)  On June 21, 1996, the Judicial Council of the Ninth Circuit voted to prohibit the "taking
of photographs and radio and television coverage of court proceedings in the United States district
21  courts," in accordance with the Judicial Conference's recommendation.  (See Appellants' Motion for
Order Compelling Return of Trial Recordings, Ex. 5, Docket Item 771-2.)  On September 14, 2010,
22  however, the Judicial Conference of the United States evinced a willingness to reconsider its stance
on the propriety of recording district court proceedings by approving a pilot project to "evaluate the
23  effect of cameras in district court courtrooms, video recordings of proceedings, and publication of
such video recordings."  (See Judiciary Approves Pilot Project for Cameras in District Courts,
24  *available at*
http://www.uscourts.gov/news/NewsView/10-09-14/Judiciary_Approves_Pilot_Project_for_Camera
25  s_in_District_Courts.aspx.)

26    [21]  (See Ninth Circuit Judicial Council Approves Experimental Use of Cameras in District
Courts, *available at*
27  http://www.ce9.uscourts.gov/cm/articlefiles/137-Dec17_Cameras_Press%20Relase.pdf.)  The Ninth

28

1   decision, the Ninth Circuit created a "pilot program" for recording certain district court cases. (Id.)

2   It is true that the Supreme Court stayed the broadcast of this trial. However, as discussed above, the

3   Supreme Court only stayed the broadcast on the grounds that the Northern District's revision of its

4   Local Rules to permit the broadcast "likely did not" comport with federal law. Hollingsworth, 130

5   S. Ct. at 709-10. The Supreme Court did not invalidate the Ninth Circuit's policy in regard to the

6   recording of civil non-jury district court proceedings. Thus, at the time the digital recording was

7   made, it was the policy of the Ninth Circuit that the recording of civil non-jury district court

8   proceedings was permissible.[22] Accordingly, the Court finds that the policy concerns expressed by

9   the Judicial Conference of the United States do not prevent the Court from unsealing the digital

10   recording of this civil, non-jury trial.

11        Although the Court acknowledges that significant public policy concerns are implicated in

12   allowing cameras in federal courtrooms, nothing in this Order speaks to the broader question of

13   whether district court trials should be recorded or broadcast. Rather, this Order solely addresses the

14   narrow question of whether the digital recording in this case, which is in the record, should now be

15   unsealed pursuant to the common law right of access to court records. The Court answers that

16   question in the affirmative, without addressing any of the larger questions that may potentially arise

17   from circumstances similar to this case.

18        **5.    The Fairness of the Trial Is Not Part of This Consideration**

19        In addition to relying on constitutional and common law bases for unsealing the recording, at

20   the August 29 hearing, Plaintiffs argued that the digital recording of the trial should be unsealed in

21   order to assist the litigants in rebutting arguments made by Defendant-Intervenors, including, *inter*

22   *alia*, arguments about the fairness of the trial. The Court declines to base its decision on whether to

23

24   Circuit explained that its decision "amend[ed]" the prior Ninth Circuit policy prohibiting the taking
     of photographs and radio and television coverage of court proceedings in the district courts. (Id.)

25        [22] See also Hollingsworth, 130 S. Ct. at 715-17 (Breyer, J., dissenting) (setting forth, as
     "context" for the Northern District's amendment of its Local Rules, the history of the Ninth Circuit

26   Judicial Council's decision to permit "the use of cameras in district court civil nonjury proceedings"
     following the 2007 Ninth Circuit Judicial Conference, at which lawyers and judges voted to approve

27   a resolution to that effect "by resounding margins").

28                                                          12

United States District Court
For the Northern District of California

1    unseal the digital recording because of their usefulness before the Ninth Circuit.  That is a matter

2    solely for the Ninth Circuit to decide.

3            Similarly, at the August 29 hearing Defendant-Intervenors argued that, because the digital

4    recording is under seal and arguably must remain so, the Ninth Circuit judges hearing the appeal in

5    this case are prohibited from playing the recording as part of their proceedings as prohibited by this

6    district Local Rule 77-3.[23]  The Court does not accept the validity of this argument.  Regardless, the

7    Court does not base its decision whether to unseal the recording on the effect that the decision would

8    have on the availability of the recording to the Ninth Circuit.  The Court reiterates that the *only* issue

9    it is resolving in this Order is whether the digital recording of the trial should be unsealed pursuant

10   to the common law right of access to court records, given that the recording is a court record.

