UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. 09-cv-02292-JW (WHO)<br><br>**ORDER ON MOTION TO UNSEAL VIDEOTAPED TRIAL RECORDS**<br><br>Re: Dkt. Nos. 852, 863 |

This motion presents a conundrum: our District has possession of an undeniably important historical record — video recordings of the high profile bench trial to determine the constitutionality of California's Proposition 8, colloquially known as the ban on same-sex marriage. But the recordings were explicitly made for personal use by the presiding judge at the trial, the Hon. Vaughn Walker, in preparing findings of fact. When he began using them in public appearances, the Ninth Circuit stopped him, citing the "importance of preserving the integrity of the judicial system." It left open the question of whether they could be released in the future, or when.

Media intervenor KQED, Inc. now asks me to unseal those video recordings.[1] KQED's unsealing request is supported by the plaintiffs in the action[2] and the plaintiff-intervenor City and County of San Francisco (CCSF). Dkt. Nos. 866, 867.[3] Defendant State of California does not oppose the motion to unseal. Dkt. No. 869. The unsealing request is opposed by the defendant-

---

[1] This matter came to me as Duty Judge, given Judge Walker's retirement from the bench.

[2] Plaintiffs are Kristin M. Perry, Sandra B. Stier, Paul T. Katami, and Jeffrey J. Zarrillo.

[3] Proposed Amicus American Civil Liberties Union of Northern California (ACLU) also supports the motion to unseal. Dkt. No. 863. The ACLU's motion for leave to file their amicus brief is GRANTED. I will refer to KQED, plaintiffs, CCSF, and the ACLU as "movants" herein.

intervenors (Proponents).[4] With scant guidance, I refer to our Civil Local Rule 79-5, also cited by the Ninth Circuit, to order that the recordings be kept under seal for a total of ten years from the trial court's order entering judgment, or until August 12, 2020, unless the Proponents, by that time, show compelling reasons for the seal to remain in place for an additional period of time. I DENY the motion to unseal at this juncture.

## BACKGROUND

In the weeks leading up to the January 2010 bench trial, Judge Walker "expressed a desire to satisfy the public's interest in the case by broadcasting a video feed of the proceedings to various federal courthouses and online" and designated the trial for inclusion in the Northern District's pilot program for broadcasting court proceedings. *Perry v. Brown*, 667 F.3d 1078, 1081 (9th Cir. 2012).[5] On the morning of the first day of trial, the Supreme Court (at the request of Proponents) issued a temporary stay of the broadcast. *Hollingsworth v. Perry*, 558 U.S. 1107 (2010) (mem.). Two days later, the Court entered a further stay pending the filing of a petition for mandamus or certiorari, finding that "the courts below did not follow the appropriate procedures set forth in federal law before changing their rules to allow such broadcasting." *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (per curiam).[6]

Judge Walker recorded the first two days of trial, because the Supreme Court might have decided to lift the temporary stay issued on the first day of trial. After the further stay came into

---

[4] The Proponents are Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, and Mark A. Jansson.

[5] The procedural background is largely taken from the Ninth Circuit's recitation in *Perry v. Brown*, 667 F.3d 1078 (9th Cir. 2012). None of the parties or movants on this motion dispute the procedural facts as described by the Ninth Circuit.

[6] At issue was the Ninth Circuit's adoption in late 2009 of a pilot program to allow recording and broadcasting, and the Northern District's revision of its Civil Local Rule to allow participation in that new pilot program. As a result of the Supreme Court's stay, the applicable Civil Local Rule in effect at the time of trial, Civ. L. R. 77-3, prohibited recording and broadcasting of court proceedings, "[u]nless allowed by a Judge or a Magistrate Judge with respect to his or her own chambers or assigned courtroom for ceremonial purposes, the taking of photographs, public broadcasting or televising, or recording for those purposes in the courtroom or its environs, in connection with any judicial proceeding, is prohibited. Electronic transmittal of courtroom proceedings and presentation of evidence within the confines of the courthouse is permitted, if authorized by the Judge or Magistrate Judge." *Perry v. Brown*, 667 F.3d at 1082 n. 1.

effect, the Proponents asked that the recording be stopped. As recited by the Ninth Circuit:

> It was in this context that Judge Walker responded as follows:
>
>> The local rule permits the recording for purposes ... of use in chambers.... And I think it would be quite helpful to me in preparing the findings of fact to have that recording. So that's the purpose for which the recording is going to be made going forward. But it's not going to be for purposes of public broadcasting or televising.
>
> Proponents dropped their objection at that point.

