UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN M. PERRY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. 09-cv-02292-WHO<br><br>**ORDER DENYING MOTION TO MAINTAIN SEAL; UNSEALING TRIAL RECORDINGS**<br><br>Re: Dkt. Nos. 892, 899 |

On January 17, 2018, I issued an Order on Media Intervenor KQED, Inc.'s motion to unseal the recordings of the bench trial conducted by former Chief Judge Vaughn Walker in 2010 determining that California's Proposition 8 – colloquially known as the ban on gay marriage – was unconstitutional. January 2018 Order [Dkt. No. 878].[1]  I concluded that the "common-law right of access applies to the video recordings as records of judicial proceedings to which a strong right of public access attaches. . . ." January 2018 Order at 10.  In opposition to the motion, Proponents[2] did not submit evidence that they or their counsel personally feared harm from the recordings' release.  But I concluded that the "compelling justification of judicial integrity" outweighed the public's right of access at that juncture.

My concern regarding judicial integrity was based on Judge Walker's unequivocal commitments to the trial participants that he intended the recordings solely for his own use in

---

[1] The judicial decisions and reasons that led to the bench trial proceedings being recorded but not broadcast, and the numerous appeals of those decisions to the Ninth Circuit and the Supreme Court, are detailed in my January 2018 Order and will not be repeated here.

[2] The Proponents who opposed KQED's motion to unseal and who are the movants on the current motion are defendant-intervenors in the underlying action: Dennis Hollingsworth, Gail J. Knight, Martin F. Gutierrez, and Mark A. Jansson.  KQED's motion to unseal was joined by plaintiffs in the action, plaintiff-intervenor City and County of San Francisco (CCSF), and amicus American Civil Liberties Union of Northern California (ACLU).  Defendant State of California did not join but did not oppose KQED's motion to unseal.

drafting his opinion and the judgment in that case. But I did not find that his statements meant that the recordings should be permanently sealed. Instead, given the guidance in *Perry v. Brown*, 667 F.3d 1078, 1082 (9th Cir. 2012), the prior Ninth Circuit opinion on this subject, I concluded that Northern District Civil Local Rule 79-5(g) and its ten year default for sealing court records set the reasonable limit for sealing the trial recordings, and that on August 12, 2020 the trial recordings would be released unless Proponents offered evidence justifying a continued seal. January 2018 Order at 10-11, 13-15.[3]

I directed that if the Proponents wanted to maintain the seal on the trial recordings past August 12, 2020, they had to file a motion to continue the seal by April 1, 2020 and set a briefing schedule and hearing date. January 2018 Order at 15.[4] They did. Plaintiffs,[5] CCSF, media intervenor KQED,[6] and amicus the ACLU opposed. Dkt. Nos. 895 896, 897, 898. The State of California also opposes the motion to maintain the seal, and now actively contends that the recordings should be unsealed. Dkt. No. 894. In addition, the Reporters Committee for Freedom of the Press (RCFP) filed a request for leave to file an amicus brief on behalf of itself and 36 media entities and journalism organizations in support of KQED and unsealing the recordings.

---

[3] At the time of the trial, the ten year default was contained in Civil Local Rule 79-5(f).

[4] The Proponents appealed my January 2018 Order. Dkt. No. 880. On April 19, 2019, in a Memorandum Disposition, the Ninth Circuit dismissed the appeal concluding it lacked jurisdiction because my January 2018 Order was not a final decision or a reviewable collateral order. Dkt. No. 888.

[5] Fifteen of plaintiffs' trial witnesses, including the plaintiffs and expert witnesses, submit declarations supporting the release of the trial recordings. The witnesses generally describe their beliefs that release of the trial recordings would serve significant historical purposes (as a watershed moment in the fight for LGBTQ rights), educative functions (allowing the public to observe leading experts discussing relevant theory and research), and show the emotional impact of the trial testimony that they contend is not captured by the written transcript of the proceedings. *See* Dkt. No. 895, Exhibits B-P.

[6] KQED submits declarations from Dean Erwin Chemerinsky (Berkeley Law), Professor Suzanne Goldberg (Columbia Law School), Seth Levy (President and Chairman of the Board of Directors for the It Gets Better Project), McKenna Palmer (LGBTQ supporter and activist), Michael Sabatino (marriage equality advocate), and Scott Shafter (Senior Editor, California Politics & Government at KQED) supporting the release of the trial recordings from their journalistic, legal, historical, and activist perspectives. *See* Dkt. Nos. 898-3 – 898-8.

Dkt. No. 899.[7]

In support of their motion to continue the seal past the ten year default sealing date, Proponents rely solely on the "judicial integrity" argument they raised before. They assert that Judge Walker promised them that he would use the recordings solely for his personal use in drafting the opinion and judgment following the bench trial. Given those assurances, they did not continue to object to the recordings and did not try to convince Judge Walker to stop recording or to seek the assistance of a higher court to force Judge Walker to stop recording. The Proponents contend that the recordings should never be unsealed because of the need to maintain Judge Walker's "promise" as a compelling matter of judicial integrity.