11                                    **IV.  CONCLUSION**

12           The Court GRANTS Plaintiffs' Motion to Unseal.  Subject to the Stay Order issued below,

13   the Clerk of Court is directed to place the digital recording of the trial into the public record.

14           When the digital recording is placed in the public record, the confidentiality obligations of

15   the Protective Order, as applied to the digital recording of the trial, are LIFTED.

16           The Clerk of Court is directed to immediately return to Judge Walker the copy of the digital

17   recording that was given to him as part of his judicial papers, which he subsequently lodged with the

18   Court during the pendency of this Motion.[24]

19   

---

20       [23]  The Court notes that Defendant-Intervenors mildly withdrew this contention at the end of
     the August 29 proceeding.

21   

22       [24]  In its April 28, 2011 Order, the Court ordered "[a]ll participants in the trial," including
     Judge Walker, "who are in possession of a recording of the trial proceedings" to appear at the June
23   13, 2011 hearing "to show cause as to why the video tapes should not be returned to the Court's
     possession." (Order Setting Hearing on Motion at 2, Docket Item No. 772.)  On May 12, 2011,
24   Judge Walker voluntarily lodged his chambers copy of the digital recording of the trial with the
     Court, which filed the copy under seal.  (See Docket Item Nos. 777, 781.)  In its June 14 Order, the
25   Court stated that it "intends to return the trial video tapes to Judge Walker as part of his judicial
     papers," and invited any party who objects to "articulate its opposition in . . . supplemental
     briefing." (June 14 Order at 5.)  In accordance with the Court's June 14 Order, Defendant-
26   Intervenors filed a supplemental brief opposing the return of the digital recording of the trial to
     Judge Walker, and requesting that the Court "direct Judge Walker to maintain his copy of the trial
27   video tapes in strict compliance with the . . . terms of the Protective Order" sealing the recording,

28                                          13

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    The Court STAYS the execution of this Order until **September 30, 2011**.  Unless a further

2  stay is granted by the Court on timely motion or by a higher court, on September 30, 2011, the Clerk

3  is ordered to execute this Order.

4

5  Dated:  September 19, 2011

*James Ware*
_____
JAMES WARE
United States District Chief Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26  should the Court decide to return his copy of the recording to Judge Walker.  (See Docket Item No. 806 at 2-3.)  However, in light of the Court's disposition of the Motion to Unseal, Defendant-Intervenors' request for an order directing Judge Walker to comply with the Protective Order sealing

27  the recording of the trial is DENIED as moot.