*Perry v. Brown*, 667 F.3d at 1082.[7]

In May 2010, Judge Walker offered to make copies of the video recordings available to any party that intended to use excerpts during their closing arguments. That offer was made contingent on the recipient maintaining the recordings under "a strict protective order." Plaintiffs and CCSF obtained copies. After closing arguments, Proponents moved to require the return of the copies. *Perry v. Brown*, 667 F.3d at 1082. In an August 4, 2010 Order, Judge Walker held:

> The trial proceedings were recorded and used by the court in preparing the findings of fact and conclusions of law; the clerk is now DIRECTED to file the trial recording under seal as part of the record. The parties may retain their copies of the trial recording pursuant to the terms of the protective order herein. Proponents' motion to order the copies' return [] is accordingly DENIED.

*Perry v. Schwarzenegger*, 704 F.Supp.2d 921, 929 (N.D.Cal. 2010).[8]

The Proponents appealed Judge Walker's judgment striking down Proposition 8; they did

---

[7] As the Ninth Circuit recognized, Proponents did subsequently file a petition for a writ of certiorari in April 2010, seeking to vacate the Ninth Circuit's denial of Proponents' petition for a writ of mandamus to prevent Judge Walker from "broadcasting the trial." *See* Petition for a Writ of Certiorari, *Hollingsworth v. U.S. Dist. Court for Northern Dist. of California*, ––– U.S. –––, 131 S.Ct. 372, 178 L.Ed.2d 1 (2010) (No. 09–1238), 2010 WL 1513093. The Supreme Court ultimately granted certiorari and remanded with instructions to dismiss the petition for a writ of mandamus as moot because the trial was over and had not been "broadcasted." *Hollingsworth v. U.S. Dist. Court for Northern Dist. of California*, ––– U.S. –––, 131 S.Ct. 372, 178 L.Ed.2d 1 (2010) (mem.).

[8] As noted by the Ninth Circuit, Judge Walker recognized in his opinion that the Proponents' designated witnesses had expressed concerns about testifying in light of the potential for the broadcast of the proceedings. Judge Walker discounted that concern, weighing it against the Proponents because "proponents failed to make any effort to call their witnesses after the potential for public broadcast in the case had been eliminated." *Perry v. Schwarzenegger*, 704 F.Supp.2d at 929.

not challenge either the denial of their motion to compel the return of the copies or the district court's entry of the recording in the record. *Perry v. Brown*, 667 F.3d at 1083.

In 2011, Judge Walker retired. Both before and after that retirement, Judge Walker "displayed" excerpts from the video recordings during public appearances. *Id*. The Proponents once again returned to court, asking the Ninth Circuit to order Judge Walker to return the video recordings to the Court's possession. The plaintiffs filed a cross-motion to unseal the recordings.[9] The Ninth Circuit referred the matters back to the District Court.