Significantly, the Proponents again failed to submit any evidence by declaration that any Proponent or witness who testified on behalf of the Proponents wants the trial recordings to remain under seal. There is no evidence that any Proponent or trial witness fears retaliation or harassment if the recordings are released. Nor is there any evidence that any Proponent or trial witness on behalf of the Proponents believed at the time or believes now that Judge Walker's commitment to personal use of the recordings meant that the trial recordings would remain under seal forever.

There is attorney argument that the Proponents relied on Judge Walker's commitments

---

[7] The amici represented by the Reporters Committee of Freedom of the Press (RCFP) are The Associated Press, Berkeleyside Inc., Boston Globe Media Partners, LLC, BuzzFeed, Cable News Network, Inc., California News Publishers Association, Californians Aware, CalMatters, Dow Jones & Company, Inc., The E.W. Scripps Company, Embarcadero Media, First Amendment Coalition, First Look Media Works, Inc., Fox Television Stations, LLC, Gannett Co., Inc., Hearst Corporation, Inter American Press Association, International Documentary Association, Investigative Reporting Workshop at American University, Los Angeles Times Communications LLC, The Media Institute, Mother Jones, MPA – The Association of Magazine Media, National Press Photographers Association, The New York Times Company, The News Leaders Association, Online News Association, POLITICO LLC, Radio Television Digital News Association, Reveal from The Center for Investigative Reporting, Sinclair Broadcast Group, Inc., Society of Environmental Journalists, Society of Professional Journalists, TEGNA Inc., Tully Center for Free Speech, and Univision Communications Inc. The amici's motion for leave to file their brief is GRANTED. Dkt. No. 899. The RCFP, on behalf of the other amici, argues generally that release of the recordings would serve "the interests advanced by the common law and First Amendment rights of access to judicial documents" by providing a contemporaneous view of how the trial progressed and would "enhance the completeness of news reports about the trial." Dkt. No. 899-2 at 7-15.

regarding recording the trial proceedings to conclude that the records would never be released.[8] But that is a different position than they took during oral argument at the Ninth Circuit in 2011. Then, Proponents' counsel acknowledged *both* Proponents' knowledge of Civil Local Rule 79-5(g) and that they would bear the burden of having to demonstrate reasons to continue the seal beyond ten years.[9] Proponents now argue that their counsel's concessions in the Ninth Circuit cannot bind them as a judicial admission. Reply (Dkt. No. 900) at 4. Perhaps. But those concessions are a significant indication that even Proponents' counsel contemporaneously understood that sealing is typically limited in time and that it was not reasonable to rely solely on Judge Walker's statements to insist that sealing be permanent.

In my prior Order, I rejected the idea that Proponents' "judicial integrity" argument, defined as it is by the unique procedural and historical facts that led to the recordings' existence, could be a compelling justification requiring indefinite sealing of the trial recordings. Having found that the common law right of access requires release of the trial recordings absent some other evidence that could theoretically provide a compelling justification, and finding absolutely none presented on this record, Proponents' motion to continue the seal on the trial recordings is DENIED. On the undisputed record before me, there is no justification, much less a compelling one, to keep the trial recordings under seal any longer. The recordings shall become public on **August 12, 2020**.[10]

The Proponents ask me to stay the release of the recordings until either their appeal of the unsealing order is resolved by the Ninth Circuit (and perhaps the Supreme Court) or at least until

---

[8] Indeed, plaintiffs asked Proponents' counsel for permission to contact three of the Proponents' trial witnesses to ask them if they had any concerns about unsealing the trial recordings. Declaration of Christopher D. Dusseault, ¶ 2. Dkt. No. 895-1. Proponents' counsel declined that permission, informing plaintiffs' counsel that he "polled a critical mass of our clients and witnesses" and none of them supported unsealing. *Id.* ¶ 3.

[9] *See* Oral Argument at 7:04–7:48, *Perry v. Brown*, 667 F.3d 1078, 1082 (9th Cir. 2012) (No. 11-17255), https://bit.ly/35toPvJ.

[10] On the prior motion and again here, the sides disagree when the Judgment in this case was entered and, hence, when the default ten years will run. I addressed these arguments in my January 2018 Order and see no reason to deviate from the conclusion that the ten years runs on August 12, 2020.

movants can seek a stay from the Ninth Circuit. However, I wrote in my January 2018 Order and reiterated at the June 17, 2020 hearing on the current motion that the release of the recordings would occur on August 12, 2020 in light of Proponents' failure to identify any compelling justification other than the time-limited one of judicial integrity. The Proponents, who appealed the January 2018 Order, are in a position to swiftly to seek a stay of the release from the Ninth Circuit. Absent a stay from the Ninth Circuit, on August 12, 2020, the Clerk's Office will prepare to release the recordings to the public.[11]

**IT IS SO ORDERED.**

Dated: July 9, 2020

William H. Orrick
United States District Judge

---

[11] The actual mechanics of the public release of the recordings is still under consideration. A further Order describing the mechanics of that release will be issued prior to August 12, 2020.