28                                                           14

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Alan Lawrence Schlosser aschlosser@aclunc.org
   Amir Cameron Tayrani Atayrani@gibsondunn.com
3  Andrew Perry Pugno andrew@pugnolaw.com
   Andrew Walter Stroud stroud@mgslaw.com
4  Angela Christine Thompson angelathompsonesq@gmail.com
   Austin R. Nimocks animocks@telladf.org
5  Brian Ricardo Chavez-Ochoa chavezochoa@yahoo.com
   Brian W Raum braum@telladf.org
6  Charles J. Cooper ccooper@cooperkirk.com
   Charles Salvatore LiMandri cslimandri@limandri.com
7  Christine Van Aken christine.van.aken@sfgov.org
   Christopher Dean Dusseault cdusseault@gibsondunn.com
8  Christopher Francis Stoll cstoll@nclrights.org
   Christopher James Schweickert cjs@wcjuris.com
9  Claude Franklin Kolm claude.kolm@acgov.org
   Daniel J. Powell Daniel.Powell@doj.ca.gov
10 Danny Yeh Chou danny.chou@sfgov.org
   David Boies dboies@bsfllp.com
11 David E. Bunim Dbunim@haasnaja.com
   David H. Thompson dthompson@cooperkirk.com
12 David L. Llewellyn Dllewellyn@LS4law.com
   Diana E Richmond drichmond@sideman.com
13 Elizabeth O. Gill egill@aclunc.org
   Enrique Antonio Monagas emonagas@gibsondunn.com
14 Ephraim Margolin ephraim_margolin@yahoo.com
   Eric Grant grant@hicks-thomas.com
15 Eric Alan Isaacson erici@rgrdlaw.com
   Erin Brianna Bernstein Erin.Bernstein@sfgov.org
16 Ethan D. Dettmer edettmer@gibsondunn.com
   Gordon Bruce Burns Gordon.Burns@doj.ca.gov
17 Herma Hill Kay hkay@law.berkeley.edu
   Holly L Carmichael holly.l.carmichael@gmail.com
18 Howard C. Nielson hnielson@cooperkirk.com
   Ilona Margaret Turner iturner@nclrights.org
19 James Bopp jboppjr@bopplaw.com
   James A Campbell jcampbell@telladf.org
20 James C. Harrison jharrison@rjp.com
   James Dixon Esseks jesseks@aclu.org
21 James J. Brosnahan jbrosnahan@mofo.com
   Jennifer Carol Pizer jpizer@lambdalegal.org
22 Jennifer Lynn Monk jmonk@faith-freedom.com
   Jennifer Lynn Monk jmonk@faith-freedom.com
23 Jeremy Michael Goldman jgoldman@bsfllp.com
   Jerome Cary Roth Jerome.Roth@mto.com
24 Jesse Michael Panuccio jpanuccio@cooperkirk.com
   John Douglas Freed jfreed@cov.com
25 Jon Warren Davidson jdavidson@lambdalegal.org
   Jordan W. Lorence jlorence@telladf.org
26 Jose Hector Moreno jhmoreno@jhmlaw.com
   Josh Schiller jischiller@bsfllp.com
27 Josh Schiller jischiller@bsfllp.com

28                                    15

**United States District Court**
For the Northern District of California

1  Judy Whitehurst Jwhitehurst@counsel.lacounty.gov
   Kari Lynn Krogseng krogseng@rjp.com
2  Kelly Wayne Kay oakkelly@yahoo.com
   Kevin Trent Snider kevinsnider@pacificjustice.org
3  Lauren Estelle Whittemore lwhittemore@fenwick.com
   Leslie A Kramer lkramer@fenwick.com
4  Louis P. Feuchtbaum lfeuchtbaum@sideman.com
   Manuel Francisco Martinez manuel.martinez@acgov.org
5  Mark Russell Conrad Mark.Conrad@mto.com
   Mary Elizabeth McAlister court@lc.org
6  Matthew Albert Coles mcoles@aclu.org
   Matthew Dempsey McGill mmcgill@gibsondunn.com
7  Michael Wolf mwolf@nethere.com
   Michael James McDermott mjm1usa@aol.com
8  Michael Stuart Wald mwald@stanford.edu
   Patrick John Gorman pgorman@wctlaw.com
9  Peter Obstler peter.obstler@bingham.com
   Peter A. Patterson ppatterson@cooperkirk.com
10 Peter C Renn prenn@lambdalegal.org
   Richard J. Bettan rbettan@bsfllp.com
11 Robert Henry Tyler rtyler@faith-freedom.com
   Ronald P. Flynn ronald.flynn@sfgov.org
12 Rosanne C. Baxter rbaxter@bsfllp.com
   Sarah Elizabeth Piepmeier spiepmeier@gibsondunn.com
13 Shannon Minter sminter@nclrights.org
   Stephen V. Bomse sbomse@orrick.com
14 Steven Edward Mitchel mitchelsteve@yahoo.com
   Susan Marie Popik spopik@chapop.com
15 Tamar Pachter Tamar.Pachter@doj.ca.gov
   Tara Lynn Borelli tborelli@lambdalegal.org
16 Terry Lee Thompson tl_thompson@earthlink.net
   Theane Evangelis Kapur tkapur@gibsondunn.com
17 Theodore B Olson tolson@gibsondunn.com
   Theodore Hideyuki Uno tuno@bsfllp.com
18 Theodore J. Boutrous tboutrous@gibsondunn.com
   Thomas R. Burke thomasburke@dwt.com
19 Timothy D Chandler tchandler@telladf.org

20

21 **Dated:  September 19, 2011**          **Richard W. Wieking, Clerk**

22                                          **By:___/s/ JW Chambers_____**
                                               **Susan Imbriani**
23                                             **Courtroom Deputy**

24

25

26

27

28