The Hon. James Ware denied Proponents' motion to order Judge Walker to return the videos to the possession of the Court (although Judge Walker had returned them in the interim), and granted plaintiffs' cross-motion to unseal. *Perry v. Schwarzenegger*, No. C 09–02292 JW, 2011 WL 4527349 (N.D. Cal. Sept. 19, 2011).[10] Judge Ware concluded that the common-law right of public access applied to the recordings, that neither the Supreme Court's decision in *Hollingsworth* nor the local rule governing audiovisual recordings barred their release, and that Proponents had made no showing sufficient to justify continued sealing in the face of the common-law right. *Id*. at *3–6. Judge Ware also directed that a copy of the recordings be returned to former Judge Walker. *Id*. at *6. Proponents immediately appealed that ruling.[11]

The Ninth Circuit reversed. The court initially assumed "for purposes of this case only, that the common-law presumption of public access applies to the recording at issue here and that it is not abrogated by the local rule in question." *Perry v. Brown*, 667 F.3d at 1084. The court then concluded that there was "a compelling reason in this case for overriding the common-law right" of access, namely "Proponents reasonably relied on Chief Judge Walker's specific assurances—compelled by the Supreme Court's just-issued opinion—that the recording would not be broadcast

---

[9] A "Media Coalition," including KQED, moved to intervene at the Ninth Circuit in order to support plaintiffs' cross-motion to unseal. *Perry v. Brown*, Ninth Cir. Case No. 10-16696, Dkt. No. 343.

[10] The Media Coalition appeared at the August 29, 2011 hearing before Judge Ware on the cross-motion to unseal. Dkt. No. 810.

[11] The Media Coalition successfully intervened back at the Ninth Circuit in support of Judge Ware's order unsealing the video recordings. *Perry v. Brown*, Ninth Cir. Case No. 11-17255, Dkt. Nos. 6-1, 15, 28-1.

4

to the public, at least in the foreseeable future." *Id*., 667 F.3d at 1084–1085.

The Ninth Circuit determined that Judge Walker made "at least two" "unequivocal assurances that the video recording at issue would not be accessible to the public." *Id*. at 1085. Those assurances were, in essence, a commitment by Judge Walker not to allow the public broadcasting of the videos. In the absence of those assurances, and given the indications provided in the Supreme Court orders, the Ninth Circuit concluded the "Proponents again might well have taken action to ensure that the recording would not be made available for public viewing." *Perry v. Brown*, 667 F.3d at 1085-86.

In light of those assurances and the "importance of preserving the integrity of the judicial system" the Ninth Circuit found a compelling reason for the continued sealing of the recordings. *Id*. at 1087-88. In reaching its decision, however, the Ninth Circuit was careful to avoid concluding that the then-existing compelling reason and the Proponents' reasonable expectations regarding non-broadcast would permanently preclude disclosure. The court explained that proponents reasonably relied on assurances that the video recordings would not be broadcast in public "at least in the foreseeable future." *Id*. at 1084-85. That "foreseeable future" according to the court was informed by the Northern District's Civil Local Rule providing that documents filed under seal in a civil case "shall be open to public inspection without further action by the Court 10 years from the date the case is closed" unless "a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule." *Id*. at 1084-85 n.5.

KQED now moves to unseal again, arguing that the Supreme Court's decision affirming Judge Walker's determination that Proposition 8 was unconstitutional (*Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (*Hollingsworth II*)), the passage of time, and the wider-acceptance of same-sex marriage has lessened both the justifications for the sealing and the reasonable expectations of the Proponents for continued sealing of the indisputably historically significant video recordings.

Each of the named plaintiffs who testified during the bench trial submits a declaration in

5

support of unsealing. Dkt. Nos. 857, 858, 859, 860. The plaintiffs explain why they believe public release and review of the video recordings is important and why the currently-available transcripts are not an adequate substitute. The plaintiffs expect that the video recordings will carry significant and unique weight in showing what happened during the trial because they show the vulnerability of the plaintiffs as they testified and the level of emotion surrounding their testimony, "uniquely show[ing] the real reasons that marriage is important to people like" the plaintiffs. Stier Declaration [Dkt. No. 859] ¶¶ 7, 8; *see also* Zarrillo Decl. [Dkt. No. 860] ¶ 6 ("People should be able to see what I experienced, where I had to literally testify and prove that I love Paul.").

KQED also submits declarations from directors at two non-profits involved in advocacy and education on lesbian, gay, bisexual and transgender (LGBT) issues. Dkt. Nos. 855, 856. One director testifies that release of the video recordings will further "the public's ongoing desire to understand the profound social and legal issues that were publicly tried in this Court and ultimately affirmed by the U.S. Supreme Court." Levy Decl. [Dkt. No. 856], ¶ 4. The other director states that release of the video recordings "will meaningfully contribute to the public's understanding of the evidence that was presented by the parties during this contested federal trial, evidence that continues to have relevance and resonance today." Kendell Decl. [Dkt. No. 855], ¶ 4. Finally, KQED submits the declaration of its Senior Editor, California Politics & Government, Scott Shafer. Dkt. No. 854. According to Shafer, the initial KQED and other media coverage of the trial could only summarize what happened in the court each day, and public access to the full and "actual trial recording is critical [] understanding how this critical chapter in California legal history unfolded." Shafer Decl. ¶ 5. Shafer explains that KQED would use the video recordings as teaching tools and to produce a statewide radio special. *Id*. ¶ 6.[12]

**LEGAL STANDARD**

"The law recognizes two qualified rights of access to judicial proceedings and records," a

---

[12] The Proponents did not submit a declaration or other evidence in support of their opposition to the motion to unseal.

First Amendment right of access to criminal proceedings and a common-law right of access to inspect and copy judicial records and documents. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011). The Ninth Circuit has not squarely addressed which standard applies to access to civil proceedings as opposed to access to civil judicial records and documents.[13]

Under the common-law right of access, "[f]ollowing the Supreme Court's lead, 'we start with a strong presumption in favor of access to court records.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*.

Under the qualified First Amendment right of access, courts "must consider whether '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Perry v. Brown*, 667 F.3d at 1088 (quoting *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of O*r., 920 F.2d 1462, 1466 (9th Cir.1990)). To determine whether a First Amendment right of access exists to particular proceedings or documents, courts apply the two part "experience and logic" test, asking: (1) "whether the place

---

[13] KQED argues the Ninth Circuit confirmed that the First Amendment right of access applies to civil proceedings in *Courthouse News Service v. Planet*, 750 F.3d 776, 793 (9th Cir. 2014). The question before that panel, however, was whether First Amendment and free speech issues were significantly implicated to reverse the district court's decision to abstain from deciding what rights of access a media outlet should have to complaints filed in superior court. The court expressly took "no position on the ultimate merits" of the claim, but in light of the significant First Amendment issues involved remanded for the district court to consider the merits of the claim in the first instance. *Id*. *Courthouse News* did not explicitly settle the question of which standard is applied to justify sealing (or closing) civil proceedings and records of those proceedings.

7

and process have historically been open to the press and general public"; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)). "Even when the experience and logic test is satisfied, however, the public's First Amendment right of access establishes only a strong presumption of openness, and 'the public still can be denied access if closure 'is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989) (quoting *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 509–10 (1984)).

The First Amendment is "generally understood to provide a stronger right of access than the common law." *Custer Battlefield*, 658 F.3d at 1197 n.7. However, as noted above, both the qualified First Amendment and common-law right of access standards require a showing of compelling justifications for the sealing of court proceedings and documents.

At the time of the Proposition 8 bench trial and the February 2012 decision by the Ninth Circuit in *Perry v. Brown*, Northern District Civil Local Rule 79-5(f) "provided that '[a]ny document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed,' with the proviso that 'a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule.'" *Perry v. Brown*, 667 F.3d at 1085 n.5.[14]

**DISCUSSION**

KQED, the plaintiffs, CCSF, and the ACLU argue that release of the video recordings is warranted now. They point out that Judge Walker's ruling is settled law following its affirmance

---

[14] The current version, Civ. L.R. 79-5(g), provides in full: "Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall, upon request, be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a Submitting Party or a Designating Party may, upon showing good cause at the conclusion of a case, seek an order to extend the sealing to a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records disposition policy of the United States Courts."

8

by the Supreme Court. They note that in its 2012 decision on the appeal from the first motion to unseal, the Ninth Circuit relied in part on the fact that merits of the case had not yet been decided and the law on same-sex marriage remained unsettled, and held only that the video recordings had to remain under seal at that time and not in perpetuity. They also show that while there has been wider acceptance of same-sex marriage (certainly as a legal matter), there is continued, ongoing debate over the issue and a continued interest in the Proposition 8 trial itself.

Given the changed circumstances from the time when the Ninth Circuit ruled on sealing in 2012 and the significant continued public interest, movants argue that the compelling justifications found by the Ninth Circuit in 2012 no longer exist and the public's right of access – both under the common law and the First Amendment – requires the video recordings to be unsealed. Movants also argue that any interests the Proponents may have had regarding potential harassment due to their involvement in the trial that could have supported continued sealing in 2012 have been mitigated by the passage of time, the now-settled legality of same-sex marriage, and the extensive reporting that occurred during and following the trial (including re-enactments) that disclosed Proponents' actual arguments and testimony but which did not result in any actual harassment shown by evidence in the record.[15] Finally, movants contend that the Northern District's Local Rule presumptively sealing court records for ten years, Civ. L.R. 79-5(g), must give way to the public's right of access given the lack of existing compelling justifications and the arbitrary ten year outer boundary used in that Rule.[16]

Proponents make no effort to show, factually, how further disclosure of their trial testimony would adversely affect them. Indeed, the transcript of the trial has been widely disseminated and dramatized in plays and television shows. Instead, they raise a number of arguments that I am both barred from considering movants' request to unseal and, if I reach the merits, required to continue the seal.

---

[15] Movants also note that one of the two witnesses for the Proponents subsequently and publicly reversed his position on same-sex marriage. Mot. at 11-12 n.8.

[16] KQED points out that the Eastern District of Pennsylvania provides for the presumptive unsealing of records two years after the conclusion of a civil action and the Western District of North Carolina unseals records after final disposition of the case. Mot. at 18.

9

As an initial matter, I reject the arguments that I cannot consider the motion to unseal on its merits because of the Ninth Circuit's mandate on the prior motion to unseal or because of the doctrines of issue preclusion, law-of-the-case, or stare decisis. The Ninth Circuit's mandate reversed Judge Ware's decision, concluding he had abused his discretion, and remanded "with instructions to maintain the trial recording under seal." *Perry v. Brown*, 667 F.3d at 1088-89. That mandate did not include any language indicating that the materials should remain under seal in perpetuity or otherwise binding the district court from addressing a future motion to unseal based on changed circumstances. The language utilized by the Ninth Circuit was conditional as to time. The court expressly concluded that: "Proponents reasonably relied on Chief Judge Walker's specific assurances—compelled by the Supreme Court's just-issued opinion—that the recording would not be broadcast to the public, *at least in the foreseeable future*" and cited the District's civil local rule providing a ten year presumptive mark for unsealing court records. *Id.*, 667 F.3d at 1084-85 (emphasis added).[17] The court's recognition that continued sealing is conditional squares with Ninth Circuit authority requiring proponents of sealing to show that justifications supporting continued sealing continue to exist. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006) (determining whether justifications existed to continue sealing court records).[18] Therefore, I am not bound or otherwise precluded from addressing this motion on its merits.

On the merits, I have no doubt that the common-law right of access applies to the video recordings as records of judicial proceedings to which a strong right of public access attaches. But I conclude that the compelling justification of judicial integrity identified in the Ninth Circuit's

---

[17] I recognize that Judge Walker's assurances, relied on by the Ninth Circuit, could imply that the video recordings would never be accessible to the public. But the focus here is on whether Proponents could rest on those implied assurances indefinitely, and as recognized by the Ninth Circuit, they cannot.

[18] Nor is my consideration of this motion barred by the Supreme Court's decisions staying the broadcast of the trial. The Supreme Court did not address the question at hand, and expressly limited itself to whether "broadcast in this case should be stayed because it appears the courts below did not follow the appropriate procedures set forth in federal law before changing their rules to allow such broadcasting." *Hollingsworth v. Perry*, 558 U.S. 183, 184 (2010).

1 2012 Order continues to apply and prevents disclosure of the video recordings through the
2 presumptive unsealing ten year mark applicable under Civil Local Rule 79-5(g).

3 Proponents argue that former Local Rule 77-3, as well as long-standing judicial policies in place in 2010 preventing or tightly controlling the recording and broadcasting of court proceedings, defeat the public's right of access and preclude release of the video recordings for public dissemination. They rely on the Supreme Court's recognition that the Rule 77-3 had the "force of law" *Hollingsworth v. Perry*, 558 U.S. at 191, and argue that releasing the video recordings now would violate that law which at the time strictly prohibited the broadcast of proceedings outside of the Court. However, a recording of the proceedings *was made* and was, without separate objection by Proponents, made part of the trial record. As circumstances and justifications change (for example, the current Northern District and Ninth Circuit rules and policies *allow* for public broadcast of proceedings), so does the calculus concerning how the public's right of access weighs against asserted compelling justifications for maintaining court records under seal. Neither former Rule 77-3 nor the Judicial Conference or Ninth Circuit Judicial Council policies in effect in 2010 preclude the public's right of access from attaching to the video recordings.

Proponents also contend that the common-law right of access cannot apply to video recordings of witness testimony that are "wholly derivative of evidence offered and the arguments made in open court" relying on *United States v. McDougal*, 103 F.3d 651 (8th Cir. 1996). Oppo. at 18-19. *McDougal*, however, dealt with a markedly different situation and applied a different standard in assessing the public's right of access. There, the Eighth Circuit concluded that a videotaped deposition played in open court was not a "judicial record" to which the right of public access attaches and, in the alternative if considering the deposition tape to be a judicial record, declined to apply the accepted-in-other-circuits (including the Ninth) "strong presumption" of public access to judicial records. Here, unlike in *McDougal*, the video recordings at issue are recordings *of the court proceedings themselves*, not a prior recording of testimony simply played at trial. Those tapes were made with the express intent and actual purpose of assisting the trial judge in reaching his decision. Moreover, the analysis of *McDougal* is contrary to "the strong

11

presumption in favor of copying access" applicable in the Ninth Circuit to "audio and videotape exhibits as they are received in evidence during a criminal trial." *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1290, 1294 (9th Cir. 1986). The public's right of access applies to the video recordings at issue.

However, the compelling justification identified by the Ninth Circuit in 2012 – namely, judicial integrity – continues to exist and precludes release of the video recordings at this juncture. To be clear, I am not holding that the recordings must continue to be sealed simply because Judge Walker made a promise that movants argue was mistaken if not impermissible under the law. I agree that a record cannot continued to be sealed where a trial judge makes a mistake in characterizing the record at issue or the interests proffered to justify sealing. [19] I also agree that just because a compelling justification existed at one point in time does not mean that a compelling justification exists in perpetuity. As the Ninth Circuit has noted, in order for documents to remain under seal, there must be compelling "interests favoring *continued* secrecy." *Kamakana*, 447 F.3d at 1181 (emphasis added).

Here the compelling justification identified by the Ninth Circuit in 2012 continues to exist. That justification, judicial integrity, was and continues to be inextricably couched in the unique procedural facts recognized by both the Supreme Court and the Ninth Circuit in the appeals related to recordings at issue including: (i) the adoption of a pilot project to allow recording and broadcast of court proceedings in the Ninth Circuit (without prior public notice and comment), (ii) the efforts to modify this District's civil local rules (without prior public notice and comment), (iii) then-existing Civil Local Rules in effect at the time of the trial (given the Supreme Court's stay) that did not allow for recording or broadcast, (iv) the assurances of internal-only use made by Judge Walker which (as the Ninth Circuit concluded) were relied upon by Proponents in not seeking a further stay of the recording, and (v) the Ninth Circuit's reliance on this District's ten year presumption of continued sealing.

---

[19] Although there is no evidence that at the time Judge Walker made his assurances to the Proponents that he was mistaken on a matter of fact or law.

While I do not find my consideration of this motion to unseal is precluded by the Ninth Circuit's decision in *Perry v. Brown*, 667 F.3d 1078 (9th Cir. 2012) – because circumstances change and justifications become more or less compelling – I do find that the compelling reason of judicial integrity identified by *that court* continues to require sealing of the video recordings, at least until the rules of *this court* setting the presumptive unsealing of record after ten years apply.[20]

Proponents argue that the ten year unsealing presumption in former Local Rule 79-5(g) cannot set their reasonable expectations as to whether and when the video recordings might be released because that Rule only applies to records created by the parties and not records of judicial proceedings created by the Court. However, Rule 79 applied generally to "BOOKS AND RECORDS KEPT BY THE CLERK," Rule 79-5 applied to "Filing Documents Under Seal," and then-Rule 79-5(f) provided in full:

> (f) Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.

Civil Local Rule 79 (in effect in 2010 <https://cand.uscourts.gov/superseded-local-rules>).[21]

That Rule 79-5 contained procedures in some of its subdivisions governing how parties could file materials under seal and that 79-5(f) provided that any party who did so may move to

---

[20] I recognize there is some dispute over when that ten year mark will occur, given that judgment in the case was not (apparently due to an oversight) entered in August 2010 as Judge Walker instructed. However, given the intent of the trial court and the subsequent appeal on its merits, August 12, 2010 is functionally the date the case was "closed" for substantive proceedings on the merits.

[21] A similar rule currently exists as Civil Local Rule 79-5(g).

continue the seal after the ten year presumptive period expires, does not mean that the presumptive unsealing rule is somehow limited. There was and is nothing in Rule 79-5 limiting the presumptive unsealing to materials filed by the parties as opposed to materials created and filed by the Court, like transcripts of judicial proceedings or the video recordings at issue. Judge Walker, as noted above, directed that the Clerk "file the trial recording under seal as part of the record." *Perry v. Schwarzenegger*, 704 F.Supp.2d at 929. Rule 79-5 applies. Moreover, there is no inherent conflict between then-existing Rule 79-5(f) presumptive unsealing and then-existing Rule 77-3 prohibition on recording and broadcasting proceedings. Nothing in the Rules themselves creates an inherent conflict.

Movants' argument both relies on then-Rule 79-5(f) and then seeks to avoid it. Movants first argue that the ten year presumption of unsealing, as cited by the Ninth Circuit, would set the outside boundary of Proponents' reasonable expectation of sealing. Reply at 4. They also argue, however, that ten years is an arbitrary timeframe, adopted without apparent case law or other support, and that timeframe cannot be used to defeat the public right of access to the video recordings *now* on the facts currently presented. Mot. at 18. However, as noted above, the existence of the ten year unsealing presumption was significant to the Ninth Circuit and remains significant to me.

Finally, my analysis would be no different if I applied a First Amendment right of access instead of the common-law right of access. As noted above, compelling justifications must exist to satisfy both standards. The fact that the First Amendment standard might be harder to satisfy, did not preclude the Ninth Circuit from finding it satisfied in 2012. *Perry v. Brown*, 667 F.3d at 1088. The same holds true here.

**CONCLUSION**

The resolution of KQED's motion to unseal is properly before me on its merits. I conclude that the common-law right of access applies to the video recordings made by and for the use of Judge Walker but that the compelling justification of judicial integrity – given the unique facts of this case and legal decisions weighing on the legality of Judge Walker's efforts to create those recordings – still precludes their release at this juncture.

14

I further rule that the recordings shall be released to movants on August 12, 2020, absent further order from this Court that compelling reasons exist to continue to seal them. Proponents shall file any motion to continue the sealing no later than April 1, 2020, any opposition is due on May 13, 2020, and the reply on May 27, 2020. The hearing, if one is needed, is set for June 17, 2020.

**IT IS SO ORDERED.**

Dated: January 17, 2018

William H. Orrick
United States District Judge